Michael J. Bowe
(*pro hac vice application forthcoming*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*pro hac vice application forthcoming*)
ltabaksblat@brownrudnick.com
Danielle A. D'Aquila
(*pro hac vice application forthcoming*)
ddaquila@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (# 198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES and JANE DOE NOS. 1 through 33,<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; RK HOLDINGS USA INC., a Florida corporation, MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, TRAFFICJUNKY INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-10.<br><br>Defendants. | CASE NO. 2:21-cv-4920<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS** |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Jane Doe Nos. 1 through 33 (collectively, the "Doe Plaintiffs"), through their undersigned counsel, hereby move for an Order granting them leave to proceed under pseudonyms in this matter. Plaintiffs seek to proceed under pseudonyms in this matter in order to protect their privacy in this highly sensitive and personal case and against further harassment, emotional harm and other injury, and public ridicule.

This Motion is made based upon this Notice and the accompanying Memorandum of Points and Authorities and such other argument as may be presented to the Court.

Respectfully submitted,

DATED: June 17, 2021  BROWN RUDNICK LLP

By: /s/ *Michael J. Bowe*
Michael J. Bowe
*(pro hac vice application forthcoming)*

*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Jane Doe Nos. 1 through 33 (collectively, the "Doe Plaintiffs") are all victims of sex trafficking arising under 18 U.S.C. §§ 1591, 1595. Further, Jane Doe Nos. 1 through 13 are all victims of child sex trafficking and are also bringing claims, among others, for violations of federal child pornography and sexual exploitation laws arising under 18 U.S.C. §§ 2252, 2252A, and 2255. Because of the highly sensitive, personal, and sexual nature of the subject matter, as well as the threats and harassment the Doe Plaintiffs have suffered, the Doe Plaintiffs seek anonymity to protect their privacy and to avoid further social ridicule and harassment. Accordingly, the Doe Plaintiffs request that their Motion for Leave to Proceed Under Pseudonyms be granted.

## II. BACKGROUND

The Doe Plaintiffs have had their lives upended and their privacy rights destroyed when videos depicting them engaged in sexually explicit conduct were uploaded to the internet, including websites like Pornhub, which is owned and operated by MindGeek S.a.r.l.; MG Freesites, Ltd. d/b/a Pornhub ("Pornhub"); MindGeek USA Incorporated ("MindGeek USA"); MG Premium Ltd.; RK Holdings USA Inc.; MG Global Entertainment Inc.; TrafficJunky Inc. d/b/a Trafficjunky.com (collectively "MindGeek"), and other websites owned and operated by MindGeek. *See* Compl. ¶¶ 45-51.

The online publication of the videos inflicted emotional and other trauma on the Doe Plaintiffs including: (i) public ostracization and ridicule when links to their videos were sent to their family members, friends, classmates, co-workers, and other people in their communities; (ii) harassment and threats, both online and in-person and from strangers and acquaintances, related to their videos; and (iii) blackmail and extortion by people demanding more sexually explicit videos and photographs and threatening to send the already published videos and photographs to some of the Doe Plaintiffs'

family, friends, and colleagues. The Doe Plaintiffs also suffered substantial emotional harm that often manifested as physical harm. Most of the Doe Plaintiffs sought mental health counseling and services to cope with their trauma. *See, e.g., id.* at ¶ 291 (Jane Doe No. 4 was diagnosed with post-traumatic stress disorder and is receiving treatment from mental health professionals). Some became suicidal, *see, e.g., id.* at ¶ 379 (Jane Doe No. 28 suffered and continues to suffer from anxiety, suicidal thoughts, and panic attacks), others experienced significant weight loss, *see, e.g., id.* at ¶ 284 (Jane Doe No. 2, a minor at the time of the videos, suffered from body dysmorphia that led to a significant weight loss, to a low of just 80 pounds), and others suffered from substance abuse. *See, e.g., id.* at ¶ 275 (Jane Doe No. 1 suffered from an eating disorder and substance abuse as a result of the years of sexual abuse and exploitation she suffered as a minor, specific acts of which were recorded and disseminated on Pornhub). Many dropped out of school, changed jobs, and took other measures in an attempt to minimize the harm and public scrutiny over these videos. *See, e.g., id.* at ¶ 319 (Jane Doe No. 12 dropped out of university after discovering the video on Pornhub); ¶ 284 (Jane Doe No. 2 quit her job and resorted to remote, online work that does not necessitate her going out in public); ¶ 363 (Jane Doe No. 24 resigned from her job at a five-star hotel where she held an executive position).

Some of the videos depicted sexual assaults and rapes, which re-traumatized some of the Doe Plaintiffs as they were forced to re-live their sexual assaults and rapes. *See, e.g., id.* at ¶ 339 (Jane Doe No. 17 was forcibly raped by two men and this rape was recorded and monetized on Pornhub); ¶ 345 (Jane Doe No. 18 was sexually assaulted on numerous occasions and recordings of these assaults were uploaded and available to view on Pornhub); ¶ 329 (Jane Doe No. 15 was drugged and raped unconscious and this rape was recorded and monetized on Pornhub). Further Jane Doe Nos. 1 through 13 are victims of child sex trafficking. *See id.* at ¶¶ 270-322. They suffered additional emotional harm and mental anguish after not only seeing their sexual assaults play out again, but also processing the reality that many others had

watched and sought sexual gratification from their sexual assaults, which all occurred when they were minors.

Further, MindGeek has demonstrated that it will retaliate against anyone who speaks negatively about its businesses, including Pornhub. For example, one of MindGeek's operatives, known to the plaintiffs as GS, attacked a victim of child exploitation on Pornhub, harassing her and attempting to discredit her story. *See Compl.* ¶¶ 461-73. GS also attacked Serena Fleites, who also brings this action with the Doe Plaintiffs and has publicly discussed her story. After the publication of the New York Times Op-Ed, which featured Serena's story, GS found Serena on Twitter and took screenshots of Serena's account and used them to victim blame, gaslight, and intimidate Serena. *See* Compl. ¶ 471.

### III.    ARGUMENT

"District Courts have broad discretion to determine whether a plaintiff may proceed anonymously." *Doe K.G. v. Pasadena hospital Ass'n, Ltd.*, No. 218CV08710ODWMAAX, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). Notwithstanding Federal Rule of Civil Procedure 10(a), which requires that "[t]he title of the complaint must name all the parties," "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067. The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

A.    **Doe Plaintiffs Should Be Permitted To Proceed Anonymously To Preserve Their Privacy And Prevent Further Harm**

A party's need for anonymity in judicial proceedings may arise where, as here, "identification creates a risk of retaliatory physical or mental harm" and "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal

4

PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

nature." *Id.* at 1068. For example, District Courts in this Circuit have permitted a party to use a pseudonym when it is "necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *9 (N.D. Cal. July 30, 2020). "This district has thus considered 'social stigmatization' among the 'most compelling' reasons for permitting anonymity." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015). Further, the Ninth Circuit has instructed that "where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1068 (internal citations omitted).

District Courts in this Circuit, including this Court, have repeatedly held a plaintiff may proceed under a pseudonym where the plaintiff is a victim of a crime relating to sex. *See, e.g., Doe as next friend for Jessy v. Dinkfield*, No. 219CV01554ODWSSX, 2019 WL 4233579, at *2 (C.D. Cal. June 5, 2019) (allowing the plaintiffs to proceed anonymously "[g]iven the serious and sensitive nature of the allegations of possession and distribution of child pornography" and the "high likelihood that Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation with their real names"); *Doe K.G.*, 2019 WL 1612828, at *1 (allowing the plaintiffs to proceed anonymously "[g]iven the serious and sensitive nature of the allegations of repeated sexual assaults" and the "high likelihood Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under their real names."); *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804, at *1 (N.D. Cal. May 22, 2018) (same); *Doe v. Rose*, No. CV-15-07503-MWF-JCX, 2016 WL 9150620, at *1 (C.D. Cal. Sept. 22, 2016) ("As the Court discussed in the June Order, courts generally permit alleged rape victims to use pseudonyms in pretrial proceedings.");

*Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (allowing plaintiffs, a group of exotic dancers, to proceed anonymously where they have adequately identified the threat of social stigmatization, which is one of the most compelling reasons to permit anonymity); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (granting plaintiff's motion to proceed under a pseudonym because of the allegations of sexual assault).

Here, the Doe Plaintiffs, all victims of sex trafficking and child sex trafficking, face a severe threat of personal embarrassment, social stigmatization, and further harm due to harassment and threats stemming from their videos depicting their sex trafficking. The Doe Plaintiffs have already suffered significant emotional and physical harm and should not be subjected to more while they seek justice for the horrendous and abhorrent acts they were subjected to. Given the sexual nature of this case, this case easily qualifies as "sensitive and highly personal," further justifying the Doe Plaintiffs' request to proceed using a pseudonym.

With respect to retaliatory harm, the three factors that the Ninth Circuit discussed in *Advanced Textile Corp.* are easily met here. First, the threatened harm is severe as evidenced by the past and continuing emotional and physical harm that the Doe Plaintiffs have suffered. As mentioned, most of the Doe Plaintiffs are receiving treatment from mental health professionals for a variety of ailments including post-traumatic stress disorders, panic disorders, eating disorders, and substance abuse disorders. Second, this fear is reasonable because the Doe Plaintiffs have already suffered this harm, namely public ridicule, harassment, personal embarrassment, and emotional and other harm, at least within their immediate communities or online. Further, MindGeek has retaliated against victims of sex trafficking who have spoken out against MindGeek, like Serena, so the fear of future and greater harm is also reasonable. Finally, with respect to the last factor, the Doe Plaintiffs, as victims of sex trafficking, are particularly vulnerable to retaliation given the sexual and personal nature of this action.

### B. The Defendants Nor The Public Will Not Be Prejudiced By Preserving The Doe Plaintiffs' Anonymity

Further, the defendants will not experience any prejudice as a result of the Doe Plaintiffs proceeding under pseudonyms. The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile Corp.*, 214 F.3d at 1068. Because this case is at the pleadings stage, there is no prejudice to the Defendants at present. Further, at an appropriate stage of the litigation, the DoenPlaintiffs are willing to propose a protective order whereby they will provide the defendants' outside counsel with the true identifies of the Doe Plaintiffs for the purpose of defending this action. The Doe Plaintiffs seek to shield their names from the public record, public discourse, unnecessary third parties, and the media. Further, any potential prejudice or harm the defendants may face is outweighed by the personal ridicule, harassment, and emotional and physical harm the Doe Plaintiffs will suffer if they are forced to use their real name. *See, e.g., Doe K.G.*, 2019 WL 1612828, at *1 (finding that the "personal embarrassment and emotional injury" that the plaintiffs, as victims of sexual assaults, would face if forced to proceed in this litigation under their real names "outweighs any potential prejudice to Defendants."); *Doe as next friend for Jessy*, 2019 WL 4233579, at *2 (same).

Finally, the public interest is served not by revealing the Doe Plaintiffs' identities but rather by "protecting their identities so that other victims will not be deterred from reporting such crimes and seeking civil remedies." *Doe as next friend for Jessy*, 2019 WL 4233579, at *2; *Doe K.G.*, 2019 WL 1612828, at *1 (noting that "[w]ith regard to allegations of sexual assault . . . the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity.").

IV. **CONCLUSION**

For the foregoing reasons, the Doe Plaintiffs respectfully request that their Motion be granted and that the Court enter an order permitting them to proceed under pseudonyms in connection with this action.

Respectfully submitted,

DATED: June 17, 2021           BROWN RUDNICK LLP

By: */s/ Michael J. Bowe*
    Michael J. Bowe
    *(pro hac vice application forthcoming)*

*Attorney for Plaintiffs*