1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES and JANE DOE NOS. 1 through 33,<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK S.A.R.L., *ET AL.*,<br><br>Defendants. | Case No.: CV 21-04920-CJC(ADSx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM [Dkt. 7]** |

Plaintiffs have requested to proceed under a pseudonym in this litigation. Plaintiffs allege that videos depicting them engaging in sexually explicit conduct were uploaded to websites owned and operated by Defendants. As a result, they assert claims for violations of federal sex trafficking, child pornography, and sexual exploitation laws.

The normal presumption in litigation is that parties must use their real names, which is based on the public's right to open courts and the right of private individuals to confront their accusers. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citing Fed. R. Civ. P. 10(a); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000)).  However, courts have recognized that in "unusual cases" it may be permissible for a party to assert its claim under a pseudonym. *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) ("We recognize that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity."); *accord Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *Doe v. Colautti*, 592 F.2d 704, 705 (3rd Cir. 1979).

"To determine whether to allow a party to proceed anonymously . . . , a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1042 (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

Plaintiffs contend that disclosure of their identities would subject them to threats, harassment, and other social ridicule due to the highly sensitive, personal, and sexual nature of this case's subject matter.  Where it is necessary to protect a person from harassment, injury, ridicule or personal embarrassment, courts have permitted the use of pseudonyms. *United States v. Doe*, 655 F.2d at 922 (citing *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *United States v. Indian Boy X*, 565 F.2d 585 (9th Cir. 1977)).  Courts have specifically recognized that the use of pseudonyms may be appropriate in cases involving crimes relating to sexual abuse and exploitation. *See, e.g.*,

*Doe v. Dinkfield*, 2019 WL 4233579, at *2 (C.D. Cal. June 5, 2019) (allowing the plaintiffs to proceed anonymously "[g]iven the serious and sensitive nature of the allegations of possession and distribution of child pornography" and the "high likelihood that Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation with their real names"); *Doe K.G. v. Pasadena Hosp. Ass'n, Ltd.*, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) (allowing the plaintiffs to proceed anonymously "[g]iven the serious and sensitive nature of the allegations of repeated sexual assaults" and the high likelihood Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under their real names."); *Doe v. Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *1 (N.D. Cal. May 22, 2018) (same).  Plaintiffs' fear of embarrassment and potential harm is reasonable, given the severity of the allegations in this case.  Moreover, the Court finds that permitting Plaintiffs to proceed under pseudonyms at the pleading stage will not prejudice Defendants and Plaintiffs are willing to propose a protective order to provide Defendants' counsel with their true identities if necessary in the litigation.

While the public interest in access to the judicial process weighs against permitting Plaintiffs to proceed under a pseudonym, the public interest also lies in permitting public scrutiny of the important issues in this case—namely, Defendants' alleged sexual abuse and exploitation of Plaintiffs.  If Plaintiffs are not permitted to proceed under a pseudonym, they may be discouraged from pursuing their claims and the public may be deprived a resolution of the case on the merits.  *See Doe K.G.*, 2019 WL 1612828, at *1 ("With regards to allegations of sexual assault . . . the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity.").

//

//

1  Considering the facts before the Court, the Court **GRANTS** Plaintiffs' motion for
2  leave to proceed under a pseudonym.

5  DATED:  June 28, 2021

   _____
   CORMAC J. CARNEY
   UNITED STATES DISTRICT JUDGE