WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
27136 Paseo Espada, Ste. B1123
San Juan Capistrano, CA 92675
Phone: (949) 361-2822
Fascimile: (949) 361-5722
Email: dwiechert@aol.com

MORVILLO ABRAMOWITZ GRAND IASON &
ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Karen R. King (*pro hac vice*)
Ryan McMenamin (*pro hac vice*)
565 Fifth Avenue
New York, New York 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Email: jsack@maglaw.com
Email: kking@maglaw.com
Email: rmcmenamin@maglaw.com

*Attorneys for Specially Appearing*
*Defendant David Tassillo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES and JANE DOE DOS. 1 through 33,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; RK HOLDINGS USA INC., a Florida corporation, MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, TRAFFICJUNKY INC., a foreign entity; BERND BERGAMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-10<br><br>                    Defendants. | Case No. 2:21-cv-4920-CJC<br><br>**SPECIALLY APPEARING DEFENDANT DAVID TASSILLO'S REPLY TO PLAINTIFFS' OPPOSITION IN RESPONSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  February 14, 2022<br>Time: 1:30 p.m.<br>Place:  Courtroom 9 B<br>Judge: Cormac J. Carney |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................ 3

    I.      Personal Jurisdiction Over David Tassillo Has Not Been
Adequately Pled. ........................................................................... 3

          A.    Plaintiffs Do Not, and Cannot, Invoke the
"Guiding Spirit" Exception to the Fiduciary Shield
Doctrine. ........................................................................ 4

          B.    Plaintiffs' Group Pleading Fails to Demonstrate
Alter Ego Status. ........................................................... 5

                1.    The Complaint Does Not Allege That Mr.
Tassillo Controls an International
Enterprise. ......................................................... 7

                2.    Group Pleading May Not Substitute for
Individualized Allegations About Alter Ego
Status. ............................................................... 9

                3.    The Allegations Specific to Mr. Tassillo Are
Insufficient to Meet Plaintiffs' Heightened
Burden to Plead Alter Ego Status. .................. 10

                4.    No Fraud or Injustice Will Result if Personal
Jurisdiction Standards Are Upheld. ................. 13

          C.    Plaintiffs Have Failed to Establish Personal
Jurisdiction pursuant to 18 U.S.C. § 1965(b) and
Rule 4(k)(2)(1). ........................................................... 15

          D.    Jurisdictional Discovery Is Not Warranted. ............... 16

    II.     Plaintiffs' Complaint Fails to Satisfy Basic Notice
Pleading Requirements as to Mr. Tassillo. ................................. 19

CONCLUSION ...................................................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*ADO Finance, AG v. McDonnell Douglas Corp*,
   931 F. Supp. 711 (C.D. Cal. 1996) ........................................................................12

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
   2015 WL 12777092 (C.D. Cal. Oct. 23, 2015) ....................................................10

*AMA Multimedia, LLC v. Wanat*,
   970 F.3d 1201 (9th Cir. 2020) ........................................................................3, 16

*Barantsevich v. VTB Bank*,
   954 F.Supp.2d 972 (C.D. Cal. 2013) ....................................................................18

*Blue Diamond Growers v. Texas Best Smokehouse, Inc.*,
   2008 WL 5386762 (E.D. Cal. Dec. 22, 2008) ......................................................17

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ..............................................................................19

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ........................................................................16, 17

*Brophy v. Almanzar*,
   359 F. Supp. 3d 917 (C.D. Cal. 2018) ..................................................................17

*Clerkin v. MyLife.com, Inc.*,
   2011 WL 3607496 (N.D. Cal. Aug.16, 2011) ....................................................4, 5

*Click v. Dorman Long Technology, Ltd., No. C*,
   2006 WL 2644889 (N.D. Cal. Sept. 14, 2006) ........................................................3

*Comprehensive Toxicology v. Aliya Medcare*,
   2016 WL 3475329 (C.D. Cal. 2016) ......................................................................8

*Conservation Force v. Salazar*,
   677 F.Supp.2d 1203 (N.D. Cal. 2009)................................................................4, 19

*Daimler v. AG Bauman*,
   571 U.S. 117 (2014)..............................................................................................16

- ii -

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
  557 F.2d 1280 (9th Cir. 1977) ............................................................................11

*Davis v. Metro Prods., Inc.*,
  885 F.2d 515 (9th Cir. 1989) ............................................................................3, 4

*Dynascan Technology, Inc. v. Plasmedia Productions, Inc.*,
  2010 WL 11520614 (C.D. Cal. Jan. 21, 2010)......................................................6

*Fed. Reserve Bank of San Fran. v. HK Sys.*,
  1997 WL 227955 (N.D. Cal. Apr. 24, 1997)........................................................13

*Fasugbe v. Willms*,
  2011 WL 2119128 (E.D. Cal. May 26, 2011) ......................................................11

*Fasugbe v. Willms*,
  2011 WL 3667440 (E.D. Cal. Aug. 22, 2011) ........................................................5

*Flynt Distrib. Co., Inc. v. Harvey*,
  734 F.2d 1389 (9th Cir. 1984) ..............................................................................6

*Gardner v. Starkist Co.*,
  418 F. Supp. 3d 443 (N.D. Cal. 2019)..................................................................13

*Getz v. Boeing Co.*,
  654 F.3d 852 (9th Cir. 2011) ................................................................................17

*Hasso v. Hapke*,
  227 Cal. App. 4th 107 (Ct. App. 2014) ..................................................................6

*Huynh v. Quora, Inc.*,
  2019 WL 11502875 (N.D. Cal. Dec. 19, 2019)....................................................19

*In re Boon Glob. Ltd.*,
  923 F.3d 643 (9th Cir. 2019) ............................................................................2, 3

*Incipio, LLC v. Argento Sc By Sicura Inc.*,
  2018 WL 4945002 (C.D. Cal. July 18, 2018)........................................................6

*Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*,
  880 F.Supp. 743 (C.D. Cal. 1995) ........................................................................4

- iii -

*International Mfg. Co. v. Landon, Inc.*,
  336 F.2d 723 (9th Cir. 2009) .......................................................................4

*Jane Doe c. 9219-1568 Québec Inc. & als.*,
  No. 500-06-001115-209 (Can. Que. Sup. Ct. Nov. 29, 2021) ..........................14, 15

*Jane Doe v. WebGroup Czech Republic, as, et al*,
  No. 2:21-cv-02428 (C.D. Cal. Jan. 5, 2022), Dkt. No. 161 ................................9

*Johnson v. Mitchell*,
  2012 WL 1657643 (E.D. Cal. May 10, 2012) ......................................................17

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
  394 F.3d 1143 (9th Cir. 2004) ............................................................................13

*LNS Enterprises LLC v. Cont'l Motors Inc.*,
  464 F. Supp. 3d 1065 (D. Ariz. 2020) ................................................................17

*Maale v. Caicos Beach Club Charter, Ltd.*,
  420 F. App'x 895 (11th Cir. 2011) ......................................................................15

*Maale v. Kirchgessner*,
  2010 WL 11506095 (S.D. Fla. May 27, 2010)......................................................15

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ..............................................................................10

*Neilson v. Union Bank of California, N.A.*,
  290 F. Supp. 2d 1101 (N.D. Cal. 2003)................................................................6

*NuCal Foods, Inc. v. Quality Egg LLC*,
  887 F.Supp.2d 977 (E.D. Cal. 2012) ............................................................13, 14

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ............................................................................16

*Perkumpulan Inv'r Crisis Ctr. Dressel-WBG v. Danny M.K. Wong*,
  2012 WL 13024801 (W.D. Wash. Apr. 6, 2012) ..................................................15

*Personal Elec. Transports, Inc. v. Office of U.S.*,
  313 Fed.Appx. 51 (9th Cir. 2009)..........................................................................4

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ..............................................................8, 10, 11, 13

*Shimmick Construction Co., Inc. v. Officine Meccaniche*,
   2014 WL 5847440 (S.D. Cal. Nov. 12, 2014).......................................................14

*Sihler v. Fulfillment Lab, Inc*,
   2020 WL 7226436 (S.D. Cal. Dec. 8, 2020) ........................................................12

*State Comp. Ins. Fund v. Khan*,
   2013 WL 12132027 (C.D. Cal. July 30, 2013).......................................................9

*Stewart v. Screen Gems-Emi Music, Inc.*,
   81 F. Supp. 3d 938 (N.D. Cal. 2015)..............................................................18, 19

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................3

*Symettrica Ent., Ltd. v. UMG Recordings, Inc.*,
   2019 WL 8806093 (C.D. Cal. Sept. 20, 2019) .......................3, 4, 8, 11, 12, 14, 17

*Walden v. Fiore*,
   571 U.S. 277 (2014)............................................................................................16

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
   556 F.2d 406 (9th Cir. 1977) ...............................................................................16

*Willick v. Napoli Bern Ripka & Assocs., LLP*,
   2019 WL 3064120 (C.D. Cal. Mar. 13, 2019)........................................................6

## **Statutes, Rules, And Other Authorities**

18 U.S.C. § 1965(b) ............................................................................... 15, 16

Cal. Bus. & Prof. Code § 17200 ................................................................ 19

Cal. Bus. & Prof. Code § 17500 ................................................................ 19

Fed. R. Civ. P. 4(f)(2)(C)(ii) ..................................................................... 15

Fed. R. Civ. P. 4(f)(3) .............................................................................. 15

Fed. R. Civ. P. 4(k)(2)(1) ..................................................................... 15, 16

Fed. R. Civ. P. 9(b) ................................................................................. 19

## PRELIMINARY STATEMENT[1]

The allegations in the Complaint do not meet—and do not come close to meeting—plaintiffs' obligation to allege specific facts supporting personal jurisdiction over David Tassillo or substantive wrongdoing on his part.  Plaintiffs do not allege a single act that Mr. Tassillo took in, or directed at, California or the United States as a whole, as explained in Mr. Tassillo's moving brief.  Nor do plaintiffs allege a single act that Mr. Tassillo took to violate any law.  (*See* Tassillo Mot. to Dismiss Br. at 8-10.)  The Complaint refers to Mr. Tassillo in *four* paragraphs, and *none* of them describes anything Mr. Tassillo did or said that would sustain the present Complaint.  (*See* Compl. ¶¶ 54, 82, 196, 204.)

In the absence of specific facts to support jurisdiction and substantive wrongdoing, plaintiffs resort to wholly unjustified "group pleading" which, even then, still fails to allege a single act by Mr. Tassillo supporting jurisdiction or misconduct on his part.  Plaintiffs also seek to fill the holes in their pleading by using their opposition brief to mischaracterize the allegations of the Complaint, as we explain below.  Instead of grappling with the realities of what has (and has not) been pleaded, plaintiffs turn to inappropriate, and irresponsible, invocations of a fictional television crime series to suggest group misconduct—a sure sign of a lack of sound factual or legal arguments.

With respect to personal jurisdiction, Mr. Tassillo's moving brief made clear that, under the "fiduciary shield" doctrine, Mr. Tassillo's position or activities as COO of a MindGeek entity do not confer personal jurisdiction over him as an individual.  (*See* Tassillo Mot. to Dismiss Br. at 5-8.)  The case law recognizes two exceptions to the fiduciary shield doctrine — first, when the individual officer is

---

[1]   The Court should also dismiss plaintiffs' claims against Mr. Tassillo for the reasons set forth in the concurrently filed reply memoranda of law submitted by the MindGeek Entities, Bernd Bergmair, Feras Antoon, and Corey Urman pursuant to Rules 12(b)(2), 12(b)(6), and 20(a) of the Federal Rules of Civil Procedure, which Mr. Tassillo joins. Further, where a particular point in our opening brief is not addressed on reply, we rest on the arguments offered in that brief.

the "guiding spirit" behind the alleged unlawful conduct, and second, when the officer is an "alter ego" of a corporation that is subject to jurisdiction. Neither exception applies to Mr. Tassillo.

In their opposition brief, plaintiffs do not even try to argue that Mr. Tassillo is the "guiding spirit" behind any corporate defendant's alleged bad acts. Nor could they, because the Complaint lacks any allegations of specific actions by Mr. Tassillo to direct the alleged unlawful activity.

Instead, plaintiffs fall back on the alter ego exception, claiming that Mr. Tassillo (and others) controlled a network of MindGeek Entities, and that the corporate form was ignored and manipulated for the benefit of this exclusive group. This argument completely fails. Plaintiffs do little more than recite the well-known elements of an alter ego claim; they utterly fail to allege any specific action by Mr. Tassillo that would show a disrespect for corporate forms, diversion of funds, manipulation of entities for his own ends, or any injustice to plaintiffs. As we explain below, plaintiffs try to fill the void of their allegations with group pleading, but that is contrary to case law and black-letter principles of fair pleading.

Lastly, plaintiffs' allegations of substantive wrongdoing fail for the same basic reason as their allegations of personal jurisdiction. The Complaints lacks even the most basic specification of what Mr. Tassillo did to commit the 18 substantive violations alleged in the Complaint. Group pleading and reckless claims of massive wrongdoing do not compensate for fundamentally defective pleading.

Mr. Tassillo's motion to dismiss the Complaint should be granted.

## **ARGUMENT**

### **I.     Personal Jurisdiction Over David Tassillo Has Not Been Adequately Pled.**

Plaintiffs' opposition brief makes it abundantly clear that they have failed to make a *prima facie* showing of personal jurisdiction over David Tassillo.  It is well-established that Mr. Tassillo's contacts with the forum must be assessed individually, *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019), yet plaintiffs offer only group allegations.  As the Ninth Circuit recently stated, the *prima facie* standard "is not toothless," *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020), and thus "mere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Plaintiffs appear to concede that Mr. Tassillo—who lives and works in Canada—has no individual jurisdictional contacts with California or the United States.  The fact that he is alleged to be a corporate officer at "MindGeek" is also insufficient for jurisdictional purposes.  As discussed in Mr. Tassillo's moving brief, under the fiduciary shield doctrine, the acts of a corporate employer may not be imputed to an employee for jurisdictional purposes unless he is the "guiding spirit" of the alleged wrongful conduct directed at the forum, or an alter ego of an entity that is subject to personal jurisdiction.  *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989); *see also Click v. Dorman Long Technology, Ltd.*, 2006 WL 2644889, *4 (N.D. Cal. Sept. 14, 2006) ("[In] order for fiduciary shield protections to be unavailable to defendants acting on behalf of their employer . . . a defendant's contacts must give rise to some identifiable theory of liability pursuant to which the defendant's contacts on behalf of the corporate employer may justifiably be imputed to the defendant individually.").  Plaintiffs fail to cite, much less confront, the raft of Ninth Circuit cases that apply the fiduciary shield

1  doctrine and dismiss complaints for lack of personal jurisdiction over corporate

2  officers.  *See, e.g., Davis,* 885 F.2d 515; *Symettrica Ent., Ltd. v. UMG Recordings,*

3  *Inc.*, 2019 WL 8806093 (C.D. Cal. Sept. 20, 2019) (Carney, J.).

4          Neither the guiding spirit nor the alter ego exception applies to Mr. Tassillo,

5  and plaintiffs' claim of personal jurisdiction fails under the fiduciary shield

6  doctrine.

7          **A.   <u>Plaintiffs Do Not, and Cannot, Invoke the "Guiding Spirit"</u>**

8                **<u>Exception to the Fiduciary Shield Doctrine.</u>**

9          The "guiding spirit" exception to the fiduciary shield doctrine requires

10  plaintiffs to allege *specific* actions *the defendant* took to direct his activities to the

11  forum and cause injury as a result of those actions.  *In re Boon*, 923 F.3d 643 at

12  651 (corporate officer must be "the guiding spirit behind the wrongful conduct, or

13  the central figure in the challenged corporate activity"); *see also International Mfg.*

14  *Co. v. Landon, Inc.*, 336 F.2d 723, 728 (9th Cir. 2009) (corporate officer must be

15  the "active directing hand" behind the conduct).

16          Here, plaintiffs do not address the "guiding spirit" exception or invoke it as

17  to Mr. Tassillo.  Accordingly, the argument is waived.  *Conservation Force v.*

18  *Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to

19  provide a defense for a claim in opposition, the claim is deemed waived.") (citing

20  *Personal Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 Fed.Appx. 51, 52 (9th

21  Cir. 2009).

22          In any event, courts have consistently rejected guiding spirit claims on the

23  basis of far more than has been alleged here.  *See e.g., Indiana Plumbing Supply,*

24  *Inc. v. Standard of Lynn, Inc.*, 880 F.Supp. 743, 751 (C.D. Cal. 1995) (allegations

25  that corporate officer was solely responsible for company's advertising function

26  and authorized publication of advertisement at issue did not satisfy guiding spirit

27  exception because plaintiffs did not allege he personally participated in

28  development of particular advertisements); *Clerkin v. MyLife.com, Inc.,* 2011 WL

3607496, at *1–2, 4 (N.D. Cal. Aug.16, 2011) (plaintiffs did not meet their burden to show specific personal jurisdiction over executive officer when plaintiffs relied on group pleading to allege that he "conspired with" others "to perpetrate" a fraudulent scheme and "personally performed acts" in support of a fraudulent scheme because of those allegations).

The Complaint totally lacks specific allegations about any act of Mr. Tassillo, much less any act to show or suggest that he was the "active directing hand" behind the corporate conduct at issue. Plaintiffs' assertion that "as to the Individual Defendants, the Complaint details each of their roles in directing, managing and carrying out the operations of the Company, including controlling and dictating the illegal conduct at issue in this case" (Opp. 72) is demonstrably false. The 177-page Complaint (and the 85-page opposition brief) is devoid of any allegation identifying specific conduct by Mr. Tassillo. *See Fasugbe v. Willms*, 2011 WL 3667440, at *4 (E.D. Cal. Aug. 22, 2011) ("If the court were to deem such conclusory allegations sufficient on a motion to dismiss, a plaintiff could force any officer of a company to defend a suit in his personal capacity simply by using the magic language that he was the 'guiding spirit' behind the allegedly wrongful conduct or the 'central figure in the challenged corporate activity.'").

### B. Plaintiffs' Group Pleading Fails to Demonstrate Alter Ego Status.

Plaintiffs argue for jurisdiction over David Tassillo on the theory that he is an alter ego of two MindGeek entities operating in California—MindGeek USA and MG Global. (Opp. 70.) But plaintiffs fail to plead any of the requisite elements of alter ego—ownership, unity of interest, and abuse of corporate formalities, among others—for a court to pierce the veil of these two entities (or any other MindGeek entity). Plaintiffs offer no allegation whatsoever of a connection between Mr. Tassillo and either company or injustice to plaintiffs. Instead, they rely on group pleading and mischaracterizations of the Complaint to allege a wide web of alter egos involving all defendants and "hundreds of sham

DAVID TASSILLO'S REPLY
CASE NO. 2:21-cv-4920-CJC

shell companies." (Opp. Br. 3.)  From these nebulous allegations they argue that the jurisdictional contacts of any member of the web (like MindGeek USA and MG Global) should be imputed to Mr. Tassillo.  (Opp. Br. 3, 5.)  Plaintiffs' argument is thoroughly speculative and insufficient to satisfy the individualized pleading requirements for personal jurisdiction.

The case law is clear that "[a]lter ego is an extreme remedy, sparingly used," *Hasso v. Hapke*, 227 Cal. App. 4th 107, 155 (Ct. App. 2014), and "carries a high burden both at the pleading stage and on the merits." *Incipio, LLC v. Argento Sc By Sicura Inc.*, 2018 WL 4945002, at *2 (C.D. Cal. July 18, 2018).  To plead an alter ego theory sufficiently, plaintiffs must make a *prima facie* case "(1) that there is such unity of interest and ownership that the separate personalities of [Mr. Tassillo and the MindGeek entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice."  *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984) (citation omitted).

In considering unity of interest and ownership, courts consider factors such as (1) whether the individual treated corporate assets as his own; (2) whether a single individual owned all of the corporate entity; (3) whether the individual and the corporation commingled their assets or failed to segregate their funds; and (4) whether the individual utilized the corporation as a shell.  *Willick v. Napoli Bern Ripka & Assocs., LLP*, 2019 WL 3064120, at *4 (C.D. Cal. Mar. 13, 2019) (citation omitted).  "Conclusory allegations of 'alter ego' status are insufficient . . . .  Plaintiff[s] must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (N.D. Cal. 2003) (citation omitted); *Dynascan Technology, Inc. v. Plasmedia Productions, Inc.*, 2010 WL 11520614 at *5 (C.D. Cal. Jan. 21, 2010) (Carney, J.) (dismissing alter ego theory where plaintiff failed to include "supporting factual allegations").

Notwithstanding their burden of pleading specific facts to justify piercing the corporate veil, plaintiffs make no allegation of any act of Mr. Tassillo. Instead, plaintiffs pin their jurisdictional argument entirely on Mr. Tassillo's alleged membership in a purported cabal called the "Bro-Club" and their theory that this group controls the MindGeek enterprise, rendering all of the group's members and all of the corporate entities, including hundreds of shell companies, alter egos of each other. (Opp. 18). Plaintiffs' argument fails on multiple levels.

1. The Complaint Does Not Allege That Mr. Tassillo Controls an International Enterprise.

Plaintiffs' repeated assertion that the so-called "Bro-Club" controls an international MindGeek Enterprise (Opp. 18-20, 23-24, 55) does not make it any less conclusory, inappropriate, and insufficient to establish jurisdiction over any of the individual defendants. Whatever the legal significance of the Bro-Club—and we maintain there is none, *see* pp. 9-10 below— the Complaint does not even allege Mr. Tassillo's membership in the purported group. The group described in the Complaint consists of members of Feras Antoon's family and a "select few" additional made members (Compl. ¶¶ 93-94). Paragraph 537 of the Complaint names individual defendants that allegedly control the "Enterprise," and *Mr. Tassillo is not included*. Additional allegations in the Complaint refer to specific people, but no mention is made of David Tassillo. (*See, e.g.,* Compl. ¶¶95-97.) Although the Complaint includes a general statement by one whistleblower that "All top executives were members of the Bro Club," David Tassillo is not named and no act of his is mentioned. (Compl. ¶94.) Nor does the Complaint say anything about the basis for the whistleblower's comment, or whether the information is even based on direct knowledge of relevant facts.

Plaintiffs' assertions in their opposition brief about Mr. Tassillo's control of MindGeek entities (Opp. 18) likewise have no basis in the Complaint. The Complaint has no allegation about Mr. Tassillo's control of, or even connection to,

- 7 -

any specific MindGeek entity. That deficiency, in itself, is enough to defeat plaintiffs' theory of jurisdiction. *See Symettrica,* 2019 WL 8806093 at *4. ("When applicable, the alter ego doctrine allows Courts to disregard the corporate form and impute a corporation's contacts with a forum *onto the individuals who control it*.") (emphasis added).

In an apparent effort to overcome that fatal defect, plaintiffs once more fall back on group pleading to contend that an "international network of sham companies was managed, directed, and controlled by defendants Antoon, Tassillo, Urman, Bergmair" and others (Opp. 18), citing nine paragraphs of the Complaint. But none of the cited paragraphs so much as mentions Mr. Tassillo by name, and none of the paragraphs alleges a single thing Mr. Tassillo did or said to "manage, direct or control" anything, much less an "international network of sham companies." In any event, plaintiffs' allegations about an international web of *other* corporate shell entities cannot provide the basis for a finding of alter ego liability between Mr. Tassillo and the two MindGeek entities operating in California—MindGeek USA and MG Global—or any of the MindGeek entity defendants *in this case. See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070-71 (9th Cir. 2015) ("The alter ego test is designed to determine whether the [parties] are not really separate entities, such that one entity's contacts with the forum state can be fairly attributed to the other.") (internal quotation marks omitted).

Because Mr. Tassillo is conspicuously absent from allegations in the Complaint about the "Bro-Club" or its activities, it is inappropriate, and unpersuasive, for plaintiffs to assert that he was a central player in the purported cabal, and that his involvement was so great that all corporate forms should be disregarded. It is axiomatic that plaintiffs may not rewrite their Complaint through their opposition brief to add Mr. Tassillo to the cited paragraphs. *Comprehensive Toxicology v. Aliya Medcare*, 2016 WL 3475329 at *8 (C.D. Cal. 2016).

2.  <u>Group Pleading May Not Substitute for Individualized Allegations About
Alter Ego Status.</u>

Even if Mr. Tassillo had been included in the paragraphs of the Complaint
addressing the "Bro-Club," the utter lack of any individualized allegations as to his
connections to and purported control of specific companies is fatal to plaintiffs'
argument.  Plaintiffs take group pleading, itself impermissible, to a level of
attenuation completely contrary to rules of pleading under federal law.[2]

A recent case decided in this District underscores the impropriety of
plaintiffs' reliance on group pleading to sustain their burden of adequately pleading
personal jurisdiction.  *Doe v. WebGroup Czech Republic*, Case 2:21-cv-02428-
VAP-SKx, Order Granting Motions to Dismiss at \*20-22 (C.D. Cal. Jan. 5,
2022), Dkt. No. 161.  In that case, as in the present action, plaintiffs asserted
claims against U.S. and foreign entities and individuals who purportedly operated a
popular adult entertainment website.  After dismissing foreign defendants on
personal jurisdiction grounds, the court in *WebGroup Czech Republic* also
dismissed the claims against the U.S. defendants because the complaint "fails to
sufficiently attribute allegations to [the defendants]," "comingles the Defendants
together throughout much of the pleading, without identifying which entities are
responsible for the conduct underlying the claims," "fail[s]to specify each
Defendant's culpability adequately" and "does not adequately identify the
allegations against them."  *Id.* at \*20-22.  The same is true here.

---

[2]  Plaintiffs claim that in *State Comp. Ins. Fund v. Khan*, 2013 WL 12132027 (C.D. Cal. July 30,
2013), this Court held that group pleading is permissible in civil RICO actions when defendants
"operate as a unit and information concerning each individual's participation is uniquely within
defendants' control."  (*See* Opp. Br. 54).  But *Khan* did not so hold.  *See State Comp. Ins. Fund
v. Khan*, 2013 WL 12132027, at \*4 (C.D. Cal. July 30, 2013) (Carney, J.) ("State Fund failed
to plead the role of each defendant in the scheme because it used 'group pleading,' making it
unclear which allegations were directed at which defendants . . . .  State Fund has corrected
these problems in the SAC").

1    Similarly, in *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp.,*

2    *Inc.*, 2015 WL 12777092, at *2 (C.D. Cal. Oct. 23, 2015), the plaintiff sued a

3    network of entities, along with three individuals, for conspiracy to commit

4    insurance fraud and invoked the alter ego theory as to an individual defendant

5    based on membership in "a complex network of shell and sham corporations." *Id.*

6    at *9. On a motion to dismiss, the court rejected this theory because the complaint

7    failed to allege any specific acts of the individual's control or ownership of the

8    entities. *Id.* The court emphasized that generalized allegations based on group

9    membership are "insufficient to plausibly show [the individual defendant's] unity

10   and control over the alleged network, and the mere inclusion of her with the

11   [alleged network] does not overcome the deficiency." *Id.* at *10. The same

12   conclusion is warranted in this case.

13   In sum, plaintiffs fail to meet their pleading obligations by lumping Mr.

14   Tassillo into a group that allegedly controls a network of hundreds of unidentified

15   shell companies. Plaintiffs make the leap of arguing that, via this network of shell

16   companies, Mr. Tassillo had ownership and control of the entities subject to

17   jurisdiction in California, but plaintiffs fail to allege any facts showing Mr.

18   Tassillo's control or ownership over the network, much less over the companies in

19   California. These convoluted claims fall woefully short of what the law requires.

20   Plaintiffs' contentions amount to group pleading on top of group pleading, and

21   they are inconsistent with fundamental principles of fair notice and due process.

22   *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a

23   complaint but . . . without simplicity, conciseness and clarity as to whom plaintiffs

24   are suing for what wrongs, fails to perform the essential functions of a

25   complaint.").

26   3. <u>The Allegations Specific to Mr. Tassillo Are Insufficient to Meet</u>

27   <u>Plaintiffs' Heightened Burden to Plead Alter Ego Status.</u>

28

- 10 -

1    When the Complaint is stripped of its group pleading, the remaining

2    allegation about Mr. Tassillo is that he lives in Canada and is COO of

3    "MindGeek."  (Compl. ¶54.)   But that is plainly inadequate to plead alter ego

4    liability.  The Complaint does not allege that Mr. Tassillo is COO of any specific

5    MindGeek entity subject to personal jurisdiction in California, or that he controlled

6    or even managed the affairs of any such company.  Moreover, even if plaintiffs had

7    alleged Mr. Tassillo managed the affairs of such an entity as COO, that would still

8    be insufficient.  *See Ranza*, 793 F.3d at 1073 (the alter ego test "envisions

9    pervasive control over the [company] such as when [the individual] dictates every

10   facet of the [company's] business – from broad policy decisions to routine matters

11   of day-to-day operations.") (internal quotation marks omitted).  Nor does the

12   Complaint allege at all that Mr. Tassillo commingled any company's funds with

13   his own, treated the assets of any company as his own, caused an

14   undercapitalization of any company, or ignored corporate formalities in any other

15   way.

16       What is more, plaintiffs have not challenged the declaration submitted by the

17   MindGeek Entities, which states that the entities observe corporate formalities and

18   are adequately capitalized.  (*See* Andreou Decl. ¶¶ 15, 23).  Plaintiffs' allegations

19   suggesting otherwise should therefore be disregarded.  *See Fasugbe v. Willms*,

20   2011 WL 2119128, at *3 (E.D. Cal. May 26, 2011) (*citing Data Disc, Inc. v. Sys.

21   Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) ("Once a defendant has

22   contradicted the allegations contained in the complaint, [] a plaintiff may not rest

23   on the pleadings, but must present evidence which, if true, would support the

24   exercise of personal jurisdiction.").

25       This Court's decision in *Symettrica* is instructive.  In that case, the plaintiff

26   sought to impute the jurisdictional contacts of a corporate entity to individual

27   defendants on an alter ego theory.  But this Court found that "[t]he only support

28   offered for th[o]se conclusions [were] allegations—made upon information and

belief—that [the entity] is undercapitalized, fails to undertake corporate

formalities, and that the director defendants co-mingled [the entity's] funds with

their own." *Symettrica,* 2019 WL 8806093 at *4.  Because the defendants

submitted sworn declarations that refuted those allegations, this Court rejected the

plaintiff's alter ego argument. *Id.*  The Court concluded that, without a response

from the plaintiff, it "cannot find that [the individual defendants] were the alter

egos of [the entity] based on [] unsubstantiated legal conclusions alone." *Id.*  Of

course, in this case the basis for dismissal is even stronger because plaintiffs have

not offered any specific allegations that Mr. Tassillo abused the corporate forms of

MindGeek USA, MG Global, or any other MindGeek entity.

Notably, the cases relied upon by plaintiffs do not support their argument

and, in fact, reinforce the conclusion that alter ego has not adequately been pled

here.  Plaintiffs have not cited a single favorable case remotely similar to this

one—in which alter ego status is alleged as to an officer of a company but the

Complaint has no allegations about any actions the individual took to collapse the

corporate form.

Plaintiffs rely on *ADO Finance, AG v. McDonnell Douglas Corp*, 931 F.

Supp. 711 (C.D. Cal. 1996) and two other district court decisions, for the

proposition that "[c]ourts routinely deny motions to dismiss for lack of personal

jurisdiction where plaintiffs have sufficiently pled various factors of alter ego."

(Opp. 71.)  But in *ADO Finance*, unlike here, the plaintiffs made specific

allegations about the unity of interest and ownership between the individual and

company, including that the entities were wholly owned by the individual

defendant; that he was responsible for appointing the entities' board, directing its

business decisions, managing its daily operations; and that he and other

shareholders ran the entities' litigation without the knowledge or involvement of its

managing director/sole employee. *Id*. at 717 (citation omitted).  No allegations of

this kind have been made here.

1    Plaintiffs also cite *Sihler v. Fulfillment Lab, Inc*, but the court in that case

2  actually held the facts alleged by the plaintiff were *insufficient* to establish alter

3  ego liability over the individual defendant. 2020 WL 7226436, at *6 (S.D. Cal.

4  Dec. 8, 2020) (plaintiffs' claim that entities' contacts should be imputed to

5  individual defendant "is *incorrect under the fiduciary shield doctrine*," and "that

6  sole conclusory allegation is *factually unsupported*.") (emphasis added).

7    Finally, plaintiffs' reliance on *Fed. Reserve Bank of San Fran. v. HK Sys.*,

8  1997 WL 227955 (N.D. Cal. Apr. 24, 1997), is also misplaced.  In that case, the

9  court's discussion of alter ego status was specific to a parent-subsidiary

10  relationship.  Here, MindGeek USA's and MG Global's jurisdictional contacts

11  may not properly be imputed to David Tassillo when the Complaint lacks

12  allegations that Mr. Tassillo has *any* connection with those two entities, let alone

13  that he wields the level of control required for a court to disregard their corporate

14  forms altogether.

15    4.  No Fraud or Injustice Will Result if Personal Jurisdiction Standards Are

16        Upheld.

17    Because plaintiffs have not satisfied the "unity of interest" prong of the alter

18  ego test, personal jurisdiction on the basis of alter ego liability fails, and the Court

19  need not reach the "fraud or injustice" prong.  *Ranza v. Nike, Inc.*, 793 F.3d at

20  1075 n.9 ("Because Ranza has not satisfied the 'unity of interest and ownership'

21  prong of the alter ego test, we need not analyze the 'fraud or injustice' prong.")

22  (citation omitted).  But, in any event, to the extent the Court considers the issue,

23  plaintiffs' allegations of injustice are also deficient.

24    Significantly, "[t]he injustice that allows a corporate veil to be pierced is not

25  a general notion of injustice; rather, it is the injustice that results only when

26  corporate separateness is illusory*." Katzir's Floor & Home Design, Inc. v. M-

27  MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004); *NuCal Foods, Inc. v. Quality Egg

28  LLC*, 887 F.Supp.2d 977, 992 (E.D. Cal. 2012) ("To prove injustice, the plaintiff

- 13 -

must be more than just a creditor attempting to recover on unsatisfied debts; it must show that a defendant's conduct amounted to *bad faith*.") (emphasis added); *see Gardner v. Starkist Co*., 418 F. Supp. 3d 443, 465 (N.D. Cal. 2019) (finding that plaintiffs alter-ego theory independently failed because their Complaint failed to even "mention[] a possible inequitable result").

Here, the Complaint fails to allege that Mr. Tassillo acted in bad faith or caused the two California MindGeek entities or any other entity to become undercapitalized. Absent such allegations, the Complaint fails to establish that "fraud or injustice" would result if the corporate forms are maintained. *See Symettrica,* 2019 WL 8806093 at *5 (concluding that the alter-ego theory failed on the second prong because the plaintiff offered no "factual information to support its claims that Clarkson and O'Dell acted in bad faith as directors of Symettrica."). In short, the Complaint contains no allegation about what David Tassillo did to cause injustice to the plaintiffs.

In all events, plaintiffs have not made *any* showing that an inequitable, fraudulent, or unjust result will follow if Mr. Tassillo cannot be sued in California. Corporate defendants in California have appeared in this matter, and plaintiffs have not alleged any specific facts showing that they are undercapitalized or have been deprived of assets or are otherwise shams, much less that Mr. Tassillo took any action that left the companies in such a condition. Plaintiffs are therefore unable to satisfy the "injustice" element of the alter ego test because they can recover a judgment against the remaining defendants. *See Shimmick Construction Co., Inc. v. Officine Meccaniche*, 2014 WL 5847440 at *7 (S.D. Cal. Nov. 12, 2014) (where plaintiff alleged that one alter ego corporation was insolvent, the fact that he could "seek redress" from remaining defendants meant he was unable to satisfy "injustice" prong of alter ego test). In fact, a lawsuit making similar allegations to those here is pending in Canada against certain MindGeek entities and three individual defendants (including David Tassillo), which incorporates by reference

plaintiffs' Complaint, and which alleges plaintiffs would be part of a putative class.
*Jane Doe c. 9219-1568 Québec Inc. & als.,* No. 500-06-001115-209 (Can. Que.
Sup. Ct. Nov. 29, 2021).

### C. **Plaintiffs Have Failed to Establish Personal Jurisdiction pursuant to 18 U.S.C. § 1965(b) and Rule 4(k)(2)(1).**

Plaintiffs continue to press their incorrect interpretation of 18 U.S.C.
§ 1965(b) and Rule 4(k)(2)(1).  As a matter of plain meaning of the text, the RICO
nationwide service provision does not extend to foreign defendants, who, as in this
case, were served outside the United States.

Contrary to plaintiffs' accusation (Opp. 75 n.42), Mr. Tassillo is not engaged
in any "gamesmanship." Mr. Tassillo does not dispute that he waived service
(while retaining "all defenses or objections to the lawsuit or to the jurisdiction or
venue of the court"), but 18 U.S.C. § 1965(b) does not confer personal jurisdiction
over foreign defendants like Mr. Tassillo who were not served in the United States
pursuant to the RICO nationwide service provision.  (*See* Tassillo Mot. to Dismiss
Br. at 12-13.)  Put simply, Mr. Tassillo's waiver of service in Canada cannot
substitute for service in the U.S. under RICO.  Only service under RICO's
nationwide service provision can trigger a nationwide contacts assessment.
*See Perkumpulan Inv'r Crisis Ctr. Dressel-WBG v. Danny M.K. Wong*, 2012 WL
13024801, at *8 (W.D. Wash. Apr. 6, 2012) (holding that service pursuant to
Federal Rule 4(f)(3) does not constitute service pursuant to RICO's service
provisions) *Maale v. Kirchgessner*, 2010 WL 11506095, at *3 (S.D. Fla. May 27,
2010), *aff'd sub nom. Maale v. Caicos Beach Club Charter, Ltd.*, 420 F. App'x 895
(11th Cir. 2011) (holding same for Rule 4(f)(2)(C)(ii) and (f)(3)).

Plaintiffs also argue that the federal nationwide jurisdiction provision applies
to Mr. Tassillo, but that argument likewise fails because plaintiffs do not allege the
minimum contacts necessary for nationwide jurisdiction over Mr. Tassillo to
comport with due process.  (*See* Tassillo Mot. to Dismiss Br. at 10-13.)  Plaintiffs

1  fail to point to *any* individualized contact that Mr. Tassillo had with the United

2  States to justify nationwide jurisdiction.  Their sweeping suggestion that the

3  existence of corporate computer servers in United States confers jurisdiction over

4  each defendant, including Mr. Tassillo, under 18 U.S.C. § 1965(b) and Rule

5  4(k)(2)(1) (Opp. 75) has no basis in the law, and, in any event, plaintiffs make no

6  allegation of a connection between the computer servers and Mr. Tassillo.[3]

7  Unsurprisingly, plaintiffs do not cite any precedent for this theory, which runs

8  roughshod over U.S. Supreme Court and Ninth Circuit precedent requiring non-

9  resident defendants to commit intentional acts expressly aimed at the forum.  *See*

10  *e.g., Walden v. Fiore,* 571 U.S. 277, 286 (2014); *AMA Multimedia, LLC v. Wanat*,

11  970 F.3d 1201, 1212 (9th Cir. 2020).

12  ### D.  Jurisdictional Discovery Is Not Warranted.

13  Plaintiffs' fallback request for jurisdictional discovery should also be

14  rejected.  A court may properly deny discovery "when it is clear that further

15  discovery would not demonstrate facts sufficient to constitute a basis for

16  jurisdiction," *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.

17  24 (9th Cir. 1977), or "[w]here a plaintiff's claim of personal jurisdiction appears

18  to be both attenuated and based on bare allegations in the face of specific denials

19  made by the defendants." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th

20  Cir. 2006) (internal quotation marks and citation omitted); *see also Boschetto v.*

21  *Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (finding denial of jurisdictional

22  discovery is appropriate when the request is "based on little more than a hunch that

23  it might yield jurisdictionally relevant facts").

24  Discovery should be denied where, as here, plaintiffs have not provided "any

25  affidavit or evidence substantiating their requests or describing with any precision

26

27  [3]  To the extent plaintiffs suggest that agency might be a basis for personal jurisdiction (Opp. 70),
28  such a theory, once allowed in the 9th Circuit, is no longer good law. *See Daimler v. AG Bauman*, 571 U.S. 117 (2014) (invalidating 9th Circuit test).

how such discovery would be helpful to the Court." *LNS Enterprises LLC v. Cont'l Motors Inc.*, 464 F. Supp. 3d 1065, 1077-78 (D. Ariz. 2020) (denying discovery because "Plaintiffs' speculative requests, akin to hunches that personal jurisdiction might exist, do not warrant even limited jurisdictional discovery."); *see also Getz v. Boeing Co.,* 654 F.3d 852, 860 (9th Cir. 2011) ("In light of their purely speculative allegations of attenuated jurisdictional contacts, the district court did not abuse its discretion when it denied Plaintiffs' request for further discovery."); *Blue Diamond Growers v. Texas Best Smokehouse, Inc.*, 2008 WL 5386762, at *2 (E.D. Cal. Dec. 22, 2008) ("Since Plaintiff does not indicate why such discovery would be fruitful, the request is denied."); *Symettrica,* 2019 WL 8806093 at *5 (denying jurisdictional discovery as "nothing more than a fishing expedition") (internal quotation marks and citation omitted). Plaintiffs have not made any attempt to provide even the contours of the categories of discovery they are seeking.  *See Johnson v. Mitchell*, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) (stating that denial of jurisdictional discovery is particularly appropriate where "it is not clear what discovery plaintiff[s] intend[] to conduct.").

Plaintiffs' reliance on *Brophy v. Almanzar*, 359 F. Supp. 3d 917, 925 (C.D. Cal. 2018) (Carney, J.) is misplaced.  In that case, the Court granted limited jurisdictional discovery as to whether the individual defendant, a famous entertainer, conducted enough business in California to trigger general personal jurisdiction, and whether the mixtape that was at issue in the case was promoted in California, as the plaintiff alleged.  The plaintiff had submitted, among other evidence, 45 photos of the entertainer performing concerts, and attending awards ceremonies and other events, in California.  Here, no such individualized allegations have been made about Mr. Tassillo such that jurisdictional discovery would assist in clarifying any genuine issues.

As a further demonstration that their own allegations are deficient, plaintiffs argue that the absence of an affidavit from Mr. Tassillo somehow undercuts his

- 17 -

argument that plaintiffs have failed to carry their burden. (Opp. 76.)  The Court should summarily reject this classic "heads I win, tails you lose" contention.  It was entirely appropriate not to submit an affidavit when plaintiffs had not made a *prima facie* showing of personal jurisdiction, and when plaintiffs do not dispute that he is a foreign national who lives and works outside the United States.  Had Mr. Tassillo submitted an affidavit, plaintiffs would no doubt have used it to support their request for additional discovery.  Such an approach would erode the pleading standard for personal jurisdiction.

Tellingly, plaintiffs have not submitted anything in response to the Andreou Declaration submitted by the MindGeek Entities and do not try to rebut its assertions which directly contradict plaintiffs' alter ego theory.  It is particularly inappropriate for plaintiffs to seek discovery where they offer no good faith basis to dispute evidence contradicting the alleged abuse of corporate forms that anchors their argument for personal jurisdiction.  *See Barantsevich v. VTB Bank*, 954 F.Supp.2d 972, 996 (C.D. Cal. 2013) (rejecting a request for jurisdictional discovery because "plaintiff has offered nothing but bare allegations [that the defendants] are agents or alter egos" and did not offer any response to defendant's affidavit contradicting plaintiff's alter-ego theory).

Finally, the absence of allegations supporting a claim of injustice caused by Mr. Tassillo provides an independent reason for the Court to deny plaintiffs' request for jurisdictional discovery.  *See Stewart v. Screen Gems-Emi Music, Inc.*, 81 F. Supp. 3d 938, 959 (N.D. Cal. 2015) (denying jurisdictional discovery on alter ego because "even if through discovery Plaintiff could establish a unity of interest, there are no facts to be discovered to assist Plaintiff in establishing the inequitable result requirement because . . . a viable defendant[] remained.").

## II. Plaintiffs' Complaint Fails to Satisfy Basic Notice Pleading Requirements as to Mr. Tassillo.

As discussed in Mr. Tassillo's moving brief, the Complaint lacks any allegations about David Tassillo's actions to commit the offenses alleged against him. (*See* Tassillo Mot. to Dismiss Br. at 13-24.) Plaintiffs' opposition brief does not address the elements of any claim as to Mr. Tassillo, with the exception of Count XVIII (Cal. Bus. & Prof. Code §§ 17200 and 17500). (Opp. 64.) For those counts in which plaintiffs fail to address Mr. Tassillo's arguments for dismissal, the Court should deem them waived. *See Conservation Force,* 677 F.Supp.2d at 1211. As to Count XVIII, and in general, plaintiffs ignore the fact that they must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), and do not justify their failure to allege specific unlawful acts by Mr. Tassillo. In any event, contrary to plaintiffs' argument, they have failed to allege an economic injury as a result of fraudulent practices allegedly committed by Mr. Tassillo, and therefore, they do not have standing to assert the claim. *Huynh v. Quora, Inc*., 2019 WL 11502875, at *7 (N.D. Cal. Dec. 19, 2019).[4]

Because the Complaint does not meet basic notice pleading standards, much less the heightened pleading requirements of Rule 9(b) for those counts that sound in fraud, the claims against Mr. Tassillo should be dismissed. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Plaintiffs' sweeping theory that Mr. Tassillo must be an alter ego of MindGeek USA and MG Global, and therefore must be involved in bad activity, is not grounded in the allegations of the

---

[4] Plaintiffs assert that Mr. Tassillo gave false testimony to the House of Commons. (Opp. 20.) This allegation does not support an element of any claim asserted by plaintiffs and thus is totally irrelevant in the present posture of the case. We note further that that testimony was given on February 5, 2021, and neither the Complaint nor the opposition brief cites a single action of the Parliament or a prosecutor in Canada that would support the allegation of perjury. The House of Commons committee issued a report which made no reference whatsoever to false testimony.

Complaint and amounts to nothing more than invidious speculation.  Pop culture references to an HBO T.V. series cannot replace well-pleaded factual allegations.[5]

## **CONCLUSION**

For the reasons set forth above and in Mr. Tassillo's Motion to Dismiss, David Tassillo respectfully requests that the Court dismiss this action for lack of personal jurisdiction or, in the alternative, or failure to state a claim.


DATED: January 24, 2022                          Respectfully Submitted,


WIECHERT, MUNK & GOLDSTEIN, PC


By:  /s/ David W. Wiechert
       David W. Wiechert (SBN 94607)


MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Karen R. King (*pro hac vice*)
Ryan McMenamin (*pro hac vice*)

*Attorneys for Specially Appearing
Defendant David Tassillo*

---

[5] Plaintiffs argue that Mr. Tassillo should not get the benefit of immunity under Section 230 of the Communications Decency Act.  (*See* Opp. 64 n.33.)  We disagree for the reasons stated in Mr. Tassillo's moving brief.  (*See* Tassillo Mot. to Dismiss Br. at 15-17.)

### CERTIFICATE OF SERVICE

I, Danielle Dragotta, an employee of Wiechert, Munk & Goldstein, PC, located at 27136 Paseo Espada, Suite B1123, San Juan Capistrano, California 92675, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On January 24, 2022, I served the forgoing documents, described as **SPECIALLY APPEARING DEFENDANT DAVID TASSILLO'S REPLY TO PLAINTIFFS' OPPOSITION IN RESPONSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties as follows:

[ ]     **BY MAIL:**  I caused such envelope(s) to be deposited in the mail at San Juan Capistrano, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]     **BY E-MAIL:**  I caused the document(s) to be transmitted electronically by filing the forgoing with the clerk of the District Court using the CM/ECF system, which electronically notifies counsel for all parties.

[ ]     **BY PERSONAL DELIVERY:**  I personally delivered the document(s) listed above to the person(s) as indicated on the attached service list.

[X]     **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 24, 2022, at San Juan Capistrano, California.


*/s/Danielle Dragotta*
Danielle Dragotta