BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*pro hac vice forthcoming*)
kathleen.massey@dechert.com
MARK S. CHEFFO (*pro hac vice forthcoming*)
mark.cheffo@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES and JANE DOE NOS. 1 through 33,<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; RK HOLDINGS USA INC.; MG GLOBAL ENTERTAINMENT INC.; TRAFFICJUNKY INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-10; BERGMAIR DOES 1-10,<br><br>Defendants. | CASE NO. 2:21-CV-4920<br><br>Judicial Officer: Cormac J. Carney<br>Courtroom: 9B<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY MINDGEEK FOR STAY AND ORDER TO SHOW CAUSE WHY STAY SHOULD NOT REMAIN IN PLACE PURSUANT TO 18 U.S.C. § 1595(b)(1).**<br><br>Hearing: March 7, 2022<br>Time: 1:30 p.m.<br>Courtroom: 9B |

1  In their Complaint, Plaintiffs allege ongoing criminal actions that arise out of the conduct underlying a number of their TVPRA claims in this case. Based on those allegations, the case must be stayed for the same reasons this Court recently ordered a stay in *Jane Doe v. MindGeek USA Inc.*, No. SACV 21-00338-CJC (C.D. Cal.) (the "*Doe* action"). In the *Doe* action, the Court held that the TVPRA's "broad, encompassing mandatory stay" provision required a stay because there is a criminal action pending "against [the] [p]laintiff's [alleged trafficker] [that] overlap[s] with the allegations of" her Complaint. *Doe v. MindGeek USA Inc.*, 2021 WL 6618628, *1–2 (C.D. Cal. Dec. 29, 2021). Plaintiffs in this case have admitted all the essential elements mandating a stay in their Complaint and, accordingly, a stay is required.

For four weeks, Defendants MindGeek S.à.r.l., MG Freesites Ltd, MindGeek USA Inc., MG Premium Ltd, RK Holdings USA Inc., MG Global Entertainment Inc., and TrafficJunky Inc. (collectively "MindGeek") have sought information from Plaintiffs' counsel regarding the criminal proceedings alleged in the Complaint to determine whether they are still pending. However, Plaintiffs' counsel has failed to provide information demonstrating that the alleged proceedings are no longer ongoing. In the absence of such information, a stay under 18 U.S.C. § 1595(b) is clearly appropriate. Accordingly, MindGeek requests that the Court stay this case based on the allegations in Plaintiffs' Complaint. MindGeek further requests that the Court order Plaintiffs to show cause why the stay should not remain in place pending resolution of any criminal proceedings referred to in the Complaint or that otherwise arise out of the facts underlying the 34 Plaintiffs' claims.

## ARGUMENT

In their Complaint, Plaintiffs assert causes of action against MindGeek under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), specifically 18 U.S.C. §§ 1591, 1594 and 1595. Compl. ¶¶ 484–98. They explicitly allege that the trafficker of three Plaintiffs (Jane Doe Nos. 31, 32, and 33) was the subject of ongoing

criminal proceedings at the time the Complaint was filed and that the proceedings concerned the images of at least Jane Doe Nos. 31 and 32. Compl. ¶¶ 391, 398. Based on these and other allegations in the Complaint, which Plaintiffs have asked the Court to assume are true in opposing Defendants' motions to dismiss, this matter is subject to the TVPRA's "broad, encompassing mandatory stay" provision. *Doe*, 2021 WL 6618628, at *2.

The TVPRA is, first and foremost, a criminal statute. Passed by Congress in 2000 as the Victims of Trafficking and Violence Protection Act, the statute was designed to "combat trafficking in persons, … to ensure just and effective punishment of traffickers, and to protect their victims." Pub. Law 106-386, Sec. 102(a) (Oct. 28, 2000). When first passed, the law was purely criminal in nature and did not contain a civil remedy provision. Pub. Law 106-386. In 2003, Congress amended the law to add such a provision—18 U.S.C. § 1595—which permits victims of sex trafficking to seek civil remedies against their perpetrators and persons who assisted in or financially benefited from participation in a sex trafficking venture. Pub. Law 108-193 (Dec. 19, 2003). But even while creating a private civil cause of action, Congress made clear that "prosecutions should take priority over civil redress[,] that prosecutions should be complete prior to going forward with civil suits," and that the civil remedy provision should not "hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery." H.R. Rep. 108-264(II), at *17 (2003); *see also Lunkes v. Yannai,* 882 F. Supp. 2d 545, 550 (S.D.N.Y. 2012) (construing the scope of stay so that "the risk of interference with criminal prosecution is fully addressed"). Accordingly, 18 U.S.C. § 1595(b)(1) provides that "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." "Criminal action[s]" include both investigations and prosecutions. 18 U.S.C. § 1595(b)(2).

In the *Doe* action, this Court recognized that § 1595(b)(1) provides for "a broad, encompassing mandatory stay." *Doe*, 2021 WL 6618628, at *2; *accord Sharma v. Balwinder*, 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021); *Ara v. Khan*, 2007 WL 1726456, at *1 (E.D.N.Y. June 14, 2007); *Lunkes*, 882 F. Supp. 2d at 549 (same). "[I]f the victim of the criminal action is the same as the claimant in the civil action, and if the conduct underlying both cases arises out of the same occurrence," a district court has no discretion and must stay the civil action pending the resolution of the criminal proceeding. *Doe*, 2021 WL 6618628, at *3.

As the Court explained in *Doe*, although "the mandatory stay provision was designed to protect [prosecutors'] ability to try criminal cases . . . the plain language of the stay provision" applies regardless of whether the civil defendant is a party to the criminal action. *Id.*; *see also Sharma,* 2021 WL 4865281, at *1. Moreover, the mandatory stay is not limited to the claims brought under 18 U.S.C. § 1595. Rather, the Court must stay all claims against the civil defendant. *See Sharma*, 2021 WL 4865281, at *2; *Ara*, 2007 WL 1726456, at *1; *see also Antonio–Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *1-2 (E.D. La. Apr. 20, 2009). And because § 1595(b)(1) requires the Court to stay the entire civil "action," it applies to all plaintiffs joined "in a single action." *Doe*, 2021 WL 6618628, at *2; *see also Sharma*, 2021 WL 4865281, at *2 ("The plain language of the statute requires a stay of "[a]ny *civil action*." . . . The statute does not limit the stay to particular [parties] or claims." (emphasis added) (alterations in original)).

In *Doe*, the plaintiff alleged that certain entities named as Defendants here or affiliated with them violated the TVPRA and other laws by hosting videos of her created by a third party (her ex-boyfriend) when she was under eighteen. The Court authorized that plaintiff to proceed under a pseudonym. When the Court ordered the plaintiff in *Doe* to disclose her and her ex-boyfriend's identities and any related criminal actions, the defendants discovered that the action should have been stayed

3

CASE NO. 2:21-cv-4920
MOTION FOR STAY AND ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED

the moment it was filed, over ten months earlier. Specifically, the plaintiff's disclosure enabled the defendants to identify the plaintiff, her alleged non-party trafficker, and a criminal action charging the trafficker "with numerous counts of child pornography related charges" arising from possession and distribution of videos and images of the plaintiff. *Doe*, 2021 WL 6618628, at *4. This Court correctly concluded that "[t]his [was] enough to establish that" the stay applied. *Id.*

The parallels between the *Doe* action and this one are obvious. Plaintiffs allege that third parties created and uploaded to MindGeek's websites content depicting underage individuals and depicting individuals who either did not consent to having their images recorded or did not consent to having their images uploaded to a website operated by MindGeek. Plaintiffs also allege that some of those third parties have been charged by law enforcement with "sexual exploitation of children," "possession and transportation of child pornography," "human trafficking," "sexual asset [*sic*] and distribution of intimate images without consent," and "nonconsensual dissemination of private images." Compl. ¶¶ 304, 322, 324, 360, 391, 398.

In fact, Plaintiffs explicitly allege that "criminal charges for . . . nonconsensual dissemination of private images of three victims, including Jane Doe No. 32," were "currently pending" against the alleged non-party trafficker of Jane Doe Nos. 31, 32, and 33 when the Complaint was filed. *Id.* ¶ 398; *see also id.* ¶¶ 391, 395, 400. Jane Doe No. 31 alleges that that same trafficker was "charged with, among other things, nonconsensual dissemination of private images of Jane Doe No. 31" and that the criminal case against him was "currently pending" at the time the Complaint was filed. *Id.* ¶ 391. Thus, like the charges against the ex-boyfriend in *Doe*, the charges against the trafficker of Jane Doe Nos. 31 and 32 clearly overlap with their allegations of trafficking in the Complaint. It is likely that the charges also overlap with Jane Doe No. 33's allegations of trafficking, since she pleads that she was a victim of "the

same offender that perpetrated crimes against Jane Doe No. 31 and Jane Doe No. 32." Compl. ¶ 400.

Similarly, Jane Doe No. 14 alleges that her ex-husband created and disseminated a video of himself sexually assaulting her, that she contacted the police when she found the video on Pornhub in 2020, and that in June 2021 he was charged with "sexual [assault] and distribution of intimate images without consent." *Id.* ¶¶ 324–25. It is highly likely that the assault and distribution charges against Jane Doe No. 14's ex-husband arise out of the video-recorded assault underlying her claims. And given the recency of the charges—filed the same month as this action—the criminal proceeding is likely still pending.

Put simply, Jane Doe Nos. 31 and 32 both plead that they are "victim[s] of the criminal action" and "claimant[s] in the civil action," and reasonable inferences can be drawn that the same is true of Jane Doe Nos. 14 and 33, thereby triggering the TVPRA's "broad, encompassing mandatory stay" if any of the alleged proceedings are still pending. *Doe*, 2021 WL 6618628, at *2–4.

In addition to the foregoing, Plaintiffs allege that trafficking-related criminal charges have been filed against the non-party traffickers of Janes Doe Nos. 8, 9, 13, and 24—charges that also possibly arise out of the occurrences of which these Plaintiffs claim to be the victims.

- Jane Doe No. 8 alleges that she was victimized by a "now indicted sex offender, Victor Galarza" and "another man, Herbert Fletcher" (*id.* ¶ 301), and that they "have been arrested and face criminal charges including sexual exploitation of children and possession and transportation of child pornography (*id.* ¶ 304).
- Jane Doe No. 9 alleges that she "was a victim of the same sex trafficking ring that was operated … by Galarza and Fletcher." *Id.* ¶ 306.

- Jane Doe No. 13 alleges that she "was trafficked by an adult man, Thanawut Pawalee, to engage in recorded sex for compensation (*id.* ¶ 320) and that "[o]n November 4, 2019, Thanawut was arrested on charges of human trafficking (*id.* ¶ 322).

- Jane Doe No. 24 alleges she is a victim of convicted sex trafficking felon Kamonsak Chanthasing and his co-conspirator, Naphat Puangchankham, who "coerced [her] into sending three videos and approximately 200 photographs of herself in various stages of undress, many with her genitalia exposed." *Id.* ¶ 360. Although her allegations are not entirely clear, she further pleads that Puangchankham "was arrested for human trafficking in the form of production of pornography," and that his "trial is still on hold due to Covid." *Id.*

Jane Doe Nos. 22 and 28 reported their traffickers' wrongdoing to the police, likely leading to investigations that would fall within the definition of "criminal proceedings" for purposes of 18 U.S.C. § 1595(b). *Id.* ¶¶ 356, 377. And these are just the criminal actions that MindGeek is aware of so far based on the allegations in the Complaint. There may well be additional ongoing criminal proceedings arising out of the same occurrence in which a Plaintiff was a victim not referenced in the Complaint, but MindGeek has no way of knowing at this time.

      Plaintiffs' counsel possesses, or can readily obtain, the information needed to confirm that the above-mentioned criminal actions are still pending and determine whether other criminal actions exist. When the Complaint was prepared, counsel presumably conducted a reasonable inquiry into the relevant facts underlying Plaintiffs' allegations. MindGeek sought this information all the way back on January 5, 2022. K. Massey Decl. ¶ 3, attached as Exhibit A. If Plaintiffs had provided information contradicting the allegations in the Complaint about ongoing criminal proceedings, then MindGeek would not be burdening the Court with this

1  motion. But Plaintiffs have simply not provided such information, throwing up one
2  roadblock after another, apparently hoping to avoid the mandatory stay.
3        MindGeek conferred with Plaintiffs' counsel on January 12, 2022 about the
4  apparent need for a stay. At that time, Plaintiffs' counsel stated that he did not know
5  the status of the criminal case relating to Jane Doe No. 31, and that he understood
6  there was no action pending against the alleged trafficker of Jane Doe No. 32 arising
7  out of the conduct at issue in the Complaint, but he could not specify whether the
8  action referred to in the Complaint had been resolved or narrowed in some way so
9  that it no longer relates to Jane Doe No. 32. *Id.* ¶ 4. Plaintiffs' counsel represented
10 that he would look into those actions as well as the status of any criminal actions that
11 might be pending against the other alleged non-party traffickers referenced in the
12 Complaint. *Id.* On January 13, 2022, MindGeek sent a follow-up letter, requesting
13 that counsel inform MindGeek whether any criminal action involving Jane Doe Nos.
14 8, 9, 13, 14, 24, 31, 32, and 33 remains pending and, if not, how they were resolved
15 or narrowed so they do not involve the wrongdoing underlying Plaintiffs' claims, as
16 well as whether any other relevant criminal actions are pending against other non-
17 party traffickers. *Id.* ¶ 5. Yet, Plaintiffs have not provided this crucial information.
18 *Id.* ¶¶ 6–7. By letter dated January 18, 2022, Plaintiffs' counsel expressed concern
19 about providing the requested information in the absence of an appropriate
20 confidentiality order. *Id.* ¶ 7. In response, on January 27, 2022, MindGeek sent
21 Plaintiffs' counsel a stipulation and proposed protective order intended to protect
22 Plaintiffs' identities upon disclosure—similar to the stipulated order that led to the
23 stay in the *Doe* case. *Id.* ¶ 8. On February 3, 2022, Plaintiffs' counsel responded by
24 letter, failed to address MindGeek's proposed stipulation and protective order, and
25 refused to provide the requested information outside the normal course of discovery
26 (*id.* ¶ 9), continuing to drag out what should be a simple disclosure.
27
28

In short, the numerous criminal actions mentioned in Plaintiffs' Complaint indicate that this action must be stayed immediately, and despite numerous requests, Plaintiffs have not provided MindGeek with any information to suggest otherwise. Proceeding with discovery in this matter when the face of Plaintiffs' Complaint indicates a mandatory stay is required would be contrary to the plain language of 18 U.S.C. § 1595(b). Moving ahead with the motions currently before this Court—including six Motions to Dismiss and a Motion to Sever—would also run afoul of the statute's plain language. The Court should not have to undergo eleven months of litigation, as it was forced to do in the *Doe* case, where, as here, Plaintiffs themselves have pleaded facts warranting an immediate stay of the action.

## CONCLUSION

The Court should stay this action pursuant to 18 U.S.C. § 1595(b) based on the allegations in the Complaint. In addition, the Court should order Plaintiffs to clarify for the Court and MindGeek the status of all criminal investigations or prosecutions pending against Plaintiffs' alleged non-party traffickers and to show cause why this action should not continue to be stayed pending resolution of any ongoing criminal proceedings.

DATED: FEBRUARY 3, 2022          RESPECTFULLY SUBMITTED,


/s/   *Benjamin Sadun*
BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*pro hac vice forthcoming*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kathleen.massey@dechert.com
MARK S. CHEFFO (*pro hac vice forthcoming*)
mark.cheffo@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599
*Attorneys for Defendants*