# EXHIBIT A

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*pro hac vice forthcoming*)
kathleen.massey@dechert.com
MARK S. CHEFFO (*pro hac vice forthcoming*)
mark.cheffo@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES and JANE DOE NOS. 1 through 33,<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; RK HOLDINGS USA INC.; MG GLOBAL ENTERTAINMENT INC.; TRAFFICJUNKY INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-10; BERGMAIR DOES 1-10<br>       Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer: Cormac J. Carney<br>Courtroom: 9B<br><br>**DECLARATION OF KATHLEEN MASSEY IN SUPPORT OF MINDGEEK'S MOTION FOR STAY AND ORDER TO SHOW CAUSE WHY STAY SHOULD NOT REMAIN IN PLACE PURSUANT TO 18 U.S.C. § 1595(b)(1).**<br><br>Hearing: March 7, 2022<br>Time:    1:30 p.m.<br>Courtroom: 9B |

I, Kathleen Massey, do hereby declare and state as follows:

1. I am a member of the State Bar of New York in good standing, a Partner at the law firm Dechert LLP, and counsel for Defendants MindGeek S.à.r.l., MG Freesites Ltd, MindGeek USA Inc., MG Premium Ltd, RK Holdings USA Inc., MG Global Entertainment Inc., and TrafficJunky Inc. (collectively "MindGeek") in the above-captioned action. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto:

2. I make this declaration in support of MindGeek's Motion for a Stay and Order to Show Cause Why Stay Should Not Remain in Place Pursuant to 18 U.S.C. § 1595(b)(1).

3. By letter dated January 5, 2022, I raised with Plaintiffs' counsel the fact that several allegations in Plaintiffs' Complaint indicate that there was an ongoing criminal action against the alleged trafficker of at least Jane Doe Nos. 31 and 32 that would require this action to be stayed immediately pursuant to 18 U.S.C. § 1595(b)(1). I noted that similar allegations were made about six other Plaintiffs. I requested that Plaintiffs' counsel provide any information about the criminal proceedings involving the alleged traffickers of Jane Doe Nos. 31 and 32 and the other relevant Plaintiffs that would change the analysis about a stay being required, and I requested a call to discuss whether the assistance of the Court would be required to obtain a stay.

4. On January 12, 2022, I spoke with Plaintiffs' counsel by phone regarding my January 5, 2022 letter. During that call, Plaintiffs' counsel stated that he understood there was no action pending against the alleged trafficker of Jane Doe No. 32 arising out of the conduct at issue in the Complaint, but he could not specify whether the action referred to in the Complaint had been resolved or narrowed in some way so that it no longer relates to Jane Doe No. 32. Plaintiffs' counsel stated that he did not know the status of the criminal case relating to Jane Doe No. 31, even though she was allegedly trafficked by the same person as Jane Doe No. 32, but he said he

would look into it as well as the status of any criminal proceedings that might be pending against the other alleged non-party traffickers referenced in the Complaint. In light of the statements by Plaintiffs' counsel during this call, MindGeek refrained from moving for a stay.

5. By letter dated January 13, 2022, I asked Plaintiffs' counsel to inform MindGeek (1) by January 17, 2022 whether any of the criminal actions referenced in the Complaint (involving Jane Doe Nos. 8, 9, 13, 14, 24, 31, 32, and 33) remain pending and, if not, how they were resolved or narrowed so they do not involve any alleged wrongdoing involving Plaintiffs covered by the allegations in the Complaint; and (2) by January 26, 2022, whether there are any ongoing criminal actions—including investigations or prosecutions—against the remaining Plaintiffs' alleged non-party traffickers relating to the wrongdoing underlying their claims.

6. Plaintiffs' counsel did not provide the requested information.

7. By letter dated January 18, 2022, Plaintiffs' counsel expressed concern about providing the requested information in the absence of an appropriate confidentiality order.

8. By letter dated January 27, 2022, I provided a draft Stipulation and [Proposed] Pretrial Protective Order as to the Identities of Plaintiffs, similar to the protective order entered at the request of plaintiff's counsel in *Doe v. MindGeek USA Inc.*, No. 8:21-cv-00338-CJC (C.D. Cal.), to facilitate disclosure by Plaintiffs. I also requested that Plaintiffs' counsel confirm whether there are any ongoing criminal actions relating to Jane Doe Nos. 8, 9, 13, 14, 24, 31, 32, and 33 by January 28, 2022; and stated that if Plaintiffs' counsel refused to provide the necessary information, MindGeek would seek relief from the Court.

9. On February 3, 2022 Plaintiffs' counsel responded by letter and refused to provide the requested information outside the normal course of discovery.

10. At no time have Plaintiffs provided any specific information establishing that the criminal proceedings allegedly pending when the Complaint was filed were

resolved or narrowed so they no longer involve Jane Doe Nos. 31 and 32. Nor have Plaintiffs provided any information about the other criminal proceedings referred to in the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of February 2022, at New York, New York

*/s/ Kathleen N. Massey*
Kathleen N. Massey (*pro hac vice forthcoming*)