Michael J. Bowe
(*admitted pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*admitted pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:    (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:  (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES and JANE DOE NOS. 1 through 33,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; RK HOLDINGS USA INC., a Florida corporation, MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, TRAFFICJUNKY INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-10,<br><br>                    Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>HON. CORMAC J. CARNEY<br><br>**JOINT 26(f) REPORT**<br><br>Conference Date:   *See* ECF No. 56<br>Conference Time:  *See* ECF No. 56<br>Courtroom:       9B<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Rule 26(f) Scheduling Conference (Dkt. No. 56), Plaintiffs Serena Fleites and Jane Doe Nos. 1 through 33 (collectively, "Plaintiffs"), and Defendants MindGeek S.à r.l., MG Freesites Ltd ("Freesites"), MindGeek USA Incorporated, MG Premium Ltd, RK Holdings USA Inc., MG Global Entertainment Inc., Traffickjunky Inc. (collectively, "MindGeek Entities"), and Bernd Bergmair, Feras Antoon, David Tassillo, Corey Urman (collectively, "Individual Defendants", and with the MindGeek Entities, "Defendants"), and Visa Inc. ("Visa") hereby submit this Joint Rule 26(f) Report.

## I.      JOINT RULE 26(f) REPORT

### A.      Summary of Claims and Defenses

#### 1.      Plaintiffs' Statement

Plaintiffs Fleites and Jane Does 1-33 bring this action for damages and injunctive relief alleging federal and state statutory and common law claims arising from defendants' illegal human trafficking and monetization and distribution of child sexual abuse material ("CSAM") and other non-consensual content.  The complaint alleges that defendants were part of an enterprise and venture engaged in direct and indirect human trafficking, illegal exploitation of children, and other illegal conduct by, among other things, (a) commissioning, producing, purchasing, and distributing pornographic content produced with victims of human trafficking; (b) knowingly soliciting, distributing, promoting, and monetizing content produced through human trafficking, child exploitation, and other non-consensual content; (c) using the enterprise and venture's internet platform and corporate structure to engage in various racketeering crimes including, tax evasion, money laundering, credit card fraud, and identity theft; and (d) knowingly procuring financial benefits from this venture by processing and otherwise facilitating transactions through which this illegal conduct was monetized.

The Defendants constitute the real beneficial owners of this enterprise and venture, the executives responsible for the daily operation of the enterprise and venture, the alter ego sham shell companies through which the enterprise and venture operate, and one of the credit card companies that knowingly processed and profited from the illegal transactions alleged in the complaint for many years.

The facts alleged in the complaint constitutes violations of the TVPRA, child sexual exploitation laws, federal RICO statute, and a myriad of state statutory and common law claims.

As explained more fully in Plaintiffs' opposition to defendants' Motions to Dismiss, plaintiffs have alleged cognizable claims against all defendants, and these claims are not subject to dismissal on the merits based on any theory, including immunity under Section 230 of the Communications Decency Act because defendants are content creators, not simply passive publishers that would otherwise be protected.

With respect the jurisdictional challenges of certain Defendants, these challenges have not been asserted by all Defendants, some of whom are unquestionably subject to jurisdiction, and thus will not dispose of the case.  Nor will the Defendants' jurisdictional challenges materially alter the discovery that must be conducted if those challenges are successful.  Plaintiffs are entitled to jurisdictional discovery before those challenges can be resolved in Defendants' favor.  The jurisdictional discovery on these challenges substantially overlaps with merits discovery, and, therefore, the jurisdictional issue should be deferred until discovery is completed.  In addition, even if certain Defendants are dismissed on jurisdictional grounds they will nevertheless be subject to the same discovery for relevant information, albeit as non-parties.

Finally, the Federal Rules do not contemplate stays of the discovery schedule under those rules because of motions to dismiss.  The presumption is that

motions to dismiss are not a basis to stay discovery, and Defendants can make none of the showings necessary to overcome that strong presumption.  *See, e.g., Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."); *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, *district courts look unfavorably upon such blanket stays of discovery*.") (emphasis added); *Singh v. Google, Inc.*, 2016 WL 10807598, at *1- *2 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery pending resolution of motion to dismiss and holding that "a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied" and the court could not assess whether defendant had met that heavy burden where the motions to dismiss had not been fully briefed) (internal citations omitted).

With respect to Defendants' stated intention to move for a stay under the TVPRA based on allegations in the Complaint that have been on file for over seven months, Plaintiffs think it is clear there is no basis for that stay.  Of course, if Defendants secure discovery or other information sufficient to meet their non-speculative burden under the TVRPA, they can make that evidentiary showing at that time.  But the prospects of them perhaps doing that is no basis for a stay itself.

2.   Defendants' Statements:

**The MindGeek Entities' Statement**

The Complaint is brought by thirty-four women (collectively "Plaintiffs") from twelve different states and five different countries who claim that they have sustained harm because pornographic videos of them were uploaded to websites operated by Freesites.  The videos were posted to the internet in a variety of

different factual circumstances.  But no Plaintiff alleges that MindGeek created any of the videos in question or that MindGeek posted them to the internet. Plaintiffs instead allege that MindGeek provided an attractive platform for members of the public to upload and share their video content and that Plaintiffs' assailants availed themselves of that platform.

The only Defendant that owns or operates the websites where the offending videos were allegedly posted—MG Freesites Ltd ("Freesites")[1]—is a limited liability company incorporated and headquartered in Cyprus; it does not have an office in California.  As detailed in MindGeek's pending Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Failure to State a Claim (Dkts. 70, 72 & 106), and Motion to Sever (Dkt. 75), there are several threshold issues that the Court must address that will greatly affect the size and scope of discovery and, indeed, whether any discovery can proceed at all.

*First*, it is doubtful that this case can proceed at all.  The Complaint alleges ongoing criminal actions that arise from the conduct underlying the TVPRA claims of a number of the Plaintiffs in this case.  Based on these allegations, the case must be stayed for the same reasons this Court recently ordered a stay in *Jane Doe v. MindGeek USA Inc.*, No. SACV 21-00338-CJC (C.D. Cal.) (the "*Doe* action").[2]

*Second*, there are serious issues of personal jurisdiction and misjoinder that are fully briefed and pending before this Court.  There is no principled means to

---

[1] This is confirmed by the record in this case which shows that MindGeek S.à r.l., MindGeek USA Inc., RK Holdings USA Inc., MG Global Entertainment Inc., and TrafficJunky Inc. do not own or operate websites; and although MG Premium Ltd operates certain websites, it does not operate the websites at issue in this litigation. Decl. of Andreas Alkiviades Andreou in Support of the MindGeek Defs.' Mot. to Dismiss (Dkt. 72-3).

[2] Pursuant to 18 U.S.C. § 1595(b)(1), MindGeek filed a motion to stay proceedings (ECF No. 108) based on the allegations in Plaintiffs' Complaint.

assess the size and scope of discovery until the Court determines its jurisdiction to adjudicate the claims of each of the 34 Plaintiffs and whether this highly disparate group of Plaintiffs can properly be joined in a single action without offending due process.

*Finally*, and for the reasons articulated in the briefing, Plaintiffs' amalgam of eighteen state and federal claims—including their TVPRA and RICO claims—are themselves fatally defective and cannot support the massive discovery they seek.

Accordingly, it is the MindGeek Entities' position that the Court should decline to set schedules and limits on discovery until it has at least ruled on the pending motions to determine whether the case can proceed at all, which Plaintiffs are properly before the Court, and whether they have a plausible claim against the MindGeek Entities. *See, e.g.*, *Zavala v. Kruse-Western, Inc.*, 2019 WL 3219254 (E.D. Cal. July 17, 2019) (declining to permit discovery while motion to dismiss was pending noting that "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear."). "[D]elaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." *In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013)

### The Individual Defendants' Statement

The Individual Defendants (Feras Antoon, Bernd Bergmair, David Tassillo, and Corey Urman) join the statement of the MindGeek Entities above, and further state that they are not subject to jurisdiction in this Court—each of them lives and works outside of the United States and Plaintiffs have not met their burden of alleging a factual basis for personal jurisdiction over any of the Individual Defendants, nor their burden of alleging a basis for jurisdictional discovery. *See*

ECF Nos. 62, 67-70, 103-105, 107.[3]  The Complaint also fails to allege any basis for liability on the part of the Individual Defendants and thus fails to state a claim against any of them, including but not limited to Section 230 immunity.

For the reasons stated in the Individual Defendants' motions to dismiss and their opposition to Plaintiffs' request for a case management conference (ECF No. 43), discovery from the Individual Defendants should not proceed until this Court has at least ruled on the Individual Defendants' personal jurisdiction motions.[4]  We disagree with Plaintiffs' unsupported contention that "the jurisdictional issue should be deferred until discovery is completed."  The Plaintiffs have it backward.  As explained in the motions to dismiss, personal jurisdiction is a threshold issue to be decided before a defendant, particularly an individual living and working abroad, is compelled to participate in any litigation, and certainly one as long and complex as this one will be.

Moreover, as noted below, Plaintiffs' allegations in the Complaint indicate that the entire action should be stayed pursuant to 18 U.S.C. §1595(b)(1).  *See* Defendants' Motion to Stay (ECF No. 108).  In addition, the resolution of Defendants' motion to sever and Rule 12(b)(6) motions may greatly affect the scope of the case.  As a result, to a much greater degree than in a typical case, the resolution of the pending motions may determine whether the case goes forward at

---

[3] Plaintiffs maintain that the Individual Defendants will be subject to discovery even if they are not parties to the action.  The Individual Defendants have a different view, and the rights of non-parties residing outside the United States with respect to discovery may be disputed in the future, depending on how the present motions are resolved and whether and to what extent discovery goes forward.

[4] The Individual Defendants participated in the Rule 26(f) and Local Rule 26-1 conference and this Joint Status Report pursuant to the Court's October 20, 2021 Order, without waiving any of their rights, defenses, or objections, including but not limited to that the Court lacks personal jurisdiction over them, and the Plaintiffs fail to state a claim against them.

all, and if so, which Plaintiffs, which Defendants, and which claims remain in the case. Beginning discovery before it is determined that the Court has personal jurisdiction over the Individual Defendants and setting discovery limits and deadlines when the scope of this complex case could vary so drastically based on the outcome of the pending motions would be inefficient and particularly unfair with foreign defendants. As a result, the Individual Defendants' position is that discovery from them should not proceed until this Court has at least ruled on their personal jurisdiction motions and the determination of discovery limits and deadlines should await the resolution of the pending motions, including the motion to stay.[5]

### Visa's Statement

The Complaint seeks to impose liability on Visa, a payment network, for downstream conduct by completely unrelated parties, and more specifically, for

---

[5] The cases cited by Plaintiffs to justify proceeding with discovery – none of which arise in the context of a challenge to personal jurisdiction – stand for the unremarkable proposition that a defendant is not entitled to a blanket stay of discovery whenever a motion to dismiss is filed. However, Plaintiffs ignore that courts regularly exercise their discretion to defer discovery pending resolution of motions to dismiss, particularly motions asserting lack of personal jurisdiction. *See, e.g.*, *Yagman v. Garcetti*, 2020 WL 8125658 at *1 (C.D. Cal. Sept. 3, 2020) (deferring discovery while motions to dismiss are pending because those motions could "alter the landscape of the case significantly as to claims, defenses and jurisdiction"); *Jones v. Micron Technology, Inc.*, 2019 WL 5406824 at *2 (N.D. Cal. Oct. 23, 2019) (deferring discovery while motions were pending because "the pleadings and scope of the specific claims are not settled, making it premature to make disclosures and discuss a discovery plan"); *Azco Biotech, Inc. v. Qiagen, N.V.*, 2013 WL 3283841 at *2 (S.D. Cal. June 26, 2013) (deferring discovery in light of pending personal jurisdiction and other motions, holding that, since some defendants might be dismissed from case, "it is inappropriate to require all Defendants to spend costs and resources to exchange initial disclosures").

Plaintiffs' alleged injuries under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1594–1595, the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and state laws prohibiting unfair business practices. As argued in Visa's Motion to Dismiss and supporting Reply [ECF Nos. 55 and 101], Plaintiffs' theory is unprecedented, expansive, and not supported by the law and should be dismissed with prejudice.

### B.   **Legal Issues**

#### 1.   Plaintiffs' Statement

Based on the Motions to Dismiss filed by defendants, *see* ECF Nos. 55, 62, 67-70, 72, Plaintiffs expect that the legal issues in this case will include: whether the MindGeek Defendants are immune from Plaintiffs' claims under Section 230 of the CDA, whether defendants' conduct violates the TVPRA, child pornography laws, RICO, or the state statutory and common law causes of action, whether this court has personal jurisdiction over certain of the MindGeek Defendants (it is conceded for the purposes of the Motions to Dismiss that this Court has jurisdiction over the two California-based MindGeek Entities, MindGeek USA Incorporated and MG Global Entertainment Inc. and jurisdiction over the remaining MindGeek entities in connection with claims brought by California victims), and whether certain Plaintiffs' claims should be severed.  As explained in Plaintiffs' opposition to the Motions to Dismiss (*see* ECF No. 94), these issues do not preclude a finding of liability against defendants or otherwise necessitate dismissal or severance of Plaintiffs' claims.

#### 2.   Defendants' Statement

In addition to the legal issues identified in Section I.A.2, Defendants have also filed a motion to sever and dismiss Jane Does 1 through 33 as misjoined. Plaintiffs are 34 separate individuals, 29 of whom are from other states and countries with no connection to California.  Plaintiffs' claims are based on

1    numerous different and unrelated occurrences, all with unique facts.  As a result of

2    the myriad differences among each Plaintiff, her respective facts and claims,

3    Plaintiffs fail to meet the permissive joinder standards that require their claims to

4    arise out of the same transaction and occurrence and the existence of a question of

5    law or fact common to all Plaintiffs.  Further, while the Court need not consider

6    whether joinder of all 34 Plaintiffs comports with the principles of fundamental

7    fairness since Plaintiffs cannot establish the requirements for permissive joinder,

8    proceeding with all 34 Plaintiffs would in fact inextricably lead to inconvenience,

9    delay, and added expense.

10          Further, as discussed in Section 1 above, the Individual Defendants are not

11   subject to personal jurisdiction in this Court.  The Individual Defendants, who live

12   and work outside the United States, respectfully submit that the Court should

13   resolve the threshold legal issues raised by the Individual Defendants' motions to

14   dismiss before considering discovery relating to the Individual Defendants.

15          Defendants have filed a motion to stay this case.  Pursuant to 18 U.S.C.

16   §1595(b)(1), "[a]ny civil action filed under [§ 1595(a)] shall be stayed during the

17   pendency of any criminal action arising out of the same occurrence in which the

18   claimant is the victim."  This Court held in *Doe v. MindGeek USA Corp.*, that

19   because criminal proceedings were pending against Plaintiff's alleged trafficker,

20   "Plaintiff's case [wa]s subject to [the] broad, encompassing mandatory stay

21   provision" of § 1595(b)(1).  2021 WL 6618628, *2 (Dec. 28, 2021).  Plaintiffs'

22   Complaint alleges that there are ongoing criminal proceedings involving the

23   alleged trafficker of Jane Doe Nos. 14, 31, 32 & 33. Plaintiffs' allegations

24   regarding Jane Doe Nos. 31 and 32 state unequivocally that those proceedings

25   "aris[e] out of the same occurrence(s) in which [those Plaintiffs are] the victim[s]."

26   Moreover, the Complaint further references criminal actions against the alleged

27

28

non-party traffickers of Jane Doe Nos. 8, 9, 13 and 24 that could independently require this action to be stayed.

**C.      Damages**

        1.      Plaintiffs' Statement

Plaintiffs are entitled to compensatory damages, costs and fees, treble and punitive damages, and attorney's fees in an amount to be determined at trial as well as injunctive relief.   The damages to which each Plaintiff is entitled includes compensatory economic damages as well as personal injury damages, which are substantial, continuing, and unique to each victim but in no case less many millions of dollars.

        2.      Defendants' Statement

Defendants deny that they are liable to Plaintiffs for any damages or injunctive relief.  Further, the issue of damages is directly affected by the issues raised in Defendants' Motions to Dismiss and Motion to Sever.

**D.      Insurance**

        1.      Plaintiffs' Statement

Plaintiffs are unaware of any applicable insurance policies.

        2.      Defendants' Statement

Defendants will identify any applicable insurance policies in their Rule 26(a) disclosures.

**E.      Anticipated Motions**

        1.      Plaintiffs' Statement

Plaintiffs may seek to file amended pleadings.

        2.      Defendants' Statement

Defendants have already filed motions to dismiss, which are now fully briefed, and a Motion to Sever and Dismiss Jane Does 1 through 33.  Defendants also filed a motion to stay this case pursuant to 18 U.S.C. §1595(b)(1) based on Plaintiffs' allegations that there are pending criminal actions "arising out of the

same occurrence(s) in which [plaintiffs are] the victim[s]."  Depending how these motions are decided, Defendants reserve the right to file additional motions related to venue and the propriety of proceeding in this forum.

    **F.**   **Discovery and Experts**

       1.   Changes to Rule 26(a) Disclosures

         (a) Plaintiffs' Statement

Plaintiffs do not request any changes to the Rule 26(a) disclosures and propose that initial disclosures be exchanged two weeks after the entry of the Court's initial scheduling Order.

         (b)   Defendants' Statement

Defendants object to the start of discovery until after the Court decides the pending Motions to Dismiss, Motion to Sever, and Motion to Stay.  Defendants specifically object to making initial disclosures within 14 days after the parties' Rule 26(f) conference because they are not appropriate in this action given the pending jurisdictional challenges and the Plaintiffs' own admissions in the Complaint that the factual basis for a stay of this action exist.

       2.   Subjects on Which Discovery May Be Needed

         (a)   Plaintiffs' Statement

Plaintiffs intend to conduct discovery on, among other topics: (i) the international corporate ownership structure of Mindgeek, including the identity of the true beneficial owners of the numerous shell companies comprising same and of those financing and profiting from those companies; (ii) the accounting, financial, and tax transactions in and among these numerous shell companies and their owners and these defendants; (c) the purchase, solicitation, promotion, distribution, and monetization of illegal content created through illegal non-consensual conduct, including human trafficking, CSAM, rape, and fraud; (d) the possession, storage, and distribution of CSAM; (e) the operation of the Mindgeek websites, including the

1   formatting and monitoring of illegal content, handling of complaints and other

2   notifications of such illegal content, reporting of illegal content to the authorities,

3   and misrepresentations to the authorities, government officials, and public

4   concerning illegal content and ownership of the MindGeek Enterprise's trafficking

5   scheme; (f) the public disinformation campaign launched to conceal defendants

6   illegal conduct and public and covert efforts to intimidate, discredit, and defame

7   victims and advocates speaking out about such illegal content; and (g) the

8   Defendants' jurisdictional contacts, which will in large measure be inextricably

9   intertwined with merits discovery.

10           (b)     Defendants' Statement

11       Defendants object to the start of discovery until after the Court decides the

12   pending Motions to Dismiss, Motion to Sever, and Motion to Stay.  Should the case

13   proceed, and only for Defendants and Plaintiffs over whom this Court finds personal

14   jurisdiction, Defendants disagree with Plaintiffs' description of the scope of

15   discovery which is not appropriately limited to that which reasonably flows from

16   Defendants' conduct and the California Plaintiffs' alleged harm in California.

17        Subject to Defendants' position that discovery should not proceed until their

18   motions have been resolved, Defendants intend to conduct discovery on

19       (i)     Plaintiffs' identities and the identities of the persons who uploaded

20               images depicting them to Defendants' websites;

21       (ii)    the circumstances under which the content depicting Plaintiffs was

22               created, including the identities of the persons who introduced Plaintiffs

23               to the individuals who produced the videos;

24       (iii)   the uploading of the content depicting Plaintiffs to websites operated by

25               Freesites, including but not limited to the dates of the uploads, the titles

26               of the videos uploaded, the websites to which the videos were uploaded,

27               and the URLs of the videos uploaded;

28

CASE NO. 21-CV-04920-CJC-ADS

(iv)    Plaintiffs' consent to the recording and uploading of their images, and Plaintiffs' knowledge of when and how the videos were uploaded;

(v)     Plaintiffs' communications with others regarding the videos, including requests by them and others acting on their behalf for removal and the responses Plaintiffs or their agents received to them;

(vi)    any other information related to the dissemination of images depicting Plaintiffs, including any documentation signed or provided in connection with the production of the videos;

(vii)   information concerning Plaintiffs' alleged injuries;

(viii)  information concerning the confidential informants referred to in the Complaint;

(ix)    all interactions each Plaintiff had with each Defendant; and

(x)     information concerning the "disinformation and intimidation" campaign alleged in the Complaint.

Defendants reserve the right to pursue other issues that arise during the anticipated discovery.

### 3.    Conducting discovery in phases or other limitations

The Parties do not believe conducting discovery in phases is necessary in this case.[6]

### 4.    Changes to Standard Discovery

(a) Plaintiffs' Statement

---

[6] Subject to the Individual Defendants' position that discovery from them should not proceed until their motions to dismiss have been resolved.

13

1    Defendants have proposed being permitted to serve 1,225 interrogatories on
2  Plaintiffs and taking over 250 depositions.[7]  Plaintiffs do not consider these
3  proposals practical or made in good faith and are concerned that the Defendants
4  intend to use this litigation to continue their aggressive campaign of harassment and
5  intimidation of these victims of sex abuse.

6       With respect to interrogatories, Plaintiffs propose the following:
7       The MindGeek Defendant Group (including executives and alleged
        owners) and Visa, each get 5 interrogatories to each individual
8       plaintiff.  Conversely, each plaintiff gets 5 interrogatories to each of
9       Visa and the MindGeek Defendant Group.

10                  (b) <u>Defendants' Statement</u>

11    Federal Rule of Civil Procedure 33 allows each party to "serve on any other
12  party no more than 25 written interrogatories." Given the number of parties to this
13  case, that would allow over 10,000 interrogatories to be propounded.  Defendants
14  do not believe that it is in any party's best interest to serve that volume of written
15  discovery.  Nor do Defendants believe that lopsided discovery is fair or reasonable.
16  Plaintiffs propose that at most each Plaintiff respond to 10 interrogatories, whereas
17  they would be allowed to serve 350 interrogatories on four individual Defendants,
18  the MindGeek entities, and Visa.  Plaintiffs' individual factual allegations vary
19  significantly, and their choice to file a single Complaint, which Defendants
20  contend is impermissible, cannot be a basis to evade necessary Plaintiff-specific
21  discovery.

---

24  [7] Michelle Yeary (Dechert) January 27, 2021 Email to Michael Bowe ("As we stated
25  on our call, our portion of the report will advise the court that based on our early
26  case assessment we estimate deposing 4-5 fact witnesses per plaintiff, an additional
    15-20 general witnesses (potentially including individuals referenced in plaintiff's
27  complaint), and expert witnesses—resulting in approximately 200 total defense
28  depositions.")

Instead, Defendants propose that collectively Defendants be limited to serving a total of 35 interrogatories on each Plaintiff.  For Plaintiffs' convenience, Defendants have also advised that up to 25 of those interrogatories will be standard across all Plaintiffs and an additional 10 will be reserved for more plaintiff-specific inquiries.  In return, Defendants have requested that likewise Plaintiffs collectively be limited to serving 35 interrogatories on each Defendant except that in the case of the MindGeek entities, Plaintiffs collectively would be limited to serving 40 interrogatories on that defense group.

Visa maintains that the Court's rulings on the pending motions to dismiss may eliminate or severely limit the need for any discovery of Visa and that discovery should be deferred pending resolution of Visa's motion to dismiss.  *See* ECF No. 55.

### 5. Discovery to Date

Pursuant to the Court's October 6, 2021, ruling, (ECF No. 43), no discovery has been conducted to date.

### 6. Other Discovery Orders

The Parties anticipate agreeing to the terms of a Confidentiality Stipulation and Order governing the production of documents, including electronically stored information (ESI), which the parties intend to submit to the Court for approval.  As noted above, Defendants filed a motion to stay pursuant to 18 U.S.C. §1595(b)(1). In connection with the Parties' discussions regarding whether this matter must be stayed pursuant to § 1595(b)(1), Defendants have provided to Plaintiffs' Counsel a proposed protective order governing disclosure of the identities of Plaintiffs, their alleged non-party traffickers, and any related criminal actions, similar to the Stipulated Order entered by this Court in *Jane Doe v. MindGeek USA Inc.*, No. 8:21-cv-00338-CJC.  Plaintiffs have engaged in initial discussions with the Defendants concerning their request for a stay and do not believe the standards for a stay are met

and further believe that this issue should be addressed in the normal course of discovery.

7.     Number of Depositions

(a) Plaintiffs' Statement

Plaintiffs propose the following deposition limitations.  Defendants collectively get one deposition of each Plaintiff and 20 additional depositions for a total of 55 depositions.  Defendants may allocate the 140 hours associated with their 20 additional depositions in and among those depositions.  Plaintiffs will also have a 55 deposition limit and likewise be able to allocate the hours associated with those depositions in and among those depositions.

(b) Defendants' Statement

Defendants request that the limit on depositions be modified to take into account the number of parties potentially remaining in the case after resolution of the pending motions, and complexity of the issues involved in this case.  While Defendants will be better able to estimate numbers after Plaintiffs disclose their identities and details concerning their individual incidents, based on our early case assessment Defendants believe they will need to depose 4-5 fact witnesses per plaintiff, an additional 15-20 general witnesses (potentially including individuals referenced in Plaintiffs' Complaint), and expert witnesses.  Were the case to proceed with 34 Plaintiffs, that would result in approximately 200 total defense depositions.

Plaintiffs' proposal to limit Defendants to only twenty depositions in addition to Plaintiff is manifestly unworkable.  Every Plaintiff alleges that one or more individuals was involved in their underlying trafficking and each alleged trafficker is an indispensable witness.  In addition, discovery is likely to reveal additional fact witnesses familiar with the underlying circumstances and/or with knowledge of the damages claimed by each Plaintiff, including medical and mental health professionals.  Again, Plaintiffs seem to overlook that they are 34 individual

claimants and that Defendants are entitled to discovery as to each.  Taken together, Plaintiffs' proposals on interrogatories and depositions (1 deposition and 10 interrogatories per Plaintiff) are a blatant attempt to prevent Defendants from obtaining discovery essential to their defenses.

Visa maintains that the Court's rulings on the pending motions to dismiss may eliminate or severely limit the need for any discovery of Visa and that discovery should be deferred pending resolution of Visa's motion to dismiss.  *See* ECF No. 55.

### 8.   Expert Disclosures

The Parties propose the following schedule related to experts:

- Expert Witness Disclosures: 5 weeks after the end of non-expert discovery.
- Rebuttal Witness Disclosures: 5 weeks after initial expert disclosures
- Expert discovery cutoff: 8 weeks after rebuttal expert disclosures.

### G.   **Dispositive Motions**

#### 1.   Plaintiffs' Statement

Plaintiffs reserve the right to file motion(s) for summary judgment or partial summary judgment after the completion of discovery.  Without discovery, Plaintiffs are not yet able to determine what issues or claims might be appropriate for resolution by summary judgment or might require a pre-trial motion *in limine*.

#### 2.   Defendants' Statement:

If Defendants are not successful on their motion to dismiss the complaint, some or all Defendants remaining in the case will likely file one or more motions for summary judgment after the completion of fact and expert discovery.

### H.   **Settlement and Settlement Mechanism**

The Parties have not yet discussed settlement.  Pursuant to Local Rule 16-15, the parties select ADR Procedure 3.

I.      **Trial Estimate**

1.      Plaintiffs' Statement

Plaintiffs anticipate that the trial of this matter will require 4-5 weeks. Plaintiffs intend to appear at trial but are not yet in a position to estimate the number of total witnesses they contemplate calling because the parties have not yet exchanged initial disclosures. Plaintiffs request a jury trial.

2.      Defendants' Statement

Defendants are not yet in a position to estimate the length of trial or the number of witnesses to be called due in part to uncertainty, if the case proceeds at all, as to the number of Plaintiffs and Defendants who will remain.

J.      **Discovery Timetable**

While the Parties agree that this case will require multiple depositions of witnesses outside California and outside the United States, which will require additional steps and time to obtain, the Parties have been unable to reach agreement on when fact discovery should begin and how long fact discovery will take to complete.

1.      Plaintiffs' Statement

Plaintiffs believe discovery should proceed immediately.  First, the presumption under the Federal Rules is that discovery is not stayed by pending motions to dismiss but commences immediately, and none of the grounds to do otherwise cited by the Defendants overcomes that presumption.  *See* Fed. R. Civ. P. 26(f)(1) (no automatic stay imposed upon a filing of motion to dismiss; rather, the parties are directed to confer on a discovery schedule "as soon as practicable"). Second, the fact is there are multiple defendants who have not asserted jurisdictional challenges or other determinative defenses and thus (a) this action will proceed even if certain other defendants are dismissed, and (b) the discovery will be the same regardless of whether it is conducted as party or non-party

discovery.  Third, as set forth in Plaintiffs' opposition to the motions of dismiss, at a minimum they are entitled to jurisdictional discovery before any such challenges can be sustained and that discovery is inextricably intertwined with merits discovery.  Accordingly, the Defendants' jurisdictional motions should be deferred until a complete record has been developed and all discovery should proceed immediately.  Plaintiffs propose the following deadlines.

| | |
|---|---|
| Non-Expert Discovery Deadline | February 3, 2023 |
| Opening Expert Witness Disclosures | March 3, 2023 |
| Rebuttal Expert Witness Disclosures | April 3, 2023 |
| Expert Discovery Deadline | May 17, 2023 |
| Deadline to file Summary Judgment Motions and Daubert Motions | May 3, 2023 |
| Deadline for Counsel to Meet Prior to Final Pretrial Conference | 40 days before pretrial conference |
| Last Day for filing Motions in Limine | 30 days before pretrial conference |
| Deadline to submit Memorandum of | 30 day before pretrial conference |

| Contentions of Fact and Law | |
|---|---|
| Deadline to Submit Final Pre-trial Conference Order, Joint Statement of the Case, Joint Exhibit List, Witness Lists, Joint Jury Instructions, and Joint Verdict Form | 30 days before pretrial order |
| Final Pretrial Conference, Hearing on Motions *in Limine* | August 1, 2023 |
| Trial Date | August 15, 2023 |

### 2. Defendants' Statement

Defendants object to discovery beginning until the Court has resolved the pending motions to dismiss and sever, challenges to personal jurisdiction, and the conclusion of any criminal actions involving the incidents Plaintiffs allege in their Complaint.  Further, once discovery starts, given the number of Parties potentially in the case (46 in the caption, not counting any Doe Defendants), the number of foreign parties (at least 35, not counting any Doe Defendants), and consequently, the number of depositions Defendants anticipate will be needed, Defendants believe non-expert discovery will likely take eighteen months to complete. Defendants propose that expert discovery will require an additional 4 and a half months to complete (18 weeks).  Defendants request 2 months from the close of all discovery to file dispositive and Rule 702 motions and that trial be set not earlier than 2 months after the completion of briefing on such motions.

While Defendants maintain that those deadlines and dates should be calculated from after the pending motions, including the motion to stay are decided, if the Court decides to enter a scheduling order in which the time to conduct discovery begins to run before those motions are decided, for the Court's convenience Defendants offer the following dates:

Fact Discovery Deadline:  August 3, 2023

Expert Discovery Deadline:  December 7, 2023

Dispositive and Rule 702 Motion Deadline:  February 9, 2024

Trial Date:  June 9, 2024

**K.**     **Other Issues**

1.     Plaintiffs' Statement

Plaintiffs are victims of human trafficking, rape, child sexual exploitation, and other non-consensual crimes, and, along with other victims, have suffered under a public campaign designed to discredit and intimidate victims and advocates from speaking out about Defendants' illegal enterprise and venture.  For these reasons, all but one of the Plaintiffs have filed anonymously.  Accordingly, Plaintiffs filed a Motion for Leave to proceed under a pseudonym, which this Court granted [ECF No. 22].  Plaintiffs will continue to seek the protection of Plaintiffs' identities as the case progresses.

2.     Defendants' Statement:

Defendants did not object to Plaintiffs proceeding anonymously, subject to Plaintiffs agreeing to the disclosure of their identities and the identities of their alleged non-party traffickers to Defendants after the entry of an appropriate confidentiality order.  The MindGeek Entities recently provided Plaintiffs' counsel with a proposed Stipulation and Protective Order that would enable them to

disclose their identities <span style="color:red">and the identities of their alleged non-party traffickers</span> to Defendants, similar to the Protective Order entered in *Jane Doe*.

**L.     Magistrates**

The Parties do not consent to a magistrate judge presiding over this matter for all purposes.

Dated: February 3, 2022                    Respectfully submitted,


                                            */s Michael J. Bowe*
                                            MICHAEL J. BOWE (*pro hac vice*)
                                            mbowe@brownrudnick.com
                                            BROWN RUDNICK LLP
                                            7 Times Square
                                            New York, NY 10036
                                            Phone: (212) 209-4800
                                            Fax: (212) 209-4801

                                            */s Benjamin M. Sadun*
                                            BENJAMIN M. SADUN (287533)
                                            benjamin.sadun@dechert.com
                                            DECHERT LLP
                                            US Bank Tower, 633 West 5th Street,
                                            Suite 4900
                                            Los Angeles, CA 90071-2013
                                            Phone: (213) 808-5721
                                            Fax: (213) 808-5760

                                            */s Jonathan S. Sack*
                                            JONATHAN S. SACK (*pro hac vice*)
                                            Jsack@maglaw.com
                                            MORVILLO ABRAMOWITZ GRAND
                                            IASON & ANELLO PC
                                            565 Fifth Avenue
                                            New York, NY. 10017
                                            Phone: (212) 880 9410
                                            Fax: (949) 252-1514

1

        _/s Ronald G. White_
2       RONALD G. WHITE (*pro hac vice*)
        rwhite@mofo.com
3       MORRISON & FOERSTER LLP
        250 West 55th Street
4       New York, New York 10019
        Tel: (212) 468-8016
5       Fax: (212) 468-7900

6

7       _/s Jason Brown_
        JASON BROWN (*pro hac vice*)
8       jbrown@cohengresser.com
        COHEN & GRESSER LLP
9       800 Third Ave
        New York, New York 10022
10      Tel: (212) 957-7609

11

12      _/s Evan Nadel_
        EVAN NADEL (213230)
13      ENadel@mintz.com
        MINTZ, LEVIN, COHN, FERRIS,
14      GLOVSKY AND POPEO, P.C.
        666 Third Avenue,
15      New York, NY 10017
        Tel: (212) 692-6821
16

17

18      _/s Drew Tulumello_
        DREW TULUMELLO (196484)
19      drew.tulumello@weil.com
        WEIL, GOTSHAL & MANGES LLP
20      2001 M Street NW, Suite 600
        Washington, DC 20036
21      Tel: 202 682 7000
        Fax: 202 857 0940
22

23

24

25

26

27

28