Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:    (212) 209-4801

David M. Stein (# 198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:   (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES and JANE DOE NOS. 1 through 33,<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; RK HOLDINGS USA INC., a Florida corporation, MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, TRAFFICJUNKY INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-10.<br><br>Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COMPLAINT TO ADD AND REMOVE DEFENDANTS**<br><br>Date: April 26, 2022<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Cormac J. Carney |

Plaintiff Serena Fleites respectfully submits this Memorandum of Law in Support of Motion to Amend the Complaint to Add and Remove Defendants (the "Motion").  Specifically, Plaintiff moves to amend the Complaint to (i) remove Defendant TrafficJunky Inc. as a separate defendant, (ii) remove defendant RK Holdings USA Inc., (iii) add defendant 9219-1568 Quebec, Inc. (d/b/a MindGeek), and (iv) substitute Colbeck Capital Does 1-10 and Bergmair Does 1-10 with Colbeck Capital Does 1-5 and Bergmair Does 1-5, respectively.  Defendants consent to the removal of defendants TrafficJunky Inc. and RK Holdings USA Inc. and to the substitution of Colbeck Capital Does 1-10 and Bergmair Does 1-10 with Colbeck Capital Does 1-5 and Bergmair Does 1-5, respectively, but stated that they could not consent to the inclusion of defendant 9219-1568 Quebec, Inc. until they had the opportunity to review the proposed allegations against that entity.  The proposed Amended Complaint is attached to the Declaration of Lauren Tabaksbalt as Exhibit A, and a redline version of the Amended Complaint compared to the Complaint [Dkt. 1] is attached as Exhibit B.

## INTRODUCTION

It is long-settled that leave to add or remove certain parties should be freely granted, particularly, here, where the Court has already granted Plaintiff leave to file an amended complaint and Plaintiff's proposed amendments to certain defendants will not prejudice any party.  Rather, Plaintiff seeks leave to remedy certain clerical errors and to make certain corrections based on information learned through ongoing investigations and recent public filings.

Plaintiff Serena Fleites and 33 Jane Doe plaintiffs initiated this action on June 17, 2021.  (Dkt. 1.)  Following the filing of the Complaint, the Dechert firm executed a stipulation on behalf of certain named defendants, *including Defendant RK Holdings USA Inc. and Defendant TrafficJunky Inc.* accepting service and waiving all related defenses.  (Dkt 31 at 2.)  Although both TrafficJunky Inc. and

RK Holdings USA Inc. appeared in this action through counsel, MindGeek[1] claimed for the first time in their motion to dismiss filed months later that: "TrafficJunky Inc. and RK Holdings USA Inc. . . . do not exist." (Dkt. 72-2 at 7.) Plaintiff has since learned that TrafficJunky is not a separate, registered entity. Instead, TrafficJunky.com is a website owned and operated by previously named defendant MG Freesites, Ltd. Indeed, in a March 1, 2022 filing in defense of a putative class action in the Northern District of Alabama, MindGeek clarified that TrafficJunky Inc. now operates under the MG Freesites Ltd. umbrella to provide web advertising and digital marketing services (Tabaksblat Decl. Ex. C (Defendants' Answer and Jury Demand to Plaintiffs' First Amended Complaint, *Jane Doe#1 v. MG Freesites, Ltd.*, No. 21-00220-LSC, Dkt. 45 ¶ 100 (N.D. Ala. Mar. 1, 2022).) Plaintiffs have likewise confirmed that the inclusion of RK Holdings USA Inc. was a clerical error that Plaintiff now seeks to remedy. Although there was previously a MindGeek related entity RK Holdings, counsel for MindGeek informed Plaintiff's counsel that the entity has since been dissolved. RK Holdings USA, Inc. is an unaffiliated, entity with no ties to the defendants in this action or the conduct at issue in this case.[2]

Plaintiff also seeks to limit the number of Colbeck Doe Defendants and Bergmair Doe Defendants to ten Doe defendants, pursuant to Local Rule 19-1. Neither the Colbeck Doe Defendants nor the Bergmair Doe Defendants have appeared or responded to the original complaint in this action.

Finally, Plaintiffs seek leave to add 9219-1568 Quebec, Inc. ("9219") as a named defendant. Plaintiff's ongoing investigation and Defendants' filings in the

---

[1] "MindGeek" includes defendants MindGeek S.a.r.l.; MG Freesites, Ltd. d/b/a Pornhub; MindGeek USA Incorporated; MG Premium Ltd.; and MG Global Entertainment Inc.

[2] Plaintiffs understand that there is a separate MindGeek entity RK Holdings, LLC which holds a minority interest in certain MindGeek related entities. Plaintiff reserves the right to move for leave to name RK Holdings, LLC, as a defendant in this action if Plaintiff's further investigation or discovery in this action so warrants.

Alabama class-action and their testimony before the Canadian House of Commons has confirmed that 9219 employs over 1,000 individuals that further the MindGeek enterprise's illegal activities (Tabaksblat Decl. Ex. C at ¶ 21), including defendants Feras Antoon, David Tassillo, and Corey Urman (Canadian House of Commons, Standing Committee on Access to Information, Privacy and Ethics, 43rd Parliament, 2d Session, Number 019 at 1 (Feb. 5, 2021), *available at* https://www.ourcommons.ca/Content/Committee/432/ETHI/Evidence/EV11098412/ETHIEV19-E.PDF).

By order dated February 10, 2022, this Court granted defendants' Motion to Sever and directed Plaintiff Serena Fleites to file an amended complaint.[3]  In amending her complaint, as directed by the Court, Plaintiff seeks to remove and add certain defendants so that she is proceeding against the correct parties.

## LEGAL STANDARD

Rules 15 and 21 of the Federal Rules of Civil Procedure govern the addition, removal, and substitution of parties.  Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when requested, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Kaneka Corp. v. SKC Kolon PI, Inc.*, 2013 WL 11237203, at *2 (C.D. Cal. May 6, 2013) (quoting *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).  "In the Ninth Circuit, five factors govern whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Michael Kors, L.L.C v. Chunma USA, Inc.*, 2017 WL 6940500, at *1 (C.D. Cal. Nov. 22, 2017) (citing *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)).  "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*,

---

[3]   By order dated March 14, 2022, this Court granted the parties' joint motion to extend Plaintiff's deadline to file the Amended Complaint until March 22, 2022.

833 F.2d 183, 186 (9th Cir. 1987).  Instead, "[p]rejudice to the opposing party is the factor given the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

Similarly, courts freely grant motions to add or remove parties under Rule 21, which permits courts to add or drop a party on motion or on its own, as:

> The addition of new parties does not as a general rule affect the interests of parties already in the lawsuit significantly more than the addition of new claims. Plaintiffs have complete freedom to name parties when they commence an action, and the interests of defendants will not be substantially prejudiced in the early stage of a lawsuit by any delay in adding parties. Indeed, courts would grant motions to add parties at the early stages of litigation almost as a matter of course since the liberal standard of Rule 15 also applies to Rule 21 motions.

*De Malherbe v. Int'l Union of Elevator Constructors*, 438 F. Supp. 1121, 1128 (N.D. Cal. 1977).  "The test of whether additions or subtractions of parties should be allowed under Rule 21, like the test under Rule 15, is whether such action will prejudice the non-moving party, and whether it will serve to avoid multiplicity of suits."  *Heilman v. Cook*, 2017 WL 727672, at *2 (S.D. Cal. Feb. 24, 2017).

## ARGUMENT

### I. PLAINTIFF'S PROPOSED AMENDMENTS TO CERTAIN DEFENDANTS ARE MADE IN GOOD FAITH.

In amending the Complaint as directed by the Court, Plaintiff seeks in good faith to remove defendants that Plaintiff has since learned are not proper defendants and to add 9219 as a defendant given information learned about its role in the illegal activity outlined in the complaint.  Courts routinely grant such requests to add or remove parties, as plaintiffs have "complete freedom to name parties when they commence an action." *De Malherbe*, 438 F. Supp. at 1128.  Further, courts routinely permit amendment to correct a defendant's name, *see, e.g.*, *Sarver v. Arvinmeritor, Inc.*, 2020 WL 10816633, at *2 (C.D. Cal. Sept. 24, 2020) (granting leave to amend

to correct defendant's name from "GPC" to the proper name "Genuine Parts Company"); *Spireon, Inc. v. Procon Analytics, LLC*, 2018 WL 3004591, at *2, *2 n.4 (C.D. Cal. Mar. 12, 2018) (permitting amendment to correct defendant's name from "Stars, GPS, Advantage GPS, Advantage GPS, LLC" to the proper name "Advantage GPS, LLC"), particularly here, where this is Plaintiff's first amendment. *See Clark v. Weber*, 2021 WL 6751864, at *3 (C.D. Cal. Oct. 27, 2021) (the fact that this was plaintiff's first request mitigated in favor of amendment). Moreover, where, as here, an amendment seeks to add a defendant based on new information that was unavailable when the complaint was filed, courts routinely find leave to amend is appropriate. *See Cooper Drum Cooperating Parties Grp. v. Am. Polymers Corp.*, 2020 WL 5845983, at *3 (C.D. Cal. Aug. 10, 2020) (permitting amendment where plaintiff sought to "add defendants to the [amended complaint] in direct response to new information provided by certain defendants . . . and pursuant to its ongoing investigation").

      Here, as set forth above, Plaintiff seeks to amend certain parties based on information learned through defendants' motions to dismiss in this action and other public court filings made after the original complaint in this action was filed. Applying the Ninth Circuit's liberal policy favoring amendment, under the circumstances here, leave to amend should be freely granted.

## II. DEFENDANTS WILL NOT BE UNDULY PREJUDICED AT THIS EARLY STAGE OF THE LITIGATION.

      In assessing whether to grant leave to amend, Courts have consistently held that a request to amend should only be denied where it would cause "substantial prejudice or negative effect." *Dorsett v. Sandoz, Inc.*, 2010 WL 11512276, at *1 (C.D. Cal. June 29, 2010). "The Ninth Circuit has found substantial prejudice where additional claims would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course

of defense." *Willick v. Napoli Bern Ripka & Assocs., LLP*, 2018 WL 6443081, at *5 (C.D. Cal. Mar. 23, 2018) (internal quotation marks omitted).

Here, Defendants are not prejudiced by the addition of 9219 as a defendant. At this early stage of the litigation, where there has been no discovery or a decision on a motion to dismiss, the addition of a party will cause little prejudice to defendants. *See, e.g.*, *Barnes v. Latson*, 2021 WL 5994541, at *4 (C.D. Cal. Nov. 9, 2021) (finding no prejudice to defendant "given the early stage of the case and that no deadlines have been set"); *Clark*, 2021 WL 6751864, at *3 (in an action where discovery had not yet started and no scheduling order had been issued, finding that the factor of prejudice to defendants "does not weigh against granting leave to amend and instead weighs heavily in favor of granting leave to amend").

## CONCLUSION

For all the reasons set forth above, this Court should grant in its entirety Plaintiff's Motion to Amend the Complaint to Add and Remove Defendants. The proposed Amended Complaint is attached to the Declaration of Lauren Tabaksblat as Exhibit A, and a redline version of the proposed Amended Complaint compared to the Complaint is attached as Exhibit B.

DATED: March 21, 2022

Respectfully submitted,
BROWN RUDNICK LLP

By: */s/ Michael J. Bowe*
    Michael J. Bowe (*pro hac vice*)
    Lauren Tabaksblat (*pro hac vice*)

    *Attorneys for Plaintiff*