Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (# 198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5.<br><br>Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>**PLAINTIFF'S REQUEST FOR ISSUANCE OF SCHEDULING ORDER PURSUANT TO RULE 16(B)** |

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Plaintiff Serena Fleites hereby requests entry of an order directing the parties to proceed with discovery and setting pre-trial deadlines.[1]

The presumptive federal rules and controlling precedent mandate entry of a scheduling order and commencement of discovery "as soon as practicable" absent good cause for delay. *See* Fed. R. Civ. P. 16(b)(2); *see also* Fed. R. Civ. P. 1; *U.S. v. INSYS Therapeutics, Inc.*, No. 2:16-cv-07937-JLS-AS, 2021 WL 4307404, at *1 (C.D. Cal. Apr. 14, 2021) (recognizing that the principal aim of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding"). The party seeking a stay of discovery bears a heavy burden to demonstrate good cause to depart from the presumptive rules. *See RG Abrams Ins. v. Law Offices of C.R. Abrams*, No. 2:21-cv-00194-FLA (MAAx), 2021 WL 4972623, at *1 (C.D. Cal. Sep. 21, 2021). No such good cause exists here.

This action was commenced on June 17, 2021 by Ms. Fleites and thirty-three additional victims alleging violations of federal trafficking, RICO, and child sexual exploitation laws and state statutes and common law. Pursuant to the Court's order [Dkt. No. 56], on February 3, 2022, the parties filed a joint Rule 26(f) report. [Dkt. No. 109.] Thereafter, on February 11, 2022, the Court granted defendants' motion to sever each of the thirty-four plaintiffs' claims into separate actions, and directed Ms. Fleites to file an amended complaint, which she did on March 21, 2022. [Dkt. No. 124-3.] The Amended Complaint names one new defendant, 9219-1568 Quebec, Inc., who waived service on April 4, 2022. [Dkt. No. 127, at ¶ 3.]

---

[1] Defendants MindGeek S.A.R.L., MG Freesites, Ltd. d/b/a/ Pornhub ("Freesites"), MindGeek USA Incorporated ("MindGeek USA"), MG Premium Ltd., MG Global Entertainment, Inc., 9219-1568 Quebec, Inc., the Individual Defendants (Bernd Bergmair, Feras Antoon, David Tassillo, and Corey Urman), and Visa, Inc. ("Visa") do not consent to this request, and the Individual Defendants and Visa have indicated that they intend to file written oppositions.

More than ten months have passed since this case was filed, more than three months have gone by since the parties filed their joint Rule 26 report, and all the parties have appeared in this action.  Under the Federal Rules and this Circuit's long-standing precedent, Plaintiff should be permitted to proceed with discovery.

While defendants will almost certainly respond that discovery should not proceed until their yet to be filed motions to dismiss the Amended Complaint are resolved, this standard defense position is completely inconsistent with the law and practice in federal courts, especially in this Circuit.  Courts in this District have uniformly recognized that "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect." *See, e.g.*, *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).  To the contrary, a mandatory stay of discovery pending resolution of dispositive motions is "directly at odds with the need for expeditious resolution of litigation." *Id.* at 601; *see also RG Abrams Ins.*, 2021 WL 4972623, at *1 ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." (quoting *Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013))); *INSYS Therapeutics*, 2021 WL 4307404, at *1 ("Indeed, *district courts look unfavorably upon such blanket stays of discovery*." (emphasis added) (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-2630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011))).

As a court in this District explained:

[D]iscovery should not be delayed every time a dispositive motion is pending.  A party's judgment that a dispositive motion warrants a stay may suffer from over-confidence in the motion's merits.  Early discovery may also facilitate early settlement—saving clients the time and expense of litigating in federal court.  And a plaintiff seeking access to the Court

1    and the ability to promptly support its case should rarely be denied access

2    to discovery.

3    *Carver Int'l, Inc. v. SurfSkate Indus., LLC*, No. SACV 15-1348 AG (DFMx), 2016

4    WL 10576627, at *5 (C.D. Cal. May 25, 2016).

5         This is particularly true here, where Defendants' prior motions to dismiss have

6    been denied as moot, an amended complaint has been filed addressing many of the

7    argued deficiencies raised in the initial motions to dismiss, and there are no pending

8    dispositive motions before the Court.  *See id.* at *4 (denying defendants' request to

9    stay discovery based on prior motion to dismiss that was mooted by filing of plaintiff's

10   amended complaint and holding that "staying discovery is inappropriate as there is no

11   pending dispositive Motion that would moot the entire case"); *see also Singh v.*

12   *Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *1-2 (N.D. Cal. Nov. 4,

13   2016) (denying motion to stay discovery pending resolution of motion to dismiss

14   because the court could not assess whether defendant had met its heavy burden where

15   the motions to dismiss had not been fully briefed).  Thus, at a minimum, the parties

16   should be directed to proceed with discovery until such time that Defendants file

17   motions to dismiss and satisfy their heavy burden to stay discovery.[2]

18   _____

19   [2] As set forth in Plaintiffs' opposition to Defendants' motions to dismiss, none of the
     issues raised by Defendants in those motions are case dispositive.  [Dkt. No. 94, at

20   31-42, 51-52.] First, to the extent Defendants claimed that proceeding with 34

21   separate claims in one consolidated action was inefficient and impractical, that issue
     has been resolved through the amended complaint.  Second, as demonstrated in

22   Plaintiffs' opposition brief, this Court has twice sustained almost identical claims in

23   *Doe v. MindGeek*, No. 21-cv-0038, 2021 WL 4167054 (C.D. Cal. Sep. 3, 2021), and
     *Doe v. MindGeek*, No. 21-cv-0038 (C.D. Cal. Dec. 2, 2021) [Dkt. No. 94-2].  *See*

24   *also Jane Doe No. #1 v. MG Freesites, Ltd.*, No. 7:21-cv-00220-LSC (N.D. Ala. Feb.

25   9, 2022) [Dkt. No. 118].  Third, Freesites has conceded personal jurisdiction in this
     state for claims filed by a California plaintiff [Dkt. No. 106, at 9], this Court

26   undeniably has personal jurisdiction over MindGeek USA, MG Global

27   Entertainment, and Visa, Inc., all of which have their principal place of business in
     California [Dkt. No. 124-3, at ¶¶ 21, 23, 36], and, to the extent that any other

28   (footnote continued)

For all these reasons, Plaintiff respectfully requests that this Court enter a pre-trial schedule pursuant to Rule 16(b).

DATED:  May 6, 2022            Respectfully submitted,
BROWN RUDNICK LLP


By:  */s/ Michael J. Bowe*
Michael J. Bowe
(Admitted *Pro Hac Vice*)

*Attorneys for Plaintiff*

---

defendant seeks to challenge jurisdiction, Plaintiffs are entitled to jurisdictional discovery concerning those individuals' operation and management of an illegal enterprise that defendants concede operated in this forum.   Finally, even if this Court dismisses one or more defendants from this case, those individuals and entities will still be subject to discovery as non-parties. *See Skellerup Indus.*, 163 F.R.D. at 601 ("[E]ven if defendant City is no longer a party to the case, plaintiff and perhaps defendant Bridgestone are likely to continue to conduct discovery with defendant City as a non-party.").

REQUEST FOR ISSUANCE OF SCHEDULING ORDER PURSUANT TO RULE 16(B)