1  RONALD G. WHITE (*Admitted pro hac vice*)
   RWhite@mofo.com
2  250 West 55th Street
   New York, NY  10019-9601
3  Telephone: 212.468.8000
   Facsimile: 212.468.7900
4
   DAN MARMALEFSKY (CA SBN 95477)
5  DMarmalefsky@mofo.com
   707 Wilshire Boulevard
6  Los Angeles, CA  90017-3543
   Telephone: 213.892.5200
7  Facsimile: 213.892.5454
8  Attorneys for Defendant
   BERND BERGMAIR
9  *(Additional Counsel listed on next page)*

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  SOUTHERN DIVISION

13

14

| | |
|---|---|
| SERENA FLEITES, | Case No. 2:21-cv-4920 |
| Plaintiff, | **OPPOSITION OF INDIVIDUAL DEFENDANTS BERND BERGMAIR, FERAS ANTOON, DAVID TASSILLO AND COREY URMAN TO PLAINTIFF'S REQUEST FOR ISSUANCE OF SCHEDULING ORDER** |
| v. | |
| MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5, | Judge: Hon. Cormac J. Carney |
| Defendants. | |

1    ANDRE FONTANA (CA SBN 324801)
     AFontana@mofo.com
2    MORRISON & FOERSTER LLP
     425 Market Street
3    San Francisco, CA  94105-2482
     Telephone: 415.268.7000
4    Facsimile: 415.268.7522

1

## I.            INTRODUCTION

With the Court having rejected her previous attempt to begin discovery before it resolves the substantial threshold issue of personal jurisdiction in this case (ECF No. 45), Plaintiff now repeats the same request with no explanation of why the result should be any different this time.  The individual, foreign defendants in this case, Bernd Bergmair, Feras Antoon, David Tassillo and Corey Urman (collectively, the "Individual Defendants"), oppose Plaintiff's request for issuance of a scheduling order and the commencement of discovery prior to resolution of their forthcoming motions to dismiss.  Given the significant question of whether this Court has personal jurisdiction over them, the Individual Defendants submit that "good cause" exists for the Court to defer issuing a scheduling order until after the Court decides the motions to dismiss.

## II.           RELEVANT BACKGROUND

The Complaint here was filed on behalf of Plaintiff Serena Fleites and 33 Jane Doe plaintiffs on June 17, 2021.  The Individual Defendants, all of whom live and work in foreign countries, were sent requests to waive service outside the United States and agreed to waive service.  Pursuant to a stipulation of the parties, approved by the Court, the defendants' motions to dismiss the complaint were originally due on October 18, 2021.[1]  ECF Nos. 27, 30.  Shortly before those motions were due, on October 4, 2021, Plaintiffs requested that the Court hold a scheduling conference or issue a scheduling order (ECF No. 41) in order to trigger various discovery obligations, such as the requirements to hold a Rule 26(f) conference and to make initial disclosures.  *See* Fed.R.Civ.P. 26(f) and (a)(1)(C).  The Individual Defendants opposed Plaintiffs' request, and the Court denied the application.  ECF No. 45.  In its Order, the Court ruled that the request was

---

[1] In the stipulation, the Individual Defendants expressly reserved the right to assert lack of personal jurisdiction in this forum. *Id.*

1  "premature" and indicated that, "after responsive pleadings are filed in this action,"

2  it would issue a Notice of Intent informing the parties when it would issue a

3  Scheduling Order. *Id*.

4      On October 20, 2021, the Individual Defendants filed their motions to

5  dismiss challenging personal jurisdiction and raising other grounds for dismissal of

6  the Complaint, with a hearing date of January 24, 2022 (later continued to February

7  14, 2022).  ECF Nos. 62, 67, 68, 69.  Also on October 20, 2021, the Court issued its

8  Notice of Intent, stating that it would issue a Scheduling Order on February 10,

9  2022, several weeks after the scheduled hearing date.  ECF No. 56.

10     On October 22, 2021, the MindGeek defendants filed a motion to dismiss and

11  sever the Jane Doe plaintiffs as improperly joined in this action under Fed. R. Civ.

12  P. 20.[2]  ECF No. 75.  On February 10, 2022, the Court granted the motion to sever

13  all but one of the plaintiffs, ruling that, in light of "the vast factual distinctions

14  between the individualized circumstances of Plaintiffs' claims," joinder of the

15  plaintiffs was improper under Rule 20.  ECF No. 119 at 11.  The Court ordered the

16  remaining Plaintiff, Ms. Fleites, to file an amended complaint by March 14, 2022.

17  *Id*. at 19.

18     Because Plaintiff sought to add an additional defendant, she filed a motion

19  for leave to amend on March 21, 2022.  ECF No. 124.  On April 4, 2022, the parties

20  submitted a stipulation, approved by the Court, in which the defendants consented

21  to the motion and, in order to establish a single briefing schedule for all defendants,

22  set the date for filing of the defendants' motions to dismiss for May 23, 2022.  ECF

23  Nos. 127, 128.

24     On May 6, 2022, approximately two weeks before the agreed-upon date for

25  the filing of motions to dismiss, Plaintiff submitted a new request for issuance of a

26  scheduling order.  ECF No. 129.

27  _____

28  [2] The Individual Defendants joined in this motion.  ECF Nos. 76, 81, 82, 86.

2

III.        ARGUMENT

It is premature to issue a scheduling order before the forthcoming motions to
dismiss are decided – motions to be submitted under a schedule agreed to by
Plaintiff, and that will greatly clarify the parties and claims in the case.  All the
Individual Defendants, who are foreign residents with no personal connection to
California, will challenge personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).
Indeed, despite its 534 paragraphs, the Amended Complaint does little more than
identify the Individual Defendants' corporate positions and make conclusory
allegations of oversight and control of MindGeek, without alleging any conduct at
all directed at California, or even the United States.  The Individual Defendants will
also seek dismissal based on Plaintiff's failure to state any viable claim against
them, pursuant to Fed. R. Civ. P. 12(b)(6).

Thus, substantial "good cause" exists under Fed. R. Civ. P. 16(b)(2) for the
Court to defer scheduling a case management conference or issuing a scheduling
order.  Allowing discovery to begin prior to the resolution of the motions to dismiss
would impose a particular burden on the Individual Defendants, who are foreign
residents and who would not be subject to party discovery if the Court determines it
does not have personal jurisdiction over them.  *See AMA Multimedia LLC v. Wanat*,
970 F. 3d 1201, 1208 (9th Cir. 2020) (requiring defendant to litigate case where
plaintiff has not established requirements of personal jurisdiction "would deprive
the defendant of due process of law") (citing *Omeluk v. Langsten Slip & Batbyggeri
A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).  The Individual Defendants should, at a
minimum, have the opportunity to obtain a court ruling testing the claim of personal
jurisdiction over them – especially where the Amended Complaint offers only the
thinnest of allegations – before being subjected to costly and intrusive discovery.
*See Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 114 (1987) ("[t]he
unique burdens placed upon one who must defend oneself in a foreign legal system
should have significant weight in assessing the reasonableness of stretching the

long arm of personal jurisdiction over national borders").  Before Plaintiff may take
discovery of foreign citizens with no connection to the United States, she must do
more than simply add defendants' names and some boilerplate allegations to a
complaint.  As the Supreme Court has recognized, Rule 8 "does not unlock the
doors of discovery for a plaintiff armed with nothing more than conclusions."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  *See Mujica v. AirScan, Inc.*, 771 F.
3d 580, 593 (9th Cir. 2014) ("plaintiffs must satisfy the pleading requirements of
Rule 8 *before* the discovery stage, not after it") (emphasis in original); *Rutman
Wine Co. v. E. & J. Gallo Winery*, 829 F. 2d 729, 738 (9th Cir. 1987) (since the
purpose of Rule 12(b) is to "enable defendants to challenge the legal sufficiency of
complaints without subjecting themselves to discovery," it is "sounder practice to
determine whether there is any reasonable likelihood that plaintiffs can construct a
claim before forcing the parties to undergo the expense of discovery").

The current posture of the case is essentially the same as when the Court
rejected Plaintiff's first request for a scheduling order.  Now, as then, the Individual
Defendants, all of whom live and work in foreign countries, will shortly file
potentially dispositive motions to dismiss raising significant challenges to personal
jurisdiction, among other deficiencies in the Amended Complaint.  Just as before,
the motions will be submitted on a schedule to which Plaintiff specifically
stipulated.  When faced with these circumstances earlier in the case, the Court
found Plaintiffs' request "premature" and held that it would issue a scheduling
order "after responsive pleadings are filed in this action."  ECF No. 45 at 1.  When
the Court issued a Notice of Intent, it indicated that the Scheduling Order would be
issued well after the briefing and argument on the motions.  Plaintiff has offered no
argument now justifying any different result with respect to her latest request.

Plaintiff argues that a "mandatory," "automatic" or "blanket" stay of
discovery is not warranted whenever a motion to dismiss is filed.  ECF No. 129 at
2.  But this simply misses the point.  Courts have frequently exercised their

4

discretion to defer discovery where a defendant challenges personal jurisdiction.
*See, e.g.*, *Azco Biotech, Inc. v. Qiagen, N.V.*, 2013 WL 3283841 at *2 (S.D. Cal.
June 26, 2013) (declining to issue scheduling order or require Rule 26(f) conference
in light of pending personal jurisdiction and other motions, holding that, since some
defendants might be dismissed from case, "it is inappropriate to require all
Defendants to spend costs and resources to exchange initial disclosures"); *Kabo
Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570 at *2 (D. Nev. April
15, 2013) ("courts are more inclined to stay discovery pending resolution of a
motion to dismiss challenging personal jurisdiction because it presents a critical
preliminary question") (internal quotation marks omitted); *AMC Fabrication, Inc.
v. KRD Trucking West, Inc.*, 2012 WL 4846152 at *1-2 (D. Nev. Oct. 10, 2012)
(observing that "preliminary issues such as jurisdiction, venue, or immunity are
common situations that may justify a stay," and ruling that "a pending motion
challenging jurisdiction strongly favors a stay" of discovery). *See also Little v. City
of Seattle*, 863 F. 2d 681, 685 (9th Cir. 1989) (deferring discovery until government
official's claim of official immunity was resolved "furthers the goal of efficiency
for the court and litigants"); *Calvary Chapel San Jose v. Cody*, 2021 WL 5353883
at *1 (N.D. Cal. Nov. 12, 2021) (courts often defer discovery where motions raise
"jurisdictional or immunity issues"); *Malley v. San Jose Midtown Development
LLC*, 2020 WL 5877575 at *7 (N.D. Cal. Oct. 2, 2020) (deferring discovery where
motions to dismiss raised "jurisdiction challenge"). Notably, none of the cases
cited by Plaintiff address the issue of deferring discovery where a defendant – much
less a foreign defendant – challenges personal jurisdiction.

Moreover, until the resolution of the motions to dismiss, the separate
questions of which defendants and which claims will remain are uncertain. Indeed,
even if some claims survive motions to dismiss, the full scope of this case could
vary significantly depending on the outcome of the motions. For example, if the
Individual Defendants prevail on their personal jurisdiction motions, they will be

dismissed from the case altogether.  Similarly, the motions will present challenges
to all seventeen of Plaintiff's separate claims, the resolution of which will greatly
shape the case going forward.  In short, the claims and defenses on which discovery
will be needed could vary widely depending on the Court's decision on the
motions.

District courts in California have repeatedly rejected as premature requests
by plaintiffs to begin discovery before resolution of motions to dismiss, recognizing
that the scope of the case and the needed discovery remains unclear until that time.
*See, e.g., Estate of Jackson v. City of Modesto*, 2021 WL 5989754 at *3 (E.D. Cal.
Dec. 17, 2021) (deferring discovery where pending motions "will define defendants
and issues in dispute, and thus the bounds of discovery, to the extent any claims
survive"); *Yagman v. Garcetti*, 2020 WL 8125658 at *1 (C.D. Cal. Sept. 3, 2020)
(allowing discovery while motions to dismiss are pending is "premature" since
motions could potentially "alter the landscape of the case significantly as to claims,
defenses and jurisdiction"); *Jones v. Micron Technology, Inc.*, 2019 WL 5406824 at
*2 (N.D. Cal. Oct. 23, 2019) (denying request to order Rule 26(f) conference while
motions were pending because "the pleadings and scope of the specific claims are
not settled, making it premature to make disclosures and discuss a discovery plan");
*Zavala v. Kruse-Western, Inc.,* 2019 WL 3219254 at *1-2 (E.D. Cal. July 17, 2019)
(adjourning scheduling conference and denying motion to compel Rule 26(f)
conference since pending motions "may result in changes to the operative pleading"
and noting that "[u]ntil the motion to dismiss is resolved, the actual claims and
defenses at issue will be unclear"); *Contentguard Holdings, Inc. v. ZTE Corp.*, 2013
WL 12072533 at *2 (S.D. Cal. Jan. 16, 2013) (denying request to order Rule 26(f)
conference because "[u]ntil the motion to dismiss is resolved, the actual claims and
defenses at issue will be unclear;" it would be "inefficient and cause unnecessary
expense for the parties to engage in discovery on claims that may not survive and
defenses and counterclaims that may not be asserted"); *In re Morning Song Bird*

*Food Litigation*, 2013 WL 12143947 at *3 (S.D. Cal. Jan. 25, 2013) (denying request to order Rule 26(f) conference because "[w]here ... the operative complaint is challenged by motion practice, delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources").

Plaintiff's other arguments are similarly meritless. First, Plaintiff suggests that the length of time the case has been pending weighs in favor of granting her request. ECF No. 129 at 2. But this ignores that the reason the case has not proceeded past the motion to dismiss stage is because of her improper joinder of plaintiffs, necessitating a motion to sever by the defendants – which she opposed – and ultimately, a Court order granting the motion and directing her to file a proper amended complaint.

Plaintiff also argues that commencing discovery is appropriate since there "are no pending dispositive motions before the Court," and in any event, the Amended Complaint "address[ed] many of the argued deficiencies raised in the initial motions to dismiss." ECF No. 129 at 3. This argument also has no merit. Defendants' motions to dismiss are due in less than two weeks, according to the schedule agreed upon by Plaintiff. Moreover, the way that the Amended Complaint supposedly addresses the deficiencies previously raised by the Individual Defendants is by simply taking the allegations of corporate misconduct in the original Complaint and repeatedly appending boilerplate, conclusory allegations that the Individual Defendants approved, directed, controlled or implemented such activities, without the required supporting facts. *See, e.g.*, Amended Complaint (ECF No. 124-4) at ¶¶ 171, 172, 173, 181, 193, 194, 195, 200, 209, 213, 214. Repeating the same conclusory allegations a dozen times is not a substitute for the type of specific factual allegations required. Similarly, the Amended Complaint contains no allegations of conduct by the Individual Defendants in, or aimed at, California (or the United States). As a result, the Amended Complaint still plainly

7

1    fails to establish personal jurisdiction over the Individual Defendants.

2    Plaintiff also argues that discovery should begin because she is, in any event,

3    entitled to jurisdictional discovery of the Individual Defendants. ECF No. 129 at n.

4    2. But to obtain jurisdictional discovery, a plaintiff must first make a showing that

5    there is a "colorable basis" for personal jurisdiction over the defendant in question

6    by coming forward with "some evidence" supporting jurisdiction. *See Symettrica*

7    *Ent.*, 2019 WL 8806093, at *5 (C.D. Cal. Sept. 20, 2019) (Carney, J.) (citing *Lang*

8    *v. Morris*, 823 F. Supp. 2d 966, 979 (N.D. Cal. 2011)); *Mocha Mill, Inc. v. Port of*

9    *Mokha, Inc.*, 2019 WL 1048252, at *7 (N.D. Cal. Mar. 5, 2019) (to obtain

10   jurisdictional discovery, plaintiff must first "provide the Court with 'specific facts,

11   transactions, or conduct that would give rise to personal jurisdiction'" (quoting *Getz*

12   *v. Boeing*, 654 F.3d 852, 860 (9th Cir. 2011))); *Panterra Networks, Inc. v.*

13   *Convergence Works, LLC*, 2009 WL 4049956, at *4 (N.D. Cal. Nov. 20, 2009) (to

14   justify being allowed to conduct jurisdictional discovery, plaintiff must first

15   produce "some evidence" establishing personal jurisdiction). Plaintiff has made no

16   such evidentiary showing – and will be unable to do so in the future – so she cannot

17   use this request to end-run this requirement.

18   Plaintiff also argues that discovery should commence because, even if the

19   Individual Defendants were dismissed from the case, they would still be "subject to

20   discovery as non-parties." ECF No. 129 at n. 2. This argument is simply wrong.

21   Plaintiff seeks to subject foreign residents over whom the Court has no personal

22   jurisdiction to the same broad discovery applicable to parties within the Court's

23   jurisdiction.[3] Plaintiff's position simply ignores the differing scope of potential

24   discovery permitted of parties versus non-parties and, if adopted, would literally

25   license discovery against any person, anywhere in the world, so long as a plaintiff

26   

27   [3] As the Court recognized in its Order granting defendants' motion to sever, discovery of foreign and non-party witnesses present different issues than that of parties. ECF No. 119 at 17.

28

1  takes the minimal step of adding their name as a defendant in a complaint, even
2  before they have an opportunity to challenge jurisdiction.

3       Finally, conspicuously missing from Plaintiff's request is any showing that
4  she will be prejudiced by waiting to begin discovery until the motions to dismiss
5  are decided on the schedule to which she agreed.

6       Accordingly, Plaintiff's request should be denied.[4]

7  Dated:  May 10, 2022            RONALD G. WHITE
8                                  DAN MARMALEFSKY
                                   ANDRE FONTANA
9                                  MORRISON & FOERSTER LLP

10
                                   By:  /s/Ronald G. White
11                                      Ronald G. White

12                                 Attorneys for Defendant
                                   BERND BERGMAIR
13
                                   -    /s/    Jonathan S. Sack
14                                 JONATHAN S. SACK (pro hac vice)
                                   Jsack@maglaw.com
15                                 MORVILLO ABRAMOWITZ GRAND
                                   IASON & ANELLO PC
16                                 565 Fifth Avenue
                                   New York, N.Y. 10017
17                                 Tel: (212) 880-9410

18
                                        /s/    Jason Brown
19                                 JASON BROWN (pro hac vice)
                                   jbrown@cohengresser.com
20                                 COHEN & GRESSER LLP
                                   800 Third Ave
21                                 New York, N.Y. 10022
                                   Tel: (212) 957-7609
22

23  _____

24       [4] Plaintiff also submitted a Proposed Scheduling Order setting forth
    discovery and filing deadlines and a trial date (ECF Nos. 131 and 131-1) without
25  even sharing its proposal with the defendants, much less seeking its input.
    Plaintiff ignores the requirement in Fed. R. Civ. P. 16(b)(1) that the Court issue a
26  scheduling order only *after* all parties have had an opportunity to be heard, either
    through submission of a Rule 26(f) report, or a scheduling conference.  Here, no
27  scheduling conference has been held, and the Rule 26(f) report was submitted
    months ago when there was a different set of plaintiffs, a different set of defendants
28  and a different operative complaint.

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/     *Peter Chavkin*

PETER CHAVKIN (*pro hac vice*)
PAChavkin@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, N.Y. 10017
Tel: (212) 692-6231

---

10

INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR ISSUANCE OF SCHEDULING ORDER