WIECHERT, MUNK & GOLDSTEIN, PC
David W. Wiechert (SBN 94607)
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Phone: (949) 361-2822
Facsimile: (949) 361-5722
dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (admitted *pro hac vice*)
Colin C. Bridge (admitted *pro hac vice*)
800 Third Avenue
New York, NY 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
jbrown@cohengresser.com
nread@cohengresser.com
cbridge@cohengresser.com

*Attorneys for Defendant*
*Feras Antoon*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br><br>    v.<br><br>MINDGEEK S.A.R.L., a foreign entity;<br>MG FREESITES, LTD., a foreign entity;<br>MINDGEEK USA INCORPORATED, a<br>Delaware corporation; MG PREMIUM<br>LTD, a foreign entity; MG GLOBAL<br>ENTERTAINMENT INC., a Delaware<br>corporation; 9219-1568 Quebec, Inc.<br>(d/b/a MindGeek), a foreign entity;<br>BERND BERGMAIR, a foreign<br>individual; FERAS ANTOON, a foreign<br>individual; DAVID TASSILLO, a foreign<br>individual; COREY URMAN, a<br>foreign<br>individual; VISA INC., a Delaware<br>corporation; COLBECK CAPITAL<br>DOES 1-5; and BERGMAIR DOES 1-5<br><br>        Defendants. | Case No. 21-cv-04920-CJC-ADS<br><br>**NOTICE OF MOTION AND**<br>**MOTION TO DISMISS THE**<br>**AMENDED COMPLAINT (DKT.**<br>**No. 124-3); MEMORANDUM OF**<br>**POINTS AND AUTHORITIES IN**<br>**SUPPORT THEREOF**<br><br>**Date: August 8, 2022**<br>**Time: 1:30 p.m.**<br>**Courtroom: 9B**<br>**Judge: Hon. Cormac J. Carney** |

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## <u>NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT</u>

PLEASE TAKE NOTICE that on August 8, 2022, or as soon thereafter as the matter may be heard, before the Honorable Cormac J. Carney, in Courtroom 9 B of the Ronald Reagan Federal Building and United States Courthouse, located at 411 West Fourth, Santa Ana, California 92701-4516, Defendant Feras Antoon will and does hereby move to dismiss the Amended Complaint filed by Serena Fleites in its entirety as to Mr. Antoon.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2), on the grounds that the Court lacks personal jurisdiction over Defendant Antoon, and Rule 12(b)(6) on the grounds that the Amended Complaint fails to state a claim against him upon which relief may be granted.

This Motion is based on this Notice of Motion and Motion to Dismiss the Amended Complaint; the Memorandum of Points and Authorities in support thereof; the Proposed Order attached hereto; the Motions to Dismiss and Memoranda of Points and Authorities in support thereof of the other Defendants in this action; the pleadings and other records in the Court's file; and such other written and oral argument as may be presented to the Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 17, 2022.

Dated: May 23, 2022

WIECHERT, MUNK & GOLDSTEIN, PC

By: /s/ *David W. Wiechert*
David W. Wiechert (SBN 94607)

COHEN & GRESSER LLP

Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (admitted *pro hac vice*)
Colin C. Bridge (admitted *pro hac vice*)
*Attorneys for Defendant Feras Antoon*

1
**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................ 1

BACKGROUND ..................................................................................... 3

ARGUMENT ........................................................................................... 7

I.    THERE IS NO PERSONAL JURISDICTION OVER MR. ANTOON ........................................................................................ 7

    A.    There Is No General Jurisdiction Over Mr. Antoon ............. 8

    B.    There Is No Specific Jurisdiction Over Mr. Antoon............. 9

        1.    The Amended Complaint Fails To Plead Sufficient Contacts Between Mr. Antoon and California. ....................... 10

            a.    Plaintiff Has Not Alleged that Mr. Antoon Purposefully Directed His Conduct Toward California ..................10

            b.    Plaintiff's Claims Do Not Arise Out of Mr. Antoon's Forum- Related Conduct ..................13

        2.    The Alleged California Contacts of the MindGeek Entities Cannot Establish Specific Jurisdiction Over Mr. Antoon. ....................................................... 14

            a.    Plaintiff Cannot Rely on Alter Ego or Agency Theories ..................15

            b.    The Amended Complaint Does Not Allege That Mr. Antoon Controlled or Directly Participated in Forum-Related Wrongdoing ..................17

        3.    Neither Mr. Antoon's Nor the MindGeek Entities' Nationwide Contacts Suffice to Establish Personal Jurisdiction Over Him. ............................................. 19

        4.    Exercising Jurisdiction Over Mr. Antoon Would Be Unreasonable. ............................................................ 21

II.   THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ............................................ 22

    A.    Legal Standards ............................................................... 22

    B.    The Court Should Dismiss Each of the Claims Asserted Against Mr. Antoon ......................................................... 24

i

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

       1.      The Sex Trafficking Claims (Counts I, II, and IV) Should be Dismissed. ............................................... 25

       2.      The Child Pornography Claims (Counts V and VI) Should be Dismissed. ............................................... 28

       3.      The Civil RICO Claims (Counts VII and VIII) Should be Dismissed. ............................................... 29

       4.      Plaintiff's State Law Claims Should be Dismissed................. 31

III.     THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE SECTION 230 IMMUNITY EXTENDS TO MR. ANTOON ............................................................................ 32

IV.     CONCLUSION ........................................................................ 33

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.B. v. Hilton Worldwide Holdings Inc.*,
    484 F. Supp. 3d 921 (D. Or. 2020)......................................................................... 19

*Allegro Consultants, Inc. v. Wellington Techs.*, Inc.,
    No. 13-CV-02204-BLF, 2014 WL 4352344 (N.D. Cal. Sept. 2,
    2014)..................................................................................................................... 16

*AMA Multimedia, LLC v. Wanat*,
    970 F.3d 1201 (9th Cir. 2020).....................................................7, 10, 11-12, 21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................*passim*

*Axiom Foods, Inc. v. Acerchem Int'l*
    874 F.3d 1064 (9th Cir. 2017) ............................................................................ 13

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
    11 F.4th 972 (9th Cir. Aug. 27, 2021)....................................................10, 13-14

*Baker v. Chin & Hensolt, Inc.*,
    No. C-09-4168 MMC, 2010 WL 1222783 (N.D. Cal. Mar. 24,
    2010)..................................................................................................................... 16

*Beatport LLC v. SoundCloud Ltd*,
    No. CV 19-847 MRW, 2020 WL 3977602 (C.D. Cal. July 13,
    2020).................................................................................................................23, 28

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................................22, 24

*Calder v. Jones*,
    465 U.S. 783 (1984) ............................................................................................... 7

*Chavez v. Robinson*,
    12 F.4th 978 (9th Cir. 2021)................................................................................. 3

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*Chirila v. Conforte*,
     47 F. App'x 838 (9th Cir. 2002).......................................................................11

*Cisco Sys. Inc. v. Link US, LLC*,
     No. 18-CV-07576-CRB, 2019 WL 6682838 (N.D. Cal. Dec. 6,
     2019)..................................................................................................................12

*Corcoran v. CVS Health Corp.*,
     169 F. Supp. 3d 970 (N.D. Cal. 2016)...............................................................9

*Daimler v. AG Bauman*,
     571 U.S. 117 (2014) ............................................................................................8

*Dawson v. HITCO Carbon Composites, Inc.*,
     No. CV16-7337 PSG FFMX, 2017 WL 7806618 (C.D. Cal. Jan.
     20, 2017).............................................................................................................23

*Doan v. Singh*,
     617 F. App'x 684 (9th Cir. 2015)................................................................29, 30

*Doe v. Mindgeek USA Inc.*,
     No. SACV2100338CJCADSX, 2021 WL 4167054 (C.D. Cal.
     Sept. 3, 2021).....................................................................................................32

*Doe v. WebGroup Czech Republic*,
     No. 2:21-cv-02428-VAP-SK, 2022 WL 982248 (C.D. Cal. Jan. 13,
     2022)....................................................................................................................23

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
     751 F.3d 990 (9th Cir. 2014)........................................................................27, 31

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*,
     No. 5:20-CV-06846-EJD, 2021 WL 3037701 (N.D. Cal. July 19,
     2021)....................................................................................................................11

*Fasugbe v. Willms*,
     No. CIV. 2:10-2320 WBS, 2011 WL 3667440 (E.D. Cal. Aug. 22,
     2011)....................................................................................................................18

*Fayer v. Vaughn*,
     649 F.3d 1061 (9th Cir. 2011)...........................................................................23

*Flynt Distrib. Co., Inc. v. Harvey*,
     734 F.2d 1389 (9th Cir. 1984)...........................................................................15

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*Forest Ambulatory Surgical Assocs., L.P. v. Ingenix, Inc.*,
  No. CV122916PSGFFMX, 2013 WL 11323601 (C.D. Cal. Dec.
  13, 2013) ................................................................................................ 30

*Gonzalez v. Google, LLC*,
  2 F.4th 871 (9th Cir. 2021) .................................................................... 32

*Grimmett v. Brown*,
  75 F.3d 506 (9th Cir. 1996) ................................................................... 29

*Harmoni Int'l Spice, Inc. v. Bai*,
  No. CV1600614BROASX, 2016 WL 6542731 (C.D. Cal. May 24,
  2016) ...................................................................................................... 29

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ............................................................ 20-21

*Howard v. Am. Online Inc.*,
  208 F.3d 741 (9th Cir. 2000) ................................................................. 31

*Hum. Rts. Def. Ctr. v. Cty. of Los Angeles*,
  No. CV 17-4883-R, 2017 WL 10402603 (C.D. Cal. Nov. 14, 2017) .......... 23, 25

*Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*,
  880 F. Supp. 743 (C.D. Cal. 1995) ........................................................ 19

*Klayman v. Zuckerberg*,
  753 F.3d 1354 (D.C. Cir. 2014) ............................................................ 32

*Littleton v. Experian Info. Solutions, Inc.*,
  2015 WL 4638308 (N.D. Cal. Aug. 4, 2015) ......................................... 25

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
  431 F.3d 353 (9th Cir. 2005) ................................................................. 29

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ........................................................... 22-23

*Megaloudis v. YM & U Grp.*,
  No. CV 20-1984 PSG, 2020 WL 4979193 (C.D. Cal. May 20,
  2020) .................................................................................................... 8, 9

*Munns v. Clinton*,
  822 F. Supp. 2d 1048 (E.D. Cal. 2011) .................................................. 13

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*Panavision Int'l, L.P. v. Toeppen*,
 141 F.3d 1316 (9th Cir. 1998),.................................................................8

*Papasan v. Allain*,
 478 U.S. 265 (1986) .............................................................................23

*Pate v. Pate*,
 No. 21-CV-07718-AGT, 2022 WL 395314 (N.D. Cal. Feb. 9,
 2022) .....................................................................................................14

*People v. Ferrer*,
 No. 16FE019224, 2016 WL 7237305 (Cal. Super. Dec. 09, 2016)..................32

*Perez v. United States*,
 No. 13CV1417-WQH-BGS, 2014 WL 4385473 (S.D. Cal. Sept. 3,
 2014).......................................................................................................13

*Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Danny M.K. Wong*,
 No. C09-1786-JCC, 2012 WL 13024801 (W.D. Wash. Apr. 6,
 2012).......................................................................................................20

*Ranza v. Nike, Inc.*,
 793 F.3d 1059 (9th Cir. 2015)...................................................*passim*

*Schwarzenegger v. Fred Martin Motor Co.*,
 374 F.3d 797 (9th Cir. 2004)...............................................3, 7, 8, 10

*Sec. & Exch. Comm'n v. Jammin Java Corp.*,
 No. 215CV08921SVWMRW, 2016 WL 6595133 (C.D. Cal. July
 18, 2016)...........................................................................................12-13, 18

*Serenium, Inc. v. Zhou*,
 No. 20-CV-02132-BLF, 2020 WL 6275025 (N.D. Cal. Oct. 26,
 2020) .....................................................................................................18

*Shimmick Const. Co., Inc./Obayashi Corp. v. Officine Meccaniche
 Galletti-O.M.G. S.R.L.*,
 No. 13-CV-2700-BAS JLB, 2014 WL 5847440 (S.D. Cal. Nov. 12,
 2014).......................................................................................................16

*Shin v. Time Squared Glob., LLC*,
 No. SACV1500943AGGJSX, 2015 WL 13284952 (C.D. Cal. Aug.
 26, 2015).................................................................................................27

- vi -

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*Sihler v. Fulfillment Lab, Inc*,
 No. 3:20-CV-01528-H-MSB, 2020 WL 7226436 (S.D. Cal. Dec. 8,
 2020) .................................................................................................. 14

*Sollberger v. Wachovia Sec., LLC*,
 No. SACV 09-0766AGANX, 2010 WL 2674456 (C.D. Cal. June
 30, 2010) ............................................................................................ 24

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) ............................................................... 7

*Symettrica Ent., Ltd. v. UMG Recordings, Inc.*,
 No. LACV 19-01192-CJC-KLS, 2019 WL 8806093 (C.D. Cal.
 Sept. 20, 2019) ............................................................................. 15, 19

*Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*,
 No. 18-CV-1896-AJB-NLS, 2019 WL 3842995 (S.D. Cal. Aug.
 14, 2019) ............................................................................................ 15

*United States v. X-Citement Video, Inc.*,
 513 U.S. 64 (1994) ............................................................................ 28

*Walden v. Fiore*,
 134 S. Ct. 1115 (2014) ...................................................................... 13

*Wehlage v. EmpRes Healthcare, Inc.*,
 791 F. Supp. 2d 774 (N.D. Cal. 2011) ............................................... 16

*In re WellPoint, Inc.*,
 865 F. Supp. 2d 1002 (C.D. Cal. 2011) ............................................. 29

*Williams v. Yamaha Motor Co.*,
 851 F.3d 1015 (9th Cir. 2017) ........................................................... 17

*Wood v. N. Am. Van Lines, Inc.*,
 No. 8:20-cv-02092-JLS-ADS, 2021 WL 3124155 (C.D. Cal. July
 22, 2021) ............................................................................................ 17

*Zeiger v. WellPet LLC*,
 304 F. Supp. 3d 837 (N.D. Cal. 2018) ............................................... 12

**Statutes**

18 U.S.C.A. § 1591(a)(2) ......................................................................... 26

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

18 U.S.C. § 1591(a)(1) ......................................................................26

18 U.S.C. § 1595.................................................................5, 19, 26

18 U.S.C. § 1962(d) ..........................................................................31

18 U.S.C. § 1964..................................................................................5, 19

18 U.S.C. § 2252...............................................................................28

18 U.S.C. § 2252A.............................................................................28

18 U.S.C. § 2255.............................................................5, 20, 28

47 U.S.C. § 230..................................................................2, 32, 33

Cal. Bus. & Prof. Code § 17200 ...................................................31

Cal. Bus. & Prof. Code § 17500 ...................................................31

Cal. Civ. Code § 1708.85 ..............................................................31

**Court Rules**

Fed. R. Civ. P. 4(k)(1) .........................................................................8

Fed. R. Civ. P. 4(k)(2) ...................................................................8, 20

Fed. R. Civ. P. 8............................................................22, 24, 25

Fed. R. Civ. P. 12(b)(2) ...................................................................2, 3

Fed. R. Civ. P. 12(b)(6) ...............................................................*passim*

**Other Authorities**

Restatement (Third) Agency § 1.01 (2006)............................................17

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT[1]

With this Court's order dismissing the disparate and wide-ranging claims of other plaintiffs, the case now centers on assertions by Serena Fleites ("Plaintiff") that MindGeek S.a.r.l. and certain affiliated entities (the "MindGeek Entities") purportedly failed to remove explicit videos of her uploaded by third parties to their websites.  Showing the weakness of Plaintiff's claims, the Amended Complaint (ECF No. 124-3 ("Amended Complaint" or "AC")) includes an unrelated and unsupported tale of sex trafficking, money laundering, and tax evasion.  The Amended Complaint covers over 500 paragraphs; none of them alleges that defendant Feras Antoon took any action in the United States or did anything to harm Plaintiff.  The Amended Complaint instead claims, without any of the required supporting facts, that Mr. Antoon, the MindGeek Entities' CEO, must have known and approved of everything that took place across many companies and many years.  These allegations are legally insufficient, and the claims against Mr. Antoon should be dismissed for three independent reasons.

*First,* even taking all of its factual allegations as true, the Amended Complaint fails to establish personal jurisdiction over Mr. Antoon: he is a Canadian citizen who lives and works in Montreal and has no contacts with California or the United States.  Mr. Antoon has not directed any conduct at California, much less the required tortious or other wrongful conduct, and Plaintiff's claims do not arise from any forum-directed conduct.  Further, any California contacts (or U.S. contacts) of the MindGeek Entities cannot be used to establish jurisdiction over Mr. Antoon.  For these reasons, the exercise of personal

---

[1] Pursuant to this Court's order dated April 14, 2022, the page limitation for Mr. Antoon's papers seeking dismissal under Rule 12 of the Federal Rules of Civil Procedure has been expanded to 50.  (*See* ECF No. 128.)

**DEFENDANT FERAS ANTOON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

jurisdiction over Mr. Antoon here would be unreasonable and violate Due Process. *See* Section I.

Second, the case should be dismissed under Rule 12(b)(6) for failure to state a claim.  Plaintiff's claims are simply not based on facts relating to Mr. Antoon. Despite detailed notice of the original Complaint's pleading deficiencies, Plaintiff's 169-page Amended Complaint continues to rely on group pleading and conclusory allegations about Mr. Antoon's knowledge and conduct.  This approach is not only legally insufficient but confirms that Plaintiff's claims are entirely without merit.  *See* Section II.

*Third*, Communications Decency Act Section 230, which affords internet service providers broad immunity for content provided by third parties, also protects Mr. Antoon.  *See* Section III.

For all of the reasons discussed herein, Plaintiff's claims against Mr. Antoon should be dismissed with prejudice.[2]

---

[2] The Court should also dismiss Plaintiff's claims against Mr. Antoon for the reasons set forth in concurrently filed memoranda of points and authorities submitted by the MindGeek Entities, Bernd Bergmair, David Tassillo, and Corey Urman pursuant to Rules 12(b)(2) and 12(b)(6), with which he joins.

- 2 -

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# BACKGROUND[3]

## The MindGeek Entities

MindGeek S.a.r.l. is a foreign entity organized and existing under the laws of Luxembourg.  (AC ¶ 19.)  Its subsidiaries include defendants MG Freesites, Ltd., MindGeek USA Incorporated ("MindGeek USA"), MG Premium Ltd., MG Global Entertainment Inc. ("MG Global"), and 9219-1568 Quebec, Inc. ("9219"). (AC ¶¶ 20-24.)  These subsidiaries own and operate various adult websites, including Pornhub.  (*See, e.g.*, AC ¶ 20.)

The MindGeek Entities own a group of so-called tubesites that contain free digital pornography.  (AC ¶ 60.)  Users are drawn to their tubesites by the ability to access, upload, and exchange free content.  (*Id.*)  Like other websites, such as YouTube, the MindGeek Entities use the traffic on their sites to generate revenue by, among other things, (1) advertising their own paid content and (2) selling advertising space to third parties.  (*Id.*)  Traffic to their sites is the major source of revenue for the MindGeek Entities.  (*See* AC ¶¶ 62, 69.)

As is common, the MindGeek Entities' sites offer "comprehensive terms of service, policies, and customer service functions" as well as "multiple layers of interaction." (AC ¶ 103.)  And they employ moderators to police the content on their websites and to investigate and respond to complaints.  (*See, e.g.*, AC ¶ 186.)

---

[3] Solely for purposes of this Motion, this section is drawn from the factual allegations in the Amended Complaint.  *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (while a plaintiff "cannot simply rest on the bare allegations of [her] complaint," "uncontroverted allegations in the complaint must be taken as true" on a Rule 12(b)(2) motion (cleaned up)); *Chavez v. Robinson*, 12 F.4th 978, 985 (9th Cir. 2021) (courts "accept as true well-pleaded factual allegations, but not [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" on a Rule 12(b)(6) motion (cleaned up)).

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**This Litigation and Plaintiff's Claims**

Plaintiff, together with 33 women from across the globe, commenced this action in June 2021.  (*See* ECF. No. 1 ("Complaint" or "Compl.") ¶¶ 11-44.)  The Complaint asserted nineteen causes of action against the MindGeek Entities, Visa, Inc., and four individuals, including Mr. Antoon.  (*See* Compl. ¶¶ 484-644.)  On October 10, 2021, Mr. Antoon moved to dismiss for lack of personal jurisdiction and failure to state a claim.  (*See* ECF No. 68.)  He joined in the MindGeek Entities' motion to sever and dismiss the other, misjoined plaintiffs.  (*See* ECF Nos. 75, 82.)  On February 10, 2022, this Court granted that motion, denied Mr. Antoon's motion to dismiss the Complaint as moot, and directed Plaintiff to file an amended complaint.  (*See* ECF No. 119 at 19 & n.3.)

The Amended Complaint is therefore Plaintiff's second chance to plead viable claims.  According to the Amended Complaint, Plaintiff was in the eighth grade when she learned that a nude, sexually explicit video of her had been uploaded to Pornhub without her knowledge or consent.  (AC ¶ 258.)  Plaintiff's then-boyfriend had induced her to make the video with the intent of posting it to Pornhub.  (*Id.*)  The Amended Complaint claims that "MindGeek personnel" reviewed that video and posted it to Pornhub and other tubesites.  (*See* AC ¶ 259.)  When Plaintiff sought to have the video removed from Pornhub, the platform did not respond for two weeks and took at least one to two weeks more to remove the video.  (AC ¶ 261.)  The original video was downloaded and reuploaded by different users with different titles.  (AC ¶ 262.)  According to the Amended Complaint, these reuploaded videos were also "reviewed and accepted by MindGeek" as well as "uploaded to other tubesites by MindGeek."  (*Id.*)  Each time Plaintiff learned that the video had been reuploaded, she asked that it be removed, but "Pornhub . . . took weeks to take each video down."  (AC ¶ 263.)

Later, Plaintiff began to date an older man.  (AC ¶ 267.)  That man also manipulated Plaintiff into creating sexually explicit videos of herself.  (*Id.*)  These

- 4 -

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

videos were sold on Craigslist and the Kik app.  (*Id.*)  Plaintiff learned that, once

sold, some of these videos were uploaded onto Pornhub without her knowledge or

consent.  (AC ¶ 268.)  The Amended Complaint claims "MindGeek personnel"

also reviewed these videos and uploaded them to other tubesites.  (*Id.*)  At some

unspecified time, Plaintiff allegedly hired "an investigatory firm to investigate

whether any of her videos were still accessible on Pornhub or other pornographic

sites and to facilitate takedown requests."  (AC ¶ 271.)  The Amended Complaint

does not plead that Plaintiff or her representatives submitted formal (or informal)

requests that these later videos be removed from the Pornhub platform.  According

to the Amended Complaint, because sexually explicit videos of Plaintiff were

posted on sites affiliated with the MindGeek Entities without her consent, she

suffered psychological, financial, and reputational harm.  (*See* AC ¶¶ 270-71.)

Based on these allegations, Plaintiff asserts seventeen causes of action

against many of the same defendants named in the original Complaint, including

Mr. Antoon.  (*See* AC at 120-68.)  Plaintiff's claims arise under: (1) 18 U.S.C. §

1595 for alleged violations of the Trafficking Victims Protection Reauthorization

Act ("TVPRA"); (2) 18 U.S.C. § 2255 for alleged violations of the federal statutes

prohibiting the possession and distribution of child pornography; (3) 18 U.S.C. §

1964(c) for alleged RICO violations predicated on, among other things, alleged

violations of the TVPRA and federal statutes prohibiting possession and

distribution of child pornography; (4) various California statutes for alleged

misappropriation of likeness, distribution of private sexually explicit materials, and

fraudulent business practices; and (5) California tort law. (*See id.*)

At bottom, Plaintiff's claims against Mr. Antoon rest on the factually

unsupported conclusion that he knew or should have known that the sexually

explicit videos involving Plaintiff were made when she was a minor and thus he

should have prevented their posting or had them taken down more quickly.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**Jurisdictional Allegations And Allegations About Mr. Antoon**

The Amended Complaint also fails to establish personal jurisdiction over Mr. Antoon.

MindGeek S.a.r.l. and certain other MindGeek Entities are foreign entities with their principal places of business outside the U.S. (*See* AC ¶¶ 19-20, 22, 24.) Of the MindGeek Entities, only MindGeek USA and MG Global have offices in California, (*see* AC ¶¶ 21, 23), while MindGeek S.a.r.l. allegedly has "satellite offices" in California, (AC ¶ 19).

Mr. Antoon is a resident of Canada and alleged to be the CEO and a co-owner of 9219. (AC ¶ 26.) The Amended Complaint asserts that Antoon is "held out as being co-owner and CEO of all MindGeek related entities" and "wield[s] control over the operation of all MindGeek entities." (*Id.*) But the Amended Complaint makes almost no factual allegations about Mr. Antoon and does not assert that Plaintiff had any interactions with Mr. Antoon or that his actions had any impact on her.

One of the few facts alleged about Mr. Antoon is that he testified before the Canadian House of Commons. (*See, e.g.*, AC ¶¶ 57-58, 96.) In conclusory fashion and without factual support, the Amended Complaint also states that Mr. Antoon and certain others at the MindGeek Entities refer to themselves as the "Bro-Club," (AC ¶ 71), that he (with other so-called Bro-Club members) retained "daily operational control" of the MindGeek Entities after a transaction allegedly conducted in or about 2013 in which Bernd Bergmair obtained control over the MindGeek Entities on behalf of a new set of owners, (AC ¶ 97), and that he had a company that "would sign exclusive deals with unknown porn performers" which he then promoted to "increase the value of their content," (AC ¶ 145). The Amended Complaint also states that Mr. Antoon said that the structure of the MindGeek Entities gave so-called Bro-Club members "plausible deniability." (AC ¶ 81.) And an unidentified "insider" purportedly—contrary to the alleged

- 6 -

assertions of "plausible deniability" that the Amended Complaint also credits—claimed Mr. Antoon and others in the Bro-Club would know "everything." (AC ¶ 200.)

The Amended Complaint is also sprinkled with factually empty assertions that individual foreign defendants Mr. Antoon, Corey Urman, and David Tassillo knew of and "implemented" various thinly described practices.  (*See, e.g.*, AC ¶¶ 173 ("All of this was done with Bergmair's approval and direction and directed and executed by Antoon, Tassillo, and Urman."), 194 ("This strategic operational element was implemented with the knowledge and approval of Bergmair, Antoon, Tassillo, and Urman."), 200 ("This was no accident [but] approved and directed by Bergmair and implemented by Antoon, Tassillo, and Urman.").)  But the Amended Complaint never alleges that Mr. Antoon took any action in or directed any action toward California or the United States, nor that he took any action that related in any way to Plaintiff.

## ARGUMENT

## I.   THERE IS NO PERSONAL JURISDICTION OVER MR. ANTOON

Plaintiff bears the burden of establishing personal jurisdiction.  *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  While well-pleaded factual allegations will be taken as true, *see Schwarzenegger*, 374 F.3d at 800, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations" are insufficient.  *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).  And each defendant's contacts with the forum "must be assessed individually."  *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Personal jurisdiction may be asserted here over a non-resident defendant when permitted by California's long-arm statute and where the exercise of jurisdiction does not violate due process.  *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020).  Under California's long-arm statute, a court may "exercise personal jurisdiction over a defendant to the extent permitted" by

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

due process.  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  The analysis centers on whether a defendant has sufficient contacts with California such that forcing him to defend here does not violate due process.  *See, e.g.*, *Schwarzenegger*, 374 F.3d at 801, 807 (concluding defendant lacked sufficient contacts with California for long-arm jurisdiction).

A court may exercise either general or specific jurisdiction over a defendant.  *See Ranza*, 793 F.3d at 1068-69.  General jurisdiction covers all claims, "whether or not the conduct at issue has any connection to the forum."  *Id.*  But general jurisdiction covers only "those nonresident defendants whose 'continuous and systematic' contacts in the forum state render them 'essentially at home' there."  *Megaloudis v. YM & U Grp.*, No.  CV 20-1984 PSG (JPRx), 2020 WL 4979193, at *2 (C.D. Cal. May 20, 2020) (quoting *Daimler v. AG Bauman*, 571 U.S. 117, 138-39 (2014)).  Specific jurisdiction is limited to cases that arise out of or relate to a defendant's contacts with the forum.  *See Ranza*, 793 F.3d at 1968.

Under certain circumstances, courts may evaluate a defendant's contacts with the United States as a whole, but only where (1) authorized to do so by a federal statute, *see* Fed. R. Civ. P. 4(k)(1)(C), or (2) a claim against the defendant arises under federal law and the defendant is not subject to the personal jurisdiction of any state, *see* Fed. R. Civ. P. 4(k)(2).

As discussed in more detail below, Plaintiff cannot meet her burden to establish either general or specific personal jurisdiction over Mr. Antoon because he lacks sufficient contacts with California or the United States for the exercise of personal jurisdiction over him to comport with due process.

## A.    There is No General Jurisdiction Over Mr. Antoon

As the Supreme Court stated in *Daimler v. AG Bauman*, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  571 U.S. at 137.  Mr. Antoon does not reside in California and the Amended Complaint does not allege *any* contacts between him and California.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Faced with similar facts, courts regularly conclude they lack general jurisdiction. *See, e.g.*, *Megaloudis*, N2020 WL 4979193, at *3 (concluding court lacked general jurisdiction over individual defendant domiciled in Virginia). There is thus unquestionably no basis for general jurisdiction over Mr. Antoon.

Moreover, no MindGeek Entity's contacts with California may be imputed to Mr. Antoon to confer general jurisdiction over him through an agency or alter ego relationship. The "*Daimler* decision invalidated the Ninth Circuit's agency test for purposes of general jurisdiction." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 982 (N.D. Cal. 2016). And because, as discussed in more detail in Section I.B.2 below, the Amended Complaint fails to allege facts establishing that any of the MindGeek Entities in California (or the United States) is Mr. Antoon's alter ego, the alter ego doctrine also cannot confer general jurisdiction over Mr. Antoon. *See, e.g.*, *Ranza*, 793 F.3d at 1074-75 (affirming dismissal where plaintiffs could not show the alter ego doctrine applied to confer general jurisdiction over non-resident corporate parent). In sum, there is no basis for general jurisdiction over Mr. Antoon.

## B. There Is No Specific Jurisdiction Over Mr. Antoon

Ninth Circuit courts apply a three-pronged test to determine whether the exercise of specific jurisdiction is proper:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*Schwarzenegger*, 374 F.3d at 802 (citation omitted).  It is the plaintiff's burden to satisfy the first two prongs of this test.  *See id.*  If plaintiff meets her burden on both prongs, the burden shifts to defendant to show that exercising jurisdiction over him would not be reasonable.  *See id.*  If any of these three requirements is not satisfied, then due process precludes the exercise of personal jurisdiction.  *See Wanat*, 970 F.3d at 1208.  Here, Plaintiff has not met and cannot meet her burden of showing that Mr. Antoon purposefully availed himself of the benefits and laws of California or the U.S., and her claims do not arise out of or relate to Mr. Antoon's actions here.  And, what's more, the exercise of jurisdiction over Mr. Antoon would be unreasonable.

### 1. The Amended Complaint Fails To Plead Sufficient Contacts Between Mr. Antoon and California.

Analysis of the first two prongs of the Ninth Circuit's test shows that Mr. Antoon's contacts with California are insufficient to confer specific jurisdiction over him.  Plaintiff simply cannot meet her burden to show that Mr. Antoon purposefully directed his activities toward California and that her claims arise out of and relate to his forum-related activities.

### a. Plaintiff Has Not Alleged that Mr. Antoon Purposefully Directed His Conduct Toward California.

Under the first prong, Ninth Circuit courts focus "on purposeful availment when the underlying claims sound in contract and on purposeful direction when they arise from alleged tortious conduct committed outside the forum." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. Aug. 27, 2021).  Plaintiff's claims against Mr. Antoon sound in tort.  Accordingly, the purposeful direction test applies, and the inquiry is whether Mr. Antoon "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 805 (citation omitted).

- 10 -

DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The allegations about Mr. Antoon fail to satisfy this purposeful direction test.  Even after full briefing detailing the jurisdictional defects in the original Complaint, the Amended Complaint does not allege that Mr. Antoon took any action aimed at California or anywhere else in the U.S.  The Amended Complaint states at most a conclusion that Mr. Antoon knew of certain conduct that is not alleged to have taken place in the United States and is several steps removed from any action that purportedly caused harm to Plaintiff.  (*See, e.g.*, AC ¶¶ 181, 194-95, 200.)  But "knowledge and consent—passive states of mind—do not constitute intentional acts directed at the forum state." *Chirila v. Conforte*, 47 F. App'x 838, 842 (9th Cir. 2002); *see also Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, No. 5:20-CV-06846-EJD, 2021 WL 3037701, at *9 (N.D. Cal. July 19, 2021) (conclusory allegations of conspiracy with California company showed, at most, knowledge of and consent to wrongdoing, and were thus insufficient to establish jurisdiction over Taiwan domiciliary).  Thus, even if the Court could credit the Amended Complaint's statement that Mr. Antoon would know "everything" (a conclusion unsupported by any facts), and then draw the unwarranted inference from that conclusion that Mr. Antoon knew the MindGeek Entities allegedly failed to take the actions Plaintiff contends they should have, that flimsy chain would not satisfy the purposeful direction test.  Mr. Antoon's purported knowledge of acts (that may or may not have been committed in California or the U.S.) is not a sufficient basis for personal jurisdiction.

The Amended Complaint's few allegations of Mr. Antoon's activities—*e.g.*, testifying before the Canadian House of Commons (*see* AC ¶¶ 58, 96, 447) and operating a shell company through which he would sign deals with porn performers (AC ¶ 145)—fall short of alleging that Mr. Antoon "expressly aimed" any acts at California.  Plaintiff does not even allege that these acts took place in the U.S. and much more is required to show conduct "expressly aimed" at California.  *See, e.g.*, *Wanat*, 970 F.3d at 1210-12 (concluding allegations of

- 11 -

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

geotargeted advertisements and a U.S. viewer base were insufficient to establish "expressly aimed" requirement).

Similarly, allegations that "the Bro-Club led by" Mr. Antoon had "daily operational control of" the MindGeek Entities generally (AC ¶ 97) cannot establish that he committed acts "expressly aimed" toward California. If such "general allegations of managerial responsibilities or involvement in a business's other transactions were sufficient," a company's officers would be subject to jurisdiction in virtually every situation where jurisdiction extends to the company, a result that does not comport with due process. *Cisco Sys. Inc. v. Link US, LLC*, No. 18-CV-07576-CRB, 2019 WL 6682838, at *4 (N.D. Cal. Dec. 6, 2019) (citation omitted).

Plaintiff's allegations grouping Mr. Antoon together with the so-called "MindGeek Defendants" do not establish jurisdiction. Due process requires scrutiny of each defendant's contacts with the forum, and Plaintiff cannot show personal jurisdiction based on undifferentiated assertions against multiple defendants. *E.g., Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848-49 (N.D. Cal. 2018) (disregarding allegations grouping defendants together).

For this reason, among others, the Amended Complaint's attempts to bolster the few references to Mr. Antoon's activities with bare assertions that Mr. Antoon, Mr. Tassillo, and Mr. Urman "directed" or "implemented" vaguely described practices should be disregarded as jurisdictionally irrelevant. (*See, e.g.*, AC ¶¶ 7, 171-73, 193, 200, 209, 213-214, 423, 428.) These allegations impermissibly lump Mr. Antoon together with other defendants and thus are insufficient. *E.g.*, *Zeigler*, 304 F. Supp. at 848-49. They also carry no weight because they lack the required facts. (*See, e.g.*, AC ¶¶ 171-73, 193, 200, 209, 213-14, 423, 428.) Allegations, like these, that do not assert *facts* to plausibly suggest that a foreign defendant's conduct subjects him to jurisdiction are impermissibly conclusory and cannot establish jurisdiction. *See, e.g.*, *Sec. & Exch. Comm'n v. Jammin Java Corp.*, No. 215CV08921SVWMRW, 2016 WL 6595133, at *11 (C.D. Cal. July 18, 2016)

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

("conclusorily" listing defendant as one of the participants in a financing scheme in a complaint "devoid of any allegations concerning [his] actual participation" was insufficient to confer jurisdiction).  The Amended Complaint does not even allege where or how the various so-called policies and practices Antoon, Tassilo, and Urman purportedly "directed" were "implemented," which of the MindGeek Entities allegedly adopted these policies or practices, or otherwise plead facts meeting Plaintiff's burden of showing conduct "expressly aimed" at California (or the United States).

Even if the Amended Complaint did contain factual allegations demonstrating that Antoon implemented specific policies by directing MindGeek Entity employees to do (or not do) certain things—which it does not—this would be insufficient to confer jurisdiction over him.  *See, e.g.*, *Perez v. United States*, No. 13CV1417-WQH-BGS, 2014 WL 4385473, at *8 (S.D. Cal. Sept. 3, 2014) (concluding "general allegations of [] federal officers' supervisory responsibilities and alleged implementation of" policy along the Southern Border, "without more, do not satisfy Plaintiffs' prima facie burden to satisfy the purposeful direction test."); *Munns v. Clinton*, 822 F. Supp. 2d 1048, 1078 (E.D. Cal. 2011) ("[A]llegations limited to national policy implementation and oversight are insufficient to support a finding of personal jurisdiction.").  In sum, the Amended Complaint, like the original Complaint, falls far short of pleading that Mr. Antoon purposefully directed his conduct towards California.

### b.  Plaintiff's Claims Do Not Arise Out of Mr. Antoon's Forum-Related Conduct.

Plaintiff also cannot show that her claims "arise out of contacts that the defendant himself creates with the forum." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quotation marks and citation omitted)).  Although the forum-related activities need not be the "but for" causation of the alleged harm, *see Ayla*,

- 13 -

11 F.4th at 983 n.5, a relationship between a defendant's forum-related activities and plaintiffs' claims is required.  *See, e.g.*, *Pate v. Pate*, No. 21-CV-07718-AGT, 2022 WL 395314, at \*1 (N.D. Cal. Feb. 9, 2022) (concluding test was not satisfied where none of the alleged California contacts had anything to do with the plaintiffs' claims).  Plaintiff does not allege any forum-related activities by Mr. Antoon that have anything to do with the alleged failure to detect and take down videos of her.

Here, Plaintiff alleges no connection whatsoever between any action by Mr. Antoon and any of her claims.  Indeed, the Amended Complaint's failure to plead *any* forum-related activities by Mr. Antoon, *see* Section I.B.1.a, necessarily dooms Plaintiff's attempts to establish a relationship between Mr. Antoon's California contacts and her claims.  Accordingly, Plaintiff cannot meet her burden of showing that her claims arise out of Mr. Antoon's forum-related conduct.

### 2. The Alleged California Contacts of the MindGeek Entities Cannot Establish Specific Jurisdiction Over Mr. Antoon.

A court "cannot impute a corporation's contacts to its employees" as a general matter.[4]  *Sihler v. Fulfillment Lab, Inc*, No. 3:20-CV-01528-H-MSB, 2020 WL 7226436, at \*5 (S.D. Cal. Dec. 8, 2020).  Imputing a corporation's contacts to an officer is appropriate in only two limited circumstances: (1) where the corporation is the alter ego or agent of the individual defendant; or (2) where the individual controlled and directly participated in the alleged activities.  *See id.* (citation omitted); *see also id.* n.2 (explaining that considering these two theories as exceptions to the fiduciary shield doctrine is a misnomer because under both "jurisdiction is exercised on the basis of the individual's *own contacts with the forum*, not the contacts of his or her own corporation" (emphasis added)).  Because

---

[4] Of course, a defendant's status as a corporate officer does not shield him from jurisdiction based on his own acts directed to the forum, but Mr. Antoon is not alleged to have taken any actions in or directed toward California.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

neither of these circumstances is present here, the MindGeek Entities' contacts
with California cannot be imputed to Mr. Antoon.

### a.   Plaintiff Cannot Rely on Alter Ego or Agency Theories.

The Amended Complaint does not contain any factual allegations that the
MindGeek Entities are Mr. Antoon's alter ego.  For the alter ego doctrine to apply,
the plaintiff must allege a factual basis showing "(1) that there is such unity of
interest and ownership that the separate personalities of the corporation and the
individuals no longer exist and (2) that failure to disregard the corporation would
result in fraud or injustice." *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, No.
LACV 19-01192-CJC-KLS, 2019 WL 8806093, at *4 (C.D. Cal. Sept. 20, 2019)
(quoting *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984)).

Here, the Amended Complaint fails to meet either prong.  To show the
required unity of interest and ownership under the first prong, the plaintiff must
allege facts showing "pervasive control . . . such as when a parent corporation
dictates every facet of the subsidiary's business." *Ranza*, 793 F.3d at 1073
(citation and quotation marks omitted).  Plaintiff cannot establish this control
through conclusory allegations. *See, e.g., Thomas Land & Dev., LLC v. Vratsinas
Constr. Co.*, No. 18-CV-1896-AJB-NLS, 2019 WL 3842995, at *6 (S.D. Cal. Aug.
14, 2019) (rejecting as insufficient conclusory allegations that defendants
"dominated, influenced, and controlled each other and the officers of one another,
as well as the business, property, and affairs of each other" (citation omitted)).  The
scant factual allegations regarding Mr. Antoon do not establish that he had such
pervasive control over any MindGeek Entity.  Rather, the Amended Complaint
confirms that Mr. Antoon was a minority stakeholder and did not have ultimate
control over the MindGeek Entities.  (*See, e.g.*, AC ¶ 96 ("Bergmair represents a
group of investors who collectively hold the majority of the beneficial interests in
the MindGeek entities"); AC ¶ 4 (these "uber-wealthy owners" are the 'over-

- 15 -

bosses'" of the entities and "are unknown" even to Mr. Antoon).)  Nor does the Amended Complaint plead specific facts showing that Mr. Antoon engaged in conduct that would "typically suggest an alter ego relationship in California: commingling of funds, the individual's treatment of corporate assets as his own, disregard of legal formalities and the failure to maintain arm's length relationships among related entities, or diversion or manipulation of assets." *Allegro Consultants, Inc. v. Wellington Techs.*, Inc., No. 13-CV-02204-BLF, 2014 WL 4352344, at *6 (N.D. Cal. Sept. 2, 2014) (concluding plaintiff failed to make a prima facie case of personal jurisdiction over company's co-founder absent evidence of such factors).

     To satisfy the second prong of the alter ego test, "there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Shimmick Const. Co., Inc./Obayashi Corp. v. Officine Meccaniche Galletti-O.M.G. S.R.L.*, No. 13-CV-2700-BAS JLB, 2014 WL 5847440, at *6 (S.D. Cal. Nov. 12, 2014) (quoting *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 782 (N.D. Cal. 2011)).  Plaintiff's conclusory allegations do not meet this prong either. *See, e.g., Shimmick*, 2014 WL 5847440, at *7 (conclusory allegation held "no weight in [the court's] jurisdictional analysis").  Again, the few factual allegations as to Mr. Antoon do not show that "fraud or injustice" would result if the acts of any of the MindGeek Entities were not attributed to Mr. Antoon.  The Amended Complaint does not plead that any MindGeek Entity is (or was) undercapitalized by Mr. Antoon, or that a judgment for Plaintiff could not be satisfied because of any action by Mr. Antoon, and so cannot establish that "fraud or injustice" would result if Mr. Antoon were not deemed the alter ego of any MindGeek Entity. *See, e.g.*, *Baker v. Chin & Hensolt, Inc.*, No. C-09-4168 MMC, 2010 WL 1222783, *4 (N.D. Cal. Mar. 24, 2010) (dismissing claim against individual because, among other things, there was no allegation that defendant depleted company's assets or caused it to be undercapitalized); *Shimmick*, 2014

- 16 -

WL 5847440, at *7 (concluding piercing the veil to obtain jurisdiction over individual would be improper where, among other things, there were no facts before the court suggesting plaintiff could not be made whole without his participation).

The MindGeek Entities' contacts also cannot be attributed to Mr. Antoon under an agency theory. For jurisdiction to rest on the acts of an agent, that agent must "act on the principal's behalf and subject to the principal's control." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017) (quoting Restatement (Third) of Agency § 1.01 (2006)). Indeed, the principal must be able to "substantially control" the agent's activities. *Williams*, 851 F.3d at 1025. The Amended Complaint does not plead that any MindGeek Entity acted on Mr. Antoon's behalf in California (or anywhere else) or that he substantially controlled any forum-directed activities by any entity. Indeed, the Amended Complaint contradicts the notion that Mr. Antoon controlled any jurisdictionally relevant actions, stating that Mr. Antoon believed the MindGeek Entities were structured in a way that gave Bro-Club members "plausible deniability" (AC ¶ 81) and asserting that Mr. Antoon and Mr. Tasillo "don't[] even check" on the MindGeek Entities' activities (AC ¶ 200). These allegations undercut any potential agency theory. *See, e.g., Wood v. N. Am. Van Lines, Inc.*, No. 8:20-cv-02092-JLS-ADS, 2021 WL 3124155, at *5 (C.D. Cal. July 22, 2021) (concluding specific jurisdiction over non-resident was improper where no facts showed that the non-resident exercised substantial control over in-forum activities relevant to plaintiff's claims).

**b. The Amended Complaint Does Not Allege That Mr. Antoon Controlled or Directly Participated in Forum-Related Wrongdoing.**

The Amended Complaint is also devoid of any allegations that Mr. Antoon controlled or directly participated in the alleged wrongdoing giving rise to Plaintiff's claims such that the MindGeek Entities' jurisdictionally-relevant

- 17 -

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

contacts could be imputed to him.  Even if the Court could credit the conclusion that Mr. Antoon would know "everything," bare assertions that a corporate officer knew or had reason to know of a corporation's tortious conduct are insufficient to confer jurisdiction.  *See, e.g.*, *Serenium, Inc. v. Zhou*, No. 20-CV-02132-BLF, 2020 WL 6275025, at *8 (N.D. Cal. Oct. 26, 2020) (rejecting plaintiff's theory that jurisdiction over non-resident CEO was proper because "she either knew or had to know" of the alleged misconduct).

The Amended Complaint also cannot impute any MindGeek Entity's contacts to Mr. Antoon based on factually empty variations on the refrain that Mr. Antoon, Mr. Urman, and Mr. Tassillo "directed" and "implemented" vaguely described practices.  (*See, e.g.*, AC ¶¶ 171 ("Under the direction and control of Bergmair, Antoon, Tassillo, Urman, and the beneficial owners they represented . . . ."), 172 ("Under Bergmair's direction and the operational implementation by Antoon, Tassillo, and Urman . . . ."), 173 ("All of this was done with Bergmair's approval and direction and directed and executed by Antoon, Tassillo, and Urman"), 194 ("This strategic operational element was implemented with the knowledge and approval of Bergmair, Antoon, Tassillo, and Urman."), 209 ("All of these practices were known to and approved by Bergmair and implemented and directed by Antoon, Tassillo, and Urman"), 213 ("This . . . was done at the direction of Antoon, Tassillo, and Urman pursuant to the wishes of Bergmair.").

To meet her burden, Plaintiff must allege "*facts* to plausibly suggest personal direction of the allegedly unlawful activities." *Fasugbe v. Willms*, No. CIV. 2:10-2320 WBS, 2011 WL 3667440, at *4 (E.D. Cal. Aug. 22, 2011).  Thus, a defendant's personal participation in a company's forum-related wrongful conduct cannot rest on conclusory allegations. *See Jammin Java Corp.,* 2016 WL 6595133, at *11.  The Amended Complaint's mantra that "Antoon, Tassillo, and Urman" "directed," "executed," and "implemented" vague practices fails to allege any facts indicating that Antoon (or the other individual defendants) controlled or

- 18 -

participated in any forum-related wrongdoing by the MindGeek Entities. *See, e.g.*, *Symettrica Ent., Ltd.*, 2019 WL 8806093, at *3 (rejecting conclusory allegation that individual defendant "specifically authorized, directed, or participated in the wrongful conduct alleged"). These allegations fall far short of pleading conduct by Mr. Antoon that would justify hailing him into court in California based on any MindGeek Entity's contacts. *See Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 751 (C.D. Cal. 1995) (declining to exercise jurisdiction over corporation's president who, although ultimately responsible for corporation's advertising, did not develop the infringing advertising campaign or bear sole responsibility for the decision to adopt it).

In sum, Plaintiff cannot rely on conduct by any MindGeek Entity to support personal jurisdiction over Mr. Antoon.

### 3. Neither Mr. Antoon's Nor the MindGeek Entities' Nationwide Contacts Suffice to Establish Personal Jurisdiction Over Him.

To the extent Plaintiff seeks to establish jurisdiction over Mr. Antoon based on his contacts with the entire United States (and not only California), she fares no better—the Amended Complaint is equally barren of allegations of contacts with the United States.

It is the Plaintiff's burden to establish that jurisdiction over each defendant is proper. *See Ranza*, 793 F.3d at 1068. Of the federal statutes Plaintiff cites in her causes of action, 18 U.S.C. § 1595 provides no basis for using the national contacts test. *See, e.g.*, *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 933 (D. Or. 2020) (concluding defendant lacked sufficient contacts with forum state to be haled into court to defend against plaintiff's TVPRA claim). And although Plaintiff asserts that jurisdiction over the defendants, including Mr. Antoon, is proper under 18 U.S.C. § 1964, "a plaintiff may not rely on a defendant's national contacts to establish personal jurisdiction over the defendant before service has

- 19 -

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1    been effected pursuant to RICO's service provisions." *Perkumpulan Inv. Crisis*

2    *Ctr. Dressel-WBG v. Danny M.K. Wong*, No. C09-1786-JCC, 2012 WL 13024801,

3    at *8 (W.D. Wash. Apr. 6, 2012) (concluding there was no jurisdiction under the

4    long-arm statute over foreign defendant served by alternate means).  Here, Mr.

5    Antoon was not served in the United States; he waived service of process from his

6    residence in Canada.  (ECF No. 28.)

7           Thus, the only federal statute that could provide a basis for resorting to Mr.

8    Antoon's national contacts is 18 U.S.C. § 2255.  But even if Plaintiff had properly

9    invoked jurisdiction under 18 U.S.C. § 2255, the dearth of jurisdictionally relevant

10   contacts with the United States would doom any attempt to establish jurisdiction

11   over Mr. Antoon.  For the reasons described in Section I.B.1 above, the Amended

12   Complaint fails to allege *any* jurisdictionally relevant specific act by Mr. Antoon

13   that relates to Plaintiff's claims.  It therefore can satisfy neither the purposeful

14   direction test nor the requirement that Plaintiff's claims arise out of and relate to

15   Mr. Antoon's forum-related contacts.  Further, for the reasons described in Section

16   I.B.2 above, the Amended Complaint also fails to plead facts that would permit the

17   imputation of the MindGeek Entities' contacts with the United States to Mr.

18   Antoon.  The lack of allegations describing any specific act by Mr. Antoon

19   relevant to Plaintiff's theory that she has been injured by any action or inaction by

20   the MindGeek Entities means that the exercise of jurisdiction over Mr. Antoon is

21   improper whether or not it is based on his non-existent contacts with California or

22   his non-existent contacts with the United States.

23          For this reason, Rule 4(k)(2) also cannot save the Amended Complaint's

24   deficient jurisdictional allegations.  As the Ninth Circuit has observed, "[t]he due

25   process analysis under Rule 4(k)(2) is nearly identical to traditional personal

26   jurisdiction analysis with one significant difference: rather than considering

27   contacts between [a defendant] and the forum state, we consider contacts with the

28   nation as a whole." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450,

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

462 (9th Cir. 2007).  The Amended Complaint fails to allege sufficient jurisdictionally relevant contacts with the United States for the exercise of jurisdiction over Mr. Antoon to comport with due process.

### 4.    Exercising Jurisdiction Over Mr. Antoon Would Be Unreasonable.

While the Court need not reach the third element of the specific jurisdiction test because Plaintiff cannot satisfy the first two elements, the claims against Mr. Antoon should also be dismissed because the exercise of personal jurisdiction over him would be unreasonable.  To the extent Plaintiff has any claims arising from Mr. Antoon's conduct, they should be brought in Canada, where he resides.  (AC ¶ 26.)  California has relatively little interest in this case; while Plaintiff was allegedly injured here, almost all of the defendants, including the corporate defendants, are foreign, suggesting most if not all of the alleged acts or omissions of which Plaintiff complains likely occurred abroad.  (*See* AC ¶¶ 20-28.)  Indeed, the Amended Complaint pleads that "9219 employees actually conduct all operational functions including monitoring the website content, optimizing that content to maximize SEO, uploading content to its other tubesites," and so on.  (AC ¶ 33.)  Defendant 9219 is a Canadian company with its principal place of business in Montreal, where Mr. Antoon also resides.  (AC ¶¶ 24, 26.)  Given the availability of a superior alternative forum, this Court's lack of interest in adjudicating claims against Mr. Antoon that have nothing to do with anything he did in California or the U.S., and the undue burden on Mr. Antoon of litigating here, exercising jurisdiction over him in this action would be unreasonable.  *See, e.g.*, *Wanat*, 970 F.3d at 1212 n.9 (reasoning that exercising jurisdiction over a foreign citizen "would be unreasonable given his limited contacts with the forum, the burden . . . if he must defend in the forum, potential conflicts with [the foreign country's] sovereignty and its potential as an alternative forum").  Plaintiff has no

basis for suing Mr. Antoon in California and forcing him to defend here would be
unreasonable.

## II.   THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

The Amended Complaint should also be dismissed as to Mr. Antoon under
Rule 12(b)(6) because it does not allege facts showing that he engaged in any
alleged wrongful conduct and therefore fails to provide the "short and plain
statement of the claim showing that the pleader is entitled to relief" required by
Rule 8(a)(2).  Fed. R. Civ. P. 8(a)(2).[5]

### A.   Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must
contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this standard, the
plaintiff's allegations must show "more than a sheer possibility that a defendant
has acted unlawfully."  *Ashcroft*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at
555 (a complaint's factual allegations must "raise a right to relief above the
speculative level").

Pleadings based on "labels and conclusions," "formulaic recitation[s] of the
elements of a cause of action," or "naked assertion[s] devoid of further factual
enhancement" do not meet this standard.  *Iqbal*, 556 U.S. at 662 (citation and
quotation marks omitted) (second alteration in original).  While courts "accept
factual allegations in the complaint as true and construe the pleadings in the light
most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins.*

---

[5] The Court should also dismiss Plaintiff's claims against Mr. Antoon under Rule
12(b)(6) for the reasons set forth in the concurrently filed memoranda of points and
authorities submitted by the MindGeek Entities, Bernd Bergmair, David Tassillo,
and Corey Urman, which Mr. Antoon joins.

- 22 -

*Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), they do not accept conclusory

allegations as true. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("we are not

bound to accept as true a legal conclusion couched as a factual allegation"); *Fayer*

*v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (courts are not required to "assume

the truth of legal conclusions merely because they are cast in the form of factual

allegations" (citation omitted)).  Similarly, "generalized allegations, devoid of any

factual detail, are insufficient to state a plausible claim." *Dawson v. HITCO*

*Carbon Composites, Inc.*, No. CV16-7337 PSG FFMX, 2017 WL 7806618, at *4

(C.D. Cal. Jan. 20, 2017); *see also Hum. Rts. Def. Ctr. v. Cty. of Los Angeles*, No.

CV 17-4883-R, 2017 WL 10402603, at *2 (C.D. Cal. Nov. 14, 2017) (holding that

"allegations that an individual oversaw implementation of the policy at issue,

without more, [are] too 'bald' and 'conclusory' to accept as plausible" (citing

*Iqbal*, 556 U.S. at 680-81)).

     A complaint also must allege each defendant's conduct and may not ascribe

conduct to a collective group of "defendants."  It is improper "for a complaint to

'lump' parties together and to fail to distinguish between named defendants."

*Beatport LLC v. SoundCloud Ltd*, No. CV 19-847 MRW, 2020 WL 3977602, at

*5, *6 (C.D. Cal. July 13, 2020) (dismissing complaint that did not make "any

attempt to distinguish between the parties or to explain in any way the basis for

their alleged culpability" (citing *Iqbal*, 556 U.S. at 678)); *Doe v. WebGroup Czech*

*Republic*, No. 2:21-cv-02428-VAP-SK, 2022 WL 982248, at *10 (C.D. Cal. Jan.

13, 2022), *amended on reconsideration in part sub nom. Doe v. WebGroup Czech*

*Republic*, No. 2:21-cv-02428-VAP-SK, 2022 WL 982245 (C.D. Cal. Feb. 25,

2022) (dismissing sex trafficking and child pornography claims against certain

defendants where the complaint "comingle[d] [sic] the Defendants together

throughout much of the pleading, without identifying which entities are responsible

for the conducted [sic] underlying the claims").  Also referred to as "shotgun

pleading," this pleading "style deprives Defendants of knowing exactly what they

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1   are accused of doing wrong" and is a "defect [that] alone warrants dismissal."

2   *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL

3   2674456, at *4-5 (C.D. Cal. June 30, 2010).

4   **B.    The Court Should Dismiss Each of the Claims Asserted Against**

5       **Mr. Antoon**

6       The Amended Complaint lacks sufficient plausible facts to state a claim

7   against Mr. Antoon under Rule 8 and *Twombly* and *Iqbal*.

8       Like the original Complaint, the Amended Complaint relies on group

9   pleading and conclusory assertions unsupported by facts.  The Amended

10  Complaint attributes conduct to a collective "MindGeek Defendants," asserting

11  that "the MindGeek defendants frequently purchased in bulk trafficked content

12  from known trafficking areas" (AC ¶ 11) and that "the MindGeek Defendants

13  participated in a venture engaged in sex trafficking" by engaging in a list of

14  actions.  (AC ¶ 371).  The Amended Complaint also improperly relies on many of

15  the same legal conclusions concerning defendants' knowledge, intent, control, and

16  other required elements as the original Complaint.  (*See, e.g.*, AC ¶ 404

17  ("MindGeek *knowingly* possessed visual depictions of minors engaging in sexually

18  explicit conduct . . . including . . . Serena Fleites" (emphasis added)); ¶ 423

19  (asserting that Antoon and others "directed and controlled" a network of sham

20  entities)).

21      In addition, the Amended Complaint's allegations concerning conduct by

22  "MindGeek" are interspersed with a formulaic refrain that the conduct in question

23  was directed, implemented, approved, or known by each of the individual

24  defendants.  (*See, e.g.*, AC ¶ 194 (claiming MindGeek strategy was "implemented

25  with the knowledge and approval of Bergmair, Antoon, Tassillo, and Urman"); ¶

26  200 (asserting that MindGeek SEO process was "approved and directed by

27  Bergmair and implemented by Antoon, Tassillo, and Urman"); ¶ 213 (MindGeek's

28

- 24 -

1  alleged failure to make required disclosure was "done at the direction of Antoon,

2  Tassillo, and Urman pursuant to the wishes of Bergmair").

3       These rote formulations, apparently added in a vain effort to remedy the

4  pleading deficiencies defendants previously identified (*see, e.g.*, ECF No. 68 at 17-

5  25), are little more than "naked assertion[s]," *Iqbal*, 556 U.S. at 678, unsupported

6  by the facts required to state a claim for relief.  *See Hum. Rts. Def. Ctr.*, 2017 WL

7  10402603, at *2 (rejecting as conclusory allegations that defendant oversaw

8  implementation of policy).  While these allegations list the names of the individual

9  defendants, they fail to meaningfully distinguish between them and are simply a

10 form of "shotgun pleading" or "everyone did everything allegation[s]" that cannot

11 satisfy Rule 8.  *Littleton v. Experian Info. Solutions, Inc.*, 2015 WL 4638308, at *2

12 (N.D. Cal. Aug. 4, 2015) (granting defendants' motion to dismiss complaint

13 containing insufficiently tailored "everyone did everything allegation[s]" that

14 attributed the same conduct to all defendants).

15      Despite a second opportunity to plead legally sufficient claims, Plaintiff's

16 Amended Complaint, like the original Complaint, contains only a handful of

17 specific references to Mr. Antoon, and no factual allegations concerning what Mr.

18 Antoon did that impacted Plaintiff.  For these reasons, and for the reasons

19 discussed in detail below, the claims against Mr. Antoon should be dismissed in

20 their entirety and with prejudice.

21          **1.    The Sex Trafficking Claims (Counts I, II, and IV) Should be
                    Dismissed.**
22

23      The Amended Complaint fails to state a sex trafficking claim against Mr.

24 Antoon.  Plaintiff alleges in Count I that "MindGeek" "recruited, enticed,

25 harbored, transported, provided obtained, advertised, maintained, patronized and/or

26 solicited" Plaintiff and other minors or victims of sexual abuse that "MindGeek"

27 knew or should have known were not of age or had been abused "to engage in

28 commercial sex acts through combination of force, threats of force, fraud, or

- 25 -

coercion" in violation of the TVPRA, specifically, 18 U.S.C. §§ 1591(a)(1) and 1595.  (AC ¶ 361.)  But there are no factual allegations that Mr. Antoon engaged in any of this conduct.

The Amended Complaint's only assertion that Mr. Antoon had anything to do with individuals who appeared on MindGeek's websites is the claim that he "had a shell company through which he would sign exclusive deals with unknown porn performers and then use their control over MindGeek to promote those performers and increase the value of their content." (AC ¶ 145.)  Plaintiff does not allege that she had any interactions with Mr. Antoon, and there is no allegation that the alleged exclusive deals were anything other than consensual mutually beneficial arrangements among adults.

Count II, which alleges that "the MindGeek Defendants" benefited from a sex trafficking venture (*see, e.g.*, AC ¶ 370), is also insufficiently pleaded as to Mr. Antoon.  To plead a beneficiary trafficking theory, a plaintiff must allege that that the defendant "knowingly . . . benefit[ed], financially or by receiving anything of value, from participation in a venture."  18 U.S.C.A. § 1591(a)(2).  But the Amended Complaint does not allege facts showing that Mr. Antoon knew about or participated in a trafficking venture, knowingly benefited from it, or knew or should have known that the Plaintiff in this case was a minor or a victim of sex trafficking.  *See* 18 U.S.C. § 1591(a)(2).  Indeed, the Amended Complaint does not even plead facts suggesting Plaintiff was the victim of a trafficking venture at all, alleging instead that Plaintiff's videos were made and posted on websites owned by MindGeek and other third-parties by two people with whom she had intimate personal relationships.  (*See* AC ¶¶ 258-72.)  Further, while the Amended Complaint states in connection with its trafficking claims that "MindGeek," which is not defined to include Mr. Antoon, had a "reasonable opportunity to observe the victims featured on its website," it says nothing about Mr. Antoon. (AC ¶ 373.)

- 26 -

Count IV, which alleges generically that the "Defendants" conspired to violate the sex trafficking laws (*see* AC ¶¶ 390-98 (citing 18 U.S.C. § 1594(c)), similarly falls short because the Amended Complaint provides no detail regarding what role, if any, Mr. Antoon is alleged to have played in any purported agreement to violate the sex trafficking laws.

By continuing to rely on group allegations against Mr. Antoon and other defendants, the Amended Complaint fails to provide the required clear statement about what Mr. Antoon supposedly did.  *See Shin v. Time Squared Glob., LLC*, No. SACV1500943AGGJSX, 2015 WL 13284952, at *3 (C.D. Cal. Aug. 26, 2015) ("One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong.").  Moreover, the allegation that Mr. Antoon (and others in the Bro-Club) "would . . . know" "everything" (AC ¶ 200) is unavailing here.  It is both speculative, as the conditional "would" makes clear, and conclusory.  *See Iqbal*, 556 U.S. at 680-81 (explaining that allegations that Attorney General, among other things, "knew of [and] condoned . . . harsh conditions of confinement as a matter of policy" were "not entitled to the assumption of truth" since they were "nothing more than a formulaic recitation of the elements" of a claim (citations and quotation marks omitted)).

Because none of the sex trafficking causes of action contains sufficient "facts to give fair notice" of what Mr. Antoon allegedly did wrong, *see Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citation omitted), Plaintiff's First, Second, and Fourth causes of action should be dismissed as to Mr. Antoon.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## 2.   The Child Pornography Claims (Counts V and VI) Should be Dismissed.

The Amended Complaint also fails to state a claim against Mr. Antoon under 18 U.S.C. §§ 2252, 2252A, and 2255.  Section 2255 provides a cause of action for anyone who suffers personal injury from a defendant's violation of Sections 2252 or 2252A, the federal criminal statutes prohibiting knowing receipt, possession, distribution, and sale of child pornography.  *See* 18 U.S.C. §§ 2252, 2252A, 2255.  The Supreme Court has held that the "knowing" requirement extends both to the sexually explicit nature of the material and the performer's age. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994).

Here, the Amended Complaint again fails to plausibly allege any claim against Mr. Antoon.  In Plaintiff's child pornography claims, the Amended Complaint alleges "knowing" possession of Plaintiff's videos by the group of defendants referred to as "MindGeek."  (AC ¶¶ 401-04, 406, 410-15, 417.)  Such allegations are insufficient as conclusory.  *Iqbal*, 556 U.S. at 678.  They also improperly fail to distinguish between defendants.  *See Beatport*, 2020 WL 3977602, at *5-7 (dismissing complaint that, among other things, made no attempt to distinguish between the defendants and attributed all actions to both of them).

The Amended Complaint contains no allegations that Mr. Antoon had any personal involvement with Plaintiff's videos or played a role in causing her injuries.  There are also no allegations that Mr. Antoon was aware that Plaintiff was a minor at the time her videos were made.  Nor is it plausible that as the CEO of a large internet service provider Mr. Antoon would have this knowledge or even that he would know of the existence of one individual's videos on a website containing several million consensual adult videos.

Accordingly, Plaintiff's Fifth and Sixth causes of action that Mr. Antoon harmed her by the possession or distribution of explicit materials should be dismissed for failure to state a claim.

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

### 3.     The Civil RICO Claims (Counts VII and VIII) Should be Dismissed.

The Amended Complaint also fails to state a civil RICO claim against Mr. Antoon.  In her Seventh and Eighth causes of action, Plaintiff alleges that, to maximize traffic to MindGeek's website and increase profits, the defendants conducted a racketeering scheme that included sex trafficking, the distribution of child pornography, mail and wire fraud, and money laundering, among other things. (*See, e.g.*, AC ¶¶ 424, 426, 435.)

To state a civil RICO claim a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).  On the "pattern" element, where a complaint alleges RICO claims against multiple defendants, the plaintiff must allege "at least two predicate acts by each defendant." *In re WellPoint, Inc.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011); *see also Harmoni Int'l Spice, Inc. v. Bai*, No. CV1600614BROASX, 2016 WL 6542731, at *25 (C.D. Cal. May 24, 2016) (dismissing RICO claim against defendants who were only alleged to have committed one predicate act).  To satisfy the enterprise element, a complaint must sufficiently allege "how Defendants associated together for a common purpose." *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015).  "[B]are assertions of a pattern of racketeering activity," however, that do not specify "what exactly each individual did, when they did it, or how they functioned together as a continuing unit" are insufficient. *Id*.

The Amended Complaint does not adequately allege that Mr. Antoon committed any predicate acts.  In connection with each purported predicate act, the Amended Complaint merely alleges conduct by "MindGeek," "Defendants," or "enterprise members."  (*See, e.g.*, AC ¶¶ 436-42 (discussing sex trafficking as a predicate act by "Defendants").  The bare assertion that "[e]ach Defendant

- 29 -

performed or participated in the performance of at least two of the predicate acts"
(AC ¶ 459), without any facts describing the conduct, is plainly insufficient.  The
only reference to Mr. Antoon in connection with a purported predicate act occurs
in the Amended Complaint's discussion of wire fraud.  (*See* AC ¶¶ 446-54.)
There, the Amended Complaint alleges that in furtherance of a scheme to deceive
"the public, government, and its users that MindGeek was the world's leading
technology companies . . . MindGeek used the mails and wires to" among other
things, "issue numerous public misrepresentations in furtherance of this scheme,
including, inter alia, false testimony before the Canadian House of Commons by
Antoon and Tassilo."  (AC ¶ 446-47.)  Whatever type of wire fraud scheme
Plaintiff may be attempting to describe here, it is clearly not one alleged to have
been committed by Mr. Antoon, but by "MindGeek."

The Amended Complaint also fails to adequately allege that Mr. Antoon
participated in the conduct of a RICO enterprise.  The Amended Complaint does
not set out what role Mr. Antoon played in the alleged enterprise, how he
associated with others, or what specific conduct he engaged in to further the
purpose of the enterprise.  The Amended Complaint's conclusory allegations that
Mr. Antoon "directed and controlled" a "network of sham shell companies" (AC ¶
423), or that "Defendants Antoon, Urman, Tassillo, and other Bro-Club members,"
among other things, "direct[ed]" a "scheme to purchase trafficked and
nonconsensual content," "orchestrat[ed]" a "complex shell game to facilitate and
mask criminal content," and "provid[ed] false testimony to the Canadian House of
Commons," (AC ¶ 428) do not satisfy Plaintiff's burden to allege with specificity
Mr. Antoon's involvement in an enterprise.  *See Doan*, 617 F. App'x at 686
(affirming dismissal of complaint lacking sufficient factual allegations of
defendants' conduct in connection with alleged RICO enterprise); *Forest
Ambulatory Surgical Assocs., L.P. v. Ingenix, Inc.*, No. CV122916PSGFFMX,
2013 WL 11323601, at *6 (C.D. Cal. Dec. 13, 2013) (plaintiff's naked assertions,

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

"[d]evoid of any factual predicate," that defendants "directed and controlled the affairs of the enterprise" were "patently conclusory").

Because the Amended Complaint fails to plead facts satisfying key elements of a RICO claim, Plaintiff's Seventh and Eighth causes of action should be dismissed.

Plaintiff's RICO conspiracy claim under 18 U.S.C. § 1962(d) (Count VIII) should also be dismissed as against Mr. Antoon because to maintain a section 1962(d) claim a plaintiff must properly plead a primary RICO claim, which Plaintiff has failed to do. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (affirming dismissal of plaintiffs' RICO conspiracy claim because "the failure to allege substantive violations precludes their claim that there was a conspiracy to violate RICO"); *Eclectic Properties E.*, 751 F.3d at 1000 ("Because we affirm the dismissal of Plaintiffs' RICO allegations, we also affirm the dismissal of Plaintiffs' allegations of RICO conspiracy.").

### 4.  Plaintiff's State Law Claims Should be Dismissed.

The Court should dismiss Plaintiff's state law claims against Mr. Antoon pursuant to Rule 12(b)(6) for the reasons set forth in the concurrently filed memoranda of points and authorities submitted by the MindGeek Entities, Bernd Bergmair, David Tassillo, and Corey Urman, which Mr. Antoon joins.   These claims are: Count IX (Public Disclosure of Private Facts), Count X (Intrusion into Private Affairs), Count XI (Placing Plaintiff in a False Light), Count XII (Common Law Misappropriation of Name and Likeness), Count XIII (California Statutory Misappropriation), Count XIV (Cal. Civ. Code § 1708.85), Count XV (Negligence), Count XVI (Cal. Bus. & Prof. Code §§ 17200 and 17500), and Count XVII (Civil Conspiracy).

These claims also fail because each of them is devoid of facts relating to Mr. Antoon.  Here too, the Amended Complaint describes conduct by the collective "MindGeek" and repeatedly relies on conclusory allegations for the elements of the

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

claims asserted. *See, e.g.*, Count IX (AC ¶ 480) ("*MindGeek* disclosed the videos and images of sexually explicit conduct, including nonconsensual sexual acts and child pornography, of Plaintiff with *knowledge* that they are highly offensive" (emphasis added)); Count XVIII (AC ¶ 503) ("MindGeek *knowingly* appropriated Plaintiff's identity, image, likeness, and pictures" (emphasis added)).  For the reasons described above, such conclusory pleading is not sufficient to survive Mr. Antoon's motion to dismiss.

## III.  THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE SECTION 230 IMMUNITY EXTENDS TO MR. ANTOON

Finally, the Amended Complaint fails to state a claim against Mr. Antoon because Section 230 of the Communications Decency Act shields Mr. Antoon from liability for content posted on the MindGeek Entities' websites by third parties.

Under Section 230, Interactive Computer Service Providers ("ICSPs") enjoy broad immunity from liability for content posted by third parties to their websites. *See* 47 U.S.C. § 230; *see also Doe v. Mindgeek USA Inc.*, No. SACV2100338CJCADSX, 2021 WL 4167054, at *3 (C.D. Cal. Sept. 3, 2021).

Section 230 applies when, as here, a plaintiff seeks to treat defendants as publishers or speakers of information provided by others.  *See* 47 U.S.C. § 230(c)(1); *see also Gonzalez v. Google, LLC*, 2 F.4th 871, 891 (9th Cir. 2021). Section 230 immunity extends to officers of an ICSP, such as Mr. Antoon.  *See Klayman v. Zuckerberg*, 753 F.3d 1354, 1357-58 (D.C. Cir. 2014) (concluding Section 230 immunity applies to Facebook CEO Mark Zuckerberg because complaint seeks to hold him accountable for his role in making Facebook's service available); *People v. Ferrer*, No. 16FE019224, 2016 WL 7237305, at *11 (Cal. Super. Dec. 09, 2016) (concluding Section 230 immunity applied to company and its officers).

**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1   Even if the Court concludes that the MindGeek Entities do not qualify for
2   Section 230 protection because Plaintiff has adequately alleged that the MindGeek
3   Entities participated in sex trafficking or played a role in content creation or
4   development, Section 230 immunity should nevertheless apply to Mr. Antoon.
5   The Amended Complaint does not include any factual allegations connecting Mr.
6   Antoon to a sex trafficking venture.  Nor has Plaintiff alleged that Mr. Antoon
7   engaged in content creation or development, particularly with respect to the videos
8   and images depicting Plaintiff in this case.  Because there is no basis for
9   concluding that an exception to Section 230 immunity applies, and for the reasons
10  set forth in the memorandum of points and authorities concurrently filed by the
11  MindGeek Entities, Bernd Bergmair, David Tassillo, and Corey Urman, which Mr.
12  Antoon joins, the Court should the dismiss the claims against Mr. Antoon pursuant
13  to Rule 12(b)(6) because they are barred under Section 230.

14  **IV.   CONCLUSION**

15  For the reasons discussed above, Feras Antoon respectfully requests that the
16  Court dismiss the claims against him with prejudice for lack of personal
17  jurisdiction or, in the alternative, for failure to state a claim.

18  Dated: May 23, 2022

WIECHERT, MUNK & GOLDSTEIN, PC

By: /s/ *David W. Wiechert*
David W. Wiechert (SBN 94607)

COHEN & GRESSER LLP

Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (admitted *pro hac vice*)
Colin C. Bridge (admitted *pro hac vice*)
*Attorneys for Defendant Feras Antoon*

- 33 -
**DEFENDANT FERAS ANTOON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**