Michael J. Bowe
(*admitted pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*admitted pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:  (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>　　　　Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>HON. CORMAC J. CARNEY<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO INTERNATIONAL CENTER FOR LAW & ECONOMICS' MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**<br><br>Date:　　August 8, 2022<br>Time:　　1:30 p.m.<br>Courtroom:　　9B |

Serena Fleites ("Fleites" or "plaintiff") respectfully submits this Response in Opposition to International Center for Law & Economics' ("ICLE") Motion for Leave to Participate as Amicus Curiae in Support of Defendant Visa, Inc.'s Motion to Dismiss (Dkt. 145) (the "Amicus Motion").

## INTRODUCTION

Clear legal precedent instructs that amicus appearances are "seldom appropriate" at the trial level, and ICLE has failed to demonstrate entitlement to amicus status. Amicus briefs are frequently rejected at the trial level when submitted in support of a party such as Visa, Inc. ("Visa") whose interests are adequately represented through counsel. ICLE's proposed brief is among the "vast majority of amicus curiae briefs . . . filed by allies of litigants," which seek only to bolster a friendly party's arguments and effectively extend the length of that party's brief. ICLE does not have any legally recognized "special interest" in this litigation. ICLE's beliefs, even if sincerely held, "do not qualify as 'special interests' that would weigh in favor of granting amici status."

Accordingly, for the reasons set forth herein, the Court should deny the Amicus Motion.

## ARGUMENT

### I.  VISA IS ADEQUATELY REPRESENTED IN THIS ACTION.

ICLE improperly seeks to inundate the Court with motion papers on an issue that has been adequately briefed. "[T]he consideration of an amicus brief is solely within the discretion of the court and is seldom appropriate at the level of the trial level where the parties are adequately represented by experienced counsel." *Jones v. Becerra*, No. 3:19-CV-01226-L-AHG, 2020 WL 8920621, at *1 (S.D. Cal. Jan. 14, 2020) (quoting *ForestKeeeper v. Elliott*, 50 F.Supp.3d 1371, 1380 (E.D. Cal. 2014); citing *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

1  Visa is represented by counsel that is perfectly capable of arguing the merits
2  of its motion to dismiss without ICLE's assistance.  Indeed, through counsel, Visa
3  has already submitted a comprehensive brief in support of its motion to dismiss
4  plaintiff's RICO and sex trafficking claims against Visa and will undoubtedly
5  submit further briefing in reply to plaintiff's opposition.  *See* Dkt. 138-1,
6  Memorandum of Law in Support of Defendant Visa Inc.'s Motion to Dismiss ("Visa
7  Motion").  While ICLE purports to provide the Court valuable expertise on the
8  economics and operation of payment networks (*see* Dkt. 145, Proposed Amicus
9  Curiae Brief at 13-15), surely these are both areas that Visa, as a vast, international
10 payment processor, understands in detail and can explain without ICLE's assistance.

## II.   THE AMICUS BRIEF MERELY EXTENDS THE LENGTH OF VISA'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS.

Rather than providing "unique information or perspective" to help the Court, ICLE merely restates Visa's arguments.  Courts routinely deny amicus status where the amicus "lacks 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Motiv Grp., Inc. v. Cont'l Cas. Co.*, No. 2:20-CV-09368-ODW (EX), 2021 WL 1240779, at *4 (C.D. Cal. Apr. 1, 2021) (quoting *Io Grp., Inc. v. Veoh Networks, Inc.*, No. C06-03926 HRL, 2007 WL 2433385, at *1 (N.D. Cal. Aug. 22, 2007)).  Courts in this District have agreed with Judge Posner's observation that "[t]he vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." *Henry v. Jury*, No. EDCV1800983CJCMAA, 2018 WL 11350039, at *1 (C.D. Cal. July 3, 2018) (quoting *Ryan*, 125 F.3d at 1063 (7th Cir. 1997)); *see also Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB MDD, 2012 WL 849167, at *4 (S.D. Cal. Mar. 13, 2012) ("An amicus brief is meant to assist the court and not merely extend the length of the litigant's brief.").  Where an amicus brief "sets forth arguments similar

to those" already made by a party's counsel, courts deny leave to file an amicus brief. *Motiv Grp.*, 2021 WL 1240779, at *5 (C.D. Cal. Apr. 1, 2021).

Here, ICLE's proposed amicus brief acts merely as an extension of Visa's briefing, restating arguments that Visa has already put forth. ICLE's proposed brief repeats Visa's policy-based arguments that it should not held liable for its knowing assistance and support of MindGeek's global sex trafficking venture, ignoring statutory text that extends liability to wrongdoers such as Visa. *Compare, e.g*, Proposed Amicus Brief at 4 *with* Visa Motion at 11-16, 22 (both arguing that Visa did not participate in a sex trafficking venture or a RICO enterprise with the other defendants).

### III.   ICLE DOES NOT HAVE A SPECIAL INTEREST IN THIS LITIGATION.

ICLE has not demonstrated any interest specific to this action that justifies amicus status. "[A] district court lacking joint consent of the parties should go slow in accepting . . . an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementary assistance." *Barnes-Wallace v. Boy Scouts of Am.*, No. 00-CV-1726-J (AJB), 2004 WL 7334937, at *1 (S.D. Cal. Mar. 15, 2004) (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970); *see also Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003). "The potential amici must show more than simply 'a generalized interest in all cases' of a similar subject matter." *Dwelling Place Network v. Murphy*, No. CV 20-6281 (RBK/AMD), 2020 WL 3056305, at *2 (D.N.J. June 9, 2020).

ICLE does not assert any special interest in this action, but moves for amicus status only because it generally disagrees with plaintiff's position. ICLE is not, for example, a similarly situated party who might be impacted by the Court's decision on Visa's motion to dismiss. ICLE is instead a think tank with a "generalized

interest" in the outcome of plaintiff's claims against Visa. Such views, even if sincerely held, "do not qualify as 'special interests' that would weigh in favor of granting amici status." *Granillo v. FCA US LLC*, No. CV-16-153 (FLW) (DEA), 2018 WL 4676057, at *5 (D.N.J. Sept. 28, 2018).

### IV. IF THE COURT GRANTS THE AMICUS MOTION, PLAINTIFF SHOULD BE ALLOWED TO FILE A REPLY.

For the reasons set forth above, ICLE's proposed amicus brief is not helpful to the Court in its consideration of Visa's pending motion to dismiss, and the Amicus Motion should be denied. However, should the Court grant the Amicus Motion and allow ICLE to file its brief, plaintiff respectfully requests that the Court allow plaintiff two weeks to prepare and file an opposition. *See Duronslet v. Cnty. of Los Angeles*, No. 2:16-CV-08933-ODW(PLAx), 2017 WL 5643144, at *2 (C.D. Cal. Jan. 23, 2017) (granting leave to file a reply to amicus brief).

### CONCLUSION

For all the reasons set forth above, this Court should deny the Amicus Motion and strike ICLE's proposed amicus brief.

DATED: July 18, 2022            Respectfully submitted,
                                BROWN RUDNICK LLP

                                By: */s/ Michael J. Bowe*
                                Michael J. Bowe (*pro hac vice*)
                                Lauren Tabaksblat (*pro hac vice*)

                                *Attorneys for Plaintiff*