1

2  WIECHERT, MUNK & GOLDSTEIN, PC
   David Wiechert, CA Bar No. 94607
3  27136 Paseo Espada, Ste. B1123
   San Juan Capistrano, CA 92675
4  Phone: (949) 361-2822
   Fascimile: (949) 361-5722
5  Email: dwiechert@aol.com

6  MORVILLO ABRAMOWITZ GRAND IASON &
   ANELLO PC
7  Jonathan S. Sack (*pro hac vice*)
   Karen R. King (*pro hac vice*)
8  Ryan McMenamin (*pro hac vice*)
   565 Fifth Avenue
9  New York, New York 10017
   Phone: (212) 856-9600
10 Facsimile: (212) 856-9494
   Email: jsack@maglaw.com
11 Email: kking@maglaw.com
   Email: rmcmenamin@maglaw.com

12
   *Attorneys for Specially Appearing*
13 *Defendant David Tassillo*

14            **UNITED STATES DISTRICT COURT**

15           **CENTRAL DISTRICT OF CALIFORNIA**

16

17 SERENA FLEITES

18                         Plaintiff,            Case No. 2:21-cv-4920-CJC

19         v.                                    **REPLY IN FURTHER**
                                                 **SUPPORT OF MOTION TO**
20 MINDGEEK S.A.R.L. a foreign entity; MG        **DISMISS THE AMENDED**
   FREESITES, LTD., a foreign entity;            **COMPLAINT (DKT No. 124-**
21 MINDGEEK USA INCORPORATED, a                  **3) ON BEHALF OF**
   Delaware corporation; MG PREMIUM              **SPECIALLY APPEARING**
22 LTD, a foreign entity; MG GLOBAL              **DEFENDANT DAVID**
   ENTERTAINMENT INC., a Delaware                **TASSILLO**
23 corporation; 9219-1568 QUEBEC, INC.
   (D/B/A) MINDGEEK,  foreign entity;            **Date:  August 8, 2022**
24 BERND BERGAMAIR, a foreign                    **Time: 1:30 p.m.**
   individual; FERAS ANTOON, a foreign           **Courtroom:  9 B**
25 individual; DAVID TASSILLO, a foreign         **Judge: Hon. Cormac J. Carney**
   individual; COREY URMAN, a foreign
26 individual; VISA INC., a Delaware
   corporation; COLBECK CAPITAL DOES
27 1-5; and BERGMAIR DOES 1-5

28                         Defendants.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ............................................................................................ 3

I.   PLAINTIFF HAS NOT MET HER BURDEN OF
     PLEADING PERSONAL JURISDICTION OVER
     DAVID TASSILLO ...................................................................... 3

     A.   Plaintiff's Group Pleading Fails to Demonstrate
          Alter Ego Status .................................................................. 4

          1.   The Amended Complaint Does Not Allege
               "Injustice" .................................................................. 6

          2.   The Amended Complaint Does Not
               Sufficiently Allege That Mr. Tassillo
               Controlled an International Enterprise ........................ 7

          3.   Plaintiff Fails to Rebut the MindGeek
               Affidavit Contradicting the Allegations in
               the Amended Complaint ............................................ 10

     B.   Plaintiff Has Failed to Establish Personal
          Jurisdiction pursuant to 18 U.S.C. § 1965(b) and
          Fed. R. Civ. P. 4(k)(2)(1) ................................................ 12

     C.   Jurisdictional Discovery Is Not Warranted ...................... 14

II.  PLAINTIFF'S AMENDED COMPLAINT FAILS TO
     SATISFY BASIC NOTICE PLEADING
     REQUIREMENTS AS TO MR. TASSILLO ............................... 17

CONCLUSION ...................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>Cases</u>

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
   368 F.3d 1171 (9th Cir. 2004) ...............................................................14

*ADO Finance, AG v. McDonnell Douglas Corp*,
   931 F. Supp. 711 (C.D. Cal. 1996) .......................................................11

*Barantsevich v. VTB Bank*,
   954 F.Supp.2d 972(C.D. Cal. 2013) ....................................................16

*Beatport LLC v. SoundCloud Ltd*,
   2020 WL 3977602 (C.D. Cal. July 13, 2020)......................................19

*Blue Diamond Growers v. Texas Best Smokehouse, Inc.*,
   2008 WL 5386762 (E.D. Cal. Dec. 22, 2008) .....................................15

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ..............................................................19

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ..............................................................14

*Brophy v. Almanzar*,
   359 F. Supp. 3d 917 (C.D. Cal. 2018) .................................................15

*Click v. Dorman Long Technology, Ltd.*,
   2006 WL 2644889 (N.D. Cal. Sept. 14, 2006)......................................3

*Conservation Force v. Salazar*,
   677 F.Supp.2d 1203 (N.D. Cal. 2009)............................................4, 19

*Daimler v. AG Bauman*,
   571 U.S. 117 (2014)................................................................................5

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
   557 F.2d 1280 (9th Cir. 1977) ..............................................................10

*Davis v. Metro Prods., Inc.*,
　　885 F.2d 515 (9th Cir. 1989) ..................................................................................3

*Don't Look Media LLC v. Fly Victory Limited*,
　　999 F.3d 1284 (11th Cir. 2021) ...........................................................................13

*Fasugbe v. Willms*,
　　2011 WL 2119128 (E.D. Cal. May 26, 2011) ......................................................10

*Fed. Reserve Bank of San Fran. v. HK Sys.*,
　　1997 WL 227955 (N.D. Cal. Apr. 24, 1997)........................................................12

*Getz v. Boeing Co.*,
　　654 F.3d 852 (9th Cir. 2011) ...............................................................................15

*Hasso v. Hapke*,
　　227 Cal. App. 4th 107 (Ct. App. 2014) ..................................................................5

*Horton v. NeoStrata Co. Inc.*,
　　2016 WL 11622008 (S.D. Cal. Nov. 22, 2016)......................................................8

*Iconlab v. Bausch Healthcare Companies Inc.*,
　　828 F. App'x 363 (C.D. Cal. 2020) ........................................................................6

*In re Boon Glob. Ltd.*,
　　923 F.3d 643 (9th Cir 2019) ................................................................................19

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
　　326 U.S. 310 (1945)................................................................................................3

*Johnson v. Mitchell*,
　　2012 WL 1657643 (E.D. Cal. May 10, 2012) ......................................................15

*LNS Enterprises LLC v. Cont'l Motors Inc.*,
　　464 F. Supp. 3d 1065 (D. Ariz. 2020) ..................................................................15

*McHenry v. Renne*,
　　84 F.3d 1172 (9th Cir. 1996) .................................................................................9

*NuCal Foods, Inc. v. Quality Egg LLC*,
　　887 F.Supp.2d 977 (E.D. Cal. 2012) ......................................................................6

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ................................................................................14

*Perrin v. Sw. Water Co.*,
   2011 WL 10756419 (C.D. Cal. June 30, 2011) ....................................................18

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ..........................................................................6, 9

*Shimmick Constr. Co. v. Officine Meccaniche Galletti-O.M.G.S.R.L.*,
   2014 WL 5847440 (S.D. Cal. Nov. 12, 2014) ........................................................6

*Siler v. Fulfillment Lab, Inc.*,
   2020 WL 7226436 (S.D. Cal. Dec. 8, 2020) ........................................................12

*State Comp. Ins. Fund v. Khan*,
   2013 WL 12132027 (C.D. Cal. July 30, 2013) .................................................9, 19

*Symettrica Entertainment, Ltd. V. UMG Recordings, Inc.*
   2019 WL 8806093 (C.D. Cal. Sept. 20, 2019) ........................................10, 11, 15

*Stewart v. Screen Gems-Emi Music, Inc.*,
   81 F. Supp. 3d 938 (N.D. Cal. 2015) ..................................................................16

*Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*,
   2019 WL 3842995 (S.D. Cal. Aug. 14, 2019) ........................................................8

*U.S. E.E.O.C. v. Am. Laser Centers LLC*,
   2010 WL 3220316 ...................................................................................................8

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
   556 F.2d 406 ..........................................................................................................14

*Wolf Designs, Inc. v. DHR Co.*,
   322 F. Supp. 2d 1065 (C.D. Cal. 2004) ..................................................................4

## Statutes and Rules

18 U.S.C. § 2252 ......................................................................................................18

18 U.S.C. § 1965(b) .................................................................................................12

Cal. Civ. Code § 1708.85 ........................................................................18

Federal Rule of Civil Procedure 4(k)(2)(1) ............................................12

Federal Rule of Civil Procedure 12(b)(2)..................................................2

Federal Rule of Civil Procedure 12(b)(6)..................................................2

# **PRELIMINARY STATEMENT**

Plaintiff has now had several opportunities to articulate *specific* facts supporting personal jurisdiction over David Tassillo and substantive wrongdoing on his part.  But the Amended Complaint contains no such facts.  Instead, as to Mr. Tassillo, the 169-page Amended Complaint consists of little more than a handful of pejorative phrases devoid of fact—for example, that Mr. Tassillo is a "made m[a]n" and part of the so-called "Bro-Club" (Opp. 17)—and vague, general allegations that Mr. Tassillo, by virtue of his corporate position, "implemented" or "executed" policies of "MindGeek."[1]  These broad-brush, conclusory assertions are not sufficient to plead personal jurisdiction or a cognizable claim against Mr. Tassillo and do not meet, or come close to meeting, the basic requirements of fair pleading in the Ninth Circuit.

With respect to personal jurisdiction, Mr. Tassillo's moving brief made clear that Mr. Tassillo's work at a company in Canada (where he lives) does not give rise to personal jurisdiction over him in this Court in California.  (*See* Tassillo Mot. to Dismiss Br. at 13-19.)  Plaintiff tries to get around this fundamental defect in her pleading by invoking the alter ego doctrine, claiming that Mr. Tassillo and countless other individuals and entities are indistinguishable and interchangeable, and that this nebulous and undifferentiated group controlled a network of MindGeek Entities that ignored corporate forms.  Yet no specific facts alleged in the Amended Complaint support this notion.  Plaintiff does little more than recite the well-known elements of an alter ego claim and repeat conclusory assertions that the elements have been satisfied.  But Plaintiff fails to allege any specific injustice to Plaintiff—which is a fundamental defect in her claim—

---

[1]  Plaintiff lumps together the corporate defendants—mostly non-U.S. entities—and treats them as a single business entity which Plaintiff calls "MindGeek." (*See* Am. Compl. ¶ 39.) For purposes of this brief, we refer to the corporate entities that Plaintiff alleges to be part of "MindGeek" as the "company."

and fails to allege any specific action by Mr. Tassillo that furthered or even suggested a disrespect for corporate forms, personal control, diversion of funds, or manipulation of entities for his own ends. Without the concrete allegations needed to plead the doctrine adequately, Plaintiff's argument fails.

With respect to allegations of substantive wrongdoing, Plaintiff's arguments fail for the same basic reason as her allegations of personal jurisdiction. The Amended Complaint lacks even the slightest specification of what Mr. Tassillo did to commit the substantive violations alleged in the Amended Complaint. Group pleading and speculative claims of massive wrongdoing do not compensate for fundamentally defective pleading.

In the absence of allegations of specific acts by Mr. Tassillo in or aimed at California or the United States as a whole, Plaintiff resorts to repeating her sweeping, conclusory, group allegations, and complaining that "information concerning the activities and jurisdictional contacts of each entity is uniquely within defendants' possession." (Opp. 81.) Plaintiff's argument would, in effect, shift the burden to Mr. Tassillo to disprove assertions of jurisdiction and wrongdoing devoid of specific factual allegations. Federal pleading rules do not operate in this fashion, and Plaintiff may not simply shrug off the burden of pleading specific facts sufficient to support personal jurisdiction and cognizable claims.

Mr. Tassillo's motion to dismiss the Amended Complaint should be granted with prejudice.[2]

---

[2] The Court should also dismiss Plaintiff's claims against Mr. Tassillo for the reasons set forth in the concurrently filed reply memoranda of law submitted by the MindGeek Entities, Bernd Bergmair, Feras Antoon, and Corey Urman pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, which Mr. Tassillo joins. Further, where a particular point in our moving brief is not addressed on reply, we rest on the arguments offered in that brief.

# ARGUMENT

## I. PLAINTIFF HAS NOT MET HER BURDEN OF PLEADING PERSONAL JURISDICTION OVER DAVID TASSILLO

Failure to plead personal jurisdiction was a central argument in Mr. Tassillo's fully briefed first motion to dismiss. Plaintiff thereafter amended the complaint and has had the benefit of another round of briefing. Plaintiff has not rectified, and continues to ignore, the fundamental defects in her pleading. Rather than address the jurisdictional issues squarely, Plaintiff dismisses them as "procedural challenges," and "nothing more than last-ditch efforts to use [] shadowy, sham-shell corporate structure to sow confusion and prevent this Court from exposing the[] criminal corporate enterprise." (Opp. 71.)

To the contrary, personal jurisdiction is a fundamental threshold Constitutional requirement. The Due Process Clause, as the U.S. Supreme Court has repeatedly noted, "does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,* 326 U.S. 310, 326 (1945). Plaintiff's failure to meet her burden of pleading personal jurisdiction over Mr. Tassillo calls for dismissal of the Amended Complaint against him.

Plaintiff all but concedes that Mr. Tassillo has no relevant individual contacts with California or the United States. The Amended Complaint is devoid of any intentional act Mr. Tassillo took in, or expressly aimed at, either forum. Instead, Plaintiff tries to impute alleged actions by the company to Mr. Tassillo personally by virtue of his position at the company. This is not a legitimate basis for *personal* jurisdiction.

As discussed in Mr. Tassillo's moving brief, under the fiduciary shield doctrine, the acts of a corporate employer may not be imputed to an employee for jurisdictional purposes unless he is the "guiding spirit" of the alleged wrongful

conduct directed at the forum, or an alter ego of an entity that is subject to personal jurisdiction. *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989); *see also Click v. Dorman Long Technology, Ltd.,* 2006 WL 2644889, *4 (N.D. Cal. Sept. 14, 2006) ("[In] order for fiduciary shield protections to be unavailable to defendants acting on behalf of their employer . . . a defendant's contacts must give rise to some identifiable theory of liability pursuant to which the defendant's contacts on behalf of the corporate employer may justifiably be imputed to the defendant individually."); *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) ("[M]ere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other unreasonable participation in the unlawful conduct by the individual."). Even after two lengthy complaints and multiple sets of briefs, Plaintiff still fails to address, much less overcome, the decisions in the Ninth Circuit that consistently apply the fiduciary shield doctrine and dismiss complaints for lack of personal jurisdiction over corporate officers.

Neither the guiding spirit nor the alter ego exception applies to Mr. Tassillo, and Plaintiff's claim of personal jurisdiction fails under the fiduciary shield doctrine.[3]

## A.    Plaintiff's Group Pleading Fails to Demonstrate Alter Ego Status

Plaintiff contends that this Court has jurisdiction over Mr. Tassillo on the theory that he (among many other individuals and entities) is an alter ego of two MindGeek entities operating in California—MindGeek USA and MG Global.

---

[3] Plaintiff does not address the "guiding spirit" exception or invoke it as to Mr. Tassillo. Accordingly, the argument is waived. *Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.") (citation omitted). In any event, a guiding spirit claim is unavailing here for the reasons stated in Mr. Tassillo's moving brief. (*See* Tassillo Mot. to Dismiss at 18-19.) Even more, the absence of guiding spirit allegations and claims provides further support for Mr. Tassillo's argument that the Amended Complaint does not allege facts supporting jurisdiction over him or substantive wrongdoing on his part.

(Opp. 72.)  But, as demonstrated in Mr. Tassillo's moving brief, Plaintiff fails to plead any of the requisite elements of alter ego relationship between Mr. Tassillo and either of the two California entities (or any other MindGeek entity).  (*See* Tassillo Mot. to Dismiss at 13-18.)  Of the Amended Complaint's 534 paragraphs, only six even mention the California entities, and these are not tied to Mr. Tassillo. (*See* Amended Compl. ¶¶ 21, 23, 33, 40, 41, 310.)  Plaintiff offers no allegation whatsoever of a connection between Mr. Tassillo and either company (beyond the bald assertion that he is "COO of all MindGeek-related entities") or of any injustice to Plaintiff.[4]

Rather than plead the requisite factual allegations for alter ego, Plaintiff relies on group pleading to conjure up a web of alter egos "involving all defendants" and "hundreds of sham MindGeek entities with no legitimate purpose." (Opp. 77; *see also* Amended Compl. ¶¶ 31, 41, 42, 131, 132, 134.)  From these nebulous allegations, Plaintiff argues that the jurisdictional contacts of any member of the alleged web of entities (like MindGeek USA and MG Global) should be imputed to Mr. Tassillo.  (Opp. 3, 5.)  This argument is thoroughly unsupported and inadequate to satisfy the individualized pleading requirements for personal jurisdiction.  Plaintiff fails to identify *any act* of Mr. Tassillo with respect to her alter ego theory even though the case law is clear that alter ego status is an "extreme remedy, sparingly used," requiring specific support.  *Hasso v. Hapke*, 227 Cal. App. 4th 107, 155 (Ct. App. 2014).  Plaintiff's argument fails on multiple levels.

Simply asserting the Amended Complaint contains "detailed" allegations that would support alter ego liability does not make it so.  (*See e.g.,* Opp. 3) (arguing, without support, that the Amended Complaint set forth the "extensive criminal activities" and "detailed allegations of each defendant's role in these

---

[4]  To the extent Plaintiff suggests that agency might be a basis for personal jurisdiction (Opp. 72), that theory of personal jurisdiction is no longer good law. *See Daimler v. AG Bauman*, 571 U.S. 117 (2014) (invalidating 9th Circuit test).

activities"; (Opp. 30) (arguing, without support, that the Amended Complaint contains "detailed allegations of [defendants'] participation in a sex trafficking venture"); (Opp. 45) (arguing, without support, that Plaintiff has established the "detailed allegations of each individual's role in the [RICO] Enterprise"); (Opp. 71) (arguing, without support, that she has established "detailed allegations of defendants' rackets, schemes, and wrongdoing"). Even a cursory review of the pleading belies this fiction. No such "details" about Mr. Tassillo's conduct are included in the Amended Complaint.

### 1.    The Amended Complaint Does Not Allege "Injustice"

Plaintiff's Opposition Brief cites the injustice prong of the alter ego test but the Amended Complaint is devoid of specific allegations needed to meet Plaintiff's burden of pleading this element of alter ego liability. That alone is fatal to her alter ego claim, and the Court need not conduct the remaining alter ego analysis.

To plead the injustice prong adequately, Plaintiff must allege that a defendant's failure to disregard the corporate form "would result in fraud or injustice." *See Iconlab v. Bausch Healthcare Companies Inc.*, 828 F. App'x 363, 364 (C.D. Cal. 2020) (quoting *Ranza v. Nike*, 793 F.3d 1059, 1073 (9th Cir. 2015). Plaintiff is unable to satisfy this "injustice" element if she can recover any potential judgment against the remaining defendants in the case. *See Shimmick Constr. Co. v. Officine Meccaniche Galletti-O.M.G.S.R.L.*, 2014 WL 5847440, at *7 (S.D. Cal. Nov. 12, 2014). To establish injustice, the plaintiff also "must be more than just a creditor attempting to recover on unsatisfied debts; it must show that a defendant's conduct amounted to *bad faith*." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 992 (E.D. Cal. 2012) (emphasis added).

Corporate defendants have appeared in this case, and Plaintiff has not alleged *any* specific facts showing that they are undercapitalized or have been deprived of assets or are otherwise shams, much less that Mr. Tassillo took any

- 6 -

action that left the companies in such a condition. *See Shimmick Construction Co.,* 2014 WL 5847440 at \*7 (where plaintiff alleged that one alter ego corporation was insolvent, the fact that he could "seek redress" from remaining defendants meant he was unable to satisfy "injustice" prong of alter ego test).  Plaintiff has not alleged any bad faith conduct of Mr. Tassillo that would deprive her of a remedy against an appropriate defendant.

In all events, Plaintiff has not made *any* showing that an inequitable, fraudulent, or unjust result will follow if Mr. Tassillo cannot be sued in California. Her failure to plead "injustice" provides a distinct reason for dismissal of her alter ego claim.

### 2.    The Amended Complaint Does Not Sufficiently Allege That Mr. Tassillo Controlled an International Enterprise

In addition to ignoring the "injustice" prong, Plaintiff also fails adequately to plead specific facts about Mr. Tassillo's control over the two California MindGeek entities or any MindGeek entity.  Plaintiff's assertion that the Amended Complaint "details" the ways in which Mr. Tassillo exercised control over the MindGeek entities (Opp. 31 n.8) is demonstrably untrue.  The Amended Complaint contains only the general allegation that Mr. Tassillo and other individual defendants "wield control over the operation of all MindGeek entities[,]" and that these individual defendants "implemented," "executed," "aggressively developed," "approved," or were "fully aware" of certain MindGeek policies or practices.  (*See e.g.,* Amended Compl. ¶¶ 171, 172, 181, 193, 195, 200, 209, 213, 214.)  Plaintiff's conclusory, group pleading that an "international network of sham companies was managed, directed, and controlled by defendants Antoon, Tassillo, Urman, Bergmair and others" (Opp. 17) cites to multiple paragraphs of the Amended Complaint, but none of the referenced paragraphs alleges a single thing Mr. Tassillo did or said to

1   "manage, direct or control" anything, much less an "international network of sham

2   companies."[5]

3      Repetition of such conclusory terms, utterly devoid of factual content and

4   specifics, falls far short of meeting Plaintiff's burden.  General allegations of

5   control are insufficient to establish alter ego liability.  (*See* Tassillo Mot. to

6   Dismiss at 14-17.)  That deficiency, in itself, is enough to defeat Plaintiff's theory

7   of jurisdiction.  *See Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*, 2019 WL

8   3842995, at *6 (S.D. Cal. Aug. 14, 2019) (rejecting as insufficient conclusory

9   allegations about control, including that defendants "dominated, influenced, and

10  controlled each other and the officers of one another, as well as the business,

11  property, and affairs of each other").

12     Plaintiff asserts that conclusory group pleading is permissible but has not

13  cited a single case to support this proposition in the context of claiming an alter

14  ego theory of personal jurisdiction or substantive liability.  In fact, courts

15  consistently reject group pleading in this context.  In *U.S. E.E.O.C. v. Am. Laser

16  Centers LLC*, for example, the court rejected plaintiffs' attempt at using group

17  pleading to argue alter ego status by alleging that the defendants' conduct "[was]

18  attributable to all" and each operated "under the direction and control of the

19  others."  2010 WL 3220316, at *5 (E.D. Cal. Aug. 13, 2010).  The court held that

20  plaintiff's assertion about control "was merely a conclusory allegation," and it

21  "had not alleged any specific facts to support its claim." *See also Horton v.

22  NeoStrata Co. Inc.*, 2016 WL 11622008, at *3 (S.D. Cal. Nov. 22, 2016) (rejecting

23  group pleading in the context of conclusory alter ego allegations).  The Amended

24  Complaint's group allegations similarly warrant dismissal as to Mr. Tassillo.

25     Plaintiff's allegations about an international web of *other* corporate shell

26  entities around the world cannot provide the basis for a finding of alter ego liability

27

28  _____
    [5] Even the issue of control is not consistent in Plaintiff's pleading, as explained in
    Mr. Tassillo's moving brief. (*See* Tassillo Mot. to Dismiss Br. 16 n.5.)

DAVID TASSILLO'S REPLY
CASE NO. 2:21-cv-4920-CJC

between Mr. Tassillo and the two MindGeek entities operating in California—MindGeek USA and MG Global—or any of the MindGeek entity defendants *in this case*. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070-71 (9th Cir. 2015) ("The alter ego test is designed to determine whether the [parties] are not really separate entities, such that one entity's contacts with the forum state can be fairly attributed to the other.") (internal quotation marks omitted).

Plaintiff also mischaracterizes this Court's decision in *State Comp. Ins. Fund v. Khan*, 2013 WL 12132027 (C.D. Cal. July 30, 2013) (Carney, J) and incorrectly cites *Khan* for the principle that group pleading is permissible in civil RICO actions (Opp. 51), when in fact, this Court stated just the opposite. *See Khan*, 2013 WL 12132027 at *4 ("[Plaintiff] failed to plead the role of each defendant in the scheme because it used 'group pleading,' making it unclear which allegations were directed at which defendants . . . [Plaintiff] has corrected these problems in the SAC.").

In sum, Plaintiff fails to meet her pleading obligations by lumping Mr. Tassillo into a group that allegedly controls a network of hundreds of unidentified shell companies. Plaintiff makes the leap of arguing that, via this network of shell companies, Mr. Tassillo had control of the entities subject to jurisdiction in California, but Plaintiff fails to allege any facts showing Mr. Tassillo's control over the network.[6] Group pleading on top of group pleading is not consistent with fundamental principles of fair notice and due process. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but . . . without

---

[6] Plaintiff's failure to plead ownership adequately was discussed in Mr. Tassillo's moving brief (*see* Tassillo Mot. to Dismiss at 16-17), but was not addressed in Plaintiff's Opposition Brief.

simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").[7]

### 3. Plaintiff Fails to Rebut the MindGeek Affidavit Contradicting the Allegations in the Amended Complaint

Plaintiff's alter ego allegations are also defeated by her failure to rebut the affidavit submitted by the MindGeek Entities. The affidavit states that the entities observe corporate formalities and are adequately capitalized.  (*See* Andreou Decl. ¶¶ 11-35).  Plaintiff's allegations suggesting otherwise should be disregarded.  *See Fasugbe v. Willms,* 2011 WL 2119128, at *3 (E.D. Cal. May 26, 2011) (*citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) ("Once a defendant has contradicted the allegations contained in the complaint, [] a plaintiff may not rest on the pleadings, but must present evidence which, if true, would support the exercise of personal jurisdiction.").

In *Symmetrica*, this Court rejected an alter ego theory of personal jurisdiction against directors of a foreign entity because the plaintiff provided "only conclusory statements which allege that there is a unity of interest."  2019 WL 8806093, at *4 (C.D. Cal. Sept. 20, 2019).  Plaintiff tries (in a footnote) to minimize the decision in *Symmetrica*, calling it "distinguishable" because that case was "based on detailed affidavits" and "mere affiliation" with the purported alter ego. (*See* Opp. 75 n.39.)  Plaintiff is plainly wrong, as the Andreou Declaration is more substantial and detailed than either declaration submitted in the *Symmetrica* case.  *Compare Fleites v. MindGeek S.A.R.L. et al*, No. 2:21-cv-04920 (C.D. Cal. Jun. 16, 2021), Dkt. 139-3, Andreou Decl., (9 pages) *with Symmetrica*

---

[7] Plaintiff alleges in the Amended Complaint that Mr. Tassillo was a "made" man in a small group of individuals who referred to themselves as the "Bro Club." Notably, Plaintiff omitted Mr. Tassillo from the "Bro Club" and did not refer to him as a "made" man in the initial Complaint.  (*See* Compl. ¶¶ 93-94, 537). Inclusion in the Bro Club came only after the omission was pointed out in Mr. Tassillo's initial motion to dismiss the Complaint.  (*See* Dkt. 67, Tassillo Mot. to Dismiss at 7.)  These shifting allegations are indicative of the speculative and unreliable nature of Plaintiff's pleadings as to Mr. Tassillo.

*Entertainment, Ltd v. UMG Recordings, Inc.*, 2:10-cv-01192 (C.D. Cal. Feb. 15, 2019), Dkt. 29-2, 29-3, Clarkson Decl., O'Dell Decl., (6 and 7 pages, respectively).

The decision in *Symmetrica* squarely addresses—and rejects—the arguments advanced by Plaintiff here. *See Symmetrica Entertainment, Ltd v. UMG Recordings, Inc.*, 2:10-cv-01192 (C.D. Cal. Feb. 15, 2019), Dkt. 30, Symmetrica's Opposition to Mot. to Dismiss for Lack of Jurisdiction, (arguing that "the evidence shows that the Symettrica Principals have intentionally structured their ownership and management of Symettrica through layers of interlocking corporate entities in an effort to avoid personal liability while assuring that a thinly (indeed, negatively) capitalized Symettrica can engage in purposeful copyright infringement without economic risk."). The plaintiff in *Symmetrica*, as here, made generalized allegations that the corporate entities were undercapitalized, had a lack of corporate separateness, and that the individual defendants had commingled funds with their own. In response, as here, the defendants submitted sworn declarations that refuted plaintiff's alter ego allegations. This Court concluded then that, without a response from the plaintiff, it "cannot find that [the individual defendants] were the alter egos of [the entity] based on [] unsubstantiated legal conclusions alone." *Id.* The basis for dismissal is even stronger here because Plaintiff has not offered any specific allegations that Mr. Tassillo controlled MindGeek USA, MG Global, or any other MindGeek entity, or disrespected any corporate formalities.

Plaintiff has still not cited a single case supporting her assertion that alter ego status does not require allegations about actions the individual took to collapse the corporate form (Opp. 65). Instead, Plaintiff relies on *ADO Finance, AG v. McDonnell Douglas Corp*, 931 F. Supp. 711 (C.D. Cal. 1996) and two other district court decisions for the conclusory proposition that "[c]ourts routinely deny motions to dismiss for lack of personal jurisdiction where plaintiffs have sufficiently pled various factors of alter ego." (Opp. 73.) But in *ADO Finance*,

unlike here, the plaintiffs made specific allegations about the unity of interest and ownership between the individual and company, including that the entities were wholly owned by the individual defendant; that he was responsible for appointing the entities' board, directing its business decisions, managing its daily operations; and that he and other shareholders ran the entities' litigation without the knowledge or involvement of its managing director/sole employee. *Id*. at 717 (citation omitted).  No allegations of this kind have been made here.

Plaintiff also cites *Sihler v. Fulfillment Lab, Inc,* but that decision actually undermines Plaintiff's position.  In that case, the court held that conclusory factual allegations, not unlike those in this case, were *insufficient* to plead alter ego liability as to the individual defendant.  2020 WL 7226436 at *6 (S.D. Cal. Dec. 8, 2020) (plaintiffs' claim that entities' contacts should be imputed to individual defendant "is *incorrect under the fiduciary shield doctrine*," and "that sole conclusory allegation is *factually unsupported*.") (emphasis added).

Plaintiff's reliance on *Fed. Reserve Bank of San Fran. v. HK Sys.*, 1997 WL 227955 (N.D. Cal. Apr. 24, 1997), is similarly misplaced.  In that case, the court's discussion of alter ego status was specific to a parent-subsidiary relationship. Here, MindGeek USA's and MG Global's jurisdictional contacts may not properly be imputed to Mr. Tassillo when the Amended Complaint fails to identify *any* action taken by him with respect to those two entities, let alone that he wields the level of control required for a court to disregard their corporate forms altogether.

### B.    Plaintiff Has Failed to Establish Personal Jurisdiction pursuant to 18 U.S.C. § 1965(b) and Fed. R. Civ. P. 4(k)(2)(1)

Plaintiff has doubled down on her incorrect interpretation of 18 U.S.C. § 1965(b) and Rule 4(k)(2)(1).  As a matter of plain textual reading, the RICO

DAVID TASSILLO'S REPLY
CASE NO. 2:21-cv-4920-CJC

nationwide service provision does not extend to foreign defendants, who, as in this case, were served outside the United States.

Contrary to Plaintiff's accusation (Opp. 79 n.41), this is not "gamesmanship." Every court that has addressed the issue of whether RICO's nationwide service provision confers jurisdiction over foreign defendants holds that it does not. (*See* Tassillo Mot. to Dismiss at 11.) Plaintiff does not cite, much less distinguish, any of these cases. Put simply, Mr. Tassillo's waiver of service in Canada may not substitute for service in the United States under RICO. Consistent with every other court that has addressed the question, the Eleventh Circuit recently explained why a waiver of service does not alter RICO's jurisdictional analysis:

> DLM attempted to serve the Individual Defendants in London, England, and apparently canceled further efforts to serve them in response to defense counsel's agreement not to "contest[ ] service of process" in response to the initial complaint. . . . DLM suggests that this communication effectively waived the defendants' ability to contest personal jurisdiction, but it did no such thing. . . . It did not waive the right to challenge personal jurisdiction. Personal jurisdiction and proper service are distinct requirements and distinct objections. . . .

> Defense counsel's representations about insufficient service did not relieve DLM of its obligation to comply with the statutory prerequisites of the jurisdiction-conferring provision on which it now relies; that is, it was required to serve the Individual Defendants within the United States. *Nothing obligated DLM to accept the defendants' invitation to cease its efforts to serve them, efforts DLM should have known would be central to the RICO-based personal jurisdiction claim it would bear the burden of proving.*

*Don't Look Media LLC v. Fly Victory Limited*, 999 F.3d 1284, 1293-94 (11th Cir. 2021) (emphasis added).

DAVID TASSILLO'S REPLY
CASE NO. 2:21-cv-4920-CJC

Plaintiff also argues that the federal nationwide jurisdiction provision applies to Mr. Tassillo, but that argument likewise fails because Plaintiff does not allege the minimum contacts necessary for nationwide jurisdiction over Mr. Tassillo to comport with due process.  (*See* Tassillo Mot. to Dismiss Br. at 11-13.)[8]  Plaintiff fails to point to *any* individualized contact that Mr. Tassillo had with the United States to justify nationwide jurisdiction.  The only allegation of a specific action taken by Mr. Tassillo (carried over from the original complaint) relates to testimony he gave in Canada to the Canadian House of Commons in 2021 (Amended Compl. ¶¶ 57-59)—nearly seven years *after* the events at issue in this case and totally irrelevant to Plaintiff's claims.

## C.    Jurisdictional Discovery Is Not Warranted

Plaintiff's fallback request for jurisdictional discovery should also be rejected.  Jurisdiction discovery is not appropriate "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation marks and citation omitted); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (finding denial of jurisdictional discovery is appropriate when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts").

It is also clear that "further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977).  Plaintiff has had multiple opportunities to set forth allegations and claims specific to Mr. Tassillo.  Yet she

---

[8]  Plaintiff also incorrectly asserts, based on Mr. Tassillo's purported U.S. contacts, that the Court may properly exercise personal jurisdiction over Mr. Tassillo on her state law claims "under theories of pendent jurisdiction." (Opp. 79.) Pendent jurisdiction still requires the establishment of personal jurisdiction over Mr. Tassillo for at least one claim—something Plaintiff has not done.  *See Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1171, 1180-81 (9th Cir. 2004).

still has not identified any individual contacts Mr. Tassillo has with California or the United States.  Nor has Plaintiff provided "any affidavit or evidence substantiating [her] requests or describing with any precision how such discovery would be helpful to the Court." *LNS Enterprises LLC v. Cont'l Motors Inc.*, 464 F. Supp. 3d 1065, 1077-78 (D. Ariz. 2020) (denying discovery because "Plaintiffs' speculative requests, akin to hunches that personal jurisdiction might exist, do not warrant even limited jurisdictional discovery.").

Under these circumstances, courts have routinely denied jurisdictional discovery.  *See e.g., Getz v. Boeing Co.,* 654 F.3d 852, 860 (9th Cir. 2011) ("In light of their purely speculative allegations of attenuated jurisdictional contacts, the district court did not abuse its discretion when it denied Plaintiffs' request for further discovery."); *Blue Diamond Growers v. Texas Best Smokehouse, Inc.*, 2008 WL 5386762, at *2 (E.D. Cal. Dec. 22, 2008) ("Since Plaintiff does not indicate why such discovery would be fruitful, the request is denied."); *Symettrica,* 2019 WL 8806093 at *5 (denying jurisdictional discovery as "nothing more than a fishing expedition") (internal quotation marks and citation omitted).  Reflecting the purely speculative nature of jurisdictional discovery here, Plaintiff has not made any attempt to provide even the contours or categories of discovery she is seeking and how such discovery might show Mr. Tassillo is subject to personal jurisdiction.  *See Johnson v. Mitchell*, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) (stating that denial of jurisdictional discovery is particularly appropriate where "it is not clear what discovery plaintiff[s] intend[] to conduct.").

Plaintiff's continued reliance on *Brophy v. Almanzar*, 359 F. Supp. 3d 917, 925 (C.D. Cal. 2018) (Carney, J.) continues to miss the mark.  In that case, this Court granted limited jurisdictional discovery as to whether the individual defendant, a famous entertainer, conducted enough business in California to trigger general personal jurisdiction, and whether the mixtape that was at issue in the case was promoted in California, as the plaintiff alleged.  The plaintiff had submitted,

- 15 -

among other evidence, 45 photos of the entertainer performing concerts, and attending awards ceremonies and other events, in California.  Here, no such individualized allegations have been made about Mr. Tassillo to explain how jurisdictional discovery would assist in clarifying any genuine issues.

Further demonstrating that her allegations are deficient, Plaintiff argues that the absence of an affidavit from Mr. Tassillo somehow undercuts his argument that Plaintiff has failed to carry her burden.  (Opp. 71.)  The Court should summarily reject this classic "heads I win, tails you lose" contention.  It was entirely appropriate, and in no way warrants a negative inference, for Mr. Tassillo not to submit an affidavit given that Plaintiff has not made any showing of personal jurisdiction, much less the *prima facie* showing required under the law, and given that Plaintiff does not dispute that Mr. Tassillo is a foreign national who lives and works outside the United States.  Had Mr. Tassillo submitted an affidavit, Plaintiff would no doubt have used it to support her request for additional discovery.  Such an approach would erode the pleading standard for personal jurisdiction.

Tellingly, as noted above (*see Section I.B.3,* pp. 10-11), Plaintiff has not submitted anything in response to the Andreou Declaration submitted by the MindGeek Entities and does not try to rebut its assertions which directly contradict her alter ego theory.  It is particularly inappropriate for Plaintiff to seek discovery where she offers no good faith basis to dispute evidence contradicting the alleged abuse of corporate forms that anchors her argument for personal jurisdiction.  *See Barantsevich v. VTB Bank*, 954 F.Supp.2d 972, 997 (C.D. Cal. 2013) (rejecting a request for jurisdictional discovery because "plaintiff has offered nothing but bare allegations [that the defendants] are agents or alter egos" and did not offer any response to defendant's affidavit contradicting plaintiff's alter-ego theory).

Finally, the absence of allegations supporting a claim of injustice caused by Mr. Tassillo, as explained above (*see Section I.A.1,* pp. 6-7), provides an additional reason for the Court to deny Plaintiff's request for jurisdictional discovery.  *See*

*Stewart v. Screen Gems-Emi Music, Inc.*, 81 F. Supp. 3d 938, 959 (N.D. Cal. 2015) (denying jurisdictional discovery on alter ego because "even if through discovery Plaintiff could establish a unity of interest, there are no facts to be discovered to assist Plaintiff in establishing the inequitable result requirement because . . . a viable defendant[] remained.").

## II.    PLAINTIFF'S AMENDED COMPLAINT FAILS TO SATISFY BASIC NOTICE PLEADING REQUIREMENTS AS TO MR. TASSILLO[9]

As discussed in Mr. Tassillo's moving brief, the Amended Complaint lacks any allegations of specific actions taken by Mr. Tassillo to commit the offenses alleged against him.  (*See* Tassillo Mot. to Dismiss Br. at 19-25.)  Not a single allegation connects Mr. Tassillo to the videos at issue or Plaintiff, and the Amended Complaint does not allege that he personally participated in any activity by any MindGeek entity with respect to those videos.  In each instance in the opposition brief where Plaintiff references Mr. Tassillo's substantive defenses, she either mischaracterizes those arguments or vastly overstates what is in her own pleading.

First, with respect to her TVPRA claims (Counts I-II, IV), Plaintiff argues that "detailed allegations of each defendant's role in the Enterprise," somehow demonstrate that Mr. Tassillo entered into an agreement with others to violate the sex trafficking laws.  (*See* Opp. 45.)  However, the Amended Complaint has no such "detailed allegations" and does not go beyond the generalized allegation that Mr. Tassillo "implemented" or "executed" such company activities, as described above (*see Section I.B.1*, p. 7) and in Mr. Tassillo's moving brief (*see* Tassillo Mot. to Dismiss at 14-17).  Nowhere does Plaintiff plead specific facts evidencing

---

[9]    Plaintiff argues that Mr. Tassillo should not get the benefit of immunity under Section 230 of the Communications Decency Act.  (*See* Opp. at 67-68.)  We disagree for the reasons stated in Mr. Tassillo's moving brief. (*See* Tassillo Mot. to Dismiss Br. at 25-26.)  With respect to Section 230, Plaintiff also mischaracterizes this Court decision in *Doe v. MindGeek.*  As the Court is well-aware, there were no individual defendants in that case.

Mr. Tassillo's agreement with others or detail any specific conduct that would warrant inferring his agreement to violate sex trafficking laws (and certainly not his direct violation of any such laws).  That is fatal to Plaintiff's TVPRA claims against Mr. Tassillo.

Second, Plaintiff's contentions that she has sufficiently pleaded Mr. Tassillo's "knowing possession" of her videos (in the case of 18 U.S.C. § 2252 for Counts V and VI ), or that he "intentionally distributed" them (in the case of Cal. Civ. Code § 1708.85 for Count XIV)— not only have no support in the Amended Complaint; they are at odds with other parts of Plaintiff's argument, which implicitly acknowledge the lack of the necessary specific allegations. (*See e.g.,* Opp. 60) ("In any event, information concerning the extent of Mr. Tassillo's personal knowledge is uniquely within defendants' possession and turns on inherent factual determinations which are not properly resolved at this stage of the proceedings.").

Plaintiff endeavors to graft onto Mr. Tassillo her allegations that the company supposedly reviewed every video before it was uploaded to the platform. But that kind of corporate allegation cannot support an argument that Mr. Tassillo himself reviewed each video or that, if he had, he had the requisite mental state as a result to knowingly possess or intentionally distribute Plaintiff's videos. *See e.g., Perrin v. Sw. Water Co.,* 2011 WL 10756419, at *12 (C.D. Cal. June 30, 2011) (concluding that, in the securities fraud context, "generalized claims about corporate knowledge [that] offer[] no reliable personal knowledge concerning the individual defendants' mental state" are "insufficient to satisfy the scienter requirement").

Third, Plaintiff erroneously claims that she can rely on "group pleading" to paper over the Amended Complaint's lack of individualized allegations against Mr. Tassillo.  (*See* Opp. 31 n.8) ("In any event, where, as here, the allegations are based on illegal conduct and the defendants are uniquely in possession of

- 18 -

information concerning that conduct, group pleading is permitted at this stage of the proceedings.")  As discussed above (*see Section I.B*, pp. 7-8), and in prior briefs (*see Fleites v. MindGeek S.A.R.L. et al*, No. 2:21-cv-04920 (C.D. Cal. Jun. 16, 2021), Dkt. 67 at pp. 7, 13-15, Dkt. 103 at pp. 5-10, Dkt. 136 at pp. 13-17, 19-21), no authority supports Plaintiff's view (i) that group pleading may be used as a basis to assert personal jurisdiction over Mr. Tassillo (*see e.g., In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir 2019) (requiring individualized allegations); (ii) that group pleading is permitted in civil RICO actions (*see e.g., State Comp. Ins. Fund v. Khan*, 2013 WL 12132027 (C.D. Cal. July 30, 2013) (Carney, J) (rejecting group pleading in civil RICO case when complaint failed to differentiate allegations directed at specific defendants); or (iii) that group pleading is consistent with Rule 8 of the Federal Rules of Civil Procedure (*see e.g., Beatport LLC v. SoundCloud Ltd,* 2020 WL 3977602, at *5 (C.D. Cal. July 13, 2020) (stating it is "a basic pleading defect for a complaint to 'lump' parties together and to fail to distinguish between named defendants").

Lastly, Plaintiff tries to wave off as a mere "refrain" Mr. Tassillo's arguments about the dearth of specific allegations against him, but these arguments are substantial, and it is Plaintiff's persistent failure to engage with these arguments and to allege any specific facts as to Mr. Tassillo that is the constant here.  The Amended Complaint remains, at its core, deficient as to Mr. Tassillo because it fails to address the elements of any claim as to him individually.[10]

Because the Amended Complaint does not meet basic notice pleading standards, much less the heightened pleading requirements of Rule 9(b) for those counts that sound in fraud, the claims against Mr. Tassillo should be dismissed.  *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

---

[10]  Plaintiff fails to address Mr. Tassillo's arguments for dismissal as to Counts IX X, XI, XII, XIII, XV and XVI. For those Counts, the Court should deem them waived.  *See Conservation Force,* 677 F.Supp.2d at 1211.

Plaintiff's sweeping theory that Mr. Tassillo must be an alter ego of MindGeek USA and MG Global, and hundreds of other international companies and individuals, and therefore must be involved in unlawful activity, is not grounded in the allegations of the Amended Complaint and amounts to nothing more than invidious speculation.  Conspiracy theories and pop culture references to an HBO T.V. series cannot replace well-pleaded factual allegations.

## CONCLUSION

For the reasons set forth above and in Mr. Tassillo's Motion to Dismiss, David Tassillo respectfully requests that the Court dismiss this action for lack of personal jurisdiction or, in the alternative, or failure to state a claim.

DATED: July 25, 2022

Respectfully Submitted,

By: /s/ *David W. Wiechert*
        David W. Wiechert (SBN 94607)

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Karen R. King (*pro hac vice*)
Ryan McMenamin (*pro hac vice*)

*Attorneys for Specially Appearing Defendant David Tassillo*

- 20 -

## <u>CERTIFICATE OF SERVICE</u>

I, Danielle Dragotta, an employee of Wiechert, Munk & Goldstein, PC, located at 27136 Paseo Espada, Suite B1123, San Juan Capistrano, California 92675, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On July 25, 2022, I served the forgoing documents, described as **REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT (DKT No. 124-3) ON BEHALF OF SPECIALLY APPEARING DEFENDANT DAVID TASSILLO** on all interested parties as follows:

[ ]  **BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Juan Capistrano, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]  **BY E-MAIL:** I caused the document(s) to be transmitted electronically by filing the forgoing with the clerk of the District Court using the CM/ECF system, which electronically notifies counsel for all parties.

[X]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 25, 2022, at San Juan Capistrano, California.

*/s/ Danielle Dragotta*
Danielle Dragotta

1
CERTIFICATE OF SERVICE