Michael J. Bowe
(admitted pro hac vice)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted pro hac vice)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:    (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:   (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO.  2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:    Cormac J. Carney<br>Courtroom: 9B<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**<br><br>Date:    November 9, 2022<br>Time:    10:00 a.m.<br>Courtroom:    6B |

NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 9, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Autumn D. Spaeth, located at the Ronald Reagan Federal Building and United States Courthouse, Courtroom 6B, 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff Serena Fleites, by and through her counsel of record, will move the Court to issue letters of request for international judicial assistance from the appropriate judicial authorities of Canada, Ireland, Cyprus, and Luxembourg, pursuant to 28 U.S.C. § 1781, Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.IA.S. No. 7444, 23 U.S.T. 2555 in the form annexed hereto as Exhibits 1-4, to obtain discovery from the non-party foreign entities; and such other and further relief as the Court deems just and proper.

In accordance with L.R. 7-3, counsel for Plaintiff and Defendants conferred on October 4, 2022 prior to the filing of this motion. Defendants do not consent to the motion. While not adverse to the request to issue Letters to the Grant Thornton entities located in Canada, Cyprus, and Luxembourg, Defendants object to the scope of each of the requests and oppose any such request to Grant Thornton Ireland.

//
//
//
//
//
//
//
//
//
//
//

**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

1    This motion is based upon this Notice, the accompanying Memorandum of

2    Points and Authority, the accompanying proposed Letters Rogatory and Letters of

3    Request, the pleadings and papers on file in this action, and on such other evidence as

4    may be submitted to the Court.  A proposed order accompanies this application.

5

6    DATED: October 4, 2022                    BROWN RUDNICK LLP

7

8

9                                             By:  s/ Michael J. Bowe
                                             MICHAEL J. BOWE (*pro hac vice*)
10                                            mbowe@brownrudnick.com
                                             7 Times Square
11                                            New York, NY 10036
                                             Phone: (212) 209-4800
12                                            Fax: (212) 209-4801
13                                            Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 21-CV-04920-CJC-ADS
NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL
JUDICIAL ASSISTANCE

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 1781(b)(2), Fed. R. Civ. P. 28(b), and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No. 7444, 23 U.S.T. 2555 ("Hague Evidence Convention"). Plaintiff respectfully requests this Court to issue the proposed letters of request for international judicial assistance from the appropriate judicial authorities of Canada, Ireland, Cyprus, and Luxembourg, in the form annexed hereto as Exhibits 1-4, to obtain discovery from the non-party foreign entities Grant Thornton LLP Canada, Grant Thornton Ireland, Grant Thornton (Cyprus) Ltd., and Grant Thornton Luxembourg; and such other and further relief as the Court deems just and proper.

## RELEVANT BACKGROUND

Plaintiffs' amended complaint alleges that defendants MindGeek S.á.r.l., MindGeek Freesites Ltd., MindGeek USA Incorporated, MG Premium Ltd., MG Global Entertainment, Inc., 9219-1568 Quebec, Inc. (collectively, the "MindGeek Entity Defendants"); Bernd Bergmair; Feras Antoon; David Tassillo; Corey Urman (collectively, the "MindGeek Individual Defendants") (together with the MindGeek Entity Defendants the "MindGeek Defendants"); Bernd Bergmair Does 1-5; Colbeck Capital Does 1-5; and Visa, Inc.(collectively "Defendants") run one of the largest trafficking ventures in the world, which has victimized  tens of thousands of human beings, including thousands of minors for their own financial profit, including Plaintiff. Specifically, Ms. Fleites alleges that defendants solicited, optimized, commercialized, and monetized her child sexual abuse material ("CSAM") on its tubesites and stonewalled Plaintiff's efforts to have this illegal content removed so that they could continue to profit.

Plaintiff further alleges that defendants carried out and hid their trafficking venture through the creation of hundreds of sham subsidiaries and affiliates located in dozens of jurisdictions throughout the world for the purposes of (a) making it

impossible for any jurisdiction or plaintiff to understand who owns Pornhub and its

affiliated entities; (b) making it possible for the executives, beneficial owners, and

their co-conspirators and associates to siphon off revenues generated by the business

before they reach the ultimate parent; (c) masking the receipt of such funds by the

owners, executives, and associates; (d) allowing the ultimate parent and the owners,

executives, and associates to evade taxes by generating false losses; and (e)

impairing the ability of those with claims for illegal conduct to pursue legal

remedies and render it impossible to recover any judgment that might be secured

through such remedies by leaving those businesses woefully under-capitalized to

satisfy any such judgments.

        In an effort to exploit the information gap created by their structure,

MindGeek sought the dismissal of defendants MindGeek S.á.r.l. and MG Premium

Ltd. from the suit, arguing that the Court lacked jurisdiction over them.  Dkt. 139 at

45-50.  Similarly, the Individual Defendants and Visa, Inc. also challenged the

Court's jurisdiction and requested that they be dismissed from the suit.  Dkts. 135-

138, 140.  By order dated July 29, 2022, the Court denied the MindGeek

Defendants' motions to dismiss and directed them to submit to jurisdictional

discovery.  Dkt. 167.

        In granting Plaintiff jurisdictional discovery, this Court specifically addressed

the significance of discovery concerning the ownership of MindGeek and its

affiliated entities and the flow of money through these entities: "Where the money

flows in the MindGeek web, which may relate to ownership of the porn sites that

generate revenue, matters to the Court's jurisdictional analysis.  As the Court sees it,

financially benefitting from the sexual exploitation of minors is the core of this

case." Dkt. 167 at n.2.[1]  The Court further expressed its concern with respect to the

---

[1] *See also*, Dkt. 167 at n.2 (identifying additional jurisdictionally relevant conduct to
include "operating Pornhub and other MindGeek sites in a manner that maximizes
the profitability of child porn.  But it also includes collecting money—possibly from

1   MindGeek Entity Defendants' solvency, finding that dismissal without further

2   discovery would be unfair because of "the possibility that judgment will be entered

3   against remaining insolvent or undercapitalized entities" that would not be able "to

4   satisfy the damages awarded by a jury." *Id.* at 4-5.  Accordingly, and as discussed

5   further below, the information sought from Grant Thornton is discoverable in this

6   litigation as it is directly relevant to the Court's jurisdictional analysis.

7                                          **DISCUSSION**

8   **THIS COURT SHOULD ISSUE LETTERS OF REQUEST TO OBTAIN
    NECESSARY DOCUMENTS AND INFORMATION FROM THE NON-**

9   **PARTY, FOREIGN ENTITIES**

10

11  **A.      The Court Should Issue Letters Rogatory to Grant Thornton LLP
            (Canada) and Grant Thornton Ireland**

12          A letter rogatory is a written request sent by a domestic court to a foreign

13  court requesting the production of evidence from witnesses residing within the

14  foreign court's jurisdiction for use in a pending action.  *Intel Corp. v. Advanced*

15  *Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter rogatory is the request

16  by a domestic court to a foreign court to take evidence from a certain witness.");

17  *Google Inc. v. Rockstar Consortium U.S. LP*, No. 13-cv-5933 CW, 2014 WL

18  9735114, at *1 (N.D. Cal. Oct. 3, 2014)(quoting 22 C.F.R. § 92.54); *Barnes and*

19  *Noble, Inc., v. LSI Corp.*, No. 11-cv-2709, 2012 WL 1808849 at *1 (N.D. Cal. May

20  17, 2012).  The request may be for the production of documents or to make a

21  witness available for a deposition in the foreign country.  *United States v. Reagan*,

22  453 F.2d 165, 168 (6th Cir. 1971) (affirming district court's issuance of letters

23  rogatory seeking documents); Fed. R. Civ. P. 28(b)(1)(b) (providing that a

24  deposition may be taken in a foreign country "under a letter of request, whether or

25  not captioned a 'letter rogatory'").  This Court has the authority to issue letters

26  _____

27  U.S.-based advertisers—flowing from the success of the aforementioned criminal
    operation.").

28
                                          5                    CASE NO. 21-CV-04920-CJC-ADS

1  rogatory.  *See Beatbox Music Pty, Ltd. v. Labrador Entertainment, inc. et al.*, No.
2  17-cv-6108, 2022 WL 4596546 at *3 (C.D. Cal. Sep. 2, 2022)(quoting another
3  source)("'A federal district court has the inherent authority to issue a letter
4  rogatory,' and whether to so do is a matter at the Court's discretion."); *Google Inc.*,
5  No. 13-cv-5933 CW, 2014 WL 8735114 at *1; *Barnes and Noble, Inc.*, No. 11-cv-
6  2709, 2012 WL 1808849 at *2.

7          The decision to issue a letter rogatory is a matter of discretion and is governed
8  by the liberal discovery standards of Fed. R. Civ. P. 26. *See Google Inc.*, No. 13-cv-
9  5933 CW, 2014 WL 8735114 at *1; *Beatbox Music Pty, Ltd.*, No. 17-cv-6108, 2022
10  WL 4596546 at *2; *DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D.
11  367, 369 (D. Mass. 1990).  Accordingly, a request to issue a letter rogatory is
12  properly granted where the evidence sought is relevant and discoverable. *Google*
13  *Inc.*, No. 13-cv-5933 CW, 2014 WL 8735114 at *1.  The request for a letter
14  rogatory may not be defeated absent a showing of good cause by the opposing party.
15  *See Evanston Ins. Co. v. OEA, Inc.*, No. 02-cv-1505, 2006 WL 1652315, at *2 (E.D.
16  Cal. June 13, 2006) ("Being aware of no Ninth Circuit precedent on the question,
17  this court will apply the rule that letters of rogatory shall issue unless good cause is
18  shown otherwise.").

19          Plaintiff's use of a letter rogatory is the appropriate method of discovery from
20  Grant Thornton LLP Canada and Grant Thornton Ireland as the proposed letters
21  seek to obtain relevant documents and information vital to the Court's jurisdiction
22  over defendants' and plaintiff's claims and the information is not available through
23  other means.  Neither Canada nor Ireland are signatories to the Hague Convention.[2]
24
25
26  [2] *See, e.g.*, U.S. Department of State,
    https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
27  Information/Canada.html (noting that Canada is not a party to the Hague
    Convention) (last visited Sept. 7, 2022); and U.S. Department of state,
28

6                          CASE NO. 21-CV-04920-CJC-ADS

**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL
JUDICIAL ASSISTANCE**

As such, United States courts routinely use letters rogatory to obtain evidence from Canadian and Irish jurisdictions. *See, e.g.*, *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. 04-cv-5385, 2007 WL 1815472, at *1 (N.D. Cal. June 20, 2007) ("[T]he Taiwanese lawyers were residents of a foreign nation that is not a signatory to the Hague Convention. Therefore, the appropriate method for acquiring their appearance is the letter rogatory."); *Google Inc*., No. 13-cv-8735114, 2014 WL 8735114 at *2 (issuing letter rogatory to obtain evidence from Canada); *Terteryan v. Medical Depot Inc.*, No. 17-cv-2358, Dkt. No. 47 (Or.) (C.D. Cal. June 18, 2018) (granting request for letter rogatory to obtain evidence from Canada); *In re Perrigo Company PLC SEC. LITIG.*, No. 19-cv-70, 2020 WL 7121683, at *1 (S.D. NY Dec. 4, 2020) (granting reissuance of letters rogatory to obtain evidence from Ireland); and *United States v. McClellan et al.*, No. 16-cr-10094, Dkt. No. 176 (D. Mass. June 15, 2017) (granting request for letter rogatory to obtain evidence from Ireland).

The proposed letters also comply with the respective laws of the recipient countries. Canadian law provides for foreign courts to serve letters rogatory upon a Canadian court and for the Judicial Authority of Canada to transmit the letter to the relevant individuals and entities. R.S.C. 1985, c. C-5 §§ 46, 51. Similarly, pursuant to the Foreign Tribunals Evidence Act of 1856 and Order 39, Rules 39-44 of the Rules of the Superior Courts, an Irish Court will issue an appropriate order compelling a witness to formal deposition and to produce documents ancillary to their testimony.

Plaintiff's request for letters rogatory properly seeks relevant and discoverable evidence and should thus be granted. As the proposed Letters Rogatory attached hereto demonstrate, the discovery requested from Grant Thornton, is relevant to Plaintiff's claims in this litigation and bears directly on the

---

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Ireland.html (same) (Last visited Sept. 7, 2022).

1   Court's jurisdictional analysis.  As discussed *supra*, Plaintiff alleges that Defendants

2   have attempted to use their elaborate structure to shield its operations, and those

3   responsible for directing and controlling it, from the public's view and the Court's

4   reach, challenging the Court's jurisdiction over several of their entities and

5   directors.  Plaintiff's present request for judicial assistance is directly related to the

6   issue of "[w]here the money flows in the MindGeek web", Dkt. 167 at n.2, and

7   "who *owns* Pornhub and the other MindGeek websites that hosted plaintiff's

8   videos".  *Id.* at 3.

9       "Grant Thornton" is "a global network of 62,000 people in member firms in

10  over 130 countries" and "refers to the brand under which the Grant Thornton

11  member firms provide assurance, tax and advisory services to their clients."[3]

12  Though a global organization, Grant Thornton claims that "each member firm is a

13  separate legal entity"[4] thus, Plaintiff seeks information from each member firm that

14  may possess relevant evidence.[5]  As relevant here, Grant Thornton's member firms,

15  which "carry the Grant Thornton name, either exclusively or as part of their national

16  practice names" include those located in the United States, Canada, Cyprus, Ireland,

17  and Luxembourg.[6]  These offices coincide with the locations of numerous

18  MindGeek entities, including several of those pertaining to the defendants in this

19  _____

20  [3] *See About us*, GRANT THORNTON, grantthornton.global/en/who-we-are/ (last visited

21  Sept. 7, 2022).

22  [4] *Id.*

23  [5] *See Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21-cv-1197, 2022
    WL 2820667, at *8-9 (S.D. Cal. July 18, 2022) ("A subpoenaing party cannot

24  compel compliance at any location where a nonparty has a corporate office.")
    (citation omitted).  However, Plaintiff maintains that any Grant Thornton entity in

25  possession or control of relevant documents and information must provide that

26  information to Plaintiff pursuant to a valid request.

27  [6] *See Locations*, GRANT THORNTON, grantthornton.global/en/locations/ (last visited
    Sept. 7, 2022).

28

Action, and, as discussed further below, Grant Thornton provided services to MindGeek and, in some cases, permitted MindGeek to use several of its properties and or addresses.  Furthermore, it is well known that Grant Thornton provided auditing services to MindGeek for a period of at least eight years – a fact made public after the company cut ties with MindGeek in December 2020 after the Canadian Parliament launched an investigation into MindGeek's operations and several exposés were published about MindGeek.[7]  The present requests relate directly to those services provided by Grant Thornton to MindGeek, which will inevitably contain vital information concerning MindGeek's finances, as well as, information pertaining to the ownership and control of the MindGeek enterprise.

Specifically, Plaintiff seeks the issuance of letters rogatory to Grant Thornton LLP (Canada) and Grant Thornton Ireland (attached hereto as Exhibits 1 and 2 respectively) concerning their services rendered to MindGeek, Defendants, and related parties, officers, and directors.  Grant Thornton LLP is "a leading Canadian accounting and business advisory firm providing audit, tax and advisory services – locally and across Canada to dynamic privately owned, publicly listed and public sector organizations."[8]  It is without question that MindGeek defendant 9219-1568 Quebec Inc. "is and has been since before 2014 a corporation organized and operating under the laws of the Provence of Quebec, Canada" with its head office in Montreal.  Andreou Declaration, Dkt. 139-3, at 8-9.  Accordingly, issuing the request is more than appropriate here, where Grant Thornton LLP Canada, a

_____

[7] *See, e.g.*, Gordon Deegan, *Grant Thornton has resigned as auditors to firms owned by operator of Pornhub*, THEJOURNAL.IE (Feb. 10, 2021), https://www.thejournal.ie/grant-thornton-pornhub-5350441-Feb2021/; and Adrienne Gonzalez, *Grant Thornton Cuts Ties With Pornhub After Everyone Realizes Pornhub is Full of Abuse and Illegal Porn*, GOINGCONCERN (Dec. 24, 2020), https://www.goingconcern.com/grant-thornton-fires-pornhub-as-audit-client/.

[8] *See About us*, GRANT THORNTON, grantthornton.ca/about-us/ (last visited Aug. 26, 2022).

CASE NO. 21-CV-04920-CJC-ADS

**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

provider of tax and audit services, is likely to have maintained, at a minimum, registers, tax filings, ownership records, and financial information pertaining to 9219-1568 Quebec Inc. This is especially so given that the Pornhub operation, run by MG Freesites Ltd., relied upon the services of Defendant 9219-1568 Quebec Inc. to conduct its operation. *Id.* at 4.

The information maintained and controlled by Grant Thornton Ireland is equally important and relevant to the Court's analysis and Plaintiff's claims. Prior to terminating their services, Grant Thornton Dublin, operating as the headquarters of Grant Thornton Ireland,[9] provided auditing services to MG Billing Ltd, a Dublin-based company that collects subscriptions from MindGeek premium users, and three other MindGeek companies: Nutaku Publishing Ltd., Mirmay Ltd., and Liquidum Ltd.[10] Accordingly, there is no doubt that Grant Thornton Ireland possesses relevant information pertaining to MindGeek's finances and related transactions and filings that concern the matters now before this Court. Because MindGeek's financial transactions and solvency are "core" issues now pending before this Court, and are particularly important to the Court's exercise of jurisdiction over the defendants, the proposed Letters Rogatory request all documents concerning or relating to MindGeek Defendants, including, without limitation, any audit, compliance, tax, investigation, or other reports, materials, or filings, in whatever form they may be found. The request further includes any documents pertaining to the Individual MindGeek Defendants, to include any material prepared for, on behalf of, or to benefit any of the Individual MindGeek Defendants' family members. As these are all topics directly relevant to pending claims, issuance of the Letters Rogatory attached hereto as Exhibits 1 and 2 is warranted.

---

[9] *See* GRANT THORNTON DUBLIN, https://www.grantthornton.ie/locations/dublin/ (last visited Sep. 5, 2022).

[10] *See supra* note 3.

**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

**B.    This Court Should Issue Letters of Request to the Grant Thornton Entities Located in Signatory Countries to the Hague Evidence Convention**

Cyprus and Luxembourg are both contracting parties to the Hague Evidence Convention.[11]  The purpose of the Hague Evidence convention is to facilitate and increase the exchange of information necessary for legal proceedings between nations. *See Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 534 (1987).  Under the Hague Evidence Convention, this Court – a "judicial authority of a Contracting State" – may send a letter of request to a member state seeking foreign judicial assistance in civil or commercial matters to the designated authority in the member state "to obtain evidence, or to perform some other judicial act."  Hague Evidence Convention, Ch. I, Art. 1; *see also* 28 U.S.C. §1781.  The letter of request is sent to a "Central Authority" designated by the Contracting State to receive request from courts of other member countries.  *See* Hague Evidence Convention, Art. 2.  The Central authority then sends the request to the appropriate court or officer to execute the request. *See id; See also Lovati v. Petroleos De Venezuela, S.A.*, No. 19-cv4799, 2022 WL 1416646, at *5 (S.D. NY May 5, 2022) (granting motion to issue Letter of Request to Luxembourg).

The decision of whether to issue a letter of request is within the discretion of the court. *See Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D. NY 2019). "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material

---

[11] *See, e.g.*, U.S. Department of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Cyprus.html (noting that Cyprus is party to the Hague Evidence Convention) (last visited Sept. 7, 2022); and U.S. Department of state, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Luxembourg.html (same) (Last visited Sept. 7, 2022).

**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

1    evidence." *Lovati,* 2022 WL 1416646, at *1 (citation omitted).

2        As discussed *supra*, Grant Thornton provided audit and tax services to

3    MindGeek and associated entities and individuals.  Defendants acknowledge that

4    "MindGeek S.a.r.l. is and has been since October 2013 . . . incorporated under the

5    laws of Luxembourg, having its registered office [in] Luxembourg and registered

6    with the Luxembourg Register of Commerce and Companies . . . ."  Andreou

7    Declaration at 5.  Defendants MG Freesites Ltd and MG Premium Ltd, are both

8    "organized and operating under the laws of the Republic of Cyprus" and have their

9    head offices at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone,

10   Cyprus.  *Id. at 6-7.*  "For the years 2014 through at least 2018, Defendant MindGeek

11   S.a.r.l. has had its consolidated financial statements audited by independent

12   accounting forms.  During the same period, the other Defendants that are legally

13   required to be audited on an individual company basis have also been audited in

14   compliance with applicable law."  *Id.* at ¶ 10.  Grant Thornton maintains offices in

15   both Cyprus and Luxembourg.

16       "Grant Thornton (Cyprus) Limited . . . is incorporated in Cyprus as a limited

17   liability company" and its "professional activities are conducted through Grant

18   Thornton (Cyprus) Limited and its subsidiaries."[12]  Grant Thornton Luxembourg "is

19   a leading provider of Audit & Assurance, Business Advisory, Business Process

20   Outsourcing, Corporate & Investor Finance, Investment Fund Services,

21   Restructuring & Reorganization and Tax & Accounting services for all type[s] of

22   entities in Luxembourg"[13] and its only listed office is that located at 13 rue de

23

24   _____

25   [12] *Transparence Report 2021*, GRANT THORNTON (CYPRUS) LIMITED (April 2022), p.
     8, https://www.grantthornton.com.cy/globalassets/1.-member-firms/cyprus/annual-
26   reports/transparency-report-2021-30.04.2022.pdf (last viewed Sep. 7, 2022).

27   [13] *See About us*, GRANT THORNTON LUXEMBOURG,
     https://www.grantthornton.lu/en/about-us/ (last visited Sept. 7, 2022).
28

**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL
JUDICIAL ASSISTANCE**

Bitbourg, L-1273 Luxembourg.[14]  Accordingly, Plaintiff seeks letters of request to obtain documents and information from Grant Thornton (Cyprus) Ltd. and Grant Thornton Luxembourg related to the services they provided to MindGeek, the Individual Defendants, and any related entities or individuals.  The information sought is critical to this litigation and the Court's jurisdictional analysis.  Grant Thornton has acknowledged providing auditing services for Defendants and Defendants have declared before this court that such audits did in fact take place. The material sought is plainly relevant to understanding where the MindGeek finances flow, who controls, owns, and operates the various MindGeek Entities, and the financial status of the Defendants.  Accordingly, Plaintiff requests that the Court grant its motion to issue the letters of request attached hereto as Exhibits 3 and 4.

---

[14] *See* GRANT THORNTON LUXEMBOURG, https://www.grantthornton.lu/en/location/ (last visited Sep. 7, 2022).

13                    CASE NO. 21-CV-04920-CJC-ADS

1

## CONCLUSION

2          For the foregoing reasons, Plaintiff respectfully requests that the court

3    approve, date, sign, and seal the proposed Letters attached hereto as Exhibits 1-4.

4    The documents and topics for deposition requested are set forth in the proposed

5    Letters.  After the Court signs the Letters, Plaintiff further requests that the clerk

6    authenticate the Court's signature by affixing the Court's seal thereto, and that the

7    Letters be thereafter returned by the clerk to counsel for Plaintiff so that they may be

8    transmitted to the appropriate foreign authorities for execution.

9

10

11    DATED: October 4, 2022        Respectfully submitted,

12                                     BROWN RUDNICK LLP

13

14                                     By:   s/ Michael J. Bowe

15                                     MICHAEL J. BOWE (*pro hac vice*)
                                 mbowe@brownrudnick.com

16                                     7 Times Square
                                 New York, NY 10036

17                                     Phone: (212) 209-4800
                                 Fax: (212) 209-4801

18

19                                     Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

CASE NO. 21-CV-04920-CJC-ADS

**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**