Michael J. Bowe
(admitted pro hac vice)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted pro hac vice)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:   (212) 209-4801

*Attorneys for Plaintiff*

Drew Tulumello (#196484)
drew.tulumello@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: 202 682 7000
Fax: 202 857 0940

*Attorney for Defendant Visa, Inc.*

(Additional Attorneys Listed on Signature Page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br>Judicial Officer:  Cormac J. Carney<br>Courtroom:        9B<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**JOINT NOTICE OF (1) MOTION BY PLAINTIFF TO COMPEL DEFENDANT VISA, INC'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND (2) MOTION BY VISA, INC FOR PROTECTIVE ORDER**<br><br>Date:    November 9, 2022<br>Time:    10:00 a.m.<br>Courtroom:   6B<br><br>Discovery Cutoff:   April 6, 2023<br>Pretrial Conference: August 7, 2023<br>Trial:   August 15, 2023 |

CASE NO. 21-CV-04920-CJC-ADS

JOINT NOTICE OF (1) MOTION BY PLAINTIFF TO COMPEL DEFENDANT VISA'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND (2) MOTION BY VISA FOR A PROTECTIVE ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 9, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Autumn D. Spaeth, located at the Ronald Reagan Federal Building and United States Courthouse, Courtroom 6B, 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff Serena Fleites, by and through her counsel of record, will move the Court for an order compelling Defendant Visa to respond to discovery and produce documents pursuant to Rule 34 of the Federal Rules of Civil Procedure and Defendant Visa, Inc. will move the court for a protective order relieving Visa from the obligation to respond to discovery served by Plaintiff Serena Fleites.

This motion is brought pursuant to Federal Rules of Civil Procedure 26, 34, and 37; U.S. District Court for the Central District of California Civil Local Rule 37-2, and United States Magistrate Judge Autumn D. Spaeth's July 2018 Standing Orders on Discovery Disputes.

In accordance with L.R. 7-3 and 37-1, counsel for Plaintiff and Defendants conferred telephonically on September 27, 2022 and via email September 28, 2022 prior to the filing of this motion.

This motion is based upon this Notice, the Parties' Joint Stipulation regarding this discovery dispute, the pleadings and papers on file in this action, and on such other evidence as may be submitted to the Court. A proposed order accompanies this application.

DATED: October 7, 2022

BY: */s/ Michael J. Bowe*
MICHAEL J. BOWE (*pro hac vice*)
mbowe@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square

BY: */s/ Drew Tulumello*
DREW TULUMELLO (#196484)
drew.tulumello@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600

CASE NO. 21-CV-04920-CJC-ADS
JOINT NOTICE OF (1) MOTION BY PLAINTIFF TO COMPEL DEFENDANT VISA'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND (2) MOTION BY VISA FOR A PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | New York, NY 10036 | Washington, DC 20036 |
| 2 | Phone: (212) 209-4800<br>Fax: (212) 209-4801 | Tel: 202 682 7000<br>Fax: 202 857 0940 |
| 3 | | |
| 4 | David M. Stein (#198256)<br>dstein@brownrudnick.com | *Attorney for Defendant Visa, Inc.* |
| 5 | BROWN RUDNICK LLP<br>2211 Michelson Drive, 7th Floor | |
| 6 | Irvine, California  92612<br>Telephone:   (949) 752-7100 | |
| 7 | Facsimile:    (949) 252-1514 | |
| 8 | | |
|   | *Attorneys for Plaintiffs* | . |

2      CASE NO. 21-CV-04920-CJC-ADS

**JOINT NOTICE OF (1) MOTION BY PLAINTIFF TO COMPEL DEFENDANT VISA'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND (2) MOTION BY VISA FOR A PROTECTIVE ORDER**

# JOINT STIPULATION

Pursuant to Federal Rule of Civil Procedure ("Rule") 37, U.S. District Court for the Central District of California Civil Local Rule ("L.R.") 37-2, and United States Magistrate Judge Autumn D. Spaeth's July 2018 Standing Orders on Discovery Disputes, and following counsel's meet and confer efforts, Plaintiff and Defendant Visa, Inc. ("Visa") respectfully submit the following Joint Stipulation in support of Plaintiff Serena Fleites' Motion to Compel Defendant Visa's Response to Plaintiff's First Request for Production of Documents and Defendant Visa's Motion for a Protective Order. The parties' competing motions relate to the same discovery requests. In accordance with L.R. 7-3 and 37-1, counsel for Plaintiff and Visa conferred telephonically on September 27, 2022 and via email on September 28, 2022, prior to the filing of this motion.

## I. THE PARTIES' PRELIMINARY STATEMENTS

### A. Plaintiff's Preliminary Statement

On August 15, 2023, this case will be tried by a jury. (Dkt. 173) In furtherance thereof, this Court established an expedited discovery timeline, ordering that "[a]ll discovery, including discovery motions, shall be completed by April 6, 2023." *Id.* In turn, Plaintiff served Defendant Visa with her First Request for Production of Documents (RFPs) on September 7, 2022. (Exhibit 6, Plaintiff's RFPs.) Defendant Visa refuses to respond to this request, arguing instead that the Court's prior jurisdictional discovery order (Dkt. 167) and scheduling request order (Dkt. 168) excludes them from the current discovery obligations. (*See* Exhibit 5, Defendant's September 16, 2022 letter response to Plaintiff's RFPs) Plaintiff believes that the Court's subsequent August 11, 2022 order, setting a trial date and completion date for all discovery, requires the parties, including Defendant Visa, to complete all discovery prior to April 2023. Accordingly, Plaintiff seeks an order compelling Defendant Visa

to respond to Plaintiff's requests and produce documents in accordance with Federal Rules of Civil Procedure 26 and 34.

### B. Defendant's Preliminary Statement

Plaintiff is seeking discovery that the District Court expressly prohibited. In three orders issued on July 29, 2022, this Court ruled that Plaintiff may take jurisdictional discovery against the MindGeek Defendants, but that Plaintiff may *not* proceed with discovery against Visa until after an amended complaint has been filed. *See* Exhibit 3, Dkt. 168 at 1 (instructing Plaintiff she cannot proceed with discovery from Visa because, "as the Court's order at Dkt. 166 made clear, the remaining claims against Visa are uncertain."). The Court entered these orders and referred the matter to Magistrate Spaeth "for the jurisdictional discovery period." Exhibit 2, Dkt. 167 at 8. The jurisdictional discovery period involving Plaintiff and the MindGeek Defendants is set to run until December 30, 2022. *See* Exhibit 2, Dkt. 167.[1]

Those specific and unequivocal orders were not overturned or superseded by the generic scheduling order issued by the Court on August 11, 2022. Yet Plaintiff contends that the issuance of the scheduling order means that *all* discovery—both merits and jurisdictional—may proceed against Visa, even though the District Court repeatedly and expressly limited discovery to the MindGeek defendants and to jurisdictional issues only. Plaintiff's effort to obtain discovery from Visa at this time is precluded by clear and binding orders of this Court. Visa therefore seeks to enforce those orders by entry of a protective order (and denial of Plaintiff's motion to compel).

---

[1] As referenced herein, the term "MindGeek Defendants" refers to the following parties: MindGeek S.A.R.L., MG Freesites Ltd., MindGeek USA Inc., MG Premium Ltd., MG Global Entertainment Inc., 9219-1568 Quebec, Inc., Bernd Bergmair, Feras Antoon, Davis Tassillo, and Corey Urman, collectively.

## II. THE PARTIES' POSITIONS

### A. Plaintiff's Position

Despite this Court's August 11, 2022 order setting a trial date and mandating that all discovery be completed by April 6, 2023, Defendant Visa has refused to respond to Plaintiff's RFPs, on the grounds that the Court's July 29, 2022 orders (Dkts. 167 and 168) only authorized limited discovery concerning the MindGeek entities' and individuals' jurisdictional contacts. Plaintiff's position is that the Court's subsequent August 11, 2022 order, setting a trial date and completion date for all discovery, superseded the July 29, 2022 scheduling order (Dkt. 168) and requires the parties to complete all discovery prior to April 2023.

On May 23, 2022, Defendant Visa, along with the other defendants, moved to dismiss Plaintiff's amended complaint. (Dkt. 138-1.) On July 29, 2022 the Court granted in part and denied in part Visa's motion (Dkt. 166) and further denied the remainder of the defendants' motions. The Court issued a companion order directing the parties to proceed with discovery concerning the jurisdictional contacts of the MindGeek entities and individuals, and ordered that all jurisdictional discovery be completed by year-end. (Dkt. 167) That same day, the Court also denied Plaintiff's request for entry of a scheduling order. (Dkt. 168) On August 11, 2022, however, the Court issued a subsequent order (the "August 11 Order") setting a trial date and directing that all discovery, including expert discovery, be completed by April 6, 2023. (Dkt. 173)

Consistent with the August 11 Order, Plaintiff served Defendant Visa with her RFPs on September 7, 2022. (Exhibit 6, Plaintiff's RFPs.) In response, Defendant Visa has asserted that "the RFPs are premature and do not require a response from Visa" because "discovery is authorized as to the MindGeek Defendants only, and the RFPs to Visa are not addressed to jurisdictional issues in any event." (*See* Exhibit 5, Defendant's September 16, 2022 letter response to Plaintiff's RFPs)

This Court has broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). It is also "in the best position to interpret its own orders." *See id.* at 739-40 (giving deference to lower court's interpretation of its own order). And it has broad discretion to amend prior rulings. *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) ("a district court may reconsider its prior rulings so long as it retains jurisdiction over the case.").

Here, the Court's August 11, 2022 order, issued two weeks after the July 29, 2022 order, directed all parties to complete all discovery, and did not limit that discovery to particular defendants or subject matters. If Plaintiff is precluded from pursuing discovery expeditiously and immediately from all defendants at this juncture, it will be nearly impossible to complete discovery within the Court's timeline.

Visa argues that Plaintiff's interpretation of the August 11 Order is inconsistent with the July 29 Order. However, the Court's decision denying Visa's motion to dismiss found that Plaintiff had stated a valid conspiracy claim against Visa for conspiring with MindGeek to violate section 1591(a)(2)(Dkt. 166 at 17), and the scope of discovery against Visa will not be altered based on the results of the jurisdictional discovery. Accordingly, Plaintiff requests that Defendant Visa be ordered to respond to her requests for production of documents.

### B.    Defendant's Position

Visa seeks the protection of this Court from premature and unauthorized discovery from the Plaintiff. The District Court plainly and unequivocally provided for a jurisdictional discovery period to be followed by the filing of an amended complaint. The jurisdictional discovery period is set to run through December 30, 2022. Plaintiff seeks to throw that structure out the window by seeking full-blown merits discovery from Visa now.

Visa's position is supported by three specific orders entered by the District Court. In the first order, dated July 29, 2022, the Court granted in part and denied in part Visa's motion to dismiss, and provided Plaintiff permission to amend her complaint following jurisdictional discovery against the MindGeek Defendants. *See* Exhibit 1, Dkt. 166 at 33 ("Plaintiff shall withhold any amendment [to the complaint] until after the parties have completed jurisdictional discovery.").

The second order, dated July 29, 2022, directed Plaintiff and the MindGeek Defendants to engage in the specified jurisdictional discovery and referred discovery matters to this Court "for the jurisdictional discovery period." Exhibit 2, Dkt. 167.

In the third order, dated July 29, 2022, the Court made clear that Plaintiff could *not* seek any discovery from Visa before an amended complaint is filed. Exhibit 3, Dkt. 168 ("Discovery Order"). This Court reasoned that "the remaining claims against Visa are uncertain" and allowing discovery from Visa "would be inefficient case management" and "lead to duplication of effort, unnecessary discovery, and undue burden on the Court and the parties." *Id*. at 1-2. As of this date, no amended complaint has been filed.

On August 11, 2022, the Court issued a routine scheduling order setting forth various deadlines, as well as a pretrial conference and trial date ("Scheduling Order"). Exhibit 4, Dkt. 173. The Scheduling Order did not rescind or overrule (or, indeed, mention) any of the Court's previous orders, including the Discovery Order expressly precluding Plaintiff from seeking discovery from Visa until after the amended complaint has been filed. Nevertheless, on September 7, 2022, Plaintiff served Requests for Production of Documents on Visa via email.

Plaintiff should not be permitted to take discovery from Visa at this time. The Court's June 29, 2022 orders make clear that any discovery from Visa before an amended complaint is filed is prohibited and would be "inefficient" and lead to

"duplication of efforts" because "the scope of claims against Visa remains unclear." *See* Exhibit 3, Dkt. 168.

Plaintiff's claim that she is permitted to seek discovery from Visa because the Court's Scheduling Order provided a cutoff date for all discovery does not overcome the clarity of the Discovery Order and other orders entered on July 29, 2022. Courts recognize that where previous orders are not contradicted by subsequent orders, the previous order is incorporated by reference. *See Wood v. Scottsdale Indem. Co.*, No. CV 08-03335 NJV, 2010 WL 3743868, at *1 (N.D. Cal. Sept. 20, 2010), *aff'd on other grounds*, 467 F. App'x 653 (9th Cir. 2012) (finding where there is no contradiction between the court's two orders on the parties' motions for summary judgment, the first order is incorporated by reference into the second). Here, there is no indication that the Scheduling Order contradicts the Discovery Order. The Scheduling Order does not reference the Discovery Order, nor does it address the specific instructions within it.

Furthermore, the Court's Scheduling Order provides general provisions whereas the provisions in the Discovery Order are specific. Other district courts have found that when two orders are proceeding together, specific provisions should control general provisions. *See Kaplan v. Regions Bank*, No. 08-2422, 2010 WL 3862599, at *4 (W.D. Tenn. Sept. 27, 2010); *In re Winkle*, 128 B.R. 529, 534 (Bankr. S.D. Ohio 1991). The Discovery Order explicitly instructed Plaintiff that she could not seek discovery from Visa until jurisdictional discovery is complete and an amended complaint was filed. Exhibit 3, Dkt. 168. The Court reasoned that while "Plaintiff might argue that she should be able to proceed with discovery with respect to Visa," she cannot because "the remaining claims against Visa are uncertain." *Id*. at 1. The Scheduling Order does not change that reasoning or the conclusion that discovery against Visa is precluded until an amended complaint is filed.

1   Finally, Plaintiff has offered no basis for the Court to reconsider its July 29 orders.  *Cf.* Local Rule 7-18.  The Court found that "it would be inefficient case management" to allow Plaintiff to seek discovery from Visa because "[s]uch dual tracking would lead to duplication of effort, unnecessary discovery, and undue burden on the Court and the parties."  Exhibit 3, Dkt. 168 at 1-2.  Nothing transpired since the Discovery Order to change those conclusions.  There has been no change in fact or law that would warrant revisiting the Court's determination that discovery from Visa should be precluded until after an amended complaint has been filed.

The District Court's discovery orders set up a clear case management plan, with the Plaintiff and MindGeek engaged in jurisdictional discovery for the jurisdictional discovery period, which runs through December 30, 2022.  Exhibit 2, Dkt. 167.  Plaintiff's proposal would disrupt that plan.  Plaintiff's position is foreclosed by the Court's rulings and Visa is entitled to a protective order.

## III. CONCLUSION

### A. Plaintiff's Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion in full, and order Defendant Visa to respond to Plaintiff's discovery request.

### B. Defendant's Conclusion

Visa respectfully requests this Court grant its Motion for a Protective Order.

DATED: October 7, 2022   BROWN RUDNICK LLP

By: */s/ Michael J. Bowe*
MICHAEL J. BOWE (*pro hac vice*)
mbowe@brownrudnick.com
7 Times Square
New York, NY 10036
Phone: (212) 209-4800

7   CASE NO. 21-CV-04920-CJC-ADS
JOINT NOTICE OF (1) MOTION BY PLAINTIFF TO COMPEL DEFENDANT VISA'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND (2) MOTION BY VISA FOR A PROTECTIVE ORDER

Fax: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

Attorneys for Plaintiffs

DATED: October 7, 2022             WEIL, GOTSHAL & MANGES LLP

By: /s/ Drew Tulumello
DREW TULUMELLO (#196484)
Drew.tulumello@weil.com
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: 202 682 7000
Fax: 202 857 0940

Attorney for Defendant Visa Inc.

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4

I, Drew Tulumello, am the ECF user whose ID and password were used to file the foregoing. Pursuant to L.R. 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Drew Tulumello
DREW TULUMELLO (#196484)