BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Fax: (212) 698 3599

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>  Plaintiffs,<br><br>  v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5,<br><br>  Defendants. | CASE NO. 2:21-CV-4920<br><br>Judicial Officer:  Autumn D. Spaeth<br><br><br>**MINDGEEK ENTITY DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**<br><br>Hearing:                November 9, 2022<br>Time:                    10:00 a.m.<br>Courtroom:          6B<br>Jurisdictional Discovery<br>Cutoff:                 December 30, 2022<br>Discovery Cutoff:  April 6, 2023<br>Pretrial Conference: August 7, 2023<br>Trial:                    August 15, 2023 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

ARGUMENT ....................................................................................................... 3

    I.    Discovery Is Limited to Issues of Personal Jurisdiction at this Time. ........................................................................................................ 3

    II.   Plaintiff Cannot Burden Non-Parties with Requests for Information that Can Be Obtained from Defendants............................ 6

    III.  Plaintiff's Requests and Deposition Topics Are Neither Relevant nor Proportional to the Needs of Jurisdictional Discovery................... 8

CONCLUSION .................................................................................................. 13

**OPPOSITION TO REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMC Fabrication, Inc v. KRD Trucking West, Inc.*,
  2012 WL 4846152 (D. Nev. Oct. 10, 2012)........................................................5

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  300 F.R.D. 406 (C.D. Cal. 2014)........................................................................6

*Boddy v. Pourciau*,
  2018 WL 4637380 (W.D. Wash. Sept. 27, 2018) ...............................................5

*U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*,
  305 F.R.D. 225 (S.D. Cal. 2015) ........................................................................3

*Commerce & Indus. Ins. Co. v. Durofix, Inc.*,
  2018 WL 8332535 (D. Hawaii May 30, 2018) ...................................................5

*Conestoga Wagon Co. LLC v. PlainsCraft, LLC*,
  2019 WL 6684501 (D. Idaho Dec. 6, 2019)........................................................5

*E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*,
  2010 WL 1957306 (D. Colo. May 13, 2010) ......................................................5

*eMag Solutions, LLC v. Toda Kogyo Corp.*,
  2006 WL 3783548 (N.D. Cal. Dec. 21, 2006) ....................................................5

*Estimating Grp. LLC v. Rickey Conradt, Inc.*,
  2019 WL 2869686 (S.D. Ind. July 3, 2019) .......................................................5

*Fidelis Grp. Holdings, LLC v. Chalmers Automotive, LLC*,
  2016 WL 6157601 (E.D. La. Oct. 24, 2016)......................................................11

*Fitness Int'l, LLC v. DDRM Hill Top Plaza L.P.*,
  2021 WL 4497889 (C.D. Cal. July 30, 2021) .....................................................3

*Fleites v. MindGeek S.A.R.L.*,
  2022 WL 4455558 (C.D. Cal. Jul. 29, 2022) ..................................................1, 4

*Genus Lifesciences Inc. v. Lannett Co., Inc.*,
  2019 WL 7313047 (N.D. Cal. Dec. 30, 2019) ....................................................6

ii

**OPPOSITION TO REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

*Hologram USA, Inc. v. Pulse Evolution Corp.*,
    2015 WL 1600768 (D. Nev. Apr. 8, 2015) ..........................................................5

*Estate of Jackson v. City of Modesto*,
    2021 WL 5989754 (E.D. Cal. Dec. 17, 2021) ....................................................4

*Liberty Media Holdings, LLC v. Letyagin*,
    2012 WL 3135671 (D. Nev. Aug. 1, 2012) ........................................................5

*McCall v. State Farm Mut. Automobile Ins. Co.*,
    2017 WL 3174914 (D. Nev. July 26, 2017) ....................................................12

*McKinney v. Granite Peak Fabrication, LLC*,
    2021 WL 7252981 (D. Wyo. Aug. 24, 2021) ....................................................7

*In re MT BALTIC SOUL Produktentankschiff-Ahrtsgesellschaft mgH & Co. KG*,
    2015 WL 5824505 (S.D.N.Y. 2015) ..................................................................11

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
    198 F.R.D. 670 (S.D. Cal. 2001) ........................................................................5

*Pesch v. Independent Brewers United Corp.*,
    2014 WL 5106985 (N.D. Cal. Oct. 10, 2014) ...........................................3, 8, 12

*Progressive Northern Ins. Co. v. Fleetwood Enterprises, Inc.*,
    2005 WL 2671353 (W.D. Wash. Oct. 18, 2005)..............................................5

*Ratha v. Phatthana Seafood Co.*,
    35 F.4th 1159 (9th Cir. 2022) ...........................................................................12

*SelfHelpWorks.com, Inc. v. 1021018 Alberta Ltd.*,
    2010 WL 11684790 ...........................................................................................11

*Soto v. Castlerock Farming & Transp., Inc.*,
    282 F.R.D. 492 (E.D. Cal. 2012).........................................................................3

*Spring Patents, Inc. v. Avon Rubber & Plastics, Inc.*,
    183 F. Supp. 2d 1198 (D. Hawaii 2001) ............................................................5

*Steel v. United States*,
    813 F.2d 1545, 1549 (9th Cir. 1987) ................................................................12

iii

CASE NO. 2:21-cv-4920

**OPPOSITION TO REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*,
    2007 WL 2238900 (S.D. Cal. Aug. 2, 2007)........................................................5

*Triple Crown Consulting, LLC v. Pinisetti Consulting, LLC*,
    2018 WL 1404407 (W.D. Tex. Mar. 20, 2018).................................................11

*Viasat, Inc. v. Space Sys./loral, Inc.*,
    2013 WL 12061801 (S.D. Cal. Jan. 14, 2013) ...................................................6

*Vistage Worldwide, Inc. v. Knudsen*,
    2020 WL 8991749 (S.D. Cal. Mar. 13, 2020) ....................................................5

## Other Authorities

FED. R. CIV. P. 26 ...............................................................................................3

FED. R. CIV. P. 30 ...............................................................................................1

Local Rule 37-2 ..................................................................................................8

# INTRODUCTION

This Court should deny Plaintiff's request for issuance of overbroad, burdensome, and improper discovery requests to a group of foreign, non-party accounting entities operating under the Grant Thornton name which is mentioned only once, in passing, in Plaintiff's pleadings.

Pursuant to the Court's July 29, 2022 Order directing the MindGeek Defendants to submit to jurisdictional discovery, *see Fleites v. MindGeek S.A.R.L.*, 2022 WL 4455558 (C.D. Cal. Jul. 29, 2022), discovery is presently limited to issues relating to personal jurisdiction—whether the Court properly has jurisdiction over MindGeek S.a.r.l. and MG Premium Ltd. and whether Plaintiff can establish jurisdiction over certain Defendants under an alter ego theory. *Id.* at *5. Despite this clear direction, Plaintiff has served discovery requests that go well beyond the scope of what is necessary to determine whether the MindGeek Entity Defendants and Individual Defendants are "alter-egos" of each other, as Plaintiff baselessly claims, or whether personal jurisdiction is otherwise appropriate. For example, Plaintiff has served on the MindGeek Entity Defendants voluminous Interrogatories and Requests for Production of Documents, and has noticed two depositions, including a broad Rule 30(b)(6) deposition, addressing the MindGeek entities' finances and corporate structure. *See, e.g.*, Declaration of Kathleen M. Massey at ¶¶ 2–5 ("Massey Decl."); Plaintiff's First Set of Interrogatories to MindGeek S.A.R.L. (Massey Decl. Ex. A); Plaintiff's First Request for Production of Documents to MindGeek S.A.R.L. (Massey Decl. Ex. B); Plaintiff's Notice of Rule 30(b)(6) Deposition to Defendant MindGeek S.A.R.L. (Massey Decl. Ex. C); Plaintiff's Notice of Deposition of Andreas Alkiviades Andreou (Massey Decl. Ex. D).[1]

---

[1] Plaintiff served identical interrogatories and requests for production of documents on each of the six MindGeek Entity Defendants. They have provided one consolidated response to both the interrogatories and the document requests.

The MindGeek Entity Defendants have responded to the written discovery requests, have begun to produce documents, and have made clear they will make witnesses available in response to the deposition notices.  But because Plaintiff's discovery requests go well beyond the scope of jurisdictional discovery (and in many instances well beyond appropriate merits discovery), Defendants have objected where appropriate.  Now, rather than negotiate a resolution to this disagreement as to the scope of discovery, or seek the assistance of the Court if a resolution cannot be reached, Plaintiff is seeking to obtain discovery that is clearly beyond what the Court has permitted by seeking almost identical discovery from foreign non-parties.  Plaintiff should not be permitted to make such an end run around this Court's authority and conduct a massive fishing expedition involving foreign non-parties.  The appropriate scope of discovery should be adjudicated by this Court, not in a piecemeal and potentially inconsistent fashion by multiple foreign authorities.

Moreover, Plaintiff is not permitted to burden non-parties with requests for information that can be obtained from Defendants.  Non-party discovery is generally only appropriate when a party has attempted and failed to obtain the information sought from the opposing party.  Plaintiff has already requested, ***and Defendants have already agreed to produce***, material covered by her proposed Letters Rogatory and Letters of Request (jointly referred to herein as "Letters Rogatory") that is relevant and proportional to the needs of the jurisdictional issues before the Court.  The remaining information that Plaintiff seeks from Grant Thornton is either beyond the scope of the jurisdictional discovery ordered by the Court [Dkts. 166–68], or otherwise irrelevant to Plaintiff's claims.  That is especially so for Plaintiff's request for discovery from Grant Thornton Dublin since no MindGeek entity organized under Irish law is a defendant or relevant to Plaintiff's alter ego theories.

In sum, this Court should not allow Plaintiff to rope foreign diplomats and non-parties into this action with improper discovery demands where Plaintiff has not

**OPPOSITION TO REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

shown that any relevant documents she is seeking are uniquely within the Grant Thornton entities' possession and she will likely get all the information to which she is entitled from Defendants directly.  Accordingly, the Court should deny Plaintiff's Requests for International Judicial Assistance.

## ARGUMENT

This Court has discretion to deny requests for letters rogatory that seek non-discoverable information.  *Pesch v. Independent Brewers United Corp.*, No. 13-5317, 2014 WL 5106985, at *2 (N.D. Cal. Oct. 10, 2014).[2]  Information is discoverable only if it is a "nonprivileged matter that is relevant to [a] party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b).  Additionally, information is not discoverable if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  FED. R. CIV. P. 26(b)(2)(C)(i).  Discovery is not proportional where "the expected benefits [are outweighed by the expected] burdens posed by particular discovery requests."  *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. 2015).  Moreover, "[i]n general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests."  *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012).  "[T]he party seeking discovery carries the burden of showing that the requested information is relevant and why any objections lack merit."  *Fitness Int'l, LLC v. DDRM Hill Top Plaza L.P.*, 2021 WL 4497889, at *1 (C.D. Cal. July 30, 2021) (Spaeth, M.J.).  As explained below, Plaintiff's Requests run afoul of these restrictions on discovery for several reasons.

## I.    Discovery Is Limited to Issues of Personal Jurisdiction at this Time.

In a series of Orders issued on July 29, 2022, this Court limited the scope of

---

[2] The MindGeek Entity Defendants take no position on the propriety of Plaintiff's Requests under Rule 28, the Hague Convention, or foreign law.

**OPPOSITION TO REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

discovery in this action to whether the Court has personal jurisdiction over MindGeek S.a.r.l., MG Premium Ltd, and the Individual Defendants.    [Dkts. 166–68.] Specifically, after denying Defendants' Motions to Dismiss without prejudice, the Court ordered the MindGeek Entity Defendants to submit to jurisdictional discovery to address:  (1) whether MindGeek S.a.r.l. and MG Premium Ltd have sufficient relevant jurisdictional contacts to support personal jurisdiction, *Fleites*, 2022 WL 4455558, at *1-2; (2) whether the MindGeek Entity Defendants are alter-egos of each other, *id.* at *2–3; (3) whether the MindGeek Entity Defendants are alter-egos of the Individual Defendants, *id.* at *3; (4) who owns or controls Pornhub, *id.* at *2; and (5) where Pornhub's revenue flows to.  *Id.* at *2 n.2. The Court then specifically denied Plaintiff's request to begin merits discovery until after jurisdictional discovery closed and Plaintiff had filed a second amended complaint.  [Dkt. 168.]  Denying merits discovery while jurisdictional discovery is ongoing makes sense because the Court's eventual ruling on Defendants' anticipated renewed Motions to Dismiss "will define [the] defendants and issues in dispute, and thus the bounds of discovery, to the extent any claims survive."  *Id.* (quoting *Estate of Jackson v. City of Modesto*, 2021 WL 5989754, at *3 (E.D. Cal. Dec. 17, 2021)).

Despite these clear instructions, Plaintiff has argued in correspondences with Defendants that merits discovery should also proceed because on August 11, 2022, the Court issued a generic Scheduling Order setting the close of discovery for April 6, 2023, which Plaintiff claims superseded the Court's prior Orders.  She is incorrect. Nothing in the Court's generic Scheduling Order indicates that the Court intended to supersede its Orders limiting discovery to jurisdictional issues less than two weeks earlier.  Rather, the Court simply set out two discovery periods:  one for jurisdictional discovery, and then a second period for the remaining discovery.  Courts frequently adopt this approach, holding "that a pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction

is resolved." *AMC Fabrication, Inc v. KRD Trucking West, Inc.*, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012).[3]  Bifurcating discovery in this way supports efficiency and prevents unfairness to defendants who believe that an action cannot proceed in the present forum. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) ("Inasmuch as a dispositive motion is pending, the Court concludes that allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive.").[4]

Nor does anything in the generic Scheduling Order—or otherwise—warrant disregarding the Court's reasons for bifurcating jurisdictional and merits discovery. The Court explained that because it had not yet ruled on Defendants' Motions to

---

[3] *Accord Estimating Grp. LLC v. Rickey Conradt, Inc.*, 2019 WL 2869686, at *3 (S.D. Ind. July 3, 2019); *Boddy v. Pourciau*, 2018 WL 4637380, at *9 (W.D. Wash. Sept. 27, 2018); *Commerce & Indus. Ins. Co. v. Durofix, Inc.*, 2018 WL 8332535, at *2 (D. Hawaii May 30, 2018); *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015); *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 2007 WL 2238900, at *6 (S.D. Cal. Aug. 2, 2007); *see also Conestoga Wagon Co. LLC v. PlainsCraft, LLC*, 2019 WL 6684501, at *2 (D. Idaho Dec. 6, 2019); *eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 WL 3783548, at *3 (N.D. Cal. Dec. 21, 2006); *Progressive Northern Ins. Co. v. Fleetwood Enterprises, Inc.*, 2005 WL 2671353, at *5 (W.D. Wash. Oct. 18, 2005); *Spring Patents, Inc. v. Avon Rubber & Plastics, Inc.*, 183 F. Supp. 2d 1198, 1208 (D. Hawaii 2001).

[4] *Accord Vistage Worldwide, Inc. v. Knudsen*, 2020 WL 8991749, at *2 (S.D. Cal. Mar. 13, 2020); *Liberty Media Holdings, LLC v. Letyagin*, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012) ("A defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over him."); *E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*, 2010 WL 1957306, at *2 (D. Colo. May 13, 2010) ("[N]either its nor the parties' time is well-severed by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion implicating the court's jurisdiction is pending."); *Synthes (U.S.A.)*, 2007 WL 2238900, at *7 ("Additionally, GMReis contends that Request No. 19 goes to the merits of this case, which GMReis argues is unduly burdensome prior to a ruling on the pending motion to dismiss. The Court agrees.").

CASE NO. 2:21-cv-4920

**OPPOSITION TO REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Dismiss on the merits or on personal jurisdiction, "the scope of this case—both in terms of parties and claims—has yet to be determined." [Dkt. 168 at 1.] The Court further held that allowing merits discovery as to Defendant Visa, which does not challenge personal jurisdiction, "would be inefficient" because it would lead to "dual track[]" discovery for different groups of Defendants. *Id.* at 1-2. The same is true for the remaining Defendants who are not challenging personal jurisdiction because they moved to dismiss on the merits, their motions were denied without prejudice, and "the scope of [the] claims [against them] has yet to be determined. That is reason enough to deny" merits discovery. *Id.* at 1. All these reasons for staying merits discovery were as valid on August 11 as they were on July 29; and they are just as valid today.

In sum, to accept Plaintiff's argument, the Court would have to believe that after issuing an order expressly rejecting merits discovery as inefficient and premature—even against parties over whom personal jurisdiction was established—the Court completely reversed its position less than two weeks later without explaining, or even mentioning, its prior ruling. There is simply no basis to credit this interpretation of events.

## II. Plaintiff Cannot Burden Non-Parties with Requests for Information that Can Be Obtained from Defendants.

Non-parties are entitled to heightened protection from burdensome discovery requests. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014). Given such protection, parties must seek "discovery from one another before burdening non-parties with discovery requests." *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019). "[W]hen an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." *Id.* Courts thus routinely deny requests for "Letter[s] Rogatory seek[ing] unnecessarily duplicative information which Plaintiffs can request from the United States-based Defendants." *Viasat, Inc.*

1    *v. Space Sys./loral, Inc.*, No. 12-260, 2013 WL 12061801, at \*7 (S.D. Cal. Jan. 14,

2    2013).

3         As set forth in greater detail in Section III *infra*, Plaintiff has already requested

4    the relevant and necessary discovery sought in her Letters Rogatory directly from

5    Defendants.  Although only two of the six MindGeek Entity Defendants are U.S.-

6    based, all six of them have been ordered to participate and are participating in

7    jurisdictional discovery.  Nine of the thirteen requests in Plaintiff's proposed Letters

8    Rogatory are virtually identical to requests she made directly to the MindGeek Entity

9    Defendants in her First Set of Requests for Production ("RFPs") under Rule 34.

10   *Compare* Massey Decl. Ex. B, RFPs 2, 3, 5, 8, 11, 12, 13, 14, 20, 24, *with* Letters

11   Rogatory Requests 2–10.  Although Defendants objected in part to those RFPs,

12   Defendants are in the process of producing the requested documents that are relevant

13   and proportional to the needs of jurisdictional discovery, including information

14   responsive to Requests 2, 3, 4, 5, 6, 7, 9, and 10 in Plaintiff's proposed Letters

15   Rogatory.  *See McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at

16   \*5 (D. Wyo. Aug. 24, 2021) (quashing subpoena where "at least portions of the

17   documents requested in the Rule 45 subpoenas seek the same or substantially similar

18   information to that requested from Defendant via Plaintiff's discovery requests" and

19   "Defendant may have already produced some of the pertinent information").

20   Additionally, the information sought in Letters Rogatory Request 1 and 11 and

21   Deposition Topics 1, 2, 3, 4, and 7 is equally available to Defendants and the Grant

22   Thornton entities, but Plaintiff did not ask Defendants for it before attempting to

23   burden Grant Thornton.  Finally, the Parties are still discussing Defendants'

24   objections to Plaintiff's RFPs and Interrogatories, including, *inter alia*, overarching

25   objections to the scope of discovery and the proportionality of certain requests, the

26   resolution of which could impact the Grant Thornton entities' discovery obligations

27   if they were forced to respond to these duplicative requests and/or sit for depositions.

28

7

CASE NO. 2:21-cv-4920

**OPPOSITION TO REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

There is good reason to require Plaintiff to seek information from the MindGeek Entity Defendants in the first instance rather than from a non-party. The parties to this case have a greater understanding of, and vested interest in, the claims and defenses at issue. To the extent there are disputes about the appropriate scope and parameters of discovery, they should be litigated in the first instance by the parties, not a non-party with only a tangential relationship to this case. This is particularly so where, as here, the non-parties on whom Plaintiff is seeking to serve this discovery are located in foreign countries. The judiciaries (or other foreign authorities) of Ireland, Luxembourg, Canada, and Cyprus simply should not be determining the appropriate scope of jurisdictional discovery for this case in the first instance.

Requiring Plaintiff to obtain information from, and litigate any objections with, Defendants before seeking third-party discovery "will certainly be less burdensome than executing a deposition and document production in a foreign jurisdiction pursuant to a letter rogatory against a non-party who may be required to hire counsel and respond to discovery requests despite having no relation to the claims at issue." *Pesch*, 2014 WL 5106985, at *3. For this reason alone, most, if not all, of the document requests and deposition topics in Plaintiff's Letters Rogatory are improper.

III.     **Plaintiff's Requests and Deposition Topics Are Neither Relevant nor Proportional to the Needs of Jurisdictional Discovery.**[5]

Apart from the information that the MindGeek Entity Defendants have already agreed to produce, Plaintiff is not entitled to any of the discovery sought in her Letters Rogatory because it is not relevant or proportional to the needs of the limited

---

[5] As Plaintiff did not bring this dispute by Stipulation under Local Rule 37-2, Defendants have not set out "all issues in dispute and, as to each such issue, [Defendants'] contentions," in the manner described in Local Rule 37-2.1. However, should the Court desire request-by-request objections, the MindGeek Entity Defendants would be happy to provide them.

jurisdictional issues on which this Court has authorized discovery.  Plaintiff nowhere explains how each of her requests or proposed deposition topics relates to the Court's jurisdiction.  Instead, Plaintiff vaguely references the relevance of certain financial information (much of which Defendants have produced or will be producing), and simply asserts in conclusory fashion that all of her requests for judicial assistance are "directly related to the issue of '[w]here the money flows in the MindGeek web' . . . and 'who owns Pornhub and the other MindGeek websites that hosted Plaintiff's videos." Pl.'s Mot. at 8 (first alteration in original).[6]  Although *some* of the requested information implicates jurisdictional issues, Defendants are already in the process of producing that information, and the requests go well beyond what is necessary to determine whether the Court may properly exercise personal jurisdiction over the challenging Defendants.

Plaintiff's own description of her requests confirms that they are expansive: "all documents concerning or relating to MindGeek Defendants, including, without limitation, any audit, compliance, tax, investigation, or other reports, materials, or filings, in whatever form they may be found," as well as "any documents pertaining to the Individual MindGeek Defendants, to include any material prepared for, on behalf of, or to benefit any of the Individual MindGeek Defendants' family members." Pl.'s Mot. at 10.  In fact, the requests are even broader than this.  Indeed, Plaintiff seeks virtually every piece of financial information available about not only the "MindGeek Defendants," but any "MindGeek Entity"—a vague and staggeringly broad term that Plaintiff defines as including:

---

[6] Nor is the connection between each request and the Court's jurisdiction "demonstrated" by "the proposed Letters Rogatory" themselves, as Plaintiff asserts. *Id.* at 7.  The letters simply set out the requests and assert, also in conclusory fashion, that Plaintiff seeks "this evidence to establish her claims against Defendants and to establish the Court's jurisdiction," making plain that Plaintiff seeks merits discovery, not just jurisdictional discovery.  Pl.'s Br. Ex. 1.

**OPPOSITION TO REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE**

any corporation, limited partnership, limited liability company, partnership, or other legal entity in which MindGeek S.à.r.l. has any direct, indirect, or beneficial ownership interest or relationship, including all parents, subsidiaries, and related entities, and includes each of those entities current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the entities' behalf.

The requested financial information is vastly broader than what Plaintiff needs to assess the viability of Plaintiff's alter ego arguments:  (1) ownership and control of Pornhub,  (2) the flow of revenue from Pornhub; and (3) whether Defendants observe required corporate formalities.  Those issues do not require an x-ray view of every penny that has ever passed through the hands of anyone with any connection to Defendants—yet that is effectively what Plaintiff seeks.  Defendants have already produced, or will produce shortly, substantial financial information, including, but not limited to:

- Detailed charts depicting the organizational structure and changes thereto involving over forty MindGeek entities over an eight-year period (June 1, 2014, to June 17, 2021);

- A description of the organizational changes relevant to more than a dozen of those entities—including not only all the MindGeek Entity Defendants, but also every entity directly above them in their direct ownership chains up to Defendant MindGeek S.a.r.l.;

- Information about those entities' officers, directors, and foreign equivalents during that period;

- Documents describing the transactions pursuant to which equity ownership interests in each MindGeek Entity Defendant were acquired and disposed of during the relevant time period;

- Documents showing the financial performance of Pornhub and MG Freesites Ltd and how the profits have been distributed;

- Records required to be maintained by the laws of their individual states or countries of organization, annual financial statements, income tax returns, and

documents sufficient to identify dividends paid and other distributions made to equity holders for all of the MindGeek Entity Defendants and every entity directly above them in their direct ownership chains up to Defendant MindGeek S.a.r.l.;

- Written service agreements between the relevant entities;

- Documents sufficient to identify any related party transactions and employment compensation to Messrs. Antoon, Tassillo and Urman.

The MindGeek Entity Defendants have also agreed to provide a 30(b)(6) witness on these and related topics. *See* Massey Decl. Exhibit C. The extensive financial information being provided is more than sufficient to address the relevant jurisdictional questions identified by the Court.

By contrast, producing ***all*** the financial information sought by Plaintiff is unnecessary. Such information is not only irrelevant to jurisdiction and the merits, but is also unduly burdensome to produce and not proportionate to the needs of the case. *Cf. Triple Crown Consulting, LLC v. Pinisetti Consulting, LLC*, 2018 WL 1404407, at *2 (W.D. Tex. Mar. 20, 2018); *In re MT BALTIC SOUL Produktentankschiff-Ahrtsgesellschaft mgH & Co. KG*, 2015 WL 5824505, at *3 (S.D.N.Y. 2015) (holding that "request for disclosure of every financial transaction these companies have engaged in with 11 different banks, along with considerable additional financial information, sweeps far too broadly to be proper for that limited purpose" of showing alter ego status); *Fidelis Grp. Holdings, LLC v. Chalmers Automotive, LLC*, 2016 WL 6157601, at *4 (E.D. La. Oct. 24, 2016); *SelfHelpWorks.com, Inc. v. 1021018 Alberta Ltd.*, 2010 WL 11684790, at *3 (S.D. Cal. Dec. 20, 2010.

The information Plaintiff is requesting from Grant Thornton that she has not sought directly from Defendants is either irrelevant or well beyond the needs of jurisdictional discovery. For example, in Request 1, Plaintiff seeks contracts between Grant Thornton and MindGeek entities. But the details of contracts between the

MindGeek Entity Defendants—let alone all of the MindGeek entities as Plaintiff defines them—and their accountants have nothing to do with the flow of revenue from Pornhub or the MindGeek Entity Defendants' corporate separateness—or any other relevant issue, jurisdictional or otherwise.  Similarly, Request 11 and Deposition Topic 6 seek information regarding "Grant Thornton's decision to terminate its services to MindGeek entities," which occurred years after the events giving rise to this case and cannot have any relevance to any questions at issue.  Request 13 asks for materials "concerning this Action," which again could not possibly have anything to do with personal jurisdiction which is determined before a complaint (and thus the action) is filed. *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1171 (9th Cir. 2022) ("In the Ninth Circuit, we measure the extent of a defendant's contacts with a forum 'at the time of the events underlying the dispute.'" (quoting *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987))).  Given that Grant Thornton's name is mentioned only once, in passing, in the entire Amended Complaint, FAC ¶ 90, there is no reason for Plaintiff to request this information except as an impermissible fishing expedition. *See Pesch*, 2014 WL 5106985, at *3.  "If the requirement for proportionality in discovery means anything, however, it must mean that burdensome, tangential discovery should not be permitted based on the mere possibility that something may turn up to support what is otherwise only speculation."  *McCall v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 3174914, at *9 (D. Nev. Jul. 26, 2017).

What's worse, Plaintiff is attempting to subject not only one non-party to these duplicative and unduly burdensome document and deposition requests, but *four* non-parties—that's four sets of identical document requests and potentially four depositions of foreign witnesses.  Moreover, one set of requests is directed at Grant Thornton Dublin because it allegedly provided services to MG Billing Ltd, a MindGeek Entity that is not even a party to this case.  Plaintiff does not explain why dragging Grant Thornton Dublin into this litigation and subjecting another entity to

12                                    CASE NO. 2:21-cv-4920

document requests and a deposition makes any sense. Plaintiff has not even alleged that MG Billing Ltd or any other MindGeek entity organized under the laws of Ireland has anything to do with this case.

In sum, because Plaintiff's requests and deposition topics seek non-discoverable information, her Requests for International Judicial Assistance should be denied.

## CONCLUSION

For the forgoing reasons, the Court should deny Plaintiff's Requests for International Judicial Assistance.

DATED: OCTOBER 19, 2022                RESPECTFULLY SUBMITTED,


/s/   _Benjamin Sadun_
BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (_admitted pro hac vice_)
Kathleen.massey@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599
_Attorneys for MindGeek Entity Defendants_