BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO.  2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:    Autumn D. Spaeth<br><br>**JOINT STIPULATION ACCOMPANYING MOTION BY MINDGEEK ENTITY DEFENDANTS TO COMPEL PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Hearing:    December 21, 2022: 10:00<br>Courtroom:  6B<br><br>Jurisdictional Discovery Deadline:<br>December 30, 2022 |

# <u>TABLE OF CONTENTS</u>

**Page**

I.    PRELIMINARY STATEMENTS ......................................................................1

    A.    MindGeek Entity Defendants' Preliminary Statement ........................1

    B.    Plaintiff's Preliminary Statement .......................................................3

II.   GENERAL ISSUES AND OBJECTIONS ......................................................6

    A.    MindGeek Entities' Position ...............................................................6

    B.    Plaintiff's Position ............................................................................12

III.  INTERROGATORIES AND RESPONSES AT ISSUE .................................14

    A.    Interrogatory No. 2 ...........................................................................14

    B.    Interrogatory No. 3 ...........................................................................16

    C.    Interrogatory No. 4 ...........................................................................18

    D.    Interrogatory No. 5 ...........................................................................20

    E.    Interrogatory No. 6 ...........................................................................21

    F.    Interrogatory No. 8 ...........................................................................22

    G.    Interrogatory No. 10 .........................................................................24

    H.    Interrogatory No. 11 .........................................................................25

    I.    Interrogatory No. 12 .........................................................................27

    J.    Interrogatory No. 13 .........................................................................28

IV.   DOCUMENTS REQUESTS AND RESPONSES AT ISSUE ......................29

    A.    Request No. 1 ....................................................................................29

    B.    Request No. 2 ....................................................................................30

    C.    Request No. 3 ....................................................................................32

    D.    Request No. 4 ....................................................................................33

    E.    Request No. 5 ....................................................................................35

    F.    Request No. 6 ....................................................................................37

    G.    Request No. 7 ....................................................................................38

    H.    Request No. 8 ....................................................................................40

    I.    Request No. 9 ....................................................................................41

    J.    Request No. 10 ..................................................................................42

    K.    Request No. 11 ..................................................................................43

V.    CONCLUSIONS ...........................................................................................45

    A.    MindGeek Entity Defendants' Conclusion .......................................45

    B.    Plaintiff's Conclusion .......................................................................45

## JOINT STIPULATION

Pursuant to Federal Rule of Civil Procedure 37, Local Civil Rule 37-2, and United States Magistrate Judge Autumn D. Spaeth's July 2018 Standing Order on Discovery Disputes, and following counsel's meet and confer efforts, Defendants MindGeek S.à.r.l., MG Freesites Ltd, MindGeek USA Inc., MG Premium Ltd, MG Global Entertainment Inc., and 9219-5618 Quebec Inc. (collectively "MindGeek Entities"), and Plaintiff Serena Fleites respectfully submit the following Joint Stipulation related to the Motion by MindGeek Entity Defendants to Compel Plaintiff's Responses to Interrogatories and Requests for Production of Documents. In accordance with L.R. 7-3 and 37-1, counsel for the Parties met and conferred by telephone on November 14, 2022 prior to the filing of this motion.

## I.   PRELIMINARY STATEMENTS

### A.   MindGeek Entity Defendants' Preliminary Statement

Plaintiff has not responded to the MindGeek Entities' jurisdictional discovery requests in any meaningful way.  On September 19, 2022, the MindGeek Entities served their First Set of Interrogatories to Plaintiff Related to Personal Jurisdiction (the "Interrogatories") (attached as Ex. A) and First Request for Production of Documents to Plaintiff Related to Personal Jurisdiction ("RFPs") (attached as Ex. B). On the evening of October 17, 2022, two days before the responses were due, Plaintiff's counsel e-mailed the MindGeek Entities and requested a two-week extension for service of their Interrogatory Responses.  Decl. of Christopher R. Boisvert ("Boisvert Decl."), ¶3 (attached as Ex. C).  Although there was limited time remaining in the jurisdictional discovery period, in the interest of cooperation, the MindGeek Entities consented to the proposed extension.  *Id.*  On October 19, 2022, Plaintiff served objections and responses to the RFPs indicating that certain limited documents would be produced (though far less than what was requested), but did not produce any documents at that time.  *See* Pl.'s Responses and Objections to Def't MindGeek Entities' First Req. for Prod. of Docs. to Pl. Related to Personal

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

Jurisdiction (attached as Ex. D).  On November 1, 2022, the MindGeek Entities sent a letter to Plaintiff detailing the deficiencies in her responses and requesting a Rule 37-1 conference.  Letter from Kathleen N. Massey to Michael J. Bowe (Nov. 1, 2022) (attached as Ex. E).  Plaintiff has never responded in writing to this letter.  Boisvert Decl. ¶ 4.

On November 2, 2022, Plaintiff served her responses to the Interrogatories. Pl.'s Responses and Objections to MindGeek Entities' First Set of Interrogatories to Pl. Related to Personal Jurisdiction (attached as Ex. F).  To the MindGeek Entities' surprise given Plaintiff's request for an extension of time to respond to the Interrogatories, Plaintiff failed to provide any substantive response to twelve of the thirteen interrogatories and provided only a partial response to the thirteenth.  *Id.* Since the extension was clearly not used to prepare substantive responses to the Interrogatories, it appears in hindsight that Plaintiff's request for an extension of time was merely an effort to run the clock on jurisdictional discovery and obstruct Defendants' discovery efforts.

The MindGeek Entities sent a second letter to Plaintiff addressing her deficient responses to the Interrogatories and again requesting a Rule 37-1 conference.  Letter from Kathleen N. Massey to Michael J. Bowe (Nov. 7, 2022) (attached as Ex. G). Two days later, counsel for the MindGeek Entities reached out to Plaintiff's counsel via e-mail to schedule a meet and confer conference to address Plaintiff's deficient discovery responses.  The Parties eventually agreed to a telephonic conference on November 14, 2022.  Boisvert Decl. ¶ 6.

Less than an hour before the meet and confer, Plaintiff sent a letter indicating that they intended to stand on the responses and objections in full, and asserted that Defendants were improperly seeking "merits" discovery.  Letter from Michael J. Bowe to Kathleen N. Massey (Nov. 14, 2022) (attached as Ex. H).  During the subsequent call, counsel for the MindGeek Entities repeatedly asked Plaintiff's counsel to explain why Plaintiff believed the MindGeek Entities' requests did not

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

pertain to personal jurisdiction.  Boisvert Decl. ¶ 8.  Plaintiff's counsel refused to provide an explanation and instead asserted that they were dissatisfied with the MindGeek Entities' discovery responses to date.  *Id.*  As of the time the MindGeek Entities' portion of this Joint Stipulation was sent to Plaintiff, Plaintiff had failed to amend her responses.  Boisvert Decl. ¶ 9.  Moreover, even though the MindGeek Entities served their requests over two months ago, as of the time of service she has still not produced a single document in response to Defendants' requests.  *Id.*  By contrast the MindGeek Entities have produced hundreds of documents totaling over 3000 pages and are continuing to provide more as they become available.  *Id.*  There is no justification for this delay and documents responsive to the RFPs must be produced immediately.  Given Plaintiff's total refusal to fulfill her discovery obligations, this Motion to Compel is necessary.

### B.    Plaintiff's Preliminary Statement

On July 29, 2022 this Court issued an order "[d]irecting the MindGeek Defendants to Submit to Jurisdictional Discovery" and outlined the precise categories of information it deemed relevant to evaluate whether the Court may exercise jurisdiction over MindGeek S.A.R.L., MG Premium Ltd., and the individual defendants. Dkt. 167.  Notably, the information sought by the Court concerns facts known only to Defendants, including: the direct and indirect ownership of Pornhub and the other MindGeek websites that hosted and monetized Plaintiff's child sexual abuse materials ("CSAM"); the entities and individuals that exercise operational control of the tubesites, as well as the overall policies governing them; "where the money flows in the MindGeek web"; the services provided by and between the MindGeek Entities; the control exercised by the various MindGeek Entities and Individuals; the percentage of Pornhub users located in the United States; the MindGeek websites Plaintiff's CSAM was distributed to; and the location of servers maintained by Defendants.  *Id.*

Despite the Court's explicit directives (and their own patent refusal to produce

broad categories of plainly relevant documents on the putative basis that it constitutes premature merits discovery), defendants have served more than two dozen discovery requests on Plaintiffs seeking information that has absolutely no relevance to the Court's jurisdictional analysis over the two objecting MindGeek entities and which include categories of documents that Defendants themselves have objected to produce on the putative basis that it is not relevant to the Court's jurisdictional analysis.[1] Thus, for example, defendants' requests seek Plaintiffs' communications about the creation of her CSAM, its upload to Pornhub, and her efforts to have it take down (RFP Nos. 3, 10; ROG Nos. 5, 7), even though defendants have refused to produce any of their own internal communications about these same topics in response to Plaintiff's requests. (See, e.g., J. Doyle Decl., Ex. 2, Resp. Nos. 1, 8, 29.)  More egregiously, defendants' requests seek detailed information about the creation of Plaintiffs' CSAM, the individuals involved, and the injuries, illness, physical, psychological, emotional, financial, employment, and/or reputational conditions Plaintiff has suffered as a result.  See, e.g., ROG Nos. 8, 10; see also (seeking ROG Nos. 1, 2 (requesting every home address for Plaintiff and any email address or online handle used by Plaintiff at any time).  Not only are these requests entirely improper at this stage, it is consistent with the gamesmanship Defendants have engaged in for years to conceal their own wrongdoing by discrediting their victims.  Their thinly veiled effort to get a head start on preparing their defense to Plaintiff's claims should be rejected.

Defendants' attempt to shift the burden to Plaintiff to provide information so that Defendants can comply with their discovery obligations is likewise improper and has not basis in law.  "The case law is clear . . . that a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Apple Hill*

---

[1]     Simultaneous with the filing of this motion, Plaintiff will be filing a separate motion seeking to compel defendants' discovery responses.

*Growers v. El Dorado Orchards, Inc.*, No. 2:17-cv-02085-TLNCKD, 2022 WL 1506205, at *11 (E.D. CA May 12, 2022) (citations omitted). Even where "plaintiff is unable to identify the exact documents that would have [the information sought by plaintiff], that does not excuse defendant of its obligation to make a good faith effort to search for and locate responsive documents." *Salinas v. The Cornwell Quality Tools Company*, et al., No. 19-cv-2275-FLA (SPx), 2021 WL 4913279, at *4 (C.D. Cal. Jan. 22, 2021); *see also Trujillo v. Princess Cruise Lines, Ltd.*, No. 20-cv7451-JWH (PVCx), 2021 WL 3604518, at *6 (C.D. Cal. Apr. 23, 2021) (stating that a responding party is "required to conduct a 'reasonable search' for responsive documents."). Moreover, placing a burden on Plaintiff to provide with specificity how Defendants might search for documents is also improper because "the burden does not fall on plaintiff to learn whether, how and where defendant keeps relevant documents." *Newill v. Campbell Transp. Co., Inc.,* No. 2:12-cv-1344, 2013 WL 6002349, at *5 (W.D. PA Nov. 12, 2013) (citing *Tarlton v. Cumberland Cnty. Corr. Fac.*, 192 F.R.D. 165, 170 (D. N.J. 2000)).[2]

The Court has limited discovery to information relevant to its jurisdictional analysis, Dkt. 205, and Defendants cannot use the discovery process to embark on an unfettered, merits-based fishing expedition concerning Plaintiff's personal life and matters unrelated to the Defendants' jurisdictional contacts and activities. This is especially so here, where the matters at issue concern the grave impact Defendants' actions had on the health, well-being, and livelihood of Plaintiff whose childhood was

---

[2]     Defendants also go to great lengths to argue that Plaintiff has somehow delayed or obfuscated the Court's jurisdictional analysis by asking for a routine two-week extension to respond to Defendants' Interrogatories. Of course, they fail to disclose that they too asked for an extension (*see* J. Doyle Declaration, ¶ 2), which is common practice in complex litigations such as this one. In any event, at the time Plaintiff served her responses and objections to Defendants' interrogatories on November 2, 2022, Plaintiff was proceeding with the understanding that the Court's August 11, 2022 Scheduling Order directed the parties to complete merits discovery simultaneous with jurisdictional discovery. (Dkt. 173), and accordingly provided substantive objections to Defendants' requests. On November 14, 2022, however, the Court vacated the August 11 order. (Dkt. 205.)

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

1    destroyed by the widespread dissemination of her CSAM.

2          Contrary to their assertions otherwise, Defendants are not entitled to documents

3    unrelated to jurisdiction and information concerning the personal, private life of

4    Plaintiff.  Defendants are the only parties who possess the knowledge, custody, and

5    control of the information the Court has identified as relevant to jurisdiction and

6    Defendants counter requests are overly broad, prematurely seek discovery on the

7    merits of Plaintiff's claims, and unjustifiably attempt to further breach the

8    constitutionally protected privacy of Plaintiff.  Accordingly, Plaintiff respectfully

9    requests that the Court sustain Plaintiff's objections and deny Defendants' motions to

10   compel.

11   **II.    GENERAL ISSUES AND OBJECTIONS**

12          **A.    MindGeek Entities' Position**

13          Rule 37 permits a party to "move for an order compelling disclosure or

14   discovery" when "a party fails to answer an interrogatory submitted under Rule 33"

15   and when "a party fails to produce documents … as requested under Rule 34."  Fed.

16   R. Civ. P. 37(a)(1), (a)(3)(B)(iii-iv).  An order compelling discovery is necessary here.

17   Plaintiff's objections do not withstand any serious scrutiny.  With respect to the

18   Interrogatories, Plaintiff objects to most of the MindGeek Entities' interrogatories as

19   seeking "information beyond that relevant to the Court's jurisdictional analysis."  This

20   objection is meritless; each of the MindGeek Entities' interrogatories addresses issues

21   relevant to personal jurisdiction.  As the Court recognized, for Plaintiff to show that

22   the Court may exercise personal jurisdiction over MindGeek S.à.r.l. and MG Premium

23   Ltd, she must either show that those entities each have sufficient jurisdictionally

24   relevant contacts such that the Court may exercise specific personal jurisdiction over

25   them, *Fleites v. MindGeek, S.A.R.L.*, 2022 WL 4455558, *1-2, n.3 (C.D. Cal. July 29,

26   2022), or that Plaintiff may impute the contacts of other MindGeek Entities based on

27   the alter-ego doctrine.  *Id.* at *2-3.  Accordingly, each of the MindGeek Entities'

28   Interrogatories seeks information relevant to their alleged contacts with Plaintiff or

1   the information on which Plaintiff premises her alter-ego theory.

2       Having unrelated contacts with California is insufficient to trigger specific

3   personal jurisdiction.  Among other requirements, Plaintiff's "claim must be one

4   which arises out of or relates to the defendant's forum-related activities."

5   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  Due

6   process requires a direct connection between the harm alleged and the defendant's

7   contacts with the forum state.  "When there is no such connection, specific jurisdiction

8   is lacking regardless of the extent of a defendant's unconnected activities in the State."

9   *See Bristol-Myers Squibb Co. v. Super. Ct.* (*BMS*), 137 S. Ct. 1773, 1781 (2017).

10  Accordingly, Plaintiff must demonstrate that her claims arise out of actions taken by

11  MindGeek S.à.r.l. and MG Premium Ltd. in California to exercise specific jurisdiction

12  over them.   Information about all of Plaintiff's contacts with the company, the

13  circumstances under which the images at issue in the case came to be created and

14  uploaded to Pornhub.com or any other website operated by one of the MindGeek

15  Entities, the contacts between the MindGeek Entities and any purported Traffickers,

16  and the injuries Plaintiff is claiming were caused by each of the MindGeek Entities,

17  are all relevant to this analysis.

18      To the extent Plaintiff is seeking to impute the contacts of other MindGeek

19  Entities to MindGeek S.à.r.l. and MG Premium Ltd on an "alter-ego" theory, Plaintiff

20  must show "(1) such unity of interest and ownership between parent and subsidiary

21  'that the separate personalities of the two entities no longer exist and (2) that the

22  failure to disregard the separate entities would result in fraud or injustice."  *Iconlab,*

23  *Inc. v. Bausch Health Cos.*, 828 F. App'x 363, 364 (9th Cir. 2020).  Plaintiff's First

24  Amended Complaint repeatedly alleges that MindGeek's corporate structure is a

25  "sham," and that the company "operates as a singular business entity."   The

26  MindGeek Entities fully disagree with these allegations and have provided significant

27  financial and corporate information demonstrating that Plaintiff's allegations are

28  baseless.  Nonetheless, Plaintiff presumably had some evidentiary support for her

factual allegations when she included them in her pleadings and other submissions to the Court.  The MindGeek Entities are entitled to know what Plaintiff based the allegations on and the source(s) of that information to rebut Plaintiff's "alter-ego" allegations.

Apart from her broad refusal to provide any discovery on the grounds that the MindGeek Entities' discovery requests purportedly do not relate to personal jurisdiction (they do), Plaintiff's RFP responses also made a number of additional general objections.  These too lack merit.  For example, Plaintiff claims that the term "MindGeek Entity" as used in the discovery requests is vague and ambiguous or "not defined in the requests."  Plaintiff is simply wrong.  The introductory paragraph of Defendants' Requests defines the MindGeek Entities as "Defendants MindGeek S.à.r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Inc., MG Global Entertainment Inc., and 9219-5618 Quebec Inc.," the entities serving the requests. *See* Def't MindGeek Entities' First Req. for Prod. of Docs. to Pl. Related to Personal Jurisdiction (Ex. B).

Plaintiff also purports to withhold documents on the basis of an "investigative and consulting expert privilege."  Such withholding is improper.  Rule 26(b)(4)(D) by its terms applies only to "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."  Fed. R. Civ. P. 26(b)(4)(D).  It does not provide for any "investigative" privilege or extend to underlying documents relied on or ancillary to an expert's opinions.  *See, e.g., General Elec. Co. v. Wilkins*, 2012 WL 3205430 *8 (E.D. Cal. Aug. 2, 2012). Accordingly, to the extent any responsive materials are being withheld pursuant to this purported privilege, they should be produced.  In the alternative, the MindGeek Entities requested a privilege log detailing the nature of the documents and why they should not be produced; but Plaintiff has provided no such log.

Plaintiff's objections also claim that she intends to limit her production to

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

"responsive, non-privileged documents … in Plaintiff's direct possession, custody or control." Such limitation is improper.  Rule 34(a) entitles a party to discovery of material in "the responding party's possession, custody, or control …," not just in her "direct" possession custody or control.  If someone acting on Plaintiff's behalf has responsive documents, they need to be produced regardless of whether they are in Plaintiff's direct possession or in the possession of her agent.  Plaintiff has not explained what, if any, documents are being withheld on this basis despite the MindGeek Entities' request that Plaintiff do so.

Plaintiff's Responses serially object to the requests "to the extent they seek documents and information … equally available to Defendants from sources other than Plaintiff."  But as the MindGeek Entities have explained to Plaintiff's counsel on several occasions, to the extent the MindGeek Entities have certain material relating to videos allegedly uploaded to Pornhub depicting Plaintiff, they require additional information from Plaintiff to identify such material from among more than 10 million other videos.  Despite extensive efforts, based on the information provided to date, the MindGeek Entities have not been able to locate all of the Content Plaintiff alleges was posted to websites operated by the MindGeek Entities, including the video referred to in paragraphs 258-263 of the Amended Complaint.  To the extent Plaintiff has information about each video, such as its URL, title, tags, category and comments, the uploader and the date of upload, and/or information about the requests to remove each video, such as the email addresses from which the requests were sent, the dates on which they were sent, the precise words used in the requests and the words used in the responses, it is important that such information be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded.  Identifying the Content is necessary for determining whether there are jurisdictionally relevant contacts between the Defendants challenging jurisdiction, including MindGeek S.à.r.l. or MG Premium Ltd, and Plaintiff.

The RFP responses also repeatedly object to the extent the MindGeek Entities'

requests call for "disclosure of confidential, proprietary or private information," or would violate a "right to privacy." However, Plaintiff cannot withhold material on those grounds given the nature of her claims.  The scope of discovery includes information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Spe v. Fitness Int'l*, 2020 WL 11884709, at *1 (C.D. Cal. Dec. 16, 2020) (Spaeth, M.J.).  Plaintiff has put a number of sensitive issues before the Court, including her mental health and reputation, and the MindGeek Entities have a right to fully explore those issues.  *See, e.g., Garcia v. Capistrano Unified School Dist.*, 2019 WL 6332242, *3 (C.D. Cal. June 18, 2019) (Spaeth, J.) (requiring production of medical records where Plaintiff's "mental and emotional health" were placed at issue); *Inland Empire Waterkeeper v. Columbia Steel, Inc.*, 2019 WL 6332242, *3 (C.D. Cal. June 18, 2019) (Spaeth, J.) (requiring disclosure of financial information relevant to claim over Plaintiff's privacy objection); *Bechtold v. Billings Police Dept.*, 2010 WL 11534461 *1 (D. Mont. Jan. 26, 2010) (requiring production of mental health records where plaintiff claimed mental and emotional harm).  Similarly, if there is material that identifies Content depicting Plaintiff that she alleges was published on the internet, that material cannot be withheld on the bases of these objections.  (The MindGeek Entities are not requesting production of any Content itself.)  If there are responsive documents that are sensitive and properly confidential, the Parties' Stipulated Protective Order allows them to be marked confidential, but Plaintiff's claim to "privacy" does not provide a basis for her to withhold responsive documents.

Plaintiff's general objection to the MindGeek Entities' definition of "Content" as "ambiguous, overbroad, and unduly burdensome" and "calling for the production of information or material not relevant to any claim or defense" is similarly meritless. First, there is nothing ambiguous about the term which is clearly defined as "any video … photograph, gif, or other image depicting Plaintiff in a sexually explicit manner…that was uploaded to any website or was/is otherwise available to the

CASE NO. 2:21-cv-04920

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

public."  Plaintiff's Complaint alleges two videos of her were uploaded to Pornhub, but those videos do not appear to have been the only sexually explicit videos of Plaintiff that were uploaded to the internet by Plaintiff or a third party.  Defendants are entitled to understand the full extent of Plaintiff's sexually explicit online activities as they are related to Plaintiff's assertions that Defendants materially contributed to the creation of Content depicting Plaintiff, encouraged others to upload such Content, and harmed her in California and her allegations that she suffered damages based on Defendants' forum related conduct.

Similarly, there is nothing "ambiguous, overbroad, [or] unduly burdensome" about the MindGeek Entities' definition of "online handle" as Plaintiff's objections claim.  The term is defined straightforwardly as "any username, alias, moniker, or title used to designate or indicate Plaintiff's posts, comments, or other activities on any website or associated with an online account created or controlled by Plaintiff."  If Plaintiff had any online accounts that, for example, she used to make posts online or upload videos or images, she would have had an "online handle" connected to the uploaded material.  Since Plaintiff alleges material posted on sites independent of any MindGeek site was subsequently uploaded to websites operated by the MindGeek Entities, information regarding such material and the "online handle" Plaintiff used in connection with such material is relevant to show purported contacts between the MindGeek Entity Defendants and Plaintiff.

Plaintiff's Responses also impermissibly narrow the term "trafficker" as it is defined in both the Interrogatories and the RFPs.  While the term includes the two men referenced in Paragraphs 258 and 267 of Plaintiff's First Amended Complaint, it also would include those who assisted them in creating or uploading any Content.  Plaintiff's First Amended Complaint asserts that anyone involved in the creation or upload of videos of Plaintiff is a "sex trafficker" under federal law.  Accordingly, by Plaintiff's own definition, anyone associated with these activities is potentially a relevant witness.  The circumstances under which the videos came to be created and

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

1  uploaded are essential facts that go to personal jurisdiction, not merely the merits of

2  Plaintiff's claims.

3       None of the foregoing objections have merit but they are invoked repeatedly

4  by Plaintiff throughout the Responses and used as justification for ignoring her

5  discovery obligations.  These objections should be overruled and for these reasons,

6  and additional reasons particular to specific Interrogatories and RFPs set forth below,

7  this Motion to Compel should be granted.

8       **B.    Plaintiff's Position[3]**

9       This Court has explicitly directed that factors relevant to its jurisdictional

10  analysis include the manner in which the MindGeek Entity Defendants and their

11  officers and employees accepted, promoted, solicited, optimized, distributed, and

12  capitalized on the proliferation and sale of CSAM, including that of Plaintiff.

13  Recognizing that this information is uniquely within Defendants' possession, the

14  Court directed Defendants to submit to jurisdictional discovery, not Plaintiff.

15  Defendants attempt to place Plaintiff at center stage of the Court's jurisdictional

16  evaluation, but it is Defendants' contacts and activities with California and the United

17  States as they relate to the commercialization and monetization of Plaintiff's CSAM;

18  their policies, procedures, and systems that surround the upload, optimization,

19  distribution, dissemination, and capitalization, of CSAM; and the operation and

20  control exercised by the various individuals and entities over Defendants' tubesites

21  and platforms, that are under review. Dkt. 167 at 3 (discussing the importance of

22  _____

[3]       As set forth in FN 2, at the time Plaintiff served discovery on the MindGeek Entity
Defendants and responded and objected to the MindGeek Entities requests for production and
interrogatories, Plaintiff did so with the understanding that the Court's August 11, 2022 order
directed the parties to complete jurisdictional and merits discovery by April 2023.  Accordingly,
Plaintiffs responded to Defendants' merits requests with substantive objections about the scope of
what information Plaintiffs believed appropriate during the merits phase of discovery.  As set forth
herein, Plaintiff believes that defendants' requests are inappropriate in their entirety at this
juncture in light of the Court's November 2 order which made clear this stage of discovery is
limited to jurisdictional discovery.  Accordingly, Plaintiff does not believe its necessary to address
its other objections in this Joint Stipulation.  Nothing contained herein shall be deemed a waiver of
any objections Plaintiff has asserted.

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

evaluating who controls Defendants' websites and noting that "[t]he distinction between direct and indirect ownership of the offending websites is crucially important to the Court's jurisdictional analysis").

It is well-settled that a Court "may properly refuse or limit jurisdictional discovery [] if the proposed discovery seems unlikely to shed light on the jurisdictional question." *Wang v. Wu*, No. 16-cv-84 GW (MRWx), 2016 WL 10957847, at *2 (C.D. Cal. Dec. 7, 2016) (quoting 8 Wright, Miller & Marcus, Federal Practice & Procedure, § 2008.3 (3d ed. 2010 and supp.).  Jurisdictional and non-jurisdictional discovery are distinct and Defendants' requests for documents and material that pertain only to the merits of Plaintiff's claims are beyond the scope of jurisdictional discovery. *Baker v. Wehinger, et al.*, No. 18-cv-05800 SJO (Ex), 2019 WL 6720990, at *8 (C.D. Cal. Mar. 20, 2019) (citing *Wang*, 2016 WL 10957847, at *2) (finding that jurisdictional discovery requests must be relevant discovery on jurisdictional issues).

Here, Defendants requests go well beyond the scope of jurisdictional discovery, and thus any motion to compel Plaintiff's responses to these requests should be denied.  For example, Defendants request seek information concerning the creation of Plaintiff's CSAM and her subsequent discovery of this material on MindGeek's tubesites (RFP No. 4, ROG Nos. 7, 8), communications between Plaintiff and the male individuals referred to in paragraphs 267 and 269 of the First Amended Complaint (RFP No. 5), Plaintiff's comments, if any, on content uploaded to sites operated by MindGeek Entities (RFP No. 7), documentation concerning Plaintiff's injuries and mental and medical conditions (RFP No. 8, ROG No. 10), and documents concerning Plaintiff's financial and reputational harm (RFP No. 9).  Defendants' remaining requests seek information concerning Plaintiffs' sources and factual bases for the assertions set forth in the Amended Complaint, including the identities of Plaintiff's whistleblowers.  (RFP Nos. 10, 11, ROG No. 13.)  Again, this information does not have any bearing on Defendants' jurisdictional and alter ego contacts with

1  this State, and thus is nothing more than a thinly veiled effort to use the jurisdictional

2  discovery period to discredit Plaintiffs' claim.

3        This Court should reject Defendants' attempt to lure the Court into believing

4  that Plaintiff must be ordered to provide the requested information to them so they

5  can fulfill their own discovery obligations.  It is not Plaintiff's responsibility to

6  conduct Defendants' searches for them.  Defendants have the responsibility to search

7  for and produce responsive material and information that is complete and unevasive.

8  *Trujillo v. Princess Cruise Lines Ltd.*, No. 20-cv-7451, 2021 WL 3604518, at *3 (C.D.

9  Cal. Apr. 23, 2021) ("The answers to interrogatories must be responsive, full,

10  complete and unevasive.").  This is particularly so here, where the jurisdictional

11  discovery at issue concerns Defendants' conduct and the operation of their various

12  business entities.  If these particular entities and their related directors and officers

13  have conducted thorough searches in response to Plaintiff's discovery requests and

14  truly have no responsive material as Defendants claim, Defendants should simply

15  state so in their responses.  The burden on Defendants to locate responsive material

16  does not simply shift to Plaintiff and suddenly open the door to premature merits

17  discovery simply because Defendants have been unable to locate responsive material.

18        Because the sought-after information goes beyond the scope of jurisdictional

19  discovery, Defendants' cannot carry their initial burden to demonstrate the relevance

20  of the requested discovery and the MindGeek Entities' motion should be denied.

21  *Huang v. Big Data Supply Inc.*, No. 8:21-cv-00282-JVS (JDEx), 2021 WL 4816827,

22  at *1 (C.D. Cal. Aug. 12, 2021) (the movant has the initial burden of demonstrating

23  relevance).

24  **III.   INTERROGATORIES AND RESPONSES AT ISSUE**

25        The following Interrogatories were served on Plaintiff on September 19, 2022.

26      **A.   Interrogatory No. 2**

27      <u>Interrogatory:</u> Identify Plaintiff's names, aliases, email addresses, and/or online

28  handles used by Plaintiff at any time, including but not limited to ones used by

Plaintiff in connection with the Pornhub account created by Plaintiff referenced in paragraph 261 of the First Amended Complaint and the sale of videos of herself as referenced in paragraph 267 of the First Amended Complaint.

Response: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or proportionate to the needs of the case. Plaintiff further objects to this Interrogatory to the extent it seeks information in the MindGeek Entity Defendants' possession or control or equally accessible to the MindGeek Entity Defendants. Finally, Plaintiff objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis. Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to, and without waiving any and all objections, Plaintiff states that she will provide the names, aliases, email addresses and/or online handles used to communicate with Pornhub or any other tubesite owned or operated by the MindGeek Entity Defendants at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

MindGeek Entity Defendants' Contentions: Interrogatory 2 seeks information concerning names, e-mail addresses, and online handles used by Plaintiff.  This information is essential to allow the MindGeek Entities to evaluate all of the contacts particular MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers, as well as to evaluate Plaintiff's claims that these forum specific contacts harmed Plaintiff.  The information accordingly goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such

that the Court may exercise personal jurisdiction over them.  Moreover, as set out more fully above in Part II.A., to the extent Plaintiff has this information, it is important that it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded.  It is also inappropriate to limit Plaintiff's response to only those online names, aliases, e-mail addresses and/or online handles "used to communicate with Pornhub or any other tubesite owned or operated by the MindGeek Entity Defendants" for the reasons discussed in Part II.A.  Plaintiff's Complaint describes two videos of her that were purportedly uploaded to Pornhub, but those videos do not appear to have been the only sexually explicit videos of Plaintiff that were uploaded to the internet by Plaintiff or a third party.  Since Plaintiff seeks to hold Defendants liable for Content she sold on sites unaffiliated with the MindGeek Entities, they are entitled to information bearing on any purported connection they have to such Content.  Defendants are entitled to understand the full extent of Plaintiff's sexually explicit online activities as they are related to Plaintiff's assertions that Defendants harmed her in California and her allegations that she suffered damages based on Defendants' forum related conduct.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[4]

**B.     Interrogatory No. 3**

Interrogatory:   Identify Trafficker(s) as defined above. Please include, in addition to the information included in the definition of "Identify" above, all names or aliases those persons or entities ever used or were known by and dates during which

---

[4] Plaintiff does not waive her specific objections to Interrogatory No. 2, or any of the other interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and outweighed by Plaintiff's Constitutional right to privacy (*Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011)), should the Court deem it necessary.

1  such name(s) were used, and all email addresses and online handles used by those

2  persons or entities at any time.

3    <u>Response:</u> Plaintiff objects to this Interrogatory on the grounds that it is overly

4  broad, unduly burdensome, seeks information that is not reasonably calculated to lead

5  to the discovery of admissible evidence or proportional to the needs of the case, and

6  to the extent it calls for a legal conclusion as to the definition of the term Trafficker.

7  Plaintiff incorporates by reference her General Objections to the MindGeek Entity

8  Defendants' definition of the term Trafficker. Plaintiff further objects to this

9  Interrogatory to the extent the information sought is within the MindGeek Entity

10 Defendants' possession, custody or control or is equally accessible to the MindGeek

11 Entity Defendants. Finally, Plaintiff objects to this Interrogatory to the extent it seeks

12 information beyond that relevant to the Court's jurisdictional analysis. Although

13 Plaintiff's position is that the Court's August 11, 2022 order directed the parties to

14 complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity

15 Defendants have taken the position that merits discovery is premature at this juncture.

16 The MindGeek Entity Defendants should not be entitled to seek merits discovery from

17 Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery

18 requests.

19   Subject to and without waiving any and all objections, Plaintiff states that she

20 will identify the names and online handles, to the extent known, of those individuals

21 that posted content of her to any sites owned or operated by MindGeek at such time

22 that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

23   <u>MindGeek Entity Defendants' Contentions:</u>   This interrogatory seeks the

24 identity of Plaintiff's alleged Traffickers.  Plaintiff's core allegation in this case is that

25 the MindGeek Entities are responsible for the creation and publication of videos

26 depicting Plaintiff when she was underage.  She also alleges that the MindGeek

27 Entities participated in a venture with the individuals who allegedly filmed, created,

28 and uploaded the videos to Pornhub.  Accordingly, these individuals are at the heart

of this case and possess knowledge relevant to personal jurisdiction, including any contacts between them and the MindGeek Entities and whether any conduct by them contributed to the creation or uploading of the videos.  The limitations Plaintiff attempts to put on this term discussed in Part II.A. are also inappropriate for the reasons discussed in that section.  There is no basis for refusing to provide this information at this juncture.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[5]

## C.   Interrogatory No. 4

Interrogatory:   For each piece of Content you claim was uploaded to any website operated by a MindGeek Entity, identify the website on which the Content appeared, all titles, tags, comments, and/or categories of or about the Content and any URL at which any such piece of Content can be or could have been viewed. If a piece of Content was posted on multiple occasions to the same website, provide the title, tags, categories, and URL for each posting separately.

Response:  Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information in the MindGeek Entity Defendants' possession, custody, or control or that is equally accessible to the MindGeek Entity Defendants. Plaintiff further objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis.

---

[5] Plaintiff does not waive her specific objections to Interrogatory No. 3, or any of the other interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and is otherwise irrelevant because content that is not the subject of Plaintiff's contentions for liability bears no relevance to this case. *Zissa v. Cnty. of Los Angeles*, No. 18-cv-10174-CJC (JDEx), 2019 WL 13074698, at *1 (C.D. Cal. Nov 7, 2019) (explaining that relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'").

Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture.  The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to and without waiving any and all objections, Plaintiff states that she will respond to this Interrogatory at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

MindGeek Entity Defendants' Contentions:   Interrogatory 4 requests information regarding the Content Plaintiff claims was posted to websites owned or operated by certain MindGeek Entities.  Plaintiff's objections to the term "Content" are baseless for the reasons discussed in Part II.A.  This information is essential to allow the MindGeek Entities to evaluate all of the contacts particular MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers, as well as to evaluate Plaintiff's claims that these forum specific contacts actually harmed Plaintiff. MindGeek S.à.r.l. is a holding company, without any employees or operations of its own. *See* Decl. of Andreas Alkiviades Andreou in Sup. of the MindGeek Def's.' Mot. to Dismiss at ¶ 14 [Dkt. 139-3].  MG Premium Ltd is responsible for operating websites referred to as "paysites," which offer certain subscription-based content, as opposed to "tubesites" that host user generated content like Pornhub.com. *Id.* at ¶ 24. The information the MindGeek Entities are seeking goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such that the Court may exercise personal jurisdiction over them.  Moreover, the MindGeek Entities have not been able to locate all of the Content Plaintiff alleges was posted and to the extent Plaintiff has this information, it is important it be produced so the MindGeek Entities can identify the content.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[6]

**D.    Interrogatory No. 5**

Interrogatory:   Identify the support for your allegation that any MindGeek Entity uploaded Content depicting Plaintiff to a website operated by a MindGeek Entity, including but not limited to Plaintiff's claim in Paragraph 262 of the First Amended Complaint that MindGeek "uploaded [videos of Plaintiff] to other tubesites" and Plaintiff's assertions in opposition to the MindGeek Entities' motion to dismiss that the MindGeek Entities reuploaded Content that had been removed or disabled so that it re-appeared on a website operated by a MindGeek Entity.

Response: Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and calls for a legal conclusion. Plaintiff further objects to this interrogatory on the grounds that it improperly seeks discovery of attorney work product and other privileged material relating to Plaintiff's investigation of defendants' wrongful conduct.

MindGeek Entity Defendants' Contentions:   Interrogatory 5 seeks information regarding Plaintiff's allegations that any MindGeek Entity (as opposed to a third-party) uploaded or reuploaded Content to a website operated by a MindGeek Entity as claimed in the First Amended Complaint.  The request does not, as Plaintiff claims, call for any legal conclusions, attorney work product or other privileged information; it seeks the underlying information Plaintiff believes supports these allegations.  This information, along with information necessary to identify all of the Content depicting Plaintiff that was allegedly uploaded to a site operated by a MindGeek Entity, is essential to allow the MindGeek Entities to evaluate all of the contacts particular

---

[6] Plaintiff does not waive her specific objections to Interrogatory No. 4, or any of the other interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and is otherwise irrelevant.

MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers, as well as to evaluate Plaintiff's claims that these forum specific contacts actually harmed Plaintiff.  The information accordingly goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such that the Court may exercise personal jurisdiction over them.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[7]

**E.     Interrogatory No. 6**

Interrogatory: Describe all communications between Plaintiff and each MindGeek Entity after Plaintiff learned or discovered that Content had been posted or uploaded to any website operated by a MindGeek Entity, including but not limited to any requests to remove Content and the communications referenced in Paragraphs 261 and 263 of the First Amended Complaint.

Response: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information in the MindGeek Entity Defendants' possession, custody, or control or that is equally accessible to the MindGeek Entity Defendants. Plaintiff further objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis. Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to

---

[7] Plaintiff does not waive her specific objections to Interrogatory No. 5, or any of the other interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, calls for privileged information, and is otherwise irrelevant.  Plaintiff's "support for" her allegations are irrelevant to the Court's jurisdictional assessment as opposed to information concerning Defendants actual policies and conduct concerning the allegation.

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to and without waiving any and all objections, Plaintiff states that she will respond to this Interrogatory at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests

MindGeek Entity Defendants' Contentions:   Interrogatory 6 seeks all communications between Plaintiff and any MindGeek Entities after Plaintiff learned that Content had allegedly been posted to a MindGeek website.  This information is essential to allow the MindGeek Entities to evaluate all of the contacts particular MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers as well as to evaluate Plaintiff's claims that these forum specific contacts harmed Plaintiff.  The information accordingly goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such that the Court may exercise personal jurisdiction over them.  As discussed in more detail in Part II.A above, to the extent Plaintiff has information about these e-mail addresses such as those from which the requests were sent, it is important that it be produced or identified so the MindGeek Entities can identify the Content Plaintiff claims was uploaded and all communications related thereto.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[8]

### F.    Interrogatory No. 8

Interrogatory: For each piece of Content claimed to have been uploaded to any website operated by a MindGeek Entity, describe all facts relating to the

---

[8] Plaintiff does not waive her specific objections to Interrogatory No. 6, or any of the other interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case.

circumstances under which the Content was created, including but not limited to the date the Content was created; the age of Plaintiff on that date; the location where the Content was created; the livestream or video-chat service (if any) in use at the time the Content was created; who was present at the time the Content was created; the identity of any other person appearing in the Content; the identity of the person who recorded, photographed, or otherwise created the Content; for any Content created when Plaintiff was 18 years old or older, whether Plaintiff agreed or purported to agree to engage in the acts depicted in the Content and/or to the recording, photographing, or creating of the Content, and whether force or the threat of force caused Plaintiff to engage in the acts depicted in the Content and/or to the recording, photographing, or creating of the Content.

    <u>Response:</u>  Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is not reasonably calculated to lead to discovery of admissible evidence or proportional to the needs of the case, and to the extent it calls for legal conclusions about what constitutes fraud, force, or coercion. Plaintiff further objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis.  Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

    Subject to and without waiving any and all objections, Plaintiff states that she will identify the images/videos known to Plaintiff to have been uploaded to any tubesites owned or operated by MindGeek and her age in those images/videos at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

1    <u>MindGeek Entity Defendants' Contentions:</u>  Interrogatory 8 seeks information

2    concerning the creation of Content claimed to have been uploaded to any website

3    operated by a MindGeek Entity.  Plaintiff's core allegation in this case is that the

4    MindGeek Entities are responsible for the creation and publication of videos depicting

5    Plaintiff when she was underage.  The individuals who allegedly filmed, created, and

6    uploaded the videos to websites operated by the MindGeek Entities are at the heart of

7    this case.  Accordingly, these individuals possess knowledge relevant to personal

8    jurisdiction, including whether the conduct of the any MindGeek Entities contributed

9    to the creation of the videos.  To the extent Plaintiff purports to limit her response to

10   videos "uploaded to any tubesites owned and operated by MindGeek," that limitation

11   is improper given Plaintiff's new arguments that videos of her also appeared on

12   paysites operated by certain MindGeek Entities.  There is no basis for refusing to

13   provide this information at this juncture.

14        <u>Plaintiff's Contentions:</u>

15   For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests

16   are unrelated to the issue of jurisdictional discovery and are therefore not relevant to

17   the Court's inquiry and no additional response is required.[9]

18        **G.    Interrogatory No. 10**

19   <u>Interrogatory:</u>  Describe in detail each and every injury, illness, and physical,

20   psychological, emotional, financial, employment, and/or reputational condition or

21   harm you claim was caused by each MindGeek Entity, including but not limited to

22   the nature of the injury, illness, condition or harm, the date you first suffered the

23   injury, illness, condition or harm, and where you first suffered it.

24   <u>Response:</u>  Plaintiff objects to this Interrogatory on the grounds that it is overly

25   broad, and unduly burdensome. Plaintiff further objects to this interrogatory on the

---

[9] Plaintiff does not waive her specific objections to Interrogatory No. 8, or any of the other
interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the
interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the
needs of the case.

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

grounds that it is premature. The damages Plaintiff suffered will be the subject of expert testimony.

MindGeek Entity Defendants' Contentions:  This interrogatory seeks information regarding the injuries claimed by Plaintiff.  Plaintiff must show "the MindGeek Defendants' *individual* roles in causing her harm" and accordingly that the MindGeek Entities' forum specific conduct is related to the injuries she is claiming, which cannot be determined without an understanding of those injuries.  [Dkt. 168 at 2].  Even if Plaintiff claims that damages will be the subject of expert testimony, Plaintiff can still provide factual information, at least in a general sense, about the injuries that she is claiming were caused by each of the MindGeek Entities and can identify those on a lay basis.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[10]

**H.     Interrogatory No. 11**

Interrogatory:  Describe the support for your allegations in Paragraphs 11, 31, 48, 105, 129, 137, 141-157, 310, 358, 372, 378, 423, 426, 447, and 456 of the First Amended Complaint that Defendants used a "byzantine international corporate structure of hundreds of sham shell corporations," that the "entire structure is a sham and the alter ego of the individual defendants," and that Defendants used "sham shell companies" to "launder cash out of the organization to criminal partners and Enterprise members (especially the Bro-Club)."

Response:  Plaintiff objects to this Interrogatory on the grounds that it is vague,

---

[10] Plaintiff does not waive her specific objections to Interrogatory No. 10, or any of the other interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, prematurely seeks witness and evidence lists prior to trial, and otherwise seeks privileged information.

ambiguous, and seeks information within the MindGeek Entity Defendants' possession, custody, or control or more easily accessible to the MindGeek Entity Defendants. Plaintiff further objects to this interrogatory on the grounds that it improperly seeks discovery of attorney work product and other privileged material relating to Plaintiff's investigation of defendants' wrongful conduct.

MindGeek Entity Defendants' Contentions:   Interrogatory 11 seeks information concerning Plaintiff's claim that the MindGeek Entities' business operations are purportedly "a sham."  Plaintiff objects to providing any information in response to this interrogatory on the grounds that it is vague and ambiguous, but it uses Plaintiff's own language from the First Amended Complaint and presumably she understands what she meant when she included those allegations.  More vitally, this information is directly relevant to Plaintiff's "alter-ego" argument.   Plaintiff's Response claims that the interrogatory "improperly seeks discovery of attorney work product and other privileged material," but it is unclear how any privilege could apply to the underlying information responsive to this request.  Evidence showing that the MindGeek Entities' business operations are purportedly "a sham" would not be subject to any applicable privilege.  Plaintiff also objects to this Request as seeking information within the MindGeek Entities' possession, custody, and control.  Even if the MindGeek Entities might possess certain information, they cannot tie that information to Plaintiff's alter-ego argument unless she identifies it.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[11]

---

[11] Plaintiff does not waive her specific objections to Interrogatory No. 11, or any of the other interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, prematurely seeks witness and evidence lists prior to trial, and otherwise seeks privileged information.

## I.     Interrogatory No. 12

<u>Interrogatory:</u>  Describe the support for your allegations in Paragraphs 26-28 and 31-32 of the First Amended Complaint that MindGeek "operates as a singular business entity" and disregards corporate formalities.

<u>Response:</u>  Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and seeks information within the MindGeek Entity Defendants' possession, custody, or control or more easily accessible to the MindGeek Entity Defendants. Plaintiff further objects to this Interrogatory on the grounds that it improperly seeks discovery of attorney work product and other privileged material relating to Plaintiff's investigation of defendants' wrongful conduct.

<u>MindGeek Entity Defendants' Contentions:</u>    Interrogatory 12 seeks information concerning Plaintiff's claim that the MindGeek Entities operate as a singular business entity.  Plaintiff has objected to providing any information in response to this interrogatory on the grounds that it is vague and ambiguous, but it uses Plaintiff's own language from the First Amended Complaint and presumably she understands what she meant when she included those allegations.  This information is directly relevant to Plaintiff's "alter-ego" argument.  To the extent Plaintiff objects on the grounds that the interrogatory "improperly seeks discovery of attorney work product and other privileged material," those objections are meritless.  It is unclear how any privilege could apply to the underlying information responsive to this request.  Evidence showing that the MindGeek Entities operate as a single business entity would not be subject to any applicable privilege.

<u>Plaintiff's Contentions:</u>

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to

1   the Court's inquiry and no additional response is required.[12]

2   **J.      Interrogatory No. 13**

3   <u>Interrogatory:</u>   Identify all of the "MindGeek insiders," MindGeek-related

4   "whistleblowers," and former MindGeek employees with whom Plaintiff has had any

5   interaction including, but not limited to, those referenced in Paragraphs 9, 53, 71, 72,

6   73, 74, 76, 79, 80, 81, 85, 86, 114, 134, 136, 138, 141, 142, 143, 146, 147, 167, 168,

7   171, 175, 177, 189, 191, 192, 193, 200, 201, 206, 208, 210, 273, 280, 306, 311, 313,

8   321, and 327 of the First Amended Complaint.

9   <u>Response:</u>  Plaintiff objects to this Interrogatory on the grounds that it is overly

10  broad, unduly burdernsome [sic], and not reasonably calculated to lead to the

11  discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the

12  grounds that it improperly seeks discovery of attorney work product and other

13  privileged material relating to Plaintiff's investigation of defendants' wrongful

14  conduct.

15  <u>MindGeek Entity Defendants' Contentions:</u>  Interrogatory 13 asks Plaintiff to

16  identify the individuals she refers to as "MindGeek insiders," "MindGeek-related

17  'whistleblowers,'" and "former MindGeek employees" with whom Plaintiff has had

18  any interaction and who purportedly supplied information that was used in the First

19  Amended Complaint.  Plaintiff objects to providing any information in response to

20  this interrogatory on the grounds that it is not reasonably calculated to lead to the

21  discovery of admissible evidence.  Plaintiff's objection to the request on this basis is

22  improper since that is no longer the standard under Rule 26.  In any event, the request

23  seeks material that is relevant and proportional to the needs of the case.  These

24  individuals are the apparent source of Plaintiff's erroneous allegation that MindGeek

25

26  [12] Plaintiff does not waive her specific objections to Interrogatory No. 12, or any of the other
    interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the
27  interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the
    needs of the case, prematurely seeks witness and evidence lists prior to trial, and otherwise seeks
28  privileged information.

operates as a single business entity that fails to observe corporate formalities. Accordingly, the MindGeek Entities need to understand who these individuals are in order to seek discovery from them and determine the basis for these claims.  Plaintiff also objects on the grounds that the Interrogatory "improperly seeks discovery of attorney work product and other privileged material," but the identity of individuals who allegedly supplied information to Plaintiff's counsel or investigators cannot possibly be subject to any privilege.

> Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[13]

## IV.    DOCUMENTS REQUESTS AND RESPONSES AT ISSUE

The following document requests were served on Plaintiff on September 19, 2022.

### A.    Request No. 1

Request: All Documents relating to communications between Plaintiff and the MindGeek Entities that refer to or relate to Content you allege was posted to a website operated by a MindGeek Entity.

Response:  Plaintiff objects to the Request on the grounds that it is overly broad, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly with respect to the terms "MindGeek Entities" and "relates to" which are not defined in the Requests. Plaintiff further objects to the Request on the grounds that it seeks production of documents and information in the possession of Defendants or equally

---

[13] Plaintiff does not waive her specific objections to Interrogatory No. 13, or any of the other interrogatories and reserves her right to set forth in further detail Plaintiff's objections to the interrogatory on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, prematurely seeks witness and evidence lists prior to trial, and otherwise seeks privileged information. *Ferruza v. MTI Tech.* No. SACV 00-0745 DOC, 2002 WL 32344347 (C.D. Cal. June 13, 2002).

accessible to Defendants. Plaintiff also objects on the grounds that the Requests seek information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and will produce non-privileged documents within her possession, custody, and control constituting communications between Plaintiff and any entity owned by MindGeek concerning content posted on a MindGeek platform without Plaintiff's consent.

MindGeek Entity Defendants' Contentions:   Request No. 1 seeks communications between Plaintiff and the MindGeek Entities that refer or relate to Content Plaintiff claims was posted to a website operated by a MindGeek Entity. Plaintiff's Response indicates that she will be producing documents but only those "concerning content posted on a MindGeek platform without Plaintiff's consent." This limitation is improper.   To the extent Plaintiff has documents relating to communications with any MindGeek Entity related to Content posted with consent, those must be produced as well as documents related to Content posted without consent, since all of those documents are relevant to, among other things, the MindGeek Entities' purported jurisdictional contacts.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[14]

**B.    Request No. 2**

Request:  For each piece of Content you allege was posted to a website operated by a MindGeek Entity, Documents sufficient to identify any titles, tags, categories, flags and/or comments associated with the Content, as well as all past or present URLs

---

[14] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 1 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and otherwise seeks privileged information.

CASE NO. 2:21-cv-04920

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

1  at which any piece of Content can be or could have been accessed.

2    Response:  Plaintiff objects to this Request on the grounds that it is vague and

3  ambiguous, particularly with respect to the term "MindGeek Entities" which is not

4  defined. Plaintiff further objects to the Request on the grounds that it seeks production

5  of documents and information in the possession of Defendants or third parties or

6  equally accessible to Defendants, or otherwise outside of Plaintiff's custody or

7  control.

8    Subject to and without waiving any and all objections, Plaintiff will conduct a

9  reasonable search and will produce non-privileged documents within her possession,

10  custody, and control responsive to Request No. 2.

11    MindGeek Entity Defendants' Contentions:  Request No. 2 asks for documents

12  sufficient to identify any titles, tags, categories, flags and/or comments associated

13  with the Content Plaintiff alleges was posted to a MindGeek website along with any

14  URLs where Content could be accessed.  Plaintiff objects to this request on the

15  grounds that "it seeks production of documents and information in the possession of

16  Defendants or third parties or equally accessible to Defendants."  As discussed above,

17  the MindGeek Entities have not been able to locate all of the Content Plaintiff alleges

18  was posted to websites operated by the MindGeek Entities, including the video

19  referred to in paragraphs 258-263 of the Amended Complaint.  To the extent Plaintiff

20  has this information, it is important it be produced so the MindGeek Entities can

21  identify the Content Plaintiff claims was uploaded and in turn review the source of

22  that Content and all related information for the purpose of analyzing personal

23  jurisdiction.

24    Plaintiff's Contentions:

25    For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests

26  are unrelated to the issue of jurisdictional discovery and are therefore not relevant to

27

28

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

1  the Court's inquiry and no additional response is required.[15]

2  **C.      Request No. 3**

3  <u>Request:</u>  All Documents that refer or relate to Plaintiff's or any other person's

4  participation in the creation, sale, and/or uploading of Content.

5  <u>Response:</u>   Plaintiff objects to this Request on the grounds that it is overly

6  broad, unduly burdensome, ambiguous, and is not reasonably calculated to lead to the

7  discovery of admissible evidence insofar as it is unrelated to any claim or defense in

8  this action. Plaintiff further objects to the Request to the extent it calls for the

9  production of material that is protected by the attorney-client privilege, work product

10 doctrine, or other applicable privilege. Plaintiff also objects to the Request to the

11 extent the information requested is in the possession of Defendants or equally

12 accessible to Defendants. Plaintiff objects to this Request to the extent it would violate

13 a third party's privacy rights.

14      Subject to and without waiving any and all objections, Plaintiff will conduct a

15 reasonable search and will produce non-privileged documents, to the extent any

16 documents exist, within her possession custody, and control that concern non-

17 consensual content and/or the non-consensual upload of content containing Plaintiff's

18 images or likeness where that content serves as a basis for any of Plaintiff's claims in

19 this matter.

20      <u>MindGeek Entity Defendants' Contentions:</u>  This request seeks documents that

21 refer or relate to Plaintiff's or any other person's participation in the creation, sale,

22 and/or uploading of Content.  Plaintiff's Response indicates that she will be producing

23 documents but only those "that concern non-consensual content and/or the non-

24 consensual upload of content containing Plaintiff's images or likeness," and only

25 those concerning "content [that] serves as a basis for any of Plaintiff's claims in this

---

[15] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 2 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and otherwise seeks privileged information.

matter." As discussed above, limitation of production to documents concerning non-consensual content is improper.  To the extent Plaintiff or a third-party has posted content to MindGeek's websites with consent, those must be produced.  So too must documents concerning content that Plaintiff has chosen not to base her claims upon.  These documents are relevant to, among other things, the MindGeek Entities' purported jurisdictional contacts and the harm Plaintiff claims she suffered as a result of Defendants' forum-related actions.  Plaintiff further objects to this request to the extent "the information requested is in the possession of Defendants or equally accessible to Defendants" but to the extent Plaintiff has this information, it is important that it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded and in turn review the source of that Content and all related information for the purpose of analyzing personal jurisdiction.

### Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[16]

Information or communications about any consensual content posted of the Plaintiff after her age of majority with her consent is plainly irrelevant to the limited question of whether this Court has personal jurisdiction over MindGeek S.a.r.l and MG Premium Ltd and would otherwise violate Plaintiff's Constitutional right to privacy.[17]

### D.    Request No. 4

---

[16] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 3 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and otherwise seeks privileged information.

[17] Plaintiff's constitutionally protected right to privacy "is implicated when [she] is forced to disclose information regarding personal sexual matters." *Balbiani v. Chester Public Utility District, Inc.*, No. 2:20-cv-2310-TLN-DMC, 2022 WL 3594385, at *4 (E.D. Cal. Aug. 23, 2022) (citing *Thorne v. City of El Segundo*, 726 F.2d 459 (9th Cir. 1983), *cert denied*, 469 U.S. 979 (1984)).

1    Request:  All Documents that refer to, relate to, or memorialize Plaintiff's

2    discovery of the uploading of Content allegedly posted to a website operated by a

3    MindGeek Entity.

4    Response:  Plaintiff objects to this Request on the grounds that it is overly

5    broad, unduly burdensome, and ambiguous, including with respect to the use of the

6    term "MindGeek Entity" which is not defined. Plaintiff objects to the definition of the

7    term "Content" to the extent it seeks to encompass, without limitation to time, material

8    protected by Plaintiff's constitutional, statutory, and/or common law right to privacy.

9    Plaintiff further objects to the Request to the extent it calls for the production of

10   material that is protected by the attorney-client privilege, work product doctrine, or

11   other applicable privilege. Plaintiff also objects to the Request to the extent the

12   information requested is in the possession of Defendants or equally accessible to

13   Defendants.

14       Subject to and without waiving any and all objections, Plaintiff will conduct a

15   reasonable search and will produce the following non-privileged documents within

16   her possession, custody, and control, to the extent any exist: (1) communications

17   between Plaintiff and any Defendant and any entity owned by MindGeek concerning

18   content posted to a MindGeek owned tube site without Plaintiff's consent; (2) requests

19   to any Defendant or any MindGeek owned tube site to remove, take down, or

20   otherwise eliminate non-consensual content of Plaintiff and any responses therefrom;

21   and (3) any reports made to law enforcement.

22       MindGeek Entity Defendants' Contentions:  Request No. 4 seeks documents

23   concerning Plaintiff's discovery that Content had been uploaded to a website operated

24   by a MindGeek Entity.  Plaintiff has impermissibly narrowed her Response to this

25   request to include only communications between Plaintiff and Defendants concerning

26   Content posted to a MindGeek owned "tube site" without Plaintiff's consent, removal

27   requests, and reports made to law enforcement.  This is insufficient.  The MindGeek

28   Entities are entitled to all information in Plaintiff's possession concerning how she

discovered Content depicting her was uploaded to a website operated by a MindGeek Entity. That information is directly relevant to understanding how the content was created and uploaded, which the MindGeek Entities need to know to determine, among other things, who Plaintiff is alleging the MindGeek Entities were in a venture with for jurisdictional purposes.  It is also unclear why Plaintiff is limiting this request only to content posted to a "MindGeek owned tube site" as opposed to all MindGeek websites.  Plaintiff is arguing elsewhere that content depicting her was uploaded to paysites as well as tube sites other than Pornhub which would potentially be relevant to MG Premium's specific contacts if true.  *See, e.g.*, *Fleites*, 2022 WL 4455558, *2 n.3.  If there was any Content uploaded to sites other than Pornhub, discovery as to that material is appropriate.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[18]  The manner in which Plaintiff learned her CSAM was uploaded to a website operated by MindGeek has no bearing or relevance to the Court's jurisdictional analysis.

**E.    Request No. 5**

Request:  All communications between Plaintiff and Trafficker(s).

Response:  Plaintiff objects to the Request on the grounds that it is overly broad, is unlimited in duration, is not proportional to the needs of the case, is not reasonably calculated to lead to the discovery of admissible evidence, and is unrelated to any claim or defense in this action. Plaintiff further objects to the Request to the extent Defendants' definition of "Trafficker" is overly broad and improper. Plaintiff will construe the term "Trafficker" as previously set forth in paragraph 14 of Plaintiff's

---

[18] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 4 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and otherwise seeks privileged information.

1   objections above. Plaintiff also objects to the Request to the extent it is duplicative of

2   Defendants' Request for Production No. 4.

3        Subject to and without waiving any and all objections, Plaintiff will conduct a

4   reasonable search and will produce the following non-privileged documents within

5   her possession, custody, and control, to the extent any exist: (1) communications

6   between Plaintiff and the individual referred to as Plaintiff's "high school boyfriend"

7   in paragraph 258 of the amended complaint concerning any material Plaintiff believes

8   was unlawfully or non-consensually manufactured, uploaded, or reuploaded to any

9   website operated by any entity owned by MindGeek and which serves as the basis for

10  any of Plaintiff's causes of action in this matter; and (2) communications between

11  Plaintiff and the individual referred to as "the older male" or "older man" in

12  paragraphs 267 and 269 of the amended complaint concerning any material Plaintiff

13  believes was unlawfully or non-consensually manufactured, uploaded, or reuploaded

14  to any website operated by any entity owned by MindGeek and which material serves

15  as the basis for any of Plaintiff's causes of action in this matter.

16       <u>MindGeek Entity Defendants' Contentions:</u>   This request seeks all

17  communications between Plaintiff and those she claims are "Traffickers." Plaintiff

18  has impermissibly narrowed her Response to this request to include only

19  communications between Plaintiff and the "high school boyfriend" referred to in

20  paragraph 258 and "the older male" referred to in paragraphs 267 and 269 of the First

21  Amended Complaint as opposed to everyone she claims was a Trafficker.  This is

22  insufficient.  The MindGeek Entities are entitled to all communications in Plaintiff's

23  possession between her and anyone she alleges was involved in her trafficking.  That

24  information is directly relevant to understanding how the Content was created which

25  the MindGeek Entities need to know to determine, among other things, who Plaintiff

26  is alleging that the MindGeek Entities were in a venture with for jurisdictional

27  purposes.  Plaintiff's attempt to limit production to documents concerning non-

28  consensual Content that serves as the basis for her claims is also improper for the

1    reasons discussed above.

2         Plaintiff's Contentions:

3         For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests
4    are unrelated to the issue of jurisdictional discovery and are therefore not relevant to
5    the Court's inquiry and no additional response is required.[19]

6         **F.      Request No. 6**

7         Request:  All Documents that refer to, relate to, or constitute Your requests that
8    a MindGeek Entity remove Content from any website operated by a MindGeek Entity
9    and/or cease and desist from uploading Content to any website, and any responses
10   thereto.

11        Response:  Plaintiff objects to the Request on the grounds that it is overly broad,
12   unduly burdensome, and ambiguous, including with respect to the use of the term
13   "MindGeek Entity" which is not defined. Plaintiff objects to the definition of the term
14   "Content" to the extent it seeks to encompass, without limitation to time, material
15   protected by Plaintiff's constitutional, statutory, and/or common law right to privacy.
16   Plaintiff further objects to the Request to the extent it calls for the production of
17   material that is protected by the attorney-client privilege, work product doctrine, or
18   other applicable privilege. Plaintiff also objects to the Request to the extent the
19   information requested is in the possession of Defendants or equally accessible to
20   Defendants.

21        Subject to and without waiving any and all objections, Plaintiff will conduct a
22   reasonable search and will produce non-privileged documents within her possession,
23   custody, and control, that constitute a content removal request, or a cease-and-desist
24   request made by Plaintiff to any entity owned by MindGeek, and any responses
25   thereto.

26   _____

27   [19] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 5 or any of
     the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP
28   on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case,
     and otherwise seeks irrelevant information.

<u>MindGeek Entity Defendants' Contentions</u>:  Request No. 6 asks for documents that relate to Plaintiff's Content removal or cease and desist requests made to MindGeek Entities.  Plaintiff has impermissibly narrowed her Response to this request to include only Content removal requests, cease-and-desist requests, and any responses thereto made by Plaintiff.  But to the extent Plaintiff has removal requests, cease-and-desist requests, and any responses thereto made or received by third-parties on her behalf, those communications must be produced as well, consistent with the definition of "Your" in the MindGeek Entities RFPs.

<u>Plaintiff's Contentions:</u>

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[20]

**G.    Request No. 7**

<u>Request:</u>   All Documents that refer to, relate to, or constitute comments by Plaintiff on Content uploaded to a site operated by a MindGeek Entity, including comments relating to Plaintiff's age or consent, and responses to those requests.

<u>Response:</u>  Plaintiff objects to the Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined. Plaintiff objects to the definition of the term "Content" to the extent it seeks to encompass, without limitation to time, material protected by Plaintiff's constitutional, statutory, and/or common law right to privacy. Plaintiff further objects to the Request to the extent it calls for the production of material that is protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Plaintiff also objects to the Request to the extent the information requested is in the possession of Defendants or equally accessible to

---

[20] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 6 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and otherwise seeks irrelevant information.

1  Defendants.

2      Subject to and without waiving any and all objections, Plaintiff will conduct a

3  reasonable search and will produce non-privileged documents within her possession,

4  custody, and control concerning any non-consensual content containing Plaintiff's

5  images or likeness responsive to Request No. 7, to the extent any documents exist.

6      <u>MindGeek Entity Defendants' Contentions:</u>  This request seeks documents that

7  refer to, relate to, or constitute comments by Plaintiff on Content uploaded to any

8  MindGeek website.   Plaintiff's Response indicates that she will be producing

9  documents but only those "concerning any non-consensual Content containing

10 Plaintiff's images or likeness."  This limitation is improper and the response given is

11 otherwise non-responsive to the request which seeks comments made by Plaintiff on

12 Content uploaded to webpages operated by a MindGeek Entity.  Any comments made

13 by Plaintiff on Content are potentially relevant to demonstrate jurisdictional contacts

14 as well as the MindGeek Entities' understanding of Plaintiff's age and consent.  To

15 the extent Plaintiff objects on the basis of a "right to privacy" that objection is

16 improper not only for the reasons discussed above but for the additional reason that

17 this request seeks comments that were made on a public website.  Plaintiff further

18 objects to this request to the extent "the information requested [is] in the possession

19 of Defendants or equally accessible to Defendants" but to the extent Plaintiff has this

20 information, it is important it be produced so the MindGeek Entities can identify the

21 Content Plaintiff claims was uploaded.  As discussed above, Plaintiff must also

22 produce information regarding Content posted with her consent and cannot limit her

23 production to Content posted without her consent.

24     <u>Plaintiff's Contentions:</u>

25     For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests

26 are unrelated to the issue of jurisdictional discovery and are therefore not relevant to

27

28

**MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

the Court's inquiry and no additional response is required.[21]

### H.     Request No. 8

<u>Request:</u>  All Documents that support any injuries, illnesses, conditions or harms claimed by Plaintiff in this Action that You allege were caused by the MindGeek Entities, including but not limited to statements, notes, emails, or comments that refer to or relate to Plaintiff's injuries, illnesses, harms, or physical, emotional, or psychological health status or medical condition.

<u>Response:</u>  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and produce non-privileged documents within her possession, custody, and control responsive to this Request, to the extent any documents exist.

<u>MindGeek Entity Defendants' Contentions:</u> Plaintiff's response indicates that she intends to produce responsive documents to this request, but her later submitted Interrogatory Responses improperly refused to provide any information related to Plaintiff's injuries.  Plaintiff must show "the MindGeek Defendants' *individual* roles in causing her harm" and accordingly that the MindGeek Entities' forum specific conduct is related to the injuries she is claiming, which cannot be determined without an understanding of those injuries.  [Dkt. 168 at 2].  Accordingly, to the extent Plaintiff continues to withhold these documents, she should be compelled to produce them.

---

[21] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 7 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and otherwise seeks irrelevant information.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[22]

**I.      Request No. 9**

Request:  All documents that reflect or refer to any financial or reputational harm, injury, or condition, including any lost job or employment opportunities Plaintiff claims to have suffered as a result of any alleged wrongdoing by the MindGeek Entities.

Response:  Plaintiff objects to the Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined, and not reasonably likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and produce non-privileged documents within her possession, custody, and control responsive to this Request, to the extent any documents exist.

MindGeek Entity Defendants' Contentions:  Plaintiff's response indicates that she intends to produce responsive documents to this request, but her later submitted Interrogatory Responses improperly refused to provide any information related to Plaintiff's injuries.  Plaintiff must show "the MindGeek Defendants' *individual* roles in causing her harm" and accordingly that the MindGeek Entities' forum specific conduct is related to the injuries she is claiming, which cannot be determined without

---

[22] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 8 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, violates Plaintiff's privacy rights, prematurely seeks expert witness evidence and trial evidence, and otherwise seeks irrelevant information.

an understanding of those injuries.  [Dkt. 168 at 2].  Accordingly, to the extent Plaintiff continues to withhold these documents, she should be compelled to produce them.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[23]

### J.    Request No. 10

Request:  All Documents that support your allegation that any MindGeek Entity uploaded any Content depicting Plaintiff to a website operated by a MindGeek Entity, including but not limited to Plaintiff's claim in Paragraph 262 of the First Amended Complaint that MindGeek "uploaded [videos of Plaintiff] to other tubesites" and Plaintiff's assertions in opposition to the MindGeek Entities' motion to dismiss that the MindGeek Entities reuploaded Content that had been removed or disabled so that it re-appeared on any such website.

Response:  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Plaintiff further objects to this Request, to the extent the information requested is in the possession of Defendants or equally accessible to Defendants.

Subject to and without waiving any and all objections, Plaintiff will conduct a

---

[23] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 9 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, violates Plaintiff's privacy rights, prematurely seeks expert witness evidence and trial evidence, and otherwise seeks irrelevant information.

reasonable search and produce nonprivileged documents responsive to this Request to the extent any documents exist.

MindGeek Entity Defendants' Contentions:  Plaintiff's objects to Request No. 10 "to the extent it seeks information protected by attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege" but is unclear how any privilege could apply to documents responsive to this request. Documents or evidence showing that videos were reuploaded by a MindGeek Entity would not be subject to any applicable privilege.  Plaintiff further objects to this request to the extent "the information requested is in the possession of Defendants or equally accessible to Defendants" but as noted above, to the extent Plaintiff has this information, it is important it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded.  Plaintiff must also produce information regarding Content posted with her consent and cannot limit her production to Content posted without her consent.

Plaintiff's Contentions:

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to the Court's inquiry and no additional response is required.[24]

**K.    Request No. 11**

Request:  All Documents that support your allegations in Paragraphs 11, 31, 48, 105, 129, 137, 141-157, 310, 358, 372, 378, 423, 426, 447, and 456 of the First Amended Complaint that Defendants used a "byzantine international corporate structure of hundreds of sham shell corporations," that the "entire structure is a sham and the alter ego of the individual defendants," and that Defendants used "sham shell

---

[24] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 10 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, prematurely seeks evidence to be presented at trial, and otherwise seeks privileged information. and trial evidence, and otherwise seeks irrelevant information.

companies" to "launder cash out of the organization to criminal partners and Enterprise members (especially the Bro-Club)."

<u>Response:</u>  Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Plaintiff further objects to this Request, to the extent the information requested is in the possession of Defendants or equally accessible to Defendants.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and produce nonprivileged documents responsive to this Request to the extent any documents exist.

<u>MindGeek Entity Defendants' Contentions:</u>  Plaintiff objects "to the extent [the Request] seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege," but it is unclear how any privilege could apply to documents responsive to this request. Documents or evidence showing that the MindGeek Entities' business operations are purportedly "a sham" would not be subject to any applicable privilege.  Plaintiff also objects to this Request "to the extent the information requested is in the possession of Defendants or equally accessible to Defendants," but it is unclear what documents Plaintiff is referring to and she has refused to identify them.

<u>Plaintiff's Contentions:</u>

For the reasons set forth *supra* in paragraphs I.B and II.B, Defendants' requests are unrelated to the issue of jurisdictional discovery and are therefore not relevant to

the Court's inquiry and no additional response is required.[25]

## V.  CONCLUSIONS

### A.    MindGeek Entity Defendants' Conclusion

Discovery is a two-way process.  The MindGeek Entities have provided substantive responses to Plaintiff's jurisdictional discovery requests, have provided hundreds of documents comprising thousands of pages, and have attempted to cooperate with Plaintiff throughout this process.  By contrast, Plaintiff has refused to answer all but one of the MindGeek Entities' Interrogatories and has not produced a single document in response to the MindGeek Entities' requests.  Even worse, they have delayed the filing of this motion through their request for an extension of time to respond to the Interrogatories that was clearly not for the purpose of responding substantively to them. Plaintiff should not be rewarded for her dilatory tactics. Accordingly, the MindGeek Entity Defendants' Motion should be granted, and Plaintiff should be ordered to provide full responses to all outstanding Requests and produce all non-privileged responsive documents as soon as possible and in any event prior to the close of jurisdictional discovery.

### B.    Plaintiff's Conclusion

The MindGeek Entities seek an unfair advantage over Plaintiff by conditioning their duty to thoroughly search for and respond to Plaintiff's discovery requests on Plaintiff's provision of merits-based discovery to them.  This is impermissible and Defendants' requests are irrelevant for the purposes of jurisdictional discovery.  It is Defendants' actions, policies, and jurisdictional contacts that are subject to the Court's jurisdictional discovery order and as such, the discovery propounded on Plaintiff is irrelevant.  Even if Defendants were permitted to conduct jurisdictional discovery as to Plaintiff, the requests submitted by Defendants go well beyond the scope of

---

[25] Plaintiff does not waive her specific objections to Request for Production (RFP) No. 11 or any of the other RFPs and reserves her right to set forth in further detail Plaintiff's objections to the RFP on the grounds that Defendants' request is overly broad, not proportionate to the needs of the case, and otherwise seeks privileged information.

1    jurisdictionally relevant inquiries and thus, Plaintiff should not be required to provide

2    the merits-based materials sought by Defendants.  This Court should therefore deny

3    Defendants' expansive discovery requests and order Defendants to timely comply

4    with the Court's jurisdictional discovery order.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: November 30, 2022          Respectfully submitted,


                                  /s/    *Kathleen N. Massey*
                                  KATHLEEN N. MASSEY (*admitted pro hac vice*)
                                  kathleen.massey@dechert.com
                                  DECHERT LLP
                                  Three Bryant Park
                                  1095 Avenue of the Americas
                                  New York, NY 10036
                                  Phone: (212) 698-3500; Fax: (212) 698 3599
                                  *Attorneys for Defendants*


                                  BROWN RUDNICK LLP

                                  /s/    *Lauren Tabaksblat*
                                  MICHAEL J. BOWE (*pro hac vice*)
                                  mbowe@brownrudnick.com
                                  LAUREN TABAKSBLAT
                                  (*pro hac vice*)
                                  ltabaksblat@brownrudnick.com
                                  7 Times Square
                                  New York, NY 10036
                                  Phone: (212) 209-4800
                                  Fax: (212) 209-4801


                                  David M. Stein (#198256)
                                  dstein@brownrudnick.com
                                  BROWN RUDNICK LLP
                                  2211 Michelson Drive, 7th Floor
                                  Irvine, California  92612
                                  Telephone: (949) 752-7100
                                  Facsimile:  (949) 252-1514

                                  Attorneys for Plaintiff