# EXHIBIT A

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for MindGeek Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>      Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>      Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:   Cormac J. Carney<br>Courtroom: 9B<br><br>**MINDGEEK ENTITIES' FIRST SET OF INTERROGATORIES TO PLAINTIFF RELATED TO PERSONAL JURISDICTION** |

CASE NO. 21-CV-04920-CJC-ADS
**MINDGEEK ENTITIES' FIRST SET OF INTERROGATORIES TO PLAINTIFF RELATED TO PERSONAL JURISDICTION**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Defendants MindGeek S.à.r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Inc., MG Global Entertainment Inc., and 9219-5618 Quebec Inc. (collectively "MindGeek Entities"), by their undersigned counsel, hereby demand that Plaintiff provide written responses under oath to the following interrogatories related to personal jurisdiction within 30 days of service. The interrogatories are to be answered according to the definitions and instructions herein.

## DEFINITIONS & INSTRUCTIONS

1. "You," "your," and "Plaintiff" means Plaintiff Fleites, or any person or entity responding on her behalf.

2. The term "Action" means the above-captioned litigation.

3. The term "Complaint" means the First Amended Complaint filed in the Action, and any subsequent amendments thereto.

4. The term "communication" means any disclosure, transfer, transmittal, or exchange of oral or written information between one or more persons or entities, including but not limited to internet posts, comments, or messages.

5. The term "Document" is intended to reflect the broadest meaning of the term document under the Federal Rules of Civil Procedure and encompasses the following: any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded or retrieved by people or by computers. The term includes, without limitations, photographs, photostats, motion pictures, audiotape, videotape recordings, phone records, computer generated material (including email, instant messages, text messages, MySpace, Facebook, Twitter, or similar social media posts or materials, blog posts, video blogs, and any similar materials), computer disks, CD-ROMS, and any other form or type of computer stored or retrievable computer data, or any other process by which information is reduced for storage or use.

6. "Identify," when used in reference to a natural person, means to state the person's full name, present or last-known home and business address, present or last-known home or business telephone numbers, and present or last-known business title, position, or business affiliation. When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

7. The term "describe" means to state with particularity all the facts pertaining to the subject matter.

8. The term "person" means any individual, firm, partnership, corporation, association, business or governmental entity or subdivision, agency, or department.

9. The term "including" is to be construed in an inclusive manner and without limitation.

10. The term "Content" means any video (including any livestream video or video-chat-service video), photograph, gif, or other image depicting Plaintiff in a sexually explicit manner, including but not limited to any depiction of sexual activity and/or the lascivious exhibit of the anus, genitals, or pubic area, that was uploaded to any website or was/is otherwise available to the public. Content also includes any visual depiction of Plaintiff engaging in sexually explicit conduct, as those terms are used in 18 U.S.C. § 2252. The term includes each individual video, photograph, gif, or other image within the definition. Plaintiff's response to each interrogatory requesting information about Content should address each individual piece of Content and/or specify to which individual pieces the response relates.

11. The term "online handle" includes, but is not limited to, any username, alias, moniker, or title associated with an online account created or controlled by Plaintiff or used to designate or indicate Plaintiff's posts, comments, or other activities on any website.

12. The term "Trafficker" means the "high school boyfriend" referred to in Paragraph 258 of the First Amended Complaint, the "older male who [Plaintiff] subsequently began to date" referred to in Paragraphs 267 and 269 of the First Amended Complaint, and/or any other non-party who has created Content, uploaded or re-uploaded Content to any website operated by any MindGeek Entity, and/or has engaged in alleged trafficking under 18 U.S.C. §§ 1591(a) or 1595(a) of which Plaintiff was a victim that relates to the uploading of Content to a website operated by any MindGeek Entity.

13. The singular and plural forms of any word are interchangeable, as are masculine and feminine pronouns. The words "and" and "or" are to be construed interchangeably and in the broadest sense, so that each word includes both conjunctive and disjunctive forms. The word "including" is to be construed in an inclusive manner and without limitation. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense. When responding to interrogatories about what each MindGeek Entity did, Plaintiff is to provide the requested information broken out by entity.

14. Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term that is not defined in the Definitions set forth above, You shall promptly meet and confer with Defendant.

15. These interrogatories are continuing, so as to require that supplemental answers be served if further or different information is obtained with respect to any one Interrogatory.

16. If documents are being produced in lieu of answers pursuant to Fed. R. Civ. P. 33(d), or if Plaintiff's answer can be found in documents produced in response to a specific document request, then Identify, by document production

number or similar means, the specific documents wherein the answer is located and, unless apparent on the face of the document, state where within the document the answer can be found.

17. Any documents produced in response to these interrogatories should be produced in compliance with Rule 33(d) of the Federal Rules of Civil Procedure, and as otherwise agreed to by the parties via stipulation.

18. If any response or portion thereof is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid, including a statement of the basis for the asserted claim of privilege.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the address of every place Plaintiff has lived since January 1, 2014.

### INTERROGATORY NO. 2

Identify Plaintiff's names, aliases, email addresses, and/or online handles used by Plaintiff at any time, including but not limited to ones used by Plaintiff in connection with the Pornhub account created by Plaintiff referenced in paragraph 261 of the First Amended Complaint and the sale of videos of herself as referenced in paragraph 267 of the First Amended Complaint.

### INTERROGATORY NO. 3

Identify Trafficker(s) as defined above. Please include, in addition to the information included in the definition of "Identify" above, all names or aliases those persons or entities ever used or were known by and dates during which such name(s) were used, and all email addresses and online handles used by those persons or entities at any time.

**INTERROGATORY NO. 4**

For each piece of Content you claim was uploaded to any website operated by a MindGeek Entity, identify the website on which the Content appeared, all titles, tags, comments, and/or categories of or about the Content and any URL at which any such piece of Content can be or could have been viewed. If a piece of Content was posted on multiple occasions to the same website, provide the title, tags, categories, and URL for each posting separately.

**INTERROGATORY NO. 5**

Identify the support for your allegation that any MindGeek Entity uploaded Content depicting Plaintiff to a website operated by a MindGeek Entity, including but not limited to Plaintiff's claim in Paragraph 262 of the First Amended Complaint that MindGeek "uploaded [videos of Plaintiff] to other tubesites" and Plaintiff's assertions in opposition to the MindGeek Entities' motion to dismiss that the MindGeek Entities reuploaded Content that had been removed or disabled so that it re-appeared on a website operated by a MindGeek Entity.

**INTERROGATORY NO. 6**

Describe all communications between Plaintiff and each MindGeek Entity after Plaintiff learned or discovered that Content had been posted or uploaded to any website operated by a MindGeek Entity, including but not limited to any requests to remove Content and the communications referenced in Paragraphs 261 and 263 of the First Amended Complaint.

**INTERROGATORY NO. 7**

Identify all persons Plaintiff alleges created, participated in the creation of, and/or requested and/or funded the creation of Content claimed to have been uploaded to any website operated by a MindGeek Entity, including all names that person ever used or was known by and the dates during which such name(s) were used; all email addresses and online handles used by that person at any time; all residences at which that person lived during the period beginning two (2) years before Plaintiff alleges she was first trafficked to the present.

**INTERROGATORY NO. 8**

For each piece of Content claimed to have been uploaded to any website operated by a MindGeek Entity, describe all facts relating to the circumstances under which the Content was created, including but not limited to the date the Content was created; the age of Plaintiff on that date; the location where the Content was created; the livestream or video-chat service (if any) in use at the time the Content was created; who was present at the time the Content was created; the identity of any other person appearing in the Content; the identity of the person who recorded, photographed, or otherwise created the Content; for any Content created when Plaintiff was 18 years old or older, whether Plaintiff agreed or purported to agree to engage in the acts depicted in the Content and/or to the recording, photographing, or creating of the Content, and whether force or the threat of force caused Plaintiff to engage in the acts depicted in the Content and/or to the recording, photographing, or creating of the Content.

**INTERROGATORY NO. 9**

Describe the actions taken by each MindGeek Entity that you contend contributed to a RICO predicate act other than those related to your TVPRA and possession and distribution of child pornography claims, that proximately caused harm to Plaintiff.

**INTERROGATORY NO. 10**

Describe in detail each and every injury, illness, and physical, psychological, emotional, financial, employment, and/or reputational condition or harm you claim was caused by each MindGeek Entity, including but not limited to the nature of the injury, illness, condition or harm, the date you first suffered the injury, illness, condition or harm, and where you first suffered it.

**INTERROGATORY NO. 11**

Describe the support for your allegations in Paragraphs 11, 31, 48, 105, 129, 137, 141-157, 310, 358, 372, 378, 423, 426, 447, and 456 of the First Amended Complaint that Defendants used a "byzantine international corporate structure of hundreds of sham shell corporations," that the "entire structure is a sham and the alter ego of the individual defendants," and that Defendants used "sham shell companies" to "launder cash out of the organization to criminal partners and Enterprise members (especially the Bro-Club)."

**INTERROGATORY NO. 12**

Describe the support for your allegations in Paragraphs 26-28 and 31-32 of the First Amended Complaint that MindGeek "operates as a singular business entity" and disregards corporate formalities.

**INTERROGATORY NO. 13**

Identify all of the "MindGeek insiders," MindGeek-related "whistleblowers," and former MindGeek employees with whom Plaintiff has had any interaction including, but not limited to, those referenced in Paragraphs 9, 53, 71, 72, 73, 74, 76, 79, 80, 81, 85, 86, 114, 134, 136, 138, 141, 142, 143, 146, 147, 167, 168, 171, 175, 177, 189, 191, 192, 193, 200, 201, 206, 208, 210, 273, 280, 306, 311, 313, 321, and 327 of the First Amended Complaint.

DATED: September 19, 2022              Respectfully submitted,

        /s/    *Kathleen N. Massey*
KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Fax: (212) 698 3599

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721
Fax: (213) 808-5760

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that on this date, I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel in this case.

DATED: September 19, 2022

                                          *s/ Christopher R. Boisvert*
                                          Christopher R. Boisvert