# EXHIBIT B

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for MindGeek Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>　　　　Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:　Cormac J. Carney<br>Courtroom: 9B<br><br>**MINDGEEK ENTITIES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RELATED TO PERSONAL JURISDICTION** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure, Defendants MindGeek S.à.r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Inc., MG Global Entertainment Inc., and 9219-5618 Quebec Inc. (collectively "MindGeek Entities"), request that Plaintiff produce the documents described below for inspection and copying, at the offices of Dechert LLP, US Bank Tower, 633 West 5th Street, Suite 4900, Los Angeles, California, 90071-2013, within 30 days from the date of service.

## DEFINITIONS & INSTRUCTIONS

The following instructions and definitions apply to the discovery requests contained herein:

1. These requests are continuing, so as to require prompt, further, and supplemental production if, after the time of production, you receive, generate, discover, or otherwise come into possession, custody, or control of additional documents called for herein.

2. "You," "your," and "Plaintiff" means Plaintiff Serena Fleites, or any person or entity responding on her behalf.

3. The term "Action" means the above-captioned litigation.

4. The term "Complaint" means the First Amended Complaint filed in the Action, and any subsequent amendments thereto.

5. The term "Document" is intended to reflect the broadest meaning of the term document under the Federal Rules of Civil Procedure and encompasses the following: any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded or retrieved by people or by computers. The term includes, without limitations, photographs, photostats, motion pictures, audiotape, videotape recordings, phone records, computer generated material (including email; instant messages; text messages; other messages sent or received by Plaintiff via any messaging application, such as WhatsApp, Facebook

Messenger, and the like; MySpace, Facebook, Twitter, or similar social media posts or materials; blog posts; video blogs; and any similar materials), computer disks, CD-ROMS, and any other form or type of computer stored or retrievable computer data, or any other process by which information is reduced for storage or use. Insofar as Defendants' requests can be construed to call for the production of any Content (as defined *infra*) and Plaintiff is in possession, custody or control of it, Plaintiff shall not produce the Content but shall instead note the fact in response to the request.

6. The term "person" means any individual, firm, partnership, corporation, association, business or governmental entity or subdivision, agency, or department.

7. The term "communication" means any disclosure, transfer, transmittal, or exchange of oral or written information between one or more persons or entities, including but not limited to internet posts, comments, or messages.

8. The term "Content" means any video (including any livestream video or video-chat-service video), photograph, gif, or other image depicting Plaintiff in a sexually explicit manner, including but not limited to any depiction of sexual activity and/or the lascivious exhibit of the anus, genitals, or pubic area, that was uploaded to any website or was/is otherwise available to the public. Content also includes any visual depiction of Plaintiff engaging in sexually explicit conduct, as those terms are used in 18 U.S.C. § 2252. The term includes each individual video, photograph, gif, other image within the definition, and Plaintiff's response to each request for documents about Content should address each individual piece of Content and/or specify to which individual pieces the response relates.

9. The term "online handle" includes, but is not limited to, any username, alias, moniker, or title used to designate or indicate Plaintiff's posts, comments, or other activities on any website or associated with an online account created or controlled by Plaintiff.

10. The term "Trafficker" means the "high school boyfriend" referred to in Paragraph 258 of the First Amended Complaint, the "older male who [Plaintiff] subsequently began to date" referred to Paragraphs 267 and 269 of the First Amended Complaint, and/or any other non-party who has created Content, uploaded or re-uploaded Content to any website operated by any MindGeek Entity, and/or has engaged in alleged trafficking under 18 U.S.C. §§ 1591(a) or 1595(a) of which Plaintiff was a victim that relates to the uploading of Content to a website operated by any MindGeek Entity.

11. The term "including" is to be construed in an inclusive manner and without limitation.

12. The singular and plural forms of any word are interchangeable, as are masculine and feminine pronouns. The words "and" and "or" are to be construed interchangeably and in the broadest sense, so that each word includes both conjunctive and disjunctive forms. The word "including" is to be construed in an inclusive manner and without limitation. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

13. Documents produced in response to these requests should be in a form agreed to by the parties in their forthcoming stipulation regarding discovery of electronically stored information.

14. If any privilege is claimed with respect to any document that is responsive to these requests and the document is withheld, in whole or in part, then provide a privilege log in Microsoft Excel format separately logging each document redacted in part or withheld from production; the basis for the claim of privilege; and the following information if applicable and available: Beginning Bates Number,

Sent Date, Last Modified Date, Custodian/Source, Duplicate Custodians, To, From, CC, BC, Subject, File Name.

## DOCUMENTS REQUESTED

**REQUEST NO. 1**

All Documents relating to communications between Plaintiff and the MindGeek Entities that refer to or relate to Content you allege was posted to a website operated by a MindGeek Entity.

**REQUEST NO. 2**

For each piece of Content you allege was posted to a website operated by a MindGeek Entity, Documents sufficient to identify any titles, tags, categories, flags and/or comments associated with the Content, as well as all past or present URLs at which any piece of Content can be or could have been accessed.

**REQUEST NO. 3**

All Documents that refer or relate to Plaintiff's or any other person's participation in the creation, sale, and/or uploading of Content.

**REQUEST NO. 4**

All Documents that refer to, relate to, or memorialize Plaintiff's discovery of the uploading of Content allegedly posted to a website operated by a MindGeek Entity.

**REQUEST NO. 5**

All communications between Plaintiff and Trafficker(s).

**REQUEST NO. 6**

All Documents that refer to, relate to, or constitute Your requests that a MindGeek Entity remove Content from any website operated by a MindGeek Entity and/or cease and desist from uploading Content to any website, and any responses thereto.

**REQUEST NO. 7**

All Documents that refer to, relate to, or constitute comments by Plaintiff on Content uploaded to a site operated by a MindGeek Entity, including comments relating to Plaintiff's age or consent, and responses to those requests.

**REQUEST NO. 8**

All Documents that support any injuries, illnesses, conditions or harms claimed by Plaintiff in this Action that You allege were caused by the MindGeek Entities, including but not limited to statements, notes, emails, or comments that refer to or relate to Plaintiff's injuries, illnesses, harms, or physical, emotional, or psychological health status or medical condition.

**REQUEST NO. 9**

All documents that reflect or refer to any financial or reputational harm, injury, or condition, including any lost job or employment opportunities Plaintiff claims to have suffered as a result of any alleged wrongdoing by the MindGeek Entities.

**REQUEST NO. 10**

All Documents that support your allegation that any MindGeek Entity uploaded any Content depicting Plaintiff to a website operated by a MindGeek Entity, including but not limited to Plaintiff's claim in Paragraph 262 of the First Amended Complaint that MindGeek "uploaded [videos of Plaintiff] to other tubesites" and Plaintiff's assertions in opposition to the MindGeek Entities' motion to dismiss that the MindGeek Entities reuploaded Content that had been removed or disabled so that it re-appeared on any such website.

**REQUEST NO. 11**

All Documents that support your allegations in Paragraphs 11, 31, 48, 105, 129, 137, 141-157, 310, 358, 372, 378, 423, 426, 447, and 456 of the First Amended Complaint that Defendants used a "byzantine international corporate structure of hundreds of sham shell corporations," that the "entire structure is a sham and the alter

ego of the individual defendants," and that Defendants used "sham shell companies" to "launder cash out of the organization to criminal partners and Enterprise members (especially the Bro-Club)."

**REQUEST NO. 12**

All Documents that support your allegations in Paragraphs 26–28 and 31–32 of the First Amended Complaint that MindGeek "operates as a singular business entity" and disregards corporate formalities.

DATED: September 19, 2022        Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/    *Kathleen N. Massey*
　　　　　　　　　　　　　　　　　　KATHLEEN N. MASSEY (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　kathleen.massey@dechert.com
　　　　　　　　　　　　　　　　　　DECHERT LLP
　　　　　　　　　　　　　　　　　　Three Bryant Park
　　　　　　　　　　　　　　　　　　1095 Avenue of the Americas
　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　Phone: (212) 698-3500
　　　　　　　　　　　　　　　　　　Fax: (212) 698 3599

　　　　　　　　　　　　　　　　　　BENJAMIN M. SADUN (287533)
　　　　　　　　　　　　　　　　　　benjamin.sadun@dechert.com
　　　　　　　　　　　　　　　　　　DECHERT LLP
　　　　　　　　　　　　　　　　　　US Bank Tower, 633 West 5th Street, Suite 4900
　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071-2013
　　　　　　　　　　　　　　　　　　Phone: (213) 808-5721
　　　　　　　　　　　　　　　　　　Fax: (213) 808-5760

　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

**MINDGEEK ENTITIES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RELATED TO PERSONAL JURISDICTION**

# CERTIFICATE OF SERVICE

I certify that on this date, I caused a true and correct copy of the foregoing to be served by electronic mail on all counsel in this case.

DATED: September 19, 2022

                                         *s/Christopher R. Boisvert*
                                         Christopher R. Boisvert