# EXHIBIT D

Michael J. Bowe
(admitted pro hac vice)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted pro hac vice)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:    (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:   (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO.  2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:    Cormac J. Carney<br>Courtroom: 9B<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT MINDGEEK ENTITIES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RELATED TO PERSONAL JURISDICTION** |

CASE NO. 21-CV-04920-CJC-ADS

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT MINDGEEK ENTITIES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RELATED TO PERSONAL JURISDICTION**

Plaintiff, Serena Fleites, by and through her attorneys, Brown Rudnick LLP submit these response and objections (the "Responses," and each a "Response") to the First Requests for Production of Documents (the "Requests," and each a "Request") of Defendant MindGeek Entities.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests definitions ("Definitions"), and instructions ("Instructions") set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for or provide documents or information in response to any specific Request remains subject to the General Objections.

1. Plaintiff objects to the Requests to the extent they seek production of documents or information that are protected from disclosure by: (i) the attorney-client privilege; (ii) the work product doctrine; (iii) investigative and consulting expert privileges; and/or (iv) any other applicable privilege, doctrine or immunity from disclosure, including but not limited to domestic or foreign criminal or civil laws. Plaintiff's production of any document or information subject to any such privilege, protection or immunity from disclosure is inadvertent and is not a waiver of such privilege protection or immunity, and Plaintiff reserves her rights to demand the return of any such documents.

2. Plaintiff objects to each of the Definitions, Instructions, and Requests to the extent they are overly broad, unduly burdensome, nor reasonably calculated to lead to the discovery of material necessary or relevant to the subject matter of this litigation or to the discovery of admissible evidence. Nothing contained in any response herein is an admission, concession, or waiver by Plaintiff as to the relevance, materiality or admissibility of any information. Plaintiff expressly reserves the right to object to the admissibility of any portion of the documents or

information contained therein that is produced in response to the Requests.

3. Plaintiff objects to the Requests to the extent that they seek to impose obligations on Plaintiff greater than those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the Central District of California.

4. Plaintiff objects to the Requests to the extent they seek documents and information that are not in Plaintiff's possession, custody, or control, or that are equally available to Defendants from sources other than Plaintiff, including from Defendants.

5. Plaintiff objects to the Requests to the extent they are vague, ambiguous, and confusing and/or require Plaintiff to engage in conjecture or speculation as to their meaning in responding to the Requests.

6. Plaintiff objects to the Requests to the extent they require Plaintiff to draw legal conclusions.

7. Plaintiff objects to the Requests to the extent they seek documents and information that are not proportional to the needs of this case based upon the considerations set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

8. Plaintiff objects to the Requests to the extent any Request is repetitive and/or duplicative of any other present or future Request by Defendants.

9. Plaintiff objects to the Requests to the extent they call for disclosure of confidential, proprietary or private information. Any such non-privileged documents will be produced only pursuant to the terms of a protective order entered in this case.

10. Plaintiff's responses and objections to the Requests are based on documents and information presently known to Plaintiff and her counsel in this matter. Plaintiff reserves her right to supplement or amend any or all portions of her objections and Responses herein, and to object to the admissibility of any portion of the documents produced in response to the Requests.

11. A Response which states that Plaintiff will produce documents is not a representation that such documents exist or have ever existed, but instead is a representation that, to the extent relevant, responsive, non-privileged documents from the time period of June 1, 2013, through the commencement of this litigation exist, are in Plaintiff's direct possession, custody or control, and are located by reasonably diligent search of reasonably accessible locations that are reasonably likely to have responsive information, such documents will be produced in accordance with Plaintiff's response to a specific Request.

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

12. Plaintiff objects to the definition of "Content" as ambiguous, overbroad and unduly burdensome and calling for the production of information or material not relevant to any claim or defense in this action. Plaintiff further objects to the definition on the ground that it seeks material outside of the relevant time period or otherwise purports to call for the production of materials which are not in Plaintiff's possession, custody, or control. Plaintiff objects to the definition to the extent it seeks to encompass, without limitation to time or the manner in which the material was created or produced, material protected by Plaintiff's constitutional, statutory, and/or common law right to privacy.

13. Plaintiff objects to the definition of "online handle" as ambiguous, overbroad and unduly burdensome and calls for the production of information or material not relevant to any claim or defense in this action. Plaintiff further objects to the definition on the ground that it seeks material outside of the relevant time period or otherwise purports to call for the production of materials which are not in Plaintiff's possession, custody, or control, or otherwise violates Plaintiff's privacy rights. Plaintiff further objects to this definition on the grounds it is not proportional to the needs of the case.

14. Plaintiff objects to the definition of "Trafficker" as overbroad,

ambiguous and to the extent it calls for Plaintiff to engage in conjecture or to draw legal conclusions.  For purposes of responding to these Requests, Plaintiff will define the term "Trafficker" to mean the male individuals referred to in paragraphs 258 and 267 of Plaintiff's Amended Complaint.

15.     Plaintiff objects to the Definitions and Instructions to the extent that it does not define the relevant time period for these requests.  Plaintiff will construe the relevant time period as June 1, 2013 to the present.

16.     Plaintiff objects to the term "MindGeek Entity" as used in these Requests as vague and ambiguous.

**RESPONSES**

**REQUEST NO. 1**

All Documents relating to communications between Plaintiff and the MindGeek Entities that refer to or relate to Content you allege was posted to a website operated by a MindGeek Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Plaintiff objects to the Request on the grounds that it is overly broad, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly with respect to the terms "MindGeek Entities" and "relates to" which are not defined in the Requests.  Plaintiff further objects to the Request on the grounds that it seeks production of documents and information in the possession of Defendants or equally accessible to Defendants.  Plaintiff also objects on the grounds that the Requests seek information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and will produce non-privileged documents within her possession, custody, and control constituting communications between Plaintiff and any entity

owned by MindGeek concerning content posted on a MindGeek platform without Plaintiff's consent.

**REQUEST NO. 2**

For each piece of Content you allege was posted to a website operated by a MindGeek Entity, Documents sufficient to identify any titles, tags, categories, flags and/or comments associated with the Content, as well as all past or present URLs at which any piece of Content can be or could have been accessed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Plaintiff objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "MindGeek Entities" which is not defined. Plaintiff further objects to the Request on the grounds that it seeks production of documents and information in the possession of Defendants or third parties or equally accessible to Defendants, or otherwise outside of Plaintiff's custody or control.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and will produce non-privileged documents within her possession, custody, and control responsive to Request No. 2.

**REQUEST NO. 3**

All Documents that refer or relate to Plaintiff's or any other person's participation in the creation, sale, and/or uploading of Content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence insofar as it is unrelated to any claim or defense in this action. Plaintiff further objects to the Request to the extent it calls for the production of material that is protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Plaintiff also objects to the Request to the extent the

1  information requested is in the possession of Defendants or equally accessible to
2  Defendants.  Plaintiff objects to this Request to the extent it would violate a third
3  party's privacy rights.
4      Subject to and without waiving any and all objections, Plaintiff will conduct a
5  reasonable search and will produce non-privileged documents, to the extent any
6  documents exist, within her possession custody, and control that concern non-
7  consensual content and/or the non-consensual upload of content containing
8  Plaintiff's images or likeness where that content serves as a basis for any of
9  Plaintiff's claims in this matter.

**REQUEST NO. 4**

All Documents that refer to, relate to, or memorialize Plaintiff's discovery of the uploading of Content allegedly posted to a website operated by a MindGeek Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined.  Plaintiff objects to the definition of the term "Content" to the extent it seeks to encompass, without limitation to time, material protected by Plaintiff's constitutional, statutory, and/or common law right to privacy.  Plaintiff further objects to the Request to the extent it calls for the production of material that is protected by the attorney-client privilege, work product doctrine, or other applicable privilege.  Plaintiff also objects to the Request to the extent the information requested is in the possession of Defendants or equally accessible to Defendants.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and will produce the following non-privileged documents within her possession, custody, and control, to the extent any exist: (1) communications

between Plaintiff and any Defendant and any entity owned by MindGeek concerning content posted to a MindGeek owned tube site without Plaintiff's consent; (2) requests to any Defendant or any MindGeek owned tube site to remove, take down, or otherwise eliminate non-consensual content of Plaintiff and any responses therefrom; and (3) any reports made to law enforcement.

**REQUEST NO. 5**

All communications between Plaintiff and Trafficker(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Plaintiff objects to the Request on the grounds that it is overly broad, is unlimited in duration, is not proportional to the needs of the case, is not reasonably calculated to lead to the discovery of admissible evidence, and is unrelated to any claim or defense in this action. Plaintiff further objects to the Request to the extent Defendants' definition of "Trafficker" is overly broad and improper. Plaintiff will construe the term "Trafficker" as previously set forth in paragraph 14 of Plaintiff's objections above. Plaintiff also objects to the Request to the extent it is duplicative of Defendants' Request for Production No. 4.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and will produce the following non-privileged documents within her possession, custody, and control, to the extent any exist: (1) communications between Plaintiff and the individual referred to as Plaintiff's "high school boyfriend" in paragraph 258 of the amended complaint concerning any material Plaintiff believes was unlawfully or non-consensually manufactured, uploaded, or reuploaded to any website operated by any entity owned by MindGeek and which serves as the basis for any of Plaintiff's causes of action in this matter; and (2) communications between Plaintiff and the individual referred to as "the older male" or "older man" in paragraphs 267 and 269 of the amended complaint concerning any material Plaintiff believes was unlawfully or non-consensually manufactured,

uploaded, or reuploaded to any website operated by any entity owned by MindGeek and which material serves as the basis for any of Plaintiff's causes of action in this matter.

**REQUEST NO. 6**

All Documents that refer to, relate to, or constitute Your requests that a MindGeek Entity remove Content from any website operated by a MindGeek Entity and/or cease and desist from uploading Content to any website, and any responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Plaintiff objects to the Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined. Plaintiff objects to the definition of the term "Content" to the extent it seeks to encompass, without limitation to time, material protected by Plaintiff's constitutional, statutory, and/or common law right to privacy. Plaintiff further objects to the Request to the extent it calls for the production of material that is protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Plaintiff also objects to the Request to the extent the information requested is in the possession of Defendants or equally accessible to Defendants.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and will produce non-privileged documents within her possession, custody, and control, that constitute a content removal request, or a cease-and-desist request made by Plaintiff to any entity owned by MindGeek, and any responses thereto.

**REQUEST NO. 7**

All Documents that refer to, relate to, or constitute comments by Plaintiff on Content uploaded to a site operated by a MindGeek Entity, including comments relating to Plaintiff's age or consent, and responses to those requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Plaintiff objects to the Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined. Plaintiff objects to the definition of the term "Content" to the extent it seeks to encompass, without limitation to time, material protected by Plaintiff's constitutional, statutory, and/or common law right to privacy. Plaintiff further objects to the Request to the extent it calls for the production of material that is protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Plaintiff also objects to the Request to the extent the information requested is in the possession of Defendants or equally accessible to Defendants.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and will produce non-privileged documents within her possession, custody, and control concerning any non-consensual content containing Plaintiff's images or likeness responsive to Request No. 7, to the extent any documents exist.

**REQUEST NO. 8**

All Documents that support any injuries, illnesses, conditions or harms claimed by Plaintiff in this Action that You allege were caused by the MindGeek Entities, including but not limited to statements, notes, emails, or comments that refer to or relate to Plaintiff's injuries, illnesses, harms, or physical, emotional, or psychological health status or medical condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly

burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and produce non-privileged documents within her possession, custody, and control responsive to this Request, to the extent any documents exist.

**REQUEST NO. 9**

All documents that reflect or refer to any financial or reputational harm, injury, or condition, including any lost job or employment opportunities Plaintiff claims to have suffered as a result of any alleged wrongdoing by the MindGeek Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Plaintiff objects to the Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined, and not reasonably likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and produce non-privileged documents within her possession, custody, and control responsive to this Request, to the extent any documents exist.

**REQUEST NO. 10**

All Documents that support your allegation that any MindGeek Entity uploaded any Content depicting Plaintiff to a website operated by a MindGeek

1. Entity, including but not limited to Plaintiff's claim in Paragraph 262 of the First
2. Amended Complaint that MindGeek "uploaded [videos of Plaintiff] to other
3. tubesites" and Plaintiff's assertions in opposition to the MindGeek Entities' motion
4. to dismiss that the MindGeek Entities reuploaded Content that had been removed or
5. disabled so that it re-appeared on any such website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Plaintiff further objects to this Request, to the extent the information requested is in the possession of Defendants or equally accessible to Defendants.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and produce nonprivileged documents responsive to this Request to the extent any documents exist.

**REQUEST NO. 11**

All Documents that support your allegations in Paragraphs 11, 31, 48, 105, 129, 137, 141-157, 310, 358, 372, 378, 423, 426, 447, and 456 of the First Amended Complaint that Defendants used a "byzantine international corporate structure of hundreds of sham shell corporations," that the "entire structure is a sham and the alter ego of the individual defendants," and that Defendants used "sham shell companies" to "launder cash out of the organization to criminal partners and Enterprise members (especially the Bro-Club)."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Plaintiff objects to this Request on the grounds that it is overly broad, unduly

burdensome, and ambiguous, including with respect to the use of the term "MindGeek Entity" which is not defined, and not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Plaintiff further objects to this Request, to the extent the information requested is in the possession of Defendants or equally accessible to Defendants.

Subject to and without waiving any and all objections, Plaintiff will conduct a reasonable search and produce nonprivileged documents responsive to this Request to the extent any documents exist.

**REQUEST NO. 12**

Describe the support for your allegations in Paragraphs 26-28 and 31-32 of the First Amended Complaint that MindGeek "operates as a singular business entity" and disregards corporate formalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Plaintiff objects to this Request, as the request to "[d]escribe the support" for certain allegations is not a proper request for documents under Federal Rule of Civil Procedure 34. This "Request" does not seek the production of documents. Plaintiff further objects to the Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Plaintiff objects to the Request as being overbroad, vague, and ambiguous. Plaintiff further objects to the extent it seeks documents and information in the possession of Defendants or equally accessible to Defendants.

| | | |
|---|---|---|
| 1 | DATED: October 19, 2022 | BROWN RUDNICK LLP |

By: *Lauren Tabaksblat*
MICHAEL J. BOWE
(admitted *pro hac vice*)
mbowe@brownrudnick.com
LAUREN TABAKSBLAT
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Fax: (212) 209-4801

Attorneys for Plaintiffs

13   CASE NO. 21-CV-04920-CJC-ADS

**LAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT MINDGEEK ENTITIES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RELATED TO PERSONAL JURISDICTION**