```
```
Case 2:21-cv-04920-WLH-ADS   Document 223-7   Filed 11/30/22   Page 1 of 14   Page ID #:3820

# EXHIBIT F

Michael J. Bowe
(*admitted pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*admitted pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.À.R.L., a foreign entity; MG FREESITES, LTD; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>HON. CORMAC J. CARNEY<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO MINDGEEK ENTITY DEFENDANTS' FIRST SET OF INTERROGATORIES RELATING TO PERSONAL JURISDICTION** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33-2 of the Local Civil Rules, Serena Fleites ("Plaintiff"), by her counsel Brown Rudnick LLP, hereby respond to the First Set of Interrogatories (the "Interrogatories," and each interrogatory individually, an "Interrogatory") served by Defendants MindGeek S.À.R.L., MG Freesites Ltd, MindGeek USA Inc., MG Global Entertainment Inc., MG Premium Ltd, and 9219-1568 Quebec, Inc. ("MindGeek Entity Defendants").

## GENERAL OBJECTIONS

Plaintiff asserts the following general objections to the Interrogatories, which incorporated into each of Plaintiff's responses.

1. Plaintiff objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to impose obligations and/or requirements on Plaintiff in addition to, beyond the scope of, or different from those imposed under the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Central District of California, or any other applicable law or rule.

2. Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, do not describe the information to be provided with reasonable particularity or seeks information that is not proportional to the needs of the case.

3. Plaintiff objects to the Interrogatories to the extent that they require Plaintiff to identify documents or provide information outside of her possession, custody, or control. Plaintiff further objects to the Interrogatories to the extent that they seek information or identification of documents that is cumulative or duplicative or that is obtainable from a source that is more convenient, less burdensome, or expensive.

4. Plaintiff objects to the Interrogatories to the extent they seek information subject to the attorney-client privilege, the attorney work product

doctrine, deliberative process privilege, or any other applicable privilege, immunity or protection ("Privileged Information"). To the extent Plaintiff responds below that it will provide information in response to an Interrogatory, such information shall not include Privileged Information. Plaintiff responds to the Interrogatories without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed or construed to constitute a waiver of the attorney-client privilege, work product doctrine, deliberative process, or any other applicable privilege, immunity, or protection.

5. Plaintiff objects to the Interrogatories to the extent they are compound, duplicative, or cumulative of other, more specific Interrogatories or other discovery in this action.

6. Plaintiff objects to the definition of "Trafficker" to the extent it calls for a legal conclusion. Plaintiff also objects to the definition of Trafficker to the extent it purports to exclude the MindGeek Defendants who the Amended Complaint alleges was responsible for uploading Plaintiff's CSAM and pushing it to other MindGeek sites. Plaintiff will construe the term "Trafficker" to mean the individuals referred in paragraphs 258 and 267 of Plaintiff's Amended Complaint.

7. Plaintiff objects to the Interrogatories to the extent they do not define the relevant time period. Unless otherwise noted, Plaintiff will construe the relevant period as January 1, 2014 through the present.

8. Plaintiff objects to the interrogatories as premature because discovery is not complete and not all facts are known to Plaintiff at this time. Plaintiff reserves the right to amend or supplement her responses to the Interrogatories.

## RESPONSES

**INTERROGATORY NO. 1**

Identify the address of every place Plaintiff has lived since January 1, 2014.

**RESPONSE TO INTERROGATORY NO. 1**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis. Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to, and without waiving any and all objections, Plaintiff states that at all times since 2014 she has resided in the state of California. Plaintiff further states that her addresses within this State are not relevant to the jurisdictional analyses or any parties' claims or defenses.

**INTERROGATORY NO. 2**

Identify Plaintiff's names, aliases, email addresses, and/or online handles used by Plaintiff at any time, including but not limited to ones used by Plaintiff in connection with the Pornhub account created by Plaintiff referenced in paragraph 261 of the First Amended Complaint and the sale of videos of herself as referenced in paragraph 267 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or proportionate to the needs of the case. Plaintiff further objects to this Interrogatory to the extent it seeks information in the MindGeek Entity Defendants' possession or control or equally accessible to the

MindGeek Entity Defendants. Finally, Plaintiff objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis. Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to, and without waiving any and all objections, Plaintiff states that she will provide the names, aliases, email addresses and/or online handles used to communicate with Pornhub or any other tubesite owned or operated by the MindGeek Entity Defendants at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

**INTERROGATORY NO. 3**

Identify Trafficker(s) as defined above. Please include, in addition to the information included in the definition of "Identify" above, all names or aliases those persons or entities ever used or were known by and dates during which such name(s) were used, and all email addresses and online handles used by those persons or entities at any time.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of the case, and to the extent it calls for a legal conclusion as to the definition of the term Trafficker. Plaintiff incorporates by reference her General Objections to the MindGeek Entity Defendants' definition of the term Trafficker. Plaintiff further objects to this Interrogatory to the extent the information sought is within the

MindGeek Entity Defendants' possession, custody or control or is equally accessible to the MindGeek Entity Defendants. Finally, Plaintiff objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis. Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to and without waiving any and all objections, Plaintiff states that she will identify the names and online handles, to the extent known, of those individuals that posted content of her to any sites owned or operated by MindGeek at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

**INTERROGATORY NO. 4**

For each piece of Content you claim was uploaded to any website operated by a MindGeek Entity, identify the website on which the Content appeared, all titles, tags, comments, and/or categories of or about the Content and any URL at which any such piece of Content can be or could have been viewed. If a piece of Content was posted on multiple occasions to the same website, provide the title, tags, categories, and URL for each posting separately.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information in the MindGeek Entity Defendants' possession, custody, or control or that is equally accessible to the MindGeek Entity Defendants. Plaintiff further objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis. Although

Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to and without waiving any and all objections, Plaintiff states that she will respond to this Interrogatory at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

**INTERROGATORY NO. 5**

Identify the support for your allegation that any MindGeek Entity uploaded Content depicting Plaintiff to a website operated by a MindGeek Entity, including but not limited to Plaintiff's claim in Paragraph 262 of the First Amended Complaint that MindGeek "uploaded [videos of Plaintiff] to other tubesites" and Plaintiff's assertions in opposition to the MindGeek Entities' motion to dismiss that the MindGeek Entities reuploaded Content that had been removed or disabled so that it re-appeared on a website operated by a MindGeek Entity.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and calls for a legal conclusion. Plaintiff further objects to this interrogatory on the grounds that it improperly seeks discovery of attorney work product and other privileged material relating to Plaintiff's investigation of defendants' wrongful conduct.

**INTERROGATORY NO. 6**

Describe all communications between Plaintiff and each MindGeek Entity after Plaintiff learned or discovered that Content had been posted or uploaded to any website operated by a MindGeek Entity, including but not limited to any

requests to remove Content and the communications referenced in Paragraphs 261 and 263 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information in the MindGeek Entity Defendants' possession, custody, or control or that is equally accessible to the MindGeek Entity Defendants. Plaintiff further objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis. Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to and without waiving any and all objections, Plaintiff states that she will respond to this Interrogatory at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

**INTERROGATORY NO. 7**

Identify all persons Plaintiff alleges created, participated in the creation of, and/or requested and/or funded the creation of Content claimed to have been uploaded to any website operated by a MindGeek Entity, including all names that person ever used or was known by and the dates during which such name(s) were used; all email addresses and online handles used by that person at any time; all residences at which that person lived during the period beginning two (2) years before Plaintiff alleges she was first trafficked to the present.

**RESPONSE TO INTERROGATORY NO. 7**

1. Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, duplicative of other discovery requests, and seeks information that is reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of the case. Plaintiff further objects to this Interrogatory to the extent it seeks information that is within the MindGeek Entity Defendants' possession, custody, or control or equally accessible to the MindGeek Entity Defendants. Finally, Plaintiff objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis. Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture. The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

Subject to and without waiving any and all objections, Plaintiff directs the MindGeek Entity Defendants to the Response to Interrogatory No. 3.

**INTERROGATORY NO. 8**

For each piece of Content claimed to have been uploaded to any website operated by a MindGeek Entity, describe all facts relating to the circumstances under which the Content was created, including but not limited to the date the Content was created; the age of Plaintiff on that date; the location where the Content was created; the livestream or video-chat service (if any) in use at the time the Content was created; who was present at the time the Content was created; the identity of any other person appearing in the Content; the identity of the person who recorded, photographed, or otherwise created the Content; for any Content created when Plaintiff was 18 years old or older, whether Plaintiff agreed or purported to agree to engage in the acts depicted in the Content and/or to the

recording, photographing, or creating of the Content, and whether force or the threat of force caused Plaintiff to engage in the acts depicted in the Content and/or to the recording, photographing, or creating of the Content.

**RESPONSE TO INTERROGATORY NO. 8**

      Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is not reasonably calculated to lead to discovery of admissible evidence or proportional to the needs of the case, and to the extent it calls for legal conclusions about what constitutes fraud, force, or coercion. Plaintiff further objects to this Interrogatory to the extent it seeks information beyond that relevant to the Court's jurisdictional analysis.  Although Plaintiff's position is that the Court's August 11, 2022 order directed the parties to complete both jurisdictional and merits discovery by April 2023, the MindGeek Entity Defendants have taken the position that merits discovery is premature at this juncture.  The MindGeek Entity Defendants should not be entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.

      Subject to and without waiving any and all objections, Plaintiff states that she will identify the images/videos known to Plaintiff to have been uploaded to any tubesites owned or operated by MindGeek and her age in those images/videos at such time that the MindGeek Entity Defendants respond to Plaintiff's merits discovery requests.

**INTERROGATORY NO. 9**

      Describe the actions taken by each MindGeek Entity that you contend contributed to a RICO predicate act other than those related to your TVPRA and possession and distribution of child pornography claims, that proximately caused harm to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 9**

Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and calls for legal conclusions.

**INTERROGATORY NO. 10**

Describe in detail each and every injury, illness, and physical, psychological, emotional, financial, employment, and/or reputational condition or harm you claim was caused by each MindGeek Entity, including but not limited to the nature of the injury, illness, condition or harm, the date you first suffered the injury, illness, condition or harm, and where you first suffered it.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it is premature. The damages Plaintiff suffered will be the subject of expert testimony.

**INTERROGATORY NO. 11**

Describe the support for your allegations in Paragraphs 11, 31, 48, 105, 129, 137, 141-157, 310, 358, 372, 378, 423, 426, 447, and 456 of the First Amended Complaint that Defendants used a "byzantine international corporate structure of hundreds of sham shell corporations," that the "entire structure is a sham and the alter ego of the individual defendants," and that Defendants used "sham shell companies" to "launder cash out of the organization to criminal partners and Enterprise members (especially the Bro-Club)."

**RESPONSE TO INTERROGATORY NO. 11**

Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and seeks information within the MindGeek Entity Defendants' possession, custody, or control or more easily accessible to the MindGeek Entity Defendants. Plaintiff further objects to this interrogatory on the grounds that it

improperly seeks discovery of attorney work product and other privileged material relating to Plaintiff's investigation of defendants' wrongful conduct.

**INTERROGATORY NO. 12**

Describe the support for your allegations in Paragraphs 26-28 and 31-32 of the First Amended Complaint that MindGeek "operates as a singular business entity" and disregards corporate formalities.

**RESPONSE TO INTERROGATORY NO. 12**

Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and seeks information within the MindGeek Entity Defendants' possession, custody, or control or more easily accessible to the MindGeek Entity Defendants. Plaintiff further objects to this Interrogatory on the grounds that it improperly seeks discovery of attorney work product and other privileged material relating to Plaintiff's investigation of defendants' wrongful conduct.

**INTERROGATORY NO. 13**

Identify all of the "MindGeek insiders," MindGeek-related "whistleblowers," and former MindGeek employees with whom Plaintiff has had any interaction including, but not limited to, those referenced in Paragraphs 9, 53, 71, 72, 73, 74, 76, 79, 80, 81, 85, 86, 114, 134, 136, 138, 141, 142, 143, 146, 147, 167, 168, 171, 175, 177, 189, 191, 192, 193, 200, 201, 206, 208, 210, 273, 280, 306, 311, 313, 321, and 327 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 13**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdernsome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it improperly seeks discovery of attorney work product and other privileged material relating to Plaintiff's investigation of defendants' wrongful conduct.

DATED: November 2, 2022

Respectfully submitted,

BROWN RUDNICK LLP

By: _____
Michael J. Bowe (*pro hac vice*)
Lauren Tabaksblat (*pro hac vice*)
*Attorneys for Plaintiff SERENA FLEITES*