# EXHIBIT G

# Dechert
### LLP

Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
+1 212 698 3500  Main
+1 212 698  3599  Fax
www.dechert.com

**KATHLEEN MASSEY**

Kathleen.Massey@dechert.com
+1 212 698 3686  Direct
+1 212 698 3599  Fax

November 7, 2022

**VIA EMAIL**

Michael J. Bowe, Esq.
Brown Rudnick LLP
7 Times Square
New York, NY 10036

**Re:  *Fleites v. MindGeek S.a.r.l., et al.* – Plaintiff's Responses to MindGeek Entities' First
Set of Interrogatories to Plaintiff Related to Personal Jurisdiction**

Dear Michael:

I write regarding Plaintiff's Responses and Objections to MindGeek Entities' First Set of
Interrogatories to Plaintiff Related to Personal Jurisdiction[1] that were served on November 2, 2022.
As an initial matter, Defendants MindGeek S.à.r.l., MG Freesites Ltd, MG Premium Ltd,
MindGeek USA Inc., MG Global Entertainment Inc., and 9219-5618 Quebec Inc. (collectively the
"MindGeek Entities") note that on Monday, October 17, 2022 Plaintiff's counsel requested "an
adjournment of two weeks to [y]our deadline to respond, until November 2, 2022."  As they have
each prior time an extension of time was requested, and believing that this request was being made
in good faith, the MindGeek Entities promptly consented to the requested extension.  It was thus
quite surprising to receive Plaintiff's Responses late on the night of November 2, 2022 and see that
she had failed to respond substantively to all but one of the MindGeek Entities' Interrogatories.  If
it was Plaintiff's intention all along to serve frivolous objections in lieu of responding to the
MindGeek Entities' jurisdictional discovery requests, certainly no extension was necessary, let
alone one of two weeks.  As Plaintiff's have failed to respond in good faith, and pointlessly delayed
the process to boot, the MindGeek Entities send this letter identifying the myriad deficiencies in
Plaintiff's Responses and request a meet and confer on these issues consistent with Local Rule 37-
1.

Plaintiff objects to all of the MindGeek Entities' interrogatories as seeking "information beyond
that relevant to the Court's jurisdictional analysis" and justifies her refusal to respond to twelve of
thirteen interrogatories in full (and the thirteenth in part) on this basis.  This objection is meritless;
each of the MindGeek Entities' interrogatories addresses issues relevant to personal jurisdiction.
As the Court recognized, for Plaintiff to show that the Court may exercise personal jurisdiction

---

[1] Plaintiff's Response is incorrectly captioned as Plaintiff's Responses and Objections to "MindGeek Entity
Defendants' First Set of Interrogatories Relating to Personal Jurisdiction."



November 7, 2022
Page 2

over MindGeek S.à.r.l. and MG Premium Ltd., she must either show that those entities each have sufficient jurisdictionally relevant contacts such that the Court may exercise specific personal jurisdiction over them, *Fleites v. MindGeek, S.A.R.L.*, 2022 WL 4455558, *1-2, n.3 (C.D. Cal. July 29, 2022), or that Plaintiff may impute the contacts of other MindGeek Entities based on the alter-ego doctrine. *Id.* at *2-3. Accordingly, each of the MindGeek Entities' Interrogatories seeks information relevant to their alleged contacts with Plaintiff or the information on which Plaintiff premises her alter-ego theory.

Having unrelated contacts with California is insufficient to trigger specific personal jurisdiction. Among other requirements, Plaintiff's "claim must be one which arises out of or relates to the defendant's forum-related activities." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Due process requires a direct connection between the harm alleged and the defendant's contacts with the forum state. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *See Bristol-Myers Squibb Co. v. Super. Ct.* (*BMS*), 137 S. Ct. 1773, 1781 (2017). Accordingly, Plaintiff must demonstrate that her claims arise out of actions taken by MindGeek S.à.r.l. and MG Premium Ltd. in California to exercise specific jurisdiction over them. Information about all of Plaintiff's contacts with the company, the circumstances under which the Content at issue in the case came to be created, the contacts between the MindGeek Entities and any purported Traffickers, and the injuries Plaintiff is claiming were caused by each of the MindGeek Entities, are all relevant to this analysis.

To the extent Plaintiff is seeking to impute the contacts of other MindGeek Entities to MindGeek S.à.r.l. and MG Premium Ltd on an "alter-ego" theory, Plaintiff must show "(1) such unity of interest and ownership between parent and subsidiary 'that the separate personalities of the two entities no longer exist and (2) that the failure to disregard the separate entities would result in fraud or injustice." *Iconlab, Inc. v. Bausch Health Cos.*, 828 F. App'x 363, 364 (9th Cir. 2020). Plaintiff's First Amended Complaint repeatedly alleges that MindGeek's corporate structure is a "sham," and that the company "operates as a singular business entity." As you are aware, the MindGeek Entities fully disagree with these allegations and are in the process of providing significant financial and corporate information demonstrating that Plaintiff's allegations are false. Nonetheless, Plaintiff presumably had some basis for believing that her factual contentions had evidentiary support when she included them in her pleadings and other submissions to the Court. The MindGeek Entities are entitled to know what Plaintiff based the allegations on and the source(s) of that information to rebut Plaintiff's "alter-ego" allegations.

Although it is not a primary basis for improperly withholding information, Plaintiff's Responses also impermissibly narrow the term "Trafficker." While the term includes the two men referenced in Paragraphs 258 and 267, it also would include those who assisted them in creating or uploading any Content. Plaintiff's First Amended Complaint asserts that anyone involved in the creation or



November 7, 2022
Page 3

upload of videos of Plaintiff is a "sex trafficker" under federal law. Accordingly, by Plaintiff's own definition, anyone associated with these activities is potentially a relevant witness. The circumstances under which the videos came to be created and uploaded are essential facts that go to both personal jurisdiction and the merits of Plaintiff's claims.

In addition to the foregoing, Plaintiff has objected to almost every interrogatory on the grounds that it is purportedly vague, ambiguous, overly broad and/or unduly burdensome. Please explain for each interrogatory why Plaintiff is asserting one or more of these objections, and let us know what, if any, information is being withheld on the basis of these objections.

With respect to Plaintiff's Objections to specific interrogatories:

**Interrogatory No. 1** – Interrogatory 1 requests all of Plaintiff's addresses since January 1, 2014. Plaintiff has partially responded to this request, indicating that she has lived in California "at all times since 2014." This response is ambiguous as it suggests that she only lived in California after 2014 or from some point in 2014. Please confirm that Plaintiff resided in California during the entire time-period.

**Interrogatory No. 2** – Interrogatory 2 seeks information concerning names, e-mail addresses, and online handles used by Plaintiff. This information is essential to allow the MindGeek Entities to evaluate all of the contacts particular MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers, as well as to evaluate Plaintiff's claims that these forum specific contacts harmed Plaintiff. The information accordingly goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such that the Court may exercise personal jurisdiction over them and, accordingly, must be provided now. Moreover, as the MindGeek Entities have previously conveyed, despite considerable effort they have not been able to locate all of the Content Plaintiff alleges was posted to websites operated by the MindGeek Entities, including the video referred to in paragraphs 258-263 of the Amended Complaint. To the extent Plaintiff has this information, it is important that it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded. It is also inappropriate to limit Plaintiff's response to only those online names, aliases, e-mail addresses and/or online handles "used to communicate with Pornhub or any other tubesite owned or operated by the MindGeek Entity Defendants." Plaintiff's Complaint describes two videos of her that were purportedly uploaded to Pornhub, but those videos do not appear to have been the only sexually explicit videos of Plaintiff that were uploaded to the internet by Plaintiff or a third party. Since Plaintiff seeks to hold Defendants liable for Content she sold on sites unaffiliated with the MindGeek Entities, they are entitled to information bearing on any purported connection they have to such Content. Defendants are entitled to understand the full extent of Plaintiff's sexually explicit online activities as they are related to Plaintiff's assertions that Defendants harmed her in California and her allegations that she suffered damages based on Defendants' forum related conduct.



November 7, 2022
Page 4

**Interrogatory No. 3** – This interrogatory seeks the identity of Plaintiff's alleged Traffickers. Plaintiff's core allegation in this case is that the MindGeek Entities are responsible for the creation and publication of Content depicting Plaintiff when she was underage.  She also alleges that the MindGeek Entities participated in a venture with the individuals who allegedly filmed, created, and uploaded the videos to Pornhub.  Accordingly, these individuals are at the heart of this case and possess knowledge relevant to personal jurisdiction, including any contacts between them and the MindGeek Entities and whether any conduct by them contributed to the creation or uploading of the videos.  There is no basis for refusing to provide this information at this juncture.

**Interrogatory No. 4** – Interrogatory 4 requests information regarding the Content Plaintiff claims was posted to websites owned or operated by certain MindGeek Entities.  This information is essential to allow the MindGeek Entities to evaluate all of the contacts particular MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers, as well as to evaluate Plaintiff's claims that these forum specific contacts actually harmed Plaintiff.  The information accordingly goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such that the Court may exercise personal jurisdiction over them and must be provided now.  Moreover, as the MindGeek Entities have previously conveyed, despite considerable effort they have not been able to locate all of the Content Plaintiff alleges was posted to websites operated by the MindGeek Entities, including the video referred to in paragraphs 258-263 of the Amended Complaint.  To the extent Plaintiff has this information, it is important it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded.

**Interrogatory No. 5** – Interrogatory 5 seeks information regarding Plaintiff's allegations that any MindGeek Entity (as opposed to a third-party) uploaded or reuploaded Content to a website operated by a MindGeek Entity as alleged in the First Amended Complaint.  The request does not, as Plaintiff claims, call for any legal conclusions, attorney work product or other privileged information; it seeks the underlying information Plaintiff believes supports these allegations.  This information is essential to allow the MindGeek Entities to evaluate all of the contacts particular MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers, as well as to evaluate Plaintiff's claims that these forum specific contacts actually harmed Plaintiff.  The information accordingly goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such that the Court may exercise personal jurisdiction over them and must be provided now.  Moreover, as the MindGeek Entities have previously conveyed, despite considerable effort they have not been able to locate all of the Content Plaintiff alleges was posted to websites operated by the MindGeek Entities, including the video referred to in paragraphs 258-263 of the Amended Complaint.  To the extent Plaintiff has this information, it is important it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded.



November 7, 2022
Page 5

**Interrogatory No. 6 –** This interrogatory seeks all communications between Plaintiff and any MindGeek Entities after Plaintiff learned that Content had allegedly been posted to a MindGeek website. This information is essential to allow the MindGeek Entities to evaluate all of the contacts particular MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers as well as to evaluate Plaintiff's claims that these forum specific contacts actually harmed Plaintiff. The information accordingly goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such that the Court may exercise personal jurisdiction over them and must be provided now. Moreover, as the MindGeek Entities have previously conveyed, despite considerable effort they have not been able to locate all of the Content Plaintiff alleges was posted to websites operated by the MindGeek Entities, including the video referred to in paragraphs 258-263 of the Amended Complaint. To the extent Plaintiff has this information, it is important it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded.

**Interrogatory No. 7 –** This interrogatory seeks the identities of everyone who Plaintiff alleges contributed to the creation of or funded the creation of Content claimed to have been uploaded to any website operated by a MindGeek Entity. Although there may be some overlap with Interrogatory 3, the information sought here is broader and is not limited to "Traffickers." Plaintiff's core allegation in this case is that the MindGeek Entities are responsible for the creation and publication of videos depicting Plaintiff when she was underage. She also alleges that the MindGeek Entities participated in a venture with the individuals who allegedly filmed, created, and uploaded the videos to Pornhub. Accordingly, they are at the heart of this case, and possess knowledge relevant to personal jurisdiction, including with regard to any contacts between them and the MindGeek Entities and any conduct by the MindGeek Entities that contributed to the creation and uploading of the videos. There is no basis for refusing to provide this information at this juncture. Plaintiff also objects to this Request as seeking information within the MindGeek Entities' possession, custody, and control. As the MindGeek Entities have previously conveyed, despite considerable effort they have not been able to locate all of the Content Plaintiff alleges was posted to websites operated by the MindGeek Entities, including the video referred to in paragraphs 258-263 of the Amended Complaint. Even if the MindGeek Entities have information in its possession about the individuals it is asking Plaintiff to identify, the MindGeek Entities have been unable to associate all of those individuals with Content depicting Plaintiff. To the extent Plaintiff has this information, it is important that it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded and any jurisdictionally relevant contacts. Insofar as Plaintiff is withholding information on this basis, the MindGeek Entities request that Plaintiff identify specifically what that information is.

**Interrogatory No. 8 –** Interrogatory 8 seeks information concerning the creation of Content claimed to have been uploaded to any website operated by a MindGeek Entity. Plaintiff's core allegation in this case is that the MindGeek Entities are responsible for the creation and publication



November 7, 2022
Page 6

of videos depicting Plaintiff when she was underage. The individuals who allegedly filmed, created, and uploaded the videos to websites operated by the MindGeek Entities are at the heart of this case. Accordingly, these individuals possess knowledge relevant to personal jurisdiction, including whether any MindGeek Entities' conduct contributed to the creation of the videos. To the extent Plaintiff purports to limit her response to videos "uploaded to any tubesites owned and operated by MindGeek," that limitation is improper given Plaintiff's arguments that videos of her also appeared on paysites operated by certain MindGeek Entities. Moreover, as the MindGeek Entities have previously conveyed, despite considerable effort they have not been able to locate all of the Content Plaintiff alleges was posted to websites operated by the MindGeek Entities, including the video referred to in paragraphs 258-263 of the Amended Complaint. To the extent Plaintiff has this information, it is important that it be produced so the MindGeek Entities can identify the Content Plaintiff claims was uploaded. There is no basis for refusing to provide this information at this juncture.

**Interrogatory No. 9 –** Interrogatory 9 requests that Plaintiff identify the actions taken by each MindGeek Entity that she contends contributed to a RICO predicate act other than those related to Plaintiff's TVPRA and possession claims that allegedly harmed Plaintiff. Plaintiff objects to this interrogatory on the ground that it supposedly calls for legal conclusions. It does not; the request seeks the underlying information Plaintiff believes supports her allegations that the MindGeek Entities engaged in the claimed predicate acts. The information sought is essential to allow the MindGeek Entities to evaluate all of the contacts particular MindGeek Entities may have had with Plaintiff or Plaintiff's alleged Traffickers, including those allegedly relating to mail fraud, wire fraud, money laundering and criminal copyright infringement. The information is also necessary to determine what, if any, other forum specific contacts on the part of each of the MindGeek Entities allegedly harmed Plaintiff. The information accordingly goes directly to whether MindGeek S.à.r.l. and MG Premium Ltd had sufficient jurisdictionally relevant contacts such that the Court may exercise personal jurisdiction over them and must be provided now.

**Interrogatory No. 10 –** This interrogatory seeks information regarding the injuries claimed by Plaintiff. As noted above, Plaintiff must demonstrate that the MindGeek Entities' forum specific conduct is related to the injuries she is claiming, which cannot be determined without an understanding of those injuries. Even if Plaintiff claims that damages will be the subject of expert testimony, Plaintiff can still provide factual information, at least in a general sense, about the injuries that she is claiming were caused by each of the MindGeek Entities and can identify those on a lay basis.

**Interrogatory No. 11 –** Interrogatory 11 seeks information concerning Plaintiff's claim that the MindGeek Entities' business operations are purportedly "a sham." Plaintiff objects to providing any information in response to this interrogatory on the grounds that it is vague and ambiguous. Please explain what it is about the request that supports your position and let us know what, if



anything, Plaintiff is withholding on these grounds. As set forth above, this information is directly relevant to Plaintiff's "alter-ego" argument. Plaintiff's Response objects, claiming that the interrogatory "improperly seeks discovery of attorney work product and other privileged material," but it is unclear how any privilege could apply to the underlying information responsive to this request. Evidence showing that the MindGeek Entities' business operations are purportedly "a sham" would not be subject to any applicable privilege. Please clarify this response and inform the MindGeek Entities whether any information is being withheld due to any purported privilege. Plaintiff also objects to this Request as seeking information within the MindGeek Entities' possession, custody, and control. Insofar as Plaintiff is withholding information on this basis, the MindGeek Entities request that Plaintiff identify specifically what that information is. Again, even if the MindGeek Entities might possess certain information, they cannot tie that information to Plaintiff's alter-ego unless she identifies it.

**Interrogatory No. 12 –** Interrogatory 12 seeks information concerning Plaintiff's claim that the MindGeek Entities operate as a singular business entity. Plaintiff objects to providing any information in response to this interrogatory on the grounds that it is vague and ambiguous. Please explain what it is about the request that supports your position and let us know what, if anything, Plaintiff is withholding on these grounds. As set forth above, this information is directly relevant to Plaintiff's "alter-ego" argument. Plaintiff's Response objects, claiming that the interrogatory "improperly seeks discovery of attorney work product and other privileged material," but it is unclear how any privilege could apply to the underlying information responsive to this request. Evidence showing that the MindGeek Entities operate as a single business entity would not be subject to any applicable privilege. Please clarify this response and inform the MindGeek Entities whether any information is being withheld due to any purported privilege. Plaintiff also objects to this Request as seeking information within the MindGeek Entities' possession, custody, and control. Insofar as Plaintiff is withholding information on this basis, for the reasons discussed above, the MindGeek Entities request that Plaintiff identify specifically what that information is.

**Interrogatory No. 13 –** Interrogatory 13 asks Plaintiff to identify the individuals she refers to as "MindGeek insiders," "MindGeek-related 'whistleblowers,'" and "former MindGeek employees" with whom Plaintiff has had any interaction with and who purportedly supplied information that was used in the First Amended Complaint. Plaintiff objects to providing any information in response to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's objection to the request on this basis is improper since that is no longer the standard under Rule 26. In any event, the request seeks material that is relevant and proportional to the needs of the case. These individuals are the apparent source of Plaintiff's erroneous allegation that MindGeek operates as a single business entity that fails to observe corporate formalities. Accordingly, MindGeek needs to understand who these individuals are in order to seek discovery from them and determine the basis for these claims. Plaintiff's Response objects, claiming that the interrogatory "improperly seeks discovery of attorney work product and



November 7, 2022
Page 8

other privileged material," but the identify of individuals who allegedly supplied information to Plaintiff's counsel cannot possibly be subject to any privilege. Please clarify this response and inform the MindGeek Entities whether any information is being withheld due to any purported privilege.

Please advise as soon as possible when you are available to meet and confer to discuss your wholly deficient Responses so you can advise whether you plan to amend them or if, as seems likely, the MindGeek Entities need to seek the intervention of the Court.

Sincerely,

*Kathleen N. Massey*

Kathleen N. Massey