# EXHIBIT H

**brown**rudnick

MICHAEL J. BOWE
direct dial: 212.209.4905
fax: 212.938.2902
MBowe@brownrudnick.com

November 14, 2022

**VIA E-MAIL**

Kathleen N. Massey
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
kathleen.massey@dechert.com

RE:   **Plaintiff's Responses to MindGeek Entity Defendants' November 7, 2022 Objections
to Plaintiff's Responses to MindGeek Defendants' First Set of Interrogatories
and November 8, 2022 Objections to Kaplan, Hecker, & Fink Subpoenas**

Dear Kathleen,

I write in response to Defendants MindGeek S.A.R.L., MG Freesites LTD, MindGeek USA Inc., MG Global Entertainment Inc., MG Premium Ltd., and 9219-1568 Quebec, Inc.'s (hereinafter "MindGeek Entity Defendants") November 7, 2022 and November 8, 2022 letters concerning Plaintiff's Responses to the MindGeek Entity Defendants' First set of Interrogatories and Plaintiff's subpoenas to Kaplan, Hecker, & Fink LLP.  We look forward to discussing these matters further with you during our meet and confer today, November 14, 2022.

Despite the Court's order directing the MindGeek Entity Defendants to submit to jurisdictional discovery, Defendants have refused to produce relevant material and responses to Plaintiff's requests.  Instead, Defendants have produced a handful of cherry-picked documents which they claim are relevant and sufficient.  That is not how discovery works.  Moreover, Defendants' claim that that the burden is on Plaintiffs to establish Defendants' obligation to search for documents and communications for MindGeek records other than Pornhub is belied by the Court's order and mandate.  In that Order the Court held that Plaintiffs had sufficiently alleged at the pleading stage that Defendants were acting as alter egos of each other and directed the parties to determine where the money flows within the MindGeek companies and who has operational control over those entities.  (Dkt. 167 at 3.)  Those rulings necessarily require discovery from all the MindGeek entities, not just Pornhub.  The Court already directed the scope of relevant discovery, there is no burden on Plaintiff at this stage to demonstrate entitlement.



Kathleen N. Massey
November 14, 2022
Page 2

**I.    Defendants' November 7, 2022 Letter Concerning Plaintiff's Responses to MindGeek Entities' First Set of Interrogatories**

Plaintiff stands on her responses and objections served on November 2, 2022, and incorporates those responses and objections herein.[1]   As expressed in those responses and objections, Defendants are not entitled to seek merits discovery from Plaintiff while simultaneously refusing to provide responses to Plaintiff's discovery requests.  Defendants are essentially asking for a head start to defend the claims against them without providing Plaintiff the evidence she is entitled to prosecute her claims.  This is not only improper, it is exactly the type of gamesmanship Defendants have engaged in for years to try to discredit the victims of their sex trafficking venture, as detailed in the Amended Complaint.

To date, not a single page of the limited material produced by the Defendants contains any communications by, between, or from any Defendant or agent thereof, let alone any communications by the officers, directors, employees, or any other agents of the MindGeek Entity Defendants concerning child sexual abuse material (CSAM), Plaintiff, her videos, or any policies relating to the handling of CSAM.  Yet, Defendants believe Plaintiff should explain and lay out the entirety of her case for Defendants before they produce any responsive materials.  Plaintiff will provide the information and documents set forth in her responses and objections at such time as the MindGeek Entity Defendants respond to Plaintiff's discovery requests.

Defendants' conditioning of their responses to Plaintiff's Interrogatories and Requests for Production on Plaintiff's provision of information prior to the production of responsive material is likewise improper.  Your November 7, 2022 letter makes clear that you have located responsive material concerning Plaintiff and have failed to produce it, despite Plaintiff's requests and Defendants' discovery obligations.  As repeated throughout your response, Defendants' purported inability "to locate all of the Content Plaintiff alleges was posted to websites operated by the MindGeek Entities, including the video referred to" in Plaintiff's amended complaint is not an excuse for Defendants to refuse to produce the material and information it has located.  "The case law is clear . . . that a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Apple Hill Growers v. El Dorado Orchards, Inc.*, No. 2:17-cv-02085-TLN-CKD, 2022 WL 1506205, at *11 (E.D. CA May 12, 2022)(citations omitted).  Even where "plaintiff is unable to identify the exact documents that would have [the information sought by plaintiff], that does not excuse defendant of its obligation to make a good faith effort to search for and locate responsive documents." *Salinas v. The Cornwell Quality Tools Company, et al.*, No. 19-cv-2275-FLA (SPx), 2021 WL 4913279, at *4 (C.D. Cal. Jan. 22, 2021).  Plaintiff "is entitled to documents in the 'possession, custody or control' of its opposing party." *Newill v. Campbell Transp. Co., Inc.*, No. 2:12-cv-1344, 2013 WL 6002349, at *5 (W.D. PA Nov. 12, 2013). Moreover, placing a burden on Plaintiff to provide with specificity how Defendants might search

---

[1]    As previously stated in Plaintiff's initial Response to Interrogatory No. 1, Plaintiff has "at all times since 2014" resided in the state of California.  To alleviate any of Defendants' confusion, and in direct response to your inquiry, Plaintiff resided in California during the entire 2014 time period.



for documents is also improper because "the burden does not fall on plaintiff to learn whether, how and where defendant keeps relevant documents." *Newill*, 2013 WL 6002349, at *6 (citing *Tarlton v. Cumberland Cnty. Corr. Fac.*, 192 F.R.D. 165, 170 (D. N.J. 2000)).

## II.    Defendants' November 8, 2022 Letter Concerning Plaintiff's Subpoenas Issued to Kaplan Hecker & Fink LLP

Your assertion that Plaintiff is simply not entitled to discovery of the material in possession of Kaplan Hecker & Fink because it is protected under the attorney-client privilege and/or work product doctrine misstates the law regarding this material.

The work product doctrine protects from discovery "all trial preparation materials prepared 'in anticipation of litigation.'" *California Sportfishing Protection Alliance v. Chico Scrap Metal*, Inc., 299 F.R.D. 638, 644 (C.D. Cal. Feb. 18, 2014) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947). As evidenced by their testimony and submissions to the Canadian Ethics Committee, MindGeek retained Kaplan, Hecker, & Fink LLP in April 2020 "to conduct an independent review of our moderation practices and other procedure so we can further prevent unlawful content from being uploaded to MindGeek's platforms and achieve a 'best-in-class' content compliance program." *See* Antoon, Feras and Tassillo, David, MindGeek Letter to The Honorable Members Standing Committee on Access to Information, Privacy and Ethics (Feb. 1, 2021). As such, the review conducted by Kaplan, Hecker, & Fink was not done "in anticipation of litigation," but rather to purportedly enhance its CSAM screening and handling procedures and thus the report and accompanying material is not protected from disclosure. *In re Grand Jury Subpoena (Mark Torf/Torf Environmental management),* 357 F.3d 900 (9th Cir. 2004) (applying a "because of" test in determining whether the work product doctrine applies); *see also United States v. Frederick,* 182 F.3d 496, 501–02 (7th Cir.1999)(declining to apply work product doctrine where lawyer-prepared tax worksheets were created both for preparing a tax return and for use in litigation)).

Furthermore, to the extent the report contains facts underlying or within its analysis, that material is not protected by the work product doctrine. *California Sportfishing Protection Alliance*, 299 F.R.D. at 644 ("[B]ecause the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product.")(citations omitted).

Similarly, because the primary purpose of MindGeek's communications with Kaplan, Hecker, & Fink were for business advice, the communications surrounding the report are not protected by the attorney-client privilege. *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2022). However, even if some of the communications between, and material provided by, the various MindGeek Entities and Individual Defendants to Kaplan, Hecker, & Fink are protected by the attorney-client privilege, that privilege only protects disclosure of communications and does not protect disclosure of the underlying facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Accordingly, even if Plaintiff is not entitled to the Defendants' communications related to the report, she is still entitled to the ultimate report. *See Calendar Research. LLC v.*



Kathleen N. Massey
November 14, 2022
Page 4

*StubHub, Inc.,* No. CV 17-4062 SVW (SSX), 2019 WL 11558873 (C.D. Cal. July 25, 2019) (finding a Plaintiff was not entitled to defendants' communications concerning an audit, but was entitled to the audit report itself).

Finally, Defendants' insistence that Plaintiff is not permitted to seek third-party discovery continues to ring hollow, particularly here where Defendants persist in their claims that Plaintiff must only seek the discovery from Defendants, so that they can in turn refuse to produce the requested material and stymie Plaintiff's discovery efforts. The Federal Rules of Civil Procedure make clear that "[a] nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena." *California Sportfishing*, 299 F.R.D. at 642. Accordingly, Kaplan, Hecker, & Fink must respond to Plaintiff's subpoena and produce the requested documents.

We look forward to our discussion concerning these matters and a rapid resolution to the disputes contained herein.

Sincerely,
**Brown Rudnick LLP**

Michael J. Bowe