# EXHIBIT 2

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698-3599
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.à.r.l., a foreign entity; MG FREESITES, LTD; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>Defendant. | Case No. 2:21-cv-4920-CJC-ADS<br><br>HON. CORMAC J. CARNEY<br><br>**RESPONSES OF DEFENDANTS MINDGEEK S.à.r.l., MG FREESITES LTD, MINDGEEK USA INC., MG GLOBAL ENTERTAINMENT INC., MG PREMIUM LTD, AND 9219-1568 QUEBEC, INC. TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION RELATING TO PERSONAL JURISDICTION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34 of the Local Civil Rules, Defendants MindGeek S.à.r.l., MG Freesites Ltd, MindGeek USA Inc., MG Global Entertainment Inc., MG Premium Ltd, and 9219-1568 Quebec, Inc. ("Defendants"), by their counsel Dechert LLP, hereby respond to the First Set of Requests for Production (the "Requests," and each request individually, a "Request") served by Plaintiff, Serena Fleites ("Plaintiff").

## GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants assert the following General Objections and Objections to Definitions and Instructions.  Each response to a Request is subject to, and is limited in accordance with, the following General Objections and Objections to Definitions and Instructions, which are incorporated therein as if fully set forth and are not waived or in any way limited by the Specific Responses and Objections set forth below.

1.      Defendants object to the Requests, including the Definitions and Instructions, to the extent that they purport to impose obligations on Defendants that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the Federal and Local Rules of Civil Procedure (the "Applicable Rules").  Defendants will respond to Requests for Production in accordance with the Applicable Rules.

2.      Defendants object to the Requests, including the Definitions and Instructions, to the extent that they seek discovery about topics unrelated to personal jurisdiction as discussed in the Court's July 29, 2022 Order [Dkt. 167].

3.      Defendants object to producing or providing information, documents, or any other discovery that is protected from disclosure by the attorney-client privilege, the work product doctrine, joint-defense privilege, the self-investigative privilege, or any other legally-recognized privilege, immunity, or exemption (collectively, "Privileged Information").  Privileged

Information will not be knowingly disclosed. Any disclosure of Privileged Information in response to any Request is inadvertent and not intended to waive any privileges or protections. Defendants reserve the right to demand that Plaintiff return or destroy any Privileged Information inadvertently produced, including all copies and summaries thereof. Defendants will withhold or redact Privileged Information from its productions in response to the Requests and produce an appropriate privilege log in accordance with the Applicable Rules and the provisions of any protocol agreed to by the parties or entered by the Court in this matter.

4.     Defendants object to the Requests, including the Definitions and Instructions, to the extent that they are overbroad or unduly burdensome, or call for the production of information or material not relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd, and not proportional to the needs of the case because they are not limited to events or issues related to Plaintiff's claims, including but not limited to the extent they seek discovery regarding websites other than those on which Plaintiff alleges content depicting her was uploaded, Pornhub.com ("Pornhub").

5.     Defendants object to the Requests, including the Definitions and Instructions, to the extent that they purport to require production of information or documents that are public; already in Plaintiff's possession, custody, or control; or otherwise available from sources other than Defendants to which Plaintiff has access, on the grounds that such Requests are overbroad and unduly burdensome, and an attempt to place the burden and cost of supplying information equally available to both Parties solely on Defendants.

6.     Defendants object to Plaintiff's definition of "You" and "Your" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information from entities other than Defendant, including all "current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and

operating units . . . partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all other persons or entities acting or purporting to act on their behalf."   Defendants will produce information and/or documents in the possession, custody or control of Defendants.

7.      Defendants object to Plaintiff's definition of "Defendant" and "Defendants" to the extent that it includes not only the named Defendants being sued in this action but also "each of their current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, each of their current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on their behalf."  Defendants will respond as though "Defendants" includes only Mindgeek Freesites Ltd, Mindgeek USA Incorporated, MG Premium Ltd, MG Global Entertainment, and 9219-1568 Quebec Inc. and, where the singular "Defendant" is used, will indicate the specific Defendant referred to.

8.      Defendants object to Plaintiff's definition of "MindGeek," "MindGeek Entity," and "MindGeek Related Entities" as ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case or to the issue of the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd.  Defendants object to the phrase "any direct, indirect, or beneficial ownership interest or relationship" as being vague and ambiguous.  Defendants also object to Plaintiff's definition of "MindGeek Entity" and "MindGeek Related Entities" to the extent that it includes any entity's "current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the entities' behalf."  This definition renders virtually all of Plaintiff's Requests unduly

burdensome.  Plaintiff seeks expansive financial and organizational information about "hundreds" of entities, including virtually every third-party financial transaction in which they have engaged, spanning almost a decade, even though the vast majority of the entities included in Plaintiff's definition have nothing to do with any claim or defense in this action, let alone the Court' personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the viability of Plaintiff's alter ego arguments.  In Defendants' responses to each Request, they will identify each specific entity to which the response relates.

9.      Defendants object to Plaintiff's definition of "MindGeek Tubesites" as ambiguous, overbroad and unduly burdensome and calling for the production of information or material not relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd and not proportional to the needs of the case.  The "over 100 pornographic websites and brands owned by the MindGeek Entities" is ambiguous to the extent that it incorporates the ambiguous term "MindGeek Entities," to the extent that it suggests that the purported "MindGeek Entities" all collectively "own" or "operate" tubesites, and to the extent that it suggests that any given tubesite is both owned and operated by a single entity.  Plaintiff's definition of "MindGeek Tubesites" is also beyond the scope of permissible discovery and unduly burdensome because it includes tubesites that have nothing to do with any claim or defense in this action, let alone the Court's personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. and the viability of Plaintiff's alter ego arguments.  Plaintiff does not allege that her videos appeared on "over 100 pornographic websites and brands owned by" Defendant or any combination of Defendants.  Defendants will respond to these Requests as if the term "MindGeek Tubesites" means Pornhub—the only tubesite on which Plaintiff explicitly alleges her video appeared.

10.      Defendants object to Plaintiff's definition of "Employee" as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's

personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. and not proportional to the needs of the case to the extent it includes "current or former partners, directors, shareholders, . . ., officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the employer's behalf." Defendants further object to Plaintiff's definition of "Employee" as vague and ambiguous to the extent it is defined as "employee." Defendants further object to the extent this definition purports to call for the production of materials which are not in Defendant's possession, custody, or control.

11.    Defendants object to Plaintiff's definition of "Parent" as ambiguous and as calling for a legal conclusion. Defendants further object to the extent this definition purports to call for the production of materials which are not in Defendants' possession, custody, or control. Subject to and without waiving these objections, Defendants' responses to each Request will identify the specific entities to which their response relates.

12.    Defendants object to Plaintiff's definition of "Affiliate" and "Affiliates" as ambiguous to the extent it includes "sister corporations" or "sister limited liability companies," as such terms are undefined. Defendants also object to Plaintiff's definition of "Affiliate" and "Affiliates" as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd and not proportional to the needs of the case, to the extent it includes "any other form of business entity with an overlap of ownership, board of directors, managers, or executives." Plaintiff is not entitled to discover information about every entity that has ever shared a single stockholder, director, manager, or executive with a Defendant—let alone every entity that has shared a stockholder, director, manager, or executive with any purported "MindGeek Entity" or "MindGeek Related Entity." Subject to and without waiving these

objections, Defendants' responses to each Interrogatory will identify the specific entities to which their response relates.

13.    Defendants object to Plaintiff's definition of "Related Party Entities" as ambiguous to the extent it incorporates the ambiguous term "MindGeek," to which Defendants have objected above.  Defendants further object to Plaintiff's definition of "Related Party Entities" as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd and not proportional to the needs of the case.  In Defendants' responses to each Request, they will identify each specific entity to which the response relates.

14.    Defendants object to Plaintiff's definition of "the Relevant Time Period" as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd and not proportional to the needs of the case.  Although Plaintiff does not specify when her videos allegedly first appeared on Pornhub, on information and belief they could not have appeared on Pornhub before June 2014.  Accordingly, any conduct by Defendants on which personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd might be based, or upon which any alter ego may apply, must have occurred on or after June 2014.  Subject to and without waiving any objections, and unless otherwise noted, Defendants will respond to these Requests as if the term "the Relevant Time Period" refers to June 1, 2014, through June 17, 2021.

15.    Defendants object to Plaintiff's Requests, including the Definitions and Instructions, to the extent they require Defendants to produce Documents that are not in Defendants' possession, custody, or control, including Documents in the possession of Defendants' "agents, advisors, attorneys, contractors, representatives, partners, representatives, and anyone else acting on [Defendants'] behalf or otherwise subject to your control."

16.     Defendants object to Plaintiff's Requests, including the Definitions and Instructions, to the extent they require Defendants to identify or describe Documents that have been lost, deleted, discarded, or destroyed.

17.     Defendants object to Plaintiff's Requests, including the Definitions and Instructions, to the extent they require Defendants to produce, organize, or label Documents to correspond to individual Requests.

18.     Defendants object to Plaintiff's Requests, including the Definitions and Instructions, to the extent they purport to dictate how and in what format Defendants must produce ESI.  Defendants will produce ESI in the manner provided in an ESI Protocol to be mutually negotiated by the Parties.

19.     Defendants object to Plaintiff's Requests, including the Definitions and Instructions, to the extent they purport to dictate how and in what format Defendants must produce a privilege log.  Defendants will produce a privilege log in the manner provided in an ESI Protocol to be mutually negotiated by the Parties.

## **RESPONSES TO REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 1**

All documents and communications concerning Serena Fleites.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Defendants object to this Request on the grounds it is not proportional to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. and the viability of Plaintiff's alter ego arguments.   Defendants object to this Request to the extent it assumes that "communications" are "jurisdictional contacts" or are relevant to the question of whether the Court has personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l.

Subject to and without waiving any and all objections, neither MG Premium Ltd or

MindGeek S.à.r.l. have any documents constituting communications with Plaintiff Serena Fleites.

**REQUEST FOR PRODUCTION NO. 2**

All documents describing, depicting, explaining, or relating to the past or present corporate and ownership organization and structure of MindGeek, the identity of all affiliated or related party entities, corporations, limited partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Defendants object to producing documents identifying all managers, lenders, secured parties, executives, outside law firms or accountants as unrelated to the issue of personal jurisdiction. Defendants also object on the grounds that the phrase "beneficial ownership or other interests" is vague and ambiguous.

Subject to and without waiving any and all objections, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce corporate organizational charts and documents sufficient to describe the transactions pursuant to which equity ownership interests in each Defendant were acquired and disposed of during the relevant time period. By way of further response, Defendants refer Plaintiff to and incorporate herein their response to Interrogatory Nos. 1, 2, and 5.

**REQUEST FOR PRODUCTION NO. 3**

All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by Bernd Bergmair, Feras Antoon, David Tassillo, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, or Shaileshkumar P. Jain (a/k/a "Sam" Jain) or individuals or entities introduced or represented by such persons or entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

1    not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

2    the needs of the case, particularly to the needs of addressing the Court's exercise of personal

3    jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the viability of Plaintiff's alter ego

4    arguments.  Nor is it limited to the individuals and entities who are parties to this lawsuit.

5    Defendants also object on the grounds that phrases "beneficial ownership or other interests" is

6    vague and ambiguous.

7            Subject to and without waiving any and all objections, after entry of an appropriate

8    confidentiality order and ESI protocol, Defendants will produce documents sufficient to describe

9    the transactions pursuant to which equity ownership interests in each Defendant were acquired

10   and disposed of during the relevant time period.

11   **REQUEST FOR PRODUCTION NO. 4**

12           All documents related to any past or present, direct, indirect or beneficial ownership,
     licensing, or secured or other economic interest of, or in, any intellectual property owned or
13   licensed, directly or indirectly by MindGeek.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15           Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

16   not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

17   the needs of the case, particularly to the needs of addressing the Court's exercise of personal

18   jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

19   viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this

20   lawsuit or intellectual property related to either Pornhub or the claims at issue in this litigation.

21           Subject to and without waiving any and all objections, after entry of an appropriate

22   confidentiality order and ESI protocol, Defendants will produce documents sufficient to identify

23   who owns the domain name and trademark for Pornhub, and any licensing agreements related to

24   that intellectual property.

25   **REQUEST FOR PRODUCTION NO. 5**

26           All documents describing, depicting, explaining, or relating to MindGeek's past or present
     internal organizational structure, offices, departments, executives, and personnel.
27
     **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**
28

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit.  Defendants also object on the grounds that phrase "internal organizational structure" is vague and ambiguous.  Defendants further object that this Request is overly broad and unduly burdensome to that extent it seeks "all documents . . . relating to . . . personnel."  Defendants further object to this Request as overly broad and unduly burdensome to the extent it asks Defendants to produce documents identifying the employees of all MindGeek entities for a seven-year period.

Subject to and without waiving any and all objections, Defendants will produce written service agreements between the entities identified in Response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 6**

All documents identifying all MindGeek or outside personnel or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit.  The names of the individual employees who performed the functions and the vendors retained to support the functions described in this Request are unrelated to the issue of personal jurisdiction.  Defendants also object on the grounds that term "outside personnel" is vague and ambiguous.  Defendants further object to the extent this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Nor is it

1    appropriately limited to functions at issue in this litigation. Defendants further object to this

2    Request as overly broad and unduly burdensome to the extent it asks Defendants to produce

3    documents identifying the employees of all MindGeek entities for a seven-year period.

4    **REQUEST FOR PRODUCTION NO. 7**

5         All documents relating to MindGeek's past or present jurisdictional contacts with the
     United States or California, including but not limited to, offices, residences, and real estate
6    located in California or any jurisdiction in the United States; personnel or vendors employed,
     retained, paid, or located in, or otherwise providing services in California or any jurisdiction in
7    the United States; political activities in California or any jurisdiction in the United States,
     including through direct or indirect participation in, or financial support for, lobbying, trade or
8    industry, or activist organizations; trips to California or any jurisdiction in the United States;
     servers; revenues, profits, expenses, taxes earned or paid in or from California or any jurisdiction
9    in the United States; and communications or business relationships with, to, from, or in California
10   or any jurisdiction in the United States.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

12        Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

13   not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

14   the needs of the case, particularly to the needs of addressing the Court's exercise of personal

15   jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the Court's assessment of the

16   viability of Plaintiff's alter ego arguments.   Nor is it limited to the individuals or entities who are

17   parties to this lawsuit.  Defendants also object on the grounds that phrase "jurisdictional contacts"

18   is vague and ambiguous and calls for legal conclusions.  The term "communications or business

19   relationships with, to, or in California or any jurisdiction in the United States" is also vague and

20   ambiguous.  Defendants object to this Request to the extent it assumes that any of the contacts

21   identified in the Request are "jurisdictional contacts" or that the actions or "contacts" of any of

22   MG Premium Ltd's owners, executives, or employees or MindGeek S.à.r.l.'s owners or

23   executives are relevant to the question of whether the Court has personal jurisdiction over MG

24   Premium Ltd and MindGeek S.à.r.l.  Defendants specifically object to the request for information

25   regarding vendors, unspecified communications, and unspecified business relationships that have

26   no connection to the allegations in this case.  Defendants further object that "contacts" generally

27   in or with the United States are not relevant to whether personal jurisdiction exists in California.

28        Subject to and without waiving any objections, Defendants refer to and incorporate herein

their response to Interrogatory No. 4.  By way of further response, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce the lease for the office space in Woodland Hills, CA that is the principal executive offices for Defendants MindGeek USA Incorporated and MG Global Entertainment Inc., f/k/a/ Playboy Plus Entertainment Inc. and U.S. and California tax returns, if any, for those Defendants that were required to file them.

**REQUEST FOR PRODUCTION NO. 8**

All documents reflecting annual revenues, profits and losses, and expenses for each MindGeek Related Entity or Tubesite or the entity that owns or controls that platform or website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit.  Defendants further object to the extent this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded, or to MG Freesites Ltd, the entity that operates Pornhub.

Subject to and without waiving any and all objections, Defendants state that the domain name and trademark for Pornhub are owned by Licensing IP International S.à.r.l., and the domain name Pornhub.com is owned by Cartwright II S.à.r.l. for the benefit of Licensing IP International S.à.r.l.  Those two entities license the relevant intellectual property to MG Freesites Ltd. in exchange for royalty payments generated from MG Freesites Ltd's operation of Pornhub.  After entry of an appropriate confidentiality order and ESI protocol, Defendants will produce documents from which information can be determined regarding the financial performance of Pornhub and MG Freesites Ltd and how MG Freesites Ltd's profits are distributed.

**REQUEST FOR PRODUCTION NO. 9**

All documents concerning, reflecting, describing, relating to, or comprising presentations to or from, proposed transactions from, or data and information provided or made available to, actual or potential investors, lenders, secured parties, licensees, purchasers or others concerning MindGeek or any MindGeek Related Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit.  Defendants also object on the grounds that the term "or others" is vague and ambiguous. As written this Request also is overly broad and unduly burdensome to the extent it seeks all documents reflecting "information provided or made available to . . . others."

Subject to and without waiving any and all objections, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce annual presentations made about the financial performance of each Defendant in connection with the meetings of directors or their legal equivalent for each Defendant.

**REQUEST FOR PRODUCTION NO. 10**

All transaction documents, term sheets, and communications concerning any actual or proposed transactions involving the ownership of, loans to, secured interest in, or intellectual property or other rights related to, MindGeek.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the Court's assessment of the viability of Plaintiff's alter ego arguments.   Nor is it limited to the entities who are parties to this lawsuit.  Defendants also object on the grounds that the term "other rights" is vague and ambiguous.

Subject to and without waiving any and all objections, after entry of an appropriate protective order and ESI protocol, Defendants will produce documents sufficient to describe the transactions pursuant to which equity ownership interests in each Defendant were acquired and disposed of during the relevant time period.

**REQUEST FOR PRODUCTION NO. 11**

For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the individuals or entities who are parties to this lawsuit.  Defendants object to the phrase "records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity" as vague and ambiguous.  Defendants object to the production of financial ledgers, lists of investors or managers, lender agreements, payroll and expense records, and sources of payments as unrelated to any claim in this case or to personal jurisdiction.

Subject to and without waiving any and all objections, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce for themselves and the entities identified in response to Plaintiff's Interrogatory No. 1 the records required to be maintained by the laws of their individual states or countries of organization, annual financial statements, income tax returns, and documents sufficient to identify dividends paid and other distributions made to equity holders.

**REQUEST FOR PRODUCTION NO. 12**

For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Defendants object to the term "work papers" as vague and ambiguous. Defendants object to the production of quarterly tax filings, audits, statutory reporting and any work product or reports prepared by outside accountants.

Subject to and without waiving any and all objections, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce for themselves and each of the entities identified in response to Plaintiff's Interrogatory No. 1 annual financial records and income tax returns.

**REQUEST FOR PRODUCTION NO. 13**

For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all monthly, quarterly, and annual bank and investment statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 14**

All documents related to any corporate reorganization by MindGeek and the business purpose of that reorganization.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit.

Subject to and without waiving any and all objections, after entry of an appropriate protective order and ESI protocol, Defendants will produce documents sufficient to describe the transactions pursuant to which equity ownership interests in each Defendant were acquired and disposed of during the relevant time period.

**REQUEST FOR PRODUCTION NO. 15**

All documents identifying the "various subsidiaries comprising the business of MindGeek" as described in the Andreou Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Subject to and without waiving any and all objections, Defendants will produce corporate organizational charts which identify the MindGeek subsidiary companies addressed in the Andreou Declaration and identified in response to Plaintiff's Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 16**

All documents identifying the directors, managers, members, executives, and personnel of the "various subsidiaries comprising the business of MindGeek" as described in the Andreou Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the individuals or entities who are parties to this lawsuit.  Defendants also object to this Request as duplicative of Request No. 2. Defendants further object to this Request as overly broad and unduly burdensome to the extent it asks Defendants to identify the employees of all MindGeek entities for a seven-year period.

Subject to and without waiving any and all objections, Defendants refer Plaintiff and incorporate herein their Response to Interrogatory No. 5 identifying the officers and directors of Defendants and the other entities identified in response to Plaintiff's Interrogatory No. 1 during

1  the relevant time period.

2  **REQUEST FOR PRODUCTION NO. 17**

3       All documents identifying the companies "organized and existing under the laws of
multiple jurisdictions where [MindGeek] has assets, operates businesses, or provides services"
4  and the nature of the assets, businesses, or services being referred to in Paragraph 7 of the
Andreou Declaration.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

6       Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

7  not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

8  the needs of the case, particularly to the needs of addressing the Court's exercise of personal

9  jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

10  viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this

11  lawsuit.  Defendants further object to this Request on the grounds that it is overly broad and

12  unduly burdensome to the extent it seeks the production of all documents identifying the "assets,

13  businesses, or services" of all MindGeek entities, including those unrelated to MG Premium Ltd,

14  MindGeek S.à.r.l., or Pornhub.

15       Subject to and without waiving any and all objections, after entry of an appropriate

16  confidentiality order and ESI protocol, Defendants will produce corporate organizational charts

17  which identify the MindGeek subsidiary companies addressed in the Andreou Declaration and

18  identified in response to Plaintiff's Interrogatory No. 1.

19  **REQUEST FOR PRODUCTION NO. 18**

20       All documents identifying the entities providing services to MG Freesites LTD described
21  in Paragraph 8 of the May 23, 2022 Andreou Declaration.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

23       Subject to and without waiving any and all objections, after entry of an appropriate

24  confidentiality order and ESI protocol, Defendants will produce the relevant service agreements

25  between Defendants and MG Freesites Ltd for the relevant period.

26  **REQUEST FOR PRODUCTION NO. 19**

27       All documents identifying the bank accounts, services, payments, written agreements,
third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and
28  tax determinations described in paragraph 9 of the Andreou Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit.

Subject to and without waiving any and all objections, Defendants will produce written service agreements between Defendants and the other entities identified in Response to Interrogatory No. 1. By way of further response, Defendants are willing to meet and confer with Plaintiff about producing other responsive information.

**REQUEST FOR PRODUCTION NO. 20**

All audited financial statements referred to in Paragraph 10 of the Andreou Declaration and all related communications with auditors regarding the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Defendants object to producing communications with auditors as overly broad and unduly burdensome.

Subject to and without waiving any and all objections, MindGeek S.à.r.l., MG Freesites Ltd, and MG Premium Ltd state they have audited financial statements and Defendants will produce those after entry of an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 21**

All documents identifying the "distinct legal entities" referred to in paragraph 11 of the Andreou Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Subject to and without waiving any and all objections, after entry of an appropriate confidentiality agreement and ESI protocol, Defendants will produce corporate organizational charts that identify the entities referred to in response to Plaintiff's Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 22**

All documents related to the "support services" MG Global Entertainment has provided as described in paragraph 29 Andreou Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit.

Subject to and without waiving any and all objections, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce service agreements between MG Global Entertainment and the entities identified in response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 23**

All documents related to the services provided by 9219-1568 Quebec Inc. as described in paragraph 32 of the Andreou Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit.

Subject to and without waiving any and all objections, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce service agreements between 9219-1568 Quebec Inc. and the entities identified in response to Interrogatory No. 1.

1

**REQUEST FOR PRODUCTION NO. 24**

2

3

4

All documents relating to MindGeek related payments, investments, or loans to, in, or for any personal affairs, expenses, entities, businesses, real estate, or investments related to Feras Antoon, David Tassillo, Bernd Bergmair, Corey Urman, or any of their family members or entities in which either or a family member holds a direct or indirect interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

5

6

7

8

9

10

11

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit.

12

13

14

Subject to and without waiving any and all objections, Defendants will produce documents sufficient to identify any related party transactions and employment compensation to Messrs. Antoon, Tassillo and Urman.

15

16

17

**REQUEST FOR PRODUCTION NO. 25**

All documents related to the purported resignation of Feras Antoon and David Tassillo as CEO and COO of MindGeek respectively, including, but not limited to, any documents related to any investigation, allegations, or reports of their using Mindgeek assets and monies for their personal affairs, investments, or businesses.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

19

20

21

22

23

24

25

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Defendants further object to this Request on the grounds that it seeks material created after the end of the Relevant Period. Nor is the Request limited to the entities who are parties to this lawsuit.

26

27

28

**REQUEST FOR PRODUCTION NO. 26**

All documents depicting, describing, or explaining MindGeek's IT infrastructure and networks, data storage, server and data centers and providers of the same, internal and external communications systems including ICQ, and ISP and Cloud storage services and providers, including the locations and identities of any outside vendors associated with the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Defendants object to the request for documents describing every aspect of Defendants information technology systems as overly broad and unduly burdensome because Defendants' "IT infrastructure" is either not related to Plaintiff's claims or so attenuated from Plaintiff's claims as to render discovery about them disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 27**

All contact lists maintained by Feras Antoon, David Tassillo, Corey Urman, and Bernd Bergmair as well as documents sufficient to show all cell and other phone numbers and messaging services used by each individual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Defendants further object that this Request seeks information more appropriately sought from other parties.

**REQUEST FOR PRODUCTION NO. 28**

All documents identifying, depicting, explaining, or describing any programs or technology MindGeek acquired, employed, used, or considered to moderate, monitor, format, optimize, filter, review, screen, or remove content on its websites, including the dates such technology was acquired, employed, or considered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. The programs and technologies used by Defendants regarding CSAM, while relevant to the underlying claims in this case, are unrelated to any question of whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in this case or to the viability of Plaintiff's alter ego arguments.

**REQUEST FOR PRODUCTION NO. 29**

All documents related to MindGeek's policies, manuals, practices, processes, and rules for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on its platforms and websites, including all prohibited words, phrases, categories, and "genres" and all processes and reports concerning search engine optimization of such content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Defendants also object that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Further, this Request is not proportionate to the claims made in this case which are limited to allegations concerning the uploading and moderation of CSAM. The policies, practices and procedures used by Defendants regarding CSAM, while relevant to the underlying claims in this case, are unrelated to any question of whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in this case or to the viability of Plaintiff's alter ego arguments.

**REQUEST FOR PRODUCTION NO. 30**

All documents describing MindGeek's policies and procedures for preserving hard copy and electronic documents and content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

1   not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

2   the needs of the case, particularly to the needs of addressing the Court's exercise of personal

3   jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

4   viability of Plaintiff's alter ego arguments.  Defendants further object to the extent this Request

5   seeks information protected by the attorney-client privilege or work product doctrine.

6          Subject to and without waiving any and all objections, Defendants have taken appropriate

7   steps to retain and preserve potentially relevant material to the extent required for litigation

8   purposes.

9   **REQUEST FOR PRODUCTION NO. 31**

10          All documents reflecting rosters, schedules, training materials, performance reviews and
    metrics for personnel or outside contractors or vendors involved in moderating, formatting,
11   optimization, filtering, screening, or removing content from MindGeek's platforms and websites.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

13          Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

14   not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

15   the needs of the case, particularly to the needs of addressing the Court's exercise of personal

16   jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

17   viability of Plaintiff's alter ego arguments.  Defendants also object that this Request is not limited

18   to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

19   Defendants further object to this Request as overly broad, unduly burdensome, and not

20   proportionate to the needs of the case to the extent it seeks "performance reviews and metrics for

21   personnel or outside contractors or vendors" for individuals who did not perform any work

22   related to content depicting Plaintiff.  Defendants also object to the term "metrics" as vague and

23   ambiguous.  The training materials used by Defendants regarding moderation and review of

24   content on Pornhub, while relevant to the underlying claims in this case, are unrelated to any

25   question of whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in

26   this case or to the viability of Plaintiff's alter ego arguments.

27  **REQUEST FOR PRODUCTION NO. 32**

28          All documents identifying all content categories, "genres," or similar descriptors
    MindGeek has included, recommended, or offered to users of its platforms and websites.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

2          Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

3   not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

4   the needs of the case, particularly to the needs of addressing the Court's exercise of personal

5   jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

6   viability of Plaintiff's alter ego arguments.  Defendants further object on the grounds that the

7   terms "'genres' or similar descriptors" is vague and ambiguous.  Defendants also object that this

8   Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting

9   her was uploaded.   The categories of content available on Pornhub are unrelated to any question

10  of whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in this case

11  or to the viability of Plaintiff's alter ego arguments.

12  **REQUEST FOR PRODUCTION NO. 33**

13
    All documents consisting of, or reflecting, reports, communications, data, or actions
    related to content reviewed or screened by any technology, programs, or internal or external
14  personnel concerning actual or suspected CSAM, nonconsensual, prohibited, or illegal content.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

16         Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

17  not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

18  the needs of the case, particularly to the needs of addressing the Court's exercise of personal

19  jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

20  viability of Plaintiff's alter ego arguments.  Defendants also object that this Request is not limited

21  to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

22  Further, Defendants object to the extent this Request is not limited to documents related to

23  suspected CSAM.  Defendants also object on the grounds that the terms "actions" and "outside

24  personnel" are vague and ambiguous.  Further, Defendants object to this Request as overly broad

25  and unduly burdensome to the extent it seeks documents concerning any content other than

26  content depicting Plaintiff.  Documents related to the review and moderation of content depicting

27  Plaintiff, while relevant to the underlying claims in this case, are unrelated to any question of

28  whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in this case or

MINDGEEK CORPORATE DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

1  to the viability of Plaintiff's alter ego arguments.

2  **REQUEST FOR PRODUCTION NO. 34**

3       All documents concerning complaints, reports, communications, and requests concerning
CSAM, non-consensual, prohibited, or illegal content on any MindGeek platform or website,
4  including all documents and communications with or concerning any associated investigation,
actions, and internal and external communications concerning the same.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

6
7       Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

8  not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

9  the needs of the case, particularly to the needs of addressing the Court's exercise of personal

10  jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

11  viability of Plaintiff's alter ego arguments.  Defendants also object that this Request is not limited

12  to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

13  Further, Defendants object to the extent this Request is not limited to documents related to

14  suspected CSAM.  Defendants also object to this Request as overly broad and unduly burdensome

15  to the extent it seeks documents concerning any content other than content depicting Plaintiff.

16  Documents related to reports and investigations of content depicting Plaintiff, while relevant to

17  the underlying claims in this case, are unrelated to any question of whether personal jurisdiction

18  exists over MG Premium Ltd and MindGeek S.à.r.l. in this case or to the viability of Plaintiff's

19  alter ego arguments.

20       Subject to and without waiving any and all objections, after entry of an appropriate

21  confidentiality order and ESI protocol, and subject to Plaintiff's provision of information

22  sufficient to identify her communications, Defendants will produce documents reflecting

23  communications between Plaintiff and any Defendant.

24  **REQUEST FOR PRODUCTION NO. 35**

25       All documents reflecting processes, standards, and technologies that MindGeek employed
to prevent the presence of child pornography, CSAM, non-consensual, prohibited, or illegal
26  content on its platforms or websites; the dates on which such processes, standards, and
technologies were employed; and the people most knowledgeable about each.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

28       Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

1    not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

2    the needs of the case, particularly to the needs of addressing the Court's exercise of personal

3    jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

4    viability of Plaintiff's alter ego arguments.  Defendants also object that this Request is not limited

5    to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

6    Further, Defendants object to the extent this Request is not limited to documents related to

7    suspected CSAM.  Documents related to the processes, procedures and standards related to

8    suspected CSAM on Pornhub, while relevant to the underlying claims in this case, are unrelated

9    to any question of whether personal jurisdiction exists over MG Premium Ltd and MindGeek

10    S.à.r.l. in this case or to the viability of Plaintiff's alter ego arguments.

11    **REQUEST FOR PRODUCTION NO. 36**

12    All documents reflecting policies, practices, rules, guidelines, programs, or plans
concerning the moderation, monitoring, review, formatting, analysis or search and social media
13    use and optimization of content on MindGeek platforms and websites, including, but not limited
to, with respect to content uploaded with associated languages other than English.
14
    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**
15
16    Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

17    not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

18    the needs of the case, particularly to the needs of addressing the Court's exercise of personal

19    jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

20    viability of Plaintiff's alter ego arguments.  Defendants also object that this Request is not limited

21    to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

22    Further, Defendants object to the extent this Request is not limited to documents related to

23    suspected CSAM.  Defendants also object to the extent this Request seeks documents related to

24    "content uploaded with associated languages other than English," as overly broad because

25    Plaintiff does not allege her content was uploaded with "associated languages."  Documents

26    related to the policies and procedures for review and moderation of content on Pornhub, while

27    relevant to the underlying claims in this case, are unrelated to any question of whether personal

28    jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in this case or to the viability of

1    Plaintiff's alter ego arguments.

2    **REQUEST FOR PRODUCTION NO. 37**

3       All documents concerning MindGeek's policies, practices, and compliance related to 18

4    U.S.C. § 2257.

   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

5

6       Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

7    not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

8    the needs of the case, particularly to the needs of addressing the Court's exercise of personal

9    jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

10   viability of Plaintiff's alter ego arguments.  Defendants also object that this Request is not limited

11   to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

12   Documents related to the policies and procedures for studios to verify the ages of performers are

13   not relevant to the underlying claims in this case, or to any question of whether personal

14   jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in this case or to the viability of

15   Plaintiff's alter ego arguments.

   **REQUEST FOR PRODUCTION NO. 38**

16       All materials and information provided to Kaplan, Hecker, & Fink in connection with its

17   review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

19       Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

20   not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

21   the needs of the case, particularly to the needs of addressing the Court's exercise of personal

22   jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

23   viability of Plaintiff's alter ego arguments.  Defendants further object to the extent this Request

24   seeks information protected by the attorney-client privilege or work product doctrine.

25   **REQUEST FOR PRODUCTION NO. 39**

26       The report and recommendations provided to MindGeek by Kaplan, Hecker & Fink.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

28       Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

1    not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

2    the needs of the case, particularly to the needs of addressing the Court's exercise of personal

3    jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

4    viability of Plaintiff's alter ego arguments.  Defendants further object to the extent this Request

5    seeks information protected by the attorney-client privilege or work product doctrine.

6    **REQUEST FOR PRODUCTION NO. 40**

7    Any internal or external expert or consultant reports provided to MindGeek concerning its
      technology, processes, policies, and practices concerning CSAM, nonconsensual, prohibited, or
8    illegal content.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

10    Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

11    not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

12    the needs of the case, particularly to the needs of addressing the Court's exercise of personal

13    jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

14    viability of Plaintiff's alter ego arguments.  Defendants also object that this Request is not limited

15    to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

16    Further, Defendants object to the extent this Request is not limited to documents related to

17    suspected CSAM.  Defendants further object to the extent this Request seeks information

18    protected by the attorney-client privilege or work product doctrine.  To the extent non-privileged

19    reports concerning Defendants' policies and procedures related to suspected CSAM on Pornhub

20    exist and may be relevant to the underlying claims in this case, they are unrelated to any question

21    of whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in this case

22    or to the viability of Plaintiff's alter ego arguments.

23    **REQUEST FOR PRODUCTION NO. 41**

24    All documents related to the implementation of the recommendations provided to
      MindGeek by Kaplan, Hecker & Fink or any internal or external expert or consultant concerning
25    CSAM, nonconsensual, prohibited, or illegal content.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

27    Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

28    not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

the needs of the case, particularly to the needs of addressing the Court's exercise of personal

jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

viability of Plaintiff's alter ego arguments.  Defendants also object that this Request is not limited

to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

Further, Defendants object to the extent this Request is not limited to documents related to

suspected CSAM.  Defendants further object to the extent this Request seeks information

protected by the attorney-client privilege or work product doctrine.  To the extent non-privileged

documents concerning Defendants' policies and procedures related to suspected CSAM on

Pornhub exist and may be relevant to the underlying claims in this case, they are unrelated to any

question of whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. in

this case or to the viability of Plaintiff's alter ego arguments.

**REQUEST FOR PRODUCTION NO. 42**

The list of content MindGeek provided to NCMEC as reported in the June 20, 2022 New Yorker magazine, and the associated dates of upload; URL's; IP addresses; uploader identifiers; associates tags, descriptions, titles, comments, and categories; engagement and other monitoring metrics; and data and information concerning any review, moderation, screening, modification, tracking, complaints, deletion, or revenue generation associated with such content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

the needs of the case, particularly to the needs of addressing the Court's exercise of personal

jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

viability of Plaintiff's alter ego arguments.  Defendants further object on the grounds that the term

"engagement and other monitoring metrics" in vague and ambiguous.  Defendants also object to

this Request as overly broad and unduly burdensome to the extent it seeks documents concerning

any content other than content depicting Plaintiff.

**REQUEST FOR PRODUCTION NO. 43**

All documents concerning any internal or external review of MindGeek content for CSAM, non-consensual, prohibited, or illegal content, including, but not limited to, the review undertaken beginning in or about the end of 2020 and the beginning of 2021 and the review that led to the report to NCMEC that was described in the June 20, 2022 New Yorker magazine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Defendants also object that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Further, Defendants object to the extent this Request is not limited to documents related to suspected CSAM. Defendants also object to this Request as overly broad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff.

**REQUEST FOR PRODUCTION NO. 44**

All documents related to the purchase, upload, or distribution of content to any MindGeek platform or MindGeek Tubesite, any MindGeek Related Entity, or any person or entity working for MindGeek or a MindGeek related entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Defendants also object that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Further, Defendants object to the extent this Request is not limited to documents related to suspected CSAM. Defendants further object on the grounds that as written this Request seeks every document related to every piece of content on every platform owned or operated by any MindGeek affiliated entity. Defendants object to this Request as overly broad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff.

**REQUEST FOR PRODUCTION NO. 45**

All documents reflecting agreements or relationships with any banks, credit card networks, payment processors, or similar entities concerning the processing of payments for

products, services, advertising, or otherwise through MindGeek's platforms or websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Defendants also object that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.

**REQUEST FOR PRODUCTION NO. 46**

All documents concerning communications with the media, news organizations, journalists, legislators, law enforcement, regulators, quasi-governmental agencies, media relations companies, the Free Speech Coalition, 5wPR, or on social media platforms either directly, through aliases, or through agents, surrogates, or other social media participants concerning CSAM, non-consensual, prohibited, or illegal content on MindGeek's platforms or websites or internal or external news, media or other reports, allegations, or complaints regarding the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Defendants also object that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Further, Defendants object to the extent this Request is not limited to documents related to suspected CSAM.

**REQUEST FOR PRODUCTION NO. 47**

All documents sufficient to show all copyright DCMA take down notices MindGeek has issued.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Defendants object to this Request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

1   the needs of the case, particularly to the needs of addressing the Court's exercise of personal

2   jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

3   viability of Plaintiff's alter ego arguments. Further, Plaintiff makes no allegations regarding

4   copyright infringement.

5   **REQUEST FOR PRODUCTION NO. 48**

6        All documents reflecting DCMA take down notices MindGeek has received and the
responses it made to each.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

8

9        Defendants object to this Request on the grounds it is overly broad, unduly burdensome,

10  not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

11  the needs of the case, particularly to the needs of addressing the Court's exercise of personal

12  jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the

13  viability of Plaintiff's alter ego arguments. Further, Plaintiff makes no allegations regarding

14  copyright infringement.

15

16  Dated: September 22, 2022                    Respectfully submitted,

17

18                                                 *s/ Kathleen N. Massey*
                                                   KATHLEEN N. MASSEY (*admitted pro hac*
19                                                 *vice*)
                                                   kathleen.massey@dechert.com
20                                                 DECHERT LLP
                                                   Three Bryant Park
21                                                 1095 Avenue of the Americas
                                                   New York, NY 10036
22                                                 Phone: (212) 698-3500; Fax: (212) 698 3599

23                                                 *Attorneys for Defendants*

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, Kathleen Massey, certify that on September 22, 2022, I caused the forgoing Responses to Plaintiff's First Set of Requests for Production Relating to Jurisdiction to be served by email all counsel of record.

*/s/ Kathleen Massey*
Kathleen Massey