Michael J. Bowe
(admitted pro hac vice)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted pro hac vice)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO.  2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:   Autumn Spaeth<br>Courtroom: 6B<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**DECLARATION OF LAUREN TABAKSBLAT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: December 21, 2022<br>Time:   10:00 a.m.<br>Courtroom:   6B<br><br>Jurisdictional Discovery Cutoff: December 30, 2022 |

CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF LAUREN TABAKSBLAT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

## DECLARATION OF LAUREN TABAKSBLAT

I, Lauren Tabaksblat, declare as follows:

1. I am a partner with Brown Rudnick LLP and have been admitted pro hac vice to practice before this Court. I am counsel for Plaintiff Serena Fleites in the above referenced matter. I submit this declaration in support of Plaintiff's Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories ("Plaintiff's Motion to Compel"). I have personal knowledge of the matters set forth herein.

2. Plaintiff served the MindGeek Entity Defendants with her First Set of Interrogatories ("Plaintiff's Interrogatories") on August 17, 2022. A true and accurate copy of Plaintiff's Interrogatories is attached hereto as **Exhibit 1**.

3. Plaintiff served the MindGeek Entity Defendants with her First Set of Requests for Production ("Plaintiff's RFPs") on August 23, 2022. A true and accurate copy of Plaintiff's RFPs is attached hereto as **Exhibit 2.**

4. On September 22, 2022, the Defendants provided a redacted version of their responses and objections to the Plaintiff's Interrogatories. A true and accurate copy of the MindGeek Entities Defendants redacted responses and objections to Plaintiff's Interrogatories is attached hereto as **Exhibit 3.**

5. On that same day, the MindGeek Entity Defendants provided Plaintiff with their responses and objections to Plaintiff's RFPs. A true and accurate copy of Defendants' responses and objections to Plaintiff's RFPs is attached hereto as **Exhibit 4.**

6. Immediately upon receiving the Defendants' responses and objections, on Thursday, September 22, 2022, the Plaintiff requested a meet and confer with the Defendants for Monday, September 26, 2022. The parties agreed to meet and confer on Tuesday, September 27, 2022. That morning in advance of the meet and confer and in accordance with Local Rule 37-1, the Plaintiff sent a detailed letter to

Defendants' outlining her objections to Defendants' responses and objections and reserving on others. A true and accurate copy of that letter is attached here as **Exhibit 5**.

7. The parties met and conferred on September 27, 2022, wherein Defendants agreed to further respond substantively to Plaintiff's objections at a later date, but maintained their asserted objections to Plaintiff's interrogatory and production requests, including those limiting discovery only to MindGeek S.a.r.l. and MG Premium Ltd., their proclaimed inability to provide information requested without detailed information first being provided by Plaintiff, and their belief that information pertaining to the location of MindGeek's servers (outside of those that support Pornhub) were irrelevant. Defendants further maintained that they were not required to provide communications and information concerning Plaintiff, but only those communications directly between Plaintiff and either MindGeek S.a.r.l and MG Premium Ltd, of which they had none.

8. The Defendants responded to Plaintiff's September 27, 2022 letter on October 12, 2022 ("Defendants' Response Letter"), maintaining their previously asserted objections. A true and accurate copy of Defendants' Response Letter is attached hereto as **Exhibit 6**.

9. The MindGeek Entity Defendants did not make their first production of documents until October 21, 2022. The document production included a mere 73 documents, none of which included any communications between the Individual Defendants and/or the MindGeek Entity Defendants, or any email or other correspondence. Moreover, none of the documents contain any communications to, with, from, or about Plaintiff. The same holds true for the MindGeek Entities' second set of productions issued on November 10, 2022. The produced material is limited in nature and generally consists of one-page corporate organizational charts, year-end financial statements, executive employment agreements, intellectual property

licensing agreements, and lease agreements for non-Defendant entities. The documents do not contain any service agreements between the entities.

10. On October 17, 2022, Defendants provided an unredacted version of their responses and objections to Plaintiff's Interrogatories ("Defendants' Interrogatory Response"). Defendants designated these unredacted responses as "Confidential" pursuant to the Stipulated Protective Order entered by this Court. A true and accurate copy of the relevant excerpts of Defendants' unredacted Interrogatory Responses is attached hereto as **Exhibit 7** and is filed under seal. A motion to file **Exhibit 7** under seal is being filed contemporaneously herewith in accordance with Local Rule 79-5.2.2.

11. On October 20, 2022, Plaintiff received Individual Defendant Bernd Bergmair's Objections and Responses to Plaintiff's First Request for Production of Documents, a true and accurate copy of which is attached hereto as **Exhibit 8**.

12. On October 26, 2022, Plaintiff requested a second meet and confer to discuss the subject discovery disputes. On October 31, 2022, the Parties met and conferred, but were unable to resolve the subject issues contained in Plaintiff's Motion to Compel.

13. On November 22, 2022, Plaintiff notified Defendants of her intent to file a motion to compel their responses to her requests for production and interrogatories and, in accordance with Local Rule 37-2.2, delivered to Defendants' counsel Plaintiff's portion of the joint stipulation to be filed in support of her Motion to Compel.

Executed this 22nd day of November 2022 in New York, New York

**BROWN RUDNICK LLP**

By: /s/ *Lauren Tabaksblat*
Lauren Tabaksblat

3     CASE NO. 21-CV-04920-CJC-ADS
DECLARATION OF LAUREN TABAKSBLAT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES