# EXHIBIT 1

Michael J. Bowe
(*admitted pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*admitted pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>HON. CORMAC J. CARNEY<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO MINDGEEK S.A.R.L.** |

PROPOUNDING PARTY:   PLAINTIFF SERENA FLEITES

RESPONDING PARTY:   DEFENDANT MINDGEEK S.A.R.L.

SET NO.:   ONE

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Serena Fleites ("Plaintiff") requests that Defendant MindGeek S.à.r.l. ("Defendant") answer, separately and fully, in accordance with the following definitions and instructions, in writing, under oath, the following First Set of Interrogatories (the "Interrogatories"), within 30 days after service.

### DEFINITIONS

1. "Action" means the lawsuit captioned *Fleites v. MindGeek S.A.R.L. et al*, 2:21-cv-4920-CJC-ADS.

2. "Amended Complaint" means the Plaintiff's First Amended Complaint filed March 21, 2022 in this Action at Docket No. 124-3.

3. "You" or "Your" refers to MindGeek S.à.r.l.; and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, each of its current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on their behalf.

4. "MindGeek Entity" or "MindGeek Related Entities" refers to the hundreds of companies that are owned, directly or indirectly, and/or affiliated with MindGeek S.A.R.L., including the hundreds of tubesites owned and operated by MindGeek, and the hundreds of companies that were created and dissolved during the period relevant to the Amended Complaint, and includes each of those entities' current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the entities' behalf.

5. "Individual Defendant" or "Individual Defendants" means the following parties in this action:

    a. Bernd Bergmair
    b. Feras Antoon
    c. David Tassillo; and/or
    d. Corey Urman

6. "MindGeek Tubesites" refers to the over 100 pornographic websites and brands owed by the MindGeek Entities, including but not limited to Pornhub, RedTube, Tube8, YouPorn, PornIQ, gaytube, Thumbzilla, Peeperz, PornMD, Xtube, Brazzers, Babes.com, Reality Kings, Digital Playground, Twistys, Men.com, Mofos, MyDirtyHobby, SexTube, and Webcams.

7. "Any" or "all" shall mean any and all, and shall serve to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

8. "Communication" shall mean and refer to any mode of conveying, distributing, disclosing, publishing, transferring and exchanging meaning or information, whether orally or by document, or whether by in-person conversations, telephone, mail, facsimile, personal delivery, overnight delivery, video recording, text or other electronic message, including ICQ, electronic mail or computer-generated posting or any other display on the internet, or otherwise. The term shall include notes, memoranda, or any other document memorializing, conveying, or referring to the information Posts and comments to any social media accounts such as Facebook, Twitter, YouTube, LinkedIn, Tumblr, Instagram, Pinterest, and Snapchat, and include comments to online materials posted to the MindGeek Tubesites. These terms are further intended to include, without limitation, any summaries, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning or memorializing the transmittal of information, opinion, words, or data.

9. "Employee" includes, without limitation, current or former partners, directors, shareholders, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the employer's behalf.

10. "Person" means any natural person, corporation, partnership, firm, association or any business, legal or governmental agency.

11. "Parent" means any person or entity which owns shares of stock or other ownership interests in a subordinate entity, having ordinary voting power to elect a majority of the board of directors or other managers of such subordinate entity are at the time owned, or the person which manages or otherwise controls, directly or indirectly, such subordinate entity.

12. "Affiliate" or "Affiliates" means a subsidiary corporation, sister corporation, subsidiary limited liability company, sister limited liability company, or any other form of business entity with an overlap of ownership, board of directors, managers, or executives.

13. The term "including" means including without limitation.

14. "CSAM" refers to Child Sexual Abuse Material and includes child pornography and any visual depiction of sexually explicit conduct involving a minor (a person less than 18 years old) or the sexual abuse and exploitation of a child or children.

15. "NCMEC" refers to the National Center for Missing and Exploited Children.

16. As used herein, "the Relevant Time Period" refers to June 1, 2013 through the present.

17. Anything not defined herein specifically shall have the definition given in the Amended Complaint.

## INSTRUCTIONS

1. These interrogatories should be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Civil Rules.

2. The use of capital letters, lower case letters or quotation marks in these Interrogatories shall not be construed to limit the scope of any specific interrogatory contained herein.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside its scope.

4. The use of the singular form of any word includes the plural and vice versa.

5. In each instance, if any, where You deny knowledge or information sufficient to respond to an Interrogatory, or any part thereof, identify each person known or believed to have

such knowledge.

6. If, in responding to this set of Interrogatories, or any part of it, You encounter any ambiguity in construing either any Interrogatory or instruction relevant to the Interrogatory, You shall construe the Interrogatory in the broadest manner reasonably calculated to lead to information relevant to any issues or potential issues in this case and set forth in Your response the construction chosen or used in answering the Interrogatory.

7. The Interrogatories are continuing in nature and require that you promptly produce additional or amended responses promptly if new or further information is obtained or discovered subsequent to the time responses are served.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all individuals or entities who hold or have held during the Relevant Period any direct, indirect, or beneficial economic interest by way of ownership, equity, shareholding, secured interest, indebtedness, option, derivative, trust, or otherwise in any MindgGeek Related Entity or Affiliate and the precise nature and extent of that interest.

**INTERROGATORY NO. 2**

Describe in detail each transaction during the Relevant Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity and identify the direct and indirect participants in those transactions.

**INTERROGATORY NO. 3**

Identify the date, participants, and content for every presentation or communication of financial or other economic performance to investors, lenders, or others with direct or indirect financial interests in any MindGeek Related Entity.

**INTERROGATORY NO. 4**

Describe in detail all direct or indirect jurisdictional contacts You or Your agents, or any of the MindGeek related entities and their owners, executives, and employees have or had during the Relevant Time Period including but not limited to, offices, residences, and real estate located in

California or any jurisdiction in the United States; personnel or vendors employed, retained, or paid located in California or any jurisdiction in the United States; trips to California or any jurisdiction in the United States; revenues, profits, expenses, taxes earned or paid in or from California or any jurisdiction in the United States; and communications or business relationships with, to, or in California or any jurisdiction in the United States.

**INTERROGATORY NO. 5**

Identify all MindGeek Related Entities or Affiliates that have existed during the Relevant Period (including entities owned in whole or in part by any MindGeek related executive, insider, investor, or lender), the date such entities were created or ceased to exist, and the members, directors, officers, employees, owners, lenders or their equivalent of such entities.

**INTERROGATORY NO. 6**

For any entity or affiliate identified in response to Interrogatory 5, state the maximum and minimum capitalization per year of existence, annual revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities.

**INTERROGATORY NO. 7**

For any entity identified in response to Interrogatory 5, state the corporate books and records and formalities that exists or were observed for each year of its existence.

**INTERROGATORY NO. 8**

Identify every entity or individual that paid or provided any consideration to MindGeek personnel, vendors, independent contractors or individuals engaged in the moderation, monitoring, review, formatting, analysis and optimization of content; search engine optimization; social media optimization, communication, or activities; media relations and public communications; technology; and accounting or financial services.

**INTERROGATORY NO. 9**

Identify by name and address all entities or individuals paid or provided any consideration identified in response to Interrogatory 8.

**INTERROGATORY NO. 10**

Identify the location of all MindGeek servers and technology centers used to store and transmit content or operate or support any MindGeek websites.

**INTERROGATORY NO. 11**

Describe by date, parties, and content all communications with third-parties concerning the presence of child pornography, CSAM, nonconsensual, or illegal content on MindGeek Tubesites, including but not limited to, all such communications with financial services companies, regulators, government agencies, law enforcement agencies, legislatures, and media and news organizations.

**INTERROGATORY NO. 12**

Describe in detail all processes, standards, and technologies that MindGeek employed to prevent the presence of child pornography, CSAM, non-consensual, or illegal content on MindGeek Tubestites , the date in which such processes, standards, and technologies were employed and the people most knowledgeable about each.

**INTERROGATORY NO. 13**

State whether all known or suspected CSAM and child pornography identified by MindGeek was reported to NCMEC or its equivalent in all other relevant jurisdictions and whether such content was deleted from its servers contemporaneously or left on the servers.

**INTERROGATORY NO. 14**

State whether child pornography and CSAM is currently on MindGeek's servers.

**INTERROGATORY NO. 15**

Identify all aliases used by MindGeek executives, personnel, or agents to communicate publicly or privately in any communications related to MindGeek's business.

**INTERROGATORY NO. 16**

Identify all social media accounts, email accounts, cell numbers, text or other communications services or apps used by the Individual Defendants directly or through any MindGeek Related Entity  during the Relevant Time Period.

**INTERROGATORY NO. 17**

Describe in detail the annual revenue and profits associated with each MindGeek Tubesite and individual or entity that directly or indirectly owned that website and how such revenue and profits were used, distributed, and taxed.

DATED: August 16. 2022                BROWN RUDNICK LLP

By: _____
Michael J. Bowe
Lauren Tabaksblat
Attorneys for Plaintiff
SERENA FLEITES

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MINDGEEK S.A.R.L
8