# EXHIBIT 5

**brown**rudnick

MICHAEL J. BOWE
direct dial: 212.209.4905
fax: 212.938.2902
MBowe@brownrudnick.com

September 27, 2022

**VIA E-MAIL**

Kathleen N. Massey
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
kathleen.massey@dechert.com

**RE:  Defendants' Responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories, Fleites v. MindGeek S.A.R.L. et al.**

Dear Kathleen,

     I write in response to Defendants MindGeek S.A.R.L., MG Freesites LTD, MindGeek USA Inc., MG Global Entertainment Inc., MG Premium Ltd., and 9219-1568 Quebec, Inc.'s (hereinafter "MindGeek Entity Defendants") September 22, 2022 responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories, which fail to respond to Plaintiff's requests.  We intend to discuss these matters during our meet and confer today, September 27, 2022.

     On July 29, 2022, the Court ordered the MindGeek Entity Defendants, along with the MindGeek Individual Defendants to engage in jurisdictional discovery and to complete said discovery by December 30, 2022.  *See* Dkt. No. 167.  The Court subsequently ordered all parties to complete all discovery in this action by April 6, 2023, and set a trial date of August 15, 2023.  *See* Dkt. No. 173.  Pursuant to those orders, Plaintiff served the MindGeek Entity Defendants with her First Set of Interrogatories on August 17, 2022, and her First Request for Production of Documents on August 23, 2022.  Defendants responded to those requests on September 22, 2022, wrongfully limiting the scope of the requested discovery and failing to provide substantive responses to a majority Plaintiff's reasonable requests for nonprivileged matter that is directly relevant to Plaintiff's claims and the Court's inquiry concerning jurisdiction.

     This letter does not address responses and material which Defendants have not yet produced but have indicated they intend to produce after entry of a protective order.  Counsel will address those matters, if necessary, once the disclosures are made.[1]  Plaintiff addresses below her

---

[1]  The requests for production for which Defendants have indicated a response is forthcoming includes those relating to Requests for Production Numbers 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24,



disputes as to Defendants' improper responses to her Request for Production Numbers 1, 6, 13, 25, 26, and 27 and Interrogatories 4, 9, 10, 14, 15, and 16; however, Plaintiff reserves her rights to address any additional disputes as to any other improper or deficient responses from Defendants at a later date.

### I. Defendants' Improper Responses to Plaintiff's First Set of Requests for Production

a. Request for Production No. 1: "All documents and communications concerning Serena Fleites."

In her requests, Plaintiff asked Defendants to produce "[a]ll documents and communications concerning Serena Fleites." In response, Defendants objected to the request as irrelevant on the grounds that the requested "communications" are not jurisdictionally related and instead, redefined and limited Plaintiff's request to "communications *with* Plaintiff Serena Fleites" (*emphasis added*) and then, only responded on behalf of MG Premium Ltd and MindGeek S.A.R.L.-denying that the two had any "communications with" Plaintiff. This is plainly improper. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. ("Rule") 26(b)(1).

The requested documents are clearly relevant to Plaintiff's claims and are directly related to the Court's inquiry concerning its jurisdiction over MindGeek S.A.R.L. and MG Premium Ltd, particularly with respect to the Court's analysis of the application of the alter ego doctrine and Defendants' roles in optimizing and monetizing CSAM containing Plaintiff's images and videos. Nothing could be more relevant to the present case than materials, documents, and communications pertaining specifically to Plaintiff. Accordingly, Plaintiff will seek an order requiring Defendants to turn over all responsive documents and communications from each of the MindGeek Entity Defendants and without the arbitrary limitations placed on Plaintiff's requests by Defendants.

b. Request for Production No. 6: "All documents identifying all MindGeek or outside person or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise."

Plaintiff's request seeks evidence and information directly relating to each of her claims, not the least of which is that Defendants knew CSAM containing Plaintiff was on its platforms and that Defendants optimized and monetized that material for financial gain. The requested production bears directly on these matters. In response, Defendants refused to produce any responsive documents and instead, entered a wholesale objection to this reasonable request. The requested documents and information are "reasonably calculated to lead to the discovery of

---

and 34. The Interrogatories to which Defendants have indicated a response is forthcoming, or will be otherwise unredacted after entry of the protective order include Interrogatory Numbers 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 13, and 17.



Kathleen N. Massey
September 27, 2022
Page 3

admissible evidence", *Willis v. Ritter*, 2007 WL 2455873, *2 (S.D. Cal. 2007), and thus Defendants' failure to respond is without sufficient justification to overcome their discovery responsibilities. Accordingly, Plaintiff will seek an order directing Defendants to produce any and all responsive documents.

    c. <u>Request for Production No. 13: "For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all monthly, quarterly, and annual bank and investment statements."</u>

Defendants did not provide a substantive response to this request and instead, improperly objected to the request on numerous grounds, including that the request was not reasonably calculated to lead to the discovery of admissible evidence, does not address the Court's exercise of personal jurisdiction, and or assist the Court in its assessment of Plaintiff's alter ego arguments. Defendants' objections fail to recognize that "[r]elevant information ' need not be admissible in evidence to be discoverable.'" *Bouissey v. Swift Transportation Co., Inc.*, No. 19-cv-3203-VAP (KKX), 2022 WL 3013070, at *2 (C.D. Cal. June 21, 2022) (citing Rule 26(b)(1)). In addition, Defendants' refusal to produce the relevant documents ignores the Court's clear indications that Defendants' monetary transactions and liquidity are relevant to its jurisdictional analysis. *See* Dkt. 167 at n.2 ("Where the money flows in the MindGeek web, which may relate to ownership of the porn sites that generate revenue, matters to the Court's jurisdictional analysis.") Accordingly, unless Defendants undertake their responsibilities to provide the requested material, Plaintiff will seek an order directing them to do so.

    d. <u>Request for Production No. 25: Documents related to the purported resignations of Feras Antoon and David Tassillo.</u>

Defendants did not provide a substantive response to this request and instead, improperly objected to the request on numerous grounds, including that the request was not reasonably calculated to lead to the discovery of admissible evidence, was not proportional to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.A.R.L. MindGeek Chief Executive Officer Feras Antoon and Chief Operating Officer David Tassillo, who spent more than a decade in leadership positions with MindGeek, resigned amid public scrutiny into allegations similar to or identical to the issues now present in Plaintiff's suit – that MindGeek and Pornhub, and their officers, directors, and employees, did not remove content involving CSAM, nonconsensual, and underage content.

Accordingly, documents related to the resignations of these individuals, including investigations, allegations, or reports of their conduct and the manner in which they ran the MindGeek business and profited from potentially illegal conduct are directly relevant and material to Plaintiff's claims and Defendants are required to produce the material. "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Zissa v. Cnty. Of Los Angeles*, No. 18-cv-10174-CJC (JDEx), 2019 WL 13074698, at *1 (C.D. Cal. Nov. 7, 2019) (citations omitted).

    e. <u>Request for Production No. 26: All documents depicting, describing, or explaining MindGeek's information technology (IT) infrastructure and networks, data storage, server and data centers and providers of the same, internal and external communications systems including ICQ, and ISP and Cloud storage services and providers, including the locations and identities of any outside vendors associated with the same.</u>

Defendants failed entirely to respond to these extremely relevant requests, claiming amongst other things that the request is unduly burdensome because it is either "not related to Plaintiff's claims or so attenuated from Plaintiff's claims as to render discovery about them disproportionate to the needs of the case." Plaintiff's claims necessarily require an understanding of how the CSAM containing her images was possessed, transmitted, transported in interstate e-commerce, sold, and stored. Furthermore, the information requested has a direct bearing on the Court's jurisdictional assessment as it would explain not only the systems and persons or entities responsible for the storage and transmission of the images, but the policies under which the material was held, sold, and transmitted, and would likely lead to additional evidence (*e.g.,* communications about the material) bearing on Plaintiff's claims. Defendants cannot rely on bald assertions to overcome their "obligation to conduct a reasonable inquiry into the factual basis of its responses" to these requests. *Polaris Innovations Limited v. Kingston Technology Company, Inc.*, No. 16-cv-00300 CJC (RAOx), 2017 WL 327615 (C.D. Cal. Feb. 14, 2017) (citing *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009).

    f. <u>Request for Production No. 27: All contact lists maintained by Feras Antoon, David Tassillo, Corey Urman, and Bernd Bergmair.</u>

Defendants did not respond substantively to this request and improperly attempt to limit their discovery obligations to that concerning the court's jurisdictional analysis. Putting aside the fact that the Court's August 11, 2022 Order does not limit discovery to the MindGeek Defendants or to jurisdictional discovery, Dkt. No. 173, the requested information is relevant to Plaintiff's claims and likely to lead to additional evidence concerning the individual Defendants' liability. As the responding party, Defendants must produce documents "in [their] possession, custody, or control." Fed. R. Civ. P. 34(a). Accordingly, Defendants' response that the information can be sought from other parties is insufficient to satisfy their responsibilities and Plaintiff will seek an order compelling the search for and production of the material.

    g. <u>Any limitation of the scope of Plaintiff's requests to MindGeek S.A.R.L. and MG Premium Ltd, to jurisdictional discovery only, or to subject matter potentially bearing on Plaintiff's alter ego arguments is improper.</u>

As previously discussed, the Court in this matter has not limited discovery to that surrounding jurisdiction. Nothing in the Court's August 11, 2022 Order limits discovery to the MindGeek Defendants or to jurisdictional discovery, and the court has set a deadline of April 6, 2023 to complete all discovery in this action, and a trial date of August 15, 2023. *See* Dkt. No. 173. Accordingly, Defendants' responses to Requests for Production Numbers 29, 31, 33, 34, 35, 36, 40, 41, 42, 43, 44, 45, 46, 47, and 48 are improper and Defendants are "required to conduct a 'reasonable search' for responsive documents." *Trujillo v. Princess Cruise Lines, Ltd.*, No. 20-



Kathleen N. Massey
September 27, 2022
Page 5

cv7451-JWH (PVCx), 2021 WL 3604518, at *6 (C.D. Cal. Apr. 23, 2021) (citing *Hock Foods, Inc. v. William Blair & Co., LLC*, 2011 WL 884446 at *8 (D. Kan. Mar. 11, 2011).

This is especially so in those instances where Defendants have acknowledged that the requested information would otherwise be responsive to Plaintiff's underlying claims, yet Defendants chose not to provide a substantive response or to produce responsive material.  *See* Response to Request for Production (Resp. No. 28 (programs and technologies used by Defendants regarding CSAM); Resp. No. 29 (policies, practices, and procedures regarding CSAM); Resp. No. 31 (training materials regarding moderation and review of content on Pornhub); Resp. No. 33 (review and moderation of content); Resp. No. 34 (reports and investigations of content depicting Plaintiff); Resp. No. 35 (processes, procedures, and standards related to suspected CSAM); Resp. No. 36 (policies, practices, rules, and procedures for review and moderation of content on Pornhub); and Resp. Nos. 40 & 41 (reports concerning Defendant's policies and procedures related to suspected CSAM on Pornhub)).

Each of the aforementioned requests are reasonably related to Plaintiff's claims, are likely to lead to the discovery of material relevant to the issues, and are calculated to lead to the discovery of admissible evidence.  Thus, Defendants are required to produce documents in their possession, custody, or control and the failure to do so is unreasonable.  Accordingly, unless Defendants produce the requested material, Plaintiff intends to seek an order requiring Defendants to remove the qualifying language and to produce responsive material.

**II.     Defendants' Improper Responses to Plaintiff's First Set of Interrogatories**

a. <u>Interrogatory No. 4:  Describe in detail all direct or indirect jurisdictional contacts You or Your agents, or any of the MindGeek related entities and their owners, executives, and employees have or had . . . in California or any jurisdiction in the United States; personnel or vendors employed, retained, or paid located in California or any jurisdiction in the United States; trips to California or any jurisdiction in the United States;  . . . and communications or business relationships with, to , or in California or any jurisdiction in the United States.</u>

Notwithstanding the unrevealed information awaiting the issuance of a protective order that is present in Defendants' response to this interrogatory, Defendants appear to have not fully responded to Plaintiff's request and limited their response concerning travel and trips to MG Premium Ltd and MindGeek S.A.R.L.  "The answers to interrogatories must be responsive, full, complete and unevasive."  *Trujillo v. Princess Cruise Lines Ltd.*, No. 20-cv-7451, 2021 WL 3604518, at *3 (C.D. Cal. Apr. 23, 2021) (citing *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991).

As discussed previously, the Court has not limited discovery to that concerning jurisdiction.  Furthermore, and contrary to Defendants' assertion that the requested contacts "are not relevant to whether the Court has personal jurisdiction over Plaintiff's claims" the requested information is directly relevant to the Court's inquiry.  Amongst other things, the requested information is likely to produce evidence bearing on who owns Pornhub, who controls the operations of the



Kathleen N. Massey
September 27, 2022
Page 6

various entities, who controls the policies governing those entities, the nationwide contacts of the respective entities and their officers, and, as it relates to an alter ego analysis, the unity of interest and ownership between the corporations, each of which the Court has indicated are areas ripe for discovery.  *See* Dkt. No. 167 at 3-4.

Defendants are therefore required to present a full and complete answer to this interrogatory, and must describe and list all direct or indirect contacts its agents and entities have had in California or any jurisdiction in the United States.

b. <u>Interrogatory No. 9: "Identify by name and address all entities or individuals paid or provided any consideration identified in response to Interrogatory 8."</u>

Defendants object to this interrogatory on, amongst others, the grounds that it is overly broad, not proportional to the needs of the case, and not limited to the entities or individuals who are parties to this lawsuit.  In stark contrast to these assertions, the information sought is directly relevant to Plaintiff's allegations concerning Defendants' optimization of CSAM and other trafficked content, including that concerning Plaintiff, on its websites.  Moreover, the requested information seeks the identity and contact information for witnesses who have direct knowledge of the manner in which content was reviewed, edited, tagged, uploaded, etc., and who likely possess evidence concerning the policies and procedures under which that material was processed, as well as those responsible for implementing and controlling that process – all of which also bears on the question of jurisdiction.  "One important purpose of interrogatories is to 'obtain information necessary to use other discovery devices effectively, including identifying witnesses whose depositions should be taken . . . .'" *Trujillo*, 2021 WL 3604518, at *2 (citing *Essex Ins. Co. v. Interstate Fire & Safety Equip. Co./Interstate Fire & Safety Cleaning Co.*, 263 F.R.D. 72, 75 (D. Conn. 2009).  Accordingly, Defendants are required to provide the requested information.

c. <u>Interrogatory No. 10:  "Identify the location of all MindGeek servers and technology centers used to store and transmit content or operate or support any MindGeek websites."</u>

Defendants have improperly limited their response to state that "no content that appears on any of the tubesites operated by Defendants is stored on any sever located in California or anywhere in the United States."  But "parties have an obligation to construe . . . discovery requests in a reasonable manner." *Trujillo*, 2021 WL 3604518, at *2 (citing *Cache La Poudre Feeds, LLC v. Land O'Lakes Inc.*, 244 F.R.D. 614, 618-19 (D. Colo. 2007).  Moreover, Defendants' response is in complete contravention to the Court's jurisdictional discovery order, which questioned Defendants' previous "conclusory, vague denial of ownership of any servers in the United States."  See Dkt. 167, n. 5.  Contrary to the limited manner in which Defendants answered the interrogatory, confining their response to "content that appears on any of the tubesites operated by Defendants [which] is stored on any server located in California or anywhere in the United States" Plaintiff has requested that Defendants identify the location of all MindGeek servers and technology centers used to store content, or that otherwise "operate or support any MindGeek websites."  Accordingly, Defendants must answer this request fully and honestly in accordance with the requirements of  Fed. R. Civ. P. 33(b).



    d. <u>Interrogatory No. 14: "State whether child pornography and CSAM is currently on MindGeek's servers."</u>

Defendants' response to this interrogatory suffers from the same failures and myopic approach of that taken in response to Interrogatory No. 10. Instead of answering Plaintiff's plainly relevant interrogatory "full[y], complete[ly], and unevasive[ly]", Defendants have attempted to evade the question by simply circumscribing the relevant question to whether child pornography and CSAM "appear[ing] on Pornhub" is stored in the United States. This is not the inquiry. Moreover, and notwithstanding the previously discussed fact that discovery has not been limited to jurisdiction questions, the subject matter of this question also bears on the Court's jurisdictional analysis, including identifying those entities responsible for maintaining CSAM, that could include Plaintiff's images, as well as identifying those responsible for directing, controlling, and maintaining the use of those servers. All of this information is pertinent to Plaintiff's allegations against Defendants and the Court's evaluation of her alter ego claims. Plaintiff will request an order directing Defendants to answer this interrogatory fully and completely, without the aforementioned language limiting its responses.

    e. <u>Interrogatories No. 15 & No. 16: Aliases used by MindGeek executives, personnel, and agents and social media accounts, email accounts, cell numbers and related contact information of Individual Defendants.</u>

One purpose of interrogatories is "to facilitate trial preparation, to provide facts, to narrow the issues, and to reduce the chance of surprise." *Rickles, Inc. v. Frances Denney Corp.*, 508 F.Supp. 4, 7 n.1 (D. Mass. 1980). Moreover, "[o]ne important purpose of interrogatories is to 'obtain information necessary to use other discovery devices effectively, including identifying witnesses whose depositions should be taken . . . .'" *Trujillo*, 2021 WL 3604518, at *2 (citation omitted). Plaintiff seeks information relevant to identifying the various means and methods by which Defendants (collectively) communicated within their organizations, which will inevitably inform Plaintiff of information necessary to use other discovery devices in a more effective manner. Identifying the names used to communicate within and outside of the organization, as well as the means by which they communicated, is necessary and relevant to Plaintiff's case and is a proper discovery topic. This is especially so here, where Defendants and their executives operated in various, at times overlapping roles in the labyrinth of organizations and entities owned or otherwise operated by MindGeek S.A.R.L. Accordingly, Defendants are required to answer these interrogatories fully and honestly without unreasonable circumscription.

Plaintiff endeavors to resolve these disputed requests in an expedited manner given the short discovery timeline that the Court has established in this matter and looks forward to your prompt response to her concerns.

                                         Sincerely,
                                         **Brown Rudnick LLP**

                                         Michael J. Bowe