# EXHIBIT 6



Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**KATHLEEN MASSEY**

Kathleen.Massey@dechert.com
+1 212 698 3686  Direct
+1 212 698 3599  Fax

October 12, 2022

**VIA EMAIL**

Michael J. Bowe, Esq.
Brown Rudnick LLP
7 Times Square
New York, NY 10036

**Re:** *Fleites v. MindGeek S.a.r.l., et al.* – MindGeek Entities' Discovery Responses

Dear Michael:

I write regarding the specific discovery responses by the MindGeek Entities you took issue with in your letter dated September 27, 2022 and John Doyle's email of September 28, 2022.

As set forth in the MindGeek Entities' responses to Plaintiff's discovery requests and as discussed during our call on September 27, the MindGeek Entities disagree with Plaintiff's contention that the "Court has not limited discovery to that surrounding jurisdiction."  The Court's July 29, 2022 Order Denying Plaintiff's Request for Issuance of Scheduling Order and Request To Open Discovery (Dkt. #168) explicitly denied Plaintiff's request to open discovery, instead ordering the parties to engage in jurisdictional discovery only.  As the Court stated in that Order, "the scope of this case—both in terms of parties and claims—has yet to be determined.  That is reason enough to deny Plaintiff's request."  Dkt. #168, at 1.  The Order further "urged" Plaintiff not to use jurisdictional discovery "to further complicate this case." *Id.* at 2.  But that is what Plaintiff has done by propounding discovery that goes well beyond the issues identified by the Court as pertinent to jurisdiction.  Those issues are:  whether MindGeek S.a.r.l. and MG Premium Ltd have sufficient contacts with the jurisdiction and Plaintiff's claims to support a finding of specific jurisdiction; the corporate separateness of the MindGeek Entities; and the capitalization of those entities.  The Court has also expressed an interest in knowing who owns and controls Pornhub, the only site on which Plaintiff alleges her content appeared; and the distribution of profits earned by Pornhub. Dkt. #167.  These are issues on which the MindGeek Entities have agreed to provide discovery.  The Court's August 11, 2022 Scheduling Order in no way overrides or rescinds the denial of Plaintiff's motion to open full discovery at this time.  Plaintiff's proposed reading of the Scheduling Order completely disregards the July 29th Orders and would create the "inefficient" "dual tracking" the Court's July 29th Orders sought to avoid.  The MindGeek Entities stand by their objections to Plaintiff's requests extending beyond jurisdictional discovery.



With respect to the portions of Plaintiff's requests that arguably would be applicable if full discovery were open, when the time comes for full discovery, the MindGeek Entities who remain in the case will be willing to discuss appropriate search terms and custodians to identify documents that are responsive and proportionate to the scope of the case—which remains undecided at this time.

The MindGeek Defendants respond as follows to Plaintiff's specific discovery issues.

*Document Request No.1—Documents and Communications concerning Serena Fleites*: The MindGeek Entities stand by their objections to this Request insofar as it seeks documents concerning Ms. Fleites that are irrelevant to jurisdiction. Defendants will conduct a reasonable search and produce communications between her and Pornhub. As raised during our meet and confer on September 27, in order to conduct an appropriate search, the MindGeek Entities require additional information from Plaintiff as requested in their First Set of Interrogatories. Using the limited information Plaintiff has provided in her pleadings and other information publicly available, Defendants have been unable to find a video with the alleged title that was uploaded to Pornhub or any take down requests for such a video. Accordingly, Defendants need any email addresses, aliases, or other usernames used by Serena Fleites or anyone acting on her behalf to communicate with MG Freesites or any other MindGeek Entity, and any additional information she can provide regarding the content in which she appeared, including any URLs, titles, uploaders, upload dates and/or removal request dates for the videos. Your assertions that that information is under the control of Defendants is not correct--only Ms. Fleites knows what emails, aliases, usernames and other means were used by or on behalf of her to communicate with the MindGeek Entities, and she certainly has better information than the MindGeek Entities have at this time about the content she alleges was uploaded to Pornhub.

*Document Request No. 6—Documents Identifying the Names and Employers of Individuals and Vendors Used to Moderate, Format, and Remove Content*: First, the MindGeek Entities note that Plaintiff relies on an outdated standard for discovery. "[T]he standard regarding the production of relevant evidence in Rule 26(b)(1) is no longer 'reasonably calculated to lead to the discovery of admissible evidence.'" *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 339 F.R.D. 275, 276 n.2 (W.D. Wash. 2021). The scope of discovery pursuant to Federal Rule of Civil Procedure 26(b) is now information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Spe v. Fitness Int'l*, 2020 WL 11884709, at *1 (C.D. Cal. Dec. 16, 2020) (Spaeth, M.J.). The names of the individuals who moderate, format, and/or remove content on Pornhub are neither relevant nor proportional. In response to Interrogatory No. 8, the MindGeek Entities already have identified the entities that employ the individuals who perform those functions. Those individuals are compensated by the entities who employ them. The MindGeek Entities do not use an outside vendor to staff the positions described in this Request. The information the MindGeek Entities have provided in response to



October 12, 2022
Page 3

this Request is that which is relevant and proportional to the question of personal jurisdiction over MindGeek S.à.r.l. and MG Premium and Plaintiff's alter ego arguments.

*Document Request No. 13—Bank and Investment Statements*: Plaintiff attempts to justify this extremely intrusive request for sensitive financial information by arguing it goes to 1) the questions of the capitalization of each MindGeek Entity and 2) the distribution of earnings by Pornhub. Bank and investment statements are not discoverable as to either question. As to the first question, in response to other production requests, Defendants have agreed to produce financial statements and tax returns. As to the second question, in response to Interrogatory No. 17, the MindGeek Entities have agreed to produce documents regarding the financial performance of Pornhub and the distribution of Pornhub revenue.

*Document Request No. 25—Documents related to the resignations of Antoon and Tasillo*: The MindGeek Entities stand by their objections that the information sought in this Request is unrelated to any issue of personal jurisdiction. Messrs. Antoon and Tasillo resigned long after Plaintiff filed her complaints. Plaintiff cannot use jurisdictional discovery to go on fishing expeditions about MindGeek personnel. *See Symettrica Entm't, Ltd. v. UMG Recordings, Inc.*, 2019 WL 8806093, at *5 (C.D. Cal. Sept. 20, 2019). Further, upon reasonable investigation, Defendants are not aware of any documents in their possession "related to any investigation, allegations, or reports of [Antoon or Feras] using Mindgeek assets and monies for their personal affairs, investments, or businesses."

*Document Request No. 26—Documents describing MindGeek's IT infrastructure*: In your letter, you assert that "Plaintiff's claims necessarily require an understanding of how the CSAM containing her images was possessed, transmitted, transported in interstate e-commerce, sold, and stored" by any MindGeek Entity. As explained when we spoke and as discussed above, Defendants require additional information from Plaintiff to be able to investigate whether such content was ever on a MindGeek website; we do not believe Plaintiff has alleged that any content uploaded to Pornhub was sold. As the Court acknowledged, Plaintiff has alleged that content depicting her was uploaded to Pornhub and not to any paysite. Based on the allegations and absent any information from Plaintiff establishing that content depicting her was uploaded to a paysite, the only servers that are potentially relevant have been identified by the MindGeek Entities in response to Interrogatory No. 10. Until we have that information, the details sought by this Request are unduly burdensome and disproportionate to the needs of this case.

*Document Request No. 27—Contact Lists Maintained by Antoon, Tassillo, Urman, and Bergmair*: A discovery request for "contact lists" is not an appropriate subject for jurisdictional discovery. Your assertion that the discovery sought is "relevant to Plaintiff's claims and likely to lead to additional evidence concerning the individual Defendants' liability" establishes as much. Further, the Request seeks personal information about other named Defendants who are much



October 12, 2022
Page 4

better suited to respond.  *See VirnetX, Inc v. Apple Inc.*, 2014 WL 6979427, at *4 (N.D. Cal. Mar. 21, 2014).

*Interrogatory No. 4—Jurisdictional Contacts*:  Plaintiffs seem to be requesting that the MindGeek Entities expand their response regarding travel to the US because information about such travel relates to jurisdiction and is supposedly "likely to produce evidence bearing on who owns Pornhub, who controls the operations of the various entities, who controls the policies governing those entities, the nationwide contacts of the respective entities and their officers."  Although travel to the US could be relevant to jurisdiction in certain cases, it is not relevant or proportional here.  The two US entities reside in the US; thus, their travel to the US is irrelevant.  Because MG Freesites and 9219-1568 are not contesting jurisdiction, their travel to the US is irrelevant.  MindGeek S.a.r.l. is a holding company that does not have any operations; therefore, discovery from this entity regarding travel to the US by its directors or anyone acting on its behalf would be disproportionate to the needs of the case.  Similarly, since Plaintiff has not alleged or provided any information indicating that her content appeared on a site managed by MG Premium, discovery from this entity regarding travel to the US by or on its behalf would be unduly burdensome and disproportionate to the needs of the case.  Defendants fail to see how travel to the US bears on who owns Pornhub, who controls the operations of the various entities, and who controls the policies governing those entities.

*Interrogatory No.* 9—*Identify the Names and Addresses of All Entities or Individuals Paid to Perform Most Aspects of MindGeek's Business*:  For all of the reasons stated above regarding Document Request No. 6, and for the reasons stated in the MindGeek Entities' responses to Interrogatory No. 8 and 9, the MindGeek Entities object to this interrogatory.  This request asks Defendants to identify every individual paid by MindGeek to moderate and review content as well as employees responsible for search engine and social media optimization, media relations and public communications, technology, and accounting or financial services.  Your letter does not even attempt to argue that the request seeks information related to jurisdiction.  This request is overly broad, unduly burdensome, and not proportional to the needs of the case, even in merits discovery.

*Interrogatory No. 10—Location of Servers*: We believe we have adequately responded to Interrogatory No. 10 by identifying "where the servers [for Pornhub] are . . . located."  Dkt. 167 at 5 n.5.  We have also previously stated that MG Premium Ltd has leased or operated servers in the United States but that those servers store content for paysites and have never been used to store user-generated content, like the type Plaintiff alleges she was depicted in.  Therefore, we have addressed the issue raised by the Court in its Order.

*Interrogatory No. 14—Whether CSAM is on MindGeek's Servers*: Given that no Pornhub content is stored on any server in the US, this question has no bearing on jurisdiction.  Nor does this



October 12, 2022
Page 5

question address what you argue it does—identifying the "entities responsible for maintaining CSAM," that own the servers on which user-generated content is stored or that are responsible for "directing, controlling, and maintaining the use of those servers." Further, this case is brought by a single Plaintiff who has yet to provide information sufficient to identify whether any underage content depicting her was ever on Pornhub, let alone any other MindGeek website. The scope of this case does not justify disproportionate discovery unrelated to this Plaintiff's allegations regarding content depicting her.

*Interrogatories No. 15 & No. 16—Aliases Used by MindGeek Personnel*: Plaintiff makes no argument that these requests related in any way to the jurisdictional contacts of MindGeek S.à.r.l. or MG Premium. Instead, Plaintiff asserts the requests are to inform you of how additional discovery might be conducted for the purpose of general trial preparation. Therefore, these are not appropriate requests at this time. Even if full discovery were open, the requests are over broad and unduly burdensome as stated in the MindGeek Entities' responses to Plaintiff's interrogatories, including that Interrogatory # 15is not limited to information about individuals who had anything to do with any content depicting Plaintiff, and Interrogatory #16 is not limited to information about the claims and defenses in this case.

As we have previously advised, we construed your September 27, 2022 letter as a request to meet and confer pursuant to Local Rule 37-1. The MindGeek Entities remain amenable to such a meet and confer at a mutually convenient day and time.

Sincerely,

*Kathleen N. Massey*

Kathleen N. Massey