# EXHIBIT 8

1  DAN MARMALEFSKY (CA SBN 95477)
   DMarmalefsky@mofo.com
2  Morrison & Foerster LLP
   707 Wilshire Boulevard
3  Los Angeles, California  90017-3543
   Telephone:  213-892-5200
4  Facsimile:   213-892-5454

5  RONALD G. WHITE (admitted *pro hac vice*)
6  RWhite@wmhlaw.com
   Walden, Macht & Haran LLP
7  250 Vesey Street
   New York, NY 10281
8  Telephone:  212-335-2387
   Facsimile:   212-335-2040

9
   Attorneys for Defendant
10 BERND BERGMAIR

11

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13                    **SOUTHERN DIVISION**

14 SERENA FLEITES,                      | Case No. 2:21-cv-4920-CJC-ADS

15          Plaintiff,

16       vs.

17 MINDGEEK S.A.R.L. a foreign entity;  **DEFENDANT BERND**
   MG FREESITES, LTD., a foreign         **BERGMAIR'S OBJECTIONS AND**
18 entity; MINDGEEK USA                  **RESPONSES TO PLAINTIFF'S**
   INCORPORATED, a Delaware              **FIRST REQUEST FOR**
19 corporation; MG PREMIUM LTD., a       **PRODUCTION OF DOCUMENTS**
   foreign entity; MG GLOBAL
20 ENTERTAINMENT INC., a Delaware
   corporation; 9219-1568 Quebec, Inc.
21 (d/b/a MindGeek), a foreign entity;
   BERND BERGMAIR, a foreign
22 individual; FERAS ANTOON, a
   foreign individual; DAVID
23 TASSILLO, a foreign individual;
   COREY URMAN, a foreign individual;
24 VISA INC., a Delaware corporation;
   COLBECK CAPITAL DOES 1-5; and
25 BERGMAIR DOES 1-5,

26          Defendants.

27

28

                      BERGMAIR'S RESPONSES TO
             PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

2  Defendant Bernd Bergmair ("Defendant" or "Mr. Bergmair"), by and through his

3  undersigned counsel, hereby provides his objections and responses to Plaintiff's

4  First Set of Requests for Production (collectively, "Requests," and each request

5  individually, a "Request").  Bergmair provides these Objections and Responses

6  relating to the issue of personal jurisdiction as directed by the Court in its July 29,

7  2022 Order, ECF No. 167, but expressly reserves all arguments as to lack of

8  personal jurisdiction over him.

9                              **PRELIMINARY STATEMENT**

10    The objections and responses herein are based upon the information and

11  documents that are presently available to and specifically known to Mr. Bergmair.

12  Mr. Bergmair has not completed his investigation of the facts relating to this case,

13  has not completed his collection or review of documents relating to this case, has

14  not completed discovery in this action, and has not completed preparation for any

15  trial that might be held.  Further discovery, investigation, legal research, and

16  analysis may identify additional documents, supply additional facts, add meaning to

17  known facts, or establish new factual conclusions and legal contentions, all of

18  which may lead to additions to, changes in, or variations from any answers

19  provided herein.  Accordingly, without asserting an obligation to do so, and without

20  waiving any objections herein, Mr. Bergmair reserves the right to amend and/or

21  supplement these objections and responses as discovery and investigation

22  continues.

23    Subject to and without waiving the below General Objections and specific

24  objections to individual Requests, Mr. Bergmair agrees to meet and confer with

25  Plaintiff about the nature of the objections and the specific materials sought in the

26  Requests to determine if he has responsive and relevant materials that are not

27  subject to an objection.

28

1

BERGMAIR'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

SF-4945071

# GENERAL OBJECTIONS

The following General Objections to the Requests (including Definitions and Instructions) are incorporated into each and every individual response below, whether or not specifically stated in the individual response:

1.    Mr. Bergmair objects to the Requests, including the Definitions and Instructions, to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules for the Central District of California.

2.    Mr. Bergmair objects to the Requests, including the Definitions and Instructions, to the extent that they seek documents beyond the scope of jurisdictional discovery authorized by the Court in its July 29, 2022 Order, ECF No. 167 ("July 29 Order") and are not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction.  If this case proceeds to merits discovery, Mr. Bergmair agrees to meet and confer at the appropriate time regarding the categories of requested documents that relate to Plaintiff's underlying claims in the action but which are not relevant to the issue of personal jurisdiction.

3.    Mr. Bergmair objects to the Requests, including the Definitions and Instructions, as vague, overly broad, unduly burdensome and not proportional to the needs of the case since, by way of example only, they seek documents (a) regarding entities and individuals beyond the Defendants in this action and/or parties who have no connection to Plaintiff's claims; (b) regarding websites other than those on which Plaintiff alleges content depicting her was uploaded; (c) which are not limited to events or issues related to Plaintiff's claims; (d) which are not relevant to the issue of personal jurisdiction over the Defendants who are challenging jurisdiction; (e) which are outside the relevant Time Period.

4.    Mr. Bergmair objects to the Requests, including the Definitions and Instructions, to the extent that they seek documents protected by the attorney-client

privilege, the common interest privilege, the joint defense privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity.

5.      Mr. Bergmair objects to the definition of "MindGeek," "MindGeek Entity" or "MindGeek Related Entities" (Definition No. 4) as vague, overly broad and unduly burdensome since, on its face, it seeks documents about (a) "hundreds of companies" owned or affiliated with MindGeek, S.A.R.L.; (b) "hundreds of tubesites owned and operated" by MindGeek; (c) "hundreds of companies that were created and dissolved" by MindGeek during the relevant time period; and (d) for each of these hundreds of entities, not just all "current and former partners, directors, shareholders, employees, employers [and] officers," but also all others fitting any of the following broad, amorphous categories: "agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases and all persons or entities purporting to act on the entities' behalf."  Mr. Bergmair also objects to this definition as vague, overly broad and unduly burdensome since it seeks documents regarding entities and individuals beyond the Defendants in this action and/or parties who have no connection to Plaintiff's claims, and which are not relevant to the issue of personal jurisdiction over the Defendants who are challenging jurisdiction.  Accordingly, where Mr. Bergmair references "MindGeek" in his responses to the Requests, he is referring only to the MindGeek corporate defendants sued in this action.

6.      Mr. Bergmair objects to the definition of "Defendants" (Definition No. 5) as vague, overly broad and unduly burdensome since it seeks documents not only about the Defendants in this action, but also other entities and individuals, including "each of their current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, each of their current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and

entities purporting to act on their behalf." Accordingly, where Mr. Bergmair references "Defendants" in his responses to the Requests, he is referring only to the defendants sued in this action.

7.    Mr. Bergmair objects to the definition of the "Relevant Time Period" covered by the Requests (Definition No. 18) as overly broad, unduly burdensome and not proportional to the needs of the case since it seeks documents regarding the time periods before Plaintiff's alleged claims arose and after the filing of the Complaint in this action. Accordingly, Mr. Bergmair will respond to the Requests for the time period beginning June 1, 2014, when Plaintiff's claims allegedly arose, through June 17, 2021, when the Complaint in this action was filed ("Relevant Time Period").

8.    Mr. Bergmair objects to each of the Requests, including the Definitions and Instructions, to the extent they seek documents outside his possession, custody or control. Mr. Bergmair further objects to the Requests to the extent they require him to identify and describe documents that have been lost, deleted, discarded or destroyed.

9.    Mr. Bergmair objects to each of the Requests, including the Definitions and Instructions, to the extent they require him to produce, organize or label documents to correspond to individual Requests.

10.    Mr. Bergmair objects to each of the Requests, including the Definitions and Instructions, to the extent they seek documents that can be obtained from another source, MindGeek, that is more convenient, less burdensome, and less expensive, and to the extent that the Requests for such documents are cumulative and duplicative of the Requests to MindGeek.

## **RESPONSES TO REQUESTS FOR PRODUCTION**

## **REQUEST FOR PRODUCTION NO. 1:**

4

1    All documents and communications concerning Serena Fleites.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3    Defendant objects to this Request on the grounds that it is not proportional to

4    the needs of the case, particularly to the needs of addressing the Court's exercise of

5    personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego

6    arguments.  Defendant further objects to this Request to the extent it seeks

7    documents unrelated to personal jurisdiction or outside the scope of the

8    jurisdictional discovery permitted by the Court's July 29 Order.  Defendant objects

9    to this Request to the extent it assumes that "communications" are "jurisdictional

10   contacts" or are relevant to the question of whether the Court has personal

11   jurisdiction over Mr. Bergmair.  Defendant further objects to this Request to the

12   extent it seeks information protected by the attorney-client privilege or work

13   product doctrine.  Defendant further objects to this Request on the grounds that it is

14   duplicative of information already sought by Plaintiff from MindGeek.

15   Subject to and without waiving all objections, Defendant states that he has no

16   communications with Serena Fleites, but acknowledges his obligation to timely

17   update this response as warranted.

18

19   **REQUEST FOR PRODUCTION NO. 2:**

20   All documents and communications concerning or relating to Your affiliation

21   with, employment by, or ownership of MindGeek, any MindGeek Related Entity,

22   or any MindGeek Tubesites.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

24   Defendant objects to this Request on the grounds that it is overly broad,

25   unduly burdensome, not reasonably calculated to lead to the discovery of

26   admissible evidence, and not proportional to the needs of the case, particularly to

27   the needs of addressing the Court's exercise of personal jurisdiction over Mr.

28   Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to

the entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that the undefined term "affiliation" is vague and ambiguous.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

Subject to and without waiving all objections, Defendant refers Plaintiff to and incorporates herein his response to Interrogatory No. 1 and agrees to meet and confer should there be remaining questions on this topic.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning or reflecting any income, revenue, or other monies You have received from MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant

1  further objects to this Request on the grounds that it is duplicative of information
2  already sought by Plaintiff from MindGeek.

3

4  **REQUEST FOR PRODUCTION NO. 4:**

5      All documents and communications between and among You and any of the
6  Defendants related to this Action.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8      Defendant objects to this Request on the grounds that it is overly broad,
9  unduly burdensome, not reasonably calculated to lead to the discovery of
10  admissible evidence, and not proportional to the needs of the case, particularly to
11  the needs of addressing the Court's exercise of personal jurisdiction over Mr.
12  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further
13  objects to this Request to the extent it seeks documents unrelated to personal
14  jurisdiction or outside the scope of the jurisdictional discovery permitted by the
15  Court's July 29 Order.  Defendant further objects to this Request to the extent it
16  seeks information protected by the attorney-client privilege or work product
17  doctrine.  Defendant further objects to this Request to the extent it seeks documents
18  that can be obtained from a more convenient and less expensive source, namely,
19  MindGeek.

20

21  **REQUEST FOR PRODUCTION NO. 5:**

22      All documents and communications between and among You and any of the
23  Defendants related to the presence of any CSAM on any MindGeek site, any
24  MindGeek Related Entity site, or any MindGeek Tubesites.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

26      Defendant objects to this Request on the grounds that it is overly broad,
27  unduly burdensome, not reasonably calculated to lead to the discovery of
28  admissible evidence, and not proportional to the needs of the case, particularly to

7

SF-4945071

the needs of addressing the Court's exercise of personal jurisdiction over Mr.
Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to
the entities which are parties to this lawsuit. Defendant further objects to this
Request to the extent it seeks documents unrelated to personal jurisdiction or
outside the scope of the jurisdictional discovery permitted by the Court's July 29
Order.  Defendant further objects to this Request to the extent it seeks information
protected by the attorney-client privilege or work product doctrine.  Defendant
further objects to this Request on the grounds that it is duplicative of information
already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 6:**

All documents describing, depicting, explaining, or relating to the past or
present corporate and ownership organization and structure of MindGeek, the
identity of all affiliated or related party entities, corporations, limited partnerships,
limited liability companies, partnerships, or other entities; the nature of the direct,
indirect or beneficial ownership or other interests held by any such person, entity,
or organization; and the owners, members, directors, managers, lenders, secured
parties, general or limited partners, executives, and outside law firms and
accountants of such entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this Request on the grounds that it is overly broad,
unduly burdensome, not reasonably calculated to lead to the discovery of
admissible evidence, and not proportional to the needs of the case, particularly to
the needs of addressing the Court's exercise of personal jurisdiction over Mr.
Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to
the entities which are parties to this lawsuit.  Defendant further objects to this
Request to the extent it seeks documents unrelated to personal jurisdiction or
outside the scope of the jurisdictional discovery permitted by the Court's July 29

Order.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to MindGeek's Response to Interrogatory No. 1 and the documents to be produced by MindGeek in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by You or any of the other Individual Defendants, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, or Shaileshkumar P. Jain (a/k/a "Sam" Jain) or individuals or entities introduced or represented by such persons or entities

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to

MindGeek's Response to Interrogatory No. 1 and the documents to be produced by MindGeek in response to Request Nos. 3 and 5.

Subject to and without waiving all objections, Defendant refers Plaintiff to and incorporates herein his response to Interrogatory No. 1 and agrees to meet and confer should there be remaining questions on this topic.

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to any past or present, direct, indirect or beneficial ownership, licensing, or secured or other economic interest of, or in, any intellectual property owned or licensed, directly or indirectly by You related to MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities which are parties to this lawsuit, or to any intellectual property related to the claims in this action. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 9:**

All documents describing, depicting, explaining, or relating to MindGeek's past or present internal organizational structure, offices, departments, executives, and personnel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities which are parties to this lawsuit. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that the phrase "internal organizational structure" is vague and ambiguous. Defendant further objects that this Request is overly broad and unduly burdensome to the extent that it seeks "all documents … relating to MindGeek's past or present … executives and personnel." Defendant further objects that this Request is overly broad and unduly burdensome to the extent that it asks him to produce documents identifying the employees of all MindGeek entities for a seven-year period. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek. Defendant further refers Plaintiff to MindGeek's Response to Interrogatory No. 1 and the documents to be produced by MindGeek in response to Request No. 5.

**<u>REQUEST FOR PRODUCTION NO. 10:</u>**

All documents identifying all MindGeek or outside personnel or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek

11

platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities which are parties to this lawsuit. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that the names of the individual employees who performed the functions described in this Request and any vendors retained to support such functions are unrelated to the issue of personal jurisdiction. Defendant further objects that the term "outside personnel" is vague and ambiguous. Defendant further objects to the extent that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded, and is not limited to the functions at issue in this action. Defendant further objects to this Request as overly broad and unduly burdensome to the extent that it asks him to produce documents identifying the employees of all MindGeek entities for a seven-year period. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to Your or MindGeek's past or present jurisdictional contacts with the United States or California, including but not limited to, offices, residences, and real estate located in California or any jurisdiction in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects that the term "jurisdictional contacts" is vague and ambiguous and calls for legal conclusions. Defendant further objects to this Request to the extent it assumes that any of the contacts identified in this Request are "jurisdictional contacts" or that the actions or contacts of MindGeek are relevant to the issue of whether the Court has personal jurisdiction over Mr. Bergmair.  Defendant further objects that "contacts" generally, without limitation, with the United States are not relevant to whether personal jurisdiction exists in California.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving all objections, Defendant refers Plaintiff to and incorporates herein his response to Interrogatory No. 4 and agrees to meet and confer should there be remaining questions on this topic.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to Your or MindGeek's personnel or vendors employed, retained, paid, located in, or otherwise providing services in California or any jurisdiction in the United States; political activities in California or any jurisdiction in the United States, including through direct or indirect participation in, or financial support for, lobbying, trade, or industry, or activist organizations; trips to California or any jurisdiction in the United States; servers; revenues, profits, expenses, taxes earned or paid in or from California or

13

any jurisdiction in the United States; and communications or business relationships with, to, from, or in California or any jurisdiction in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit or limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded, and MG Freesites Ltd., the entity which operates Pornhub.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that the terms "political activities" and "lobbying, trade, or industry, or activist organizations" are vague and ambiguous.  Defendant further objects to this Request to the extent it assumes that any of the contacts identified in this Request are relevant to the issue of whether the Court has personal jurisdiction over Mr. Bergmair, or that the actions or contacts of MindGeek are relevant to the issue of whether the Court has personal jurisdiction over Mr. Bergmair.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving all objections, Defendant refers Plaintiff to and incorporates herein his response to Interrogatory No. 4 and agrees to meet and confer should there be remaining questions on this topic.

**REQUEST FOR PRODUCTION NO. 13:**

14

1    All documents reflecting annual revenues, profits and losses, and expenses
2    for each MindGeek Related Entity or MindGeek Tubesite or the entity that owns or
3    controls that platform or website.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

5    Defendant objects to this Request on the grounds that it is overly broad,
6    unduly burdensome, not reasonably calculated to lead to the discovery of
7    admissible evidence, and not proportional to the needs of the case, particularly to
8    the needs of addressing the Court's exercise of personal jurisdiction over Mr.
9    Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to
10   the entities which are parties to this lawsuit or limited to Pornhub, which is the only
11   tubesite on which Plaintiff alleges content depicting her was uploaded, and MG
12   Freesites Ltd., the entity which operates Pornhub.  Defendant further objects to this
13   Request to the extent it seeks documents unrelated to personal jurisdiction or
14   outside the scope of the jurisdictional discovery permitted by the Court's July 29
15   Order.  Defendant further objects to this Request on the grounds that it is
16   duplicative of information already sought by Plaintiff from MindGeek.

17

18   **<u>REQUEST FOR PRODUCTION NO. 14:</u>**

19   All documents concerning, reflecting, describing, or relating to, or
20   comprising of presentations to or from, proposed transactions from, or data and
21   information provided or made available to, any actual or potential investors,
22   lenders, secured parties, licensees, purchasers, or others concerning MindGeek or
23   any MindGeek Related Entity.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

25   Defendant objects to this Request on the grounds that it is overly broad,
26   unduly burdensome, not reasonably calculated to lead to the discovery of
27   admissible evidence, and not proportional to the needs of the case, particularly to
28   the needs of addressing the Court's exercise of personal jurisdiction over Mr.

SF-4945071

Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit or limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded, and MG Freesites Ltd., the entity which operates Pornhub.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that this request is overly broad and unduly burdensome to the extent it seeks all documents reflecting "information provided or made available to … others."  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to MindGeek's Response to Interrogatory No. 3 and the documents to be produced by MindGeek in response to Requests Nos. 8 and 9.

Subject to and without waiving all objections, Defendant refers Plaintiff to and incorporates herein his response to Interrogatory No. 3 and agrees to meet and confer should there be remaining questions on this topic.

**REQUEST FOR PRODUCTION NO. 15:**

All transaction documents, term sheets, and communications concerning any actual or proposed transactions involving the ownership of, loans to, secured interest in, or intellectual property or other rights related to MindGeek.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this

Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that the term "other rights" is vague and ambiguous. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek. Defendant further refers Plaintiff to MindGeek's Responses to Interrogatory Nos. 1 and 2 and the documents to be produced by MindGeek in response to Request Nos. 4 and 10.

Subject to and without waiving all objections, Defendant refers Plaintiff to and incorporates herein his response to Interrogatory No. 2 and agrees to meet and confer should there be remaining questions on this topic.

**REQUEST FOR PRODUCTION NO. 16:**

For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr.

17

Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that this request is overly broad and unduly burdensome to the extent it seeks all "records reflecting the sources of all payments made to or on behalf of" all MindGeek entities for a seven-year period.  Defendant further objects that the phrase "records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity" is vague and ambiguous.  Defendant further objects to the production of financial ledgers, lists of investors or managers, lender agreements, payroll and expense records, and sources of payments as unrelated to any claim in this action, or to personal jurisdiction over Mr. Bergmair.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to MindGeek's Response to Interrogatory No. 1 and the documents to be produced by MindGeek in response to Request No. 11.

**REQUEST FOR PRODUCTION NO. 17:**

For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this

1  Request to the extent it seeks documents unrelated to personal jurisdiction or

2  outside the scope of the jurisdictional discovery permitted by the Court's July 29

3  Order.  Defendant further objects to the term "work papers" as vague and

4  ambiguous.  Defendant further objects to the production of quarterly tax filings,

5  audits, statutory reporting and any work product or reports prepared by outside

6  accountants.  Defendant further objects to this Request on the grounds that it is

7  duplicative of information already sought by Plaintiff from MindGeek.

8

9  **REQUEST FOR PRODUCTION NO. 18:**

10  Your monthly, quarterly, and annual bank and investment statements.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

12  Defendant objects to this Request on the grounds that it is overly broad,

13  unduly burdensome, not reasonably calculated to lead to the discovery of

14  admissible evidence, and not proportional to the needs of the case, particularly to

15  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

16  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

17  objects to this Request to the extent it seeks documents unrelated to personal

18  jurisdiction or outside the scope of the jurisdictional discovery permitted by the

19  Court's July 29 Order.  Defendant further objects to the term "investment

20  statements" as vague and ambiguous.

21

22  **REQUEST FOR PRODUCTION NO. 19:**

23  All documents and communications related to any corporate reorganization

24  by MindGeek and the purposes behind that reorganization.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

26  Defendant objects to this Request on the grounds that it is overly broad,

27  unduly burdensome, not reasonably calculated to lead to the discovery of

28  admissible evidence, and not proportional to the needs of the case, particularly to

19

SF-4945071

the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that the term "corporate reorganization" is vague and ambiguous.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to the documents to be produced by MindGeek in response to Request No. 14.

**REQUEST FOR PRODUCTION NO. 20:**

All documents or communications identifying the various subsidiaries comprising the business of MindGeek.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that the term "various subsidiaries" is vague and ambiguous.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

BERGMAIR'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

SF-4945071

Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to MindGeek's Response to Interrogatory No. 1 and the documents to be produced by MindGeek in response to Request Nos. 15 and 17.

**REQUEST FOR PRODUCTION NO. 21:**

All documents identifying the directors, managers, members, executives, and personnel of the various subsidiaries comprising the business of MindGeek.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the individuals and entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that this Request is overly broad and unduly burdensome to the extent that it asks him to produce documents identifying all "personnel" of all MindGeek entities for a seven-year period. Defendant further objects that this Request as duplicative of Request Nos. 6, 9 and 10.  Defendant further objects that the term "various subsidiaries" is vague and ambiguous.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to MindGeek's Response to Interrogatory Nos. 1, 4 and 5.

SF-4945071

1  **REQUEST FOR PRODUCTION NO. 22:**

2       All documents identifying the companies organized and existing under the

3  laws of multiple jurisdictions where MindGeek has assets, operates businesses, or

4  provides services and the nature of the assets, businesses, or services.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

6       Defendant objects to this Request on the grounds that it is overly broad,

7  unduly burdensome, not reasonably calculated to lead to the discovery of

8  admissible evidence, and not proportional to the needs of the case, particularly to

9  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

10  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to

11  the entities which are parties to this lawsuit.  Defendant further objects to this

12  Request to the extent it seeks documents unrelated to personal jurisdiction or

13  outside the scope of the jurisdictional discovery permitted by the Court's July 29

14  Order.  Defendant further objects that this Request is overly broad and unduly

15  burdensome to the extent that it asks him to produce documents identifying all

16  "assets, businesses or services" of all MindGeek entities for a seven-year period.

17  Defendant further objects to this Request to the extent it seeks information

18  protected by the attorney-client privilege or work product doctrine.  Defendant

19  further objects to this Request on the grounds that it is duplicative of information

20  already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to

21  MindGeek's Response to Interrogatory No. 1 and the documents to be produced by

22  MindGeek in response to Request Nos. 15 and 17.

23

24  **REQUEST FOR PRODUCTION NO. 23:**

25       All documents identifying the entities providing services to MG Freesites

26  LTD.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

28

SF-4945071

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.  Defendant further refers Plaintiff to the documents to be produced by MindGeek in response to Request No. 18.

**REQUEST FOR PRODUCTION NO. 24:**

All documents identifying the bank accounts, services, payments, written agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities which are parties to this lawsuit.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that this Request is vague and ambiguous to the

23

1    extent that it seeks documents identifying "bank accounts, services, payments" and

2    other items without limitation or description.  Defendant further objects to this

3    Request to the extent it seeks information protected by the attorney-client privilege

4    or work product doctrine.  Defendant further objects to this Request on the grounds

5    that it is duplicative of information already sought by Plaintiff from MindGeek.

6    Defendant further refers Plaintiff to MindGeek's Response to Interrogatory No. 1

7    and the documents to be produced by MindGeek in response to Request No. 19.

8

9    **REQUEST FOR PRODUCTION NO. 25:**

10        All audited financial statements and all related communications with auditors

11   regarding the same.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

13        Defendant objects to this Request on the grounds that it is overly broad,

14   unduly burdensome, not reasonably calculated to lead to the discovery of

15   admissible evidence, and not proportional to the needs of the case, particularly to

16   the needs of addressing the Court's exercise of personal jurisdiction over Mr.

17   Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to

18   the entities which are parties to this lawsuit.  Defendant further objects to this

19   Request to the extent it seeks documents unrelated to personal jurisdiction or

20   outside the scope of the jurisdictional discovery permitted by the Court's July 29

21   Order.  Defendant further objects that this Request is vague and ambiguous to the

22   extent that it seeks "audited financial statements and all related communications

23   with auditors" without limitation or description.  Defendant further objects to the

24   term "regarding the same" as vague and ambiguous.  Defendant further objects to

25   this Request on the grounds that it is duplicative of information already sought by

26   Plaintiff from MindGeek.  Defendant further refers Plaintiff to MindGeek's

27   Response to Interrogatory No. 6 and the documents to be produced by MindGeek in

28   response to Request No. 20.

**REQUEST FOR PRODUCTION NO. 26:**

All documents identifying the distinct legal entities of MindGeek or the
MindGeek Related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request on the grounds that it is overly broad,
unduly burdensome, not reasonably calculated to lead to the discovery of
admissible evidence, and not proportional to the needs of the case, particularly to
the needs of addressing the Court's exercise of personal jurisdiction over Mr.
Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to
the entities which are parties to this lawsuit.  Defendant further objects to this
Request to the extent it seeks documents unrelated to personal jurisdiction or
outside the scope of the jurisdictional discovery permitted by the Court's July 29
Order.  Defendant further objects to this Request on the grounds that it is
duplicative of information already sought by Plaintiff from MindGeek.  Defendant
further refers Plaintiff to MindGeek's Response to Interrogatory No. 1 and the
documents to be produced by MindGeek in response to Request Nos. 15, 17 and 21.

**REQUEST FOR PRODUCTION NO. 27:**

All documents related to the support services MG Global Entertainment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this Request on the grounds that it is overly broad,
unduly burdensome, not reasonably calculated to lead to the discovery of
admissible evidence, and not proportional to the needs of the case, particularly to
the needs of addressing the Court's exercise of personal jurisdiction over Mr.
Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further
objects to this Request to the extent it seeks documents unrelated to personal
jurisdiction or outside the scope of the jurisdictional discovery permitted by the

Court's July 29 Order. Defendant further objects that this Request is vague and ambiguous to the extent that it seeks documents related to "the support services MG Global Entertainment." Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek. Defendant further refers Plaintiff to MindGeek's Response to Interrogatory No. 1 and the documents to be produced by MindGeek in response to Request No. 22.

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to the services provided by 9219-1568 Quebec Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that this Request is vague and ambiguous to the extent that it seeks documents related to "support services provided by 9219-1568 Quebec, Inc." without identifying to whom such services were provided or limiting the request in any way. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek. Defendant further refers Plaintiff to MindGeek's Response to Interrogatory No. 1 and the documents to be produced by MindGeek in response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 29:**

SF-4945071

All documents relating to MindGeek related payments, investments, or loans to, in, or for any personal affairs, expenses, entities, businesses, real estate, or investments related to You or any of the Individual Defendants, or any of their family members or entities in which either You or a family member holds a direct or indirect interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities that are parties to this lawsuit. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects to this Request as duplicative of Request No. 3. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek. Defendant further refers Plaintiff to the documents to be produced by MindGeek in response to Request No. 24.

**REQUEST FOR PRODUCTION NO. 30:**

All documents related to the purported resignation of Feras Antoon and David Tassillo as CEO and COO of MindGeek respectively, including, but not limited to, any documents related to any investigation, allegations, or reports of their using Mindgeek assets and monies for their personal affairs, investments, or businesses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

SF-4945071

1    Defendant objects to this Request on the grounds that it is overly broad,

2    unduly burdensome, not reasonably calculated to lead to the discovery of

3    admissible evidence, and not proportional to the needs of the case, particularly to

4    the needs of addressing the Court's exercise of personal jurisdiction over Mr.

5    Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to

6    the entities that are parties to this lawsuit.  Defendant further objects to this Request

7    to the extent it seeks documents unrelated to personal jurisdiction or outside the

8    scope of the jurisdictional discovery permitted by the Court's July 29 Order.

9    Defendant further objects that this Request seeks documents outside the Relevant

10    Time Period.  Defendant further objects to this Request to the extent it seeks

11    information protected by the attorney-client privilege or work product doctrine.

12    Defendant further objects to this Request on the grounds that it is duplicative of

13    information already sought by Plaintiff from MindGeek.

14

15    **REQUEST FOR PRODUCTION NO. 31:**

16    All documents or communications depicting, describing, or explaining

17    MindGeek's IT infrastructure and networks, data storage, server and data centers

18    and providers of the same, internal and external communications systems including

19    ICQ, and ISP and Cloud storage services and providers, including the locations and

20    identities of any outside vendors associated with the same.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

22    Defendant objects to this Request on the grounds that it is overly broad,

23    unduly burdensome, not reasonably calculated to lead to the discovery of

24    admissible evidence, and not proportional to the needs of the case, particularly to

25    the needs of addressing the Court's exercise of personal jurisdiction over Mr.

26    Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to

27    the entities that are parties to this lawsuit.  Defendant further objects to this Request

28    to the extent it seeks documents unrelated to personal jurisdiction or outside the

SF-4945071

scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents describing every aspect of MindGeek's information technology systems during a seven-year period since such "IT infrastructure" is either not related to Plaintiff's claims or so attenuated from Plaintiff's claims to render discovery about it disproportionate to the needs of the case.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 32:**

All contact lists maintained by You or any of the Individual Defendants as well as documents sufficient to show all cell and other phone numbers and messaging services used by each individual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that this Request seeks documents more appropriately sought from other parties.

Subject to and without waiving the foregoing objections, Defendant refers to and incorporates his response to Interrogatory No. 6 and agrees to meet and confer should there be remaining questions on this topic.

**REQUEST FOR PRODUCTION NO. 33:**

All documents or communications identifying, depicting, explaining, or describing any programs or technology MindGeek acquired, employed, used, or considered to moderate, monitor, format, optimize, filter, review, screen, or remove content on its websites, including the dates such technology was acquired, employed, or considered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. The programs and technologies used by MindGeek regarding CSAM, while arguably relevant to the underlying claims in this action, are unrelated to the issue of personal jurisdiction over Mr. Bergmair or the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 34:**

All documents or communications related to MindGeek's policies, manuals, practices, processes, and rules for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on its platforms and websites, including all prohibited words, phrases, categories, and "genres" and all processes and reports concerning search engine optimization of such content.

SF-4945071

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order.  Defendant further objects that this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  The policies, practices and procedures used by MindGeek regarding CSAM, while arguably relevant to the underlying claims in this action, are unrelated to the issue of personal jurisdiction over Mr. Bergmair or the viability of Plaintiff's alter ego arguments.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications describing MindGeek's policies and procedures for preserving hard copy and electronic documents and content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal

1  jurisdiction or outside the scope of the jurisdictional discovery permitted by the

2  Court's July 29 Order.  Defendant further objects that this request seeks

3  information protected by the attorney-client privilege or work product doctrine.

4  Defendant further objects to this Request to the extent it seeks information

5  protected by the attorney-client privilege or work product doctrine.  Defendant

6  further objects to this Request on the grounds that it is duplicative of information

7  already sought by Plaintiff from MindGeek.

8

9  **REQUEST FOR PRODUCTION NO. 36:**

10      All documents and communications reflecting rosters, schedules, training

11  materials, performance reviews and metrics for personnel or outside contractors or

12  vendors involved in moderating, formatting, optimization, filtering, screening, or

13  removing content from MindGeek's platforms and websites.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

15      Defendant objects to this Request on the grounds that it is overly broad,

16  unduly burdensome, not reasonably calculated to lead to the discovery of

17  admissible evidence, and not proportional to the needs of the case, particularly to

18  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

19  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

20  objects to this Request to the extent it seeks documents unrelated to personal

21  jurisdiction or outside the scope of the jurisdictional discovery permitted by the

22  Court's July 29 Order.  Defendant further objects that this Request is not limited to

23  Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her

24  was uploaded.  Defendant further objects to this Request as overly broad, unduly

25  burdensome and not proportional to the needs of the case to the extent it seeks

26  documents regarding "personnel or outside contractors or vendors" who did not

27  perform any work related to content depicting Plaintiff.  Defendant further objects

28  that the term "metrics" is vague and ambiguous.  The training materials used

regarding moderation and review of content on Pornhub, while arguably relevant to the underlying claims in this action, are unrelated to the issue of personal jurisdiction over Mr. Bergmair or the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications identifying all content categories, "genres," or similar descriptors MindGeek has included, recommended, or offered to users of its platforms and websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded. Defendant further objects to the terms "'genres' or similar descriptors" as vague and ambiguous. The categories of content available on Pornhub are unrelated to the issue of personal jurisdiction over Mr. Bergmair or the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 38:**

33

1    All documents consisting of, or reflecting, reports, communications, data, or

2    actions related to content reviewed or screened by any technology, programs, or

3    internal or external personnel concerning actual or suspected CSAM,

4    nonconsensual, prohibited, or illegal content.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

6    Defendant objects to this Request on the grounds that it is overly broad,

7    unduly burdensome, not reasonably calculated to lead to the discovery of

8    admissible evidence, and not proportional to the needs of the case, particularly to

9    the needs of addressing the Court's exercise of personal jurisdiction over Mr.

10   Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

11   objects to this Request to the extent it seeks documents unrelated to personal

12   jurisdiction or outside the scope of the jurisdictional discovery permitted by the

13   Court's July 29 Order.  Defendant further objects that this Request is not limited to

14   Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her

15   was uploaded.  Defendant further objects to this Request to the extent it is not

16   limited to documents related to suspected CSAM.  Defendant further objects to the

17   terms "actions" and "outside personnel" as vague and ambiguous.  Defendant

18   further objects to this Request to the extent it seeks documents concerning any

19   content other than that depicting Plaintiff.  Documents related to the review and

20   moderation of content depicting Plaintiff, while arguably relevant to the underlying

21   claims in this action, are unrelated to the issue of personal jurisdiction over Mr.

22   Bergmair or the viability of Plaintiff's alter ego arguments.  Defendant further

23   objects to this Request to the extent it seeks information protected by the attorney-

24   client privilege or work product doctrine.  Defendant further objects to this Request

25   on the grounds that it is duplicative of information already sought by Plaintiff from

26   MindGeek.

27

28   **REQUEST FOR PRODUCTION NO. 39:**

34

1   All documents concerning complaints, reports, communications, and requests

2   concerning CSAM, non-consensual, prohibited, or illegal content on any MindGeek

3   platform or website, including all documents and communications with or

4   concerning any associated investigation, actions, and internal and external

5   communications concerning the same.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

7   Defendant objects to this Request on the grounds that it is overly broad,

8   unduly burdensome, not reasonably calculated to lead to the discovery of

9   admissible evidence, and not proportional to the needs of the case, particularly to

10  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

11  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

12  objects to this Request to the extent it seeks documents unrelated to personal

13  jurisdiction or outside the scope of the jurisdictional discovery permitted by the

14  Court's July 29 Order.  Defendant further objects that this Request is not limited to

15  Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her

16  was uploaded.  Defendant further objects to the terms "actions" as vague and

17  ambiguous.  Defendant further objects to this Request to the extent it seeks

18  documents concerning any content other than that depicting Plaintiff.  Documents

19  related to reports and investigations of content depicting Plaintiff, while arguably

20  relevant to the underlying claims in this action, are unrelated to the issue of

21  personal jurisdiction over Mr. Bergmair or the viability of Plaintiff's alter ego

22  arguments.  Defendant further objects to this Request to the extent it seeks

23  information protected by the attorney-client privilege or work product doctrine.

24  Defendant further objects to this Request on the grounds that it is duplicative of

25  information already sought by Plaintiff from MindGeek.

26

27  **<u>REQUEST FOR PRODUCTION NO. 40:</u>**

28

35

1         All documents and communications reflecting processes, standards, and

2    technologies that MindGeek employed to prevent the presence of child

3    pornography, CSAM, non-consensual, prohibited, or illegal content on its platforms

4    or websites; the dates on which such processes, standards, and technologies were

5    employed; and the people most knowledgeable about each.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

7         Defendant objects to this Request on the grounds that it is overly broad,

8    unduly burdensome, not reasonably calculated to lead to the discovery of

9    admissible evidence, and not proportional to the needs of the case, particularly to

10   the needs of addressing the Court's exercise of personal jurisdiction over Mr.

11   Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

12   objects to this Request to the extent it seeks documents unrelated to personal

13   jurisdiction or outside the scope of the jurisdictional discovery permitted by the

14   Court's July 29 Order.  Defendant further objects that this Request is not limited to

15   Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her

16   was uploaded.  Defendant further objects to this Request to the extent it seeks

17   documents concerning any content other than that depicting Plaintiff.  Defendant

18   further objects to the extent the Request is not limited to suspected CSAM.

19   Documents related to processes, procedures and standards related to suspected

20   CSAM on Pornhub, and to content depicting Plaintiff, while arguably relevant to

21   the underlying claims in this action, are unrelated to the issue of personal

22   jurisdiction over Mr. Bergmair or the viability of Plaintiff's alter ego arguments.

23   Defendant further objects to this Request to the extent it seeks information

24   protected by the attorney-client privilege or work product doctrine.  Defendant

25   further objects to this Request on the grounds that it is duplicative of information

26   already sought by Plaintiff from MindGeek.

27

28   **REQUEST FOR PRODUCTION NO. 41:**

All documents and communications reflecting policies, practices, rules, guidelines, programs, or plans concerning the moderation, monitoring, review, formatting, analysis or search and social media use and optimization of content on MindGeek platforms and websites, including, but not limited to, with respect to content uploaded with associated languages other than English.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded. Defendant further objects to this Request to the extent it seeks documents concerning any content other than that depicting Plaintiff. Defendant further objects to the extent the Request seeks documents related to "content uploaded with associated languages other than English" since Plaintiff does not allege that her content was uploaded with any associated language other than English. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning MindGeek's policies, practices, and compliance related to 18 U.S.C. § 2257.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded. Defendant further objects to this Request to the extent it seeks documents concerning any content other than that depicting Plaintiff. Documents related to the policies and procedures for studios to verify the ages of performers are not relevant to the underlying claims in this action, or to the issue of personal jurisdiction over Mr. Bergmair or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 43:**

All materials and information provided to Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to

38

1  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

2  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

3  objects to this Request to the extent it seeks documents unrelated to personal

4  jurisdiction or outside the scope of the jurisdictional discovery permitted by the

5  Court's July 29 Order.  Defendant further objects to this Request to the extent it

6  seeks information protected by the attorney-client privilege or work product

7  doctrine.  Defendant further objects to this Request on the grounds that it is

8  duplicative of information already sought by Plaintiff from MindGeek.

9

10  **REQUEST FOR PRODUCTION NO. 44:**

11      All communications between You and Kaplan, Hecker, & Fink in connection

12  with its review of MindGeek's practices as reported in the June 20, 2022 New

13  Yorker magazine.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

15      Defendant objects to this Request on the grounds that it is overly broad,

16  unduly burdensome, not reasonably calculated to lead to the discovery of

17  admissible evidence, and not proportional to the needs of the case, particularly to

18  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

19  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

20  objects to this Request to the extent it seeks documents unrelated to personal

21  jurisdiction or outside the scope of the jurisdictional discovery permitted by the

22  Court's July 29 Order.  Defendant further objects to this Request to the extent it

23  seeks information protected by the attorney-client privilege or work product

24  doctrine.

25

26  **REQUEST FOR PRODUCTION NO. 45:**

27      The report and recommendations provided to MindGeek by Kaplan, Hecker

28  & Fink.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 46:**

Any internal or external expert or consultant reports provided to MindGeek concerning its technology, processes, policies, and practices concerning CSAM, nonconsensual, prohibited, or illegal content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects to this Request to the extent it is not limited to documents related to suspected CSAM. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client

40

privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications related to the implementation of the recommendations provided to MindGeek by Kaplan, Hecker & Fink or any internal or external expert or consultant concerning CSAM, nonconsensual, prohibited, or illegal content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects to this Request to the extent it is not limited to documents related to suspected CSAM. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it seeks documents after the end of the Relevant Time Period. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 48:**

The list of content MindGeek provided to NCMEC as reported in the June 20, 2022 New Yorker magazine, and the associated dates of upload; URL's; IP

addresses; uploader identifiers; associates tags, descriptions, titles, comments, and categories; engagement and other monitoring metrics; and data and information concerning any review, moderation, screening, modification, tracking, complaints, deletion, or revenue generation associated with such content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that the terms "engagement and other monitoring metrics" is vague and ambiguous. Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome to the extent it seeks documents concerning content other than that depicting Plaintiff. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 49:**

All documents or communications concerning any internal or external review of MindGeek content for CSAM, non-consensual, prohibited, or illegal content, including, but not limited to, the review undertaken beginning in or about the end of 2020 and the beginning of 2021 and the review that led to the report to NCMEC that was described in the June 20, 2022 New Yorker magazine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

1    Defendant objects to this Request on the grounds that it is overly broad,

2   unduly burdensome, not reasonably calculated to lead to the discovery of

3   admissible evidence, and not proportional to the needs of the case, particularly to

4   the needs of addressing the Court's exercise of personal jurisdiction over Mr.

5   Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

6   objects to this Request to the extent it seeks documents unrelated to personal

7   jurisdiction or outside the scope of the jurisdictional discovery permitted by the

8   Court's July 29 Order.  Defendant further objects that this Request is not limited to

9   Pornhub, the only tubesite on which Plaintiff alleges content depicting her was

10  uploaded, and to suspected CSAM.  Defendant further objects to this Request on

11  the grounds that it is overly broad and unduly burdensome to the extent it seeks

12  documents concerning content other than that depicting Plaintiff.  Defendant further

13  objects to this Request to the extent it seeks information protected by the attorney-

14  client privilege or work product doctrine.  Defendant further objects to this Request

15  on the grounds that it is duplicative of information already sought by Plaintiff from

16  MindGeek.

17

18  **REQUEST FOR PRODUCTION NO. 50:**

19    All documents or communications related to the purchase, upload, or

20  distribution of content to any MindGeek platform or MindGeek Tubesite, any

21  MindGeek Related Entity, or any person or entity working for MindGeek or a

22  MindGeek related entity.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

24    Defendant objects to this Request on the grounds that it is overly broad,

25  unduly burdensome, not reasonably calculated to lead to the discovery of

26  admissible evidence, and not proportional to the needs of the case, particularly to

27  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

28  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Defendant further

1  objects to this Request to the extent it seeks documents unrelated to personal

2  jurisdiction or outside the scope of the jurisdictional discovery permitted by the

3  Court's July 29 Order.  Defendant further objects that this Request is not limited to

4  Pornhub, the only tubesite on which Plaintiff alleges content depicting her was

5  uploaded, and to suspected CSAM.  Defendant further objects to this Request on

6  the grounds that it is overly broad and unduly burdensome in that, on its face, it

7  seeks all documents related to every piece of content on any MindGeek platform or

8  tubesite.  Defendant further objects to this Request on the grounds that it is overly

9  broad and unduly burdensome to the extent it seeks documents concerning content

10  other than that depicting Plaintiff.  Defendant further objects to this Request to the

11  extent it seeks information protected by the attorney-client privilege or work

12  product doctrine.  Defendant further objects to this Request on the grounds that it is

13  duplicative of information already sought by Plaintiff from MindGeek.

14

15  **REQUEST FOR PRODUCTION NO. 51:**

16      All documents or communications reflecting agreements or relationships

17  with any banks, credit card networks, payment processors, or similar entities

18  concerning the processing of payments for products, services, advertising, or

19  otherwise through MindGeek's platforms or websites.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

21      Defendant objects to this Request on the grounds that it is overly broad,

22  unduly burdensome, not reasonably calculated to lead to the discovery of

23  admissible evidence, and not proportional to the needs of the case, particularly to

24  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

25  Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to

26  the entities that are parties to this action.  Defendant further objects to this Request

27  to the extent it seeks documents unrelated to personal jurisdiction or outside the

28  scope of the jurisdictional discovery permitted by the Court's July 29 Order.

Defendant further objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 52:**

All documents concerning communications with the media, news organizations, journalists, legislators, law enforcement, regulators, quasi-governmental agencies, media relations companies, the Free Speech Coalition, 5wPR, or on social media platforms either directly, through aliases, or through agents, surrogates, or other social media participants concerning CSAM, nonconsensual, prohibited, or illegal content on MindGeek's platforms or websites or internal or external news, media or other reports, allegations, or complaints regarding the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities that are parties to this action.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Defendant further objects that this Request is not limited to documents related to suspected

CSAM.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 53:**

All documents sufficient to show all copyright DCMA take down notices MindGeek has issued.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities that are parties to this action.  Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Defendant further objects to this Request on the grounds that copyright infringement is not relevant to Plaintiff's claims in this action.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

**REQUEST FOR PRODUCTION NO. 54:**

All documents reflecting DCMA take down notices MindGeek has received and the responses it made to each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

46

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities that are parties to this action. Defendant further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29 Order. Defendant further objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Defendant further objects to this Request on the grounds that copyright infringement is not relevant to Plaintiff's claims in this action. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Defendant further objects to this Request on the grounds that it is duplicative of information already sought by Plaintiff from MindGeek.

Dated: October 20, 2022

MORRISON & FOERSTER LLP

By: _/s/ Dan Marmalefsky_
     Dan Marmalefsky

WALDEN, MACHT & HARAN LLP

By: _/s/ Ronald G. White_
     Ronald G. White

Attorneys for Defendant
BERND BERGMAIR

47

# CERTIFICATE OF SERVICE

I, Ronald G. White, certify that on October 20, 2022, I caused the foregoing Defendant Bernd Bergmair's Responses to Plaintiff's First Request for Production of Documents to be served by email on counsel of record.

_/s/ Ronald G. White_
Ronald G. White

BERGMAIR'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

SF-4945071