1  BENJAMIN M. SADUN (287533)
2  benjamin.sadun@dechert.com
   DECHERT LLP
3  US Bank Tower, 633 West 5th Street,
4  Suite 4900
   Los Angeles, CA 90071-2013
5  Phone: (213) 808-5721; Fax: (213) 808-5760

6
   KATHLEEN N. MASSEY (*admitted pro hac vice*)
7  kathleen.massey@dechert.com
8  Three Bryant Park
   1095 Avenue of the Americas
9  New York, NY 10036
10 Phone: (212) 698-3500; Fax: (212) 698 3599

11 *Attorneys for Defendants*

12               UNITED STATES DISTRICT COURT
13             CENTRAL DISTRICT OF CALIFORNIA
                  SOUTHERN DIVISION
14
   SERENA FLEITES,                    | CASE NO.  2:21-CV-04920-CJC-ADS
15
            Plaintiff,                | Judicial Officer:    Autumn D. Spaeth
16
         v.                           |
17                                    | **MEMORANDUM OF LAW IN
   MINDGEEK S.A.R.L.; MG              | FURTHER SUPPORT OF MOTION
18 FREESITES, LTD; MINDGEEK USA       | BY MINDGEEK ENTITY
   INCORPORATED; MG PREMIUM           | DEFENDANTS TO COMPEL
19 LTD.; MG GLOBAL                     | PLAINTIFF'S RESPONSES TO
20 ENTERTAINMENT INC.; 9219-5618      | INTERROGATORIES AND
   QUEBEC INC.; BERND BERGMAIR;       | REQUESTS FOR PRODUCTION
21 FERAS ANTOON; DAVID                 | OF DOCUMENTS**
22 TASSILLO; COREY URMAN; VISA        |
   INC.; COLBECK CAPITAL DOES 1-      | Hearing:      December 21, 2022: 10:00
23 5; BERGMAIR DOES 1-5               | Courtroom:  6B
24                                    |
            Defendants.              | Jurisdictional Discovery Deadline:
25                                    | December 30, 2022
26
27
28

                                                    CASE NO. 2:21-cv-04920
         **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

1

# **TABLE OF CONTENTS**

2                                                                                    **Page**

3    INTRODUCTION ........................................................................................................1

4    ARGUMENT ..............................................................................................................3

5        I.      THE MINDGEEK ENTITY DEFENDANTS'
                 INTERROGATORIES AND DOCUMENT REQUESTS ALL
6                PERTAIN TO PERSONAL JURISDICTION ....................................3

7        II.     PLAINTIFF HAS WAIVED HER REMAINING OBJECTIONS........5

8    CONCLUSION............................................................................................................5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

**INTRODUCTION**

Plaintiff's portion of the joint stipulation repeatedly mischaracterizes Judge Carney's July 29, 2022 ruling ordering jurisdictional discovery. *Fleites v. MindGeek, S.A.R.L.,* 2022 WL 4455558 (C.D. Cal. July 29, 2022). As an initial matter, Plaintiff's claim that the Court has only authorized one-way discovery of the MindGeek-related Defendants is not supported by the Court's jurisdictional discovery Order. To the contrary, the Court ordered "Plaintiff ***and*** the MindGeek Defendants to engage in jurisdictional discovery." *Id.* at *5 (emphasis added). The Court also noted in the jurisdictional discovery order that "personal jurisdiction is just that: *personal*," that Plaintiff had made no allegation "specific to MindGeek S.A.R.L." except that it owns and operates websites, that "the Court cannot derive from the complaint a clear understanding of MG Premium's specific contacts" and that while "Plaintiff does allege that MG Premium owns and operates certain MindGeek paid sites … it is not clear from the FAC that Plaintiff's videos were placed on any of MindGeek's premium sites." *Id.* at n.3. Information about these topics is clearly germane to determining whether the Court has specific jurisdiction over the two entities challenging jurisdiction; and nothing in the Court's Order prohibits the MindGeek Entity Defendants from serving discovery requests on Plaintiff regarding whether her claims arise out of these entities' contacts with the jurisdiction. Indeed, Plaintiff initially agreed to produce documents responsive to some of the MindGeek Entity Defendants' document requests before changing her position and is now refusing to do so. Responses to the MindGeek Entity Defendants' requests are necessary here.

This is not a case where the defendants have a full understanding of the facts allegedly giving rise to Plaintiff's claims. Plaintiff has alleged in her FAC that underage videos of her appeared on Pornhub (and possibly other websites operated by the MindGeek Entity Defendants) but little beyond those facts. Apart from the fact that she filmed them herself, she has pleaded almost no specific facts describing who the videos were initially disseminated to, who allegedly uploaded the videos to

1  Pornhub, who Plaintiff and the uploaders allegedly interacted with at Pornhub

2  (including with respect to requests to remove the material) and who allegedly caused

3  harm to her.  These are all essential facts that must be known to evaluate whether

4  Plaintiff's claims against MindGeek S.a.r.l. and MG Premium Ltd. arise out of *those*

5  entities' jurisdictional contacts and activities.  Without an understanding of who did

6  what, where, and to whom, it is impossible to evaluate whether any action taken by

7  MindGeek S.a.r.l. or MG Premium Ltd. is at all related to the harm Plaintiff alleges.

8        The MindGeek Entity Defendants have doggedly tried to locate this

9  information themselves but have been unable to do so.  Indeed, the MindGeek Entity

10  Defendants have not been able to locate any information related to the uploading of

11  content depicting Plaintiff when she was underage.  In an effort to locate documents

12  related to the videos Plaintiff alleges appeared on Pornhub (and produce those

13  documents to Plaintiff), the MindGeek Entity Defendants propounded discovery on

14  Plaintiff to obtain that information (and also sought it informally). *See* Interrogatories

15  Nos. 2-6, 8, 10 (Ex. A); Requests for Production ("RFPs") Nos. 1-10 (Ex. B).  But,

16  after agreeing to provide limited material in response to many of these requests,

17  Plaintiff has now stated in her portions of the Joint Stipulation that she flatly refuses

18  to provide *any* such material, needlessly extending jurisdictional discovery and

19  delaying her own receipt of information essential to resolving the Parties' disputes as

20  to personal jurisdiction.  With respect to the MindGeek Entity Defendants' remaining

21  requests, each seeks information regarding the basis for Plaintiff's claim in the FAC

22  that the MindGeek Entity Defendants fail to observe all necessary corporate

23  formalities—what now appears to be Plaintiff's primary argument for exercising

24  jurisdiction over MindGeek S.a.r.l. and MG Premium Ltd.  *See* Interrogatories Nos.

25  11-13 (Ex. A); RFP No. 11 (Ex. B).  Plaintiff refuses to provide material in response

26  to these interrogatories; and although she initially agreed to produce documents in

27  response to the document request if they exist, she now refuses to do so.  It is

28  accordingly ***Plaintiff*** who is obstructing the jurisdictional discovery process by

refusing to provide plainly relevant and timely interrogatory responses and documents, not the MindGeek Entity Defendants.

## ARGUMENT

### I. DEFENDANTS' INTERROGATORIES AND DOCUMENT REQUESTS ALL PERTAIN TO PERSONAL JURISDICTION

Plaintiff claims in her portion of the Joint Statement that the Court "outlined the precise categories of information it deemed relevant to evaluate whether the Court may exercise jurisdiction over MindGeek S.a.r.l., MG Premium Ltd., and the individual defendants,"[1] but then she omits the most elemental inquiry: whether MindGeek S.a.r.l. and MG Premium Ltd. have sufficient relevant jurisdictional contacts to support personal jurisdiction. *Fleites*, 2022 WL 4455558, at \*1-2. If Plaintiff is conceding that MindGeek S.a.r.l. and MG Premium Ltd. do not have sufficient relevant contacts to maintain personal jurisdiction over them on a personal basis, she should say so and narrow the scope of jurisdictional discovery. But her own discovery requests belie this by seeking voluminous information concerning all of the MindGeek Entity Defendants' individual contacts with California and the United States. As just one example, Plaintiff has sought all documents: "relating to MindGeek's past or present jurisdictional contacts with the United States or California." [RFP No. 7 Dkt. 224-5 at 12]. Plaintiff cannot, on the one hand, seek sweeping discovery on an issue and then decline to produce targeted discovery about the same issue to Defendants, on the other.

There is no dispute that neither MindGeek S.a.r.l. nor MG Premium Ltd. are incorporated or have their principal place of business in California (or anywhere in the United States) such that they are subject to general personal jurisdiction in this Court. If Plaintiff is arguing that the Court may exercise personal jurisdiction over

---

[1] Plaintiff mischaracterizes the scope of jurisdictional discovery and the Court certainly has **not** found that Plaintiff has "plead[ed] sufficient alter ego allegations" as she claims; in fact, the Court admonished Plaintiff that her assertions are "group-pleading and conclusory allegations." *Fleites*, 2022 WL 4455558, at \*4.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

1    MindGeek S.a.r.l. and MG Premium Ltd. based upon their individual activities, she

2    must demonstrate that those entities not only have "certain minimum contacts ... such

3    that the maintenance of the suit does not offend traditional notions of fair play and

4    substantial justice," *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quotation and citation

5    omitted), but also that Plaintiff's "claim … arises out of or relates to the defendant's

6    forum-related activities." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797,

7    802 (9th Cir. 2004); *see also Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773,

8    1780-81 (2017).  In other words, the defendant's allegedly tortious conduct must be

9    directly related to the harm claimed by the plaintiff.  This is the precise information

10   sought by the MindGeek Entity Defendants' Interrogatories Nos. 2-6, 8 & 10 (Ex. A)

11   and RFP Nos. 1-10 (Ex. B), and responses to these requests are necessary to determine

12   whether MindGeek S.a.r.l. or MG Premium Ltd. took any action in their individual

13   capacities that harmed Plaintiff.  Plaintiff's refusal to provide this information, which

14   she presumably has readily available, is improper and counterproductive to the goal

15   of completing jurisdictional discovery.

16        The MindGeek Entity Defendants' remaining requests seek information

17   concerning the basis for Plaintiff's alter-ego theory, which appears to be Plaintiff's

18   primary argument in favor of a finding of personal jurisdiction.  Plaintiff presumably

19   had some belief that she could demonstrate "'such unity of interest and ownership'

20   between parent and subsidiary 'that the separate personalities of the [various] entities

21   no longer exist'" when she (wrongly) claimed that the MindGeek Entity Defendants'

22   corporate structure was a sham in the FAC.  *Iconlab, Inc. v. Bausch Health Cos.*, 828

23   F. App'x 363, 364 (9th Cir. 2020) (quoting *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1073

24   (9th Cir. 2015)).  There is no question that information suggesting a lack of corporate

25   separateness would be relevant to Plaintiff's alter-ego argument and Plaintiff

26   presumably has it readily available.  Defendants are entitled to understand the basis

27   of these allegations so they can be challenged and refuted.  Plaintiff's claim that this

28   information is "unrelated to the issue of jurisdictional discovery" is baseless.

## II.    PLAINTIFF HAS WAIVED HER REMAINING OBJECTIONS

Plaintiff's portion of the Joint Stipulation limited her objections to the MindGeek Entity Defendants' requests almost exclusively to two arguments: that jurisdictional discovery may not be taken from her and that the requests are not related to personal jurisdiction.  To the extent that Plaintiff set forth remaining objections but failed to include those contentions in the Joint Stipulation, those objections are waived.  "[O]bjections that were raised in response to a particular discovery request, but were not argued in the Joint Stipulation, are deemed waived."  *MarketLinx, Inc. v. Industry Access Inc.*, 2013 WL 12133884, *2 (C.D. Cal. Jan. 2, 2013); *Huang v. Big Data Supply Inc.*, 2021 WL 4816827, *3 (C.D. Cal. Aug. 12, 2021) ("objections asserted in discovery responses but not raised in briefing on a discovery motion are … waived).  Plaintiff purports to have preserved her other objections through a series of footnotes in the Joint Stipulation but this is insufficient – objections must be ***argued*** or they are waived. *MarketLinx, Inc.*, 2013 WL 12133884, *2.  Any contrary ruling would force a new round of briefing on Plaintiff's remaining objections even though they are properly before the Court on the MindGeek Entity Defendants' motion.

Plaintiff also argues for the first time in footnote 3 that although she initially agreed to produce certain responsive documents and information, she should not be held to that agreement.  She claims her initial agreement to produce was based on the assumption that discovery was not limited to jurisdiction.  But the Court's Orders issued on July 29 were clear and Defendants had notified Plaintiff well before she responded that discovery was limited to jurisdiction.  Indeed, her own interrogatory responses distinguish between jurisdictional and merits discovery.  This is exactly the kind of gamesmanship that Local Rule 37-2 is intended to avoid.  Accordingly, to the extent Plaintiff has raised objections she has not argued in the Joint Stipulation, those objections are waived.

## CONCLUSION

The MindGeek Entity Defendants' Motion to Compel should be granted.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

1

2    DATED: December 7, 2022          Respectfully submitted,

3

4                                          /s/    *Kathleen N. Massey*
                                    KATHLEEN N. MASSEY (*admitted pro hac*
5                                   *vice*)
                                    kathleen.massey@dechert.com
6                                   DECHERT LLP
                                    Three Bryant Park
7                                   1095 Avenue of the Americas
                                    New York, NY 10036
8                                   Phone: (212) 698-3500; Fax: (212) 698 3599
                                    *Attorneys for Defendants*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**