Michael J. Bowe
(admitted pro hac vice)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted pro hac vice)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer: Autumn Spaeth<br>Courtroom: 6B<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: December 21, 2022<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: December 30, 2022 |

## PRELIMINARY STATEMENT

In opposition to Plaintiffs' Motion to Compel Discovery, Defendants go to great lengths to argue they complied with their jurisdictional discovery obligations. Relying primarily on 60 documents produced the night before they transmitted their portion of the Joint Stipulation to Plaintiff, one week after Plaintiff served their motion to compel on Defendants' counsel and nearly 9 weeks after Defendants served their objections to Plaintiffs' discovery requests and the parties' numerous meet and confers on those objections, Defendants argue that they have complied with the Court's July 29, 2022 and November 17, 2022 Orders. But a cursory review of their list of cherry-picked documents concerning the ownership, intercompany relationships and governance of the 11 named defendants in this action and their hundreds of shell entities demonstrates the woeful deficiencies in their production. And, just yesterday, counsel for defendants informed counsel for Plaintiffs that they intend to make one more small production before deeming their production complete.

As set forth herein, despite claiming that they have been diligent in their discovery efforts and have complied with this Court's prior orders concerning the scope of jurisdictional discovery, to date, defendants have still failed to produce broad categories of relevant discovery including, by way of example: (i) documents and communications concerning the exercise of control over the various MindGeek Entities' operation, including policies and procedures that govern the entities handling of CSAM, the implementation of those procedures, and the individual's ultimately responsible for emplacing and monitoring compliance with those procedures; (ii) communications concerning Plaintiff; (iii) documents concerning the internal organizational structure and departments of the various organizations; (iv) documents identifying outside personnel or vendors with past or present responsibility for moderating and formatting content; (v) documents and information pertaining to MindGeek S.A.R.L.'s and MG Premium Ltd.'s travel and

contacts with the United States, including California; the locations of information technology and support centers used to operate MindGeek websites; and contact lists and documents showing the methods of communications used by the Individual Defendants while carrying out business for the MindGeek Entities.. And even the 60 documents defendants produced the night before they served their opposition to Plaintiffs' motion and which defendants claim obviate this motion fail to correct these deficiencies.

As set forth in Plaintiffs' moving brief, this Court has already determined that each of these categories of information is relevant to the jurisdictional analysis and discoverable. Dkt. 224, at 3. Accordingly, Defendants should be ordered to produce documents in response to Plaintiff's Requests for Production Nos. 1, 6, 13, 26, and 27, and to supplement its responses to Plaintiff's Interrogatories Nos. 4, 9, 10, and 14.

I. **DEFENDANTS HAVE FAILED TO COMPLY WITH THIS COURT'S PRIOR ORDERS CONCERNING JURISDICTIONAL DISCOVERY**

A. **Defendants Have Failed to Produce Communications Concerning Plaintiff.**

More than three months after Plaintiffs served initial discovery on the MindGeek Entity Defendants, Defendants have failed to produce communications concerning Plaintiff.[1] Their production is limited to a single five-page e-mail communication from December 2020. *See* Doyle Decl., ¶ 17. As set forth in Plaintiff's Moving Brief, nothing could be more relevant to the Court's jurisdictional analysis than materials evidencing the roles that the various MindGeek

---

[1] This refusal comes despite the fact that the Individual Defendants have largely refused or declined to produce documents and communications on the grounds that any production would be duplicative of documents produced by the MindGeek Entities. During a recent meet and confer, the MindGeek Entities informed Plaintiff that production of the Individual Defendants' communications is restricted by privacy laws of the various foreign countries in which they are located. *See* Doyle Decl. ¶ 11. Plaintiffs will be filing a separate motion to compel the Individual Defendants to comply with discovery obligations.

Entities and their officers, directors, and employees played in the solicitation, optimization, dissemination, and capitalization of Plaintiff's CSAM. Dkt. 224-5, at 9, RFP No. 1. Nevertheless, defendants continue to argue that this request is premature and communications concerning Plaintiff are not relevant to jurisdictional discovery. Dkt. 224-5, at 9-10, Def. Resp. to RFP No. 1 (arguing that communications concerning plaintiff are "not proportional to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. and the viability of Plaintiff's alter ego arguments.")

Relying on their 11th-hour, November 29, 2022 production of materials made on the eve of the due date for Defendants' portion of the joint stipulation, and after having the benefit of reviewing Plaintiff's portion of the motion to compel,[2] Defendants' now ask the Court to deny Plaintiff's motion because they "did find some documents and information concerning content uploaded to Pornhub after Plaintiff was an adult and communications regarding attempts to locate the content at issue in this litigation" and "have produced those materials." Dkt. 224 at 9. The Court need not labor long on analyzing this misdirection however, because the production consists of a single, four-page email exchange from December 2020 discussing whether MindGeek had received any removal requests for a number of individuals, including Plaintiff. *See* Doyle Decl., ¶ 17. The "content" that was discovered, consisted of Plaintiff's verification information to obtain a verified user account, which itself did not contain pornography.[3] *Id.* at ¶ 18. Conspicuously absent from this production are any other communications, even though the single communication defendants did produce indicates additional communications

---

[2] *See* Doyle Decl. ¶12. On November 22, 2022, Plaintiff's counsel sent their portion of the Rule 37-2 Joint Stipulation to Defendants. Defendants were to submit their material in response on November 30, 2022. At 4:59 p.m. on November 29, 2022, Defendants notified Plaintiff of a supplemental document production containing the purportedly responsive material. *Id.*
[3] The produced document contains commentary purportedly associated with a website link, the contents of which are unknown to Plaintiff's counsel.

occurred.[4] *See* Doyle Decl., ¶ 17.

## B. Defendants Failed To Produce Other Categories Of Relevant Information.

Defendants' claims that they "have provided or are in the process of providing discovery" are likewise belied by a comparison of Plaintiff's request to the Responses defendants cite. Plaintiff's requests sought a variety of other jurisdictionally relevant material, including identities and information pertaining to content moderators and the persons paying them (RFP No. 6; ROG No. 9); monthly, quarterly, and annual bank and investment statements (RFP No. 13); the locations and functions of MindGeek's IT infrastructure and networks, and data storage and server centers, as well as the location of child pornography stored on those systems (RFP No. 26; ROG Nos. 10, 14); the jurisdictional activities of the MindGeek Entities and Individuals and their agents (ROG No. 4); and cell phone and messaging information pertaining to the Individual Defendants (RFP No. 27).

With respect to each of these categories, Defendants either provided limited responses, withheld relevant documents and material, or otherwise refused to substantively respond. By way of example, with respect to Plaintiffs' request for information concerning the the location and purpose of Defendants' servers and information technology centers that support their operations, Defendants conceded that they limited their responses to the location of their servers related to Pornhub, but claim that their new willingness to "identify the location of servers that host content for other tubesites as well" should eliminate the need for further dispute because "the remaining aspects of RFP No. 26 and Interrogatory No. 10 . . . do not advance the goal of jurisdictional discovery[.]" Dkt. 224 at 32-33. But this is not the case. Certainly the additional, previously withheld information is relevant to the

---

[4] This reluctance to provide responsive material, despite it being in Defendants' possession, is not unlike that already demonstrated by Defendants' in their opposition to Plaintiff's request for letters rogatory. *See* Motion Hr'g Tr. 18:14-24 (admitting that the requested documents or "[a]lmost all of them" were in Defendants' possession).

Court's jurisdiction over Defendants, but the location of servers is only a small part of Plaintiff's request, and information pertaining to the infrastructure location, personnel, and services that host or facilitate the flow of user data, financial transaction and account information, as well as the direct communication servers that facilitate the transmission of data are all relevant to an evaluation Defendants' activities and their control over the various facets of MindGeek's operations. Defendants' responses to Plaintiff's requests for moderator data and pertinent communication methods used by Defendants' agents follow a similar obstructive pattern. Defendants' insist that the "actual names of those employees" and the manner in which they are paid have "no bearing on" the exercise of personal jurisdiction. Dkt. 224 at 36. But this disregards the obvious – that information pertaining to the manner in which Plaintiff's CSAM was screened and reuploaded, the policies governing their conduct, and the source of payment compensation (particularly if different from their named employer), are all relevant factors for determining alter ego jurisdiction. This is particularly true where Defendants have conceded in their interrogatory responses that employers from certain entities served as moderators for other entities. Dkt. 224-8, Response to ROG No. 8 (filed under seal). Defendants have also refused to provide the contact lists maintained by the Individual Defendants or to identify the messaging services used by each in the conduct of their business, arguing that the information should be "sought from other parties." Dkt. 224-5, at 22. But as set forth in Plaintiff's moving brief, this Court has already held that Plaintiff may seek the same information from more than one party. Dkt. 224, at 36.

## CONCLUSION

Defendants' have not meaningfully participated in jurisdictional discovery and have refused to produce the very categories of material that this Court has deemed relevant to its jurisdictional analysis. Accordingly, they should be compelled to produce the requested material and to supplement their responses.

| | | |
|---|---|---|
| 1 | DATED: December 7, 2022 | Respectfully Submitted |
| 2 | | BROWN RUDNICK LLP |
| 4 | | By: _____ |
| 5 | | MICHAEL J. BOWE (*pro hac vice*) |
| | | mbowe@brownrudnick.com |
| 6 | | LAUREN TABAKSBLAT |
| 7 | | (*pro hac vice*) |
| | | ltabaksblat@brownrudnick.com |
| 8 | | 7 Times Square |
| 9 | | New York, NY 10036 |
| | | Phone: (212) 209-4800 |
| 10 | | Fax: (212) 209-4801 |
| 12 | | David M. Stein (#198256) |
| | | dstein@brownrudnick.com |
| 13 | | 2211 Michelson Drive, 7th Floor |
| 14 | | Irvine, California  92612 |
| | | Telephone: (949) 752-7100 |
| 15 | | Facsimile:  (949) 252-1514 |
| 16 | | Attorneys for Plaintiffs |