Michael J. Bowe
(admitted pro hac vice)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted pro hac vice)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer: Autumn Spaeth<br>Courtroom: 6B<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: December 21, 2022<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: December 30, 2022 |

CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

**DECLARATION OF JOHN G. DOYLE**

I, John G. Doyle, declare as follows:

1. I am an associate with Brown Rudnick LLP and counsel for Plaintiff Serena Fleites in the above referenced matter. I submit this declaration in support of Plaintiff's Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories ("Plaintiff's Motion to Compel"). I have personal knowledge of the matters set forth herein.

2. Plaintiff served the MindGeek Entity Defendants ("the Defendants") with her First Set of Interrogatories ("Plaintiff's Interrogatories" or "ROG") on August 17, 2022 and her First Set of Requests for Production ("Plaintiff's RFPs") on August 23, 2022.

3. On September 22, 2022, the MindGeek Entity Defendants provided Plaintiff with their responses and objections to Plaintiff's RFPs.

4. On the evening of September 22, 2022, the MindGeek Entity Defendants provided a redacted version of their responses and objections to Plaintiff's Interrogatories.

5. Immediately upon receiving Defendant's responses and objections, on Thursday, September 22, 2022, Plaintiff requested to meet and confer with Defendants on Monday, September 26, 2022. The parties agreed to meet and confer on Tuesday, September 27, 2022.

6. On September 27, 2022, Plaintiff sent Defendants a detailed letter identifying each issue and discovery request in dispute, and reserving on others, in accordance with Local Rule 37-1.

7. The parties met and conferred on September 27, 2022.

8. The Defendants responded to Plaintiff's September 27, 2022 letter on October 12, 2022. (Dkt. 224-7) After the Court entered the proposed protective order ("PO") on October 14, 2022, Dkt. 187, counsel for Plaintiff, on that same day,

1    CASE NO. 21-CV-04920-CJC-ADS

DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

requested that all defendants produce any discovery materials withheld on the basis that a PO was not in place.

9. The MindGeek Entity Defendants did not make their first production of documents until October 21, 2022. The document production included a mere 73 documents, none of which included any communications between the Individual Defendants and/or the MindGeek Entity Defendants, or any email or other correspondence. Moreover, none of the documents produced on October 21, 2022, contain any communications to, with, from, or about Plaintiff. The same holds true for the MindGeek Entities' second set of productions issued on November 10, 2022. The produced material is limited in nature and generally consists of one-page corporate organizational charts, year-end financial statements, executive employment agreements, intellectual property licensing agreements, and lease agreements for non-Defendant entities.

10. On October 17, 2022, Defendants provided an unredacted version of their responses and objections to Plaintiff's Interrogatories ("Defendants' Interrogatory Response"). Defendants designated these unredacted responses as "Confidential" pursuant to the Stipulated Protective Order entered by this Court.

11. On October 26, 2022, Plaintiff requested a second meet and confer to discuss the subject discovery disputes. On October 31, 2022, the Parties met and conferred, but were unable to resolve the subject issues contained in Plaintiff's Motion to Compel. An additional meet and confer held on November 14, 2022, also failed to resolve the parties' disputes. In a discussion concerning Plaintiff's various requests for communications made by MindGeek Individuals, Defense counsel indicated that, in addition to their asserted objections, privacy laws of the various foreign countries

within which the companies and individuals were located may restrict the ability of Defendants to release the requested information.

12. On November 22, 2022, Plaintiff notified Defendants of her intent to file a motion to compel their responses to her requests for production and interrogatories and, in accordance with Local Rule 37-2.2, delivered to Defendants' counsel Plaintiff's portion of the joint stipulation to be filed in support of her Motion to Compel. Defendants' deadline to respond was November 29, 2022.

13. On November 28, 2022, Defendants emailed Plaintiff concerning several discovery issues they wanted to raise that "could impact arguments made in the motion to compel." Therein, Defendants renewed their request to provide them with information that could assist in their search for Plaintiff's material and engaged Plaintiff concerning three matters in an effort to determine if their actions or offers would moot Plaintiff's motion with respect to Plaintiff's RFP No. 1, ROG No. 8, and ROG No. 10. First, Defendants notified Plaintiff that they had found "materials related to other content that was uploaded after Plaintiff was an adult and communications regarding the attempts to find Plaintiff's content" and would produce them, and inquired as to whether this would moot the issues surrounding RFP No. 1. Second, Defendants offered to identify the location of servers that host content for other tubesites as well as Pornhub and inquired as to whether this would moot the issues surrounding ROG No. 10. Third, Defendants' offered to identify the MindGeek entities that employed and compensated the individuals who performed moderation, monitoring, review, and formatting of content for other tubesites, including the individuals who had responsibility for the policies and procedures relating to these activities and inquired as to whether that would moot the issues surrounding ROG No. 8.

14. That same evening, Plaintiff responded to Defendants' requests. With respect to Defendants' inquiries pertaining to RFP No. 1 and ROG No. 10, Plaintiff

informed Defendants that unless they intend to produce materials responsive to all categories of material and information requested, the offered material would not moot the motion to compel regarding those requests. With respect to RFP No. 8, Plaintiff explained that full disclosure of the information requested in ROG Nos. 8 & 9 would be required to moot the discovery issue. Plaintiff further informed Defendant that it was "unclear from your offer as to whether you intend to disclose the identities of the individuals responsible for these various roles and the source of their compensation" and requested Defendants to clarify their representation. In reply, Defendants simply responded to the parties previous discussions concerning an agreed upon time to exchange stipulation materials, agreeing to the proposed date and time of noon on Wednesday, November 30, 2022. The parties subsequently agreed to an exchange time of 2:00 p.m. (EST) on November 30, 2022.

15. On Tuesday, November 29, 2022, at 4:58 p.m. (EST), Defendants sent an email to Plaintiff, with an attached letter notifying counsel of a third document production. The email contained a link to download the documents. Amongst the documents purportedly produced were "Internal communications regarding attempts made to locate content depicting Plaintiff when was [sic] underaged" and "Spreadsheet contained information related to Plaintiff's Pornhub account and content uploaded to Pornhub.com after Plaintiff was an adult".

16. Plaintiff immediately began processing Defendants' production for review. That process was completed on November 30, 2022 at 7:57 p.m. (EST). The production consisted of 60 documents totaling approximately 817 pages.

17. Only one of the 60 documents produced was a communication concerning Plaintiff. That document consists of four total pages containing five emails ranging in date from December 1, 2020 to December 7, 2020. The document concerns an effort to locate content removal requests for named individuals, one of which was Plaintiff and indicated additional communications occurred outside of the

produced document. Defendants believe the contents of this document are "Confidential" and have marked the document as such.

18. The November 29, 2022 production also contained a spreadsheet containing personal and other biographical information pertaining to Plaintiff. That document contains a clothed photo of Plaintiff and a photo image of her driver's license, but does not contain "content" such as pornographic videos or images. The document does contain links to a video of unknown content.

Executed this 7th day of December 2022 in Washington, D.C.

**BROWN RUDNICK LLP**

By: /s/ *John G. Doyle*
John G. Doyle