|  |  |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>　　　　Defendants. | CASE NO.  2:21-CV-04920-CJC-ADS<br><br>**Letter of Request for International Judicial Assistance, (Letter Rogatory) to Raymond Chabot Grant Thornton LLP** |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER ROGATORY)

The United States District Court for the Central District of California presents its compliments to the Superior Court of Québec and has the honor of requesting its assistance in obtaining documentary evidence and deposition testimony for use at trial in a civil proceeding now pending before this court in the above-captioned matter. The parties are currently engaged in jurisdictional fact discovery, which is scheduled to close on May 1, 2023.

The Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Superior Court of Québec compel the production of documents and appearance to give testimony under oath by the individuals named below.

1  This request is made pursuant to Rule 4(f)(2)(B) of the Federal Rules of Civil
2  Procedure, the All Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §1781 (permitting the
3  transmittal of letters rogatory through the district courts and the Department of State);
4  the *Canada Evidence Act*, R.S.C., 1985, c. C-5; and Québec's *Code of Civil*
5  *Procedure*, C.Q.L.R. c. C-25.01, §§ 504-506.  The United States District Court for
6  the Central District of California is a competent court of law and equity which
7  properly has jurisdiction over this proceeding, and has the power to compel the
8  attendance of witnesses and production of documents both within and outside its
9  jurisdiction. Grant Thornton is a global network of 62,000 people and member firms
10 that provide assurance, tax and advisory services to their clients.  Raymond Chabot
11 Grant Thornton LLP is one of those member firms, and its related subsidiaries and
12 organizations, carries on business in Canada, within the Province of Québec and, on
13 information and belief, Grant Thornton provided audit services to companies owned
14 and operated by the MindGeek Defendants for a period of approximately eight years
15 beginning in 2012, and has or is likely to have possession of the documents specified
16 in Schedule A and knowledge of the subject matter specified in Schedule B herein.
17 The testimony and production of documents are intended for use at trial or directly in
18 the preparation of trial and in the view of this Court, will be relevant to claims and
19 defenses in the case.

20  This request is made with the understanding that it will in no way require any
21 person to commit any offense, or to undergo a broader form of inquiry than he or she
22 would if the litigation were conducted in a Canadian court.  The requesting Court is
23 satisfied that the evidence sought to be obtained through this request is relevant and
24 necessary and cannot be obtained through other methods.  Because this Court lacks
25 authority to compel participation of these persons and such participation being
26 necessary in order that justice be served in the above-captioned proceedings, this
27 Court respectfully requests assistance from the Superior Court of Québec.  The
28 particulars of the Letter Rogatory are as follows:

1. **Sender**

    The Honorable Autumn D. Spaeth
    United States Magistrate Judge
    U.S. District Court for the Central District of California
    411 West Fourth Street
    Santa Ana, California 92701-4516
    United States

2. **Central Authority of the Requested State**

    Superior Court of Québec
    Palais de Justice de Montréal
    1, rue Notre-Dame Est
    Montréal, Québec
    H2Y 1B6
    Canada

3. **Person to Whom the Executed Request is to be Returned**

    Michael J. Bowe and Lauren Tabaksblat
    Brown Rudnick LLP
    7 Times Square
    New York, New York 10036
    United States of America
    mbowe@brownrudnick.com
    ltabaksblat@brownrudnick.com

4. **Names and Address of Witness/Person from Whom Evidence is Sought**

    Raymond Chabot Grant Thornton LLP
    National Bank Tower
    600 De La Gauchetiere Street West
    Montréal, Québec
    H3B 4L8
    Canada

5. **Time For Completion Of Production Of Documents And Testimony**

    The Court has set May 1, 2023, as the close of jurisdictional fact discovery in the above-noted action. The Court therefore requests that you order the production of

documents from Raymond Chabot Grant Thornton LLP on or before February 20, 2023, to Plaintiff in the above-referenced action care of Brown Rudnick LLP, 7 Times Square, New York, NY 10036 U.S.A.  The Court further requests that you order the deposition of a Raymond Chabot Grant Thornton LLP corporate representative of Raymond Chabot Grant Thornton LLP's election, to occur on or before March 17, 2023, and at least two weeks after documents have been produced.

**6.   Requesting Judicial Authority**

>The Honorable Autumn D. Spaeth
>United States District Court Judge
>U.S. District Court for the Central District of California
>411 West Fourth Street
>Santa Ana, California 92701-4516
>United States

**7.   To the Competent Authority of:**

>The Superior Court of Québec

**8.   Name of the Case and identifying Number**

>Serena Fleites v. MindGeek S.a.r.l.; MG Freesites, Ltd.; MindGeek USA Incorporated; MG Premium Ltd.; MG Global Entertainment Inc.; 9219-1568 Quebec, Inc.; Bernd Bergmair; Feras Antoon; David Tassillo; Corey Urman; Visa Inc.; Colbeck Capital DOES 1-5; Bergmair DOES 1-5

>C.D. Cal. Docket No. 2:21-cv-04920-CJC-ADS

**9.   Name and Address of the Plaintiff and Her Representatives**

>Serena Fleites
>Michael J. Bowe and Lauren Tabaksblat
>Brown Rudnick LLP
>7 Times Square
>New York, New York 10036
>United States of America

**10.   Name and Address of the Defendants and Their Representatives**

>a.   MindGeek S.a.r.l.; MG Freesites, Ltd.; MindGeek USA Incorporated; MG Premium Ltd.; MG Global Entertainment Inc.; 9219-1568 Quebec, Inc.
>      DECHERT LLP

|    |    |                                                                 |
|----|----|-----------------------------------------------------------------|
| 1  |    | Benjamin M. Sadun                                               |
| 2  |    | US Bank Tower, 633 West 5th Street, Suite 4900                  |
| 3  |    | Los Angeles, CA 90071-2013                                      |
| 4  |    | United States                                                   |
| 5  |    | Kathleen N. Massey                                              |
| 6  |    | Three Bryant Park                                               |
| 7  |    | 1095 Avenue of the Americas                                     |
| 8  |    | New York, New York 10036                                        |
|    |    | United States                                                   |
| 9  | b. | <u>Visa Inc.</u>                                                |
|    |    | Drew Tulumello                                                  |
| 10 |    | Weil, Gotshal & Manges LLP                                      |
| 11 |    | 2001 M Street NW, Suite 600                                     |
| 12 |    | Washington, DC 20036                                            |
|    |    | United States                                                   |
| 13 | c. | <u>Corey Urman</u>                                              |
| 14 |    | Mintz Levin Cohn Ferris Glovsky and Popeo P.C.                  |
|    |    | Evan Nadel and Kathryn L. Ignash                                |
| 15 |    | 2029 Century Park East, Suite 3100                              |
| 16 |    | Los Angeles, CA 90067                                           |
|    |    | United States                                                   |
| 17 |    | Peter A. Chavkin                                                |
| 18 |    | 666 Third Avenue                                                |
| 19 |    | New York, New York 10017                                        |
|    |    | United States                                                   |
| 20 | d. | <u>Feras Antoon</u>                                             |
| 21 |    | Wiechert, Munk & Goldstein, PC                                  |
| 22 |    | David W. Wiechert                                               |
|    |    | 4000 MacArthur Blvd., Suite 600 East Tower                      |
| 23 |    | Newport Beach, California 92660                                 |
| 24 |    | United States                                                   |
| 25 |    | Cohen & Gresser LLP                                             |
| 26 |    | Jason Brown, Nathaniel P.T. Read, and Colin C. Bridge           |
| 27 |    | 800 Third Avenue                                                |
|    |    | New York, New York 10022                                        |
| 28 |    | United States                                                   |

e.  David Tassillo
    Wiechert, Munk & Goldstein, PC
    David W. Wiechert
    4000 MacArthur Blvd., Suite 600 East Tower
    Newport Beach, California 92660
    United States

    Morvillo Abramowitz Grand Iason & Anello PC
    Jonathan S. Sack, Karen R. King, and Ryan McMenamin
    565 Fifth Avenue
    New York, New York 10017
    United States

f.  Bernd Bergmair
    Morrison & Foerster LLP
    Dan Marmalefsky
    707 Wilshire Boulevard
    Los Angeles, California 90017-3543
    United States

    Walden Macht & Haran LLP
    Ronald G. White
    250 Vesey Street, 27th Floor
    New York, New York 10281
    United States

**11.  Nature and Purpose Of The Proceeding And Summary Of The Facts**

Plaintiff alleges that defendants MindGeek S.á.r.l., MindGeek Freesites Ltd., MindGeek USA Incorporated, MG Premium Ltd., MG Global Entertainment, Inc., 9219-1568 Quebec, Inc. (collectively, the "MindGeek Entity Defendants"); Bernd Bergmair; Feras Antoon; David Tassillo; Corey Urman (collectively, the "MindGeek Individual Defendants") (together with the MindGeek Entity Defendants the "MindGeek Defendants"); Bernd Bergmair Does 1-5; Colbeck Capital Does 1-5; and Visa, Inc.(collectively "Defendants") run one of the largest trafficking ventures in the world, which has victimized tens of thousands of human beings, including thousands of minors for their own financial profit, including

Plaintiff. Specifically, Ms. Fleites alleges that defendants solicited, optimized, commercialized, and monetized her child sexual abuse material ("CSAM") on its tubesites and stonewalled Plaintiff's efforts to have this illegal content removed so that they could continue to profit.

Plaintiff further alleges that defendants carried out and hid their trafficking venture through the creation of hundreds of sham subsidiaries and affiliates located in dozens of jurisdictions throughout the world for the purposes of (a) making it impossible for any jurisdiction or plaintiff to understand who owns Pornhub and its affiliated entities; (b) making it possible for the executives, beneficial owners, and their co-conspirators and associates to siphon off revenues generated by the business before they reach the ultimate parent; (c) masking the receipt of such funds by the owners, executives, and associates; (d) allowing the ultimate parent and the owners, executives, and associates to evade taxes by generating false losses; and (e) impairing the ability of those with claims for illegal conduct to pursue legal remedies and render it impossible to recover any judgment that might be secured through such remedies by leaving those businesses woefully under-capitalized to satisfy any such judgments.

MindGeek sought the dismissal of defendants MindGeek S.á.r.l. and MG Premium Ltd. from the suit, arguing that the Court lacked jurisdiction over them. Dkt. 139 at 45-50. Similarly, the Individual Defendants and Visa, Inc. also challenged the Court's jurisdiction and requested that they be dismissed from the suit. Dkts. 135-138, 140. By order dated July 29, 2022, the Court denied the MindGeek Defendants' motions to dismiss and directed them to submit to jurisdictional discovery. Dkt. 167.

In granting Plaintiff jurisdictional discovery, the Court specifically addressed the significance of discovery concerning the ownership of MindGeek and its affiliated entities and the flow of money through these entities: "Where the money flows in the MindGeek web, which may relate to ownership of the porn sites that generate revenue,

matters to the Court's jurisdictional analysis. As the Court sees it, financially benefitting from the sexual exploitation of minors is the core of this case." <u>Dkt. 167 at</u> n.2.[1] The Court further expressed its concern with respect to the MindGeek Entity Defendants' solvency, finding that dismissal without further discovery would be unfair because of "the possibility that judgment will be entered against remaining insolvent or undercapitalized entities" that would not be able "to satisfy the damages awarded by a jury." <u>Id.</u> at 4-5. Accordingly, the information now sought from Grant Thornton is discoverable in this litigation as it is directly relevant to the Court's jurisdictional analysis and Plaintiff's claims.

**12.  Evidence To Be Obtained**

It is hereby requested that, in the interest of justice, you cause by your usual and proper process such orders to be entered as Québec law permits requiring the above-named Raymond Chabot Grant Thornton LLP to produce documents in their possession, custody, or control related to the subject matters listed in the attached Schedule A.

**13.  Statement of Subject Matter To Be Examined**

The subject matter about which testimony is being sought is appended hereto as Schedule B.

**14.  Purpose of the Evidence Sought**

Plaintiff seeks this evidence to establish her claims against Defendants and to establish the Court's jurisdiction over the corporate and individual defendants named herein.

---

[1] <u>See also</u>, <u>Dkt. 167 at</u> n.2 (identifying additional jurisdictionally relevant conduct to include "operating Pornhub and other MindGeek sites in a manner that maximizes the profitability of child porn. But it also includes collecting money—possibly from U.S.-based advertisers—flowing from the success of the aforementioned criminal operation.").

15. **Documents or Other Property to Be Inspected or Produced**

See attached Schedules A and B.

16. **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**

The person or entity from whom evidence is requested may decline to answer a question or produce a requested document under any applicable privilege, protection, or immunity under the laws of the United States of America.

17. **Fees and Costs Incurred**

Plaintiff has undertaken to bear all fees and costs which are reimbursable. Please address any charges and expenses incurred to Michael J. Bowe, Brown Rudnick LLP, 7 Times Square, New York, NY 10036, United States of America.

18. **Authority To Issue A Letter Of Request**

Pursuant to 28 U.S.C. § 1781(b)(2), the Court has authority to issue a letter of request to an international tribunal for assistance. The Court also has authority to issue this request under Federal Rule of Civil Procedure 28(b).

19. **Special Methods or Procedures to be Followed**

The examinations shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of Canada. In addition to those procedures identified in the attached Schedules A and B, and for the necessity and convenience of the parties and to further the interests of justice, the United States District Court, for the Central District of California, respectfully requests that:

1. A corporate representative of Raymond Chabot Grant Thornton LLP appears at a date, time, and place to be determined by the Court, to answer questions under oath or affirmation and provide documents as set forth herein;

2. An Official Court Reporter, (or her delegate provided that person is an Official Court Reporter according to the procedures of your Court and is competent to preside over the examination of witnesses under oath) be appointed as an individual

before whom the evidence at the requested depositions be taken;

3. The examinations of the Witness be governed by the United States Federal Rules of Civil Procedure and the United States Federal Rules of Evidence;

4. The corporate representative of Raymond Chabot Grant Thornton LLP brings all written or electronic documents within the timeframe from January 2013 to the Present (the "Relevant Period") in their possession regarding matters relevant to the facts and issues disclosed in the pleadings filed in the above-captioned action;

5. The evidence of the Witness be recorded verbatim by the Official Court Reporter and reduced to writing and recorded on videotape and by a stenographer for trial, that any document marked as an exhibit be made part of such record, and that the Official Court Reporter authenticate the depositions taken on the examinations and such document, and have the same returned under cover duly sealed and addressed to Michael J. Bowe, Brown Rudnick LLP, 7 Times Square, New York, NY 10036, United States of America.

\* \* \*

This Court stands ready and willing to do the same for the Courts of Canada in a similar case if and when requested.

SO ORDERED:

HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

Dated: January 25, 2023

Kiry K. Gray, Clerk of Court
by

Deputy Clerk

Seal 

10                                       CASE NO. 21-CV-04920-CJC-ADS
LETTER ROGATORY TO RAYMOND CHABOT GRANT THORNTON LLP

# SCHEDULE A

# **REQUESTS**

1. All contracts, agreements, or other documents relating to the services provided by You for, or on behalf of, any Defendant, MindGeek Entity, or Related Party Entity, including all documents concerning the payment for those services.

2. All documents concerning the past or present corporate and ownership organization and structure of MindGeek, the identity of all affiliated or related party entities, corporations, limited partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities.

3. All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by Bernd Bergmair, Feras Antoon, David Tassillo, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, Shaileshkumar P. Jain (a/k/a "Sam" Jain), Redwood Capital Management LLC, or Roystone Capital Management LP or individuals or entities introduced or represented by such persons or entities.

4. All documents reflecting annual revenues, profits and losses, and expenses for each MindGeek Related Entity or Tubesite or the entity that owns or controls that platform or website.

5. All documents related to any corporate reorganization by MindGeek and the business purpose of that reorganization.

6. For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments,

distributions or dividends, and distribution or dividend recipients for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity.

7. For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants.

8. For each Defendant, MindGeek Entity, affiliate, subsidiary, or Related Party Entity, all monthly, quarterly, and annual bank and investment statements.

9. All documents concerning or depicting MindGeek's past or present internal organizational structure, offices, departments, executives, and personnel.

10. All documents relating to MindGeek related payments, investments, or loans to, in, or for the personal affairs, expenses, entities, businesses, real estate or investments related to Feras Antoon, David Tassillo, Bernd Bergmair, Corey Urman, or any of their family members or entities in which either or a family member holds a direct or indirect interest.

11. All documents, communications, contracts, leases, memoranda of understanding, joint plans, or any other agreements, in whatever form, including drafts, between You and Defendants or any MindGeek Entity concerning or describing the use by Defendants and/or any MindGeek Entity of any Grant Thornton property (real or otherwise) or business address, regardless of purpose, including documentation of any payments made by or on behalf of Defendants or any MindGeek Entity to You concerning the same.

# DEFINITIONS

1. "Action" means the lawsuit captioned *Fleites v. MindGeek S.A.R.L. et al*, 2:21-cv-4920-CJC-ADS. A copy of the Amended Complaint filed by Plaintiff on March 21, 2022, is attached hereto as Exhibit A.

2. "You" or "Your" refers to Raymond Chabot Grant Thornton LLP, its corporate representative, and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, each of its current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on their behalf.

3. "Defendant" or "Defendants" means the following parties/entities and each of their current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, each of their current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on their behalf:

   a. MindGeek S.à.r.l.
   b. Mindgeek Freesites LTD
   c. Mindgeek USA Incorporated
   d. MG Premium LTD
   e. MG Global Entertainment
   f. 9219-1568 Quebec Inc.
   g. Bernd Bergmair
   h. Feras Antoon
   i. David Tassillo
   j. Corey Urman
   k. Visa Inc.

4. "MindGeek" "MindGeek Entity" or "MindGeek Entities" refers to any

corporation, limited partnership, limited liability company, partnership, or other legal entity in which MindGeek S.à.r.l. has any direct, indirect, or beneficial ownership interest or relationship, including all parents, subsidiaries, and related entities, and includes each of those entities current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the entities' behalf and, in addition to the Defendants listed above, include, without limitation, the following:

    a. Webexpansion Cyprus Ltd.
    b. MG Cyprus Ltd.
    c. MG Mainstream Ltd.
    d. MG Billing CY Ltd.
    e. MG Cyprus Ltd.
    f. MG CY Holdings Ltd.
    g. Colbette Holdings Limited
    h. Colbette II Limited
    i. Charme Management Ltd.
    j. MG Billing Ltd.
    k. Nutaku Publishing Ltd.
    l. Mirmay Ltd.
    m. Liquidum Ltd.

5. "MindGeek Tubesites" refers to the over 100 pornographic websites and brands owned by MindGeek, including but not limited to Pornhub, RedTube, Tube8, YouPorn, PornIQ, gaytube, Thumbzilla, Peeperz, PornMD, Xtube, Brazzers, Babes.com, Reality Kings, Digital Playground, Twistys, Men.com, Mofos, MyDirtyHobby, SexTube, and Webcams.

6. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure, and includes any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether in original or copy, and any related communication, regardless of where it is stored,

and includes without limitation those documents under Your custody, control, or power to obtain.

7. "Communication" shall mean and refer to any mode of conveying, distributing, disclosing, publishing, transferring, and exchanging meaning or information, whether orally or by document, or whether by in-person conversations, telephone, mail, facsimile, personal delivery, overnight delivery, video recording, text, or other electronic message, including ICQ, electronic mail or computer-generated posting or any other display on the internet, or otherwise. The term shall include notes, memoranda, or any other document memorializing, conveying, or referring to the information Posts and comments to any social media accounts such as Facebook, Twitter, YouTube, LinkedIn, Tumblr, Instagram, Pinterest, and Snapchat, and include comments to online materials posted to the MindGeek Tubesites. These terms are further intended to include, without limitation, any summaries, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning or memorializing the transmittal of information, opinion, words, or data.

8. "Employee" includes, without limitation, current or former partners, directors, shareholders, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the employer's behalf.

9. "Person" means any natural person, corporation, partnership, firm, association, or any business, legal or governmental agency.

10. "Parent" means any person or entity which owns shares of stock or other ownership interests in a subordinate entity, having ordinary voting power to elect a majority of the board of directors or other managers of such subordinate entity are at the time owned, or the person which manages or otherwise controls, directly or indirectly, such subordinate entity.

11. "Affiliate" means a subsidiary corporation, sister corporation, subsidiary limited liability company, sister limited liability company, or any other

form of business entity with an overlap of ownership, board of directors, managers, or executives, or a direct or indirect ownership interest.

12. "Related Party Entities" means any entity in which any MindGeek owner, investor, lender, secured party licensee, licensor, or executive, or family member or affiliate of such person or entity hold a direct, indirect, or beneficial interest.

13. "CSAM" refers to Child Sexual Abuse Material and includes child pornography and any visual depiction of sexually explicit conduct involving a minor (a person less than 18 years old) or the sexual abuse and exploitation of a child or children.

14. "Publication," "report," or "letter," means the final or draft versions, including any component portions, of any communications – written or oral – containing substantive, qualitative and quantitative data, analysis, or recommendations.

15. "Any" or "all" shall mean any and all, and shall serve to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

16. "Concerning," "regarding," "relating," and "related to" shall be construed to mean alluding to, reflecting, evidencing, supporting or contradicting, regarding, referring to, containing, embodying, commenting upon, discussing, involving, showing, comprising, referencing, identifying, bearing upon, pertaining to, affecting, or connected with or associated with, in whole or in part.

17. "Representative" or "representatives" with regard to a person or entity shall mean and shall include, both collectively and individually, each and every present and former director, officer, partner, employee, agent, independent consultant, investment advisor, expert, or any other person acting or purporting to act on behalf of the person or entity.

18. The relevant time period pertaining to these requests is January 1, 2013,

through the present.

## INSTRUCTIONS

1. These requests should be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Civil Rules.

2. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of this document request all documents and responses which might otherwise be considered beyond the scope.

3. The use of capital letters, lower case letters or quotation marks in this document request shall not be construed to limit the scope of any specific request contained herein.

4. The term "including" means including without limitation.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

6. The use of the singular form of any word includes the plural and vice versa.

7. In responding to the Requests, furnish all responsive documents that are available to you, including documents in the possession of your agents, advisors, attorneys, contractors, representatives, partners, representatives, and anyone else acting on your behalf or otherwise subject to your control.

8. In responding to the Requests, make a diligent search of your records, electronic files and of any other papers and materials in your possession or available to your representatives.

9. Documents are to be produced in full and unexpurgated form without abbreviation of redaction. In the event that you are able to provide only part(s) of the document(s) called for in any particular Request for Production, provide all document(s) that You are able to provide and state the reason, if any, for the inability

to provide the remainder.

10. If you do not have within your possession, custody or control any document(s) responsive to a particular Request for Production, your response to that Request should so state.

11. If any document requested herein has been lost, deleted, discarded, or destroyed, it shall be identified and described as completely as possible, including the following information: content, author, recipient, sender copied recipient (indicated or blind), date prepared or received, date of disposal, reasons for disposal, personal authorizing the disposal, person disposing of the document and contents of the document.

12. All documents shall be produced in the order in which they are kept in the usual course of business, and shall be produced in their original file folders, binders, cover or containers, or facsimiles thereof. In addition, all documents shall be produced, organized, and labeled to correspond to the individual Requests for Production.

13. Documents constituting Electronically Stored Information (ESI) are to be provided in Concordance Default format with associated default delimiters, and are to include bates-labeled TIFF images, all associated metadata, and native files named after the bates number of the corresponding TIFF image.

14. Hard copy documents (non-ESI) are to be produced in Concordance Default format with associated default delimiters and are to include bates-labeled TIFF images and all associated metadata.

15. To the extent that you refuse to produce any document requested on the ground that the document is protected from discovery by the work product doctrine, the attorney-client privilege, or any other privilege or doctrine, provide a log identifying the document by stating: (1) the date on which the document was prepared, the date appearing on the document, if different, and the date on which it was transmitted; (2) the name(s) of the sender(s) and author(s) of the document,

including all recipients, "cc" recipients and "bcc" recipients; (3) the number of pages withheld; (4) a description sufficient to identify the document without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes); and (5) the statute, rule or decision which is claimed to give rise to the privilege or any other reason for withholding the document, in accordance with Rule 26(b)(5)(A) and any stipulations between the parties.

16. If only a portion of a responsive document is privileged against disclosure, you must produce the responsive non-privileged portion of the document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege stated as provided in the instruction above. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments, or attachments to different documents, or for any other reason, is a separate document to be produced in response hereto.

17. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments, or attachments to different documents, or for any other reason, is a separate document to be produced in response hereto.

18. The Requests are continuing in nature and require that you promptly produce additional responsive documents or information whenever they are acquired, discovered, or come into existence after the date of the initial production.

# SCHEDULE B

Plaintiff anticipates that she will need to take the deposition of a corporate representative of Raymond Chabot Grant Thornton LLP.  The areas of inquiry that Plaintiff expects to examine the representative on are as follows:

1. The services rendered by Grant Thornton for, or on behalf of, any Defendant or MindGeek Entity;

2. The corporate and ownership organization and structure of MindGeek and any affiliated or related entities;

3. The business relationships, transactions, financial transactions, and fiduciary and/or contractual obligations by, between, or on behalf of any MindGeek Entity, owner, investor, family members, or representatives;

4. The annual revenues, profits and losses, and expenses for each Defendant, MindGeek Entity or Tubesite;

5. Communications with Defendants and any MindGeek Entity concerning the allegations and information, regardless of source or form, that child pornography, child sexual abuse material, and/or other non-consensual or otherwise illegal content was readily available on or otherwise hosted by MindGeek Tubesites, websites, and internet forums or platforms;

6. The solvency, tax filings, audits, financials, and related statutory reporting and filings for each MindGeek Entity;

7. The use of any and all Grant Thornton property by MindGeek, the Defendants, their agents, owners, shareholders, family members, and/or representatives; and

8. Questions raised by the review of documents provided by Raymond Chabot Grant Thornton LLP or any Grant Thornton entity.