| | |
|---|---|
| Michael J. Bowe<br>(admitted *pro hac vice*)<br>mbowe@brownrudnick.com<br>Lauren Tabaksblat<br>(admitted *pro hac vice*)<br>ltabaksblat@brownrudnick.com<br>**BROWN RUDNICK LLP**<br>7 Times Square<br>New York, NY 10036<br>Telephone:  (212) 209-4800<br>Facsimile:   (212) 209-4801 | David M. Stein (#198256)<br>dstein@brownrudnick.com<br>**BROWN RUDNICK LLP**<br>2211 Michelson Drive, 7th Floor<br>Irvine, California  92612<br>Phone:         949.752.7100<br>Fax:   949.252.1514 |

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>            Plaintiff,<br><br>    v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>            Defendants. | CASE NO.  2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 1, 2023<br>Time:   10:00 a.m.<br>Courtroom:   6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

**DECLARATION OF JOHN G. DOYLE**

I, John G. Doyle, declare as follows:

1. I am an associate with the law firm Brown Rudnick LLP, counsel for Plaintiff Serena Fleites in this case. I have been admitted *pro hac vice* in this case. I submit this declaration in support of Plaintiff's Motion to Compel the MindGeek Entity Defendants' Responses to Plaintiff's First Request for Production of Documents and Interrogatories ("Plaintiff's Motion to Compel"). I have personal knowledge of the matters in this declaration.

2. Plaintiff served the MindGeek Entity Defendants with her First Set of Interrogatories on August 17, 2022. A true and accurate copy of Plaintiff's Interrogatories is attached as **Exhibit 1**.

3. Plaintiff served the MindGeek Entity Defendants with her First Set of Requests for Production on August 23, 2022. A true and accurate copy of Plaintiff's RFPs is attached as **Exhibit 2**.

4. On September 22, 2022, the Defendants provided a redacted version of their responses and objections to Plaintiff's Interrogatories, a true and accurate copy of which is attached as **Exhibit 3**.

5. On that same day, the MindGeek Entity Defendants provided Plaintiff with their responses and objections to Plaintiff's RFPs. A true and accurate copy of Defendants' responses and objections to Plaintiff's RFPs is attached as **Exhibit 4.**

6. Plaintiff immediately objected to the MindGeek Entity responses and began the discovery dispute process, requesting to meet and confer and then delivering a detailed letter regarding the disputed responses.

7. On October 17, 2022, Defendants provided an unredacted version of their responses and objections to Plaintiff's Interrogatories ("Defendants' Interrogatory Response"). Defendants designated these unredacted responses as "Confidential" pursuant to the Stipulated Protective Order entered by this Court. A

1    CASE NO. 21-CV-04920-CJC-ADS

DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

true and accurate copy of Defendants' unredacted Interrogatory Responses is attached as **Exhibit 5** and is filed under seal. A motion to file **Exhibit 5** under seal is being filed contemporaneously in accordance with Local Rule 79-5.2.2.

8. On October 21, 2022, the MindGeek Entity Defendants made their first production of documents, which consisted of a mere 73 documents, none of which included any communications between the Individual Defendants and/or the MindGeek Entity Defendants, or any email or other correspondence. The MindGeek Entity Defendants produced a second set of 220 documents on November 10, 2022, and a third set of 60 documents on November 29, 2022.

9. On November 30, 2022, Plaintiff filed her first motion to compel the MindGeek Entity Defendants' responses to her first request for production of documents and interrogatories. Dkt. 224. Prior to doing so, and in accordance with the Court's local rules, the Parties exchanged several communications and met and conferred telephonically but were unable to resolve their disputes.

10. On December 11, 2022, the MindGeek Entity Defendants issued a fourth production consisting of 69 documents. A fifth production of 18 documents followed on December 16, 2022.

11. On January 11, 2023, the Court heard argument on Plaintiff's Motion to Compel (Dkt. 224). The Court subsequently directed the Parties to confer and to attempt to resolve some of the outstanding discovery issues presented during the hearing. The Parties telephonically conferred on January 18, 2023, and in accordance with the Court's directive, filed their joint status report with the Court on January 20, 2023. Dkt. 255.

12. Prior to a January 18, 2023 meet and confer the Parties conducted pursuant to the Court's instruction, Plaintiff sent Defendants an email identifying the

outstanding discovery issues they intended to raise at the meet and confer. A true and accurate copy of Plaintiff's email is attached as **Exhibit 6**.

13. Defendants have only made one additional production of 24 documents since the January 18, 2023 meet and confer. Defendants issued that production on January 27, 2023. The produced material does not resolve Plaintiff's discovery requests and was largely unresponsive to the specific items referenced in **Exhibit 6**.

14. Contained within the MindGeek Entity productions were a "Server Cost Sharing Agreement" dated February 14, 2017 and the October 18, 2013 Shareholders' Agreement. A true and accurate copy of the Server Cost Sharing Agreement is attached as **Exhibit 7**. A true and accurate copy of the October 18, 2013 Shareholders' Agreement is attached as **Exhibit 8**. Both documents are filed under seal and a motion to file the documents under seal is being filed contemporaneously in accordance with Local Rule 79-5.2.2.

15. On January 31, 2023, Plaintiff notified Defendants of her intent to file a motion to compel their responses to her requests for production and interrogatories, and, in accordance with Local Rule 37-2.2, delivered to Defendants' counsel Plaintiff's portion of the joint stipulation to be filed in support of her Motion to Compel.

I swear under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of January 2023 in Washington, D.C.

By: /s/ *John G. Doyle*
John G. Doyle

3                             CASE NO. 21-CV-04920-CJC-ADS
DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES