# EXHIBIT 3

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698-3599
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES, | Case No. 2:21-cv-4920-CJC-ADS |
| Plaintiff, | HON. CORMAC J. CARNEY |
| v. | **RESPONSES OF DEFENDANTS MINDGEEK S.À.R.L., MG FREESITES LTD, MINDGEEK USA INC., MG GLOBAL ENTERTAINMENT INC., MG PREMIUM LTD, AND 9219-1568 QUEBEC, INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES RELATING TO PERSONAL JURISDICTION** |
| MINDGEEK S.À.R.L., a foreign entity; MG FREESITES, LTD; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5, | |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33-2 of the Local Civil Rules, Defendants MindGeek S.à.r.l., MG Freesites Ltd, MindGeek USA Inc., MG Global Entertainment Inc., MG Premium Ltd, and 9219-1568 Quebec, Inc. ("Defendants"), by their counsel Dechert LLP, hereby respond to the First Set of Interrogatories (the "Interrogatories," and each interrogatory individually, an "Interrogatory") served by Plaintiff, Serena Fleites ("Plaintiff").

## GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants assert the following General Objections and Objections to Definitions and Instructions. Each response to an Interrogatory is subject to, and is limited in accordance with, the following General Objections and Objections to Definitions and Instructions, which are incorporated therein as if fully set forth and are not waived or in any way limited by the Specific Responses and Objections set forth below.

1. Defendants object to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to impose obligations on Defendants that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the Federal and Local Rules of Civil Procedure (the "Applicable Rules"). Defendants will respond to Requests for Production in accordance with the Applicable Rules.

2. Defendants object to the Interrogatories, including the Definitions and Instructions, to the extent that they seek discovery about topics unrelated to personal jurisdiction as discussed in the Court's July 29, 2022 Order [Dkt. 167].

3. Defendants object to producing or providing information, documents, or any other discovery that is protected from disclosure by the attorney-client privilege, the work product doctrine, joint-defense privilege, the self-investigative privilege, or any other legally-recognized privilege, immunity, or exemption (collectively, "Privileged Information"). Privileged Information will not be knowingly disclosed. Any disclosure of Privileged Information in response to any Interrogatory is inadvertent and not intended to waive any privileges or protections. Defendants reserve the right to demand that Plaintiff return or destroy any Privileged

Information inadvertently produced, including all copies and summaries thereof.  Defendants will withhold or redact Privileged Information from its productions in response to the Interrogatories and produce an appropriate privilege log in accordance with the Applicable Rules and the provisions of any protocol agreed to by the parties or entered by the Court in this matter.

4.    Defendants object to the Interrogatories, including the Definitions and Instructions, to the extent that they are overbroad or unduly burdensome, or call for the production of information or material not relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd or to the Court's assessment of the viability of Plaintiff's alter ego arguments, and not proportional to the needs of the case because they are not limited to events or issues related to Plaintiff's claims, including but not limited to the extent they seek discovery regarding websites other than those on which Plaintiff alleges content depicting her was uploaded, Pornhub.com ("Pornhub").

5.    Defendants object to the definition of "all" and "any" as nonsensical, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require the production of documents and information that fall "outside" the scope of these Interrogatories.  Defendants will produce responsive, non-privileged documents and information sufficient to respond to the specific and non-objectionable portions of these Interrogatories.

6.    Defendants object to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to require production of information or documents that are public; already in Plaintiff's possession, custody, or control; or otherwise available from sources other than Defendants to which Plaintiff has access, on the grounds that such Interrogatories are overbroad and unduly burdensome, and an attempt to place the burden and cost of supplying information equally available to both Parties solely on Defendants.

7.    Defendants object to Plaintiff's definition of "You" and "Your" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information from entities other than Defendants, including all "current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units . . . partners, directors, shareholders, employees, employers, officers, agents,

principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all other persons or entities acting or purporting to act on their behalf."    Defendants will produce information and/or documents in the possession, custody or control of Defendants.

8.    Defendants object to Plaintiff's definition of "MindGeek Entity" and "MindGeek Related Entities" as ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case or to the issue of the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd or to the Court's assessment of the viability of Plaintiff's alter ego arguments. The phrases "the hundreds of companies that are owned, directly or indirectly, and/or affiliated with MindGeek S.À.R.L." and "the hundreds of companies that were created and dissolved during the period relevant to the Amended Complaint" are vague and ambiguous.  Similarly, "the hundreds of tubesites owned and operated by MindGeek" is vague and ambiguous to the extent Plaintiff has not defined the term "MindGeek."  Moreover, the only tubesites that are relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd are those on which Plaintiff's videos allegedly appeared, which to date Plaintiff has only identified as Pornhub.  Defendants also object to Plaintiff's definition of "MindGeek Entity" and "MindGeek Related Entities" to the extent that it includes any entity's "current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all other persons or entities acting or purporting to act on the entities' behalf."  This definition renders virtually all of Plaintiff's Interrogatories unduly burdensome.  Plaintiff seeks expansive financial and organizational information about "hundreds" of entities, including virtually every third-party financial transaction in which they have engaged, spanning almost a decade, even though the vast majority of the entities included in Plaintiff's definition have nothing to do with any claim or defense in this action, let alone the Court's personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the viability of Plaintiff's alter ego arguments. In Defendants' responses to each Interrogatory, Defendants will identify the specific entities to which their response relates.

9.    Defendants object to Plaintiff's definition of "MindGeek Tubesites" as ambiguous, overbroad and unduly burdensome and calling for the production of information or material not

relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd or to the Court's assessment of the viability of Plaintiff's alter ego arguments, and not proportional to the needs of the case. The "over 100 pornographic websites and brands owned by the MindGeek Entities" is ambiguous to the extent that it incorporates the ambiguous term "MindGeek Entities," to the extent that it suggests that the purported "MindGeek Entities" all collectively "own" or "operate" tubesites, to the extent that it suggests that any given tubesite is both owned and operated by a single entity and to the extent it suggests that all of the websites and brands are considered tubesites. Plaintiff's definition of "MindGeek Tubesites" is also beyond the scope of permissible discovery and unduly burdensome because it includes websites and brands that have nothing to do with any claim or defense in this action, let alone the Court's personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or the viability of Plaintiff's alter ego arguments. Plaintiff does not allege that her videos appeared on "over 100 pornographic websites and brands owned by" a Defendant or any combination of Defendants. Defendants will respond to these Interrogatories as if the term "MindGeek Tubesites" means Pornhub—the only tubesite on which Plaintiff explicitly alleges her video appeared.

10.     Defendants object to Plaintiff's definition of "Employee" as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments, and not proportional to the needs of the case to the extent it includes "current or former partners, directors, shareholders, . . ., officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the employer's behalf." Defendants further object to Plaintiff's definition of "Employee" as vague and ambiguous to the extent it is defined as "employee." Defendants further object to the extent this definition purports to call for the production of materials which are not in Defendant's possession, custody, or control.

11.     Defendants object to Plaintiff's definition of "Parent" as ambiguous and as calling for legal conclusions. Defendants further object to the extent this definition purports to call for the production of materials which are not in Defendants' possession, custody, or control. Subject

to and without waiving these objections, Defendants' responses to each Interrogatory will identify the specific entities to which their response relates.

12.     Defendants object to Plaintiff's definition of "Affiliate" and "Affiliates" as ambiguous to the extent it includes "sister corporations" or "sister limited liability companies," as such terms are undefined.  Defendants also object to Plaintiff's definition of "Affiliate" and "Affiliates" as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd or to the Court's assessment of the viability of Plaintiff's alter ego arguments, and not proportional to the needs of the case, to the extent it includes "any other form of business entity with an overlap of ownership, board of directors, managers, or executives."  Plaintiff is not entitled to discover information about every entity that has ever shared a stockholder, director, manager, or executive with a Defendant—let alone every entity that has shared a stockholder, director, manager, or executive with any purported "MindGeek Entity" or "MindGeek Related Entity."  Subject to and without waiving these objections, Defendants' responses to each Interrogatory will identify the specific entities to which their response relates.

13.     Defendants object to Plaintiff's definition of "the Relevant Time Period" as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd or to the Court's assessment of the viability of Plaintiff's alter ego arguments, and not proportional to the needs of the case.  Although Plaintiff does not specify when her videos allegedly first appeared on Pornhub, on information and belief they could not have appeared on Pornhub before June 2014.  Accordingly, any conduct by Defendants on which personal jurisdiction over MindGeek S.à.r.l. and MG Premium Ltd might be based must have occurred in or after June 2014.  Subject to and without waiving any objections, and unless otherwise noted, Defendants will respond to these Interrogatories as if the term "the Relevant Time Period" refers to June 1, 2014, through June 17, 2021.

14.     Defendants object to Definition 17 to the extent it inaccurately imputes any definition in the Amended Complaint onto Defendants' responses merely because Defendants use

a word that happens to be defined in the Amended Complaint that is not defined above. Unless

otherwise noted, any term not defined in Plaintiff's definitions or Defendants' objections to those

definitions shall be given its ordinary meaning.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all individuals or entities who hold or have held during the Relevant Period any direct, indirect, or beneficial economic interest by way of ownership, equity, shareholding, secured interest, indebtedness, option, derivative, trust, or otherwise in any MindgGeek [*sic*] Related Entity or Affiliate and the precise nature and extent of that interest.

### RESPONSE TO INTERROGATORY NO. 1

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who

are parties to this lawsuit. Defendants also object on the grounds that phrases "beneficial

economic interest" and "otherwise" are vague and ambiguous.

Subject to and without waiving any and all objections, Defendants respond as follows

regarding the ownership of equity interests in each Defendant:



By way of further response, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce corporate organizational charts for the relevant time period.

**INTERROGATORY NO. 2**

Describe in detail each transaction during the Relevant Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity and identify the direct and indirect participants in those transactions.

**RESPONSE TO INTERROGATORY NO. 2**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities or

1    individuals who are parties to this lawsuit.  Defendants also object on the grounds that phrases

2    "other capital related transactions" and "indirect participants" are vague and ambiguous.  Further,

3    the Interrogatory is unintelligible as written as it asks Defendants to describe, for example, "each

4    transaction . . . in which ownership . . . occurred."

5            Subject to and without waiving any objections, Defendants refer Plaintiff to and

6    incorporate herein their response to Interrogatory No. 1.  By way of further response, after entry

7    of an appropriate confidentiality order and ESI protocol, Defendants will produce documents

8    sufficient to describe the transactions pursuant to which equity ownership interests in each

9    Defendant were acquired and disposed of during the relevant time period.

10   **INTERROGATORY NO. 3**

11   Identify the date, participants, and content for every presentation or communication of
     financial or other economic performance to investors, lenders, or others with direct or indirect
12   financial interests in any MindGeek Related Entity.

13   **RESPONSE TO INTERROGATORY NO. 3**

14           Defendants object to this Interrogatory on the grounds it is overly broad, unduly

15   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

16   proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

17   of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

18   assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who

19   are parties to this lawsuit.  Defendants also object on the grounds that phrases "other economic

20   performance" and "indirect financial interest" are vague and ambiguous.

21           Subject to and without waiving any and all objections, after entry of an appropriate

22   confidentiality order and ESI protocol, Defendants will produce presentations made about the

23   annual financial performance of each Defendant in connection with the meetings of directors or

24   their legal equivalent for each Defendant.

25   **INTERROGATORY NO. 4**

26           Describe in detail all direct or indirect jurisdictional contacts You or Your agents, or any
     of the MindGeek related entities and their owners, executives, and employees have or had during
27   the Relevant Time Period including but not limited to, offices, residences, and real estate located
     in California or any jurisdiction in the United States; personnel or vendors employed, retained, or
28   paid located in California or any jurisdiction in the United States; trips to California or any

1  jurisdiction in the United States; revenues, profits, expenses, taxes earned or paid in or from
2  California or any jurisdiction in the United States; and communications or business relationships
   with, to, or in California or any jurisdiction in the United States.

3  **RESPONSE TO INTERROGATORY NO. 4**

4        Defendants object to this Interrogatory on the grounds it is overly broad, unduly

5  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

6  proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

7  of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

8  assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities or

9  individuals who are parties to this lawsuit.  Defendants also object on the grounds that the phrase

10 "direct or indirect jurisdictional contacts" is vague and ambiguous and calls for legal conclusions.

11 The term "executives" and the phrase "communications or business relationships with, to, or in

12 California or any jurisdiction in the United States" are also vague and ambiguous.  Defendants

13 object to this Interrogatory to the extent it assumes that any of the contacts identified in the

14 Interrogatory are "jurisdictional contacts" or that all of the actions or "contacts" of any of MG

15 Premium Ltd's owners, executives, or employees or MindGeek S.à.r.l.'s owners or executives are

16 relevant to the question of whether the Court has personal jurisdiction over MG Premium Ltd and

17 MindGeek S.à.r.l.  Defendants specifically object to the request for information regarding

18 undefined vendors, unspecified communications, and unspecified business relationships that have

19 no connection to the allegations in this case.  Defendants further object that "contacts" generally

20 in or with the United States are not relevant to whether the Court has personal jurisdiction over

21 Plaintiff's claims against MG Premium Ltd and MindGeek S.à.r.l.

22       Subject to and without waiving any objections, Defendants MindGeek USA Incorporated

23 and MG Global Entertainment Inc., f/k/a/ Playboy Plus Entertainment Inc. are organized under

24 the laws of Delaware and have their principal executive offices at 21800 Oxnard Street, Suite

25 150, Woodland Hills, CA 91367.  Defendant MG Global Entertainment Inc. has a lease

26 agreement with Douglas Emmett 2000, LLC for that office space.  No Defendant or other entity

27 affiliated with MindGeek S.à.r.l. or MG Premium Ltd owns or leases any real estate in California

28 or anywhere else in the United States.



No officers or directors of MG Premium Ltd or MindGeek S.à.r.l. (they have no

employees) have traveled to the United States, including California, for the purpose of conducting

business related to the allegations made in this case.

After entry of an appropriate confidentiality order and ESI protocol, Defendants will

produce the U.S. and California tax returns for those Defendants that were required to file them.

**<u>INTERROGATORY NO. 5</u>**

Identify all MindGeek Related Entities or Affiliates that have existed during the Relevant
Period (including entities owned in whole or in part by any MindGeek related executive, insider,
investor, or lender), the date such entities were created or ceased to exist, and the members,

1  directors, officers, employees, owners, lenders or their equivalent of such entities.

2  **RESPONSE TO INTERROGATORY NO. 5**

3        Defendants object to this Interrogatory on the grounds it is overly broad, unduly

4  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

5  proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

6  of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

7  assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities or

8  individuals who are parties to this lawsuit.  Defendants further object to the phrases "MindGeek

9  related executive, insider, investor, or lender" and "members, directors, officers, employees,

10  owners, lenders, or their equivalent" as vague and ambiguous.  Defendants further object to this

11  Interrogatory as overly broad and unduly burdensome to the extent it asks Defendant to identify

12  the employees of all MindGeek entities for a seven-year period.

13        Subject to and without waiving any and all objections, below are the officers and directors

14  of Defendants and the other entities identified in response to Interrogatory No. 1 during the

15  relevant time period:



MINDGEEK CORPORATE DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

2:21-CV-4920-CJC-ADS



Defendants further respond by referring Plaintiff to and incorporating herein their responses to Interrogatory Nos. 1 and 4.

**INTERROGATORY NO. 6**

For any entity or affiliate identified in response to Interrogatory 5, state the maximum and minimum capitalization per year of existence, annual revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities.

**RESPONSE TO INTERROGATORY NO. 6**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities or individuals who are parties to this lawsuit.

Subject to and without waiving any and all objections, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce financial records and tax returns

from which information regarding capitalization, annual revenues, profits, tax payments, and distributions can be determined.

**INTERROGATORY NO. 7**

For any entity identified in response to Interrogatory 5, state the corporate books and records and formalities that exists or were observed for each year of its existence.

**RESPONSE TO INTERROGATORY NO. 7**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities or individuals who are parties to this lawsuit. Defendants further object to this Interrogatory on the grounds that the phrase "corporate books, records, and formalities" is vague and ambiguous and the request to "state" those items is unclear. Defendants further object on the grounds that this Interrogatory calls for legal conclusions.

Subject to and without waiving any and all objections, each Defendant, at all relevant times, has maintained the records required by the laws of their individual states or countries of organization. By way of further response, Defendants will produce such documents after entry of an appropriate protective order and ESI protocol.

**INTERROGATORY NO. 8**

Identify every entity or individual that paid or provided any consideration to MindGeek personnel, vendors, independent contractors or individuals engaged in the moderation, monitoring, review, formatting, analysis and optimization of content; search engine optimization; social media optimization, communication, or activities; media relations and public communications; technology; and accounting or financial services.

**RESPONSE TO INTERROGATORY NO. 8**

Defendants object to this Interrogatory on the ground that as written it is vague and ambiguous. Plaintiff does not define "MindGeek or "vendor," and, in any event, the information sought by this Interrogatory is otherwise unclear. Defendants further object on the grounds that the terms "analysis," "social media optimization, communication, or activities," "public

communications," and "technology" are vague and ambiguous. As interpreted by Defendants, however, Plaintiff is requesting information regarding which MindGeek Entity employs or compensates virtually every individual who does any work for "MindGeek" in almost every facet of its businesses. This request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities or individuals who are parties to this lawsuit.

Subject to and without waiving any and all objections, Defendants will identify which entities employ the individuals responsible for moderation, monitoring, review, and formatting of content on Pornhub, as well as for accounting that relates to the operation of Pornhub. ███████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ By way of further response, after entry of an appropriate confidentiality order and ESI protocol, Defendants will produce relevant service agreements with MG Freesites Ltd.

**INTERROGATORY NO. 9**

Identify by name and address all entities or individuals paid or provided any consideration identified in response to Interrogatory 8.

**RESPONSE TO INTERROGATORY NO. 9**

As this Interrogatory refers back to Interrogatory No. 8, Defendants incorporate herein by reference their objections to Interrogatory No. 8. As interpreted by Defendants, however, Plaintiff is requesting Defendants identify virtually every individual who works for "MindGeek" in almost every facet of its businesses. This request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities or individuals who are

1  parties to this lawsuit.

2  **INTERROGATORY NO. 10**

3      Identify the location of all MindGeek servers and technology centers used to store and transmit content or operate or support any MindGeek websites.

4  **RESPONSE TO INTERROGATORY NO. 10**

5      Defendants object to this Interrogatory on the grounds it is overly broad, unduly

6  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

7  proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

8  of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

9  assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities or

10  individuals who are parties to this lawsuit.  Defendants object to the request for information

11  regarding technology centers as being vague and ambiguous.  Defendants further object to the

12  request for information regarding servers used to transmit content or operate or support any

13  MindGeek websites as overly broad because those servers are either not related to Plaintiff's

14  claims or so attenuated from Plaintiff's claims as to render discovery about them disproportionate

15  to the needs of the case.  Further, Plaintiff has not defined "MindGeek" and therefore, Defendants

16  limit their response to servers where content and related metadata for Pornhub are located.

17      Subject to and without waiving any and all objections, no content that appears on any of

18  the tubesites operated by Defendants is stored on any server located in California or anywhere in

19  the United States.

20

21  **INTERROGATORY NO. 11**

22      Describe by date, parties, and content all communications with third-parties concerning the presence of child pornography, CSAM, nonconsensual, or illegal content on MindGeek Tubesites, including but not limited to, all such communications with financial services companies, regulators, government agencies, law enforcement agencies, legislatures, and media and news organizations.

23

24

25  **RESPONSE TO INTERROGATORY NO. 11**

26      Defendants object to this Interrogatory on the grounds it is overly broad, unduly

27  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

28

proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities or

individuals who are parties to this lawsuit.  Defendants object to this Interrogatory to the extent it

assumes that "communications" are "jurisdictional contacts" or are relevant to the question of

whether the Court has personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to

the viability of Plaintiff's alter ego arguments.  Defendants further object that "communications"

with entities or individuals generally in the United States are not relevant to whether personal

jurisdiction exists in California.  Defendants also object to this Interrogatory to the extent it

requests communications regarding non-consensual or other content as those are unrelated to the

claims alleged in this case.

Subject to and without waiving any and all objections, after entry of an appropriate

confidentiality order and ESI protocol, and subject to Plaintiff's provision of information

sufficient to identify her communications, Defendants will produce documents reflecting

communications between Plaintiff and any Defendant.

**INTERROGATORY NO. 12**

Describe in detail all processes, standards, and technologies that MindGeek employed to
prevent the presence of child pornography, CSAM, non-consensual, or illegal content on
MindGeek Tubesites, the date in which such processes, standards, and technologies were
employed and the people most knowledgeable about each.

**RESPONSE TO INTERROGATORY NO. 12**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities or

individuals who are parties to this lawsuit.  Further, this Interrogatory is not proportionate to the

claims made in this case which are limited to allegations concerning the uploading of CSAM.  In

addition, the processes, standards, and technologies used by Defendants regarding CSAM, while

possibly relevant to the underlying claims in this case, are unrelated to any question of whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. for this case or to the viability of Plaintiff's alter ego arguments.

**INTERROGATORY NO. 13**

State whether all known or suspected CSAM and child pornography identified by MindGeek was reported to NCMEC or its equivalent in all other relevant jurisdictions and whether such content was deleted from its servers contemporaneously or left on the servers.

**RESPONSE TO INTERROGATORY NO. 13**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities or individuals who are parties to this lawsuit. Defendants further object on the grounds that the term "all other relevant jurisdictions" is vague and ambiguous. Defendants object to this Interrogatory to the extent it assumes that "reporting" is a "jurisdictional contact" or relevant to the question of whether the Court has personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. In addition, since no content that appears on Pornhub is stored anywhere in the United States, the policies, process, and procedures for deleting or preserving content on servers is unrelated to any question of whether personal jurisdiction exists over MG Premium Ltd and MindGeek S.à.r.l. for this case or to the viability of Plaintiff's alter ego arguments.

Subject to and without waiving any and all objections, beginning on or around April 2020, MG Freesites Ltd began reporting incidents of potential CSAM to NCMEC. ███████████████

**INTERROGATORY NO. 14**

State whether child pornography and CSAM is currently on MindGeek's servers.

**RESPONSE TO INTERROGATORY NO. 14**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities or

individuals who are parties to this lawsuit.  Defendants further object that this Interrogatory is

ambiguous to the extent Plaintiff has not defined "MindGeek."

Subject to and without waiving any and all objections, since no content that appears on

Pornhub is stored anywhere in the United States, the current contents of those servers is unrelated

to any question of whether personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. for

this case or to the viability of Plaintiff's alter ego arguments.

**INTERROGATORY NO. 15**

Identify all aliases used by MindGeek executives, personnel, or agents to communicate
publicly or privately in any communications related to MindGeek's business.

**RESPONSE TO INTERROGATORY NO. 15**

Defendants object to this Interrogatory on the grounds it is overly broad, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities or

individuals who are parties to this lawsuit.  Defendants further object that this Interrogatory is

ambiguous to the extent Plaintiff has not defined "MindGeek" and to the extent the Interrogatory

seeks information about unspecified "agents" of MindGeek.  Defendants further object to this

Interrogatory to the extent it assumes that "communications" are "jurisdictional contacts" or are

relevant to the question of whether the Court has personal jurisdiction over MG Premium Ltd and

MindGeek S.à.r.l., particularly as the request seeks "any communication related to MindGeek's

business" regardless of whether those communications are related to the claims in this case and or

even to business conducted in the United States or California.   "Communications" with entities

or individuals generally in the United States are not relevant to whether personal jurisdiction

1  exists over MG Premium Ltd and MindGeek S.à.r.l. for this case or to the viability of Plaintiff's

2  alter ego arguments.

3  **INTERROGATORY NO. 16**

4       Identify all social media accounts, email accounts, cell numbers, text or other
   communications services or apps used by the Individual Defendants directly or through any
5  MindGeek Related Entity during the Relevant Time Period.

6  **RESPONSE TO INTERROGATORY NO. 16**

7       Defendants object to this Interrogatory on the grounds it is overly broad, unduly

8  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

9  proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

10  of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

11  assessment of the viability of Plaintiff's alter ego arguments.  Defendants also object on the

12  grounds that the "other communications services or apps" is vague and ambiguous.  Defendants

13  further object to this Interrogatory as it appears to be directed to identifying methods of

14  communications used by other Defendants.  Therefore, Defendants object to the extent it assumes

15  that "communications" by other Defendants are "jurisdictional contacts" or are relevant to the

16  question of whether the Court has personal jurisdiction over MG Premium Ltd and MindGeek

17  S.à.r.l.  Defendants further object that this Interrogatory seeks information more appropriately

18  sought from other parties.

19  **INTERROGATORY NO. 17**

20       Describe in detail the annual revenue and profits associated with each MindGeek Tubesite
   and individual or entity that directly or indirectly owned that website and how such revenue and
21  profits were used, distributed, and taxed.

22  **RESPONSE TO INTERROGATORY NO. 17**

23       Defendants object to this Interrogatory on the grounds it is overly broad, unduly

24  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

25  proportional to the needs of the case, particularly to the needs of addressing the Court's exercise

26  of personal jurisdiction over MG Premium Ltd and MindGeek S.à.r.l. or to the Court's

27  assessment of the viability of Plaintiff's alter ego arguments.  Defendants further object to this

28  Interrogatory as overly broad and unduly burdensome to the extent it is not limited to Pornhub,

the only tubesite to which Plaintiff alleges content depicting her was uploaded.

Subject to and without waiving any and all objections, Defendants state that the ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ After entry of an appropriate confidentiality order and ESI protocol, Defendants will produce documents from which information regarding the financial performance of Pornhub and MG Freesites Ltd can be determined and how MG Freesites Ltd's profits are distributed.

Dated:  September 22, 2022                    Respectfully submitted,

                                             *s/ Kathleen N. Massey*
                                             KATHLEEN N. MASSEY (*admitted pro hac vice*)
                                             kathleen.massey@dechert.com
                                             DECHERT LLP
                                             Three Bryant Park
                                             1095 Avenue of the Americas
                                             New York, NY 10036
                                             Phone: (212) 698-3500; Fax: (212) 698 3599

                                             *Attorneys for Defendants*

1

## **CERTIFICATE OF SERVICE**

2      I, Kathleen Massey, certify that on September 22, 2022, I caused the forgoing Responses to

3   Plaintiff's First Set of Interrogatories Relating to Jurisdiction to be served by email all counsel of

4   record.

5                                                   */s/ Kathleen Massey*
                                                    Kathleen Massey
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28