# Exhibit 9

## Yeary, Michelle

| | |
|---|---|
| **From:** | Yeary, Michelle |
| **Sent:** | Monday, February 6, 2023 12:57 PM |
| **To:** | 'Bowe, Michael J' |
| **Cc:** | Doyle, John G.; Boisvert, Chip; Massey, Kathleen; Tabaksblat, Lauren; Stein, David M.; Dunn, Joshua P. |
| **Subject:** | RE: Plaintiff's Second Motion to Compel - Fleites v. MindGeek S.A.R.L., et al. No. 21-cv-4920 (C.D. Cal.) |

Michael – we are confused by your response when our email states that we will either be producing the documents you requested, or complying with the court's February 3 order, or the documents you seek do not exist. But if that is not your reading of our email, there is no reason to meet and confer and we can respond to your motion identifying to the court all the things we are willing to produce. We thought it made sense to try to reach an agreement before burdening the court on whole categories of documents that are no longer at issue. That said, we are happy to meet and confer on the issues raised in your motion to compel. However, given the timing of your availability tomorrow and when our response is due, we would propose to provide our response on Wednesday with the understanding that if you are committed to a hearing on March 1, we will jointly request that despite the filing being 1 day short of the required notice period. Also, we are not speaking for the Individual Defendants who we understand have already communicated to you their unavailability on March 1. We were simply suggesting that for the convenience of the court and the parties, given many overlapping issues, it might make sense to move the hearing to a day when all were available.

Please let us know as soon as possible if you want to have the meet and confer with the condition noted above. We are likewise available after 1 tomorrow.

**Michelle Hart Yeary**
Counsel

**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 609 955 3277 Direct
+1 609 471 2434 Mobile
michelle.yeary@dechert.com
dechert.com

Follow Dechert: Facebook / Twitter / LinkedIn

---

**From:** Bowe, Michael J <MBowe@brownrudnick.com>
**Sent:** Monday, February 6, 2023 11:21 AM
**To:** Yeary, Michelle <michelle.yeary@dechert.com>
**Cc:** Doyle, John G. <JDoyle@brownrudnick.com>; Boisvert, Chip <Chip.Boisvert@dechert.com>; Massey, Kathleen <kathleen.massey@dechert.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; Stein, David M. <DStein@brownrudnick.com>; Dunn, Joshua P. <JDunn@brownrudnick.com>
**Subject:** Re: Plaintiff's Second Motion to Compel - Fleites v. MindGeek S.A.R.L., et al. No. 21-cv-4920 (C.D. Cal.)

**[EXTERNAL EMAIL]**

Michelle, as was the case on our meet and confer call, your email is pretty unequivocal in its position that the Mindgeek Entities are not willing to make a production in any of these categories that would be remotely sufficient to avoid motion practice. Accordingly, we do not think it makes sense to delay further.

That said, if you would like to discuss this further, we are prepared to meet and confer tomorrow as you have indicated you are unavailable to meet and confer today. I have a deposition in the morning but we will make ourselves available anytime after 1 into the evening.

Since you are communicating messages for the Individual Defendants, please let them know they are welcome to meet and confer further assuming anything about their position about not producing documents has changed.

Thanks.
Sent from my iPhone

> On Feb 6, 2023, at 10:06 AM, Yeary, Michelle <michelle.yeary@dechert.com> wrote:
>
> **CAUTION: External E-mail. Use caution accessing links or attachments.**
>
> John – with respect to Plaintiff's Second Motion to Compel, many of the categories of documents are ones that we discussed during our last meet and confer and which MindGeek was taking under consideration. Now that we have reviewed the 8 categories of documents that you ask the court to compel, we believe that for almost all they have either been produced or we are willing to produce them. We are endeavoring to make a production by Thursday 2/9 and would request that you defer your motion by one week to allow us to make the production and for you to review the documents which may either moot the motion in its entirety or substantially narrow the issues for the court to decide. We also believe that Judge Spaeth's ruling on Friday impacts some of your requests. I am setting out below what we are willing to produce for each category in your motion. Based on this we would request that the time to respond to your motion be extended until at least February 14 as we hope that if it still needs to be filed it at least will need to be revised. Further, we understand that lead counsel for several of the individual defendants are not available for a hearing on March 1. Therefore, it appears that extending the response deadline and hearing date for all parties makes sense for numerous reasons. Please let us know as early as possible today whether you consent to the extension.
>
> Alter Ego Documents:
>
> a. Request: complete set of all agreements in and between the owners, investors, lenders, executives, and MindGeek, deal files related to those transactions and agreements, and the governing articles and by-laws for the relevant MindGeek entities.
>
> 1. We will produce the complete set of transactional documents for the 2013 and 2018 corporate reorganizations and refinancings. There are provisions in these documents that require the parties to the agreements to obtain prior written consent before we can disclose the documents. We are reaching out to get that authorization as soon as possible.
> 2. Defendants have already produced the articles of incorporation and by-laws, or their foreign equivalents, for 9219-1568 Quebec, Inc., MindGeek USA, MindGeek Global Entertainment, MG Freesites Ltd, MG Premium Ltd, and MindGeek S.a.r.l., and we agree to produce them for RT Holdings S.a.r.l. If there are other entities you are requesting, please let us know and we will consider a reasonable request if the entity is reasonably relevant to jurisdictional discovery.

b.  All due diligence files, presentations, or the equivalent prepared in connection with any actual or contemplated financing, investment, purchase, reorganization, or other corporate transaction or audit.

1. We are willing to produce Confidential Information Memoranda, if any, between 2014 and 2020.

c.   All ownership and corporate organizational charts, and contract abstracts, summaries, and memoranda, explaining or depicting the identities and legal and economic relationships of and between the direct and indirect owners, investors, lenders, and any MindGeek entity, affiliates, and related parties.

1. In addition to producing the reorganization documents noted above, we can confirm that there are no additional organizational charts depicting the relationships between MindGeek entities to produce for 2014-2020.
2. We will also produce a summary document that is used by the company to explain the flow of money within the corporate structure.

d.   All management and operational organizational charts, rosters, and memoranda depicting and explaining the management and operational infrastructure of the core business functions for each MindGeek entity such as finance, accounting, IT, website operation and infrastructure (including the servers), moderation, compliance, legal, and media and public relations.

1. We believe this request has already been ruled on by Judge Spaeth and further rosters and infrastructure documents are not required to be produced.   We will produce the information about the locations of employees and servers the court ordered the MindGeek entity defendants to produce.

e.   Documents reflecting which MindGeek entities employed and paid the management and personnel operating the business and paid the costs associated with the business.

1. We also believe this request has already been largely ruled on by Judge Spaeth.  We will produce the information about the locations of entities the court ordered the MindGeek entity defendants to produce.
2. The MindGeek Entity Defendants have already produced the employment agreements for Feras Antoon (CEO), David Tassillo (COO), and Corey Urman (Director of Product Management).  We can confirm that they were all employed by the 9219 entity.
3. Operating costs are covered in the financial reporting packages, which as noted below we are willing to provide additional versions of.

Financial Documents:

a.   The information from MindGeek's accounting and financial reporting systems related to all profit and loss and balance sheet categories, including revenues, expenses, assets, liabilities, inter-company transactions, as well as all dividends and distributions.

b.   Financial reports prepared for, and associated information given to, senior management, directors or their equivalent, lenders, or outside consultants, accountants, or other third parties.

1. The annual reporting packages prepared for use with third parties were among the first documents produced to Plaintiff.  We are willing to produce quarterly reporting packages for the relevant years as well.  We will also produce quarterly and annual reporting packages that were prepared for senior executives.  Those packages include information for every active MindGeek

3

entity, for each business unit and the internal packages include information specific to the individual tubesites.
   2. We will also produce a document summarizing dividend information

c.     All documents related to the reorganizations, inter-company and related-party transactions, contracts, accounting, and third-party transfer pricing analysis as described in the Andreou Declaration.

   1. As noted above, we will produce the deal documents surrounding the 2013 and 2018 reorganizations and refinancing.
   2. We will also produce the transfer pricing studies and additional documents related to related-party transactions

In addition, we will be producing documents that reflect communications involving the individual defendants and their alleged direction of the policies/procedures regarding the handling of CSAM on MindGeek websites.

Regards,
Michelle

**Michelle Hart Yeary**
Counsel

**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 609 955 3277 Direct
+1 609 471 2434 Mobile
michelle.yeary@dechert.com
dechert.com

Follow Dechert: Facebook / Twitter / LinkedIn

---

**From:** Doyle, John G. <JDoyle@brownrudnick.com>
**Sent:** Wednesday, February 1, 2023 12:15 AM
**To:** Boisvert, Chip <Chip.Boisvert@dechert.com>; Massey, Kathleen <kathleen.massey@dechert.com>; Yeary, Michelle <michelle.yeary@dechert.com>
**Cc:** Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; Bowe, Michael J <MBowe@brownrudnick.com>; Stein, David M. <DStein@brownrudnick.com>; Dunn, Joshua P. <JDunn@brownrudnick.com>
**Subject:** Plaintiff's Second Motion to Compel - Fleites v. MindGeek S.A.R.L., et al. No. 21-cv-4920 (C.D. Cal.)

[EXTERNAL EMAIL]

Counsel,

Attached, please find Plaintiff's portion of the Rule 37-2 Joint Stipulation concerning her Second Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents, along with the referenced exhibits.  Please provide the information you would like included in the Joint Stipulation no later than February 7, 2023.

4

Thank you,

John



<image001.jpg>

**John G. Doyle**
Associate

Brown Rudnick LLP
601 Thirteenth Street NW
Washington, D.C. 20005
T: +1 202.536.1706
M: +1 717.226.0329
jdoyle@brownrudnick.com
www.brownrudnick.com

*********************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*********************************************************************

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

*********************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

*********************************************************************