# EXHIBIT 2

Michael J. Bowe
(*admitted pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*admitted pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>    Plaintiff,<br><br>    v.<br><br>MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>    Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>HON. CORMAC J. CARNEY<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BERND BERGMAIR** |

PROPOUNDING PARTY:     PLAINTIFF SERENA FLEITES

RESPONDING PARTY:      DEFENDANT BERND BERGMAIR

SET NO.:               ONE

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Serena Fleites ("Plaintiff") requests that Defendant Bernd Bergmair ("Defendant") produce, in accordance with the following definitions and instructions, documents and other tangible things requested in the following Requests for Production of Documents, Set No. 1 (the "Requests"), for inspection and copying, within thirty (30) days after service, at the law office of Brown Rudnick LLP, 2211 Michelson Drive, Seventh Floor, Irvine, California 92612, or such other place as agreed upon by counsel. The failure to fully and accurately answer these requests may result in sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. "Action" means the lawsuit captioned *Fleites v. MindGeek S.A.R.L. et al*, 2:21-cv-4920-CJC-ADS.

2. "Amended Complaint" means the Plaintiff's First Amended Complaint filed March 21, 2022 in this Action at Docket No. 124-3.

3. "You" or "Your" refers to Defendant Bernd Bergmair.

4. "MindGeek" "MindGeek Entity" or "MindGeek Related Entities" refers to the hundreds of companies that are owned, directly or indirectly, and/or affiliated with MindGeek S.A.R.L., including the hundreds of tubesites owned and operated by MindGeek, and the hundreds of companies that were created and dissolved during the period relevant to the Amended Complaint, and includes each of those entities' current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the entities' behalf.

5. "Defendants" means the following parties/entities and each of their current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, each of their current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on their behalf:

     a. MindGeek S.A.R.L
     b. Mindgeek Freesites LTD
     c. Mindgeek USA Incorporated
     d. MG Premium LTD
     e. MG Global Entertainment
     f. 9219-1568 Quebec Inc.
     g. Bernd Bergmair
     h. Feras Antoon
     i. David Tassillo
     j. Corey Urman
     k. Visa Inc.
     l. Colbeck Capital Does 1-5
     m. Bermair Does 1-5.

6. "Individual Defendants" means the following parties in this action:

     a. Bernd Bergmair;
     b. Feras Antoon;
     c. David Tassillo; and/or
     d. Corey Urman.

7. "MindGeek Tubesites" refers to the over 100 pornographic websites and brands owed by the MindGeek Entities, including but not limited to Pornhub, RedTube, Tube8, YouPorn, PornIQ, gaytube, Thumbzilla, Peeperz, PornMD, Xtube, Brazzers, Babes.com, Reality Kings, Digital Playground, Twistys, Men.com, Mofos, MyDirtyHobby, SexTube, and Webcams.

8. "Any" or "all" shall mean any and all, and shall serve to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

9. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure, and includes any written, recorded or graphic matter of any nature whatsoever, regardless of how recorded, and whether in original or copy, and any related communication

10. "Communication" shall mean and refer to any mode of conveying, distributing, disclosing, publishing, transferring and exchanging meaning or information, whether orally or by document, or whether by in-person conversations, telephone, mail, facsimile, personal delivery, overnight delivery, video recording, text or other electronic message, including ICQ, electronic mail or computer generated posting or any other display on the internet, or otherwise. The term shall include notes, memoranda, or any other document memorializing, conveying, or referring to

the information Posts and comments to any social media accounts such as Facebook, Twitter, YouTube, LinkedIn, Tumblr, Instagram, Pinterest, and Snapchat, and include comments to online materials posted to the MindGeek Tubesites. These terms are further intended to include, without limitation, any summaries, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning or memorializing the transmittal of information, opinion, words, or data.

11. "Employee" includes, without limitation, current or former partners, directors, shareholders, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the employer's behalf.

12. "Person" means any natural person, corporation, partnership, firm, association or any business, legal or governmental agency.

13. "Parent" means any person or entity which owns shares of stock or other ownership interests in a subordinate entity, having ordinary voting power to elect a majority of the board of directors or other managers of such subordinate entity are at the time owned, or the person which manages or otherwise controls, directly or indirectly, such subordinate entity.

14. "Affiliate" or "Affiliates" means a subsidiary corporation, sister corporation, subsidiary limited liability company, sister limited liability company, or any other form of business entity with an overlap of ownership, board of directors, managers, or executives.

15. The term "including" means including without limitation.

16. "CSAM" refers to Child Sexual Abuse Material and includes child pornography and any visual depiction of sexually explicit conduct involving a minor (a person less than 18 years old) or the sexual abuse and exploitation of a child or children.

17. "NCMEC" refers to the National Center for Missing and Exploited Children.

18. As used herein, the "Relevant Time Period" covered by the Interrogatories is from June 1, 2013 through the present.

19. Anything not defined herein specifically shall have the definition given in the Amended Complaint.

**INSTRUCTIONS**

1. These requests should be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Civil Rules.

2. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of this document request all documents and responses which might otherwise be considered beyond the scope.

3. The use of capital letters, lower case letters or quotation marks in this document request shall not be construed to limit the scope of any specific request contained herein.

4. The term "including" means including without limitation.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

6. The use of the singular form of any word includes the plural and vice versa.

7. In responding to the Requests, furnish all responsive documents that are available to you, including documents in the possession of your agents, advisors, attorneys, contractors, representatives, partners, representatives, and anyone else acting on your behalf or otherwise subject to your control.

8. In responding to the Requests, make a diligent search of your records, electronic files and of any other papers and materials in your possession or available to your representatives.

9. Documents are to be produced in full and unexpurgated form without abbreviation of redaction. In the event that you are able to provide only part(s) of the document(s) called for in any particular Request for Production, provide all document(s) that You are able to provide and state the reason, if any, for the inability to provide the remainder.

10. If you do not have within your possession, custody or control any document(s) responsive to a particular Request for Production, your response to that Request should so state.

11. If any document requested herein has been lost, deleted, discarded or destroyed, it shall be identified and described as completely as possible, including the following information: content, author, recipient, sender copied recipient (indicated or blind), date prepared or received,

date of disposal, reasons for disposal, personal authorizing the disposal, person disposing of the document and contents of the document.

12. All documents shall be produced in the order in which they are kept in the usual course of business, and shall be produced in their original file folders, binders, cover or containers, or facsimiles thereof. In addition, all documents shall be produced, organized, and labeled to correspond to the individual Requests for Production.

13. Documents constituting Electronically Stored Information (ESI) are to be provided in Concordance Default format with associated default delimiters, and are to include bates-labeled TIFF images, all associated metadata, and native files named after the bates number of the corresponding TIFF image.

14. Hard copy documents (non-ESI) are to be produced in Concordance Default format with associated default delimiters, and are to include bates-labeled TIFF images and all associated metadata.

15. To the extent that you refuse to produce any document requested on the ground that the document is protected from discovery by the work product doctrine, the attorney-client privilege, or any other privilege or doctrine, provide a log identifying the document by stating: (1) the date on which the document was prepared, the date appearing on the document, if different, and the date on which it was transmitted; (2) the name(s) of the sender(s) and author(s) of the document, including all recipients, "cc" recipients and "bcc" recipients; (3) the number of pages withheld; (4) a description sufficient to identify the document without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes); and (5) the statute, rule or decision which is claimed to give rise to the privilege or any other reason for withholding the document, in accordance with Rule 26(b)(5)(A) and any stipulations between the parties.

16. If only a portion of a responsive document is privileged against disclosure, you must produce the responsive non-privileged portion of the document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege stated as provided in the instruction above.

17. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments or attachments to different documents, or for any other reason, is a separate document to be produced in response hereto.

18. The Requests are continuing in nature and require that you promptly produce additional responsive documents or information whenever they are acquired, discovered or come into existence after the date of the initial production.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**

All documents and communications concerning Serena Fleites.

**REQUEST NO. 2**

All documents and communications concerning or relating to Your affiliation with, employment by, or ownership of MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**REQUEST NO. 3**

All documents and communications concerning or reflecting any income, revenue, or other monies You have received from MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**REQUEST NO. 4**

All documents and communications between and among You and any of the Defendants related to this Action.

**REQUEST NO. 5**

All documents and communications between and among You and any of the Defendants related to the presence of any CSAM on any MindGeek site, any MindGeek Related Entity site, or any MindGeek Tubesites.

**REQUEST NO. 6**

All documents describing, depicting, explaining, or relating to the past or present corporate and ownership organization and structure of MindGeek, the identity of all affiliated or related

party entities, corporations, limited partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities.

**REQUEST NO. 7**

All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by You or any of the other Individual Defendants, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, or Shaileshkumar P. Jain (a/k/a "Sam" Jain) or individuals or entities introduced or represented by such persons or entities.

**REQUEST NO. 8**

All documents related to any past or present, direct, indirect or beneficial ownership, licensing, or secured or other economic interest of, or in, any intellectual property owned or licensed, directly or indirectly by You related to MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**REQUEST NO. 9**

All documents describing, depicting, explaining, or relating to MindGeek's past or present internal organizational structure, offices, departments, executives, and personnel.

**REQUEST NO. 10**

All documents identifying all MindGeek or outside personnel or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise.

**REQUEST NO. 11**

All documents and communications relating to Your or MindGeek's past or present jurisdictional contacts with the United States or California, including but not limited to, offices,

residences, and real estate located in California or any jurisdiction in the United States.

**REQUEST NO. 12**

All documents and communications relating to Your or MindGeek's personnel or vendors employed, retained, paid, located in, or otherwise providing services in California or any jurisdiction in the United States; political activities in California or any jurisdiction in the United States, including through direct or indirect participation in, or financial support for, lobbying, trade, or industry, or activist organizations; trips to California or any jurisdiction in the United States; servers; revenues, profits, expenses, taxes earned or paid in or from California or any jurisdiction in the United States; and communications or business relationships with, to, from, or in California or any jurisdiction in the United States.

**REQUEST NO. 13**

All documents reflecting annual revenues, profits and losses, and expenses for each MindGeek Related Entity or MindGeek Tubesite or the entity that owns or controls that platform or website.

**REQUEST NO. 14**

All documents concerning, reflecting, describing, or relating to, or comprising of presentations to or from, proposed transactions from, or data and information provided or made available to, any actual or potential investors, lenders, secured parties, licensees, purchasers, or others concerning MindGeek or any MindGeek Related Entity.

**REQUEST NO. 15**

All transaction documents, term sheets, and communications concerning any actual or proposed transactions involving the ownership of, loans to, secured interest in, or intellectual property or other rights related to MindGeek.

**REQUEST NO. 16**

For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients

for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity.

**REQUEST NO. 17**

For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants.

**REQUEST NO. 18**

Your monthly, quarterly, and annual bank and investment statements.

**REQUEST NO. 19**

All documents and communications related to any corporate reorganization by MindGeek and the purposes behind that reorganization.

**REQUEST NO. 20**

All documents or communications identifying the various subsidiaries comprising the business of MindGeek.

**REQUEST NO. 21**

All documents identifying the directors, managers, members, executives, and personnel of the various subsidiaries comprising the business of MindGeek.

**REQUEST NO. 22**

All documents identifying the companies organized and existing under the laws of multiple jurisdictions where MindGeek has assets, operates businesses, or provides services and the nature of the assets, businesses, or services.

**REQUEST NO. 23**

All documents identifying the entities providing services to MG Freesites LTD.

**REQUEST NO. 24**

All documents identifying the bank accounts, services, payments, written agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax

determinations.

**REQUEST NO. 25**

All audited financial statements and all related communications with auditors regarding the same.

**REQUEST NO. 26**

All documents identifying the distinct legal entities of MindGeek or the MindGeek Related Entities.

**REQUEST NO. 27**

All documents related to the support services MG Global Entertainment.

**REQUEST NO. 28**

All documents related to the services provided by 9219-1568 Quebec Inc.

**REQUEST NO. 29**

All documents relating to MindGeek related payments, investments, or loans to, in, or for any personal affairs, expenses, entities, businesses, real estate, or investments related to You or any of the Individual Defendants, or any of their family members or entities in which either You or a family member holds a direct or indirect interest.

**REQUEST NO. 30**

All documents related to the purported resignation of Feras Antoon and David Tassillo as CEO and COO of MindGeek respectively, including, but not limited to, any documents related to any investigation, allegations, or reports of their using Mindgeek assets and monies for their personal affairs, investments, or businesses.

**REQUEST NO. 31**

All documents or communications depicting, describing, or explaining MindGeek's IT infrastructure and networks, data storage, server and data centers and providers of the same, internal and external communications systems including ICQ, and ISP and Cloud storage services and providers, including the locations and identities of any outside vendors associated with the same.

**REQUEST NO. 32**

1    All contact lists maintained by You or any of the Individual Defendants as well as
2 documents sufficient to show all cell and other phone numbers and messaging services used by
3 each individual.

4 **REQUEST NO. 33**

5    All documents or communications identifying, depicting, explaining, or describing any
6 programs or technology MindGeek acquired, employed, used, or considered to moderate, monitor,
7 format, optimize, filter, review, screen, or remove content on its websites, including the dates such
8 technology was acquired, employed, or considered.

9 **REQUEST NO. 34**

10    All documents or communications related to MindGeek's policies, manuals, practices,
11 processes, and rules for moderating, monitoring, formatting, optimizing, filtering, reviewing,
12 screening, or removing content on its platforms and websites, including all prohibited words,
13 phrases, categories, and "genres" and all processes and reports concerning search engine
14 optimization of such content.

15 **REQUEST NO. 35**

16    All documents and communications describing MindGeek's policies and procedures for
17 preserving hard copy and electronic documents and content.

18 **REQUEST NO. 36**

19    All documents and communications reflecting rosters, schedules, training materials,
20 performance reviews and metrics for personnel or outside contractors or vendors involved in
21 moderating, formatting, optimization, filtering, screening, or removing content from MindGeek's
22 platforms and websites.

23 **REQUEST NO. 37**

24    All documents and communications identifying all content categories, "genres," or similar
25 descriptors MindGeek has included, recommended, or offered to users of its platforms and
26 websites.

27 **REQUEST NO. 38**

28    All documents consisting of, or reflecting, reports, communications, data, or actions

related to content reviewed or screened by any technology, programs, or internal or external personnel concerning actual or suspected CSAM, nonconsensual, prohibited, or illegal content.

**REQUEST NO. 39**

All documents concerning complaints, reports, communications, and requests concerning CSAM, non-consensual, prohibited, or illegal content on any MindGeek platform or website, including all documents and communications with or concerning any associated investigation, actions, and internal and external communications concerning the same.

**REQUEST NO. 40**

All documents and communications reflecting processes, standards, and technologies that MindGeek employed to prevent the presence of child pornography, CSAM, non-consensual, prohibited, or illegal content on its platforms or websites; the dates on which such processes, standards, and technologies were employed; and the people most knowledgeable about each.

**REQUEST NO. 41**

All documents and communications reflecting policies, practices, rules, guidelines, programs, or plans concerning the moderation, monitoring, review, formatting, analysis or search and social media use and optimization of content on MindGeek platforms and websites, including, but not limited to, with respect to content uploaded with associated languages other than English.

**REQUEST NO. 42**

All documents and communications concerning MindGeek's policies, practices, and compliance related to 18 U.S.C. § 2257.

**REQUEST NO. 43**

All materials and information provided to Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

**REQUEST NO. 44**

All communications between You and Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

**REQUEST NO. 45**

The report and recommendations provided to MindGeek by Kaplan, Hecker & Fink.

**REQUEST NO. 46**

Any internal or external expert or consultant reports provided to MindGeek concerning its technology, processes, policies, and practices concerning CSAM, nonconsensual, prohibited, or illegal content.

**REQUEST NO. 47**

All documents and communications related to the implementation of the recommendations provided to MindGeek by Kaplan, Hecker & Fink or any internal or external expert or consultant concerning CSAM, nonconsensual, prohibited, or illegal content.

**REQUEST NO. 48**

The list of content MindGeek provided to NCMEC as reported in the June 20, 2022 New Yorker magazine, and the associated dates of upload; URL's; IP addresses; uploader identifiers; associates tags, descriptions, titles, comments, and categories; engagement and other monitoring metrics; and data and information concerning any review, moderation, screening, modification, tracking, complaints, deletion, or revenue generation associated with such content.

**REQUEST NO. 49**

All documents or communications concerning any internal or external review of MindGeek content for CSAM, non-consensual, prohibited, or illegal content, including, but not limited to, the review undertaken beginning in or about the end of 2020 and the beginning of 2021 and the review that led to the report to NCMEC that was described in the June 20, 2022 New Yorker magazine.

**REQUEST NO. 50**

All documents or communications related to the purchase, upload, or distribution of content to any MindGeek platform or MindGeek Tubesite, any MindGeek Related Entity, or any person or entity working for MindGeek or a MindGeek related entity.

**REQUEST NO. 51**

All documents or communications reflecting agreements or relationships with any banks, credit card networks, payment processors, or similar entities concerning the processing of payments for products, services, advertising, or otherwise through MindGeek's platforms or

websites.

**REQUEST NO. 52**

All documents concerning communications with the media, news organizations, journalists, legislators, law enforcement, regulators, quasi-governmental agencies, media relations companies, the Free Speech Coalition, 5wPR, or on social media platforms either directly, through aliases, or through agents, surrogates, or other social media participants concerning CSAM, non-consensual, prohibited, or illegal content on MindGeek's platforms or websites or internal or external news, media or other reports, allegations, or complaints regarding the same.

**REQUEST NO. 53**

All documents sufficient to show all copyright DCMA take down notices MindGeek has issued.

**REQUEST NO. 54**

All documents reflecting DCMA take down notices MindGeek has received and the responses it made to each.

DATED: September 20, 2022                BROWN RUDNICK LLP

By: _____
Michael J. Bowe
Lauren Tabaksblat
Attorneys for Plaintiff
SERENA FLEITES