# EXHIBIT 3

1    DAN MARMALEFSKY (CA SBN 95477)
     DMarmalefsky@mofo.com
2    Morrison & Foerster LLP
     707 Wilshire Boulevard
3    Los Angeles, California  90017-3543
     Telephone:  213.892.5200
4    Facsimile:  213.892.5454

5    RONALD G. WHITE (admitted *pro hac
     vice*)
6    RWhite@mofo.com
     Morrison & Foerster LLP
7    250 West 55th Street
     New York, NY  10019-9601
8    Telephone:  212.468.8000
     Facsimile:  212.468.7900

9
     Attorneys for Defendant
10   BERND BERGMAIR

11

12                **UNITED STATES DISTRICT COURT**
                 **CENTRAL DISTRICT OF CALIFORNIA**
13                    **SOUTHERN DIVISION**

14
     SERENA FLEITES,                          Case No. 2:21-cv-4920-CJC-ADS
15
              Plaintiff,
16
          vs.
17                                            **DEFENDANT BERND**
     MINDGEEK S.A.R.L. a foreign entity;      **BERGMAIR'S OBJECTIONS AND**
18   MG FREESITES, LTD., a foreign            **RESPONSES TO PLAINTIFF'S**
     entity; MINDGEEK USA                     **FIRST SET OF**
19   INCORPORATED, a Delaware                 **INTERROGATORIES**
     corporation; MG PREMIUM LTD., a
20   foreign entity; MG GLOBAL
     ENTERTAINMENT INC., a Delaware
21   corporation; 9219-1568 Quebec, Inc.
     (d/b/a MindGeek), a foreign entity;
22   BERND BERGMAIR, a foreign
     individual; FERAS ANTOON, a
23   foreign individual; DAVID
     TASSILLO, a foreign individual;
24   COREY URMAN, a foreign individual;
     VISA INC., a Delaware corporation;
25   COLBECK CAPITAL DOES 1-5; and
     BERGMAIR DOES 1-5,
26
              Defendants.
27

28

     ──────────────────────────────────────────────
              BERGMAIR'S OBJECTIONS AND RESPONSES TO
              PLAINTIFF'S FIRST SET OF INTERROGATORIES

     NY-2443054

PROPOUNDING PARTY:     SERENA FLEITES

RESPONDING PARTY:     Bernd Bergmair

SET NO.:     One (1)

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Bernd Bergmair, by and through his undersigned counsel, hereby provides his objections and responses to Plaintiff's First Set of Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

  The objections and responses herein are based upon the information and documents that are presently available to and specifically known to Bergmair. Bergmair has not completed his investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for any trial that might be held. Further discovery, investigation, legal research, and analysis may supply additional facts, add meaning to known facts, or establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from any answers provided herein. Accordingly, without asserting an obligation to do so, and without waiving any objections herein, Bergmair reserves the right to amend and/or supplement these objections and responses as discovery and investigation continues.

## GENERAL OBJECTIONS

  The following General Objections to the Interrogatories are incorporated into each and every individual response below, whether or not specifically stated in the individual response:

  1. Bergmair objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to impose obligations beyond those imposed by

1

1    the Federal Rules of Civil Procedure or the Local Rules for the Central District of

2    California.

3        2.      Bergmair objects to the Interrogatories, including the Definitions and

4    Instructions, to the extent that they seek information beyond the scope of

5    jurisdictional discovery authorized by the Court in its July 29, 2022 Order (ECF

6    No. 167) and are not reasonably calculated to lead to the discovery of relevant

7    evidence on the issue of personal jurisdiction.

8        3.      Bergmair objects to the Interrogatories, including the Definitions and

9    Instructions, as vague, overly broad, unduly burdensome and not proportional to the

10   needs of the case since they seek information regarding entities and individuals

11   beyond the Defendants in this action and/or parties who have no connection to

12   Plaintiff's claims, and which is not relevant to the issue of personal jurisdiction

13   over the Defendants who are challenging jurisdiction.

14       4.      Bergmair objects to the Interrogatories, including the Definitions and

15   Instructions, to the extent that they seek disclosure of information protected by the

16   attorney-client privilege, the common interest privilege, the joint defense privilege,

17   the attorney work product doctrine, or any other applicable privilege, protection or

18   immunity.

19       5.      Bergmair objects to the definition of "MindGeek Entity" or

20   "MindGeek Related Entities" (Definition No. 4) as vague, overly broad and unduly

21   burdensome since, on its face, it seeks information about (a) "hundreds of

22   companies" owned or affiliated with MindGeek, S.A.R.L.; (b) "hundreds of

23   tubesites owned and operated" by MindGeek; (c) "hundreds of companies that were

24   created and dissolved" by MindGeek during the relevant time period; and (d) for

25   each of these hundreds of entities, not just all "current and former partners,

26   directors, shareholders, employees, employers [and] officers," but also all others

27   fitting any of the following broad, amorphous categories: "agents, principals,

28

2

1   officials, representatives, associates, consultants, attorneys, advisors, accountants,

2   aliases and all persons or entities purporting to act on the entities' behalf."

3   Bergmair also objects to this definition as vague, overly broad and unduly

4   burdensome since it seeks information regarding entities and individuals beyond the

5   Defendants in this action and/or parties who have no connection to Plaintiff's

6   claims, and which is not relevant to the issue of personal jurisdiction over the

7   Defendants who are challenging jurisdiction.  Accordingly, where Bergmair

8   references "MindGeek" in his responses to the Interrogatories, he is referring only

9   to the Mind Geek corporate defendants sued in this action.

10          6.      Bergmair objects to the definition of the "Relevant Time Period"

11  covered by the Interrogatories (Definition No. 16) as overly broad, unduly

12  burdensome and not proportional to the needs of the case since it seeks information

13  regarding the time periods before Plaintiff's alleged claims arose and after the filing

14  of the Complaint in this action.  Accordingly, Bergmair will respond to the

15  Interrogatories for the time period beginning June 1, 2014, when Plaintiff's claims

16  allegedly arose, through June 17, 2021, when the Complaint in this action was filed

17  ("Relevant Time Period").

18          7.      Bergmair objects to each of the Interrogatories, including the

19  Definitions and Instructions, as overbroad and unduly burdensome to the extent

20  they call for information beyond his personal knowledge and involvement and seek

21  information regarding others about whom Bergmair does not have sufficiently

22  detailed personal knowledge to answer with precision, such as, for example, the

23  specific entities and ownership interests of others in the alleged "hundreds" of

24  entities defined to be MindGeek Related Entities; the details of each "capital related

25  transaction" engaged in by others in any of those hundreds of MindGeek Related

26  Entities; all contacts that any of those hundreds of MindGeek Related Entities (and

27  any of the individuals associated with them) had with the United States; and the

28

BERGMAIR'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

NY-2443054

1    identification of all social media and email accounts or communications services

2    used by others; all for a 7-year period.  Moreover, the information sought can be

3    obtained from another source, MindGeek, that is more convenient, less

4    burdensome, and less expensive, and the requests for such information are

5    cumulative and duplicative of the interrogatories to MindGeek.

6         Accordingly, Bergmair will respond to the Interrogatories by providing

7    information regarding himself and directs Plaintiff to the Interrogatory responses of

8    the other Defendants for information regarding those individuals and entities.

9                    **SPECIFIC OBJECTIONS AND RESPONSES**

10   **INTERROGATORY NO. 1:**

11        Identify all individuals or entities who hold, or have held during the Relevant

12   Time Period, any direct, indirect, or beneficial economic interest by way of

13   ownership, equity, shareholding, secured interest, indebtedness, option, derivative,

14   trust, or otherwise in any MindGeek Related Entity or affiliate, and the precise

15   nature and extent of that interest.

16   **RESPONSE TO INTERROGATORY NO. 1:**

17        Bergmair objects to this Interrogatory as vague, overly broad, unduly

18   burdensome and not proportional to the needs of the case.  Bergmair also objects to

19   this Interrogatory as seeking information beyond the scope of jurisdictional

20   discovery authorized by the Court and not reasonably calculated to lead to the

21   discovery of relevant evidence on the issue of personal jurisdiction.

22        Subject to and without waiving the above General and Specific Objections,

23   Bergmair responds that, ██████████████████████████████████████

24   ████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████

26   ████████████████████████████████████████████

27   ███████████

28

4

NY-2443054

**INTERROGATORY NO. 2:**

Describe in detail each transaction during the Relevant Time Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity, and identify the direct and indirect participants in those transactions.

**RESPONSE TO INTERROGATORY NO. 2:**

Bergmair objects to this Interrogatory as vague, overly broad, unduly burdensome and not proportional to the needs of the case. Bergmair also objects to this Interrogatory as seeking information beyond the scope of jurisdictional discovery authorized by the Court and not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction. Bergmair also objects to this Interrogatory because it is unclear what question it poses. The Interrogatory is confusingly and incoherently worded since, on its face, it seeks a description of "transaction[s] … in which ownership, shares, indebtedness, [etc.] occurred." Similarly, the Interrogatory's vague and ambiguous reference to "indirect participants" in such imprecisely-defined transactions compounds the ambiguity of the Interrogatory.

Subject to and without waiving the above General and Specific Objections, Bergmair responds that,

**INTERROGATORY NO. 3:**

Identify the date, participants, and content for every presentation or communication of financial or other economic performance to investors, lenders, or others with direct or indirect financial interests in any MindGeek Related Entity.

NY-2443054

1  **RESPONSE TO INTERROGATORY NO. 3:**

2       Bergmair objects to this Interrogatory as overly broad, unduly burdensome

3  and not proportional to the needs of the case since it calls for virtually all

4  communications, including routine emails, which contain financial information

5  related to the hundreds of entities defined to be MindGeek Related Entities for a 7-

6  year period.  Bergmair also objects to this Interrogatory as seeking information

7  beyond the scope of jurisdictional discovery authorized by the Court and not

8  reasonably calculated to lead to the discovery of relevant evidence on the issue of

9  personal jurisdiction.  Bergmair also objects to this Interrogatory's use of the term

10  "indirect financial interests" as vague and ambiguous.

11       Subject to and without waiving the above General and Specific Objections,

12  Bergmair responds that

13

14

15

16  **INTERROGATORY NO. 4:**

17       Describe in detail all direct or indirect jurisdictional contacts within the

18  relevant jurisdictions, *i.e.* the United States and California, that You or Your agents,

19  or any of the MindGeek Related Entities and their owners, executives, and

20  employees, have or had during the Relevant Time Period, including but not limited

21  to, offices, residences, and real estate located in the relevant jurisdictions; personnel

22  or vendors employed, retained, or paid located in the relevant jurisdictions, trips to

23  the relevant jurisdictions; and revenues, profits, expenses, taxes earned or paid in or

24  from the relevant jurisdictions; and communications or business relationships with,

25  to, or in either of the relevant jurisdictions.

26  **RESPONSE TO INTERROGATORY NO. 4:**

27

28

BERGMAIR'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

NY-2443054

1   Bergmair objects to this Interrogatory as vague, overly broad, unduly

2   burdensome and not proportional to the needs of the case. Bergmair interprets the

3   Interrogatory's request regarding "jurisdictional contacts" to be only those related

4   to MindGeek business. To the extent this Interrogatory seeks information beyond

5   this, Bergmair objects to this Interrogatory as seeking information beyond the scope

6   of jurisdictional discovery authorized by the Court and not reasonably calculated to

7   lead to the discovery of relevant evidence on the issue of personal jurisdiction.

8   Subject to and without waiving the above General and Specific Objections,

9   Bergmair responds ███████████████████████████████████████

10  █████████████████████████████████████████████████

11  █████████████████████████████████████████████████

12  ████████████████████████████

13  **INTERROGATORY NO. 5:**

14  Identify all aliases used by MindGeek executives, personnel, or agents to

15  communicate publicly or privately in any communications related to MindGeek's

16  business.

17  **RESPONSE TO INTERROGATORY NO. 5:**

18  Bergmair objects to this Interrogatory as vague, overly broad, unduly

19  burdensome and not proportional to the needs of the case. Bergmair also objects to

20  this Interrogatory as seeking information beyond the scope of jurisdictional

21  discovery authorized by the Court and not reasonably calculated to lead to the

22  discovery of relevant evidence on the issue of personal jurisdiction. Bergmair also

23  objects to this Interrogatory because the term "alias" is vague and ambiguous.

24  Subject to and without waiving the above General and Specific Objections,

25  Bergmair responds that, ███████████████████████████████████

26  ████████████████████████████████████████

27  █████████████████████████████████████████████

28

7

1 ████████████████████████████████████████████████

2 ██████████████████████████

**INTERROGATORY NO. 6:**

Identify all social media accounts, email accounts, cell numbers, text, or other communications services or applications used by the Individual Defendants directly or through any MindGeek Related Entity during the Relevant Time Period.

**RESPONSE TO INTERROGATORY NO. 6:**

Bergmair objects to this Interrogatory as vague, overly broad, unduly burdensome and not proportional to the needs of the case.  Bergmair also objects to this Interrogatory as seeking information beyond the scope of jurisdictional discovery authorized by the Court and not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction.

Subject to and without waiving the above General and Specific Objections, Bergmair responds that, ████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

Dated:  September 22, 2022          MORRISON & FOERSTER LLP

By:   _/s/ Ronald G. White_
            Ronald G. White

Attorneys for Defendant
BERND BERGMAIR

1    **VERIFICATION**

2

3    I, Bernd Bergmair, state that I have read the foregoing Defendant Bernd

4    Bergmair's Objections and Responses to Plaintiff's First Set of Interrogatories and

5    am aware of the contents.  Based on reasonable inquiry, the facts set forth in the

6    Responses are true and correct to the best of my knowledge, information and belief.

7

8    I declare under penalty of perjury under the laws of the United States of America

9    that the foregoing is true and correct.

10

11    Dated: September 22, 2022.

12

13    _____
      Bernd Bergmair

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

BERGMAIR'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

NY-2443054

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 22, 2022, a true and correct copy of Defendant

Bernd Bergmair's Objections and Responses to Plaintiff's First Set of

Interrogatories was served via email on Plaintiff's counsel, Michael J. Bowe,

Lauren Tabaksblat, and David Stein of Brown Rudnick LLP.


                                     */s/ Ronald G. White*
                                     Ronald G. White

BERGMAIR'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

NY-2443054