DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

RONALD G. WHITE (admitted *pro hac vice*)
RWhite@wmhlaw.com
Walden Macht & Haran LLP
250 Vesey Street
New York, NY 10281
Telephone: 212-335-2387
Facsimile: 212-335-2040

Attorneys for Defendant
BERND BERGMAIR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SERENA FLEITES,

Plaintiff,

vs.

MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-5,

Defendants.

CASE NO. 2:21-cv-4920-CJC-ADS

**Discovery Matter Referred to Magistrate Judge Autumn Spaeth**

**DECLARATION OF RONALD G. WHITE IN SUPPORT OF DEFENDANT'S BERND BERGMAIR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

Date: March 1, 2023
Time: 10:00 a.m.
Dept.: 6B

Jurisdictional Discovery Cutoff: May 1, 2023

I, Ronald G. White, declare as follows:

1. I am an attorney licensed to practice law in the State of New York and a partner with the law firm Walden Macht & Haran LLP. I have been granted permission by this court to appear *pro hac vice* as counsel for Defendant Bernd Bergmair in the above-captioned case. I am over the age of 18. I make this declaration in support of Defendant Bernd Bergmair's Opposition to Plaintiff's Motion to Compel Responses to Discovery Requests. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of [Dkt. No. 167] July 29, 2022 Order Directing the MindGeek Defendants to Submit to Jurisdictional Discovery Until December 30, 2022, Granting Plaintiff Leave to Amend Her Complaint After Jurisdictional Discovery is Complete, and Denying MindGeek Defendants' Motions to Dismiss without Prejudice For Them to Renew After Plaintiff Has Filed Her Second Amended Complaint.

3. Attached hereto as **Exhibit B** is a true and correct copy of [Dkt. 260] the February 3, 2023 Order Granting in Part Plaintiff's Motion to Compel Responses to Plaintiff's Requests for Production and Interrogatories.

4. Attached hereto as **Exhibit C** is a true and correct copy of the January 18, 2023 email chain Re: "Fleitas/Mindgeek Motions re Indiv D's."

5. Attached hereto as **Exhibit D** is a true and correct copy of [Dkt. 211] the November 17, 2022 Minutes Re: Order Granting Plaintiff's Motion for Issuance of Letters Rogatory and Denying as Moot Plaintiff's Motion to Compel and Granting Defendant Visa's Motion for Protective Order.

6. Attached hereto as **Exhibit E** is a true and correct copy of [Dkt. 168] the July 29, 2022 Order Denying Plaintiff's Request for Issuance of Scheduling Order and Request to Open Discovery.

7. Attached hereto as **Exhibit F** is a true and correct copy of [Dkt. 241] the December 16, 2022 Order Extending Jurisdictional Discovery Cutoff.

8. Attached hereto as **Exhibit G** is a true and correct copy of [Dkt. 139-1] the Memorandum of Points and Authorities in Support of MindGeek's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim.

9. Attached hereto as **Exhibit H** is a true and correct copy of [Dkt. 187] the October 14, 2022 So Ordered Stipulated Protective Order.

10. Attached hereto as **Exhibit I** is a true and correct copy of [Dkt. 178] the transcript of the Hearing Re: Plaintiff's Motion for Issuance of Requests for International Judicial Assistance.

11. Attached hereto as **Exhibit J** is a true and correct copy of the December 27, 2022 email chain Re: "Plaintiff's Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's Discovery Requests."

12. Attached hereto as **Exhibit K** is a true and correct copy of the January 10, 2023 email chain Re: "Fleites – Plaintiff's Motion to Compel Bergmair, Antoon, Tassillo, and Urman."

13. Attached hereto as **Exhibit L** is a true and correct copy of the February 2, 2023 email chain Re: "Fleites v. MindGeek - Individual Defendant Discovery."

14. Attached hereto as **Exhibit M** is a true and correct copy of [Dkt. 233] the Plaintiff's Supplemental Memorandum in Support of Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories.

15. Attached hereto as **Exhibit N** is a true and correct unredacted copy of Responses of Defendants MindGeek S.à.r.l., MG Freesites ltd, MindGeek USA Inc., MG Global Entertainment Inc., MG Premium Ltd, and 9219-1568 Quebec, Inc. to

Plaintiff's First Set of Interrogatories Relating to Personal Jurisdiction, dated September 22, 2022.

16. Attached hereto as **Exhibit O** is a true and correct copy of [Dkt. 224-10] the Declaration of Michelle Hart Yeary in Opposition to Motion by Plaintiff to Compel MindGeek Entity Defendants' Responses to Interrogatories and Requests for Production of Documents, dated November 30, 2022.

17. Attached hereto as **Exhibit P** is a true and correct copy of [Dkt. 224-6] the September 27, 2022 Letter from Michael J. Bowe to Kathleen N. Massey.

18. Attached hereto as **Exhibit Q** is a true and correct excerpt of [Dkt. 124-3] the Plaintiff's Amended Complaint, dated March 21, 2022.

19. On December 15, 2022, the Individual Defendants met and conferred with Plaintiff. The meet-and-confer was limited to Plaintiff's requests for production of documents and did not include discussion of Plaintiff's interrogatories. At this meet-and-confer, the Individual Defendants' counsel pointed out that Plaintiff had served her extremely broad discovery requests at a time when she was admittedly seeking merits discovery and asked if there were any of her requests that she was willing to narrow. Plaintiff did not agree to do so. In addition, the Individual Defendants also requested that Plaintiff hold off filing any motion to compel, since her motion to compel the MindGeek corporate defendants, which raised similar issues, was then scheduled to be heard by the Court on December 27, 2022, and the Court's ruling would potentially resolve or narrow the issues between Plaintiff and the Individual Defendants. The meet and confer ended with Plaintiff's promise to consider this and other questions raised by the Individual Defendants and to get back to Individual Defendants about open issues.

20. On December 23, 2022, without further correspondence or discussion regarding the open issues from the December 15, 2022 meet-and-confer, Plaintiff

served a motion to compel on all Individual Defendants, requiring a response from the defense by December 30, and setting a hearing date for the motion on February 1, 2023. That same day, the Individual Defendants informed Plaintiff that the dispute was not ripe for presentation to the Court and noted that "there were several issues on which you said you would consider our position and get back to us, but which you have not done." *See* Exhibit J at 2-3.

21. Also on December 23, 2022, the Individual Defendants sought an extension to respond until at least January 10, 2023, given that Plaintiff served her motion to compel the day before the Christmas holiday weekend. Plaintiff did not agree to Individual Defendants' requested extension until December 27, 2022, after the Christmas holiday weekend. *See* Exhibit J at 1, 3.

22. On January 4, 2023, counsel for the Individual Defendants contacted Plaintiff's counsel to schedule a second meet-and-confer to attempt to narrow the substantial number of disputes at issue in the motion to compel.

23. On January 6, 2023, the Individual Defendants met and conferred with Plaintiff. During that meet-and-confer, the Individual Defendants' counsel again asked if Plaintiff would narrow any of her requests because they addressed merits issues or were otherwise overbroad. Just as in the December 15, 2022 meet-and-confer, Plaintiff did not identify a single request that she was willing to narrow. During this meet-and-confer, because virtually all the document requests to the Individual Defendants mirrored those addressed to the MindGeek corporate defendants, the Individual Defendants' counsel specifically asked Plaintiff's counsel if he intended for the Individual Defendants to produce identical copies of the 7,000 pages of corporate documents already produced by MindGeek, if they had them in their possession. Plaintiff's counsel confirmed that he expected the production of such duplicative requests. In addition, because many of the discovery requests to the Individual

Defendants went well beyond any MindGeek-related materials and sought purely personal information, the Individual Defendants sought Plaintiff's agreement that such personal information was not required to be produced. Plaintiff maintained that the Individual Defendants must provide information regarding purely personal contacts they may have had with the jurisdiction. Plaintiff's counsel specifically insisted that Plaintiff had a right to know if the Individual Defendants had ever taken any purely personal trips to the United States, such as, for example, if they took their families on a personal trip to Disneyland. Plaintiff's counsel initially acknowledged that a hypothetical personal trip to Disneyland was not relevant, but later reversed his position and insisted that it was, refusing to narrow the discovery requests to MindGeek-related business contacts.

24. At this January 6, 2023 meet-and-confer, the Individual Defendants' counsel made several procedural proposals to alleviate the burden of motion practice:

- To lessen the substantial burden on the Court, the Individual Defendants sought to consolidate the four motions to compel into a single motion. Plaintiff would not agree.
- To narrow the issues substantially, the Individual Defendants asked that their responses be made after the Court ruled on the then-pending motion to compel discovery from the MindGeek Entity Defendants because certain issues relevant to the Individual Defendants' dispute with Plaintiff would be litigated there. Plaintiff would not agree.
- To narrow the issues substantially, the Individual Defendants sought a further meet-and-confer before January 18, which would have had no impact on the February 8 hearing date. Plaintiff would not agree.
- To accurately convey to the Court what the Individual Defendants had done, the Individual Defendants told Plaintiff's counsel that they had

all begun a search for documents relevant to jurisdictional discovery – contrary to what Plaintiff's counsel claimed they heard – yet Plaintiff refused to amend its assertions in the motion.

25. During the January 6, 2023 meet-and-confer, Plaintiff's counsel noted they would consider narrowing RFPs 10, 14, 18, 24, 30, 32, and 36, and asked the Individual Defendants to send a follow-up email, which Individual Defendants did on January 9, 2023. However, Plaintiff responded to that email on January 10, 2023, without providing any additional information or narrowing any requests. *See* Exhibit K.

26. On January 10, 2023, Mr. Bergmair and the other Individual Defendants provided Plaintiff with their portions of the joint stipulation in connections with Plaintiff's proposed motion to compel.

27. On January 11, 2023, the Court held a hearing on Plaintiff's separate motion to compel the MindGeek corporate defendants, at the conclusion of which the Court directed the parties to meet and confer further. Following this hearing, and in light of the Court's direction to meet and confer on that motion, Plaintiff's counsel advised that Plaintiff did not intend to file the motions to compel the Individual Defendants that day and suggested that the parties meet and confer to see if they could "narrow or eliminate" any issues in dispute. *See* Exhibit C at 5-6.

28. On behalf of all the Individual Defendants, counsel responded the next morning, January 12, 2023, that they remained "interested in trying to narrow and, if possible, resolve all or at least some of the open issues," and proposed a meet and confer. *See* Exhibit C at 4-5.

29. On January 13, 2023, counsel for defendant David Tassillo (on behalf of all Individual Defendants) had a telephone conference with Plaintiff's counsel. After that call, Mr. Tassillo's counsel provided me with a summary of the conversation. I

was advised that, during that call, Mr. Tassillo's counsel emphasized that the parties could make significant progress if Plaintiff would identify specific categories of documents that were relevant and of greatest significance to her. Counsel for Plaintiff said he would take that request back to his colleagues.

30. In a follow-up email the same day, the Individual Defendants proposed a meet-and-confer for the next business day and noted that they would "like to continue discussing potential areas of agreement and ways to narrow and clarify the issues that may need to go to the Magistrate Judge." *See* Exhibit C at 2. Plaintiff did not respond to this email.

31. On January 18, 2023, the Individual Defendants again contacted Plaintiff asking to "continue the meet and confer process." The email noted that "it would be constructive to identify and itemize the specific materials the plaintiff is seeking," and urged Plaintiff to provide such a list to facilitate the parties' potential discussions. *See* Exhibit C at 1-2.

32. Later on January 18, 2023, Plaintiff responded that she would "hold off" filing the motions to compel "today." Plaintiff's email agreed that "we should confer further to try to reach agreements," saying Plaintiff would be "back in touch shortly," but offered no explanation for ignoring the defense's prior requests for a meet-and-confer. *See* Exhibit C at 1. Despite this promise, Plaintiff thereafter did not respond to the Individual Defendants' January 18, 2023 request to confer further.

33. After their four offers to meet-and-confer between January 11 and 18, 2023 were ignored, the Individual Defendants had no contact with the Plaintiff until Plaintiff served her portion of the joint stipulation related to the instant motion to compel on February 1, 2023.

34. In a February 1, 2023 email response, the Individual Defendants again invited Plaintiff to engage in a further meet-and-confer rather than proceed with motion

practice, reiterating their request that, as a starting point for discussions, Plaintiff provide them with a list of narrowed categories of documents she is seeking. *See* Exhibit L at 2. Plaintiff did not respond to this request, saying only that she would proceed with this motion. *Id*. at 1.

35. Mr. Bergmair and his counsel began the process of collecting potentially relevant documents prior to even receiving Plaintiff's document requests. We engaged an e-discovery vendor to host the documents collected. Thereafter, attorneys from my firm have spent time reviewing emails and other documents collected from Mr. Bergmair for responsiveness and privilege, both before and after the parties' several meet-and-confers. That process is continuing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of February, 2023, at New York, New York.

*/s/Ronald G. White*
Ronald G. White