# EXHIBIT D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.: 2:21-04920 CJC (ADSx)        Date: November 17, 2022

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF LETTERS ROGATORY (DKT. NO. 178); AND DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT VISA'S MOTION FOR A PROTECTIVE ORDER (DKT. NO. 180)**

       Plaintiff Serena Fleites ("Plaintiff") brings this action against Defendants MindGeek S.A.R.L., MG Freesites Ltd., MindGeek USA Inc., MG Premium Ltd., MG Global Entertainment Inc., 9219-1568 Quebec, Inc., Bernd Bergmair, Feras Antoon, Davis Tassillo, Corey Urman (collectively, "MindGeek Defendants"), Visa, Inc., Colbeck Capital Does 1-5, and Bergmair Does 1-5 (collectively, "Defendants"). Plaintiff alleges that Defendants run one of the largest human trafficking ventures in the world and solicited, optimized, commercialized, and monetized Plaintiff's child sexual abuse material. (Dkt. No. 124-3 at 4, 169-71.) Plaintiff further allege that "MindGeek used its byzantine international corporate structure of hundreds of sham shell corporations to mask the process and launder the payments." (Id. at 7.)

       Before the Court are (1) Plaintiff's Motion for Issuance of Letters Rogatory (Dkt. No. 178); and (2) a Joint Stipulation of (a) Plaintiff's Motion to Compel Defendant Visa's Response to Plaintiff's First Request for Production of Documents ("RFP") and (b) Defendant Visa's Motion for a Protective Order ("Motion to Compel") (Dkt. No. 180). The Court finds Plaintiff's Motion to Compel appropriate for decision without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15.

Case 2:21-cv-04920-CJC-ADS Document 211 Filed 11/17/22 Page 2 of 7 Page ID #:5165

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)          Date: November 17, 2022

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

      On November 16, 2022, the Court held a hearing on Plaintiff's Motion for Issuance of Letters Rogatory. At the hearing, Plaintiff emphasized that the information sought from the letters rogatory is relevant to determining the Court's jurisdiction. Plaintiff stressed that the information sought sheds light on the core issue of "where the money flows." (See Dkt. No. 167 at 3 n.2.) Defendants argued that the information sought could be more easily obtained between the parties in this case, not foreign entities. Defendants further stated that they have produced extensive documents to Plaintiff and will make witnesses available for the two depositions that Plaintiff noticed. For the reasons discussed below, the Court GRANTS Plaintiff's Motion for Issuance of Letters Rogatory. (Dkt. No. 178.) Additionally, the Court DENIES AS MOOT Plaintiff's Motion to Compel Defendant Visa's Response to Plaintiff's First Request for Production of Documents and GRANTS Defendant Visa's Motion for a Protective Order. (Dkt. No. 180.)

**1. Plaintiff's Motion for Issuance of Letters Rogatory (Dkt. No. 178)**

      Plaintiff moves the Court to issue letters of request for international judicial assistance from the appropriate judicial authorities of Canada, Ireland, Cyprus, and Luxembourg. (Dkt. No. 178.) Defendants filed an Opposition and Plaintiff filed a Reply. (Dkt. Nos. 192, 195.) Of particular significance to these requests is the Court's July 29, 2022 Order regarding jurisdictional discovery. (Dkt. No. 167.) In this Order, the Court directed the MindGeek Defendants to submit to jurisdictional discovery until December 30, 2022. (Id. at 1.) The Court ordered jurisdictional discovery on the issues of whether there is personal jurisdiction over MindGeek S.A.R.L. and MG Premium Ltd. and whether Plaintiff can establish personal jurisdiction over certain individual Defendants under an alter ego theory. (Id. at 2-5.)

      "[D]iscovery by letters rogatory is consistent with the liberal discovery provisions of Rule 26. Rule 26 allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fisher & Paykel Healthcare Ltd. v. Flexicare Inc., No. SA CV 19-00835-JVS (DFMx), 2020 WL 5900155, at *2 (C.D. Cal. Aug. 17, 2020) (internal quotations and citation omitted) (citing Fed. R. Civ. P. 26(b)(1).) Specifically, Federal Rule of Civil Procedure 28(b)(1)(B) provides that a "deposition may be taken in a foreign country . . .

Case 2:21-cv-04920-CJC-ADS Document 211 Filed 11/17/22 Page 4 of 8 Page ID #:5166

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)          Date: November 17, 2022

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

under a letter of request, whether or not captioned a 'letter rogatory.'" Fed. R. Civ. P. 28(b)(1)(B).  Further, "[u]nder the terms of the Hague Convention, 28 U.S.C. § 1781, depositions are conducted by a letter of request where the evidence to be addressed at such deposition is intended for use in a judicial proceeding." Evanston Ins. Co. v. OEA, Inc., No. CIV S-021505 DFL PAN, 2006 WL 1652315, at *3 (E.D. Cal. June 13, 2006).

To evaluate relevance, the Court refers to the July 29, 2022 Order regarding jurisdictional discovery.  (Dkt. No. 167.)  In this Order, the Court examined whether certain Defendants had sufficient contacts with the United States to support a finding of personal jurisdiction.  (Id. at 2.)  "Only contacts occurring prior to the event causing the litigation may be considered." Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990).  The Court also discussed the standard for the alter ego doctrine.  "[T]o avail [herself] of the [alter ego] doctrine, [P]laintiff must allege two elements: First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist.  Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." (Dkt. No. 167 at 4 citing Wehlage v. EmpRes Healthcare, Inc., 791 F.Supp.2d 774, 782 (N.D. Cal. 2011).)

Plaintiff argues that the letters are relevant to the Court's jurisdictional analysis, namely "[w]here the money flows in the MindGeek web" and "who owns Pornhub and the other MindGeek websites that hosted plaintiff's videos." (Dkt. No. 178 at 8-9.)  In opposition, Defendants aver that Plaintiff cannot burden non-parties with requests for information that can be obtained from Defendants. (Dkt. No. 192 at 11-13.)  Defendants further contend that Plaintiff's requests and deposition topics are neither relevant nor proportional to the needs of jurisdictional discovery. (Id. at 13-18.)  In reply, Plaintiff maintains that the letters are relevant to the Court's jurisdictional analysis because they seek information on the "amount and source of defendants' annual revenues, profits and losses, ownership structure, tax payments, the business purposes for the various MindGeek entities and related entities, and the relationships and flow of funds." (Dkt. No. 195 at 7.)

As a preliminary matter, the Court is not persuaded by Defendants' argument that the information sought can be obtained from Defendants.  At the hearing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)     Date: November 17, 2022

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

Defendants cited to Genus Lifesciences to support its argument that parties should "obtain discovery from one another before burdening non-parties with discovery requests." Genus Lifesciences Inc. v. Lannett Co., Inc., No. 18-CV-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019). However, the Court finds Genus Lifesciences to be distinguishable because it involves a motion to quash under Rule 45, not letters rogatory. Further, the court in Genus Lifesciences dissuaded parties from burdening nonparties when the parties could obtain documents from each other. Here, however, although Defendants admit they have possession and control over the majority of the sought-after documents, they have not produced them to Plaintiff. Additionally, the Court is persuaded by Plaintiff's citation to Fisher & Paykel. See Fisher & Paykel Healthcare Ltd. v. Flexicare Inc., No. SA CV 19-00835-JVS (DFMx), 2020 WL 5900155 (C.D. Cal. Aug. 17, 2020). The court in Fisher & Paykel ruled that a party "should thus be permitted to test [the opposing party's] claims that the requested discovery will be duplicative and/or cumulative and see if any the named inventors have 'sharper memories' or additional documents compared to what FPH has offered so far." Id. at *2. Therefore, Defendants have not met their burden in justifying their objection that the information sought can be exchanged only between the parties.

First, with respect to the letter rogatory to Grant Thornton LLP (Canada), Plaintiff argues that the letter is appropriate because MindGeek Defendant 9219-1568 Quebec Inc. "is and has been since before 2014 a corporation organized and operating under the laws of the Provence of Quebec, Canada." (Dkt. No. 178 at 10.) 9219-1568 Quebec, Inc. does not object to the Court's personal jurisdiction. (Dkt. No. 167 at 2.) Nevertheless, the Court's July 29, 2022 Order regarding jurisdictional discovery states that Plaintiff may "impute the contacts of the non-objecting MindGeek Entity Defendants to MindGeek S.A.R.L. and MG Premium through the alter ego doctrine." (Dkt. No. 167 at 4.) The Court **GRANTS** Plaintiff's Motion for Issuance of Letters Rogatory as to Grant Thornton LLP (Canada).

Second, with respect to Grant Thornton Ireland, Plaintiff contends that Grant Thornton Dublin operated as the headquarters of Grant Thornton Ireland and provided auditing services to MG Billing Ltd. (Dkt. No. 178 at 11.) Plaintiff further argues that MG Billing Ltd. is a Dublin-based company that collects subscriptions from MindGeek premium users and three other MindGeek companies. (Id.) Defendants oppose the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)          Date: November 17, 2022

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

letter of request to Grant Thornton Ireland as irrelevant because they argue that "no MindGeek entity organized under Irish law is a defendant or relevant to Plaintiff's alter ego theories." (Dkt. No. 197 at 7.) Defendants further argue that MG Billing Ltd is not a party to this case. (Id. at 17.) Plaintiff responds that the letter of request is relevant to shed light on "[w]here the money flows" and "the [true] ownership of the porn sites that generate[d]" revenue from Plaintiff's child sexual abuse material. (Dkt. No. 195 at 12-13.) The Court agrees with Plaintiff. As such, the Court **GRANTS** Plaintiff's Motion for Issuance of Letters Rogatory as to Grant Thornton Ireland.

Finally, Plaintiff seeks the issuance of letters rogatory to Grant Thornton (Cyprus) Ltd. and Grant Thornton Luxembourg. With respect to Grant Thornton (Cyprus) Ltd., Plaintiff states that "Defendants MG Freesites Ltd and MG Premium Ltd, are both 'organized and operating under the laws of the Republic of Cyprus' and have their head offices at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus." (Dkt. No. 178 at 13 citing Dkt. No. 139-3 at 6 [Andreou Decl.].) Regarding Grant Thornton Luxembourg, Plaintiff explains that "MindGeek S.a.r.l. is and has been since October 2013 . . . incorporated under the laws of Luxembourg, having its registered office [in] Luxembourg and registered with the Luxembourg Register of Commerce and Companies . . . ." (Id. citing Dkt. No. 139-3 at 6 [Andreou Decl.].) Plaintiff further explains that these letters are relevant as to "where the MindGeek finances flow, who controls, owns, and operates the various MindGeek Entities, and the financial status of the Defendants." (Id. at 14.) As such, Plaintiff has established the relevance of these letters rogatory to the Court's jurisdictional analysis. (See Dkt. No. 167 at 3 n.2 ("Where the money flows in the MindGeek web, which may relate to ownership of the porn sites that generate revenue, matters to the Court's jurisdictional analysis. As the Court sees it, financially benefitting from the sexual exploitation of minors is the core of this case.").)

In turn, Defendants do not assert any specific objections as to the letters rogatory to Cyprus and Luxembourg. Instead, Defendants contend as to all the letters rogatory that Plaintiff has already requested the discovery sought from Defendants in her First Set of Requests for Production. (Dkt. No. 192 at 12.) However, the Court finds that the information sought is not unreasonably cumulative. See Fed. R. Civ. P. 26(b)(2)(C). The Court agrees with Plaintiff that the information is relevant to the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)                 Date: November 17, 2022

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

jurisdictional analysis and ensures Plaintiff "obtains complete and accurate information." (Dkt. No. 195 at 9.)

Defendants further argue that the requests are expansive and assert specific objections to Requests 1, 11, and 13 and Topic 6 in the letters rogatory. (Dkt. No. 192 at 16-17.) The Court is not persuaded by Defendants' objection to Request 1 because the existence of contracts between Grant Thornton and MindGeek entities can help determine the Court's personal jurisdiction over certain Defendants. (Id. at 16.) The Court does, however, find merit in Defendants' argument that Requests 11 and 13 and Topic 6 appear to be irrelevant to the Court's jurisdictional analysis. Therefore, the Court modifies the letters rogatory as detailed below. Accordingly, as Plaintiff has established relevance, the Court **GRANTS** Plaintiff's Motion for Issuance of Letters Rogatory as to Grant Thornton (Cyprus) Ltd. and Grant Thornton Luxembourg.

Plaintiff's Motion for Issuance of Letters Rogatory is **GRANTED. IT IS ORDERED** that, on or before Tuesday, November 22, 2022 at 5:00 p.m., Plaintiff shall lodge with the Court the proposed letters rogatory with the following revisions:

1. Delete Request 11, Topic 6, and Request 13.
2. Update the date for the time for completion.
3. Insert "Ireland" in exchange for "Canada" on page 10 of the letter rogatory to Ireland.

**IT IS FURTHER ORDERED** that the Clerk of Court shall affix its official seal to the Letters Rogatory after signature by the court.

2. **Joint Stipulation of (1) Plaintiff's Motion to Compel Defendant Visa's Response to Plaintiff's First Request for Production of Documents and (2) Defendant Visa's Motion for a Protective Order (Dkt. No. 180)**

The parties filed a Joint Stipulation in support of Plaintiff Serena Fleites' Motion to Compel Defendant Visa's Response to Plaintiff's First Request for Production of Documents and Defendant Visa's Motion for a Protective Order. (Dkt. No. 180.) On July 29, 2022, the Court entered three orders relevant to the motion at issue. *First*, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                               Date:  November 17, 2022

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

Court granted in part and denied in part Defendant Visa's motion to dismiss.  (Dkt. No. 166.)  *Second*, the Court directed the MindGeek Defendants to submit to jurisdictional discovery until December 30, 2022.  (Dkt. No. 167.)  *Third*, the Court denied Plaintiff's request for issuance of scheduling order and request to open discovery.  (Dkt. No. 168.)  On August 11, 2022, the Court issued a Scheduling Order that set case deadlines and subsequently vacated that Scheduling Order.  (Dkt. Nos. 173, 205.)

      Plaintiff believes that the August 11, 2022 Scheduling Order "supersedes" the July 29, 2022 Order and requires the parties to complete all discovery prior to April 2023.  (Dkt. No. 180 at 6; see Dkt. Nos. 168 and 173.)  In turn, Defendant Visa argues that the Scheduling Order did not rescind or overrule the July 29, 2022 Order.  (Dkt. No. 180 at 8.)  Defendant Visa contends that the Court was clear in denying Plaintiff's request to proceed with discovery.  (Id. at 8.)  Defendant Visa explains that the July 29, 2022 Order explicitly states that "the remaining claims against Visa are uncertain" and allowing discovery from Visa "would be inefficient case management" and "lead to duplication of effort, unnecessary discovery, and undue burden on the Court and the parties."  (Id.; see Dkt. No. 168.)

      On November 14, 2022, Judge Carney entered an Order vacating the August 11, 2022 Scheduling Order and explained that a clerical error caused it to be issued.  (Dkt. Nos. 173, 205.)  In light of the inadvertent entry of the August 11, 2022 Scheduling Order and the Court's explicit July 29, 2022 Order denying Plaintiff's request to open discovery, the Court finds that only jurisdictional discovery is permitted at this time.  (Dkt. Nos. 167, 168.)

      Plaintiff's Motion to Compel Defendant Visa's Response to Plaintiff's First Request for Production of Documents is **DENIED AS MOOT** and Defendant Visa's Motion for a Protective Order is **GRANTED.**

      **IT IS SO ORDERED.**

Initials of Clerk kh