# EXHIBIT E

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. LACV-21-04920-CJC-(ADSx)            Date: July 29, 2022

Title: <u>SERENA FLEITES V. MINDGEEK S.A.R.L., ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Rolls Royce Paschal</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S REQUEST FOR ISSUANCE OF SCHEDULING ORDER AND REQUEST TO OPEN DISCOVERY [Dkt. 129]**

On May 6, 2022, Plaintiff requested that the Court enter a scheduling order and that the Court order the parties to proceed to discovery. (Dkt. 129.) The Court **DENIES** that request. In a separate order, the Court ordered the MindGeek Defendants (individual and entity) to submit to jurisdictional discovery. (Dkt. 167.) Consequently, the Court denied the MindGeek Defendants' motions to dismiss without prejudice. (*Id*.) As such, the scope of this case—both in terms of parties and claims—has yet to be determined. That is reason enough to deny Plaintiff's request. *See, e.g., Estate of Jackson v. City of Modesto*, 2021 WL 5989754 at *3 (E.D. Cal. Dec. 17, 2021) (deferring discovery where pending motions "will define defendants and issues in dispute, and thus the bounds of discovery, to the extent any claims survive"); *Yagman v. Garcetti*, 2020 WL 8125658 at *1 (C.D. Cal. Sept. 3, 2020) (allowing discovery while motions to dismiss are pending is "premature" since motions could potentially "alter the landscape of the case significantly as to claims, defenses and jurisdiction").

Plaintiff might argue that she should be able to proceed with discovery with respect to Visa, as the Court partially denied Visa's motion to dismiss. (Dkt. 166.) However, as the Court's order at Dkt. 166 made clear, the remaining claims against Visa are uncertain. (*Id*.) Additionally, the Court finds that it would be inefficient case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LACV-21-04920-CJC-(ADSx)            Date: July 29, 2022
           Page 2

---

management to issue a scheduling order with respect to just one defendant in a multi-defendant case, and then put whatever defendants remain on a separate schedule. Such dual tracking would lead to duplication of effort, unnecessary discovery, and undue burden on the Court and the parties.

     The Court understands Plaintiff's frustration that a case she filed in June 2021 has yet to make it past the pleading stage. The MindGeek Defendants are not giving her an inch, reprising many of the same arguments this Court twice rejected in *Doe v. MindGeek*, and thereby contributing to the delay in this case. But Plaintiff and her counsel must recognize their own part in creating an abnormally long pleading stage. Plaintiff initially filed an unwieldy action with over 30 co-plaintiffs that necessitated severance. (Dkt. 119.) Severance went far to simplify Plaintiff's complaint, but she has still persisted in pleading some causes of action of questionable value to her overall case, and has continued to engage in scattershot, group pleading, largely failing to identify the MindGeek Defendants' *individual* roles in causing her harm. The Court recognizes that Plaintiff's failure in that regard may be due to the fact that she is not a MindGeek insider. For that reason, and because Plaintiff has alleged enough facts unrebutted by affidavits to raise a colorable argument that there is personal jurisdiction over the MindGeek Defendants objecting to jurisdiction, the Court granted jurisdictional discovery. (Dkt. 166.) But the Court urges Plaintiff and her counsel to not use this opportunity to further complicate this case. Jurisdictional discovery is meant to provide Plaintiff the information she needs to make a clear statement regarding the role and conduct of each MindGeek Defendant *separately*. The Court does not mean to deter Plaintiff from pursuing the individuals and entities that allegedly harmed her, but if jurisdictional discovery does not yield the information she needs to clearly define a defendant's conduct as it relates to her harm, then that defendant should simply be dismissed so this case can proceed without further unnecessary delay.