# EXHIBIT 3

Evan S. Nadel (SBN 213230)
enadel@mintz.com
Adam B. Korn (SBN 331133)
abkorn@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Peter A. Chavkin (*Pro Hac Vice*)
pchavkin@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
Chrysler Center 666 Third Avenue
New York, NY 10017
Telephone: (212) 935-3000
Facsimile: (212) 983-3115

Attorneys for Specially-Appearing Defendant,
COREY URMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>            Plaintiff,<br>     vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-5,<br><br>            Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>**SPECIALLY-APPEARING DEFENDANT COREY URMAN'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br>Complaint Filed  June 17, 2021<br>Trial Date:  August 15, 2023 |

1
SPECIALLY-APPEARING DEFENDANT COREY URMAN'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Specially-Appearing Defendant Corey Urman objects and responds to Plaintiff Serena Fleites's First Set of Interrogatories (the "Interrogatories"), as follows:

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

These responses to Plaintiff's First Set of Interrogatories are served pursuant to Federal Rules of Civil Procedure Rule 33.  The responses are made solely for the purpose of, and in relation to, this action.  Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any response if the Interrogatory were asked of, or any statement contained in that response were made by, a witness present and testifying in court.  All such objections and the grounds therefore are reserved and may be interposed at the time of trial.

Mr. Urman has not completed discovery in this action, has not completed his investigation of the facts relating to this action, and has not completed preparation for trial.  All of the following responses are based solely upon such information and documentation as are presently available and specifically known to Mr. Urman, and only on those contentions that are presently being asserted by Plaintiff.  Mr. Urman expressly reserves his right to change any of the following responses as additional facts are ascertained, discovery and investigation conducted, analysis made and legal research completed. Consistent with Fed. R. Civ. P. 26(e), Mr. Urman reserves the right to rely on facts, documents, or other evidence which may develop or come to his attention in the future.

Except for the facts explicitly admitted in the following, no incidental or implied admissions are intended.  The fact that Mr. Urman has answered any Interrogatory should not be taken as an admission that he accepts or admits the existence of any facts set forth or assumed by such Interrogatory, or that such

response constitutes admissible evidence including as to jurisdiction. The fact that Mr. Urman has answered part of, or all of, any question is not intended and shall not be construed to be a waiver by him of all or any part of any objection to any Interrogatory.

The following responses are made in a good faith effort to supply as much factual information and documentation as is presently known and available, but will not prejudice Mr. Urman's rights to further discovery, analysis or research. Mr. Urman may also, through the use of discovery and investigation, ascertain that information not presently thought to be responsive is in fact relevant and responsive.

Mr. Urman does not intend to waive the attorney client privilege, the attorney work product immunity, the Fifth Amendment, or any other legally-recognized privilege, immunity, or exemption in connection with his response to any Interrogatory and expressly makes these objections to any Interrogatory that could be construed to invade any of these privileges or protections.

Mr. Urman objects to Plaintiff's use of Interrogatories that are not relevant, comprehensible, or appropriate when applied to the facts and circumstances of this action. Mr. Urman will attempt to provide responses to these Interrogatories wherever possible, but will not provide responses where an Interrogatory is so irrelevant, incomprehensible, or inappropriate that a reasonable response is not possible.

The preceding information is incorporated into each of the following responses as if set forth in full.

## GENERAL OBJECTIONS

The following General Objections (including the Objections to the Definitions and Instructions) to the Interrogatories are incorporated into each and every individual response below and Mr. Urman provides these responses without waiving the right to

3

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

object to all or part of these Interrogatories should Plaintiff request additional information from him:

1. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent they seek to impose obligations upon him beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California.

2. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent they seek documents or information outside of the scope of jurisdictional discovery authorized by the Court's Order dated July 29, 2022 (Dkt. 167) and are not reasonably calculated to lead to the discovery of admissible evidence on the subject of jurisdictional discovery.

3. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent they seek disclosure of information or production of documents protected by the attorney-client privilege (including the common interest privilege), the work product immunity, and other relevant protections including but not limited to the California Consumer Privacy Act, EU's General Data Protection Regulation, Canada's Consumer Privacy Protection Act, and Quebec's Act Respecting The Protection of Personal Information In The Private Sector or any other applicable privilege or immunity from discovery ("Protections"). Inadvertent disclosure of any protected information is not intended to be, and shall not operate as, a waiver of any claim of privilege or other protection in whole or in part; nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

4. Mr. Urman objects to each Interrogatory to the extent it seeks information that is not relevant to any party's claim or defense.

5. Mr. Urman objects to each Interrogatory to the extent it seeks information that is not proportional to the needs of the case.

6. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent they fail to describe with reasonable particularity the information requested.

7. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent that they are vague and ambiguous, and to the extent they are overbroad, uncertain, unduly burdensome, and oppressive.

8. Mr. Urman objects to the terms "MindGeek Entity" or "MindGeek Related Entities" because they render the Interrogatories vague, overly broad, or unduly burdensome by, as Plaintiff describes, requiring information regarding "hundreds of companies that are owned, directly or indirectly, and/or affiliated with MindGeek S.A.R.L., including the hundreds of tubesites owned and operated by MindGeek, and the hundreds of companies that were created and dissolved during the period relevant to the Amended Complaint, and includes each of those entities' current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the entities' behalf." Mr. Urman will treat any Interrogatory referring to "MindGeek Entity" or "MindGeek Related Entities" as an Interrogatory referring to MindGeek S.A.R.L., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec, Inc. (together, the "MindGeek Defendants"). Accordingly, where Mr. Urman references "MindGeek" in his responses to the Interrogatories, he is referring to the MindGeek Defendants.

9. Mr. Urman objects to the definition of the terms "any" and "all" to the extent they seek to bring within the scope of the request responses that are privileged. Mr. Urman will treat any Interrogatory seeking "any" and "all" information as an Interrogatory to provide responsive, non-privileged responses, to the best of his recollection.

5

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

10. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent they seek documents or information that are not in his possession, custody, or control or are not available to him.

11. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent that they seek premature disclosure of expert testimony.

12. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent they seek information that are already in Plaintiff's possession, available in the public domain, or otherwise equally available to Plaintiff.

13. Mr. Urman objects to the Interrogatories, including their definitions and instructions, to the extent that the information sought is obtainable from other sources, including from other parties that would be more convenient, less burdensome, or less expensive to obtain by Plaintiff. Mr. Urman is providing responses only on his behalf, to the best of his recollection.

14. Mr. Urman objects to the definition of "Relevant Time Period" to the extent it seeks information for the time period of June 1, 2013, through the present, on the basis that the specified time period is overly broad, unduly burdensome, not proportional to the needs of the case, and calling for the production of information or material not relevant to the Court's personal jurisdiction over Mr. Urman. Mr. Urman will respond to the Interrogatories as if the term "Relevant Time Period" refers to June 1, 2014, through June 17, 2021.

15. Mr. Urman objects to Definition 17 to the extent it inaccurately imputes any definition in the Amended Complaint onto Mr. Urman's responses merely because Mr. Urman uses a word that happens to be defined in the Amended Complaint that is not defined above. Unless otherwise noted, any term not defined in Plaintiff's definitions or Mr. Urman's objections to those definitions shall be given its ordinary meaning.

16. Mr. Urman objects to the definitions and instructions in each Interrogatory to the extent they assume disputed facts or legal conclusions or characterize facts. Mr. Urman's response or objections to any Interrogatory should not be taken as an admission that he accepts or admits any such purported facts, legal conclusions, or characterization set forth or assumed by that Interrogatory or in the definitions and instructions.

These General Objections are incorporated by reference into the response to every Interrogatory, whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objection in response to a specific Interrogatory does not waive any of these General Objections as to that or any Interrogatory. Without waiving or limiting in any manner any aspect of the foregoing Preliminary Statement and/or General Objections, but rather incorporating them as applicable, Mr. Urman responds to the Interrogatories as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all individuals or entities who hold, or have held during the Relevant Time Period, any direct, indirect, or beneficial economic interest by way of ownership, equity, shareholding, secured interest, indebtedness, option, derivative, trust, or otherwise in any MindGeek Related Entity or affiliate, and the precise nature and extent of that interest.

### RESPONSE TO INTERROGATORY 1.

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to the undefined terms and phrases "direct, indirect or beneficial economic interest," "ownership," "equity," "shareholding," "secured interest," "indebtedness," "option," "derivative," and "trust" on the grounds they are vague, ambiguous, and overbroad. Mr. Urman further objects to this Interrogatory to the

extent that it (i) seeks privileged information and communications; (ii) is compound; and (iii) seeks information unrelated to or outside the scope of the "jurisdictional discovery" permitted from Mr. Urman by the Court's Order dated July 29, 2022 (Dkt. 167).

Subject to and without waiving the above Specific and General Objections, Mr. Urman responds with knowledge responsive to this Interrogatory: ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Mr. Urman further responds that he lacks reliable knowledge of responsive information for the other individuals or entities mentioned in this Interrogatory and does not have possession, custody, or control of documents responsive to this Interrogatory.

**INTERROGATORY NO. 2**

Describe in detail each transaction during the Relevant Time Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity, and identify the direct and indirect participants in those transactions.

**RESPONSE TO INTERROGATORY 2.**

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to the undefined terms and phrases "detail," "transaction(s)," "ownership," "equity," "shareholding," "secured interest," "indebtedness," "option," "derivative," and "trust" on the grounds they are vague, ambiguous, and overbroad. Mr. Urman further objects to this Interrogatory to the extent that it (i) seeks privileged information and communications; (ii) is compound; and (iii) seeks information

unrelated to or outside the scope of the "jurisdictional discovery" permitted from Mr. Urman by the Court's Order dated July 29, 2022 (Dkt. 167).

Subject to and without waiving the above Specific and General Objections, Mr. Urman responds that he has a recollection that at some time during the Relevant Time Period, one of the MindGeek Defendants completed a refinancing, but Mr. Urman cannot specify which one. Other than this recollection, Mr. Urman further responds that he lacks sufficient knowledge of information responsive to this Interrogatory and does not have possession, custody, or control of documents responsive to this Interrogatory.

**INTERROGATORY NO. 3**

Identify the date, participants, and content for every presentation or communication of financial or other economic performance to investors, lenders, or others with direct or indirect financial interests in any MindGeek Related Entity.

**RESPONSE TO INTERROGATORY 3.**

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to the undefined terms and phrases "content," "presentation," "financial or other economic performance," and "direct or indirect financial interests" on the grounds they are vague, ambiguous, and overbroad. Mr. Urman further objects to this Interrogatory to the extent that it (i) seeks privileged information and communications; (ii) is compound; and (iii) seeks information unrelated to or outside the scope of the "jurisdictional discovery" permitted from Mr. Urman by the Court's Order dated July 29, 2022 (Dkt. 167).

Subject to and without waiving the above Specific and General Objections, Mr. Urman responds that he recalls some meetings where there was a discussion and/or review of financial performance during the Relevant Time Period. Other than this recollection, Mr. Urman further responds that he lacks sufficient knowledge of

information responsive to this Interrogatory and does not have possession, custody, or control of documents responsive to this Interrogatory.

**INTERROGATORY NO. 4**

Describe in detail all direct or indirect jurisdictional contacts within the relevant jurisdictions, i.e. the United States and California, that You or Your agents, or any of the MindGeek Related Entities and their owners, executives, and employees, have or had during the Relevant Time Period, including but not limited to, offices, residences, and real estate located in the relevant jurisdictions; personnel or vendors employed, retained, or paid located in the relevant jurisdictions, trips to the relevant jurisdictions; and revenues, profits, expenses, taxes earned or paid in or from the relevant jurisdictions; and communications or business relationships with, to, or in either of the relevant jurisdictions.

**RESPONSE TO INTERROGATORY 4.**

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to the undefined terms and phrases "detail," "jurisdictional contacts," "offices," "residences," "real estate," "personnel," "vendors," "revenues," "profits," "expenses," and "taxes" on the grounds they are vague, ambiguous, and overbroad. Mr. Urman further objects to this Interrogatory to the extent that it (i) seeks privileged information and communications; and (ii) is compound.

Subject to and without waiving the above Specific and General Objections, Mr. Urman responds that he took approximately between 3 to 12 trips a year to the United States related to MindGeek business during the Relevant Time Period. None of these trips related to Plaintiff or the claims in this action.

**INTERROGATORY NO. 5**

Identify all aliases used by MindGeek executives, personnel, or agents to communicate publicly or privately in any communications related to MindGeek's business.

10
SPECIALLY-APPEARING DEFENDANT COREY URMAN'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY 5.**

In addition to the Preliminary Statement and General Objections set forth above, Mr. Urman objects to the undefined terms and phrases "executives," "personnel," "agents," and "MindGeek's business" on the grounds they are vague, ambiguous, and overbroad. Mr. Urman further objects to this Interrogatory to the extent that it (i) seeks privileged information and communications; (ii) is compound; and (iii) seeks information unrelated to or outside the scope of the "jurisdictional discovery" permitted from Mr. Urman by the Court's Order dated July 29, 2022 (Dkt. 167).

Subject to and without waiving said Specific and General Objections, Mr. Urman responds that during the Relevant Time Period, he used the name Corey Price at times.

**INTERROGATORY NO. 6**

Identify all social media accounts, email accounts, cell numbers, text, or other communications services or applications used by the Individual Defendants directly or through any MindGeek Related Entity during the Relevant Time Period.

**RESPONSE TO INTERROGATORY 6.**

In addition to the Preliminary Statement and General Objections set forth above, Mr. Urman objects to the undefined phrase "other communications services or applications" on the grounds it is vague, ambiguous, and overbroad. Mr. Urman further objects to this Interrogatory to the extent that it (i) is overly broad and seeks information not relevant to the subject matter of the instant action; (ii) seeks privileged information and communications; (iii) is compound; and (iv) seeks information unrelated to or outside the scope of the "jurisdictional discovery" permitted from Mr. Urman by the Court's Order dated July 29, 2022 (Dkt. 167).

Subject to and without waiving these Specific and General Objections, Mr. Urman responds that during the Relevant Time Period, [REDACTED]

1  ███████████████████████████████████████
2  ███████████████████████████████████████
3  █████████████████████████.
4
5
6  Dated: September 22, 2022            MINTZ LEVIN COHN FERRIS GLOVSKY
7                                       AND POPEO PC
8                                       By  */s/Evan Nadel*
9                                           Peter A. Chavkin
                                             Evan Nadel
10                                          Adam B. Korn
11                                          Attorneys for Specially-Appearing
                                             Defendant
12                                           COREY URMAN

12

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

# VERIFICATION

I, Corey Urman, the undersigned, declare under penalty of perjury under the laws of the United States of America that I have read Plaintiff's First Set of Interrogatories and the foregoing discovery and their contents are true and correct to the best of my knowledge, information, and belief.

Executed this 22nd day of September 2022.

_____
Corey Urman

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, my business address is Mintz Levin Cohn Ferris Glovsky and Popeo PC, 44 Montgomery Street, 36th Floor, San Francisco, CA 94104. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On September 22, 2022, I caused a copy of the following document:

**SPECIALLY-APPEARING DEFENDANT COREY URMAN'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Michael J. Bowe<br>Lauren Tabaksblat<br>Danielle A. D'Aquila<br>BROWN RUDNICK LLP<br>7 Times Square<br>New York, NY 10036 | Attorneys for Plaintiffs<br>SERENA FLEITES and JANE DOE<br><br>Telephone: (212) 209-4800<br>Fax: (212) 209-4801<br>Email: mbowe@brownrudnick.com<br>ltabaksblat@brownrudnick.com<br>ddaquila@brownrudnick.com |
| David M. Stein<br>BROWN RUDNICK LLP 2211<br>Michelson Drive, 7th Floor Irvine,<br>California 92612 | Attorneys for Plaintiffs<br>SERENA FLEITES and JANE DOE<br><br>Telephone: (949) 752-7100<br>Fax: (949) 252-1514<br>Email: dstein@brownrudnick.com |

☐ **HAND DELIVERY:** Such document was delivered by hand to the addressee shown above at the address shown above, unless otherwise noted above.

☐ **MAIL:** Such correspondence was deposited, postage fully paid, with the U.S. Postal Service on the same day in the ordinary course of business.

14

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

| | | |
|---|---|---|
| ☐ | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| ☐ | **MESSENGER SERVICE:** | I served the documents by placing them in an envelope or package to the persons at the address listed above and providing them to a professional messenger service for service. |
| ☒ | **EMAIL:** | Based on a court order or an agreement of the parties to accept service by email, I caused the documents to be sent to the persons at the email address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury that the above is true and correct. Executed on September 22, 2022, at San Francisco, California. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

/s/Sarah Strickland
Sarah Strickland