# EXHIBIT 5

1    Adam B. Korn (SBN 331133)
     abkorn@mintz.com
2    Peter A. Chavkin (*Pro Hac Vice*)
     pachavkin@mintz.com
3    Kerime S. Akoglu (*Pro Hac Vice*)
     ksakoglu@mintz.com
4    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
     Chrysler Center 666 Third Avenue
5    New York, NY 10017
     Telephone:  (212) 935-3000
6    Facsimile:  (212) 983-3115

7
   Peter A. Biagetti (*Pro Hac Vice*)
8    pabiagetti@mintz.com
     MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
9    One Financial Center
     Boston, MA 02111
10   Telephone: (617) 542-6000
     Facsimile:  (617) 542-2241

11   Attorneys for Specially-Appearing Defendant
     COREY URMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES<br><br>         Plaintiff,<br><br>    vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-5,<br><br>        Defendants. | CASE NO.  2:21-cv-4920-CJC-ADS<br><br>**SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed  June 17, 2021<br>Trial Date:  August 15, 2023 |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34 of the Local Civil Rules, Specially-Appearing Defendant Corey Urman responds to Plaintiff Serena Fleites's First Set of Requests for Production of Documents (the "Requests," and each request individually a "Request"), as follows:

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any response if the Request were asked of, or any statement contained in that response were made by, a witness present and testifying in court. All such objections and the grounds therefore are reserved and may be interposed at the time of trial.

Mr. Urman objects to the Requests, including their definitions and instructions, to the extent they seek documents or information outside of the scope of jurisdictional discovery authorized by the Court's Order dated July 29, 2022 (Dkt. 167) and are not reasonably calculated to lead to the discovery of admissible evidence on the subject of jurisdictional discovery.

Mr. Urman has not completed discovery in this action, has not completed his investigation of the facts relating to this action, and has not completed preparation for trial. All of the following responses are based solely upon such information and documentation as are presently available and specifically known to Mr. Urman, and only on those contentions that are presently being asserted by Plaintiff. Mr. Urman expressly reserves his right to change any of the following responses as additional facts are ascertained, discovery and investigation conducted, analysis made and legal research completed. Consistent with Fed. R. Civ. P. 26(e), Mr. Urman reserves

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

the right to rely on facts, documents, or other evidence which may develop or come to his attention in the future.

Except for the facts explicitly admitted in the following, no incidental or implied admissions are intended. The fact that Mr. Urman has answered any Request should not be taken as an admission that he accepts or admits the existence of any facts set forth or assumed by such Request, or that such response constitutes admissible evidence including as to jurisdiction. The fact that Mr. Urman has answered part of, or all of, any Request is not intended and shall not be construed to be a waiver by him of all or any part of any objection to any Request.

The following responses are made in a good faith effort to supply as much factual information and documentation as is presently known and available, but will not prejudice Mr. Urman's rights to further discovery, analysis or research. Mr. Urman may also, through the use of discovery and investigation, ascertain that information not presently thought to be responsive is in fact relevant and responsive.

Mr. Urman objects to Plaintiff's use of Requests that are not relevant, comprehensible, or appropriate when applied to the facts and circumstances of this action. Mr. Urman will attempt to provide responses to these Requests for Production wherever possible, but will not provide responses where a Request is so irrelevant, incomprehensible, or inappropriate that a reasonable response is not possible.

The preceding information is incorporated into each of the following responses as if set forth in full.

## **GENERAL OBJECTIONS**

The following General Objections to the Requests are incorporated into each and every individual response below and Mr. Urman provides these responses

3

without waiving the right to object to all or part of these Requests should Plaintiff request additional information from him:

1.      Mr. Urman objects to the Requests, including their definitions and instructions, to the extent they seek to impose obligations upon him beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California.

2.      Mr. Urman objects to the Requests, including their definitions and instructions, to the extent they seek disclosure of information or production of documents protected by the attorney-client privilege (including the common interest privilege), the work product doctrine, the Fifth Amendment, and any other legally-recognized privilege, immunity, protection, or exemption including but not limited to the California Consumer Privacy Act, EU's General Data Protection Regulation, Canada's Consumer Privacy Protection Act, and Quebec's Act Respecting The Protection of Personal Information In The Private Sector or any other applicable privilege or immunity from discovery ("Protections").  Inadvertent disclosure of any protected information is not intended to be, and shall not operate as, a waiver of any claim of privilege or other protection in whole or in part; nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information.

3.      Mr. Urman objects to each Request to the extent it seeks information that is not relevant to any party's claim or defense.

4.      Mr. Urman objects to each Request to the extent it seeks information that is not proportional to the needs of the case.

5.      Mr. Urman objects to the Requests, including their definitions and instructions, to the extent they fail to describe with reasonable particularity the information requested.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

6.    Mr. Urman objects to the Requests, including their definitions and instructions, to the extent that they are vague, ambiguous, overbroad, unduly burdensome, or oppressive, and to the extent that compliance will impose undue expense and burden on Mr. Urman.

7.    Mr. Urman objects to the Requests, including their definitions and instructions, to the extent they seek documents or information that are not in his possession, custody, or control or are not available to him.

8.    Mr. Urman objects to the Requests, including their definitions and instructions, to the extent they seek information that is already in Plaintiff's possession, available in the public domain, or otherwise equally available to Plaintiff from other sources in a more convenient, less burdensome, and/or less expensive manner than seeking them through the Requests.

9.    Mr. Urman objects to the Requests, including their definitions and instructions, to the extent that the information sought is obtainable from other sources, including from other parties that would be more convenient, less burdensome, or less expensive to obtain by Plaintiff.  Mr. Urman is providing responses only on his behalf.

10.    Mr. Urman objects to the definitions and instructions in each Request to the extent they assume disputed facts or legal conclusions or characterize facts.  Mr. Urman's response or objections to any Request should not be taken as an admission that he accepts or admits any such purported facts, legal conclusions, or characterization set forth or assumed by that Request or in the definitions and instructions.

11.    Any response by Mr. Urman stating that responsive documents will be produced does not constitute a representation or acknowledgment that there are any

responsive document or that any such documents are within Mr. Urman's possession, custody, or control.

12. Mr. Urman objects to the terms "MindGeek Entity" or "MindGeek Related Entities" because they render the Requests vague, overbroad, or unduly burdensome by, as Plaintiff describes, requiring information regarding "hundreds of companies that are owned, directly or indirectly, and/or affiliated with MindGeek S.A.R.L., including the hundreds of tubesites owned and operated by MindGeek, and the hundreds of companies that were created and dissolved during the period relevant to the Amended Complaint, and includes each of those entities' current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the entities' behalf." Mr. Urman will treat any Request referring to "MindGeek Entity" or "MindGeek Related Entities" as a Request referring to MindGeek S.A.R.L., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec, Inc. (together, the "MindGeek Defendants"). Accordingly, where Mr. Urman references "MindGeek" in his responses to the Requests, he is referring to the MindGeek Defendants.

13. Mr. Urman objects to the definition of "Defendants" to the extent that it includes not only the named Defendants being sued in this action but also "each of their current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, each of their current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on their behalf." Mr. Urman will respond as though "Defendants"

6

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

includes only the named parties being sued in this action – that is, the MindGeek Defendants, Bernd Bergmair, Feras Antoon, David Tassillo, Visa, Inc., and Mr. Urman.

14.     Mr. Urman objects to the definition of "MindGeek Tubesites" as vague, overbroad, and unduly burdensome and calling for the production of information or material not relevant to the Court's personal jurisdiction over Mr. Urman and not proportional to the needs of the case.  Mr. Urman will respond as though "MindGeek Tubesites" means Pornhub—the only tubesite on which Plaintiff explicitly alleges her video appeared.

15.     Mr. Urman objects to the definition of the terms "any" and "all" to the extent they seek to bring within the scope of the request responses that are privileged. Mr. Urman will treat any Request seeking "any" and "all" information as a Request to provide responsive, non-privileged responses, to the best of his recollection.

16.     Mr. Urman objects to the definition of "Communication" as vague, overbroad, unduly burdensome, not proportional to the needs of the case, and duplicative of the definition of "Documents."

17.     Mr. Urman objects to the definition of "Employee" as overbroad, unduly burdensome, and calling for the production of information and material not relevant to the Court's personal jurisdiction over Mr. Urman and not proportional to the needs of the case to the extent that it includes "current or former partners, directors, shareholders, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the employer's behalf."  Mr. Urman further objects to Plaintiff's definition of "Employee" as vague and ambiguous as to the extent it is defined as "employee."  Mr. Urman further objects to the extent that Plaintiff's

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

definition purports to call for the production of materials which are not in Mr. Urman's possession, custody, or control.

18.    Mr. Urman objects to the definition of "Parent" as ambiguous and as calling for a legal conclusion.  Mr. Urman further objects to the extent this definition purports to call for the production of materials which are not in Mr. Urman's possession, custody, or control.

19.    Mr. Urman objects to the definition of "Affiliate" and "Affiliates" as ambiguous to the extent it includes "sister corporations" or "sister limited liability companies," as such terms are undefined.  Mr. Urman further objects to Plaintiff's definition as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's personal jurisdiction over Mr. Urman and not proportional to the needs of the case, to the extent it includes "any other form of business entity with an overlap of ownership, board of directors, managers, or executives."

20.    Mr. Urman objects to the definition of "Relevant Time Period" to the extent it seeks information for the time period of June 1, 2013, through the present, on the basis that the specified time period is overbroad, unduly burdensome, not proportional to the needs of the case, and calling for the production of information or material not relevant to the Court's personal jurisdiction over Mr. Urman.   Mr. Urman will respond to the Requests as if the term "Relevant Time Period" refers to June 1, 2014, through June 17, 2021.

21.    Mr. Urman objects to Definition 19 to the extent it inaccurately imputes any definition in the Amended Complaint onto Mr. Urman's responses merely because Mr. Urman uses a word that happens to be defined in the Amended Complaint that is not defined above.  Unless otherwise noted, any term not defined in

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff's definitions or Mr. Urman's objections to those definitions shall be given its ordinary meaning.

22. Mr. Urman objects to the instruction that he "furnish all responsive documents . . . including documents in the possession of [his] agents, advisors, attorneys, contractors, representatives, partners, representatives, and anyone else acting on your behalf or otherwise subject to [his] control" to the extent it would impose an unreasonable burden on Mr. Urman, particularly in light of his status as an individual defendant in an action asserting claims against many defendants for conduct that allegedly occurred over the span of many years.

23. Mr. Urman objects to the instructions to the extent they impose obligations on Mr. Urman with respect to the treatment of electronically stored information that differ from those set forth in the Stipulated Order Re: Discovery of Electronically Stored Information (Dkt. 188) entered in this case.

These General Objections are incorporated by reference into the response to every Request, whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objection in response to a specific Request does not waive any of these General Objections as to that or any Request. Without waiving or limiting in any manner any aspect of the foregoing Preliminary Statement and/or General Objections, but rather incorporating them as applicable, Mr. Urman responds to the Requests as follows:

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1**

All documents and communications concerning Serena Fleites.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 1**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is not proportional to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects to this Request to the extent it assumes that "communications" are "jurisdictional contacts" or are relevant to the question of whether the Court has personal jurisdiction over Mr. Urman. Mr. Urman further objects to the term "concerning Serena Fleites" as vague and overbroad. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

Subject to and without waiving any and all objections, Mr. Urman states that he has no communications with Serena Fleites, but acknowledges his obligation to timely update this response as warranted.

**REQUEST NO. 2**

All documents and communications concerning or relating to Your affiliation with, employment by, or ownership of MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**RESPONSE TO REQUEST NO. 2**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to the undefined term "affiliation." Mr. Urman further objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of

10

Plaintiff's alter ego arguments. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

Subject to and without waiving any and all objections, Mr. Urman refers to and incorporates his response to Interrogatory No. 1, and agrees to meet and confer should there be remaining questions on this topic.

## REQUEST NO. 3

All documents and communications concerning or reflecting any income, revenue, or other monies You have received from MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

## RESPONSE TO REQUEST NO. 3:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 4**

All documents and communications between and among You and any of the Defendants related to this Action.

**RESPONSE TO REQUEST NO. 4**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 5**

All documents and communications between and among You and any of the Defendants related to the presence of any CSAM on any MindGeek site, any MindGeek Related Entity site, or any MindGeek Tubesites.

**RESPONSE TO REQUEST NO. 5**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine.  Mr. Urman further objects to this Request on the basis that it

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 6**

All documents describing, depicting, explaining, or relating to the past or present corporate and ownership organization and structure of MindGeek, the identity of all affiliated or related party entities, corporations, limited partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities.

**RESPONSE TO REQUEST NO. 6**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is the Request limited to the entities who are parties to this lawsuit.  Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine.   Mr. Urman further objects to producing documents identifying all managers, lenders, secured parties, executives, outside law firms or accountants as unrelated to the issue of personal jurisdiction over Mr. Urman.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

## REQUEST NO. 7

All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by You or any of the other Individual Defendants, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, or Shaileshkumar P. Jain (a/k/a "Sam" Jain) or individuals or entities introduced or represented by such persons or entities.

## RESPONSE TO REQUEST NO. 7:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is the Request limited to the entities who are parties to this lawsuit.  Mr. Urman further objects on the grounds that the phrase "beneficial ownership or other interests" is vague and ambiguous.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

Subject to and without waiving any and all objections, Mr. Urman refers to and incorporates his response to Interrogatory No. 1, and agrees to meet and confer should there be remaining questions on this topic.

14

**REQUEST NO. 8**

All documents related to any past or present, direct, indirect or beneficial ownership, licensing, or secured or other economic interest of, or in, any intellectual property owned or licensed, directly or indirectly by You related to MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**RESPONSE TO REQUEST NO. 8**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit or intellectual property related to either Pornhub or the claims at issue in this litigation.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 9**

All documents describing, depicting, explaining, or relating to MindGeek's past or present internal organizational structure, offices, departments, executives, and personnel.

**RESPONSE TO REQUEST NO. 9**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the

15

Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is the Request limited to the entities who are parties to this lawsuit. Mr. Urman further objects on the grounds that the phrase "internal organizational structure" is vague and ambiguous. Mr. Urman further objects that this Request is overbroad and unduly burdensome to that extent it seeks "all documents . . . relating to . . . personnel."  Mr. Urman further objects to this Request as overbroad and unduly burdensome to the extent it asks Mr. Urman to produce documents identifying the employees of all MindGeek entities for a seven-year period.   Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

## REQUEST NO. 10

All documents identifying all MindGeek or outside personnel or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise.

## RESPONSE TO REQUEST NO. 10:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is the Request limited to the entities who are parties to this lawsuit. Mr. Urman further objects on the grounds that

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

terms "outside personnel" and "vendors" is vague and ambiguous.  Mr. Urman further objects to the extent this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Urman further objects to this Request as overbroad and unduly burdensome to the extent it asks Mr. Urman to produce documents identifying the employees of all MindGeek entities for a seven-year period.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 11**

All documents and communications relating to Your or MindGeek's past or present jurisdictional contacts with the United States or California, including but not limited to, offices, residences, and real estate located in California or any jurisdiction in the United States.

**RESPONSE TO REQUEST NO. 11**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects on the grounds that phrase "jurisdictional contacts" is vague and ambiguous and calls for legal conclusions.  Mr. Urman further objects to this Request to the extent it assumes that any of the contacts identified in the Request are "jurisdictional contacts" or that the actions or "contacts" of MindGeek are relevant to the question of whether the Court has personal jurisdiction over Mr. Urman.  Mr. Urman further objects that

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

"contacts" generally in or with the United States are not relevant to whether personal jurisdiction exists in California.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

Subject to and without waiving any and all objections, Mr. Urman refers to and incorporates his response to Interrogatory No. 4, and agrees to meet and confer should there be remaining questions on this topic.

## REQUEST NO. 12

All documents and communications relating to Your or MindGeek's personnel or vendors employed, retained, paid, located in, or otherwise providing services in California or any jurisdiction in the United States; political activities in California or any jurisdiction in the United States, including through direct or indirect participation in, or financial support for, lobbying, trade, or industry, or activist organizations; trips to California or any jurisdiction in the United States; servers; revenues, profits, expenses, taxes earned or paid in or from California or any jurisdiction in the United States; and communications or business relationships with, to, from, or in California or any jurisdiction in the United States.

## RESPONSE TO REQUEST NO. 12:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects to the terms "vendors" and "lobbying, trade, or industry, or activist organizations" as vague and ambiguous. Mr. Urman further objects to the Request for information regarding unspecified communications and unspecified business relationships that have no

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

connection to the allegations in this case. Mr. Urman further objects to this Request as duplicative of Request No. 11. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

Subject to and without waiving any and all objections, Mr. Urman refers to and incorporates his response to Interrogatory No. 4, and agrees to meet and confer should there be remaining questions on this topic.

**REQUEST NO. 13**

All documents reflecting annual revenues, profits and losses, and expenses for each MindGeek Related Entity or MindGeek Tubesite or the entity that owns or controls that platform or website.

**RESPONSE TO REQUEST NO. 13**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman further objects to the extent this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded, or to MG Freesites Ltd, the entity that operates Pornhub. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 14**

All documents concerning, reflecting, describing, or relating to, or comprising of presentations to or from, proposed transactions from, or data and information

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

provided or made available to, any actual or potential investors, lenders, secured parties, licensees, purchasers, or others concerning MindGeek or any MindGeek Related Entity.

**RESPONSE TO REQUEST NO. 14**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman also objects on the grounds that the term "or others" is vague and ambiguous. As written this Request also is overbroad and unduly burdensome to the extent it seeks all documents reflecting "information provided or made available to . . . others." Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 15**

All transaction documents, term sheets, and communications concerning any actual or proposed transactions involving the ownership of, loans to, secured interest in, or intellectual property or other rights related to MindGeek.

**RESPONSE TO REQUEST NO. 15**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the

20

Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman also objects on the grounds that the term "other rights" is vague and ambiguous.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

## REQUEST NO. 16

For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity.

## RESPONSE TO REQUEST NO. 16:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the individuals or entities who are parties to this lawsuit.  Mr. Urman objects to the phrase "records reflecting the sources of all payments made to or on behalf of the entity, affiliate,

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

subsidiary, or related entity" as vague and ambiguous. Mr. Urman objects to the production of financial ledgers, lists of investors or managers, lender agreements, payroll and expense records, and sources of payments as unrelated to any claim in this case or to personal jurisdiction. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 17**

For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants.

**RESPONSE TO REQUEST NO. 17**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman objects to the term "work papers" as vague and ambiguous. Mr. Urman objects to the production of quarterly tax filings, audits, statutory reporting and any work product or reports prepared by outside accountants. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 18**

Your monthly, quarterly, and annual bank and investment statements.

**RESPONSE TO REQUEST NO. 18**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman objects to the term "investment statement" as vague and ambiguous. Mr. Urman objects to the production of any work product or reports prepared by outside accountants.

**REQUEST NO. 19**

All documents and communications related to any corporate reorganization by MindGeek and the purposes behind that reorganization.

**RESPONSE TO REQUEST NO. 19**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman objects to the term "corporate reorganization" as vague and ambiguous. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 20**

All documents or communications identifying the various subsidiaries comprising the business of MindGeek.

**RESPONSE TO REQUEST NO. 20**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman objects to the term "various subsidiaries" as vague and ambiguous.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 21**

All documents identifying the directors, managers, members, executives, and personnel of the various subsidiaries comprising the business of MindGeek.

**RESPONSE TO REQUEST NO. 21**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the individuals or entities who are parties to this lawsuit. Mr. Urman further objects to this Request as duplicative of Request No. 6. Mr. Urman further objects to this Request as

24

overbroad and unduly burdensome to the extent it asks Mr. Urman to identify the employees of all MindGeek entities for a seven-year period.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 22**

All documents identifying the companies organized and existing under the laws of multiple jurisdictions where MindGeek has assets, operates businesses, or provides services and the nature of those assets, businesses, or services.

**RESPONSE TO REQUEST NO. 22**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman further objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of all documents identifying the "assets, businesses, or services" of all MindGeek entities. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 23**

All documents identifying the entities providing services to MG Freesites LTD.

**RESPONSE TO REQUEST NO. 23**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 24**

All documents identifying the bank accounts, services, payments, written agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations.

**RESPONSE TO REQUEST NO. 24**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman further objects to this Request as vague and ambiguous as requesting "the bank accounts, services, payments, written agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations" of an unidentified person or entity. Mr. Urman further objects to this Request on the basis that it is duplicative of information already

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 25**

All audited financial statements and all related communications with auditors regarding the same.

**RESPONSE TO REQUEST NO. 25**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects to the term "regarding the same" as vague and ambiguous.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 26**

All documents identifying the distinct legal entities of MindGeek and any MindGeek Related Entities.

**RESPONSE TO REQUEST NO. 26**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is the Request limited to the

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

entities who are parties to this lawsuit.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 27**

All documents related to the support services MG Global Entertainment has provided.

**RESPONSE TO REQUEST NO. 27**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 28**

All documents related to the services provided by 9219-1568 Quebec Inc.

**RESPONSE TO REQUEST NO. 28**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment

28

of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 29**

All documents relating to MindGeek related payments, investments, or loans to, in, or for any personal affairs, expenses, entities, businesses, real estate, or investments related to You or any of the Individual Defendants, or any of their family members or entities in which either You or a family member holds a direct or indirect interest.

**RESPONSE TO REQUEST NO. 29**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Nor is it limited to the entities who are parties to this lawsuit.  Mr. Urman further objects to this Request as duplicative of Request Nos. 2 and 3.  Mr. Urman further objects that this Request seeks information more appropriately sought from other parties.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 30**

All documents related to the purported resignation of Feras Antoon and David

29

Tassillo as CEO and COO of MindGeek respectively, including, but not limited to, any documents related to any investigation, allegations, or reports of their using Mindgeek assets and monies for their personal affairs, investments, or businesses.

**RESPONSE TO REQUEST NO. 30**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman further objects to this Request on the grounds that it seeks material after the end of the Relevant Time Period. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 31**

All documents or communications depicting, describing, or explaining MindGeek's IT infrastructure and networks, data storage, server and data centers and providers of the same, internal and external communications systems including ICQ, and ISP and Cloud storage services and providers, including the locations and identities of any outside vendors associated with the same.

**RESPONSE TO REQUEST NO. 31**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman objects to the request for documents describing every aspect the information technology systems as overbroad and unduly burdensome because the "IT infrastructure" is either not related to Plaintiff's claims or so attenuated from Plaintiff's claims as to render discovery about them disproportionate to the needs of the case. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 32**

All contact lists maintained by You or any of the Individual Defendants as well as documents sufficient to show all cell and other phone numbers and messaging services used by each individual.

**RESPONSE TO REQUEST NO. 32**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects that this Request seeks information more appropriately sought from other parties.

Subject to and without waiving any and all objections, Mr. Urman refers to and incorporates his response to Interrogatory No. 6, and agrees to meet and confer should there be remaining questions on this topic.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 33**

All documents or communications identifying, depicting, explaining, or describing any programs or technology MindGeek acquired, employed, used, or considered to moderate, monitor, format, optimize, filter, review, screen, or remove content on its websites, including the dates such technology was acquired, employed, or considered.

**RESPONSE TO REQUEST NO. 33**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 34**

All documents or communications related to MindGeek's policies, manuals, practices, processes, and rules for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on its platforms and websites, including all prohibited words, phrases, categories, and "genres" and all processes and reports concerning search engine optimization of such content.

**RESPONSE TO REQUEST NO. 34**:

In addition to the above Preliminary Statement and General Objections, Mr.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Urman further objects to this Request on the grounds that it is not proportionate to the claims made in this case which are limited to allegations concerning the uploading and moderation of CSAM. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

## REQUEST NO. 35

All documents and communications describing MindGeek's policies and procedures for preserving hard copy and electronic documents and content.

## RESPONSE TO REQUEST NO. 35:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

work product doctrine.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 36**

All documents and communications reflecting rosters, schedules, training materials, performance reviews and metrics for personnel or outside contractors or vendors involved in moderating, formatting, optimization, filtering, screening, or removing content from MindGeek's platforms and websites.

**RESPONSE TO REQUEST NO. 36**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Urman further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case to the extent it seeks "performance reviews and metrics for personnel or outside contractors or vendors" for individuals who did not perform any work related to content depicting Plaintiff.  Mr. Urman also objects to the term "metrics" as vague and ambiguous.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 37**

All documents and communications identifying all content categories, "genres," or similar descriptors MindGeek has included, recommended, or offered to users of its platforms and websites.

**RESPONSE TO REQUEST NO. 37**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects on the grounds that the terms "'genres' or similar descriptors" are vague and ambiguous. Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 38**

All documents consisting of, or reflecting, reports, communications, data, or actions related to content reviewed or screened by any technology, programs, or internal or external personnel concerning actual or suspected CSAM, nonconsensual, prohibited, or illegal content.

**RESPONSE TO REQUEST NO. 38**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman also objects on the grounds that the terms "actions" and "external personnel" are vague and ambiguous.  Mr. Urman further objects to this Request as overbroad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff.  Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine.   Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.   Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 39**

All documents concerning complaints, reports, communications, and requests concerning CSAM, non-consensual, prohibited, or illegal content on any MindGeek platform or website, including all documents and communications with or concerning any associated investigation, actions, and internal and external communications concerning the same.

**RESPONSE TO REQUEST NO. 39**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman also objects on the

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

grounds that the term "actions" is vague and ambiguous. Mr. Urman further objects to this Request as overbroad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff. Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 40**

All documents and communications reflecting processes, standards, and technologies that MindGeek employed to prevent the presence of child pornography, CSAM, non-consensual, prohibited, or illegal content on its platforms or websites; the dates on which such processes, standards, and technologies were employed; and the people most knowledgeable about each.

**RESPONSE TO REQUEST NO. 40**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects to this Request as overbroad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff. Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff alleges content depicting her was uploaded. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

## REQUEST NO. 41

All documents and communications reflecting policies, practices, rules, guidelines, programs, or plans concerning the moderation, monitoring, review, formatting, analysis or search and social media use and optimization of content on MindGeek platforms and websites, including, but not limited to, with respect to content uploaded with associated languages other than English.

## RESPONSE TO REQUEST NO. 41:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman also objects to the extent this Request seeks documents related to "content uploaded with associated languages other than English," as overbroad because Plaintiff does not allege her content was uploaded with "associated languages." Mr. Urman further objects to this Request as overbroad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff. Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Urman further objects to

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

the extent this Request seeks information protected by the attorney-client privilege or work product doctrine.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 42**

All documents and communications concerning MindGeek's policies, practices, and compliance related to 18 U.S.C. § 2257.

**RESPONSE TO REQUEST NO. 42**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 43**

All materials and information provided to Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 43**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 44**

All communications between You and Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

**RESPONSE TO REQUEST NO. 44**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

40

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 45**

The report and recommendations provided to MindGeek by Kaplan, Hecker & Fink.

**RESPONSE TO REQUEST NO. 45**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 46**

Any internal or external expert or consultant reports provided to MindGeek concerning its technology, processes, policies, and practices concerning CSAM, nonconsensual, prohibited, or illegal content.

**RESPONSE TO REQUEST NO. 46**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects that this

41

Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 47**

All documents and communications related to the implementation of the recommendations provided to MindGeek by Kaplan, Hecker & Fink or any internal or external expert or consultant concerning CSAM, nonconsensual, prohibited, or illegal content.

**RESPONSE TO REQUEST NO. 47**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments.  Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 48**

The list of content MindGeek provided to NCMEC as reported in the June 20, 2022 New Yorker magazine, and the associated dates of upload; URL's; IP addresses; uploader identifiers; associates tags, descriptions, titles, comments, and categories; engagement and other monitoring metrics; and data and information concerning any review, moderation, screening, modification, tracking, complaints, deletion, or revenue generation associated with such content.

**RESPONSE TO REQUEST NO. 48**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects on the grounds that the term "engagement and other monitoring metrics" in vague and ambiguous. Mr. Urman also objects to this Request as overbroad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 49**

All documents or communications concerning any internal or external review of MindGeek content for CSAM, non-consensual, prohibited, or illegal content, including, but not limited to, the review undertaken beginning in or about the end of

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

2020 and the beginning of 2021 and the review that led to the report to NCMEC that was described in the June 20, 2022 New Yorker magazine.

**RESPONSE TO REQUEST NO. 49**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Mr. Urman further objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Urman also objects to this Request as overbroad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff. Mr. Urman further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 50**

All documents or communications related to the purchase, upload, or distribution of content to any MindGeek platform or MindGeek Tubesite, any MindGeek Related Entity, or any person or entity working for MindGeek or a MindGeek related entity.

**RESPONSE TO REQUEST NO. 50**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome,

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit.  Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Urman further objects on the grounds that as written this Request seeks every document related to every piece of content on every platform owned or operated by any MindGeek affiliated entity.  Mr. Urman further objects to this Request as overbroad and unduly burdensome to the extent it seeks documents concerning any content other than content depicting Plaintiff.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

## REQUEST NO. 51

All documents or communications reflecting agreements or relationships with any banks, credit card networks, payment processors, or similar entities concerning the processing of payments for products, services, advertising, or otherwise through MindGeek's platforms or websites.

## RESPONSE TO REQUEST NO. 51:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

are parties to this lawsuit.  Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.   Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

## REQUEST NO. 52

All documents concerning communications with the media, news organizations, journalists, legislators, law enforcement, regulators, quasi-governmental agencies, media relations companies, the Free Speech Coalition, 5wPR, or on social media platforms either directly, through aliases, or through agents, surrogates, or other social media participants concerning CSAM, nonconsensual, prohibited, or illegal content on MindGeek's platforms or websites or internal or external news, media or other reports, allegations, or complaints regarding the same.

## RESPONSE TO REQUEST NO. 52:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit.  Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.   Mr. Urman further

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 53**

All documents sufficient to show all copyright DCMA take down notices MindGeek has issued.

**RESPONSE TO REQUEST NO. 53**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit. Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Urman further objections to this Request on the grounds that Plaintiff has made no allegations regarding copyright infringement in this lawsuit. Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek. Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

**REQUEST NO. 54**

All documents reflecting DCMA take down notices MindGeek has received and the responses it made to each.

**RESPONSE TO REQUEST NO. 54**:

In addition to the above Preliminary Statement and General Objections, Mr. Urman objects to this Request on the grounds it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

47

proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Urman or to the Court's assessment of the viability of Plaintiff's alter ego arguments. Nor is it limited to the entities who are parties to this lawsuit.  Mr. Urman also objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Urman further objections to this Request on the grounds that Plaintiff has made no allegations regarding copyright infringement in this lawsuit.  Mr. Urman further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from MindGeek.  Mr. Urman further objects to this Request to the extent it seeks documents currently in the exclusive control of MindGeek.

Dated:  October 20, 2022

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC


By  _/s/Peter A. Biagetti_
  PETER A. CHAVKIN
  PETER A. BIAGETTI
  KERIME S. AKOGLU
  ADAM B. KORN

  Attorneys for Specially-Appearing Defendant
  COREY URMAN

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, my business address is Mintz Levin Cohn Ferris Glovsky and Popeo PC, 44 Montgomery Street, 36th Floor, San Francisco, CA 94104.  I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On October 20, 2022, I caused a copy of the following document:

**SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Michael J. Bowe<br>Lauren Tabaksblat<br>Danielle A. D'Aquila<br>BROWN RUDNICK LLP<br>7 Times Square<br>New York, NY 10036 | <u>Attorneys for Plaintiffs</u><br>SERENA FLEITES and JANE DOE<br><br><u>Telephone:</u> (212) 209-4800<br><u>Fax:</u> (212) 209-4801<br><u>Email:</u> mbowe@brownrudnick.com<br>ltabaksblat@brownrudnick.com<br>ddaquila@brownrudnick.com |
| David M. Stein<br>BROWN RUDNICK LLP 2211<br>Michelson Drive, 7th Floor Irvine,<br>California 92612 | <u>Attorneys for Plaintiffs</u><br>SERENA FLEITES and JANE DOE<br><br><u>Telephone:</u> (949) 752-7100<br><u>Fax:</u> (949) 252-1514<br><u>Email:</u> dstein@brownrudnick.com |

49

SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

| | | |
|---|---|---|
| ☐ | **HAND DELIVERY:** | Such document was delivered by hand to the addressee shown above at the address shown above, unless otherwise noted above. |
| ☐ | **MAIL:** | Such correspondence was deposited, postage fully paid, with the U.S. Postal Service on the same day in the ordinary course of business. |
| ☐ | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| ☐ | **MESSENGER SERVICE:** | I served the documents by placing them in an envelope or package to the persons at the address listed above and providing them to a professional messenger service for service. |
| X | **EMAIL:** | Based on a court order or an agreement of the parties to accept service by email, I caused the documents to be sent to the persons at the email address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury that the above is true and correct. Executed on October 20, 2022, at San Francisco, California. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

*/s/Sarah Strickland*
Sarah Strickland

50
SPECIALLY-APPEARING DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS