# Exhibit O

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES, <br><br> Plaintiff, <br><br> v. <br><br> MINDGEEK S.À R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC Inc.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5 <br><br> Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS <br><br> Judicial Officer: Cormac J. Carney <br> Courtroom: 9B <br><br> **DECLARATION OF ANDREAS ALKIVIADES ANDREOU IN SUPPORT OF THE MINDGEEK DEFENDANTS' MOTION TO DISMISS** <br><br> Hearing: August 8, 2022 <br> Time: 1:30 p.m. |

CASE NO. 2:21-CV-04920
**DECLARATION IN SUPPORT OF MOTION TO DISMISS**

I, Andreas Alkiviades Andreou, hereby declare as follows:

1. I am employed by MG CY Holdings Ltd as Director of Corporate Finance, a position which I have held since 2013. I have also served as a Class A manager (the equivalent of a director) for MindGeek S.à r.l. since 2016.

2. Through my employment and experience, I am familiar with the corporate structure and operations of the MindGeek corporate entities named in Plaintiff's Amended Complaint – MindGeek S.à r.l., MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc. and 9219-1568 Quebec Inc. (the "MindGeek corporate entities") – since 2014, the year Plaintiff alleges she learned a video depicting her had been uploaded to Pornhub, a website operated by MG Freesites Ltd. Almost every day since 2016, as part of my regular job responsibilities, I have dealt and continue to deal with issues involving the corporate structure of these legal entities and their affiliates (collectively "MindGeek") in some capacity and therefore have personal knowledge of their corporate histories.

## PLAINTIFF'S ALLEGATIONS ABOUT CORPORATE IMPROPRIETIES ARE BASELESS.

3. I have reviewed the Amended Complaint filed in the instant action and am familiar with the allegations made regarding the structure and operations of the MindGeek corporate entities. The allegations about MindGeek comprising sham companies or a sham structure are baseless.

4. I understand Plaintiff claims MindGeek's corporate operations are illegal based upon the opening and closing of entities. *See* Am. Compl. ¶¶ 11, 41, 131-140. However, this is a common business activity and certainly not indicative of wrongdoing by MindGeek. While MindGeek need not justify every corporate reorganization since 2014, each change to the corporate structure was for a legitimate business purpose. In many instances, the purpose of the change is self-evident; for example, creating an entity to acquire the business of another, or

dissolving an entity when it no longer functions or when its functions can be performed readily by another entity.

5. MindGeek S.à r.l., provides a clear example. Prior to 2014, MindGeek S.à r.l. was created specifically to acquire the business of Manwin Holding S.à r.l. In that transaction, MindGeek S.à r.l. acquired shares in an entity called Manwin RK S.à r.l. from Manwin Holding S.à r.l., the seller, thereby obtaining indirect ownership interests in the seller's subsidiaries. Since that time, MindGeek S.à r.l. has remained a holding company for various subsidiaries comprising the business of MindGeek, including the other entities named as Defendants.

6. The names and number of entities comprising the MindGeek business have naturally changed since 2014, each for legitimate business reasons. For example, in connection with the acquisition described above, MindGeek essentially rebranded the Manwin business to avoid confusion. In that regard, Defendant MindGeek USA Incorporated was renamed to eliminate the reference to Manwin in its prior name, Manwin USA Incorporated. Although certain Manwin subsidiaries did not have Manwin in their names, changes to some names were made to reflect changes to the business. For example, Defendant MG Global Entertainment Inc. used to be named Playboy Plus International Inc., but MindGeek changed that name when its agreement to use the name "Playboy" expired. At that time, the business no longer included running Playboyplus.com (under a digital license agreement) or offering Playboy-branded programming to television-based businesses, including cable operators, hotels and cruise ships, but focused instead on offering different adult programming to such businesses.

7. The structure of the MindGeek business is like that of many global organizations. Specifically, MindGeek has companies organized and existing under the laws of multiple jurisdictions where it has assets, operates businesses, or provides services for those business. The MindGeek corporate entities, for example, are organized and exist separately under the laws of Luxembourg, Cyprus,

Canada and the United States. When MindGeek S.à r.l. acquired the Manwin business, the entities comprising that business spanned those and other jurisdictions.

8. MindGeek's corporate structure reflects MindGeek's different lines of business. Relevant here is the "tubesite business," which most notably includes "Pornhub," a website that offers non-subscription content. As is true with MindGeek's other lines of business, the tubesite business is associated with an operating company. Specifically, Defendant MG Freesites Ltd is responsible for operating Pornhub. That entity, in turn, relies upon the services of other entities, including Defendant 9219-1568 Quebec Inc.

9. Plaintiff's allegations regarding the financial operations of the MindGeek corporate entities are inaccurate and misleading. As discussed below, each of the Defendants is separate from the others and has its own bank accounts. Since at least 2014, insofar as one Defendant has provided certain services to another, the entity receiving services has paid the entity providing the services pursuant to the terms of a written agreement. The charges for such services have generally been on a "cost plus" or "mark up percentage" basis, meaning that the service provider is reimbursed for the cost of providing the service and paid an additional amount representing a percentage of the cost on top. To determine how much is paid on top of the cost reimbursement, in situations where an entity in one jurisdiction provides services to an entity in another, MindGeek has engaged third parties to conduct transfer pricing studies. Those studies are used to determine price ranges for the services at issue in the relevant market and ensure that intercompany charges are accounted properly for tax purposes.

10. For the years 2014 through at least 2018, Defendant MindGeek S.à r.l. has had its consolidated financial statements audited by independent accounting firms. During the same period, the other Defendants that are legally required to be audited on an individual company basis have also been audited in compliance with

applicable law. They and MindGeek S.à r.l. have filed their tax returns and paid all taxes due for the tax years through 2018. The other Defendants that are not required to be audited on an individual company basis, MindGeek USA Inc., MG Global Entertainment Inc., and 9219-1568 Quebec Inc., have filed their tax returns and paid all taxes due to date.

## EACH DEFENDANT OBSERVES THE REQUIRED CORPORATE FORMALITIES.

11. The MindGeek Defendants have not operated and do not operate as a single business entity but instead have existed and operated as distinct legal entities since before at least 2014.

12. MindGeek S.à r.l. is and has been since October 2013, a private limited liability company (société à responsabilité limitée) incorporated under the laws of Luxembourg, having its registered office at 32, boulevard Royal, L-2449 Luxembourg and registered with the Luxembourg Register of Commerce and Companies (R.C.S. Luxembourg) ("RCS") under number B 181337.

13. MindGeek S.à r.l. has served during the relevant period as the ultimate parent corporation of MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.

14. MindGeek S.à r.l. has been and is nothing more than a holding company, without any employees or operations of its own. MindGeek S.à r.l. has never had any offices or employees in the State of California, let alone the United States. MindGeek S.à r.l. has never exercised control over the day-to-day operations of the other MindGeek corporate entities.

15. MindGeek S.à r.l. has been during the relevant period adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. MindGeek S.à r.l. has always had the equivalent of its own designated board of directors, referred to as a board of

managers, and observes all necessary corporate formalities. The current members of the board of managers are Anis Baba, Claude Favre and myself.

16. MG Freesites Ltd, formerly D.C.I. Capital Investments Limited, is and has been since before 2014 a limited liability company organized and operating under the laws of the Republic of Cyprus, having its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus. Since this entity was acquired by MindGeek, it has been known as MG Freesites Ltd.

17. MG Freesites Ltd has during the relevant period been responsible for operating tubesites, including Pornhub. MG Freesites Ltd has also operated associated websites, including "Pornhub Premium," which offer certain subscription content. In addition, MG Freesites Ltd operates the ModelHub program and Content Partner Program.

18. MG Freesites Ltd has not during the relevant period ever had any offices or employees in the State of California, or in the United States.

19. MG Freesites Ltd has during the relevant period been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. MG Freesites Ltd also has had during the relevant period the equivalent of its own designated board of directors, referred to as a board of managers, and observes all necessary corporate formalities. The current members of the board of managers are Anis Baba, Constantine Georgoude, Charme Management Ltd and myself.

20. MindGeek USA Inc., formerly Manwin USA, Inc., is and has been since at least 2014, a corporation incorporated under the laws of the State of Delaware, having its principal executive office in California. The current address of that office is 21800 Oxnard Street, Suite 150, Woodland Hills, California 91367 United States of America.

21. MindGeek USA Incorporated's sole function during the relevant period has been to distribute DVD-based content pursuant to the terms of one

**DECLARATION IN SUPPORT OF MOTION TO DISMISS**

5

contract. MindGeek USA Incorporated has not created, solicited, posted, managed, or had any other involvement with the website content at issue in the instant case.

22. MindGeek USA Incorporated has during the relevant period been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. MindGeek USA Incorporated also has had during the relevant period its own designated board of directors and observed all necessary corporate formalities. Currently, the sole director of MindGeek USA Incorporated is Andrew Link.

23. MG Premium Ltd, formerly Froytal Services Ltd, is and has been since before 2014 a limited liability company organized and operating under the laws of the Republic of Cyprus, having its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus.

24. MG Premium Ltd is and has been since at least 2014 responsible for operating websites referred to as "paysites," which offer certain subscription-based content. MG Premium Ltd does not operate Pornhub or Pornhub Premium, the ModelHub program or the Content Partner Program. MG Premium Ltd has not created, solicited, posted, managed, or had any other involvement with the website content at issue in the instant case. MG Premium Ltd also holds intellectual property rights to certain content that is not alleged to have anything to do with Plaintiff.

25. MG Premium Ltd has not during the relevant period ever had any offices or employees in the State of California, or in the United States.

26. MG Premium Ltd has during the relevant period been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. MG Premium Ltd also has had during the relevant period the equivalent of its own designated board of directors and observes all necessary corporate formalities. The current members of the board of

**DECLARATION IN SUPPORT OF MOTION TO DISMISS**

6

1 managers are Anis Baba, Constantine Georgoude, Charme Management Ltd and myself.

27. MG Global Entertainment Inc., formerly Playboy Plus Entertainment Inc., is and has been since before 2014 a corporation incorporated under the laws of the State of Delaware, having its principal executive office in California. The current address of that office is 21800 Oxnard Street, Suite 150, Woodland Hills, California 91367 United States of America.

28. MG Global Entertainment Inc. has during the relevant period run Playboyplus.com (under a digital license agreement) and provided content to television-based businesses, with a focus on cable operators, hotels, and cruise ships, among other content providers.

29. MG Global Entertainment Inc. has also during the relevant period provided limited support services to other MindGeek corporate entities. As discussed in more detail above, those services have been and are provided pursuant to written agreements that respect the separateness of the service provider and the service receiver. Currently, three employees of MG Global Entertainment Inc. have responsibilities for Trust and Safety on MindGeek websites, including the tubesites. None have or have had any responsibility for moderation of content before it is uploaded to the tubesites or are alleged to have had anything to do with Plaintiff.

30. MG Global Entertainment Inc. has during the relevant period been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. MG Global Entertainment Inc. also has had during the relevant period its own designated board of directors and observed all necessary corporate formalities. Currently, the sole director of MG Global Entertainment is Andrew Link.

31. 9219-1568 Quebec Inc. is and has been since before 2014 a corporation organized and operating under the laws of the Provence of Quebec, Canada, having its head office at 7777 Decarie Boulevard, Montreal, Quebec H4P-2H2.

**DECLARATION IN SUPPORT OF MOTION TO DISMISS**

7

32. 9219-1568 Quebec Inc. has during the relevant period been a service provider to MG Freesites Ltd and other affiliates. As discussed in more detail above, those services have been and are provided pursuant to written agreements that respect the separateness of the service provider and the service receiver.

33. 9219-1568 Quebec Inc. has not had during the relevant period any offices in the State of California, or in the United States. It previously had two employees in the United States, not in California, who provided services to MindGeek's paysite businesses, not to MindGeek's tubesites, which are at issue in this litigation.

34. 9219-1568 Quebec Inc. has during the relevant period been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts.

35. 9219-1568 Quebec Inc. also has had during the relevant period its own designated board of directors and observed all necessary corporate formalities. The current members of the board of directors are Feras Antoon, Constantine Georgoude, Polina Hadjivasilliou, David Tassillo and myself.

**DECLARATION IN SUPPORT OF MOTION TO DISMISS**

8

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 23, 2022

_____

Andreas Alkiviades Andreou

**DECLARATION IN SUPPORT OF MOTION TO DISMISS**

9