Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:    (212) 209-4801

Attorneys for Plaintiff

WIECHERT, MUNK, & GOLDSTEIN PC
David Weichert, CA Bar No. 94607
4000 MacArthur Blvd. Suite 600 East Tower
Newport Beach, CA 92660

Jonathan S. Sack
(admitted *pro hac vice*)
jsack@maglaw.com
Morvillo Abramowitz Grand
565 Fifth Avenue
New York, NY  10017
Tel: (212) 880-9410

Attorneys for Specially Appearing Defendant David Tassillo

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

# **TABLE OF CONTENTS**

**Page**

JOINT STIPULATION ....................................................................... 3

I.    THE PARTIES' PRELIMINARY STATEMENTS ......................... 3

    A.    Plaintiff's Preliminary Statement ............................................ 3

    B.    Defendant's Preliminary Statement ......................................... 4

II.    JOINT SPECIFICATION OF ISSUES IN DISPUTE ................... 9

    A.    Requests for Production in Dispute ......................................... 9

    B.    Interrogatories in Dispute ...................................................... 36

III.    PLAINTIFF'S POSITION .......................................................... 40

    A.    Plaintiff's Motion To Compel ............................................... 40

        1.    Tassillo Cannot Avoid Discovery Just Because the MindGeek Entity Defendants May Provide Discovery .............. 42

        2.    Tassillo Refuses to Produce Documents and Communications Concerning Plaintiff ................................. 42

        3.    Tassillo Disregards this Court's Rulings Concerning the Permissible Scope of Jurisdictional Discovery ................... 43

        4.    Tassillo Refuses to Produce Documents and Sufficient Information Relative to His Jurisdictional Contacts ............... 46

        5.    Tassillo's Privacy and Data Protection Objection is Without Merit ....................................................................... 48

        6.    Tassillo Has Refused to Conduct a Search for Responsive Documents ........................................................ 49

IV.    TASSILLO'S POSITION ............................................................ 50

    A.    Plaintiff's Motion to Compel Should Be Denied .................... 50

        1.    Plaintiff's Motion Should Be Denied for Failure to Meaningfully Meet and Confer ........................................... 50

            a.    Overview ................................................................... 50

            b.    Plaintiff Failed to Meaningfully Meet and Confer .......... 52

        2.    Plaintiff Improperly Seeks MindGeek Corporate Records from Mr. Tassillo And The Other Individual Defendants ......... 58

        3.    Documents and Communications Concerning Plaintiff (RFP. No. 1) ......................................................................... 62

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

4.    Plaintiff's Requests Go Far Beyond Jurisdictional Discovery .................................................................... 62

a.    CSAM Policies (RFP Nos. 5, 10, 30, 33-42, 46, 49, 52).............................................................. 62

b.    Alter Ego (RFP Nos. 2-3, 6-9, 13-29) ............................ 63

5.    Plaintiff's Requests for Documents and Information Relative to Mr. Tassillo's Jurisdictional Contacts Exceed this Court's Rulings ........................................................ 67

a.    Personal Trips.................................................................. 67

b.    Communications with Other Defendants Related to this Action (RFP No. 4)................................................. 68

c.    Plaintiff Seeks Materials Beyond the Scope of Authorized Jurisdictional Discovery (RFP No. 32 and ROG No. 6)............................................................. 69

6.    Mr. Tassillo Has Conducted a Reasonably Diligent Search for Documents ......................................................... 70

V.    CONCLUSION .................................................................................... 71

A.    Plaintiff's Conclusion ................................................................ 71

B.    Defendant's Conclusion ............................................................. 71

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 8, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Autumn D. Spaeth, located at the Ronald Reagan Federal Building and United States Courthouse, Courtroom 6B, 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff Serena Fleites ("Plaintiff") will move the Court for an Order compelling defendant David Tassillo to respond to discovery and produce documents pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

Plaintiff brings this motion pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure; Local Rule 37-2, and this Court's July 2018 Standing Orders on Discovery Disputes.

In accordance with L.R. 7-3 and 37-1, counsel for Plaintiff and Defendant David Tassillo conferred by telephone on December 15, 2022 and January 6, 2023.

Plaintiff bases this motion on this Notice, the Parties' Joint Stipulation regarding this discovery dispute, the pleadings and papers on file in this action, and on such other evidence as may be submitted to the Court. Plaintiff submits a proposed order with this application.

Dated: February 8, 2023

1

CASE NO. 21-CV-04920-CJC-ADS

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1

2    By: /s/Michael J. Bowe                         By: /s/Jonathan S. Sack

3    MICHAEL J. BOWE (*pro hac vice*)              JONATHAN S. SACK (*pro hac vice*)
     mbowe@brownrudnick.com                        jsack@maglaw.com
4    Lauren Tabaksblat(*pro hac vice*)             Morvillo Abramowitz Grand
     ltabaksblat@brownrudnick.com                  Three Bryant Park
5    **BROWN RUDNICK LLP**                         565 Fifth Avenue
     7 Times Square                                New York, NY 10017
6    New York, NY 10036                            Tel: (212) 880-9410
     Phone: (212) 209-4800
7    Fax: (212) 209-4801

8                                                  By: /s/David Wiechert

9    David M. Stein (#198256)                       David Wiechert (#92675)
     dstein@brownrudnick.com                        dwiechert@aol.com
10   **BROWN RUDNICK LLP**                          Wiechert, Munk, & Goldstein, PC
     2211 Michelson Drive, 7th Floor                4000 MacArthur Blvd
11   Irvine, California  92612                      Suite 600 East Tower
     Phone: 949.752.7100                            Newport Beach, CA
     Fax: 949.252.1514
12

13   Attorneys for Plaintiff                       Attorneys Defendant David Tassillo

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

<u>**JOINT STIPULATION**</u>

**I.     <u>THE PARTIES' PRELIMINARY STATEMENTS</u>**

**A.     <u>Plaintiff's Preliminary Statement</u>**

This Court ordered the MindGeek Defendants, including the Individual Defendants, to submit to jurisdictional discovery, (Dkt. 167, at 1), specifically identifying the following areas of relevant inquiry: "where the money flows in the Mindgeek web," which entities or individuals exercise operational control over the MindGeek entities that monetized Plaintiff's child sexual abuse material ("CSAM"), and whether these individuals and entities are alter egos of each other. (Dkt. 167, at 3 n.2, 4-7). Consistent with this Order, Plaintiff served discovery requests tracking the precise categories of information this Court held to be relevant to its jurisdictional analysis on the MindGeek Entity Defendants, the Individual Defendants, and defendants' auditors, third party-Grant Thornton. This Court thereafter affirmed the relevance of the categories of information Plaintiff seeks and issued letters rogatory to various Grant Thornton entities seeking the same categories of information that Plaintiff seeks from defendant Tassillo. *See* Dkt. 211 at 5-6 ("The Court agrees with Plaintiff that the information is relevant to the Court's jurisdictional analysis and ensures Plaintiff 'obtains complete and accurate information.'").

Despite two court orders, Tassillo has stonewalled Plaintiff's efforts to take basic jurisdictional discovery, refusing to produce any documents or even to conduct a search for responsive documents. Tassillo has taken the position that he is not required to participate in discovery – even to search for documents – because the Mindgeek Entity Defendants might produce discovery. But this Court has already rejected the argument that an entity or individual need not participate in discovery because the information they possess would be duplicative of documents produced by any other party, Dkt. 211 at 4, and this holding applies with greater force where the party resisting discovery is a defendant in this action. Moreover, defendant Tassillo has readily conceded in discovery responses that █████████████████

3

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1  ████████████████████████████████████████████████████

2  ██████████████████████████████████████████. *See* Doyle Decl.,

3  Exhibit 4, Resp. to ROG No. 1.  Accordingly, he likely possesses certain information

4  that may not also be in the possession of other defendants in this action.  Nevertheless,

5  he has not produced a single document to date.

6       Tassillo was obligated both to conduct a reasonable search for responsive

7  documents and to state in his responses whether he is withholding any responsive

8  materials on the basis of any of his stated objections.  The Court has already confirmed

9  that the individual defendants are part of jurisdictional discovery.  *See* Dkt. 167 at 7

10  (rejecting Individual Defendants' argument that jurisdictional discovery was

11  unwarranted and ordering Individual Defendants to submit to discovery, in part, based

12  on finding that Plaintiff "has alleged facts bearing on the MindGeek Individual

13  Defendants' direction of specific policies pursuant to which Plaintiff was harmed").

14  This Court should Order Tassillo to produce documents in response to Plaintiff's

15  RFPs 1-30, 32-42, 46, 49, and 52 and to supplement his responses to Plaintiff's ROGs

16  2, 3, 4, and 6.[1]

17       **B.**   **Defendant's Preliminary Statement**

18       David Tassillo is the former COO of MindGeek.  He left his position in or about

19  June 2022, months before Plaintiff issued her discovery requests.  *See* Sack

20  Decl. ¶ 18.  The MindGeek Entities collected Mr. Tassillo's MindGeek business

21  emails and data associated with messaging applications that Mr. Tassillo used for

22  MindGeek business, including mobile data such as text messages and messaging

23  applications, as we have advised Plaintiff.  *See* Sack Decl ¶ 18.  The MindGeek

24  Entities' searches for responsive documents and productions to date have

25  encompassed those materials as well as all other corporate records and emails.  *See*

26

27  _____

28  [1] Plaintiff reserves her right to further move to this Court for any of the remaining
RFPs or ROGs which have not been fully responded to by Defendant Tassillo.

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Sack Decl ¶ 18.  Therefore, as Plaintiff is aware, the only possible unique sources for documents from Mr. Tassillo—rather than materials the MindGeek Entities have and are reviewing for production—are his personal emails, which have been searched by counsel for possible relevance to personal jurisdiction.  *See* Sack Decl. ¶¶ 18-19. Unsurprisingly, to date no responsive documents were located as a result of that search.

Despite the limited scope of jurisdictional discovery, Plaintiff served 60 overbroad discovery requests on Mr. Tassillo and the other defendants; Plaintiff admits that those requests sought merits discovery (in addition to addressing certain jurisdictional issues).  Even after the Court rejected her efforts to seek merits discovery in this phase, Plaintiff refused to narrow even a single one of her document requests or interrogatories.  She now seeks to compel Mr. Tassillo to respond to 52 of her 60 patently overbroad requests.

Plaintiff's motion to compel should be denied for three principal reasons.

*First*, Plaintiff has not meaningfully engaged in the meet-and-confer process as required by L.R. 37-1. Most importantly, following the January 11, 2023 hearing on Plaintiff's motion to compel the MindGeek Entities, Plaintiff reached out to counsel for Bernd Bergmair, Feras Antoon, David Tassillo, and Corey Urman (collectively, the "Individual Defendants,") expressing a willingness to meet and confer. *See* Sack Decl. ¶ 22, Ex. P.  During a phone call following the email exchange, counsel for one of the Individual Defendants conveyed to Plaintiff that if she could identify the specific categories of documents that were relevant and of greatest significance to her, it would be helpful for discussion and could narrow the issues under dispute, and counsel for Plaintiff said he would take that request back to his colleagues. *See* Sack Decl. ¶ 21.  On January 18, counsel for the Individual Defendants wrote to Plaintiff, stating the following:

> As noted in our call and my email, I continue to believe it would be constructive to identify and itemize the specific materials the plaintiff

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1       is seeking from individual defendants regarding personal jurisdiction.
2       We understand that you and your colleagues shared an itemized list of
3       material that plaintiff is seeking from the entity defendants.  We urge
4       you to share something comparable with counsel for individual
5       defendants.  We will certainly consider it carefully and seek to reach
6       agreement with you, if possible.  Please let us know if you wish to
       continue the meet and confer process.

7  *See* Sack Decl. ¶ 22, Ex. P. Later that day, Plaintiff responded: "yes – we should
8  confer further to try to reach agreements.  Back in touch shortly."  *See* Sack Decl. ¶
9  22, Ex. P.  But Plaintiff never contacted defense counsel to confer further.  Instead,
10 two weeks later, on February 1, 2023, Plaintiff emailed her portion of a joint
11 stipulation (without any additions from the stipulation she initially served on
12 December 23, 2022) on a motion to compel each Individual Defendant to respond to
13 nearly all of her overbroad discovery requests as written, without any narrowing
14 constructions. Most recently, on February 2, 2023, Plaintiff rejected yet another
15 invitation from the Individual Defendants to meet and confer.  *See* Sack Decl. ¶ 24,
16 Ex. R.  That alone warrants a denial of Plaintiff's motion. (*See* Section IV(A)(1) for
17 Mr. Tassillo's arguments on these points).

18      *Second*, Plaintiff seeks mainly corporate records created and maintained by
19 MindGeek, such as company financial statements, corporate tax returns, board
20 minutes and document preservation policies, or company emails—all documents (if
21 they exist) that MindGeek has and Mr. Tassillo, as a former employee, does not have
22 access to or control over.  Notably, Plaintiff is seeking to compel the same company
23 records from MindGeek, and such requests are appropriately directed at the company.
24 As an illustration of Plaintiff's indiscriminate approach to discovery, Plaintiff's RFP
25 No. 16, seeks from Mr. Tassillo all documents of each and every MindGeek affiliate
26 reflecting capitalization, revenues, profits, tax payments, distributions, dividends,
27 shareholder agreements, lender agreements, as well as profit and loss statements,
28 balance sheets, tax records, payroll records and expense records. *See also,* RFP Nos.:

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

2, 3, 6, 7, 8, 9, 13, 15, 17, 19, 20-29, and 35. (*See* Section IV(A)(2) at pp. 59-68 for Mr. Tassillo's arguments on these points).

*Third*, Plaintiff's requests far exceed the scope of the jurisdictional discovery authorized by the Court.  The Court's July 29, 2022 Order (Sack Decl. ¶ 1, Ex. A, Dkt. 167) permitted jurisdictional discovery of Mr. Tassillo and the other individual defendants on two possible theories of personal jurisdiction. The Court first noted that, although the Amended Complaint offered only "scattershot" and "conclusory" allegations which gave the Court "some concern that Plaintiff is merely guessing at who bears responsibility" for MindGeek CSAM policies (*id.* at 5-6), Plaintiff could take jurisdictional discovery regarding the Individual Defendants' roles in directing or implementing specific MindGeek CSAM polices pursuant to which Plaintiff was harmed.  *Id.* at 6. In addition, the Court noted that, although Plaintiff's allegations were "conclusory, vague, and indeed, quite difficult to follow at times," she could take jurisdictional discovery to determine if she had "a workable alter ego theory" to impute the contacts of the MindGeek corporate entities who concede jurisdiction to the Individual Defendants.  *Id.* at 6.  More recently, the Court recognized that where jurisdictional discovery has been authorized, "jurisdictional discovery requests must still be tailored to seek discovery that relates to an opposing party's jurisdictional contacts."  *See* Sack Decl. ¶ 23, Exhibit Q, Dkt. No. 260 (Feb. 3, 2023, Order on Plaintiff's Motion to Compel).

Plaintiff repeatedly states that Mr. Tassillo has refused to conduct a search.  She is wrong:  Mr. Tassillo has already searched for and agreed to produce documents in his possession, if any, related to the subjects on which jurisdictional discovery was authorized.  Mr. Tassillo agreed to produce materials in his possession relating to directing or implementing MindGeek's CSAM policies or any communications concerning Plaintiff Serena Fleites.  Diligent searches for those materials on Mr. Tassillo's personal email account have not found any responsive documents for Serena Fleites, and searches will continue with respect to CSAM policies. Copies of

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    Mr. Tassillo's business-related text messages and other mobile messaging

2    communications are in the possession of the MindGeek Entities and Mr. Tassillo. The

3    MindGeek Entities have conducted searches of Mr. Tassillo's business-related text

4    messages and other mobile messaging communications and did not find any

5    communications pertinent to the issues of personal jurisdiction identified by the

6    Court.

7        With respect to alter ego, Mr. Tassillo's interrogatory responses provide

8    information regarding his ownership interest in MindGeek, and Plaintiff has received

9    over 7,000 pages of detailed financial and corporate information from the MindGeek

10   Entities which explain the structure and flow of money. This discovery provides

11   sufficient information on the subjects relevant to the alter ego theory Plaintiff was

12   permitted to explore.

13       The discovery Plaintiff seeks from Mr. Tassillo is simply not relevant or

14   proportional under Rule 26. For instance, RFP No. 18, seeks, for an eight-year period,

15   all personal "monthly, quarterly and annual bank and investment statements" of Mr.

16   Tassillo (RFP No. 18), with no limitation that they relate to MindGeek or Plaintiff's

17   causes of action. Plaintiff also seeks from each Individual Defendant his list of

18   contacts, without regard to whether they are business or personal, or have anything at

19   all to do with MindGeek. These requests amount to a fishing expedition that goes far

20   beyond the scope of the authorized jurisdictional discovery. Fed. R. Civ. P.

21   26(b)(2)(C)(i) calls for limiting discovery when it is "unreasonably cumulative or

22   duplicative or can be obtained from some other source that is more convenient, less

23   burdensome, or less expensive." (*See* Sections IV(A)(4)-(6) for Mr. Tassillo's

24   arguments on these points).

25       Plaintiff's motion to compel as to Mr. Tassillo should be denied, as we explain

26   in more detail below.

27

28

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

## II.    JOINT SPECIFICATION OF ISSUES IN DISPUTE

### A.    Requests for Production in Dispute

Request for Production No. 1: "All documents and communications concerning Serena Fleites."

Response to Request for Production No. 1: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo also objects to this Request to the extent it assumes that "communications" are "jurisdictional contacts" or are relevant to the question of whether the Court has personal jurisdiction over Mr. Tassillo. Mr. Tassillo further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

Subject to and without waiving any and all objections, Mr. Tassillo states that he had no communications with Serena Fleites. He acknowledges his obligation to update this response if warranted."

Request for Production No. 2: "All documents and communications concerning or relating to Your affiliation with, employment by, or ownership of MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites."

Response to Request for Production No. 2: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or

9    CASE NO. 21-CV-04920-CJC-ADS

1    control. Mr. Tassillo further objects to this Request to the extent it seeks
2    information unrelated to personal jurisdiction or outside the scope of the
3    jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
4    Tassillo further objects that the undefined term "affiliation" is vague and
5    ambiguous. Mr. Tassillo further objects to this Request on the basis that it is
6    duplicative of information already sought by Plaintiff from the MindGeek
7    Corporate Defendants.

8

9    Subject to and without waiving any and all objections, Mr. Tassillo refers
10    Plaintiff to and incorporates herein his Response to Interrogatory No. 1 and
11    agrees to meet and confer should there be remaining questions on this topic."
12    (footnote omitted).

13

14    Request for Production No. 3: "All documents and communications concerning
15    or reflecting any income, revenue, or other monies You have received from
16    MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites."

17

18    Response to Request for Production No. 3: "Mr. Tassillo objects to this Request
19    on the grounds that it overbroad, unduly burdensome and to the extent it seeks
20    information beyond Mr. Tassillo's present knowledge, possession, custody or
21    control. Mr. Tassillo further objects to this Request to the extent it seeks
22    information unrelated to personal jurisdiction or outside the scope of the
23    jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is
24    not limited to the entities which are parties to this lawsuit. Mr. Tassillo objects
25    to this Request on the basis that it is duplicative of information already sought
26    by Plaintiff from the MindGeek Corporate Defendants."

27

28    Request for Production No. 4: "All documents and communications between

10

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    and among You and any of the Defendants related to this Action."

2

3    <u>Response to Request for Production No. 4</u>: "Mr. Tassillo objects to this Request

4    on the grounds that it overbroad, unduly burdensome and to the extent it seeks

5    information beyond Mr. Tassillo's present knowledge, possession, custody or

6    control. Mr. Tassillo further objects to this Request to the extent it seeks

7    information unrelated to personal jurisdiction or outside the scope of the

8    jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

9    Tassillo also objects to this Request to the extent that it seeks information that

10   can be obtained from a more convenient and less expensive source, namely,

11   MindGeek Corporate Defendants."

12

13   <u>Request for Production No. 5</u>: "All documents and communications between

14   and among You and any of the Defendants related to the presence of any CSAM

15   on any MindGeek site, any MindGeek Related Entity site, or any MindGeek

16   Tubesites."

17

18   <u>Response to Request for Production No. 5</u>: "Mr. Tassillo objects to this Request

19   on the grounds that it overbroad, unduly burdensome and to the extent it seeks

20   information beyond Mr. Tassillo's present knowledge, possession, custody or

21   control. Mr. Tassillo further objects to this Request to the extent it seeks

22   information unrelated to personal jurisdiction or outside the scope of the

23   jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is

24   not limited to the entities which are parties to this lawsuit. Mr. Tassillo also

25   objects to this Request on the basis that it is duplicative of information already

26   sought by Plaintiff from the MindGeek Corporate Defendants."

27

28   <u>Request for Production No. 6</u>: "All documents describing, depicting,

explaining, or relating to the past or present corporate and ownership organization and structure of MindGeek, the identity of all affiliated or related party entities, corporations, limited partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities."

Response to Request for Production No. 6: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No. 1 and the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 5 to the MindGeek Corporate Defendants."

Request for Production No. 7: "All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by You or any of the other Individual Defendants, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, or Shaileshkumar P. Jain (a/k/a "Sam" Jain) or individuals or entities introduced

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    or represented by such persons or entities."

2

3    Response to Request for Production No. 7: "Mr. Tassillo objects to this Request

4    on the grounds that it overbroad, unduly burdensome and seeks information

5    beyond Mr. Tassillo's present knowledge, custody or control. Mr. Tassillo

6    further objects to this Request to the extent it seeks information unrelated to or

7    outside the scope of the jurisdictional discovery permitted by the Court's July

8    29, 2022 Order, and is not limited to the entities which are parties to this

9    lawsuit. Mr. Tassillo further objects to this Request on the basis that it is

10   duplicative of information already sought by Plaintiff from the MindGeek

11   Corporate Defendants. Mr. Tassillo further refers Plaintiff to the MindGeek

12   Corporate Defendants Response to Interrogatory No. 1 and the documents to

13   be produced by the MindGeek Corporate Defendants in response to Plaintiff's

14   Request No. 5 to the MindGeek Corporate Defendants.

15

16   Subject to and without waiving all objections, Mr. Tassillo refers Plaintiff to

17   and incorporates herein his Response to Interrogatory No. 1 and agrees to meet

18   and confer should there be remaining questions on this topic."

19

20   Request for Production No. 8: "All documents related to any past or present,

21   direct, indirect or beneficial ownership, licensing, or secured or other economic

22   interest of, or in, any intellectual property owned or licensed, directly or

23   indirectly by You related to MindGeek, any MindGeek Related Entity, or any

24   MindGeek Tubesites."

25

26   Response to Request for Production No. 8: "Mr. Tassillo objects to this Request

27   on the grounds that it overbroad, unduly burdensome and to the extent it seeks

28   information beyond Mr. Tassillo's present knowledge, possession, custody or

13

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit or intellectual property related to either Pornhub or the claims at issue in this litigation. Mr. Tassillo further objects to this as duplicative of information already sought from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 4 to the MindGeek Corporate Defendants."

Request for Production No. 9: "All documents describing, depicting, explaining, or relating to MindGeek's past or present internal organizational structure, offices, departments, executives, and personnel."

Response to Request for Production No. 9: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo further objects that the phrase "internal organizational structure" is vague and ambiguous. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No. 1 and the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 5 to the MindGeek Corporate Defendants."

Request for Production No. 10: "All documents identifying all MindGeek or outside personnel or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise."

Response to Request for Production No. 10: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo further objects on the grounds that terms "outside personnel" and "vendors" is vague and ambiguous. Mr. Tassillo further objects to the extent this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants."

Request for Production No. 11: "All documents and communications relating to Your or MindGeek's past or present jurisdictional contacts with the United States or California, including but not limited to, offices, residences, and real estate located in California or any jurisdiction in the United States."

Response to Request for Production No. 11: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent

15

it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo also objects to this Request to the extent it assumes that any of the contacts identified in this Request are "jurisdictional contacts" or that the actions or contacts of MindGeek are relevant to the issue of whether the Court has personal jurisdiction over Mr. Tassillo. Mr. Tassillo further objects to the extent it assumes officers, residences, and real estate located in California or any jurisdiction are relevant "jurisdictional contacts" in this action. Mr. Tassillo also objects to this Request to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants.

Subject to and without waiving any and all objections, Mr. Tassillo refers Plaintiff to and incorporates herein his Response to Interrogatory No. 4, and agrees to meet and confer should there be remaining questions on this topic."

Request for Production No. 12: "All documents and communications relating to Your or MindGeek's personnel or vendors employed, retained, paid, located in, or otherwise providing services in California or any jurisdiction in the United States; political activities in California or any jurisdiction in the United States, including through direct or indirect participation in, or financial support for, lobbying, trade, or industry, or activist organizations; trips to California or any jurisdiction in the United States; servers; revenues, profits, expenses, taxes earned or paid in or from California or any jurisdiction in the United States; and communications or business relationships with, to, from, or in California or any jurisdiction in the United States."

Response to Request for Production No. 12: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent

it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to the extent it assumes trips to California or any other jurisdiction are relevant "jurisdictional contacts" in this action. Mr. Tassillo also objects to this Request to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants.

Subject to and without waiving any and all objections, Mr. Tassillo refers Plaintiff to and incorporates herein his Response to Interrogatory No. 4, and agrees to meet and confer should there be remaining questions on this topic."

Request for Production No. 13: "All documents reflecting annual revenues, profits and losses, and expenses for each MindGeek Related Entity or MindGeek Tubesite or the entity that owns or controls that platform or website."

Response to Request for Production No. 13: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo further objects to the extent this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded, or to MG Freesites

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    Ltd, the entity that operates Pornhub. Mr. Tassillo objects to this Request on

2    the basis that it is duplicative of information already sought by Plaintiff from

3    the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the

4    documents to be produced by the MindGeek Corporate Defendants in response

5    to Plaintiff's Request No. 5 to the MindGeek Corporate Defendants."

6

7    Request for Production No. 14: "All documents concerning, reflecting,

8    describing, or relating to, or comprising of presentations to or from, proposed

9    transactions from, or data and information provided or made available to, any

10   actual or potential investors, lenders, secured parties, licensees, purchasers, or

11   others concerning MindGeek or any MindGeek Related Entity."

12

13   Response to Request for Production No. 14: "Mr. Tassillo objects to this

14   Request on the grounds that it overbroad, unduly burdensome and to the extent

15   it seeks information beyond Mr. Tassillo's present knowledge, possession,

16   custody or control. Mr. Tassillo further objects to this Request to the extent it

17   seeks information unrelated to personal jurisdiction or outside the scope of the

18   jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is

19   not limited to the entities which are parties to this lawsuit. Mr. Tassillo further

20   objects on the grounds that the term "or others" is vague and ambiguous. Mr.

21   Tassillo objects to this Request on the basis that it is duplicative of information

22   already sought by Plaintiff from the MindGeek Corporate Defendants. Mr.

23   Tassillo further refers Plaintiff to the MindGeek Corporate Defendants

24   Response to Interrogatory No. 3 and the documents to be produced by the

25   MindGeek Corporate Defendants in response to Plaintiff's Request No. 9 to the

26   MindGeek Corporate Defendants."

27

28   Request for Production No. 15: "All transaction documents, term sheets, and

18

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

communications concerning any actual or proposed transactions involving the ownership of, loans to, secured interest in, or intellectual property or other rights related to MindGeek."

Response to Request for Production No. 15: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo further objects on the grounds that the term "other rights" is vague and ambiguous. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 4 to the MindGeek Corporate Defendants."

Request for Production No. 16: "For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity."

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Response to Request for Production No. 16: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo objects to the phrase "records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity" as vague and ambiguous. Mr. Tassillo objects to the production of financial ledgers, lists of investors or managers, lender agreements, payroll and expense records, and sources of payments as unrelated to any claim in this case or to personal jurisdiction. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 11 to the MindGeek Corporate Defendants."

Request for Production No. 17: "For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants."

Response to Request for Production No. 17: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the

1   jurisdictional discovery permitted by the Court's July 29, 2022 Order. and is
2   not limited to the entities which are parties to this lawsuit. Mr. Tassillo objects
3   to the production of quarterly tax filings, audits, statutory reporting and any
4   work product or reports prepared by outside accountants. Mr. Tassillo further
5   refers Plaintiff to the documents to be produced by the MindGeek Corporate
6   Defendants in response to Plaintiff's Request No. 12 to the MindGeek
7   Corporate Defendants."

8

9   Request for Production No. 18: "Your monthly, quarterly, and annual bank and
10  investment statements."

11

12  Response to Request for Production No. 18: "Mr. Tassillo objects to this
13  Request on the grounds that it overbroad, unduly burdensome and to the extent
14  it seeks information beyond Mr. Tassillo's present knowledge, possession,
15  custody or control. Mr. Tassillo further objects to this Request to the extent it
16  seeks information unrelated to personal jurisdiction or outside the scope of the
17  jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
18  Tassillo objects to the term "investment statement" as vague and ambiguous.
19  Mr. Tassillo further objects to the production of any work product or reports
20  prepared by outside accountants."

21

22  Request for Production No. 19: "All documents and communications related to
23  any corporate reorganization by MindGeek and the purposes behind that
24  reorganization."

25

26  Response to Request for Production No. 19: "Mr. Tassillo objects to this
27  Request on the grounds that it overbroad, unduly burdensome and to the extent
28  it seeks information beyond Mr. Tassillo's present knowledge, possession,

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    custody or control. Mr. Tassillo further objects to this Request to the extent it

2    seeks information unrelated to personal jurisdiction or outside the scope of the

3    jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

4    Tassillo further objects to this Request on the basis that it is duplicative of

5    information already sought by Plaintiff from the MindGeek Corporate

6    Defendants. Mr. Tassillo further refers Plaintiff to the documents to be

7    produced by the MindGeek Corporate Defendants in response to Plaintiff's

8    Request No. 14 to the MindGeek Corporate Defendants."

9

10   Request for Production No. 20: "All documents or communications identifying

11   the various subsidiaries comprising the business of MindGeek and the

12   MindGeek Related Entities."

13

14   Response to Request for Production No. 20: "Mr. Tassillo objects to this

15   Request on the grounds that it overbroad, unduly burdensome and to the extent

16   it seeks information beyond Mr. Tassillo's present knowledge, possession,

17   custody or control. Mr. Tassillo further objects to this Request to the extent it

18   seeks information unrelated to personal jurisdiction or outside the scope of the

19   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

20   Tassillo objects to this Request on the basis that it is duplicative of information

21   already sought by Plaintiff from the MindGeek Corporate Defendants. Mr.

22   Tassillo further refers Plaintiff to the documents to be produced by the

23   MindGeek Corporate Defendants in response to Plaintiff's Request No. 15 to

24   the MindGeek Corporate Defendants."

25

26   Request for Production No. 21: "All documents identifying the directors,

27   managers, members, executives, and personnel of the various subsidiaries

28   comprising the business of MindGeek and any MindGeek Related Entities."

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    <u>Response to Request for Production No. 21</u>: "Mr. Tassillo objects to this
2    Request on the grounds that it overbroad, unduly burdensome and to the extent
3    it seeks information beyond Mr. Tassillo's present knowledge, possession,
4    custody or control. Mr. Tassillo further objects to this Request to the extent it
5    seeks information unrelated to personal jurisdiction or outside the scope of the
6    jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is
7    not limited to the entities which are parties to this lawsuit. Mr. Tassillo further
8    objects to this Request as duplicative of Request No. 6. Mr. Tassillo objects to
9    this Request on the basis that it is duplicative of information already sought by
10   Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers
11   Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No.
12   5."

13

14   <u>Request for Production No. 22</u>: "All documents identifying the companies
15   organized and existing under the laws of multiple jurisdictions where
16   MindGeek has assets, operates businesses, or provides services and the nature
17   of the assets, businesses, or services."

18

19   <u>Response to Request for Production No. 22</u>: "Mr. Tassillo objects to this
20   Request on the grounds that it overbroad, unduly burdensome and to the extent
21   it seeks information beyond Mr. Tassillo's present knowledge, possession,
22   custody or control. Mr. Tassillo further objects to this Request to the extent it
23   seeks information unrelated to personal jurisdiction or outside the scope of the
24   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
25   Tassillo further objects to this Request on the grounds that it is overly broad
26   and unduly burdensome to the extent it seeks the production of all documents
27   identifying the "assets, businesses, or services" of all MindGeek entities. Mr.
28   Tassillo objects to this Request on the basis that it is duplicative of information

23

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1  already sought by Plaintiff from the MindGeek Corporate Defendants. Mr.

2  Tassillo further refers Plaintiff to the MindGeek Corporate Defendants

3  Response to Interrogatory No. 1."

4

5  Request No. 23: "All documents identifying the entities providing services to

6  MG Freesites LTD."

7

8  Response to Request for Production No. 23:  "Mr. Tassillo objects to this

9  Request on the grounds that it overbroad (sic) unduly burdensome and to the

10  extent it seeks information beyond Mr. Tassillo's present knowledge,

11  possession, custody or control.  Mr. Tassillo further objects to this Request to

12  the extent it seeks information unrelated to personal jurisdiction or outside the

13  scope of the jurisdictional discovery permitted by the Court's July 29, 2022

14  Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of

15  information already sought by Plaintiff from the MindGeek Corporate

16  Defendants.  Mr. Tassillo further refers Plaintiff to the documents to be

17  produced by the MindGeek Corporate Defendants in response to Plaintiff's

18  Request No. 18 to the MindGeek Corporate Defendants."

19

20  Request for Production No. 24: "All documents identifying the bank accounts,

21  services, payments, written agreements, third parties providing transfer pricing

22  studies, pricing studies and price ranges, accounting, and tax determinations."

23

24  Response to Request for Production No. 24: "Mr. Tassillo objects to this

25  Request on the grounds that it overbroad, unduly burdensome and to the extent

26  it seeks information beyond Mr. Tassillo's present knowledge, possession,

27  custody or control. Mr. Tassillo further objects to this Request to the extent it

28  seeks information unrelated to personal jurisdiction or outside the scope of the

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1  jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
2  Tassillo further objects to this Request as vague and ambiguous as requesting
3  "the bank accounts, services, payments, written agreements, third parties
4  providing transfer pricing studies, pricing studies and price ranges, accounting,
5  and tax determinations" of an unidentified person or entity. Mr. Tassillo objects
6  to this Request on the basis that it is duplicative of information already sought
7  by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further
8  refers Plaintiff to the documents to be produced by the MindGeek Corporate
9  Defendants in response to Plaintiff's Request No. 19 to the MindGeek
10 Corporate Defendants."

11

12 Request for Production No. 25: "All audited financial statements and all related
13 communications with auditors regarding the same."

14

15 Response to Request for Production No. 25: "Mr. Tassillo objects to this
16 Request on the grounds that it overbroad, unduly burdensome and to the extent
17 it seeks information beyond Mr. Tassillo's present knowledge, possession,
18 custody or control. Mr. Tassillo further objects to this Request to the extent it
19 seeks information unrelated to personal jurisdiction or outside the scope of the
20 jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
21 Tassillo objects to this Request on the basis that it is duplicative of information
22 already sought by Plaintiff from the MindGeek Corporate Defendants. Mr.
23 Tassillo further refers Plaintiff to the documents to be produced by the
24 MindGeek Corporate Defendants in response to Plaintiff's Request No. 20 to
25 the MindGeek Corporate Defendants."

26

27 Request for Production No. 26: "All documents identifying the distinct legal
28 entities of MindGeek and any of the MindGeek Related Entities."

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Response to Request for Production No. 26: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 21 to the MindGeek Corporate Defendants."

Request for Production No. 27: "All documents related to the support services MG Global Entertainment has provided."

Response to Request for Production No. 27: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 22 to the MindGeek Corporate Defendants."

Request for Production No. 28: "All documents related to the services provided

26

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    by 9219-1568 Quebec Inc."

2

3    Response to Request for Production No. 28: "Mr. Tassillo objects to this

4    Request on the grounds that it overbroad, unduly burdensome and to the extent

5    it seeks information beyond Mr. Tassillo's present knowledge, possession,

6    custody or control. Mr. Tassillo further objects to this Request to the extent it

7    seeks information unrelated to personal jurisdiction or outside the scope of the

8    jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

9    Tassillo objects to this Request on the basis that it is duplicative of information

10   already sought by Plaintiff from the MindGeek Corporate Defendants. Mr.

11   Tassillo further refers Plaintiff to the documents to be produced by the

12   MindGeek Corporate Defendants in response to Plaintiff's Request No. 23 to

13   the MindGeek Corporate Defendants."

14

15   Request for Production No. 29: "All documents relating to MindGeek related

16   payments, investments, or loans to, in, or for any personal affairs, expenses,

17   entities, businesses, real estate, or investments related to You or any of the

18   Individual Defendants, or any of their family members or entities in which

19   either You or a family² member holds a direct or indirect interest."

20

21   Response to Request for Production No. 29: "Mr. Tassillo objects to this

22   Request on the grounds that it overbroad, unduly burdensome and to the extent

23   it seeks information beyond Mr. Tassillo's present knowledge, possession,

24   custody or control. Mr. Tassillo further objects to this Request to the extent it

25   seeks information unrelated to personal jurisdiction or outside the scope of the

26   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

27   Tassillo objects to this Request on the basis that it is duplicative of information

28   already sought by Plaintiff from the MindGeek Corporate Defendants. Mr.

1    Tassillo further refers Plaintiff to the documents to be produced by the

2    MindGeek Corporate Defendants in response to Request No. 24."

3

4    Request for Production No. 30: "All documents related to the purported

5    resignation of Feras Antoon and You as CEO and COO of MindGeek

6    respectively, including, but not limited to, any documents related to any

7    investigation, allegations, or reports of their using Mindgeek assets and monies

8    for their personal affairs, investments, or businesses."

9

10   Response to Request for Production No. 30: "Mr. Tassillo objects to this

11   Request on the grounds that it overbroad, unduly burdensome and to the extent

12   it seeks information beyond Mr. Tassillo's present knowledge, possession,

13   custody or control. Mr. Tassillo further objects to this Request to the extent it

14   seeks information unrelated to personal jurisdiction or outside the scope of the

15   jurisdictional discovery permitted by the Court's July 29, 2022 Order, or not

16   related to the entities which are parties to this lawsuit. Mr. Tassillo objects to

17   this Request on the basis that it is duplicative of information already sought by

18   Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further

19   objects to this Request on the grounds it seeks material after the end of the

20   Relevant Period."

21

22   Request for Production No. 32: "All contact lists maintained by You or any of

23   the Individual Defendants as well as documents sufficient to show all cell and

24   other phone numbers and messaging services used by each individual."

25

26   Response to Request for Production No. 32: "Mr. Tassillo objects to this

27   Request on the grounds that it overbroad, unduly burdensome and to the extent

28   it seeks information beyond Mr. Tassillo's present knowledge, possession,

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    custody or control. Mr. Tassillo further objects to this Request to the extent it

2    seeks information unrelated to personal jurisdiction or outside the scope of the

3    jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Subject

4    to and without waiving any and all objections, Mr. Tassillo refers Plaintiff to

5    and incorporates his Response to Interrogatory No. 6, and agrees to meet and

6    confer should there be remaining questions on this topic."

7

8    Request for Production No. 33: "All documents or communications identifying,

9    depicting, explaining, or describing any programs or technology MindGeek

10   acquired, employed, used, or considered to moderate, monitor, format,

11   optimize, filter, review, screen, or remove content on its websites, including the

12   dates such technology was acquired, employed, or considered.

13

14   Response to Request for Production No. 33: "Mr. Tassillo objects to this

15   Request on the grounds that it overbroad, unduly burdensome and to the extent

16   it seeks information beyond Mr. Tassillo's present knowledge, possession,

17   custody or control. Mr. Tassillo further objects to this Request to the extent it

18   seeks information unrelated to personal jurisdiction or outside the scope of the

19   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

20   Tassillo objects to this Request on the basis that it is duplicative of information

21   already sought by Plaintiff from the MindGeek Corporate Defendants."

22

23   Request for Production No. 34: "All documents or communications related to

24   MindGeek's policies, manuals, practices, processes, and rules for moderating,

25   monitoring, formatting, optimizing, filtering, reviewing, screening, or

26   removing content on its platforms and websites, including all prohibited words,

27   phrases, categories, and "genres" and all processes and reports concerning

28   search engine optimization of such content."

1    <u>Response to Request for Production No. 34</u>: "Mr. Tassillo objects to this
2    Request on the grounds that it overbroad, unduly burdensome and to the extent
3    it seeks information beyond Mr. Tassillo's present knowledge, possession,
4    custody or control. Mr. Tassillo further objects to this Request to the extent it
5    seeks information unrelated to personal jurisdiction or outside the scope of the
6    jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
7    Tassillo objects to this Request on the basis that it is duplicative of information
8    already sought by Plaintiff from the MindGeek Corporate Defendants."

9

10   <u>Request for Production No. 35</u>: "All documents and communications
11   describing MindGeek's policies and procedures for preserving hard copy and
12   electronic documents and content."

13

14   <u>Response to Request for Production No. 35</u>: "Mr. Tassillo objects to this
15   Request on the grounds that it overbroad, unduly burdensome and to the extent
16   it seeks information beyond Mr. Tassillo's present knowledge, possession,
17   custody or control. Mr. Tassillo further objects to this Request to the extent it
18   seeks information unrelated to personal jurisdiction or outside the scope of the
19   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
20   Tassillo further objects to the extent this Request seeks information protected
21   by the attorney-client privilege or work product doctrine. Mr. Tassillo objects
22   to this Request on the basis that it is duplicative of information already sought
23   by Plaintiff from the MindGeek Corporate Defendants."

24

25   <u>Request for Production No. 36</u>: "All documents and communications reflecting
26   rosters, schedules, training materials, performance reviews and metrics for
27   personnel or outside contractors or vendors involved in moderating, formatting,
28   optimization, filtering, screening, or removing content from MindGeek's

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    platforms and websites."

2

3    <u>Response to Request for Production No. 36</u>: "Mr. Tassillo objects to this

4    Request on the grounds that it overbroad, unduly burdensome and to the extent

5    it seeks information beyond Mr. Tassillo's present knowledge, possession,

6    custody or control. Mr. Tassillo further objects to this Request to the extent it

7    seeks information unrelated to personal jurisdiction or outside the scope of the

8    jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

9    Tassillo objects to this Request on the basis that it is duplicative of information

10   already sought by Plaintiff from the MindGeek Corporate Defendants."

11

12   <u>Request for Production No. 37</u>: "All documents and communications

13   identifying all content categories, "genres," or similar descriptors MindGeek

14   has included, recommended, or offered to users of its platforms and websites."

15

16   <u>Response to Request for Production No. 37</u>: "Mr. Tassillo objects to this

17   Request on the grounds that it overbroad, unduly burdensome and to the extent

18   it seeks information beyond Mr. Tassillo's present knowledge, possession,

19   custody or control. Mr. Tassillo further objects to this Request to the extent it

20   seeks information unrelated to personal jurisdiction or outside the scope of the

21   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

22   Tassillo objects to this Request on the basis that it is duplicative of information

23   already sought by Plaintiff from the MindGeek Corporate Defendants."

24

25   <u>Request for Production No. 38</u>: "All documents consisting of, or reflecting,

26   reports, communications, data, or actions related to content reviewed or

27   screened by any technology, programs, or internal or external personnel

28   concerning actual or suspected CSAM, nonconsensual, prohibited, or illegal

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    content."

2

3    Response to Request for Production No. 38: "Mr. Tassillo objects to this
4    Request on the grounds that it overbroad, unduly burdensome and to the extent
5    it seeks information beyond Mr. Tassillo's present knowledge, possession,
6    custody or control. Mr. Tassillo further objects to this Request to the extent it
7    seeks information unrelated to personal jurisdiction or outside the scope of the
8    jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
9    Tassillo objects to this Request on the basis that it is duplicative of information
10   already sought by Plaintiff from the MindGeek Corporate Defendants."

11

12   Request for Production No. 39: "All documents concerning complaints,
13   reports, communications, and requests concerning, non-consensual, prohibited,
14   or illegal content on any MindGeek platform or website,  including all
15   documents and communications with or concerning any associated
16   investigation, actions, and internal and external communications concerning
17   the same."

18

19   Response to Request for Production No. 39: "Mr. Tassillo objects to this
20   Request on the grounds that it overbroad, unduly burdensome and to the extent
21   it seeks information beyond Mr. Tassillo's present knowledge, possession,
22   custody or control. Mr. Tassillo further objects to this Request to the extent it
23   seeks information unrelated to personal jurisdiction or outside the scope of the
24   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.
25   Tassillo objects to this Request on the basis that it is duplicative of information
26   already sought by Plaintiff from the MindGeek Corporate Defendants."

27

28   Request for Production No. 40: "All documents and communications reflecting

32                                           CASE NO. 21-CV-04920-CJC-ADS

1    processes, standards, and technologies that MindGeek employed to prevent the

2    presence of child pornography, CSAM, non-consensual, prohibited, or illegal

3    content on its platforms or websites; the dates on which such processes,

4    standards, and technologies were employed; and the people most

5    knowledgeable about each."

6

7    Response to Request for Production No. 40: "Mr. Tassillo objects to this

8    Request on the grounds that it overbroad, unduly burdensome and to the extent

9    it seeks information beyond Mr. Tassillo's present knowledge, possession,

10   custody or control. Mr. Tassillo further objects to this Request to the extent it

11   seeks information unrelated to personal jurisdiction or outside the scope of the

12   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr.

13   Tassillo further objects that this Request is not limited to Pornhub, the only

14   tubesite on which Plaintiff alleges content depicting her was uploaded. Mr.

15   Tassillo objects to this Request on the basis that it is duplicative of information

16   already sought by Plaintiff from the MindGeek Corporate Defendants."

17

18   Request for Production No. 41: "All documents and communications reflecting

19   policies, practices, rules, guidelines, programs, or plans concerning the

20   moderation, monitoring, review, formatting, analysis or search and social

21   media use and optimization of content on MindGeek platforms and websites,

22   including, but not limited to, with respect to content uploaded with associated

23   languages other than English."

24

25   Response to Request for Production No. 41: "Mr. Tassillo objects to this

26   Request on the grounds that it overbroad, unduly burdensome and to the extent

27   it seeks information beyond Mr. Tassillo's present knowledge, possession,

28   custody or control. Mr. Tassillo further objects to this Request to the extent it

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to the extent this Request seeks documents related to "content uploaded with associated languages other than English," as overly broad because Plaintiff does not allege her content was uploaded with "associated languages." Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants."

Request for Production No. 42: "All documents and communications concerning MindGeek's policies, practices, and compliance related to 18 U.S.C. § 2257."

Response to Request for Production No. 42: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants."

Request for Production No. 46: "Any internal or external expert or consultant reports provided to MindGeek concerning its technology, processes, policies, and practices concerning CSAM, nonconsensual, prohibited, or illegal content."

Response to Request for Production No. 46: "Mr. Tassillo objects to this

PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants."

Request for Production No. 49: "All documents or communications concerning any internal or external review of MindGeek content for CSAM, non-consensual, prohibited, or illegal content, including, but not limited to, the review undertaken beginning in or about the end of 2020 and the beginning of 2021 and the review that led to the report to NCMEC that was described in the June 20, 2022 New Yorker magazine."

Response to Request for Production No. 49: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants."

Request for Production No. 52: "All documents concerning communications with the media, news organizations, journalists, legislators, law enforcement,

35

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

regulators, quasi-governmental agencies, media relations companies, the Free Speech Coalition, 5wPR, or on social media platforms either directly, through aliases, or through agents, surrogates, or other social media participants concerning CSAM, non-consensual, prohibited, or illegal content on MindGeek's platforms or websites or internal or external news, media or other reports, allegations, or complaints regarding the same."

Response to Request for Production No. 52: "Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants."

## B.  <u>Interrogatories in Dispute</u>

<u>Interrogatory No. 2</u>: "Describe in detail each transaction during the Relevant Time Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity, and identify the direct and indirect participants in those transactions."

<u>Response to Interrogatory No. 2</u>: "Mr. Tassillo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control.  Mr. Tassillo also objects on the grounds that phrases "other capital related transactions" and "indirect participants" are vague and ambiguous. Mr. Tassillo also objects to

36

1   this Interrogatory to the extent that it seeks information that can be obtained

2   from a more convenient and less expensive source, namely, MindGeek

3   Corporate Defendants. Mr. Tassillo further objects to this Interrogatory on the

4   ground that it seeks information unrelated to or outside the scope of the

5   jurisdictional discovery permitted by the Court's July 29, 2022 Order. Subject

6   to the foregoing Specific and General Objections, Mr. Tassillo ████████████

7   ████████████████████████████████████████████████████████████."

8

9   <u>Interrogatory No. 3</u>: "Identify the date, participants, and content for every

10  presentation or communication of financial or other economic performance to

11  investors, lenders, or others with direct or indirect financial interests in any

12  MindGeek Related Entity."

13

14  <u>Response to Interrogatory No. 3</u>: "Mr. Tassillo objects to this Interrogatory on

15  the grounds that it is overbroad, unduly burdensome and seeks information

16  beyond Mr. Tassillo's present knowledge, custody or control. Mr. Tassillo also

17  objects on the grounds that the phrases "communication of financial or other

18  economic performance" and "indirect financial interest" are vague and

19  ambiguous. Mr. Tassillo also objects to this Interrogatory to the extent that it

20  seeks information that can be obtained from more convenient and less

21  expensive source, namely, MindGeek Corporate Defendants. Mr. Tassillo

22  further objects to this Interrogatory on the ground that it seeks information

23  unrelated to or outside the scope of the jurisdictional discovery permitted by

24  the Court's July 29, 2022 Order. Subject to the foregoing Specific and General

25  Objections, Mr. Tassillo states as follows: ███████████████████████

26  ████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████████

CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1

2

3

4

5

6    Interrogatory No. 4: "Describe in detail all direct or indirect jurisdictional

7    contacts within the relevant jurisdictions, *i.e.* the United States and California,

8    that You or Your agents, or any of the MindGeek Related Entities and their

9    owners, executives, and employees, have or had during the Relevant Time

10   Period, including but not limited to, offices, residences, and real estate located

11   in the relevant jurisdictions; personnel or vendors employed, retained, or paid

12   located in the relevant jurisdictions; trips to the relevant jurisdictions; and

13   revenues, profits, expenses, taxes earned or paid in or from the relevant

14   jurisdictions; and communications or business relationships with, to, or in

15   either of the relevant jurisdictions."

16

17   Response to Interrogatory No. 4: "Mr. Tassillo objects to this Interrogatory on

18   the grounds that it overbroad, unduly burdensome and seeks information

19   beyond Mr. Tassillo's present knowledge, custody or control. Mr. Tassillo also

20   object on the ground that the phrase "direct or indirect jurisdictional contacts"

21   is vague and ambiguous; Mr. Tassillo maintains that his limited contact with

22   California or the United States during the Relevant Time Period does not

23   support personal jurisdiction over him in this matter. Mr. Tassillo also objects

24   to this Interrogatory to the extent that it seeks information that can be obtained

25   from a more convenient and less expensive source, namely, MindGeek

26   Corporate Defendants. Mr. Tassillo further objects to this Interrogatory to the

27   extent it seeks information unrelated to or outside the scope of the jurisdictional

28   discovery permitted by the Court's July 29, 2022 Order. Subject to the

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    foregoing Specific and General Objections, Mr. Tassillo states ████████

2    ████████████████████████████████████████████████

3    ████████████████████████████████████████████████

4    ████████████████████████████████████████████████

5    ████████████████████████████████████████████████

6    ████████████████████████████████████████████████

7    ████████████████████████████████████████████████

8    ████████████████████████████████████████████████

9    ████████████████████████████████████████████████

10   ████████████████████████████████████████████████

11   ████████████████████████████████████████████████

12   ████████████████████████████████████████████████

13   ████████████████████████████████████████████████

14   ████████████████████████████████████████████████

15   ████████████████████████████████████████████████

16   ████████████████████████████████████████████████

17   ████████████████████████████████████████████████

18   ████████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ████████████████████████████████████████████████

21   ████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████████

25   ████████████████████████████████████████████████

26   ████████████████████████████████

27

28   Interrogatory No. 6: "Identify all social media accounts, email accounts, cell

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1   numbers, text, or other communications services or applications used by the

2   Individual Defendants directly or through any MindGeek Related Entity during

3   the Relevant Time Period."

4

5   Response to Interrogatory No. 6: "Mr. Tassillo objects to this Interrogatory on

6   the grounds that it is vague, ambiguous, overbroad, unduly burdensome and

7   seeks information beyond Mr. Tassillo's present knowledge, custody or

8   control. Mr. Tassillo also objects to this Interrogatory to the extent that it seeks

9   information that can be obtained from a more convenient and less expensive

10   source, namely, MindGeek Corporate Defendants. Mr. Tassillo further objects

11   to this Interrogatory on the ground that it seeks information unrelated to or

12   outside the scope of the jurisdictional discovery permitted by the Court's July

13   29, 2022 Order. Subject to the foregoing Specific and General Objections, Mr.

14   Tassillo  states  ███████████████████████████████

15   ██████████████████████████████████████████

16   ████████████████████          █████████████████

17   ██████████████████████████████████████████

18   ██████████████████████████████████████████

19   ██████████████████████████████████████████

20   ██████████████████████████████████████████

21   ██████████████████████████████████████████

22   ██████████████████████████████████████████

23   ██████████████████████████████████████████

24   ███████████████████████████████

25

26   **III.   PLAINTIFF'S POSITION**

27   **A.     Plaintiff's Motion To Compel**

28   Pursuant to the Court's July 29, 2022 Order, Plaintiff served Tassillo with her

40                CASE NO. 21-CV-04920-CJC-ADS

First Set of Interrogatories on August 17, 2022 and her First Requests for Production of Documents on September 20, 2022. *See* Doyle Decl., Exhibits 1 and 2. On October 17, 2022 and October 20, 2022, Tassillo served objections and responses to Plaintiff's ROGs and RFPs, respectively, *see* Doyle Decl., Exhibits 4 and 5. Tassillo failed to respond substantively.[2]

Throughout the entire time period in which Plaintiff's CSAM was uploaded, optimized, disseminated, and capitalized on by the defendants, Tassillo was serving in various management and executive roles within the MindGeek enterprise, including service as a Chief Operating Officer, as director and/or manager of a number of the defendant MindGeek Entities and their supporting subsidiaries, and that he was an officer for the entity purportedly responsible for content management services. (*See* Dkt. 224-8, Exhibit 7, MG Resp. to ROG No. 5; Dkt. 139-3, Andreou Declaration). He has also conceded in sworn interrogatory responses that ███ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████ *See* Doyle Decl., Exhibit 4 at 4, Tassillo Resp. to ROG No. 1; *see also* Dkt. 139-1 ("MindGeek does not challenge the court's jurisdiction over . . . 9219 which acts as a service provider to Freesites."). Despite this, and his own admission that ████████████████ ████████████████████, *see id.* at 6, Tassillo Resp. to ROG No. 3, Tassillo has refused to conduct reasonable searches for, or to produce, relevant communications,

---

[2] Mr. Tassillo initially responded to Plaintiff's ROGs on September 22, 2022, but that response was heavily redacted because a protective order had not yet been entered in the case. *See* Exhibit 3. Plaintiff therefore did not receive Tassillo's actual responses to Plaintiff's ROGs until Tassillo provided an unredacted interrogatory response on October 17, 2022, with responses designated as "Confidential" pursuant to the protective order. Plaintiff has filed Tassillo's response in an unredacted form under seal, pursuant to the Stipulated Protective Order, Dkt. 187. Tassillo's response to Plaintiff's production requests contained no such designation and is filed in its original form.

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

information, and documents pertaining to the various roles he played within the MindGeek enterprise and that are relevant to evaluating jurisdiction. *See* Doyle Decl. at 3, ¶ 10.

### 1.    Tassillo Cannot Avoid Discovery Just Because the MindGeek Entity Defendants May Provide Discovery

Tassillo objects to almost every Request on the grounds that the information sought is "duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants" or more easily obtained from another party. *See* Doyle Decl. Exh. 4, Def. Tassillo's Responses to RFP Nos. 1-17, 19-31, 33-54. But this Court previously held that parties are not relieved of producing responsive documents because other defendants may produce them. Dkt. 211, at 3-4 (rejecting the argument that a non-party was relieved of its duty to produce documents that MindGeek might possess but has not produced); *see also Anson v. Weinstein*, No. CV 17-8360-GW (KSX), 2019 WL 6655259, at *4 (C.D. Cal. Aug. 26, 2019) (a party "is not absolved of [his or her] own obligation to produce the responsive materials regardless of whether other parties may also produce similar or even identical documents.") The Court should similarly reject Tassillo's objection.

### 2.    Tassillo Refuses to Produce Documents and Communications Concerning Plaintiff

RFP No. 1 seeks production of all documents and communications concerning Plaintiff that are in Tassillo's possession, custody, or control. Tassillo sidesteps this request by recharacterizing it as seeking only his communications *with* Plaintiff (and none apparently exists), claiming that his communications *concerning* Plaintiff are not relevant to this Court's jurisdictional analysis.

Documents and communications concerning Plaintiff, who is based in California, will reveal the extent to which Tassillo communicated about Plaintiff, directed actions to be taken with respect to Plaintiff's videos, and played a role in optimizing and monetizing Plaintiff's CSAM. The role that Tassillo played in the

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

solicitation, optimization, dissemination, and capitalization of Plaintiff's CSAM is highly relevant to this Court's jurisdictional analysis. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009) ("Courts have . . . found a corporate officer's contacts on behalf of a corporation sufficient to subject the officer to personal jurisdiction where the officer is a primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities.") (citing cases). Thus, Tassillo's communications about this California-based Plaintiff, the monetization of Plaintiff's CSAM, and her efforts to have that content removed is relevant to the exercise of jurisdiction over Tassillo. Tassillo should be ordered to produce all communications and documents concerning Plaintiff.

### 3. <u>Tassillo Disregards this Court's Rulings Concerning the Permissible Scope of Jurisdictional Discovery</u>

Tassillo recites the same boilerplate objections to several of Plaintiff's discovery requests. One of those objections is that the requests seek "information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order." But Tassillo is simply ignoring this Court's clear direction concerning the permissible scope of jurisdictional discovery.

This Court concluded that "Plaintiff has alleged facts bearing on the MindGeek Individual Defendants direction of specific policies pursuant to which Plaintiff was harmed." (Dkt. 167, at 7; *see also id.* at 5 ("[T]here are various allegations throughout the FAC that identify specific MindGeek policies or practices—which were applied to Plaintiff and her videos—that the MindGeek Individual Defendants allegedly directed or implemented.").) The Court further explained that "[i]t is entirely plausible that at least one of the MindGeek Individual Defendants—high up as they were in the MindGeek hierarchy—had substantial involvement in the practices and policies of one of MindGeek's major lines of business that harmed Plaintiff." (*Id.* at 7.) For example, the Court declared that "operating Pornhub and other MindGeek sites in a manner that maximizes the profitability of child porn" would qualify as

"[j]urisdictionally relevant conduct." (Dkt. 167, at 3 n.2; *see also id.* at 5 n.5 (recognizing that it would be jurisdictionally relevant if "one or all of the MindGeek Individual Defendants promulgated a policy of reuploading child porn like Plaintiff's videos, to MindGeek's websites after taking them down")).

Plaintiff therefore propounded several requests seeking documents that would reveal Tassillo's role in setting policies concerning the uploading and monetization of CSAM on Pornhub and other MindGeek sites. Plaintiff's RFP Nos. 5, 38-42, 46, 49, and 52 seek documents and communications between Defendant Tassillo, others, and any Defendant "related to the presence of any CSAM" on MindGeek sites, the reporting of CSAM, and MindGeek's policies when CSAM is identified. Request Nos. 10, 33-42 concern MindGeek's practices, policies, procedures, and technologies used for monitoring, moderating, and removing material from its websites. Finally, Request No. 30 seeks documents and communications concerning the putative resignation of Tassillo and his co-defendant, former MindGeek CEO Feras Antoon, both of whom spent more than a decade in leadership positions with MindGeek, resigned amid public scrutiny concerning allegations that the MindGeek Entities, and their officers, directors, and employees, intentionally commercialized and monetized illegal CSAM and stonewalled efforts to have the content removed, including in the case of Plaintiff.

These Requests collectively seek, among other things, information related to Tassillo's personal involvement in the adoption of policies and procedures concerning the handling of CSAM, and Tassillo's role in controlling and directing the various MindGeek entities' operations, particularly as it concerns search engine optimization (SEO) and CSAM, all of which the Court has held is relevant to its jurisdictional analysis. (Dkt. 167, at 7). Documents responsive to the requests would also reveal Tassillo's knowledge and awareness of the prevalence and intentional proliferation of CSAM on MindGeek's tubesites, as well as the role that Tassillo played in the implementation of the policies that allowed for the proliferation of CSAM on

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

MindGeek's tubesites, all of which are relevant jurisdictional considerations. Tassillo has refused to produce any documents in response to these requests.

Along similar lines, the Court was clear that "[w]here the money flows in the MindGeek web, which may relate to ownership of the porn sites that generate revenue, matters to the Court's jurisdictional analysis."[3] (Dkt. 167, at 3 n.2). The Court also recognized that Plaintiff alleged that "the MindGeek Entity Defendants are each controlled by the MindGeek Individual Defendants, that the MindGeek Individual Defendants appoint sham directors to the entities which they control in order to impede investigations, and that the MindGeek Entity Defendants divert money, possibility to the MindGeek Individual Defendants" (*id.* at 6 and that "[t]his alleged flow of money is . . . jurisdictionally relevant" (*id.* at 6 n.6).

In accordance with this guidance, Plaintiff propounded specific requests concerning the relationship and purpose of the various MindGeek entities, and their corporate structure and ownership, as well as Tassillo's ownership interests in those entities and his receipt of funds from those entities. *See, e.g.*, RFP Request No. 8 (seeking documents related to Defendant Tassillo's beneficial ownership of or economic interest in any MindGeek Related Entity or MindGeek intellectual property); RFP Request No. 15 (seeking documents related to any transactions involving the ownership loans to, secured interest in, or intellectual property or other rights related to MindGeek); RFP Request No. 29 (seeking documents concerning payments, investments, or loans to or from any MindGeek Entity or the Individual

---

[3] The Court, in recognition of Plaintiff's allegations that her videos were pushed to MindGeek's other tubesites consistent with MindGeek's pervasive practice, recognized that "[j]urisdictionally relevant conduct" was not limited to Pornhub but included operation of MindGeek's other sites as well in a manner that maximized the profitability of child porn. (Dkt. 167, at 3 n.2; *see also id.* at 5 n.5). Therefore, Tassillo's repeated effort to limit the scope of his responses to Pornhub should be rejected. (Dkt. 211, at 5 (agreeing with Plaintiff that requests regarding "the [true] ownership of ***porn sites*** that generated revenue from Plaintiff's child sexual abuse material" is relevant to the Court's jurisdictional analysis) (emphasis added)).

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Defendants); ROG No. 2 (seeking information on ownership, shares, and capital transactions); RFP Request No. 2 (seeking documents and communications concerning Tassillo's affiliation with any MindGeek Related Entity); RFP Request No. 3 (seeking documents and communications concerning income, revenue, or other monies that Tassillo received from any MindGeek Related Entity) *see also* RFP Request No. 7 (seeking documents concerning business relationships with various entities, such as Colbeck Capital, JP Morgan Chase, Fortress Investment Group); RFP Request No. 13 (seeking documents concerning MindGeek entity and tubesite profits); RFP Request No. 14 and ROG No. 3 (seeking documents concerning or provided to investors in any MindGeek Related Entity); RFP Request No. 16 (seeking, among other things, financials, ledgers, and shareholder lists); RFP Request No. 17 (seeking among other things, tax filings, audits, financials, and accounting reports); RFP Request No. 18 (seeking "Your monthly, quarterly, and annual bank and investment statements"); RFP Request No. 19 (seeking documents related to any corporate reorganization by MindGeek); Request No. 20 (seeking documents identifying MindGeek subsidiaries); RFP No. 21 (seeking documents identifying directors, managers, members, executives, and personnel of MindGeek subsidiaries); RFP Request No. 24 (seeking information on, among other things, MindGeek bank accounts); RFP Request No. 25 (seeking audited financial statements and communications with auditors); RFP Request Nos. 6, 9, 22-23, 26-28 (seeking documents relating to the organization and corporate structure of MindGeek).  This Court previously found these categories of documents relevant, so Tassillo should be ordered to produce them promptly.  (Dkt. 211, at 5).

Tassillo also attempts to limit his responses to just the MindGeek Entity Defendants, rather than the MindGeek Entities as Plaintiff defined them in the requests.  The Court already rejected this limitation.  (Dkt. 211, at 6).

**4.    <u>Tassillo Refuses to Produce Documents and Sufficient Information Relative to His Jurisdictional Contacts</u>**

Tassillo also objects to several Requests that seek information concerning his connections and activities with California and other jurisdictions in the United States. *See* RFP No. 11 and ROG No. 4 (seeking documents and communications related to Tassillo's "jurisdictional contacts with the United States or California"); RFP No. 12 (seeking documents and communications related to, among other things "political activities in California or any jurisdiction in the United States," "trips to California or any jurisdiction in the United States, profits, expenses, and taxes paid in or earned from California or any other United States jurisdiction, and communications or business relationships with, to, from, or in California or any other United States jurisdiction). Each of these requests seeks information that is relevant to the Court's jurisdictional analysis. Nevertheless, Tassillo has refused to search for a single document in response to these requests.

Similarly, Tassillo's response to Interrogatory No. 4 is also deficient. Tassillo admits ████████████████████████████████████████ ████████████████████████████████, but he provides only a barebones explanation of those contacts. Tassillo should be ordered to provide more detail as to ████████████████████████████████████████. For each trip, Tassillo should be ordered to identify: (i) the dates of the trip, (ii) the locations visited, and (iii) the purpose of the visit. Tassillo should also be ordered to provide adequate detail ████████████████████████████████ ████████████████████████████ For each property that he owns or partially owns, directly or indirectly, Tassillo should identify: (i) the address of each property, (ii) the date purchased, (iii) the purchase price, (iv) Tassillo's ownership percentage, and (v) the date sold (if applicable). Finally, Tassillo should be ordered to provide his tax returns and the tax returns for the various entities listed in response to Interrogatory No. 4. *See A. Farber & Partners*, 234 F.R.D. at 191 (ordering defendant to produce tax records).

Tassillo also refuses to produce communications with other defendants (RFP

47

Request No. 4), even though his relationship with, and control over, entities and individuals domiciled or doing business in the state of California are relevant to both the Court's jurisdictional and alter-ego analyses. *See also* RFP Request No. 2 (seeking documents and communications concerning Defendant's affiliation with any MindGeek Related Entity, including those based in California or other United States jurisdictions); RFP Request No. 3 (seeking documents and communications concerning income, revenue, or other monies that Defendant received from any MindGeek Related Entity, including those based in California or other United States jurisdictions).

Similarly, in response to Request No. 32 and Interrogatory No. 6, Tassillo refused to identify or produce contact lists or communication accounts and failed to identify the usernames and/or related contact information associated ███████ ████████████████████████████████████████████████████. The identity and locations of the individuals that Tassillo communicated and worked with in furtherance of the MindGeek's illegal trafficking venture and their efforts to conceal and coverup their wrongdoing is highly relevant. *See* Dkt. 168 at 7 ("It is entirely plausible that at least one of the MindGeek Individual Defendants . . . had substantial involvement in the practices and policies of one of MindGeek's major lines of business that harmed Plaintiff.").

## 5. <u>Tassillo's Privacy and Data Protection Objection is Without Merit</u>

Tassillo's refusal to disclose information that could violate a law, rule, or regulation, for instance because it could require disclosure of information protected by applicable privacy or data protection laws (RFP General Objection 7 and Interrogatory General Objection 6), is improper. "The mere existence of a blocking statute does not preclude an American court from ordering discovery from a foreign litigant." *Connex R.R. LLC v. AXA Corp. Sols. Assurance*, No.: CV 16–02368–ODW (RAOx), 2017 WL 3433542, at *5 (C.D. Cal. Feb. 22, 2017). "Indeed, the Supreme

Court has held that '[i]t is well settled that such statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute.'" *Id.* (quoting *Société Nationale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524, 544 n.29 (1987)). Currently, it is impossible for Plaintiff to assess the propriety of Tassillo's failure to disclose information without more specific information.  Thus, if Tassillo refuses to provide documents in full, or redacts documents on the purported basis that he must do so in compliance with a law, rule, or regulation, Tassillo should be ordered to submit a log of the withheld information, so Plaintiff can properly assess Tassillo's claims.

## 6.  <u>Tassillo Has Refused to Conduct a Search for Responsive Documents</u>

It is black-letter law that, "***[u]pon receipt*** of a properly served request, a responding party is required to conduct a 'reasonable search' for responsive documents." *Trujillo v. Princess Cruise Lines, Ltd.*, No. CV 20-7451 JWH (PVCx), 2021 WL 3604518, at *6 (C.D. Cal. Apr. 23, 2021) (emphasis added); *Polaris Innovations Ltd. v. Kingstown Tech. Co.*, No. CV 16-00300 CJC (RAOx), 2017 WL 3275615, at *2 (C.D. Cal. Feb. 14, 2017); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) ("[A] party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and, based on that inquiry, [a] party responding to a Rule 34 production request ... is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control." (citations and quotations omitted)).

Consistent with this fundamental principle, Rule 34 explicitly requires a responding party to "state whether any responsive materials are being withheld on the basis of [an asserted] objection."  Fed. R. Civ. P. 34(b)(2)(C).  None of Tassillo's responses to Plaintiff's document requests contains the statement required by Rule

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

34(b)(2)(C). During the parties' meet-and-confer teleconference on December 15, 2022, Tassillo's counsel confirmed that Tassillo had not conducted a search for documents, instead claiming he was waiting for this Court to provide clarity in connection with Plaintiff's pending motion to compel filed against MindGeek (Dkt. 224) before he would begin a search for responsive documents. *See* Doyle Decl., ¶ 10. Tassillo provides only boilerplate objections.

This Court should require him to conduct a search promptly and to submit to Plaintiff "declarations or affidavits detailing the nature of his 'reasonable inquiry' to locate responsive documents, and such declarations must address the inquiry he made on a request-by-request basis." *A. Farber & Partners*, 234 F.R.D. at 190 (ordering this procedure in the face of an "astounding" "paucity" of documents produced by defendant, which production still involved 600 documents, far more than the zero documents that Tassillo has produced here).

## IV.   **TASSILLO'S POSITION**

### A.   **Plaintiff's Motion to Compel Should Be Denied**

#### 1.   **Plaintiff's Motion Should Be Denied for Failure to Meaningfully Meet and Confer**

##### a.   **Overview**

This motion comes before the Court because of Plaintiff's insistence on seeking merits discovery from Mr. Tassillo despite the District Court's ruling that discovery at present is limited to the issue of personal jurisdiction. We have asked Plaintiff to conform her requests to the Court's ruling, but she has refused. Moreover, Plaintiff continues to claim that the Individual Defendants have not looked for relevant documents even after we informed Plaintiff, on multiple occasions, that she is incorrect.

Plaintiff has been committed to making the present motion long before she first served this stipulation on the Individual Defendants on December 23, 2022. Nearly one month before Plaintiff sent a Rule 37-1 letter to the Individual Defendants—and

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

thus well before any meet-and-confer could take place—Plaintiff stated on the record that her motions to compel against the Individual Defendants were "in progress."[4] By refusing our repeated efforts to clarify and narrow her merits-focused document requests, Plaintiff has failed to meaningfully meet and confer with the Individual Defendants.

Beyond seeking material that vastly exceeds the scope of proper jurisdictional discovery, Plaintiff also ignores the fact that Mr. Tassillo is a former employee of MindGeek. As we have repeatedly told Plaintiff, Mr. Tassillo does not have access to or control over company documents and communications, which is overwhelmingly what Plaintiff seeks and now purports to be complaining about. As to the narrow set of information in Mr. Tassillo's personal possession, we have reviewed those materials concerning (i) the defendants' participation in directing or implementing MindGeek's CSAM-related policy and (ii) the Plaintiff Serena Fleites. Accordingly, Plaintiff's claims of a wholesale failure by Mr. Tassillo to comply with discovery obligations are simply incorrect, and Plaintiff wrongly insists that the Court address issues that are not genuinely in dispute. The Court should deny Plaintiff's motion and order her to meet and confer with the Individual Defendants in the substantive and good faith manner required by the Local Rules.

---

[4] *See* Sack Decl., Ex. G, November 16, 2022 *Hr'g Tr. Re Pl.'s Mot. for Issuance of Int'l Judicial Assistance* at 6:10-11 ("John Doyle: So the individual Defendants, their productions have been due. I'm certain Your Honor next is going to ask where are the motions to compel and they are in progress.") On December 5, 2022, Plaintiff sent a Rule 37-1 letter to the Individual Defendants. Two days later, before a meet and confer was scheduled, on December 7, 2022, Plaintiff noted in a court filing that "Plaintiffs [sic] *will be filing* a separate motion to compel the Individual Defendants to comply with discovery obligations." *See* Sack Decl., Ex. J, *Pl.'s Supplemental Mem. in Supp. of Mot. to Compel Def. MindGeek Entities' Resps. to Pl.'s First Req. for Prod. of Docs.* at 2 n.1, Dec. 7, 2022, Dkt. 233 (emphasis added).

1

### b.    <u>Plaintiff Failed to Meaningfully Meet and Confer</u>

2          Plaintiff has not engaged in a genuine meet and confer process, as demonstrated

3 by the following procedural summary.

4          On July 29, 2022, Judge Carney authorized the parties to conduct jurisdictional

5 discovery. *See* Sack Decl. ¶ 2, Ex. C. In authorizing such discovery, the Court

6 directed Plaintiff and her counsel "to not use this opportunity to further complicate

7 this case." *Id.* at 2. Plaintiff proceeded nonetheless to serve exceedingly broad

8 discovery requests to the Individual Defendants, well beyond the jurisdictional

9 discovery ordered.

10          For example, several requests (both alone and in combination) seek essentially

11 every piece of paper and every email and electronic record the Individual Defendants

12 possess related to MindGeek. *See e.g.,* RFP No. 2 (seeking all documents "concerning

13 … Your affiliation … or ownership of MindGeek"); RFP No. 7 (seeking all

14 documents related to any "economic interest in, or business relationship with

15 MindGeek … by You"); RFP No. 9 (seeking all documents "relating to MindGeek's

16 past or present … offices, departments, executives and personnel"); RFP No. 22

17 (seeking all documents identifying MindGeek subsidiaries "and the nature of [their]

18 assets, businesses and services"); RFP No. 50 (seeking all documents related to the

19 "distribution of content to any MindGeek [site]"). Plaintiff similarly seeks documents

20 from Individual Defendants reflecting every penny going in or out of MindGeek to or

21 from any party for any purpose for an eight-year period, without limitation. *See* RFP

22 No. 16 (seeking records regarding "all payments made to or on behalf of [any

23 MindGeek] entity, affiliate, subsidiary or related entity"); Interrogatory No. 2

24 (seeking a description "in detail" of every transaction "in which ownership, shares,

25 indebtedness, secured interests, options, derivatives, or other capital related

26 transactions occurred" involving MindGeek). Despite the Court's text order entered

27 on November 14, 2022 stating that discovery is limited to jurisdictional discovery,

28 Plaintiff has moved to compel on nearly all of her exceedingly broad discovery

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    requests without narrowing any of them.  *See* Dkt. 205.

2         On September 20, 2022 and October 20, 2022, respectively, the Individual

3    Defendants timely responded to Plaintiff's interrogatories and requests for production

4    of documents.  On December 5, 2022, after over a month without communication,

5    Plaintiff sent a L.R. 37-1 letter to Individual Defendants seeking to immediately meet

6    and confer.  In accordance with L.R. 37-1, on December 15, 2022 the Individual

7    Defendants met and conferred with Plaintiff.  At this meeting, the Individual

8    Defendants' counsel pointed out that Plaintiff had served her extremely broad

9    discovery requests at a time when she was admittedly seeking merits discovery and

10   asked if she was willing to narrow any of her requests.  Plaintiff said no.  Sack Decl.

11   ¶ 17.  The Individual Defendants also requested that Plaintiff hold off filing any

12   motion to compel, since her motion to compel the MindGeek corporate defendants,

13   which raised similar issues, was then scheduled to be heard by the Court on December

14   27, 2022, and the Court's ruling would potentially resolve or narrow the issues

15   between Plaintiff and the Individual Defendants.  Plaintiff again said no. *Id.*  The

16   meet-and-confer concluded with Plaintiff's assurance that she would consider

17   questions raised by the Individual Defendants and that she would respond accordingly

18   about open issues. *Id.*  The meet and confer was limited only to the requests for

19   production of documents and did not include discussions concerning the

20   interrogatories.   On December 16, 2022, the following day, the Court extended the

21   jurisdictional discovery deadline to May 1, 2023.  Dkt. No. 241.

22        Without any further communication about the open issues after the December

23   15 meet and confer, on Friday, December 23, Plaintiff served the present motion to

24   compel on all Individual Defendants, with a deadline for the defendants' portion of

25   the joint stipulation of Friday, December 30 and a hearing date of February 1, 2023.

26        The Individual Defendants then informed Plaintiff that the dispute was not ripe

27

28

CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

for presentation to the Court.[5]  On January 4, counsel for the Individual Defendants reached out to Plaintiff to schedule an additional meet and confer in an effort to clarify and narrow the substantial number of requests at issue.  Plaintiff rejected all but one of Individual Defendants' proposals, even though the Individual Defendants made the following points to Plaintiff:

- *First*, the Individual Defendants sought to consolidate the four motions to compel into a single motion.  Plaintiff would not agree. Nevertheless, the Individual Defendants have endeavored in their individual submissions to make substantially the same arguments, with tailoring to particular circumstances, where appropriate.

- *Second*, the Individual Defendants advised Plaintiff that they presently are no longer MindGeek employees (or never were) and do not have access to company documents, in particular company emails.

- *Third*, the Individual Defendants informed Plaintiff's counsel that they had all begun a diligent search for documents relevant to jurisdictional discovery—contrary to the suggestions of Plaintiff's counsel—yet Plaintiff refused (and still refuses) to amend her assertions in the motion.

- *Fourth*, the Individual Defendants requested that the parties wait to submit the joint stipulation until after the Court had ruled on the motion to compel discovery from the MindGeek Entity Defendants because certain issues relevant to the Individual Defendants' dispute with Plaintiff would be litigated on that motion.

- *Fifth*, the Individual Defendants sought another meet and confer before January 18, which would have had no impact on the February 8, 2023 hearing date.

---

[5] Within the same email the Individual Defendants noted that the parties had yet to meet and confer on the interrogatories in violation of LR 37-1. *See* Sack Decl. ¶ 25, Ex. S.

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

In the one area where Plaintiff noted she would consider narrowing the requests—RFPs 10, 14, 18, 24, 30, 32, and 36, which broadly speaking were the most obviously non-compliant requests as to Judge Carney's order—she insisted that the Individual Defendants memorialize the request in an email, which the Individual Defendants did on Monday, January 9. However, Plaintiff responded to that email on Tuesday, January 10, without providing any additional information or narrowing any requests.

On January 10, Mr. Tassillo and the other Individual Defendants provided Plaintiff with their portions of the joint stipulation in connection with Plaintiff's proposed motion to compel.

On January 11, the Court held a hearing on Plaintiff's separate motion to compel the MindGeek corporate defendants, at the conclusion of which the Court directed the parties to meet and confer further. Following this hearing, and in light of the Court's direction to meet and confer on that motion, Plaintiff's counsel advised the Individual Defendants that Plaintiff did not intend to file the motions to compel that day and suggested that the parties meet and confer to see if they could "narrow or eliminate" any issues in dispute. Sack Decl. ¶ 22, Ex. P.

On behalf of all the Individual Defendants, counsel responded the next morning, January 12, that they remained "interested in trying to narrow and, if possible, resolve all or at least some of the open issues," and proposed a meet and confer. Sack Decl. ¶ 22, Ex. P.

The following day, January 13, counsel for one of the Individual Defendants (on behalf of all) had a telephone conference with Plaintiff's counsel in which defense counsel reiterated a desire to continue discussions. Sack Decl. ¶ 21. During that call, the Individual Defendants emphasized that the parties could make significant progress if Plaintiff would identify specific categories of documents that were relevant and of greatest significance to her. *Id.* Counsel for Plaintiff said he would take that request back to his colleagues. *Id.*

CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    As a follow-up from this call, the Individual Defendants proposed a meet-and-
2    confer for the next business day and noted that they would "like to continue discussing
3    potential areas of agreement and ways to narrow and clarify the issues that may need
4    to go to the Magistrate Judge." Sack Decl. ¶ 22, Ex. P. Plaintiff did not respond to
5    this email.

6    Notwithstanding Plaintiff's lack of a response, the Individual Defendants
7    contacted Plaintiff again on January 18, asking to "continue the meet and confer
8    process." The email noted that "it would be constructive to identify and itemize the
9    specific materials the plaintiff is seeking," and urged Plaintiff to provide such a list to
10    facilitate the parties' potential discussions. Sack Decl. ¶ 22, Ex. P.

11    Plaintiff responded that she would "hold off" filing the motions to compel
12    "today." Sack Decl. ¶ 22, Ex. P. Plaintiff's email agreed that "we should confer
13    further to try to reach agreements," saying Plaintiff would be "back in touch shortly."
14    *Id.* But Plaintiff did not pursue that effort "to try to reach agreements," but, rather,
15    inexplicably reversed course over the next two weeks. *Id.*

16    Instead of providing a narrowed list or setting a time to meet and confer, the
17    next communication from Plaintiff after her January 18, 2023, email was on February
18    1, when Plaintiff served her portion of the joint stipulation related to the instant motion
19    to compel. That same day, the Individual Defendants again invited Plaintiff to engage
20    in a further meet and confer rather than proceed with motion practice, reiterating yet
21    again their request that, as a starting point for discussions, Plaintiff provide them with
22    a list of narrowed categories of documents she is seeking. Sack Decl. ¶ 26, Ex. T.
23    Plaintiff refused even to respond substantively to this request, saying only that it
24    would proceed with motion practice. *Id.*

25    In short, Plaintiff has refused to meaningfully engage in the meet-and-confer
26    process, as the above facts demonstrate. From the beginning, her approach has been
27    grossly overbroad and inflexible. Despite the fact that her requests on their face
28    require production of every piece of paper conceivably in the Individual Defendants'

CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

possession related to MindGeek – and were admittedly served in furtherance of merits discovery – Plaintiff has refused to narrow even a single one of her document requests to the relevant jurisdictional discovery issues authorized by Judge Carney. The Individual Defendants have repeatedly asked Plaintiff to provide a list of specific items relevant to jurisdictional discovery that she seeks from these individuals, but have not been provided with a response, much less a list. Plaintiff has adopted extreme and impractical positions, asserting, for example, that the Individual Defendants are required to produce wholly personal information about their finances and travel that have absolutely nothing to do with MindGeek business, including all personal financial account records for an eight-year period or information about whether they ever took a family trip to the United States.

Plaintiff has rebuffed multiple offers by the Individual Defendants to try to clarify and narrow the matters in dispute, even after the Court emphasized the need to meet-and-confer at the January 11, 2023, hearing on the motion to compel the MindGeek Entities.

Plaintiff advised the Court on multiple occasions *before* the December 15, 2022, and January 6, 2023, meet-and-confers – including once even before she sent her December 5, 2022, Rule 37-1 letter – that she was already preparing to move to compel, as noted above. These statements to the Court (made before she had exchanged even a single word with the Individual Defendants about their discovery responses)—as well as her extreme and inflexible positions in the parties' subsequent meet-and-confers, followed by her refusal to even respond to the defense's multiple requests to meet in the last month—make plain that Plaintiff did not engage in good faith discussions with the Individual Defendants about narrowing her requests to relevant, non-duplicative materials.

In sum, Plaintiff's wholesale refusal to engage in discussions with the Individual Defendants – other than to demand responses to her overbroad, vague, and admittedly merits-focused discovery requests as written – is not consistent with the

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

letter or spirit of Local Rule 37-1 or Federal Rule 26.  *See Goldwater Bank, N.A. v. Elizarov*, 2022 WL 17078950, at *2 (C.D. Cal. Oct. 7, 2022) (Defendant "asked this court to rule on a multitude of purported discovery disputes without having made a full and reasonable effort to resolve these disputes. . . Because the instant motion was brought without defendant first complying with Local Rule 37-1, the court denies it without prejudice."); *Rahmatullah v. Charter Commc'ns*, LLC, 2021 WL 1593242, at *3 (C.D. Cal. Mar. 25, 2021) ("Plaintiff's decision to abandon meet-and-confer negotiations prematurely and burden the court's time and resources with a 223-page joint stipulation is not well taken."); *Mulligan v. Nichols*, 2013 WL 12124004, at *2 (C.D. Cal. July 12, 2013) ("the Court does not countenance shotgun discovery, duplicative discovery, or inadequate meet and confer efforts which result in unnecessary 100-plus page discovery motions"); *see also ExxonMobil Oil Corp. v. S. California Edison Co.*, 2013 WL 12166215, at *6 (C.D. Cal. Nov. 19, 2013) ("After further meet and confer, the Motion may, if necessary, be renewed as to any remaining disputes in these two areas; however, the parties are cautioned that if the Court deems that the meet and confer process has been inadequate, a further motion will be summarily denied."); *Acosta v. Austin Elec. Servs. LLC*, 324 F.R.D 210, 212 (D. Ariz. 2017) (ordering plaintiff's counsel to show cause regarding failure to adequately meet and confer prior to moving to compel).

## 2. <u>Plaintiff Improperly Seeks MindGeek Corporate Records from Mr. Tassillo And The Other Individual Defendants</u>

Plaintiff insists on proceeding with a motion to compel when her fundamental problem is one of her own making:  she seeks MindGeek corporate documents from Mr. Tassillo (and other Individual Defendants) when she has also sought virtually the same corporate documents, and is moving to compel production, from the MindGeek Entity Defendants (RFP Nos. 1-17, 19-31, 33-54).  The MindGeek Entities are the proper source for these documents, relating to, among other things, emails concerning Plaintiff; MindGeek's income, revenue, and other financial information; MindGeek's

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

ownership; and the Individual Defendants' involvement in directing or implementing MindGeek's policies regarding CSAM. The MindGeek Entities have made a substantial production relating to these issues, and we understand that additional document productions will be forthcoming.

Plaintiff seeks a breathtaking array of corporate documents from the Individual Defendants. Virtually every one of her 54 document requests seeks corporate documents that would be created and maintained by MindGeek. Among other topics, Plaintiff's requests seek documents regarding: MindGeek's "corporate and ownership" structure (Request No. 6); its "organizational structure, offices, departments, executives and personnel" and all of its subsidiaries, directors, managers, members and executives (Request Nos. 9, 20, 21, 22, 26); all of its financial records, including audited financial statements, ledgers, profit and loss statements, balance sheets, records of revenues and profits, payroll records and expense records (Request Nos. 12, 16, 17, 25); its quarterly and annual tax filings (Request No. 17); minutes and presentation materials for its board of directors meetings (Request No. 16); its "intellectual property" (Request Nos. 8, 53, 54); its "IT infrastructure," data storage and cloud storage (Request No. 31); its document preservation policies (Request No. 35); and its agreements with bank and credit card networks (Request No. 51).

These corporate records are overwhelmingly ones created or maintained by MindGeek corporate employees—not the Individual Defendants—and to the extent the Individual Defendants received copies, they were likely sent to them via MindGeek's email system. As a former employee, Mr. Tassillo does not have access to or possession of his MindGeek email. Yet Plaintiff inexplicably insists that the Individual Defendants are the appropriate parties for these corporate-focused discovery requests.

In both the December 15, 2022 and January 6, 2023 meet and confers, and in subsequent email and telephone communications, the Individual Defendants stated

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

that it would be more efficient for the parties to identify the responsive documents MindGeek had to which Plaintiff was entitled, and then limit the universe of documents sought from the Individual Defendants to any non-duplicative documents they might possess. In the January 6, 2023 meet and confer, the Individual Defendants specifically asked if Plaintiff insisted that the Individual Defendants produce identical copies of the 7,000 pages of corporate documents already produced by MindGeek, if they had them in their possession. Plaintiff confirmed that she expected the production of such duplicative records. *See* Sack Decl. ¶ 27.

In seeking to burden the Individual Defendants with these requests for MindGeek's documents (rather than raising these issues with MindGeek), Plaintiff relies on the proposition that a party may seek duplicative documents from different parties. While this may be case in the abstract, Plaintiff ignores the text and spirit of that Rule 26(b)(2)(C)(i), which specifically requires a court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Here, seeking corporate documents from the four Individual Defendants when the same documents are simultaneously being sought from the MindGeek Entities, is unreasonably duplicative and inappropriate.

It would plainly be "more convenient" and "less burdensome" to obtain the documents from MindGeek, which already has produced a substantial number of corporate documents that definitively describe the financial issues that Plaintiff seeks to understand. Plaintiff should direct her concerns, if any, regarding MindGeek's production of corporate financial information to MindGeek, and her motion to compel the Individual Defendants to produce materials to which they do not possess. *See, e.g., Williams v. City of Hartford*, No. 3:15CV00933(AWT), 2016 WL 1732719, at *11 (D. Conn. May 2, 2016) (denying motion to compel with respect to plaintiff's document request because another defendant was already ordered to produce the sought-after records); *Kleppinger v. Texas Dep't of Transportation*, No. CV L-10-

CASE NO. 21-CV-04920-CJC-ADS

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

124, 2012 WL 12893652, at *3 (S.D. Tex. Mar. 12, 2012) (denying motion to compel individual defendants (current and former employees of the Texas Department of Transportation) to respond to interrogatories because the interrogatories were "unreasonably duplicative of discovery requests directed to Defendant [Texas Department of Transportation]").

Another reason for Plaintiff to address her requests for MindGeek corporate records to the company is that many responsive documents are potentially protected by MindGeek's attorney-client privilege. The Individual Defendants may not waive MindGeek's privileges, and any objections Plaintiff may have to the company's privilege claims should be raised with company counsel. Similarly, the corporate records sought quite likely contain MindGeek's confidential business information, which its counsel would have to review for appropriate designation under this Court's protective order. *See* Dkt. 182. Neither of these steps would be necessary if Plaintiff simply directed her requests for corporate documents from the corporate defendants.

Finally, and as we have explained to Plaintiff, Mr. Tassillo resigned as COO in or about June 2022, and, as a former employee, he presently lacks access and control over the vast majority of documents that Plaintiff seeks, including company emails and records, as noted above. *See* Tassillo Objections for RFPs. Nos. 1-17, 19-32, 33-54 (objecting to various requests because they "seek information beyond Mr. Tassillo's present knowledge, custody or control"). Mr. Tassillo has searched his personal emails for documents regarding (i) Plaintiff Serena Fleites and (ii) his direction or implementation, if any, of MindGeek's CSAM policies, consistent with the Court's orders and has found no responsive documents as to the former category, and continues to search for documents related to the second category.[6] Mr. Tassillo

---

[6] According to the Amended Complaint, Ms. Fleites's content appeared on a MindGeek website at various times between June 2014 and June 2020. As this Court has previously held in this case, "only contacts occurring prior to the event causing

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

continues to work with MindGeek counsel to determine if any personal emails and mobile data (text messages and messaging applications) contain material relevant to personal jurisdiction.

For all these reasons, Plaintiff's motion is without merit and, at a minimum, premature.

### 3.    Documents and Communications Concerning Plaintiff (RFP. No. 1)

Plaintiff seeks all communications "concerning Serena Fleites." RFP No. 1. Plaintiff again is not presenting a genuine discovery dispute to the Court. Mr. Tassillo has conducted a reasonable search for responsive personal emails concerning Serena Fleites and has not found any documents responsive to this request during the relevant time period as limited by this Court's orders and the events alleged in the Amended Complaint, as noted above. *See* Sack Decl. ¶ 17.

### 4.    Plaintiff's Requests Go Far Beyond Jurisdictional Discovery
#### a.    CSAM Policies (RFP Nos. 5, 10, 30, 33-42, 46, 49, 52)

Plaintiff's document requests regarding CSAM policies exceed the scope of jurisdictional discovery authorized by the Court. Judge Carney authorized Plaintiff to take discovery regarding the Individual Defendants' role in directing or implementing those policies as a potential basis for specific personal jurisdiction. *See* Sack Decl., Ex. A, Dkt. 167 at 5-7. Although Plaintiff argues in this stipulation that she is entitled to documents regarding the Individual Defendants' roles in "setting policies" and the "adoption of policies" regarding CSAM, her requests actually extend far beyond this. Plaintiff's requests instead seek a broad range of documents, including practically any document mentioning CSAM policies, even if they have nothing to do with any Individual Defendant's role concerning those policies.

---

the litigation may be considered." Dkt. No. 211 at 3 (*citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990)).

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1  Mr. Tassillo has searched for documents in his possession regarding the

2  directing or implementing of those policies, consistent with Judge Carney's order.

3  **b.**    **Alter Ego (RFP Nos. 2-3, 6-9, 13-29)**

4  Judge Carney recognized that Plaintiff "might also have a workable alter ego

5  theory pursuant to which she can impute the jurisdictional contacts of the

6  nonobjecting MindGeek Entity Defendants to the MindGeek Individual Defendants,"

7  and authorized jurisdictional discovery on potential alter ego claims, even though

8  Plaintiff's allegations on this point are "rather conclusory, vague, and indeed, quite

9  difficult to follow at times." Sack Decl., Ex. A, Dkt. 167 at 6. The questions on alter

10  ego are whether "(1) there is such unity of interest and ownership that the separate

11  personalities of the corporation and the individuals no longer exist" and "(2) failure

12  to disregard the corporation would result in fraud or injustice." *Symettrica Ent., Ltd.*

13  *v. UMG Recordings, Inc.*, No. LACV1901192CJCKLS, 2019 WL 8806093, at *4

14  (C.D. Cal. Sept. 20, 2019) (quoting *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389,

15  1393 (9th Cir. 1984)).

16  Plaintiff's discovery, purportedly directed at these alter ego issues, goes far

17  beyond them and is not reasonable or appropriate. Plaintiff seeks license to conduct

18  an examination of essentially every financial document of a multi-national

19  corporation over nearly a decade. As just one example of their 23 requests directed

20  at this topic, Plaintiff's RFP No. 16, seeks, among other categories, all documents of

21  each and every MindGeek affiliate reflecting capitalization, revenues, profits, tax

22  payments, distributions, dividends, shareholder agreements, lender agreements, as

23  well as profit and loss statements, balance sheets, tax records, payroll records and

24  expense records. Plaintiff also seeks documents from the Individual Defendants

25  reflecting every penny going in or out of MindGeek to or from any other party for any

26  purpose for an eight-year period, without limitation. *See* RFP No. 16 (seeking records

27  regarding "all payments made to or on behalf of [any MindGeek] entity, affiliate,

28  subsidiary or related entity").

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    Mr. Tassillo does not have this corporate financial information, as we have told

2    Plaintiff on multiple occasions, and the MindGeek Entity Defendants have already

3    produced to Plaintiff documents establishing "how the money flows" at MindGeek

4    and further discovery on this point would not be proportional to the needs of the case

5    under Rule 26.

6        A review of Plaintiff's document requests demonstrates that she has already

7    been provided with corporate documents regarding the topics she seeks information

8    about.  For example, RFP Nos. 2, 3, 7 and 8 seek information about Mr. Tassillo's

9    ownership interest in MindGeek and monies received from the company. Mr. Tassillo

10   identified in response to interrogatories the exact percentage of his economic interest

11   in MindGeek, including identifying the entities through which he owned his

12   MindGeek interest.  *See* Sack Decl., Ex. N, Tassillo ROG Response No. 1.  These

13   documents show the source, amount and recipients of these dividends. Defendants

14   Antoon and Bergmair similarly provided information regarding their ownership

15   interests in MindGeek. MindGeek also produced to Plaintiff the 2013 Shareholders'

16   Agreement (and 2018 amendment) governing the relationship between the

17   shareholders of MindGeek, and information relating to Mr. Tassillo's shareholder

18   distributions.

19       Plaintiff also makes numerous requests seeking documents regarding

20   MindGeek's corporate structure and identifying MindGeek subsidiaries.  RFP Nos. 6,

21   9, 19, 20, 22, 26.  MindGeek's interrogatory responses have explained the ownership

22   status and structure of each of the MindGeek defendants.  Sack Decl., Ex. M, MG

23   ROG Response No. 1.  MindGeek also produced to Plaintiff corporate charts for 2014

24   through 2021, which show all MindGeek entities, not just the defendant entities.  Sack

25   Decl., Ex. L, Yeary Declaration, Dkt 224-10, ¶8(c).

26       Further, with respect to MindGeek's 2018 corporate reorganization, the

27   company produced documents showing the transfers of assets undertaken in

28   connection with this reorganization, as well as before and after versions of the

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

corporate organizational structure.[7]  In addition, at Plaintiff's request, the Court issued letters rogatory to multiple Grant Thornton entities which provided audit and accounting services to MindGeek affiliates.  *Id.* at ¶10(b). MindGeek also produced certificates of incorporation, by-laws and other corporate filings for numerous MindGeek entities.  *Id.* at ¶10(k)-(bb).

The MindGeek Entity Defendants also have arranged for a Rule 30(b)(6) corporate representative located in a foreign country to travel to the United States to explain MindGeek's corporate structure, but to date, the Plaintiff has yet to schedule his deposition.

Plaintiff conspicuously leaves all of this out of her stipulation.  She provides no explanation why audited financial statements prepared by a prominent accounting firm, detailed internal financial reporting packages presented to the companies' own boards, and corporate tax returns filed with the relevant taxing jurisdictions fail to provide an adequate picture of MindGeek's finances for purposes of personal jurisdiction.  Plaintiff apparently believes she is entitled to every potential document that could relate in any way to MindGeek's finances and, even worse, the personal finances of each Individual Defendant.

Most intrusive of Plaintiff's requests consists of RFP No. 18, which seeks, for an eight-year period, all personal "monthly, quarterly and annual bank and investment statements" of Mr. Tassillo (RFP No. 18), with no limitation that they relate to MindGeek or Plaintiff's causes of action.  This request plainly exceeds the scope of jurisdictional discovery.  Application of alter ego responsibility is based on findings that "the separate personalities of the corporation and the individuals no longer exist" and "fraud or injustice" results from failing to disregard the corporate form.  The vast and intrusive personal financial information sought from Mr. Tassillo, a minority

---

[7] In addition, MindGeek will be producing a complete set of the ownership and financing documents governing the MindGeek entities and a summary document that is used by the company to explain the flow of money within the corporate structure.

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

shareholder and ex-employee, is not relevant to those issues, which rest on the financial and other information Plaintiff has already requested and received from the MindGeek Entities.

Plaintiff is thus seeking to investigate the entire financial life of Mr. Tassillo – eight years of his personal banking statements, brokerage statements, and personal tax returns. This request is typical of Plaintiff's attempt to turn jurisdictional discovery into a limitless "fishing expedition," and her disregard for Judge Carney's admonition not to "complicate" the case. Dkts. 167 & 168.[8]

In short, Defendants have already produced documents and information that tell Plaintiff "how the money flows" at MindGeek. Requiring the Individual Defendants to search for additional financial documents — including personal financial materials and tax returns not relevant to this case, much less within the bounds of jurisdictional discovery—is not "proportional to the needs of the case" under Rule 26(a). *See Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) ("Rule 26(b)(1)'s proportionality requirement means [the requested documents] 'marginal utility' must also be considered."); *see also Hake v. Citibank, N.A.*, No. 19MC00125JGKKHP, 2020 WL 1467132, at *6 (S.D.N.Y. Mar. 26, 2020) (limiting discovery on proportionality grounds because the "need for the documents sought [was] . . . marginal at best" "[g]iven the marginal relevance of th[e] documents"); *Martinez v. Optimus Properties*, LLC, No. 17-3582, 2018 WL 5906904, at *2–3 (C.D. Cal. May 9, 2018) (observing that the relevance of certain document requests was "somewhat

---

[8] We have asked Plaintiff on numerous occasions to specify the particular personal financial information that she is seeking in an effort to try to reach an agreement as to information that may relate to personal jurisdiction, but she has refused all attempts to narrow and clarify the personal financial information she is seeking, as described above in Section IV(A)(1).

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

diminished by . . . [their] incremental potential value" and narrowing the requests on proportionality grounds).

5. **Plaintiff's Requests for Documents and Information Relative to Mr. Tassillo's Jurisdictional Contacts Exceed this Court's Rulings**

a. **Personal Trips**

Plaintiff's discovery requests to the Individual Defendants (ROG No. 4, RFP Nos. 11-12) are unreasonable and inappropriate to the extent they seek documents regarding their personal contacts with California and the United States. In order to establish specific personal jurisdiction over the Individual Defendants (who live outside the United States), Plaintiff must show that they purposefully directed their activities at this jurisdiction and that her claims arose from those forum-directed activities. *See AMA Multimedia LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020). Plaintiff alleges that she was harmed by MindGeek's conduct, and the theory that Judge Carney authorized her to explore in jurisdictional discovery was whether the Individual Defendants directed or implemented MindGeek's CSAM policies that resulted in her alleged injuries. Sack Decl. Ex. A, Dkt. No. 167 at 5-7. Plaintiff's alleged injuries could not have arisen from the Individual Defendants' personal contacts with the jurisdiction, so those contacts could not possibly form the basis for specific personal jurisdiction over them.

Neither Interrogatory No. 4 nor Plaintiff's RFP Nos. 11 and 12 are limited to MindGeek-related business contacts the Individual Defendants have had with this jurisdiction. Yet Plaintiff insists that the Individual Defendants must also provide information regarding purely personal contacts they may have had with the jurisdiction.[9] This position should be rejected.

_____

[9] Despite our disagreement on whether personal trips are relevant, at the January 6, 2023 meet and confer, the Individual Defendants agreed to work with MindGeek to

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

b.    <u>**Communications with Other Defendants Related to this Action (RFP No. 4)**</u>

Plaintiff claims that she seeks "communications with other defendants" (p. 51), but significantly fails to state that her request actually seeks communications among defendants "related to this Action." (RFP No. 4). This request is plainly not relevant to the question of personal jurisdiction over Mr. Tassillo as it seeks communications well after the date Plaintiff's alleged claims arose. The Amended Complaint alleges that the latest date Plaintiff's content was on a MindGeek website was in June 2020. This Court held that only contacts occurring prior to the events causing the litigation are relevant to personal jurisdiction, as noted above. *See* Dkt. No. 211 at 3 (*citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990)).

Moreover, as the Individual Defendants advised Plaintiff during the January 6 meet and confer, the Court struck an identical document request from Plaintiff's proposed letters rogatory to Grant Thornton entities earlier in this case. Sack Decl., Ex. B, Dkt. 211 at 6. Significantly, Plaintiff herself has said in previous motion papers that these issues do not relate to personal jurisdiction, but, rather, to the merits of her claims. *See* Sack Decl., Ex. O, September 27, 2022 Letter from Michael J. Bowe (Plaintiff's counsel) to Kathleen N. Massey (MindGeek's counsel), Dkt. 224-6 at 4 (noting the "communications [referenced in RFP. No. 4] *are directly relevant and material to Plaintiff's claims* and Defendants are required to produce the material.") (emphasis added).

---

see if additional information can be produced regarding Mr. Tassillo's business trips to the United States during the relevant period (beyond what was provided in ROG No. 4), including information about the trip's date, location, and purpose. In the context of ROG No. 4, Plaintiff also requests additional detail on real property in which Mr. Tassillo had a beneficial economic interest from September 2020 to September 2021. Plaintiff's request is not relevant to specific personal jurisdiction and goes well beyond the discovery permitted by Rule 26 and Judge Carney's order.

c.    **Plaintiff Seeks Materials Beyond the Scope of Authorized Jurisdictional Discovery (RFP No. 32 and ROG No. 6)**

Plaintiff seeks from each Individual Defendant his list of contacts, without regard to whether they are business or personal, or whether they have anything at all to do with MindGeek. This request is a transparent fishing expedition and needlessly intrusive. A person's contacts may include family members, personal friends, doctors, clergy and other private and confidential relationships, in many jurisdictions. Even if some individuals in the contact list are nominally within this jurisdiction, the mere presence of a contact in an address book says nothing about the frequency or extent of a person's communications with them, if any. It is also beyond the scope of the authorized jurisdictional discovery.

Plaintiff has even acknowledged that this request relates to the merits of the case, not personal jurisdiction. When MindGeek objected to an identical document request for the Individual Defendants' contact lists on the grounds that they were not related to jurisdiction, Plaintiff did not attempt to justify the request as jurisdictionally relevant. Instead, Plaintiff stated that merits discovery was permissible and argued that the information was relevant to "Plaintiff's claims and likely to lead to additional evidence concerning the individual Defendants' liability." *See* Sack Decl., Ex. O, September 27, 2022 Letter from Michael J. Bowe (Plaintiff's counsel) to Kathleen N. Massey (MindGeek's counsel), Dkt. 224-6 at 5 (emphasis added).

Plaintiff's insistence on obtaining Mr. Tassillo's tax returns is likewise wholly unjustified. Plaintiff provides no argument to the contrary, and her cited authority, *A. Farber & Partners, Inc.*, 234 F.R.D. at 191, demonstrates that courts perform a separate, two-step inquiry before ordering production of tax returns. In *Farber*, the Court ordered production of the returns because of their relevance to the plaintiff's civil RICO claims, not personal jurisdiction. *Id.* It is well-established that courts "are typically reluctant to compel their disclosure because of both the private nature of the

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Uto v. Job Site Services Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010); *Nat. Gas Pipeline Co. of Am. V. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) ("Income tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery. Not only are the taxpayer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system."). Before courts order production of tax returns, they not only require a showing that the material is relevant, but they must also find "that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *A. Farber & Partners, Inc.*, 234 F.R.D. at 191 (quoting *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D.Kan. 1997)). The relevant information—where the money flows from the MindGeek Entities—is readily obtainable from the financial records of those companies. Plaintiff's request to compel Mr. Tassillo's tax returns should be denied.

### 6.    Mr. Tassillo Has Conducted a Reasonably Diligent Search for Documents

Plaintiff also mischaracterizes the search efforts of Mr. Tassillo and other Individual Defendants. As to Mr. Tassillo, a review of the documents in his possession has been conducted. Further, as explained to Plaintiff's counsel, three of the Individual Defendants, as former employees, no longer have access to company documents and emails.

None of the Individual Defendants' counsel represented to Plaintiff's counsel that the Individual Defendants had not begun their search for responsive documents. Instead, counsel informed Plaintiff's counsel that even though it was very difficult to do an appropriate search given the scope of Plaintiff's requests, Mr. Tassillo has conducted a diligent search and is continuing to do so. When Individual Defendants' counsel sought to resolve this misunderstanding—after first becoming aware of it

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1   through Plaintiff's draft of this stipulation—Plaintiff's counsel refused to correct this

2   portion of the stipulation, which has been inaccurate since it was first served on the

3   Individual Defendants on December 23, 2022.[10]  *See* Sack Decl., Ex I.

4   **V.    CONCLUSION**

5          **A.    Plaintiff's Conclusion**

6          For the foregoing reasons, Plaintiff respectfully requests that the Court grant

7   this Motion in full, and order Defendant Tassillo to produce documents in response

8   to Plaintiff's RFPs 1-30, 32-42, 46, 49, and 52 and to supplement his responses to

9   Plaintiff's ROGs 2, 3, 4, and 6.  As a Defendant in this action, Tassillo has the

10  obligation to carry out a search for, and respond fully to, Plaintiff's relevant discovery

11  requests.  Tassillo has yet to even search for responsive material, let alone carried his

12  burden to show the disputed discovery should not be allowed.  Tassillo was a senior

13  officer and employee of the companies at the center of this litigation, and his refusal

14  to produce even the most basic of communications concerning Plaintiff and his roles

15  in directing, guiding, and controlling the companies for which he worked defy the

16  Court's previous discovery rulings and fly in the face of the Court's specific direction

17  for the Defendant to submit to jurisdictional discovery.  Accordingly, this Court

18  should order Defendant Tassillo to respond to the aforementioned discovery requests.

19         **B.    Defendant's Conclusion**

20         Plaintiff brought this motion to compel without completing the required meet

21  _____

22  [10] Further, despite Plaintiff's arguments in Section III(A)(5), Mr. Tassillo is not

23  withholding any documents on the basis of privacy, as counsel told Plaintiff's counsel
    during the meet and confer conference on December 15, 2022.  *See* Sack Decl. In any

24  event, Plaintiff misstates her own authority regarding compelled production that

25  would violate a foreign blocking statute.  As the court in *Connex Railroad* noted,
    while the presence of a foreign blockings statute does not affect the Court's power to

26  compel production, it does require the district court to analyze the factors identified

27  in *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir.
    1992).  *See Connex Railroad*, 2017 WL 3433542 at *12-20.  In her rush to request

28  this Court's intervention, Plaintiff entirely elides this controlling authority.

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

and confer process. Further, Plaintiff has incorrectly stated that Mr. Tassillo refused to conduct a search and has ignored the diligent searches that have been conducted in regard to personal jurisdiction.  Moreover, Plaintiff improperly seeks to obtain corporate emails and records from Mr. Tassillo—who has no access to those materials—rather than the MindGeek Entities, from whom Plaintiff has sought the exact same documents and which have already made substantial productions within the proper scope of jurisdictional discovery. Her discovery requests fall well outside the bounds of what the Court has authorized for jurisdictional discovery.  For the reasons stated above, Plaintiff's motion to compel should be denied in its entirety.

CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1    Dated: February 8, 2023              Respectfully Submitted

2                                          **BROWN RUDNICK LLP**

3

4                                          By: /s/*Michael J. Bowe*

                                           MICHAEL J. BOWE (*pro hac vice*)
5                                          mbowe@brownrudnick.com

                                           LAUREN TABAKSBLAT
6                                          (*pro hac vice*)

7                                          ltabaksblat@brownrudnick.com

                                           7 Times Square
8                                          New York, NY 10036

9                                          Phone: (212) 209-4800

                                           Fax: (212) 209-4801
10

11                                         David M. Stein (#198256)

                                           dstein@brownrudnick.com
12                                         2211 Michelson Drive, 7th Floor

13                                         Irvine, California  92612

                                           Phone: 949.752.7100
14                                         Fax: 949.252.1514

15
                                           Attorneys for Plaintiffs
16

17

18   Dated: February 8, 2023

19   WIECHERT, MUNK, & GOLDSTEIN, PC

20
                                           By:  /s/*David Wiechert*
21

22
                                           DAVID WIECHERT
23                                         CA Bar No. 94607

                                           4000 MacArthur Blvd.
24                                         Suite 600 East Tower

                                           Newport Beach, CA 92660
25

26

27

28

                                           73          CASE NO. 21-CV-04920-CJC-ADS

1

MORVILLO ABRAMOWITZ GRAND

2

3

By: */s/Jonathan S. Sack*

4

JONATHAN S. SACK
(admitted *pro hac vice*)

5

jsack@maglaw.com

6

Morvillo Abramowitz Grand

7

565 Fifth Avenue
New York, NY 10017

8

Tel: (212) 880-9410

9

Attorneys for Specially Appearing

10

Defendant David Tassillo.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**