Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Phone: 949.752.7100
Fax: 949.252.1514

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF JOHN G. DOYLE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

# DECLARATION OF JOHN G. DOYLE

I, John G. Doyle, declare as follows:

1. I am an associate with the law firm Brown Rudnick LLP, counsel for Plaintiff Serena Fleites in this case. I submit this declaration in support of Plaintiff's Motion to Compel Defendant David Tassillo's Responses to Plaintiff's First Request for Production of Documents and Interrogatories ("Plaintiff's Motion to Compel"). I have personal knowledge of the matters in this declaration.

2. Plaintiff served Defendant Tassillo with her First Set of Interrogatories on August 17, 2022. A true and accurate copy of Plaintiff's Interrogatories is attached as **Exhibit 1**.

3. Plaintiff served Defendant Tassillo with her First Set of Requests for Production on September 20, 2022. A true and accurate copy of Plaintiff's RFPs is attached as **Exhibit 2**.

4. On September 22, 2022, Defendant Tassillo provided a redacted version of his responses and objections to Plaintiff's Interrogatories, a true and accurate copy of which is attached as **Exhibit 3**.

5. On October 17, 2022, Defendant Tassillo provided an unredacted version of his responses and objections to Plaintiff's Interrogatories. Defendant Tassillo designated the unredacted responses as "Confidential" pursuant to the Stipulated Protective Order entered by this Court. A true and accurate copy of Defendant Tassillo's unredacted Interrogatory Responses is attached as **Exhibit 4** and is filed

under seal.  A motion to file **Exhibit 4** under seal is being filed contemporaneously in accordance with Local Rule 79-5.2.2.

6. On October 20, 2022, Plaintiff received Defendant Tassillo's Objections and Responses to Plaintiff's First Request for Production of Documents, a true and accurate copy of which is attached as **Exhibit 5**.

7. On December 5, 2022, Plaintiff sent Defendant Tassillo a detailed letter in accordance with Local Rule 37-1, outlining her objections to Defendant Tassillo's responses and objections and reserving on others.  A true and accurate copy of that letter is attached as **Exhibit 6**.  Accompanying that letter was Plaintiff's request for the parties to meet and confer on December 7, 2022, to discuss the disputed discovery responses.

8. On December 6, 2022, Counsel for Defendant Tassillo responded to the request for a meet and confer saying they were not available to meet on the requested date and would propose a time to meet the following week, declining Plaintiff's supplemental request to meet on Thursday, December 8, 2022.  In addition, Counsel for Defendant Tassillo said he and Defendant Antoon's counsel intended to conduct a joint meet and confer with Plaintiff regarding the subject discovery responses.

9. On December 9, 2022, Plaintiff contacted counsel for Defendants Tassillo and Antoon, again asking about their availability to meet and confer, proposing a meeting on Monday, December 12, 2022.  That same day, Defendant Tassillo's counsel, on behalf of Defendant Tassillo and all of the Individual Defendants and their counsel, e-mailed Plaintiff proposing a joint meet and confer on Thursday, December 15, 2022.  Plaintiff agreed to the proposed date if that was the earliest defense counsel were willing to meet but apprised counsel of her willingness and availability to meet at an earlier date and time.

10. The parties met and conferred on December 15, 2022.  They were not able to resolve their differences concerning the disputed discovery requests.  During

the meet and confer, defendants' counsel said they had not conducted a search for material responsive to Plaintiff's discovery requests purportedly because of the breadth and scope of the requests, and that, instead, the Individual Defendants intended to await the Court's decision on Plaintiff's pending motion to compel the MindGeek Entities' discovery responses before responding any further to Plaintiff's requests. During this meet and confer, defense counsel declined to discuss their substantive and legal positions concerning the requests asserting, in part, that they did not want to take a position that would run counter to the MindGeek Entity responses or to the Court's future ruling concerning the pending motion to compel.

11. On December 23, 2022, Plaintiff notified Defendant Tassillo of her intent to file a motion to compel his responses to her requests for production and interrogatories, and, in accordance with Local Rule 37-2.2, delivered to Defendant's counsel Plaintiff's portion of the joint stipulation to be filed in support of her Motion to Compel.

12. To date, neither Defendant Tassillo, nor any of the other Individual Defendants have produced a single document in response to Plaintiff's discovery requests. To date, the MindGeek Entity defendants have not produced a single communication from any of the Individual Defendants.

I swear under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of December 2022 in Washington, D.C.

By: /s/ *John G. Doyle*
John G. Doyle