# EXHIBIT 3

1    WIECHERT, MUNK & GOLDSTEIN, PC
     David W. Wiechert (SBN 94607)
2    27136 Paseo Espada, Suite B1123
     San Juan Capistrano, CA 92675
3    Phone: (949) 361-2822
     Facsimile: (949) 361-5722
4    Email: dwiechert@aol.com

5
     MORVILLO ABRAMOWITZ GRAND
6    IASON & ANELLO PC
     Jonathan S. Sack (admitted *pro hac vice*)
7    Karen R. King (admitted *pro hac vice*)
     Ryan McMenamin (admitted *pro hac vice*)
8    565 Fifth Avenue
     New York, New York 10017
9    Phone: (212) 856-9600
     Facsimile: (212) 856-9494
10   Email: jsack@maglaw.com
     Email: kking@maglaw.com
11   Email: rmcmenamin@maglaw.com

12   *Attorneys for Specially Appearing*
     *Defendant David Tassillo*
13

14                  **UNITED STATES DISTRICT COURT**

15           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16

17   SERENA FLEITES,                          Case No. 21-cv-04920-CJC-ADS

18              Plaintiff,
          v.                                  **SPECIALLY APPEARING**
19                                            **DEFENDANT DAVID**
     MINDGEEK S.A.R.L., a foreign entity;     **TASSILLO'S OBJECTIONS AND**
20   MG FREESITES, LTD., a foreign entity;    **RESPONSES TO PLAINTIFF'S**
     MINDGEEK USA INCORPORATED, a             **FIRST SET OF**
21   Delaware corporation; MG PREMIUM         **INTERROGATORIES**
     LTD, a foreign entity; MG GLOBAL
22   ENTERTAINMENT INC., a Delaware
     corporation, 9219-1568 Quebec, Inc.
23   (d/b/a MindGeek), a foreign entity;
     BERND BERGMAIR, a foreign
24   individual; FERAS ANTOON, a foreign
     individual; DAVID TASSILLO, a foreign
25   individual; COREY URMAN, a foreign
     individual; VISA INC., a Delaware
26   corporation; COLBECK CAPITAL
     DOES 1-5; and BERGMAIR DOES 1-5,
27
                Defendants.
28

Pursuant to Federal Rules of Civil Procedure 26 and 33, David Tassillo hereby provides the following Objections and Responses to Plaintiff's First Set of Interrogatories (collectively, the "Interrogatories"). Mr. Tassillo provides these Objections and Responses with respect to discovery relating to personal jurisdiction contemplated by the Court's Orders dated July 29, 2022. Mr. Tassillo expressly reserves his arguments as to lack of personal jurisdiction, and further objects to discovery to the extent it relates to issues other than personal jurisdiction, as set forth further below.

## **GENERAL OBJECTIONS**

Mr. Tassillo makes the following general objections to the Interrogatories and each and every definition and instruction set forth therein (the "General Objections"). These General Objections are incorporated into each of the responses to the Interrogatories set forth below. Nothing in these responses should be construed as a waiver of any of these General Objections.

1.      Mr. Tassillo objects to the Interrogatories to the extent that they seek discovery of information that is not relevant to any party's claims or defenses or proportional to the needs of the case.

2.      Mr. Tassillo objects to the Interrogatories to the extent that they are vague, ambiguous or cumulative, and to the extent that they impose an undue burden or a burden broader than those imposed by the Federal Rules of Civil Procedure.

3.      Mr. Tassillo objects to the Interrogatories to the extent that they seek information outside of his possession, custody and control.

4.      Mr. Tassillo objects to the Interrogatories to the extent that they seek information already in Plaintiff's possession, available in the public domain or otherwise equally available to Plaintiff.

5.      Mr. Tassillo objects to the Interrogatories to the extent that they call for the disclosure of information that is privileged or exempt from discovery under

1

1  any privilege, protection or exemption under applicable law. Mr. Tassillo does not
2  waive, and intends to preserve, any applicable privilege, protection or exemption.
3  Nothing in these responses is intended as, or shall in any way be deemed, a waiver
4  of any attorney-client privilege, any work-product protection, the Fifth Amendment
5  privilege or any other applicable privilege, protection or exemption.

6      6.      Mr. Tassillo objects to the Interrogatories to the extent that they call
7  for the disclosure of information that would violate any law, rule or regulation and
8  to the extent that they call for the disclosure of information that is protected from
9  disclosure under any applicable privacy, data protection or other law or regulation.

10     7.      Mr. Tassillo objects to the Interrogatories to the extent they call for
11 information that is not reasonably calculated to lead to the discovery of admissible
12 evidence regarding personal jurisdiction over Mr. Tassillo in California or the
13 United States.

14     8.      Mr. Tassillo objects to the Interrogatories to the extent they call for
15 information beyond the scope of the limited jurisdictional discovery allowed by the
16 Court in its Orders dated July 29, 2022. Mr. Tassillo further objects to the
17 Interrogatories to the extent they are overbroad and not relevant to the theories of
18 personal jurisdiction advanced by Plaintiff.

19     9.      Mr. Tassillo will respond to each Interrogatory based on his present
20 state of knowledge or belief. Mr. Tassillo's responses are at all times subject to
21 supplementation and revision in light of future investigation and analysis. Mr.
22 Tassillo reserves the right to rely at any stage of this proceeding upon subsequently
23 discovered information, or upon information not contained in his present responses
24 because of lack of present knowledge, inadvertence or mistake.

25     10.     Mr. Tassillo objects to the "Definitions" in the Interrogatories to the
26 extent they define terms more broadly than the uniform definitions set forth in the
27 Federal Rules of Civil Procedure, the Local Rules or other applicable rules.

28     11.     Mr. Tassillo further objects to the definition of "MindGeek Entity"

1  and "MindGeek Related Entities" to the extent that the definition (i) is not relevant

2  to any party's claims or defenses or proportional to the needs of the case, (ii) is

3  vague, ambiguous, or imposes an undue burden, or (iii) seeks information outside

4  of Mr. Tassillo's possession, custody and control. As used herein, "MindGeek

5  Corporate Defendants" refer to corporate defendants in this action: MindGeek

6  S.A.R.L., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium Ltd.,

7  MG Global Entertainment Inc. and 9219-1568 Quebec Inc.

8       12.    Mr. Tassillo objects to the definition of the "Relevant Time Period"

9  to the extent it requests information before June 1, 2014 or after June 17, 2021, the

10  date on which Plaintiff commenced this proceeding, because such information

11  would be irrelevant to the Court's jurisdictional inquiry and therefore exceeds the

12  scope of discovery authorized by the Court's July 29 Order. As used herein,

13  "Relevant Time Period" refers to June 1, 2014 through June 17, 2021.

14       13.    Mr. Tassillo objects to all Interrogatories, or portions thereof, to the

15  extent that they imply the existence of facts or circumstances that do not or did not

16  exist, and to the extent that they state or assume factual or legal conclusions.  In

17  responding, Mr. Tassillo does not admit the factual or legal premise of any

18  Interrogatory.  No incidental or implied admissions are intended by this response.

19       14.    The Objections and Responses provided herein, including the

20  objection to or failure to object to any Interrogatory, shall not be construed as

21  making any representations regarding the existence or non-existence of specific

22  information in Mr. Tassillo's possession, custody or control.

23       15.    The Objections and Responses herein respond solely with respect to

24  Mr. Tassillo, and not to MindGeek Corporate Defendants or other individuals or

25  entities.

26

27

28

3

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:**

Identify all individuals or entities who hold, or have held during the Relevant Time Period, any direct, indirect, or beneficial economic interest by way of ownership, equity, shareholding, secured interest, indebtedness, option, derivative, trust, or otherwise in any MindGeek Related Entity or affiliate, and the precise nature and extent of that interest.

**Response to Interrogatory No. 1:**

Mr. Tassillo objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control. Mr. Tassillo also objects to this Interrogatory to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants. Mr. Tassillo further objects to this Interrogatory on the ground that it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to the foregoing Specific and General Objections, Mr. Tassillo states as follows:

**Interrogatory No. 2:**

Describe in detail each transaction during the Relevant Time Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity, and identify the direct and indirect participants in those transactions.

**Response to Interrogatory No. 2:**

Mr. Tassillo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control. Mr. Tassillo also objects on the grounds that phrases "other capital related transactions" and "indirect participants" are vague and ambiguous. Mr. Tassillo also objects to this Interrogatory to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants. Mr. Tassillo further objects to this Interrogatory on the ground that it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to the foregoing Specific and General Objections, Mr. Tassillo ███

████████████████████████████████████████████████████████

**Interrogatory No. 3:**

Identify the date, participants, and content for every presentation or communication of financial or other economic performance to investors, lenders, or others with direct or indirect financial interests in any MindGeek Related Entity.

**Response to Interrogatory No. 3:**

Mr. Tassillo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control. Mr. Tassillo also objects on the grounds that the phrases "communication of financial or other economic performance" and "indirect financial interest" are vague and ambiguous. Mr. Tassillo also objects to this Interrogatory to the extent that it seeks information that can be obtained from a

5

more convenient and less expensive source, namely, MindGeek Corporate Defendants.  Mr. Tassillo further objects to this Interrogatory on the ground that it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to the foregoing Specific and General Objections, Mr. Tassillo states as follows: ████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████

███████

**<u>Interrogatory No. 4:</u>**

Describe in detail all direct or indirect jurisdictional contacts within the relevant jurisdictions, *i.e.* the United States and California, that You or Your agents, or any of the MindGeek Related Entities and their owners, executives, and employees, have or had during the Relevant Time Period, including but not limited to, offices, residences, and real estate located in the relevant jurisdictions; personnel or vendors employed, retained, or paid located in the relevant jurisdictions; trips to the relevant jurisdictions; and revenues, profits, expenses, taxes earned or paid in or from the relevant jurisdictions; and communications or business relationships with, to, or in either of the relevant jurisdictions.

**<u>Response to Interrogatory No. 4:</u>**

Mr. Tassillo objects to this Interrogatory on the grounds that it overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control.  Mr. Tassillo also object on the ground that the phrase "direct or indirect jurisdictional contacts" is vague and ambiguous; Mr. Tassillo maintains that his limited contact with California or the United States during the Relevant Time Period does not support personal jurisdiction over him in

this matter.  Mr. Tassillo also objects to this Interrogatory to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants.  Mr. Tassillo further objects to this Interrogatory to the extent it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to the foregoing Specific and General Objections, Mr. Tassillo states



1
2
3
4
5
6 **Interrogatory No. 5:**

7
8 Identify all aliases used by MindGeek executives, personnel, or agents to communicate publicly or privately in any communications related to MindGeek's business.

9

10 **Response to Interrogatory No. 5:**

11
12 Mr. Tassillo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control.  Mr. Tassillo also objects on the ground that the term "alias" is vague and ambiguous, and to the extent it constitutes a conclusion of law.  Mr. Tassillo also objects to this Interrogatory to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants.  Mr. Tassillo further objects to this Interrogatory on the ground that it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

13
14
15
16
17
18
19
20 Subject to the foregoing Specific and General Objections, Mr. Tassillo responds

21
22
23 **Interrogatory No. 6:**

24
25 Identify all social media accounts, email accounts, cell numbers, text, or other communications services or applications used by the Individual Defendants directly or through any MindGeek Related Entity during the Relevant Time Period.

26
27
28

**Response to Interrogatory No. 6:**

Mr. Tassillo objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control.  Mr. Tassillo also objects to this Interrogatory to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants.  Mr. Tassillo further objects to this Interrogatory on the ground that it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to the foregoing Specific and General Objections, Mr. Tassillo states

1  Dated:      September 22, 2022

2

3                              MORVILLO ABRAMOWITZ GRAND
                               IASON & ANELLO PC

4

5                         By:      */s/ Jonathan S. Sack*

6                                Jonathan S. Sack (admitted *pro hac vice*)
                                 Karen R. King (admitted *pro hac vice*)
7                                Ryan McMenamin (admitted *pro hac vice*)

8                                *Attorneys for Specially Appearing*
9                                *Defendant David Tassillo*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1

**<u>VERIFICATION</u>**

2
3
4
5

    I, David Tassillo, state that I have read Plaintiff's First Set of Interrogatories and my responses to those interrogatories, which are true to the best of my knowledge, information, and belief.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6
7

Dated this _22_ day of _September_, 2022.

8
9

                                  David Tassillo

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on September 22, 2022, I served a true and correct copy

3   of Specially Appearing Defendant David Tassillo's Objections and Responses to

4   Plaintiff's First Set of Interrogatories via electronic mail on Plaintiff's counsel,

5   Michael J. Bowe (mbowe@brownrudnick.com), Lauren Tabaksblat

6   (ltabaksblat@brownrudnick.com), and David M. Stein

7   (dstein@brownrudnick.com).

8                          */s/ Raymond Moss*

9                          Raymond Moss

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28