# EXHIBIT 5

WIECHERT, MUNK & GOLDSTEIN, PC
David W. Wiechert (SBN 94607)
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC
Jonathan S. Sack (admitted *pro hac vice*)
Karen R. King (admitted *pro hac vice*)
Ryan McMenamin (admitted *pro hac vice*)
565 Fifth Avenue
New York, New York 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Email: jsack@maglaw.com
Email: kking@maglaw.com
Email: rmcmenamin@maglaw.com

*Attorneys for Specially Appearing*
*Defendant David Tassillo*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>           Plaintiff,<br><br>     v.<br><br>MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>           Defendants. | Case No. 21-cv-04920-CJC-ADS<br><br>**SPECIALLY APPEARING DEFENDANT DAVID TASSILLO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, David Tassillo hereby provides the following Objections and Responses to Plaintiff's First Set of Requests for Production (collectively, the "Requests," and each request individually, a "Request") served by Plaintiff, Serena Fleites ("Plaintiff"). Mr. Tassillo provides these Objections and Responses with respect to discovery relating to personal jurisdiction contemplated by the Court's Orders dated July 29, 2022.  Mr. Tassillo expressly reserves his arguments as to lack of personal jurisdiction, and further objects to discovery to the extent it relates to issues other than personal jurisdiction, as set forth further below.

## **GENERAL OBJECTIONS**

Mr. Tassillo makes the following general objections to the Requests and each and every definition and instruction set forth therein (the "General Objections").  These General Objections are incorporated into each of the responses to the Requests set forth below.  Nothing in these responses should be construed as a waiver of any of these General Objections.

1.     Mr. Tassillo objects to the Requests to the extent that they seek discovery of information that is not relevant to any party's claims or defenses or proportional to the needs of the case.

2.     Mr. Tassillo objects to the Requests to the extent that they are vague, ambiguous or cumulative, and to the extent that they impose an undue burden or a burden broader than those imposed by the Federal Rules of Civil Procedure.

3.     Mr. Tassillo objects to the Requests to the extent that they seek information outside of his possession, custody and control.

4.     Mr. Tassillo objects to the Requests to the extent they seek the production of information that is obtainable from some other source or discovery device that is more convenient, less burdensome, or less expensive.

5.     Mr. Tassillo objects to the Requests to the extent that they seek information already in Plaintiff's possession, available in the public domain or

1

otherwise equally available to Plaintiff.

6.      Mr. Tassillo objects to the Requests to the extent that they call for the disclosure of information that is privileged or exempt from discovery under any privilege, protection or exemption under applicable law.  Mr. Tassillo does not waive, and intends to preserve, any applicable privilege, protection or exemption.  Nothing in these responses is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work-product protection, the Fifth Amendment privilege or any other applicable privilege, protection or exemption.

7.      Mr. Tassillo objects to the Requests to the extent that they call for the disclosure of information that would violate any law, rule or regulation and to the extent that they call for the disclosure of information that is protected from disclosure under any applicable privacy, data protection or other law or regulation.

8.      Mr. Tassillo objects to the Requests to the extent they call for information that is not reasonably calculated to lead to the discovery of admissible evidence regarding personal jurisdiction over Mr. Tassillo in California or the United States.

9.      Mr. Tassillo objects to the Requests to the extent they call for information beyond the scope of the limited jurisdictional discovery allowed by the Court in its Order dated July 29, 2022 (ECF No. 167 (the "July 29 Order")).  Mr. Tassillo further objects to the Requests to the extent they are unduly burdensome, overbroad, or call for the production of information not relevant to the claimed basis of personal jurisdiction advanced by Plaintiff.

10.      Mr. Tassillo's responses are at all times subject to supplementation and revision in light of future investigation and analysis.  Mr. Tassillo reserves the right to rely at any stage of this proceeding upon subsequently discovered information, or upon information not contained in his present responses because of lack of present knowledge, inadvertence or mistake.

11.      Mr. Tassillo objects to the "Definitions" in the Requests to the extent

they define terms more broadly than the uniform definitions set forth in the Federal Rules of Civil Procedure, the Local Rules or other applicable rules.

12.    Mr. Tassillo further objects to the definition of "MindGeek Entity" and "MindGeek Related Entities" to the extent that the definition (i) is not relevant to any party's claims or defenses or proportional to the needs of the case, (ii) is vague, ambiguous, or imposes an undue burden, or (iii) seeks information outside of Mr. Tassillo's possession, custody and control. As used herein, "MindGeek Corporate Defendants" refer to corporate defendants in this action: MindGeek S.A.R.L., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium Ltd., MG Global Entertainment Inc. and 9219-1568 Quebec Inc.

13.    Mr. Tassillo objects to the definition of the "Relevant Time Period" to the extent it requests information before June 1, 2014 or after June 17, 2021, the date on which Plaintiff commenced this proceeding, because such information would be irrelevant to the Court's jurisdictional inquiry and therefore exceeds the scope of discovery authorized by the Court's July 29 Order.  As used herein, "Relevant Time Period" refers to June 1, 2014 through June 17, 2021.  Mr. Tassillo objects to all Requests to the extent they seek material before June 1, 2014 or after June 17, 2021.

14.    Mr. Tassillo objects to all Requests, or portions thereof, to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume factual or legal conclusions.  In responding, Mr. Tassillo does not admit the factual or legal premise of any Request.  No incidental or implied admissions are intended by this response.

15.    The Objections and Responses provided herein, including the objection to or failure to object to any Request, shall not be construed as making any representations regarding the existence or non-existence of specific information in Mr. Tassillo's possession, custody or control.

16.    The Objections and Responses herein respond solely with respect to

3

Mr. Tassillo, and not to MindGeek Corporate Defendants or other individuals or entities.

17.     If this case proceeds to merits discovery, Mr. Tassillo agrees to meet and confer at the appropriate time regarding the categories of requested documents that relate to Plaintiff's underlying claims in this action but which are not relevant to the issue of personal jurisdiction.

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 1:

All documents and communications concerning Serena Fleites.

### Response to Request No. 1:

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo also objects to this Request to the extent it assumes that "communications" are "jurisdictional contacts" or are relevant to the question of whether the Court has personal jurisdiction over Mr. Tassillo. Mr. Tassillo further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

Subject to and without waiving any and all objections, Mr. Tassillo states that he had no communications with Serena Fleites.  He acknowledges his obligation to update this response if warranted.

### Request No. 2:

All documents and communications concerning or relating to Your affiliation with, employment by, or ownership of MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

4

**Response to Request No. 2:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects that the undefined term "affiliation" is vague and ambiguous. Mr. Tassillo further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

Subject to and without waiving any and all objections, Mr. Tassillo refers Plaintiff to and incorporates herein his Response to Interrogatory No. 1,[1] and agrees to meet and confer should there be remaining questions on this topic.

**Request No. 3:**

All documents and communications concerning or reflecting any income, revenue, or other monies You have received from MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**Response to Request No. 3:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

---

[1] References to "Response to Interrogatory No. _" are to Mr. Tassillo's Responses to Plaintiff's First Set of Interrogatories to David Tassillo, dated September 22, 2022.

**Request No. 4:**

All documents and communications between and among You and any of the Defendants related to this Action.

**Response to Request No. 4:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo also objects to this Request to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants.

**Request No. 5:**

All documents and communications between and among You and any of the Defendants related to the presence of any CSAM on any MindGeek site, any MindGeek Related Entity site, or any MindGeek Tubesites.

**Response to Request No. 5:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo also objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 6:**

All documents describing, depicting, explaining, or relating to the past or present corporate and ownership organization and structure of MindGeek, the identity of all affiliated or related party entities, corporations, limited partnerships,

limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities.

**Response to Request No. 6:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.  Mr. Tassillo further refers Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No. 1 and the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 5 to the MindGeek Corporate Defendants.

**Request No. 7:**

All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by You or any of the other Individual Defendants, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, or Shaleshkumar P. Jain (a/k/a "Sam" Jain) or individuals or entities introduced or represented by such persons or entities.

**Response to Request No. 7:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which

7

are parties to this lawsuit. Mr. Tassillo further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No. 1 and the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 5 to the MindGeek Corporate Defendants.

Subject to and without waiving all objections, Mr. Tassillo refers Plaintiff to and incorporates herein his Response to Interrogatory No. 1 and agrees to meet and confer should there be remaining questions on this topic

**Request No. 8:**

All documents related to any past or present, direct, indirect or beneficial ownership, licensing, or secured or other economic interest of, or in, any intellectual property owned or licensed, directly or indirectly by You related to MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**Response to Request No. 8:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit or intellectual property related to either Pornhub or the claims at issue in this litigation. Mr. Tassillo further objects to this as duplicative of information already sought from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 4 to the MindGeek Corporate Defendants.

**Request No. 9:**

All documents describing, depicting, explaining, or relating to MindGeek's past or present internal organizational structure, offices, departments, executives,

8

and personnel.

**Response to Request No. 9:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo further objects that the phrase "internal organizational structure" is vague and ambiguous.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.  Mr. Tassillo further refers Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No. 1 and the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 5 to the MindGeek Corporate Defendants.

**Request No. 10:**

All documents identifying all MindGeek or outside personnel or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise.

**Response to Request No. 10:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit.  Mr. Tassillo further objects on the grounds that terms "outside personnel" and "vendors" is vague and ambiguous.  Mr. Tassillo further objects to the extent this Request is

9

not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 11:**

All documents and communications relating to Your or MindGeek's past or present jurisdictional contacts with the United States or California, including but not limited to, offices, residences, and real estate located in California or any jurisdiction in the United States.

**Response to Request No. 11:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo also objects to this Request to the extent it assumes that any of the contacts identified in this Request are "jurisdictional contacts" or that the actions or contacts of MindGeek are relevant to the issue of whether the Court has personal jurisdiction over Mr. Tassillo. Mr. Tassillo further objects to the extent it assumes officers, residences, and real estate located in California or any jurisdiction are relevant "jurisdictional contacts" in this action. Mr. Tassillo also objects to this Request to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants.

Subject to and without waiving any and all objections, Mr. Tassillo refers Plaintiff to and incorporates herein his Response to Interrogatory No. 4, and agrees to meet and confer should there be remaining questions on this topic.

**Request No. 12:**

All documents and communications relating to Your or MindGeek's personnel or vendors employed, retained, paid, located in, or otherwise providing services in California or any jurisdiction in the United States; political activities in California or any jurisdiction in the United States, including through direct or indirect participation in, or financial support for, lobbying, trade, or industry, or activist organizations; trips to California or any jurisdiction in the United States;

10

servers; revenues, profits, expenses, taxes earned or paid in or from California or any jurisdiction in the United States; and communications or business relationships with, to, from, or in California or any jurisdiction in the United States.

**Response to Request No. 12:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo further objects to the extent it assumes trips to California or any other jurisdiction are relevant "jurisdictional contacts" in this action. Mr. Tassillo also objects to this Request to the extent that it seeks information that can be obtained from a more convenient and less expensive source, namely, MindGeek Corporate Defendants.

Subject to and without waiving any and all objections, Mr. Tassillo refers Plaintiff to and incorporates herein his Response to Interrogatory No. 4, and agrees to meet and confer should there be remaining questions on this topic.

**Request No. 13:**

All documents reflecting annual revenues, profits and losses, and expenses for each MindGeek Related Entity or MindGeek Tubesite or the entity that owns or controls that platform or website.

**Response to Request No. 13:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit.  Mr. Tassillo further objects to the extent this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded, or to MG

11

Freesites Ltd, the entity that operates Pornhub.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 5 to the MindGeek Corporate Defendants.

**Request No. 14:**

All documents concerning, reflecting, describing, or relating to, or comprising of presentations to or from, proposed transactions from, or data and information provided or made available to, any actual or potential investors, lenders, secured parties, licensees, purchasers, or others concerning MindGeek or any MindGeek Related Entity.

**Response to Request No. 14:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit.  Mr. Tassillo further objects on the grounds that the term "or others" is vague and ambiguous.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No. 3 and the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 9 to the MindGeek Corporate Defendants.

**Request No. 15:**

All transaction documents, term sheets, and communications concerning any actual or proposed transactions involving the ownership of, loans to, secured interest in, or intellectual property or other rights related to MindGeek.

**Response to Request No. 15:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit.   Mr. Tassillo further objects on the grounds that the term "other rights" is vague and ambiguous.   Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.  Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 4 to the MindGeek Corporate Defendants.

**Request No. 16:**

For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity.

**Response to Request No. 16:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo objects to the phrase "records reflecting the sources of all payments made

13

to or on behalf of the entity, affiliate, subsidiary, or related entity" as vague and ambiguous. Mr. Tassillo objects to the production of financial ledgers, lists of investors or managers, lender agreements, payroll and expense records, and sources of payments as unrelated to any claim in this case or to personal jurisdiction. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 11 to the MindGeek Corporate Defendants.

**Request No. 17:**

For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants.

**Response to Request No. 17:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. and is not limited to the entities which are parties to this lawsuit. Mr. Tassillo objects to the production of quarterly tax filings, audits, statutory reporting and any work product or reports prepared by outside accountants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 12 to the MindGeek Corporate Defendants.

**Request No. 18:**

Your monthly, quarterly, and annual bank and investment statements.

**Response to Request No. 18:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to the term "investment statement" as vague and ambiguous. Mr. Tassillo further objects to the production of any work product or reports prepared by outside accountants.

**Request No. 19:**

All documents and communications related to any corporate reorganization by MindGeek and the purposes behind that reorganization.

**Response to Request No. 19:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 14 to the MindGeek Corporate Defendants.

**Request No. 20:**

All documents or communications identifying the various subsidiaries comprising the business of MindGeek and the MindGeek Related Entities.

**Response to Request No. 20:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present

15

knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 15 to the MindGeek Corporate Defendants.

**Request No. 21:**

All documents identifying the directors, managers, members, executives, and personnel of the various subsidiaries comprising the business of MindGeek and any MindGeek Related Entities.

**Response to Request No. 21:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit.  Mr. Tassillo further objects to this Request as duplicative of Request No. 6. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.  Mr. Tassillo further refers Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No. 5.

**Request No. 22:**

All documents identifying the companies organized and existing under the laws of multiple jurisdictions where MindGeek has assets, operates businesses, or provides services and the nature of the assets, businesses, or services.

**Response to Request No. 22:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of all documents identifying the "assets, businesses, or services" of all MindGeek entities. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the MindGeek Corporate Defendants Response to Interrogatory No. 1.

**Request No. 23:**

All documents identifying the entities providing services to MG Freesites LTD.

**Response to Request No. 23:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 18 to the MindGeek Corporate Defendants.

**Request No. 24:**

All documents identifying the bank accounts, services, payments, written

17

agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations.

**Response to Request No. 24:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to this Request as vague and ambiguous as requesting "the bank accounts, services, payments, written agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations" of an unidentified person or entity. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 19 to the MindGeek Corporate Defendants.

**Request No. 25:**

All audited financial statements and all related communications with auditors regarding the same.

**Response to Request No. 25:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced

by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 20 to the MindGeek Corporate Defendants.

**Request No. 26:**

All documents identifying the distinct legal entities of MindGeek and any of the MindGeek Related Entities.

**Response to Request No. 26:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 21 to the MindGeek Corporate Defendants.

**Request No. 27:**

All documents related to the support services MG Global Entertainment has provided.

**Response to Request No. 27:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate

19

Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 22 to the MindGeek Corporate Defendants.

**Request No. 28:**

All documents related to the services provided by 9219-1568 Quebec Inc.

**Response to Request No. 28:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Plaintiff's Request No. 23 to the MindGeek Corporate Defendants.

**Request No. 29:**

All documents relating to MindGeek related payments, investments, or loans to, in, or for any personal affairs, expenses, entities, businesses, real estate, or investments related to You or any of the Individual Defendants, or any of their family members or entities in which either You or a family member holds a direct or indirect interest.

**Response to Request No. 29:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29,

2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.  Mr. Tassillo further refers Plaintiff to the documents to be produced by the MindGeek Corporate Defendants in response to Request No. 24.

**Request No. 30:**

All documents related to the purported resignation of Feras Antoon and You as CEO and COO of MindGeek respectively, including, but not limited to, any documents related to any investigation, allegations, or reports of their using Mindgeek assets and monies for their personal affairs, investments, or businesses.

**Response to Request No. 30:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, or not related to the entities which are parties to this lawsuit. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants. Mr. Tassillo further objects to this Request on the grounds it seeks material after the end of the Relevant Period.

**Request No. 31:**

All documents or communications depicting, describing, or explaining MindGeek's IT infrastructure and networks, data storage, server and data centers and providers of the same, internal and external communications systems including ICQ, and ISP and Cloud storage services and providers, including the locations and identities of any outside vendors associated with the same.

**Response to Request No. 31:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present

knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order, and is not limited to the entities which are parties to this lawsuit.  Mr. Tassillo objects to the request for documents describing every aspect the information technology systems as overly broad and unduly burdensome because the "IT infrastructure" is either not related to Plaintiff's claims or so attenuated from Plaintiff's claims as to render discovery about them disproportionate to the needs of the case.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 32:**

All contact lists maintained by You or any of the Individual Defendants as well as documents sufficient to show all cell and other phone numbers and messaging services used by each individual.

**Response to Request No. 32:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving any and all objections, Mr. Tassillo refers Plaintiff to and incorporates his Response to Interrogatory No. 6, and agrees to meet and confer should there be remaining questions on this topic.

**Request No. 33:**

All documents or communications identifying, depicting, explaining, or describing any programs or technology MindGeek acquired, employed, used, or

considered to moderate, monitor, format, optimize, filter, review, screen, or remove content on its websites, including the dates such technology was acquired, employed, or considered.

**Response to Request No. 33:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 34:**

All documents or communications related to MindGeek's policies, manuals, practices, processes, and rules for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on its platforms and websites, including all prohibited words, phrases, categories, and "genres" and all processes and reports concerning search engine optimization of such content.

**Response to Request No. 34:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 35:**

All documents and communications describing MindGeek's policies and

procedures for preserving hard copy and electronic documents and content.

**Response to Request No. 35:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 36:**

All documents and communications reflecting rosters, schedules, training materials, performance reviews and metrics for personnel or outside contractors or vendors involved in moderating, formatting, optimization, filtering, screening, or removing content from MindGeek's platforms and websites.

**Response to Request No. 36:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 37:**

All documents and communications identifying all content categories, "genres," or similar descriptors MindGeek has included, recommended, or offered to users of its platforms and websites.

24

**Response to Request No. 37:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 38:**

All documents consisting of, or reflecting, reports, communications, data, or actions related to content reviewed or screened by any technology, programs, or internal or external personnel concerning actual or suspected CSAM, nonconsensual, prohibited, or illegal content.

**Response to Request No. 38:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 39:**

All documents concerning complaints, reports, communications, and requests concerning CSAM, non-consensual, prohibited, or illegal content on any MindGeek platform or website, including all documents and communications with or concerning any associated investigation, actions, and internal and external communications concerning the same.

**Response to Request No. 39:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 40:**

All documents and communications reflecting processes, standards, and technologies that MindGeek employed to prevent the presence of child pornography, CSAM, non-consensual, prohibited, or illegal content on its platforms or websites; the dates on which such processes, standards, and technologies were employed; and the people most knowledgeable about each.

**Response to Request No. 40:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects that this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 41:**

All documents and communications reflecting policies, practices, rules, guidelines, programs, or plans concerning the moderation, monitoring, review, formatting, analysis or search and social media use and optimization of content on MindGeek platforms and websites, including, but not limited to, with respect to

content uploaded with associated languages other than English.

**Response to Request No. 41:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to the extent this Request seeks documents related to "content uploaded with associated languages other than English," as overly broad because Plaintiff does not allege her content was uploaded with "associated languages."  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 42:**

All documents and communications concerning MindGeek's policies, practices, and compliance related to 18 U.S.C. § 2257.

**Response to Request No. 42:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 43:**

All materials and information provided to Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20,

27

2022 New Yorker magazine.

**Response to Request No. 43:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 44:**

All communications between You and Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

**Response to Request No. 44:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 45:**

The report and recommendations provided to MindGeek by Kaplan, Hecker & Fink.

**Response to Request No. 45:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 46:**

Any internal or external expert or consultant reports provided to MindGeek concerning its technology, processes, policies, and practices concerning CSAM, nonconsensual, prohibited, or illegal content.

**Response to Request No. 46:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 47:**

All documents and communications related to the implementation of the recommendations provided to MindGeek by Kaplan, Hecker & Fink or any internal or external expert or consultant concerning CSAM, nonconsensual, prohibited, or illegal content.

**Response to Request No. 47:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo further objects to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Mr. Tassillo objects to this Request on the grounds it seeks material after the end of the Relevant Period. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 48:**

The list of content MindGeek provided to NCMEC as reported in the June 20, 2022 New Yorker magazine, and the associated dates of upload; URL's; IP addresses; uploader identifiers; associates tags, descriptions, titles, comments, and categories; engagement and other monitoring metrics; and data and information concerning any review, moderation, screening, modification, tracking, complaints, deletion, or revenue generation associated with such content.

**Response to Request No. 48:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 49:**

All documents or communications concerning any internal or external

30

review of MindGeek content for CSAM, non-consensual, prohibited, or illegal content, including, but not limited to, the review undertaken beginning in or about the end of 2020 and the beginning of 2021 and the review that led to the report to NCMEC that was described in the June 20, 2022 New Yorker magazine.

**Response to Request No. 49:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 50:**

All documents or communications related to the purchase, upload, or distribution of content to any MindGeek platform or MindGeek Tubesite, any MindGeek Related Entity, or any person or entity working for MindGeek or a MindGeek related entity.

**Response to Request No. 50:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and seeks information beyond Mr. Tassillo's present knowledge, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 51:**

All documents or communications reflecting agreements or relationships with any banks, credit card networks, payment processors, or similar entities concerning the processing of payments for products, services, advertising, or

otherwise through MindGeek's platforms or websites.

**Response to Request No. 51:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 52:**

All documents concerning communications with the media, news organizations, journalists, legislators, law enforcement, regulators, quasi-governmental agencies, media relations companies, the Free Speech Coalition, 5wPR, or on social media platforms either directly, through aliases, or through agents, surrogates, or other social media participants concerning CSAM, non-consensual, prohibited, or illegal content on MindGeek's platforms or websites or internal or external news, media or other reports, allegations, or complaints regarding the same.

**Response to Request No. 52:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control. Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 53:**

All documents sufficient to show all copyright DCMA take down notices MindGeek has issued.

**Response to Request No. 53:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

**Request No. 54:**

All documents reflecting DCMA take down notices MindGeek has received and the responses it made to each.

**Response to Request No. 54:**

Mr. Tassillo objects to this Request on the grounds that it overbroad, unduly burdensome and to the extent it seeks information beyond Mr. Tassillo's present knowledge, possession, custody or control.  Mr. Tassillo further objects to this Request to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Tassillo objects to this Request on the basis that it is duplicative of information already sought by Plaintiff from the MindGeek Corporate Defendants.

Dated:        October 20, 2022

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC

33

1

2          By:      _/s/ Jonathan S. Sack_____

3                   Jonathan S. Sack (admitted *pro hac vice*)
                    Karen R. King (admitted *pro hac vice*)
4                   Ryan McMenamin (admitted *pro hac vice*)

5                   *Attorneys for Specially Appearing*
                    *Defendant David Tassillo*
6

7

8                        **CERTIFICATE OF SERVICE**

9          I hereby certify that on October 20, 2022, I served a true and correct copy of

10   Specially Appearing Defendant David Tassillo's Objections and Responses to

11   Plaintiff's First Request for Documents via electronic mail on Plaintiff's counsel,

12   Michael J. Bowe (mbowe@brownrudnick.com), Lauren Tabaksblat

13   (ltabaksblat@brownrudnick.com), and David M. Stein

14   (dstein@brownrudnick.com).

15                              _/s/ Ryan McMenamin_____
16                              Ryan McMenamin

17

18

19

20

21

22

23

24

25

26

27

28

34