# Exhibit 1

| | |
|---|---|
| Michael J. Bowe | David M. Stein (#198256) |
| (*admitted pro hac vice*) | dstein@brownrudnick.com |
| mbowe@brownrudnick.com | BROWN RUDNICK LLP |
| Lauren Tabaksblat | 2211 Michelson Drive, 7th Floor |
| (*admitted pro hac vice*) | Irvine, California  92612 |
| ltabaksblat@brownrudnick.com | Telephone:   (949) 752-7100 |
| BROWN RUDNICK LLP | Facsimile:    (949) 252-1514 |
| 7 Times Square | |
| New York, NY 10036 | |
| Telephone:   (212) 209-4800 | |
| Facsimile:    (212) 209-4801 | |

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES, | CASE NO. 2:21-cv-4920-CJC-ADS |
| Plaintiff, | HON. CORMAC J. CARNEY |
| v. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT FERAS ANTOON** |
| MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5, | |
| Defendants. | |

PROPOUNDING PARTY:   PLAINTIFF SERENA FLEITES

RESPONDING PARTY:     DEFENDANT FERAS ANTOON

SET NO.:                           ONE

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Serena Fleites ("Plaintiff") requests that Defendant Feras Antoon ("Defendant") answer, separately and fully, in accordance with the following definitions and instructions, in writing, under oath, the following First Set of Interrogatories (the "Interrogatories"), within 30 days after service.

## DEFINITIONS

1. "Action" means the lawsuit captioned *Fleites v. MindGeek S.A.R.L. et al*, 2:21-cv-4920-CJC-ADS.

2. "Amended Complaint" means the Plaintiff's First Amended Complaint filed March 21, 2022 in this Action at Docket No. 124-3.

3. "You" or "Your" refers to Defendant Feras Antoon.

4. "MindGeek Entity" or "MindGeek Related Entities" refers to the hundreds of companies that are owned, directly or indirectly, and/or affiliated with MindGeek S.A.R.L., including the hundreds of tubesites owned and operated by MindGeek, and the hundreds of companies that were created and dissolved during the period relevant to the Amended Complaint, and includes each of those entities' current or former partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the entities' behalf.

5. "Individual Defendant" or "Individual Defendants" means the following parties in this action:

    a. Bernd Bergmair
    b. Feras Antoon
    c. David Tassillo; and/or
    d. Corey Urman

6. "MindGeek Tubesites" refers to the over 100 pornographic websites and brands owed by the MindGeek Entities, including but not limited to Pornhub, RedTube, Tube8, YouPorn, PornIQ, gaytube, Thumbzilla, Peeperz, PornMD, Xtube, Brazzers, Babes.com, Reality Kings, Digital Playground, Twistys, Men.com, Mofos, MyDirtyHobby, SexTube, and Webcams.

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT FERAS ANTOON

2

7. "Any" or "all" shall mean any and all, and shall serve to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

8. "Communication" shall mean and refer to any mode of conveying, distributing, disclosing, publishing, transferring and exchanging meaning or information, whether orally or by document, or whether by in-person conversations, telephone, mail, facsimile, personal delivery, overnight delivery, video recording, text or other electronic message, including ICQ, electronic mail or computer generated posting or any other display on the internet, or otherwise. The term shall include notes, memoranda, or any other document memorializing, conveying, or referring to the information Posts and comments to any social media accounts such as Facebook, Twitter, YouTube, LinkedIn, Tumblr, Instagram, Pinterest, and Snapchat, and include comments to online materials posted to the MindGeek Tubesites.  These terms are further intended to include, without limitation, any summaries, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning or memorializing the transmittal of information, opinion, words, or data.

9. "Employee" includes, without limitation, current or former partners, directors, shareholders, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the employer's behalf.

10. "Person" means any natural person, corporation, partnership, firm, association or any business, legal or governmental agency.

11. "Parent" means any person or entity which owns shares of stock or other ownership interests in a subordinate entity, having ordinary voting power to elect a majority of the board of directors or other managers of such subordinate entity are at the time owned, or the person which manages or otherwise controls, directly or indirectly, such subordinate entity.

12. "Affiliate" or "Affiliates" means a subsidiary corporation, sister corporation, subsidiary limited liability company, sister limited liability company, or any other form of business entity with an overlap of ownership, board of directors, managers, or executives.

13. The term "including" means including without limitation.

14. "CSAM" refers to Child Sexual Abuse Material and includes child pornography

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT FERAS ANTOON

3

and any visual depiction of sexually explicit conduct involving a minor (a person less than 18 years old) or the sexual abuse and exploitation of a child or children.

15. "NCMEC" refers to the National Center for Missing and Exploited Children.

16. As used herein, the "Relevant Time Period" covered by the Interrogatories is from June 1, 2013 through the present.

17. Anything not defined herein specifically shall have the definition given in the Amended Complaint.

## INSTRUCTIONS

1. These Interrogatories should be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Civil Rules.

2. The use of capital letters, lower case letters, or quotation marks in these Interrogatories shall not be construed to limit the scope of any specific interrogatory contained herein.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all responses that might otherwise be construed to be outside its scope.

4. The use of the singular form of any word includes the plural and vice versa.

5. In each instance, if any, where You deny knowledge or information sufficient to respond to an Interrogatory, or any part thereof, identify each person known or believed to have such knowledge.

6. If, in responding to this set of Interrogatories, or any part of it, You encounter any ambiguity in construing either any Interrogatory or instruction relevant to the Interrogatory, You shall construe the Interrogatory in the broadest manner reasonably calculated to lead to information relevant to any issues or potential issues in this case and set forth in Your response the construction chosen or used in answering the Interrogatory.

7. The Interrogatories are continuing in nature and require that you promptly produce additional or amended responses promptly if new or further information is obtained or discovered subsequent to the time responses are served.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify all individuals or entities who hold, or have held during the Relevant Time Period, any direct, indirect, or beneficial economic interest by way of ownership, equity, shareholding, secured interest, indebtedness, option, derivative, trust, or otherwise in any MindGeek Related Entity or affiliate, and the precise nature and extent of that interest.

**INTERROGATORY NO. 2**

Describe in detail each transaction during the Relevant Time Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity, and identify the direct and indirect participants in those transactions.

**INTERROGATORY NO. 3**

Identify the date, participants, and content for every presentation or communication of financial or other economic performance to investors, lenders, or others with direct or indirect financial interests in any MindGeek Related Entity.

**INTERROGATORY NO. 4**

Describe in detail all direct or indirect jurisdictional contacts within the relevant jurisdictions, *i.e.* the United States and California, that You or Your agents, or any of the MindGeek Related Entities and their owners, executives, and employees, have or had during the Relevant Time Period, including but not limited to, offices, residences, and real estate located in the relevant jurisdictions; personnel or vendors employed, retained, or paid located in the relevant jurisdictions, trips to the relevant jurisdictions; and revenues, profits, expenses, taxes earned or paid in or from the relevant jurisdictions; and communications or business relationships with, to, or in either of the relevant jurisdictions.

**INTERROGATORY NO. 5**

Identify all aliases used by MindGeek executives, personnel, or agents to communicate publicly or privately in any communications related to MindGeek's business.

**INTERROGATORY NO. 6**

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT FERAS ANTOON

5

Identify all social media accounts, email accounts, cell numbers, text, or other communications services or applications used by the Individual Defendants directly or through any MindGeek Related Entity during the Relevant Time Period.

DATED: August 16, 2022                BROWN RUDNICK LLP

By: _____
Michael J. Bowe
Lauren Tabaksblat
Attorneys for Plaintiff
SERENA FLEITES