# Exhibit 3

WIECHERT, MUNK & GOLDSTEIN, PC
David W. Wiechert (SBN 94607)
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (admitted *pro hac vice*)
Colin C. Bridge (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Phone: (212) 957-6000
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com
Email: nread@cohengresser.com
Email: cbridge@cohengresser.com

*Attorneys for Defendant Feras Antoon*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>　　　　Defendants. | Case No. 21-cv-04920-CJC-ADS |

**DEFENDANT FERAS ANTOON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33-2 of this Court, Defendant Feras Antoon, by and through his attorneys, Cohen & Gresser LLP, hereby provides his responses and objections to Plaintiff's First Set of Interrogatories (the "Interrogatories") and states:

## GENERAL OBJECTIONS

1. In an order dated July 29, 2022 (ECF No. 167 (the "July 29 Order")), the Court granted Plaintiff Serena Fleites's request to conduct jurisdictional discovery, noting "[a] court may permit discovery to aid in determining whether it has personal jurisdiction." *Id.* at 6 (citation omitted). Mr. Antoon accordingly objects to the Interrogatories to the extent that they exceed the scope of jurisdictional discovery targeted at determining Mr. Antoon's suit-related forum contacts.

2. Mr. Antoon objects to each Interrogatory that seeks to impose an undue burden on Mr. Antoon, including but not limited to any burden or obligation beyond those set forth in the applicable Federal Rules of Civil Procedure or the Local Rules of this Court.

3. Mr. Antoon objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, oppressive, or unduly burdensome, and to the extent that compliance will impose undue expense and burden on Mr. Antoon.

4. Mr. Antoon objects to each Interrogatory to the extent it calls for, could be construed to call for, or seeks the production of information that is privileged or protected from disclosure under the attorney-client privilege, the privilege against compelled disclosure of work product or any material prepared in anticipation of litigation or in preparation for trial, or any other applicable privilege, whether set forth in the Federal Rules of Civil Procedure, common law, or the Constitutions of the United States or the State of California. Answers to the Interrogatories are given without waiving, but on the contrary reserving and intending to reserve, each of those privileges. If any such privileged information is

disclosed, except pursuant to a specific written agreement covering such information, the disclosure shall be deemed inadvertent and will not be intended to waive or prejudice any applicable privilege or immunity from disclosure, and all parties shall immediately return the privileged information to Mr. Antoon.

5. Mr. Antoon objects to each Interrogatory to the extent it seeks the production of information that is obtainable from some other source or discovery device that is more convenient, less burdensome, or less expensive.

6. Mr. Antoon objects to each Interrogatory to the extent it seeks information that is not relevant to any party's claim or defense.

7. Mr. Antoon objects to each Interrogatory to the extent it seeks information that is not proportional to the needs of the case.

8. Mr. Antoon objects to each Interrogatory to the extent it seeks information that is not within Mr. Antoon's possession, custody, knowledge, or control.

9. A response to any Interrogatory stating that any responsive documents will be produced does not constitute a representation or acknowledgment that there are any documents responsive to such Interrogatory.

10. The responses made herein shall not constitute a waiver of any objection by Mr. Antoon to the competency, relevancy, materiality, authenticity, privilege, or admissibility of each Interrogatory or the subject matter of any of them. Mr. Antoon reserves the right to supplement these responses if in the course of this action Mr. Antoon becomes aware of information that is called for by the Interrogatories and that was inadvertently overlooked or not available at the time of these responses.

11. Mr. Antoon objects to each Interrogatory to the extent that it calls for the disclosure of information that would violate any law, rule, or regulation and to the extent it calls for the disclosure of information that is protected from disclosure under any applicable privacy, data protection or other law or regulation.

2

12. Mr. Antoon objects to the definitions of "any" and "all" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to "bring within the scope of the Interrogatories all responses that might otherwise be construed to be outside of their scope."

13. Mr. Antoon objects to the definition of "Communication" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it encompasses the memorialization of the transmittal of information rather than the transmittal of information.

14. Mr. Antoon objects to the definition of "MindGeek Entity" and "MindGeek Related Entities" because it is vague and overbroad, seeking information about entities and persons not relevant to determining whether personal jurisdiction exists over this action pursuant to the Court's July 29 Order. Mr. Antoon therefore interprets "MindGeek Entity" and "MindGeek Related Entities" to mean MindGeek S.a.r.l., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., 9219-1568 Québec, Inc. (the "MindGeek Corporate Defendants").

15. Mr. Antoon objects to the definition of the "Relevant Time Period" to the extent it seeks information before June 1, 2014, and after June 17, 2021, because such information would be irrelevant to the Court's jurisdictional inquiry and therefore exceeds the scope of discovery authorized by the Court's July 29 Order. Mr. Antoon therefore interprets "Relevant Time Period" to mean June 1, 2014, through June 17, 2021.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:**

Identify all individuals or entities who hold, or have held during the Relevant Time Period, any direct, indirect, or beneficial economic interest by way of ownership, equity, shareholding, secured interest, indebtedness, option, derivative, trust, or otherwise in any MindGeek Related Entity or affiliate, and the precise nature and extent of that interest.

**Response to Interrogatory No. 1:**

Mr. Antoon objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's present knowledge, custody, or control. Mr. Antoon also objects to this Interrogatory to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order. Moreover, Mr. Antoon objects to the extent this Interrogatory seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to the term "beneficial economic interest" because it is vague and ambiguous. Subject to the foregoing objections, Mr. Antoon states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Interrogatory No. 2:**

CONFIDENTIAL

4

Describe in detail each transaction during the Relevant Time Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity, and identify the direct and indirect participants in those transactions.

**Response to Interrogatory No. 2:**

Mr. Antoon objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's present knowledge, custody, or control. Mr. Antoon also objects to this Interrogatory to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order. Moreover, Mr. Antoon objects to the term "other capital related transactions" as vague and ambiguous. Subject to the foregoing objections, Mr. Antoon ████████████████████████████████████████

**Interrogatory No. 3:**

Identify the date, participants, and content for every presentation or communication of financial or other economic performance to investors, lenders, or others with direct or indirect financial interests in any MindGeek Related Entity.

**Response to Interrogatory No. 3:**

Mr. Antoon objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's present knowledge, custody, or control. Moreover, Mr. Antoon objects to the extent this Interrogatory seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon also objects to this Interrogatory to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order. Mr. Antoon further objects to this Interrogatory to the extent it seeks information that is not

CONFIDENTIAL

5

proportional to the needs of the case. Mr. Antoon also objects to the terms "other economic performance" and "indirect financial interests" as vague and ambiguous. Subject to these objections, Mr. Antoon states that 

**Interrogatory No. 4:**

Describe in detail all direct or indirect jurisdictional contacts within the relevant jurisdictions, i.e. the United States and California, that You or Your agents, or any of the MindGeek Related Entities and their owners, executives, and employees, have or had during the Relevant Time Period, including but not limited to, offices, residences, and real estate located in the relevant jurisdictions; personnel or vendors employed, retained, or paid located in the relevant

CONFIDENTIAL

1 jurisdictions, trips to the relevant jurisdictions; and revenues, profits, expenses,
2 taxes earned or paid in or from the relevant jurisdictions; and communications or
3 business relationships with, to, or in either of the relevant jurisdictions.

**Response to Interrogatory No. 4:**

Mr. Antoon objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's present knowledge, custody, or control. Mr. Antoon also objects to this Interrogatory to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order. Mr. Antoon further objects to this Interrogatory to the extent it calls for opinions and conclusions of law. Moreover, Mr. Antoon objects to this Interrogatory to the extent it seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Subject to these objections, Mr. Antoon states that █████████████

[lines 15–28 redacted]

CONFIDENTIAL

7

**Interrogatory No. 5:**

Identify all aliases used by MindGeek executives, personnel, or agents to communicate publicly or privately in any communications related to MindGeek's business.

**Response to Interrogatory No. 5:**

Mr. Antoon objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's present knowledge, custody, or control. Mr. Antoon also objects to the use of the term "MindGeek" as vague and ambiguous and therefore interprets "MindGeek" to mean the MindGeek Corporate Defendants. Mr. Antoon also objects to this Interrogatory to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order. Mr. Antoon further objects to this Interrogatory to the extent it calls for opinions and conclusions of pure law. Moreover, Mr. Antoon objects to the extent this Interrogatory seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Subject to these objections, Mr. Antoon states that

**Interrogatory No. 6:**

Identify all social media accounts, email accounts, cell numbers, text, or other communications services or applications used by the Individual Defendants directly or through any MindGeek Related Entity during the Relevant Time Period.

CONFIDENTIAL

**Response to Interrogatory No. 6:**

Mr. Antoon objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's present knowledge, custody, or control. Mr. Antoon also objects to this Interrogatory to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Entities that were also the subject of the Court's July 29 Order. Moreover, Mr. Antoon objects to the extent this Interrogatory seeks information beyond the scope of the jurisdictional discovery granted by the Court's July 29 Order. Subject to these objections, Mr. Antoon ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[SIGNATURE PAGE FOLLOWS]

CONFIDENTIAL

9

September 22, 2022

Respectfully submitted,

/s/ *Jason Brown*
Jason Brown (admitted pro hac vice)
jbrown@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 957-7609

*Attorneys for Defendant Feras Antoon*

**VERIFICATION**

I, Feras Antoon, state that I have read Plaintiff's First Set of Interrogatories and my answers to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this  22  day of September, 20 22 .

_____
Feras Antoon