# Exhibit 5

1 | WIECHERT, MUNK & GOLDSTEIN, PC
David W. Wiechert (SBN 94607)
2 | 27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
3 | Phone: (949) 361-2822
Facsimile: (949) 361-5722
4 | Email: dwiechert@aol.com

5

6 | COHEN & GRESSER LLP
Jason Brown (admitted *pro hac vice*)
7 | Nathaniel P. T. Read (admitted *pro hac vice*)
Colin C. Bridge (admitted *pro hac vice*)
8 | 800 Third Avenue
New York, New York 10022
9 | Phone: (212) 957-6000
Facsimile: (212) 957-4514
10 | Email: jbrown@cohengresser.com
Email: nread@cohengresser.com
11 | Email: cbridge@cohengresser.com

12 | *Attorneys for Defendant*
*Feras Antoon*

13 | **UNITED STATES DISTRICT COURT**

14 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| SERENA FLEITES, | Case No. 21-cv-04920-CJC-ADS |
| Plaintiff, | |
| v. | |
| MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5, | |
| Defendants. | |

27 | **DEFENDANT FERAS ANTOON'S RESPONSES AND OBJECTIONS TO**

28 | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34-2 of this Court, Defendant Feras Antoon, by and through his attorneys, Cohen & Gresser LLP and Weichert, Munk & Goldstein, PC, hereby provides his responses and objections to Plaintiff's First Request for the Production of Documents (the "Requests" and each individually a "Request") and states:

## GENERAL OBJECTIONS

1.      In an order dated July 29, 2022 (ECF No. 167 (the "July 29 Order")), the Court granted Plaintiff Serena Fleites's request to conduct jurisdictional discovery, noting "[a] court may permit discovery to aid in determining whether it has personal jurisdiction." *Id.* at 6 (citation omitted).  Mr. Antoon accordingly objects to each of the Requests to the extent that they exceed the scope of jurisdictional discovery targeted at determining Mr. Antoon's suit-related forum contacts.

2.      Mr. Antoon objects to each Request that seeks to impose an undue burden on Mr. Antoon, including but not limited to any burden or obligation beyond those set forth in the applicable Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Mr. Antoon objects to each Request to the extent it is vague, ambiguous, overly broad, oppressive, or unduly burdensome, and to the extent that compliance will impose undue expense and burden on Mr. Antoon.

4.      Mr. Antoon objects to each Request to the extent it seeks documents that are not within Mr. Antoon's possession, custody, or control.

5.      Mr. Antoon objects to each Request to the extent it calls for, could be construed to call for, or seeks the production of documents that are privileged or protected from disclosure under the attorney-client privilege, the privilege against compelled disclosure of work product or any material prepared in anticipation of litigation or in preparation for trial, or any other applicable privilege, whether set forth in the Federal Rules of Civil Procedure, common law, or the Constitutions of

1

the United States or the State of California. Any responses to each Request are given, and any productions pursuant to any Request are made, without waiving and on the contrary reserving and intending to reserve each of those privileges. If any privileged information is disclosed, except pursuant to a specific written agreement covering such information, the disclosure shall be deemed inadvertent and will not be intended to waive or prejudice any applicable privilege or immunity from disclosure, and all parties shall immediately return the privileged information to Mr. Antoon.

6.      Mr. Antoon objects to each Request to the extent it seeks the production of information that is obtainable from some other source or discovery device that is more convenient, less burdensome, or less expensive. Mr. Antoon thus objects to each Request to the extent it seeks production of documents that are (i) already within Plaintiff's possession, custody, or control; (ii) not reasonably accessible; (iii) available from public sources; or (iv) obtainable from other sources, including defendants MindGeek S.a.r.l., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., 9219-1568 Quebec, Inc. (the "MindGeek Corporate Defendants"), parties to this litigation, in a more convenient, less burdensome, and/or less expensive manner than seeking them through the Requests.

7.      Mr. Antoon objects to each Request to the extent it seeks confidential or proprietary information pertaining to Mr. Antoon's business and business relationships. Many of the Requests would impinge on the confidentiality of materials that Mr. Antoon has received from business counterparties. Mr. Antoon will produce such documents or information only pursuant to the Stipulated Protecive Order (ECF No. 187) entered in this litigation.

8.      Mr. Antoon objects to each Request to the extent it seeks documents that are not relevant to any party's claim or defense.

2

9.    Mr. Antoon objects to each Request to the extent it is disproportionate to the needs of the case.

10.    A response to any Request stating that any responsive documents will be produced does not constitute a representation or acknowledgment that there are any documents responsive to such Request or within Mr. Antoon's possession, custody, or control.

11.    The responses made herein shall not constitute a waiver of any objection by Mr. Antoon to the competency, relevancy, materiality, authenticity, privilege, or admissibility of any documents sought by the Requests or the subject matter of any of them.  Mr. Antoon reserves the right to supplement these responses if in the course of this action Mr. Antoon becomes aware of documents that are called for by the Requests and that were inadvertently overlooked or not available at the time of these responses.

12.    Mr. Antoon objects to each Request to the extent that it calls for the disclosure of information that would violate any law, rule, or regulation and to the extent it calls for the disclosure of information that is protected from disclosure under any applicable privacy, data protection or other law or regulation.

13.    Mr. Antoon's responses are at all times subject to supplementation and revision in light of future investigation and analysis.  Mr. Antoon reserves the right to rely at any stage of this proceeding upon subsequently discovered information, or upon information not contained in his present responses because of lack of present knowledge, inadvertence, or mistake.

14.    Mr. Antoon objects to the definition of "MindGeek," "MindGeek Entity," and "MindGeek Related Entities" because it is vague and overbroad, seeking information about entities and persons not relevant to determining whether personal jurisdiction exists over this action pursuant to the Court's July 29 Order. Mr. Antoon therefore interprets "MindGeek," "MindGeek Entity" and "MindGeek Related Entities" to mean the MindGeek Corporate Defendants.

3

15.     Mr. Antoon objects to the definition of "Defendants" because it is vague and overbroad, seeking information about entities and persons not relevant to determining whether personal jurisdiction exists over this action pursuant to the Court's July 29 Order.  Mr. Antoon therefore interprets "Defendants" to mean the MindGeek Corporate Defendants and Bernd Bergmair, David Tassillo, Corey Urman, Visa Inc., and Mr. Antoon—that is, the parties named as defendants in the Amended Complaint (ECF No. 124-3).

16.     Mr. Antoon objects to the definition of "MindGeek Tubesites" because it is vague and overbroad, seeking information about entities and persons not relevant to determining whether personal jurisdiction exists over this action pursuant to the Court's July 29 Order.  Mr. Antoon therefore interprets "MindGeek Tubesites" to mean Pornhub, the only site on which Plaintiff alleges her video appeared and therefore the only site relevant to Plaintiff's claims.

17.     Mr. Antoon objects to the definition of "Communication" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it encompasses the memorialization of the transmittal of information rather than the transmittal of information.

18.     Mr. Antoon objects to the definition of the "Relevant Time Period" to the extent it seeks information before June 1, 2014, and after June 17, 2021, because such information would be irrelevant to the Court's jurisdictional inquiry and therefore exceeds the scope of discovery authorized by the Court's July 29 Order.  Mr. Antoon therefore interprets "Relevant Time Period" to mean June 1, 2014, through June 17, 2021.  Unless otherwise indicated, Mr. Antoon will produce information relating only to matters occurring between June 1, 2014 through June 17, 2021.

19.     Mr. Antoon objects to the definition of "Employee" as overly broad, unduly burdensome, and calling for production of information or material not relevant to the Court's exercise of personal jursidiction over Mr. Antoon and not

4

proportional to the needs of the case to the extent it includes "current or former partners, directors, shareholders, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, aliases, and all persons and entities acting or purporting to act on the employer's behalf." Mr. Antoon therefore interprets "Employee" to mean persons employed by the MindGeek Corporate Defendants during the Relevant Time Period.

20.    Mr. Antoon objects to the definition of "Parent" as ambiguous, overbroad, and calling for a legal conclusion.

21.    Mr. Antoon objects to the definition of "Affiliate" or "Affiliates" as overbroad and ambiguous to the extent it includes "sister corporations" or "sister limited liability companies," as such terms are undefined.  Mr. Antoon further objects to these definitions as overbroad, unduly burdensome, and calling for the production of information or material not relevant to the Court's exercise of personal jurisdiction over Mr. Antoon and not proportional to the needs of the case to the extent they include "any other form of business entity with an overlap of ownership, board of directors, managers, or executives."

22.    Mr. Antoon objects to the instruction that "[t]he use of a verb in any tense shall be construed as the use of the verb in all other tenses" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports "to bring within the scope of" the Requests "all documents and responses which might otherwise be considered beyond the scope."

23.    Mr. Antoon objects to the instruction that "[t]he connectives 'and' and 'or' shall be construed either disjunctively or conjunctively" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to "bring within the scope of" the Request "all responses that might otherwise be construed to be outside its scope."

24.    Mr. Antoon objects to the instruction that he "furnish all responsive documents . . . including documents in the possession of [his] agents, advisors,

5

attorneys, contractors, representatives, partners, representatives, and anyone else acting on [his] behalf or otherwise subject to [his] control" to the extent it would impose an unreasonable burden on Mr. Antoon, particularly in light of his status as an individual defendant in an action asserting claims against many defendants for conduct that allegedly occurred over the span of many years.

25.    Mr. Antoon objects to the definitions of "any" and "all" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to "bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope."

26.    Mr. Antoon objects to the instructions to the extent they impose obligations on Mr. Antoon with respect to the treatment of electronically stored information that differ from those set forth in the Stipulated Order Re: Discovery of Electronically Information (ECF No. 188) entered in this case.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**

All documents and communications concerning Serena Fleites.

**Response to Request No. 1:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request improperly assumes that "communications concerning Serena Fleites" are relevant to determine whether personal jurisdiction exists over Mr. Antoon.  Mr. Antoon also objects to the term "concerning Serena Fleites" as vague and overbroad.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request because it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Plaintiff issued the same Request to the MindGeek Corporate Defendants, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

Subject to the foregoing objections, Mr. Antoon states that he has had no communications with Serena Fleites.

**Request No. 2:**

All documents and communications concerning or relating to Your affiliation with, employment by, or ownership of MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

7

**Response to Request No. 2:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  And Mr. Antoon objects to the term "affiliation" because it is vague and ambiguous.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Plaintiff's Request Nos. 3, 24, and 25 to the MindGeek Corporate Defendants to request the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

Subject to the foregoing objections, Mr. Antoon refers Plaintiff to and incorporates herein his response to Interrogatory No. 1 and agrees to meet and confer should there be remaining questions on this topic.

**Request No. 3:**

All documents and communications concerning or reflecting any income, revenue, or other monies You have received from MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**Response to Request No. 3:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's possession,

custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Plaintiff's Request Nos. 3, 24, and 25 to the MindGeek Corporate Defendants to request the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 4:**

All documents and communications between and among You and any of the Defendants related to this Action.

**Response to Request No. 4:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's possession, custody, or control.  And Mr. Antoon objects to this Request because it is duplicative of Request No. 1.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request because it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Plaintiff's Request No. 1 to the

9

MindGeek Corporate Defendants to request the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 5:**

All documents and communications between and among You and any of the Defendants related to the presence of any CSAM on any MindGeek site, any MindGeek Related Entity site, or any MindGeek Tubesites.

**Response to Request No. 5:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information beyond Mr. Antoon's possession, custody, or control. Mr. Antoon objects to the terms "MindGeek site" and "MindGeek Related Entity site" as vague and ambiguous. Mr. Antoon therefore interprets both "MindGeek site" and "MindGeek Related Entity site" to mean Pornhub, the only site on which Plaintiff alleges her video appeared and therefore the only site relevant to Plaintiff's claims. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Plaintiff's Request Nos. 28, 29, 33, 34, 35, 36, 40, 41, 43, and 46 to the MindGeek Corporate Defendants to request the same information as this Request, and it would be unreasonably expensive and

disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 6:**

All documents describing, depicting, explaining, or relating to the past or present corporate and ownership organization and structure of MindGeek, the identity of all affiliated or related party entities, corporations, limited partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities.

**Response to Request No. 6:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 2 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 7:**

All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by You or any of the other Individual Defendants, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, or Shaileshkumar P. Jain (a/k/a "Sam" Jain) or individuals or entities introduced or represented by such persons or entities.

**Response to Request No. 7:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. This Request plainly seeks information about individuals and entities that are not parties to this case and is therefore outside the scope of the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 3 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

Subject to the foregoing objections, Mr. Antoon refers to and incorporates his response to Interrogatory No. 1 and agrees to meet and confer should there be remaining questions on this topic.

12

**Request No. 8:**

All documents related to any past or present, direct, indirect or beneficial ownership, licensing, or secured or other economic interest of, or in, any intellectual property owned or licensed, directly or indirectly by You related to MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites.

**Response to Request No. 8:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request seeks information about intellectual property unrelated to Pornhub or the claims at issue in this case.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 4 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 9:**

All documents describing, depicting, explaining, or relating to MindGeek's past or present internal organizational structure, offices, departments, executives, and personnel.

**Response to Request No. 9:**

13

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 5 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 10:**

All documents identifying all MindGeek or outside personnel or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise.

**Response to Request No. 10:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond

14

1  the scope of the jurisdictional discovery authorized by the Court's July 29 Order.

2  Among other things, this Request is not limited to the MindGeek Corporate

3  Defendants.  Nor is it limited to Pornhub, the only tubesite on which Plaintiff

4  alleges content depicting her was uploaded.  Mr. Antoon also objects to the terms

5  "outside personnel" and "vendors" as vague and ambiguous.  Mr. Antoon further

6  objects to this Request to the extent it seeks documents outside the Relevant Time

7  Period.  Mr. Antoon also objects to this Request to the extent it seeks information

8  that can be obtained from a more convenient and less expensive source, namely,

9  the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No.

10 6 to the MindGeek Corporate Defendants to seek the same information as this

11 Request, and it would be unreasonably expensive and disproportionate to the needs

12 of the case to require Mr. Antoon, an individual, to duplicate the search of the

13 MindGeek Corporate Defendants.

14 **Request No. 11:**

15      All documents and communications relating to Your or MindGeek's past or

16 present jurisdictional contacts with the United States or California, including but

17 not limited to, offices, residences, and real estate located in California or any

18 jurisdiction in the United States.

19 **Response to Request No. 11:**

20      Mr. Antoon objects to this Request on the grounds that it is overbroad,

21 unduly burdensome, and seeks documents beyond Mr. Antoon's possession,

22 custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks

23 communications or other documents that are protected by the attorney-client

24 privilege, work product doctrine, or any other applicable privilege or immunity.

25 Moreover, Mr. Antoon objects to the extent this Request seeks information beyond

26 the scope of the jurisdictional discovery authorized by the Court's July 29 Order.

27 Among other things, Mr. Antoon objects because this Request assumes officers,

28 residence, and real estate located in California or the United States at large are

relevant "jurisdictional contacts" in this action.  Mr. Antoon also objects to this Request because it assumes the actions or contacts of the MindGeek Corporate Defendants are relevant to the issue of whether this Court has personal jurisdiction over Mr. Antoon.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 7 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

Subject to the foregoing objections, Mr. Antoon refers Plaintiff to and incorporates herein his responses to Interrogatory No. 4 and agrees to meet and confer should there be remaining questions on this topic.

**Request No. 12:**

All documents and communications relating to Your or MindGeek's personnel or vendors employed, retained, paid, located in, or otherwise providing services in California or any jurisdiction in the United States; political activities in California or any jurisdiction in the United States, including through direct or indirect participation in, or financial support for, lobbying, trade, or industry, or activist organizations; trips to California or any jurisdiction in the United States; servers; revenues, profits, expenses, taxes earned or paid in or from California or any jurisdiction in the United States; and communications or business relationships with, to, from, or in California or any jurisdiction in the United States.

**Response to Request No. 12:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession,

custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 7 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

Subject to the foregoing objections, Mr. Antoon refers Plaintiff to and incorporates herein his responses to Interrogatory No. 4 and agrees to meet and confer should there be remaining questions on this topic.

**Request No. 13:**

All documents reflecting annual revenues, profits and losses, and expenses for each MindGeek Related Entity or MindGeek Tubesite or the entity that owns or controls that platform or website.

**Response to Request No. 13:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Among other things, this Request is not limited to Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded, or to MG Freesites Ltd., the entity that operates Pornhub.  Mr. Antoon further objects

to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 8 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 14:**

All documents concerning, reflecting, describing, or relating to, or comprising of presentations to or from, proposed transactions from, or data and information provided or made available to, any actual or potential investors, lenders, secured parties, licensees, purchasers, or others concerning MindGeek or any MindGeek Related Entity.

**Response to Request No. 14:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Mr. Antoon objects to the terms "or others" and "concerning MindGeek" because they are vague and ambiguous.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 9 to

18

the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 15:**

All transaction documents, term sheets, and communications concerning any actual or proposed transactions involving the ownership of, loans to, secured interest in, or intellectual property or other rights related to MindGeek.

**Response to Request No. 15:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Among other things, Mr. Antoon objects to this Request to the extent it seeks information with respect to "proposed transactions," which bear no relation to whether personal jurisdiction exists with respect to Mr. Antoon.  Mr. Antoon also objects to the term "other rights" because it is vague and ambiguous.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 10 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

19

**Request No. 16:**

For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity.

**Response to Request No. 16:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon objects to this Request because it seeks financial ledgers, lists of investors or managers, lender agreements, payroll and expense records, and sources of payment that are unrelated to any claim in this case or to determining whether personal jurisdiction exists over Mr. Antoon. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 11 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 17:**

For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants.

**Response to Request No. 17:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Mr. Antoon objects to this Request because quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of outside accountants are unrelated to the any claim asserted in this case or to determining whether personal jurisdiction exists over Mr. Antoon.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 12 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 18:**

Your monthly, quarterly, and annual bank and investment statements.

**Response to Request No. 18:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  This Requests seeks information about Mr. Antoon's

personal finances that is wholly unrelated to Fleites or Pornhub, the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to the term "investment statement" as vague and ambiguous.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order.  Indeed, Request No. 24 to the MindGeek Corporate Defendants also seeks information as to payments made to, among others, Mr. Antoon, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 19:**

All documents and communications related to any corporate reorganization by MindGeek and the purposes behind that reorganization.

**Response to Request No. 19:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 14 to the MindGeek Corporate Defendants to seek the same

22

information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 20:**

All documents or communications identifying the various subsidiaries comprising the business of MindGeek.

**Response to Request No. 20:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 15 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 21:**

All documents identifying the directors, managers, members, executives, and personnel of the various subsidiaries comprising the business of MindGeek.

**Response to Request No. 21:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the

23

Court's July 29 Order. Among other things, this request is not related to the individuals or entities that are parties to this action. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 16 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 22:**

All documents identifying the companies organized and existing under the laws of multiple jurisdictions where MindGeek has assets, operates businesses, or provides services and the nature of those assets, businesses, or services.

**Response to Request No. 22:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon objects to the term "the companies" as used in this Request as vague, ambiguous, and overbroad; this Request seeks information about all companies that exist wherever the MindGeek Corporate Defendants have assets. Mr. Antoon therefore interprets "the companies" to mean the MindGeek Corporate Defendants. But even so limited, this Request is overbroad, seeking documents identifying all "assets, business or services" of the MindGeek Corporate Defendants over the entirety of the Relevant Time Period. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it

seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 17 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 23:**

All documents identifying the entities providing services to MG Freesites LTD.

**Response to Request No. 23:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Mr. Antoon objects to the term "the entities" as vague, ambiguous, and overbroad; this Request seeks information about all corporate entities that provide services to MG Freesites Ltd, which, among other things, plainly exceeds the discovery authorized by the Court's July 29 Order.  Mr. Antoon therefore interprets "the entities" to mean the MindGeek Corporate Defendants.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 18 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

25

**Request No. 24:**

All documents identifying the bank accounts, services, payments, written agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations.

**Response to Request No. 24:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon objects to this Request as vague and ambiguous because it seeks information about "bank accounts, services, payments, written agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations" of an unidentified person or entity. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 19 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 25:**

All audited financial statements and all related communications with auditors regarding the same.

**Response to Request No. 25:**

26

Mr. Antoon objects to this Request on the grounds that it is overbroad,
unduly burdensome, and seeks documents beyond Mr. Antoon's possession,
custody, or control.  Mr. Antoon objects to this Request as vague and ambiguous
because it seeks information about "audited financial statements" of an
unidentified person or entity.  Moreover, Mr. Antoon objects to the extent this
Request seeks information beyond the scope of the jurisdictional discovery
authorized by the Court's July 29 Order.  Mr. Antoon further objects to this
Request to the extent it seeks documents outside the Relevant Time Period.  Mr.
Antoon also objects to this Request to the extent it seeks information that can be
obtained from a more convenient and less expensive source, namely, the
MindGeek Corporate Defendants that were also the subject of the Court's July 29
Order.  Indeed, Mr. Antoon interprets Request No. 20 to the MindGeek Corporate
Defendants to seek the same information as this Request, and it would be
unreasonably expensive and disproportionate to the needs of the case to require
Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate
Defendants.

**Request No. 26:**

All documents identifying the distinct legal entities of MindGeek and any of
the MindGeek Related Entities.

**Response to Request No. 26:**

Mr. Antoon objects to this Request on the grounds that it is overbroad,
unduly burdensome, and seeks documents beyond Mr. Antoon's possession,
custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks
information beyond the scope of the jurisdictional discovery authorized by the
Court's July 29 Order.  Mr. Antoon further objects to this Request to the extent it
seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to
this Request to the extent it seeks information that can be obtained from a more
convenient and less expensive source, namely, the MindGeek Corporate

27

Defendants.  Indeed, Mr. Antoon interprets Request No. 21 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 27:**

All documents related to the support services MG Global Entertainment has provided.

**Response to Request No. 27:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon objects to the term "support services" as vague and ambiguous and therefore interprets "support services" to mean services provided by MG Global Entertainment Inc. to other MindGeek Corporate Defendants.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order.  Indeed, Mr. Antoon interprets Request No. 22 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 28:**

All documents related to the services provided by 9219-1568 Quebec Inc.

**Response to Request No. 28:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon objects to the term "services" as vague and ambiguous and therefore interprets "services" to mean services provided by 9219-1568 Quebec Inc. to other MindGeek Corporate Defendants.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 23 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 29:**

All documents relating to MindGeek related payments, investments, or loans to, in, or for any personal affairs, expenses, entities, businesses, real estate, or investments related to You or any of the Individual Defendants, or any of their family members or entities in which either You or a family member holds a direct or indirect interest.

**Response to Request No. 29:**

29

1       Mr. Antoon objects to this Request on the grounds that it is overbroad,

2   unduly burdensome, and seeks documents beyond Mr. Antoon's possession,

3   custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks

4   communications or other documents that are protected by the attorney-client

5   privilege, work product doctrine, or any other applicable privilege or immunity.

6   Moreover, Mr. Antoon objects to the extent this Request seeks information beyond

7   the scope of the jurisdictional discovery authorized by the Court's July 29 Order.

8   Among other things, information about Mr. Antoon's family members is wholly

9   unrelated to any claim in this case or to whether personal jurisdiction exists over

10  Mr. Antoon.  Mr. Antoon further objects to this Request to the extent it seeks

11  documents outside the Relevant Time Period.  Mr. Antoon also objects to this

12  Request to the extent it seeks information that can be obtained from a more

13  convenient and less expensive source, namely, the MindGeek Corporate

14  Defendants.  Indeed, Mr. Antoon interprets Request No. 24 to the MindGeek

15  Corporate Defendants to seek the same information as this Request, and it would

16  be unreasonably expensive and disproportionate to the needs of the case to require

17  Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate

18  Defendants.

19  **Request No. 30:**

20      All documents related to the purported resignation of You and David

21  Tassillo as CEO and COO of MindGeek respectively, including, but not limited to,

22  any documents related to any investigation, allegations, or reports of their using

23  Mindgeek assets and monies for their personal affairs, investments, or businesses.

24  **Response to Request No. 30:**

25      Mr. Antoon objects to this Request on the grounds that it is overbroad,

26  unduly burdensome, and seeks documents beyond Mr. Antoon's possession,

27  custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks

28  communications or other documents that are protected by the attorney-client

privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, Mr. Antoon's resignation occurred after Plaintiff initiated this action and is therefore not jurisdictionally relevant.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 25 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 31:**

All documents or communications depicting, describing, or explaining MindGeek's IT infrastructure and networks, data storage, server and data centers and providers of the same, internal and external communications systems including ICQ, and ISP and Cloud storage services and providers, including the locations and identities of any outside vendors associated with the same.

**Response to Request No. 31:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate

31

Defendants.  Indeed, Mr. Antoon interprets Request No. 26 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 32:**

All contact lists maintained by You or any of the Individual Defendants as well as documents sufficient to show all cell and other phone numbers and messaging services used by each individual.

**Response to Request No. 32:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 27 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

Subject to the foregoing objections, Mr. Antoon refers Plaintiff to and incorporates herein his response to Interrogatory No. 6, and agrees to meet and confer should there be remaining questions on this topic.

**Request No. 33:**

All documents or communications identifying, depicting, explaining, or describing any programs or technology MindGeek acquired, employed, used, or considered to moderate, monitor, format, optimize, filter, review, screen, or remove content on its websites, including the dates such technology was acquired, employed, or considered.

**Response to Request No. 33:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 28 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 34:**

All documents or communications related to MindGeek's policies, manuals, practices, processes, and rules for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on its platforms and websites, including all prohibited words, phrases, categories, and "genres" and all processes and reports concerning search engine optimization of such content.

**Response to Request No. 34:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 29 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 35:**

All documents and communications describing MindGeek's policies and procedures for preserving hard copy and electronic documents and content.

**Response to Request No. 35:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.

Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 30 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 36:**

All documents and communications reflecting rosters, schedules, training materials, performance reviews and metrics for personnel or outside contractors or vendors involved in moderating, formatting, optimization, filtering, screening, or removing content from MindGeek's platforms and websites.

**Response to Request No. 36:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order.  Indeed, Mr. Antoon interprets Request No. 31 to the

35

MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 37:**

All documents and communications identifying all content categories, "genres," or similar descriptors MindGeek has included, recommended, or offered to users of its platforms and websites.

**Response to Request No. 37:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 32 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 38:**

All documents consisting of, or reflecting, reports, communications, data, or actions related to content reviewed or screened by any technology, programs, or

internal or external personnel concerning actual or suspected CSAM, nonconsensual, prohibited, or illegal content.

**Response to Request No. 38:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 33 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 39:**

All documents concerning complaints, reports, communications, and requests concerning CSAM, non-consensual, prohibited, or illegal content on any MindGeek platform or website, including all documents and communications with or concerning any associated investigation, actions, and internal and external communications concerning the same.

**Response to Request No. 39:**

37

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order.  Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon also objects to the term "actions" as vague and ambiguous.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 34 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 40:**

All documents and communications reflecting processes, standards, and technologies that MindGeek employed to prevent the presence of child pornography, CSAM, non-consensual, prohibited, or illegal content on its platforms or websites; the dates on which such processes, standards, and technologies were employed; and the people most knowledgeable about each.

**Response to Request No. 40:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks

communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of the Court's July 29 Order.  Indeed, Mr. Antoon interprets Request No. 35 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 41:**

All documents and communications reflecting policies, practices, rules, guidelines, programs, or plans concerning the moderation, monitoring, review, formatting, analysis or search and social media use and optimization of content on MindGeek platforms and websites, including, but not limited to, with respect to content uploaded with associated languages other than English.

**Response to Request No. 41:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond

the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 36 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 42:**

All documents and communications concerning MindGeek's policies, practices, and compliance related to 18 U.S.C. § 2257.

**Response to Request No. 42:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants that were also the subject of

the Court's July 29 Order. Indeed, Mr. Antoon interprets Request No. 37 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 43:**

All materials and information provided to Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

**Response to Request No. 43:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 38 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 44:**

41

All communications between You and Kaplan, Hecker, & Fink in connection with its review of MindGeek's practices as reported in the June 20, 2022 New Yorker magazine.

**Response to Request No. 44:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 38 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 45:**

The report and recommendations provided to MindGeek by Kaplan, Hecker & Fink.

**Response to Request No. 45:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 39 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 46:**

Any internal or external expert or consultant reports provided to MindGeek concerning its technology, processes, policies, and practices concerning CSAM, nonconsensual, prohibited, or illegal content.

**Response to Request No. 46:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 40 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and

disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 47:**

All documents and communications related to the implementation of the recommendations provided to MindGeek by Kaplan, Hecker & Fink or any internal or external expert or consultant concerning CSAM, nonconsensual, prohibited, or illegal content.

**Response to Request No. 47:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 41 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 48:**

The list of content MindGeek provided to NCMEC as reported in the June 20, 2022 New Yorker magazine, and the associated dates of upload; URL's; IP addresses; uploader identifiers; associates tags, descriptions, titles, comments, and categories; engagement and other monitoring metrics; and data and information

concerning any review, moderation, screening, modification, tracking, complaints,
deletion, or revenue generation associated with such content.

**Response to Request No. 48:**

Mr. Antoon objects to this Request on the grounds that it is overbroad,
unduly burdensome, and seeks documents beyond Mr. Antoon's possession,
custody, or control.  Moreover, Mr. Antoon objects to the extent this Request seeks
information beyond the scope of the jurisdictional discovery authorized by the
Court's July 29 Order.  Mr. Antoon further objects to this Request to the extent it
seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to
this Request to the extent it seeks information that can be obtained from a more
convenient and less expensive source, namely, the MindGeek Corporate
Defendants.  Indeed, Mr. Antoon interprets Request No. 42 to the MindGeek
Corporate Defendants to seek the same information as this Request, and it would
be unreasonably expensive and disproportionate to the needs of the case to require
Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate
Defendants.

**Request No. 49:**

All documents or communications concerning any internal or external
review of MindGeek content for CSAM, non-consensual, prohibited, or illegal
content, including, but not limited to, the review undertaken beginning in or about
the end of 2020 and the beginning of 2021 and the review that led to the report to
NCMEC that was described in the June 20, 2022 New Yorker magazine.

**Response to Request No. 49:**

Mr. Antoon objects to this Request on the grounds that it is overbroad,
unduly burdensome, and seeks documents beyond Mr. Antoon's possession,
custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks
communications or other documents that are protected by the attorney-client
privilege, work product doctrine, or any other applicable privilege or immunity.

1  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond
2  the scope of the jurisdictional discovery authorized by the Court's July 29 Order.
3  Among other things, this Request is not limited to Pornhub, which is the only
4  tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr.
5  Antoon further objects to this Request to the extent it seeks documents outside the
6  Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it
7  seeks information that can be obtained from a more convenient and less expensive
8  source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon
9  interprets Request No. 43 to the MindGeek Corporate Defendants to seek the same
10  information as this Request, and it would be unreasonably expensive and
11  disproportionate to the needs of the case to require Mr. Antoon, an individual, to
12  duplicate the search of the MindGeek Corporate Defendants.

13  **Request No. 50:**

14      All documents or communications related to the purchase, upload, or
15  distribution of content to any MindGeek platform or MindGeek Tubesite, any
16  MindGeek Related Entity, or any person or entity working for MindGeek or a
17  MindGeek related entity.

18  **Response to Request No. 50:**

19      Mr. Antoon objects to this Request on the grounds that it is overbroad,
20  unduly burdensome, and seeks documents beyond Mr. Antoon's possession,
21  custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks
22  communications or other documents that are protected by the attorney-client
23  privilege, work product doctrine, or any other applicable privilege or immunity.
24  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond
25  the scope of the jurisdictional discovery authorized by the Court's July 29 Order.
26  Mr. Antoon further objects to this Request to the extent it seeks documents outside
27  the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it
28  seeks information that can be obtained from a more convenient and less expensive

1  source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon

2  interprets Request No. 44 to the MindGeek Corporate Defendants to seek the same

3  information as this Request, and it would be unreasonably expensive and

4  disproportionate to the needs of the case to require Mr. Antoon, an individual, to

5  duplicate the search of the MindGeek Corporate Defendants.

6  **Request No. 51:**

7       All documents or communications reflecting agreements or relationships

8  with any banks, credit card networks, payment processors, or similar entities

9  concerning the processing of payments for products, services, advertising, or

10  otherwise through MindGeek's platforms or websites.

11  **Response to Request No. 51:**

12       Mr. Antoon objects to this Request on the grounds that it is overbroad,

13  unduly burdensome, and seeks documents beyond Mr. Antoon's possession,

14  custody, or control.  Mr. Antoon also objects to this Request to the extent it seeks

15  communications or other documents that are protected by the attorney-client

16  privilege, work product doctrine, or any other applicable privilege or immunity.

17  Moreover, Mr. Antoon objects to the extent this Request seeks information beyond

18  the scope of the jurisdictional discovery authorized by the Court's July 29 Order.

19  This Request does not even identify the entities or persons whose "agreements or

20  relationships" it seeks information about.  Mr. Antoon further objects to this

21  Request to the extent it seeks documents outside the Relevant Time Period.  Mr.

22  Antoon also objects to this Request to the extent it seeks information that can be

23  obtained from a more convenient and less expensive source, namely, the

24  MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 45

25  to the MindGeek Corporate Defendants to seek the same information as this

26  Request, and it would be unreasonably expensive and disproportionate to the needs

27  of the case to require Mr. Antoon, an individual, to duplicate the search of the

28  MindGeek Corporate Defendants.

47

**Request No. 52:**

All documents concerning communications with the media, news organizations, journalists, legislators, law enforcement, regulators, quasi-governmental agencies, media relations companies, the Free Speech Coalition, 5wPR, or on social media platforms either directly, through aliases, or through agents, surrogates, or other social media participants concerning CSAM, nonconsensual, prohibited, or illegal content on MindGeek's platforms or websites or internal or external news, media or other reports, allegations, or complaints regarding the same.

**Response to Request No. 52:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 46 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 53:**

All documents sufficient to show all copyright DCMA take down notices MindGeek has issued.

48

**Response to Request No. 53:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded. Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period. Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants. Indeed, Mr. Antoon interprets Request No. 47 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

**Request No. 54:**

All documents reflecting DCMA take down notices MindGeek has received and the responses it made to each.

**Response to Request No. 54:**

Mr. Antoon objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents beyond Mr. Antoon's possession, custody, or control. Mr. Antoon also objects to this Request to the extent it seeks communications or other documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Moreover, Mr. Antoon objects to the extent this Request seeks information beyond

the scope of the jurisdictional discovery authorized by the Court's July 29 Order. Among other things, this Request is not limited to Pornhub, which is the only tubesite on which Plaintiff alleges content depicting her was uploaded.  Mr. Antoon further objects to this Request to the extent it seeks documents outside the Relevant Time Period.  Mr. Antoon also objects to this Request to the extent it seeks information that can be obtained from a more convenient and less expensive source, namely, the MindGeek Corporate Defendants.  Indeed, Mr. Antoon interprets Request No. 48 to the MindGeek Corporate Defendants to seek the same information as this Request, and it would be unreasonably expensive and disproportionate to the needs of the case to require Mr. Antoon, an individual, to duplicate the search of the MindGeek Corporate Defendants.

[SIGNATURE PAGE FOLLOWS]

October 20, 2022

Respectfully submitted,

/s/ *Jason Brown*
Jason Brown (admitted pro hac vice)
jbrown@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue
New York, NY  10022
Telephone: (212) 957-7609

*Attorneys for Defendant Feras Antoon*