# Exhibit K

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-04920 CJC (ADSx)     Date: February 3, 2023

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION AND INTERROGATORIES (DKT. NO. 224)**

## I. INTRODUCTION

Plaintiff Serena Fleites ("Plaintiff") brings this action against Defendants MindGeek S.A.R.L., MG Freesites Ltd., MindGeek USA Inc., MG Premium Ltd., MG Global Entertainment Inc., 9219-1568 Quebec, Inc., Bernd Bergmair, Feras Antoon, Davis Tassillo, Corey Urman (collectively, "MindGeek Defendants"), and Bergmair Does 1-5 (collectively, "Defendants"). Plaintiff alleges that Defendants run one of the largest human trafficking ventures in the world and solicited, optimized, commercialized, and monetized Plaintiff's child sexual abuse material. (Dkt. No. 124-3 at 4, 169-71.) Plaintiff further allege that "MindGeek used its byzantine international corporate structure of hundreds of sham shell corporations to mask the process and launder the payments." (Id. at 7.)

Before the Court is Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's Requests for Production and Interrogatories. (Dkt. No. 224.) Plaintiff seeks to compel jurisdictional discovery the Court ordered Defendants to undergo in order to determine if MindGeek S.A.R.L. and MG Premium Ltd. are subject to the Court's personal jurisdiction. See (Dkt. No. 167.) Specifically, Plaintiff's motion seeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)            Date: February 3, 2023

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

responses to Request for Production ("RFP") Nos. 1, 6, 13, 26, and 27, along with responses to Interrogatory Nos. 4, 9, 10, and 14.

On January 11, 2023, the Court held a hearing on Plaintiff's Motion to Compel. (Dkt. No. 249.) During the hearing, the parties explained that a core dispute between them was the scope of jurisdictional discovery related to Plaintiff's alter ego theory of specific personal jurisdiction. The Court ordered the parties to meet and confer in an effort to resolve as many issues raised in the motion as possible, and to file a joint statement by January 20, 2023 setting forth the remaining disputes. The Court took Plaintiff's motion under submission. The parties filed their joint statement on January 20, 2023 and notified the Court that five requests remain in dispute: RFP Nos. 1, 6, and 26, along with Interrogatory Nos. 9 and 10. (Dkt. No. 255.)

## II. LEGAL STANDARD

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining, and supporting its objections with competent evidence." United States v. McGraw-Hill Cos., Inc., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (internal citations omitted).

The Ninth Circuit has adopted a three-prong test to evaluate a claim of specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                             Date:  February 3, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

    Though courts in this district have embraced jurisdictional discovery that is broad in scope, jurisdictional discovery requests must still be tailored to seek discovery that relates to an opposing party's jurisdictional contacts.  See, e.g., Voice Int'l, Inc. v. Oppenheimer Cine Rental, LLC, No. 215CV08830JAKKSX, 2016 WL 6674989, at *3 (C.D. Cal. May 3, 2016) (granting jurisdictional discovery request that concerned court with its breadth because the request would have a "bearing on meeting [p]laintiff's burden" in establishing jurisdiction); Robin Singh Educ. Servs., Inc. v. Nathan Cepelinski, No. CV207516DSFPVCX, 2021 WL 945243, at *11-12 (C.D. Cal. Jan. 26, 2021) (entering protective order to prevent plaintiff from pursuing several jurisdictional discovery requests where the requests sought information that did not relate to defendant's jurisdictional contacts with the forum).

    While it is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes, the alter ego test is an exception.  Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1134 (9th Cir. 2003).  To satisfy the alter ego test, a plaintiff:

> must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.  The unity of interest and ownership prong of this test requires a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former.  This test envisions pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation.

Ranza v. Nike, Inc., 793 F.3d 1059, 1073 (9th Cir. 2015) (internal citations and quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)          Date: February 3, 2023

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

### III. DISCUSSION

#### A. REQUEST FOR PRODUCTION NO. 1

Plaintiff's RFP No. 1 requests, "All documents and communications concerning Serena Fleites."

Plaintiff argues that this request is relevant to the Court's jurisdictional analysis because it "will reveal which entities and individuals were communicating about Plaintiff, which entities were directing actions to be taken with respect to Plaintiff's videos, and which entities had roles in optimizing and monetizing Plaintiff's CSAM." (Dkt. No. 224 at 23.)

The Motion to Compel is granted. The Court finds that RFP No. 1 seeks documents that are relevant to the Court's jurisdictional analysis. For example, these documents will identify which Defendants were engaged in forum-related activity related to Plaintiff's claims. They also bear on Plaintiff's alter ego theory and may show which Defendants exerted control in regards to Plaintiff's CSAM. The Court orders Defendants to produce all responsive documents.

#### B. REQUEST FOR PRODUCTION NO. 6

Plaintiff's RFP No. 6 seeks:

> All documents identifying all MindGeek or outside person or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise.

Plaintiff asserts that RFP No. 6 relates to pervasive control for alter ego because "[t]his information is critical to the Court's assessment of jurisdictional [sic] over the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)    Date: February 3, 2023

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

objecting MindGeek entities because it concerns which entities and individuals exercise operational control over Pornhub and the other MindGeek tubesites that monetized and commercialized Plaintiff's CSAM." (Id. at 29.) At the January 11, 2023 hearing, Defendants explained that they had already produced, or were in the process of producing, documents sufficient to show which MindGeek entities employ the individuals who moderate MindGeek's tubesites, along with which entities pay those individuals. Defendants also committed to "identif[y] which entities employed the individuals who performed the functions in question and will supplement their response to confirm that the individuals who supervised those employees and the individuals who had responsibility for the policies and procedures related to those functions were all employed by the same entities." (Id. at 37.) Defendants oppose the remainder of RFP No. 6 on the grounds that it is overly burdensome and does not relate to alter ego or jurisdictional discovery, as the identities of the individuals at issue here would have no bearing on Defendants' forum-related contacts or pervasive control.

The Motion to Compel is granted in part. In addition to the documents Defendants have agreed to produce, the Court orders Defendants to produce documents sufficient to show the location, but not the names, of the individuals identified in response to RFP No. 6. The location of those individuals will assist the Court in determining whether Defendants had any forum-related contacts.

### C.    INTERROGATORY NO. 9

Plaintiff's Interrogatory No. 9 states:

Identify by name and address all entities or individuals paid or provided any consideration identified in response to Interrogatory 8.

For context, Interrogatory No. 8 requested Defendants to identify who paid the individuals at issue in RFP No. 6. Defendants' response stated that MG Premium Ltd., a Defendant contesting jurisdiction, was one of the MindGeek entities that employed some of the individuals at issue. Similar to RFP No. 6, Plaintiff asserts Interrogatory No. 9 seeks information related to their alter ego theory. (Id. at 29.) Defendants committed to provide a response that explained which MindGeek entities paid and employed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)     Date: February 3, 2023

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

individuals at issue in Interrogatory No. 9. Defendants objected to any further response on similar grounds as their objections to RFP No. 6.

The Motion to Compel is granted in part. The Court orders Defendants to identify the location, but not the names, of the individuals identified in response to Interrogatory No. 9. Similar to RFP No. 6, the Court finds that the locations of these individuals will assist the Court in determining whether Defendant had any forum-related contacts relevant to the topics at issue in RFP No. 6. Given Defendants' admission that MG Premium Ltd. was one of the entities that employed the individuals at issue, the location of those employees could establish forum-related contacts for MG Premium Ltd.

### D.     REQUEST FOR PRODUCTION NO. 26

Plaintiff's RFP No. 26 states:

All documents depicting, describing, or explaining MindGeek's IT infrastructure and networks, data storage, server and data centers and providers of the same, internal and external communications systems including ICQ, and ISP and Cloud storage services and providers, including the locations and identities of any outside vendors associated with the same.

Plaintiff argues that this request is relevant to jurisdictional discovery and her alter ego theory. Specifically, this discovery would relate to the inner workings of the MindGeek entities and whether or not there was merely a façade of corporate separateness. (Id. at 25.) The Court notes that Defendants have committed to produce information regarding "the location of servers that host content for other tubesites [besides Pornhub]" as Defendants had already committed to producing the location of servers hosting content for Pornhub. (Id. at 34.) Defendants assert that the remainder of RFP No. 26 does not seek information relevant to the Court's jurisdictional analysis. Specifically, Defendants argued at the January 11, 2023 hearing that the IT infrastructure Defendants use does not relate to any jurisdictional contacts between the forum and the Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-04920 CJC (ADSx)          Date: February 3, 2023

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

     The Motion to Compel is granted in part. The Court orders Defendants to produce documents sufficient to show the location of servers and technology centers used to store and transmit content or operate or support any MindGeek tubesites. The Court is not convinced that documents related to how Defendants' IT infrastructure operates and functions is appropriately proportional for the Court's jurisdictional analysis.

     **E.**     **INTERROGATORY NO. 10**

     Plaintiff's Interrogatory No. 10 states:

     Identify the location of all MindGeek servers and technology centers used to store and transmit content or operate or support any MindGeek websites.

     Plaintiff uses the same arguments to support Interrogatory No. 10 that she did for RFP No. 26. Defendants' arguments opposing Interrogatory No. 10 are also largely the same as those they opposed RFP No. 26 with. The Court notes that Defendants committed to producing information regarding "the location of servers that host content for other tubesites [besides Pornhub]" as they had already produced the location of servers hosting content for Pornhub. (Id. at 34.)

     The Motion to Compel is granted. The Court orders Defendants to identify the location of all MindGeek servers and technology centers used to store and transmit content or operate or support any MindGeek tubesites. The Court's Order regarding jurisdictional discovery noted that "[t]he Court is not convinced by the MindGeek Entity Defendants' conclusory, vague denial of ownership of any servers in the United States, as they fail to identify where the servers are otherwise located." (Dkt. No. 167 at 5 n.5.) Accordingly, the location of servers and technology centers that support MindGeek tubesites, not simply Pornhub, are relevant to the Court's jurisdictional analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  2:21-04920 CJC (ADSx)                                    Date:  February 3, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

**IV.    CONCLUSION**

Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART.  IT IS ORDERED** that, on or before February 24, 2023, or a date mutually agreed to by the parties, Defendants shall produce all documents responsive to the granted requests.

Furthermore, the Court notes that Defendants agreed to produce certain documents and information at the January 11, 2023 hearing and during the subsequent meet and confer with Plaintiff.  To the extent Defendants have not completed those productions, they are ordered to do so on or before February 24, 2023, or a date mutually agreed to by the parties.

**IT IS SO ORDERED.**

Initials of Clerk kh