# EXHIBIT L

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:   Autumn D. Spaeth<br><br>**DECLARATION OF MICHELLE HART YEARY IN OPPOSITION TO MOTION BY PLAINTIFF TO COMPEL MINDGEEK ENTITY DEFENDANTS' RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Hearing:    December 21, 2022<br>Time:       10:00 a.m.<br>Courtroom:  6B<br><br>Jurisdictional Discovery Deadline: December 30, 2022 |

CASE NO. 2:21-cv-04920
**DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

1  I, Michelle Hart Yeary, do hereby declare and state as follows:

2  I am Counsel with the law firm Dechert LLP, attorneys of record for the MindGeek Entity Defendants in the above-captioned action. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto:

1. I make this declaration in opposition to Plaintiff's Motion to Compel MindGeek Entity Defendants' Responses to Interrogatories and Requests for Production of Documents.

2. On September 22, 2022, the MindGeek Entity Defendants served on Plaintiffs a proposed Protective Order and ESI Protocol. The same day, the MindGeek Entity Defendants served their responses and objections to Plaintiff's First Set of Interrogatories. Because the Parties had not yet agreed to the terms of a Protective Order, the MindGeek Entity Defendants redacted the confidential portions of their interrogatory responses.

3. Within hours after the MindGeek Entity Defendants served their discovery responses, Plaintiff requested a meet and confer without first providing a letter to the MindGeek Entity Defendants outlining the disputed discovery issues. Plaintiff proposed to meet and confer on September 26, 2022. Even though Plaintiff failed to adhere to the requirements of Local Rule 37.1, the MindGeek Entity Defendants agreed. Due to scheduling conflicts, the meet and confer was moved to September 27, 2022. In the meantime, on September 26, the Parties had a call to discuss the draft Protective Order and ESI Protocol.

4. Thirty-four minutes before the meet and confer on September 27, 2022, Plaintiff sent the MindGeek Entity Defendants a 7-page letter which for the first time set forth her objections to these Defendants' discovery responses. The Parties discussed their disagreements over the draft Protective Order and ESI Protocol. They also discussed preliminarily the issues raised in the letter that had been sent just minutes before the call.

1  CASE NO. 2:21-cv-04920
**DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

5. On September 29, 2022, the MindGeek Entity Defendants sent Plaintiff their own Rule 37.1 letter outlining their issues with Plaintiff's additions to the Protective Order. In that letter, the MindGeek Entity Defendants notified Plaintiff that they would be prepared to meet and confer on the issues raised in her September 27, 2022 letter by October 4, 2022.

6. The October 4, 2022 meet and confer, however, became focused on negotiating the Protective Order and a discussion of Plaintiff's recently served Motion for Letters Rogatory directed to various Grant Thornton entities. Because that meeting did not address Plaintiff's discovery disputes, on October 12, 2922, the MindGeek Entity Defendants sent a written response to Plaintiff's Rule 37.1 letter.

7. The Court entered the Parties' stipulated Protective Order on Friday, October 14, 2022 and the MindGeek Entity Defendants served unredacted Interrogatory responses on Monday October 17, 2022.

8. The MindGeek Entity Defendants made their first production of documents one week after the entry of the Protective Order, on October 21, 2022. This production included:

    a. MG Global Entertainment's lease for office space in California;

    b. The Intellectual Property License Agreements for Pornhub.com dated January 1, 2013, December 19, 2018, December 31, 2018, May 10, 2018, and June 9, 2020;

    c. Corporate organizational charts for 2014 through 2021;

    d. Annual Reports and Audited Financial Statements for MG Freesites Ltd for 2014 through 2019;

    e. Audited Consolidated Financial Statements for 9219-1568 Quebec Inc. for 2014 through 2019;

    f. Annual Reports and Audited Financial Statements for MG Premium Ltd for 2014 through 2019;

   g. Audited Consolidated Financial Statements for MindGeek S.a.r.l for 2014 through 2019;

   h. Executive Employment Agreements between 9219-1568 Quebec Inc., on the one hand, and Defendants Corey Urman, Feras Antoon, and David Tassillo, on the other hand; and

   i. MindGeek Group Financial Reporting Packages for all MindGeek entities for 2014 through June 2021, which include:

     i. Consolidated Statements of Earnings by business unit;

     ii. Stand-Alone Balance Sheets;

     iii. Consolidated Statements of Cash Flow; and

     iv. Auditor's Notes.

9. Plaintiff requested another meet and confer on her objections to the MindGeek Entity Defendants' discovery responses and that meet and confer took place on October 31, 2022.

10. The MindGeek Entity Defendants made their second production of documents on November 10, 2022. This production included:

   a. The October 18, 2013 Shareholders Agreement among MindGeek Holding Inc., Share Investments S.A., Coginvest S.A., Acaju Investments S.A., Manwin RK, S.a.r.l., RK Holdings, LLC, MindGeek S.a.r.l. and RT Holding S.a.r.l., and its March 22, 2018 amendment;

   b. Documents showing asset transfers as a result of corporate reorganizations;

   c. Minutes of Board of Directors Meetings[1] for MG Freesites Ltd between 2015 and 2020;

   d. Minutes of Board of Directors Meetings for MG Premium Ltd

---

[1] For the foreign entities, references to board of directors meetings, shareholder meetings and other corporate formalities are intended to refer to the relevant foreign equivalents.

between 2015 and 2020;

  e. Minutes of Board of Managers Meetings for MindGeek S.a.r.l between 2014 and 2020;

  f. Minutes of Annual General Meetings of Shareholders for MindGeek S.a.r.l. between 2015 and 2021;

  g. Board Resolutions for MG Freesites Ltd between 2014 and 2020;

  h. Board Resolutions for MG Premium Ltd between 2018 and 2020;

  i. Board Resolutions for MindGeek S.a.r.l. between 2014 and 2020;

  j. Resolutions of the Shareholders of MindGeek S.a.r.l. between 2015 and 2020;

  k. MG Freesites Ltd's Certificate of business registration;

  l. MG Freesites Ltd's Articles of Association;

  m. D.C.I. Daily Capital Investment Limited's[2] Memorandum and Articles of Incorporation;

  n. D.C.I. Daily Capital Investment Limited's Certificate of Incorporation;

  o. D.C.I. Daily Capital Investment Limited's Certificate of Change of Name to MG Freesites Ltd;

  p. MG Premium Ltd's Certificate of business registration;

  q. MG Premium Ltd's Articles of Association;

  r. Froytal Services Ltd's[3] Memorandum and Articles of Incorporation;

  s. Froytal Services Ltd's Certificate of Incorporation;

  t. Froytal Services Ltd's Certificate of Change of Name to MG Premium Ltd;

---

[2] This entity subsequently changed its name to MG Freesites Ltd.

[3] This entity subsequently changed its name to MG Premium Ltd.

u. MindGeek S.a.r.l.'s Articles of Incorporation;

v. 9219-1568 Quebec Inc.'s corporate filings;

w. 9219-1568 Quebec Inc.'s Articles of Incorporation;

x. MG Global Entertainment Inc.'s corporate filings;

y. Playboy Plus Entertainment Inc.'s[4] by-laws;

z. Playboy Plus Entertainment Inc.'s Certificate of Incorporation;

aa. Playboy Plus Entertainment Inc.'s Certificate of Name Change to MG Global Entertainment Inc.;

bb. MG Global Entertainment Inc.'s Certificate of Good Standing;

cc. Dividend payouts to Defendants Feras Antoon, David Tassillo, and Corey Urman from June 2014 to June 2021; and

dd. Compensation paid to Feras Antoon, David Tassillo, and Corey Urman from June 2014 to June 2021.

11. The Parties had an additional meet and confer call on November 14, 2022 to discuss the MindGeek Entity Defendants' discovery requests to Plaintiff. During that conversation, counsel for the MindGeek Entity Defendants confirmed, consistent with earlier correspondence, that despite extensive searching they had not been able to locate any information about the videos described by Plaintiff in her First Amended Complaint. Counsel emphasized that they wanted to provide any documentation related to those videos in their possession but needed information in Plaintiff's possession to help locate them. Plaintiff refused again to provide any further information to assist in that process.

12. On November 28, 2022, counsel for the MindGeek Entity Defendants e-mailed Plaintiff's counsel regarding Plaintiff's Request for Production No. 1 ("RFP 1"), Interrogatory No. 8, and Interrogatory No. 10. With respect to RFP 1, the MindGeek Entity Defendants noted that after a reasonable search they had located

---

[4] This entity subsequently changed its name to MG Global Entertainment Inc.

materials related to other content that was uploaded after Plaintiff was an adult and communications regarding the attempts to find Plaintiff's content following her interview with the New York Times and that those documents would be produced shortly (and were produced on November 29, 2022). The MindGeek Entity Defendants conveyed their intention to amend their response to Interrogatory No. 10 to identify the location of servers that host content for other tubesites[5] in addition to Pornhub, and their response to Interrogatory 8 to identify the MindGeek entities that employed and compensated the individuals who performed moderation, monitoring, review, and formatting of content for other tubesites at the time Plaintiff alleges her content was uploaded to a MindGeek website, including the individuals who had responsibility for the policies and procedures relating to these activities. The MindGeek Entity Defendants asked whether these actions would moot the disputes as to these three discovery requests. Plaintiff informed the MindGeek Entity Defendants that this additional information would not moot their motion as to those requests.

13. The MindGeek Entity Defendants made their third production of documents on November 29, 2022. This production consisted of:

    a. Internal communications regarding attempts made to locate content depicting Plaintiff when she was underage;

    b. Minutes of Annual General Meetings of MG Freesites Ltd for 2019 and 2020;

    c. Minutes of Extraordinary Shareholder's Meeting of MG Freesites Ltd in March 2021;

    d. Minutes of Annual General Meetings of MG Premium Ltd for 2020 and 2021;

---

[5] Websites referred to as "paysites" offer certain subscription-based content, as opposed to "tubesites" that hosted user generated content. *See* Decl. of Andreas Alkiviades Andreou in Sup. of the MindGeek Def's.' Mot. to Dismiss at ¶ 24 [Dkt. 139-3]. In addition to the tubesite Pornhub.com, MindGeek also owns and operates Tube8.com, Redtube.com, and YouPorn.com (collectively referred to herein as "tubesites").

   e. Minutes of Board of Directors Meetings for MG Premium Ltd between 2015 and 2016;

   f. Minutes of Extraordinary Shareholder's Meeting of MG Premium Ltd in March 2021;

   g. Corporate Annual Returns for MG Freesites Ltd for years 2013 through 2019;

   h. Corporate Annual Returns for MG Premium Ltd for years 2013 through 2019;

   i. 9219-1568 Quebec Inc.'s by-laws;

   j. 9219-1568 Quebec Inc.'s register of directors;

   k. 9219-1568 Quebec Inc.'s securities register;

   l. Board Resolutions, Directors' Resolutions, Notices of Designation, Resolutions of the Sole Shareholder for 9219-1568 Quebec Inc. between 2014 and 2021;

   m. Written Consents to Take Action by Board of Directors of MindGeek USA Incorporated;

   n. Written Consents to Take Action by Shareholders of MindGeek USA Incorporated;

   o. Written Consents to Take Action by Board of Directors of MG Global Entertainment Inc.;

   p. Board Resolutions for MindGeek USA Incorporated;

   q. MindGeek USA Incorporated's by-laws;

   r. Corporate filings for MindGeek USA Incorporated;

   s. Manwin USA, Inc.'s[6] Certificate of Incorporation;

   t. Manwin USA, Inc.'s Certificate of Amendment of Certificate of Incorporation to change name to MindGeek USA Incorporated;

---

[6] This entity subsequently changed its name to MindGeek USA Incorporated.

7   CASE NO. 2:21-CV-04920

**DECLARATION IN SUPPORT OF MINDGEEK ENTITY DEFENDANTS' MOTION TO COMPEL**

    u. MG Global Entertainment Inc.'s Board Resolutions, Officer Certificates, and Written Consents of the Board of Directors between 2014 and 2020, corporate filings and by-laws;

    v. Service Agreements between MG Premium Ltd and 9219-1568 Quebec Inc. dated January 1, 2013 and January 1, 2014;

    w. Service Agreements between MG Freesites Ltd and 9219-1568 Quebec Inc. dated January 1, 2013 and January 1, 2014;

    x. Service Agreements between MG Cyprus Ltd and 9219-1568 Quebec Inc. dated January 1, 2013 and January 1, 2014; and

    y. Spreadsheet of information related to Plaintiff's Pornhub account and content uploaded to Pornhub.com after she was an adult.

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

  Executed this 30nd day of November 2022 at Cherry Hill, New Jersey.

          Respectfully submitted,

           /s/ *Michelle Hart Yeary*
          Michelle Hart Yeary