1  Adam B. Korn (SBN 331133)
   abkorn@mintz.com
2  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   2049 Century Park East, Suite 300
3  Los Angeles, CA 90067
   Telephone: (310) 586-3200
4
   Peter A. Chavkin (*Pro Hac Vice*)
5  pchavkin@mintz.com
   Kerime S. Akoglu (*Pro Hac Vice*)
6  ksakoglu@mintz.com
   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
7  919 Third Avenue
   New York, NY 10022
8  Telephone: (212) 935-3000

9  Peter A. Biagetti (*Pro Hac Vice*)
   pabiagetti@mintz.com
10 MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   One Financial Center
11 Boston, MA 02111
   Telephone: (617) 542-6000
12 Attorneys for Specially-Appearing Defendant,
   COREY URMAN

13
                UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA

15 | SERENA FLEITES,                                          | CASE NO.  2:21-cv-4920-CJC-ADS
16 |                                                          | **DISCOVERY MATTER**
   |           Plaintiff,                                     |
17 |    vs.                                                   | [Discovery Document: Referred to Magistrate Judge Autumn Spaeth]
18 | MINDGEEK S.A.R.L. a foreign entity; MG                   | **DECLARATION OF ADAM B. KORN IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**
   | FREESITES, LTD., a foreign entity;                       |
19 | MINDGEEK USA INCORPORATED, a                             |
   | Delaware corporation; MG PREMIUM LTD,                    |
20 | a foreign entity; MG GLOBAL                              |
   | ENTERTAINMENT INC., a Delaware                           |
21 | corporation, 9219-1568 QUEBEC, INC., a                   |
   | foreign entity; BERND BERGMAIR, a                        |
22 | foreign individual; FERAS ANTOON, a                      |
   | foreign individual; DAVID TASSILLO, a                    |
23 | foreign individual; COREY URMAN, a                       |
   | foreign individual; VISA INC., a Delaware                |
24 | corporation; COLBECK CAPITAL DOES 1-                     |
   | 10; and BERGMAIR DOES 1-5,                               | Dept.: 6B
25 |                                                          | Judge: Hon. Autumn D. Spaeth
26 |           Defendants.                                    | Complaint Filed  June 17, 2021

27
                                    1
28 KORN DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS
   OF PLAINTIFF'S MOTION TO COMPEL COREY URMAN'S RESPONSES TO PLAINTIFF'S
       FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES

I, Adam B. Korn, declare:

1. I am an attorney in the law firm of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., counsel for Specially-Appearing Defendant Corey Urman ("Mr. Urman" or "Defendant") in the above captioned action, and have personal knowledge of the matters set forth in this declaration. I am admitted to practice before this Court. I make this Declaration in Support of Plaintiff's Application for Leave to File Under Seal Portions of Plaintiff's Notice of Motion and Motion to Compel Defendant Corey Urman's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories (Dkt. 268) ("Application") and Exhibits 4, 7, 8 and P thereto.

2. Plaintiff's Notice of Motion and Motion to Compel Defendant Corey Urman's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories ("Supplemental Brief") was deemed to contain confidential information by Defendant, Mr. Urman. Defendant maintains that public access to these documents would disclose confidential business information as well as PII including his personal and private contact information public.

3. Plaintiff filed an Application For Leave to File Under Seal and a Proposed Order Re: Supplemental Briefing (See Dkts. 168, 168-1 – 168-6, and 169), **but Plaintiff's failed to include in their motion to seal application and proposed order the page lines of the Motion to Compel Stipulation that needed to be sealed or request in their proposed order that certain lines of the Motion to Compel Stipulation be sealed.**

4. On February 9, 2023, the date these documents were filed by Plaintiff, I asked Plaintiff's counsel to revise their application to seal papers and the proposed order accompanying the application. Plaintiff's counsel refused to file an Amended Application for Leave to File Under Seal and Proposed Order. Attached herewith is a

revised Proposed Order setting out Plaintiff's previously redacted material which the parties are requesting be sealed.

5.  This request is narrowly tailored as it only seeks to seal approximately one page of text in an 84-page joint stipulation and a limited number of accompanying exhibits, which contain non-public information about business operations including proprietary information and personally identifiable information that have been designated "Confidential" in accordance with the protective order. Dkt. 187.

6.  Plaintiff does not oppose the sealing of this limited information and has been aware since January 10, 2023 that Mr. Urman is seeking to seal this limited confidential information.

7.  Defendant therefore requests that the Court seal the following document referenced above as follows:

| **DOCUMENT** | **MATERIAL TO BE SEALED** | **DESIGNATING PARTY** |
|---|---|---|
| **Dkt. No. 267 Plaintiff's Notice of Motion and Motion to Compel Defendant Corey Urman's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | 4:1-4;<br>7:1-3;<br>43:1-4, 8-9, 14-25;<br>44:1-13;<br>45:5-8;<br>68:27-69:6. | Specifically Appearing Defendant Corey Urman |
| **Dkt. No. 268-3 Exhibit 4 to Plaintiff's Notice of Motion and Motion to Compel Defendant Corey Urman's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | Whole Document | Specifically Appearing Defendant Corey Urman |

| DOCUMENT | MATERIAL TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Dkt. No. 268-4 Exhibit 7 to Plaintiff's Notice of Motion and Motion to Compel Defendant Corey Urman's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories | Whole Document | Specifically Appearing Defendant Corey Urman |
| Dkt. No. 268-5 Exhibit 8 to Plaintiff's Notice of Motion and Motion to Compel Defendant Corey Urman's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories | Whole Document | Specifically Appearing Defendant Corey Urman |
| Dkt. No. 268-6 Exhibit P to Plaintiff's Notice of Motion and Motion to Compel Defendant Corey Urman's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories | Whole Document | Specifically Appearing Defendant Corey Urman |

8. Although there is a federal common law right to access public records and documents, it is well established that "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing[.]" *Id.*

9. Factors considered by courts in determining whether the right of access is overcome include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for

scandalous or libelous purposes or infringement upon trade secrets." *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990).

10. In determining whether the "compelling reasons" standard is met, the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (citation, alteration, and internal quotations mark omitted). Courts have found that such compelling reasons exist when the filing could "become a vehicle for improper purposes," such as release of trade secrets or confidential business information. *Id.* (quoting *Nixon*, 435 U.S. at 598). In the Ninth Circuit, courts have adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 10, 2023 in Los Angeles, California.

                                          */s/ Adam B. Korn*
                                          Adam B. Korn

KORN DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES