1   DAN MARMALEFSKY (CA SBN 95477)
2   DMarmalefsky@mofo.com
    Morrison & Foerster LLP
3   707 Wilshire Boulevard
    Los Angeles, California 90017-3543
4   Telephone: 213-892-5200
    Facsimile: 213-892-5454
5
6   RONALD G. WHITE (admitted *pro hac vice*)
    RWhite@wmhlaw.com
7   Walden, Macht & Haran LLP
    250 Vesey Street
8   New York, NY 10281
    Telephone: 212-335-2387
9   Facsimile: 212-335-2040
10  Attorneys for Defendant
    BERND BERGMAIR
11
12              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13

| 14 | SERENA FLEITES, | CASE NO. 2:21-cv-4920-CJC-ADS |
|---|---|---|
| 15 | Plaintiff, | **DISCOVERY MATTER** |
| 16 | vs. | **[Discovery Document: Referred to Magistrate Judge Autumn Spaeth]** |
| 17 | MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; | **DECLARATION OF RONALD G. WHITE IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES** |
| 18 | MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, | |
| 19 | a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware | |
| 20 | corporation, 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a | |
| 21 | foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a | |
| 22 | foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware | Dept.: 6B |
| 23 | corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-5, | Judge: Hon. Autumn D. Spaeth |
| 24 | | Complaint Filed June 17, 2021 |
| 25 | Defendants. | |
| 26 | | |
| 27 | | |

1

28   WHITE DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL
     PORTIONS OF PLAINTIFF'S MOTION TO COMPEL BERND BERGMAIR'S RESPONSES TO
     PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES

I, Ronald G. White, declare:

1.     I am a partner with the law firm Walden Macht & Haran LLP, counsel for Defendant Bernd Bergamir in this case.  I submit this declaration in support of Plaintiff's Application for Leave to File Under Seal Portions of Plaintiff's Notice of Motion and Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories (Dkt. 264) ("Application") and Exhibits 4 and N thereto.

2.     Plaintiff's Notice of Motion and Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories ("Supplemental Brief") was deemed to contain confidential information by Defendant, Mr. Bergmair. Defendant maintains that public access to these documents would disclose confidential business information as well as personally identifiable information ("PII"), such as his personal and private contact information.

3.     Plaintiff filed an Application For Leave to File Under Seal Material Designated by Another Party as Confidential Pursuant to a Protective Order and a Proposed Order Re: Supplemental Briefing (*See* Dkts. 265, 265-1 – 265-4, and 266), **but Plaintiff failed to include in her motion to seal application and proposed order the page lines of the Motion to Compel Stipulation that needed to be sealed or request in her proposed order that certain lines of the Motion to Compel Stipulation be sealed.**

4.     Attached herewith is a revised Proposed Order setting out Plaintiff's previously redacted material which the parties are requesting be sealed.

5.     This request is narrowly tailored as it only seeks to seal portions of approximately six pages of text in a 77-page joint stipulation and a limited number of accompanying exhibits, which contain non-public information about business

WHITE DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES

1  operations including proprietary information and PII that have been designated

2  "Confidential" in accordance with the protective order.  Dkt. 187.

3      6.    Plaintiff does not oppose the sealing of this limited information and has

4  been aware since January 10, 2023 that Mr. Bergmair is seeking to seal this limited

5  confidential information.

6      7.    Defendant therefore requests that the Court seal the following document

7  referenced above as follows:

| DOCUMENT | MATERIAL TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| **Dkt. No. 264 Plaintiff's Notice of Motion and Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | 3:27-28; 4:1-2; 41:11-13; 42:2-6; 42:26-28; 43:1; 43:13-18; 44:2-4 | Defendant Bernd Bergmair |
| **Dkt. No. 265-3 Exhibit 4 to Plaintiff's Notice of Motion and Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | Whole Document | Defendant Bernd Bergmair |
| **Dkt. No. 265-4 Exhibit N to Plaintiff's Notice of Motion and Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | Whole Document | Defendant Bernd Bergmair |

3

8.    Although there is a federal common law right to access public records
and documents, it is well established that "the right to inspect and copy judicial
records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).
In particular, "courts have refused to permit their files to serve as . . . sources of
business information that might harm a litigant's competitive standing[.]" *Id.*

9.    Factors considered by courts in determining whether the right of access
is overcome include the "public interest in understanding the judicial process and
whether disclosure of the material could result in improper use of the material for
scandalous or libelous purposes or infringement upon trade secrets." *EEOC v.
Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990).

10.    In determining whether the "compelling reasons" standard is met, the
Court must "conscientiously balance the competing interests of the public and the
party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179
(citation, alteration, and internal quotations mark omitted).  Courts have found that
such compelling reasons exist when the filing could "become a vehicle for improper
purposes," such as release of trade secrets or confidential business information.  *Id.*
(quoting *Nixon*, 435 U.S. at 598). In the Ninth Circuit, courts have adopted the
Restatement's definition of trade secrets, which includes "any . . . compilation of
information which is used in one's business, and which gives [one] an opportunity to
obtain an advantage over [other] competitors who do not know or use [the
information]."  Restatement of Torts § 757, cmt. b.

I declare under penalty of perjury under the laws of the United States that the
foregoing is true and correct.

Executed on February 13, 2023 in New York, New York.

4

WHITE DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF PLAINTIFF'S MOTION TO COMPEL BERND BERGMAIR'S RESPONSES TO
PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Ronald G. White*
Ronald G. White

WHITE DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF PLAINTIFF'S MOTION TO COMPEL BERND BERGMAIR'S RESPONSES TO
PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES