BENJAMIN M. SADUN (287533)
Benjamin.sadun@dechert.com
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*pro hac vice*)
Kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698-3599

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MINDGEEK S.A.R.L; MG FREESITES,LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA, INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5,<br><br>　　　　Defendants. | Case No. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY MATTER**<br><br>[Discovery document: referred to Magistrate Judge Autumn Spaeth]<br><br>**DECLARATION OF MICHELLE HART YEARY IN SUPPORT OF PLAINTIFF'S CIVIL LOCAL RULE 79-5.2.2 APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PROUDCTION AND INTERROGATORIES** |

I, Michelle Hart Yeary, do hereby declare and state as follows:

I am Counsel with the law firm Dechert LLP, attorneys of record for MindGeek Entity Defendants in the above-captioned action. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto:

1) I make this declaration in support of Plaintiff's Application for Leave to File Under Seal Portions of Plaintiff's Notice of Motion and Second Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Set of Requests for Production and Interrogatories (Dkt No. 262) and pursuant to Local Rule 79-5.2.2(b)(1) and the Stipulated Protective Order entered by this Court on October 14, 2022 ("Protective Order") (Dkt. No. 187).

2) Exhibit 7 to Plaintiff's Notice of Motion and Second Motion to Compel Defendant MindGeek Entities' Responses to Plaintiffs First Set of Requests for Production and Interrogatories (Dkt. No. 261) ("Motion to Compel"), is an internal "Server Cost Sharing Agreement" that is currently in effect. It has been marked as "Confidential" by MindGeek Entity Defendants pursuant to the Protective Order. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

3) Exhibit 8 to Plaintiff's Motion to Compel is a Shareholder Agreement which includes entities who are not a party to this litigation. It has been marked as "Confidential" by Defendants pursuant to the Protective Order and in accordance with the Confidentiality provisions of the agreement itself. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

4) Exhibit 10 to Plaintiff's Motion to Compel is a MindGeek corporate organizational chart dated March 25, 2020, that has been marked as "Confidential" by Defendants. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

5) Defendants are not now requesting that Exhibit 5 be filed under seal.

6) Defendants therefore request that the Court seal the following documents, referenced above:

| DOCUMENT | MATERIAL TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| **DKT 261, Ex. 7,** Plaintiff's Second Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 261, Ex. 8,** Plaintiff's Second Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 261, Ex. 10,** Plaintiff's Second Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production and Interrogatories | Whole Document | MindGeek Entity Defendants |

7) Plaintiff does not oppose the sealing of this limited information and has been aware since their date of production that Defendants are seeking to seal this limited confidential information.

8) The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that might harm a litigant's competitive standing." *Id.*

9) A party seeking to seal a judicial record must demonstrate a "compelling reason" for sealing the document. However, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *In re Elec. Arts, Inc.*, 2008 WL 4726222, at *1 (9th Cir. Oct. 28, 2008) (citing *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)).

10) The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. B; *see also In re Elec. Arts, Inc.*, 2008 WL 4726222 (holding that pricing terms, royalty rates, and payment terms of a licensing agreement fell within the definition of "trade secrets" and met the "compelling reasons" standard).

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13 day of February 2023, at Cherry Hill, New Jersey.

By: <u>/s/ Michelle Hart Yeary</u>

YEARY DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL MINDGEEK ENTITY DEFENDANTS