WIECHERT, MUNK & GOLDSTEIN, P.C.
David Wiechert, CA Bar No. 946067
4000 MacArthur Blvd. Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

MORVILLO ABRAMOWITZ GRAND IASON &
ANELLO PC
Jonathan S. Sack (*admitted pro hac vice*)
Karen R. King (*admitted pro hac vice*)
Ryan McMenamin (*admitted pro hac vice*)
565 Fifth Avenue
New York, New York 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Email: jsack@maglaw.com
Email: kking@maglaw.com
Email: rmcmenamin@maglaw.com

*Attorneys for Specially Appearing
Defendant David Tassillo*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br><br>vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-10; and BERGMAIR DOES 1-5,<br><br>        Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>**Discovery Matter Referred to Magistrate Judge Autumn Spaeth**<br><br>**DECLARATION OF JONATHAN S. SACK IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**<br><br>Dept.: 6B<br>Magistrate Judge Autumn D. Spaeth<br><br>Complaint Filed June 17, 2021 |

1

I, Jonathan S. Sack, declare:

1. I am an attorney licensed to practice law in the State of New York and the State of Connecticut, and an attorney with the law firm Morvillo Abramowitz Grand Iason & Anello PC. I have been granted permission by this court to appear *Pro Hac Vice* as counsel for Specially Appearing Defendant David Tassillo ("David Tassillo") in the above-captioned action. I am over the age of 18. I make this declaration in Support of Plaintiff's Application for Leave to File Under Seal Portions of Plaintiff's Notice of Motion and Motion to Compel Defendant David Tassillo's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories ("Application") and Exhibits 4, M, and N thereto.

2. Plaintiff's Notice of Motion and Motion to Compel Defendant David Tassillo's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories ("Supplemental Brief") was deemed to contain confidential information by Defendant, Mr. Tassillo. Defendant maintains that public access to these documents would disclose confidential business information as well as PII including his personal and private contact information public.

3. Plaintiff's filed an Application For Leave to File Under Seal and a Proposed Order Re: Supplemental Briefing (See Dkts. 271, 271-2 – 271-3, 271-4, and 271-5), **but Plaintiff's failed to include in their motion to seal application and proposed order the page lines of the Motion to Compel Stipulation that needed to be sealed or request in their proposed order that certain lines of the Motion to Compel Stipulation be sealed.**

4. Attached herewith is a revised Proposed Order setting out Plaintiff's previously redacted material which the parties are requesting be sealed.

5. This request is narrowly tailored as it only seeks to seal about four pages of text in a 74-page stipulation and a limited number of accompanying exhibits,

2

SACK DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S NOTICE MOTION TO COMPEL COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES

1 which contain non-public information about business operations including proprietary
2 information and personally identifiable information that have been, designated
3 "Confidential" in accordance with the protective order.  Dkt. 187.

4     6.    Plaintiff has not opposed the sealing of this limited information and has
5 been aware since at least January 10, 2023 that Mr. Tassillo is seeking to seal this
6 limited confidential information.

7     7.    Defendant therefore requests that the Court seal the following document
8 referenced above as follows:

| DOCUMENT(S) | MATERIAL TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| **Dkt. No. 270, Plaintiff's Notice of Motion and Motion to Compel Defendant David Tassillo's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | 3:28;<br>4:1-2;<br>37:6-7; 25-28<br>38:1-4;<br>40:14-24;<br>41:13-16; 19-20.<br>47: 14-15; 17; 20-21<br>48: 12-14 | Specially Appearing Defendant David Tassillo |
| **Dkt. No. 271-3, Exhibit 4 to Plaintiff's Notice of Motion and Motion to Compel Defendant David Tassillo's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | Whole Document | Specially Appearing Defendant David Tassillo |
| **Dkt. No. 271-4, Exhibit M to Plaintiff's Notice of Motion and Motion to Compel Defendant David Tassillo's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | Whole Document | Specially Appearing Defendant David Tassillo |

4

SACK DECLARATION ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S NOTICE MOTION TO COMPEL COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST SETS OF REQUESTS FOR PRODUCTION AND INTERROGATORIES

| | | |
|---|---|---|
| **Dkt. No. 271-5, Exhibit N to Plaintiff's Notice of Motion and Motion to Compel Defendant David Tassillo's Responses to Plaintiff's First Sets of Requests for Production and Interrogatories** | Whole Document | Specially Appearing Defendant David Tassillo |

8.  Although federal common law recognizes a right to access public records and documents, it is well established that "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  In particular, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing[.]" *Id.*

9.  Factors considered by courts in determining whether the right of access is overcome include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990).

10.  In determining whether the "compelling reasons" standard is met, the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation, alteration, and internal quotations mark omitted).  Courts have found that such compelling reasons exist when the filing could "become a vehicle for improper purposes," such as release of trade secrets or confidential business information. *Id.* (quoting *Nixon*, 435 U.S. at 598). In the Ninth Circuit, courts have adopted the Restatement's definition of trade

secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of February, 2023, at New York, New York.

*/s/Jonathan S. Sack*
Jonathan S. Sack