WIECHERT, MUNK & GOLDSTEIN, PC
David W. Wiechert (SBN 94607)
4000 MacArthur Blvd. Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com
Email: nread@cohengresser.com

*Attorneys for Defendant
Feras Antoon*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERENA FLEITES,<br><br>      Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>      Defendants. | Case No. 21-cv-04920-CJC-ADS<br><br>**DISCOVERY MATTER**<br><br>**[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]**<br><br>**DECLARATION OF JASON BROWN IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>**Dept: 6C**<br>**Magistrate Judge: Hon. Autumn D. Spaeth** |

I, Jason Brown, declare:

1. I am an attorney licensed to practice in the State of New York and a partner at the law firm Cohen & Gresser LLP. I have been granted permission by this court to appear *Pro Hac Vice* as counsel for Defendant Feras Antoon in the above-captioned action. (ECF No. 58.) I make this declaration in support of Plaintiff's Civil Local Rule 79-5.2.2 Application for Leave to File Under Seal Material Designated By Another Party As Confidential Pursuant to A Protective Order (ECF No. 275 (the "Application")).

2. Plaintiff's Notice of Motion and Motion to Compel Defendant Feras Antoon's Responses to Plaintiff's First Request for Production of Documents and Interrogatories (ECF No. 274 (the "Motion")) contains Confidential information provided by Mr. Antoon pursuant to the Stipulated Protective Order entered in this action on October 14, 2022 (ECF No. 187). Public filing of these documents would publicly disclose confidential business information as well as personal data identifiers including but not limited to Mr. Antoon's personal and private contact information.

3. Plaintiff filed her Application, together with supporting exhibits and declarations, on February 9, 2023. (*See* ECF Nos. 275, 275-1, 275-2, 275-3, 275-4, 276.) But Plaintiff failed to advise the Court in her Application that certain lines of the Motion include information designated by Mr. Antoon as Confidential and the proposed order submitted therewith does not list the portions of the Motion that should be sealed. Plaintiff knew that those lines contained Confidential information and redacted those lines in her publicly-filed Motion. Accordingly, submitted herewith is a revised proposed order listing the specific lines in the Motion that should be remain sealed.

**DECLARATION OF JASON BROWN IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES**

4. This request is narrowly tailored as it seeks to seal few lines of text in the 81-page Motion and a limited number of accompanying exhibits, which contain non-public information about Mr. Antoon's financial and business matters, and personal data identifiers. All of this information has been designated Confidential under the Stipulated Protective Order entered in this action. (*See* ECF No. 187.)

5. Plaintiff has not opposed the sealing of this limited information and has been aware since January 10, 2023, that Mr. Antoon would seek to have this Confidential information filed under seal.

6. Mr. Antoon therefore requests that the Court seal the following material:[1]

| **DOCUMENT** | **MATERIAL TO BE SEALED** | **DESIGNATING PARTY** |
|---|---|---|
| ECF No. 275-1 (the unredacted Motion) | 3:27 – 4:4<br>46:24 – 46:26<br>47:16 – 48:7<br>49:1 – 49:23<br>50:9 – 50:24 | Defendant Feras Antoon |
| ECF No. 275-2 (Exhibit 4 to the Declaration of John G. Doyle in Support of Plaintiff's Motion to Compel Defendant Feras | Whole Document | Defendant Feras Antoon |

---

[1] Defendants MindGeek S.a.r.l., MG Freesites Ltd, MindGeek USA Inc., MG Global Entertainment Inc., MG Premium Ltd, and 9219-1568 Quebec, Inc. (together, the "MindGeek Entities") have designated as Confidential under the Stipulated Protective Order the document at Exhibit P to the Declaration of Jason Brown in Support of Defendant Feras Antoon's Opposition to Plaintiff's Motion to Compel. Mr. Antoon submits that Exhibit P should also be filed under seal for the reasons provided by the MindGeek Entities, including that it contains confidential proprietary information relating to those Entities.

| | | |
|---|---|---|
| Antoon's Responses to Plaintiff's First Request for Production of Documents and Interrogatories) | | |

7. It is well established that the "right to inspect and copy judicial records is not absolute," and "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption or as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted). The Ninth Circuit has recognized that "[t]wo standards generally govern motions to seal documents." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). Which standard applies depends "on whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Although the "compelling reasons" standard applies to most sealing applications, the less burdensome "good cause" standard applies to material submitted in connection with discovery motions, because of the "the weaker public interest" in these materials. *Pintos*, 605 F.3d at 678. Indeed, the Ninth Circuit has specifically acknowledged that "for sealed materials attached to a discovery motion unrelated to the merits of a case," the proponent of sealing "need only satisfy the less exacting 'good cause' standard." *Chrysler Grp.*, 809 F.3d at 1097.

8. Plaintiff's Motion and its accompanying exhibits, which concern purported discovery disputes relating to whether this Court has personal jurisdiction over Mr. Antoon, (*see* ECF No. 211), are at best tangentially related to the merits of Plaintiff's case. In these circumstances, the more permissive "good cause" standard applies. *See, e.g., Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. 15CV02034JVSJCGX, 2018 WL 6163110, at *1 (C.D. Cal. Feb. 14,

2018) (applying "good cause" standard to motion to seal documents and redact statements in proposed joint stipulation). Thus, the relevant inquiry is whether good cause within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure exists. *See id.* (applying Rule 26(c)'s "good cause" standard); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

9. Here, the material to be file under seal includes personal information, such as Mr. Antoon's e-mail addresses and phone number, as well as other sensitive, non-public financial information. As noted, Mr. Antoon designated this information Confidential pursuant to the Stipulated Protective Order. (*See* ECF No. 187.) Courts regularly determine good cause exists to protect such information from disclosure. *See, e.g., Harrell v. George*, No. CIV S-11-0253 MCE, 2011 WL 2559416, at *2 (E.D. Cal. June 24, 2011) (concluding good cause existed for documents containing personal and sensitive information to be filed under seal); *Gasio v. Target Corp.*, No. CV1402214DMGPJWX, 2015 WL 11387768, at *1 (C.D. Cal. Jan. 30, 2015) (concluding good cause existed for confidential business records to be filed under seal); *Williamson v. Google LLC*, No. 15-CV-00966-BLF, 2018 WL 1730725, at *2 (N.D. Cal. Apr. 10, 2018) (same). Likewise, the information designated Confidential in Plaintiff's Motion and the accompanying exhibits should be filed under seal.

10. Even if the "compelling reasons" standard applied, sealing the documents and statements identified by Mr. Antoon would be proper. For example, courts regularly grant requests to seal personally identifiable information, like the information identified by Mr. Antoon, under the "compelling reasons" test. *See, e.g., Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (concluding compelling reasons existed to seal, among other things, e-mail addresses and telephone numbers); *Cancino*

1 *Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (concluding proponent had demonstrated a compelling reason to maintain under seal documents containing, among other things, addresses). Similarly, there are compelling reasons for sealing materials discussing Mr. Antoon's confidential financial information. *See, e.g., Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) ("[C]ompelling reasons exist to seal sensitive personal information such as financial information . . . ."). Accordingly, even under the "compelling reasons standard," the material identified should be sealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of February, 2023, at New York, New York.

*/s/ Jason Brown*
Jason Brown