BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>　　　　Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:　Autumn D. Spaeth<br><br>**MEMORANDUM OF LAW IN FURTHER OPPOSITION TO SECOND MOTION BY PLAINTIFF TO COMPEL MINDGEEK ENTITY DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Hearing:　March 8, 2023 10:00 A.M.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Deadline: May 1, 2023 |

CASE NO. 2:21-cv-04920
**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL**

# INTRODUCTION

As of today, the MindGeek Entity Defendants have produced 1,760 documents totaling almost 24,000 pages during *limited* jurisdictional discovery and have clearly stated that there are additional documents they will produce and are in the process of collecting to produce. But, as Plaintiff's Second Motion to Compel makes clear, Plaintiff will never be satisfied even when the Defendants have agreed to produce the very documents she requests.

Since the filing of the joint stipulation, Defendant MG Premium Ltd has advised Plaintiff that it will not renew its motion to dismiss based on a lack of personal jurisdiction. Consequently, the only entity still planning to renew its challenge to personal jurisdiction is the holding company, MindGeek S.a.r.l. Therefore, only two questions remain before the Court to which jurisdictional discovery concerning the MindGeek Entity Defendants could be related. First, what was MindGeek S.a.r.l.'s "role and conduct . . . as it relates to [Plaintiff's] harm"? Order (Dkt. #168) at 2. Second, did the MindGeek Entity Defendants ignore corporate formalities such that their jurisdictional contacts should be imputed to MindGeek S.a.r.l. under the alter ego doctrine? *Fleites v. MindGeek, S.A.R.L.,* 2022 WL 4455558, at *2 (C.D. Cal. July 29, 2022). The MindGeek Entity Defendants have produced or agreed to produce more than sufficient information to answer both questions and Plaintiff's second motion to compel should be denied.

## PLAINTIFF'S REQUESTS SHOULD BE DENIED AS MOOT

Plaintiff asks the Court to compel eight categories of documents. However, Plaintiff appears to have lost sight of the purpose of the jurisdictional discovery requests authorized by the Court, especially those related to financial issues. Jurisdictional discovery was not granted to conduct a complete forensic analysis of every MindGeek Entity Defendant's financial records. We have not yet reached merits discovery (though such discovery would not even be appropriate then). Discovery at this time is solely for the purpose of allowing Plaintiff to address the

deficiencies the Court found in her current jurisdictional allegations, if possible. Judge Carney wanted Defendants to address who owns Pornhub and the other tubesites; who controls Pornhub and the other tubesites; who receives money from the operation of Pornhub and the other tubesites; and whether the MindGeek Entity Defendants observe corporate formalities, including adequate capitalization. The MindGeek Entity Defendants have produced material fully responsive to those issues.

In that regard, the MindGeek Entity Defendants have produced the licensing agreements that show which entities own the trademarks and domain names associated with Pornhub and the other tubesites; to whom the owners of such intellectual property ("IP") have licensed the rights to use that IP; who receives the royalty payments and licensing fees under those agreements; and who receives distributions of the profits relating to the operation of Pornhub and the other tubesites. The MindGeek Entity Defendants have produced documents about who controls Pornhub and the other tubesites, including corporate organizational charts, shareholder agreements, and transactional documents detailing the relationships that govern the MindGeek entities. Similarly, and establishing that the MindGeek entities observe corporate formalities, the MindGeek Entity Defendants have produced articles of incorporation, by-laws, board minutes, board resolutions and inter-company agreements. Regarding the adequacy of capitalization, the MindGeek Entity Defendants have produced profit and loss statements, balance sheets, audited financials, and tax returns. The MindGeek Entity Defendants have also produced documents related to the Defendants' roles in setting and implementing the policies and procedures for the tubesites related to underage content. In other words, Plaintiff has all the information she needs to either re-plead her allegations as to the specific conduct of MindGeek S.a.r.l. related to her alleged harm to support the exercise of jurisdiction over this holding company or "simply dismiss[ ] [MindGeek S.a.r.l.] so this case can proceed without further unnecessary delay." Order (Dkt. 168) at 2.

Additional document discovery on these issues would be duplicative and any marginal relevance would be outweighed by the additional burden on the MindGeek Entity Defendants and would directly contravene Judge Carney's admonishment to Plaintiff not to "further complicate" this case. *Id.*

As the MindGeek Entity Defendants told Plaintiff they would before she filed her second motion to compel, the MindGeek Entity Defendants have since then produced (i) transactional documents for the 2013 and 2018 corporate reorganizations[1]; (ii) related-party agreements; (iii) Confidential Information Memoranda prepared during the relevant time period for presenting information about the MindGeek companies to potential investors, lenders, or other third parties; (iv) a summary document regarding the flow of money between the MindGeek entities; (v) quarterly financial reporting packages used for presentations to lenders and third parties; (vi) quarterly and annual financial reporting packages used with senior executives; and (vii) a report from the MindGeek Entity Defendants' accounting systems showing dividend payments during the relevant time period.

By the March 8, 2023 hearing or sooner insofar as required by the Court's February 3, 2023 Order, the MindGeek Entity Defendants plan to have produced additional material, including: (i) the entire set of transactional documents related to the 2013 and 2018 financing agreements;[2] (ii) transfer pricing studies related to intercompany transactions; (iii) materials sufficient to show which entities employ and compensate the individuals responsible for moderating and reviewing content on the tubesites, as well as their managers and supervisors, and where those individuals are located, in compliance with the Court's Order; (iv) the contracts with the entity

---

[1] A few of these documents, by their terms, require reasonable advance notice to other parties before they can be produced. Notice has been provided and, assuming no counterparty moves for a protective order, the MindGeek Entity Defendants will undertake to produce these documents before the March 8, 2023 hearing.

[2] These agreements are subject to the same notice provisions referenced above.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL**

that provides website hosting services to the MindGeek Entity Defendants and available information regarding the location of servers and technology centers used to store and transmit content and to operate or support the MindGeek tubesites in compliance with that same Order; (v) a report from the MindGeek entities' accounting system identifying the payments made pursuant to related-party transactions; (vi) tax filings for RT Holdings, S.a.r.l.[3]; and (vii) additional reports from the MindGeek entities' accounting systems reflecting royalty payments and licensing fees made pursuant to the licensing agreements for IP related to the tubesites and distributions to one of the individual defendants.

After this production, Plaintiff will have more than sufficient information regarding MindGeek S.a.r.l.'s corporate and ownership structure to determine whether she has a viable alter ego theory to pursue. The remainder of Plaintiff's requests are overly broad and unproportional to the needs of the case, which at this stage concern only the Court's jurisdiction and not the merits of Plaintiff's claims. The Court has already ruled that discovery into the MindGeek Entity Defendants' internal operating infrastructure is not proportional to the jurisdictional issues. As demonstrated above, the MindGeek Entity Defendants have produced or agreed to produce tailored, reasonable, and proportional responses to Plaintiff's requests for information from the accounting systems, negating Plaintiff's request for the MindGeek entities to essentially turn over *every* entry in their financial accounting systems. The Federal Rules of Civil Procedure do not require, indeed do not allow, discovery that requests all potentially relevant or responsive documents and information. "Proportionality, after all, seeks in the main to determine whether requested discovery is 'too much.' The purpose of the presently codified

---

[3] The MindGeek Entity Defendants will also be reproducing tax filings for those Defendants and others in the corporate chain with additional substantive information unredacted. Personally identifying information protected by European and Quebec privacy laws will remain redacted.

1  proportionality principle is to permit discovery of that which is needed to prove a
2  claim or defense, but eliminate unnecessary or wasteful discovery." *Crystal Lakes v.*
3  *Bath & Body Works, LLC,* 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018), *order*
4  *clarified sub nom. Lakes v. Bath & Body Works LLC*, 2018 WL 1071335 (E.D. Cal.
5  Feb. 23, 2018) (denying plaintiff's request for "essentially all" consumer complaints
6  of similar incidents because the request was not proportional) (internal citations
7  omitted).  To the extent Plaintiff's requests go beyond what the MindGeek Entity
8  Defendants have produced or agreed to produce, they are "too much."

## CONCLUSION

Accordingly, Plaintiff's Second Motion to Compel additional discovery at this stage of the case should be denied.

DATED: February 22, 2023            Respectfully submitted,


   /s/   *Kathleen N. Massey*
KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599
*Attorneys for Defendants*