1  DAN MARMALEFSKY (CA SBN 95477)
   DMarmalefsky@mofo.com
2  Morrison & Foerster LLP
   707 Wilshire Boulevard
3  Los Angeles, California 90017-3543
   Telephone: 213-892-5200
4  Facsimile: 213-892-5454

5  Ronald G. White
   (admitted pro hac vice)
6  rwhite@wmhlaw.com
   Walden Macht & Haran LLP
7  250 Vesey Street
   New York, NY 10281
8  Tel: (212) 335-2387
   Fax: (212) 335-2040
9  Attorneys for Defendant Bernd Bergmair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

**PRELIMINARY STATEMENT**

Defendant Bernd Bergmair submits this supplemental memorandum to update the Court on developments since the submission of the joint stipulation in connection with this motion on February 8, 2023. *First*, Mr. Bergmair has produced documents related to the two theories of personal jurisdiction that Judge Carney authorized Plaintiff to pursue: (a) the involvement, if any, of the Individual Defendants in the direction and implementation of MindGeek's CSAM policies; and (b) alter ego. *Second*, despite additional meet and confers, Plaintiff continues to refuse to narrow even a single one of the 48 admittedly merits-focused discovery requests with which she asks the Court to compel compliance. While Mr. Bergmair remains willing to engage with Plaintiff, the issues outlined in the joint stipulation remain. Plaintiff's motion should be denied.

**1.   Plaintiff Has Failed to Meaningfully Meet and Confer**

Despite going through the motions of meet and confers, Plaintiff has continued to refuse to narrow any of her merits-focused discovery requests. Mr. Bergmair has made repeated requests that Plaintiff provide a list of the "specific, non-duplicative documents or categories of documents that she seeks as the basis for our discussion." Declaration of Ronald G. White in Support of Defendant Bernd Bergmair's Further Opposition to Plaintiff's Motion to Compel ("White Supp. Decl.") at Ex. R. In response, Plaintiff refused to provide such a list, instead sending Mr. Bergmair a three-page single-spaced list of 46 different questions about his document collection and review process. *Id*. at ¶ 6, Ex. S. Seeking to advance the process, Mr. Bergmair participated in three meet and confers with Plaintiff on February 10, 15 and 21, 2023 yet Plaintiff still refused to narrow any of her requests or provide the requested list of documents. Instead, the meet and confers and Mr. Bergmair's document production have only spurred requests by Plaintiff for *additional* documents. *Id*. at ¶¶ 6, 8, 10. Plaintiff's failure to meaningfully meet and confer has continued and her motion should be denied on that basis alone.

### 2. Mr. Bergmair Has No Documents or Communications Concerning Plaintiff (RFP No. 1)

Plaintiff contends that the relevant time period should extend past June 2020, which is the latest date of Plaintiff's claim. She argues that communications involving Mr. Bergmair prompted by her December 2020 threat of litigation can retroactively serve as the basis for personal jurisdiction with respect to a claim that allegedly arose months and years before. This argument is wrong and is foreclosed by the Court's previous ruling that "only contacts occurring prior to the event causing the litigation may be considered."[1] Indeed, courts have specifically ruled, contrary to Plaintiff's contention here, that a defendant's actions prompted by a plaintiff's threat of litigation cannot provide the basis for personal jurisdiction regarding preceding events. *See Coast Equities, LLC v. Right Buy Props., LLC*, 2015 WL 13333017 at *5 (D. Or. Feb. 18, 2015); *GoEngineer, Inc. v. Progression Techs., Inc.*, 2012 WL 6025788 at *5 (D. Utah Dec. 4, 2012).

### 3. Mr. Bergmair's Document Production Regarding CSAM Policies Fully Addresses the Jurisdictional Discovery Authorized by the Court (RFP Nos. 5, 10, 30, 33-42, 46, 49, 52)

Mr. Bergmair has produced documents reflecting any of the Individual Defendants' roles in directing or implementing the CSAM policies that allegedly harmed Plaintiff (White Supp. Decl. at ¶ 7), per Judge Carney's order. White Decl., Ex. A at 5. Those emails do not reflect any role of Mr. Bergmair's in directing or implementing such policies, as would be expected of a China-resident shareholder in a company run on a day-to-day basis by its senior management in Canada.[2] This

---

[1] *See* White Decl., Ex. B at 3 (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990)); *see also Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) (personal jurisdiction analysis focuses on defendant's contacts "at the time of the events underlying the dispute," not at the time of the litigation).

[2] Prior to the parties' February 15 meet and confer, Mr. Bergmair provided Plaintiff with the search terms used to locate potentially relevant emails. Mr. Bergmair also advised Plaintiff that he would consider any additional search terms suggested by Plaintiff but no such additional terms have been proposed by Plaintiff.

2   CASE NO. 8:21-CV-00338
MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

document production fully addresses the potential theory of jurisdiction the Court authorized Plaintiff to explore.

### 4. The Court Should Deny Plaintiff's Request for Duplicative MindGeek Financial Records from Mr. Bergmair (RFP Nos. 2-3, 6-9, 13-29; ROG Nos. 2-3)

Plaintiff's alter ego requests are so overbroad that they arguably require every piece of paper and every electronic record related to MindGeek in Mr. Bergmair's possession. Moreover, with MindGeek's recent production of extensive corporate and financial records, this category of requested documents should be essentially moot. Plaintiff now has 24,000 pages of MindGeek records that definitively explain the structure and finances of the company. *See* White Supp. Decl. at ¶ 9. Most relevant, MindGeek has produced (or agreed to produce) the entire set of legally operative documents governing the structure, ownership and operations of the company, including shareholder agreements, lending agreements and related agreements, both for the 2013 transaction through which Mr. Bergmair initially obtained an interest in the company, and the 2018 refinancing of the company. *See* Notice of Motion and Plaintiff's Second Motion to Compel Defendant MindGeek Entities (Dkt. No. 261) at 50, 56. Similarly, MindGeek has produced (or agreed to produce) documents related to all monies flowing from MindGeek to the Individual Defendants who are its ultimate shareholders, in the form of dividends, so-called related party transactions, or otherwise.[3] *Id*. at 55-56. With Plaintiff having already received 24,000 pages of discovery in connection with solely jurisdictional discovery in this single-plaintiff case, seeking further documents from an individual foreign shareholder on the off-chance that he has something more or different would be of only marginal utility and is not proportional under Rule 26. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 566 (D. Az. 2016) (where plaintiff already

---

[3] In addition to the annual financial reporting packages it previously produced, MindGeek has now also produced the company's internal quarterly financial reporting packages, as well as the confidential presentations it provided to prospective lenders and investors regarding its corporate structure and finances. *Id*. at 51, 56.

3   CASE NO. 8:21-CV-00338
**MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

obtained "substantial" discovery from defendant company, compelling discovery from its foreign affiliates based on "mere possibility" of finding "inconsistent" material was not proportional to the needs of the case under Rule 26).[4]

MindGeek was the appropriate party to produce its own corporate records. Copies of such corporate records possessed by Mr. Bergmair are duplicative and there is no reason to require him to collect and produce additional copies. Mr. Bergmair remains willing to search for relevant categories of non-duplicative records he may have related to MindGeek's corporate structure and finances that Plaintiff identifies.[5]

### 5. The Court Should Deny Plaintiff's Request for Personal Financial Records of Mr. Bergmair (RFP No. 18)

Plaintiff's request for every bank and investment account statement of Mr. Bergmair's is irrelevant to the alter ego issues she was authorized to explore, yet she continues to refuse to narrow or withdraw this request. This is especially true now that MindGeek has produced (or will produce) records reflecting all funds paid to the entities controlled by its shareholders, including Mr. Bergmair. For alter ego purposes, Plaintiff can trace all MindGeek funds flowing to its ultimate shareholders. How those shareholders spent, saved or invested their money thereafter is not relevant. Similarly irrelevant is the vast array of other personal financial information—totally unrelated to MindGeek—that would be exposed through disclosure of an individual's bank and investment account statements. *See Brown v. Dash*, 2021 WL 4434978 at *3-4 (C.D. Cal. July 27, 2021) (issuing protective order against request for defendants' bank records since "plaintiff is not granted broad and

---

[4] *See also Updike v. Clackamas Cnty.*, 2016 WL 111424 at *1 (D. Or. Jan. 11, 2016) ("at some point, discovery yields only diminishing returns and increasing expenses"); Fed. R. Civ. P. 26 advisory committee's note to 2015 amendments (amendments, including consideration of "proportionality," were "intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse").

[5] For example, when MindGeek did not initially produce documents reflecting dividend distributions from MindGeek to Mr. Bergmair's entities, he produced such documents to Plaintiff. White Supp. Decl. at ¶ 7. Similarly, when Plaintiff requested that Mr. Bergmair produce additional documents referenced in financial records he produced, he agreed to search for such records. *Id*. at ¶ 8.

unfettered access to banking and financial records of the parties simply by pleading alter ego"); *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, 2011 WL 112146 at *2-3 (D. Nev. Jan. 13, 2011) (same).

### 6. The Court Should Deny Plaintiff's Requests for Documents Regarding Mr. Bergmair's Personal Travel (RFP Nos. 11 and 12, ROG No. 4)

To the extent Mr. Bergmair traveled to the United States on MindGeek business that could have conceivably given rise to Plaintiff's claims, he will identify any such travel. However, Plaintiff continues to insist that she is entitled to production of information regarding any purely *personal* travel to the United States by Mr. Bergmair. Since such personal travel cannot form the basis for specific jurisdiction over him, the Court should deny Plaintiff's request.

### 7. The Court Should Deny Plaintiff's Request for Mr. Bergmair's Contact List (RFP No. 32 and ROG No. 6)

Plaintiff continues to insist that she is entitled to production of all contacts of Mr. Bergmair, including personal, family and confidential relationships. Existence of an entry in Mr. Bergmair's contacts directory says nothing about whether he was in touch with that contact in the relevant time period, much less when, where and why they were in touch. Thus, such a request is not relevant to specific personal jurisdiction and necessarily implicates legitimate privacy interests. The Court should deny Plaintiff's request.

### 8. Plaintiff's Request for Communications with Other Defendants Related to this Action is Beyond the Relevant Time Period (RFP No. 4)

Plaintiff continues to insist that she is entitled to production of communications between Mr. Bergmair and the other Individual Defendants related to this action. Such communications necessarily post-date the events allegedly giving rise to Plaintiff's claim and cannot be the basis for personal jurisdiction. *See supra* at 2.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

| | |
|---|---|
| Dated: February 22, 2023 | Respectfully Submitted, |
| | MORRISON & FOERSTER LLP |
| | By: */s/ Dan Marmalesfsky* |
| | DAN MARMALEFSKY (CA SBN 95477) |
| | DMarmalefsky@mofo.com |
| | Morrison & Foerster LLP |
| | 707 Wilshire Boulevard |
| | Los Angeles, California 90017 |
| | Tel.: (213) 892-5200 |
| | Fax: (213) 892-5454 |
| | |
| | WALDEN MACHT & HARAN LLP |
| | By: */s/Ronald G. White* |
| | RONALD G. WHITE |
| | (admitted *pro hac vice*) |
| | rwhite@wmhlaw.com |
| | Walden Macht & Haran LLP |
| | 250 Vesey Street |
| | New York, NY 10281 |
| | Tel: (212) 335-2387 |
| | Fax: (212) 335-2040 |
| | |
| | Attorneys for Defendant Bernd Bergmair |