WIECHERT, MUNK & GOLDSTEIN, PC
David W. Wiechert (SBN 94607)
4000 MacArthur Blvd. Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com
Email: nread@cohengresser.com

*Attorneys for Defendant*
*Feras Antoon*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>      Plaintiff,<br>   v.<br><br>MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>      Defendants. | Case No. 21-cv-04920-CJC-ADS<br><br>**DISCOVERY MATTER**<br><br>**Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth**<br><br>**DEFENDANT FERAS ANTOON'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Dept: 6B<br>Magistrate Judge: Hon. Autumn D. Spaeth |

**DEFENDANT FERAS ANTOON'S SUPPLEMENTAL
MEMORANDUM OF LAW IN OPPOSITON TO PLAINTIFF'S
MOTION TO COMPEL**

## I. INTRODUCTION

Defendant Feras Antoon submits this supplemental memorandum in opposition to Plaintiff's motion to compel (Dkt. 274).[1] Antoon has run searches for documents in his possession concerning the Plaintiff and CSAM policies and has informed Plaintiff that he has not found any responsive documents to date—a result that is not at all surprising given the limited set of business-related documents in his possession as a former employee of the MindGeek Entity defendants (the "MindGeek Entities"). As to other overbroad and vague requests seeking a vast array of financial and other internal corporate documents, Plaintiff has received or will receive responsive documents from the MindGeek Entities, and Plaintiff has thus far refused to narrow these improper requests to the personal jurisdiction discovery authorized by the Court, and to otherwise make them reasonable and proportional as required by the Federal Rules and in light of Mr. Antoon's status as a former employee. Nor has Plaintiff provided any proposed search terms. Lastly, the parties have identified five issues on which they do not believe they can agree, and which are ripe for the Court's consideration. In sum, Plaintiff refuses to tailor her discovery requests to target relevant jurisdictional discovery. Her motion to compel should be denied in its entirety.

## II. ARGUMENT

### A. Antoon Does Not Have A Large Volume of Potentially Relevant Documents.

Mr. Antoon is a former employee of the MindGeek Entities. Like most employees, he used his MindGeek email account for MindGeek business. With

---

[1] Mr. Antoon is similarly situated to specially-appearing defendant David Tassillo with respect to Plaintiff's jurisdictional discovery requests, and thus this submission is substantially identical to Mr. Tassillo's submission. But because Plaintiff filed two separate motions to compel, each of Mr. Antoon and Mr. Tassillo will file a separate supplemental memorandum.

1

**DEFENDANT FERAS ANTOON'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

very few exceptions (that were captured by counsel's searches), he used his personal email account for personal matters, not MindGeek business. When Mr. Antoon left his position, he surrendered access to his MindGeek email account. He therefore no longer has access to the vast majority of MindGeek-related documents. Those documents remain in the possession of the MindGeek Entities.[2]

Consequently, Antoon has very few sources of potentially responsive documents in his possession and even fewer in his unique possession. While he also has texts and other messaging information from the time of his employment on his mobile device, the MindGeek Entities imaged that device after this case was filed, and the MindGeek Entities are reviewing those materials—in coordination with Mr. Antoon—to avoid unnecessarily costly or duplicative discovery. Thus, as explained further below, Mr. Antoon's lack of responsive materials is logical and not surprising, despite Plaintiff's protestations.

**B. Antoon Has Searched For Documents Concerning Plaintiff and the Direction and Implementation of CSAM Policies (RFP Nos. 1, 5, 10, 30, 33-42, 46, 49, 52), But Has Not Found Responsive Documents.**

Through counsel, Mr. Antoon has searched his personal email for responsive documents relating to two topics on which the Court permitted jurisdictional discovery and for the time period that this Court determined was appropriate for jurisdictional discovery.[3] Because Plaintiff's discovery requests were overbroad and unspecific, and because Plaintiff refused to narrow her requests, substantively meet and confer regarding the scope of a reasonable search, or provide suggested

---

[2] Before leaving the company, Antoon had a number of emails from his MindGeek account copied to a personal Outlook.com account. Those emails were included in the materials searched as part of Mr. Antoon's efforts to locate potentially responsive documents.

[3] As the Court has found that only contacts prior to the event causing the litigation may be considered, Antoon limited the searches for responsive documents to those dated between June 1, 2014, and June 30, 2020. (Dkt. 211.)

**DEFENDANT FERAS ANTOON'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

search terms, Antoon used his own search terms to look for responsive materials. Mr. Antoon has not located any responsive documents.

***RFP No. 1.*** Mr. Antoon's counsel searched his personal email accounts using the terms "Serena" or "Fleites," and did not find any responsive documents. This discharges his duty to conduct a reasonable search in response to RFP. No. 1.

***RFP Nos. 5, 10, 30, 33-42, 46, 49, 52.*** Mr. Antoon's counsel has searched for documents reflecting the individual defendants' direction or implementation of the MindGeek Entities' CSAM-related policies. Mr. Antoon used 11 search terms covering not only CSAM policy but any document even mentioning CSAM or its synonyms. Even using a search of that breadth, Mr. Antoon did not locate any responsive documents. This is not surprising: Mr. Antoon did not use his personal email accounts to direct or implement MindGeek corporate policies. Plaintiff's motion to compel these documents should therefore be denied.

### C. Many of Plaintiff's Requests Are Vague, Overbroad, and Seek Documents Readily Obtainable from the MindGeek Entities.

Many of Plaintiff's remaining requests are patently vague and overbroad, and Plaintiff has refused to narrow any of them or provide search terms for Mr. Antoon's consideration. *See* RFP Nos. 2, 3, 6-9, 13-17, 19-29. For example, RFP No. 2 seeks all documents "concerning" Mr. Antoon's affiliation, employment or ownership of MindGeek or any related entity. Mr. Antoon has been a shareholder and was an employee for many years; thus any number of documents could "concern" his "affiliation."

Additionally, many other RFPs seek voluminous corporate documents from Mr. Antoon. These requests seek materials that, if appropriate for discovery, should be obtained from the MindGeek Entities; the documents at issue include "audited financial statements" (RFP No. 25), documents identifying all companies through which MindGeek operates (RFP No. 22), "financial ledgers," and
- 3 -
**DEFENDANT FERAS ANTOON'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

"shareholder, investor, director, member, manager or partner lists" (RFP No. 16). Mr. Antoon understands that the MindGeek Entities have produced much of this material to Plaintiff. But Plaintiff repeatedly argues that even if the only responsive documents in Mr. Antoon's possession are duplicates of documents the MindGeek Entities have already produced, he should still be required to search for and produce those duplicate materials. This violates the requirement that discovery be "proportional to the needs of the case," considering "the parties' relative access to relevant information, the parties' resources," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). There is no genuine benefit to Plaintiff to receiving duplicate copies of corporate records she has already received from the MindGeek Entities, nor in forcing a former employee to search for such materials; any marginal benefit of this effort cannot justify the substantial burden and expense Plaintiff seeks to impose on Mr. Antoon. Plaintiff's motion should be denied.

### D. The Remaining Discovery Requests in Dispute.

Plaintiff, Mr. Antoon, and Mr. Tassillo have met and conferred since filing the Joint Stipulation, and have crystalized the following areas of disagreement:

***1. Relevant Period.*** In RFP No. 4 and subsequent meet-and-confer sessions, Plaintiff has claimed that documents created after the events that caused this litigation could be relevant. This contradicts this Court's determination that "[o]nly contacts occurring prior to the event causing the litigation may be considered." Dkt. 211 (quoting *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990)). Plaintiff responds by speculating that documents dated later may refer to pre-litigation jurisdictional contacts. But this argument assumes the unsupported conclusion that such contacts exist, has no limiting principle, and is thus a classic "fishing expedition."

***2. Personal Financial Records.*** Plaintiff also cannot articulate a

jurisdictional discovery nexus for RFP No. 18 seeking all personal "bank and investment statements." There is no suggestion that these records are relevant to personal jurisdiction. "Plaintiff is not granted broad and unfettered access to banking and financial records of the parties simply by pleading alter ego." *Brown v. Dash*, No. 220CV10676DSFAFMX, 2021 WL 4434978, at *3 (C.D. Cal. July 27, 2021) (granting protective order as to bank records).

***3. Personal Trips.*** Plaintiff also claims incorrectly that all of Mr. Antoon's trips to the United States are relevant to personal jurisdiction, regardless of whether they relate to MindGeek's business.[4] But to support specific jurisdiction as alleged here, Mr. Antoon's trips must relate to the MindGeek Entities' actions that purportedly harmed Plaintiff. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003). Personal trips *a fortiori* cannot be relevant.

***4. Contact Lists.*** RFP No. 32 and ROG 6 seek any of Mr. Antoon's contact lists. Plaintiff again fails to articulate why these personal contact lists are relevant to the specific personal jurisdictional theories Plaintiff offers. Mr. Antoon has already identified his phone numbers and the messaging services he used, and the MindGeek Entities have produced many documents in this jurisdictional discovery phase that will reflect contact information of the individuals involved in relevant documents and communications.

## III. CONCLUSION

For these reasons, as well as the ones set forth in Mr. Antoon's sections of the joint stipulation, Plaintiff's Motion to Compel should be denied in its entirety.

---

[4] The MindGeek Entities have produced data showing business trips Mr. Antoon took to the United States, including the (i) date, (ii) location, and (iii) purpose of those trips. Plaintiff has not explained why any other information is necessary.

**DEFENDANT FERAS ANTOON'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

| | |
|---|---|
| 1 | DATED: February 22, 2023          Respectfully Submitted, |
| 2 | |
| 3 |                             WIECHERT, MUNK & GOLDSTEIN, PC |

DATED: February 22, 2023               Respectfully Submitted,

WIECHERT, MUNK & GOLDSTEIN, PC

By: /s/ David W. Wiechert
David W. Wiechert (SBN 94607)

COHEN & GRESSER LLP

Jason Brown (admitted *pro hac vice*)
Nathaniel P. T. Read (admitted *pro hac vice*)

*Attorneys for Defendant Feras Antoon*