1
2
3
4
5
6
7
8
9
10
11

WIECHERT, MUNK & GOLDSTEIN, PC
David W. Wiechert (SBN 94607)
4000 MacArthur Blvd. Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
Jonathan S. Sack (admitted *pro hac vice*)
565 Fifth Avenue
New York, NY  10017
Tel: (212) 880-9410
Email: jsack@maglaw.com

*Attorneys for Defendant*
*David Tassillo*

12
13

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14
15
16
17
18
19
20
21
22
23
24
25

SERENA FLEITES,

      Plaintiff,

  v.

MINDGEEK S.A.R.L., a foreign entity;
MG FREESITES, LTD., a foreign entity;
MINDGEEK USA INCORPORATED, a
Delaware corporation; MG PREMIUM
LTD, a foreign entity; MG GLOBAL
ENTERTAINMENT INC., a Delaware
corporation, 9219-1568 Quebec, Inc.
(d/b/a MindGeek), a foreign entity;
BERND BERGMAIR, a foreign
individual; FERAS ANTOON, a foreign
individual; DAVID TASSILLO, a foreign
individual; COREY URMAN, a foreign
individual; VISA INC., a Delaware
corporation; COLBECK CAPITAL
DOES 1-5; and BERGMAIR DOES 1-5,

      Defendants.

Case No. 21-cv-04920-CJC-ADS

**DISCOVERY MATTER**

**[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]**

**DEFENDANT DAVID TASSILLO'S SUPPLEMENTAL MEMORANDUM PURSUANT TO RULE 37-2.3 IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**Date: March 8, 2023**
**Time: 10:00 a.m.**
**Dept: 6B**
**Magistrate Judge: Hon. Autumn D. Spaeth**

26
27
28

**DEFENDANT DAVID TASSILLO'S SUPPLEMENTAL BRIEF IN OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

## I.   INTRODUCTION

Specially-appearing Defendant David Tassillo submits this supplemental brief in opposition to Plaintiff's motion to compel (Dkt. 270).[1]  Mr. Tassillo has run searches for documents in his possession concerning Plaintiff and CSAM policies and has informed Plaintiff that he has not found any responsive documents to date— a result that it is not at all surprising given the limited set of business-related documents in his possession as a former employee of the MindGeek Entity defendants (the "MindGeek Entities").  As to requests seeking a vast array of financial and other internal corporate documents, Plaintiff has received or will receive responsive documents from the MindGeek Entities, and Plaintiff has thus far refused to limit these overbroad and vague requests to the personal jurisdictional discovery authorized by the Court. Nor has Plaintiff provided any proposed search terms or otherwise sought to make them reasonable and proportional as required by the Federal Rules in light of Mr. Tassillo's status as a former employee.  Lastly, the parties have identified four issues on which they do not believe they can agree, and which are ripe for the Court's consideration.  In sum, Plaintiff continues to refuse to tailor her discovery requests in a manner that could produce relevant jurisdictional discovery.  Her motion to compel should be denied in its entirety.

## II.   ARGUMENT

### A.   Tassillo Does Not Have A Large Volume of Potentially Relevant Documents.

Mr. Tassillo is a former employee of the MindGeek Entities.  Like most employees, he used his MindGeek email account for MindGeek business.  With very

---

[1] Mr. Tassillo is similarly situated to defendant Feras Antoon with respect to Plaintiff's jurisdictional discovery requests, and thus this submission is substantially identical to Mr. Antoon's submission.  But because Plaintiff filed two separate motions to compel, each of Mr. Antoon and Mr. Tassillo will file a separate supplemental memorandum.

1

**DEFENDANT DAVID TASSILLO'S SUPPLEMENTAL BRIEF IN OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

1  few exceptions (that were captured by counsel's searches), he used his personal

2  email account for personal matters, not MindGeek business.  When Mr. Tassillo left

3  his position, he surrendered access to his MindGeek email account.  He therefore no

4  longer has access to the vast majority of MindGeek-related documents.  Those

5  documents remain in the possession of the MindGeek Entities.

6       Consequently, Tassillo has very few sources of potentially responsive

7  documents in his possession and even fewer in his unique possession.  While he also

8  has texts and other messaging information from the time of his employment on his

9  mobile device, the MindGeek Entities imaged that device after this case was filed,

10  and the MindGeek Entities are reviewing those materials—in coordination with Mr.

11  Tassillo—to avoid unnecessarily costly or duplicative discovery.  Thus, as explained

12  further below, Mr. Tassillo's lack of responsive materials is logical and not

13  surprising, despite Plaintiff's protestations.

14     **B.    Tassillo Has Searched For Documents Concerning Plaintiff and the
          Direction and Implementation of CSAM Policies (RFP Nos. 1, 5,**
15     **10, 30, 33-42, 46, 49, 52), But Has Not Found Responsive**
       **Documents.**
16

17       Through counsel, Mr. Tassillo has searched his personal email for responsive

18  documents relating to two topics on which the Court permitted jurisdictional

19  discovery and for the time period that this Court determined was appropriate for

20  jurisdictional discovery.[2]  Plaintiff's discovery requests were overbroad and

21  unspecific, but Plaintiff's counsel did not express any willingness to narrow or

22  clarify these improper requests or even provide suggested search terms during meet

23  and confer discussions. Mr. Tassillo used his own search terms to conduct a

24  reasonable and appropriate search for responsive materials.  He has not located any

25

26  [2] As the Court has found that only contacts prior to the event causing the litigation
   may be considered, (Dkt. 211) Tassillo limited the searches for responsive
27  documents to those dated between June 1, 2014, and June 30, 2020.

28
**DEFENDANT DAVID TASSILLO'S SUPPLEMENTAL BRIEF IN
OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

1  responsive documents to date.

2      ***RFP No. 1.***  Mr. Tassillo's counsel searched his personal email account using

3  the terms "Serena" or "Fleites," and did not find any responsive documents.  This is

4  sufficient to discharge his duty to conduct a reasonable search in response to RFP.

5  No. 1.

6      ***RFP Nos. 5, 10, 30, 33-42, 46, 49, 52.***  Mr. Tassillo's counsel has searched

7  for documents reflecting the individual defendants' direction or implementation of

8  the MindGeek Entities' CSAM-related policies.  Mr. Tassillo used 11 search terms

9  covering not only materials related to CSAM policy but any document even

10 mentioning CSAM or its synonyms.  Even using a search of that breadth, Mr.

11 Tassillo did not locate any responsive documents.  This is not surprising: Mr.

12 Tassillo did not use his personal email account to direct or implement MindGeek

13 corporate policies.  Plaintiff's motion to compel as to these documents should be

14 denied.

15      **C.    Many of Plaintiff's Requests Are Vague, Overbroad, and Seek
           Documents Readily Obtainable from the MindGeek Entities.**

16

17      Many of Plaintiff's remaining requests are improperly vague and overbroad,

18 and Plaintiff has refused to narrow any of them or provide search terms for Mr.

19 Tassillo's consideration.  *See* RFP Nos. 2, 3, 6-9, 13-17, 19-29.  For example, RFP

20 No. 2 seeks all documents "concerning" Mr. Tassillo's affiliation, employment or

21 ownership of MindGeek or any related entity.  Mr. Tassillo has been a shareholder

22 and was an employee for many years; thus any number of documents could

23 "concern" his "affiliation."

24      Additionally, many other RFPs seek voluminous corporate documents from

25 Mr. Tassillo.  These requests seek materials that, if appropriate for discovery, should

26 be obtained from the MindGeek Entities; the documents at issue include "audited

27 financial statements" (RFP No. 25), documents identifying all companies through

28

- 3 -
**DEFENDANT DAVID TASSILLO'S SUPPLEMENTAL BRIEF IN
OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

1  which MindGeek operates (RFP No. 22), "financial ledgers," and "shareholder,

2  investor, director, member, manager or partner lists" (RFP No. 16). Mr. Tassillo

3  understands that the MindGeek Entities have produced much of this material to

4  Plaintiff. But Plaintiff repeatedly argues that even if the only responsive documents

5  in Mr. Tassillo's possession are duplicates of documents the MindGeek Entities have

6  already produced, he should still be required to search for and produce those

7  duplicate materials. This violates the requirement that discovery be "proportional to

8  the needs of the case," considering "the parties' relative access to relevant

9  information, the parties' resources," and "whether the burden or expense of the

10  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

11  Compelling Mr. Tassillo to search for and produce duplicate copies does not

12  genuinely aid the discovery process, and any marginal benefit of this effort cannot

13  justify the burden Plaintiff seeks to impose on Mr. Tassillo. Plaintiff's motion should

14  be denied.

15  **D.   The Remaining Discovery Requests in Dispute.**

16  Plaintiff, Mr. Antoon, and Mr. Tassillo have met and conferred since filing

17  the Joint Stipulation, and have crystalized the following areas of disagreement:

18  *1. Relevant Period.* In RFP No. 4 and subsequent meet-and-confer sessions,

19  Plaintiff has claimed that documents created after the events that caused this

20  litigation could be relevant. This contradicts this Court's determination that "[o]nly

21  contacts occurring prior to the event causing the litigation may be considered." Dkt.

22  211 (quoting *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911,

23  913 (9th Cir. 1990)). Plaintiff responds by speculating that documents dated later

24  may refer to pre-litigation jurisdictional contacts. But this argument assumes the

25  unsupported conclusion that such contacts exist, has no limiting principle, and is

26  thus a classic "fishing expedition."

27  *2. Personal Financial Records.* Plaintiff also cannot articulate a

28

- 4 -

**DEFENDANT DAVID TASSILLO'S SUPPLEMENTAL BRIEF IN
OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

jurisdictional discovery nexus for RFP No. 18 seeking all personal "bank and investment statements." There is no suggestion that these records are relevant to personal jurisdiction. Rather, the "request for bank records and related information is intrusive and burdensome, and [Plaintiff] has not convincingly shown that he seeks this sensitive information for a purpose more substantial than a mere 'fishing expedition.'" *In re Fagan*, No. MC 19-47-UA (ASX), 2019 WL 8011742, at *3 (C.D. Cal. May 10, 2019).

*3. Personal Trips.* Plaintiff also claims incorrectly that all of Mr. Tassillo's trips to the United States are relevant jurisdictional contacts (*see* RFP 11) to personal jurisdiction, regardless of whether they relate to MindGeek's business.[3] To support an exercise of jurisdiction, even business trips must "relate[] to the claims against" Mr. Tassillo. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003). His personal trips *a fortiori* cannot be relevant.

*4. Contact Lists.* RFP No. 32 and ROG 6 seek any of Mr. Tassillo's contact lists. Plaintiff again fails to articulate why these personal contact lists are relevant to the specific personal jurisdictional theories Plaintiff offers. Mr. Tassillo has already identified his phone numbers and the messaging services he used, and the MindGeek Entities have produced many documents in this jurisdictional discovery phase that will reflect contact information of the individuals involved in relevant documents and communications.

## III. CONCLUSION

Plaintiff's Motion to Compel should be denied in its entirety.

---

[3] The MindGeek Entities have already produced data showing business trips Mr. Tassillo took to the United States, including (i) the date, (ii) the location, and (iii) the purpose of those trips. Plaintiff has failed to explain either in writing or during meet-and-confer calls why any other information is necessary to determine personal jurisdiction.

**DEFENDANT DAVID TASSILLO'S SUPPLEMENTAL BRIEF IN OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**

1    DATED: February 22, 2023            Respectfully Submitted,

2

3                                        WIECHERT, MUNK & GOLDSTEIN, PC

4

5                                        By:  /s/ David W. Wiechert
                                              David W. Wiechert (SBN 94607)

6

7                                        MORVILLO ABRAMOWITZ GRAND
                                         IASON & ANELLO PC

8
                                         Jonathan S. Sack (admitted *pro hac vice*)
9
                                         *Attorneys for Defendant David Tassillo*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 6 -
        **DEFENDANT DAVID TASSILLO'S SUPPLEMENTAL BRIEF IN
        OPPOSITON TO PLAINTIFF'S MOTION TO COMPEL**