Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:   (212) 209-4801

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

## PRELIMINARY STATEMENT

On July 29, 2022, Judge Carney ordered all MindGeek Defendants, including Defendant Corey Urman, to submit to jurisdictional discovery. (Dkt. 167). But seven months later, Urman did not produce a single document until the afternoon that this Supplement was due, and maintained that he had little to produce despite serving as an officer in the MindGeek enterprise and being one of MindGeek's primary witnesses before the Canadian House of Commons. Despite clear Court orders permitting Plaintiff to seek documents and communications concerning the spread and dissemination of her Child Sexual Abuse Material ("CSAM") and the Individual Defendants' direction, implementation, or substantial involvement with policies and procedures applicable to Defendants' handling of that material, Urman has arbitrarily limited the time period for the search of his material, likely excluding vital documents and communications and further preventing Plaintiff from information that would likely lead to the discovery of additional evidence. Moreover, as explained in Plaintiff's opening brief, Urman cannot simply rely on the production of the MindGeek Entity defendants in satisfaction of his discovery requirements – he must produce documents in his possession, custody, or control. Urman's stance on discovery ignores both the law, which is clear that one defendant cannot sit on the discovery sidelines and coast on another defendant's production, and this Court's previous orders denying the MindGeek Defendants' requests to limit Plaintiff's discovery requests (Dkt. 211), and directing the MindGeek Entities to produce documents which will "identify which Defendants were engaged in forum-related activity related to Plaintiff's claims" and otherwise "bear on Plaintiff's alter ego theory and may show which Defendants exerted control in regards to Plaintiff's CSAM." (Dkt. 260, at 1).

In short, Urman has stonewalled Plaintiff, attempted to force her to narrow her discovery requests without providing *any* documents, and attempted to run out the clock on the jurisdictional discovery period. At this point, Urman should be

ordered to promptly produce all relevant, responsive documents or risk having jurisdiction deemed established for failure to participate in discovery.

## I. URMAN HAS NOT COMPLIED WITH JUDGE CARNEY'S ORDER DIRECTING HIM TO SUBMIT TO JURISDICTIONAL DISCOVERY.

In September 2022, Plaintiff propounded requests for documents and information on Urman seeking, among other things, documents and communications concerning Plaintiff, Urman's employment with the MindGeek entities, MindGeek's CSAM policies and procedures, and Urman's jurisdictional contacts with the United States, including California. One of the most basic discovery obligations is that "upon receipt" of Plaintiff's discovery requests, Urman was "required to conduct a 'reasonable search' for responsive documents." *Trujillo v. Princess Cruise Lines, Ltd.*, No. CV 20-7451 JWH (PVCx), 2021 WL 3604518, at *6 (C.D. Cal. Apr. 23, 2021). After nearly seven months Urman had not provided a single page of discovery until the evening this filing was due. In fact, Urman recently informed Plaintiff that his review is still ongoing and he expects to complete it by February 28. *See* Doyle Decl., ¶ 20. His search for responsive documents should have been completed long ago.

In addition, Urman's search for responsive documents has been improperly limited in scope to the period from June 2014 to June 2020. (Dkt. 267, at 66). To support this confined search period, Urman mischaracterizes this Court's quotation of *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990), in a prior Order granting Plaintiff's motion for issuance of letters rogatory. (*See* Dkt. 267, at 66 n.9 (citing Dkt. 211, at 3)). But Judge Carney has already declared that jurisdictional discovery is permitted into whether the Individual Defendants directed, implemented, or were substantially involved with practices and policies that harmed Plaintiff. (Dkt. 167, at 5, 7). By design, Urman's limited time period for his search for responsive documents excluded periods of time when responsive and relevant communications may exist.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL DEFENDANT COREY URMAN'S RESPONSES

|   |   |
|---|---|
| 1 | By way of example only, on December 4, 2020, mere months after the end of |
| 2 | Urman's search period, the New York Times issued a report on the widespread and |
| 3 | easily found child pornography found on the MindGeek Platform. (FAC (Dkt. 124- |
| 4 | 3), ¶ 56). In the wake of this bombshell report, to the extent Urman communicated |
| 5 | with others, including any of the Individual Defendants, concerning the policies and |
| 6 | practices that were in place prior to the article, including during times when |
| 7 | Plaintiff's CSAM remained on MindGeek's sites, those communications would be |
| 8 | relevant and responsive to the inquiry that Judge Carney ordered. Similarly, in early |
| 9 | February 2021, Urman testified, along with Individual Defendants Feras Antoon and |
| 10 | David Tassillo, before the Canadian House of Commons, which had opened an |
| 11 | inquiry into MindGeek's exploitation and monetization of child pornography, rape, |
| 12 | trafficked, and other nonconsensual content. (*Id.* at ¶¶ 57-58.) Communications |
| 13 | among the Individual Defendants during the timeframe of this testimony could well |
| 14 | include relevant and responsive communications concerning policies and practices |
| 15 | in effect when Plaintiff's CSAM was on MindGeek's sites. But Urman never |
| 16 | captured these critical time periods in his search for responsive documents. |
| 17 | Similarly, documents and communications concerning Urman's direction, |
| 18 | implementation, or substantial involvement in the policies that harmed Plaintiff are |
| 19 | relevant, even if his direction, implementation, or substantial involvement occurred |
| 20 | before June 2014 and those policies he directed, implemented, or had substantial |
| 21 | involvement with later harmed Plaintiff when her CSAM material was uploaded to |
| 22 | MindGeek's sites. Accordingly, this Court should overrule this improper date |
| 23 | restriction and order Urman to produce all responsive material.¹ |
| 24 |   |

---

¹ Additionally, Urman has interpreted Judge Carney's order too narrowly when he argues that it authorized discovery only regarding the Individual Defendants' role in directing or implementing CSAM policies. (Dkt. 268, at 67.) However, in addition to recognizing that jurisdictionally relevant conduct included directing implementing policies or practices that were applied to Plaintiff and her videos,

Similarly, Urman's refusal to produce other responsive documents concerning relevant alter ego factors or his business travel and jurisdictional contacts with the United States because of what the MindGeek Entity Defendants have produced or will produce is inappropriate. Production of some documents by another defendant does not excuse Urman from producing responsive documents within his possession, custody, or control, as this Court has already held. *See* Dkt 211, at 3-4; *see also Anson v. Weinstein*, No. CV 17-8360-GW (KSX), 2019 WL 6655259, at *4 (C.D. Cal. Aug. 26, 2019).

In sum, as of this late date, Urman did not provide his proposed search terms until less than one week ago and did not produce any documents until the afternoon that this Supplement was filed. *See* Doyle Decl., ¶ 21. This miniscule production consists of just 83 pages purportedly comprised of Urman's employment agreements with MindGeek and one document from his personal email account relating to the direction and implementation of CSAM policy. *See id.*. Throughout the discovery process, Plaintiff has diligently attempted to engage with Urman and the other Individual Defendants to resolve their discovery disputes. *See id.* at ¶¶ 3, 5-14, 16-20. Indeed, Plaintiff's counsel met with counsel for Urman and/or the other individual defendants acting on Urman's behalf, on multiple occasions, including on December 15, 2022, January 6, 2022, February 10, 2022, and February 16, 2022. *See id.* at ¶¶ 5, 8, 17, 20. Despite these efforts, Plaintiff had not received any documents from Urman until this afternoon. *Id.* at ¶ 21.

Accordingly, Plaintiff requests that this Court order Urman to produce responsive and relevant materials within two weeks of the March 8, 2023 hearing date so that Plaintiff can obtain this discovery in advance of taking Mr. Urman's deposition. If Urman does not provide this information promptly, then the Court

---

Judge Carney also explained that "knowingly approving" (Dkt. 167, at 5) or having "substantial involvement in" those policies (*id.* at 7) is also relevant.

can and should find personal jurisdiction deemed established. *See, e.g.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705-707 (1982) (affirming discovery sanction that found the facts necessary to establish personal jurisdiction over a recalcitrant defendant); *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 3012166, at *1 (C.D. Cal. Mar. 11, 2022) (warning party of likelihood of adverse inferences establishing jurisdiction for "party responsible for any obstruction, delay, or lack of cooperation during jurisdictional discovery"); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, No. C-10-04783 LHK PSG, 2011 WL 1483706, at *5 & n.8 (N.D. Cal. Apr. 19, 2011) (granting motion to compel Defendants' responses to jurisdictional alter ego discovery by a certain date or risk a finding "that failure to comply with discovery orders related to attempts to establish the facts relevant to the exercise of personal jurisdiction risks the sanction that certain facts will be established"); *see also Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 393 (N.D. Cal. 2012) (finding alter ego facts established as a discovery sanction).

## II. CONCLUSION

Urman has found every way, for months, to avoid providing the discovery that bears on the jurisdictional analysis. The deadline is approaching. It is time for the Urman to provide all of the relevant, responsive information so the Court can conduct a fully informed jurisdictional analysis or risk a finding that the defense is waived for failure to participate in discovery.

DATED: February 22, 2023            Respectfully Submitted

                                                BROWN RUDNICK LLP

By: s/ Michael J. Bowe
MICHAEL J. BOWE (*pro hac vice*)
mbowe@brownrudnick.com
LAUREN TABAKSBLAT

(*pro hac vice*)
ltabaksblat@brownrudnick.com
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Fax: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Plaintiffs