Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Phone:       949.752.7100
Fax:   949.252.1514

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time:   10:00 a.m.<br>Courtroom:   6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

# DECLARATION OF JOHN G. DOYLE

I, John G. Doyle, declare as follows:

1. I am an associate with the lawfirm Brown Rudnick LLP, counsel for Plaintiff Serena Fleites in this case. I have been admitted *pro hac vice* in this case. I submit this declaration in support of Plaintiff's Motion to Compel Defendant Corey Urman's Responses to Plaintiff's First Request for Production of Documents and Interrogatories ("Plaintiff's Motion to Compel"). I have personal knowledge of the matters in this declaration.

2. Plaintiff served Defendant Urman with Plaintiff's First set of Interrogatories on August 17, 2022 and her First Set of Requests for Production on September 20, 2022.

3. On September 28, 2022, Plaintiff notified the MindGeek Entity Defendants and the Individual Defendants, including Defendant Urman, of Plaintiff's intent to seek the issuance of Letters Rogatory and requested to meet and confer at 1:00 p.m. (EST) with Defendants the following day. At 11:15 a.m. on September 29, 2022, Counsel for Defendant Bergmair emailed Plaintiff's counsel to let them know that they had been unable to review the materials and requested to pick another day and time. The other Defendants joined in the request. Plaintiff again attempted to establish a time to meet and confer at 2:00 p.m. (EST) on September 30, 2022 and established a call-in line. At 1:12 p.m. on September 30, 2022, notwithstanding having received Plaintiff's previous emails, the MindGeek Entity defendants stated they would not discuss the request that day because they did not receive another email invite. Plaintiff emailed all Defendants and stated her intent to open the conference line for the remaining Defendants. Defendant Bergmair's counsel responded at 1:55 p.m. (EST), stating that because MindGeek's counsel was not meeting and because the notice of the motion was less than 48-hours prior, a mutually convenient time for the following week "was not unreasonable." Plaintiff opened the conference line as

1    CASE NO. 21-CV-04920-CJC-ADS

DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

1 stated, but none of the Defendants called in to the meet and confer. At 2:02 p.m. counsel for Defendant Urman sent an email stating that they were willing to meet and confer the following week. Due to the weekend, the meet and confer was delayed until October 4, 2022. Attached as **Exhibit 9**, is a true and accurate copy of Plaintiff's communications concerning the meet and confer.[1]

4. On October 20, 2022, Plaintiff received Defendant Urman's Objections and Responses to Plaintiff's First Request for Production of Documents. (Dkt. 270-6). Defendant did not produce any documents with this response.

5. On December 5, 2022, Plaintiff sent Defendant Urman a Rule 37-1 letter outlining Plaintiff's objections to Defendant Urman's responses and objections and requesting to meet and confer on December 7, 2022. (Dkt. 270-7). On December 6, counsel for Defendant Urman responded saying they were not available to meet on the requested date and would propose an alternative date. In response to Plaintiff's subsequent email proposing a meeting on Thursday December 8, Defendant's counsel were also unavailable. On December 9, 2022, having not heard from Defendant, Plaintiff again proposed a meet and confer for Monday, December 12, 2022. On December 9, 2022, Defendant Tassillo's counsel, on behalf of all Individual Defendants, e-mailed Plaintiff proposing a joint meet and confer on Thursday, December 15, 2022 – precisely 10 days after Plaintiff's original request. Plaintiff agreed to the proposed date, but apprised counsel of her willingness to meet at an earlier date and time. The meet and confer occurred on December 15, 2022, however, defense counsel declined to discuss their substantive positions concerning the requests, citing, in part, Plaintiff's pending motion to compel the MindGeek Entities' responses to Plaintiff's discovery requests, thus leaving Plaintiff with no information upon which Plaintiff could reasonably evaluate her requests. Defendants asserted that

---

[1] Exhibit 8 was the last exhibit submitted by Plaintiff as an attachment to the undersigned's December 23, 2022 declaration (Dkt. 267-1).

2   CASE NO. 21-CV-04920-CJC-ADS
**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Plaintiff should wait to bring her motion until the Court ruled on Plaintiff's Motion to Compel the MindGeek Entity responses. True and accurate copies of the December 9-11 email communications concerning the December 15, 2022 meet and confer are attached as **Exhibits 10 and 11**.

6. On December 23, 2022, Plaintiff notified Defendant Urman of her intent to file a motion to compel his discovery responses and provided Defendant Urman with Plaintiff's portion of the joint stipulation. That same day, Plaintiff also notified the remaining Individual Defendants of her intent to compel their discovery responses. That evening, Defendant Bergmair's counsel responded on behalf of all Individual Defendants and requested an extension to Defendants' submission date because of the holiday period. In addition, Defendants' requested a hearing date of February 8, instead of February 1, 2023, because of conflicts for certain defense counsel. On December 27, 2022, Plaintiff agreed to both of Defendants' requests. A true and accurate copy of the December 27 email communications is attached as **Exhibit 12**.

7. On January 5, 2023, counsel for Defendant Tassillo, on behalf of all Individual Defendants, proposed a joint meet and confer on January 6, 2023, "to be followed by more tailored meet and confer conversations" with individual counsel as needed to potentially narrow disputes. Plaintiff agreed.

8. During the January 6, 2023 meet and confer, Defendants stated they were not prepared to produce any documents. Although Defendants asserted they were in the process of reviewing material, they would not articulate the extent of materials being searched, were unable to provide Plaintiff with an estimated production timeline, and again suggested that Plaintiff delay filing until the Court issued its ruling on Plaintiff's Motion to Compel the MindGeek Entities' responses. Throughout the

3     CASE NO. 21-CV-04920-CJC-ADS
**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

meet and confer Defendants maintained their positions that Plaintiff's requests were overbroad and not related to the Court's jurisdictional inquiry.

9. On January 9, 2023, Counsel for Defendant Urman, on behalf of all the Individual Defendants sent Plaintiff a list of RFPs which they wished to discuss, purportedly in an effort to narrow disputes requiring Court intervention. Defendants' communication, however, was not an offer to compromise or produce documents, but rather, was another request for Plaintiff to narrow Plaintiff's requests and reiterated Defendants' objections to Plaintiff's requests. Defendants again sought to delay the motion to compel, requesting to delay the joint stipulation submissions until after the Court's ruling on Plaintiff's Motion to Compel the MindGeek Entities' responses. Plaintiff declined. A true and accurate copy of Plaintiff's communications with Defendants concerning these meet and confer efforts are attached as **Exhibit 13**.

10. On January 11, 2023, Plaintiff received Defendant Urman's joint stipulation material. Within that submission, Defendant Urman agreed to produce any documents in his possession reflecting formulation of MindGeek's Child Sexual Abuse Material ("CSAM") policies and any records reflecting distributions to the other Individual Defendants.

11. The Court held oral argument on Plaintiff's Motion to Compel the MindGeek Entities' responses on January 11, 2023. During the hearing, The Court directed the Parties to engage in further meet and confer efforts. In light of the Court's direction, Plaintiff conferred with the Individual Defendants and proposed to delay filing her motions to compel in order to further meet and confer to narrow the disputed issues. Defendants agreed. Plaintiff proposed a meeting on Friday, January 13, 2023. In response, Defendants stated that due to the holiday weekend, Defendants were not available to meet and confer until Tuesday, January 17, 2023. Counsel for Plaintiff then requested a telephonic meeting with any available counsel for Defendants. Defendant Tassillo's counsel agreed, and conducted a telephonic meeting with

Plaintiff's counsel on Friday, January 13, 2023. The substance of the requests were not discussed, but Defendants and Plaintiff agreed to engage in further meet and confer discussions.

12. On January 18, 2023, Defendants requested that Plaintiff send them an itemized list of material that Plaintiff would like the Individual Defendants to produce. As of that date, none of the Individual Defendants had produced a single document. That afternoon, Plaintiff informed Defendants that Plaintiff would further delay filing the motion to compel and would be back in touch. A true and accurate copy of Plaintiff's communications are attached as **Exhibits 14** and **15**.

13. On February 1, 2023, and in light of the fact that Defendants had not produced any documents, Plaintiff notified the Individual Defendants, including Defendant Urman, of her intent to file their previously noticed motion to compel. During the preceding meet and confer discussions, the Individual Defendants asserted that they were not in possession or control of material responsive to Plaintiff's requests concerning Kaplan, Hecker, & Fink (Plaintiff's RFPs Nos. 43, 44, 45, and 47). Accordingly, Plaintiff deleted those portions of the argument from Plaintiff's brief, making no additional changes. A true and accurate copy of Plaintiff's notice to Defendant Urman and associated communications are attached as **Exhibits 16, 17, and 18**.

14. On February 7, 2023, the Individual Defendants submitted their portions of the joint stipulation. With his submission, Defendant Bergmair requested that the hearing date be moved to March 8, 2023 to accommodate the Individual Defendants' schedule. On February 8, 2023, Plaintiff sent the Individual Defendants a request to provide additional information concerning their unavailability for the March 1, 2023 hearing and expressed a willingness to engage in further meet and confer discussions during the motions process provided the Defendants were prepared to engage in meaningful meet and confer efforts. In response, Defendant Bergmair's counsel

5   CASE NO. 21-CV-04920-CJC-ADS
**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

provided the requested conflict information and, responding for all Individual Defendants, agreed to further meet and confer on Friday, February 10. The Parties agreed to meet and confer at 11:00 a.m. (EST). Plaintiff subsequently agreed to the March 8 hearing date and coordinated the final draft of the present motion to compel with Defendant's counsel. A true and accurate copy of Plaintiff's communications with Defendant are attached as **Exhibit 17**.

15. On February 8, 2023, Plaintiff filed her Motion to Compel Defendant Bergmair's discovery responses (Dkt. 267). As of February 8, 2023, none of the individual defendants had produced a single document.

16. On February 9, 2023, Plaintiff sent Defendants a non-exclusive list ("Plaintiff's February 9 Topic List") of categories of documents Plaintiff sought from Defendants in order to facilitate discussion on the meet and confer on February 10, 2023. A true and accurate copy of Plaintiff's February 9, 2023 communication and the February 9 Topic List is attached as **Exhibit 19**.

17. During the February 10, 2023, joint meet and confer defense counsel represented, amongst other things, the following:

- They believe the relevant communications concerning Serena Fleites are limited to the time period of June 2014-June 2020 and further took the position that communications occurring after this period were not relevant. Counsel were unable to articulate whether or not communications falling outside of the applied timeframe existed and would not confirm whether they were in possession of communications, including text messages, between the Individual Defendants regarding the same.

- Counsel would not answer questions pertaining to the methodologies used to search for responsive material, including questions concerning

       applied search terms during the meet and confer, but would consider them.

- Counsel believed the corporate documents provided by the MindGeek Entities were sufficient to satisfy Plaintiff's requests.
- The MindGeek Entity Defendants will produce material from their travel and expense ("T & E") system responsive to Plaintiff's requests for travel and other contact documents.

18. During the February 10, 2023 meet and confer, Plaintiff further expressed her intent to meet with the defendants individually, and outside of a group setting.

19. On February 14, 2023, at 3:40 p.m. (EST), Plaintiff's Counsel asked Defendant Urman to provide counsel's availability for an individual meet and confer regarding Plaintiff's discovery requests. On February 15, 2023, counsel for Defendant Urman agreed to meet on Thursday, February 16, 2023.

20. Counsel for the Parties met and conferred on February 16, 2023. During the meeting, Defendant stated, amongst other things, that: they were not inclined to provide Plaintiff with a summary of the number of responsive documents returned as a result of Defendant's search terms; Defendant's limitation of their searches and productions to the June 1, 2014 – June 30, 2020 timeframe would need to be litigated; counsel were not able to provide information as to whether they possessed responsive material for the post-June, 30, 2020 time period; they would not produce bank records; they did not have documents to produce at the time of the meeting; and were in the process of finishing their document review, which they anticipated to be complete by February 28, 2023, but were unable to tell us if we could expect the production of any material.

21. On February 22, 2023, at 4:25 p.m. (EST), Defendant Urman served his first production of documents on Plaintiff. This production consists of 4 documents

7    CASE NO. 21-CV-04920-CJC-ADS
**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT COREY URMAN'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

containing approximately 83 pages, and the cover letter accompanying that production stated that it was comprised of Urman's employment agreements with 9219-1568 Quebec, Inc. and one document relating to the direction and implementation of CSAM policy.

I swear under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of February 2023 in Washington, D.C.

By: /s/ *John G. Doyle*
John G. Doyle