# EXHIBIT 13

| | |
|---|---|
| **From:** | Akoglu, Kerime |
| **To:** | Bowe, Michael J |
| **Cc:** | Doyle, John G.; Tabaksblat, Lauren; Stein, David M.; White, Jonathan D.; Chavkin, Peter; Biagetti, Peter; Korn, Adam; Ronald White; Jeffrey Skinner; Devon Little; McMenamin, Ryan; Sack, Jonathan S.; Eszter Vincze; Jason Brown; Nathaniel P.T. Read |
| **Subject:** | RE: Fleites - Plaintiff"s Motion to Compel Bergmair, Antoon, Tassillo, and Urman |
| **Date:** | Tuesday, January 10, 2023 2:28:03 PM |

**CAUTION:** External E-mail. Use caution accessing links or attachments.



Mike,

Thank you for your response. We disagree with your characterization of the individual defendants' positions, the meet-and-confer, and my email. While we welcome a further meet-and-confer, given your refusal to extend the deadline for the joint stipulation, we will focus our efforts on getting you a timely response to the joint stipulation (which we are required to provide to you by the end of the day today). We are happy to continue to discuss these issues with you tomorrow and after.

Best,
Kerime

Kerime S. Akoglu | ksakoglu@mintz.com | 212.692.8141

**From:** Bowe, Michael J <MBowe@brownrudnick.com>
**Sent:** Tuesday, January 10, 2023 7:28 AM
**To:** Akoglu, Kerime <KSAkoglu@mintz.com>
**Cc:** Doyle, John G. <JDoyle@brownrudnick.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; Stein, David M. <DStein@brownrudnick.com>; White, Jonathan D. <JWhite@brownrudnick.com>; Chavkin, Peter <PAChavkin@mintz.com>; Biagetti, Peter <PABiagetti@mintz.com>; Korn, Adam <ABKorn@mintz.com>; Ronald White <rwhite@wmhlaw.com>; Jeffrey Skinner <jskinner@wmhlaw.com>; Devon Little <dlittle@wmhlaw.com>; McMenamin, Ryan <RMcMenamin@maglaw.com>; Sack, Jonathan S. <JSack@maglaw.com>; Eszter Vincze <EVincze@cohengresser.com>; Jason Brown <JBrown@cohengresser.com>; Nathaniel P.T. Read <nread@cohengresser.com>
**Subject:** Re: Fleites - Plaintiff's Motion to Compel Bergmair, Antoon, Tassillo, and Urman

Thank you for your response Kerime.

Unfortunately, I stand by my position that the individual defendants have engaged in a bad faith meet and confer process that is not constructive or materially narrowing the issues. On our meet and confer and in your email you devote the bulk of time and words to the limited number of issues you are willing to discuss and ignore and refuse to address the many more, and more important, issues that also are in dispute.

For example, on the call I asked counsel for all the individual defendants:  (a) was it there position that they possessed no other responsive information other than what was literally duplicative of the single box of documents produced by the corporate defendants; (b) was it there position that what was produced by the corporate defendants actually revealed even obscurely who owned what percentages of this business and through what structures, what the relative economic interests and control rights were of the individual entities, and  where the money earned by the operating companies goes, who receives it, on what basis and by what right those payments are made; (c) was it there position that they possessed no responsive documents other than what was produced that are probative of these core questions, in particular a complete centralized set of all operative deal and corporate ownership and governance documents and summarizes, digests, presentations, and explanatory documents explaining how ownership, control, money flow, and economics work in this complicated structure; (d) had they disclosed all the messaging and communication services they used and the identifying information for each, including for ICQ; (e) had they conducted searches of those communications services for responsive documents; and (f) were they prepared to disclose all US contacts for the individual defendants?

You and the other counsel refused to discuss any of this.  Instead, with respect to the universe of issues concerning economics and control you literally took the position that because your client had provided a sworn interrogatory response generally explaining the ownership structure no documents or other information was required or necessary because he had stated that conclusion under oath. Then you insisted we spend the bulk of our time focused on whether you had to produce literally identical documents already produced by the corporate defendants.   When I asked if you even had compared that single box of documents to your responsive documents you refused to answer.

This is a classic performative exercise intended to create the impression of substantive meet and confer efforts while avoiding any such thing.

That said our requirement to meet and confer remains and we will always be willing to do so if the individual defendants wish to change their approach.

In that regard, please provide answers to the questions I raised in the meet and confer and summarized above by the close of business today.  We will provide you responses to your questions below on specific requests at the same time.

As to your other requests:

1.  We have reviewed the Court's rules and it is clear your proposed omnibus proposal would violate those rules.   Therefore, we decline this proposal.

2.   With respect to your request for an extension, my position remains the same as articulated on our call when you asked me to explain why I was unwilling to give the individual defendants another extension.  The individual defendants have not come remotely close to the good faith effort to comply with their discovery obligations that is required under the Federal Rules, have produced not

a single document, refuse to provide any information about what, if anything, they have done to collect, preserve and produce responsive information, said before Friday's meet and confer that they had done nothing, on Friday falsely claimed they never said that but refused to explain what they had done or when they might produce even a single page of discovery, and have refused to even discuss the most serious deficiencies in their total failure to respond, while belaboring whether they needed to produce duplicates without even being able to say they knew they had duplicates.

This absolute failure to comply with their discovery obligations is not going to be materially or even slightly mitigated by anything you have been willing to discuss or that you include in your email.  We will continue to discuss the drops in the bucket you are willing to discuss, but no matter how much you talk or write about them, it leaves the rest of the full bucket unaddressed.  The Court will need to address the enormous deficiencies you are not willing to discuss regardless of our current dialogue.

  Given the bad faith and lack of constructive discussions to-date, the fact we already gave you a lengthy extension, and the fact your request for another extensions would leave us less time for our supplement, we again decline your request.

We look forward to your responses to our questions later today.

Thank you.

Sent from my iPhone

> On Jan 9, 2023, at 12:42 PM, Akoglu, Kerime <KSAkoglu@mintz.com> wrote:
>
> **CAUTION: External E-mail. Use caution accessing links or attachments.**
>
> ---
>
> Mike and John,
>
> Following up on our meet and confer on January 6, in an effort to narrow the dispute between the parties, we want to follow up about the below items.  To avoid confusion, I am sending this email on behalf of all of the individual defendants.
>
> 1. **Kaplan Hecker:**  We told you that we would get back to you about whether or not any of the individual defendants have in their possession any reports or recommendations that may have been provided by Kaplan, Hecker & Fink to MindGeek (RFP 45).  After a reasonable, good faith search, we can represent that none of the individual defendants have any such report or

recommendation in their possession.  In addition, we can similarly represent that after a reasonable, good faith search, none of the individual defendants have in their possession any documents responsive to RFP 44.

2. **Further Consideration of RFPs**:  When discussing RFPs 10, 14, 18, 24, 30, 32, and 36, you stated that you are open to narrowing the requests and asked us to send a follow up email for your consideration.  Below is a summary of our request with respect to these RFPs.

    1. **RFP 10**:  We believe this RFP asks only for documents outside the permissible scope of jurisdictional discovery or outside the legally relevant time frame.  Please let us know if you will reconsider this RFP, and if not, whether you are willing to narrow this request in any manner.

    2. **RFP 14:**  We believe this RFP asks only for documents outside the permissible scope of jurisdictional discovery or outside the legally relevant time frame.  Please  let us know if you will reconsider this RFP, and if not, whether you are willing to narrow this request in any manner.

    3. **RFP 18**:  Given that MindGeek has produced documents showing individual defendants' compensation and dividends, we believe this request is inappropriate for all of the reasons stated in the individual defendants' responses.  Can you please let us know why you believe this request is necessary and appropriate in light of MindGeek's production and the confines of jurisdictional discovery?  To the extent that you believe MindGeek's production does not satisfy this RFP, please let us know whether you are willing to narrow this request in any manner.

    4. **RFP 24**:  We don't believe that "transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations" are relevant to jurisdictional discovery as to the individual defendants.  Please let us know if you will reconsider this RFP, and if not, whether you are willing to narrow this request in any manner**.**

    5. **RFP 30**:  We believe that documents relating to the resignation of Mr. Antoon and Mr. Tassillo are beyond the permissible scope of jurisdictional discovery and outside the legally relevant time frame.  Please let us know if you will reconsider this RFP, and if not, whether you are willing to narrow this request in any manner.

    6. **RFP 32**:  All individual defendants have already provided the relevant phone numbers and messaging services they used in response to Interrogatory 6.  Separately, we believe "all contact lists" maintained by the individual defendants is beyond the permissible scope of jurisdictional discovery or outside the legally relevant time frame.  Please let us know if you will reconsider this RFP, and if not, whether you are willing to narrow

this request in any manner.

7. **RFP 36**: We believe this RFP asks only for documents outside the permissible scope of jurisdictional discovery or outside the legally relevant time frame. Please let us know if you will reconsider this RFP, and if not, whether you are willing to narrow this request in any manner.

In addition to these RFPs, please let us know if you are open to narrowing any of the other requests or interrogatories that remain part of plaintiff's motion to compel.

3. **Joint Motion to Compel/Stipulation for All Individual Defendants**: We asked whether you would consider submitting one motion to compel against all individual defendants, rather than separate motions to compel for each individual defendant, given that the challenged RFPs and interrogatories are identical. You said you would consider this request. We would like to make this easier for the Court, and we believe one omnibus motion to compel will aid the Court and the parties, and avoid unnecessary waste of judicial resources. Please let us know if you will agree, and if so, please send us a revised joint stipulation for our collective response.

The individual defendant parties are eager to continue the meet and confer process in order to help narrow the existing disputes. We propose scheduling another call after the Magistrate Judge's ruling on plaintiff's motion to compel against MindGeek, which undoubtedly will provide guidance toward resolving the disputes between plaintiff and the individual defendants. Please let us know if you are amenable to this approach.

In light of our ongoing efforts to narrow the disputes, the outstanding issues in this correspondence, and the upcoming hearing on plaintiff's motion to compel MindGeek on January 11, we request that plaintiff agree to extend the deadline for individual defendants' portion of the joint stipulation to January 17. To be clear, if the parties do not resolve their disputes within this time period, plaintiff would not be prejudiced by the extension because the motion can still be submitted to the Court on January 18 and be heard on the current agreed-upon hearing date of February 8. Please let us know if you will agree to an extension to January 17.

We remain available to discuss all of the issues in plaintiff's motion to compel and hope to narrow as many disputes as possible prior to a filing.

Best,
Kerime

**Kerime S. Akoglu** | Associate
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
919 Third Avenue, New York, NY 10022

+1.212.692.8141

KSAkoglu@mintz.com | Mintz.com

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.