# EXHIBIT A

**Kerime S. Akoglu**
212 692 8141
ksakoglu@mintz.com



MINTZ

919 Third Avenue
New York, NY 10022
212 935 3000
mintz.com

February 17, 2023

**VIA EMAIL**

| | |
|---|---|
| Michael J. Bowe | David M. Stein |
| Lauren Tabaksblat | Brown Rudnick LLP |
| Brown Rudnick LLP | 2211 Michelson Drive, 7th Floor |
| 7 Times Square | Irvine, California 92612 |
| New York, NY 10036 | dstein@brownrudnick.com |
| mbowe@brownrudnick.com | |
| ltabaksblat@brownrudnick.com | |
| | |
| John G. Doyle | Joshua Dunn |
| Brown Rudnick LLP | Brown Rudnick LLP |
| 601 Thirteenth Street, NW, Suite 600 | One Financial Center |
| Washington, D.C. 20005 | Boston, MA 02111 |
| jdoyle@brownrudnick.com | jdoyle@brownrudnick.com |

   **Re: Meet and Confer Regarding Plaintiff's Discovery Requests to Corey Urman**

Counsel:

  Following up on our meet-and-confer on February 16, 2023, we are writing to summarize Mr. Urman's positions with respect to Plaintiff's discovery requests, as discussed at the meet-and-confer. We appreciated the constructive tone of our meet-and-confer yesterday, and to the extent you have any questions about the issues summarized in this letter, we remain willing and ready to continue to meet and confer with you.

  A. <u>Search Parameters</u>

  Consistent with the Court's limitation of Plaintiff to jurisdictional discovery, we applied the below-listed search terms to all documents in Mr. Urman's possession which were sent or received between June 1, 2014 and June 30, 2020 from or to Mr. Urman's personal email address or his text or messaging applications.

1. "Serena"
2. "Fleites"
3. "CSAM"
4. underage*
5. minor
6. minors

**MINTZ**

February 17, 2023
Page 2



      7. "child porn"
      8. "child pornography"
      9. pedophile
     10. "pedo"
     11. "child abuse"
     12. "child sexual abuse"
     13. "child sex trafficking"

In addition, although Mr. Urman does not believe that the following terms are necessary to find permissible jurisdictional discovery, in order to obviate a dispute about certain RFPs, Mr. Urman also ran these terms in the same time-period and across the same set of documents.

      1. "Pornhub"
      2. Mindgeek
      3. "Antoon"
      4. "Bergmair"
      5. "Tassillo"
      6. "9219 Quebec"
      7. MG w/2 Freesites
      8. MG w/2 Premium
      9. MG w/2 "Global Entertainment"
     10. "Redtube"
     11. "Tube8"
     12. "YouPorn"
     13. Kaplan w/2 Hecker

A review of the results of these searches confirms the accuracy and completeness of the statements offered in this letter.

    B.    <u>Mr. Urman Has No Documents Responsive to the Requested Scope of Fourteen RFPs</u>

While Mr. Urman does *not* concede that any of the following 14 requests are appropriately confined to jurisdictional discovery, he has obviated any dispute about them by determining that, based upon a reasonable search confined to the relevant time period (as stated above), he has in his possession no documents responsive to the requested scope (i.e., without narrowing) of each such request:

      1.    RFP No. 1: "All documents and communications concerning Serena Fleites."

      2.    RFP No. 8: "All documents related to any past or present, direct, indirect or beneficial ownership, licensing, or secured or other economic interest of, or in,

**MINTZ**

February 17, 2023
Page 3



any intellectual property owned or licensed, directly or indirectly by You related to MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites."

3. RFP No. 13: "All documents reflecting annual revenues, profits and losses, and expenses for each MindGeek Related Entity or MindGeek Tubesite or the entity that owns or controls that platform or website."

4. RFP No. 14: "All documents concerning, reflecting, describing, or relating to, or comprising of presentations to or from, proposed transactions from, or data and information provided or made available to, any actual or potential investors, lenders, secured parties, licensees, purchasers, or others concerning MindGeek or any MindGeek Related Entity."

5. RFP No. 15: "All transaction documents, term sheets, and communications concerning any actual or proposed transactions involving the ownership of, loans to, secured interest in, or intellectual property or other rights related to MindGeek."

6. RFP No. 17: "For each MindGeek Entity, affiliate, subsidiary, or Related Entity, all quarterly and annual tax filings, audits, financials, and statutory reporting, including work papers and reports of its outside accountants."

7. RFP No. 19: "All documents and communications related to any corporate reorganization by MindGeek and the purposes behind that reorganization."

8. RFP No. 23: "All documents identifying the entities providing services to MG Freesites LTD."

9. RFP No. 24: "All documents identifying the bank accounts, services, payments, written agreements, third parties providing transfer pricing studies, pricing studies and price ranges, accounting, and tax determinations."

10. RFP No. 25: "All audited financial statements and all related communications with auditors regarding the same."

11. RFP No. 27: "All documents related to the support services MG Global Entertainment has provided."

12. RFP No. 29: "All documents relating to MindGeek related payments, investments, or loans to, in, or for any personal affairs, expenses, entities, businesses, real estate, or investments related to You or any of the Individual Defendants, or any of their family members or entities in which either You or a family member holds a direct or indirect interest."

**MINTZ**

February 17, 2023
Page 4



13. RFP No. 30: "All documents related to the purported resignation of Feras Antoon and You as CEO and COO of MindGeek respectively, including, but not limited to, any documents related to any investigation, allegations, or reports of their using Mindgeek assets and monies for their personal affairs, investments, or businesses."

14. RFP No. 35: "All documents and communications describing MindGeek's policies and procedures for preserving hard copy and electronic documents and content."

C. <u>Mr. Urman Has No Documents Responsive to the Permissible Scope of Eleven RFPs</u>

While Mr. Urman does *not* concede that any of the following 11 requests are appropriately confined to jurisdictional discovery, he has obviated any dispute about them by determining that, based upon a search tailored to the permissible scope of jurisdictional discovery and the relevant time period stated above, he has in his possession no documents responsive to them. We have specified below what we consider the permissible scope of each request.

1. RFP No. 2: "All documents and communications concerning or relating to Your affiliation with, employment by, or ownership of MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites."
   - Interpreting this request as seeking documents sufficient to reflect Mr. Urman's employment by and ownership interest in any MindGeek entity, Mr. Urman will produce the employment agreements with 9219-1568 Quebec Inc., the only company that employed him. Otherwise, read literally, this request arguably calls for every document relating to MindGeek business.

2. RFP No. 3: "All documents and communications concerning or reflecting any income, revenue, or other monies You have received from MindGeek, any MindGeek Related Entity, or any MindGeek Tubesites."
   - MindGeek has already produced a summary of all of the compensation and dividends Mr. Urman received from any MindGeek entity. Interpreting this request as seeking documents sufficient to identify the compensation and dividends Mr. Urman received from any MindGeek entity, Mr. Urman has no additional responsive documents to this RFP.

3. RFP No. 6: "All documents describing, depicting, explaining, or relating to the past or present corporate and ownership organization and structure of MindGeek, the identity of all affiliated or related party entities, corporations, limited

**MINTZ**

February 17, 2023
Page 5



    partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities."

- Interpreting this RFP as seeking documents sufficient to identify official corporate documents (or drafts of such documents) describing the corporate and ownership organization and structure of MindGeek and its related entities, Mr. Urman has no responsive documents to this RFP.

4. RFP No. 7: "All documents related to any past or present, direct, indirect, or beneficial ownership, lending, or secured or other economic interest in, or business relationship with, MindGeek or any MindGeek Related Entity by You or any of the other Individual Defendants, Colbeck Capital, JP Morgan Chase, Fortress Investment Group, Cornell, Bjorn Daniel Sudan, or Shaileshkumar P. Jain (a/k/a "Sam" Jain) or individuals or entities introduced or represented by such persons or entities."

- As stated above, MindGeek has already produced the compensation and dividend provided to Mr. Urman. Interpreting this RFP to seek documents related to Mr. Urman's ownership or economic interest in any MindGeek entity other than what MindGeek has already produced, Mr. Urman has no responsive documents to this RFP.

5. RFP No. 9: "All documents describing, depicting, explaining, or relating to MindGeek's past or present internal organizational structure, offices, departments, executives, and personnel."

- Interpreting this RFP as seeking organizational charts (or drafts of such documents), Mr. Urman has no responsive documents to this RFP.

6. RFP No. 16: "For each MindGeek entity, affiliate, subsidiary, or related entity, all financial, ledgers; shareholder, investor, director, member, manager, or partner lists; board presentation materials, board minutes, and calendars of board meetings or conferences; records reflecting capitalization, revenues, profits, tax payments, distributions or dividends, and distribution or dividend recipients for such entities; articles of incorporation or formation, by-laws, shareholder and lender agreements; profit and loss, balance sheet, tax, payroll, and expense records; and records reflecting the sources of all payments made to or on behalf of the entity, affiliate, subsidiary, or related entity."

- Interpreting this RFP as seeking official corporate documents (or drafts of such documents) describing the listed items, Mr. Urman has no responsive documents to this RFP.

**MINTZ**

February 17, 2023
Page 6



7. RFP No. 20: "All documents or communications identifying the various subsidiaries comprising the business of MindGeek."
   - Interpreting this RFP as seeking official corporate documents (or drafts of such documents) identifying the requested information, Mr. Urman has no responsive documents to this RFP.

8. RFP No. 21: "All documents identifying the directors, managers, members, executives, and personnel of the various subsidiaries comprising the business of MindGeek."
   - Interpreting this RFP as seeking organizational charts (or drafts of such documents) summarizing the requested information, Mr. Urman has no responsive documents to this RFP.

9. RFP No. 22: "All documents identifying the companies organized and existing under the laws of multiple jurisdictions where MindGeek has assets, operates businesses, or provides services and the nature of the assets, businesses, or services."
   - Interpreting this RFP as seeking official corporate documents (or drafts of such documents) identifying the requested information, Mr. Urman has no responsive documents to this RFP.

10. RFP No. 26: "All documents identifying the distinct legal entities of MindGeek and any of the MindGeek Related Entities."
    - Interpreting this RFP as seeking official corporate documents (or drafts of such documents) identifying the requested information, Mr. Urman has no responsive documents to this RFP.

11. RFP No. 28: "All documents related to the services provided by 9219-1568 Quebec Inc."
    - Interpreting this RFP as seeking the service agreement for 9219-1568 Quebec Inc., Mr. Urman has no responsive documents to this RFP.

D. <u>Mr. Urman Is Continuing to Search for Jurisdictionally Relevant Documents, and Will Produce Any Responsive Documents</u>

As stated in the Joint Stipulation to Plaintiff's Motion to Compel Mr. Urman, Plaintiff's document requests regarding CSAM policies exceed the scope of permissible jurisdictional discovery. Judge Carney authorized Plaintiff to take discovery regarding the Individual Defendants' role in directing or implementing MindGeek's CSAM policies. Accordingly, Mr. Urman is continuing to search for any documents in his possession which relate to the direction or implementation of CSAM policy, consistent with Judge Carney's order. With respect to the following RFPs, Mr. Urman expects that by February 28, to the extent any exists, he will produce

**MINTZ**

February 17, 2023
Page 7



any non-privileged, responsive documents that relate to the direction and implementation of CSAM policy.

1. RFP No. 5: "All documents and communications between and among You and any of the Defendants related to the presence of any CSAM on any MindGeek site, any MindGeek Related Entity site, or any MindGeek Tubesites."

2. RFP No. 10: "All documents identifying all MindGeek or outside personnel or vendors with any current or past responsibility for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on any MindGeek platform or website, the entities they were retained and employed by, and the entities that they were compensated by, whether salary, bonus or otherwise."

3. RFP No. 33: "All documents or communications identifying, depicting, explaining, or describing any programs or technology MindGeek acquired, employed, used, or considered to moderate, monitor, format, optimize, filter, review, screen, or remove content on its websites, including the dates such technology was acquired, employed, or considered."

4. RFP No. 34: "All documents or communications related to MindGeek's policies, manuals, practices, processes, and rules for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening, or removing content on its platforms and websites, including all prohibited words, phrases, categories, and "genres" and all processes and reports concerning search engine optimization of such content."

5. RFP No. 36: "All documents and communications reflecting rosters, schedules, training materials, performance reviews and metrics for personnel or outside contractors or vendors involved in moderating, formatting, optimization, filtering, screening, or removing content from MindGeek's platforms and websites."

6. RFP No. 37: "All documents and communications identifying all content categories, "genres," or similar descriptors MindGeek has included, recommended, or offered to users of its platforms and websites."

7. RFP No. 38: "All documents consisting of, or reflecting, reports, communications, data, or actions related to content reviewed or screened by any technology, programs, or internal or external personnel concerning actual or suspected CSAM, nonconsensual, prohibited, or illegal content."

**MINTZ**

February 17, 2023
Page 8



8. RFP No. 39: "All documents concerning complaints, reports, communications, and requests concerning, non-consensual, prohibited, or illegal content on any MindGeek platform or website, including all documents and communications with or concerning any associated investigation, actions, and internal and external communications concerning the same."

9. RFP No. 40: "All documents and communications reflecting processes, standards, and technologies that MindGeek employed to prevent the presence of child pornography, CSAM, non-consensual, prohibited, or illegal content on its platforms or websites; the dates on which such processes, standards, and technologies were employed; and the people most knowledgeable about each."

10. RFP No. 41: "All documents and communications reflecting policies, practices, rules, guidelines, programs, or plans concerning the moderation, monitoring, review, formatting, analysis or search and social media use and optimization of content on MindGeek platforms and websites, including, but not limited to, with respect to content uploaded with associated languages other than English."

11. RFP No. 42: "All documents and communications concerning MindGeek's policies, practices, and compliance related to 18 U.S.C. § 2257."

12. RFP No. 46: "Any internal or external expert or consultant reports provided to MindGeek concerning its technology, processes, policies, and practices concerning CSAM, nonconsensual, prohibited, or illegal content."

13. RFP No. 49: "All documents or communications concerning any internal or external review of MindGeek content for CSAM, non-consensual, prohibited, or illegal content, including, but not limited to, the review undertaken beginning in or about the end of 2020 and the beginning of 2021 and the review that led to the report to NCMEC that was described in the June 20, 2022 New Yorker magazine."

14. RFP No. 52: "All documents concerning communications with the media, news organizations, journalists, legislators, law enforcement, regulators, quasi-governmental agencies, media relations companies, the Free Speech Coalition, 5wPR, or on social media platforms either directly, through aliases, or through agents, surrogates, or other social media participants concerning CSAM, non-consensual, prohibited, or illegal content on MindGeek's platforms or websites or internal or external news, media or other reports, allegations, or complaints regarding the same."

**MINTZ**

February 17, 2023
Page 9



  E. <u>Mr. Urman Objects to Producing Any Documents In Response to Five RFPs, Which Are All Beyond the Scope of Jurisdictional Discovery:</u>

Mr. Urman will not produce documents in response to only five document requests, as they are beyond the scope of jurisdictional discovery as stated, and any jurisdictionally relevant information has already been provided by MindGeek and/or Mr. Urman's interrogatory responses. We did not have a chance to discuss these RFPs at our meet-and-confer yesterday, but the summary below reflects the same positions as laid out in the Joint Stipulation.

The five RFPs to which Mr. Urman objects entirely are:

1. RFP No. 4: "All documents and communications between and among You and any of the Defendants related to this Action."
   - Documents related to this "Action" are outside the scope of jurisdictionally relevant documents, as they would encompass documents and communications *after* the filing of Plaintiff's complaint.

2. RFP No. 11: "All documents and communications relating to Your or MindGeek's past or present jurisdictional contacts with the United States or California, including but not limited to, offices, residences, and real estate located in California or any jurisdiction in the United States."
   - MindGeek has produced its record relating to Mr. Urman's business trips to the US, identifying the (i) date, (ii) location, and (iii) purpose of those trips. Additional documents and communications about Mr. Urman's "contacts" are beyond the scope of jurisdictional discovery.

3. RFP No. 12: "All documents and communications relating to Your or MindGeek's personnel or vendors employed, retained, paid, located in, or otherwise providing services in California or any jurisdiction in the United States; political activities in California or any jurisdiction in the United States, including through direct or indirect participation in, or financial support for, lobbying, trade, or industry, or activist organizations; trips to California or any jurisdiction in the United States; servers; revenues, profits, expenses, taxes earned or paid in or from California or any jurisdiction in the United States; and communications or business relationships with, to, from, or in California or any jurisdiction in the United States."
   - A request for documents and communications about the personnel or vendors employed by Mr. Urman or MindGeek in the United States is beyond the scope of jurisdictional discovery, overbroad, and irrelevant.

4. RFP No. 18: "Your monthly, quarterly, and annual bank and investment statements."

**MINTZ**

February 17, 2023
Page 10



- MindGeek has already produced all of the compensation and dividends Mr. Urman received from any MindGeek entity. In light of the information Plaintiff already has, her additional request for Mr. Urman's financial accounts is unduly burdensome, intrusive, duplicative, and overbroad.

5. RFP No. 32: "All contact lists maintained by You or any of the Individual Defendants as well as documents sufficient to show all cell and other phone numbers and messaging services used by each individual."
    - Mr. Urman has already identified his cell phone number and messaging services in response to Interrogatory No. 6. Plaintiff's additional request for "all contact lists" is overbroad, irrelevant, and intrusive.

F. <u>Other Questions from Plaintiff</u>

Below are responses to other questions raised by you in our meet-and-confers and communications:

- Mr. Urman does not have any records reflecting distributions to the other Individual Defendants.

- Mr. Urman is not currently withholding any documents on the basis of a claim of privilege.

- Although the Kaplan Hecker related RFPs are not the subject of Plaintiff's pending motion to compel and we do not believe those requests are within the scope of permissible discovery, to avoid an unnecessary dispute, we can confirm that we have not found any documents in Mr. Urman's possession that are responsive to RFP Nos. 43, 44, 45, or 47 in the relevant time period.

- Without conceding that any exchange of "significant gifts" among the Individual Defendants would be relevant to the permissible scope of jurisdictional discovery, we will get back to you about whether Mr. Urman received any compensation from MindGeek or the Individual Defendants by way of any such gifts (such as a car or a house, as you noted).

- We expect to be finished with our review (as described above) and produce any non-privileged, responsive documents by February 28.

**MINTZ**

February 17, 2023
Page 11



      To the extent you have any questions about the issues raised in this letter, please let us know.  Again, thanks for your courtesy during our last meet-and-confer.

      Sincerely,

/s/ *Kerime S. Akoglu*
Kerime S. Akoglu