1  Michael J. Bowe
   (admitted *pro hac vice*)
2  mbowe@brownrudnick.com
   Lauren Tabaksblat
3  (admitted *pro hac vice*)
   ltabaksblat@brownrudnick.com
4  BROWN RUDNICK LLP
   7 Times Square
5  New York, NY 10036
   Telephone:  (212) 209-4800
6  Facsimile:  (212) 209-4801

7  *Attorneys for Plaintiff*

8

            UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
                 SOUTHERN DIVISION
10

11 | SERENA FLEITES,                                    | CASE NO. 2:21-CV-04920-CJC-ADS
12 |                                                    |
   |         Plaintiff,                                 | **DISCOVERY DOCUMENT:**
13 |                                                    | **REFERRED TO MAGISTRATE**
   |   v.                                               | **JUDGE AUTUMN D. SPAETH**
14 |                                                    |
   | MINDGEEK S.A.R.L.; MG                              | **PLAINTIFF'S SUPPLEMENTAL**
15 | FREESITES, LTD; MINDGEEK                           | **MEMORANDUM IN SUPPORT OF**
   | USA INCORPORATED; MG                               | **MOTION TO COMPEL DEFENDANT**
16 | PREMIUM LTD.; MG GLOBAL                            | **FERAS ANTOON'S RESPONSES TO**
   | ENTERTAINMENT INC.; 9219-                          | **PLAINTIFF'S FIRST REQUEST FOR**
17 | 1568 QUEBEC, INC.; BERND                           | **PRODUCTION OF DOCUMENTS AND**
   | BERGMAIR; FERAS ANTOON;                            | **INTERROGATORIES**
18 | DAVID TASSILLO; COREY                              |
   | URMAN; VISA INC.; COLBECK                          | Date: March 8, 2023
19 | CAPITAL DOES 1-5;                                  | Time: 10:00 a.m.
   | BERGMAIR DOES 1-5                                  | Courtroom: 6B
20 |                                                    |
   |         Defendants.                                | Jurisdictional Discovery Cutoff:
21 |                                                    | May 1, 2023

22

23

24

25

26

27

28

                                           CASE NO. 21-CV-04920-CJC-ADS

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES**

**PRELIMINARY STATEMENT**

On July 29, 2022, Judge Carney ordered all MindGeek Defendants, including Defendant Feras Antoon, to submit to jurisdictional discovery. (Dkt. 167). But seven months later, Antoon still has not produced a single document. Antoon cannot credibly claim that he does not have any documents depicting his ownership and economic interests in the various MindGeek entities and related entities in the complex corporate structure of the MindGeek business. And these documents are directly relevant to several factors in the alter ego inquiry concerning the extent to which Antoon owns and controls the various MindGeek entities. But Antoon refuses to produce these clearly relevant documents, claiming instead that he need not do so because the MindGeek Entity Defendants have produced documents sufficient to understand Antoon's ownership and economic interests. (Dkt. 275, at 4-5). That position ignores both the law, which is clear that one defendant cannot sit on the discovery sidelines and coast on another defendant's production, and this Court's previous Order denying the MindGeek Defendants' requests to limit Plaintiff's discovery requests. (*See* Dkt. 211, at 3-4.) It is not credible that the only documentation Antoon has to understand his own ownership and economic interests consists of the documents produced by the MindGeek Entity Defendants, which required Plaintiff to painstakingly piece together the complete corporate ownership and economic picture of these myriad interrelated entities.

In short, Antoon has stonewalled Plaintiff, attempted to force her to narrow her discovery requests without providing *any* documents, and attempted to run out the clock on the jurisdictional discovery period. At this point, Antoon should be ordered to promptly produce all relevant, responsive documents or risk having jurisdiction over him deemed established for failure to participate in discovery.

**I.    ANTOON HAS NOT COMPLIED WITH THE ORDER DIRECTING HIM TO SUBMIT TO JURISDICTIONAL DISCOVERY.**

In September 2022, Plaintiff propounded requests for documents on Antoon

seeking, among other things, documents in his possession, custody or control related to his ownership and economic interest in MindGeek entities and related entities and his receipt of monies from those entities. One of the most basic discovery obligations is that "upon receipt" of Plaintiff's discovery requests, Antoon was "required to conduct a 'reasonable search' for responsive documents." *Trujillo v. Princess Cruise Lines, Ltd.*, No. CV 20-7451 JWH (PVCx), 2021 WL 3604518, at *6 (C.D. Cal. Apr. 23, 2021). But seven months have gone by, and Antoon still has not provided a single page of discovery. In fact, at a meet-and-confer teleconference just yesterday, Antoon stated that he likely would not produce any documents at all, but that he could not yet commit to that position until next week. *See* Doyle Decl., ¶ 21. It is clear from Antoon's conduct that he has sought to avoid his obligations to submit to jurisdictional discovery as Judge Carney ordered.

Antoon clearly has responsive documents in his possession, custody, or control that he has not produced. In particular, he must possess documents depicting his ownership and economic interests in the MindGeek entities and related entities, including RT Holdings, S.a.r.l, as well as records in his possession reflecting the distributions, dividends, or other moneys he or his affiliated entities received from the MindGeek entities and related entities. These documents were encompassed within Plaintiff's discovery requests (*see, e.g.*, RFP Nos. 8, 15, 29; *see also* ROG No. 2; RFP Nos. 2-3), and responsive to Judge Carney's direction that the flow of money within the MindGeek web, the extent to which the Individual Defendants controlled the MindGeek Entity Defendants, and whether money was diverted to the Individual Defendants were jurisdictionally relevant lines of inquiry (Dkt. 167, at 6).

Plaintiff has repeatedly sought, both in writing and during multiple meet and confers, to determine what documents relating to his ownership and economic interests Antoon had in his possession, custody, and control and which of these documents he was willing to produce. *See* Ex. 17 to Doyle Decl.; *see, e.g.,* Doyle

Decl., ¶¶ 17. But Antoon refused to provide this requested information, taking the position that what the MindGeek Entity Defendants had produced was sufficient. Production of some documents by another defendant does not excuse Antoon from his own discovery obligations. *See* Dkt 211, at 3-4; *see also Anson v. Weinstein*, No. CV 17-8360-GW (KSX), 2019 WL 6655259, at *4 (C.D. Cal. Aug. 26, 2019). Antoon should be ordered to produce documents depicting his ownership and economic interests in the MindGeek entities. *See* Ex. 17 to Doyle Decl. (letter requesting information concerning the documents in Antoon's possession concerning this category of documents, among others).

Moreover, although Antoon claims to have searched his personal emails for responsive communications concerning some of Plaintiff's requests, he mischaracterized this Court's quotation of *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990), to artificially limit the timeframe of his search for responsive documents to June 2014 through June 2020. (*See* Dkt. 275, at 71 n.8 (citing Dkt. 211, at 3)). Judge Carney has already declared that jurisdictional discovery is permitted into whether the Individual Defendants directed, implemented, or were substantially involved with practices and policies that harmed Plaintiff. (Dkt. 167, at 5, 7). Thus, for example, documents and communications concerning Antoon's direction, implementation, or substantial involvement in the policies that harmed Plaintiff are relevant, even if his direction, implementation, or substantial involvement occurred before June 2014 and those policies he directed, implemented, or had substantial involvement with later harmed Plaintiff when her CSAM material was uploaded to MindGeek's sites. But, by design, Antoon's improper date restriction would fail to capture such relevant evidence.

Similarly, documents and communications from time periods after June 2020 that refer back to the policies that were in place during the time when Plaintiff's CSAM remained on MindGeek tubesites would also be jurisdictionally relevant, but

Antoon has purposefully not searched for such post-June 2020 documents and communications. For example, to the extent Antoon and the other Individual Defendants communicated in advance of or following the February 2021 testimony of Antoon, Tassillo, and Urman before the Canadian House of Commons or in the wake of the December 4, 2020 New York Times report concerning the direction, implementation, or substantial involvement in policies that had been in place since before June 2020, those would be relevant to Judge Carney's jurisdictional inquiry. This Court should overrule this improper date restriction.

Plaintiff has been diligent in seeking this discovery, but Antoon has put up road blocks at every turn. Plaintiff has met and conferred with Antoon on numerous occasions during this period. *See* Doyle Decl., ¶¶ 8, 17, 21. Each attempt to narrow any potential issues with Antoon was met with the same result: Antoon and the other Individual Defendants attempting to force Plaintiff to withdraw her requests and to narrow her discovery without providing any reciprocal information concerning the documents and communications they were willing to produce, or whether or not they even possessed responsive information. *See id.* at ¶¶ 9, 17. Antoon has also engaged in other conduct to delay things to the greatest extent possible in an attempt to run out the clock on the jurisdictional discovery period. *See* Doyle Decl., ¶¶ 5, 8, 19.

Antoon should be ordered to produce relevant, responsive documents in his possession, custody, or control within two weeks of the March 8, 2023 hearing to allow sufficient time for Plaintiff to review his documents in advance of taking his deposition. Antoon should be ordered to provide, by sworn statement, the information that Plaintiff has long requested concerning the specifics of his search for and review of responsive documents. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189-90 (C.D. Cal. 2006) (ordering this remedy).

If Antoon refuses to produce these materials, this Court should enter an order finding that personal jurisdiction over him exists. Lack of personal jurisdiction is an

affirmative defense that can be waived. Judge Carney ordered Antoon to submit to discovery concerning his asserted jurisdictional defense, but, for seven months, Antoon has refused to produce any documents, requiring Plaintiff to expend substantial resources to obtain compliance, all while her meritorious claims remain stayed. Therefore, an order deeming personal jurisdiction over Antoon established is appropriate. *See, e.g.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705-07 (1982) (affirming discovery sanction that found the facts necessary to establish personal jurisdiction over a recalcitrant defendant); *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 3012166, at *1 (C.D. Cal. Mar. 11, 2022) (warning party of likelihood of adverse inferences establishing jurisdiction for "party responsible for any obstruction, delay, or lack of cooperation during jurisdictional discovery"); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, No. C-10-04783 LHK PSG, 2011 WL 1483706, at *5 & n.8 (N.D. Cal. Apr. 19, 2011) (granting motion to compel Defendants' responses to jurisdictional alter ego discovery by a certain date or risk a finding "that failure to comply with discovery orders related to attempts to establish the facts relevant to the exercise of personal jurisdiction risks the sanction that certain facts will be established"); *see also Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 393 (N.D. Cal. 2012) (finding alter ego facts established as a discovery sanction).

## II. CONCLUSION

Antoon has found every way, for months, to avoid providing the discovery that bears on the jurisdictional analysis. The deadline is approaching. It is time for Antoon to provide all of the relevant, responsive information so the Court can conduct a fully informed jurisdictional analysis or risk a finding that the defense is waived for failure to participate in discovery.

| | | |
|---|---|---|
| 1 | DATED: February 22, 2023 | Respectfully Submitted |
| 2 | | BROWN RUDNICK LLP |
| 3 | | |
| 4 | | By: _s/ Michael J. Bowe_____ |
| 5 | | MICHAEL J. BOWE (*pro hac vice*) mbowe@brownrudnick.com |
| 6 | | LAUREN TABAKSBLAT (*pro hac vice*) |
| 7 | | ltabaksblat@brownrudnick.com |
| 8 | | 7 Times Square New York, NY 10036 |
| 9 | | Phone: (212) 209-4800 |
| 10 | | Fax: (212) 209-4801 |
| 11 | | David M. Stein (#198256) |
| 12 | | dstein@brownrudnick.com |
| 13 | | 2211 Michelson Drive, 7th Floor Irvine, California  92612 |
| 14 | | Telephone: (949) 752-7100 Facsimile:  (949) 252-1514 |
| 15 | | |
| 16 | | Attorneys for Plaintiffs |