Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Phone:        949.752.7100
Fax:    949.252.1514

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>            Plaintiff,<br><br>        v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>            Defendants. | CASE NO.  2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time:    10:00 a.m.<br>Courtroom:    6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

## DECLARATION OF JOHN G. DOYLE

I, John G. Doyle, declare as follows:

1.     I am an associate with the lawfirm Brown Rudnick LLP, counsel for Plaintiff Serena Fleites in this case.  I have been admitted *pro hac vice* in this case.  I submit this declaration in support of Plaintiff's Motion to Compel Defendant Feras Antoon's Responses to Plaintiff's First Request for Production of Documents and Interrogatories ("Plaintiff's Motion to Compel").  I have personal knowledge of the matters in this declaration.

2.     Plaintiff served Defendant Antoon with Plaintiff's First set of Interrogatories on August 17, 2022 and First Set of Requests for Production on September 20, 2022.

3.     On September 28, 2022, Plaintiff notified the MindGeek Entity Defendants and the Individual Defendants, including Defendant Antoon, of Plaintiff's intent to seek the issuance of Letters Rogatory and requested to meet and confer at 1:00 p.m. (EST) with Defendants the following day.  At 11:15 a.m. on September 29, 2022, Counsel for Defendant Bergmair emailed Plaintiff's counsel asserting that they had been unable to review the materials and requested to pick another day and time.  The other Defendants joined in the request.  Plaintiff again attempted to establish a time to meet and confer at 2:00 p.m. (EST) on September 30, 2022 and established a call-in line.  At 1:12 p.m. on September 30, 2022, notwithstanding having received Plaintiff's previous emails, the MindGeek Entity defendants stated they would not discuss the request that day because they did not receive another email invite.  Plaintiff emailed all Defendants and stated Plaintiff's intent to open the conference line for the remaining Defendants.  Plaintiff opened the conference line as stated, but none of the Defendants called in to the meet and confer.  In an effort to conduct the required meet and confer, Plaintiff delayed the filing of the motion. Defendants' cancellation occurred on a Friday as a result, Plaintiff was not able to conduct the meet and confer

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

until October 4, 2022.  Attached as **Exhibit 7**, is a true and accurate copy of Plaintiff's communications concerning the meet and confer.[1]

4.      On October 20, 2022, Plaintiff received Defendant Antoon's Objections and Responses to Plaintiff's First Request for Production of Documents. (Dkt. 274-6).  Defendant did not produce any documents with this response.

5.      On December 5, 2022, Plaintiff sent Defendant Antoon a Rule 37-1 letter outlining Plaintiff's objections to Defendant Antoon's responses and objections and requesting to meet and confer on December 7, 2022. (Dkt. 274-7).  On Tuesday, December 6, 2022, counsel for Defendant Tassillo responded on behalf of himself and Defendant Antoon, stating they were not available to meet on the requested date, but would be back in touch later with a proposed alternative.  In response to Plaintiff's question on whether Defendants could meet on December 8, 2022, counsel for Defendant Tassillo, declined, stating they would "propose one or more days next week that fully comply with the Local Rule."  that would be convenient. to Plaintiff's subsequent email proposing a meeting on Thursday December 8, Defendant's counsel were also unavailable.  On December 9, 2022, having not heard from Defendants, Plaintiff again proposed a meet and confer for Monday, December 12, 2022.  On December 9, 2022,  Defendant Tassillo's counsel, on behalf of all Individual Defendants, e-mailed Plaintiff proposing a joint meet and confer on Thursday, December 15, 2022 – precisely 10 days after Plaintiff's original request. Plaintiff agreed to the proposed date, but apprised counsel of her willingness to meet at an earlier date and time.  The meet and confer occurred on December 15, 2022, however, defense counsel declined to discuss their substantive positions concerning the requests, citing, in part, Plaintiff's pending motion to compel the MindGeek Entities' responses to Plaintiff's discovery requests, thus leaving Plaintiff with no information

---

[1] Exhibit 6 was the last exhibit submitted by Plaintiff as an attachment to the undersigned's December 23, 2022 declaration (Dkt. 274-1).

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

upon which Plaintiff could reasonably evaluate her requests. Defendants asserted that Plaintiff should wait to bring her motion until the Court ruled on Plaintiff's Motion to Compel the MindGeek Entity responses. True and accurate copies of the December 5-11 email communications concerning the December 15, 2022 meet and confer are attached as **Exhibits 8 and 9**.

6.     On December 23, 2022, Plaintiff notified Defendant Antoon of her intent to file a motion to compel his discovery responses and provided Defendant Antoon with Plaintiff's portion of the joint stipulation. That same day, Plaintiff also notified the remaining Individual Defendants of her intent to compel their discovery responses. That evening, Defendant Bergmair's counsel responded on behalf of all Individual Defendants and requested an extension to Defendants' submission date because of the holiday period. In addition, Defendants' requested a hearing date of February 8, instead of February 1, 2023, because of conflicts for certain defense counsel. On December 27, 2022, Plaintiff agreed to both of Defendants' requests. A true and accurate copy of the December 27 email communications is attached as **Exhibit 10**.

7.     On January 4, 2023, counsel for Defendant Tassillo, on behalf of all Individual Defendants, proposed a joint meet and confer on January 6, 2023, "to be followed by more tailored meet and confer conversations" with individual counsel as needed to potentially narrow disputes. Plaintiff agreed.

8.     During the January 6, 2023 meet and confer, Defendants stated they were not prepared to produce any documents. Although Defendants asserted they were in the process of reviewing material, they would not articulate the extent of materials being searched, were unable to provide Plaintiff with an estimated production timeline, and again suggested that Plaintiff delay filing until the Court issued its ruling on Plaintiff's Motion to Compel the MindGeek Entities' responses. Throughout the

3                     CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1  meet and confer Defendants maintained their positions that Plaintiff's requests were
2  overbroad and not related to the Court's jurisdictional inquiry.

3  9.   On January 9, 2023, Counsel for Defendant Urman, on behalf of all the
4  Individual Defendants sent Plaintiff a list of RFPs which they wished to discuss,
5  purportedly in an effort to narrow disputes requiring Court intervention.  Defendants'
6  communication, however, was not an offer to compromise or produce documents, but
7  rather, was another request for Plaintiff to narrow Plaintiff's requests and reiterated
8  Defendants' objections to Plaintiff's requests.  Defendants again sought to delay the
9  motion to compel, requesting to delay the joint stipulation submissions until after the
10  Court's ruling on Plaintiff's Motion to Compel the MindGeek Entities' responses.
11  Plaintiff declined.  A true and accurate copy of Plaintiff's communications with
12  Defendants concerning these meet and confer efforts are attached as **Exhibit 11**.

13  10.   On January 10, 2023, Plaintiff received Defendant Antoon's joint
14  stipulation material.  Within that submission, Defendant Antoon agreed "to search for
15  and produce (if any exist) documents regarding his involvement in directing or
16  implementing MindGeek CSAM policies consistent with Judge Carney's order."

17  11.   The Court held oral argument on Plaintiff's Motion to Compel the
18  MindGeek Entities' responses on January 11, 2023.  During the hearing, The Court
19  directed the Parties to engage in further meet and confer efforts.  In light of the Court's
20  direction, Plaintiff conferred with the Individual Defendants and proposed to delay
21  filing her motions to compel in order to further meet and confer to narrow the disputed
22  issues.  Defendants agreed.  Plaintiff proposed a meeting on Friday, January 13, 2023.
23  In response, Defendants stated that due to the holiday weekend, Defendants were not
24  available to meet and confer until Tuesday, January 17, 2023.  Counsel for Plaintiff
25  then requested a telephonic meeting with any available counsel for Defendants.

26
27
28

4

DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

1   Defendant Tassillo's counsel agreed, and conducted a telephonic meeting with

2   Plaintiff's counsel on Friday, January 13, 2023.

3        12.   On January 18, 2023, Defendants requested that Plaintiff send them an

4   itemized list of material that Plaintiff would like the Individual Defendants to produce.

5   As of that date, none of the Individual Defendants had produced a single document.

6   That afternoon, Plaintiff informed Defendants that Plaintiff would further delay filing

7   the motion to compel and would be back in touch.  A true and accurate copy of

8   Plaintiff's communications are attached as **Exhibits 12** and **13**.

9        13.   On February 1, 2023, and in light of the fact that Defendants had not

10  produced any documents, Plaintiff notified the Individual Defendants, including

11  Defendant Antoon, of her intent to file their previously noticed motion to compel.

12  During the preceding meet and confer discussions, the Individual Defendants asserted

13  that they were not in possession or control of material responsive to Plaintiff's

14  requests concerning Kaplan, Hecker, & Fink (Plaintiff's RFPs Nos. 43, 44, 45, and

15  47).  Accordingly, Plaintiff deleted those portions of the argument from Plaintiff's

16  brief, making no additional changes.  A true and accurate copy of Plaintiff's notice to

17  Defendant Antoon and associated communications are attached as **Exhibits 14, 15,**

18  **and 16**.

19       14.   On February 7, 2023, the Individual Defendants submitted their portions

20  of the joint stipulation.  With his submission, Defendant Bergmair requested that the

21  hearing date be moved to March 8, 2023 to accommodate the Individual Defendants'

22  schedules. On February 8, 2023, Plaintiff sent each of the Individual Defendants a

23  request to provide additional information concerning their unavailability for the

24  March 1, 2023 hearing and expressed a willingness to engage in further meet and

25  confer discussions during the motions process provided the Defendants were prepared

26  to engage in meaningful meet and confer efforts.  In response, Defendant Bergmair's

27  counsel provided the requested conflict information and, responding for all Individual

28

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Defendants, agreed to further meet and confer on Friday, February 10. The Parties agreed to meet and confer at 11:00 a.m. (EST). Plaintiff subsequently agreed to the March 8 hearing date and coordinated the final draft of the present motion to compel with Defendant's counsel. A true and accurate copy of Plaintiff's communications with Defendant are attached as **Exhibit 15**.

15. On February 8, 2023, Plaintiff filed her Motion to Compel Defendant Bergmair's discovery responses (Dkt. 267). As of February 8, 2023, none of the Individual Defendants had produced a single document.

16. On February 9, 2023, Plaintiff sent Defendants a non-exclusive list ("Plaintiff's February 9 Topic List") of categories of documents Plaintiff sought from Defendants in order to facilitate discussion on the meet and confer on February 10, 2023. A true and accurate copy of Plaintiff's February 9, 2023 communication and the February 9 Topic List is attached as **Exhibit 17**.

17. During the February 10, 2023, joint meet and confer defense counsel represented, amongst other things, the following:

- They asserted that the relevant communications concerning Serena Fleites are limited to the time period of June 2014-June 2020 and further took the position that communications occurring after this period were not relevant. Counsel were unable to articulate whether or not communications falling outside of the applied timeframe existed and would not confirm whether they were in possession of communications, including text messages, between the Individual Defendants regarding the same.

- Counsel would not answer questions pertaining to the methodologies used to search for responsive material, including questions concerning

CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

applied search terms during the meet and confer, but would consider them.

- The corporate documents provided by the MindGeek Entities were sufficient to satisfy Plaintiff's requests.

- The MindGeek Entity Defendants will produce material from their travel and expense ("T & E") system responsive to Plaintiff's requests for travel and other contact documents.

18.    During the February 10, 2023 meet and confer, Plaintiff further expressed an intent to meet with the defendants individually, and outside of a group setting.

19.    On February 14, 2023, at 3:43 p.m. (EST), Plaintiff's Counsel asked Defendant Antoon to provide counsel's availability for an individual meet and confer regarding Plaintiff's discovery requests.  That day, Counsel for Defendant Tassillo responded, stating that further meet and confer meetings would be conducted with Counsel for Defendant Antoon and further proposed a joint meeting seven days later on February 21, 2023.  Plaintiff agreed, but again reiterated that Counsel for Plaintiff were available to meet and confer at any earlier time.

On February 20, 2022, counsel for Defendants Antoon and Tassillo provided Plaintiff with the search terms they used to search for responsive documents.  A true and accurate copy of this email chain is attached as **Exhibit 18**.

20.    Counsel for the Parties met and conferred on February 21, 2023.  During the meeting, Defendant stated, amongst other things, that Defendant Antoon was not inclined to provide Plaintiff with a summary of the number of responsive documents returned as a result of Defendant's search terms; the Defendants' limitation of their searches and productions to the June 1, 2014 – June 30, 2020 timeframe would need to be litigated; they were not able to provide information as to whether they possessed responsive material for the post-June, 30, 2020 time period; likely would not be

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

1   producing any documents, but that Counsel could not yet commit to that position until
2   approximately February 28, 2023.

3

4       I swear under the penalty of perjury under the laws of the United States of
5   America that the foregoing is true and correct.

6

7       Executed this 22nd day of February 2023 in Washington, D.C.

8
                                        By: /s/ *John G. Doyle*
9                                           John G. Doyle
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT FERAS ANTOON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**