Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

CASE NO. 21-CV-04920-CJC-ADS

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES**

# PRELIMINARY STATEMENT

Despite the Court's Orders to conduct jurisdictional discovery, and clear direction regarding appropriate scope during previous hearings on discovery motions, the Mindgeek Entity Defendants continue to avoid complying with their discovery obligations. Even core discovery is still missing, including the most basic, highly relevant documents that could have and should have been readily located and easily produced. The MindGeek Entity Defendants have carefully curated their document production to reveal only what they believe to be sufficient to show that they maintain basic corporate formalities. That is improper and is incompatible with Judge Carney's clear direction on the relevant areas of inquiry.

At this point, after months of obstruction and getting the run-around, Plaintiff respectfully submits that the appropriate remedy is an Order directing Defendants to produce all relevant, responsive documents—and not some curated subset—or else risk an Order deeming personal jurisdiction over Defendants established.[1]

## I. DEFENDANTS' CAREFULLY CURATED PRODUCTION DOES NOT COMPLY WITH JUDGE CARNEY'S ORDER.

Defendants will no doubt emphasize the number of documents or the number of pages produced, including a recent production made shortly before this Supplement was due. Defendants argue they should not be required to produce more because, in their view, the documents they have produced "disprove[ ] [Plaintiff's] alter ego allegations" and "are more than adequate to address the Ninth Circuit's alter ego factors." (Dkt. 261, at 6). But Defendants have provided only selective documents. They should not be permitted to spoon feed limited documents and then argue sufficiency to avoid other relevant, responsive discovery. There are readily accessible foundational documents that bear directly on the core alter ego

---

[1] Defendants informed Plaintiff this week that MG Premium Ltd., one of the two MindGeek Entity Defendants that is contesting personal jurisdiction, is no longer challenging jurisdiction.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT MINDGEEK ENTITIES' RESPONSES

inquiry that Defendants have not provided.

Defendants argue that their recent production "resolve[s]" six of the eight categories of documents sought in this motion. (Dkt. 261, at 8-9). But Plaintiff showed otherwise in a detailed, point-by-point response email that Defendants did not include in their filing with this Court. *See* Ex. 12 to Doyle Decl., at 2-6. In short, Defendants offered to produce only a narrow, carefully curated subset of documents for each of the core categories of alter ego evidence Plaintiff seeks in this motion. *See id.* Defendants' production, even including its most recent production made one week ago, still does not contain key documents from the October 18, 2013 Shareholders' Agreement, transfer pricing analyses, or any communications from Defendants concerning reorganizations, inter-company and related-party transactions, and related information presented to lenders, accountants or other third parties, to name a few.[2] *See* Doyle Decl., ¶ 12.

Similarly, Defendants refuse to produce the best and most readily accessible

---

[2] By way of example only, rather than produce the contract abstracts, summaries, and memoranda depicting or explaining the identities and legal and economic relationships of and between the direct and indirect owners, investors, lenders, and MindGeek entities, affiliates, and related parties, Defendants produced only a single summary document to the exclusion of all others. *See* Ex. 12 to Doyle Decl., at 4. Similarly, rather than produce the requested due diligence files and presentations prepared in connection with actual or contemplated financings, investments, reorganizations, or similar significant corporate transactions as Plaintiff requested, which would have provided a complete and accurate picture of the ownership, corporate, and operational structure of the business, Defendants produced only a curated subset: confidential information memoranda, which are essentially summary marketing materials that plainly do not provide the information responsive to the inquiry Judge Carney directed to who owns MindGeek and where the money flows in the MindGeek web. *See id.* at 3. Moreover, Defendants' production includes several documents that are noted as being "Withheld Pending Consent." *See* Doyle Decl., ¶ 13. In total, at least 214 pages of the latest production were withheld on that basis, but Defendants provided Plaintiff with no insight as to what these documents are, what consent is necessary, and when these documents would actually be produced. *See id.*

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES**

source for answering Judge Carney's salient question of where the money flows in the MindGeek web: a data pull from the company's financial and accounting systems that would show precisely where and to whom the money flows. Defendants object that it would be "extremely burdensome in both time and cost." (Dkt. 261, at 55). But they do not support that assertion with a declaration or any other evidence, as is required. *See Diaz v. Heredia*, No. EDCV202332JWHKKX, 2022 WL 2134967, at *5 (C.D. Cal. Mar. 4, 2022). And that lack of evidentiary support makes sense, where the requested information could easily be provided by a simple data pull from an electronic system.

Moreover, Defendants' argument that the financial statements produced to date should be sufficient (Dkt. 261, at 55) overlooks both (1) this Court's observation that the "incredibly intensive" "forensic" exercise of tracking "the flow of money" often requires, as it does here, going beyond "the tax returns or audited financial statements or shareholder agreements" and "get[ting] down to the bank statements . . . [and] financials to see where the transfers are happening, how the loans are occurring, who is paying for what" (Dkt. 253, at 112:20-113:7); and (2) that the financial materials produced by Defendants to date are often woefully incomplete.[3]

Essentially, Defendants have produced certain summary financial information for the parent company and operating companies, but they have held back critical financial and transaction information for other key entities, including important financing agreements and documents involving (a) RT Holding S.a.r.l., which owns all of MindGeek's assets, including its intellectual property, and receives a substantial portion of the revenues of the operating companies; (b) Licensing IP

---

[3] For example, the "detailed spreadsheets" that Defendants claim have "numerous tabs and large amounts of data" (Dkt. 261, at 9 n.1) are incomplete on their face; they indicate numerous footnotes that are not included in the spreadsheets, and much of the underlying data is missing.

International, S.a.r.l.; and (c) MG Ex-US Holding, S.a.r.l.  This absence of evidence deprives Plaintiff of understanding where the money went and under what conditions, inquiries that Judge Carney clearly held were relevant.  Nor have Defendants produced the documents relating to the averments that Andreou made in his declaration concerning related-party transactions and third-party pricing analyses.[4]

Plaintiff has diligently and repeatedly attempted to obtain relevant discovery from Defendants.  Those efforts have involved numerous meet and confers and two motions to compel, but even today, seven months into jurisdictional discovery, Plaintiff still has not obtained core categories of relevant alter ego discovery.  In addition to curating their document production, Defendants have engaged in other conduct to run out the jurisdictional discovery clock.  *See id.* at ¶¶ 4, 8-10; Ex. 12-14 to Doyle Decl.

The deadline to complete jurisdictional discovery is rapidly approaching.  Therefore, Defendants should be ordered to produce the core categories of relevant alter ego discovery sought in this Motion and set forth in the proposed order (Dkt. 261-13).  Defendants have had plenty of time to gather this information, so they should be ordered to produce these materials within two weeks of the March 8, 2023 hearing.  Plaintiff intends to take depositions before the May 1, 2023 cut-off, but she needs the core categories of relevant alter ego discovery sought before those depositions.

If, instead, Defendants persist in their refusal to produce these materials, this Court should enter an order finding that personal jurisdiction over Defendants exists.  Lack of personal jurisdiction is an affirmative defense that can be waived, and MG Premium has itself decided to not pursue that defense any longer.  Judge Carney

---

[4] Additional information concerning Defendants' most recent document production is set forth in the February 22, 2023 Declaration of John Doyle.

ordered Defendants to submit to discovery concerning their asserted jurisdictional defense. Defendants have steadfastly refused to meaningfully participate in jurisdictional discovery for seven months, requiring Plaintiff to expend substantial resources to obtain compliance, all while her meritorious claims remain stayed. In these circumstances, if Defendants do not promptly produce this core alter ego discovery, an order should enter deeming personal jurisdiction over Defendants established. *See, e.g.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705-07 (1982) (affirming discovery sanction that found the facts necessary to establish personal jurisdiction over a recalcitrant defendant); *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 3012166, at *1 (C.D. Cal. Mar. 11, 2022) (warning party of likelihood of adverse inferences establishing jurisdiction for "party responsible for any obstruction, delay, or lack of cooperation during jurisdictional discovery"); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, No. C-10-04783 LHK PSG, 2011 WL 1483706, at *5 & n.8 (N.D. Cal. Apr. 19, 2011) (granting motion to compel Defendants' responses to jurisdictional alter ego discovery by a certain date or risk a finding "that failure to comply with discovery orders related to attempts to establish the facts relevant to the exercise of personal jurisdiction risks the sanction that certain facts will be established"); *see also Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 393 (N.D. Cal. 2012) (finding alter ego facts established as a discovery sanction).

## II.   CONCLUSION

Defendants have found every way, for months, to avoid providing the discovery that bears on the jurisdictional analysis. The deadline is approaching. It is time for the Defendants to provide all of the relevant, responsive information so the Court can conduct a fully informed jurisdictional analysis or risk a finding that the defense is waived for failure to participate in discovery.

DATED: February 22, 2023

Respectfully Submitted

BROWN RUDNICK LLP

By: s/ Michael J. Bowe
MICHAEL J. BOWE (*pro hac vice*)
mbowe@brownrudnick.com
LAUREN TABAKSBLAT
(*pro hac vice*)
ltabaksblat@brownrudnick.com
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Fax: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

Attorneys for Plaintiffs