Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Phone: 949.752.7100
Fax: 949.252.1514

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

## DECLARATION OF JOHN G. DOYLE

I, John G. Doyle, declare as follows:

1. I am an associate with the lawfirm Brown Rudnick LLP, counsel for Plaintiff Serena Fleites in this case. I have been admitted *pro hac vice* in this case. I submit this declaration in support of Plaintiff's Second Motion to Compel the MindGeek Entity Defendants' Responses to Plaintiff's First Request for Production of Documents and Interrogatories ("Plaintiff's Motion to Compel"). I have personal knowledge of the matters in this declaration.

2. Plaintiff served the MindGeek Entity Defendants with her First Set of Interrogatories on August 17, 2022 and her First Set of Requests for Production on August 23, 2022, but would not receive any productions from the MindGeek Entity Defendants until October 21, 2022.

3. The October 21, 2022 production contained a mere 73 documents, none of which included any communications between the Individual Defendants and largely failed to respond to the majority of Plaintiff's discovery requests. Between November 2022 and January 2023, the MindGeek Entity Defendants issued five additional, partial productions:

| Date | Volume | Documents | Pages |
|---|---|---|---|
| 11/10/2022 | MindGeek_Fleites_VOL002 | 220 | 1,193 |
| 11/29/2022 | MindGeek_Fleites_VOL003 | 60 | 817 |
| 12/11/2022 | MindGeek_Fleites_VOL004 | 69 | 2,294 |
| 12/16/2022 | MindGeek_Fleites_VOL005 | 18 | 802 |
| 1/27/2023 | MindGeek_Fleites_VOL006 | 24 | 269 |

4. Of the 391 documents produced between November 2022 and January 2023, more than 100 contained redactions, including several wherein more than 80% of the pages within were fully redacted, rendering the documents useless or

incomprehensible. In one document, 346 of 364 pages were redacted with no explanation. On January 16, 2023, Plaintiff requested that Defendants provide her with unredacted copies of the material, but did not receive a response. On February 11, 2023, Plaintiff again asked Defendants when she could expect copies of the unredacted material. A true and accurate copy of Plaintiff's requests are attached as **Exhibits 9 and 10**.[1]

5. On January 31, 2023, Plaintiff notified the Defendants of her intent to file a second motion to compel their responses to her discovery requests.

6. On February 3, 2023, Plaintiff sent the MindGeek Entity Defendants another Rule 37-1 Letter outlining additional discovery deficiencies and requesting to meet and confer on February 6, 2023. A true and accurate copy of Plaintiff's February 3, 2023 Letter is attached as **Exhibit 11**.

7. On February 3, 2023, the Court issued its ruling on Plaintiff's First Motion to Compel the MindGeek Entities' responses to Plaintiff's discovery requests. Dkt. 260.

8. On February 6, 2023, at 9:10 a.m. (EST) Plaintiff asked the Defendants about their ability to meet and confer. At 9:55 a.m. that day, Defendants responded that they were not available to meet and confer, but would later provide dates and times of when they were available.

9. At 10:06 a.m. (EST), February 6, 2023, the Defendants emailed Plaintiff concerning her Second Motion to Compel. Citing a purported forthcoming production of a select set of documents they agreed to produce, Defendants requested that Plaintiff delay her motion to compel and further requested that Plaintiff extend Defendants' time to respond to the motion until February 14, 2014. Plaintiff informed Defendants that she did not believe additional delay was warranted, but invited

---

[1] Exhibit 8 was the last exhibit submitted by Plaintiff as an attachment to the undersigned's January 31, 2023 declaration (Dkt. 261-1).

2  CASE NO. 21-CV-04920-CJC-ADS
**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Defendants to further meet and confer at any convenient time. In addition, Plaintiff provided Defendants with a detailed response explaining to Defendants' why their forthcoming production would not fully resolve their deficient responses to Plaintiff's discovery requests. Defendants' declined Plaintiff's offer to further meet and confer regarding the present Motion to Compel, and further indicated that they would offer "dates and times of availability within the 10-day period per the local rules" to meet with Plaintiff concerning her February 3, 2023 letter. A true and accurate copy of Defendants' request and Plaintiff's response is attached as **Exhibit 12**.

10. On February 10, 2023, Plaintiff again asked Defendants about their ability to meet and confer. On Saturday, February 11, 2023, Defendants responded, stating that they would be able to meet the morning of Monday, February 13, 2023. A true and accurate copy of Plaintiff's request is attached as **Exhibit 13**.

11. On February 13, 2013, Plaintiff met and conferred with Defendants and sent Defendants a summary of the meet and confer that evening. A true and accurate copy of Plaintiff's summary email is attached as **Exhibit 14**.

12. On February 15, 2023, Defendants issued the production discussed on February 6, 2023. The production consisted of 1,296 documents totaling approximately 16,788 pages. Although Defendants' production contains some relevant and responsive material, it does not respond to the entirety of Plaintiff's discovery requests. To date, Defendants have not produced:

- Documents and communications concerning Plaintiff's discovery requests where those documents or communications were created or

3    CASE NO. 21-CV-04920-CJC-ADS
**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

made beyond June 2020, to include those concerning Plaintiff, Serena Fleites;

- Communications and documents *from* Defendant Bernd Bergmair;
- Communications between the Individual Defendants concerning Serena Fleites;
- The October 18, 2013 Amended and Restated Financing Agreement and any amendments thereto;
- Business plans;
- MG S.a.r.l. Board Meeting materials wherein the MG S.a.r.l. directors reviewed and/or approved Cyprus company operational initiatives, budgets, and key performance indicators, including those concerning MG Freesites and Pornhub;
- Board presentation materials and calendars;
- Investment presentation materials provided to third-parties such as lenders, investors, or government entities, and communications and documents regarding the same;
- Text message communications from Defendants Antoon, Tassillo, and Urman;
- Communications made to third-party auditors including those made to Grant Thornton;
- Schematics and charts sufficient to show the operational structure for core functions such as finance, accounting, IT, website operation, and infrastructure;
- Abstracts, memoranda, and summaries explaining the contracts and agreements identifying the real owners in interests and governing the

relationship and economics in and among them and the MindGeek Entities;

- The policies and procedures, as well as documents and communications concerning the creation, implementation, and training of those policies and procedures for the handling of CSAM for each of the years 2014, 2015, 2016, 2017, 2018 and 2019;
- Due diligence reports, files, and related communications and presentations prepared in connection with any actual or contemplated financing, investment, purchase, reorganization, or other corporate transaction or audit;
- The documents reflecting the MindGeek Entities employing and paying the management and personnel operating Pornhub;
- Transfer pricing studies.

13. The Defendants' February 15, 2023 production also contains at least four documents (173 pages, 21 pages, 11 pages, and 9 pages in length respectively), which are entirely blank, with each page marked as "Document Withheld Pending Consent." Those blank pages are also marked as Confidential.

I swear under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of February 2023 in Washington, D.C.

By: /s/ *John G. Doyle*
John G. Doyle