# EXHIBIT 14

**Doyle, John G.**

| | |
|---|---|
| **From:** | Dunn, Joshua P. |
| **Sent:** | Monday, February 13, 2023 6:17 PM |
| **To:** | kathleen.massey@dechert.com; Yeary, Michelle |
| **Cc:** | Chip.Boisvert@dechert.com; Bowe, Michael J; Tabaksblat, Lauren; Stein, David M.; Doyle, John G. |
| **Subject:** | MindGeek/Fleites -- Meet and Confer on 2.13.2023 |

Good evening, Kathleen and Michelle.

This email summarizes our meet and confer today.

You indicated that the Entity Defendants will be making the next production of documents either tomorrow or Wednesday.

You confirmed that the Entity Defendants are collecting and reviewing emails of the Individual Defendants that are on the company's servers, as well as messaging services used at the company by Defendants Antoon, Tassillo, and Urman. You have also made a collection of the cell phones of those three individuals. You confirmed that you are reviewing those sources for documents and communications regarding the Individual Defendants' direction or implementation of CSAM policies and procedures. We asked you to please confirm for us in writing the search protocols you are using to determine whether a document or communication relates to the Individuals Defendants' "direction" or "implementation" of CSAM policies. We look forward to receiving your response.

Could you please let us know whether you have undertaken or received any similar collection on behalf of Defendant Bergmair?

You also indicated that you will get back to us on the question of whether the data that you are reviewing for the Individual Defendants includes ICQ messages.

You also confirmed that you are reviewing an extract of the travel of the Individual Defendants. You indicated that you will get back to us on that question of how far back in time the extract goes. Could you also please let us know whether you are reviewing a similar travel extract for Defendant Bergmair?

With respect to text messages, you indicated that you have no reason to believe that there are any missing text messages, but you declined to tell us whether you asked the three defendants whether they had switched phones during the time period you are using to determine your search or whether any text messages had been deleted, and you also declined to tell us whether you've sought text messages from any of the relevant cell phone providers or carriers or whether you've collected from any cellphone backups, taking the position that those issues were not relevant because you've used "state of the art technology" to obtain material from the phones. We asked that you tell us in writing what steps the Entity Defendants have taken to collect and preserve relevant documents, but you declined to provide that detail.

With respect to the issue of the redactions, you indicated that for items 1 and 5 of the email originally sent by John Doyle on January 16, 2023, the Entity Defendants will produce these materials in unredacted form except that individuals' personal identifying information (PII) in these documents will continue to be redacted. The basis for the continued redaction of PII is the privacy laws applicable to these individuals, some of whom reside in Europe and are covered by the GDPR and the rest of whom reside in Canada and are covered by the Quebec privacy law, and Judge Spaeth's order on Plaintiff's first motion to compel. We asked that you provide us with information about the applicable law that applies in each instance where an individual's PII has been redacted, and you indicated that you would take that request under advisement and get back to us.

For items 2 and 4 on the January 16, 2023 redaction email, you indicated that you have already re-produced these documents where information concerning the tubesite business is unredacted, and information concerning the non-tubesites lines of business has been redacted on relevancy grounds. You declined to provide us with a redaction log or to give us any further insight as to the basis for the redactions.

For item 3, you indicated that you are taking a look at these documents, have agreed to produce some additional financing agreements and other agreements and reorganization documents, and are working on obtaining the consents that are necessary before producing them.

Finally, with respect to the February 3, 2023 letter we sent you, you indicated that you would take another look at that letter and let us know whether there are any additional documents that you intend to produce beyond what you've identified in your portion of the joint stip for Plaintiff's second motion to compel and Michelle's February 6, 2023 email. We will await that response and intend to serve our portion of the joint stip concerning Plaintiff's third motion to compel early next week.

For the Kaplan Hecker documents, you indicated that you are withholding those documents on both relevance and privilege grounds. You declined to answer when we asked whether Kaplan Hecker's review considered CSAM policies that were in effect during the time period in which Plaintiff's CSAM remained on MindGeek sites. You also indicated, however, that you will be producing documents in response to the separate discovery requests that concern the Individual Defendants' knowledge of, involvement in, or direction or control of CSAM policies. You declined to answer whether the documents that were provided to Kaplan Hecker are exactly the same as the documents that you intend to produce in response to the discovery requests that concern the Individual Defendants' knowledge of, involvement in, or direction or control of CSAM policies.

With respect to policies relating to CSAM and nonconsensual content, you indicated that many of the items outlined in the letter, including MindGeek's policies and practices for complying with 18 U.S.C. § 2257, relate to merits discovery and not jurisdictional discovery. You further indicated that anything concerning MindGeek's policies relating to nonconsensual content, including documents concerning Individual Defendants' knowledge of and role with respect to implementation and direction of those policies, go beyond even merits discovery because Plaintiff's material is CSAM and evidently does not, in your view, in any way implicate MindGeek policies concerning nonconsensual content.

With respect to RFP No. 11, you reiterated your previous position that you will not produce any business plans. You also indicated that you will not be producing balance sheets and payroll documents. You've indicated that you have produced everything you intend to produce concerning board meeting presentations and materials, unless we come back to you with specific material identified. This position overlooks that Plaintiff has already specified specific board presentation materials on page 5 of the February 3, 2023 letter.

We look forward to hearing back from you as outlined in this email. We are always available to further discuss in an effort to narrow the scope of our discovery disputes to the greatest extent possible.

Best,
Josh

**brown**rudnick

**Joshua P. Dunn**
Partner
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
T: 617-856-8375

2