Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

CASE NO. 21-CV-04920-CJC-ADS

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES**

**PRELIMINARY STATEMENT**

Defendant has produced only 64 total documents and has said he will not produce more.[1] Other than extremely limited corporate resolutions authorizing dividend payments, Defendant has not produced any documents depicting his ownership and economic interests in the various MindGeek entities and related entities in the complex corporate structure of the MindGeek business – documents that he surely has within his possession, custody, and control. And these documents are directly relevant to several factors in the alter ego inquiry concerning the extent to which Bergmair owns and controls the various MindGeek entities.

Bergmair refuses to produce these clearly relevant documents, claiming instead that he need not do so because the MindGeek Entity Defendants have produced documents sufficient to understand Bergmair's ownership and economic interests. (Dkt. 264, at 6). That position ignores both the law, which is clear that one defendant cannot sit on the discovery sidelines and coast on another defendant's production, and this Court's previous Order denying the MindGeek Defendants' requests to limit Plaintiff's discovery requests on similar grounds. (*See* Dkt. 211, at 4 (granting Plaintiff's request for letters rogatory)). It is not credible that the only documentation Bergmair has to understand his ownership and economic interests consists of the documents produced by the MindGeek Entity Defendants, which required Plaintiff to painstakingly piece together the complete corporate ownership and economic picture of these myriad interrelated entities. He should promptly produce everything relevant to the Court's jurisdictional analysis.

**I. DEFENDANT HAS FAILED TO COMPLY WITH THIS COURT'S ORDERS CONCERNING JURISDICTIONAL DISCOVERY**

Seven months into the jurisdictional discovery period, Bergmair has still

---

[1] Defendant's production contained a total of 82 documents, but 18 of those documents were non-responsive, stand-alone documents consisting of either cover pages, signature blocks, or blank sheets. See Feb. 22 Doyle Decl., ¶ 19.

1   CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES**

produced only an extremely limited subset of carefully curated documents. Defendant still has not produced documents showing his ownership and economic rights in the various MindGeek Entities and related entities, including RT Holdings, S.a.r.l., in which he holds interests.  Nor has Defendant produced any communications *from* him, including those concerning the handling of Plaintiff's CSAM, or concerning the Individual Defendants' direction, implementation, or substantial involvement with the policies, practices, and procedures applied to her and her videos, which Judge Carney held were highly relevant to the jurisdictional inquiry. (*See* Dkt. 267, at 5, 7). Indeed, Defendant Bergmair only recently made his first production of documents, and only after Plaintiff filed a motion to compel. *See* Doyle Decl., ¶ 19.  And that production is facially incomplete.  Indeed, the only documents Bergmair produced that remotely relate to his economic interests in the MindGeek entities – certain corporate resolutions reflecting dividend distributions – contained balance sheets that indicated that "The accompanying notes are an integral part of the financial statements." *See* Doyle Decl., ¶ 19.  But Bergmair did not produce any of the integral accompanying notes.  *See id.*

      Bergmair has also refused to produce any documents related to and setting forth his ownership, economic, and legal rights in the entities identified in the organizational charts that were produced by the MindGeek Entity Defendants, any related parties, or the MindGeek business or RT Holdings business. *See id.*  These documents were clearly encompassed within Plaintiff's discovery requests (*see, e.g.*, RFP Nos. 8, 15, 29; *see also* ROG No. 2; RFP Nos.  2-3), and responsive to Judge Carney's direction that the flow of money within the MindGeek web, the extent to which the Individual Defendants controlled the MindGeek Entity Defendants, and whether money was diverted to the Individual Defendants were jurisdictionally relevant lines of inquiry (Dkt. 167, at 6).  Plaintiff also repeatedly sought, both in writing and during multiple meet and confers, to determine what documents relating to his ownership and economic interests Bergmair had in his possession, custody, and

control and which of these documents he was willing to produce. *See* Ex. 16 to Doyle Decl.; Doyle Decl., ¶¶ 17, 19, 22. But Bergmair refused to provide this requested information, taking the position that what the MindGeek Entity Defendants had produced was sufficient. Production of some documents by another defendant does not excuse Bergmair from producing responsive documents within his possession, custody, or control, as this Court has already held. *See* Dkt 211, at 3-4; *see also Anson v. Weinstein*, No. CV 17-8360-GW (KSX), 2019 WL 6655259, at *4 (C.D. Cal. Aug. 26, 2019).

Defendant's production is incomplete in other material respects. None of the produced documents contain communications *from* Defendant Bergmair, but rather only communications to him, many of which provided him with updates concerning MindGeek's response to inquiries and letters from card networks. *See* Doyle Decl., ¶ 19. Nor did Bergmair's production contain receipts, payments, or other information pertaining to Defendant Bergmair's MindGeek-related travel. *Id.* The production also contained several documents that were redacted and marked privileged with no accompanying privilege log. *Id.*

Defendant has also mischaracterized this Court's quotation of *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990), to artificially limit the timeframe of his search for responsive documents to June 2014 through June 2020. (*See* Dkt. 264, at 65 (citing Dkt. 211, at 3)). Judge Carney has already declared that jurisdictional discovery is permitted into whether the Individual Defendants directed, implemented, or were substantially involved with practices and policies that harmed Plaintiff. (Dkt. 167, at 5, 7). Thus, for example, documents and communications concerning Bergmair's direction, implementation, or substantial involvement in the policies that harmed Plaintiff are relevant, even if his direction, implementation, or substantial involvement occurred before June 2014 and those policies he directed, implemented, or had substantial involvement with later harmed Plaintiff when her CSAM material was uploaded to MindGeek's sites. But, by design,

Bergmair's improper date restriction would fail to capture such relevant evidence.

Similarly, documents and communications from time periods after June 2020 that refer back to the policies that were in place during the time when Plaintiff's CSAM remained on MindGeek tubesites would also be jurisdictionally relevant, but Bergmair has purposefully not searched for such post-June 2020 documents and communications. For example, to the extent Bergmair and the other Individual Defendants communicated in advance of or following the February 2021 testimony of Antoon, Tassillo, and Urman before the Canadian House of Commons or in the wake of the December 4, 2020 New York Times report concerning the direction, implementation, or substantial involvement in policies that had been in place since before June 2020, those would be relevant to Judge Carney's jurisdictional inquiry. This Court should overrule this improper date restriction.

Defendant's refusal to meaningfully participate in the discovery process and to hand select what documents he will produce, while simultaneously withholding other responsive material, has deprived Plaintiff from receiving evidence that is directly relevant to the scope of jurisdictional discovery ordered by the Court. Despite the passage of seven months, Defendant has produced a mere 64 documents and remains unwilling to produce more. He has also engaged in other conduct that seems designed to run out the clock on the discovery window. *See* Doyle Decl., ¶¶ 3, 5, 8.

Lack of personal jurisdiction is an affirmative defense that can be waived. Judge Carney ordered all of the Defendants to submit to discovery concerning their asserted jurisdictional defense. Bergmair has steadfastly refused to meaningfully participate in jurisdictional discovery for seven months, requiring Plaintiff to expend substantial resources to obtain compliance, all while her meritorious claims remain stayed. Because the end of the jurisdictional discovery period is rapidly approaching, Bergmair should be ordered to produce, within two weeks of the March 8, 2023 hearing date, all responsive document in his possession, custody, or control. In the event he does not produce these materials promptly, this Court should enter an Order

deeming personal jurisdiction over him established based on his failure to comply with his discovery obligations. *See, e.g.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705-07 (1982) (affirming discovery sanction that found the facts necessary to establish personal jurisdiction over a recalcitrant defendant); *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 3012166, at *1 (C.D. Cal. Mar. 11, 2022) (warning party of likelihood of adverse inferences establishing jurisdiction for "party responsible for any obstruction, delay, or lack of cooperation during jurisdictional discovery"); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, No. C-10-04783 LHK PSG, 2011 WL 1483706, at *5 & n.8 (N.D. Cal. Apr. 19, 2011) (granting motion to compel Defendants' responses to jurisdictional alter ego discovery by a certain date or risk a finding "that failure to comply with discovery orders related to attempts to establish the facts relevant to the exercise of personal jurisdiction risks the sanction that certain facts will be established"); *see also Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 393 (N.D. Cal. 2012) (finding alter ego facts established as a discovery sanction).

## II. CONCLUSION

Bergmair has found every way, for months, to avoid providing the discovery that bears on the jurisdictional analysis, including documents that are clearly in his possession, custody, and control relating to his ownership and economic interests in the business in which he has been identified as the majority owner. The deadline is fast approaching. It is time for Bergmair to provide all of the relevant, responsive information so the Court can conduct a fully informed jurisdictional analysis or risk finding that the defense is waived for failure to participate in discovery.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: February 22, 2023 | Respectfully Submitted |
| 3 | | BROWN RUDNICK LLP |
| 4 | | |
| 5 | | By: s/ Michael J. Bowe |
| | | MICHAEL J. BOWE (*pro hac vice*) |
| 6 | | mbowe@brownrudnick.com |
| 7 | | LAUREN TABAKSBLAT (*pro hac vice*) |
| 8 | | ltabaksblat@brownrudnick.com |
| 9 | | 7 Times Square |
| | | New York, NY 10036 |
| 10 | | Phone: (212) 209-4800 |
| 11 | | Fax: (212) 209-4801 |
| 12 | | David M. Stein (#198256) |
| 13 | | dstein@brownrudnick.com |
| 14 | | 2211 Michelson Drive, 7th Floor |
| | | Irvine, California  92612 |
| 15 | | Phone:      949.752.7100 |
| 16 | | Fax:  949.252.1514 |
| 17 | | Attorneys for Plaintiffs |