Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Phone: 949.752.7100
Fax: 949.252.1514

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

# DECLARATION OF JOHN G. DOYLE

I, John G. Doyle, declare as follows:

1. I am an associate with the lawfirm Brown Rudnick LLP, counsel for Plaintiff Serena Fleites in this case. I have been admitted *pro hac vice* in this case. I submit this declaration in support of Plaintiff's Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's First Request for Production of Documents and Interrogatories ("Plaintiff's Motion to Compel"). I have personal knowledge of the matters in this declaration.

2. Plaintiff served Defendant Bergmair with her First set of Interrogatories on August 17, 2022 and her First Set of Requests for Production on September 20, 2022.

3. On September 28, 2022, Plaintiff notified the MindGeek Entity Defendants and the Individual Defendants, including Defendant Bergmair, of her intent to seek the issuance of Letters Rogatory and requested to meet and confer at 1:00 p.m. (EST) with Defendants the following day. At 11:15 a.m. on September 29, 2022, Counsel for Defendant Bergmair emailed Plaintiff's Counsel to let her know that he had been unable to review the materials and requested to pick another day and time. The other Defendants joined in the request. Plaintiff again attempted to establish a time to meet and confer at 2:00 p.m. (EST) on September 30, 2022 and established a call-in line. At 1:12 p.m. on September 30, 2022, notwithstanding having received Plaintiff's previous emails, the MindGeek Entity defendants stated they would not discuss the request that day because they did not receive another email invite. Plaintiff emailed all Defendants and stated her intent to open the conference line for the remaining Defendants. Defendant Bergmair's counsel responded at 1:55 p.m., stating that because MindGeek's counsel was not meeting and because the notice of the motion was less than 48-hours prior, a mutually convenient time for the following week "was not unreasonable." Plaintiff opened the conference line as stated, but none

1. of the Defendants called in to the meet and confer. In an effort to conduct the meet and confer, Plaintiff delayed the filing of the motion. Defendants' cancellation occurred on a Friday, as a result Plaintiff was not able to conduct the meet and confer until October 4, 2022. Attached as **Exhibit 7**, is a true and accurate copy of Plaintiff's communications concerning the meet and confer.

4. On October 20, 2022, Plaintiff received Defendant Bergmair's Objections and Responses to Plaintiff's First Request for Production of Documents. (Dkt. 264-6). Defendant did not produce any documents with his response.

5. On December 5, 2022, Plaintiff sent Defendant Bergmair a Rule 37-1 letter outlining her objections to Defendant Bergmair's responses and objections and requesting to meet and confer on December 7, 2022. (Dkt. 264-7). On December 6, counsel for Defendant Bergmair responded saying he was not available to meet on the requested date and would propose an alternative date. On December 9, 2022, having not heard from Defendant, Plaintiff again proposed a meet and confer for Monday, December 12, 2022. On December 9, 2022, Defendant Tassillo's counsel, on behalf of all Individual Defendants, e-mailed Plaintiff proposing a joint meet and confer on Thursday, December 15, 2022. Plaintiff agreed to the proposed date, but apprised counsel of her willingness to meet at an earlier date and time. The meet and confer occurred as scheduled, however, defense counsel declined to discuss their substantive positions concerning the requests, citing, in part, Plaintiff's pending motion to compel the MindGeek Entities' responses to Plaintiff's discovery requests. Defendants asserted that Plaintiff should wait to bring her motion until the Court ruled on Plaintiff's Motion to Compel the MindGeek Entity responses. A true and accurate copy of the December 9-11 email communications concerning the meet and confer is attached as **Exhibit 8**.

6. On December 23, 2022, Plaintiff notified Defendant Bergmair of her intent to file a motion to compel his discovery responses and provided Defendant

2   CASE NO. 21-CV-04920-CJC-ADS
**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

Bergmair with Plaintiff's portion of the joint stipulation. That evening, Defendant Bergmair's counsel responded on behalf of all Individual Defendants and requested an extension to Defendants' submission date because of the holiday period. In addition, Defendants' requested a hearing date of February 8, instead of February 1, 2023, because of conflicts for certain defense counsel. On December 27, 2022, Plaintiff agreed to both of Defendants' requests. A true and accurate copy of the December 27 email communications is attached as **Exhibit 9**.

7. On January 4, 2023, counsel for Defendant Tassillo, on behalf of all Individual Defendants, proposed a joint meet and confer on January 6, 2023, "to be followed by more tailored meet and confer conversations" with individual counsel as needed to potentially narrow disputes. Plaintiff agreed.

8. During the January 6, 2023 meet and confer, Defendants stated they were not prepared to produce any documents. Although Defendants asserted they were in the process of reviewing material, they would not articulate the extent of materials being searched, were unable to provide Plaintiff with an estimated production timeline, and again suggested that Plaintiff delay filing until the Court issued its ruling on Plaintiff's Motion to Compel the MindGeek Entities' responses. Counsel for Defendant Bergmair only agreed to produce corporate resolutions authorizing distributions to him or to the entities in which he holds financial interests. Throughout the meet and confer Defendants maintained their positions that Plaintiff's requests were overbroad and not related to the Court's jurisdictional inquiry.

9. On January 9, 2023, Counsel for Defendant Urman, on behalf of all the Individual Defendants sent Plaintiff a list of RFPs which they wished to discuss, purportedly in an effort to narrow disputes requiring Court intervention. Defendants' communication, however, was not an offer to compromise or produce documents, but rather, was another request for Plaintiff to narrow her requests and reiterated Defendants' objections to Plaintiff's requests. Defendants again sought to delay the

motion to compel, requesting to delay the joint stipulation submissions until after the Court's ruling on Plaintiff's Motion to Compel the MindGeek Entities' responses. Plaintiff declined. A true and accurate copy of Plaintiff's communications with Defendants concerning these meet and confer efforts are attached as **Exhibit 10**.

10. On January 10, 2023, Plaintiff received Defendant Bergmair's joint stipulation material. Within that submission, Defendant Bergmair agreed to produce documents reflecting formulation of MindGeek's Child Sexual Abuse Material ("CSAM") policies and corporate resolutions authorizing the distribution of dividends to the entities through which he holds his interests in MindGeek.

11. The Court held oral argument on Plaintiff's Motion to Compel the MindGeek Entities' responses on January 11, 2023. During the hearing, The Court directed the Parties to engage in further meet and confer efforts. In light of the Court's direction, Plaintiff conferred with the Individual Defendants and proposed to delay filing her motions to compel in order to further meet and confer to narrow the disputed issues. Defendants agreed. Plaintiff proposed a meeting on Friday, January 13, 2023. In response, Defendants stated that due to the holiday weekend, Defendants were not available to meet and confer until Tuesday, January 17, 2023. Counsel for Plaintiff then requested a telephonic meeting with any available counsel for Defendants. Defendant Tassillo's counsel agreed, and conducted a telephonic meeting with Plaintiff's counsel on Friday, January 13, 2023.

12. On January 18, 2023, Defendants, without having produced a single document to date or having engaged in any offer to compromise to produce responsive material, requested that Plaintiff send them an itemized list of material that Plaintiff would like the Individual Defendants to consider producing. That afternoon, Plaintiff informed Defendants that she would further delay the filing of her motion to compel

1  and would be back in touch.  A true and accurate copy of Plaintiff's communications
2  are attached as **Exhibits 11 and 12**.

3       13.    On February 1, 2023, and in light of the fact that Defendants still had not
4  produced any documents, Plaintiff notified the Individual Defendants, including
5  Defendant Bergmair, of her intent to file their previously noticed motion to compel.
6  During the preceding meet and confer discussions, the Individual Defendants asserted
7  that they were not in possession or control of material responsive to Plaintiff's
8  requests concerning Kaplan, Hecker, & Fink (Plaintiff's RFPs Nos. 43, 44, 45, and
9  47).  Accordingly, Plaintiff deleted those portions of the argument from Plaintiff's
10 brief, making no additional changes.  A true and accurate copy of Plaintiff's notice to
11 Defendant Bergmair and associated communications are attached as **Exhibits 13** and
12 **14**.

13      14.    On February 7, 2023, Defendant Bergmair submitted his portion of the
14 joint stipulation and requested that the hearing date be moved to March 8, 2023 to
15 accommodate the Individual Defendants' schedule. On February 8, 2023, Plaintiff
16 sent the Individual Defendants a request to provide additional information concerning
17 their unavailability for the March 1, 2023 hearing and expressed a willingness to
18 engage in further meet and confer discussions during the motions process provided
19 the Defendants were prepared to engage in meaningful meet and confer efforts.  In
20 response, Defendant Bergmair's counsel provided the requested conflict information
21 and, responding for all Individual Defendants, agreed to further meet and confer on
22 Friday, February 10.  The Parties agreed to meet and confer at 11:00 a.m. (EST).
23 Plaintiff subsequently agreed to the March 8 hearing date and coordinated the final

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

draft of the present motion to compel with Defendant's counsel.  A true and accurate copy of Plaintiff's communications with Defendant are attached as **Exhibit 15**.

15.  On February 8, 2023, Plaintiff filed her Motion to Compel Defendant Bergmair's discovery responses (Dkt. 264).  As of February 8, 2023, none of the individual defendants had produced a single document.

16.  On February 9, 2023, Plaintiff sent Defendants a non-exclusive list ("Plaintiff's February 9 Topic List") of categories of documents Plaintiff sought from Defendants in order to facilitate discussion on the meet and confer on February 10, 2023.  A true and accurate copy of Plaintiff's February 9, 2023 communication and the February 9 Topic List is attached as **Exhibit 16**.

17.  During the February 10, 2023, joint meet and confer counsel for Defendant Bergmair represented, amongst other things, the following:

- He asserted that the relevant communications concerning Serena Fleites are limited to the time period of June 2014-June 2020 and further took the position that communications occurring after this period were not relevant. Counsel were unable to articulate whether or not communications falling outside of the applied timeframe existed and would not confirm whether they were in possession of communications,

6   CASE NO. 21-CV-04920-CJC-ADS

**DECLARATION OF JOHN G. DOYLE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT BERND BERGMAIR'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

including text messages, between the Individual Defendants regarding the same.

- He would not answer questions pertaining to the methodologies used to search for responsive material, including questions concerning applied search terms during the meet and confer, but would consider them.
- He acknowledged having responsive documents to Plaintiff's requests, but believed the corporate documents provided by the MindGeek Entities were sufficient to satisfy Plaintiff's requests
- Was not able to confirm whether material Defendant Bergmair possesses was duplicative of the MindGeek Entity production or the manner, if any, in which such a determination was made.
- The personal financial account statements of Defendant Bergmair are beyond the scope of jurisdictional discovery.
- The MindGeek Entity Defendants will produce material from their travel and expense ("T & E") system responsive to Plaintiff's requests for travel and other contact documents, but that Defendant Bergmair does not have any responsive documents.

18. During the February 10, 2023 meet and confer, Plaintiff further expressed an intent to meet with the defendants individually, and outside of a group setting.

19. On February 14, 2023, at 3:38 p.m. (EST), Plaintiff asked Defendant Bergmair to provide counsel's availability to meet and confer regarding Plaintiff's discovery requests. At 5:27 p.m. (EST), Defendant Bergmair provided notice of his first document production. The production consisted of 82 documents totaling approximately 286 pages. Eighteen (18) of those documents were non-responsive, stand-alone documents consisting of either a signature block, a MindGeek logo cover sheet, or a blank document. Although Defendant's production contained a limited

number of shareholder resolutions and summary account statements, several of those documents contained "balance sheets" without the accompanying notes. Those documents bear the statement: "The accompanying notes are an integral part of the financial statements." Additionally, none of the produced documents contained communications *from* Defendant Bergmair, but rather only communications to him, many of which provided him with updates concerning MindGeek's response to inquiries and letters from card networks. None of the produced documents contained personal financial statements or documents of Defendant Bergmair, nor did it contain receipts, payments, or other information pertaining to Defendant Bergmair's MindGeek-related travel. The production also contained several documents which were redacted and marked privileged with no accompanying privilege log. Other than the incomplete resolutions and account statements, Defendant Bergmair's production did not include any documents related to his ownership, economic, and legal rights in the entities identified in the organizational charts that were produced by the MindGeek Entity Defendants, any related parties, or the MindGeek business or RT Holdings business. Plaintiff's February 9 Topic List specified several components of these ownership documents maintained by Bergmair and requested production of those documents.

20. Plaintiff immediately notified Defendant of the deficient production and requested to meet and confer. In addition, Plaintiff requested that Defendant provide the search protocols, terms, and hit list which was previously requested. Defendant Bergmair provided the search terms used on February 15, 2023.

21. Plaintiff and Defendant met and conferred on February 15, 2023, wherein Defendant declined to provide Plaintiff with a list indicating the number of documents initially identified as a result of Defendant's search terms, refused to provide the number of documents reviewed as part of his search for responsive documents, was unable to confirm whether Defendant was in possession of the

missing balance sheet notes and would not agree to search for them, was not prepared to discuss the items previously identified in Plaintiff's February 9 Topic List, and needed additional time to verify whether the production contained the entirety of email chains and families of documents and to determine whether Defendant limited their search to documents that fell into the timeframe of June 2014 – June 2020. That same day, Plaintiff sent an email identifying the deficiencies and requesting additional information and a further meet and confer. A true and accurate copy of these communications is attached as **Exhibit 17**.

22. On February 21, 2023, Plaintiff again met with Defendant Bergmair's counsel to discuss the February 9 Topic List. The parties were unable to resolve their differences. During the meet and confer, Defendant acknowledged being in possession of corporate documents pertaining to the MindGeek Entities, but refused to produce material that he believed was duplicative in nature and would only produce documents, including those that are in his possession, if Defendant narrowed her requests.

I swear under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of February 2023 in Washington, D.C.

By: /s/ *John G. Doyle*
John G. Doyle

64975868 v1-WorkSiteUS-000002/4091