Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT DAVID TASSILLO'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Date: March 8, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Jurisdictional Discovery Cutoff: May 1, 2023 |

# PRELIMINARY STATEMENT

On July 29, 2022, Judge Carney ordered all MindGeek Defendants, including Defendant David Tassillo, to submit to jurisdictional discovery. (Dkt. 167). But seven months later, Tassillo still has not produced a single document. Tassillo cannot credibly claim that he does not have any documents depicting his ownership and economic interests in the various MindGeek entities and related entities in the complex corporate structure of the MindGeek business. And these documents are directly relevant to several factors in the alter ego inquiry concerning the extent to which Tassillo owns and controls the various MindGeek entities. But Tassillo refuses to produce these clearly relevant documents, claiming instead that he need not do so because the MindGeek Entity Defendants have produced documents sufficient to understand Tassillo's ownership and economic interests. (Dkt. 270, at 8). That position ignores both the law, which is clear that one defendant cannot sit on the discovery sidelines and coast on another defendant's production, and this Court's previous Order denying the MindGeek Defendants' requests to limit Plaintiff's discovery requests. (*See* Dkt. 211, at 3-4). It is not credible that the only documentation Tassillo has to understand his own ownership and economic interests consists of the documents produced by the MindGeek Entity Defendants, which required Plaintiff to painstakingly piece together the complete corporate ownership and economic picture of these myriad interrelated entities.

In short, Tassillo has stonewalled Plaintiff, attempted to force her to narrow her discovery requests without providing *any* documents, and attempted to run out the clock on the jurisdictional discovery period. At this point, Tassillo should be ordered to promptly produce all relevant, responsive documents or risk having jurisdiction over him deemed established for failure to participate in discovery.

## I. TASSILLO HAS NOT COMPLIED WITH THE ORDER DIRECTING HIM TO SUBMIT TO JURISDICTIONAL DISCOVERY.

In September 2022, Plaintiff propounded requests for documents on Tassillo

seeking, among other things, documents in his possession, custody, or control related to his ownership and economic interest in MindGeek entities and related entities and his receipt of monies from those entities. One of the most basic discovery obligations is that "upon receipt" of Plaintiff's discovery requests, Tassillo was "required to conduct a 'reasonable search' for responsive documents." *Trujillo v. Princess Cruise Lines, Ltd.*, No. CV 20-7451 JWH (PVCx), 2021 WL 3604518, at *6 (C.D. Cal. Apr. 23, 2021). But seven months have gone by and Tassillo still has not provided a single page of discovery. In fact, at a meet-and-confer teleconference just yesterday, Tassillo said he likely would not produce any documents at all, but that he could not yet commit to that position until next week. *See* Doyle Decl., ¶ 21. It is clear from Tassillo's conduct that he has sought to avoid his obligations to submit to jurisdictional discovery as Judge Carney ordered.

Tassillo clearly has responsive documents in his possession, custody, or control that he has not produced. In particular, he must possess documents depicting his ownership and economic interests in the MindGeek entities and related entities, including RT Holdings, S.a.r.l, as well as records in his possession reflecting the distributions, dividends, or other moneys he or his affiliated entities received from the MindGeek entities and related entities. These documents were encompassed within Plaintiff's discovery requests (*see, e.g.*, RFP Nos. 8, 15, 29; *see also* ROG No. 2; RFP Nos. 2-3), and responsive to Judge Carney's direction that the flow of money within the MindGeek web, the extent to which the Individual Defendants controlled the MindGeek Entity Defendants, and whether money was diverted to the Individual Defendants were jurisdictionally relevant lines of inquiry (Dkt. 167, at 6).

Plaintiff has repeatedly sought, both in writing and during multiple meet and confers, to determine what documents relating to his ownership and economic interests Tassillo had in his possession, custody, and control and which of these documents he was willing to produce. *See* Ex. 17 to Doyle Decl.; *see, e.g.*, Doyle

2

CASE NO. 21-CV-04920-CJC-ADS
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT DAVID TASSILLO'S RESPONSES

1  Decl., ¶ 17.  But Tassillo refused to provide this requested information, taking the
2  position that what the MindGeek Entity Defendants had produced was sufficient,
3  despite the fact that he admits possessing business-related text messages and other
4  communications. *See* Dkt. 270, at 8. Production of some documents by another
5  defendant does not excuse Tassillo from his own discovery obligations.  *See* Dkt
6  211, at 3-4; *see also Anson v. Weinstein*, No. CV 17-8360-GW (KSX), 2019 WL
7  6655259, at *4 (C.D. Cal. Aug. 26, 2019).  Tassillo should be ordered to produce
8  documents depicting his ownership and economic interests in the MindGeek
9  entities.  *See* Ex. 17 to Doyle Decl. (letter requesting information concerning the
10 documents in Tassillo's possession concerning this category of documents, among
11 others).

12       Moreover, although Tassillo claims to have searched his personal emails for
13 responsive communications concerning some of Plaintiff's requests, he
14 mischaracterized this Court's quotation of *Farmers Ins. Exch. v. Portage La Prairie*
15 *Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990), to artificially limit the timeframe
16 of his search for responsive documents to June 2014 through June 2020.  (*See* Dkt.
17 270, at 65 (citing Dkt. 211, at 3)).  Judge Carney has already declared that
18 jurisdictional discovery is permitted into whether the Individual Defendants
19 directed, implemented, or were substantially involved with practices and policies
20 that harmed Plaintiff.  (Dkt. 167, at 5, 7).  Thus, for example, documents and
21 communications concerning Tassillo's direction, implementation, or substantial
22 involvement in the policies that harmed Plaintiff are relevant, even if his direction,
23 implementation, or substantial involvement occurred before June 2014 and those
24 policies he directed, implemented, or had substantial involvement with later harmed
25 Plaintiff when her CSAM material was uploaded to MindGeek's sites.  But, by
26 design, Tassillo's improper date restriction would fail to capture such relevant
27 evidence.
28       Similarly, documents and communications from time periods after June 2020

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT DAVID TASSILLO'S RESPONSES

1  that refer back to the policies that were in place during the time when Plaintiff's
2  CSAM remained on MindGeek tubesites would also be jurisdictionally relevant, but
3  Tassillo has purposefully not searched for such post-June 2020 documents and
4  communications. For example, to the extent Tassillo and the other Individual
5  Defendants communicated in advance of or following the February 2021 testimony
6  of Antoon, Tassillo, and Urman before the Canadian House of Commons or in the
7  wake of the December 4, 2020 New York Times report concerning the direction,
8  implementation, or substantial involvement in policies that had been in place since
9  before June 2020, those would be relevant to Judge Carney's jurisdictional inquiry.
10 This Court should overrule this improper date restriction.

11     Plaintiff has been diligent in seeking this discovery, but Tassillo has put up
12 road blocks at every turn. As detailed in the declaration of John Doyle submitted
13 herewith, Plaintiff has met and conferred with Tassillo on numerous occasions
14 during this period. *See* Doyle Decl., ¶¶ 8, 17, 21. Each attempt to narrow any
15 potential issues with Tassillo was met with the same result: Tassillo and the other
16 Individual Defendants attempting to force Plaintiff to withdraw her requests and to
17 narrow her discovery without providing any reciprocal information concerning the
18 documents and communications they were willing to produce, or whether or not
19 they even possessed responsive information. *See id.* at ¶¶ 9, 17. Tassillo has also
20 engaged in other conduct to delay things to the greatest extent possible in an attempt
21 to run out the clock on the jurisdictional discovery period. *See* Doyle Decl., ¶¶ 5, 8,
22 19.

23     Tassillo should be ordered to produce relevant, responsive documents in his
24 possession, custody, or control within two weeks of the March 8, 2023 hearing to
25 allow sufficient time for Plaintiff to review his documents in advance of taking his
26 deposition. Tassillo should also be ordered to provide, by sworn statement, the
27 information that Plaintiff has long requested concerning the specifics of his search
28 for and review of responsive documents. *See A. Farber & Partners, Inc. v. Garber*,

234 F.R.D. 186, 189-90 (C.D. Cal. 2006) (ordering this remedy).

If Tassillo refuses to produce these materials, this Court should enter an order finding that personal jurisdiction over him exists. Lack of personal jurisdiction is an affirmative defense that can be waived. Judge Carney ordered Tassillo to submit to discovery concerning his asserted jurisdictional defense, but, for seven months, Tassillo has refused to produce any documents, requiring Plaintiff to expend substantial resources to obtain compliance, all while her meritorious claims remain stayed. Therefore, an order deeming personal jurisdiction over Tassillo established is appropriate. *See, e.g.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705-707 (1982) (affirming discovery sanction that found the facts necessary to establish personal jurisdiction over a recalcitrant defendant); *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 3012166, at *1 (C.D. Cal. Mar. 11, 2022) (warning party of likelihood of adverse inferences establishing jurisdiction for "party responsible for any obstruction, delay, or lack of cooperation during jurisdictional discovery"); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, No. C-10-04783 LHK PSG, 2011 WL 1483706, at *5 & n.8 (N.D. Cal. Apr. 19, 2011) (granting motion to compel Defendants' responses to jurisdictional alter ego discovery by a certain date or risk a finding "that failure to comply with discovery orders related to attempts to establish the facts relevant to the exercise of personal jurisdiction risks the sanction that certain facts will be established"); *see also Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 393 (N.D. Cal. 2012) (finding alter ego facts established as a discovery sanction).

## II. **CONCLUSION**

Tassillo has found every way, for months, to avoid providing the discovery that bears on the jurisdictional analysis. The deadline is approaching. It is time for Tassillo to provide all of the relevant, responsive information so the Court can conduct a fully informed jurisdictional analysis or risk a finding that the defense is waived for failure to participate in discovery.

DATED: February 22, 2023

Respectfully Submitted

BROWN RUDNICK LLP

By: s/ Michael J. Bowe
MICHAEL J. BOWE (*pro hac vice*)
mbowe@brownrudnick.com
LAUREN TABAKSBLAT
(*pro hac vice*)
ltabaksblat@brownrudnick.com
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Fax: (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Plaintiffs