# EXHIBIT 15

**Doyle, John G.**

| | |
|---|---|
| **From:** | Doyle, John G. |
| **Sent:** | Wednesday, February 8, 2023 5:15 PM |
| **To:** | Ronald White |
| **Cc:** | James Meehan; Devon Little; Dan Marmalefsky (dmarmalefsky@mofo.com); Tabaksblat, Lauren; Stein, David M.; Dunn, Joshua P.; Bowe, Michael J |
| **Subject:** | RE: Plaintiff's Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's Discovery Requests |
| **Attachments:** | Redact - Updated Final Pl. Notice of Mot. and Joint Stip. Re Bergmair RFP and ROG Responses.docx |

Mr. White,

Given the below representations, I suggest the attached revisions be made to the joint stipulation. If you agree, I will make the changes, adjust the format, and prepare a redacted and unredacted version for final review so we can get everything on file.

Please let me know as soon as possible.

Thank you,

John

**brownrudnick**

**John G. Doyle**
Associate

Brown Rudnick LLP
601 Thirteenth Street NW
Washington, D.C. 20005
T: +1 202.536.1706
M: +1 717.226.0329
jdoyle@brownrudnick.com
www.brownrudnick.com

---

**From:** Bowe, Michael J <MBowe@brownrudnick.com>
**Sent:** Wednesday, February 8, 2023 4:50 PM
**To:** Ronald White <rwhite@wmhlaw.com>
**Cc:** Doyle, John G. <JDoyle@brownrudnick.com>; James Meehan <jmeehan@wmhlaw.com>; Devon Little <dlittle@wmhlaw.com>; Dan Marmalefsky (dmarmalefsky@mofo.com) <dmarmalefsky@mofo.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; Stein, David M. <DStein@brownrudnick.com>; Dunn, Joshua P. <JDunn@brownrudnick.com>
**Subject:** Re: Plaintiff's Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's Discovery Requests

Mr. White:

   I agree that as a matter of professional courtesy a short adjournment should be given as a matter of course. However, in my book that depends on it being reciprocal and as I made clear on our first meet and

confer, and as I have observed since, the individual defendants as a whole have consistently acted in bad faith throughout this process. So professional courtesy is off the table from my side.

In that regard, saying in early January you will produce documents that have yet to be produced in early February, is not meaningful or good faith.

That said, since you represent that you are willing to engage in a meaningful round of meet and confers, we we set the individual defendants for March 8.

Our requests to you are clear and you have offered no documents or information that would warrant narrowing them in any way. Nevertheless, without waiving those requests, we will give to a list of items we wish to discuss at the meet and confer. We will do 11.

Please produce whatever you intend to produce before the conference so we can be as productive as possible.

Thank you.

Sent from my iPhone

> On Feb 8, 2023, at 4:36 PM, Ronald White <rwhite@wmhlaw.com> wrote:
>
> CAUTION: External E-mail. Use caution accessing links or attachments.
>
> John:
>
> As noted in our email last night, my request to notice the hearing for March 8 instead of March 1 is based on my previously-scheduled travel on March 1. My co-counsel, the only other counsel of record for Mr. Bergmair, is also unavailable on that day. My understanding is that a number of the other lead counsel for the Individual Defendants are unavailable on March 1, as well. Given that we are all available on March 8, the one-week difference will not cause any significant "delay" and should be agreed to by Plaintiff simply as a matter of professional courtesy. Indeed, the Individual Defendants provided you with their portions of the joint stipulation on January 10 and were prepared to argue your motion to compel today (February 8) until Plaintiff unilaterally decided not to file her motions on January 11, thus resulting in a month's "delay." I would also have been available to argue the motion on either February 15 or 22, if Plaintiff had chosen to file her motion in the interim between January 11 and today.
>
> You write that Mr. Bergmair has "not produced or offered to produce a single piece of paper in this case" but this is simply wrong. First, I advised Plaintiff in our meet-and-confers that Mr. Bergmair would produce certain categories of documents. In addition, Mr. Bergmair's portion of the joint stipulation provided to

2

you on January 10 specifically described these categories (pp. 6, 63, 67-68). Similarly, the portion of the joint stipulation provided to you last night (February 7) again noted that Mr. Bergmair will be producing such documents (pp. 6-7, 66, 67, 70). I expect that this document production, which will address the two areas of jurisdictional discovery authorized by the Court (the direction and implementation of CSAM policies and alter ego), will be produced to you later this week or early next week.

As Mr. Bergmair has previously indicated, we continue to believe it would be constructive to have a meaningful meet and confer with Plaintiff to attempt to resolve or narrow the issues raised by her proposed motion. I have spoken with counsel for the other Individual Defendants and they are similarly willing to meet and confer again. Counsel for all of the Individual Defendants are available to meet on Friday (February 10) at 11:00 am or 12:00 pm. Please let us know if you can meet at either of these times. We again suggest that Plaintiff provide the Individual Defendants with a list of the specific, non-duplicative documents or categories of documents that she seeks as the basis for our discussion.

Ron

**Ronald G. White**
**Walden Macht & Haran LLP**
**250 Vesey Street, 27th Floor**
**New York, New York 10281**
**Tel: (212) 335-2387**
rwhite@wmhlaw.com
www.wmhlaw.com

---

**From:** Doyle, John G. <JDoyle@brownrudnick.com>
**Sent:** Wednesday, February 8, 2023 1:19 PM
**To:** James Meehan <jmeehan@wmhlaw.com>; Ronald White <rwhite@wmhlaw.com>; Devon Little <dlittle@wmhlaw.com>; Dan Marmalefsky (dmarmalefsky@mofo.com) <dmarmalefsky@mofo.com>
**Cc:** Bowe, Michael J <MBowe@brownrudnick.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; Stein, David M. <DStein@brownrudnick.com>; Dunn, Joshua P. <JDunn@brownrudnick.com>
**Subject:** RE: Plaintiff's Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's Discovery Requests

*External Email - Caution before clicking links.*

Counsel,

We are in receipt of your documents and are preparing the filing.

3

Given that you have not produced a single document in response to Plaintiff's discovery requests, despite more than sufficient time to do so, Plaintiff is inclined to move forward with a March 1 hearing date in order to avoid any additional delay. Please advise whether you are not available for March 1 hearing so we may understand the request by some for a March 8 hearing.

In addition, your papers continue to stress your willingness to meet and confer. We do not believe you have evidenced any good faith willingness to meet and confer as Mr. Bowe made clear in our meet and confer in early January and as is evidenced by the fact you have not produced or offered to produce a single piece of paper in this case. Simply saying you are willing to get on a call to tell us you will not produce any documents is not in our view a good faith meet and confer.

That said, if you are now prepared to meet and confer in good faith beginning this week and in earnest, we will consider your request for a March 8 hearing date and we will be available to begin this process any day you choose.

Please let us know so we can plan accordingly.

Thank you,

John

<image001.jpg>

**John G. Doyle**
Associate

Brown Rudnick LLP
601 Thirteenth Street NW
Washington, D.C. 20005
T: +1 202.536.1706
M: +1 717.226.0329
jdoyle@brownrudnick.com
www.brownrudnick.com

---

**From:** James Meehan <jmeehan@wmhlaw.com>
**Sent:** Tuesday, February 7, 2023 9:45 PM
**To:** Doyle, John G. <JDoyle@brownrudnick.com>; Bowe, Michael J <MBowe@brownrudnick.com>; Tabaksblat, Lauren <LTabaksblat@brownrudnick.com>; Stein, David M. <DStein@brownrudnick.com>; White, Jonathan D. <JWhite@brownrudnick.com>; Dunn, Joshua P. <JDunn@brownrudnick.com>
**Cc:** Ronald White <rwhite@wmhlaw.com>; Devon Little <dlittle@wmhlaw.com>; Dan Marmalefsky (dmarmalefsky@mofo.com) <dmarmalefsky@mofo.com>
**Subject:** Plaintiff's Motion to Compel Defendant Bernd Bergmair's Responses to Plaintiff's Discovery Requests

**CAUTION: External E-mail. Use caution accessing links or attachments.**

Counsel:

Please find attached Mr. Bergmair's portion of the Rule 37-2 Joint Stipulation, along with the Declaration of Ronald G. White and referenced exhibits (Exhibits A–Q).

Also, I note that your portion of the Joint Stipulation contains information regarding Mr. Bergmair's ownership interest in MindGeek which he provided to you in response to interrogatories, and which he designated as confidential under the Court's protective order (ECF No. 187). These references are on pages 3–4 and 41–44 (highlighted). You acknowledge that Mr. Bergmair's interrogatory responses were designated as confidential in footnote 3 of the Joint Stipulation and indicate that you plan to file his responses under seal as an exhibit. The information cited above should also be removed or redacted from any publicly-filed version of the Joint Stipulation.

We also ask that you file White Decl. Ex. N (MG Entity Defendants Unredacted Responses to Jurisdictional Rogs) under seal as those are also designated as confidential.

Also, we request that you notice the hearing on this motion for March 8, 2023. As you were previously advised by MindGeek's counsel, several of the lead counsel for the Individual Defendants (including Mr. Bergmair's lead counsel) are not available to appear on March 1. However, my understanding is that the lead counsel for each of the Individual Defendants is available on March 8.

Best,

James

James Meehan

**Walden Macht & Haran LLP**

250 Vesey Street, 27th Floor

5

New York, New York 10281

O: 212-335-2384

C: 516-859-0232

JMeehan@wmhlaw.com

www.wmhlaw.com

This email message comes from a law firm and it may contain information that is confidential, privileged and/or attorney work product, subject to all privileges and protections.  If you are not an intended recipient, any dissemination, distribution or copying of this email or any of its attachments is strictly prohibited.  Please immediately notify the sender by replying to this email and please delete the message and any attachments.  Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*