BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer: Autumn D. Spaeth<br><br>**DECLARATION OF MICHELLE HART YEARY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MINDGEEK ENTITY DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Hearing:<br>Time:<br>Courtroom:<br><br>Jurisdictional Discovery Deadline: May 1, 2023 |

CASE NO. 2:21-cv-04920
**DECLARATION IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL**

1   I, Michelle Hart Yeary, do hereby declare and state as follows:

2   I am Counsel with the law firm Dechert LLP, attorneys of record for the MindGeek Entity Defendants in the above-captioned action. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto:

1. I make this declaration in further opposition to Plaintiff's Second Motion to Compel MindGeek Entity Defendants' Responses to Requests for Production of Documents and Interrogatories.

2. At the hearing held on March 8, 2023 on Plaintiff's Second Motion to Compel, the Court ordered the parties to meet and confer and to submit supplemental briefing on any issues raised in the motion that remain unresolved. Specifically, Plaintiff was directed to provide each Defendant a list of revised discovery requests on or before March 13, 2023. The parties were to meet and confer by March 16, 2023 on the revised requests.

3. Plaintiff provided her revised list of requests on March 13, 2023 and the parties met and conferred for over two hours on March 16, 2023.

4. The MindGeek Entity Defendants responded in writing to Plaintiff's March 13 letter on March 21, 2023.

5. The parties met and conferred for two hours on March 24, 2023. During that meet and confer, counsel for the MindGeek Entity Defendants asked Plaintiff whether she would be providing her portion of the briefing on March 25, 2023—at that time, 2 days prior to the briefing due date. Plaintiff's counsel refused and stated his belief that the Court was not requiring the Parties to adhere to the rules for briefing but rather was only seeking a status report from the Parties.

6. Plaintiff sent a revised list of 20 requests with multiple subparts on March 25, 2023. After additional written exchanges, the parties met and conferred again for almost two hours on March 30, 2023.

7. In meet and confers that took place before March, 2023, Plaintiff

represented that she would take as a substitute to the production of bank statements, relevant information from the MindGeek Entity Defendants accounting system as that would obviate the need to review hundreds of monthly bank statements.

8.   As of 3:00 PM Eastern today, Plaintiff represented to the MindGeek Entity Defendants that she was no longer asking them to identify any other ownership interests in the entities identified in the consolidated entities identified in the organizational charts produced and the amounts, if any, distributed to those ownership interests.  Rather, at that time, Plaintiff represented that her request was, to the extent distributions were made to others (non-defendants) in respect of shares in a MindGeek entity, the gross amount of those distributions.  Plaintiff represented that, unless the amount was very large, she did not need to know the identities of the recipients of the distributions or how much each received individually.  Counsel for the MindGeek Entity Defendants was willing to make that request to its clients, but given the time of day would not be able to get a response before this brief was due.  Counsel will so discuss the issue and report to Plaintiff next week.

9.   A true and correct copy of the 2014 consolidated audited financial statement for MindGeek S.a.r.l. is attached as Exhibit A.

10.   A true and correct copy of the 2014 audited financial statement for MG Freesites Ltd is attached as Exhibit B.

11.   A true and correct copy of exemplar corporate organizational charts and the 2013 Step Memo explaining the 2013 reorganization are attached as Exhibit C.

12.   A true and correct copy of the December 2014 financial reporting package is attached as Exhibit D.

13.   A true and correct copy of the December 2014 financial reporting package showing the Profit & Loss Statements for Pornhub, YouPorn, Tube8, and RedTube (the "Tubesites") is attached as Exhibit E.

14.   A true and correct copy of a report from MindGeek's financial

accounting system identifying the payors and recipients of dividends for each year from 2014 to 2020 is attached as Exhibit F.

15. A true and correct copy of a report from MindGeek's financial accounting system identifying all compensation paid to the three employee Individual Defendants from their employer 9219-1568 Quebec Inc is attached as Exhibit G.

16. A true and correct copy of a report from MindGeek's financial accounting system identifying all dividend payments made by 9219-1568 Quebec Inc. to the three employee Individual Defendants for the Class B shares each held in that entity is attached as Exhibit H.

17. A true and correct copy of a report from the financial accounting system of all expense payments made to Individual Defendant Bergmair is attached as Exhibit I.

18. A true and correct copy of reports from the financial accounting system of all payments made to entities in which Defendants Antoon and Tassillo have ownership interests, for leased office space are attached as Exhibit J.

19. A true and correct copy of the Flow of Fund Agreement (without execution pages) for the 2013 refinancing is attached as Exhibit K.

20. A true and correct copy of Articles of Amendment of 9219-1568 Quebec Inc. describing Class B shares is attached as Exhibit L.

21. A true and correct copy of an excerpt from the 2019 Transfer Pricing Study for MG Freesites Ltd is attached as Exhibit M.

22. The MindGeek Entity Defendants will be producing by next week, the following:
- Report from the financial accounting system identifying the royalty payments paid by MG Freesites Ltd, MG Freesites Ltd II, and MG Content RT Ltd, the entities that operate the Tubesites, to Licensing IP International S.a.r.l. and MG Ex-US S.a.r.l. pursuant to the terms of the licensing agreements already produced.
- A report from the financial accounting system identifying payments to Bulknet,

a company that conducts business with MindGeek and in which Defendant Bergmair has an ownership interest.

- A debt pay-down schedule.
- Documents identifying the amounts MG Freesites Ltd, MG Freesites II Ltd, and MG Content RT Ltd paid other MindGeek Entities for the website operating expenses and other expenses identified in their financial statements.
- Vendor agreements with third parties who provide domain servers for the MindGeek entities.
- Financial bridge documents provided to lenders to explain differences between the financial reporting packages and the audited financial statements.
- Final year-end balance sheets for 2014-2020 that reflect reconciliations made after the periodic reporting statements were issued to management and lenders.
- A step memo explaining the 2018 reorganization.
- Tax returns and audited financial statements for MG Freesites II Ltd and MG Content RT Ltd.
- Financial statements for RT Holding S.a.r.l.

23. A true and correct copy of M. Bowe's March 13, 2023 letter is attached as Exhibit N.

24. A true and correct copy of excerpts from the March 8, 2023 Hearing Transcript is attached as Exhibit O.

25. A true and correct copy of K. Massey's March 21, 2012 letter is attached as Exhibit P.

26. A true and correct copy of Plaintiff's revised list of requests sent March 25, 2023 is attached as Exhibit Q.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 31st day of March at Cherry Hill, New Jersey.

Respectfully submitted,

        /s/   *Michelle Hart Yeary*
Michelle Hart Yeary