# Exhibit N

**brown**rudnick

MICHAEL J. BOWE
direct dial: 212.209.4905
fax: 212.938.2902
MBowe@brownrudnick.com

March 13, 2023

**BY E-MAIL**

Kathleen N. Massey
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
kathleen.massey@dechert.com

RE:  **Plaintiff's Discovery Requests Submitted Pursuant to the Court's March 8, 2023 Order**

Dear Kathleen,

We are following up on the Court's March 8, 2023 Order directing the parties to meet and confer concerning outstanding discovery. Following a careful review of the MindGeek Entity Defendants' production, we have identified the following relevant jurisdictional information that has not been produced to date:

1. From 2013-2020, the financial information from MindGeek's Accounting Information System showing the (a) source and receipt of revenues (including source); (b) payment of expenses, costs, distributions, dividends, and disbursements of monies (including recipient); (c) licensing and royalty payments and receipts (including sources and recipients); (d) inter-company transactions; and (e) payments on, or principal or interest payments, for any debt for the following entities:

    a. the Defendant MindGeek Entities;

    b. MG Holdings USA;

    c. MG CY Holdings Ltd.;

    d. Licensing IP International S.a.r.l.;

    e. MindGeek RK S.a.r.l.;

    f. FDCO Holdings LLC;

Kathleen N. Massey
March 13, 2023
Page 2

**BR**

    g.  MindGeek Holding Inc.;

    h.  9288-1259 Inc.;

    i.  9288-1275 Inc.;

    j.  RT Holdings S.a.r.l.;

    k.  9279-2738 Quebec Inc.;

    l.  MG-Ex US Holding S.a.r.l.;

    m.  MG Ex-US S.a.r.l.;

    n.  MindGeek Ireland Holding Limited;

    o.  Acaju Investments S.A.;

    p.  Coginvest S.A.; and

    q.  Share Investments S.A.

2. Financial information used to prepare the financial and tax records produced by the MindGeek Defendants (RFP 11, 12, 13, 20).

3. Documents reflecting the use and recipients of proceeds from the 2013 and 2018 financings (RFP 3, 8, 10, 11).

4. All contracts and transfer cost pricing analysis for inter-company transactions and services as described in paragraph 9 of the Andreou Declaration dated May 23, 2022, including the allocation and allocation methodology used for shared website, management, licensing, Hosting and CDN technology, billing, advertising, and operational services for the following entities (RFP 5, 8, 11, 18, 19, 22, 23):

    a.  the Defendant MindGeek Entities;

    b.  MG Holdings USA;

    c.  MG CY Holdings Ltd.;

    d.  Licensing IP International S.a.r.l.;

    e.  MindGeek RK S.a.r.l.;

    f.  FDCO Holdings LLC;



Kathleen N. Massey
March 13, 2023
Page 3

g.  MindGeek Holding Inc.;

h.  9288-1259 Inc.;

i.  9288-1275 Inc.;

j.  RT Holdings S.a.r.l.;

k.  9279-2738 Quebec Inc.;

l.  MG-Ex US Holding S.a.r.l.;

m.  MG Ex-US S.a.r.l.;

n.  MindGeek Ireland Holding Limited;

o.  Acaju Investments S.A.;

p.  Coginvest S.A.; and

q.  Share Investments S.A.

5.  All presentations, reports, or memorandum, or due diligence materials describing MindGeek's finances, corporate organization, or operations provided to directors, investors, owners, lenders, or potential buyers (RFP 3, 4, 9, 14).

6.  Documents sufficient to show any entity in which any MindGeek entity holds an interest or economic right that is not consolidated in its produced financial statements (RFP 2, 3).

7.  Documents sufficient to show any economic interest held by any Individual Defendant in any entity that is not consolidated on MindGeek's financial statements and tax filings and which transacts any business with any MindGeek related entity (including by way of acquisition) or otherwise derives revenues from MindGeek's business (RFP 3).

8.  Documents sufficient to show all acquisitions and the identity of the owners holding economic interests in the acquired entities (RFP 2, 3, 4).

9.  The identity of the 5% minority owner of the MindGeek Entities identified as consolidated entities on the financial statements produced by defendants and records of distributions made to them (RFP 2, 3, 10).

10. Documents sufficient to show the holders and terms of any preferred interests that any Individual Defendant holds in any MindGeek Related Entity (RFP 2, 3, 4).



Kathleen N. Massey
March 13, 2023
Page 4

11. MindGeek-related expense and travel records for the Individual Defendants (RFP 7).

12. Documents sufficient to show Defendant Bergmair's visits to MindGeek's offices in Montreal (RFP 8, 9).

13. Documents and communications concerning the reasons for Messrs. Antoon and Tassillo's resignation (RFP 25).

14. Any documents not previously produced in Schedule 3.4(a) of the Purchase Agreement (*see* MindGeek_Fleites_00021768).

15. The Hosting Agreement entered into between Neustar and Webexpansion Cyprus Limited on or about August 9, 2012, and any documents related thereto, including those pertaining to any payments made under the agreement, the scope of services provided, and the locations of any servers or related information technology infrastructure (RFP 7, 26).

16. All documents and communications concerning the policies, practices, and/or procedures for CSAM and non-consensual content including:

   a. Documents and communications pertaining to the implementation and training of any screening, CSAM, and non-consensual content policies;

   b. Training and instruction concerning the use of the Content Management System during the review and screening of uploaded content;

   c. Documents and Communications sent to managers and team leads concerning the applicability of policies, practices, and procedures to potential CSAM and non-consensual content;

   d. Work schedules and rotation calendars of the screeners and moderators in Cyprus and Montreal; and

   e. Policies and directives concerning tagging, descriptions, formatting, optimizing, categorization, reuploading, and optimization of user generated content and uploaded material.

   f. In addition to the terms the entity defendants previously agreed to run to identify responsive communications to item no. 16, plaintiff proposes the following additional search terms:

      i. "CP"
      ii. "child sex"
      iii. "under age*", "under-age*"

Kathleen N. Massey
March 13, 2023
Page 5

  iv. "young teen"
  v. "twink"
  vi. "too young"
  vii. "not 18"
  viii. "bullpen", "bull pen", "bull-pen"
  ix. "National Center for Missing and Exploited Children", "NCMEC"
  x. "banned"
  xi. "red word*"
  xii. "new rules"
  xiii. "juvenile"
  xiv. "re-upload*"
  xv. "repost*"
  xvi. "fingerprint"
  xvii. "new rules"
  xviii. "compliance", "compliance rules", "compliance rule book"
  xix. "search engine optimization", "SEO"
  xx. "training", "compliance training", "CMS training"
  xxi. "content management system training"
  xxii. "user verification", "amateur user verification"
  xxiii. "content rules"

Plaintiff requests that these search terms be run against all electronic records and messaging apps for defendants Antoon, Tassillo, Urman, and Bergmair and across the MindGeek email accounts for the following additional custodians.

  i. Samita Nguyen
  ii. Keivan Ghorbanzadeh
  iii. Braden Bulloch
  iv. Brett Goldenberg
  v. Moustapha Moughrabi
  vi. Fadi Choueri
  vii. Matt Kilicci
  viii. Karim El Marazi
  ix. Eddy Kaba
  x. David Green
  xi. Andreas Ignatiou
  xii. Aristarchos Petsas
  xiii. Jose Montoya
  xiv. Taylor-Lynn Castelli
  xv. Alexander Carmona
  xvi. Juan Duque



Kathleen N. Massey
March 13, 2023
Page 6

Finally, with respect to item 16, we ask that you remove the June 30, 2020 cut-off date for searching for responsive information.  As we discussed during the hearing, we believe the searches should be run at least through June 2021.

Please let us know what time you can confer about this on or before Thursday.  We hope we can reach agreement on these issues so there is no need for a supplemental brief.  Thank you for your anticipated cooperation.

Sincerely,

**Brown Rudnick LLP**

Michael J. Bowe