# Exhibit O

```
 1                 UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3

 4  SERENA FLEITES, et al.,   ) Case No. LA CV 21-04920-CJC-
                              )                       (ADSx)
 5          Plaintiffs,       )
                              ) Los Angeles, California
 6  vs.                       )
                              ) Wednesday, March 8, 2023
 7  MINDGEEK S.A.R.L. et al., )
                              ) (10:11 a.m. to 1:26 p.m.)
 8          Defendants.       )
    _____)
 9

10
          TRANSCRIPT OF PLAINTIFF'S MOTIONS TO COMPEL
11              [261], [264], [267], [274]
                 SCHEDULING CONFERENCE
12        BEFORE THE HONORABLE AUTUMN D. SPAETH
               UNITED STATES MAGISTRATE JUDGE
13

14
    Appearances:              See next page.
15
    Court Reporter:           Recorded; CourtSmart
16
    Courtroom Deputy:         Kristee Hopkins
17
    Transcribed by:           Jordan Keilty
18                            Echo Reporting, Inc.
                              9711 Cactus Street, Suite B
19                            Lakeside, California 92040
                              (858) 453-7590
20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Echo Reporting, Inc.*

1 accounting system. That's something we think is highly
2 critical to understand where the money -- how the money
3 flowed, where it went.
4     So, that intercompany related party transactions,
5 the transfer pricing and the backup for those payments that
6 are made, that would be the third bucket. And to the extent
7 that there are, you know, summary documents explaining how
8 all of this worked, how these structures and these related
9 entities relate to each other, that would be the final
10 bucket. So, the eight buckets and everything that I just
11 walked through are subsumed within three buckets that we've
12 now narrowed based on documents that we've gotten to date.
13     Unless the Court has anything further --
14     THE COURT: I don't. Thank you.
15     MS. TABAKSBLAT: Thank you.
16     THE COURT: All right. Let's take a break, and I
17 will come back with you.
18   (Proceedings recessed briefly.)
19     THE COURT: All right. Thanks, everyone. Have a
20 seat.
21     Okay. This is what we're going to do. With
22 regard to -- let's start backwards. With regard to the
23 eight buckets of discovery served on the entity, okay, I
24 believe that Plaintiff has a serious proportionality
25 problem. I am not going to give you access to their entire

101

1 accounting system.  However, I do believe that there is a
2 significant -- or a decent amount -- let me say that better
3 -- of financial data that you are still seeking that I
4 believe you are entitled to and that you -- that I would
5 award if the requests were drafted differently, because I
6 feel like not only I have a problem trying to track what it
7 is precisely Plaintiff wants, I can completely understand
8 why Defendants have a hard time with it.
9         However, I think that this corporate structure
10 makes it really easy for information to be, at a minimum,
11 difficult to understand and potentially obfuscated, if I'm
12 saying that correctly, and forgive me.  And I'm not saying
13 that counsel or the parties are purposely doing that.  But,
14 nevertheless, the corporate structure just kind of makes
15 that possible.
16         And, so, I do believe that the Defendants need to
17 produce additional information and that that additional
18 information would be responsive to their requests, but I
19 think their requests are overbroad.
20         I also believe that the Defendants did not provide
21 detailed evidence of what the burden would be that would
22 support a burden objection.  So, I also heard from Plaintiff
23 that it sounds like a decent amount of what was originally a
24 part of the motion has been resolved and that their request
25 is now more limited.

102

1 So, as a result of that, I'm ordering the parties
2 to meet and confer.  I expect that Plaintiff will clearly
3 identify -- you know, if you want a printout of the royalty
4 payments and the underlying evidence of those royalty
5 payments and those are reports that can be produced from
6 this accounting system, that that's the kind of thing that
7 you would be very clear that you want and that would be the
8 kind of thing that you would respond to, "Yes, I can do
9 that.  No, I cannot," because I understand that simply
10 saying, Give me access to your accounting system, would be
11 something that as a lawyer I would say heck no to.  Okay.
12 So, that's the kind of meet and confer I'm
13 expecting here, that you can clearly identify for them what
14 these holes are, because I suspect that if you said, I need
15 to understand how this is moving from this entity to this
16 entity and I think that that would be this kind of document,
17 they can respond to that.
18 I think this is the meet and confer that probably
19 should have happened, and maybe to some degree the parties
20 have evolved in their positions.  I don't know.  But this is
21 what needs to happen.  It's -- it's not truly possible for
22 me to rule on this motion in either a grant or a deny in any
23 way that would do justice to either party.
24 And, so, I'm ordering that the parties meet and
25 confer.  Try to identify clearly what you want and need.

103

1 Try to respond clearly about what you can and will be
2 producing.  I will leave it up to you to determine time
3 frame for production.  I just want to know if there remain
4 any requests for production or categories of documents that
5 you are not able to agree to I'm going to request a
6 supplemental briefing explaining if anything remains at
7 issue, what that is, and what is still being sought.  And I
8 hope that by the time that happens, we will truly be at the
9 point where everybody understands what's being asked for and
10 there is just truly a disagreement about whether or not it
11 should be produced.  Okay.
12         I'm going to order that that supplemental brief be
13 filed on March 24th.  That gives you about two weeks to deal
14 with this.  Based on your current discovery cutoff, I think
15 that that makes sense.
16         Now, if some -- if the people who are responsible
17 tell me that you're having a baby or you're going on a
18 vacation and this is not possible, I will revisit that date.
19 Okay.
20         Any questions with regard to the motion to compel
21 the entity Defendant regarding the eight buckets?
22         MS. TABAKSBLAT:  No, your Honor.
23         MS. YEARY:  No, your Honor.
24         THE COURT:  Okay.  Now, with regard to the four
25 motions to compel to the individual Defendants, I'm also

104

1 ordering you guys to meet and confer because what I heard
2 here was that it was the first time that the Defendants have
3 heard the limitations that -- or reasonable limitations that
4 I believe that Mr. Stein stated.  Big picture, I believe
5 that these discovery requests are very overbroad.  I heard
6 the Defendants say that their clients aren't likely to
7 actually have much of the information.  So, the burden
8 objections are not persuasive because if you don't have
9 much, it's not much of a burden to look at, and it's not
10 much of a burden to produce.  And, again, there was no
11 evidence actually supporting the burden objections.
12 Traditionally, I get declarations that say it would take me
13 24 hours to go through the 3,550 documents, and I don't have
14 anything like that here.  All right.
15         But I believe that the Defendants have a right to
16 understand because I think the limitations that Mr. Stein
17 stated in this courtroom generally seemed very reasonable to
18 me.  I understand that this was the first time you heard
19 them.  And, so, you need to have an opportunity to consider
20 them.
21         Now, same thing, I'm going to order that the
22 parties meet and confer, that the Plaintiffs provide what
23 they're actually looking for in -- along the lines of the
24 limitations that Mr. Stein described.  I'm not saying that
25 you have to stick exactly to those, but to the extent that,

1  for example, contact lists to say contacts regarding
2  something very specific, that seems potentially more
3  reasonable to me than all contact lists, like I'm not
4  handing over my cell phone contact lists to you for a
5  specific jurisdiction case.  Okay.
6          Same thing, I'm going to ask that if there remain
7  any categories that remain unresolved, that then I get a
8  supplemental brief, and I want these supplemental briefs to
9  be joint.  That means I want -- you know, just like our
10 joint stipulation, I will leave it up to you guys to
11 determine time frame and how much time you give each other,
12 but I want it filed by the 24th of March, again, hoping that
13 that time frame will allow me to get you a response.  But,
14 again, I -- one thing that I think is missing from the
15 briefing from Plaintiff is explaining to me and to the
16 Defendants how these very broad discovery requests will
17 provide evidence related to jurisdiction.  It can't just be
18 it's jurisdiction.  It can't just be it's context.  I need
19 to know -- we've got, as far as I understand it, five --
20 four individuals and then in the entity situation, one
21 entity that we're trying to establish -- that you're trying
22 to establish jurisdiction over and then how alter ego might
23 work to hold somebody else so it's their contacts, right,
24 and all of the things that the jurisdictional law stands for
25 and how -- so, directly theirs, as well as how somebody

106

1 else's contacts might through an alter ego analysis point to
2 them, but as the motion is currently briefed, neither me or
3 my law clerks can track that.  And I understand why the
4 Defendants argue about it, but I think it's there.  I think
5 there is likely information that the Defendants should be
6 sharing with you, that it's somewhere in there, but I can't
7 figure it out.  Okay.
8     Now, let's talk about -- any questions on that?
9     UNIDENTIFIED SPEAKER:  No, your Honor.
10     THE COURT:  Okay.  Let's talk about that date of
11 March 24th.  I know I'm asking you to do a lot of work in a
12 very short period of time, especially since I'm asking for a
13 joint brief.  Is it possible?
14     UNIDENTIFIED SPEAKER:  Yes, your Honor, from our
15 side, yes.
16     THE COURT:  Counsel?  I've got five counsel here.
17     MS. MASSEY:  It's certainly -- I mean, it's
18 certainly possible from -- from our perspective, but it
19 depends obviously on when we hear from Plaintiffs about the
20 specific categories.
21     THE COURT:  I understand.
22     MS. MASSEY:  The last time we had a bit of a
23 challenge over that, but so long as we --
24     THE COURT:  I understand.
25     MS. MASSEY:  -- can get the categories from

107

```
 1  Plaintiff, you know -- today we're the 8th.  If we get the
 2  categories, you know, by Monday or so, we could certainly
 3  look and see what we have and hopefully meet and confer next
 4  week and then brief nothing or a very limited set of issues.
 5          UNIDENTIFIED SPEAKER:  I'm not sure I'd agree it's
 6  the first time it's coming up, but your points are noted,
 7  and we will make it very specific very quickly.  Is today
 8  Wednesday?  We can do it by Monday.
 9          THE COURT:  Okay.  Yes, Gentlemen?
10          UNIDENTIFIED SPEAKER:  Yeah, I -- I think it's
11  going to be challenging but may not be impossible, right.  I
12  know Mr. White has a particular scheduling issue.
13          MR. WHITE:  Your Honor, I guess -- well, the first
14  question was when you said a joint stipulation, do you mean
15  for all four individual Defendants and the Plaintiff?
16          THE COURT:  Since you have four different motions,
17  I think it's fine to keep it separate so that your schedules
18  aren't complicated with the -- you know, let's try to reduce
19  the number of schedules we're implicating.
20          MR. WHITE:  Okay.  I mean, your Honor, I can do my
21  best.  I'm -- I am supposed to be out of town the week of
22  the 20th, which would be the week leading up to the -- I
23  think if we could move it back one more week, that would be
24  helpful, at least for me.
25          THE COURT:  Okay.  And your client is?
```

108

1         MR. WHITE: Mr. Bergmair.
2         THE COURT: Okay. Thank you. With regard to Mr.
3 Bergmair, is there any reason why one week later for that
4 brief is a problem?
5         UNIDENTIFIED SPEAKER: No, I don't think so.
6 Happy to accommodate. I think we'd like to do the rest on
7 the 24th and his on the 21st. That's fine.
8         MR. WHITE: Thank you.
9         UNIDENTIFIED SPEAKER: Hopefully there are no
10 motions. So --
11        THE COURT: Yeah.
12        UNIDENTIFIED SPEAKER: Look, I think it will be
13 challenging, but we're going to do our utmost. So, we say
14 leave it on the 24th, and if worse comes to worse, we'll be
15 in touch with the Court, but let's aim for the 24th.
16        THE COURT: Um-hmm.
17        MS. YEARY: I think the only thing we'd ask, your
18 Honor, is that we also get that specific list by Monday as
19 well so that that's not just for the MindGeek entity
20 Defendants but for the individuals as well.
21        THE COURT: Is that possible? I'm assuming that
22 when you're talking about Monday, you're talking about
23 everybody, is that right?
24        UNIDENTIFIED SPEAKER: Yes. And, as long as we're
25 doing this, maybe we could get a response by -- or a

1 scheduled meet and confer by the end of -- by Friday.
2          THE COURT:  So --
3          UNIDENTIFIED SPEAKER:  What I don't want to have
4 happen is we give them a list and then they can't --
5          THE COURT:  That's a good point.
6          UNIDENTIFIED SPEAKER:  -- confer with us until the
7 23rd.
8          THE COURT:  Okay.  So, the list, which, you know,
9 hopefully you're breaking it out by each Defendant, okay --
10         UNIDENTIFIED SPEAKER:  Yes.
11         THE COURT:  -- if that's going to happen on
12 Monday, why couldn't the meet and confer happen by Thursday?
13 Is that possible?
14         MS. MASSEY:  Sure.  We can meet and confer by
15 Thursday.  We will do our utmost --
16         THE COURT:  I mean, I would --
17         MS. MASSEY:  -- to be ready for that, and if
18 there's some issue that we haven't heard back from the
19 client on, then hopefully it will be minor, but we'll do our
20 best to get back for a meet and confer Thursday.
21         UNIDENTIFIED SPEAKER:  Likewise, your Honor.
22         UNIDENTIFIED SPEAKER:  Agreed, your Honor.
23         MS. YEARY:  Same, your Honor.
24         THE COURT:  Okay.  List Monday.  Meet and confer,
25 I'll let you guys pick your time.  I'll let you figure out

110

1  if you're doing it together or separate, but Thursday.
2  Hopefully then it would provide -- you can all get it done
3  on the 24th.  I know I'm asking a lot, but you asked a lot
4  of us.
5          UNIDENTIFIED SPEAKER:  We agree totally, your
6  Honor.
7          THE COURT:  And these are important issues.  I
8  think we all understand that.
9          Anything further?
10         MS. MASSEY:  Your Honor, while we're here, could I
11 just have a word about the Grant Thornton issue that you had
12 issued letters rogatory on a while back?
13         THE COURT:  Before we get to that, I also want to
14 encourage you all to consider my statements here with regard
15 to this amorphous new motion to compel that's being filed
16 that I don't know anything about yet.  But to the extent
17 anything I have said today applies to it, I would ask that
18 you take that into consideration.  Okay.
19         Grant Thornton question, what do you have?
20         MS. MASSEY:  Yes, your Honor. So, the Plaintiff
21 moved for issuance of letters rogatory.  Letters were issued
22 to four Grant Thornton entities.  Plaintiff asked to
23 substitute one.  That was done.  In at least one of the
24 orders, there's language lacking that was in another.  So,
25 in the order for -- for RCGT, the Quebec Grant Thornton

*Echo Reporting, Inc.*

114

1     I certify the foregoing is a correct transcript
2  from the electronic sound recording of the proceedings in
3  the above-entitled matter.
4
5  /s/Jordan Keilty                         3/9/2023
   Transcriber                              Date
6
   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
7
8
   /s/L.L. Francisco
9  L.L. Francisco, President
   Echo Reporting, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25