# Exhibit P



Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
+1 212 698 3500  Main
+1 212 698  3599  Fax
www.dechert.com

**KATHLEEN MASSEY**

Kathleen.Massey@dechert.com
+1 212 698 3686  Direct
+1 212 698 3599  Fax

March 21, 2023

**VIA EMAIL**

Michael J. Bowe, Esq.
Brown Rudnick LLP
7 Times Square
New York, NY 10036

**Re:**  *Fleites v. MindGeek S.a.r.l., et al.*

Dear Michael:

The MindGeek Entity Defendants write to respond to Plaintiff's March 13, 2023 requests on which we met and conferred on March 16, 2023.  On that same day, the MindGeek Entity Defendants sent Plaintiff a letter identifying which of Plaintiff's requests were not the subject of Plaintiff's Second Motion to Compel, a topic that was also discussed during the meet and confer. Per the Court's Order, by March 24, 2023, the parties are required to provide supplemental briefing on any request that was the subject of the Plaintiff's Second Motion to Compel that has not been resolved.  Please advise us by noon EDT tomorrow, March 22, which, if any, of Plaintiff's requests you will be including in your portion of the briefing.

1. From 2013-2020, the financial information from MindGeek's Accounting Information System showing the (a) source and receipt of revenues (including source); (b) payment of expenses, costs, distributions, dividends, and disbursements of monies (including recipient); (c) licensing and royalty payments and receipts (including sources and recipients); (d) inter-company transactions; and (e) payments on, or principal or interest payments ….

    Response:  This is an overly broad request that has not been tied to any specific alter ego or personal jurisdiction factor.  This request has not been narrowly tailored as directed by the Court but instead effectively calls for the production of information about every penny received and paid out of any affiliate of the MindGeek Entity Defendants.  The request is also not proportional insofar as it fails to take into account the extensive material the MindGeek Entity Defendants have already produced, including:

    - Financial reporting packages which include balance sheets, cash flow statements and profit & loss statements for all MindGeek entities, business units, and each Tube Site



March 21, 2023
Page 2

(see MindGeek_Fleites_00001581-00001585; 00001578-00001580; MindGeek_Fleites_00008980-00009035);

- Audited financial statements for MindGeek S.a.r.l., MG Premium Ltd, MG Freesites Ltd, and 929-1568 Quebec Inc. (see MindGeek_Fleites_00000601-00001539);
- Tax returns for RT Holding S.a.r.l., MG Holdings USA Corp., 9219-1568 Quebec Inc., 9279-2738 Quebec Inc., Licensing IP International S.a.r.l., MG CY Holdings Ltd, MG Freesites Ltd, MG Freesites, S.a.r.l., MG Premium Ltd, MG Premium S.a.r.l., MG Technologies Ltd, MindGeek RK S.a.r.l., and MindGeek S.a.r.l.;
- Information from the financial accounting system showing dividends and distributions up to the level of the companies owned by the Individual Defendants (see MindGeek_Fleites_00009212, MindGeek_Fleites_00066303);
- Information from the financial accounting system showing business expense payments made to Defendant Bergmair (see MindGeek_Fleites_00066302); and
- Information from the financial accounting system showing payments made pursuant to related-party agreements (MindGeek_Fleites_00030405-6).

Notwithstanding the foregoing, for the time period 2014-2020, the MindGeek Entity Defendants are willing to produce, beyond that which has already been produced, information from its accounting system that shows:

- Royalty/licensing payments related to Tube Sites (Pornhub, YouPorn, Tube8, RedTube) that will show from whom and to whom the payments were made;
- Debt re-payments;
- Any additional dividends and distributions made in the chain of ownership from the MindGeek Entity Defendants up to the shareholders of MindGeek S.a.r.l., and from MG Ex U.S. S.a.r.l. up to the shareholders of RT Holding S.a.r.l., to the extent not already provided; and
- Documents that explain/show how major costs and expenses are allocated between the MindGeek entities.

With respect to entities identified in Plaintiff's request 1, the MindGeek Entity Defendants have informed Plaintiff that they do not have financial accounting information for FDCO Holdings Inc. (which you mistakenly refer to as FDCO Holdings LLC), MindGeek Holding Inc. (the prior name of FDCO Holding Inc.), 9288-1259 Quebec Inc. (which you mistakenly refer to as 9288-1259 Inc.), 9288-1275 Quebec Inc. (which you mistakenly refer to as 9288-1275 Inc.), Acaju Investments S.A., Coginvest S.A., or Share Investments S.A. As to MindGeek Ireland Holding Limited, it was a company that existed prior to the 2018 reorganization and was the parent company of MindGeek entities that are not Defendants in this case and that had no involvement in the



March 21, 2023
Page 3

operation or management of the Tube Sites or the flow of funds from the Tube Sites. Although the MindGeek Entity Defendants have produced and will produce information pertaining to MindGeek Ireland Holding Limited that is contained in the general financial information being provided, the MindGeek Entity Defendants object to producing additional information for an entity which has no bearing on whether the Court has specific personal jurisdiction over MindGeek, S.a.r.l or whether the contacts of the other MindGeek Entity Defendants should be imputed to MindGeek, S.a.r.l. under the alter ego theory.

2. Financial information used to prepare the financial and tax records produced by the MindGeek Defendants ….

   Response:  This is an overly broad request that has not been tied to any specific alter ego or personal jurisdiction factor.  Moreover, this request has not been narrowly tailored as directed by the Court but is in effect an open-ended request for all the financial data in the MindGeek Entity Defendants' electronic accounting system, which the Court has determined the MindGeek Entity Defendants are not required to produce.  The request is also not proportional insofar as it fails to take into account the extensive material the MindGeek Entity Defendants have already produced, including financial statements for the MindGeek Entity Defendants and their affiliates and the tax returns for the MindGeek Entity Defendants and the entities in their respective ownership chains.  Accordingly, the MindGeek Entity Defendants do not agree to produce additional information responsive to this request.

3. Documents reflecting the use and recipients of proceeds from the 2013 and 2018 financings ….

   Response:  This is an overly broad request that has not been tied to any specific alter ego or personal jurisdiction factor.  The request has not been narrowly tailored as directed by the Court but instead effectively calls for the production of information about every penny spent by the MindGeek Entity Defendants and their affiliates.  The request is also not proportional insofar as it fails to take into account the extensive material the MindGeek Entity Defendants have already produced, including the full set of financing documents for 2013 and 2018 and the financial statements.  As stated above, the MindGeek Entity Defendants have agreed to produce debt repayments.  Defendants do not agree to produce additional information responsive to this request.

4. All contracts and transfer cost pricing analysis for inter-company transactions and services as described in paragraph 9 of the Andreou Declaration dated May 23, 2022,



March 21, 2023
Page 4

including the allocation and allocation methodology used for shared website, management, licensing, Hosting and CDN technology, billing, advertising, and operational services ….

Response: This is an overly broad request that has not been tied to any specific alter ego or personal jurisdiction factor. The request is also not proportional insofar as it fails to take into account the extensive material the MindGeek Entity Defendants have already produced, including:

- the inter-company service agreements for MG Premium and MG Freesites (as recipients of services) and 9219-1568 Quebec, MG Global Entertainment Inc., MG CY Holdings Ltd, and MG Cyprus Ltd (as providers of services to the Tube Sites) (see MindGeek_Fleites_00003371-00003388; 00003511-3521; 00007175; 00007164; 00007123; 00007155);
- the server cost sharing agreements between MG Cyprus Ltd, MG Premium and MG Freesites (see MindGeek_Fleites_00007183; 00007186; 00007144);
- the licensing agreements governing the licensing of IP for the Tube Sites (see MindGeek_Fleites_00000079-00000369; 00006849-00007011); and
- the Transfer Pricing Studies that cover the service agreements and IP agreements between entities that are in different jurisdictions (see MindGeek_Fleites_00030466; 00031012).

The MindGeek Entity Defendants will confirm that no other service, cost sharing, or licensing agreements exist for the MindGeek Entity Defendants or other entities for which we have agreed to produce documents (see response to request 1) insofar as such agreements concern the Tube Sites. If any do exist, they will be produced.

The MindGeek Entity Defendants agree to produce:

- documents that explain/show how costs and expenses are allocated between and among the MindGeek Entity Defendants and other entities for which we have agreed to produce documents; and
- additional transfer pricing studies for earlier years to the extent reasonably available.

5. All presentations, reports, or memorandum [sic], or due diligence materials describing MindGeek's finances, corporate organization, or operations provided to directors, investors, owners, lenders, or potential buyers.



March 21, 2023
Page 5

Response:  This is an overly broad request that has not been tied to any specific alter ego or personal jurisdiction factor.  This request has not been narrowly tailored as directed by the Court. The request is also not proportional insofar as it fails to take into account the extensive material the MindGeek Entity Defendants have already produced, including:

- A step memo explaining the 2013 reorganization (see (MindGeek_Fleites_00015700 at 0015759);
- The financial reporting packages used to report finances to directors, investors, owners, lenders, or potential buyers (see MindGeek_Fleites_00001581-00001585; 00001578-00001580; MindGeek_Fleites_00008980-00009035);
- A document used for presentations on the flow of funds for the MindGeek group (see MindGeek_Fleites_00009216);
- Confidential Information Memoranda that were prepared periodically to provide information to third parties to explain the MindGeek group businesses (see MindGeek_Fleites_00008490; 00008508; 00008586; 00008664; 00008741; 00008818; 00008832; 00008903); and
- The corporate organizational charts that depict the corporate structure for the MindGeek group from 2014 to 2020 (see MindGeek_Fleites_00000001-14).

In addition, the MindGeek Entity Defendants have identified a step memo explaining the 2018 reorganization that they will produce.

6. Documents sufficient to show any entity in which any MindGeek entity holds an interest or economic right that is not consolidated in its produced financial statements.

Response:  The MindGeek Entity Defendants confirm that the organizational charts produced identify all active entities in which any MindGeek entity held an interest during the relevant period.  As discussed on more than one occasion, if as claimed Plaintiff has a list of 100 or so entities you believe are part of the MindGeek group of companies, please provide the list and we will respond accordingly.  In light of the foregoing, the MindGeek Entity Defendants do not agree to produce additional documents responsive to this request.

7. Documents sufficient to show any economic interest held by any Individual Defendant in any entity that is not consolidated on MindGeek's financial statements and tax filings and which transacts any business with any MindGeek related entity (including by way of acquisition) or otherwise derives revenues from MindGeek's business.



Response:  This request seeks information that is not in the possession, custody, or control of the MindGeek Entity Defendants.  The MindGeek Entity Defendants are aware that certain MindGeek entities transact business with related-party entities (entities in which MindGeek understands certain Individual Defendants have some economic or ownership interest).  Regarding those related party transactions, the MindGeek Entity Defendants have produced

- the related-party agreements (see MindGeek_Fleites_00009036-00009143); and
- information from their financial accounting system that shows payments made pursuant to those agreements (MindGeek_Fleites_00030405-6).

The MindGeek Entity Defendants agree to produce additional information from their financial accounting system showing payments made for bandwidth services to an entity in which Defendant Bergmair has an ownership interest, as described in the Shareholders' Agreement.  The MindGeek Entity Defendants have no additional documents responsive to this request.

8. Documents sufficient to show all acquisitions and the identity of the owners holding economic interests in the acquired entities

    Response:  The MindGeek Entity Defendants have produced documents sufficient to show all acquisitions between 2014-2020 since all acquisitions are disclosed on the corporate organizational charts, the reorganization documents, and/or the audited financial statements.  Further, between 2014-2020, there were no acquisitions of Tube Sites or related-party entities.

9. The identity of the 5% minority owner of the MindGeek Entities identified as consolidated entities on the financial statements produced by defendants and records of distributions made to them.

    Response:  This request is vague and ambiguous, has not been tied to any specific alter ego or personal jurisdiction factor and appears to concern ownership prior to the relevant period.  However, in the interest of eliminating potential issues in dispute, the minority shareholder we believe Plaintiff is referring to here is RK Holdings, LLC, which acquired a 9.999% economic interest in the MindGeek group of companies.

10. Documents sufficient to show the holders and terms of any preferred interests that any Individual Defendant holds in any MindGeek Related Entity.



Response: Based on a reasonably diligent search, the MindGeek Entity Defendants state they are not aware of any preferred interests the Individual Defendants hold in any of the MindGeek Entity Defendants or the entities as to which the MindGeek Entity Defendants have agreed to produce, other than the Individual Defendants' B share holdings in 9219-1568 Quebec Inc., which were previously disclosed. Insofar as this request is based on a reference in Schedule 3.4(a) of the Purchase Agreement by and among Manwin Holding S.a.r.l., MindGeek S.a.r.l. and Fabian Thylmann dated as of October 18, 2013 to Manwin Holding S.a.r.l. Amended and Restated Stock Option Award Agreements dated as of August 24, 2012, which we understand concerned an exchange of options Defendants Antoon and Tassillo held to acquire shares in Manwin Holding S.a.r.l. for options to acquire shares in MindGeek S.a.r.l., the options to acquire shares in MindGeek S.a.r.l. were subsequently exchanged for options to acquire shares in MindGeek Holding Inc., which was renamed FDCO Inc.

11. MindGeek-related expense and travel records for the Individual Defendants.

    Response: This is an overly broad request that has not been narrowly tailored as directed by the Court and as agreed by David Stein in open court. The request is also not proportional insofar as it fails to take into account that the MindGeek Entity Defendants have produced sufficient information to show their records of recorded business travel to the United States for Defendants Antoon, Tassillo, and Urman. Specifically, the MindGeek Entity Defendants ran a search in their travel system and for each trip to the United States for the three Individual Defendants, provided the dates, location, and recorded description of the trip. To the extent Plaintiff is asking the MindGeek Entity Defendants to do more, such a request is overly broad and not proportional to the current issues before the Court.

12. Documents sufficient to show Defendant Bergmair's visits to MindGeek's offices in Montreal.

    Response: This request is not the subject of Plaintiff's Second Motion to Compel and therefore is not subject to the Court's Order for supplemental briefing. Therefore, the MindGeek Entity Defendants decline to respond substantively to this request herein.

13. Documents and communications concerning the reasons for Messrs. Antoon and Tassillo's resignation



Response: This request is not the subject of Plaintiff's Second Motion to Compel and therefore not subject to the Court's Order for supplemental briefing. Therefore, the MindGeek Entity Defendants decline to respond substantively to this request herein.

14. Any documents not previously produced in Schedule 3.4(a) of the Purchase Agreement (see MindGeek_Fleites_00021768).

    Response: This is an overly broad request that has not been tied to any specific alter ego or personal jurisdiction factor. Moreover, this request has not been narrowly tailored as directed by the Court insofar as it seeks documents relating to ownership interests in Manwin Holding S.a.r.l. and other Manwin entities prior to the relevant period. Notwithstanding the foregoing, insofar as this request concerns interests held by Individual Defendants Antoon and Tassillo that were exchanged for interests in MindGeek S.a.r.l., please see the MindGeek Entity Defendants' response to Plaintiff's request no. 10.

15. The Hosting Agreement entered into between Neustar and Webexpansion Cyprus Limited on or about August 9, 2012, and any documents related thereto, including those pertaining to any payments made under the agreement, the scope of services provided, and the locations of any servers or related information technology infrastructure.

    Response: This request is not the subject of Plaintiff's Second Motion to Compel and therefore not subject to the Court's order for supplemental briefing. As discussed during our meet and confer, the first reference Plaintiff made to Neustar was in your letter dated March 13, 2023. The request is also overbroad insofar as documents concerning payments made under the requested agreement and technology infrastructure are not tied to any specific alter ego or personal jurisdiction factor. However, in the interests of cooperation and narrowing the issues in dispute, the MindGeek Entity Defendants have confirmed that there is an agreement with Neustar dated August 9, 2012, which concerns the provision of domain name servers. The MindGeek Entity Defendants agree to produce that agreement and amendments thereto, as well as the agreement with another provider of domain name servers that we learned of when inquiring about Neustar. In addition, consistent with the Court's prior Orders, the MindGeek Entity Defendants also agree to produce information in their possession, custody or control, if any, about the locations of the domain name servers.

16. All documents and communications concerning the policies, practices, and/or procedures for CSAM and non-consensual content.



March 21, 2023
Page 9

Response:   This request is not the subject of Plaintiff's Second Motion to Compel and therefore not subject to the Court's order for supplemental briefing.  However, as discussed our meet and confer, and as set forth in my letter to you dated March 16, 2023, the MindGeek Entity Defendants are willing to meet and confer further over this request.

Sincerely,

*Kathleen N. Massey*

Kathleen N. Massey