BENJAMIN M. SADUN (287533)
Benjamin.sadun@dechert.com
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*pro hac vice*)
Kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698-3599

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L; MG FREESITES,LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA, INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5,<br><br>Defendants. | Case No. 2:21-CV-04920-CJC-ADS<br><br>**DISCOVERY MATTER**<br><br>[Discovery document: referred to Magistrate Judge Autumn Spaeth]<br><br>**DECLARATION OF KATHLEEN N. MASSEY IN SUPPORT OF PLAINTIFF'S CIVIL LOCAL RULE 79-5.2.2 APPLICATION FOR LEAVE TO FILE UNDER SEAL** |

I, Kathleen N. Massey, do hereby declare and state as follows:

I am a Partner in the law firm Dechert LLP, attorneys of record for the MindGeek Entity Defendants in the above-captioned action. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto:

**1)** I make this declaration in support of Plaintiff's Application for Leave to File Under Seal Material Designated By Another Party As Confidential Pursuant To A Protective Order (Dkt No. 322) and pursuant to Local Rule 79-5.2.2(b)(1) and the Stipulated Protective Order entered by this Court on October 14, 2022 ("Protective Order") (Dkt. No. 187).

**2)** Exhibit 15 to the Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories (Dkt. No. 320) ("Joint Supplement"), is a memorandum prepared by Plaintiff's counsel purporting to capture the Parties' evolving representations and disclosures regarding outstanding discovery issues. The MindGeek Entity Defendants do not believe this document needs to remain under seal at this time.

**3)** Exhibit 16 to the Joint Supplement is a transcript of the Parties' March 16, 2023 meet and confer efforts. The document is marked "Confidential" and contains extensive discussions of sensitive non-public information about the MindGeek Entity Defendants' business operations including internal financial information, proprietary information, and trade secrets that were taken from documents marked "Confidential." Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**4)** Exhibit 17 to the Joint Supplement contains excerpts from the 2017 consolidated audited financial statements for MindGeek S.a.r.l. and the 2017 audited financial statement for MG Freesites Ltd. The full versions of these documents have been marked as "Confidential" by Defendants. The documents

1 contain non-public information about business operations including proprietary
2 information and trade secrets and therefore Defendants seek a sealing order to
3 maintain the documents' confidential designation pursuant to Civ. L.R. 79-
4 5.2.2(b)(2).

5 **5)** Exhibit A to the Joint Supplement is a true and correct copy of the
6 2014 consolidated audited financial statement for MindGeek S.a.r.l. The document
7 has been marked "Confidential" by Defendants. The document contains non-public
8 information about business operations including proprietary information and trade
9 secrets and therefore Defendants seek a sealing order to maintain its confidential
10 designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

11 **6)** Exhibit B to the Joint Supplement is a true and correct copy of the
12 2014 consolidated audited financial statement for MG Freesites Ltd. The document
13 has been marked "Confidential" by Defendants. The document contains non-public
14 information about business operations including proprietary information and trade
15 secrets and therefore Defendants seek a sealing order to maintain its confidential
16 designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

17 **7)** Exhibit C to the Joint Supplement is a true and correct copy of
18 exemplar corporate organizational charts and the 2013 Step Memo explaining the
19 2013 reorganization. The documents have been marked "Confidential" by
20 Defendants. The documents contain non-public information about business
21 operations including proprietary information and trade secrets and therefore
22 Defendants seek a sealing order to maintain the documents' confidential
23 designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

24 **8)** Exhibit D to the Joint Supplement is a true and correct copy of the
25 December 2014 financial reporting package for the full MindGeek group of
26 companies. The document has been marked "Confidential" by Defendants. The
27 document contains non-public information about business operations including
28 proprietary information and trade secrets and therefore Defendants seek a sealing

1  order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

2  **9)** Exhibit E to the Joint Supplement is a true and correct copy of the December 2014 financial reporting package showing the Profit & Loss Statements for Pornhub, YouPorn, Tube8, and RedTube. The document has been marked "Confidential" by Defendants. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**10)** Exhibit F to the Joint Supplement is a true and correct copy of a report from MindGeek's financial accounting system identifying the payors and recipients of dividends for each year from 2014 to 2020. The document has been marked "Confidential" by Defendants. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**11)** Exhibit G to the Joint Supplement is a true and correct copy of a report from MindGeek's financial accounting system identifying all compensation paid to the three former employee Individual Defendants from their former employer 9219-1568 Quebec Inc. The document has been marked "Confidential" by Defendants. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**12)** Exhibit H to the Joint Supplement is a true and correct copy of a report from MindGeek's financial accounting system identifying all dividend payments made by 9219-1568 Quebec Inc. to the three former employee Individual Defendants in respect of the Class B shares each of those individuals held in that entity. The document has been marked "Confidential" by Defendants. The document contains non-public information about business operations including

proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**13)** Exhibit I to the Joint Supplement is a true and correct copy of a report from the financial accounting system of all expense payments made to Individual Defendant Bergmair. The document has been marked "Confidential" by Defendants. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**14)** Exhibit J to the Joint Supplement is a true and correct copy of reports from the financial accounting system of all payments made to entities in which Defendants Antoon and Tassillo have ownership interests, for leased office space. The documents have been marked "Confidential" by Defendants. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**15)** Exhibit K to the Joint Supplement is a true and correct copy of the Flow of Funds Agreement (without execution pages) for the 2013 refinancing. The document has been marked "Confidential" by Defendants. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**16)** Exhibit L to the Joint Supplement is a true and correct copy of Articles of Incorporation, as amended, of 9219-1568 Quebec Inc. describing the attributes of Class B shares. The document has been marked "Confidential" by Defendants. The MindGeek Entity Defendants do not believe this document needs to remain under seal at this time.

**17)** Exhibit M to the Joint Supplement is a true and correct copy of an

excerpt from the 2019 Transfer Pricing Study for MG Freesites Ltd. The document has been marked "Confidential" by Defendants. The document contains non-public information about business operations including proprietary information and trade secrets and therefore Defendants seek a sealing order to maintain its confidential designation pursuant to Civ. L.R. 79-5.2.2(b)(2).

**18)** Exhibit N to the Joint Supplement is a true and correct copy of the March 13, 2023 letter sent from Michael Bowe, Esq. to Kathleen Massey, Esq. The MindGeek Entity Defendants do not believe this document needs to remain under seal at this time.

**19)** Exhibit O to the Joint Supplement is a true and correct copy of excerpts of the March 8, 2023 hearing before the Court. The MindGeek Entity Defendants do not believe this document needs to remain under seal at this time.

**20)** Exhibit P to the Joint Supplement is a true and correct copy of the March 21, 2023 letter sent from Kathleen Massey, Esq. to Michael Bowe, Esq. The MindGeek Entity Defendants do not believe this document needs to remain under seal at this time.

**21)** Exhibit Q to the Joint Supplement is a true and correct copy of the March 25, 2023 revised list of requests sent by Plaintiff to the MindGeek Entity Defendants. The MindGeek Entity Defendants do not believe this document needs to remain under seal at this time.

**22)** Defendant therefore requests that the Court seal the following documents, referenced above:

| **DOCUMENT** | **MATERIAL TO BE SEALED** | **DESIGNATING PARTY** |
|---|---|---|
| **DKT 320, Ex. 15,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's | None | MindGeek Entity Defendants |

| | | |
|---|---|---|
| First Request for Production of Documents and Interrogatories | | |
| **DKT 320, Ex. 16,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. 17,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. A,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. B,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |

| | | |
|---|---|---|
| **DKT 320, Ex. C,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. D,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. E,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. F,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. G,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' | Whole Document | MindGeek Entity Defendants |

| | | |
|---|---|---|
| Responses to Plaintiff's First Request for Production of Documents and Interrogatories | | |
| **DKT 320, Ex. H,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. I,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. J,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. K,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and | Whole Document | MindGeek Entity Defendants |

| | | |
|---|---|---|
| Interrogatories | | |
| **DKT 320, Ex. L,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | None | MindGeek Entity Defendants |
| **DKT 320, Ex. M,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | Whole Document | MindGeek Entity Defendants |
| **DKT 320, Ex. N,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | None | MindGeek Entity Defendants |
| **DKT 320, Ex. O,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | None | MindGeek Entity Defendants |
| **DKT 320, Ex. P,** Joint Supplement – Motion to Compel Defendant | None | MindGeek Entity Defendants |

| | | |
|---|---|---|
| MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | | |
| **DKT 320, Ex. Q,** Joint Supplement – Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's First Request for Production of Documents and Interrogatories | None | MindGeek Entity Defendants |

**23)** Plaintiff does not oppose the sealing of this limited information and has been aware since their date of production that Defendants are seeking to seal this limited confidential information.

**24)** The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to ensure that its records are not used ... as sources of business information that might harm a litigant's competitive standing." *Id.*

**25)** A party seeking to seal a judicial record must demonstrate a "compelling reason" for sealing the document. However, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *In re Elec. Arts, Inc.*, 2008 WL 4726222, at *1 (9th Cir. Oct. 28, 2008) (citing *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)).

**26)** The Ninth Circuit has adopted the Restatement's definition of trade

secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. B; *see also In re Elec. Arts, Inc.*, 2008 WL 4726222 (holding that pricing terms, royalty rates, and payment terms of a licensing agreement fell within the definition of "trade secrets" and met the "compelling reasons" standard).

    I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed this 4th day of April 2023, at New York, New York.

By:   /s/ *Kathleen N. Massey*