UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-04920 CJC (ADSx)                           Date: April 7, 2023

Title: *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT MINDGEEK ENTITIES' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION AND INTERROGATORIES (DKT. NO. 261)

## I. INTRODUCTION

Before the Court is Plaintiff Serena Fleites' ("Plaintiff") Second Motion to Compel Defendant MindGeek Entities' Responses to Plaintiff's Requests for Production and Interrogatories ("Motion"). (Dkt. No. 261.) Plaintiff seeks the production of documents and responses to interrogatories that Plaintiff asserts are relevant to jurisdictional discovery. The Court held a hearing on the Motion on March 8, 2023. (Dkt. No. 304.) At the hearing, the Court ordered the parties to meet and confer in order to narrow the scope of the discovery dispute, and to then file a Joint Supplement. (Id.)

The parties did so, and as a result, before the Court is a Joint Supplement to the Motion ("Joint Supplement) filed by Plaintiff and Defendants MindGeek S.A.R.L., MG Freesites Ltd., MindGeek USA Inc., MG Premium Ltd., MG Global Entertainment Inc., 9219-1568 Quebec, Inc. (hereinafter, "Defendants" or the "MindGeek Entity Defendants"). (Dkt. No. 320.) The Joint Supplement limited the number of disputes at issue in the Motion. The Court has reviewed the parties' briefing, and rules as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                                    Date:  April 7, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

## II.    LEGAL STANDARD

The parties dispute the proper scope of jurisdictional discovery.  Commentators have noted that this is a particularly thorny issue, given the "vague guidelines regarding the proper scope of jurisdictional discovery."  S.I. Strong, Jurisdictional Discovery in United States Federal Courts, 67 Wash. & Lee L. Rev. 489, 523 (2010); see also Grant D. King, Stephen L. Rossetti Jr., Pleading Stage Discovery: Charting A Roadmap for Jurisdictional Discovery, Fed. Law., September/October 2022, at 48 ("There is even less conformity regarding the scope of jurisdictional discovery than there is about whether it's allowed at all.").  As a consequence, "jurisdictional discovery has become extremely wide-ranging and comprehensive."  Strong, Jurisdictional Discovery, supra, at 536.

Case law supports the broad scope of jurisdictional discovery.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 2389 (1978) (addressing that the broad scope of discovery encompassed jurisdictional discovery); Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny [jurisdictional] discovery").  See also In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir.2008) ("A district court has wide latitude to determine the scope of discovery.").

However, the scope of jurisdictional discovery is still subject to limitations.  At the outset, jurisdictional discovery must comport with Fed. R. Civ. P. 26.  See Wang v. Wu, No. SA CV 16-84 GW (MRWx), 2016 WL 10957847, at *2 (C.D. Cal. Dec. 7, 2016) ("jurisdictional discovery requests must comply with the broad parameters of Federal Rule of Civil Procedure 26.").  Additionally, jurisdictional discovery requests must relate to jurisdictional questions; any request entirely divorced from jurisdiction is necessarily outside the scope of any jurisdictional discovery order.  See, e.g., Baker v. Wehinger, No. CV 18-05800 SJO (Ex), 2019 WL 6720990, at *8 (C.D. Cal. Mar. 20, 2019) ("documents pertaining only to the merits of a plaintiff's claims are beyond the scope of jurisdictional discovery."); Robin Singh Educ. Servs., Inc. v. Cepelinski, No. CV 20-7516 DSF (PVCx), 2021 WL 945243, at *8-*12 (C.D. Cal. Jan. 26, 2021) (denying multiple requests for jurisdictional discovery on the grounds they were "unnecessary to establish [personal jurisdiction].").  And finally, the district court's order that initiates jurisdictional discovery limits the universe of potentially relevant materials.  See, e.g., Id. at *8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                                   Date:  April 7, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

(limiting jurisdictional discovery requests to only those that were "consistent with the [district judge's] order").

In particular, the parties dispute the proper scope of alter ego-related jurisdictional discovery.  The Court notes that there is even less guidance on this subset of jurisdictional discovery compared to the scope of general jurisdictional discovery.  Commentators have noted that the scope of alter ego-related jurisdictional discovery is "not only quite broad, giving rise to extensive (and expensive) discovery, but [may] also go to the defendant's liability on the merits."  See Strong, Jurisdictional Discovery, supra, at 538.  Courts have found that there are no unique limitations upon alter ego-related jurisdictional discovery.  See, e.g., Willick v. Napoli Bern Ripka & Assocs., LLP, No. 2:15-cv-00652-AB (Ex), 2019 WL 3064120, at *6 (C.D. Cal. Mar. 13, 2019) ("the Court grants [p]laintiff's request to conduct limited jurisdictional discovery as to Plaintiff's alter ego liability theory.  *Plaintiff's discovery shall not be limited in any extent*, insofar as it seeks to support its prima facie case for its alter ego theory.") (emphasis added).

However, much like generic jurisdictional discovery, alter ego-related jurisdictional discovery is subject to similar limitations such as Fed. R. Civ. P. 26.  See, e.g., SelfHelpWorks.com, Inc. v. 1021018 Alberta Ltd., No. 10-CV-0172-JAH (BGS), 2010 WL 11684790, at *3 (S.D. Cal. Dec. 20, 2010) (denying party's request for all of opposing party's monthly bank account statements, pursuant to alter ego theory, on the grounds that it was "overbroad and seeks irrelevant information in relation to alter ego allegations"); Vizio, Inc. v. LeEco V. Ltd., No. SACV 17-01175-DOC (JDEx), 2018 WL 10742584, at *8 (C.D. Cal. Nov. 2, 2018) (noting that alter ego discovery is "necessarily broad in scope" but still limiting some requests on the grounds they were overbroad).

The Court notes that Judge Carney's order did not place any specific limitations on the scope of jurisdictional discovery, either as to specific personal jurisdiction or Plaintiff's alter ego theory.  Accordingly, the only limitations are those supplied by Fed. R. Civ. P. 26(b) and the jurisdictional topics identified by Judge Carney's order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                                                        Date:  April 7, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

### III. DISCUSSION

#### A. MG Freesites and MG Premium Expense Payments to Non-Consolidated Entities

Plaintiff requests the Court order the production of the following three sub-categories of documents:

1. Documents showing the payees for licensing and royalty expenses for MG Freesites and MG Premium listed on the financial statements and reporting packages produced in the action by the defendants for MG Freesites and MG Premium and their ultimate parent, MindGeek S.a.r.l.

2. Documents showing the payees for "website services" and "other expenses" for MG Freesites and MG Premium listed on the financial statements and reporting packages produced by the defendants for MG Freesites, MG Premium, and MindGeek S.a.r.l. to the extent such payees received $500,000 in a fiscal year.

3. Documents showing the payees for "management expenses" for MG Freesites and MG Premium identified on the financial statements and reporting packages produced by the defendants for MG Freesites, MG Premium, and MindGeek S.a.r.l.

(Dkt. No. 320 at 8-9.)  The Motion to Compel as to these categories is granted, with the limitation that Defendants need produce only those "Documents sufficient to show" each category of information.  The Court agrees with Plaintiff that these documents are relevant and proportional to the Court's jurisdictional analysis, specifically as to Judge Carney's request for information on whether money was being "bled out" of some MindGeek entities to others.  (Dkt. No. 167 at 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                                                    Date:  April 7, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

### B. Other Ownership Interests in the Consolidated MindGeek Entities

Plaintiff requests "the Court to Order production of documents identifying any additional ownership interests held in any of the consolidated MindGeek entities to the extent there are any." (Dkt. No. 320 at 10.) The Court denies this request as Plaintiff has not met her burden on the motion to compel. The Court finds "additional ownership interests" and "consolidated MindGeek entities" to be vague and ambiguous. It is unclear to the Court whether that encompasses various MindGeek entities who are not parties to this litigation. Moreover, the Court finds the request would be disproportional to the needs of the case.

### C. Evidence of Integration, Unity, and Comingling

Plaintiff requests "the Court Order the [MindGeek Entity Defendants] to produce documents sufficient to show from what bank accounts the expenses that are the subject of this submission were paid." (Id. at 12.) The Court grants this request. The Court agrees with Plaintiff that these documents are relevant to the Court's alter ego analysis and proportional to the needs of the case.

### D. The 2013 Financial Statements and Compensation

Plaintiff requests the Court order the production of the following two sub-categories of documents:

1. The 2013 financial statements and reporting packages for MindGeek S.a.r.l.

2. Updated charts of distributions and compensation paid to the individual defendants for 2013.

(Id. at 13.) The Court grants this request. As Plaintiff notes, Defendants have already produced similar information from 2014. (Id. at 12.) The Court finds that in light of the 2014 version of these materials being relevant, as well as the "deal docs" from 2013, so too would these requested 2013 documents be relevant. The Court takes note of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                               Date:  April 7, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

Defendants' argument that these documents would be outside the agreed-upon time range for productions, which begins in 2014. (Id. at 17, 27.) However, in light of Defendants' productions regarding the 2013 Management Buy-Out ("MBO") to date, the Court finds that a more complete production of documents surrounding the 2013 MBO is relevant to the Court's jurisdictional analysis.

### E. Timing of Production

The Court orders Defendants to complete their document production on or before April 21, 2023, or a date mutually agreed to by the parties. The Court also orders Defendants to complete their e-mail production on or before May 1, 2023, or a date mutually agreed to by the parties. The parties are also ordered to meet and confer regarding a short extension to complete discovery by no later than April 12, 2023.

Furthermore, the Court notes that Defendants agreed to produce certain documents and information over the course of the meet and confers following the March 8, 2023 hearing. Defendants are ordered to complete any productions pursuant to their representations during those discussions under the same deadlines described in the preceding paragraph.

**IT IS SO ORDERED.**

Initials of Clerk kh