BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>　　　　Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer:　Autumn D. Spaeth<br><br>**DECLARATION OF MICHELLE HART YEARY IN SUPPORT OF MINDGEEK S.A.R.L.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RELATED TO PLAINTIFF'S IMPROPER AND UNTIMELY NOTICE OF RULE 30(b)(6) DEPOSITION** |

1    I, Michelle Hart Yeary, do hereby declare and state as follows:

2    I am Counsel with the law firm Dechert LLP, attorneys of record for MindGeek S.a.r.l. in the above-captioned action. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto:

6    1.   I make this declaration in support of MindGeek S.a.r.l.'s Opposed Ex Parte Application For Protective Order Related To Plaintiff's Improper And Untimely Notice Of Rule 30(b)(6) Deposition.

9    2.   Plaintiff first served a 30(b)(6) deposition notice on MindGeek S.a.r.l. in this matter on August 23, 2022, identifying four topics on which she sought testimony. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Notice of Rule 30(b)(6) Deposition to Defendant MindGeek S.a.r.l. (Aug. 23, 2022).

13   3.   Counsel for Defendant spoke with Plaintiff's counsel by phone on September 9, 2022, and offered to bring the person most knowledgeable on those four topics, the Director of Corporate Finance for MG CY Holdings Ltd, Andreas Alkiviades Andreou, from Cyprus to New York for a deposition during the first two weeks of October 2022.

18   4.   Defense counsel followed up by e-mail on September 19, 2022, reiterating Defendant's proposal to hold the deposition during October. Attached hereto as Exhibit B is a true and correct copy of e-mail from Christopher Boisvert to Lauren Tabaksblat (Sept. 19, 2022).

22   5.   Plaintiff declined to schedule a deposition at that time and only recently raised the issue of scheduling it prior to the close of jurisdictional discovery.

24   6.   At no time since first serving her deposition notice on August 23, 2022 has Plaintiff suggested she would be seeking 30(b)(6) testimony on any topic other than those in the August 2022 notice.

27   7.   On the understanding that the deposition would be limited to those four topics, MindGeek S.a.r.l. agreed to produce Mr. Andreou as a 30(b)(6) witness in New

1  York City on June 2, 2023, and he is in New York City now to testify in his personal
2  capacity on June 1 and to testify as a corporate representative on June 2 pursuant to
3  notices sent on August 23, 2022.

4        8.    On May 25, 2023, Plaintiff served an almost completely new 30(b)(6)
5  notice listing **nineteen** topics with dozens of subparts. Attached hereto as Exhibit C
6  is a true and correct copy of Plaintiff's Notice of Rule 30(b)(6) Deposition to
7  Defendant MindGeek S.a.r.l. (May 25, 2023).

8        9.    At no time over the last ten months did Plaintiff indicate she would be
9  seeking a 30(b)(6) deposition on newly disclosed Topics 2-3, 5-16, or 18-19, most of
10 which do not relate to corporate structure or ownership and many of which are not
11 appropriately directed to Defendant or are wholly unrelated to jurisdictional
12 discovery.

13       10.    Defendant promptly objected the day after receiving the May 25 notice,
14 explaining that Plaintiff's new topics were untimely, that the notice was overbroad,
15 and that Mr. Andreou would limit his testimony to those topics that had been timely
16 disclosed. Attached hereto as Exhibit D is a true and correct copy of MindGeek
17 S.a.r.l.'s Objection to Plaintiff's Improper and Untimely Notice of Rule 30(b)(6)
18 Deposition (May 26, 2023).

19       11.    Plaintiff responded by e-mail on May 28, 2023, asserting that the topics
20 in the new notice "merely expound on the topics that were previously noticed" and
21 offered to "adjourn the deposition date to the week of 6/5." Attached hereto as Exhibit
22 E is a true and correct copy of e-mail from Lauren Tabaksblat to Michelle Yeary (May
23 28, 2023).

24       12.    Defendant responded that Plaintiff's characterization of the notice was
25 inaccurate, that Mr. Andreou had already traveled to the United States for the
26 deposition and had been prepared on the topics timely disclosed, and that his
27 testimony would be limited to those topics. Defendant also indicated that it would be
28

1  willing to "meet and confer [on May 30] for the limited purpose of determining if
2  there are any portions of plaintiff's newly served topics that are reasonably tailored
3  and that sufficiently overlap with the prior notice such that we would consider
4  allowing questioning."  Attached as Exhibit F is a true and correct copy of e-mail
5  from Michelle Yeary to Lauren Tabaksblat (May 29, 2023).

6    13.  Plaintiff responded to this e-mail by stating that they would move for
7  sanctions if Mr. Andreou was not prepared on all nineteen topics, including the sixteen
8  first disclosed on May 25, 2023.  Attached as Exhibit G is a true and correct copy of
9  e-mail from Lauren Tabaksblat to Michelle Yeary (May 29, 2023).

10    14.  Later on May 30, Defendant again e-mailed Plaintiff's counsel, stated
11  that Mr. Andreou would be prepared to testify as to topics 1; 2 (limited to
12  organizational charts); 4; 5 (limited to the factual bases for each claim in the
13  Declaration of Andreas Andreou); 7 (limited to the annual revenues, costs and
14  expenses, profits, and losses for each MindGeek Entity); 8 (limited to related party
15  transactions disclosed in the MindGeek Entities' financial statements); 12 (limited to
16  MindGeek's jurisdictional contacts with the US or California); and the identity of
17  persons likely to have knowledge of the foregoing topics; Defendant notified Plaintiff
18  that if she refused to withdraw the remaining topics Defendant would be forced to
19  seek a protective order.  Attached as Exhibit H is a true and correct copy of e-mail
20  from Kathleen Massey to Lauren Tabaksblat (May 30, 2023).

21    15.  Despite Defendant's attempted compromise set forth above, Plaintiff
22  responded that she "will not be withdrawing our notice as to any topics."  Attached
23  as Exhibit I is a true and correct copy of e-mail from Lauren Tabaksblat to Kathleen
24  Massey (May 30, 2023).

25  I declare under penalty of perjury under the laws of the United States that the
26  foregoing is true and correct.

27  Executed this 30th day of May at Cherry Hill, New Jersey.

28

1 | Respectfully submitted,
2 |
3 |    /s/   *Michelle Hart Yeary*
4 | Michelle Hart Yeary