# EXHIBIT C

Michael J. Bowe
(admitted pro hac vice)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted pro hac vice)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone:  (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES, <br><br> Plaintiff, <br><br> v. <br><br> MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5 <br><br> Defendants. | CASE NO.  2:21-CV-04920-CJC-ADS <br><br> Judicial Officer:   Cormac J. Carney <br> Courtroom: 9B <br><br> **PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION TO DEFENDANT MINDGEEK S.A.R.L.** |

1  PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules
2  of Civil Procedure, Plaintiff, by and through her counsel of record, will take the oral
3  deposition of Defendant MindGeek S.A.R.L., through one or more of their officers,
4  directors, or managing agents, or other persons who consent to testify on its behalf,
5  with regard to the matters set forth in the attached Schedule A. Plaintiff requests that
6  MindGeek S.A.R.L. identify, in writing, at least (7) days in advance of the deposition,
7  the person(s) designated to testify on its behalf, the job title of such person(s), and the
8  topic(s) on which each such person(s) will testify.
9  The deposition will commence on June 2, 2023 , at 9:30 a.m. (ET) at the offices
10 of Brown Rudnick LLP, 7 Times Square, New York, New York 10036, or at such
11 other time and place as may be agreed by counsel. The deposition will be taken before
12 a qualified notary public or other officer authorized by law to administer oaths, and
13 will continue from day-to-day, excluding weekends and holidays, until completed.
14 The testimony will be recorded stenographically and videotaped.

16 DATED: May 25, 2023            BROWN RUDNICK LLP

18                                 By: /s/    *Michael J. Bowe*
                                   MICHAEL J. BOWE (*pro hac vice*)
19                                 mbowe@brownrudnick.com
20                                 7 Times Square
                                   New York, NY 10036
21                                 Phone: (212) 209-4800
22                                 Fax: (212) 209-4801

                                   Attorneys for Plaintiffs

1
CASE NO. 21-CV-04920-CJC-ADS
**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION TO MINDGEEK S.A.R.L.**

SCHEDULE A

DEFINITIONS

Plaintiff, Serena Fleites, incorporates by reference the Definitions from *Plaintiff's First Requests for Production of Documents* to MindGeek S.A.R.L., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium Ltd., MG Global Entertainment Inc., and 9219-1568 QUEBEC, Inc. ("Defendants"), served August 23, 2022, as if set forth fully herein.

TOPICS

1. The identity of any past or present, direct, indirect, or beneficial owners, shareholders, limited or general partners, lenders, secured parties, or holders of any other economic interest in MindGeek.

2. The organizational charts, financial statements and records, financial reporting packages, transfer cost pricing analyses or other affiliate or related party transaction analyses, tax filings or advice, bank and investor presentations, transaction documents, shareholder agreements, corporate formation, governance, and other records, and Grant Thornton documents produced in this action.

3. Payments, compensation, distributions, dividends, services or any other thing of value provided to or received by any direct, indirect or beneficial owners, shareholders, limited partners, or holders of any other economic interest in MindGeek or their family; any contracts, documentation, or other information reflecting the rights and obligations pursuant to which such thing of value was provided and its calculation; the entities obligated to, and which actually provided any such thing of value; the source of any funds used to make or provide such things of value; the original, final, and any intermediary bank accounts from which those payments were sourced; and the categories, locations, and custodians of documents and information related to such topics.

4. The past or present corporate and ownership organization and structure of MindGeek, including the identities of all affiliated or related party entities,

corporations, limited partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities.

5. The factual bases for each claim in the Declaration of Andreas Andreou and the categories, locations, and custodians of documents and information related to such topics.

6. The roles of the Individual Defendants in MindGeek's policies, practices, procedures and business operations.

7. The annual revenues, costs and expenses, profits, and losses for each MindGeek Entity; how such revenues and profits were earned, used, distributed, and taxed; for what any such costs and expenses were incurred; the party to whom such costs and expenses were obligated to be paid, the source of any funds used to pay such costs and expenses; the original, final, and any intermediary bank accounts from which such cost or expense payments were sourced; and the categories, locations, and custodians of documents and information related to such topics.

8. Intercompany transactions and related party transactions that any MindGeek Entity or its affiliates engaged in; any contracts, documentation, or other information reflecting the rights and obligations pursuant to which such transactions took place; the calculation and its underlying basis for any consideration associated with such transactions; the source of any funds used to provide anything of value in such transactions; the original, final, and any intermediary bank accounts from which any associated payments or credits were sourced; and the categories, locations, and custodians of documents and information related to such topics.

9. Payments made by any MindGeek or any related party to BW Bulknet Ltd., Zoellik Corporation, Somerset Capital Limited, Bright Imperial Limited, NeuStar, Inc., Reflected Networks, Inc., Swiftwill, Inc., Amazon Web Services, Inc.,

Google Inc., any other entity or person paid for website operating expenses, or any other entity or person in which any individual defendant or their family had an ownership or economic interest; any contracts, transfer pricing analyses or other documentation establishing the basis upon which such payments were calculated; the source of any funds used to provide anything of value in such transactions; the original, final, and any intermediary bank accounts from which any associated payments or credits were sourced; and the categories, locations, and custodians of documents and information related to such topics.

10. The amounts paid to MG Ex-US Holding S.a.r.l., IP Licensing S.a.r.l., or any MindgGeek entity or related party in licensing, royalty, or equivalent fees; any contracts, documentation, or other information related to those payment amounts and the basis upon which they were calculated and made; the entity incurring those payment obligations; the contracts under which such obligations arose; the method and underlying basis used to calculate those amounts; the source of funds used to pay those amounts, including the original, final, and any intermediary bank accounts from which those funds were paid; and the categories, locations, and custodians of documents and information related to such topics.

11. All holders of any economic interest in Acaju Investments S.A., Coginvest S.A., Share Investments S.A., Cartwright II SARL, Bright Imperial Limited, and Somerset Capital Limited; the rights and economic interests of holders of such interests in those entities; any contracts, documentation, or other information reflecting the basis for such rights and interests and the valuation of any payments under those rights and interests; the entities obligated to, and which did make, any such payments; the method used to calculate any such payments; the source of funds used to make such payments, including the original, final, and any intermediary bank accounts from which those payments were sourced; and the categories, locations, and custodians of documents and information related to such topics.

12. MindGeek's and each of the Individual Defendants' past or present

jurisdictional contacts with the United States or California. These contacts would include but are not limited to, offices, residences, real estate, internet servers, data centers, or infrastructure located in these jurisdictions; people or entities that provided services or infrastructure, including payment processing, sales or resale, web or IT services or infrastructure, financial, political or media relations, or any agency services in these jurisdictions; revenues derived from, costs incurred from, taxes owed in these jurisdictions; any technology or web infrastructure or services located in these jurisdictions; and the categories, locations, and custodians of documents and information related to such topics, including the policies, practices, and procedures governing the preservation of documents and information

13. MindGeek's policies, manuals, practices, processes, and rules for moderating, monitoring, formatting, optimizing, filtering, reviewing, screening or removing content on its platform and websites; the individuals involved in setting, implementing, and reviewing those policies, manuals, processes, and rules practices; the implementation and compliance with same; the preservation, storage, and storage location of any content removed from MindGeek's platform and websites by MindGeek employees or personnel, and the categories, locations, and custodians of documents and information related to such topics, including the policies, practices, and procedures governing the preservation of documents and information

14. Internal or external review of MindGeek's content for CSAM, non-consensual, prohibited or illegal content.

15. The 2013 Management Buyout and related financing, the 2018 financing, and the reported 2023 sale of the MindGeek Defendants' business.

16. The moderation, optimization, dissemination, monetization, and removal of Ms. Fleites content on MindGeek's tubesites and all communications concerning the same.

17. The identity and location of persons likely to have knowledge of the foregoing topics.

5    CASE NO. 21-CV-04920-CJC-ADS

Plaintiff's Notice of rule 30(b)(6) Deposition to Mindgeek S.A.R.L.

18. MindGeek's document retention policies and practices; the steps taken to preserve documents and information potentially relevant to this or any other litigation or investigation; the steps taken to locate and produce documents and information in response to Plaintiff's document preservation letter and discovery requests or any other litigation or investigative preservation notice, subpoena, or information request; and documents and information responsive to those requests that once existed but no longer does and, if so, why.

19. The steps taken to remove all unverified content from MindGeek's internet platforms in or about December 2020.