# EXHIBIT D

BENJAMIN M. SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

Attorneys for Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-5618 QUEBEC INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>Defendants. | CASE NO. 2:21-CV-04920-CJC-ADS<br><br>Judicial Officer: Autumn D. Spaeth<br><br>**MINDGEEK S.A.R.L.'S OBJECTION TO PLAINTIFF'S IMPROPER AND UNTIMELY NOTICE OF RULE 30(b)(6) DEPOSITION** |

Defendant MindGeek S.a.r.l. ("MindGeek S.a.r.l." or "Defendant") objects to Plaintiff's Rule 30(b)(6) deposition notice served on May 25, 2023 as untimely and impermissibly broad. Plaintiff first served a 30(b)(6) deposition notice on MindGeek S.a.r.l. in this matter on August 23, 2022. That notice requested a witness on the following topics:

> 1. The identity of any past or present, direct, indirect, or beneficial owners, shareholders, limited or general partners, lenders, secured parties, or holders of any other economic interest in MindGeek.
>
> 2. The past or present corporate and ownership organization and structure of MindGeek, including the identities of all affiliated or related party entities, corporations, limited partnerships, limited liability companies, partnerships, or other entities; the nature of the direct, indirect or beneficial ownership or other interests held by any such person, entity, or organization; and the owners, members, directors, managers, lenders, secured parties, general or limited partners, executives, and outside law firms and accountants of such entities.
>
> 3. The identity and location of other persons likely to have knowledge of the foregoing topics.
>
> 4. The identity and location of documents and things pertaining to the foregoing topics.

MindGeek S.a.r.l. did not object to that notice. To the contrary and in accordance with Rule 30(b)(6) meet and confer obligations, counsel for Defendant reached out and conferred in good faith with Plaintiff's counsel by phone on September 9, 2022 and offered to bring the person most knowledgeable on those topics from Cyprus to New York for a deposition during the first two weeks of October 2022. Defense counsel followed up by e-mail on September 19, 2022 reiterating Defendant's proposal to hold the deposition during October. Plaintiff declined to schedule a deposition at that time. On May 15, 2023, having received no communication from Plaintiff about scheduling depositions, counsel for Defendant again offered to bring

the person most knowledgeable on those topics, specifically referencing the August 23, 2022 deposition notice, internationally from Cyprus to New York for a deposition on June 1 or 2, 2023 at Dechert LLP's office.  On May 17, 2023, Plaintiff accepted June 2, 2023 as the date for the 30(b)(6) deposition and stated she "will be serving a revised notice and will do so this week."  At no time since first serving her deposition notice on August 23, 2022 has Plaintiff suggested they would be seeking 30(b)(6) testimony on any topic other than the noticed four listed above.

One week before the scheduled deposition, and with only three weeks remaining in the jurisdictional discovery period, Plaintiff has now served an almost completely new 30(b)(6) notice listing **nineteen** topics, sixteen of which had never once been previously disclosed as topics for a 30(b)(6) witness, despite months for Plaintiff to do so.  At no time over the last ten months did Plaintiff indicate she would be seeking a 30(b)(6) on newly disclosed Topics 2-3, 5-16, or 18-19.  This is contrary to Rule 30(b)(1), which requires that "**reasonable** written notice" be provided to every party to the case.  Rule 30(b)(6) further requires that the notice "describe with reasonable particularity the matters for examination" and that "the serving party and the organization must confer in good faith **about the matters for examination**."  Fed. R. Civ. P. 30(b)(6); *see also Los Angeles Unified School District v. S&W Atlas Iron & Metal Co., Inc.*, 2022 WL 423412, *1 (C.D. Cal. Jan. 26, 2022).  Plaintiff's Notice fails on each front.

As a threshold issue, even if Plaintiff had served her new 30(b)(6) deposition notice sooner, the notice is still improper because it is impermissibly broad as a general matter, but particularly for jurisdictional discovery.  *See, e.g.*, *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, *10 (C.D. Cal. Oct. 26, 2016) (granting motion for protection order as to 30(b)(6) deposition notice where "[t]he breadth of the Topics in Plaintiff's 30(b)(6) Notice, considered collectively, would make witness preparation a nearly impossible task.").  "[A]ny party suing a corporate entity must

implement a discovery strategy that will provide it with the evidence it needs in a manner suited to the scope of the information requested and in a form that the corporation is reasonably able to provide." *Id.* at *8. "A 30(b)(6) deposition is not intended to be the only method to obtain evidence on every aspect of the case, particularly when the case is large and complex, as here." *Id.* "[R]ecognizing that not every disputed fact or issue can or should be the subject of a 30(b)(6) deposition is simply to acknowledge the limits of human memory and of the usefulness of oral testimony." *Id.* While some of the topics listed in Plaintiff's notice could potentially be the proper subject of 30(b)(6) testimony had they been noticed in a timely fashion, many of these topics have already been the subject of voluminous document discovery and would be better directed toward fact witnesses (including the Individual Defendants who are already scheduled to be deposed), rather than corporate representatives.

      The topics are also so broad and varied such that one corporate representative of Defendant is unlikely to be able to testify as to each topic, and at this late juncture no potential witnesses have time to become fully versed on all relevant issues. Disclosing sixteen brand new and overly broad 30(b)(6) topics three weeks prior to the end of jurisdictional discovery simply does not afford Defendant with reasonable time to select and effectively prepare one or several 30(b)(6) deponents on such new and overbroad topics in jurisdictional discovery; let alone in the week being demanded by Plaintiff. "The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process." *Valdez v. Leeds*, 2019 WL 316818, *1 (E.D. Cal. Jan. 24, 2019) (citation omitted). "A deposition taken pursuant to Rule 30(b)(6) requires a corporation to designate knowledgeable persons and to prepare them to fully and unevasively answer questions about the designated subject matter." *Matthys v. Barrick Gold of North America, Inc.*, 2021 WL 3604834, *2 (D. Nev. Aug. 13, 2021). To do so, the respondent must know what information is the subject of the testimony,

and have time to prepare witnesses informed on those topic. To emphasize and enable those goals, Rule 30(b)(6) was amended in 2020 to require parties to meet and confer on the scope and nature of the testimony requested. This process is necessary so that the responding party can determine the individual (or individuals) best qualified to speak on behalf of the relevant corporate entity. "Candid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination, and enable the organization to designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements." 2020 Adv. Comm. Note to Fed. R. Civ. P. 30(b)(6). In spite of Defendant's previous efforts, Plaintiff's eleventh-hour Notice renders any meaningful exchange and proper preparation impossible and is in direct contravention of the federal rule. Moreover, there is simply no good faith basis for Plaintiff's delay; each of these topics has been the subject of extensive discovery efforts over the last ten months. Plaintiff cannot credibly argue that they only recently discovered a (perceived) need for the newly requested corporate testimony.

For the foregoing reasons, Defendant will provide a 30(b)(6) witness to testify on June 2, 2023 as to the four topics timely disclosed in the August 23, 2023 notice as previously agreed. That witness will not answer questions on topics that were first noticed on May 25, 2023 because that notice is untimely and there is not sufficient time to prepare a witness or witnesses on those subjects. Defendant further expressly reserves the right to object to the substance of each of the particular topics first disclosed on May 25, 2023.

DATED: May 26, 2023

/s/   *Kathleen N. Massey*
KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
DECHERT LLP
Three Bryant Park

4

CASE NO. 8:21-CV-00338
**MINDGEEK S.A.R.L.'S OBJECTION TO PLAINTIFF'S IMPROPER AND UNTIMELY NOTICE OF RULE 30(B)(6) DEPOSITION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599
*Attorneys for MindGeek S.a.r.l.*