UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  2:21-04920 CJC (ADSx)                           Date:  June 1, 2023

Title:  _Serena Fleites et al. v. MindGeek S.A.R.L. et al._

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  **(IN CHAMBERS) ORDER GRANTING IN PART DEFENDANT MINDGEEK S.A.R.L.'S EX PARTE APPLICATION FOR PROTECTIVE ORDER (DKT. NO. 347)**

### I.   INTRODUCTION

Before the Court is defendant MindGeek S.a.r.l.'s ("Defendant") ex parte application for a protective order ("Application").  (Dkt. No. 347.)  The protective order relates to an amended Fed. R. Civ. P. 30(b)(6) deposition notice ("amended notice") that plaintiff Serena Fleites ("Plaintiff") served on Defendant on May 25, 2023.  The amended notice relates to a 30(b)(6) deposition that is scheduled to take place on June 2, 2023.  (Dkt. No. 347 at 1.)  The amended notice includes nineteen topics, compared to the original notice's four topics.  (Dkt. Nos. 347-3, 347-5.)  Plaintiff timely filed an Opposition to Defendant's Application.  (Dkt. No. 348.)  The Court has reviewed the parties' briefing, and rules as follows:

### II.   LEGAL STANDARD

Ex parte applications are solely for extraordinary relief and should be used with discretion.  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995); see also Local Rule 37-3 (to be heard on an ex parte basis, the moving party must show "irreparable injury or prejudice not attributable to the lack of diligence of the moving party").  In order to justify ex parte relief, the moving party must satisfy two criteria:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                    Date:  June 1, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

Mission Power, 883 F. Supp. at 492.

Fed. R. Civ. P. 30(b)(1) requires that "a party who wants to depose a person … must give reasonable written notice." Fed. R. Civ. P. 26(c)(1) permits courts to enter protective orders "for good cause." The party seeking protection bears the burden of showing good cause, that is, specific prejudice or harm that will result if no protective order is granted. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

### III. DISCUSSION

#### A. Ex Parte Relief is Appropriate

As outlined above, Defendant must meet two criteria in order to be entitled to ex parte relief. The Court finds that both criteria have been satisfied. First, Defendant has shown that its cause will be irreparably prejudiced if a motion for a protective order is heard on a normal schedule. Defendant received notice of the new topics on May 25, 2023. The 30(b)(6) deposition is scheduled for tomorrow on June 2, 2023. Therefore, Defendant could not have filed a motion for a regularly noticed hearing on the issue, as the deposition would have already occurred before any possibility of obtaining the relief Defendant seeks. See Local Rule 37.3.

Second, Defendant has shown that it was without fault in creating the current crisis. The amended notice was not provided in enough time to allow Defendant to bring a regularly noticed motion under Local Rule 37-1. Defendant, through no fault of its own, was forced to seek ex parte relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-04920 CJC (ADSx)                                          Date:  June 1, 2023

Title:  *Serena Fleites et al. v. MindGeek S.A.R.L. et al.*

### B.     Plaintiff Did Not Timely Notice the New 30(b)(6) Topics

The parties dispute whether Plaintiff provided reasonable notice for the new 30(b)(6) topics in the amended notice.  Plaintiff served the amended notice on May 25, 2023, for a deposition scheduled on June 2, 2023.  (Dkt. No. 347 at 1.)  This provided eight days' notice, including a national holiday.  Ten business days is often considered to be reasonable notice.  See Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008).  Based on the scope of the topics in the amended notice, the Court finds that sufficient notice was not provided.  See Holloway v. 3M Co., No. EDCV19-708-JAK (KKx), 2019 WL 7172600, at *24 (C.D. Cal. Oct. 31, 2019) (finding that "nine days' notice is not reasonable for a Rule 30(b)(6) deposition" where 30(b)(6) notice included numerous matters for examination).  Defendant would be prejudiced from having too little time to prepare a deponent on the new topics.  Therefore, Defendant has shown good cause for the Court to enter a protective order.

### IV.    CONCLUSION

For the above reasons, Defendant's ex parte application is granted. (Dkt. No. 347.)  The deposition of Defendant's corporate representative will take place on June 2, 2023, and be limited to the following topics identified in Plaintiff's May 25, 2023 deposition notice: 1; 2 (limited to organizational charts); 4; 5 (limited to the factual bases for each claim in the Declaration of Andreas Andreou); 7 (limited to the annual revenues, costs and expenses, profits, and losses for each MindGeek Entity); 8 (limited to related party transactions disclosed in the MindGeek Entities' financial statements); and 12 (limited to MindGeek's jurisdictional contacts with the US or California), as well as the identity of persons likely to have knowledge of those topics.

**IT IS SO ORDERED.**

Initials of Clerk kh