1   Michael J. Bowe
    (admitted *pro hac vice*)
2   mbowe@brownrudnick.com
    Lauren Tabaksblat
3   (admitted *pro hac vice*)
    ltabaksblat@brownrudnick.com
4   **BROWN RUDNICK LLP**
    7 Times Square
5   New York, NY 10036
    Telephone:   (212) 209-4800
6   Facsimile:   (212) 209-4801

    David M. Stein (#198256)
    dstein@brownrudnick.com
    **BROWN RUDNICK LLP**
    2211 Michelson Drive, 7th Floor
    Irvine, California  92612
    Phone: 949.752.7100
    Fax:   949.252.1514

7   Attorneys for Plaintiff

8                 UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
                  SOUTHERN DIVISION
10

11   SERENA FLEITES,                      **CASE NO. 2:21-CV-04920-CJC-ADS**

12              Plaintiff,

13        v.                              **DISCOVERY DOCUMENT:**
                                          **REFERRED TO MAGISTRATE**
                                          **JUDGE AUTUMN D. SPAETH**
14   MINDGEEK S.A.R.L.; MG
     FREESITES, LTD; MINDGEEK            **PLAINTIFF'S OPPOSED *EX PARTE***
15   USA INCORPORATED; MG                **APPLICATION TO SHORTEN TIME**
     PREMIUM LTD.; MG GLOBAL             **ON MOTION TO COMPEL**
16   ENTERTAINMENT INC.; 9219-           **DEFENDANTS' BUY-OUT**
     1568 QUEBEC, INC.; BERND            **AGREEMENTS**
17   BERGMAIR; FERAS ANTOON;
     DAVID TASSILLO; COREY
18   URMAN; VISA INC.; COLBECK           Jurisdictional Discovery Cutoff:
     CAPITAL DOES 1-5;                    June 16, 2023
19   BERGMAIR DOES 1-5

20              Defendants.

21

22

23

24

25

26

27

28

## **INTRODUCTION**

Plaintiff just learned, for the first time during the individual defendants' depositions on June 14, 15, and 16, that defendants sold their economic interests in MindGeek and that there are agreements specifying the terms of those buy-outs, including that ███████████████████████████████████████ ██████. The parties conferred several times at (and after) those depositions, but defendants do not agree to produce these agreements. Plaintiff, therefore, brings this *ex parte* application to shorten time on a motion to compel Defendants Antoon, Bergmair, and Tassillo to produce copies of their respective buy-out agreements. Plaintiff also asks to compel a limited, further deposition of Defendant Bergmair because he was instructed not to answer any questions on these topics at his deposition.

This information is highly relevant because it goes to bias and the credibility of the individual defendants, and it is directly responsive to Judge Carney's concerns over who owns Pornhub (a MindGeek website) and the ability of the named entities to satisfy any potential judgment. *See* Dkt. # 167 at 3-5.

Plaintiff did not cause the need for this relief, as the existence of these agreements (and their potential contents) was not known until the last days of jurisdictional discovery. The information is covered by discovery requests, but it was not identified or produced, so Plaintiff could not have sought relief earlier.

Because this issue first arose so late in the process, Plaintiff wants to get it before the Court as quickly as possible. Defendants were not willing to use the Court's informal discovery process. They also would not agree to expedited briefing. Plaintiff provided notice of intent to seek *ex parte* relief on June 21, and the parties conferred again on June 26 trying to reach agreement, but defendants are opposed to this relief. Plaintiff seeks an expedited briefing schedule on the underlying motion to compel to avoid further delay in the jurisdictional discovery phase of this case. Plaintiff also seeks leave of Court to bring this after the cut-off,

1    as well as to raise it by motion (instead of the typical discovery joint stipulation)

2    because the latter would delay Plaintiff's ability to notify the Court about this issue.

3                                    **LEGAL STANDARDS**

4           *Ex parte* applications are solely for extraordinary relief and should be used

5    with discretion.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488,

6    490 (C.D. Cal. 1995).  To obtain *ex parte* relief, the moving party must satisfy two

7    criteria: (1) the moving party must establish its cause will be irreparably prejudiced

8    if the underlying motion is heard according to regular noticed motion procedures;

9    and (2) the moving party must show it is without fault in creating the need for

10   *ex parte* relief.  *Mission Power*, 883 F. Supp. at 492.  Plaintiff satisfies both here.

11                                    **ARGUMENT**

12   **I.    *EX PARTE* RELIEF IS APPROPRIATE BECAUSE PLAINTIFF**

13            **WILL BE IRREPARABLY HARMED BY FURTHER DELAY**

14          Plaintiff seeks *ex parte* relief to have her motion to compel heard on

15   shortened time.  Jurisdictional discovery has closed, and Plaintiff endeavors to

16   amend her complaint as soon as possible.  The requested information is a key part of

17   that exercise.  Defendants' delay in producing these documents is sufficient grounds

18   for *ex parte* relief.  *See, e.g., Khan v. Allstate Northbrook Indem. Co.*, Case No. 19-

19   cv-5726-PSG (PLAx), 2020 WL 8300139, at *2 (C.D. Cal. Dec. 1, 2020) (granting

20   *ex parte* relief regarding production of documents based on non-moving party's

21   improper delay); *see also Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 512-13 (C.D.

22   Cal. 2019) (granting party's motion to compel, which "was presented to the Court in

23   the form of an ex parte application instead of a Joint Stipulation as required by C.D.

24   Cal. Local Rule 37-2").

25          Plaintiff will be irreparably harmed if Defendants do not produce their

26   respective buy-out agreements and if Mr. Bergmair is not ordered to appear for a

27   continued deposition to answer questions about his agreement.  The substance of the

28   Defendants' buy-out agreements is critical to understanding Pornhub's ownership,

1 to addressing this Court's concerns about a judgment against insolvent or

2 undercapitalized entities, and to identifying the scope of Defendants' bias and

3 credibility underlying their testimony. *See* Dkt. 167 at 4-5.

4      Despite Plaintiff's vigorous pursuit of jurisdictional discovery, including that

5 pertaining to the Individual Defendants' direct and indirect economic interests in the

6 MindGeek Entities, Defendants revealed, for the first time at the end of

7 jurisdictional discovery that the Individual Defendants have a ████████████

8 ████████████████████████████████████████████████████. It

9 also remains unclear whether the purported purchasing party, Ethical Capital

10 Partners, is now responsible for the satisfaction of any judgments that may result

11 from this litigation (and perhaps should be a named party).

12      If this motion is heard on the regular timing in L.R. 37-1, it could take at least

13 a month and perhaps longer to resolve it.  Even then, if Plaintiff is successful in

14 seeking relief, the end is not near, as Defendants will take additional time to produce

15 the required documents, and still more time will be required to conduct any further

16 deposition of Mr. Bergmair.

17      Therefore, Plaintiff respectfully asks the Court to grant this *ex parte*

18 application and expedite the briefing on the underlying motion to compel as follows:

19      Plaintiff's motion is deemed filed upon the granting of this application.

20 Defendants shall have 7 days from that date to file their oppositions, and Plaintiff

21 shall have 3 days to file any reply briefs.  The matter could then be heard at the

22 Court's earliest convenience after that.

23 **II.    PLAINTIFF DID NOT CAUSE THE NEED FOR *EX PARTE***

24           **RELIEF**

25      Plaintiff is without fault in creating the need for this relief.  Plaintiff just

26 learned about these agreements and that there are terms that provide economic

27 incentives to the individual defendants ████████████████████.

28 Defendants did not identify these agreements or allow witnesses to testify fully

3

about these issues at their recent depositions.  Plaintiff could not have sought relief earlier.

On May 15, 2023, Plaintiff served Defendants Bergmair, Antoon, and Tassillo with requests to produce the "contracts, agreements, and related documents and records of payments or transfer of interests related to the" sale; the Defendants had until June 15 to respond.  During the intervening period between May 15 and June 15, Plaintiff deposed the Defendants and sought information pertaining to the reported March 2023 sale and the Defendants' related economic interests.  During his deposition on June 15, Defendant Bergmair was improperly instructed not to answer questions regarding the terms of his alleged buy-out.  Doyle Decl. ¶ 5, Exh. 6 (Bergmair. Dep. Tr. at 347-348; 351-352).  Defendants Antoon and Tassillo were similarly instructed not to answer questions, but they ultimately relented only to then provide conflicting and incomplete accounts of the terms of the agreements.  Doyle Decl. ¶ 3, Exh. 4 (Tassillo Dep. Tr. at 19: 15-23); ¶ 4, Exh. 5 (Antoon  Dep. Tr. at 395: 15-25; 396: 2-20).  This conflicting testimony creates the need to see the actual agreements; there is no better source for determining what the agreements provide than the agreements themselves.

## **CONCLUSION**

*Ex parte* relief in the form of expedited briefing on Plaintiff's motion to compel is warranted in light of the sudden change of MindGeek's ownership in the midst of jurisdictional discovery, and Defendants' delay in identifying or producing this highly relevant material, which bears on the current ownership of

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CASE NO. 21-CV-4920-CJC-ADS

**PLAINTIFF'S OPPOSED *EX PARTE* APPLICATION**

1  Pornhub/MindGeek and the bias/prejudice of the named defendants in providing

2  their testimony, even on jurisdictional issues.

3

4  Dated: June 29, 2023                    Respectfully Submitted

5                                          **BROWN RUDNICK LLP**

6

7                                          By:   s/ Michael J. Bowe

8                                          Michael J. Bowe (*pro hac vice*)
                                           mbowe@brownrudnick.com
9                                          Lauren Tabaksblat
10                                         (*pro hac vice*)
                                           ltabaksblat@brownrudnick.com
11                                         7 Times Square
12                                         New York, NY 10036
                                           Phone: (212) 209-4800
13                                         Fax:    (212) 209-4801

14

15                                         David M. Stein (#198256)
                                           dstein@brownrudnick.com
16                                         2211 Michelson Drive, 7th Floor
17                                         Irvine, California  92612
                                           Phone: 949.752.7100
18                                         Fax:    949.252.1514

19

20                                         Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSED *EX PARTE* APPLICATION**