# Exhibit 1

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Tel.: (213) 892-5200; Fax: (213) 892-5454

RONALD G. WHITE (admitted *pro hac vice*)
RWhite@wmhlaw.com
Walden Macht & Haran LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2387; Fax: (212) 335-2040

*Attorneys for Defendant Bernd Bergmair*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br><br>    vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD., a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>        Defendants. | Case No. 2:21-cv-4920-CJC-ADS<br><br>**DEFENDANT BERND BERGMAIR'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

1

**REQUEST FOR PRODUCTION NO. 59:**

All documents identifying and describing all holders of any economic interest in Acaju Investments S.A., Coginvest S.A., Share Investments S.A., Cartwright II SARL, Bright Imperial Limited, and Somerset Capital Limited and the rights and economic interests of holders of such interests in those entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Mr. Bergmair objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Request because discovery regarding these entities' affairs is unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

**REQUEST FOR PRODUCTION NO. 60:**

All contracts, agreements, and related documents and records of payments or transfer of interests related to the reported 2023 sale of the MindGeek Defendants' business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Mr. Bergmair objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Bergmair further objects to this Request because

it seeks documents regarding events after June 2020 which are outside the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 61:**

All documents concerning any MindGeek entity or personnel paying personal expenses or providing personal services for non-MindGeek related business and personal items of Feras Antoon and/or David Tassillo and their families.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Mr. Bergmair objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Request to the extent it seeks documents regarding "MindGeek personnel unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair refers Plaintiff to MindGeek for documents as the Request relates to actions allegedly taken by "MindGeek entity or personnel" with respect to other individuals, not Mr. Bergmair.

**REQUEST FOR PRODUCTION NO. 62:**

All documents (including financial and accounting statements and tax documents) received from MindGeek or filed with any tax authority or regulatory authority reflecting monies or other things of value You received, directly, beneficially, or indirectly, or otherwise, from any MindGeek entities (including RT

Holding S.a.r.l. and its subsidiaries) or business, including salaries, dividends, distributions, equity, loans, debt, notes, or payment in-kind.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Mr. Bergmair objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Request to the extent it seeks documents unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Bergmair further objects to this Request because it seeks documents which were the subject of a previous document request from Plaintiff and Mr. Bergmair has produced the documents required by the Court order regarding the request.  April 28, 2023 Order (ECF No. 343) (ordering production of documents regarding Plaintiff's request for "documents reflecting all monies … received from any MindGeek related entity").

Dated:  June 15, 2023

WALDEN MACHT & HARAN LLP

By: _/s/ Ronald G. White_
     Ronald G. White

*Attorneys for Defendant Bernd Bergmair*

# CERTIFICATE OF SERVICE

I, Ronald G. White, hereby certify that on June 15, 2023, I caused the foregoing Defendant Bernd Bergmair's Responses to Plaintiff's Second Request for Production of Documents to be served by email on counsel of record.

                                         */s/ Ronald G. White*
                                         Ronald G. White