Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:   (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Phone: 949.752.7100
Fax:     949.252.1514

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>     Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5<br><br>     Defendants. | **CASE NO. 2:21-CV-04920-CJC-ADS**<br><br>**DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH**<br><br>**[PROPOSED] NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS' BUY-OUT AGREEMENTS**<br><br>Jurisdictional Discovery Cutoff: June 16, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, as soon hereafter as the matter may be heard, in the courtroom of the Honorable Autumn D. Spaeth, located at the Ronald Reagan Federal Building and United States Courthouse, Courtroom 6B, 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff Serena Fleites will move the Court for an Order compelling Defendants Bergmair, Tassillo, and Antoon to produce their respective buy-out agreements and to compel Defendant Bergmair to appear for continued deposition testimony relating to these issues.

Plaintiff brings this motion pursuant to Federal Rules of Civil Procedure 26, 30, 34 and 37; Local Rules 7-19 and 37; and this Court's July 2018 Standing Orders on Discovery Disputes.

In accordance with L.R. 7-3, 7-19.1, and 37-1, counsel for Plaintiff notified the Defendants of her intent to move *ex parte* for the requested relief, and the parties subsequently conferred by e-mail on June 21 and June 26, 2023, and telephonically on June 23, 2023, before filing this motion. Defendants oppose the requested relief.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authority, the pleadings and papers on file in this action, and on such other evidence as may be submitted to the Court. A proposed Order accompanies this application.

Dated: June 29, 2023                    Respectfully Submitted

                                                **BROWN RUDNICK LLP**

                                                By:  s/ Michael J. Bowe

Michael J. Bowe (*pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*pro hac vice*)
ltabaksblat@brownrudnick.com

1                    CASE NO. 21-CV-04920-CJC-ADS
[PROPOSED] NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS' BUY-OUT AGREEMENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7 Times Square
New York, NY 10036
Phone:  212.209.4800
Fax:     212.209.4801

David M. Stein (#198256)
dstein@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Phone: 949.752.7100
Fax:  949.252.1514

Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On March 17, 2023, MindGeek announced the sale of its company, including its subsidiary Pornhub (which is central to the issues in this case), to a private equity firm, Ethical Capital Partners. In response, Plaintiff served a Second Request for Production on the Defendants, which called for production of the purchase agreement and sales agreement ("PSA") and related documents and records of payments or transfers of interests. On June 15, 2023 -- one day before the close of jurisdictional discovery, defendants served their Responses and Objections to Plaintiff's Second Request for Production, refusing to produce the PSA or any other information related to the terms of the sale and their transfer of their ownership interests on the grounds that such information is irrelevant and untimely in light of the jurisdictional discovery cut-off. Defendants are wrong on both counts.

First, the terms of the PSA are highly relevant to the Court's jurisdictional and alter ego analyses, including specifically the threshold questions posed by Judge Carney in his July 29, 2022 Order directing jurisdictional discovery: "who owns Pornhub and the other MindGeek websites that hosted Plaintiff's videos," which individuals exercise ultimate control over the MindGeek Defendants, and who are the proper parties in the event a judgment is entered in this action. Dkt. # 167 at 3-5.

Second, during their recent depositions, plaintiff learned, for the first time, the PSA ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Although defendants Antoon and Tassillo were initially instructed not to answer questions regarding the terms of the PSA and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ during their depositions, they ultimately relented in part, only to provide incomplete and conflicting accounts of the terms of the agreements. Mr. Bergmair was directed not

to answer at all. These ▓▓▓▓▓▓▓ are directly relevant to the credibility of the witnesses and potential bias in their testimony. The best evidence of what is in these agreements is the PSA itself. The PSA is uniquely in defendants' possession, and its production is covered by timely served discovery requests within the jurisdictional discovery period.

After nearly a year of contentious litigation and discovery disputes, the parties have completed discovery. The only question unanswered by that discovery is the threshold question posed by Judge Carney: "who owns Pornhub." That question lies in the PSA that defendants have refused to produce.

Accordingly, Plaintiff respectfully requests an Order compelling the MindGeek Entities and individual defendants to produce the PSA. Plaintiff also seeks to re-open the deposition of Mr. Bergmair since he refused to answer any questions concerning the sale of his 59% interest in MindGeek and any conditions imposed by that sale.

## ARGUMENT

### I.  DEFENDANTS' OWNERSHIP INTERESTS AND THE FLOW OF MINDGEEK'S FUNDS ARE JURISDICTIONALLY RELEVANT

The terms of Defendants' buy-out agreements are critical to understanding MindGeek's ownership, to addressing this Court's concerns regarding enforcing a judgment against insolvent or undercapitalized entities (*see* Dkt. # 167 at 4-5), and to identify bias in Defendants' testimony. Each of the Defendants has said ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in MindGeek, but their incomplete and conflicting deposition testimony ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓, the specifics of which are reflected in their buy-out agreements that are uniquely within defendants' possession, and which plaintiff timely asked for and defendants refused to disclose. Doyle Decl. ¶ 2 , Exh. 1 (Bergmair Response to RFP No. 60); Exh. 2, (Antoon Response to RFP No. 60); Exh. 3(Tassillo Response to RFP No. 60). Defendant Tassillo made clear that ▓▓▓

1 ███████████████████████████████████████████
2 ████████ Doyle Decl. ¶ 3, Exh. 4 (Tassillo Dep. Tr. at 16: 14-22).
3     Although Judge Carney directed the parties to take jurisdictional discovery
4 concerning who owns MindGeek's subsidiary, Pornhub, it remains a mystery who
5 now owns the company. Despite Defendants' sworn testimony ████████████
6 ████████████████████████████ Defendant Tassillo ████████
7 ███████████████████████████████████████████
8 ███████████████████████████████████████████
9 █████████████████████████████████████
10 ██████████████████████████████████████████
11 Even more confusing was his response to the question █████████████
12 ███████████████████████████████████████████
13 ███████████████████████████████████████████
14 ██████████████████
15     Defendant Antoon was similarly unable to provide specific details of the
16 agreement. Even the simplest of questions ████████████████████████
17 ███████████████████████████████████████████
18 ██████████████████████████
19     To the extent any responses were provided at deposition to questions
20 pertaining to the ████████████████████████████████████
21 ███████████████████████████████████████████
22 ██████████████████████████████████████████
23 ███████████████████████████████████████████
24 ███████████████████████████████████████████
25 █
26 Defendant Antoon likewise did not provide any definitive details █████
27 ███████████████████████████████████████████
28 ████████████████████████████████████

[PROPOSED] NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS' BUY-OUT AGREEMENTS

1. ████████████████████████████████████████
2. ████████████████████████████████████████
3. ████████████████████████████████████████
4. ████████████████████████████████████████
5. ████████████████████████████████
6. ████████████████████████████████ Worse, defendant Bergmair would
7. not provide any details of his buy-out, declining to answer questions about the
8. parties paying him, whether any party was ████████████████████████
9. ████████████████████████████████████████. Doyle Decl. ¶ 5,
10. Exh. 6 (Bergmair. Dep. Tr. at 347-353).
11.     Undercapitalization and understanding the entities responsible for these future
12. debts is permissible jurisdictional discovery, and the Defendants should be ordered
13. to reveal this critical evidence. *Slottow v. Am. Cas. Co. of Reading, Pennsylvania*,
14. 10 F.3d 1355, 1360 (9th Cir. 1993) (a relevant factor for disregarding the corporate
15. form includes "representations that the parent's assets will cover the subsidiary's
16. debts").
17.     Without these agreements, the Court will be without critical evidence that
18. bears directly on the ownership of MindGeek, the financial interests of the
19. defendants, and the potential undercapitalization of the relevant entities, matters
20. central to the Court's jurisdictional analysis.
21.                             **CONCLUSION**
22.     This Court should Order Defendants Bergmair, Antoon, and Tassillo to
23. disclose the terms of, and produce copies of, their respective buy-out agreements,
24. and Defendant Bergmair should be ordered to appear for a continued deposition
25. concerning the circumstances of the sale and/or divestiture of his economic and
26. ownership interests in MindGeek. The requested material is critical to
27. understanding who owns MindGeek, the financial interests of the defendants and the
28. ///

undercapitalization of the relevant MindGeek Entities, and the bias/prejudice of the named defendants in providing their testimony.

Dated: June 29, 2023               Respectfully Submitted

**BROWN RUDNICK LLP**

By:   s/ Michael J. Bowe

Michael J. Bowe (*pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*pro hac vice*)
ltabaksblat@brownrudnick.com
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Fax:    (212) 209-4801

David M. Stein (#198256)
dstein@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, California  92612
Phone:  949.752.7100
Fax:  949.252.1514

Attorneys for Plaintiffs