| | |
|---|---|
| WIECHERT, MUNK & GOLDSTEIN, PC<br>David W. Wiechert (SBN 94607)<br>4000 MacArthur Blvd. Suite 600 East Tower<br>Newport Beach, CA 92660<br>Phone: (949) 361-2822<br>Facsimile: (949) 361-5722<br>Email: dwiechert@aol.com<br><br>MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.<br>Jonathan S. Sack<br>(admitted *pro hac vice*)<br>Ryan McMenamin<br>(admitted *pro hac vice*)<br>565 Fifth Avenue<br>New York, NY 10017<br>Tel: (212) 880-9410<br>Email: jsack@maglaw.com<br>Email: rmcmenamin@maglaw.com<br><br>*Attorneys for Defendant*<br>*David Tassillo*<br><br>MORRISON & FOERSTER LLP<br>Dan Marmalesky (CA SBN 95477)<br>707 Wilshire Boulevard<br>Los Angeles, California, 90017-3543<br>Tel: (213) 892-5200<br>Email: DMarmalefsky@mofo.com<br><br>WALDEN MACHT & HARAN LLP<br>Ronald G. White<br>(admitted *pro hac vice*)<br>250 Vesey St.<br>New York, NY 10281<br>Tel: (212) 335-2387<br>Email: RWhite@wmhlaw.com<br><br>*Attorneys for Defendant*<br>*Bernd Bergmair* | COHEN & GRESSER LLP<br>Jason Brown<br>(admitted *pro hac vice*)<br>Nathaniel P. T. Read<br>(admitted *pro hac vice*)<br>800 Third Avenue<br>New York, New York 10022<br>Phone: (212) 957-7600<br>Facsimile: (212) 957-4514<br>Email: jbrown@cohengresser.com<br>Email: nread@cohengresser.com<br><br>*Attorneys for Defendant*<br>*Feras Antoon* |

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br>　　v.<br><br>MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation, 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>　　　　Defendants. | Case No. 21-cv-04920-CJC-ADS<br><br>**DISCOVERY MATTER**<br><br>**Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth**<br><br>**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**<br><br>**Magistrate Judge: Hon. Autumn D. Spaeth** |

- 2 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

I.  **PRELIMINARY STATEMENT**

Defendants Feras Antoon, Bernd Bergmair and David Tassillo ("Defendants") respectfully submit this opposition to Plaintiff's *ex parte* application to shorten time on her motion to compel, filed on June 30, 2023 (Dkt. 356).[1]  Plaintiff's purported justifications for seeking "extraordinary" *ex parte* relief are wholly without merit, and her proposed shortened briefing schedule is procedurally improper and needlessly burdensome to the Court and Defendants. Regrettably, this is not the first time Plaintiff has tried to circumvent local rules as a litigation tactic—or filed premature discovery motions on the eve of a holiday weekend.[2]  Plaintiff has no credible basis for *ex parte* relief rather than following regular motion practice under L.R. 37-1 *et seq*.

Plaintiff seeks production of Defendants Antoon, Bergmair and Tassillo's March 2023 "buy-out" agreements, which were signed well after the end of the relevant period for jurisdictional discovery (December 2020).  Plaintiff claims she needs these agreements to show "the scope of Defendants' bias and credibility underlying their testimony" and to understand "Pornhub's ownership."  Plaintiff's assertion of irreparable harm justifying her *ex parte* application and request for expedited resolution rests entirely on her assertion that "[i]f this motion is heard on

---

[1] Antoon, Bergmair and Tassillo file this motion jointly because they are similarly situated as to Plaintiff's request for the 2023 agreements. The arguments against *ex parte* relief for the production of the agreements apply with equal force to Plaintiff's request to reopen Bergmair's deposition.

[2] In connection with an earlier motion to compel, Plaintiff served her portion of a joint stipulation on the afternoon of Friday, December 23, 2022, just before the Christmas holiday week. Similarly, on March 31, 2023, Plaintiff willfully disregarded the Court's direction to submit a joint stipulation under L.R. 37-1, causing the Court to note that "Plaintiff's failure" made the Court's review of the motion "more difficult" and required the Court to "expend significant time" to address the issues.  April 28, 2023 Order (Dkt. 343) at 1-2.

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

the regular timing in L.R. 37-1, it could take at least a month and perhaps longer to resolve it." Plaintiff is wrong in all respects.

For the reasons stated below, the Court should deny Plaintiff's application for *ex parte* relief as procedurally improper. In the event the Court wishes to hear further briefing on the merits of Plaintiff's request, that briefing should proceed under L.R. 37; in that briefing, Antoon, Bergmair and Tassillo will explain in more detail why Plaintiff's motion to compel is without merit.[3]

## II. ARGUMENT

### A. Plaintiff Has No Basis For *Ex Parte* Relief

As Plaintiff recognizes, "*ex parte* applications are *solely for extraordinary relief* and should be used with discretion." (emphasis added). In order to justify proceeding *ex parte*, Plaintiff must show that (i) she will be irreparably prejudiced if the underlying motion is heard according to regular procedures and (ii) she is without fault in creating the crisis that requires *ex parte relief*, or that the crisis occurred as a result of excusable neglect. June 12, 2023, Order (Dkt. 349) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Plaintiff fails to establish, or even come close to establishing, a basis for

---

[3] Plaintiff's motion seeks materials outside the bounds of the personal jurisdiction issues on which the Court has ordered discovery, and the motion also raises issues of privilege, work product, and confidentiality. Briefing of these issues should not be rushed over a holiday weekend. If the Court nonetheless wishes to hear this motion on a shortened time schedule, the individual Defendants request that their response to the motion be due on or before July 14.

- 2 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

extraordinary relief here because no "crisis" exists at all; and any timing issues are solely the result of Plaintiff's lack of diligence.

    *i.*    *No Irreparable Harm Exists*

Plaintiff asserts that she "just learned, for the first time during the individual depositions on June 14, 15, and 16, that defendants sold their economic interests in MindGeek and that there are agreements specifying the terms of those buy-outs[.]" But Plaintiff's own motion and the public record belie this claim.

The acquisition of MindGeek by Ethical Capital Partners—by which Ethical Capital Partners purchased the equity interests of Antoon, Bergmair, and Tassillo—was announced in a press release on March 16, 2023, and covered extensively in the national and international media, including by NBC News, Reuters, United Press International, Fortune, Financial Times, Axios, Yahoo, Variety and Law 360.[4] Plaintiff's counsel was undoubtedly aware of the

---

[4] The Ethical Capital Partners' Press Release is annexed hereto as Exhibit 1. https://www.prnewswire.com/news-releases/ecp-announces-acquisition-of-mindgeek-parent-company-of-pornhub-301774247.html. Extensive media coverage of the announcement included statements from the new owners. https://www.nbcnews.com/tech/tech-news/pornhub-new-owner-acquired-ethical-capital-partners-mindgeek-sold-rcna75519, and the same statements appeared in an article in the leading global financial industry newspaper, the Financial Times, https://www.ft.com/content/69c3295e-6f45-4b5f-8e7b-3b8d56ca46c8. The sale was also covered in one of the leading technology industry publications, TechCrunch, https://techcrunch.com/2023/03/16/pornhub-owner-mindgeek-sold-to-private-equity-firm/, and by Bloomberg's popular finance columnist Matt Levine, https://www.bloomberg.com/opinion/articles/2023-03-17/big-banks-trust-first-republic-with-their-money.

- 3 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

transaction and the news coverage at the time; but, for whatever reason, Plaintiff waited until May 16, 2023, to request documents related to that transaction.[5]

Even ignoring these facts and assuming that Plaintiff somehow first learned of this transaction at the depositions in mid-June 2023, she still could not establish the exigency required to proceed on an *ex parte* basis. At most, proceeding by L.R. 37 would delay Plaintiff's filing of her second amended complaint, *for which no deadline has been set*. Plaintiff fails to show any harm at all—let alone irreparable harm—that could result from proceeding under the well-established and preferred L.R. 37 procedure. Plaintiff thus cannot show that an approaching deadline would impact an underlying motion if the regular noticed motion procedure is used. *See e.g., Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995) ("[M]erely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify *ex parte* relief."). The filing of Plaintiff's second amended complaint at some unidentified later date hardly constitutes irreparable harm, particularly when the harm is entirely of the Plaintiff's making. *See Blackwell v. City of Los Angeles*, No. 219CV09977FLAMAR, 2022 WL 17345910, at *3 (C.D. Cal. July 26, 2022) (denying *ex parte* motion to compel even where Plaintiff was facing deadline to file amended complaint because she could have sought extension).

---

[5] Plaintiff served Defendants with a second set of RFPs on May 16, 2023, but they were dated May 15, 2023.

- 4 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

### ii. *Plaintiff is Responsible for Any Delay*

Any delay in Plaintiff's requests for the 2023 agreements is the fault of Plaintiff, not Defendants.

Plaintiff argues that *ex parte* relief "is warranted in light of *the sudden change of MindGeek's ownership in the midst of jurisdictional discovery[.]*" (emphasis added). Plaintiff is wrong. Plaintiff knew or should have known of this transaction in mid-March 2023, but instead of seeking the agreements in discovery promptly, Plaintiff waited two months to request the documents at issue on this motion. Had Plaintiff sought the agreements earlier, the defendants would have responded in mid to late April and the dispute could have been heard by the Court under regular procedures prior to the June 16, 2023, discovery cut-off. *See e.g., Mission Power Eng'g*, 883 F. Supp. at 492 ("The moving party must also show that it used the entire discovery period efficiency and could not have, with due diligence, sought to obtain the discovery earlier in the period.")

### B. Plaintiff's Purported Bases for Seeking the Agreements are Pretextual and Without Any Factual Basis

Plaintiff fails to articulate any reasonable justification for seeking the 2023 agreements under the personal jurisdiction discovery authorized by the District Court. The sale agreements post-date the relevant jurisdictional discovery period by more than two years. And Plaintiff's argument that she needs the 2023 agreements to establish defendants' "bias" during the jurisdictional discovery period is patently pretextual: Antoon and Tassillo in their depositions admitted a personal and financial interest in the outcome of the litigation, and all three

- 5 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

defendants on the present motion (Antoon, Bergmair and Tassillo) addressed this issue in the meet and confer process that Plaintiff abandoned.

As shareholders of the company and named defendants in this action, Antoon, Bergmair and Tassillo have had (since the filing of the complaint) a personal and financial interest in the outcome of the litigation and any potential judgment or settlement entered against the MindGeek Entities. In the meet and confer process, while reserving their numerous valid objections, Antoon, Bergmair and Tassillo nonetheless offered ***to provide a stipulation*** to Plaintiff stating in substance that, even after the sale of MindGeek, they retained a personal and financial interest in the outcome of this litigation. But Plaintiff did not even respond to this offer, much less meet and confer further. Instead, the next step Plaintiff took was to file the instant motion.[6]

Plaintiff's other purported basis for seeking the 2023 agreements is likewise without merit. Plaintiff now claims that it "remains unclear whether the purported purchasing party, Ethical Capital Partners, is now responsible for the satisfaction of any judgments that may result from this litigation (and should be a named party)."

---

[6] The proposed stipulation reads as follows:

> *Defendants Feras Antoon, Bernard Bergmair and David Tassillo each hereby stipulate that, as of June 26, 2023, each of them has a personal and financial interest in obtaining (i) a judicial finding that the Court lacks personal jurisdiction over him; and (ii) a judicial finding that dismisses some or all of the claims asserted against him and the MindGeek Entity Defendants in this action and, if necessary, a judicial finding of no liability against him and the MindGeek Entity Defendants in this action.*

-6-

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

1  This claim, raised for the first time on a phone conference following the June
2  depositions, lacks any factual basis: Ethical Capital Partners' press release
3  announcing the acquisition sale could not have been clearer about the new
4  ownership of MindGeek and Pornhub, as noted above.

5  Plaintiff argues that "the substance of the Defendants' buyout-agreements is
6  critical to understanding Pornhub's ownership, to addressing this Court's concerns
7  about a judgment against insolvent or undercapitalized entities," citing to pages 4-5
8  of the District Court's June 29, 2022, Order (Dkt. 167). But Plaintiff's argument
9  has no basis in the Court's Order or its concerns about insolvency of the MindGeek
10 Entities.  Tellingly, Plaintiff fails to cite any specific aspect of the Order that
11 supports her contention.  Although the Court discussed its concerns about a
12 potential judgment against insolvent MindGeek Entities, nothing else in those cited
13 pages remotely suggests Plaintiff should have license to review "buy-out"
14 agreements signed in 2023 when it is conceded that a third party, Ethical Capital
15 Parties, acquired MindGeek in an arm's length transaction.

16 **III.   CONCLUSION**

17 For these reasons, the Court should deny Plaintiff's *ex parte* application.

18 DATED: June 30, 2023                    Respectfully Submitted,

                                          WIECHERT, MUNK & GOLDSTEIN, PC

                                          By: /s/ David W. Wiechert
                                          David W. Wiechert (SBN 94607)

- 7 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC

Jonathan S. Sack (admitted *pro hac vice*)
Ryan McMenamin (admitted *pro hac vice*)

*Attorneys for Specially-Appearing Defendant David Tassillo*

COHEN & GRESSER

Jason Brown (admitted *pro hac vice*)

Nathaniel P.T. Read (admitted *pro hac vice*)

*Attorneys for Defendant Feras Antoon*

MORRISON & FOERSTER LLP

Dan Marmalesky (CA SBN 95477)

WALDEN MACHT & HARAN LLP

Ronald C. White (admitted *pro hac vice*)

*Attorneys for Defendant Bernd Bergmair*

- 8 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

# CERTIFICATE OF SERVICE

I, David W. Wiechert, a principal of Wiechert, Munk & Goldstein, located at 4000 MacArthur Boulevard, 600 East Tower, Newport Beach, CA 92660, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On June 30, 2023 I served the forgoing document, described as Defendants Antoon, Tassillo and Bergmair's Opposition to Ex Parte Application on all interested parties as follows:

[ ]   **BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Juan Capistrano, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list. I am "readily familiar" with this firm's practice of collection and processing mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]   **BY E-MAIL:** I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

[ ]   **BY PERSONAL SERVICE:** I personally delivered the document listed above to the persons at the address set forth below.

[X]   **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

- 9 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

Executed on June 30, 2023, at San Juan Capistrano, California.

/s/David W. Wiechert
David W. Wiechert

- 10 -

**DEFENDANTS FERAS ANTOON, BERND BERGMAIR AND DAVID TASSILLO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**