Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

David M. Stein (# 198256)
dstein@olsonstein.com
Olson Stein LLP
240 Nice Lane #301
Newport Beach, California 92663
Telephone:  (949) 887-4600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>                    Plaintiff,<br><br>          v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5.<br><br>                    Defendants. | CASE NO. 2:21-cv-4920-CJC-ADS<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE CAPTION**<br><br>Date: June 24, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Cormac J. Carney |

Plaintiff Serena Fleites respectfully submits this Memorandum of Law in support of her Motion to Amend the Caption (the "Motion").  Plaintiff brings this Motion for the sole and limited purpose of seeking leave to amend the caption to add and remove certain defendants named in the Second Amended Complaint, which this Court already granted Plaintiff leave to file in July 2022.

Specifically, Plaintiff moves to amend the caption to (i) remove Defendant Corey Urman as defendant; (ii) remove Defendant Colbeck Capital Does 1-5 as defendant; (iii) remove Defendant Bergmair Does 1-5 as defendant; (iv) add Redwood Capital Management, LLC, and associated funds as defendants; and (v) add Colbeck Capital Management LLC, and associated funds as defendants.

Attached as Exhibit A is a redline reflecting the changes to the caption of the Second Amended Complaint compared to the Amended Complaint (Dkt. 124-3).[1]

## INTRODUCTION

By order dated July 29, 2022, this Court granted Plaintiff leave to file a second amended complaint following jurisdictional discovery.  Plaintiff simply seeks leave to amend the caption to add and remove certain defendants named in the Second Amended Complaint.

It is long-settled that leave to add or remove certain parties should be freely granted, particularly, here, where the Court has already granted Plaintiff leave to file a second amended complaint following jurisdictional discovery and Plaintiff's proposed amendments as to certain defendants will not prejudice any party.  Plaintiff seeks leave to add certain defendants based on information learned through ongoing investigations and recent public filings.

Plaintiff Serena Fleites and 33 Jane Doe plaintiffs initiated this action on June 17, 2021.  (Dkt. 1.)

---

[1] As set forth in Plaintiff's accompanying motion to file certain materials under seal, Plaintiff has redacted certain information in the caption pending defendants' determination of whether to de-designate or move to seal certain designated discovery materials.

By order dated February 10, 2022, this Court granted Defendants' Motion to Sever and directed Plaintiff Serena Fleites to file an amended complaint, which Plaintiff did on March 21, 2022. (Dkt. No. 124-3.) Simultaneous with the filing of her Amended Complaint, Ms. Fleites moved to amend the caption to remove and add certain defendants. (Dkt No. 124-1.) The Court granted Plaintiff's motion to amend the caption on April 14, 2022. (Dkt. No. 128.)

By orders dated July 29, 2022, the Court denied the MindGeek Defendants' motions to dismiss, granted in part and denied in part Defendant Visa's motion to dismiss, and directed Plaintiff to take jurisdictional discovery. (Dkt Nos. 166, 167.) The Court granted Plaintiff leave to file a second amended complaint with information obtained from that discovery. (Dkt. No. 167.) In amending her complaint as directed by the Court, Plaintiff seeks to remove and add certain defendants based on new information learned from discovery, Plaintiff's ongoing investigation, and public filings.

## LEGAL STANDARD

Rules 15 and 21 of the Federal Rules of Civil Procedure govern the addition, removal, and substitution of parties. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when requested, courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Kaneka Corp. v. SKC Kolon PI, Inc.*, 2013 WL 11237203, at *2 (C.D. Cal. May 6, 2013) (quoting *Eminence Cap., L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). "In the Ninth Circuit, five factors govern whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Michael Kors, L.L.C. v. Chunma USA, Inc.*, 2017 WL 6940500, at *1 (C.D. Cal. Nov. 22, 2017) (citing *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*,

833 F.2d 183, 186 (9th Cir. 1987). Instead, "prejudice to the opposing party []
carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052.

Similarly, courts freely grant motions to add or remove parties under Rule 21,
which permits courts to add or drop a party on motion or on its own, as:

> [T]he addition of new parties does not as a general rule affect the
> interests of parties already in the lawsuit significantly more than the
> addition of new claims. Plaintiffs have complete freedom to name
> parties when they commence an action, and the interests of defendants
> will not be substantially prejudiced in the early stage of a lawsuit by
> any delay in adding parties. Indeed, courts would grant motions to add
> parties at the early stages of litigation almost as a matter of course since
> the liberal standard of Rule 15 also applies to Rule 21 motions.

*De Malherbe v. Int'l Union of Elevator Constructors*, 438 F. Supp. 1121, 1128 (N.D.
Cal. 1977). "The test of whether additions or subtractions of parties should be
allowed under Rule 21, like the test under Rule 15, is whether such action will
prejudice the non-moving party, and whether it will serve to avoid multiplicity of
suits." *Heilman v. Cook*, 2017 WL 727672, at *2 (S.D. Cal. Feb. 24, 2017).

## ARGUMENT

I. **PLAINTIFF'S PROPOSED AMENDMENTS TO CERTAIN DEFENDANTS ARE MADE IN GOOD FAITH.**

In amending the Amended Complaint as directed by the Court, Plaintiff seeks
in good faith to remove defendant Corey Urman and add additional named
defendants based on information obtained during jurisdictional discovery, Plaintiff's
ongoing investigation, and public filings. Courts routinely grant such requests to
add or remove parties, as plaintiffs have "complete freedom to name parties when
they commence an action." *De Malherbe*, 438 F. Supp. at 1128. Moreover, where,
as here, an amendment seeks to add a defendant based on new information that was
unavailable when the complaint was filed, courts routinely find leave to amend is

3

appropriate. *See Cooper Drum Cooperating Parties Grp. v. Am. Polymers Corp.*, 2020 WL 5845983, at *3 (C.D. Cal. Aug. 10, 2020) (permitting amendment where plaintiff sought to "add defendants to the [amended complaint] in direct response to new information provided by certain defendants . . . and pursuant to its ongoing investigation").

Here, as set forth above, Plaintiff seeks to add and remove certain parties based on information learned through jurisdictional discovery and other public court filings made after the original and amended complaints in this action were filed. Applying the Ninth Circuit's liberal policy favoring amendment, under the circumstances here, leave to amend should be freely granted.

## II. <u>DEFENDANTS WILL NOT BE UNDULY PREJUDICED AT THIS EARLY STAGE OF THE LITIGATION.</u>

In assessing whether to grant leave to amend, Courts have consistently held that a request to amend should only be denied where it would cause "substantial prejudice or substantial negative effect." *Dorsett v. Sandoz, Inc.*, 2010 WL 11512276, at *1 (C.D. Cal. June 29, 2010). "The Ninth Circuit has found substantial prejudice where additional claims would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Willick v. Napoli Bern Ripka & Assocs., LLP*, 2018 WL 6443081, at *5 (C.D. Cal. Mar. 23, 2018) (internal quotation marks omitted).

Here, Defendants are not prejudiced by the addition of new defendants. At this early stage of the litigation, where there has been only limited discovery related to limited defendants, the Court has not yet entered a discovery or pre-trial order, or set any deadlines to add parties,[2] the addition of parties will not prejudice or delay the existing defendants. *See, e.g., Barnes v. Latson*, 2021 WL 5994541, at *4 (C.D.

---

[2] Here, by orders dated November 17, 2022 and January 11, 2023, this Court ordered that discovery should be limited to disclosures from MindGeek and did not include discovery from Visa or Plaintiff. (Dks Nos. 211; 249; 253.)

Cal. Nov. 9, 2021) (finding no prejudice to defendant "given the early stage of the case and that no deadlines have been set"); *Clark v. Weber*, 2021 WL 6751864, at *3 (C.D. Cal. Oct. 27, 2021) (in an action where discovery had not yet started and no scheduling order had been issued, finding that the factor of prejudice to defendants "does not weigh against granting leave to amend and instead weighs heavily in favor of granting leave to amend").

### CONCLUSION

For all the reasons set forth above, this Court should grant in its entirety Plaintiff's Motion to Amend the Caption.

DATED:  May 23, 2024                    Respectfully submitted,
                                        BROWN RUDNICK LLP


                                        By:  */s/ Michael J. Bowe*
                                             Michael J. Bowe (*pro hac vice*)
                                             Lauren Tabaksblat (*pro hac vice*)

                                             *Attorneys for Plaintiff*