| | |
|---|---|
| Michael J. Bowe<br>(*pro hac vice*)<br>mbowe@brownrudnick.com<br>Lauren Tabaksblat<br>(*pro hac vice*)<br>ltabaksblat@brownrudnick.com<br>**BROWN RUDNICK LLP**<br>7 Times Square<br>New York, NY 10036<br>Telephone:   (212) 209-4800<br>Facsimile:    (212) 209-4801 | David M. Stein (#198256)<br>dstein@olsonstein.com<br>**OLSON STEIN LLP**<br>240 Nice Ln Apt 301<br>Newport Beach, CA 92663<br>Telephone:  949-887-4600 |

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>             Plaintiff,<br><br>     v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5.<br><br>             Defendants. | Case No. 2:21-cv-4920-CJC-ADS<br><br>*Hon. Cormac J. Carney*<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER** |

Pursuant to Local Rule 79-5.2.2 and the Stipulated Protective Order entered by this Court on October 14, 2022 (Dkt. 187), Plaintiff hereby submits this Application for Leave to File Under Seal Material Designated by Another Party as Confidential or Highly Confidential Pursuant to a Protective Order. In support of this Application, Plaintiff states as follows:

1. The Protective Order allows a party to designate material that it produces as "Confidential" or "Highly Confidential" if it qualifies for protection under Fed. R. Civ. P. 26(c), or as otherwise provided for in the parties' Good Cause Statement.

2. The MindGeek Defendants designated virtually all of the discovery produced in this case and portions of each witnesses deposition testimony Confidential or Highly Confidential pursuant to the Protective Order.

3. On May 17, 2024, Plaintiff notified defendants of her intent to file a Second Amended Complaint, which references the following discovery materials and testimony designated as Confidential or Highly Confidential by the MindGeek Defendants:

   a. Internal communications concerning defendants' compliance with 18 U.S.C. 2257;
   b. Financial information concerning the 2010 transfer of interest to Fabian Thylmann;
   c. Financial information reflecting the identity of certain lenders involved in the 2011, 2013, and 2018 financial restructurings, the terms of the syndicate loans, the role of syndicate lenders, and changes to the terms of the loans over time;
   d. Materials and testimony concerning the ownership and economic interests in MindGeek from 2011 through the present;
   e. Materials and testimony concerning MindGeek's corporate structure and form;

  f. Materials and testimony concerning the 2023 sale to Ethical Partners;

  g. Materials and testimony concerning tax treatment;

  h. Materials and testimony concerning dividend and royalty payments;

  i. Testimony concerning the headquarters for MindGeek's business;

  j. Materials and testimony concerning related party transactions; and

  k. Testimony concerning Messrs. Bergmair, Antoon, and Tassillo's individual exercise of control over strategic, governance, and operational decisions.

4. Plaintiff's Motion to Amend the Caption in the Amended Complaint references the discovery material in Paragraph 3(c) – the identity of certain lenders involved in the 2011, 2013, and 2018 financial restructurings.

5. By e-mails dated May 17, 2024, May 19, 2024 and May 21, 2024, the MindGeek Defendants requested that all designated materials and testimony be filed under seal until such time that the MindGeek Defendants have had the opportunity to review the references to the designated materials.

6. Local Rule 79-5.2.2 provides that where a Filing Party seeks to file a document containing information previously designated as confidential by another pursuant to a protective order, and the document cannot be suitably redacted by agreement, the Filing Party may file an Application for Leave to File Under Seal. The Rule further requires the Filing Party to confer with the Designating Party at least three days before seeking to file the document(s) under seal and, if sealing remains necessary, to serve a copy of the application and any supporting declaration on the Designating Party the same day the motion is filed, so that the Designating Party may, within four days, file a declaration that establishes why all or part of the designated material is sealable.

7. Accordingly, under Local Rule 79-5.2.2, Plaintiff has redacted the designated material from the publicly filed versions of the Second Amended

1  Complaint and Plaintiff's Motion to Amend the Caption in the Amended
2  Complaint.
3      8.   Plaintiff is attaching as Exhibit A to the sealed declaration in support of
4  this Application the unredacted version of the Second Amended Complaint with the
5  designated materials highlighted.
6      9.   Plaintiff is attaching as Exhibit B to the sealed declaration in support of
7  this Application the unredacted version of Plaintiff's proposed amended caption with
8  the designated materials highlighted, which is attached in redacted form as Exhibit A
9  to Plaintiff's Motion to Amend the Caption in the Amended Complaint.
10     10.  By making this Application, Plaintiff does not agree that any of the
11 discovery materials and testimony in Paragraph 3(a)-(k) should be maintained under
12 seal. Pursuant to Local Rule 79-5.2.2(b)(i), the burden is on defendants to file a
13 declaration to establish that all or part of those materials and testimony are sealable.
14     11.  Plaintiff therefore respectfully requests that the Court enter the
15 concurrently filed [Proposed] Order permitting Plaintiff to file under seal portions of
16 the Second Amended Complaint and portions of the Motion to Amend the Caption
17 in the Amended Complaint that reference the discovery materials and testimony in
18 Paragraph 3(a)-(k).
19     12.  Defendants have been served with a copy of this Application today
20 through the CM/ECF system, and by email, as required by Local Rule 79-5.2.2.

22 Dated: May 23, 2024                    Respectfully submitted,

25                          /s/ *Lauren Tabaksblat*
26                          Michael J. Bowe
                            mbowe@brownrudnick.com
27                          Lauren Tabaksblat
                            ltabaksblat@brownrudnick.com

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4801
Fascimile: (212) 209-4801

David M. Stein (#198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Ln Apt 301
Newport Beach, CA 92663
Telephone: 949-887-4600

*Attorneys for Plaintiff*