1  **QUINN EMANUEL URQUHART**
   **& SULLIVAN, LLP**
2    Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
3    Michael E. Williams (Bar No. 181299)
   michaelwilliams@quinnemanuel.com
4    Diane Cafferata (Bar No. 190081)
   dianecafferata@quinnemanuel.com
5  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
6  Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants MindGeek
S.à r.l., MG Freesites Ltd, MindGeek
USA Incorporated, MG Premium Ltd,
MG Global Entertainment Inc., and 9219-
1568 Quebec, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| SERENA FLEITES, | Case No. 2:21-cv-04920-CJC-ADS |
|---|---|
| Plaintiff, | |
| v. | **DECLARATION OF MICHAEL E. WILLIAMS IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER (ECF NO. 386)** |
| MINDGEEK S.A.R.L, et al., | |
| Defendants. | |

# DECLARATION OF MICHAEL E. WILLIAMS

I, Michael E. Williams, declare:

1.  I am a member of the State Bar of California, admitted to practice before this Court, and a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants MindGeek S.à r.l., MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec, Inc. (collectively "MindGeek") in this matter. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto.

2.  I make this declaration in support of Plaintiff's Application for Leave to File Under Seal Material Designated by Another Party as Confidential Pursuant to a Protective Order (ECF No. 386) and pursuant to the Stipulated Protective Order (ECF No. 187) and Local Rule 79-5.2.2. For the reasons below, this Court should grant Plaintiff's motion and order that the unredacted version of the Second Amended Complaint ("SAC") be filed under seal.

### I. The Standard for Sealing Records

3.  The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *Id.*

4.  The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any … compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241,

at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records containing information about proprietary business operations, and internal policies and strategies).

5. Further, California district courts routinely seal documents containing personal identifying information ("PII"), such as names and contact information. *True Health Chiropractic Inc. v. McKesson Corp.*, 2022 WL 6584485, at *2 (N.D. Cal. Sept. 23, 2022) (contact information of class members satisfied "compelling reason"); *see also Bennett v. N. Am. Bancard, LLC*, 2022 WL 17972168, at *2 (S.D. Cal. Feb. 15, 2022) (non-parties' PII "has been held sealable by the Ninth Circuit under the 'compelling reasons' standard").

6. The standard for sealing documents and materials connected to non-dispositive filings, like the current SAC, is the "less exacting 'good cause' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The "good cause" standard comes from Rule 26(c)(1), which sets forth the requirements for protective orders during discovery. *Id.* Rule 26(c)(1) provides, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

## II. The Court Should Seal the Unredacted Second Amended Complaint

7. As shown by the unredacted, highlighted version of the SAC (ECF No. 387-1), the portions of the SAC that Plaintiff has redacted from the public version make reference to, among other confidential information:

1  (a)  confidential financial terms regarding the sale of certain business or entities, including terms relating to the sale of RedTube to MindGeek (ECF No. 387-1 at 53 ¶ 150);

(b)  confidential terms regarding loans and financing provided to MindGeek by various entities and MindGeek's alleged business relationships with those entities (*id.* at 80 ¶ 245; *id.* at 81 ¶ 250; *id.* at 82-83 ¶¶ 255-58, 260; *id.* at 84 ¶ 261; *id.* at 88-91 ¶¶ 274-84; *id.* at 156-57 ¶ 494);

(c)  confidential business strategies relating to corporate structure, including strategies related to structuring of MindGeek entities for alleged tax-planning purposes (*id.* at 102-18 ¶¶ 313-61);

(d)  confidential information relating to the payments of dividends and compensation by the MindGeek entities (*id.* at 118-121 ¶¶ 362-73);

(e)  confidential information relating to the operations of the MindGeek entities, including the provision of financing and lending between the MindGeek entities (*id.* at 121-137 ¶¶ 374-424; *id.* at 143-44 ¶¶ 437-47).

8.  MindGeek also understands, based on emails from Plaintiff's counsel, that other defendants have designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" portions of the SAC that Plaintiff has redacted from the public version.

9.  The sealing request is also narrowly tailored in that Plaintiff has publicly filed a redacted version of the SAC that redacts all confidential information.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of May 2024 in Los Angeles, California.

                                              */s/ Michael E. Williams*
                                              Michael E. Williams