DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

RONALD G. WHITE (admitted *pro hac vice*)
RWhite@wmhlaw.com
Walden Macht & Haran LLP
250 Vesey Street
New York, NY 10281
Telephone: 212-335-2387
Facsimile: 212-335-2040

Attorneys for Defendant
BERND BERGMAIR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5.<br><br>　　　　　Defendants. | CASE NO.  2:21-cv-4920-CJC-ADS<br><br>**DECLARATION OF RONALD G. WHITE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER** |

I, Ronald G. White, declare:

　　　1.　　I am an attorney licensed to practice law in the State of New York and a partner with the law firm Walden Macht & Haran LLP.  I have been granted permission by this court to appear *Pro Hac Vice* as counsel for Defendant Bernd

1

**DECLARATION OF RONALD G. WHITE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**

1  Bergmair in the above-captioned case.  I am over the age of 18.  I submit this
2  Declaration in support of Plaintiff's Application for Leave to File Under Seal
3  Material Designated by Another Party as Confidential Pursuant to a Protective Order
4  (ECF No. 386) and pursuant to the Stipulated Protective Order (ECF No. 187) and
5  Local Rule 79-5.2.2.

6        2.    Mr. Bergmair seeks to seal the information highlighted by Plaintiff that
7  he designated as confidential.  This information constitutes personal financial
8  information regarding his investment in a private company.  This includes (1) the
9  amount of money he invested in MindGeek, (2) the shareholding and economic
10 interests and other rights he received (and exercised) in exchange for his investment;
11 (3) the identity of the corporate entities through which he invested; (4) his receipt of
12 dividends as a result of his investment; and (5) MindGeek's commercial transactions
13 with a non-party entity beneficially owned by Mr. Bergmair.  Specifically, Mr.
14 Bergmair requests that the following excerpts be filed under seal:

| MATERIAL REQUESTED FOR SEALING | REASON |
|---|---|
| 50:25-27; 80:2-3; 80:7-9; 100:23-25; 101:3-4; 102:21; 109:20; 112:28; 113:7; 128:2; 129:11 | Amount of money Mr. Bergmair invested in MindGeek |
| 50:25-27; 100:23-25; 101:2-5; 101:12-13; 101:14-28 (MindGeek_Fleites_00015788); 102:3-5; 102:6-20 (MindGeek_Fleites_00015787); 102:21-23; 103:3-4; 103:18; 104:18-21; 104:25; 105:1; 106:5; 106:12-16; 106:24; 106:26; 107:4; 107:7; 107:10; 107:19; 107:21; 108:2; 108:14; 109:7; 109:25-26; 110:4-10; 110:18-28; 111:11; 111:13; 111:16; 111:27-112:1; 112:13; 112:15-16; 112:23; 112:25-113:1; 113:20-21; 113:25-26; 114:3-4; 114:7-8; 114:11-13; 115:17; 115:20-21; 115:24-26; 119:1-2; 119:5; 119:27-120:1; 120:6; 120:13; 121:6-8; 124:27-28; 128:1; 128:3 | Mr. Bergmair's shareholding and economic interests and other rights he received in exchange for his investment |

**DECLARATION OF RONALD G. WHITE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**

| | |
|---|---|
| 101:12-13; 101:14-28 (MindGeek_Fleites_00015788); 102:2-5; 102:6-20 (MindGeek_Fleites_00015787); 118:28-119:8; 120:10-21; 121:20-24 | The identity of corporate entities through which Mr. Bergmair invested |
| 115:13-116:21 | Mr. Bergmair's receipt of dividends as a result of his investment |
| 139:20-140:17 | MindGeek's commercial transactions with a non-party entity beneficially owned by Mr. Bergmair |

3. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *Id.*

4. "[T]he Ninth Circuit has not stated the standard – good cause or compelling reasons – that applies to the sealing of a pleading. *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV-18-6809-MWF(MRWx), 2018 WL 6985313, at *1 (C.D. Cal. Nov. 6, 2018) (recognizing split of authority among the district courts in the Ninth Circuit).

5. The "good cause" standard comes from Rule 26(c)(1), which sets forth the requirements for protective orders during discovery. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Rule 26(c)(1) provides, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *8 (N.D.

3

**DECLARATION OF RONALD G. WHITE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**

Cal. June 30, 2015).

6. "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598).

7. Mr. Bergmair's narrowly tailored sealing request satisfies both standards.

8. Courts in this circuit have routinely held that confidential business and personal financial information—such as the amount of his investment, the shareholding and economic interests he received in return, his receipt of dividends and other details regarding his investment in a private company—satisfies the compelling reasons standard and warrants sealing. *See Reputation.com, Inc. v. Mullarkey*, No. 21-CV-07340-HSG, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (Compelling reasons standard satisfied, in part, because the at-issue "documents contain confidential business and financial information relating to the terms of [a corporate] acquisition" which, "[i]f publi[shed], the terms of the agreement could be used against Plaintiff in future negotiations by potential acquirees or other entities competing against Plaintiff for such opportunities"); *Monterey Bay Military Housing LLC v. Ambac Assurance Corp.*, 2019 WL 11658748, at 2 (N.D. Cal. July 11, 2019) (finding "compelling reasons" to seal "documents [that] relate to financial transactions that were intended to be, and have been, kept in confidence," as well as "private financial and operational information" regarding business); *Allianz Global Risks US Ins. Co. v. United States*, 2021 WL 3171862, at 2 (S.D. Cal. July 27, 2021) (finding "compelling reasons" to seal information from which "the potential

4

**DECLARATION OF RONALD G. WHITE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**

economic value of [the designating party's] business ventures can be deduced"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons exist to seal "confidential business information," such as "confidential business agreements executed among the parties," agreement terms, amounts paid under agreements, "financial terms," details of negotiations, and "business strategies"); *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) (party may meet burden under Local Rule 79-5 where party seeks to seal "proprietary and confidential business information," including agreements reflecting "parties' obligations and terms of payment"); *see also Nguyen v. City of Garden Grove*, No. 8:21-01775-JVS(ADSx), 2023 WL 2558536, at *4 (C.D. Cal. Feb. 2, 2023) (during discovery, permitting redactions of private financial information such as "asset information").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 29, 2024 in New York, New York.

*/s/ Ronald G. White*
Ronald G. White

**DECLARATION OF RONALD G. WHITE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**