Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Phone: 212.209.4800
Fax: 212.209.4801

David M. Stein (# 198256)
dstein@olsonstein.com
**Olson Stein LLP**
240 Nice Lane #301
Newport Beach, California 92663
Phone: 949.887.4600

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>　　　　　Defendants. | Case No. 2:21-cv-4920-CJC-ADS<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO AMEND THE CAPTION**<br><br>Hearing Date:  July 12, 2024<br>Hearing Time:  1:30 p.m.<br>Courtroom:  9B<br>Judge:  Hon. Wesley L. Hsu<br><br>Complaint Filed:  June 17, 2021<br>Trial Date:  None set |

Plaintiff moved the Court to amend the caption solely to conform to the new parties in the Second Amended Complaint. (Dkt. 384.) The MindGeek Defendants argue this motion is moot because Plaintiff was already granted leave to file the Second Amended Complaint. (Dkt. 392 (Opp.) at 3.) Yet, for some reason, they go on to oppose this motion anyway. MindGeek's arguments against amending the caption are not well taken.

*First*, Plaintiff is not aware of anything in either the Federal or the Local Rules that requires a plaintiff to confer with an existing defendant before naming additional defendants, and there is likewise no requirement that a plaintiff provide notice to a new defendant before filing or service. MindGeek does not cite any rules or authority to support its position that Plaintiff was required to meet and confer with Defendants before adding these additional parties.

*Second*, as MindGeek noted in its Opposition, Plaintiff followed the same procedure used in connection with the filing of the First Amended Complaint where leave to file that complaint was also granted by prior Court Order. (February 10, 2022 Order, Dkt. 119.) When Plaintiff filed the First Amended Complaint, she simultaneously moved to amend the caption to add new defendants. (Dkt. 124-1; Opp at 2.) No party objected to the motion, and the Court granted it. (April 14, 2022 Order, Dkt. 128.) Although MindGeek "assumes" for purposes of its Opposition that Plaintiff had leave to file an amended complaint (Opp. at 3), Plaintiff respectfully reminds MindGeek of the Court's July 29, 2022 Order stating that Plaintiff did, in fact, have leave to do so. (Dkt. 167 at 8, "The Court **DENIES WITHOUT PREJUDICE** the MindGeek Defendants' motions to dismiss in light of the near certainty that Plaintiff will file a Second Amended Complaint at the close of jurisdictional discovery, which the Court **GRANTS** her leave to do.".)

*Third*, MindGeek argues that the Motion is noncompliant under Rule 15-1 because Plaintiff failed to attach the proposed Second Amended Complaint to the Motion. (Opp at 2.) Given the significant number of redactions that were not

1  present when she last amended her complaint, Plaintiff did not attach the full Second
2  Amended Complaint but instead filed it separately on the docket. (Dkt. 385.)
3  MindGeek's objection is at best form over substance, and it should not impact the
4  outcome of this motion because Plaintiff filed with leave of Court, and leave to file
5  the Second Amended Complaint is not contested.
6     For these reasons, Plaintiff's motion should be granted so the case caption
7  correctly reflects the Second Amended Complaint.

9  Dated: June 10, 2024          Respectfully submitted,

   **BROWN RUDNICK LLP**

   By: */s/ Lauren Tabaksblat*

   Lauren Tabaksblat (*pro hac vice*)

   *Attorneys for Plaintiff*