Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Fax: (212) 209-4801

David M. Stein (# 198256)
dstein@olsonstein.com
**Olson Stein LLP**
240 Nice Lane #301
Newport Beach, California 92663
Phone: (949) 887-4600

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD.; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 QUEBEC, INC.; BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>Defendants. | Case No. 2:21-cv-4920-WLH-ADS<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO UNSEAL THE NAMES OF THE REDWOOD AND COLBECK FUND DEFENDANTS IN THE SECOND AMENDED COMPLAINT**<br><br>Date: July 26, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu |

CASE NO. 2:21-cv-4920-WLH-ADS

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO UNSEAL THE NAMES OF THE REDWOOD AND COLBECK FUND DEFENDANTS IN THE SECOND AMENDED COMPLAINT

Plaintiff Serena Fleites respectfully submits this Memorandum of Law in support of her motion to unseal the names of the Redwood and Colbeck fund defendants in the Second Amended Complaint (the "Motion").[1] Plaintiff initially redacted the names of these funds because they were disclosed in loan documents the MindGeek Entity Defendants[2] designated Confidential and Highly Confidential. But there is no basis under either the Stipulated Protective Order entered by this Court on October 14, 2022 (Dkt. 187, "Protective Order") or controlling law to designate these years-old loan documents confidential, let alone the names of the counterparties to those documents, and the MindGeek Entity Defendants have failed to articulate a basis, despite Plaintiff's repeated requests.

## FACTUAL BACKGROUND

### A. Protective Order

The Protective Order limits the use of Confidential and Highly Confidential designations to proprietary trade secret and business information and specifically admonishes "blanket protections on all disclosures." (Protective Order at ¶ 1.A.) Despite this express mandate, the MindGeek Entity Defendants and the Individual

---

[1] Specifically, Plaintiff moves to unseal these names in the following May 23, 2024 filings: (i) Exhibit A to the Declaration of Lauren Tabaksblat in Support of Plaintiff's Application for Leave to File Under Seal Second Amended Complaint and Motion to Amend the Caption in the Second Amended Complaint (Unredacted Second Amended Complaint), Dkt. 387-1; and (ii) Exhibit B to the Declaration of Lauren Tabaksblat in Support of Plaintiff's Application for Leave to File Under Seal Second Amended Complaint and Motion to Amend the Caption in the Second Amended Complaint (redline reflecting the changes to the caption of the Second Amended Complaint compared to the Amended Complaint), Dkt. 387-2.

[2] The MindGeek Entity Defendants include MindGeek S.a.r.l., MG Freesites, Ltd. d/b/a Pornhub, MindGeek USA Incorporated, MG Premium Ltd., MG Global Entertainment, Inc., and 9219-1568 Quebec, Inc.

Defendants[3] (together, "MindGeek Defendants") designated virtually all of the discovery produced in this case and portions of every witness deposition testimony Confidential or Highly Confidential under the Protective Order.

Pursuant to Local Rule 79-5.2.2, before filing the Second Amended Complaint, on May 17, 2024, Plaintiff notified defendants of her intent to reference certain designated materials in the Second Amended Complaint. By emails dated May 17, May 19, and May 21, 2024, defendants requested that all designated materials and testimony be filed under seal until such time as the MindGeek Defendants have had the opportunity to review the references to designated materials. (Exhibit A to the Declaration of Lauren Tabaksblat in Support of Plaintiff's Application for Leave to File Under Seal Second Amended Complaint and Motion to Amend the Caption in the Second Amended Complaint (Unredacted Second Amended Complaint), Dkt. 387-1; Exhibit B to the Declaration of Lauren Tabaksblat in Support of Plaintiff's Application for Leave to File Under Seal Second Amended Complaint and Motion to Amend the Caption in the Second Amended Complaint (redline reflecting the changes to the caption of the Second Amended Complaint compared to the Amended Complaint), Dkt. 387-2.)

Accordingly, simultaneous with the filing of the Second Amended Complaint, Plaintiff filed an Application for Leave to File Under Seal Material Designated by Another Party as Confidential or Highly Confidential Pursuant to a Protective Order (Dkt. 386) and redacted references to the designated discovery materials in the Second Amended Complaint pending the MindGeek Defendants' review of the Second Amended Complaint.

### B. Meet and Confer Efforts

---

[3] The Individual Defendants refer to Bernd Bergmair, Feras Antoon, and David Tassillo.

1. On June 5, 2024, Plaintiff asked Defendants whether they would consent to unsealing the names of the Redwood and Colbeck fund defendants in the caption of the Second Amended Complaint.  Although the Individual Defendants do not object to disclosure, the MindGeek Entity Defendants do object.  On June 6, June 10, and June 11, 2024, Plaintiff sent follow up emails to the MindGeek Entity Defendants requesting the basis of the confidentiality designations, but they have refused to provide one.

## LEGAL STANDARD

The U.S. Supreme Court has recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Ninth Circuit courts considering a sealing request "start with a strong presumption in favor of access to court records." *Center for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).  This strong presumption is based on, among other things, the interest in "promoting the public's understanding of the judicial process and of significant public events[.]" *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).  It is also based on "the need for federal courts, although independent-indeed, particularly because they are independent-to have a measure of accountability and for the public to have confidence in the administration of justice." *Center for Auto Safety*, 809 F.3d at 1096.

Courts distinguish judicial records attached to dispositive motions from those records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy," whereas "a 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,

1180 (9th Cir. 2006).  Ninth Circuit precedent "presumes that the compelling reasons standard applies to most judicial records." *Center for Auto Safety*, 809 F.3d at 1098.  Accordingly, "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'  Rather, public access will turn on *whether the motion is more than tangentially related to the merits of a case.*" *Id.* at 1101 (emphasis added).

The identity of certain defendants that knowingly financed and benefited from a human trafficking venture is highly relevant to the claims and allegations in this action and the broader public interest in disclosure of significant public events and legal proceedings.  Where, as here, a party seeks to seal information referenced in a complaint, Courts in this Circuit place the burden on the party seeking protection from public disclosure to "articulate compelling reasons supported by specific factual findings." *Kamakana,* 447 F.3d at 1178; *see also In re Yahoo! Inc. Customer Data Sec. Breach Litig.,* No. 16-MD-02752-LHK, 2018 WL 9651897, at *2 (N.D. Cal. Jan. 3, 2018) (applying "compelling reasons" standard to application to seal complaint because the complaint forms the foundation of the lawsuit); *Ponomarenko v. Shapiro*, No. 16-CV-02763-BLF, 2017 WL 3605226, at *2 (N.D. Cal. Aug. 21, 2017) (same).  This is a "stringent standard," *Center for Auto Safety*, 809 F.3d at 1096-97, and requires more than "hypothesis or conjecture.'" *Id.* (quoting *Kamakana,* 447 F.3d at 1179).  In a case where a compelling reason is articulated, "[t]he court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

## ARGUMENT

The MindGeek Entity Defendants have failed to articulate any reason, let alone a "compelling reason," to seal the names of the Redwood and Colbeck funds.

The names of these counterparties appear in loan documents from 2011, 2013, and 2018 financial restructurings that are years old, and, in all cases, are superseded by subsequent agreements and restructurings. The identity of these counterparties is not commercially sensitive information under either the Protective Order or controlling case law. *See Open Text S.A. v. Box, Inc.*, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014) (denying request to seal "the mere names of counterparties" under the "compelling reasons" standard). This is particularly true here, where the 2011, 2013, and 2018 loan agreements have been superseded by subsequent agreements and the 2023 putative sale to Ethical Partners. *See Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 1836351, at *3 (C.D. Cal. Mar. 28, 2017) (denying request to seal committee agendas and minutes under the less stringent "good cause" standard and observing that where these materials contain information that is several years old, "it is not obvious to the Court how that information could be used to harm Defendants now").

     Consistent with this well-settled authority, the Individual Defendants do not object to the disclosure of the Redwood and Colbeck fund names. And, although the MindGeek Entity Defendants continue to object, they have failed to provide any reason why. The burden is on them to do so, and their failure to provide any reason, let alone a compelling one, should be fatal to their request to seal this information from public access.[4]

---

[4] For these same reasons, Plaintiff's Motion should be granted even if the Court concludes that the MindGeek Defendants need demonstrate only "good cause" for sealing the names of the Redwood and Colbeck Funds. Fed. R. Civ. P. 26(c)(l) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .") "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## CONCLUSION

There is neither a compelling reason nor good cause to seal the names of the named parties in this case. The MindGeek Entity Defendants' failure to even try to present a justification despite Plaintiff's numerous requests highlights the merits of Plaintiff's Motion, and it could be deemed a waiver of any such argument now. Accordingly, consistent with the narrow provisions of the Protective Order for sealing and under well-established controlling law, Plaintiff's Motion should be granted, and the names of the Redwood and Colbeck fund defendants should be unsealed.

## CERTIFICATE OF COMPLIANCE

I, the undersigned counsel of record for Plaintiff, certify that this brief contains 1,931 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 18, 2024                    Respectfully submitted,

**BROWN RUDNICK LLP**

By:    /s/ Michael J. Bowe

Michael J. Bowe (*pro hac vice*)

*Attorneys for Plaintiff*