DAN MARMALEFSKY
(CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

RONALD G. WHITE
(admitted pro hac vice)
RWhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY 10281
Telephone: 212-335-2387
Facsimile: 212-335-2040

Attorneys for Defendant Bernd Bergmair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>          Plaintiff,<br><br>vs.<br><br>MINDGEEK S.A.R.L., et al.,<br><br>          Defendants. | Case No.: 2:21-cv-4920-WLH-ADS<br><br>**DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**<br><br>Date: November 22, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu<br>Complaint Filed:  June 17, 2021<br>Trial Date:  None Set |

1    Pursuant to Local Rule 79-5.2.2 and the Stipulated Protective Order entered
2  by this Court on October 14, 2022 (Dkt. 187), Defendant Bernd Bergmair hereby
3  submits this Application for Leave to File Under Seal Material Designated as
4  Confidential Pursuant to a Protective Order.   In support of this Application,
5  Bergmair states as follows:

6    1.    This application seeks leave to file under seal portions of the
7  contemporaneously-filed Defendant Bernd Bergmair's Motion to Dismiss the
8  Second Amended Complaint ("Bergmair Motion to Dismiss") and the Declaration
9  from Ronald G. White in support of that motion ("White Declaration"), which
10 contain and/or attach materials designated as Confidential or Highly Confidential by
11 Bergmair and other parties pursuant to the Protective Order in this case (ECF No.
12 187), or which reference portions of the Second Amended Complaint ("SAC")
13 which are filed under seal or portions of the Declaration of Andreas Andreou,
14 submitted in support of the MindGeek Entity Defendants' Motion to Dismiss
15 ("Andreou Declaration").[1]

16    2.    Specifically, as set forth below, Bergmair requests that the following
17 be filed under seal, in whole or in part: (a) White Declaration Exhibits A-C, E-J, and
18 L-P and (b) portions of the Bergmair Motion to Dismiss which refer to the contents
19 of those exhibits, sealed portions of the SAC, or portions of the Andreou Declaration
20 subject to an application for leave to file under seal filed by the MindGeek Entity
21 Defendants.

22    3.    The Protective Order allows a party to designate material that it
23 produces as "Confidential" if it qualifies for protection under Fed. R. Civ. P. 26(c),
24 or as otherwise provided for in a party's good cause statement.

25
26

27 [1] We understand that the MindGeek Entity Defendants will seek leave to file under
28 seal portions of the Andreou Declaration, including portions relied on in the Bergmair Motion to Dismiss.

1    **I.      Material Designated by Bergmair as Confidential or Highly Confidential**

2          4.      During the course of jurisdictional discovery, Bergmair designated as

3    "Confidential" the transcript of the deposition of Bernd Bergmair, dated June 15,

4    2023 (excerpts of which are submitted as White Decl. Ex. A) and designated as

5    "Highly Confidential" the Share Purchase Agreement dated January 30, 2023, as

6    amended on March 15, 2023 (produced as Bergmair_Fleites_00002694) (excerpts

7    of which are submitted as White Decl. Ex. E).

8          5.      Exhibit P to the White Declaration also includes the Declaration of

9    Bernd Bergmair, dated August 30, 2024, portions of which discuss the same matters

10   as the discovery materials designated as confidential.

11         6.      Bergmair seeks to seal (a) portions of Exhibit A; (b) Exhibit E in its

12   entirety; (c) portions of Exhibit P; and (d) portions of the Bergmair Motion to

13   Dismiss which refer to the contents of those exhibits or to sealed portions of the

14   SAC.    The designated information constitutes personal financial information

15   regarding his investment in a private company.   This includes (1) the amount of

16   money he invested in MindGeek, (2) the shareholding and economic interests and

17   other rights he received (and exercised) in exchange for his investment; (3) the

18   identity of the corporate entities through which he invested; and (4) his receipt of

19   dividends as a result of his investment.   Specifically, Bergmair requests that the

20   following excerpts be filed under seal:

21

22

23

24

25

26

27

28

| MATERIAL REQUESTED FOR SEALING | REASON |
|---|---|
| Ex. A at 72, 73, 76, 77, 106-107, 161, 163 and corresponding references to the contents of this material in the Bergmair Motion to Dismiss | Amount of money Bergmair invested in MindGeek |
| Ex. A at 67, 68, 69, 91, 96, 97, 98, 99, 100, 101, 102, 103, 105, 108, 109, 110, 117, 122, 126, 127, 128, 130, 131, 135, 136, 137, 138, 139, 140, 141, 147, 148, 150, 151, 152, 158, 159, 163, 178, 179, 193, 194, 195, 197, 198, 200, 201, 207, 208, 218, 234, 235, 237, 238, 239, 240, 241, 257 and corresponding references to the contents of this material in the Bergmair Motion to Dismiss; Ex. P at ¶¶ 5-7 and corresponding references to the contents of this material in the Bergmair Motion to Dismiss | Bergmair's shareholding and economic interests and other rights he received in exchange for his investment |
| Ex. A at 108, 109, 120, 126, 127, 128, 130, 136, 137, 163 and corresponding references to the contents of this material in the Bergmair Motion to Dismiss; Ex. E and corresponding references to the contents of this material in the Bergmair Motion to Dismiss | The identity of corporate entities through which Bergmair invested |
| Ex. A at 135, 136, 137, 138, 139, 140, 141, 147, 148, 150, 151, 152, 158, 159, 163, 164, 165 and corresponding references to the contents of this material in the Bergmair Motion to Dismiss; Ex. P at ¶ 11 and corresponding references to the contents of this material in the Bergmair Motion to Dismiss | Bergmair's receipt of dividends as a result of his investment |

7.    The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).    In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *Id.*

8.    "[T]he Ninth Circuit has not stated the standard – good cause or compelling reasons – that applies to the sealing of a pleading. *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV-18-6809-MWF(MRWx), 2018 WL 6985313, at *1 (C.D. Cal. Nov. 6, 2018) (recognizing split of authority among the

1  district courts in the Ninth Circuit).

2     9.     The "good cause" standard comes from Rule 26(c)(1), which sets forth

3  the requirements for protective orders during discovery.  *Ctr. for Auto Safety v.*

4  *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Rule 26(c)(1) provides,

5  "The court may, for good cause, issue an order to protect a party or person from

6  annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ.

7  P. 26(c).

8     10.    "'[C]ompelling reasons' sufficient to outweigh the public's interest in

9  disclosure and justify sealing court records exist when such 'court files might have

10  become a vehicle for improper purposes,' such as the use of records to gratify private

11  spite, promote public scandal, circulate libelous statements, or release trade secrets."

12  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)

13  (quoting *Nixon*, 435 U.S. at 598).

14     11.    Bergmair's narrowly tailored sealing request satisfies both standards.

15     12.    Courts in this circuit have routinely held that confidential business and

16  personal financial information—such as the amount of his investment, the

17  shareholding and economic interests he received in return, his receipt of dividends

18  and other details regarding his investment in a private company—satisfies the

19  compelling reasons standard and warrants sealing.  *See Reputation.com, Inc. v.*

20  *Mullarkey*, No. 21-CV-07340-HSG, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30,

21  2022) (Compelling reasons standard satisfied, in part, because the at-issue

22  "documents contain confidential business and financial information relating to the

23  terms of [a corporate] acquisition" which, "[i]f publi[shed], the terms of the

24  agreement could be used against Plaintiff in future negotiations by potential

25  acquirees or other entities competing against Plaintiff for such opportunities");

26  *Monterey Bay Military Housing LLC v. Ambac Assurance Corp.*, 2019 WL

27  11658748, at 2 (N.D. Cal. July 11, 2019) (finding "compelling reasons" to seal

28  "documents [that] relate to financial transactions that were intended to be, and have

4

been, kept in confidence," as well as "private financial and operational information"
regarding business); *Allianz Global Risks US Ins. Co. v. United States*, 2021 WL
3171862, at 2 (S.D. Cal. July 27, 2021) (finding "compelling reasons" to seal
information from which "the potential economic value of [the designating party's]
business ventures can be deduced"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-
GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons
exist to seal "confidential business information," such as "confidential business
agreements executed among the parties," agreement terms, amounts paid under
agreements, "financial terms," details of negotiations, and "business strategies");
*Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at
*4 (N.D. Cal. June 30, 2015) (party may meet burden under Local Rule 79-5 where
party seeks to seal "proprietary and confidential business information," including
agreements reflecting "parties' obligations and terms of payment"); *see also Nguyen
v. City of Garden Grove*, No. 8:21-01775-JVS(ADSx), 2023 WL 2558536, at *4
(C.D. Cal. Feb. 2, 2023) (during discovery, permitting redactions of private financial
information such as "asset information").

13.    Bergmair notes that the information described above is the same or
similar to the information that is redacted in Plaintiff's Second Amended Complaint.

## II.    Material Designated as Confidential or Highly Confidential by Others

14.    On August 27, 2024, Bergmair notified the MindGeek Entity
Defendants, Feras Antoon, and David Tassillo of his intent to rely on the following
exhibits in connection with his Motion to Dismiss the Second Amended Complaint,
which have been previously designated as "Confidential" or "Highly Confidential":

| White Decl. Exhibit Letter | Description | Designating Party |
|---|---|---|
| A | Excerpts of the Transcript of the Deposition of Bernd Bergmair, dated June 15, 2023 and corresponding references to this material in the Bergmair Motion to Dismiss | MindGeek Entity Defendants |

DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL
DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER

| B | Excerpts of the Transcript of the Deposition of Feras Antoon, dated June 14, 2023 and corresponding references to this material in the Bergmair Motion to Dismiss | Feras Antoon; MindGeek Entity Defendants |
|---|---|---|
| C | Excerpts of the Transcript of the Deposition of David Tassillo, dated June 16, 2023 and corresponding references to this material in the Bergmair Motion to Dismiss | David Tassillo; MindGeek Entity Defendants |
| F | Share Purchase Agreement dated January 20, 2023 (produced as Tassillo_Fleites_00000851) and corresponding references to this material in the Bergmair Motion to Dismiss | David Tassillo |
| G | Excerpts of the Transcript of the Deposition of Andreas Andreou, dated June 14, 2023 and corresponding references to this material in the Bergmair Motion to Dismiss | MindGeek Entity Defendants |
| H | Excerpts of the Shareholders' Agreement, dated October 18, 2013 (produced as MindGeek_Fleites_00001814) and corresponding references to this material in the Bergmair Motion to Dismiss | MindGeek Entity Defendants |
| I | Spreadsheet relating to Feras Antoon produced by the MindGeek Entity Defendants during jurisdictional discovery (produced as MindGeek_Fleites00003003) and corresponding references to this material in the Bergmair Motion to Dismiss | MindGeek Entity Defendants |
| J | Spreadsheet relating to David Tassillo produced by the MindGeek Entity Defendants during jurisdictional discovery (produced as MindGeek_Fleites00003006) and corresponding references to this material in the Bergmair Motion to Dismiss | MindGeek Entity Defendants |
| L | Excerpts of a MindGeek S.a. r. l. Confidential Information Memorandum, dated July 2015 (produced as MindGeek_Fleites00008508) and corresponding references to this material in the Bergmair Motion to Dismiss | MindGeek Entity Defendants |
| M | Excerpts of the Feras Antoon's Responses to Plaintiff's Request for Admissions, dated June 15, | Feras Antoon |

DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER

| | | 2023 and corresponding references to this material in the Bergmair Motion to Dismiss | |
|---|---|---|---|
| N | Excerpts of the David Tassillo's Responses to Plaintiff's Request for Admissions, dated June 15, 2023 and corresponding references to this material in the Bergmair Motion to Dismiss | David Tassillo |
| O | Excerpts of a spreadsheet produced by the MindGeek Entity Defendants during jurisdictional discovery (produced as MindGeek_Fleites00066312) and corresponding references to this material in the Bergmair Motion to Dismiss | MindGeek Entity Defendants |

15. Bergmair subsequently conferred with the MindGeek Entity Defendants, Antoon, and Tassillo. The MindGeek Entity Defendants, Antoon, and Tassillo have indicated their intent to request that the material – and references to the material in the Bergmair Motion to Dismiss – remain Confidential or Highly Confidential and under seal.

16. Bergmair has also conferred with the MindGeek Entity Defendants about references to the Andreou Declaration in the Bergmair Motion to Dismiss. The MindGeek Entity Defendants have indicated their intent to request that those references remain Confidential and under seal.

17. Local Rule 79-5.2.2 provides that where a Filing Party seeks to file a document containing information previously designated as confidential by another pursuant to a protective order, and the document cannot be suitably redacted by agreement, the Filing Party may file an Application for Leave to File Under Seal. The Rule further requires the Filing Party to confer with the Designating Party at least three days before seeking to file the document(s) under seal and, if sealing remains necessary, to serve a copy of the application and any supporting declaration on the Designating Party the same day the motion is filed, so that the Designating Party may, within four days, file a declaration that establishes why all or part of the designated material is sealable.

18.     Accordingly, under Local Rule 79-5.2.2, Bergmair has redacted the designated material in the publicly filed versions of the Bergmair Motion to Dismiss and exhibits accompanying Declaration of Ronald G. White.

19.     Bergmair is attaching the following to the sealed declaration in support of this Application:

| Exhibit to Sealed Declaration in Support of this Application | Description |
| --- | --- |
| A | Unredacted version of Defendant Bernd Bergmair's Motion to Dismiss the Second Amended Complaint with the designated material highlighted |
| B | Excerpts of the Transcript of the Deposition of Bernd Bergmair, dated June 15, 2023 (White Decl. Ex. A) |
| C | Excerpts of the Transcript of the Deposition of Feras Antoon, dated June 14, 2023 (White Decl. Ex. B) |
| D | Excerpts of the Transcript of the Deposition of David Tassillo, dated June 16, 2023 (White Decl. Ex. C) |
| E | Excerpts of the Share Purchase Agreement dated January 30, 2023, as amended on March 15, 2023 (produced as Bergmair_Fleites_00002694) (White Decl. Ex. E) |
| F | Share Purchase Agreement dated January 20, 2023 (produced as Tassillo_Fleites_00000851) (White Decl. Ex. F) |
| G | Excerpts of the Transcript of the Deposition of Andreas Andreou, dated June 14, 2023 (White Decl. Ex. G) |
| H | Excerpts of the Shareholders' Agreement, dated October 18, 2013 (produced as MindGeek_Fleites_00001814) (White Decl. Ex. H) |
| I | Spreadsheet relating to Feras Antoon produced by the MindGeek Entity Defendants during jurisdictional discovery (produced as MindGeek_Fleites00003003) (White Decl. Ex. I) |
| J | Spreadsheet relating to David Tassillo produced by the MindGeek Entity Defendants during jurisdictional discovery (produced as MindGeek_Fleites00003006) (White Decl. Ex. J) |
| K | Excerpts of a MindGeek S.a. r. l. Confidential Information Memorandum, dated July 2015 (produced as MindGeek_Fleites00008508) (White Decl. Ex. L) |

| L | Excerpts of the Feras Antoon's Responses to Plaintiff's Request for Admissions, dated June 15, 2023 (White Decl. Ex. M) |
| M | Excerpts of the David Tassillo's Responses to Plaintiff's Request for Admissions, dated June 15, 2023 (White Decl. Ex. N) |
| N | Excerpts of a spreadsheet produced by the MindGeek Entity Defendants during jurisdictional discovery (produced as MindGeek_Fleites00066312) (White Decl. Ex. O) |
| O | Declaration of Bernd Bergmair, dated August 30, 2024 (White Decl. Ex. P) with the designated material highlighted |

20. The parties have been served with a copy of this Application today through CM/ECF system, and by email, as required by Local Rule 79-5.2.2.

Dated: August 30, 2024                    Respectfully submitted,


                                          */s/ Ronald G. White*
                                          Ronald G. White

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

The undersigned, the counsel of record for Bernd Bergmair, certifies that the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on August 30, 2024 upon all counsel of record via email.

Dated:  August 30, 2024

Respectfully submitted,

*/s/ Ronald G. White*
RONALD G. WHITE
(admitted *pro hac vice*)
rwhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY  10281
Tel: (212) 335-2387
Fax: (212) 335-2040

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

Attorneys for Defendant Bernd Bergmair

DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER