WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
4000 MacArthur Boulevard,
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (*pro hac vice*)
Matthew V. Povolny (*pro hac vice*)
Joanna Chan
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com
Email: mpovolny@cohengresser.com
Email: jchan@cohengresser.com

*Attorneys for Specially Appearing
Defendant Feras Antoon*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>                Plaintiff,<br>v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGAMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation, GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, A Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware Corporation; CB AGENCY SERVICES, LLC, A Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation<br><br>                Defendants. | Case No. 2:21-cv-4920<br><br>**DECLARATION OF FERAS ANTOON IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS FERAS ANTOON AND DAVID TASSILLO'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

DECLARATION OF FERAS ANTOON
CASE NO. 2:21-cv-4920

I, Feras Antoon, hereby state to the best of my knowledge and belief:

1. I submit this declaration in (i) support of my and David Tassillo's joint Motion to Dismiss Plaintiff's Second Amended Complaint (the "SAC") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6) and 9(b); and (ii) response to allegations in the SAC that I am an alter ego of various MindGeek entities, including 9219-1568 Québec Inc. ("9219 Inc.") and MG Freesites, Ltd. ("MG Freesites").

2. The purpose of this declaration is to address allegations in the SAC regarding personal jurisdiction and my supposed alter ego of various MindGeek entities, including, but not limited to MindGeek S.a.r.l.; MG Freesites, Ltd.; MindGeek USA; MG Premium Ltd.; MG Global Entertainment, Inc.; and 9219 Inc. (collectively, the "MindGeek Entity Defendants").

3. This declaration does not respond to all other allegations in the SAC that either directly or indirectly involve me. The absence of such a response in this declaration should not be interpreted to mean I agree with those allegations nor that the allegations are true.

A. **Personal Background**

4. I am a citizen and resident of Canada.

5. I have been continuously residing in Canada since 2008.

6. I maintain a driver's license in Canada.

7. I own real property in Canada.

8. I am registered to vote in Canada.

9. I receive my mail in Canada.

10. I intend to remain and maintain my residence in Canada.

11. I have not resided in the United States.

## B. Employment History

12. During the period relevant to Plaintiff's SAC, the terms of my employment were governed by an employment agreement with 9219 Inc., a corporation established under the laws of the Province of Québec.

13. Between June 2008 and June 2022, I was employed by 9219 Inc. as its Chief Executive Officer and worked in its principal office located at 7777 Boulevard Décarie, Suite 600, Montréal, Québec, Canada.

14. In connection with my employment, I provided managerial services to 9219 Inc., which in turn provided various services to a number of MindGeek-affiliated entities, including MG Freesites, pursuant to services agreements between 9219 Inc. and other MindGeek-affiliated entities.

15. On or about March 22, 2018, I entered into a Further Amended and Restated Executive Employment Agreement (the "Employment Agreement") with 9219 Inc. A true and accurate copy of the Employment Agreement is attached hereto as Exhibit A.

16. As the Chief Executive Officer, I reported to 9219 Inc.'s Board of Directors (the "9219 Inc. Board").

17. Pursuant to the terms of the Employment Agreement, I received a base salary and was eligible for an annual bonus authorized by the 9219 Inc. Board, paid vacation, a monthly car allowance, and participation in a benefits plan.

18. In connection with this employment, I held one preferred share of 9219 Inc. Approximately 20 other individuals each likewise held one preferred share of 9219 Inc. The 9219 Inc. Board, in its sole discretion, declared and paid dividends in respect of such shares, which were bound by the limitations set by MindGeek's lenders.

19. In or about June 2022, I resigned from my position as Chief Executive Officer of 9219 Inc.

## C. Economic Interest

20. Since in or about 2013, in connection with my service as an employee of 9219 Inc. and pursuant to the Shareholders' Agreement discussed below, I held an approximate 21% beneficial economic interest in the MindGeek group of entities.

21. MindGeek S.à r.l. ("MindGeek Luxembourg"), a corporation incorporated under the laws of the Grand Duchy of Luxembourg, with its registered office at 46 Grand Rue, L-1660 Luxembourg, Grand Duchy of Luxembourg, entered into a Shareholders' Agreement dated as of October 13, 2018 (the "Shareholders' Agreement"), among FDCO Holding, Inc. ("FDCO Holding") (formerly known as MindGeek Holding Inc.), Share Investments S.A., Coginvest S.A., Acaju Investments S.A., MindGeek RK S.à r.l., RK Holdings, LLC, MindGeek RK S.à r.l., and RT Holding S.à r.l. A true and accurate copy of the Shareholders' Agreement is attached hereto as Exhibit B.

22. The Shareholders' Agreement was amended as of March 22, 2018 (the "Amendment"). A true and accurate copy of the Amendment is attached hereto as Exhibit C.

23. FDCO Holding was a company organized under the laws of Canada.

24. Pursuant to the Shareholders' Agreement, FDCO Holding regularly received financial statements prepared for and delivered by MindGeek Luxembourg; independent auditor's reports from MindGeek Luxembourg's auditor, Raymond Chabot Grant Thornton LLP; minutes from meetings of the MindGeek Luxembourg shareholders; and written resolutions of the MindGeek Luxembourg shareholders.

25. Prior to on or about March 2023, FDCO Holding held an approximate 31% economic interest under the Shareholders' Agreement, principally through MindGeek Luxembourg.

26. 9288-1275 Québec, Inc. ("9288-1275 Québec"), a Québec company, held approximately 32% of the shares of FDCO Holding.

27. 9288-1259 Québec, Inc. ("9288-1259 Québec"), a Québec company, held approximately 68% of the shares of FDCO Holding.

28. Prior to on or about March 2023, I owned 100% of the preferred shares and, indirectly as a beneficiary of the Antman Family Trust, approximately 95% of the common shares in 9288-1259 Québec.

29. Pursuant to the Shareholders' Agreement and the amendment thereto, MindGeek Luxembourg distributed dividend payments to shareholders, including FDCO Holding, in amounts determined by the MindGeek Luxembourg Board of Directors (the "MindGeek Luxembourg Board") or by the general meeting of shareholders, provided that the conditions for distributing dividends were satisfied.

30. I was not a member of the MindGeek Luxembourg Board.

31. To the extent that dividends were distributed, those dividends were paid by MindGeek Luxembourg to FDCO Holding and further distributed in proportion to the holdings in FDCO Holding.

32. Between approximately 2013 to 2016, MindGeek Luxembourg did not pay shareholder dividends.

33. Between approximately 2013 to 2016, I received the equivalent of dividend payments in the form of a bonus pursuant to lender consent and a profit-sharing mechanism that was in place at 9219 Inc. That profit-sharing mechanism applied to many other individuals as well.

34. Those bonus payments were taxed at a greater percentage than the tax levied on dividends distributed in or around 2017 via MindGeek Luxembourg.

35. FDCO Holding distributed MindGeek Luxembourg's dividend payments among 9288-1259 Québec and 9288-1275 Québec.

36. Prior to on or about March 2023, I had an approximate 21% beneficial economic interest in MindGeek Luxembourg and received dividend distributions through 9288-1259 Québec.

37. In or about March 2023, FDCO Holding sold its approximate 31% interest in MindGeek Luxembourg to ECP One Ltd.

### D. Corporate Separation

38. During the period relevant to Plaintiff's SAC, my personal and financial affairs remained separate from the corporate and financial affairs of all MindGeek entities.

39. I have not shared a bank account with 9219 Inc., MindGeek Luxembourg, or any other MindGeek Entity Defendants

40. I did not have access or signatory authority for any bank account owned by 9219 Inc., MindGeek Luxembourg, or any other MindGeek Entity Defendants.

41. I have not been personally liable for the debts of 9219 Inc., MindGeek Luxembourg, or any other MindGeek Entity Defendants.

42. I have not borrowed money from 9219 Inc., MindGeek Luxembourg, or any other MindGeek Entity Defendants.

43. The directors and officers of 9219 Inc. and MindGeek Luxembourg were not identical.

### E. Investment & Donation

44. Mr. Tassillo and I each invested in entities that collectively owned (i) a 47% minority interest in property located at 7777 Boulevard Décarie in Montréal, Québec; and (ii) a 30% minority interest in property located at 8000 Boulevard Décarie in Montréal, Québec.

45. As previously noted, the offices of 9219 Inc. are located at 7777 Boulevard Décarie, Suite 600, Montréal, Québec.

46. Prior to our purchase of the building located at 7777 Boulevard Décarie in Montréal, Québec, Mr. Tassillo and I disclosed to all relevant MindGeek boards of directors, and outside accountants, our intention to purchase an interest in a portion of the building. To maintain an arm's length negotiation, the majority owners, Mr. Tassillo, and I hired a third-party firm to perform an analysis of rental pricing, which was the price we then offered to 9219 Inc. The financing department of 9219 Inc. thereafter independently reviewed and approved the rental terms.

47. Shortly after the purchase of the building located at 8000 Boulevard Décarie, in Montréal, Québec, the COVID-19 pandemic prevented the building from being occupied.

48. On occasion, I participated in discount programs available to employees of the MindGeek entities to purchase – using my personal funds – electronic equipment such as iPads for donation to my children's school.

* * *

49. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: August 30, 2024



Feras Antoon

DECLARATION OF FERAS ANTOON
CASE NO. 2:21-cv-4920