UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br><br>    vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, | CASE NO. 2:21-cv-4920<br><br>**[PROPOSED] ORDER GRANTING THE REDWOOD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF NO. 446]** |

[PROPOSED] ORDER

1  LLC, a Delaware corporation;
   COLBECK CAPITAL
2  MANAGEMENT, LLC, a Delaware
   corporation, CB MEDIA VENTURES
3  LLC, a Delaware corporation; CB
   AGENCY SERVICES, LLC, a
4  Delaware corporation; and CB
   PARTICIPATIONS SPV, LLC, a
5  Delaware corporation,

6        Defendants.

On August 30, 2024, Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC (collectively, the "Redwood Defendants") filed a Motion to Dismiss Plaintiff Serena Fleites' ("Plaintiff") Second Amended Complaint ("SAC") (the "Motion") in this matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules").

In their Motion, the Redwood Defendants seek dismissal of the claims asserted against them under Rule 12(b)(1) on the grounds that Plaintiff lacks Article III standing. In particular, the Redwood Defendants argue that Plaintiff cannot establish the second element of Article III standing, namely that Plaintiff's injury is fairly traceable to the challenged action of the Redwood Defendants. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (identifying the three elements required to satisfy Article III's standing requirements); *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023) ("[A]t the pleadings stage, the plaintiff must allege sufficient facts that, taken as true, 'demonstrat[e] each element' of Article III standing.") (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

The Redwood Defendants also seek dismissal of the claims that Plaintiff has asserted against them under Rule 12(b)(6). First, the Redwood Defendants move to dismiss the two claims that Plaintiff has asserted against them under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), for beneficiary liability (Count III of the SAC) and conspiracy liability (Count IV of the SAC) on the grounds that the SAC fails to establish proximate cause. Next, the Redwood Defendants move to dismiss the TVPRA beneficiary liability claim on the grounds that (i) the SAC does not establish that they "participated in a venture" that harmed Plaintiff; (ii) the SAC fails to plausibly allege that Redwood "knew or should have known" of Plaintiff's sex trafficking; and (iii) beneficiary liability is not legally available where there is no

underlying liability. The Redwood Defendants further move to dismiss the TVPRA conspiracy liability claim on the grounds that it is barred by controlling Ninth Circuit law, *Ratha v. Rubicon Res., LLC*, No. 23-55299, 2024 WL 3589751 at *17 (9th Cir. July 31, 2024) (*Ratha II*), because Redwood's alleged TVPRA violations predate the 2023 amendment to the TVPRA that allowed for civil conspiracy liability, and, even if this were not the case, the SAC does not adequately allege any conspiracy involving the Redwood Defendants.

The Redwood Defendants also move to dismiss the hybrid claim pled by Plaintiff in Count XIV of the SAC for violation of California's consumer protection statutes, Cal. Bus. & Prof. Code §§ 17200 (the Unfair Competition Law ("UCL")) and 17500 (the False Advertising Law ("FAL")) on the grounds that: (i) the UCL and FAL are separate statutes, which must be assessed independently; (ii) the SAC fails to show that Plaintiff has standing to pursue relief from Redwood under these statutes; (iii) the claim rests exclusively on allegations of misconduct by other defendants, which do not apply to Redwood, and the SAC improperly attempts to shoehorn Redwood into liability under the generalized category of "Defendants"; (iv) the FAL claim does not satisfy Rule 9(b) and the SAC does not allege sufficient facts to show that "members of the public are likely to be deceived" by the Redwood Defendants, *see Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal. 5th 279, 309 (2020), *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); and (v) the SAC fails to adequately plead a claim under any of the three prongs of the UCL.

Further, the Redwood Defendants move to dismiss the civil conspiracy claim that Plaintiff asserts against them in Count XVI of the SAC because (i) the SAC does not adequately allege the elements of a civil conspiracy, and (ii) the SAC has not adequately pled any underlying tort because Redwood, as a lender to third parties other than Plaintiff, owes no duty to Plaintiff.

The Court, having considered the Redwood Defendants' Motion to Dismiss, and all papers filed in support of and in opposition to Redwood's Motion, oral

arguments of counsel, and all other pleadings and papers on file herein, and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. Pursuant to Fed. R. Civ. P. Rule 12(b)(1), Plaintiff's Second Amended Complaint against the Redwood Defendants is hereby **DISMISSED WITH PREJUDICE**; or

2. Pursuant to Fed. R. Civ. P. Rule 12(b)(6), Plaintiff's Second Amended Complaint against the Redwood Defendants is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: _____

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE