**PAUL HASTINGS LLP**
JAMES M. PEARL (SB# 198481)
jamespearl@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
1999 Avenue of The Stars, 27th Floor
Los Angeles, California 90067
Telephone: 1(310) 620-5700
Facsimile: 1(310) 620-5899

ADAM M. REICH (SB# 274235)
adamreich@paulhastings.com
EMMA LANZON (*pro hac vice*)
emmalanzon@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: 1(312) 499-6000
Facsimile: 1(312) 499-6100

KRISTOPHER M. HANSEN (*pro hac vice*)
krishansen@paulhastings.com
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 752-3310

*Attorneys for Defendants,
Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware | CASE NO. 2:21-cv-4920<br><br>**DECLARATION OF JAMES M. PEARL IN SUPPORT OF REDWOOD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Notice of Motion, Memorandum of Points and Authorities, and Request for Judicial Notice filed concurrently herewith]<br><br>Place:   Courtroom 9B<br>Judge:   Hon. Wesley L. Hsu<br><br>SAC filed: May 23, 2024 |

| | |
|---|---|
| 1 | corporation; GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware corporation, CB MEDIA VENTURES LLC, a Delaware corporation; CB AGENCY SERVICES, LLC, a Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants. |
| 8 | |

DECLARATION OF JAMES M. PEARL ISO REDWOOD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SAC

I, James M. Pearl, declare as follows:

1. I am an attorney with the law firm of Paul Hastings LLP, counsel of record for Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC (erroneously sued as Gingogerum, LLC), and White-Hathaway Opportunity Fund, LLC (collectively, the "Redwood Defendants" or "Redwood"). I am duly admitted to practice law before all the Courts of the State of California and this Court. I have personal knowledge of the matters discussed below and if called upon to do so, I could and would competently testify thereto.

2. I make this declaration in support of the Redwood Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss").

3. On August 22, 2024, counsel for all parties met and conferred regarding Plaintiff's Second Amended Complaint. During that conference of counsel, I advised Lauren Tabaksblat, counsel for Plaintiff, that Redwood intended to file this Motion to Dismiss unless Plaintiff voluntarily dismissed its claims against Redwood, and would likewise move to seal exhibits in support of its Motion to Dismiss. Ms. Tabaksblat indicated that Plaintiff would not voluntarily dismiss her claims against Redwood, and reserved rights to reevaluate the pleading allegations after the filing of any Motion to Dismiss.

4. Attached hereto as **Exhibit A** is a true and correct copy of the independent audit report of Manwin Holding S.à.r.l. ("Manwin") prepared by Raymond Chabot Grant Thornton (the "Grant Thornton Report"), dated April 2013. **Exhibit A** is incorporated by reference in Plaintiff's Second Amended Complaint ("SAC") based upon at least the following allegations: "The due diligence materials [allegedly provided to Defendants Redwood and Colbeck] included reports from security and consulting firms that highlighted the risks associated with 'minors' and

1  'the distribution of illegal material' and euphemistically explained that the company tried to 'maintain such risks at acceptable levels for all stakeholders while, at the same time, maintaining the attractiveness if its products and services.'  Before providing financing, Colbeck and Redwood fully understood and endorsed what those 'acceptable levels' of 'minor' and 'illegal material' were under MindGeek's unrestricted content model (i.e., as much as possible)."  (*See* SAC ¶¶ 261-63.)

5.     Attached hereto as **Exhibit B** is a true and correct copy of the Amended and Restated Financing Agreement by and among, *inter alios*, Manwin Licensing International S.À.R.L. and each subsidiary thereof identified as a borrower, guarantors party thereto, the lenders from time to time party thereto, Cortland Capital Market Services LLC, as Collateral Agent and Administrative Agent, and CP Agency Services, LLC, as Origination Agent, dated October 18, 2013 (the "2013 Financing Agreement").  A version of the 2013 Financing Agreement was produced in this litigation beginning at MindGeek_Fleites_00015994 and was designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Stipulated Protective Order entered in this case. *See* ECF. No 187.  **Exhibit B** is incorporated by reference in the SAC based upon at least the following allegations: "It was the knowing and intentional willingness to finance this illicit business, which the rest of the investment community was not willing to finance, that permitted Colbeck and Redwood to secure exorbitant effective interest rates as high as 20% on secured loans with onerous control terms," (*see* SAC ¶ 269); "Colbeck and Redwood were also aware MindGeek was commercializing child pornography and other nonconsensual content from their direct involvement with the company for the decade they were respectively financing it.  In addition to its exorbitant economics, the financing terms also included draconian covenants and remedies that provided Colbeck, Redwood, and their syndicates substantial transparency into the business, regular reporting of financing and material business and legal matters, and the ability

to effectively control the company through various means including through broad default and foreclosure rights," (*see id.* ¶ 270); "Redwood and Colbeck knowingly benefitted financially from their participation in the MindGeek sex trafficking venture by exploiting the illegal nature of the business to siphon off hundreds of millions of dollars in windfall profits from exorbitant interest rates and other onerous economic terms on a fully secured loan." (*see id.* ¶ 494).

6. Attached hereto as **Exhibit C** is a true and correct copy of the Financing Agreement, by and among, Licensing IP International S.À.R.L., MG Licensing Europe S.À.R.L., MG Ex-US S.À.R.L., and MG IP S.À.R.L., MindGeek S.À.R.L. and each subsidiary included as a guarantor party thereto, as guarantors, the lenders from time to time party thereto, and Lucid Agency Services Limited, as Administrative Agent, and Lucid Trustee Services Limited, as Collateral Agent, dated April 9, 2018 (the "2018 Financing Agreement"). A version of the 2018 Financing Agreement was produced in this litigation beginning at MindGeek_Fleites_00040149 and was designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Stipulated Protective Order entered in this case. *See* ECF. No 187. **Exhibit C** is incorporated by reference in the SAC based upon at least the following allegations: "It was the knowing and intentional willingness to finance this illicit business, which the rest of the investment community was not willing to finance, that permitted Colbeck and Redwood to secure exorbitant effective interest rates as high as 20% on secured loans with onerous control terms," (*see* SAC ¶ 269); "Colbeck and Redwood were also aware MindGeek was commercializing child pornography and other nonconsensual content from their direct involvement with the company for the decade they were respectively financing it. In addition to its exorbitant economics, the financing terms also included draconian covenants and remedies that provided Colbeck, Redwood, and their syndicates substantial transparency into the business, regular reporting of

financing and material business and legal matters, and the ability to effectively control the company through various means including through broad default and foreclosure rights," (*see id.* ¶ 270); "Redwood and Colbeck knowingly benefitted financially from their participation in the MindGeek sex trafficking venture by exploiting the illegal nature of the business to siphon off hundreds of millions of dollars in windfall profits from exorbitant interest rates and other onerous economic terms on a fully secured loan." (*see id.* ¶ 494).

7. Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Event of Default and Reservation of Rights (the "Notice of Default") from Lucid Agency Services Limited, as Administrative Agent and Collateral Agent, to MindGeek S.à.r.l. (and affiliated entities), dated December 13, 2020. **Exhibit D** is incorporated by reference in the SAC based upon at least the following allegations: After the *New York Times* expose, Redwood "took no action" and instead "focus[ed] [on] exploiting the crisis to secure even greater economics and a quicker repayment of its investment to preserve it from risk.  It demanded that MindGeek agree to even higher interest rates and other economic costs and to a quicker repayment."  (*See* SAC ¶¶ 282-83; *see also id.* ¶ 494 (alleging that, "in December 2020, Redwood leveraged the widespread public disclosures of the illegality of MindGeek's business to demand even better loan terms.").)

8. Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the Reporter's Transcript of the Videotaped Deposition of Bernd Bergmair, (the "Bergmair Deposition Transcript"), taken in this action on June 15, 2023, and designated as CONFIDENTIAL pursuant to the Stipulated Protective Order Entered in this case. *See* ECF. No 187.  **Exhibit E** is incorporated by reference in the SAC based upon at least the following allegations: "Beyond the complete access to information about MindGeek's operations, the Colbeck and Redwood syndicates' substantial rights amounted to effective ownership and control.  The syndicates

DECLARATION OF JAMES M. PEARL ISO REDWOOD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SAC

consumed virtually all of the business' earnings for most of the years, and Colbeck and Redwood could at any time have declared a default for any number of reasons, including MindGeek's failure to comply with U.S. law or otherwise exclude illegal content, and thus had the ability to either take direct ownership and control or replace the Individual Defendants running the company.  As Bergmair testified, the Individual Owners needed to do whatever Colbeck and Redwood said.  Therefore, at any time, they could have directed MindGeek to comply with U.S. law and exclude child pornography or other illegal content, but they knowingly and intentionally did not do so because they understood the business and the syndicate's investment depended on that unrestricted content and the full utilization of the financing and operational earnings in acquiring, not limiting, it."  (*See* SAC ¶ 272.)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Century City, California on August 30, 2024.

*/s/ James M. Pearl*
James M. Pearl
