**PAUL HASTINGS LLP**
JAMES M. PEARL (SB# 198481)
jamespearl@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
1999 Avenue of The Stars, 27th Floor
Los Angeles, California 90067
Telephone: 1(310) 620-5700
Facsimile: 1(310) 620-5899

KRISTOPHER M. HANSEN (*pro hac vice*)
krishansen@paulhastings.com
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 752-3310

ADAM M. REICH (SB# 274235)
adamreich@paulhastings.com
EMMA LANZON (*pro hac vice*)
emmalanzon@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: 1(312) 499-6000
Facsimile: 1(312) 499-6100

*Attorneys for Defendants,*
*Redwood Capital Management, LLC,*
*Redwood Master Fund, Ltd, Redwood*
*Opportunity Master Fund, Ltd, Manuel 2018,*
*LLC, Ginogerum, LLC, and White-Hathaway*
*Opportunity Fund, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES, | CASE NO. 2:21-cv-4920 |
| Plaintiff, | **REDWOOD DEFENDANTS'** |
| vs. | **APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIALS RELEATED TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware | *Declaration of Adam M. Reich and [Proposed] Order Submitted Concurrently Herewith*  Place:    Courtroom 9B Judge:    Hon. Wesley L. Hsu  SAC filed: May 23, 2024 |

corporation; GINGOGERUM, LLC, a
Delaware corporation; WHITE-
HATHAWAY OPPORTUNITY FUND,
LLC, a Delaware corporation;
COLBECK CAPITAL
MANAGEMENT, LLC, a Delaware
corporation, CB MEDIA VENTURES
LLC, a Delaware corporation; CB
AGENCY SERVICES, LLC, a
Delaware corporation; and CB
PARTICIPATIONS SPV, LLC, a
Delaware corporation,

Defendants.

Pursuant to Local Rule 79-5.2.2, Redwood Capital Management, LLC ("RCM"), Redwood Master Fund, Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC (erroneously sued as Gingogerum, LLC), and White-Hathaway Opportunity Fund, LLC (collectively, the "Redwood Defendants" or "Redwood") respectfully submit this Application for Leave to File Under Seal limited portions of the Redwood Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Application") and certain exhibits attached to the Declaration of James M. Pearl in support thereof. Redwood, through counsel, conferred with Plaintiff, through counsel, regarding the substance of this Application beginning on August 22, 2024 and continuing through August 30, 2024, and on August 30, 2024, Plaintiff indicated that she would oppose this Application, though no reason was provided therefor. (*See* Declaration of Adam M. Reich in support hereof ("Reich Decl."), ¶ 8.) Specifically, Redwood requests this Court order the following materials to be filed under seal:

1. Exhibit A (the "Grant Thornton Report") to the Declaration of James M. Pearl in Support of the Redwood Defendants' Motion to Dismiss, filed at ECF No. XX ("Pearl Decl.");

2. Exhibit B (the "2013 Financing Agreement") to the Pearl. Decl.;

3. Exhibit C (the "2018 Financing Agreement") to the Pearl Decl.;

4. Exhibit D (the "Notice of Default") to the Pearl Decl.;

5. Exhibit E (the "Bergmair Deposition Transcript") to the Pearl Decl.; and

6. Redacted Memorandum of Points and Authorities in Support of the Redwood Defendants' Motion to Dismiss Plaintiff Serena Fleites' Second Amended Complaint (the "Motion to Dismiss").

The standard of review a court applies when reviewing applications to seal depends on whether the application is brought in connection with dispositive motions

- 1 -

or non-dispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). A "compelling reasons" standard applies to dispositive motions. *Id*.

Under the "compelling reasons" standard, a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal documents. *Pintos*, 605 F.3d at 679. "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id*. at 679 n.6 (citation omitted). This list is not exhaustive.

There are a variety of "compelling reasons" to seal documents. Courts have found "compelling reasons" to seal documents, where their disclosure would be in violation of a specific confidentiality provision set forth in those documents. *See, e.g.*, *SDI Labs, Inc. v. Sameday Techs., Inc.*, No. CV 23-05619-MWF (MRWx), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023) (concluding "compelling reasons" existed to seal a term sheet, which contained a confidentiality provision that may "expos[e] [the defendants] to a potential lawsuit" if disclosed) (alterations added) (citation omitted); *Hubrick Ltd. v. Wanderset, Inc.*, No. CV18-7980-SJO (RAOx), 2019 WL 3000652, at *6 (C.D. Cal. Mar. 19, 2019) (finding compelling reasons to seal a document, were disclosure would "risk potential law suits and injury as a result of a breached confidentiality agreement").

Courts have also found compelling reasons to seal documents, where disclosure would risk competitive injury. *See, e.g., In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (finding that compelling reasons existed to seal certain information subject to confidentiality agreements); *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *14 (S.D. Cal. Feb. 22, 2007) (granting an application to seal exhibits to a declaration because they contained "proprietary and/or trade secret information[]"

REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIALS RELATED MOTION TO DISMISS

and the information was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) (granting a request to seal a petition because it contained information that, if publicly released, "could place [the petitioner] in a diminished bargaining position in future negotiations"). Courts have also sealed documents that reflect "confidential business strategies and other commercially sensitive information." *See Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also ImprimisRx, LLC v. OSRX, Inc*., No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023) (commenting that future business planning and competitive strategy amount to "quintessential business information that may harm a firm's competitive standing if disclosed to the public") (citations omitted). This is consistent with the United States Supreme Court's determination that courts may seal "business information that might harm a litigant's competitive standing[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citation omitted).

The Ninth Circuit has also repeatedly stated that confidential and proprietary business information should be filed under seal. *See, e.g., IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (noting it "is common now in business litigation" to seal "confidential [business] information") (alteration added).

In light of the foregoing, there are compelling reasons for the Court to grant Defendants' Application for each of the six subject documents:

*First*, because the Grant Thornton Report is designated as "confidential" and was provided to Redwood in connection with a confidential financing transaction, there are compelling reasons to seal the document. The Grant Thornton Report specifically says that the recipient, "agree[s] to keep confidential the information

- 3 -

contained [t]herein" and provides that the Report "may not be reproduced or distributed to others at any time without the prior written consent of RCGT." (*See* Pearl Decl. Ex. A at 3.)  Because voluntary public disclosure of the Grant Thornton report is contrary to an express confidentiality provision and poses a risk of related litigation, compelling reasons exist to maintain it under seal. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs,* 2023 WL 10407399, at *1.  Additional compelling reasons exist for sealing the Grant Thornton report because it contains confidential information regarding another entity's business model.  *See, e.g.*, *ImprimisRx, LLC*, 2023 WL 7029210, at *3.

**Second**, because the 2013 Financing Agreement and the 2018 Financing Agreement contain express confidentiality provisions (Pearl Decl., Exs. B at 143, C at 150-52), and their disclosure would expose Redwood to potential litigation relating to those provisions, compelling reasons warrant its sealing.  *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs,* 2023 WL 10407399, at *1.  In addition, because the 2013 Financing Agreement and the 2018 Financing Agreement contain confidential financing terms, were not previously disclosed before, and reflect confidential business strategies and approaches to financing negotiations of Redwood and other lenders, there are additional compelling reasons to seal the 2013 and 2018 Financing Agreements.  *See Actian Corp. v. AB Sciex LLC*, No. 23-cv-05113-BLF, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023) ("Compelling reasons exist to seal confidential business information, the disclosure of which would cause a party competitive harm."); *Adema Techs., Inc. v. Wacker Chemie AG*, No. 5:13-cv-05599-PSG, 2013 WL 6622904, at *2 (N.D. Cal. Dec. 16, 2013) (finding compelling reasons justified sealing a Supply Agreement because "the structure and terms . . . [we]re considered highly confidential commercial information by [the movant]" and the movant only ever disclosed its supply agreements "with the protection of a confidentiality agreement and to government authorities when required and with as

1  much protection from public disclosure as possible"); *J.R. Simplot Co. v. Wash.*

2  *Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29.,

3  2016) (finding "compelling reasons exist to seal [a financing document] because the

4  public release of confidential finance information puts Defendants, and the

5  companies which they manage, at a competitive disadvantage when negotiating

6  future loan terms, contracts with customers, and business opportunities") (alteration

7  added).  Furthermore, because disclosure of loan terms would "create an asymmetry

8  of information in the negotiation of future . . . deals," sealing is appropriate.  *Apple,*

9  *Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846-LHK, 2012 WL 4933287, at *2 (N.D.

10  Cal. Oct. 16, 2012).  Furthermore, because versions of the 2013 and 2018 Financing

11  Agreements were produced by another party in this case, which that party's counsel

12  designated as Highly Confidential pursuant to the Stipulated Protective Order entered

13  in this case (*see* Reich Decl., ¶ 7), compelling reasons exist to maintain the

14  agreements under seal.

15      **Third**, because the Notice of Default was designated as confidential (Pearl

16  Decl., Ex. D), sent in connection with confidential financing agreements, and

17  references confidential terms of confidential agreements, compelling reasons warrant

18  its sealing.  *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs,* 2023 WL 10407399,

19  at *1; *see also Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, No. 17-cv-03764-EDL,

20  2017 WL 7310782, at *4 (N.D. Cal. Dec. 29, 2017) (holding that materials that "refer

21  to confidential agreements [] often [provide] a compelling reason justifying sealing

22  if the agreements contain commercially sensitive information"), *R. & R. adopted by*,

23  2018 WL 3069296 (N.D. Cal. Feb. 27, 2018) (citations omitted); *Nicolosi Distrib.,*

24  *Inc. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 10758114, at *2 (N.D.

25  Cal. Aug. 28, 2018) (ordering contracts sealed because they "contain[ed] proprietary

26  and confidential business information, including potential trade secrets and business

27  practices, such as product rates and purchase requirements").

28

REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL
MATERIALS RELATED MOTION TO DISMISS

***Fourth***, because <u>the excerpts of the Bergmair Deposition Transcript</u> include testimony of another party in this case, which that party's counsel designated as Confidential pursuant to the Stipulated Protective Order entered in this case (Pearl Decl., Ex. E), and subsequently requested in a pre-filing conference of counsel that Redwood file under seal (*see* Reich Decl., ¶ 7), compelling reasons exist to maintain it under seal.  Furthermore, because the excerpts specifically discuss an expressly confidential financing agreement, and their disclosure may reveal confidential negotiations and business strategies, there are additional compelling reasons to seal the exhibit.  *See Lightning Box Games*, 2017 WL 7310782, at *4; *Adema Techs.*, 2013 WL 6622904, at *2; *Ovonic Battery Co.*, 2014 WL 2758756, at *3.  *See also Pluspass, Inc. v. Verra Mobility Corp.*, No. 2:20-cv-10078-FWS-KK, 2023 WL 6370236, at *4 (C.D. Cal. Aug. 29, 2023) (finding compelling reasons to seal declaration containing "trade secrets, including information regarding contractual terms, confidential negotiations, and business strategies").

***Fifth***, compelling reasons exist to seal limited portions of the Redwood Defendants' Memorandum of Points and Authorities in Support of its Motion to Dismiss that quote or reference details of the Grant Thornton Report, the 2013 and 2018 Financing Agreements, the Notice of Default, and/or the Bergmair Deposition Transcript, which, as set forth above, each have compelling reasons to be maintained under seal.  *See, e.g., Opperman v. Path, Inc*., No. 13-cv-00453-JST, 2017 WL 1036652, at *2 (N.D. Cal. Mar. 17, 2017) (granting sealing as to excerpts of opposition brief referencing exhibits sealed by the court)*.*

///

///

///

///

///

Therefore, in light of the fact that there are multiple, articulable compelling reasons to seal the documents attached to this Application, Redwood respectfully requests that the Court grant this Application to File Under Seal.

DATED:  August 30, 2024                    **PAUL HASTINGS LLP**

By:  _/s/ James M. Pearl_
                                    JAMES M. PEARL

*Attorneys for Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC*

REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIALS RELATED MOTION TO DISMISS