**PAUL HASTINGS LLP**
JAMES M. PEARL (SB# 198481)
jamespearl@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
1999 Avenue of The Stars, 27th Floor
Los Angeles, California 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

ADAM M. REICH (SB# 274235)
adamreich@paulhastings.com
EMMA LANZON (*pro hac vice*)
emmalanzon@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone:  1(312) 499-6000
Facsimile:  1(312) 499-6100

KRISTOPHER M. HANSEN (*pro hac vice*)
krishansen@paulhastings.com
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 752-3310

*Attorneys for Defendants,*
*Redwood Capital Management, LLC, Redwood*
*Master Fund, Ltd, Redwood Opportunity*
*Master Fund, Ltd, Manuel 2018, LLC,*
*Ginogerum, LLC, and White-Hathaway*
*Opportunity Fund, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES, | CASE NO. 2:21-cv-4920 |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REDWOOD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; | Date:    November 22, 2024<br>Time:    1:30 p.m.<br>Place:   Courtroom 9B<br>Judge:   Hon. Wesley L. Hsu<br><br>SAC filed: May 23, 2024<br><br>[Notice of Motion and Motion to Dismiss, Memorandum of Points and Authorities in support thereof, and Declaration of James M. Pearl in support thereof, filed concurrently herewith] |

1   MANUEL 2018, LLC, a Delaware
    corporation; GINGOGERUM, LLC, a
2   Delaware corporation; WHITE-
    HATHAWAY OPPORTUNITY FUND,
3   LLC, a Delaware corporation;
    COLBECK CAPITAL
4   MANAGEMENT, LLC, a Delaware
    corporation, CB MEDIA VENTURES
5   LLC, a Delaware corporation; CB
    AGENCY SERVICES, LLC, a
6   Delaware corporation; and CB
    PARTICIPATIONS SPV, LLC, a
7   Delaware corporation,

8               Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), Defendants Redwood Capital Management, LLC ("RCM"), Redwood Master Fund, Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC (erroneously sued as Gingogerum, LLC), and White-Hathaway Opportunity Fund, LLC (collectively, the "Redwood Defendants" or "Redwood") by and through their undersigned counsel, respectfully request that the Court take judicial notice of the following exhibits in connection with the Redwood Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss").

1.      **Exhibit A:** A true and correct copy of a printout of a December 16, 2020 article published by Financial Times, with the headline, "*MindGeek: the secretive owner of Pornhub and RedTube*," available at https://www.ft.com/content/b50dc0a4-54a3-4ef6-88e0-3187511a67a2 (Dec. 16, 2020).  The article states, "The solution came in 2011, in the form of $362m in debt from 125 secret investors that — according to one financial backer — included Fortress Investment Group, JPMorgan Chase and Cornell University."

2.      **Exhibit B:** A true and correct copy of a printout of a December 18, 2020 article published by Financial Times, with the headline, "*Robinhood: playing for keeps*," available at https://www.ft.com/content/d1f178c9-5ca7-4506-9507-ee93939f8ec3 (Dec. 18, 2020).  The article states, "Fast-forward to 2011, when Thylmann secured $362m in debt from 125 secret investors that — according to one financial backer — included Fortress Investment Group, JPMorgan Chase and Cornell University."

3.      **Exhibit C:** A true and correct copy of a printout of a December 18, 2020 article published by Intelligencer, with the headline, "*Pornhub Funders Include… Cornell University, Financial Times Report Reveals*," available at https://nymag.com/intelligencer/2020/12/pornhub-funders-include-cornell-

university-report-reveals.html (Dec. 18, 2020).    The article states, "A report published Wednesday in the *Financial Times* revealed that a mysterious businessman named Bernard Bergemar is the largest owner of MindGeek, and that in 2011, the company received a $362 million loan, with a 20.4 percent interest rate, from 125 'secret' investors, which included JPMorgan Chase, private-equity giant Fortress Investment Group, and — naturally — an Ivy League college."

4.    **Exhibit D**: A true and correct copy of the transcript from the Parliament of Canada's 19th meeting of the *House of Commons Standing Committee on Access to Information, Privacy and Ethics* ("Canadian Parliament Meeting"), available at https://www.ourcommons.ca/documentviewer/en/43-2/ETHI/meeting-19/evidence (Feb. 5, 2021).  The Canadian Parliament Meeting took place on February 5, 2021.

# I.    JUDICIAL NOTICE OF EXHIBITS A-D COMPORTS WITH THE FEDERAL RULES OF EVIDENCE

The Court should take judicial notice of Exhibits A-D because this Request meets the requirements of FRE 201.  On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[1]  *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also*. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.") (citation omitted).  Pursuant to Federal Rule of Evidence 201, a fact is judicially noticeable whenever it is "not subject to reasonable dispute because it: (1) is generally known

---

[1] "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.  The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Pino v. Cardone Cap., LLC*, No. CV 20-8499-JFW(KSx), 2023 WL 7800138, at *5, (C.D. Cal. Oct. 4, 2023), *appeal docketed*, No. 23-3512 (9th Cir. Dec. 15, 2023) (citation omitted).

REQUEST FOR JUDICIAL NOTICE ISO REDWOOD DEFENDANTS' MOTION TO DISMISS

within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

A.    **Exhibits A-C are Judicially Noticeable News Articles Containing a Judicially Noticeable Fact About MindGeek's Numerous Lenders**

Redwood's request for judicial notice of Exhibits A-C pertains to a widely-known fact published in multiple articles that directly relates to the allegations in the Second Amended Complaint ("SAC") concerning the number of lenders to MindGeek.[2] There is no rational reason to doubt the authenticity of any of Exhibits A, B, or C, as the addresses for the webpages they were printed from have been provided, and can be readily verified. Moreover, courts have held that publications, including news articles, are proper subjects of judicial notice because the contents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Plevy v. Haggerty,* 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of news articles when ruling on motion to dismiss); *United States v. Kaczynski*, 443 F. App'x 299, 300 (9th Cir. 2011) (judicially noticing an auction date from an online newspaper article). Indeed, "it is not uncommon for courts to take judicial notice of factual information found on the world wide web." *Turner v. Samsung Telecomms. Am*., *LLC*, No. CV 13-00629-MWF (VBKx), 2013 WL 12126749, at *2 (C.D. Cal. Nov. 4, 2013) (citation omitted). Thus, because Redwood requests that the Court take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned," and has "supplied [the Court] with the necessary information[,]" the

---

[2] As used herein, "MindGeek" collectively refers to defendants MindGeek S.A.R.L., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium LTD, MG Global Entertainment Inc., 9219-1568 Quebec, Inc., and other affiliated entities.

Court should grant Redwood's Request as to Exhibits A, B, and C. *See* Fed. R. Evid. 201.

In addition, the Court should take judicial notice of Exhibits A, B, and C because these documents contradict allegations made in the SAC. In *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001), the Court expressed that courts sitting in the Ninth Circuit are "'not required to accept as true [Plaintiff's] conclusory allegations which are contradicted by documents referred to in the complaint'" or "that contradict matters properly subject to judicial notice[.]" *Id*. at 988 (citation omitted). Accordingly, courts have taken judicial notice of online documents that contradict plaintiffs' allegations. *See, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (taking judicial notice of online documents upon which a plaintiff's claims were based, where those documents contradicted the plaintiff's allegations).

Here, as in *Datel*, Redwood has identified online publications at Exhibits A, B, and C that contradict Plaintiff's allegations regarding the number of lenders accessible to MindGeek. In the SAC, Plaintiff newly asserts claims against Redwood and Colbeck Capital Management, LLV, CB Media Ventures, CB Agency Services, LLC, and CB Participations SPV, LLC (collectively, "Colbeck), and the SAC misleadingly suggests Redwood and Colbeck were the only lenders to MindGeek in 2011, 2013, and 2018. *See, e.g.*, SAC ¶¶ 246 (alleging that only Colbeck and Redwood provided MindGeek with "necessary financing" and suggesting there were no other lenders); 269 (alleging that "the rest of the investment community was not willing to finance" MindGeek), 272. Because Exhibits A, B, and C publicly reported in widely disseminated, national publications in 2020 that MindGeek had had 125 lenders during the same period of time in which Redwood and Colbeck provided financing, this fact undermines Plaintiff's suggestion that MindGeek did not have other lenders and could not obtain loans from others if Redwood did not exist.

Accordingly, the Court should take judicial notice of Exhibits A, B, and C.

- 4 -

**B.**   <u>**Exhibit D Is Judicially Noticeable Because it is an Official Record**</u>
<u>**of a Government Body**</u>

Redwood's request for judicial notice of Exhibit D pertains to a date appearing in a government document.  Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.  *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *Dehoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018) (taking judicial notice of "government documents, court filings, press releases, and undisputed matters of public record").  The Court can also take judicial notice of the date on which an event occurred, including a government hearing.  *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[T]he district court had authority under Rule 201 to take judicial notice of the *fact* of the extradition hearing[.]").

As Exhibit D is an official record of the Canadian Parliament, it is a government document whose "accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b).  Moreover, because Redwood has "supplied [the Court] with the necessary information[,]" the Court should grant Redwood's request as to Exhibit D. *See* Fed. R. Evid. 201.

Still, there are two additional reasons why it is appropriate for the Court to take judicial notice of Exhibit D.  First, the date of the public Parliament hearing in Exhibit D (2021) directly contradicts timing allegations made in the SAC (*e.g.*, SAC ¶ 278) that Redwood – which sent a notice of default on December 13, 2020, and divested any interests in loans to MindGeek in 2021 – should have known from the public Canadian Parliament hearing about alleged issues with MindGeek in the 2019-2020 period and thus acted sooner than it did.  *See Sprewell*, 266 F.3d at 988.  Second, Exhibit D is a proper subject for judicial notice under the incorporation by reference

doctrine, since it is an official record of the Canadian Parliament public hearing directly referenced in the SAC. *See Webb*, 999 F.3d at 1201.

Hence, the Court should take judicial notice of Exhibit D.

## II.    **CONCLUSION**

For the foregoing reasons, Redwood respectfully requests that the Court take judicial notice of the four documents described herein (Exhibits A through D).

DATED:  August 30, 2024                **PAUL HASTINGS LLP**


By: /s/ *James M. Pearl*
    JAMES M. PEARL

*Attorneys for Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC*

REQUEST FOR JUDICIAL NOTICE ISO REDWOOD DEFENDANTS' MOTION TO DISMISS