DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

RONALD G. WHITE
(admitted pro hac vice)
RWhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY 10281
Telephone: 212-335-2387
Facsimile: 212-335-2040

Attorneys for Defendant Bernd Bergmair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MINDGEEK S.A.R.L., et al.,<br><br>　　　　　Defendants. | Case No.: 2:21-cv-4920-WLH-ADS<br><br>**DECLARATION OF RONALD G. WHITE IN SUPPORT OF OTHER DEFENDANTS' APPLICATIONS FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**<br><br>Date: November 22, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu<br>Complaint Filed:  June 17, 2021<br>Trial Date:  None Set |

I, Ronald G. White, declare as follows:

1. I am an attorney licensed to practice law in the State of New York and a partner with the law firm Walden Macht Haran & Williams LLP. I have been granted permission by this court to appear *pro hac vice* as counsel for Defendant Bernd Bergmair in the above-captioned case. I am over the age of 18. I make this declaration in support of the applications for leave to file under seal material designated as confidential pursuant to a protective order filed by MindGeek, S.à r.l (specially appearing), MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants") (ECF No. 445, the "MindGeek Defendants Application"); Feras Antoon and David Tassillo (ECF No. 437, the "Antoon and Tassillo Application"); Colbeck Capital Management, LLC; CB Media Ventures DD, LLC; CB Agency Services, LLC; and CB Participations SPV, LLC (collectively, "CB Defendants") (ECF No. 443, the "CB Defendants Application"); and Redwood Capital Management, LLC ("RCM"), Redwood Master Fund, Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC (erroneously sued as Gingogerum, LLC), and White-Hathaway Opportunity Fund, LLC (collectively, the "Redwood Defendants" or "Redwood") (ECF No. 449, the "Redwood Defendants Application"). I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. Bergmair seeks to seal the information that he previously designated as confidential which was subsequently redacted (or highlighted) by (a) the MindGeek Defendants in their motion to dismiss Plaintiff's Second Amended Complaint (ECF No. 440, the "MindGeek Defendants' Motion to Dismiss") and the supporting witness declaration (ECF No. 440-2, the "Andreou Declaration"); (b) Antoon and Tassillo in their motion to dismiss Plaintiff's Second Amended Complaint (ECF No. 436, "Antoon and Tassillo's Motion to Dismiss") and the supporting witness declaration (ECF No. 436-2, the "Antoon Declaration"); (c) the CB Defendants in

their motion to dismiss Plaintiff's Second Amended Complaint (ECF No. 442, the "CB Defendants' Motion to Dismiss") and the supporting attorney declaration (ECF No. 442-1, the "Hille Declaration"); and (d) the Redwood Defendants in their motion to dismiss the Second Amended Complaint (ECF No. 447, the "Redwood Defendants' Motion to Dismiss") and the supporting attorney declaration (ECF No. 447-3, the "Pearl Declaration"). The confidential information sought to be sealed relates to: (1) the amount of money Bergmair invested in MindGeek and the financing of his investment, (2) the shareholding and economic interests and other rights he received (and exercised) in exchange for his investment; (3) the identity of the corporate entities through which he invested; and (4) his receipt of dividends as a result of his investment. Much of the information Bergmair seeks to seal was filed under seal in Plaintiff's Second Amended Complaint. Specifically, Bergmair requests that the following excerpts be sealed:

| **MATERIAL REQUESTED FOR SEALING** | **REASON** |
|---|---|
| Antoon and Tassillo's Motion to Dismiss at:<br>• 20:13-14 (citing SAC ¶¶ 270, 495)<br>CB Defendants' Motion to Dismiss<br>• 9:11-12 (citing SAC ¶ 272)<br>• 9:12-15 (citing Hille Declaration Ex. C)<br>• 10:1-3 (citing SAC ¶¶ 246, 363, 364, 368, 370, 373)<br>Hille Declaration at:<br>• Ex. C<br>Redwood Defendants' Motion to Dismiss at:<br>• 11:27-28 (citing SAC ¶ 272)<br>• 12 n.3 (lines 21-24) (citing Pearl Declaration Ex. E)<br>• 39:19-20 (citing SAC ¶¶ 270, 272)<br>Pearl Declaration at:<br>• Exhibit E | Amount of money Bergmair invested in MindGeek and sensitive information concerning financing of his investment |

| | |
|---|---|
| MindGeek Defendants' Motion to Dismiss at:<br>• 32:20-23 (citing SAC ¶¶ 382, 387)<br>• 36:15-36:25 (citing SAC ¶¶ 313-24, 330-52, 362-66)<br>• 36:27-37:12 (citing SAC ¶¶ 313, 314, 357-61; Andreou Declaration ¶¶ 55, 57, 59 and Ex. 7)<br>• 37:19-38:17 (citing SAC ¶¶ 325-28; Andreou Declaration ¶¶ 25, 60)<br>Andreou Declaration at:<br>• 9:3-7<br>• 9:8-10:2 (citing Ex. 7 and Ex. 8)<br>• 9: 28 (n.3) (citing Ex. 8)<br>• 10:14-25<br>• 19:3-21:10, including p. 20, n.4<br>• Ex. 7<br>• Ex. 8<br>Antoon and Tassillo's Motion to Dismiss at:<br>• 27:2-3<br>Antoon Declaration at:<br>• Ex. B<br>• Ex. C | Bergmair's shareholding and economic interests and other rights he received in exchange for his investment |
| MindGeek Defendants' Motion to Dismiss at:<br>• ii:14<br>• 35:15-16<br>• 35:17<br>• 35:20<br>• 36:10<br>• 36:11<br>• 36:13<br>• 36:15-36:25 (citing SAC ¶¶ 313-24; 330-52; 362-66)<br>• 36:27<br>• 37:19-22 (citing SAC ¶¶ 325-28)<br>• 37:26 (the second line of n. 12)<br>• 38:1-2<br>• 38:5<br>• 38:12<br>• 38:14-15<br>• 38:23 | The identity of corporate entities through which Bergmair invested |

| | |
|---|---|
| Andreou Declaration at:<br>• 9:9<br>• 9:17<br>• 9:19<br>• 9:20<br>• 9:22<br>• 10:14<br>• 10:16<br>• 10:20-21<br>• 10:22<br>• 19:1<br>• 19:3-21:10, including p. 20, n.4<br>• Ex. 7<br>• Ex. 8<br>Antoon Declaration at:<br>• Ex. B<br>• Ex. C | |
| MindGeek Defendants' Motion to Dismiss at:<br>• 37:19-38:11<br>• 19:21-21-21:10<br>• Andreou Declaration Ex. 7<br>• Andreou Declaration Ex. 8<br>CB Defendants' Motion to Dismiss<br>• 10:1-3 | Bergmair's receipt of dividends as a result of his investment |

3. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *Id.*

4. "[T]he Ninth Circuit has not stated the standard – good cause or compelling reasons – that applies to the sealing of a pleading. *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV-18-6809-MWF(MRWx), 2018 WL 6985313, at *1 (C.D. Cal. Nov. 6, 2018) (recognizing split of authority among the district courts in the Ninth Circuit).

4
DECLARATION OF RONALD G. WHITE IN SUPPORT OF OTHER DEFENDANTS' APPLICATIONS FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER

5.      The "good cause" standard comes from Rule 26(c)(1), which sets forth the requirements for protective orders during discovery. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Rule 26(c)(1) provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

6.      "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598).

7.      Bergmair's narrowly tailored sealing request satisfies both standards.

8.      Courts in this circuit have routinely held that confidential business and personal financial information—such as the amount of his investment, the shareholding and economic interests he received in return, his receipt of dividends and other details regarding his investment in a private company—satisfies the compelling reasons standard and warrants sealing. *See Reputation.com, Inc. v. Mullarkey*, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (Compelling reasons standard satisfied, in part, because the at-issue "documents contain confidential business and financial information relating to the terms of [a corporate] acquisition" which, "[i]f publi[shed], the terms of the agreement could be used against Plaintiff in future negotiations by potential acquirees or other entities competing against Plaintiff for such opportunities"); *Monterey Bay Military Housing LLC v. Ambac Assurance Corp.*, 2019 WL 11658748, at 2 (N.D. Cal. July 11, 2019) (finding "compelling reasons" to seal "documents [that] relate to financial transactions that were intended to be, and have been, kept in confidence," as well as "private financial and operational information" regarding business); *Allianz Global Risks US Ins. Co. v.*

*United States*, 2021 WL 3171862, at 2 (S.D. Cal. July 27, 2021) (finding "compelling reasons" to seal information from which "the potential economic value of [the designating party's] business ventures can be deduced"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons exist to seal "confidential business information," such as "confidential business agreements executed among the parties," agreement terms, amounts paid under agreements, "financial terms," details of negotiations, and "business strategies"); *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) (party may meet burden under Local Rule 79-5 where party seeks to seal "proprietary and confidential business information," including agreements reflecting "parties' obligations and terms of payment"); *see also Nguyen v. City of Garden Grove*, 2023 WL 2558536, at *4 (C.D. Cal. Feb. 2, 2023) (during discovery, permitting redactions of private financial information such as "asset information").

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 3, 2024              Respectfully submitted,

*/s/ Ronald G. White*
Ronald G. White