Esteban Morales (SBN 273948)
emorales@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Peter A. Biagetti (*Pro Hac Vice*)
pabiagetti@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile:  (617) 542-2241

*Attorneys for Defendants MindGeek S.à.r.l. (specially appearing), MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.À.R.L., et al.,<br><br>Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>**DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF LOCAL CIVIL RULE 79-5.2.2 APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER [DKT 437]**<br><br>Dept: 9B<br>Judge: Hon. Wesley L. Hsu<br>Complaint Filed: June 17, 2021 |

- 1 -
DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF LOCAL CIVIL RULE 79-5.2.2 APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER [DKT 437]
Case No. 2:21-cv-04920-WLH-ADS

**DECLARATION OF PETER A. BIAGETTI**

I, Peter A. Biagetti, declare:

1. I am a member of the Bar of the Commonwealth of Massachusetts admitted pro hac vice to appear before this Court (Dkt. 427), and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek S.à.r.l. (specially appearing), MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2. I make this declaration in support of Specially Appearing Defendants Feras Antoon and David Tassillo's Local Civil Rule 79-5.2.2 Application for Leave to File Under Seal Material Designated as Confidential Pursuant to a Protective Order, Dkt. 437. Mr. Antoon and Mr. Tassillo seeks to seal materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants under the Stipulated Protective Order entered by the Court on October 14, 2022 ("Protective Order") (Dkt. 187) filed in support of their motion to dismiss the Second Amended Complaint ("SAC") (Dkt. 436). *See* Dkt. 437. This information constitutes the MindGeek Defendants' non-public, proprietary information and trade secrets. This material includes (1) material designated either "Confidential" or "Highly Confidential" referenced in Mr. Antoon's and Mr. Tassillo's Motion to Dismiss from the SAC subject to Plaintiff's Application for Leave to File Under Seal Material designated by Another Party as Confidential Pursuant to a Protective Order (Dkt. 386) and the Declaration of Michael E. Williams in support thereof (Dkt. 388); (2) confidential information relating to the operations of the MindGeek entities, including employment information; (3) confidential information relating to the payments of dividends and compensation by the MindGeek entities; (4) confidential and sensitive audited financial statements and information of certain MindGeek Defendants for

2018; (5) confidential terms of service agreements between certain MindGeek Defendants; (6) confidential and sensitive board minutes and written resolutions for certain MindGeek Defendants; and (7) a confidential financial transfer-pricing study for MG Freesites Ltd prepared by Raymond Chabot Grant Thornton LLP and its affiliates.

3. Specifically, Mr. Antoon and Mr. Tassillo request that the following materials be filed under seal:

| **MATERIAL REQUESTED FOR SEALING** |
|---|
| Specially Appearing Defendants Feras Antoon's and David Tassillo's Notice of Motion and Motion to Dismiss the SAC; Memorandum of Points and Authorities in support thereof containing allegations in the SAC including references to material designated either "Confidential" or "Highly Confidential" under the Protective Order. |
| Exhibit A to the Declaration of Feras Antoon in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit B to the Declaration of Feras Antoon in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit C to the Declaration of Feras Antoon in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit A to the Declaration of David Tassillo in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 1 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 2 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 3 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 4 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 5 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |

| **MATERIAL REQUESTED FOR SEALING** |
|---|
| Exhibit 6 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 7 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 8 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 9 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 10 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |
| Exhibit 11 to the Declaration of Jonathan S. Sack, Esq. in Support of Antoon and Tassillo's Motion to Dismiss |

## I.   The Standard for Sealing Records

4.   The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id.*

5.   The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records containing information about proprietary business operations, and internal policies and strategies).

6. The standard for sealing documents and materials connected to dispositive motions, like Mr. Antoon's and Mr. Tassillo's motion to dismiss, is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

7. While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 3:10-CV-0541-GPC-WVG, 2015 WL 11201172, at *3 (S.D. Cal. Oct. 28, 2015) (granting motion to seal board minutes). Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

8. Finally, courts customarily permit litigants to seal documents where redaction is impractical or impracticable. *Conservation L. Found., Inc. v. Shell Oil*

*Co.*, 2023 WL 5567614, at *7 (D. Conn. May 16, 2023) (court ordered documents sealed in their entirety "because it appears that it would be impossible to redact" the protected information); *P&L Dev. LLC v. Bionpharma Inc.*, 2019 WL 2079830, at *8 (M.D.N.C. May 10, 2019) (court sealed exhibits in their entirety where redaction was "not practical" and would have left "nothing of value for the public"); *In re Associated Press*, No. 2023 WL 5671289, at *7 (S.D. Tex. Sept. 1, 2023) (finding impossible to redact "while preserving anything meaningful to be released" and citing authority recognizing such unintelligible documents are more likely to mislead than to inform the public).

**II.     The Materials Identified in Mr. Antoon's and Mr. Tassillo's Application Should Be Sealed in Their Entirety or Redacted Appropriately**

9.     The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants identified in Mr. Antoon and Mr. Tassillo's Application contain non-public information, proprietary information and trade secrets related to the financial operation of the MindGeek Defendants' businesses, including:

> a. Materials referenced in Specially Appearing Defendants Feras Antoon's and David Tassillo's Motion to Dismiss from the SAC subject to Plaintiff's Application for Leave to File Under Seal Material designated by Another Party as Confidential Pursuant to a Protective Order (Dkt. 386) and the Declaration of Michael E. Williams in support thereof (Dkt. 388);
>
> b. Confidential information relating to the operations of the MindGeek entities, including employment information (Antoon Decl., Ex. A; Tassillo Decl., Ex. A);

      c. Confidential information relating to the payments of dividends and compensation by the MindGeek entities (Antoon Decl., Exs. A, B, C; Tassillo Decl., Ex. A);

      d. Confidential and sensitive audited financial statements and information of certain MindGeek Defendants for 2018 (Sack Decl., Exs. 1, 2, 3, 4);

      e. Confidential terms of service agreements between certain MindGeek Defendants (Sack Decl., Exs. 5, 6);

      f. Confidential and sensitive board minutes and written resolutions for certain MindGeek Defendants (Sack Decl., Exs. 7, 8, 9, 10); and

      g. A confidential financial transfer-pricing study for MG Freesites Ltd prepared by Raymond Chabot Grant Thornton LLP and its affiliates (Sack Decl., Ex. 11).

10. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants as identified in Mr. Antoon and Mr. Tassillo's Application implicate the MindGeek Defendants' sensitive and confidential internal business practices and financial information, thus the MindGeek Defendants seek an order sealing and/or redacting this information from the public record.

11. The sealing request is narrowly tailored. A less restrictive alternative to sealing is not sufficient because the entirety of the information sought to be sealed discloses the confidential information described above.

1  I declare under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct.
3  Executed on September 3, 2024 in Boston, Massachusetts.

        */s/Peter A. Biagetti*
        Peter A. Biagetti

DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF LOCAL CIVIL RULE 79-5.2.2 APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER [DKT 437]
Case No. 2:21-cv-04920-WLH-ADS