Esteban Morales (SBN 273948)
emorales@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Peter A. Biagetti (*Pro Hac Vice*)
pabiagetti@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile:  (617) 542-2241

*Attorneys for Defendants MindGeek S.à.r.l. (specially appearing),
MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global
Entertainment Inc., and 9219-1568 Quebec Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>          Plaintiff,<br><br>     v.<br><br>MINDGEEK S.À.R.L., et al.,<br><br>          Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>**DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF DEFENDANTS COLBECK CAPITAL MANAGEMENT, LLC; CB MEDIA VENTURES DD, LLC; CB AGENCY SERVICES, LLC; AND CB PARTICIPATIONS SPV, LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT 443]**<br><br>Dept:  9B<br>Judge:  Hon. Wesley L. Hsu<br>Complaint Filed:  June 17, 2021 |

- 1 -

## DECLARATION OF PETER A. BIAGETTI

I, Peter A. Biagetti, declare:

1.      I am a member of the Bar of the Commonwealth of Massachusetts admitted pro hac vice to appear before this Court (Dkt. 427), and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek S.à.r.l. (specially appearing), MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2.      I make this declaration in support of Defendants Colbeck Capital Management, LLC; CB Media Ventures DD, LLC; CB Agency Services, LLC; and CB Participations SPV, LLC's ("CB Defendants") Application for Leave to File Under Seal Documents in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint, Dkt. 443. The CB Defendants seek to seal materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants under the Stipulated Protective Order entered by the Court on October 14, 2022 ("Protective Order") (Dkt. 187)  filed in support of their motion to dismiss the Second Amended Complaint (Dkt. 442). *See* Dkt. 443. This information constitutes the MindGeek Defendants' non-public, proprietary information and trade secrets. This material includes (1) materials referenced in the CB Defendants' Motion to Dismiss from Exhibits B and C to the Hille Declaration and/or the Second Amended Complaint ("SAC") subject to Plaintiff's Application for Leave to File Under Seal Material designated by Another Party as Confidential Pursuant to a Protective Order (Dkt. 386) and the Declaration of Michael E. Williams in support thereof (Dkt. 388); and (2) confidential details of, and actions taken related to, a loan agreement between certain MindGeek Defendants and third-party lenders.

3.      Specifically, the CB Defendants request that the following materials be filed under seal:

| MATERIAL REQUESTED FOR SEALING |
| --- |
| The CB Defendants' Motion to Dismiss Plaintiff's SAC – limited redacted text comprising confidential content from either (i) Exhibits B-C below or (ii) the redacted portions of the SAC filed under seal (ECF No. 387-1) |
| Exhibit B – Loan Agreement dated October 15, 2013, between various parties, including certain MindGeek Defendants and other third-party lenders, designated Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order by the MindGeek Defendants |
| Exhibit C – excerpts of pages 1-6, 218-227, and 357 from the transcript of Defendant Bernd Bergmair's deposition, dated June 15, 2023, in this action, designed Confidential under the Stipulated Protective Order by respective counsel for certain Defendants, including the MindGeek Defendants |

## I.    **The Standard for Sealing Records**

4.      The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id.*

5.      The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records

DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF CB DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER [DKT 443] Case No. 2:21-cv-04920-WLH-ADS

1  containing information about proprietary business operations, and internal policies

2  and strategies).

3       6.    The standard for sealing documents and materials connected to

4  dispositive motions, like the CB Defendants' motion to dismiss, is the "'compelling

5  reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th

6  Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th

7  Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2

8  (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons"

9  standard to exhibits to a motion to dismiss).

10      7.    While there is a "strong presumption in favor of access to court records,"

11 the public's right of access "can be overridden given sufficiently compelling reasons

12 for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files

13 might have become a vehicle for improper purposes,' such as the use of records to

14 gratify private spite, promote public scandal, circulate libelous statements, or release

15 trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume,

16 Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024)

17 ("Compelling reasons exist to seal confidential business information, including non-

18 public information about a company's business strategy, business transactions,

19 corporate structure, and finances."); *In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th

20 Cir. 2008) (finding sealable "business information that might harm a litigant's

21 competitive standing"); *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 3:10-

22 CV-0541-GPC-WVG, 2015 WL 11201172, at *3 (S.D. Cal. Oct. 28, 2015) (granting

23 motion to seal board minutes). Further, the public's interest is diminished where the

24 documents are "not relevant to the Court's resolution of the [dispositive] motion."

25 *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *8 (N.D. Cal.

26 June 30, 2015).

27

28

- 4 -

8.      Finally, courts customarily permit litigants to seal documents where redaction is impractical or impracticable. *Conservation L. Found., Inc. v. Shell Oil Co.*, 2023 WL 5567614, at *7 (D. Conn. May 16, 2023) (court ordered documents sealed in their entirety "because it appears that it would be impossible to redact" the protected information); *P&L Dev. LLC v. Bionpharma Inc.*, 2019 WL 2079830, at *8 (M.D.N.C. May 10, 2019) (court sealed exhibits in their entirety where redaction was "not practical" and would have left "nothing of value for the public"); *In re Associated Press*, No. 2023 WL 5671289, at *7 (S.D. Tex. Sept. 1, 2023) (finding impossible to redact "while preserving anything meaningful to be released" and citing authority recognizing such unintelligible documents are more likely to mislead than to inform the public).

## II.  **The Materials Identified in CB Defendants' Application Should Be Sealed in Their Entirety or Redacted Appropriately**

9.      The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants identified in the CB Defendants' Application contain non-public information, proprietary information and trade secrets related to the financial operation of the MindGeek Defendants' businesses, including:

>    a.  Materials referenced in the CB Defendants' Motion to Dismiss from Exhibits B and C to the Hille Declaration and/or the SAC subject to Plaintiff's Application for Leave to File Under Seal Material designated by Another Party as Confidential Pursuant to a Protective Order (Dkt. 386) and the Declaration of Michael E. Williams in support thereof (Dkt. 388); and

>    b.  Confidential details of, and actions taken related to, a loan agreement between certain MindGeek Defendants and third-party lenders (Hille Decl., Exs. B, C).

- 5 -

1    10.    The materials designated "Confidential" or "Highly Confidential" by the

2  MindGeek Defendants as identified in the CB Defendants' Application implicate the

3  MindGeek Defendants' sensitive and confidential internal business practices and

4  financial information, thus the MindGeek Defendants seek an order sealing and/or

5  redacting this information from the public record.

6    11.    The sealing request is narrowly tailored. A less restrictive alternative to

7  sealing is not sufficient because the entirety of the information sought to be sealed

8  discloses the confidential information described above.

9

10    I declare under penalty of perjury under the laws of the United States that the

   foregoing is true and correct.

11

12    Executed on September 3, 2024 in Boston, Massachusetts.

13

14    */s/Peter A. Biagetti*
   Peter A. Biagetti

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF CB DEFENDANTS'
APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY
ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER [DKT 443]
Case No. 2:21-cv-04920-WLH-ADS