1
Esteban Morales (SBN 273948)
emorales@mintz.com
2
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
3
Los Angeles, CA 90067
Telephone: (310) 586-3200
4
Facsimile: (310) 586-3202

5
Peter A. Biagetti (*Pro Hac Vice*)
pabiagetti@mintz.com
6
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
7
Boston, MA 02111
Telephone: (617) 542-6000
8
Facsimile:  (617) 542-2241

9
*Attorneys for Defendants MindGeek S.à.r.l. (specially appearing),*
*MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global*
10
*Entertainment Inc., and 9219-1568 Quebec Inc.*

11

12
UNITED STATES DISTRICT COURT

13
CENTRAL DISTRICT OF CALIFORNIA

14
| SERENA FLEITES, | Case No. 2:21-cv-04920-WLH-ADS |

15
|  | |
|                     Plaintiff, | **DECLARATION OF PETER A.** |
16
| v. | **BIAGETTI IN SUPPORT OF** |
| | **REDWOOD DEFENDANTS'** |
17
| MINDGEEK S.À.R.L., et al., | **APPLICATION FOR LEAVE TO** |
| | **FILE UNDER SEAL MATERIALS** |
18
| | **RELEATED [sic] TO MOTION TO** |
19
|                     Defendants. | **DISMISS PLAINTIFF'S SECOND** |
| | **AMENDED COMPLAINT [DKT 449]** |
20

21
Dept:  9B
22
Judge:  Hon. Wesley L. Hsu
Complaint Filed:  June 17, 2021
23

24

25

26

27
- 1 -
28

## DECLARATION OF PETER A. BIAGETTI

I, Peter A. Biagetti, declare:

1.      I am a member of the Bar of the Commonwealth of Massachusetts admitted pro hac vice to appear before this Court (Dkt. 427), and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek S.à.r.l. (specially appearing), MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2.      I make this declaration in support of Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC (erroneously sued as Gingogerum, LLC), and White-Hathaway Opportunity Fund, LLC (collectively, the "Redwood Defendants") Application for Leave to File Under Seal Materials Releated [sic] to Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"), Dkt. 449. The Redwood Defendants seek to seal materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants under the Stipulated Protective Order entered by the Court on October 14, 2022 ("Protective Order") (Dkt. 187) filed in support of their motion to dismiss the SAC (Dkt. 447). *See* Dkt. 449. This information constitutes the MindGeek Defendants' non-public, proprietary information and trade secrets. This material includes (1) confidential details of, and actions taken related to, a loan agreement between certain MindGeek Defendants and third-party lenders; (2) confidential information relating to the operations of the MindGeek entities, including supplier information; and (3) materials referenced in the Redwood Defendants' Motion to Dismiss  from Exhibits B, C, and E to the Pearl Declaration and/or the SAC subject to Plaintiff's Application for Leave to File Under Seal Material designated by

1   Another Party as Confidential Pursuant to a Protective Order (Dkt. 386) and the

2   Declaration of Michael E. Williams in support thereof (Dkt. 388).

3           3.      Specifically, the Redwood Defendants request that the following

4   materials be filed under seal:

| MATERIAL REQUESTED FOR SEALING |
| --- |
| Exhibit B – 2013 Financing Agreement |
| Exhibit C – 2018 Financing Agreement |
| Exhibit E – Bergmair Deposition Transcript |
| Redacted Memorandum of Points and Authorities in Support of the Redwood Defendants' Motion to Dismiss Plaintiff' SAC |

## I.    **The Standard for Sealing Records**

4.      The federal common law right to access public records is "not absolute."
*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the
common-law right of inspection has bowed before the power of a court to insure that
its records are not used . . . as sources of business information that might harm a
litigant's competitive standing." *Id.*

5.      The Ninth Circuit has adopted the Restatement's definition of trade
secrets, which includes "any . . . compilation of information which is used in one's
business, and which gives [one] an opportunity to obtain an advantage over [other]
competitors who do not know or use [the information]."  Restatement of Torts § 757,
cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008) (quoting
Restatement of Torts § 757, cmt. b and ordering document reflecting such trade
secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241, at *2
(C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records
containing information about proprietary business operations, and internal policies
and strategies).

6.    The standard for sealing documents and materials connected to dispositive motions, like the Redwood Defendants' motion to dismiss, is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

7.    While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 3:10-CV-0541-GPC-WVG, 2015 WL 11201172, at *3 (S.D. Cal. Oct. 28, 2015) (granting motion to seal board minutes). Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

8.    Finally, courts customarily permit litigants to seal documents where redaction is impractical or impracticable. *Conservation L. Found., Inc. v. Shell Oil*

1   *Co.*, 2023 WL 5567614, at *7 (D. Conn. May 16, 2023) (court ordered documents

2   sealed in their entirety "because it appears that it would be impossible to redact" the

3   protected information); *P&L Dev. LLC v. Bionpharma Inc.*, 2019 WL 2079830, at *8

4   (M.D.N.C. May 10, 2019) (court sealed exhibits in their entirety where redaction was

5   "not practical" and would have left "nothing of value for the public"); *In re Associated*

6   *Press*, No. 2023 WL 5671289, at *7 (S.D. Tex. Sept. 1, 2023) (finding impossible to

7   redact "while preserving anything meaningful to be released" and citing authority

8   recognizing such unintelligible documents are more likely to mislead than to inform

9   the public).

10   **II.    The Materials Identified in the Redwood Defendants' Application**

11        **Should Be Sealed in Their Entirety or Redacted Appropriately**

12        9.    The materials designated "Confidential" or "Highly Confidential" by the

13   MindGeek Defendants identified in the Redwood Defendants' Application contain

14   non-public information, proprietary information and trade secrets related to the

15   financial operation of the MindGeek Defendants' businesses, including:

16        a.    Confidential details of, and actions taken related to, a loan

17        agreement between certain MindGeek Defendants and third-party

18        lenders (Pearl Decl., Exs. B, C, E);

19        b.    Confidential information relating to the operations of the

20        MindGeek entities, including supplier information (Pearl Decl.,

21        Ex. E); and

22        c.    Materials referenced in the Redwood Defendants' Motion to

23        Dismiss from Exhibits B, C, and E to the Pearl Declaration and/or

24        the SAC subject to Plaintiff's Application for Leave to File Under

25        Seal Material designated by Another Party as Confidential

- 5 -

1

2

Pursuant to a Protective Order (Dkt. 386) and the Declaration of Michael E. Williams in support thereof (Dkt. 388).

3

4

5

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

6

Executed on September 3, 2024 in Boston, Massachusetts.

7

8

*/s/Peter A. Biagetti*
Peter A. Biagetti

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIALS RELEATED [SIC] TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT 449]
Case No. 2:21-cv-04920-WLH-ADS