WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
4000 MacArthur Boulevard,
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Alexander F.R. Peacocke (*pro hac vice* pending)
565 Fifth Avenue
New York, New York 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Email: jsack@maglaw.com
Email: apeacocke@maglaw.com

*Attorneys for Specially Appearing Defendant David Tassillo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation, GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, A Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware Corporation; CB AGENCY SERVICES, LLC, A Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation<br><br>　　　　　　Defendants. | Case No. 2:21-cv-4920<br><br>**DECLARATION OF JONATHAN S. SACK IN SUPPORT OF OTHER DEFENDANTS' APPLICATIONS FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER** |

DECLARATION OF JONATHAN S. SACK IN SUPPORT OF OTHER
DEFENDANTS' APPLICATIONS FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:21-cv-4920

I, Jonathan S. Sack, Esq., hereby state to the best of my knowledge and belief:

1. I am a member of the State Bars of New York and Connecticut, a Partner at the firm of Morvillo, Abramowitz, Grand, Iason & Anello, PC, and counsel of record (admitted *pro hac vice*) for specially-appearing defendant David Tassillo.

2. I submit this Declaration in support of Defendant Bernd Bergmair's Application for Leave to File Under Seal Material Designated as Confidential Pursuant to a Protective Order (ECF No. 434) (the "Bergmair Application") that seeks to seal material previously designated as "Confidential" or "Highly Confidential" under the parties' Stipulated Protective Order (ECF No. 187).

3. The Bergmair Application seeks permission to file under seal the following material that Tassillo produced in discovery in this action and designated as "Confidential" or "Highly Confidential" under the Stipulated Protective Order. The Bergmair Application also seeks to seal references to this material in either the text of Bergmair's Motion to Dismiss the Second Amended Complaint (ECF No. 433) or the Declaration of Ronald G. White in Support of Defendant Bernd Bergmair's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 433-2) and the exhibits attached thereto:

| White Decl. Exhibit | Bergmair Application Description |
| --- | --- |
| C | Excerpts of the Transcript of the Deposition of David Tassillo, dated June 16, 2023, and corresponding references to this material in the Bergmair Motion to Dismiss |
| F | Share Purchase Agreement dated January 20, 2023 (produced as Tassillo_Fleites_00000851) and corresponding references to this material in the Bergmair Motion to Dismiss |
| N | Excerpts of the David Tassillo's Responses to Plaintiff's Request for Admissions, dated June 15, 2023 and corresponding references to this material in the Bergmair Motion to Dismiss |

4. Tassillo seeks to seal the above-referenced information that he previously designated as "Confidential" or "Highly Confidential" and was subsequently redacted from the publicly-filed versions of Bergmair's Motion to Dismiss the Second Amended Complaint and the Declaration of Ronald G. White in Support of Defendant Bernd Begmair's Motion to Dismiss Plaintiff's Second Amended Complaint and the exhibits thereto. The confidential information sought to be sealed concerns: (1) confidential information concerning Tassillo's assets, including compensation paid for shareholdings in MindGeek S.a.r.l.; (2) confidential information concerning Tassillo's salary, bonus and/or dividend payments while serving as COO of 9219-1568 Quebec, Inc.; (3) confidential information concerning Tassillo's rights in connection with his shareholdings in MindGeek S.a.r.l.

5. In addition to sealing the entirety of Exhibits C, F and N to the White Declaration identified in ¶ 3, *supra*, Tassillo seeks to seal the portions of the text of Bergmair's Motion to Dismiss the Second Amended Complaint that refer to documents designated Confidential or Highly Confidential by Tassillo, or refer to portions of the Second Amended Complaint that also appear to refer to such designated material:[1]

---

[1] Plaintiff included references to confidential information in her Second Amended Complaint without identifying the relevant Designating Party under the Stipulated Protective Order.

- DECLARATION OF JONATHAN S. SACK IN SUPPORT OF OTHER DEFENDANTS' APPLICATIONS FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:21-cv-4920

| Portion of Bergmair MTD Requested to be Sealed | Basis for Sealing Request |
|---|---|
| - 2:8-9<br>- 5:12-6:5 | Personal financial information: compensation Tassillo received for shareholdings in MindGeek S.a.r.l. |
| - 2:16-22<br>- 6:7-11<br>- 7:4-7 & n.7<br>- 22:7-23:3 & n. 17, 18, 19, 21.<br>- 25:5-10 | Personal financial information: compensation for services as COO of 9219-1568 Quebec, Inc. |
| - 7:4-7 & n.7<br>- 9:1 & n.8<br>- 23:9 & n.22<br>- 25:12-15<br>- 28:25-26 | Confidential information concerning Tassillo's rights in connection with shareholdings of MindGeek S.a.r.l. |

6. The right of the public "to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Access may be limited where court records could "become a vehicle for improper purposes" including "'to gratify private spite or promote public scandal'" or to "harm a litigant's competitive standing." *Id.* (quoting *In re Caswell*, 18 R.I. 835, 836, 29 A. 259 (1893)). To protect documents from public inspection, a party must "'articulate[] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal material in support of a motion to dismiss must meet this "compelling reasons" standard. *SDI Labs, Inc. v. Sameday Techs., Inc.*, No. 23-CV-05619 (MWF) (MRWX), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023).

7. Compelling reasons support sealing the material identified above. Tassillo has a "legitimate interest in ensuring the privacy of personal information," including salary, dividend and other information regarding similar financial

- DECLARATION OF JONATHAN S. SACK IN SUPPORT OF OTHER DEFENDANTS' APPLICATIONS FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:21-cv-4920

compensation. *Richter v. Oracle Am., Inc.*, No. 22-CV-04795 (BLF), 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (granting motion to seal personal financial information, finding that compelling reasons exist to seal and prevent harmful use of the information); *see also Gomo v. NetApp, Inc.*, No. 17-CV-02990 (BLF), 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (finding compelling reasons to seal information concerning the "compensation structure and personal information about [a defendant corporation's] executives."); *Tran v. Mayorkas*, No. 22-CV-02983 (HSG), 2023 WL 6284516, at *2 (N.D. Cal. Sept. 25, 2023) (granting motion to seal "because the documents divulge confidential personal and financial information unrelated to the public's understanding of the judicial proceedings in this action" and finding "compelling reason to file the documents under seal").

8.  Similarly, the references to Tassillo's rights in connection with his investment in MindGeek S.a.r.l. refer to "documents [that] relate to financial transactions that were intended to be, and have been, kept in confidence." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 17-CV-04992 (BLF), 2019 WL 11658748, at *2 (N.D. Cal. July 11, 2019) (finding compelling reasons and granting motion to seal); *see also Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045 (BLF), 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) (finding "[c]ompelling reasons exist to seal confidential business information, including non-public information about a company's . . . business transactions," and granting motion to seal).

9.  Tassillo's request is narrowly tailored, and compelling reasons exist to seal all of the material that is the subject of this request. Tassillo has identified the redacted portions of Bergmair's Motion to Dismiss the Second Amended Complaint by appropriate page and line number, and where Tassillo seeks to seal entire exhibits, those exhibits consist only of a handful of pages for which there is no meaningful less restrictive alternative like redaction. *See* White Decl. Ex. C

(seven pages of deposition testimony designated Confidential); Ex. F (three pages of a Share Purchase Agreement designated Highly Confidential); Ex. N (one page of Tassillo's Responses and Objections to Plaintiff's First Requests for Admission).

10. Tassillo thus respectfully requests that the Court grant the Bergmair Application.

\*\*\*

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 4, 2024

/s/ Jonathan S. Sack

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Alexander F.R. Peacocke (*pro hac vice* pending)

*Attorneys for Specially Appearing Defendant David Tassillo*

- DECLARATION OF JONATHAN S. SACK IN SUPPORT OF OTHER DEFENDANTS' APPLICATIONS FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:21-cv-4920