WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
4000 MacArthur Boulevard,
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (*pro hac vice*)
Matthew V. Povolny (*pro hac vice*)
Joanna Chan
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com
Email: mpovolny@cohengresser.com
Email: jchan@cohengresser.com

*Attorneys for Specially Appearing
Defendant Feras Antoon*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MINDGEEK S.A.R.L., et al.<br><br>　　　　　Defendants. | Case No. 2:21-cv-4920<br><br>**DECLARATION OF JASON BROWN IN SUPPORT OF DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER** |

I, Jason Brown, Esq., hereby state to the best of my personal knowledge and belief:

1. I am a partner at the law firm of Cohen & Gresser LLP, attorneys of record in this action for specially-appearing Defendant Feras Antoon. I have been granted permission by this Court to appear *pro hac vice* as counsel for Mr. Antoon in this action.

**A.     Confidential Material**

2. I submit this Declaration in support of Defendant Bernd Bergmair's August 30, 2024 Application for Leave to File Under Seal Material Designated as Confidential Pursuant to a Protective Order (ECF No. 434) (the "Application"), which seeks permission to seal material previously designated as "Confidential" or "Highly Confidential" pursuant to the October 14, 2022 Stipulated Protective Order (the "Protective Order") (ECF No. 187) governing this action.

3. Mr. Antoon supports the Application to the extent it seeks leave to file under seal material that (a) Mr. Antoon produced in discovery in this action and designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (together, the "Confidential Material"), or (b) has been referenced in either (i) Mr. Bergmair's August 30, 2024 Motion to Dismiss the Second Amended Complaint (the "Motion to Dismiss") (ECF No. 433), or (ii) the August 30, 2024 Declaration of Ronald G. White in Support of the Motion to Dismiss (the "White Declaration") (ECF No. 433-2) and the exhibits attached thereto.

4. Mr. Antoon further supports the Application to the extent it seeks leave to file under seal Confidential Material that was both (a) referenced in either the Motion to Dismiss or the White Declaration, and (b) publicly filed on the docket in the form of a document containing redacted Confidential Material proposed to be filed under seal.

5. The Confidential Material reflects confidential information concerning Mr. Antoon's (i) assets, including compensation paid for economic

interests in MindGeek S.a.r.l.; (ii) salary, bonus and/or dividend payments received while employed as the CEO of 9219-1568 Quebec, Inc. ("9219-1568 Inc."); and (iii) rights received and exercised in connection with economic interests in MindGeek S.a.r.l.

**B.     Standard for Sealing**

6.     Public access to judicial records may be "denied where court files might [ ] become a vehicle for improper purposes," including to "gratify private spite or promote public scandal" or to "harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal quotation marks omitted).  And the common law right of access to judicial records may be overridden upon a showing of "sufficiently compelling reasons" to restrict access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

7.     A party seeking leave to seal confidential information supporting dispositive motions, like the Motion to Dismiss, must "articulate [ ]compelling reasons supported by specific factual findings" that outweigh the public right of access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted).  Upon a showing of compelling reasons, the court must conscientiously balance the competing interests of the public and the party seeking leave to file under seal. *Id.* at 1179.

8.     Compelling reasons to justify sealing include safeguarding the privacy of "personally identifiable information including salaries."   Order Re: Defs.' Renewed Appl. for Leave to File Under Seal, *United States ex rel. IONM LLC v. Univ. of S. California*, No. 2:18-CV-08311 (WLH) (AS), (C.D. Cal. Aug. 12, 2024), ECF No. 348, at *2 (internal quotation marks omitted) (granting application to seal employment records containing personally identifiable information such as names, salaries, and terms of employment and financial and proprietary data implicating the privacy interests of the employer and its individual employees).

*See also Gomo v. NetApp, Inc.*, No. 1:17-CV-02990 (BLF), 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (sealing exhibits containing non-public, confidential information regarding defendant corporation's compensation plan and executives).

9. Courts have also found compelling reasons to seal records reflecting business transactions, corporate structure, compensation practices, and finances, the public disclosure of any of which could harm a party's competitive standing. *See, e.g., Bold Ltd. v. Rocket Resume, Inc.*, No. 5:22-CV-01045 (BLF), 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances.").

## C. **Conclusion**

10. The Motion to Dismiss and Exhibits B and M to the White Declaration contain sensitive non-public information implicating either (i) Mr. Antoon's personal financial information or rights in connection with economic interest, or (ii) the MindGeek Defendants' internal business strategy or practices, transactions, financial information, or corporate structure.

11. Accordingly, Mr. Antoon supports Mr. Bergmair's Application seeking leave to seal and/or redact this information from the public record as specified in the below chart.

| Document | Material to be Sealed | Basis for Sealing |
|---|---|---|
| Defendant Bernd Bergmair's Motion to Dismiss Plaintiff's Second Amended | Page 2, Lines 8-9, 16-22<br>Page 5, Lines 12-20, n.3-4<br>Page 6, Lines 1-5, 7-11<br>Page 8, Lines 2-11<br>Page 9, n.8<br>Page 18, Lines 15-21<br>Page 22, Lines 7-10<br>Page 23, n.20 | Mr. Antoon's personal financial information or rights in connection with economic interest. |

DECLARATION OF JASON BROWN IN SUPPORT OF BERND
BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

-4-

| Document | Material to be Sealed | Basis for Sealing |
|---|---|---|
| Complaint (ECF No.433) | Page 25, Lines 6-10<br>Page 28, Lines 25-26 | |
| Defendant Bernd Bergmair's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No.433) | Page 5, n.5<br>Page 6, Lines 14-26, n.6<br>Page 7, Lines 1-9, n.7<br>Page 14, n.13<br>Page 18, Lines 10-14<br>Page 21, Lines 27-28<br>Page 22, Lines 7-10, 12-15, n.17-19<br>Page 23, Lines 1-3, n.21-22<br>Page 25, Lines 12-15<br>Page 29, Lines 22-24<br>Page 30, Lines 1-13 | Corporate Defendant's business strategy, transactions, finances, and structure. |
| Exhibit B to the Declaration of Ronald G. White (ECF No. 433-4) | Sealed in its entirety | Corporate Defendant's business strategy, transactions, finances, and structure. |
| Exhibit M to the Declaration of Ronald G. White (ECF No. 433-15) | Sealed in its entirety | Corporate Defendant's business strategy, transactions, finances, and structure. |

12. Mr. Antoon's request to seal is narrowly tailored. A less restrictive alternative to sealing is not sufficient because the entirety of the information sought to be sealed discloses the Confidential Material described above.

13. Accordingly, Mr. Antoon respectfully requests that the Court grant the Application.

DECLARATION OF JASON BROWN IN SUPPORT OF BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

14. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: September 5, 2024

                                                                   _____

COHEN & GRESSER LLP
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com

*Attorneys for Specially Appearing Defendant Feras Antoon*

DECLARATION OF JASON BROWN IN SUPPORT OF BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

-6-