Michael J. Bowe
(*pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Phone: 212.209.4800
Fax:   212.209.4801

David M. Stein (State Bar # 198256)
dstein@olsonstein.com
Nancy M. Olson (State Bar # 260303)
**OLSON STEIN LLP**
240 Nice Lane # 301
Newport Beach, CA 92663
Phone: 949.887.4600

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>              Plaintiff,<br><br>      v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign | CASE NO. 2:21-cv-4920-WLH-ADS<br><br>**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' SEALING APPLICATIONS RELATED TO DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 434, 437, 443, 445, AND 449]**<br><br>Dept: 9B<br>Judge: Hon. Wesley L. Hsu<br>Complaint Filed: June 17, 2021<br>Trial Date: Not Set |

entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware corporation, CB MEDIA VENTURES LLC, a Delaware corporation; CB AGENCY SERVICES, LLC, a Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation,

            Defendants.

Plaintiff Serena Fleites respectfully submits this consolidated Opposition to the MindGeek Entity Defendants' Application for Leave to File Under Seal (Dkt. 445), Defendant Bernd Bergmair's Application for Leave to File Under Seal Material Designated As Confidential Pursuant to a Protective Order (Dkt. 434), Defendants Feras Antoon's and David Tassillo's Application for Leave to File Under Seal Materials Designated by Another Party As Confidential Pursuant to a Protective Order (Dkt. 437), the Redwood Defendants' Application for Leave to File Under Seal Materials Related to Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 449), and the Colbeck Defendants' Application for Leave to File Under Seal Documents in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 443) (collectively, "Defendants' Sealing Applications")[1].

Defendants' Sealing Applications should be dismissed both because they are procedurally defective, and because they do not provide the compelling reasons required to justify sealing these materials, under either the Protective Order or controlling precedent.

I.   **FACTUAL BACKGROUND**

By Order dated July 29, 2022, the Court directed the parties to complete jurisdictional discovery. (Dkt. 167). Consistent with that Order, MindGeek produced thousands of pages of documents, virtually all of which it designated Confidential or Highly Confidential under the Stipulated Protective Order entered by the Court on October 14, 2022. (Dkt. 187). MindGeek and the Individual Defendants also designated the vast majority of its witnesses' deposition testimony Confidential and/or Highly Confidential.

Pursuant to Local Rule 79-5.2.2, before filing the Second Amended Complaint, Plaintiff notified Defendants of her intent to reference in the Second Amended Complaint certain materials Defendants designated as Confidential or

---

[1] Visa Inc. did not file a sealing application in connection with its motion to dismiss.

Highly Confidential. Defendants requested that all designated materials and testimony be filed under seal until the MindGeek Defendants had an opportunity to review them. Accordingly, on May 23, 2024, Plaintiff filed an Application for Leave to File Under Seal Material Designated by Another Party as Confidential or Highly Confidential Pursuant to a Protective Order (Dkt. 386), which is still pending before the Court. Plaintiff's Application noted Plaintiff's position that none of the materials designated Confidential or Highly Confidential by the MindGeek Defendants should remain under seal, especially where the Protective Order limits Confidential or Highly Confidential information to trade secret and proprietary business information. (Dkt. 386 at 4; Protective Order ¶ 1.B). In response to Plaintiff's Second Amended Complaint, Defendants filed five motions to dismiss. The motions to dismiss, collectively, cite to 54 exhibits, which Defendants simultaneously moved to seal in their entirety. Defendants also moved to seal portions of their supporting memoranda of points and authorities, and portions of their declarations.[2] In summary, those materials, which Defendants seek to seal on a pleading motion, include:

    a.    Deposition testimony from Messrs. Bergmair, Antoon, and Tassillo concerning their respective roles in strategic, governance, and operational decisions;

    b.    Intellectual property licensing information;

    c.    Service agreements between certain MindGeek Defendants;

    d.    Loan agreements between certain MindGeek Defendants and third-party lenders for years 2011, 2013, and 2018;

---

[2] For the convenience of the Court, Plaintiff has combined the documents and exhibits from Defendants' Sealing Applications into one chart in her proposed order.

e. Transfer-pricing studies prepared by Raymond Chabot Grant Thornton LLP in connection with related party transactions provided by one MindGeek entity to another MindGeek entity for year 2017;

f. Tax returns for certain MindGeek Defendants and other MindGeek affiliates for year 2019;

g. Spreadsheets reflecting payments of dividends and compensation by the MindGeek entities;

h. Audited financial statements and information of certain MindGeek Defendants for the years 2014 – 2019;

i. Information relating to the operations of the MindGeek entities, including the provisions of financing and lending between MindGeek entities;

j. Materials and testimony reflecting the amount of money Bergmair invested in MindGeek and information concerning financing of his investment;

k. Materials and testimony concerning Bergmair's economic interests in MindGeek and other rights he received in exchange for his investment;

l. Materials and testimony concerning the identity of corporate entities through which Bergmair invested;

m. Board minutes and written resolutions for certain MindGeek Defendants;

n. Documents reflecting the MindGeek entities' corporate structure, corporate dealings, and decision-making; and

o. Documents reflecting the operations of the MindGeek entities, including supplier and employment information.[3]

---

[3] A full description of the 54 sealed exhibits is annexed hereto as Exhibit A.

## II. LEGAL STANDARD

The U.S. Supreme Court has recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In the Ninth Circuit, courts considering a sealing request "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). This strong presumption is based on, among other things, the interest in "promoting the public's understanding of the judicial process and of significant public events[.]" *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986). It is also based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety*, 809 F.3d at 1096.

Courts distinguish judicial records attached to dispositive motions (such as motions to dismiss) from those records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy," whereas "a 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The compelling reasons standard applies here because Defendants' Sealing Applications seek to seal documents and materials connected to their dispositive motions. *See id.* This is a stringent standard, and it requires more than "hypothesis or conjecture." *Id.* at 1179. In a case where a compelling reason is articulated, "the court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). These high standards are particularly relevant here where Defendants voluntarily chose to inject their putatively proprietary documents

into the record on a pleading motion where the Court is tasked with evaluating the sufficiency of the allegations in the Second Amended Complaint, not consider extrinsic evidence.

## III. ARGUMENT

### A. Defendants' Sealing Applications Are Procedurally Defective.

The Local Rules require parties to "describe the nature of the information that the Filing Party asserts should be closed to public inspection." L.R. 79-5.2.2(a). Simply stating that materials have been designated under the Protective Order does not describe the nature and standing alone provides an insufficient basis for sealing. L.R. 79-5.2.2(a)(i) ("That the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal"). Antoon, Tassillo, and the MindGeek Entity Defendants do not comply with this requirement. Dkt. 437; Dkt. 445. In addition, the Individual Defendants did not include a statement in their declarations that Plaintiff opposes their applications, as Local Rule 79-5.2.2(a)(i) requires. These defects provide a basis for denying Defendants' Sealing Applications, and, at a minimum, requiring Defendants to refile them complying with the Local Rules.

### B. Defendants' Sealing Applications Do Not Offer Any Compelling Reasons To Depart From The Presumptive Rule Of Public Access.

Defendants' Sealing Applications fail to satisfy their heavy burden to justify sealing for several independent reasons.

*First*, the majority of Defendants rely solely on conclusory assertions that the documents and deposition testimony they seek to seal contains confidential business information, trade secrets, or financial information. (Dkt. 434 at 3; Dkt. 443 at 2; Dkt. 457 at 3; Dkt. 458 at 6; Dkt. 459 at 6; Dkt. 460 at 5; Dkt. 461 at 5). But mere conclusory allegations like this are not sufficient; the proponent must state a specific reason why sealing is warranted, including supporting facts. *Glob. BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV 11-01657 MMM (JCGx), 2012 WL 12882384, at *3 (C.D.

Cal. Dec. 3, 2012) ("Although it is often appropriate to seal 'sources of business information that might harm a litigant's competitive standing,' the applicant must provide a specific, articulated explanation as to why the information must be sealed, and adduce sufficient facts to support its explanation.") (first citing *Nixon*, 435 U.S. at 598; then citing *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)). Most of Defendants' Sealing Applications do not provide what is required. "Such highly generalized cut and paste statements are insufficient to support a sealing application." *FemtoMetrix Inc. v. Huang,* No. 8:22-cv-01624-JWH-KES, 2024 WL 3467799, at *3 (C.D. Cal. June 28, 2024) (denying sealing application under less stringent "good cause" standard where party did not explain what portion of the document is a trade secret or link any content from the agreement with its disclosure of the trade secrets at issue in the case); *see also ExxonMobil Oil Corp. v. S. California Edison Co.*, No. CV-12-10001-GHK-VBKx, 2015 WL 12860492, at *2 (C.D. Cal. Apr. 9, 2015) (the boilerplate assertion that documents contain proprietary or private business information does not satisfy the defendant's burden to show "compelling reasons" to file documents under seal); *see also FemtoMetrix Inc.,* 2024 WL 3467799, at *3 (denying request to seal developer agreement where plaintiff did not explain how any of its contents would be of economic value to a competitor and "[p]rovisions regarding dispute resolution, maintaining confidentiality, allocating taxes, termination, and governing law seem like standard clauses").

*Second,* Defendants argue the documents they seek to seal contain materials designated as Confidential or Highly Confidential under the Stipulated Protective Order. (Dkt. 434 at 3; Dkt. 437 at 2; Dkt. 443 at 2; Dkt. 445 at 2; Dkt. 449 at 7). Under Ninth Circuit precedent, however, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana,* 447 F.3d at 1179; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Reliance will be less with a blanket [protective] order, because it is by nature overinclusive. . . .

1  [Defendant] never had to make a 'good cause' showing under Fed.R.Civ.P. 26(c) of
2  the need for protection of the deposition transcripts in the first place"); *In re*
3  *ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577132, at *3
4  (C.D. Cal. July 11, 2014) ("The fact that information in documents has been
5  designated confidential under the terms of a stipulated protective order is
6  insufficient, on its own, to justify sealing."); *accord* L.R. 79-5.2.2(a)(i).

*Third*, Defendants seek to seal several deposition transcripts, which courts in this district disfavor. *See, e.g., Griffo v. Oculus VR, Inc.*, No. SA-CV-151228-DOC (MRWx), 2018 WL 11352472, at *2 (C.D. Cal. Sept. 20, 2018) (observing skepticism with respect to sealing relevant financial information, exhibits, and deposition testimony); *Maldonado v. Apple, Inc.*, 333 F.R.D. 175, 194 (N.D. Cal. 2019) (ordering Apple to file amended sealing request where Apple sought to seal "entire pages of deposition testimony"); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-CV-1614-JLS-JCGx, 2017 WL 1836351, at *4 (C.D. Cal. Mar. 28, 2017) (denying request to seal deposition transcripts and finding that "Defendants must identify with more specificity exactly what statements in these transcripts would harm Defendants upon public disclosure and how that harm would occur").

*Fourth*, to the extent some of the materials Defendants seek to seal include financial information, that information is years-old, and, in some cases, close to a decade old, undermining any argument that disclosure would result in competitive disadvantage or prejudice. For example, Defendants seek to seal loan agreements from 2011, 2013, and 2018 and deposition testimony concerning the same. It is well established that "[f]inancial information is not *per se* subject to sealing, particularly where the passage of time has ameliorated the sensitivity of the information." *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *4 (S.D. Cal. Mar. 2, 2023) ("Here, the financial information in question is three to four years out of date, and Defendants have not supported the assertion that their interest in the confidentiality of this information outweighs the public's right of access with any

specific factual findings."); *see also Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-cv-555-L-NLS, 2018 WL 6601671, at *2 (S.D. Cal. Dec. 14, 2018) (denying defendants' request to seal financial information that is several years old where "[d]efendants have not shown why this outdated information would have any effect on [defendant's] competitive standing at the present"); *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2020 WL 836737, at *2 (N.D. Cal. Feb. 20, 2020) (denying application to seal email containing pricing discussion where "the prices are historical and not current; hence, the potential for future harm is not obvious"); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-1614-JLS-JCGx, 2017 WL 1836351, at *3 (C.D. Cal. Mar. 28, 2017) (denying request to seal committee agendas and minutes under the less stringent "good cause" standard and observing that where these materials contain information that is several years old, "it is not obvious to the Court how that information could be used to harm Defendants now"). Defendants have offered no explanation as to why this historical information warrants protection or how loan rates and terms in years-old documents would prejudice them in ongoing or future business opportunities.

This is particularly true here, where much of the financial information Defendants seek to seal has been superseded by subsequent agreements with different terms and between different parties, including in connection with the 2023 sale of the Individual Defendants' ownership interests in MindGeek to Montreal "pop-up" Ethical Partners. Courts within the Ninth Circuit have denied applications to seal information in expired contracts or agreements that have been superseded where defendants fail to demonstrate its relevancy in the current market. *See, e.g., Fekrat v. United States*, No. CV 13-00594 MMM (PJWx), 2013 WL 12133643, at *2 (C.D. Cal. July 9, 2013) (denying government's motion to seal expired contract, noting that "it is less clear that the older exhibit contains information that is relevant in the current market"); *In Re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. 09-CV-01967 CW (NC), 2012 WL 4497775, at *4 (N.D. Cal. Sept.

28, 2012) (denying motion to seal superseded agreements which contain outdated language where there were no specific examples given as to how disclosure of information in agreements entered into 13 and 18 years ago would cause prejudice). Again, Defendants offer no explanation for how disclosure of these superseded market terms would disadvantage Defendants in future negotiations. Redwood's and Colbeck's argument that disclosure would prejudice third parties named in the superseded loan agreements fails for the same reasons.

*Fifth*, Defendants argue that the information they seek to seal is not public information and that none of the parties intended for the information to be made public. Courts within the Ninth Circuit have denied requests to seal non-public information where a party fails to demonstrate how public access to the information would allow it to become "a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Cochoit v. Schiff Nutrition Int'l, Inc.*, No. SACV-16-01371-CJC (KESx), 2018 WL 1895695, at *2–3 (C.D. Cal. Apr. 19, 2018) (denying application to seal non-public consumer research study containing confidential and proprietary information where party failed to indicate what particular information in the voluminous study was confidential or proprietary) (citing *Kamakana*, 447 F.3d at 1179); *see also Thrive Nat. Care, Inc. v. Thrive Causemetics, Inc.*, No. CV 20-9091 PA (ASx), 2021 WL 5279575, at *2 (C.D. Cal. Sept. 21, 2021) (denying application to seal documents and information reflecting the parties' non-public and detailed financial information where "[d]efendant's wholly conclusory allegations of prospective competitive harm which may or could result from the public filing of the documents is not the type of particularized showing of harm necessary to support a finding that compelling reasons exist to justify sealing"); *see also L.A. Triumph, Inc. v. Ciccone*, No. CV 10-06195 SJO (JCx), 2011 WL 13217375, at *1 (C.D. Cal. May 12, 2011) (observing that even where good cause exists to label the parties' non-public business information confidential, that fact alone is insufficient to demonstrate

1 compelling reasons to seal).

2    Redwood's argument that the documents and deposition testimony they seek to seal are subject to express confidentiality provisions and/or contain references to confidential terms of confidential agreements, the disclosure of which would expose Defendants to potential litigation also fails to meet the compelling reason burden. "The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal." *Bernstein v. Target Stores, Inc.*, No. 13-CV-01018 NC, 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) (finding that confidentiality provision in settlement agreement was insufficient justification to grant motion to seal); *see also Schneider v. Amazon Retail LLC*, No. CV 21-5174 PA (MAAx), 2021 WL 5994507, at *2 (C.D. Cal. Nov. 4, 2021) (denying application to seal and finding that defendant has failed to make the required showing where defendant set forth conclusory assertions, including that the parties entered into a confidentiality agreement); *M.F. v. United States, No. C13-1790JLR*, 2015 WL 630946, at *3 (W.D. Wash. Feb. 12, 2015) (observing "the mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason to seal information concerning the settlement agreement's provisions on the court's docket") (collecting Ninth Circuit cases). Courts also have denied requests to seal information containing confidential terms where the party does not identify specific harm that would result from disclosure. *See, e.g., Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921 (N.D. Cal. June 5, 2015) (denying several requests to seal where the document contains "confidential terms"); *Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2019 WL 11868521, at *2 (N.D. Cal. May 29, 2019) (denying request to seal documents containing confidential terms where the party "identifies no specific harm that would outweigh the public's strong interest in accessing the information"); *Terrier, LLC v. HCAFranchise Corp.*, No. 222CV01325GMNEJY, 2022 WL 4280251, at *3 (D. Nev. Sept. 15, 2022) (denying sealing request where

party vaguely/broadly identified confidential terms of negotiations from prior agreements in its motion without identifying whether any information could simply be redacted). In addition, the Ninth Circuit has observed that "[t]he mere fact that the production of records may lead to a litigant's . . . exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Courts are not required to protect litigants from "exposure to additional liability and litigation." *Bernstein,* 2013 WL 5807581, at *3.

### C.   **Defendants' Requests Are Not Narrowly Tailored.**

Finally, Defendants' Sealing Applications should be denied for the independent reason that the requests are not narrowly tailored. Defendants do not articulate why it is necessary to seal the exhibits or pages of deposition testimony in their entirety, as opposed to redacting specific portions that contain purported confidential or proprietary information, which alone provides a reason to deny the Sealing Applications. *See, e.g.*, *Audionics Sys. Inc v. AAMP of Fla. Inc*, No. CV 12-10763 MMM (JEMx), 2013 WL 12129952, at *3 (C.D. Cal. Dec. 6, 2013) ("[Defendant's] request to seal the documents in their entirety is also overbroad. It appears that any confidential information contained in the documents could be easily redacted, and that sealing the documents in their entirety is unnecessary."); *MultiCraft Imports, Inc. v. Mariposa USA, Inc.*, No. CV 16-3975 DMG (AJWx), 2017 WL 5664995, at *2 (C.D. Cal. May 16, 2017) ("That two lines of deposition testimony satisfy the sealing standard does not justify the filing of the entire page of the testimony under seal."); *Griffo*, 2018 WL 11352472, at *2 ("The Court cautions that Defendants must narrowly tailor the request. The Court will not seal entire exhibits or pages of relevant testimony or financial documents[.]"); *Allen v. Conagra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2020 WL 4673914, at *4 (N.D. Cal. Aug. 12, 2020) ("[R]equests to seal entire pages of deposition testimony [] are overbroad."). Local Rule 79-5.2.2(a)(ii) requires that requests be "narrowly tailored to seal only the sealable material." Defendants state that a less restrictive alternative

to sealing is not sufficient because the entirety of the information sought to be sealed discloses the confidential information (*see, e.g.,* Dkt. 458 at 7), but a quick glance at the exhibits confirms that any allegedly confidential information contained in the documents could be easily redacted.  At the very least, the Court should deny without prejudice Defendants' Sealing Applications and require Defendants to resubmit them with narrowly tailored redactions to seek sealing of only the most sensitive information that meets the compelling reasons standard.

## IV.   CONCLUSION

Defendants' Sealing Applications are procedurally defective for failing to comply with the Local Rules and substantively defective for failing to demonstrate compelling reasons to seal.  Even if Defendants could correct these deficiencies, the applications are overbroad and fail to propose narrow tailoring.  Thus, the Court should deny the applications in their entirety.  In the alternative, the Court should deny them without prejudice and require Defendants to resubmit applications that comply with the procedural and substantive requirements and propose only narrowly tailored redactions to seal only the most sensitive material.

Dated:  September 10, 2024          Respectfully submitted,

*/s/    David M. Stein*
Michael J. Bowe (*pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat (*pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Phone: 212.209.4800
Fax:   212.209.4801

David M. Stein (State Bar #198256)
dstein@olsonstein.com
Nancy M. Olson (State Bar #260303)
nolson@olsonstein.com

1
2
3

**O**LSON **S**TEIN **LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 949.887.4600

**Counsel for Plaintiff**