JAMES M. PEARL (SB# 198481)
jamespearl@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
**PAUL HASTINGS LLP**
1999 Avenue of The Stars, 27th Floor
Los Angeles, California 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

KRISTOPHER M. HANSEN (*pro hac vice*)
krishansen@paulhastings.com
200 PARK AVENUE
**PAUL HASTINGS LLP**
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 752-3310

*[Additional Counsel for Defendants continued on next page]*

*Attorneys for Defendants,
Redwood Capital Management, LLC,
Redwood Master Fund, Ltd, Redwood
Opportunity Master Fund, Ltd, Manuel 2018,
LLC, Ginogerum, LLC, and White-Hathaway
Opportunity Fund, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL | CASE NO. 2:21-cv-4920<br><br>**DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' SEALING APPLICATIONS**<br><br>Place:   Courtroom 9B<br>Judge:   Hon. Wesley L. Hsu<br><br>SAC filed: May 23, 2024 |

DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OPPOSITION TO SEALING APPLICATIONS

| | |
|---|---|
| 1 | MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER |
| 2 | FUND, LTD, a foreign entity; REDWOOD OPPORTUNITY |
| 3 | MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware |
| 4 | corporation; GINGOGERUM, LLC, a Delaware corporation; WHITE- |
| 5 | HATHAWAY OPPORTUNITY FUND, LLC, a Delaware corporation; |
| 6 | COLBECK CAPITAL MANAGEMENT, LLC, a Delaware |
| 7 | corporation, CB MEDIA VENTURES LLC, a Delaware corporation; CB |
| 8 | AGENCY SERVICES, LLC, a Delaware corporation; and CB |
| 9 | PARTICIPATIONS SPV, LLC, a Delaware corporation, |
| 10 | |
| 11 | Defendants. |

1  *[Additional Counsel for Defendants continued from caption page]*

2  ADAM M. REICH (SB# 274235)
adamreich@paulhastings.com
3  EMMA LANZON (*pro hac vice*)
emmalanzon@paulhastings.com
4  **PAUL HASTINGS LLP**
71 South Wacker Drive, 45th Floor
5  Chicago, Illinois 60606
Telephone: 1(312) 499-6000
6  Facsimile: 1(312) 499-6100

DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OPPOSITION TO SEALING APPLICATIONS

# **TABLE OF CONTENTS**

**Page(s)**

I. FACTUAL BACKGROUND ...................................................................... 2

II. LEGAL STANDARD ................................................................................. 3

III. ARGUMENT ............................................................................................... 4

    A. The Sealing Applications Are Procedurally Proper ........................... 4

    B. Compelling Reasons Exist to Seal the Requested Exhibits. .............. 5

    C. In the Alternative, the Court Should Defer Ruling on Defendants' Sealing Applications Until After Resolution of the Motions to Dismiss. ............................................................................................ 10

IV. CONCLUSION ......................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Actian Corp. v. AB Sciex LLC*,
   No. 23-cv-05113-BLF, 2023 WL 7166811 (N.D. Cal. Oct. 30, 2023).................7

*Adema Techs., Inc. v. Wacker Chemie AG*,
   No. 5:13-cv-05599-PSG, 2013 WL 6622904 (N.D. Cal. Dec. 16, 2013).............8

*Allianz Global Risks US Ins. Co. v. United States*,
   2021 WL 3171862 (S.D. Cal. July 27, 2021).......................................................7

*Arabian v. Sony Elecs., Inc.*,
   No. 05-CV-1741 WQH (NLS), 2007 WL 627977 (S.D. Cal. Feb. 22, 2007) ..............................................................................................................3

*AV Builder Corp. v. Houston Cas. Co.*,
   No. 20-CV-1679 W (KSC), 2022 WL 2168075, at *7 (S.D. Cal. Mar. 22, 2022), *aff'd*, No. 22-55445, 2023 WL 6566510 (9th Cir. Oct. 10, 2023) ............................................................................................................... 11

*Baird v. BlackRock Institutional Trust Company, N.A.*,
   403 F.Supp.3d 765 (N.D. Cal. 2019)................................................................. 11

*Campbell v. PricewaterhouseCoopers, LLP*,
   642 F.3d 820 (9th Cir. 2011) ............................................................................... 3

*In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*,
   10 F.3d 693 (9th Cir. 1993) ................................................................................. 4

*Fekrat v. United States*,
   No. CV1300594MMMPJWX, 2013 WL 12133643 (C.D. Cal. July 9, 2013) .................................................................................................................. 9

*Hubrick Ltd. v. Wanderset, Inc.*,
   No. CV18-7980-SJO, 2019 WL 3000652 (C.D. Cal. Mar. 19, 2019) ................. 3

*Hunt v. Cont'l Cas. Co.*,
   No. 13-cv-05966-HSG, 2015 WL 5355398 (N.D. Cal. Sept. 14, 2015)............ 10

ii
DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OPPOSITION TO SEALING APPLICATIONS

*IMAX Corp. v. Cinema Techs., Inc.*,
 152 F.3d 1161 (9th Cir. 1998) .................................................................................. 4

*ImprimisRx, LLC v. OSRX, Inc.*,
 No. 21-cv-01305-BAS-DDL, 2023 WL 7029210 (S.D. Cal. Oct. 24,
 2023) ......................................................................................................................... 3

*United States ex rel. IONM LLC v. Univ. of S. California*,
 No. 2:18-CV-08311 (WLH) (AS) (C.D. Cal. Aug. 12, 2024), ECF No.
 348 ............................................................................................................................. 4

*Modoral Brands Inc. v. Swedish Match N.A. LLC*,
 No. 220CV08729SBMRW, 2022 WL 2188539 (C.D. Cal. Mar. 1,
 2022) ......................................................................................................................... 5

*In Re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
 No. 09-CV-01967 CW NC, 2012 WL 4497775 (N.D. Cal. Sept. 28,
 2012) ......................................................................................................................... 9

*Nixon v. Warner Communications*,
 435 U.S. 589 (1978) ................................................................................................. 7

*Ovonic Battery Co. v. Sanyo Elec. Co.*,
 No. 14-cv-01637-JD, 2014 WL 2758756 (N.D. Cal. June 17, 2014) ................... 3

*P&L Dev. LLC v. Bionpharma Inc.*,
 2019 WL 2079830 (M.D.N.C. May 10, 2019) ..................................................... 10

*Pintos v. Pac. Creditors Ass'n*,
 605 F.3d 665 (9th Cir. 2010) .................................................................................. 3

*In re Qualcomm Litig.*,
 No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922 (S.D. Cal. Nov. 8,
 2017) ..................................................................................................................... 3, 8

*In re Qualcomm Litig.*,
 No. 3:17-cv-0108-GPC-MDD, 2018 WL 6252523 (S.D. Cal. May 9,
 2018) ......................................................................................................................... 3

*Reputation.com, Inc. v. Mullarkey*,
 No. 21-cv-07340-HSG, 2022 WL 4775881 (N.D. Cal. Sept. 30, 2022) ........... 3, 7

iii
DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OPPOSITION TO
SEALING APPLICATIONS

*SDI Labs, Inc. v. Sameday Techs., Inc.*,
   No. CV 23-05619-MWF, 2023 WL 10407399 (C.D. Cal. Sept. 18, 2023) ................................................................................................................ 3, 10

*Stanislaus Food Prod. Co. v. USS-POSCO Indus.*,
   No. 1:09-CV-00560-LJO, 2012 WL 6160468 (E.D. Cal. Dec. 11, 2012) ............ 8

**Rules**

Civil L.R. 79-5 ............................................................................................................ 4

Civil L.R. 79-5.2.2 ................................................................................................. 1, 4

DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OPPOSITION TO SEALING APPLICATIONS

Defendants Redwood Capital Management, LLC ("RCM"), Redwood Master Fund, Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC (erroneously sued as Gingogerum, LLC), and White-Hathaway Opportunity Fund, LLC (collectively, the "Redwood Defendants" or "Redwood"); Colbeck Capital Management, LLC, CB Media Ventures DD, LLC, CB Agency Services, LLC, and CB Participations SPV, LLC (collectively, "CB Defendants"); MindGeek, S.à r.l (specially appearing), MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants"); Bernd Bergmair ("Bergmair"); Feras Antoon ("Antoon") (specially appearing); and David Tassillo ("Tassillo") (specially appearing) (collectively, the "Individual Defendants") respectfully submit this Reply to Plaintiff's Consolidated Opposition to Defendants' Sealing Applications Related to Defendants' Motions to Dismiss (the "Opposition")[1] (Dkt. 468).

Defendants' Sealing Applications should be granted because compelling reasons justify the sealing of the requested exhibits, which are replete with confidential business and personal information (including the structure and terms of financing agreements, confidential financial terms, and business strategies), and many of which are additionally subject to confidentiality provisions or designations pursuant to the Stipulated Protective Order entered in this case. The Sealing Applications are narrowly tailored to confidential and/or proprietary information.

---

[1] In connection with their respective motions to dismiss filed on August 30, 2024, the Redwood Defendants, CB Defendants, MindGeek Defendants, and Individual Defendants (collectively, the "Defendants") filed applications for leave to file under seal (together, the "Sealing Applications"). *See* Dkts. 434, 437, 443, 445, 449. As an initial matter, Defendants note that the Local Rules do not contemplate the filing of an opposition to an Application for Leave to File Under Seal. *See* L.R. 79-5.2.2. As Plaintiff's Opposition is not permitted by the rules, this Court should decline to consider it.

1
DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OPPOSITION TO SEALING APPLICATIONS

In the alternative, Defendants respectfully request that the Court defer ruling on Defendants' Sealing Applications until after it rules on Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint ("SAC").

## I.     FACTUAL BACKGROUND

Defendants' Sealing Applications seek to seal the exhibits listed in Exhibit A hereto. *See also* Dkt. 468-1. These exhibits include loan agreements between certain Defendants and third-party lenders for years 2011, 2013, and 2018, *see* Dkts. 444-3, 444-4, 450-2, 450-3; service agreements between certain Defendants, *see* Dkts. 438-10, 438-11, 448-5, 448-6; deposition testimony concerning, *inter alia*, confidential financing agreements, confidential business communications and negotiations, and investments in MindGeek (including rights and interests received in exchange for the same), *see* Dkts. 444-5, 450-5, 435-2; third-party studies reflecting confidential business information, including transfer pricing documentation, balance sheets, and financial projections and forecasts, *see* Dkts. 435-11, 438-16, 448-7, 450-1; confidential financial information, including tax returns and audited financial statements for certain Defendants, *see* Dkts. 448-8, 448-11, 448-12, 448-15, 448-17, 448-19, 438-6-9; confidential shareholder and employment agreements containing personal financial information for certain individual Defendants; and confidential Board minutes for certain Defendants, *see* Dkts. 448-13, 448-14, 448-16, 448-18, 438-12-15. The Sealing Applications also seek to seal portions of each Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss implicating such confidential information. See Dkts. 434, 437, 443, 445, 449.

Many of the documents subject to Defendants' Sealing Applications (or versions thereof) were previously designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order already entered in this case (Dkt. 187). *See, e.g.,* Dkts. 434, 437, 443, 448, 449 (describing exhibits previously designated under Stipulated Confidentiality Order).

2
DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OPPOSITION TO SEALING APPLICATIONS

## II. LEGAL STANDARD

A "compelling reasons" standard applies when reviewing applications to seal brought in connection with dispositive motions, under which a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal documents. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id*. at 679 n.6 (citation omitted). This list is not exhaustive.

Courts have found "compelling reasons" to seal documents, where, *inter alia*, disclosure would reflect confidential business and financial information, *see Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011), *Reputation.com, Inc. v. Mullarkey*, No. 21-cv-07340-HSG, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022), *In re Qualcomm Litig.,* No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017), *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023); where disclosure would risk competitive injury, *see, e.g., In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018), *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *14 (S.D. Cal. Feb. 22, 2007), *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014); and where disclosure would violate a specific confidentiality provision set forth in those documents, *see, e.g.*, *SDI Labs, Inc. v. Sameday Techs., Inc.,* No. CV 23-05619-MWF (MRWx), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023), *Hubrick Ltd. v. Wanderset, Inc.*, No. CV18-7980-SJO (RAOx), 2019 WL 3000652, at *6 (C.D. Cal. Mar. 19, 2019). Further, compelling reasons to justify sealing include safeguarding the privacy of "personally identifiable information including salaries." Order Re: Defs.' Renewed

Appl. For Leave to File Under Seal, *United States ex rel. IONM LLC v. Univ. of S. California*, No. 2:18-CV-08311 (WLH) (AS) (C.D. Cal. Aug. 12, 2024), ECF No. 348, at *2 (internal quotations marks omitted) (granting application to seal employment records containing personally identifiable information such as names, salaries, and terms of employment and financial and proprietary data implicating the privacy interests of the employer and its individual employees).

The Ninth Circuit has also repeatedly stated that confidential and proprietary business information should be filed under seal. *See, e.g., IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (noting it "is common now in business litigation" to seal "confidential [business] information") (alteration added).

## III. ARGUMENT

### A. The Sealing Applications Are Procedurally Proper.

Defendants' Sealing Applications are procedurally proper. Pursuant to Civil Local Rule 79-5, an Application for Leave to File Under Seal must "describe the nature of the information that the Filing Party asserts should be closed to public inspection" if the document has not been designated by another as confidential pursuant to the protective order, *see* L.R. 79-5.2.2(a), and, if the document *has* been designated by another as confidential pursuant to the protective order, must also include a supporting declaration that identifies "the material previously designated as confidential, as well as the Designating Party, and must describe in detail the efforts made to resolve the issue," *see* L.R. 79-5.2.2(b). The Sealing Applications comply with this rule.

Plaintiff first argues that the Sealing Applications are procedurally defective because "[s]imply stating that materials have been designated under the Protective Order does not describe the nature [of the information sought to be sealed] and

4

standing alone provides an insufficient basis for sealing." Dkt. 468 at 7. But it is simply untrue that every Defendant argues that the Stipulated Protective Order, standing alone, provides a sufficient basis for sealing. Defendants have each submitted Sealing Applications (and declarations in support thereof) that describe the bases for sealing each exhibit, including the legitimate private or public interests that warrant sealing and the injury that will result if sealing is denied. *See, e.g.,* Dkts. 434-35, 437-38, 443-44, 445, 448, 449-50. The existence of a Stipulated Protective Order is merely one reason—in addition to the many other reasons offered by Defendants—for filing certain exhibits under seal. *See, e.g.,* Dkt. 449 at 6-8, Dkt. 444 at 3-5, Dkt. 434 at 5-6, Dkt. 448 at 4-5.

Plaintiff next argues that "the Individual Defendants did not include a statement in their declarations that Plaintiff opposes their applications." Dkt. 468 at 7. This argument emphasizes form over substance, and the Court should not deny those applications that fail to include such a statement on this basis alone.[2] *See, e.g., Modoral Brands Inc. v. Swedish Match N.A. LLC*, No. 220CV08729SBMRW, 2022 WL 2188539, at *1 (C.D. Cal. Mar. 1, 2022) (declining to deny an application to seal that had "myriad mistakes in the application to seal" in terms of failing to comply strictly with the Local Rules). Furthermore, again, this argument is demonstrably false as to all Defendants. The failure of certain Defendants to include this statement is not a sufficient basis for denying all Defendants' Sealing Motions.

**B.**     **Compelling Reasons Exist to Seal the Requested Exhibits.**

Additionally, compelling reasons exist to seal the requested documents because the nature and confidentiality of the documents sought to be sealed outweigh the public's interest in accessing them. Contrary to Plaintiff's contention in her Opposition, Defendants provide specific reasons why sealing is warranted for these

---

[2] In the event the Court does deny any of the Defendants' Sealing Applications on this basis, the Court should allow these Defendants the opportunity to refile in compliance with the Local Rules.

documents. *See, e.g.,* Dkts. 434-35, 437-38, 443-44, 445, 448, 449-50. Specifically, as discussed below, Defendants seek to seal documents that contain certain Defendants' confidential financial and business information, including the documents listed on pages 4-5 of Plaintiff's Opposition; and documents that, in addition to containing confidential financial or business information, are also subject to express confidentiality provisions.

*First,* the exhibits contain confidential financial and business information that may harm the Defendants' competitive standing and/or privacy interests if disclosed. *See, e.g.,* Dkt. 444 at ¶ 9, Dkt. 449 at 6-8, Dkt. 448 at 4-5, Dkt. 434 at ¶¶ 6, 12. For example, as explained in the Sealing Applications, the 2011, 2013, and 2018 Loan Agreements, which were submitted with the Motions to Dismiss filed by the Redwood and CB Defendants, contain information related to certain Defendants' assets, business strategy, restructuring and acquisition plans, repayment terms, pricing strategy, and other sensitive and confidential financial and commercial information that could be used against Defendants and non-parties to harm their competitive position or strategic interests in other loans or business. *See* Dkts. 444 at ¶¶ 8-9, 449 at 6-7. Still, certain other exhibits explicitly reference the confidential terms of these agreements (or otherwise contain proprietary business information), including specific covenants and requirements under the agreements, and are therefore also properly subject to sealing. *See* Dkts. 450-4, 450-5. Similarly, the excerpts from the transcript of Bergmair's deposition implicate confidential business information such as the terms of the Loan Agreements, *see* Dkts. 450-6, 444-5, and confidential personal information including the amount of Bergmair's investment, the shareholding and economic interests he received in return, his receipt of dividends and other details regarding his investment in a private company,[3] *see* Dkt. 435-2.

---

[3] Disclosure of this information would put Bergmair, who is a professional investor, at a disadvantage in future business endeavors. A future counter-party negotiating with Bergmair, or a party with whom he is competing for an investment, if they were

And the MindGeek Defendants' exhibits contain non-public information, proprietary information, and trade secrets related to the financial operation of the MindGeek Defendants, including confidential terms of service and intellectual property licensing agreements, confidential and audited financial statements and tax returns, and confidential board meeting minutes providing insight into MindGeek's business model and strategy.[4]  *See* Dkt. 448 at 4-5.  Courts routinely seal such information under a "compelling reasons" standard.  *See, e.g., Reputation.com, Inc.*, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (sealing documents that "could be used against Plaintiff in future negotiations by potential acquirees or other entities competing against Plaintiff for such opportunities"); *Actian Corp. v. AB Sciex LLC*, No. 23-cv-05113-BLF, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023)

---

armed with information regarding how much he invested in MindGeek, his economic interest, the dividends he received and the price at which he sold his interest would have substantial – and unwarranted – insight into Bergmair's personal financial condition, which would be a significant negotiating advantage.  The counter-party could calculate Bergmair's profit from his investment in MindGeek and know the amount of funds Bergmair currently has available to deploy.  The agreement by which Bergmair sold his shares sets forth a schedule of the payments comprising the total sale price, the disclosure of which would allow a negotiating counter-party to know Bergmair's precise cash flow, including specific dollar amounts and dates.  Moreover, this information is fresh and would give other parties insight into Bergmair's *current* financial condition, since he sold his interest in MindGeek just last year in 2023.  *See Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (recognizing courts' ability to seal documents that, if made public, would serve "as sources of business information that might harm a litigant's competitive standing"); *Reputation.com, Inc.*, 2022 WL 4775881 at *2 (N.D. Cal. Sept. 30, 2022) (sealing financial information that could "be used against Plaintiff in future negotiations by potential acquirees or other entities competing against Plaintiff for such opportunities"); *Allianz Global Risks US Ins. Co. v. United States*, 2021 WL 3171862 at *2 (S.D. Cal. July 27, 2021) (sealing confidential business information from which "the potential economic value of [a person's] business ventures can be deduced").

[4] Unwarranted disclosure of the MindGeek Defendants' sensitive commercial information would not only disadvantage them in future business endeavors but also enable malicious actors to infiltrate and undermine the content-moderation practices of Pornhub, thus jeopardizing public safety.

("Compelling reasons exist to seal confidential business information, the disclosure of which would cause a party competitive harm."); *Adema Techs., Inc. v. Wacker Chemie AG*, No. 5:13-cv-05599-PSG, 2013 WL 6622904, at *2 (N.D. Cal. Dec. 16, 2013) (finding compelling reasons justified sealing a Supply Agreement because "the structure and terms . . . [we]re considered highly confidential commercial information by the movant]" and the movant only ever disclosed its supply agreements "with the protection of a confidentiality agreement and to government authorities when required and with as much protection from public disclosure as possible"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (sealing "confidential . . . financial terms . . . and business strategies").

Perhaps acknowledging that Defendants' exhibits contain confidential business and/or financial information, Plaintiff contends that, "to the extent some of the materials Defendants seek to seal include financial information, that information is years-old, . . . undermining any argument that disclosure would result in competitive disadvantage or prejudice." Dkt. 468 at 7. But the confidential information in the documents is not stale, because "even to the extent [the information] does not provide direct insight into current business strategies, the information can be extrapolated to predict future strategies and practices, and is still relevant today." *See Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *4 (E.D. Cal. Dec. 11, 2012). For instance, the public release of confidential finance information in the Loan Agreements would put the Redwood and CB Defendants, and the companies which they manage, at a competitive disadvantage when negotiating future loan terms, contracts with customers, and business opportunities.

Plaintiff additionally argues—without specifying the exhibits to which the argument applies—that "much of the financial information Defendants seek to seal has been superseded by subsequent agreements with different terms and between

different parties," and so the Court should therefore decline to seal these documents. Dkt. 468 at 8.  But, as explained by Defendants, the Loan Agreements at issue contain confidential financing terms, which were not previously disclosed before, and reflect confidential business strategies and approaches to financing negotiations of the Redwood and CB Defendants and other lenders.  *See* Dkt. 449 at 6-7.  These agreements are unlike those at issue in *Fekrat v. United States*, No. CV1300594MMMPJWX, 2013 WL 12133643, at *2 (C.D. Cal. July 9, 2013), where "most of the general contract provisions the government [sought] to seal [were] substantially identical to publicly published provisions included in the contract solicitation," and in *In Re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4497775, at *4 (N.D. Cal. Sept. 28, 2012), where the court sealed current licensing agreements but declined to seal licensing agreements thirteen and eighteen years old where the NCAA did not specify how those agreements would be relevant to a licensing negotiation in the future.  Here, the Redwood and CB Defendants do not have any current financing agreements with MindGeek, and the Defendants have explained how the agreements would be relevant to future negotiations.  *See, e.g.,* Dkt. 449 at 6-7.  Compelling reasons exist to keep the Loan Agreements under seal.

*Second,* many of the exhibits reflect confidential information that was not intended to be made public by the parties to the document and/or that may prejudice third parties if publicly disclosed.  *See, e.g.,* Dkt. 444 at ¶¶ 8, 10; Dkt. 450 at ¶¶ 5-6.  In fact, many documents—in addition to containing the confidential business or personal information discussed above—are subject to express confidentiality provisions for this very reason.[5]  *See, e.g.,* Dkts. 450-1, 450-2, 450-3, 444-3, 444-4.

---

[5] Defendants do not argue that the confidentiality provisions *alone* subject the relevant exhibits to sealing.  Rather, Defendants argue that the existence of a confidentiality provision provides an *additional* reason in support of sealing.  *See, e.g.,* Dkt. 449 at 5-8.

9
DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OPPOSITION TO SEALING APPLICATIONS

Such documents are properly sealable. *See, e.g., SDI Labs, Inc. v. Sameday Techs., Inc.*, No. CV 23-05619-MWF (MRWx), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023) (concluding "compelling reasons" existed to seal a term sheet, which contained a confidentiality provision that may "expos[e] [the defendants] to a potential lawsuit" if disclosed); *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing third parties' names because such information "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records").

Finally, Defendants' Sealing Applications are narrowly tailored to confidential and/or proprietary information. Defendants included numerous excerpts of transcripts or documents (rather than entire transcripts or documents) where possible. But a less restrictive alternative to sealing is not otherwise practical, because the entirety of the information Defendants seek to seal discloses the confidential information described above. *See P&L Dev. LLC v. Bionpharma Inc.*, 2019 WL 2079830, at *8 (M.D.N.C. May 10, 2019) (sealing exhibits in their entirety where redaction was "not practical" and would have left "nothing of value for the public").

### C. In the Alternative, the Court Should Defer Ruling on Defendants' Sealing Applications Until After Resolution of the Motions to Dismiss.

In the alternative, Defendants respectfully request that the Court defer ruling on Defendants' Sealing Applications until after it rules on Defendants' Motions to Dismiss Plaintiff's SAC. Defendants maintain that the requested exhibits, while helpful in providing a more complete picture of the allegations, are not necessary for the resolution of the Motions to Dismiss due to the myriad legal deficiencies in Plaintiff's SAC. This is significant because documents that are attached to motions, but not necessary for the resolution thereof, are only "tangentially related to the

merits of a case [and] are not subject to the strong presumption of access," and are therefore appropriately subject to sealing. *See, e.g., AV Builder Corp. v. Houston Cas. Co.*, No. 20-CV-1679 W (KSC), 2022 WL 2168075, at *7 (S.D. Cal. Mar. 22, 2022), *aff'd*, No. 22-55445, 2023 WL 6566510 (9th Cir. Oct. 10, 2023) (granting the motion to seal all documents not necessary for the resolution of the dispositive motion). *See also Baird v. BlackRock Institutional Trust Company, N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019). Therefore, should the Court not wish to presently rule upon Defendant's Sealing Applications, it may defer its ruling until it resolves the pending Motions to Dismiss.

## IV. CONCLUSION

For the aforementioned reasons, Defendants respectfully request that the Court grant the Sealing Applications or defer its ruling until after resolution of the Defendants' Motions to Dismiss. In the event the Court determines there is a basis to deny the Sealing Applications, Defendants respectfully request the opportunity to resubmit the Sealing Applications to cure any perceived defects.

DATED: September 26, 2024  **PAUL HASTINGS LLP**

By: */s/ James M. Pearl*
       JAMES M. PEARL

*Attorneys for Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC*

DATED: September 26, 2024

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**

By: */s/ Esteban Morales*
　　　ESTEBAN MORALES

*Attorneys for Defendants MindGeek S.à r.l., MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.*

DATED: September 26, 2024

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC**

By: */s/ Jonathan S. Sack*
　　　JONATHAN S. SACK

*Attorneys for Specially Appearing Defendant David Tassillo*

DATED: September 26, 2024

**COHEN & GRESSER LLP**

By: */s/ Matthew V. Povolny*
　　　MATTHEW V. POVOLNY

*Attorneys for Specially Appearing Defendant Feras Antoon*

DATED: September 26, 2024

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: */s/ Ronald G. White*
　　　RONALD G. WHITE

*Attorneys for Defendant Bernd Bergmair*

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: September 26, 2024 | **WHITE & CASE LLP** |
| 3 | | |
| 4 | | |
| 5 | | By: */s/ Kevin C. Adam*<br>          KEVIN C. ADAM |
| 6 | | *Attorneys for Defendant Colbeck Capital Management, LLC; CB Media Ventures DD, LLC; CB Agency Services, LLC; and CB Participations SPV, LLC* |