WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
4000 MacArthur Boulevard,
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Alexander F.R. Peacocke (*pro hac vice* pending)
565 Fifth Avenue
New York, New York 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Email: jsack@maglaw.com
Email: apeacocke@maglaw.com

*Attorneys for Specially Appearing Defendant David Tassillo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES, <br><br> Plaintiff, <br><br> v. <br><br> MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation, GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, A Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware Corporation; CB AGENCY SERVICES, LLC, A Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation <br><br> Defendants. | Case No. 2:21-cv-4920 <br><br> **DECLARATION OF JONATHAN S. SACK IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER** |

I, Jonathan S. Sack, Esq., hereby state to the best of my knowledge and belief:

1. I am a member of the State Bars of New York and Connecticut, a Partner at the firm of Morvillo, Abramowitz, Grand, Iason & Anello, PC, and counsel of record (admitted *pro hac vice*) for specially-appearing defendant David Tassillo.

**A.  Confidential Material**

2. I submit this Declaration in support of Plaintiff Serena Fleites's Application for Leave to File Under Seal Material Designated as Confidential Pursuant to a Protective Order (ECF No. 480) (the "Application"), which seeks to seal material previously designated as "Confidential" or "Highly Confidential" under the parties' Stipulated Protective Order (ECF No. 187).

3. Mr. Tassillo supports the Application to the extent Plaintiff seeks: (a) to file under seal material that Mr. Tassillo produced in discovery in this action and designated as "Confidential" or "Highly Confidential" under the Stipulated Protective Order (together, the "Confidential Material"); or (b) to reference Confidential Material in either (i) Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss the Second Amendment Complaint (the "Omnibus Opposition") (ECF No. 477), or (ii) the Declaration of Michael J. Bowe in Support of Plaintiff's Omnibus Opposition (the "Bowe Declaration") (ECF No. 476) and the exhibits attached thereto.

4. The Confidential Material reflects confidential information concerning (a) Mr. Tassillo's personal investments and assets, including compensation paid for shareholdings in MindGeek S.a.r.l., and rights received and exercised in connection with his shareholdings in MindGeek S.a.r.l.; and (b) MindGeek S.a.r.l.'s internal business strategy or practices, transactions, financial information, or corporate structure.

## B. Legal Standard

5. The right of the public "to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Access may be limited where court records could become "a vehicle for improper purposes" including "to gratify private spite or promote public scandal" or to "harm a litigant's competitive standing." *Id.* (internal quotation marks omitted). To protect documents from public inspection, a party must "'articulate[] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal material in support of a motion to dismiss must meet this "compelling reasons" standard. *SDI Labs, Inc. v. Sameday Techs., Inc.*, No. 23-CV-05619-MWF, 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023).

6. Litigants have a "legitimate interest in ensuring the privacy of personal information," including salary, dividend and other information regarding similar financial compensation. *Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (granting motion to seal personal financial information, finding that compelling reasons exist to seal and prevent harmful use of the information); *see also Gomo v. NetApp, Inc.*, No. 17-CV-02990-BLF, 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (finding compelling reasons to seal information concerning the "compensation structure and personal information about [a defendant corporation's] executives.").

7. Compelling reasons likewise exist to seal "confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances." *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal.

2

Mar. 27, 2024); *see also Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 17-CV-04992-BLF, 2019 WL 11658748, at *2 (N.D. Cal. July 11, 2019) (sealing "documents [that] relate to financial transactions that were intended to be, and have been, kept in confidence").

8. The public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

## C. Discussion

9. As detailed in the chart below, the Omnibus Opposition and Exhibits 5 and 12 to the Bowe Declaration contain sensitive non-public information implicating either (a) Mr. Tassillo's personal financial information or rights in connection with economic interest in MindGeek, or (b) the MindGeek's business strategy or practices, transactions, financial information, or corporate structure.

10. Accordingly, Mr. Tassillo supports Plaintiff's Application for leave to seal and/or redact this information from the public record as identified in the foregoing chart:

| Document | Material to be Sealed | Basis for Sealing |
|---|---|---|
| Exhibit 5 (Excerpts of the June 16, 2023 Tassillo Deposition Transcript) | Sealed in its entirety | Mr. Tassillo's personal financial information and MindGeek's business strategy and internal structure. |
| Exhibit 12 (March 16, 2023 Share Pledge Agreement) | Sealed in its entirety | Mr. Tassillo's personal financial information or rights in connection with economic interest in MindGeek, and MindGeek's business transactions, finances, and structure. |
| Omnibus Opposition | Page 81, Lines 17-22. Page 82, Lines 2-7. | Mr. Tassillo's personal financial information and MindGeek's |

3

|  | Page 83, Line 13 to Page 84, Line 12. | business strategy and internal structure. |

11. Mr. Tassillo's request to seal is narrowly tailored. Tassillo specified the portions of the Omnibus Opposition, by page and line number, for which redaction is appropriate. A less restrictive alternative to sealing Exhibits 5 and 12 in their entirety is not sufficient because the entirety of the information sought to be sealed discloses the Confidential Material described above.

12. Tassillo respectfully requests that the Court grant the Application.

\*\*\*

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 4, 2024

/s/ Jonathan S. Sack

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Alexander F.R. Peacocke (*pro hac vice* pending)

*Attorneys for Specially Appearing Defendant David Tassillo*

4