
| | |
|---|---|
| 1 | JAMES M. PEARL (SB# 198481)<br>jamespearl@paulhastings.com |
| 2 | KIAURA CLARK (SB# 336314)<br>kiauraclark@paulhastings.com |
| 3 | **PAUL HASTINGS LLP**<br>1999 Avenue of The Stars, 27th Floor |
| 4 | Los Angeles, California 90067<br>Telephone: 1(310) 620-5700 |
| 5 | Facsimile: 1(310) 620-5899 |
| 6 | ADAM M. REICH (SB# 274235)<br>adamreich@paulhastings.com |
| 7 | EMMA LANZON (*pro hac vice*)<br>emmalanzon@paulhastings.com |
| 8 | **PAUL HASTINGS LLP**<br>71 South Wacker Drive, 45th Floor |
| 9 | Chicago, Illinois 60606<br>Telephone: 1(312) 499-6000 |
| 10 | Facsimile: 1(312) 499-6100 |
| 11 | *[Additional Counsel for Defendant continued on next page]* |
| 12 | |
| 13 | *Attorneys for Defendants,*<br>*Redwood Capital Management, LLC, Redwood* |
| 14 | *Master Fund, Ltd, Redwood Opportunity*<br>*Master Fund, Ltd, Manuel 2018, LLC,* |
| 15 | *Ginogerum, LLC, and White-Hathaway*<br>*Opportunity Fund, LLC* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Serena Fleites,<br><br>    Plaintiff,<br><br>    vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL | CASE NO. 2:21-cv-04920-WLH-ADS<br><br>**DECLARATION OF ADAM M. REICH IN SUPPORT OF LOCAL CIVIL RULE 79-5.2.2 APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER [DKT 479]**<br><br>Place:    Courtroom 9B<br>Judge:    Hon. Wesley L. Hsu<br><br>SAC filed: May 23, 2024 |

DECLARATION OF ADAM M. REICH ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL

MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware corporation, CB MEDIA VENTURES LLC, a Delaware corporation; CB AGENCY SERVICES, LLC, a Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation,

Defendants.

1  *[Additional Counsel for Defendant continued from caption page]*

2  KRISTOPHER M. HANSEN (*pro hac vice*)
   krishansen@paulhastings.com
3  **PAUL HASTINGS LLP**
   200 Park Avenue
4  New York, New York 10166
   Telephone: 1(212) 318-6000
5  Facsimile: 1(212) 752-3310

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ADAM M. REICH ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL

I, Adam M. Reich, declare as follows:

1. I am an attorney with the law firm of Paul Hastings LLP, counsel of record for Defendant Redwood Capital Management, LLC ("Defendant" or "Redwood"). I am duly admitted to practice law before all the Courts of the State of California and this Court. I have personal knowledge of the matters discussed below and if called upon to do so, I could and would competently testify thereto.

2. Pursuant to Civil Local Rule 79-5.2.2, I make this declaration in support of Plaintiff Serena Fleites' ("Plaintiff") Application for Leave to File Under Seal Materials Related to Omnibus Opposition ("Application"), Dkt. 479. In her Application, Plaintiff seeks to seal certain material designated as "Confidential" by MindGeek, S.à r.l (specially appearing), MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants") and Defendant Bernd Bergmair ("Bergmair") under the Stipulated Protective Order entered by the Court on October 14, 2022 ("Protective Order") (Dkt. 187), filed in support of Plaintiff's Omnibus Opposition to Defendants' Motion to Dismiss (Dkt. 480-1). Portions of this material reflect: confidential communications between the MindGeek Defendants and its lenders (which includes Redwood); terms and conditions of confidential loan agreements; and confidential business strategies and approaches to financing negotiations.

3. Specifically, Redwood requests that pages 218-19 of the June 15, 2023 Bergmair Deposition Transcript (excerpted), filed by Plaintiff as Exhibit 4 (Dkt. 480-5 at 4-5), be sealed. Redwood also requests that the portion of the Omnibus Opposition citing to pages 218-19 of the June 15, 2023 Bergmair Deposition Transcript (Dkt. 480-1 at 41:26-42:3) be sealed.

4. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the

1. common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *Id*.

5. The standard of review a court applies when reviewing applications to seal depends on whether the application is brought in connection with dispositive motions or non-dispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 79 (9th Cir. 2010). A "compelling reasons" standard applies to dispositive motions. *Id*.

6. Under the "compelling reasons" standard, a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal documents. *Pintos*, 605 F.3d at 679. "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id*. at 679 n.6 (citation omitted). This list is not exhaustive.

7. There are a variety of "compelling reasons" to seal documents. Courts have found "compelling reasons" to seal documents, where their disclosure would risk competitive injury. *See, e.g., In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (finding that compelling reasons existed to seal certain information subject to confidentiality agreements); *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *14 (S.D. Cal. Feb. 22, 2007) (granting an application to seal exhibits to a declaration because they contained "proprietary and/or trade secret information[]" and the information was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) (granting a request to seal a petition because it contained information that, if

DECLARATION OF ADAM M. REICH ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL

1  publicly released, "could place [the petitioner] in a diminished bargaining position in future negotiations").

8. Courts have also sealed documents that reflect "confidential business strategies and other commercially sensitive information." *See Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023) (commenting that future business planning and competitive strategy amount to "quintessential business information that may harm a firm's competitive standing if disclosed to the public") (citations omitted). This is consistent with the United States Supreme Court's determination that courts may seal "business information that might harm a litigant's competitive standing[.]" *Nixon*, 435 U.S. at 598 (citation omitted).

9. The Ninth Circuit has also repeatedly stated that confidential and proprietary business information should be filed under seal. *See, e.g., IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (noting it "is common now in business litigation" to seal "confidential [business] information") (alteration added).

10. The public's interest in viewing a document is diminished where the document is "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

11. Compelling reasons exist to seal pages 218-19 of the excerpted June 15, 2023 Bergmair Deposition Transcript filed by Plaintiff at Dkt. 480-5 and the portions of the Omnibus Opposition citing to such pages (Dkt. 480-1 at 41:26-42:3).

12. Specifically, pages 218-19 of the June 15, 2023 Bergmair Deposition Transcript (Dkt. 480-5 at 4-5) (designated as "Confidential" by the MindGeek

DECLARATION OF ADAM M. REICH ISO APPLICATION FOR LEAVE TO FILE UNDER SEAL

1 | Defendants and Bergmair, as identified in Plaintiff's Application) and the
2 | corresponding portions of the Omnibus Opposition (Dkt. 480-1 at 41:26-42:3),
3 | implicate Redwood's confidential business practices and strategies and other
4 | commercially sensitive information, including confidential financing terms.

5 |       13.    The relief requested in Plaintiff's Application is necessary to protect: (i)
6 | Redwood's confidential business strategies and negotiations; and (ii) proprietary
7 | business information regarding confidential loan agreements.  *See Lightning Box*
8 | *Games Pty, Ltd. v. Plaor, Inc.*, 2017 WL 7310782, at *4 (N.D. Cal. Dec. 29, 2017);
9 | *Adema Techs., Inc. v. Wacker Chemie AG*, 2013 WL 6622904, at *2 (N.D. Cal. Dec.
10 | 16, 2013); *Ovonic Battery Co.*, 2014 WL 2758756, at *3.  *See also Pluspass, Inc. v.*
11 | *Verra Mobility Corp.*, No. 2:20-cv-10078-FWS-KK, 2023 WL 6370236, at *4 (C.D.
12 | Cal. Aug. 29, 2023) (finding compelling reasons to seal declaration containing "trade
13 | secrets, including information regarding contractual terms, confidential negotiations,
14 | and business strategies").  Further, the excerpted June 15, 2023 Bergmair Deposition
15 | Transcript is not necessary to the resolution of the motion to dismiss.  *See Music Grp.*
16 | *Macao Com. Offshore Ltd.*, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

17 |       14.    The sealing request is narrowly tailored to pages 218-19 of the June 15,
18 | 2023 Bergmair Deposition Transcript (Dkt. 480-05 at 4-5) and the portion of the
19 | Omnibus Opposition referencing the same (Dkt. 480-1 at 41:26-42:3). A less
20 | restrictive alternative to sealing is not sufficient because the entirety of the
21 | information sought to be sealed discloses the confidential information described
22 | above.

23 | I declare under penalty of perjury under the laws of the State of California that
24 | the foregoing is true and correct.

25 | Executed in Chicago, Illinois on November 4, 2024.

27 |           */s/ Adam M. Reich*
          Adam M. Reich

DECLARATION OF ADAM M. REICH ISO APPLICATION FOR LEAVE TO FILE
UNDER SEAL