DAN MARMALEFSKY
(CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

RONALD G. WHITE
(admitted pro hac vice)
RWhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY 10281
Telephone: 212-335-2387
Facsimile: 212-335-2040

Attorneys for Defendant Bernd Bergmair

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br><br>vs.<br><br>MINDGEEK S.A.R.L., et al.,<br><br>        Defendants. | Case No.: 2:21-cv-4920-WLH-ADS<br><br>**DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**<br><br>Date: January 31, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu<br>Complaint Filed: June 17, 2021<br>Trial Date: None Set |

1. Pursuant to Local Rule 79-5.2.2 and the Stipulated Protective Order entered by this Court on October 14, 2022 (Dkt. 187), Defendant Bernd Bergmair hereby submits this Application for Leave to File Under Seal Material Designated as Confidential Pursuant to a Protective Order. In support of this Application, Bergmair states as follows:

2. 1. This application seeks leave to file under seal portions of the contemporaneously-filed Defendant Bernd Bergmair's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint ("Bergmair's Reply in Support of Motion to Dismiss") and the Declaration from Ronald G. White in support of that reply ("White Reply Declaration"), which contain and/or attach materials designated as Confidential or Highly Confidential by Bergmair and other parties pursuant to the Protective Order in this case (ECF No. 187), or which reference portions of materials that were previously filed under seal, including: the Second Amended Complaint (ECF No. 385, the "SAC"); Defendant Bernd Bergmair's Motion to Dismiss the Second Amended Complaint (ECF No. 433, "Bergmair Motion to Dismiss"); Exhibits to the Declaration from Ronald G. White in support of that motion (ECF No. 433-2, "White Declaration"); the Declaration of Andreas Andreou, submitted in support of the MindGeek Entity Defendants' Motion to Dismiss (ECF No. 440-2, "Andreou Declaration"); Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss the Second Amended Complaint (ECF No. 477, "Plaintiff's Opposition"); and Exhibits to the Declaration of Michael J. Bowe in support of Plaintiff's Opposition (ECF No. 476, "Bowe Declaration," and together with the SAC, Bergmair Motion to Dismiss, White Declaration, Andreou Declaration, Plaintiff's Opposition, and Bowe Declaration, the "Materials Previously Filed Under Seal").

3. 2. Specifically, as set forth below, Bergmair requests that the following be filed under seal, in whole or in part: (a) White Reply Declaration Exhibits Q-V; and (b) portions of Bergmair's Reply in Support of Motion to Dismiss which refer to the contents of those exhibits and the Materials Previously Filed Under Seal.

3.   The Protective Order allows a party to designate material that it produces as "Confidential" if it qualifies for protection under Fed. R. Civ. P. 26(c), or as otherwise provided for in a party's good cause statement.

**I.   Material Designated by Bergmair as Confidential or Highly Confidential**

4.   During the course of jurisdictional discovery, Bergmair designated as "Confidential" the transcript of the deposition of Bernd Bergmair, dated June 15, 2023 (submitted as White Reply Decl. Ex. V) and designated as "Confidential" an August 5, 2020 email from Philippe Poire Cote to Bernard Bergmair (produced by Bergmair in jurisdictional discovery as Bergmair_Fleites_00002449) and an attachment to the email (produced by Bergmair in jurisdictional discovery as Bergmair_Fleites_00002450) (submitted as White Reply Decl. Ex. U).

5.   Bergmair seeks to seal (a) Exhibits U and V in their entirety; and (b) portions of the Bergmair's Reply in Support of Motion to Dismiss which refer to the contents of those exhibits or to the Materials Previously Filed Under Seal. The designated information constitutes personal financial information regarding Bergmair's investment in a private company. This includes (1) the identity of the corporate entities through which he invested; and (2) details regarding his receipt of dividends as a result of his investment. Specifically, Bergmair requests that the following excerpts be filed under seal:

| **MATERIAL REQUESTED FOR SEALING** | **REASON** |
|---|---|
| Ex. U and V and corresponding references to the contents of this material in Bergmair's Reply in Support of Motion to Dismiss | The identity of corporate entities through which Bergmair invested |
| Ex. U and V and corresponding references to the contents of this material in Bergmair's Reply in Support of Motion to Dismiss | Details regarding receipt of dividends |

6.   The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that

might harm a litigant's competitive standing." *Id.*

7. "[T]he Ninth Circuit has not stated the standard – good cause or compelling reasons – that applies to the sealing of a pleading. *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV-18-6809-MWF(MRWx), 2018 WL 6985313, at *1 (C.D. Cal. Nov. 6, 2018) (recognizing split of authority among the district courts in the Ninth Circuit).

8. The "good cause" standard comes from Rule 26(c)(1), which sets forth the requirements for protective orders during discovery. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Rule 26(c)(1) provides, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

9. "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598).

10. Bergmair's narrowly tailored sealing request satisfies both standards.

11. Courts in this circuit have routinely held that confidential business and personal financial information—such as the amount of his investment, the shareholding and economic interests he received in return, his receipt of dividends and other details regarding his investment in a private company—satisfies the compelling reasons standard and warrants sealing. *See Reputation.com, Inc. v. Mullarkey*, No. 21-CV-07340-HSG, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (Compelling reasons standard satisfied, in part, because the at-issue "documents contain confidential business and financial information relating to the terms of [a corporate] acquisition" which, "[i]f publi[shed], the terms of the

agreement could be used against Plaintiff in future negotiations by potential acquirees or other entities competing against Plaintiff for such opportunities"); *Monterey Bay Military Housing LLC v. Ambac Assurance Corp.*, 2019 WL 11658748, at 2 (N.D. Cal. July 11, 2019) (finding "compelling reasons" to seal "documents [that] relate to financial transactions that were intended to be, and have been, kept in confidence," as well as "private financial and operational information" regarding business); *Allianz Global Risks US Ins. Co. v. United States*, 2021 WL 3171862, at 2 (S.D. Cal. July 27, 2021) (finding "compelling reasons" to seal information from which "the potential economic value of [the designating party's] business ventures can be deduced"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons exist to seal "confidential business information," such as "confidential business agreements executed among the parties," agreement terms, amounts paid under agreements, "financial terms," details of negotiations, and "business strategies"); *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) (party may meet burden under Local Rule 79-5 where party seeks to seal "proprietary and confidential business information," including agreements reflecting "parties' obligations and terms of payment"); *see also Nguyen v. City of Garden Grove*, No. 8:21-01775-JVS(ADSx), 2023 WL 2558536, at *4 (C.D. Cal. Feb. 2, 2023) (during discovery, permitting redactions of private financial information such as "asset information").

12. Bergmair notes that the information described above is the same or similar to the information that is redacted in the Materials Previously Filed Under Seal.

## II. Material Designated as Confidential or Highly Confidential by Others

13. On December 5 and 6, 2024, Bergmair notified the MindGeek Entity Defendants, Feras Antoon, and David Tassillo of his intent to rely on the following

exhibits in connection with Bergmair's Reply in Support of Motion to Dismiss, which have been previously designated as "Confidential" or "Highly Confidential":

| White Reply Decl. Exhibit | Description | Designating Party |
|---|---|---|
| Q | Excerpts of the Transcript of the Deposition of Feras Antoon, dated June 14, 2023 | Feras Antoon; MindGeek Entity Defendants |
| R | Excerpts of the Transcript of the Deposition of David Tassillo, dated June 16, 2023 | David Tassillo; MindGeek Entity Defendants |
| S | Excerpts of the Transcript of the Deposition of Andreas Andreou, dated June 2, 2023 | MindGeek Entity Defendants |
| T | Spreadsheet produced by the MindGeek Entity Defendants during jurisdictional discovery (MindGeek_Fleites_00066303) | MindGeek Entity Defendants |
| V | Excerpts of the Transcript of the Deposition of Bernd Bergmair, dated June 15, 2023 | MindGeek Entity Defendants |

14. Bergmair subsequently conferred with the MindGeek Entity Defendants, Antoon, and Tassillo. The MindGeek Entity Defendants, Antoon, and Tassillo have indicated their intent to request that the material – and references to the material in Bergmair's Reply in Support of Motion to Dismiss – remain Confidential or Highly Confidential and under seal.

15. Local Rule 79-5.2.2 provides that where a Filing Party seeks to file a document containing information previously designated as confidential by another pursuant to a protective order, and the document cannot be suitably redacted by agreement, the Filing Party may file an Application for Leave to File Under Seal. The Rule further requires the Filing Party to confer with the Designating Party at least three days before seeking to file the document(s) under seal and, if sealing remains necessary, to serve a copy of the application and any supporting declaration on the Designating Party the same day the motion is filed, so that the Designating

1. Party may, within four days, file a declaration that establishes why all or part of the designated material is sealable.

16. Accordingly, under Local Rule 79-5.2.2, Bergmair has redacted the designated material in the publicly filed versions of Bergmair's Reply in Support of Motion to Dismiss and exhibits accompanying White Reply Declaration.

17. Bergmair is attaching the following to the sealed declaration in support of this Application:

| Attachment to Sealed Declaration in Support of this Application | Description |
|---|---|
| A | Unredacted version of Bergmair's Reply in Support of Motion to Dismiss with the designated material highlighted |
| B | Excerpts of the Transcript of the Deposition of Feras Antoon, dated June 14, 2023 (White Reply Decl. Ex. Q) |
| C | Excerpts of the Transcript of the Deposition of David Tassillo, dated June 16, 2023 (White Reply Decl. Ex. R) |
| D | Excerpts of the Transcript of the Deposition of Andreas Andreou, dated June 2, 2023 (White Reply Decl. Ex. S) |
| E | Spreadsheet produced by the MindGeek Entity Defendants during jurisdictional discovery (White Reply Decl. Ex. T) |
| F | August 5, 2020 email from Philippe Poire Cote to Bernard Bergmair (produced by Bergmair in jurisdictional discovery as Bergmair_Fleites_00002449) and an attachment to the email (produced by Bergmair in jurisdictional discovery as Bergmair_Fleites_00002450) (White Reply Decl. Ex. U) |
| G | Excerpts of the Transcript of the Deposition of Bernd Bergmair, dated June 15, 2023 (White Reply Decl. Ex. V) |

18. The parties have been served with a copy of this Application today through CM/ECF system, and by email, as required by Local Rule 79-5.2.2.

Dated: December 6, 2024                Respectfully submitted,

                                       */s/ Ronald G. White*
                                       Ronald G. White

# CERTIFICATE OF SERVICE

The undersigned, the counsel of record for Bernd Bergmair, certifies that the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on December 6, 2024 upon all counsel of record via email.

Dated: December 6, 2024          Respectfully submitted,

*/s/ Ronald G. White*
RONALD G. WHITE
(admitted *pro hac vice*)
rwhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY  10281
Tel: (212) 335-2387
Fax: (212) 335-2040

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

Attorneys for Defendant Bernd Bergmair