Esteban Morales Fabila (SBN 273948)
emorales@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Peter A. Biagetti (*Admitted Pro Hac Vice*)
pabiagetti@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile:  (617) 542-2241

*Attorneys for Defendants MindGeek S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　　Plaintiff,<br>　v.<br><br>MINDGEEK S.À R.L, et al.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>Case Assigned to Hon. Wesley L. Hsu Courtroom 9B<br><br>**DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER [DKT. 502]**<br><br>Complaint Filed:　June 17, 2021<br>Trial Date:　　　Not Set Yet |

## DECLARATION OF PETER A. BIAGETTI

I, Peter A. Biagetti, declare:

1. I am a member of the Bar of the Commonwealth of Massachusetts admitted *pro hac vice* to appear before this Court (Dkt. 427), and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek, S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2. I make this declaration in support of Defendant Bernd Bergmair's ("Bergmair") Application for Leave to File Under Seal Material Designated Confidential Pursuant to a Protective Order, Dkt. 502. Bergmair seeks to seal materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party under the Stipulated Protective Order entered by the Court on October 14, 2022 ("Protective Order"), Dkt. 187, filed in support of his Reply in Support of its Motion to Dismiss the SAC on December 6, 2024, Dkt. 499. *See* Dkt. 502.

3. Specifically, Bergmair requests that the following materials be filed under seal:

| DOCUMENT | MATERIAL TO BE SEALED |
|---|---|
| Defendant Bernd Bergmair's Reply ISO Motion to Dismiss Plaintiff's Second Amended Complaint ("Bergmair Reply") | Page 6,[1] lines 16-17<br><br>Page 8, lines 2-8, 11-12 & fn. 4<br><br>Page 10, lines 5-7, 15 to Page 11, line 2 |

---

[1] All page numbers herein refer to the ECF page numbers.

DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL – Case No. 2:21-cv-04920-WLH-ADS

| DOCUMENT | MATERIAL TO BE SEALED |
|---|---|
| | Page 11, lines 7-9, 11-17 & fn. 8 |
| | Page 12, lines 7-15, 19 to Page 13, line 2 & fns. 9, 10 |
| | Page 13, lines 3-4, 17 to Page 14, line 3 |
| | Page 14, lines 5-18 & fn. 13 |
| | Page 15, lines 1-14, 17-21 & fn. 14 |
| | Page 16, lines 6-8 & fn. 16 |
| | Page 17, line 17 to Page 18, line 2 & fn. 18 |
| | Page 18, lines 5-8, 12-15 & fns. 19, 20, 21 |
| | Page 19, lines 2-6, 7 to Page 20, line 8 & fns. 22, 23 |
| | Page 20, line 12 to Page 21, line 11 & fns. 24, 25, 26, 27, 28 |
| | Page 24, lines 2-4 |
| Exhibit Q to the Declaration of Ronald G. White ISO Bergmair Reply ("White Declaration") | Sealed in its entirety |
| Exhibit R to the White Declaration | Sealed in its entirety |

- 3 -

DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL – Case No. 2:21-cv-04920-WLH-ADS

| DOCUMENT | MATERIAL TO BE SEALED |
|---|---|
| Exhibit S to the White Declaration | Sealed in its entirety |
| Exhibit T to the White Declaration | Sealed in its entirety |
| Exhibit U to the White Declaration | Sealed in its entirety |
| Exhibit V to the White Declaration | Sealed in its entirety |

### I. The Standard for Sealing Records

1. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id.*

2. The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records containing information about proprietary business operations, and internal policies and strategies).

3. The standard for sealing documents and materials connected to dispositive motions, like Defendants' motions to dismiss, is the "'compelling reasons'

1  standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

4. While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public information concerning business transactions and corporate structure).

5. Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd.*, 2015 WL 3993147 at *8.

6. Finally, courts customarily permit litigants to seal documents where redaction is impractical or impracticable. *Smith v. United States*, No. 1:22-CV-01032-SAB, 2022 WL 3578568, at *3 (E.D. Cal. Aug. 19, 2022) (sealing tax return documents in their entirety where "redacting the document would be impractical and not leave any meaningful information available to the public."); *N.R.S. by & through A.S. v. Twin Rivers Unified Sch. Dist.*, No. 223CV01282MCEJDP, 2023 WL 7339140, at *1 (E.D. Cal. Oct. 19, 2023) (sealing an administrative record that had confidential information "listed throughout making redaction impractical"); *Sullivan v. Prudential Ins. Co. of Am.*, No. 2:12-CV-01173-GEB, 2012 WL 3763904, at *1 (E.D. Cal. Aug. 29, 2012) (parties' representation that an administrative record was "replete" with PII and that "redacting such information would be too burdensome" was "sufficient to justify" sealing). This Court's standing order, moreover, provides "[d]ocuments that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with *a reasonable amount of effort*." Hon. Wesley L. Hsu Standing Order for Newly Assigned Civil Cases § 5(b) (emphasis added).

**II.     The Materials Identified in Bergmair's Application Should Be Sealed in Their Entirety or Redacted Appropriately**

7. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or other parties identified in Bergmair's Application contain non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses, including:

> a. Confidential information relating to MindGeek entities' financial condition, profitability and confidential financial terms regarding investment and/or the sale of certain business, stock or entities and payment for shares (Reply, at 6:16-17, 8:2-8, 8:11-12 & fn. 4, 11:7-9, 11:11-17 & fn. 8, White Decl. Exs. Q, R);

b. Confidential information and business strategies and negotiations relating to corporate structure, including strategies related to structuring of the MindGeek entities for alleged tax-planning purposes (Reply, at 10:5-7, 10:15-11:2, 18:5-8 & fns. 19, 20, 20:12-21:1-11, fns. 27, 28);

c. Confidential information relating to revenues, economic interests and the payment of dividends and by the MindGeek entities and the identities of investors (Reply, at 17:17-23, 18:1-2, 18:12-15 & fn. 21, 19:2-20 & fns. 22, 23, 20:1-8, 20:12 & fns. 24, 25, 26, 24:2-4; White Decl. Exs. S, U, V, T); and

d. Confidential information relating to the operations of the MindGeek entities, including employment decisions, business expenses and budgets, compensation, ownership interests, the alleged rights and involvement of certain shareholders, investors, and executive employees (Reply, at 12:7-15, 12:19-20 & fns. 9, 10, 13:1-4, 13:17-28, 14:1-3, 14:5-18 & fn. 13, 15:1-14, 15:17-21 & fn. 14, 16:6-8 & fns. 16, 18).

8. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or other parties as identified in Bergmair's Application implicate the MindGeek Defendants' sensitive and confidential internal business practices and financial information. Further, Exhibits Q through V attached to the Declaration of Ronald G. White contain confidential information throughout, making redaction impractical. The disclosure of such information would result in harm to the MindGeek Defendants' business if made public. Thus, the MindGeek Defendants seek an order sealing and/or redacting this information from the public record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2024 in Boston, Massachusetts.

>  */s/* *Peter A. Biagetti*
> Peter A. Biagetti

- 8 -
DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL – Case No. 2:21-cv-04920-WLH-ADS