Esteban Morales Fabila (SBN 273948)
emorales@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Peter A. Biagetti (*Admitted Pro Hac Vice*)
pabiagetti@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

*Attorneys for Defendants MindGeek S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>          Plaintiff,<br>    v.<br><br>MINDGEEK S.À R.L, et al.,<br><br>          Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>Case Assigned to Hon. Wesley L. Hsu Courtroom 9B<br><br>**DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF DEFENDANTS DAVID TASSILLO AND FERAS ANTOON'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER [DKT. 494]**<br><br>Complaint Filed:  June 17, 2021<br>Trial Date:            Not Set Yet |

**DECLARATION OF PETER A. BIAGETTI**

I, Peter A. Biagetti, declare:

1. I am a member of the Bar of the Commonwealth of Massachusetts admitted *pro hac vice* to appear before this Court (Dkt. 427), and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek, S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2. I make this declaration in support of Defendants David Tassillo and Feras Antoon's ("Antoon and Tassillo") Application for Leave to File Under Seal Material Designated as Confidential Pursuant to a Protective Order, Dkt. 494. Antoon and Tassillo seek to seal materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party under the Stipulated Protective Order entered by the Court on October 14, 2022 ("Protective Order"), Dkt. 187, filed in support of their Reply in Support of their Motion to Dismiss the SAC on December 6, 2024, Dkt. 491 ("Antoon and Tassillo Reply"). *See* Dkt. 494.

3. Specifically, Antoon and Tassillo requests that the following materials be filed under seal:

| Material to Be Sealed in Antoon and Tassillo's Reply |
|---|
| Page 12,[1] lines 8-9 |
| Page 13, line 5 |
| Page 13, lines 8-10 |
| Page 13, lines 11-13 |
| Page 13, line 18 |
| Page 13, lines 23-24 |

---

[1] All page numbers herein refer to the ECF page numbers.

| Material to Be Sealed in Antoon and Tassillo's Reply |
|---|
| Page 13, line 25 |
| Page 14, lines 4-7 |
| Page 14, lines 8-9 |
| Page 14, lines 9-10 |
| Page 14, line 13 |
| Page 14, footnote 6 |
| Page 15, lines 11-12 |
| Page 15, line 13 |
| Page 15, lines 14-15 |
| Page 15, lines 16-19 |
| Page 16, lines 3-6 |
| Page 16, lines 6-7 |
| Page 16, lines 13-15 |
| Page 16, lines 18-21 |
| Page 16, footnote 7 |
| Page 17, lines 13-14 |
| Page 17, lines 17-19 |
| Page 17, footnote 8 |

### I. The Standard for Sealing Records

4. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id.*

- 3 -
DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL – Case No. 2:21-cv-04920-WLH-ADS

5. The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records containing information about proprietary business operations, and internal policies and strategies).

6. The standard for sealing documents and materials connected to dispositive motions, like Defendants' motions to dismiss, is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

7. While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th

- 4 -
DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL – Case No. 2:21-cv-04920-WLH-ADS

Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public information concerning business transactions and corporate structure).

8. Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd.*, 2015 WL 3993147 at *8.

## II. **The Material Identified in Antoon and Tassillo's Application Should Be Redacted Appropriately**

1. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party identified in Antoon and Tassillo's Application contain non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses, including:

   a. Confidential terms regarding loans and financing provided to MindGeek by various entities, including the entities' rights under loan and financing agreements, and MindGeek's alleged business relationships with those entities (Antoon and Tassillo Reply, at 15:14-15, 15:16-19);

   b. Confidential information relating to the MindGeek entities' financial condition, profitability and confidential financial terms regarding the sale of certain business, stock or entities (*id.* at 13:18, 13:23-24, 13:25, 14:4-7, 14:8-10, 14:13);

    c. Confidential business strategies relating to corporate structure, including strategies related to structuring of MindGeek entities for alleged tax planning purposes (*id.* at 12:8-9, 13:5, 13:8-10, 13:11-13, 14, fn. 6); and

    d. Confidential information relating to the operations of the MindGeek entities, including ownership interests, the alleged rights and involvement of certain shareholders, investors, and executive employees (*id.* at 15:11-12, 15:13, 16:3-6, 16:6-7, 16:13-15, 16:18-21, 16, fn. 7, 17:13-14, 17:17-19, fn. 8).

2. The materials in Antoon and Tassillo's Reply, as identified in their Application, implicate the MindGeek Defendants' sensitive and confidential internal business strategies, operations, corporate structure and financial information. The disclosure of such information would result in harm to the MindGeek Defendants' business if made public. Thus, the MindGeek Defendants seek an order sealing and/or redacting this information from the public record.

3. The sealing request also is narrowly tailored as Antoon and Tassillo seek to seal only those portions of the Reply that contains confidential and non-public business information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2024 in Boston, Massachusetts.

                */s/* *Peter A. Biagetti*
                Peter A. Biagetti