WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
4000 MacArthur Boulevard,
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (*pro hac vice*)
Matthew V. Povolny (*pro hac vice*)
Joanna Chan
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com
Email: mpovolny@cohengresser.com
Email: jchan@cohengresser.com

*Attorneys for Specially Appearing Defendant Feras Antoon*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES, <br><br> Plaintiff, <br><br> v. <br><br> MINDGEEK S.A.R.L., et al. <br><br> Defendants. | Case No. 2:21-cv-4920 <br><br> **DECLARATION OF JASON BROWN IN SUPPORT OF DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL RELATED TO REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

DECLARATION OF JASON BROWN IN SUPPORT OF
BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

I, Jason Brown, Esq., hereby state to the best of my personal knowledge and belief:

1. I am a partner at the law firm of Cohen & Gresser LLP, attorneys of record in this action for specially-appearing Defendant Feras Antoon. I have been granted permission by this Court to appear *pro hac vice* as counsel for Mr. Antoon in this action.

A. **Confidential Material**

2. I submit this Declaration in support of Defendant Bernd Bergmair's December 6, 2024 Application for Leave to File Under Seal Material related to his Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 502) (the "Application"), which seeks permission to seal material previously designated as "Confidential" or "Highly Confidential" pursuant to the October 14, 2022 Stipulated Protective Order (the "Protective Order") (ECF No. 187) governing this action.

3. Mr. Antoon supports the Application to the extent it seeks leave to file under seal material that (a) Mr. Antoon produced in discovery in this action and designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (together, the "Confidential Material"), or (b) has been referenced in either (i) Bergmair's December 6, 2024 Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 499) (the "Reply"), or (ii) the December 6, 2024 Declaration of Ronald G. White in Support of Defendant Bernd Bergmair's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 499-1) (the "White Declaration"), and the exhibits attached thereto.

4. Mr. Antoon further supports the Application to the extent it seeks leave to file under seal Confidential Material that was both (a) referenced in either the Reply or the White Declaration, and (b) publicly filed on the docket in the form

1

DECLARATION OF JASON BROWN IN SUPPORT
BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

of a document containing redacted Confidential Material proposed to be filed under seal.

5. The Confidential Material reflects confidential information concerning (i) Mr. Antoon's personal financial information or rights in connection with economic interest, (ii) the personally identifiable information of Mr. Antoon's family member, and (iii) the MindGeek Defendants' internal business strategy or practices, transactions, and financial information.

**B.      Standard for Sealing**

6. Public access to judicial records may be "denied where court files might [ ] become a vehicle for improper purposes," including to "gratify private spite or promote public scandal" or to "harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal quotation marks omitted).  And the common law right of access to judicial records may be overridden upon a showing of "sufficiently compelling reasons" to restrict access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

7. A party seeking leave to seal confidential information in response to dispositive motions, like the Reply, must "articulate [ ] compelling reasons supported by specific factual findings" that outweigh the public right of access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted).  Upon a showing of compelling reasons, the court must conscientiously balance the competing interests of the public and the party seeking leave to file under seal.  *Id.* at 1179.

8. Compelling reasons to justify sealing include safeguarding the privacy of "personally identifiable information."  Order Re: Defs.' Renewed Appl. for Leave to File Under Seal, *United States ex rel. IONM LLC v. Univ. of S. California*, No. 2:18-CV-08311 (WLH) (AS), (C.D. Cal. Aug. 12, 2024), ECF No. 348, at *2 (internal quotation marks omitted) (granting application to seal records

containing personally identifiable information such as names and financial and proprietary data implicating the privacy interests of the employer and its individual employees). *See also Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (granting motion to seal personal financial information, finding that compelling reasons exist to seal and prevent harmful use of the information); *Gomo v. NetApp, Inc.*, No. 1:17-CV-02990 (BLF), 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (sealing exhibits containing non-public, confidential information regarding defendant corporation's executives and their family members).

9. Courts have also found compelling reasons to seal records reflecting business transactions, strategy or practices, and finances, the public disclosure of any of which could harm a party's competitive standing. *See, e.g., Bold Ltd. v. Rocket Resume, Inc.*, No. 5:22-CV-01045 (BLF), 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances.").

**C.     Conclusion**

10. The Reply and Exhibit Q to the White Declaration contain sensitive non-public information implicating (i) Mr. Antoon's personal financial information or rights in connection with economic interest, (ii) the personally identifiable information of Mr. Antoon's family member, and (iii) the MindGeek Defendants' internal business strategy or practices, transactions, and financial information.

11. Accordingly, Mr. Antoon supports Bergmair's Application seeking leave to seal and/or redact this information from the public record as specified in the below chart.

| Document | Material to be Sealed | Basis for Sealing |
|---|---|---|
| Exhibit Q (containing excerpts to the June 14, 2023 deposition of Mr. Antoon) to the Declaration of Ronald G. White in Support of Defendant Bernd Bergmair's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 499-2) | Sealed in its entirety | Mr. Antoon's personal financial information or rights in connection with economic interest; personally identifiable information regarding Mr. Antoon's family member; Defendant MindGeek's business transactions and financial information. |
| Defendant Bernd Bergmair's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 499) | Page 6, Lines 11-12, 15-17; Page 7, Lines 14-15, 25-26; Page 8, Lines 17-21, 24-25; Page 9, Lines 1-3; Page 10, Lines 17-20 | Defendant MindGeek's business strategy or practices, transactions, and financial information. |

12. Mr. Antoon's request to seal is narrowly tailored. A less restrictive alternative to sealing is not sufficient because the entirety of the information sought to be sealed discloses the Confidential Material described above.

13. Accordingly, Mr. Antoon respectfully requests that the Court grant the Application.

4

DECLARATION OF JASON BROWN IN SUPPORT OF
BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

14. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: December 10, 2024

Jason Brown
COHEN & GRESSER LLP
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com

*Attorneys for Specially Appearing Defendant Feras Antoon*