**PAUL HASTINGS LLP**
JAMES M. PEARL (SB# 198481)
jamespearl@paulhastings.com
KIAURA CLARK (SB# 336314)
kiauraclark@paulhastings.com
1999 Avenue of The Stars, 27th Floor
Los Angeles, California 90067
Telephone: 1(310) 620-5700
Facsimile: 1(310) 620-5899

KRISTOPHER M. HANSEN (*pro hac vice*)
krishansen@paulhastings.com
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 752-3310

*Attorneys for Defendants,*
*Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC.*

*Additional Counsel for Defendants listed on next page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>    Plaintiff,<br><br>    vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, | CASE NO. 2:21-cv-4920<br><br>**REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL REDWOOD DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS**<br><br>*Declaration of Adam M. Reich and [Proposed] Order Submitted Concurrently Herewith*<br><br>Place:   Courtroom 9B<br>Judge:   Hon. Wesley L. Hsu<br><br>SAC filed: May 23, 2024 |

| | |
|---|---|
| 1 | a Delaware corporation; REDWOOD MASTER FUND, |
| 2 | LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, |
| 3 | LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; |
| 4 | GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY |
| 5 | OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK |
| 6 | CAPITAL MANAGEMENT, LLC, a Delaware corporation; CB |
| 7 | MEDIA VENTURES LLC, a Delaware corporation; CB |
| 8 | AGENCY SERVICES, LLC, a Delaware corporation; and CB |
| 9 | PARTICIPATIONS SPV, LLC, a Delaware corporation, |
| 10 | |
| 11 | Defendants. |

REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL
SUPPLEMENTAL BRIEFING ISO MOTION TO DISMISS

| | |
|---|---|
| 1 | ADAM M. REICH (SB# 274235) |
| | adamreich@paulhastings.com |
| 2 | EMMA LANZON (*pro hac vice*) |
| | emmalanzon@paulhastings.com |
| 3 | 71 South Wacker Drive, 45th Floor |
| | Chicago, Illinois 60606 |
| 4 | Telephone: 1(312) 499-6000 |
| | Facsimile: 1(312) 499-6100 |
| 5 | |
| 6 | *Attorneys for Defendants,* |
| | *Redwood Capital Management, LLC,* |
| | *Redwood Master Fund, Ltd,* |
| 7 | *Redwood Opportunity Master Fund, Ltd,* |
| | *Manuel 2018, LLC, Ginogerum, LLC,* |
| 8 | *and White-Hathaway Opportunity Fund, LLC* |

REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL SUPPLEMENTAL BRIEFING ISO MOTION TO DISMISS

1    Pursuant to Local Rule 79-5.2.2, Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC (the "Redwood Defendants" or "Redwood") respectfully submit this Application for Leave to File Under Seal limited portions of Redwood Defendants' Supplemental Briefing in Support of Motions to Dismiss Plaintiffs' Complaints (the "Supplemental Brief") (the "Application").

The Redwood Defendants have sought to seal the same confidential material in prior applications to seal in the above-captioned matter (*see* Dkt. Nos. 449 450, 493, 495 (the "*Fleites* Applications") and in the Related Cases[1] (*see* K.A. Dkt. Nos. 69, 71, 112, 113) (the "Related Cases Applications").  The Redwood Defendants, through counsel, advised Plaintiffs, through counsel, of the Redwood Defendants' intent to similarly apply to seal the same confidential information that they sought to seal in the *Fleites* Applications and Related Cases Applications, on March 19, 2024. *See* Declaration of Adam M. Reich in support hereof ("Reich Decl."), ¶ 8.  Plaintiffs indicated that they would oppose the Application.  *Id.*

The standard of review a court applies when reviewing applications to seal depends on whether the application is brought in connection with dispositive motions or non-dispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  A "compelling reasons" standard applies to dispositive motions. *Id.*

Under the "compelling reasons" standard, a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal documents. *Pintos*, 605 F.3d at 679.  "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or

---

[1] Related Cases refers to the fourteen near identical complaints to that of the *Fleites* case filed by the following plaintiffs: A.K., W.P., L.S., W.L., C.S., S.O., J.C., K.A., N.L., T.C., X.N., N.Y., L.T., and J.L.

1
REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL
SUPPLEMENTAL BRIEFING ISO MOTION TO DISMISS

infringement upon trade secrets.'" *Id*. at 679 n.6 (citation omitted).  This list is not exhaustive.

There are a variety of "compelling reasons" to seal documents.  Courts have found "compelling reasons" to seal documents, where their disclosure would be in violation of a specific confidentiality provision set forth in those documents.  *See, e.g.*, *SDI Labs, Inc. v. Sameday Techs., Inc.,* No. CV 23-05619-MWF (MRWx), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023) (concluding "compelling reasons" existed to seal a term sheet, which contained a confidentiality provision that may "expos[e] [the defendants] to a potential lawsuit" if disclosed) (alterations added) (citation omitted); *Hubrick Ltd. v. Wanderset, Inc.*, No. CV18-7980-SJO (RAOx), 2019 WL 3000652, at *6 (C.D. Cal. Mar. 19, 2019) (finding compelling reasons to seal a document, where disclosure would "risk potential law suits and injury as a result of a breached confidentiality agreement").

Courts have also found compelling reasons to seal documents, where disclosure would risk competitive injury.  *See, e.g., In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (finding that compelling reasons existed to seal certain information subject to confidentiality agreements); *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *14 (S.D. Cal. Feb. 22, 2007) (granting an application to seal exhibits to a declaration because they contained "proprietary and/or trade secret information[]" and the information was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) (granting a request to seal a petition because it contained information that, if publicly released, "could place [the petitioner] in a diminished bargaining position in future negotiations").  Courts have also sealed documents that reflect "confidential business strategies and other commercially sensitive information." *See*

*Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023) (commenting that future business planning and competitive strategy amount to "quintessential business information that may harm a firm's competitive standing if disclosed to the public") (citations omitted). This is consistent with the United States Supreme Court's determination that courts may seal "business information that might harm a litigant's competitive standing[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citation omitted).

The Ninth Circuit has also repeatedly stated that confidential and proprietary business information should be filed under seal. *See, e.g., IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (noting it "is common now in business litigation" to seal "confidential [business] information") (alteration added).

In light of the foregoing, there are compelling reasons for the Court to grant the Redwood Defendants' Application:

**First**, portions of the Supplemental Brief cite the financing agreements between Redwood, the other lenders party thereto and MindGeek (*see Fleites* Dkt. Nos. 450-2, 450-3 (the "2013 and 2018 Financing Agreements")), which each contain express confidentiality provisions and disclosure of their terms would expose the Redwood Defendants to potential litigation relating to those provisions. Accordingly, compelling reasons warrant sealing citation and/or reference thereto. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs,* 2023 WL 10407399, at *1. In addition, because the 2013 Financing Agreement and the 2018 Financing Agreement contain confidential financing terms, were not previously disclosed before, and reflect confidential business strategies and approaches to financing negotiations of the Redwood Defendants and other lenders, there are additional compelling reasons

to seal those portions of the Supplemental Brief that cite and/or reference the 2013 and 2018 Financing Agreements. *See Actian Corp. v. AB Sciex LLC*, No. 23-cv-05113-BLF, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023) ("Compelling reasons exist to seal confidential business information, the disclosure of which would cause a party competitive harm."); *Adema Techs., Inc. v. Wacker Chemie AG*, No. 5:13-cv-05599-PSG, 2013 WL 6622904, at *2 (N.D. Cal. Dec. 16, 2013) (finding compelling reasons justified sealing a Supply Agreement because "the structure and terms . . . [we]re considered highly confidential commercial information by [the movant]" and the movant only ever disclosed its supply agreements "with the protection of a confidentiality agreement and to government authorities when required and with as much protection from public disclosure as possible"); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29., 2016) (finding "compelling reasons exist to seal [a financing document] because the public release of confidential finance information puts Defendants, and the companies which they manage, at a competitive disadvantage when negotiating future loan terms, contracts with customers, and business opportunities") (alteration added). Furthermore, because disclosure of loan terms would "create an asymmetry of information in the negotiation of future . . . deals," sealing is appropriate. *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012). Furthermore, because versions of the 2013 and 2018 Financing Agreements were produced by another party in this case, which that party's counsel designated as Highly Confidential pursuant to the Stipulated Protective Order entered in this case (*see* Reich Decl., ¶ 7), compelling reasons exist to maintain citation and/or reference to the agreements' terms under seal.

**Second**, portions of the Supplemental Brief cite the notice of default sent on behalf of all lenders to MindGeek following the Nicholas Kristof article (*see Fleites*

Dkt. No. 450-4) (the "Notice of Default"). The Notice of Default, which was designated as confidential and sent in connection with confidential financing agreements, expressly quotes confidential terms of the 2013 and 2018 Financing Agreements. *See* Reich Decl., ¶ 5. Accordingly, compelling reasons warrant sealing citation and/or reference thereto. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs*, 2023 WL 10407399, at *1; *see also Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, No. 17-cv-03764-EDL, 2017 WL 7310782, at *4 (N.D. Cal. Dec. 29, 2017) (holding that materials that "refer to confidential agreements [] often [provide] a compelling reason justifying sealing if the agreements contain commercially sensitive information"), *R. & R. adopted by*, 2018 WL 3069296 (N.D. Cal. Feb. 27, 2018) (citations omitted); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) (ordering contracts sealed because they "contain[ed] proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements").

**Third**, because the independent audit report prepared for Redwood and the other lenders in connection with their pre-financing due diligence of MindGeek (*see Fleites* Dkt. No. 450-1 (the "Independent Third-Party Report")) specifies that it is to be treated as "confidential" and was provided to Redwood in connection with a confidential financing transaction, there are compelling reasons to seal the document. *See* Reich Decl., ¶ 5. Because voluntary public disclosure of the Independent Third-Party Report is contrary to an express confidentiality provision and poses a risk of related litigation, compelling reasons exist to maintain it under seal. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs*, 2023 WL 10407399, at *1. Additional compelling reasons exist for sealing the Independent Third-Party Report because it contains confidential information regarding another entity's business model, and in connection with jurisdictional discovery, MindGeek produced several similar kinds

of financial reports, the majority of which MindGeek designated "Highly Confidential" pursuant to the Stipulated Protective Order. *See, e.g., ImprimisRx*, LLC, 2023 WL 7029210, at *3.

In sum, compelling reasons exist to seal limited portions of the Supplemental Brief that cite and/or reference details of the 2013 and 2018 Financing Agreements the Notice of Default, and the Independent Third-Party Report, which, as set forth above and in the *Fleites* Applications and Related Case Applications, each have compelling reasons to be maintained under seal. *See, e.g., Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2017 WL 1036652, at *2 (N.D. Cal. Mar. 17, 2017) (granting sealing as to excerpts of opposition brief referencing exhibits sealed by the court).

In light of the fact that there are multiple, articulable compelling reasons to seal limited portions of the Supplemental Briefing, the Redwood Defendants respectfully request that the Court grant this Application.

DATED:  March 21, 2025                **PAUL HASTINGS LLP**

By: /s/ James M. Pearl
JAMES M. PEARL
*Attorneys for Defendant Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC.*