DAN MARMALEFSKY
(CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

RONALD G. WHITE
(*pro hac vice*)
RWhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY 10281
Telephone: 212-335-2387
Facsimile: 212-335-2040

*Attorneys for Defendant Bernd Bergmair*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br>vs.<br>MINDGEEK S.A.R.L., et al.,<br><br>        Defendants. | Case No.: 2:21-cv-4920-WLH-ADS<br><br>**INDIVIDUAL DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**<br><br>Date: April 24, 2025<br>Time: 9:00 a.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu<br>Complaint Filed: June 17, 2021<br>Trial Date: None Set |

Pursuant to Local Rule 79-5.2.2 and the Stipulated Protective Order entered by this Court on October 14, 2022 (Dkt. 187), Defendants Feras Antoon, David Tassillo and Bernd Bergmair (collectively, the "Individual Defendants") hereby submit this Application for Leave to File Under Seal Material Designated as Confidential Pursuant to a Protective Order. In support of this Application, the Individual Defendants state as follows:

1. This application seeks leave to file under seal portions of the contemporaneously-filed Individual Defendants' Supplemental Filing in Support of Their Motions to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim (the "Individual Defendants' Supplemental Filing"), which contain material designated as Confidential or Highly Confidential by the Individual Defendants and other parties pursuant to the Stipulated Protective Order.

2. The Stipulated Protective Order allows a party to designate material that it produces as "Confidential" or "Highly Confidential" if it qualifies for protection under Fed. R. Civ. P. 26(c), or as otherwise provided for in a party's good cause statement.

3. The Individual Defendants request that the following portions of the Individual Defendants' Supplemental Filing be filed under seal because they contain the amount of money for which the Individual Defendants sold their MindGeek shares and other sensitive information concerning the sale of their shares:

| **MATERIAL REQUESTED FOR SEALING** | **REASON** |
|---|---|
| Individual Defendants' Supplemental Filing at 2:11; 2:20; 3:2 | The amount of money for which the Individual Defendants sold their MindGeek shares and other sensitive information concerning the sale of their shares |

4.      The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *Id.*

5.      "[T]he Ninth Circuit has not stated the standard – good cause or compelling reasons – that applies to the sealing of a pleading. *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, 2018 WL 6985313, at *1 (C.D. Cal. Nov. 6, 2018) (recognizing split of authority among the district courts in the Ninth Circuit).

6.      The "good cause" standard comes from Rule 26(c)(1), which sets forth the requirements for protective orders during discovery. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Rule 26(c)(1) provides, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

7.      "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598).

8.      The Individual Defendants' narrowly tailored sealing request satisfies both standards.

9.      Courts in this circuit have routinely held that confidential business and personal financial information—such as the amount for which the Individual Defendants sold their MindGeek shares—satisfies the compelling reasons standard and warrants sealing. *See Reputation.com, Inc. v. Mullarkey*, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (Compelling reasons standard satisfied, in part,

1  because the at-issue "documents contain confidential business and financial
2  information relating to the terms of [a corporate] acquisition" which, "[i]f
3  publi[shed], the terms of the agreement could be used against Plaintiff in future
4  negotiations by potential acquirees or other entities competing against Plaintiff for
5  such opportunities"); *Monterey Bay Military Housing LLC v. Ambac Assurance*
6  *Corp.*, 2019 WL 11658748, at 2 (N.D. Cal. July 11, 2019) (finding "compelling
7  reasons" to seal "documents [that] relate to financial transactions that were intended
8  to be, and have been, kept in confidence," as well as "private financial and
9  operational information" regarding business); *Allianz Global Risks US Ins. Co. v.*
10 *United States*, 2021 WL 3171862, at 2 (S.D. Cal. July 27, 2021) (finding
11 "compelling reasons" to seal information from which "the potential economic value
12 of [the designating party's] business ventures can be deduced"); *In re Qualcomm*
13 *Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons exist
14 to seal "confidential business information," such as "confidential business
15 agreements executed among the parties," agreement terms, amounts paid under
16 agreements, "financial terms," details of negotiations, and "business strategies");
17 *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015)
18 (party may meet burden under Local Rule 79-5 where party seeks to seal "proprietary
19 and confidential business information," including agreements reflecting "parties'
20 obligations and terms of payment"); *see also Nguyen v. City of Garden Grove*, 2023
21 WL 2558536, at *4 (C.D. Cal. Feb. 2, 2023) (during discovery, permitting redactions
22 of private financial information such as "asset information"); *Landmark Screens,*
23 *LLC v. Morgan Lewis & Bockius*, 2010 WL 3221859 at *5 (N.D. Cal. Aug. 13, 2010)
24 (sealing "confidential business information which is not intended for public
25 disclosure").

26   10. Moreover, disclosure of this information would put the Individual
27 Defendants at a significant disadvantage in future business endeavors. Any future
28 counterparty negotiating with any of the Individual Defendants, if they were armed

with information regarding the price at which they sold their interest, would have substantial – and unwarranted – insight into their personal financial condition and cashflow, which would be of enormous negotiating advantage. Such a counterparty could calculate their profit or loss from their sale of MindGeek shares and know the amount of funds they currently have available to deploy. Moreover, this information is fresh and would give other parties insight into the Individual Defendants' current financial condition, since they sold their interest in MindGeek in 2023.

11. The Individual Defendants note that the information described above is the same or similar to the information that was previously marked for redaction during the motion to dismiss briefing.

12. On March 21, 2025, the Individual Defendants notified the MindGeek Defendants of their intention to use materials designated as "Confidential" or "Highly Confidential" in the Individual Defendants' Supplemental Filing. The MindGeek Defendants elected to maintain their confidentiality designations under the Stipulated Protective Order.

13. Local Rule 79-5.2.2 provides that where a Filing Party seeks to file a document containing information previously designated as confidential by another pursuant to a protective order, and the document cannot be suitably redacted by agreement, the Filing Party may file an Application for Leave to File Under Seal. The Rule further requires the Filing Party to confer with the Designating Party at least three days before seeking to file the document(s) under seal and, if sealing remains necessary, to serve a copy of the application and any supporting declaration on the Designating Party the same day the motion is filed, so that the Designating Party may, within four days, file a declaration that establishes why all or part of the designated material is sealable.

14. Accordingly, under Local Rule 79-5.2.2, the Individual Defendants have redacted material from the publicly filed version of the Individual Defendants' Supplemental Filing.

15. The parties have been served with a copy of this Application today through the CM/ECF system, and by email, as required by Local Rule 79-5.2.2.

Dated: March 21, 2025

By: */s/ Ronald G. White*

RONALD G. WHITE
(*pro hac vice*)
rwhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY  10281
Tel: (212) 335-2387
Fax: (212) 335-2040

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

Attorneys for Defendant Bernd Bergmair

JONATHAN S. SACK (*pro hac vice*)
jsack@maglaw.com
Alexander F.R. Peacocke (*pro hac vice*)
apeacocke@maglaw.com
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, New York 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494

Attorneys for Specially Appearing Defendant David Tassillo

JASON BROWN (*pro hac vice*)
jbrown@cohengresser.com
Matthew V. Povolny (*pro hac vice*)
Joanna Chan (SBN 284898)
jchan@cohengresser.com
Cohen & Gresser LLP
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514

Attorneys for Specially Appearing
Defendant Feras Antoon

DAVID W. WIECHERT (SBN 94607)
Wiechert, Munk & Goldstein, PC
dwiechert@aol.com
4000 MacArthur Boulevard
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722

Attorneys for Specially Appearing
Defendants David Tassillo and Feras
Antoon

# CERTIFICATE OF SERVICE

The undersigned, the counsel of record for Bernd Bergmair, certifies that the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on March 21, 2025 upon all counsel of record via email.

Dated: March 21, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Ronald G. White*
　　　　　　　　　　　　　　　　　　RONALD G. WHITE
　　　　　　　　　　　　　　　　　　(*pro hac vice*)
　　　　　　　　　　　　　　　　　　rwhite@wmhwlaw.com
　　　　　　　　　　　　　　　　　　Walden Macht Haran & Williams LLP
　　　　　　　　　　　　　　　　　　250 Vesey Street
　　　　　　　　　　　　　　　　　　New York, NY  10281
　　　　　　　　　　　　　　　　　　Tel: (212) 335-2387
　　　　　　　　　　　　　　　　　　Fax: (212) 335-2040

　　　　　　　　　　　　　　　　　　DAN MARMALEFSKY (CA SBN 95477)
　　　　　　　　　　　　　　　　　　DMarmalefsky@mofo.com
　　　　　　　　　　　　　　　　　　Morrison & Foerster LLP
　　　　　　　　　　　　　　　　　　707 Wilshire Boulevard
　　　　　　　　　　　　　　　　　　Los Angeles, California 90017-3543
　　　　　　　　　　　　　　　　　　Telephone: 213-892-5200
　　　　　　　　　　　　　　　　　　Facsimile: 213-892-5454

　　　　　　　　　　　　　　　　　　Attorneys for Defendant Bernd Bergmair