Peter A. Biagetti (*Admitted Pro Hac Vice*)
pabiagetti@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Seth R. Goldman (*Admitted Pro Hac Vice*)
sgoldman@mintz.com
LisaMarie F. Collins (*Admitted Pro Hac Vice*)
lcollins@mintz.com
Kerime S. Akoglu (*Admitted Pro Hac Vice*)
ksakoglu@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
919 Third Avenue
New York, NY 10022
Telephone: (212) 692-6845
Facsimile: (212) 983-3115

Attorneys for Defendants
MindGeek S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.

*[Additional Defendants' Counsel continued on next page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>  Plaintiff,<br>   v.<br><br>MINDGEEK S.À R.L, et al.,<br><br>  Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>Case Assigned to Hon. Wesley L. Hsu Courtroom 9B<br><br>**DECLARATION OF ESTEBAN MORALES FABILA IN SUPPORT OF REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL REDWOOD DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS [DKT. 543]**<br><br>Complaint Filed: June 17, 2021<br>Trial Date:  Not Set Yet |

Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
Esteban Morales Fabila (SBN 273948)
emorales@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

DECLARATION IN SUPPORT OF REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS [DKT. 543]

I, Esteban Morales Fabila, declare:

1. I am a member of the Bar of the State of California admitted to appear before this Court, and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2. I make this declaration in support of Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC's (the "Redwood Defendants") Application for Leave to File Under Seal Redwood Defendants' Supplemental Briefing in Support of Motions to Dismiss Plaintiffs' Complaints, Dkt. 543. The Redwood Defendants seek to seal references to materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party under the Stipulated Protective Order entered by the Court on October 14, 2022, Dkt. 187, and the Amended Stipulated Protective Order entered by the Court on January 8, 2025, Dkt. 516 (collectively the "Protective Order"), filed in support of their Supplemental Briefing in Support of Motions to Dismiss Plaintiffs' Complaints on March 21, 2025, Dkt. 542. *See* Dkt. 543.

3. Specifically, the Redwood Defendants request that the following materials be filed under seal:

| **MATERIAL REQUESTED FOR SEALING** |
|---|
| The Supplemental Brief's limited redacted text comprising confidential content from Exhibits A-D to the Declaration of Adam Reich, ECF Nos. 450-1, 450-2, 450-3, 450-4 in *Fleites v. MindGeek S.à r.l.*, 2:21-cv-04920-WLH-ADS. |

- 1 -
DECLARATION IN SUPPORT OF REDWOOD DEFENDANTS'
APPLICATION FOR LEAVE TO FILE UNDER SEAL SUPPLEMENTAL BRIEFING IN
SUPPORT OF MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS [DKT. 543]

## I. The Standard for Sealing Records

4. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id.* (internal quotation marks omitted).

5. The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler Grp. LLC*, No. CV1308080DDPVBK, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017), *aff'd sub nom. Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463 (9th Cir. 2018) (district courts in the Ninth Circuit have sealed records containing information about proprietary business operations, and internal policies and strategies).

6. The standard for sealing documents and materials connected to dispositive motions, like Defendants' motions to dismiss, is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

7. While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files

DECLARATION IN SUPPORT OF REDWOOD DEFENDANTS'
APPLICATION FOR LEAVE TO FILE UNDER SEAL SUPPLEMENTAL BRIEFING IN
SUPPORT OF MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS [DKT. 543]

1  might have become a vehicle for improper purposes,' such as the use of records to
2  gratify private spite, promote public scandal, circulate libelous statements, or release
3  trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume,*
4  *Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024)
5  ("Compelling reasons exist to seal confidential business information, including non-
6  public information about a company's business strategy, business transactions,
7  corporate structure, and finances."); *In re Elec. Arts, Inc.*, 298 F. App'x at 569
8  (finding sealable "business information that might harm a litigant's competitive
9  standing"); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777,
10 at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public
11 information concerning business transactions and corporate structure).

12         8.     Finally, courts customarily permit litigants to seal documents where
13 redaction is impractical or impracticable. *Smith v. United States*, No. 1:22-CV-01032-
14 SAB, 2022 WL 3578568, at *3 (E.D. Cal. Aug. 19, 2022) (sealing tax return
15 documents in their entirety where "redacting the document would be impractical and
16 not leave any meaningful information available to the public."); *N.R.S. by & through*
17 *A.S. v. Twin Rivers Unified Sch. Dist.*, No. 223CV01282MCEJDP, 2023 WL
18 7339140, at *1 (E.D. Cal. Oct. 19, 2023) (sealing an administrative record that had
19 confidential information "listed throughout making redaction impractical"); *Sullivan*
20 *v. Prudential Ins. Co. of Am.*, No. 2:12-CV-01173-GEB, 2012 WL 3763904, at *1
21 (E.D. Cal. Aug. 29, 2012) (parties' representation that an administrative record was
22 "replete" with PII and that "redacting such information would be too burdensome"
23 was "sufficient to justify" sealing). This Court's standing order, moreover, provides
24 "[d]ocuments that are not confidential or privileged in their entirety should not be
25 filed under seal if the confidential portions can be redacted and filed separately with
26 *a reasonable amount of effort*." Hon. Wesley L. Hsu Standing Order for Newly
27 Assigned Civil Cases § 5(b) (emphasis added).
28

## II. The Materials Identified in the Redwood Defendants' Application Should Be Redacted Appropriately

9. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or other parties identified in the Redwood Defendants' Application contain non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses, including:

    a. Confidential information relating to the terms of a loan agreement between certain MindGeek Defendants and third-party lenders and actions taken related to the loan agreement (Supp. Br. 1:16-17, 2:27, 3:1, 3:12-13, 4:13-15 & fn. 4, 5:4-5, 5:6-11, 6 fn. 6, 7:22); and

    b. Confidential information relating to a due diligence report created in relation to the financing transaction discussing MindGeek internal policies and procedures (Supp. Br. 2:11-14, 4:10-11 & fn. 3).

10. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or other parties as identified in the Redwood Defendants' Application implicate the MindGeek Defendants' sensitive and confidential internal business practices and financial information. The disclosure of such information would result in harm to the MindGeek Defendants' business if made public. Thus, the MindGeek Defendants seek an order sealing and/or redacting this information from the public record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 25, 2025 in Los Angeles, California.

*/s/ Esteban Morales Fabila*
Esteban Morales Fabila