# EXHIBIT 2

# [PORTIONS OF EXHIBIT FILED UNDER SEAL PURSUANT TO APPLICATION TO SEAL]

Esteban Morales (SBN 273948)
emorales@mintz.com
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Peter A. Biagetti (*Pro Hac Vice*)
pabiagetti@mintz.com
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

*Attorneys for Defendants MindGeek, S.à r.l.
(specially appearing), MG Freesites Ltd, MG
Premium Ltd, MindGeek USA Incorporated, MG
Global Entertainment Inc., and 9219-1568
Quebec Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L, et al.,<br><br>Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>**DECLARATION OF ANDREAS ALKIVIADES ANDREOU IN SUPPORT OF THE MINDGEEK DEFENDANTS' MOTION TO DISMISS**<br><br>**[UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Hearing Date: November 22, 2024<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu<br><br>Complaint Filed: June 17, 2021<br><br>Trial Date: None Set |

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

I, Andreas Alkiviades Andreou, hereby declare as follows:

1.      I am employed by Aylo Group Ltd (formerly known as MG CY Holdings Ltd) as Director of Corporate Finance, a position which I have held since 2013.  I have also served as a Class A manager (the equivalent of a director) for Aylo Holdings S.à r.l. (formerly known as MindGeek S.à r.l.) since 2016.

2.      Through my employment and experience, I am familiar with the corporate structure and operations of the MindGeek corporate entities named in Plaintiff's Second Amended Complaint – MindGeek S.à r.l., MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (the "MindGeek Entities") – since 2014, the year Plaintiff alleges she learned a video depicting her had been uploaded to Pornhub, a website operated by MG Freesites Ltd.

3.      MindGeek S.à r.l., MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, and MG Global Entertainment Inc. have been rebranded.  MindGeek S.à r.l. was rebranded to Aylo Holdings S.à r.l., MG Freesites Ltd was rebranded to Aylo Freesites Ltd, MindGeek USA Incorporated was rebranded to Aylo USA Incorporated, MG Premium Ltd was rebranded to Alyo Premium Ltd, and MG Global Entertainment Inc. was rebranded to Aylo Global Entertainment Inc.

4.      Almost every day since 2016, as part of my regular job responsibilities, I have dealt and continue to deal with issues involving the corporate structure of these legal entities and their affiliates (collectively "MindGeek") in some capacity and therefore have personal knowledge of their corporate histories.

PLAINTIFF'S ALLEGATIONS ABOUT CORPORATE IMPROPRIETIES ARE BASELESS.

5.      I have reviewed the Second Amended Complaint (the "SAC") and am familiar with the allegations made regarding the structure and operations of the MindGeek Entities and MindGeek generally.  The allegations of the SAC attempt to falsely characterize the MindGeek corporate structure as an empire of sham

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

companies created and controlled by Messrs. Antoon, Bergmair, and Tassillo to evade taxes, avoid personal liability, and unlawfully line their personal pockets.  Plaintiff's characterizations are baseless.  Each of the MindGeek Entities is a distinct entity that complies with corporate formalities and was created for a legitimate business and economic purpose.

6.    In many instances, the purpose for the creation of a particular MindGeek entity is self-evident; for example, creating an entity to acquire the business of another or a third party, or dissolving an entity when it no longer functions or when its functions can be performed readily by another entity.

7.    MindGeek S.à r.l. provides a clear example.  Prior to 2014, MindGeek S.à r.l. was created specifically to acquire the business of Manwin Holding S.à r.l.  In that transaction, MindGeek S.à r.l. acquired shares in an entity called Manwin RK S.à r.l. from Manwin Holding S.à r.l., the seller, thereby obtaining indirect ownership interests in the subsidiaries of Manwin RK S.à r.l.  Since that time, MindGeek S.à r.l. has remained a holding company for various subsidiaries comprising the business of MindGeek, including the other entities named as Defendants.  MindGeek S.à r.l. is incorporated under the laws of Luxembourg and does not have employees or conduct operations.

8.    The names and number of entities comprising the MindGeek business have naturally changed since 2014, each for legitimate business reasons.  For example, in connection with the acquisition described above, MindGeek essentially rebranded the Manwin business to avoid confusion.  In that regard, Defendant MindGeek USA Incorporated was renamed to eliminate the reference to Manwin in its prior name, Manwin USA Incorporated.  Although certain Manwin subsidiaries did not have Manwin in their names, changes to some names were made to reflect changes to the business.  For example, Defendant MG Global Entertainment Inc. used to be named Playboy Plus International Inc., but MindGeek changed that name when its agreement to use the name "Playboy" expired.  At that time, the business no longer

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1  included running Playboyplus.com (under a digital license agreement) or offering

2  Playboy-branded programming to television-based businesses, including cable

3  operators, hotels and cruise ships, but focused instead on offering different adult

4  programming to such businesses.

5      9.    The structure of the MindGeek business is like that of many global

6  organizations.  Specifically, MindGeek has companies organized and existing under

7  the laws of multiple jurisdictions where it has assets, operates businesses, or provides

8  services for those business.  The MindGeek corporate entities, for example, are

9  organized and exist separately under the laws of Luxembourg, Cyprus, Canada and

10  the United States, amongst others.  When MindGeek S.à r.l. acquired the Manwin

11  business, the entities comprising that business also spanned those and other

12  jurisdictions.

13      10.   MindGeek's corporate structure reflects MindGeek's different lines of

14  business.  Relevant here is the Video Sharing Platform (VSP), formerly known as the

15  "tubesite business," which most notably includes "Pornhub," a website that offers

16  non-subscription content.

17      11.   ███████████████████████████████████████████

18  ██████████████████████████████████████████████████

19  ██████████████████████████████████████████████████

20  ██████████████████████████████████████████████████

21  ██████████████████████████████████████████████████

22  ████████  Ex. 1.

23      12.   As the website operator, MG Freesites Ltd is responsible for, *inter alia*,

24  performance of the website's major key performance indicators and implementing

25  initiatives and business strategy related to the website.  MG Freesites Ltd bears all

26  risks related to the conduct of its activities including, market risks, legal risks,

27  technological risks, and financial risks.  Accordingly, MG Freesites Ltd implements

28  policies and procedures related to the conduct of its website activities.  Examples

DECLARATION OF ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1  include, but are not limited to, technology protections such as the MediaWise software

2  created by Vobile.  MediaWise by Vobile uses sophisticated technology to fingerprint

3  and prevent re-uploading of, amongst others, all content violating Pornhub's CSAM

4  and non-consensual content policies.  MG Freesites Ltd is responsible for launching

5  "Trust and Safety Center" on the Pornhub website, which explains Pornhub's policies

6  and procedures.  MG Freesites Ltd also develops and implements policies and

7  procedures related to the human moderation of all content uploaded to the Pornhub

8  website, and policies and procedures related to flagging, reporting, and removing

9  violative content from the Pornhub website.  Ex. 2.

10      13.    None of the MindGeek Defendants owns or uses servers in the United

11  States to store or manage any pornographic content for the MindGeek VSPs.  ███████

12  ████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████

22  ███████████████████████████  No MindGeek entity is aware of the precise locations of those

23  servers.

24      14.    As specified below, MG Freesites Ltd, in turn, relies upon the services

25  of other entities, including Defendant 9219-1568 Quebec Inc. which provides, *inter*

26  *alia*, computer-programming, customer-support, and management services.

27      15.    Since at least 2014, insofar as one Defendant has provided certain

28  services to another MindGeek entity, the entity receiving services has paid the entity

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1   providing the services pursuant to the terms of a written agreement.  For example, by

2   service agreement dated January 1, 2013 and amended as of January 1, 2014,

3   Defendant 9219-1568 Quebec Inc. entered into a service agreement with Defendant

4   MG Freesites Ltd (formerly known as D.C.I. Capital Investments Limited).  Ex. 3;

5   Ex. 4.  Pursuant to the service agreement, 9219-1568 Quebec Inc. agreed to provide

6   MG Freesites Ltd. with computer programming services, customer support services,

7   and management services.  In addition to paying actual "Costs" incurred, MG

8   Freesites Ltd. agreed to pay 9219-1568 Quebec Inc. a mark-up on those "Costs" █

9   █████   The parties agreed to review annually the amount of the mark-up and negotiate

10  in good faith any possible amendments.  Since 2014, MG Freesites Ltd has paid █

11  ███ mark-up on these costs.  9219-1568 Quebec Inc. sends monthly invoices to MG

12  Freesites Ltd for services provided and 9219-1568 Quebec Inc. is renumerated by MG

13  Freesites Ltd monthly.

14       16.    In any instance in which one defendant has provided services to another

15  MindGeek entity, to determine how much of a mark-up is added to the cost

16  reimbursement, MindGeek has engaged Raymond Chabot Grant Thornton LLP and

17  its affiliates ("RCGT") to conduct comprehensive transfer-pricing studies.  Those

18  studies are used to determine price ranges for the services at issue in the relevant

19  market and ensure that intercompany charges are accounted properly for tax purposes.

20  For example, per the transfer-pricing study completed for the fiscal year ended

21  December 31, 2017, RGCT concluded that ███████████████████████

22  ████████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  █████████████████████████████   RCGT determined that the

25  costs component of the charge was in accordance with the arm's length principle,

26  given that [9219-1568 Quebec Inc.] ████████████████████████████

27

28

---

6

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1　██████████████████ Ex. 5 at MindGeek_Fleites_00072738.[1]  To undertake this

2　evaluation of the arm's length nature of the mark-up on costs applied by 9219-1568

3　Quebec Inc. for the computer programming, customer support and management

4　services provided to MG Freesites Ltd, █████████████████████████

5　██████████████████████████ *Id.*  RCGT determined that for fiscal year 2017,

6　the services fees paid by MG Freesites Ltd to 9219-1568 Quebec Inc. amounted to

7　████████████████ *Id.* at MindGeek_Fleites_00072737-38.   All relevant transfer-

8　pricing studies were produced by the MindGeek Defendants to Plaintiff pursuant the

9　Court's Order dated July 29, 2022. (Dkt. 67).  These documents, bearing bates

10　numbers MindGeek_Fleites 00030637-00031011, are designated "Confidential"

11　pursuant to the Stipulated Protective Order entered in this action. (Dkt. 187).  *See*,

12　*e.g.*, Ex. 5.[2]

13　　　17.　Plaintiff's allegations regarding the financial operations of the

14　MindGeek Entities are inaccurate and misleading.  As specified below, each of the

15　Defendants is separate from the others, has its own bank accounts, files separate tax

16　returns, and has been adequately capitalized during the relevant period.

17　　　18.　Each of the MindGeek Entities has its own bank accounts.  Like many

18　multi-national companies, MindGeek utilizes a centralized treasury to improve cash

19　management across the MindGeek Entities and their subsidiaries and affiliates.  A

20　centralized treasury provides businesses with significant operational benefits,

21　including cash-flow optimization.  At times, one entity may not have the cash on hand

22　to pay an immediate obligation, but it may be owed funds from another entity within

---

[1]　　The Transfer Pricing Studies reports created by RCGT are voluminous.  For example, the transfer-pricing study for the year ended December 31, 2017 is 459 pages.  For the Court's convenience, only the pages quoted from above are attached hereto as Exhibit 5.

[2]　　For the Court's convenience, excerpts of the documents produced by the MindGeek Defendants to Plaintiff referenced in this Declaration are attached as Exhibits. If the Court would prefer, the MindGeek Defendants will submit supplemental exhibits containing all documents referenced by Bates numbers herein.

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1    the corporate umbrella.  In those circumstances, the MindGeek Entities and their

2    subsidiaries and affiliates may call upon other entities in the corporate umbrella to

3    provide it with cash to meet the immediate obligations.  Those inter-corporate

4    payments are always documented in the relevant accounting systems.  The funds were

5    not always moved from or did not sit in a central bank account as Plaintiff alleges.

6         19.    For the years 2014 through at least 2018, Defendant MindGeek S.à r.l.

7    has had its consolidated financial statements audited by RCGT.  During the same

8    period, the other Defendants that are legally required to be audited on an individual

9    company basis have also been audited in compliance with applicable law.  They and

10   MindGeek S.à r.l. have filed their tax returns and paid all taxes due for the tax years

11   through 2018.  Those Defendants which are not required to be audited on an individual

12   company basis, MindGeek USA Incorporated and MG Global Entertainment Inc.

13   have filed their tax returns and paid all taxes due to date.  Tax returns for the

14   MindGeek Defendants and other MindGeek affiliates were produced by the

15   MindGeek Defendants to Plaintiff pursuant the Court's Order dated July 29, 2022.

16   (Dkt. 67).  These documents, bearing bates numbers MindGeek_Fleites 00003824-

17   00006117, are designated "Confidential" pursuant to the Stipulated Protective Order

18   entered in this action. (Dkt. 187).  *See*, *e.g.*, Ex. 6.

19        20.    I understand that the Court expressed concern about the ability of those

20   MindGeek entities which do not contest personal jurisdiction (9219-1568 Quebec Inc.

21   and MG Freesites Ltd) to satisfy a potential judgment against them in this case.  I

22   therefore note that the unaudited draft financials as of December 31, 2023, which are

23   only preliminary drafts and are subject to change, note that total assets for 9219-1568

24   Quebec Inc. ███████████████████████████████████    Further, the

25   unaudited draft financials as of December 31, 2023 for Aylo Freesites Ltd (formerly

26   known as MG Freesites Ltd), which are only preliminary drafts and are subject to

27   change, similarly indicate that total assets ████████████████████████████

28

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1    ████████████        In other words, each of 9219-1568 Quebec Inc. and Aylo Freesites Ltd

2    stands financially capable of satisfying a potential judgment.

3        21.    I also understand that Plaintiff alleges that Messrs. Antoon, Bergmair,

4    and Tassillo improperly exercised control over the MindGeek business even though

5    they did not personally own any interest in MindGeek.  Plaintiff also alleges that Mr.

6    Bergmair participated in board meetings at 9219-1568 Quebec Inc.  Plaintiff contends

7    this conduct evidences a disregard of the corporate form.  Plaintiff is wrong.

8        22.    The Shareholders' Agreement dated as of October 18, 2013, by and

9    among the shareholders of MindGeek S.à r.l. and its subsidiary RT Holding S.à r.l.

10   (the "Shareholders' Agreement") (Ex. 7), was put in place among the owners to reflect

11   their economic rights and agreed-upon governance.[3] ████████████████████████

12   ████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████

26

27

28   _____
     [3]    The Shareholders' Agreement was amended as of March 22, 2018 (the
     "Amendment").  *See* Ex. 8.

9

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1    ███████████    This provided each owner with customary oversight of any significant

2    business operation at a strategic level.

3       23.    Messrs. Antoon and Tassillo were the CEO and COO, respectively, of

4    9219-1568 Quebec Inc.  Accordingly, executive decision-making with respect to

5    9219-1568 Quebec Inc. was their primary responsibility.

6       24.    However, directors of the various MindGeek entities handled the day-to-

7    day operations and decision-making of the MindGeek entity with which they

8    respectively were affiliated. ████████████████████████████████

9    ████████████████████████████████████████████████

10   ████████████████████████████████████████████████

11   ████████████████████████████████████████████████

12   ███████████████████████    These functions were performed by MindGeek's

13   employees who maintain various roles and functions across the organization.

14      25.    I also understand that Plaintiff alleges that ███████████████████

15   ████████████████████████████████████████████████

16   █████████████████████    Plaintiff is wrong.    ███████████████

17   ████████████████████████████████████████████████

18   ████████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ████████████████████████████████████████████████

21   ████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████████

25   ██████████

26

27

28

10

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

## EACH DEFENDANT OBSERVES THE REQUIRED CORPORATE FORMALITIES.

26.     Each of the MindGeek entities observes all necessary corporate formalities.  Moreover, the MindGeek Defendants have never operated as a single business entity.  Instead each has existed and operated as a distinct legal entity since before 2014.

27.     MindGeek S.à r.l. is, and has been since October 2013, a private limited liability company (société à responsabilité limitée) incorporated under the laws of Luxembourg, having its current registered office at 46 Grand Rue, L-1660 Luxembourg and registered with the Luxembourg Register of Commerce and Companies (R.C.S. Luxembourg) ("RCS") under number B 181337.

28.     MindGeek S.à r.l. has served during the relevant period as the ultimate parent corporation of MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.

29.     MindGeek S.à r.l. has been and is nothing more than a holding company, without any employees or operations of its own.  MindGeek S.à r.l. has never had any offices or employees in the State of California, let alone the United States.  MindGeek S.à r.l. has never exercised control over the day-to-day operations of the other MindGeek corporate entities, including but not limited to the setting of individual salaries below the executive level.

30.     During the relevant period, MindGeek S.à r.l. has always been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts.  As demonstrated in the chart below, the available cash (*i.e.*, excluding non-cash accounting charges such as depreciation and amortization) reported by MindGeek S.à r.l. is positive net income for every period in question, reflecting a healthy level of capitalization enabling it to pay its ordinary course debts as they came due and while contributing to servicing of debt at the top level of the organization.

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

| Year | MindGeek S.à r.l. Gross Revenue | MindGeek S.à r.l. Operating Expenses |
|------|--------------------------------|--------------------------------------|
| 2014 | ███████████ | ███████████ |
| 2015 | ███████████ | ███████████ |
| 2016 | ███████████ | ███████████ |
| 2017 | ███████████ | ███████████ |
| 2018 | ███████████ | ███████████ |
| 2019 | ███████████ | ███████████ |

Financial statements of MindGeek S.à r.l. for the years 2014 – 2019, all as audited by RCGT, were produced by the MindGeek Defendants to Plaintiff pursuant the Court's Order dated July 29, 2022.  (Dkt. 167.)  These documents, bearing Bates numbers MindGeek_Fleites 00000849–00001142 and 00001210-00001354, are designated "Confidential" pursuant to the Stipulated Protective Order entered in this action. (Dkt. 187.)  *See*, *e.g.*, Ex. 9; Ex. 10.

31.    MindGeek S.à r.l. has always had the equivalent of its own designated board of directors, referred to as a board of managers, and has always observed all necessary corporate formalities, such as holding regular board-of-managers meetings and annual shareholder meetings.  *See, e.g.*, Ex. 11 (MindGeek S.à r.l. Board Minutes); Ex. 12 (MindGeek S.à r.l. Shareholder Minutes).  The current members of the board of managers are Anis Baba, Claude Favre and myself.

32.    MG Freesites Ltd, formerly D.C.I. Capital Investments Limited, is and has been since before 2014 a limited liability company organized and operating under the laws of the Republic of Cyprus, having its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus.  Since this entity was acquired by MindGeek, it has been known as MG Freesites Ltd.

33.    During the relevant period, MG Freesites Ltd has been responsible for operating tubesites, including Pornhub.  MG Freesites Ltd has also operated associated websites, including "Pornhub Premium," which offer certain subscription

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1   content.  In addition, MG Freesites Ltd operates the ModelHub program and Content

2   Partner Program.

3        34.    MG Freesites Ltd has not during the relevant period ever had any offices

4   or employees in the State of California, or in the United States.

5        35.    During the relevant period, MG Freesites Ltd has always been

6   adequately capitalized, both possessing its own bank accounts and serving as a party

7   to and responsible for fulfilling its own contracts.  As demonstrated in the chart below,

8   the available cash (*i.e*., excluding non-cash accounting charges such as depreciation

9   and amortization) reported by MG Freesites Ltd is positive net income for every

10  period in question, reflecting a healthy level of capitalization enabling it to pay its

11  ordinary course debts as they came due.

| Year | MG Freesites Ltd Gross Revenue | MG Freesites Ltd Operating Expenses |
|------|--------------------------------|-------------------------------------|
| 2014 | ███████████ | ███████████ |
| 2015 | ███████████ | ███████████ |
| 2016 | ███████████ | ███████████ |
| 2017 | ███████████ | ███████████ |
| 2018 | ███████████ | ███████████ |
| 2019 | ███████████ | ███████████ |

20  Financial statements for MG Freesites Ltd for the years 2014 – 2019, all as audited

21  by RCGT were produced by the MindGeek Defendants to Plaintiff pursuant the

22  Court's Order dated July 29, 2022. (Dkt. 167.)  These documents, bearing Bates

23  numbers MindGeek_Fleites 00000376-600, are designated "Confidential" pursuant

24  to the Stipulated Protective Order entered in this action. (Dkt. 187.)  *See*, *e.g.*, Ex. 13.

25       36.    During the relevant period, MG Freesites Ltd always has had the

26  equivalent of its own designated board of directors, referred to as a board of managers,

27  and always has observed all necessary corporate formalities, such as holding regular

28  board-of-managers meetings.  *See, e.g.*, Ex. 14 (MG Freesites Ltd Board Minutes).

13

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1  The current members of the board of managers are Anis Baba, Polina Hadjivasiliou,
2  Charme Management Ltd, and myself.

3       37.    MindGeek USA Incorporated, formerly Manwin USA Incorporated, is
4  and has been since before 2014, a corporation incorporated under the laws of the State
5  of Delaware, having its principal executive office in Texas since 2023.  The current
6  address of that office is 610 Brazos Street, Suite 500, Austin, Texas 78701, United
7  States of America.

8       38.    MindGeek USA Incorporated's sole function during the relevant period
9  has been to distribute DVD-based content pursuant to the terms of one contract.
10  MindGeek USA Incorporated has not created, solicited, posted, managed, or had any
11  other involvement with the website content at issue in the instant case.

12       39.    During the relevant period, MindGeek USA Incorporated has always
13  been adequately capitalized, both possessing its own bank accounts and serving as a
14  party to and responsible for fulfilling its own contracts.  MindGeek USA Incorporated
15  also has had during the relevant period its own designated board of directors and
16  observed all necessary corporate formalities.  Currently, the sole director of
17  MindGeek USA Incorporated is Andrew Link.

18       40.    MG Premium Ltd, formerly Froytal Services Ltd, is and has been since
19  before 2014 a limited liability company organized and operating under the laws of the
20  Republic of Cyprus, having its head office at 195-197 Old Nicosia-Limassol Road,
21  Block 1 Dali Industrial Zone, Cyprus.

22       41.    MG Premium Ltd is and has been since before 2014 responsible for
23  operating websites referred to as "paysites," which offer certain subscription-based
24  content.  MG Premium Ltd does not operate Pornhub or Pornhub Premium, the
25  ModelHub program or the Content Partner Program.  MG Premium Ltd has not
26  created, solicited, posted, managed, or had any other involvement with the website
27  content at issue in the instant case.  MG Premium Ltd also holds intellectual property
28  rights to certain content that is not alleged to have anything to do with Plaintiff.

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

42.     MG Premium Ltd has not during the relevant period ever had any offices or employees in the State of California, or in the United States.

43.     During the relevant period, MG Premium Ltd has always been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts.  As demonstrated in the chart below, the available cash (*i.e.*, excluding non-cash accounting charges such as depreciation and amortization) reported by MG Premium Ltd is positive net income for every period in question, reflecting a healthy level of capitalization enabling it to pay its ordinary course debts as they came due.

| Year | MG Premium Ltd Gross Revenue | MG Premium Ltd Operating Expenses |
|------|------------------------------|-----------------------------------|
| 2014 | ███████ | ███████ |
| 2015 | ███████ | ███████ |
| 2016 | ████████ | ███████ |
| 2017 | ███████ | ███████ |
| 2018 | ██████ | █████████ |
| 2019 | ███████ | ████████ |

Financial statements for MG Premium Ltd for the years 2014 – 2019, all as audited by RCGT, were produced by the MindGeek Defendants to Plaintiff pursuant the Court's Order dated July 29, 2022.  (Dkt. 167.)  These documents, bearing bates numbers MindGeek_Fleites 00000601-848, are designated "Confidential" pursuant to the Stipulated Protective Order entered in this action.  (Dkt. 187.)  *See*, *e.g.*, Ex. 15.

44.     During the relevant period, MG Premium Ltd has always had the equivalent of its own designated board of directors and has always observed all necessary corporate formalities, such as holding regular board-of-directors meetings.  *See, e.g.*, Ex. 16 (MG Premium Ltd Board Minutes).  The current members of the board of directors are Anis Baba, Polina Hadjivasiliou, Charme Management Ltd, and myself.

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

45.     MG Global Entertainment Inc., formerly Playboy Plus Entertainment Inc., is and has been since before 2014 a corporation incorporated under the laws of the State of Delaware, having its principal executive office in Texas since 2023.  The current address of that office is 610 Brazos Street, Suite 500, Austin, Texas 78701 United States of America.

46.     During the relevant period, MG Global Entertainment Inc. has run Playboyplus.com (under a digital license agreement) and provided content to television-based businesses, with a focus on cable operators, hotels, and cruise ships, among other content providers.

47.     During the relevant period, MG Global Entertainment Inc. has also provided limited support services to other MindGeek corporate entities.  As discussed in more detail above, those services have been and are provided pursuant to written agreements which respect the separateness of the service provider and the service receiver.    Currently, two employees of MG Global Entertainment Inc. have responsibilities for Trust and Safety on MindGeek websites, including the tubesites.  None has or has had any responsibility for moderation of content before it is uploaded to the tubesites, and none is alleged to have had anything to do with Plaintiff.

48.     During the relevant period, MG Global Entertainment Inc. has always been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts.  During the relevant period, MG Global Entertainment Inc. also has always had its own designated board of directors and observed all necessary corporate formalities.  Currently, the sole director of MG Global Entertainment is Andrew Link.

49.     9219-1568 Quebec Inc. is and has been since before 2014 a corporation organized and operating under the laws of the Province of Quebec, Canada, having its head office at 7777 Decarie Boulevard, Montreal, Quebec H4P-2H2.

50.     During the relevant period, 9219-1568 Quebec Inc. has not had any offices in the State of California, or in the United States.  It previously had two

1  employees in the United States, not in California, who provided services to
2  MindGeek's paysite businesses, not to any of MindGeek's tubesites which are at issue
3  in this litigation.

4       51.    During the relevant period, 9219-1568 Quebec Inc. has always been
5  adequately capitalized, both possessing its own bank accounts and serving as a party
6  to and responsible for fulfilling its own contracts. As demonstrated in the chart below,
7  the available cash (*i.e.*, excluding non-cash accounting charges such as depreciation
8  and amortization) reported by 9219-1568 Quebec Inc. is positive net income for every
9  period in question, reflecting a healthy level of capitalization enabling it to pay its
10 ordinary course debts as they came due.

| Year | 9219-1568 Quebec Inc. Gross Revenue | 9219-1568 Quebec Inc. Operating Expenses |
|------|--------------------------------------|-------------------------------------------|
| 2014 | ███████ | ███████ |
| 2015 | ███████ | ███████ |
| 2016 | ███████ | ███████ |
| 2017 | ███████ | ███████ |
| 2018 | ███████ | ███████ |
| 2019 | ███████ | ███████ |

19 Financial statements for 9219-1568 Quebec Inc. for the years 2014 – 2019, all as
20 audited by RCGT, were produced by the MindGeek Defendants to Plaintiff pursuant
21 the Court's Order dated July 29, 2022. (Dkt. 167.) These documents, bearing bates
22 numbers MindGeek_Fleites 00001355-1391 are designated "Confidential" pursuant
23 to the Stipulated Protective Order entered in this action. (Dkt. 187.) *See*, *e.g.*, Ex. 17.

24      52.    During the relevant period, 9219-1568 Quebec Inc. has always had its
25 own designated board of directors and observed all necessary corporate formalities.
26 As it does not contain any executive business functions and serves solely as an
27 administrative unit, 9219-1568 Quebec Inc. has not taken material actions requiring
28 board or stockholder approval. Most actions are instead completed by written

DECLARATION OF ANDREW ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1  resolutions.  The current members of its board of directors are Polina Hadjivasilliou

2  and myself.

3      53.    I understand that the Plaintiff alleges that dividend distributions from

4  MindGeek S.à r.l. owing to the SPVs ultimately owned by Messrs. Antoon and

5  Tassillo were improperly masked as employee bonuses and paid directly to Messrs.

6  Antoon and Tassillo by 9219-1568 Quebec Inc.  Plaintiff contends that these allegedly

7  improper payments are evidence that the MindGeek Entities violated corporate

8  formalities and disregarded the corporate form.  Plaintiff is wrong.  ███████████

9  ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████ r.l.

27 ██████████████████████

28

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1     RT HOLDING S.À R.L. WAS FORMED FOR LEGITIMATE ECONOMIC AND

2                               BUSINESS PURPOSES

3       54.     I understand that Plaintiff alleges that non-party RT Holding S.à r.l. was

4 formed to conceal Mr. Bergmair's ownership interest in the MindGeek Entities so that

5 MindGeek S.à r.l. could unlawfully evade paying U.S. taxes. Plaintiff is wrong.

6       55.     It is common practice for any corporate entity to engage in strategic tax

7 planning to minimize tax liability. The corporate structure of the MindGeek Entities,

8 including RT Holding S.à r.l., a Luxembourg holding company, was subject to careful

9 and extensive tax planning and advice from tax and legal advisors to determine the

10 optimal corporate structure to minimize tax liabilities. This tax planning included the

11 structuring of MindGeek S.à r.l. and RT Holding S.à r.l. so that MindGeek S.à r.l.

12 could lawfully qualify for the benefits of the U.S.-Luxembourg tax treaty. The

13 corporate structure was vetted and approved by legal and tax advisors. No

14 government entity has indicated that the structure does not comply with the U.S.-

15 Luxembourg tax treaty.

16       56.     Mr. Bergmair is the ultimate owner of three SPVs that held ownership

17 interests in MindGeek S.à r.l. and RT Holding S.à r.l. ███████████████

18 ████████████████████████████████████████

19 ████████████████████████████████████████

20 ██████████████████████████

21       57.     Pursuant to the Shareholders' Agreement, dividend distributions from the

22 combined earnings of MindGeek S.à r.l. and RT Holding S.à r.l. were paid to the

23 Bergmair SPVs based on their ███████████████ in the Group. Ex. 7.

24       58.     I understand that Plaintiff alleges that distributions to the Bergmair SPVs

25 of ████ of the combined income of MindGeek S.à r.l. and RT Holding S.à r.l. are

26 improper and evidence a disregard of the corporate form. Plaintiff is wrong.

27       59.     The corporate structure, together with the provisions of the Shareholders'

28 Agreement providing that Bergmair's SPVs would receive distributions calculated on

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

the combined earnings of MindGeek S.à r.l. and RT Holding S.à r.l. and calculated relative to their economic interest in the Group, was closely vetted and approved by legal and tax professionals.   The purpose of this structure was to allocate responsibility and liability among the owners and minimize tax exposure.

60.



DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1  ████████████████████████████████████████████

2  ████████████████████████████████████████████

3  ████████████████████████████████

4      61.   ████████████████████████████

5  ████████████████████████████████████████████

6  S.à ████████████████████████████████████████

7  ████████████████████████████████████████████

8  ████████████████████████████████████████████

9  ████████████████████████████████████████████

10  S.à ██

11        I declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct.

13        Executed on August 30, 2024 at Nicosia, Cyprus.

14

15                      _____

16                      Andreas Alkiviades Andreou

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS