# EXHIBIT 81

# [PORTIONS OF EXHIBIT FILED UNDER SEAL PURSUANT TO APPLICATION TO SEAL]

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone:  213.892.5200
Facsimile:  213.892.5454

RONALD G. WHITE (admitted *pro hac vice*)
RWhite@mofo.com
Morrison & Foerster LLP
250 West 55th Street
New York, NY  10019-9601
Telephone:  212.468.8000
Facsimile:  212.468.7900

Attorneys for Defendant
BERND BERGMAIR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>Plaintiff,<br><br>vs.<br><br>MINDGEEK S.A.R.L. a foreign entity;<br>MG FREESITES, LTD., a foreign<br>entity; MINDGEEK USA<br>INCORPORATED, a Delaware<br>corporation; MG PREMIUM LTD., a<br>foreign entity; MG GLOBAL<br>ENTERTAINMENT INC., a Delaware<br>corporation; 9219-1568 Quebec, Inc.<br>(d/b/a MindGeek), a foreign entity;<br>BERND BERGMAIR, a foreign<br>individual; FERAS ANTOON, a<br>foreign individual; DAVID<br>TASSILLO, a foreign individual;<br>COREY URMAN, a foreign individual;<br>VISA INC., a Delaware corporation;<br>COLBECK CAPITAL DOES 1-5; and<br>BERGMAIR DOES 1-5,<br><br>Defendants. | Case No. 2:21-cv-4920-CJC-ADS<br><br><br><br>**DEFENDANT BERND BERGMAIR'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

NY-2443054

PROPOUNDING PARTY:    SERENA FLEITES

RESPONDING PARTY:    Bernd Bergmair

SET NO.:    One (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Bernd Bergmair, by and through his undersigned counsel, hereby provides his objections and responses to Plaintiff's First Set of Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

The objections and responses herein are based upon the information and documents that are presently available to and specifically known to Bergmair. Bergmair has not completed his investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for any trial that might be held. Further discovery, investigation, legal research, and analysis may supply additional facts, add meaning to known facts, or establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from any answers provided herein. Accordingly, without asserting an obligation to do so, and without waiving any objections herein, Bergmair reserves the right to amend and/or supplement these objections and responses as discovery and investigation continues.

## GENERAL OBJECTIONS

The following General Objections to the Interrogatories are incorporated into each and every individual response below, whether or not specifically stated in the individual response:

1.    Bergmair objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to impose obligations beyond those imposed by

1

NY-2443054

the Federal Rules of Civil Procedure or the Local Rules for the Central District of California.

2.      Bergmair objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information beyond the scope of jurisdictional discovery authorized by the Court in its July 29, 2022 Order (ECF No. 167) and are not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction.

3.      Bergmair objects to the Interrogatories, including the Definitions and Instructions, as vague, overly broad, unduly burdensome and not proportional to the needs of the case since they seek information regarding entities and individuals beyond the Defendants in this action and/or parties who have no connection to Plaintiff's claims, and which is not relevant to the issue of personal jurisdiction over the Defendants who are challenging jurisdiction.

4.      Bergmair objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek disclosure of information protected by the attorney-client privilege, the common interest privilege, the joint defense privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity.

5.      Bergmair objects to the definition of "MindGeek Entity" or "MindGeek Related Entities" (Definition No. 4) as vague, overly broad and unduly burdensome since, on its face, it seeks information about (a) "hundreds of companies" owned or affiliated with MindGeek, S.A.R.L.; (b) "hundreds of tubesites owned and operated" by MindGeek; (c) "hundreds of companies that were created and dissolved" by MindGeek during the relevant time period; and (d) for each of these hundreds of entities, not just all "current and former partners, directors, shareholders, employees, employers [and] officers," but also all others fitting any of the following broad, amorphous categories: "agents, principals,

2

CONFIDENTIAL

1  officials, representatives, associates, consultants, attorneys, advisors, accountants,

2  aliases and all persons or entities purporting to act on the entities' behalf."

3  Bergmair also objects to this definition as vague, overly broad and unduly

4  burdensome since it seeks information regarding entities and individuals beyond the

5  Defendants in this action and/or parties who have no connection to Plaintiff's

6  claims, and which is not relevant to the issue of personal jurisdiction over the

7  Defendants who are challenging jurisdiction.  Accordingly, where Bergmair

8  references "MindGeek" in his responses to the Interrogatories, he is referring only

9  to the Mind Geek corporate defendants sued in this action.

10       6.     Bergmair objects to the definition of the "Relevant Time Period"

11  covered by the Interrogatories (Definition No. 16) as overly broad, unduly

12  burdensome and not proportional to the needs of the case since it seeks information

13  regarding the time periods before Plaintiff's alleged claims arose and after the filing

14  of the Complaint in this action.  Accordingly, Bergmair will respond to the

15  Interrogatories for the time period beginning June 1, 2014, when Plaintiff's claims

16  allegedly arose, through June 17, 2021, when the Complaint in this action was filed

17  ("Relevant Time Period").

18       7.     Bergmair objects to each of the Interrogatories, including the

19  Definitions and Instructions, as overbroad and unduly burdensome to the extent

20  they call for information beyond his personal knowledge and involvement and seek

21  information regarding others about whom Bergmair does not have sufficiently

22  detailed personal knowledge to answer with precision, such as, for example, the

23  specific entities and ownership interests of others in the alleged "hundreds" of

24  entities defined to be MindGeek Related Entities; the details of each "capital related

25  transaction" engaged in by others in any of those hundreds of MindGeek Related

26  Entities; all contacts that any of those hundreds of MindGeek Related Entities (and

27  any of the individuals associated with them) had with the United States; and the

28

BERGMAIR'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

NY-2443054

1  identification of all social media and email accounts or communications services
2  used by others; all for a 7-year period. Moreover, the information sought can be
3  obtained from another source, MindGeek, that is more convenient, less
4  burdensome, and less expensive, and the requests for such information are
5  cumulative and duplicative of the interrogatories to MindGeek.

6       Accordingly, Bergmair will respond to the Interrogatories by providing
7  information regarding himself and directs Plaintiff to the Interrogatory responses of
8  the other Defendants for information regarding those individuals and entities.

9                    **SPECIFIC OBJECTIONS AND RESPONSES**
10  **INTERROGATORY NO. 1:**

11       Identify all individuals or entities who hold, or have held during the Relevant
12  Time Period, any direct, indirect, or beneficial economic interest by way of
13  ownership, equity, shareholding, secured interest, indebtedness, option, derivative,
14  trust, or otherwise in any MindGeek Related Entity or affiliate, and the precise
15  nature and extent of that interest.

16  **RESPONSE TO INTERROGATORY NO. 1:**

17       Bergmair objects to this Interrogatory as vague, overly broad, unduly
18  burdensome and not proportional to the needs of the case. Bergmair also objects to
19  this Interrogatory as seeking information beyond the scope of jurisdictional
20  discovery authorized by the Court and not reasonably calculated to lead to the
21  discovery of relevant evidence on the issue of personal jurisdiction.

22       Subject to and without waiving the above General and Specific Objections,
23  Bergmair responds that, during the Relevant Time Period, through various entities,
24  he was the ultimate beneficial owner of ███████████████████████
25  ██████████████████████ which each owned shares in MindGeek S.A.R.L. and
26  which collectively had a ████████████████ in MindGeek, S.A.R.L. and its
27  affiliates.

28

BERGMAIR'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

NY-2443054

**INTERROGATORY NO. 2:**

Describe in detail each transaction during the Relevant Time Period in which ownership, shares, indebtedness, secured interests, options, derivatives, or other capital related transactions occurred involving a MindGeek Related Entity, and identify the direct and indirect participants in those transactions.

**RESPONSE TO INTERROGATORY NO. 2:**

Bergmair objects to this Interrogatory as vague, overly broad, unduly burdensome and not proportional to the needs of the case. Bergmair also objects to this Interrogatory as seeking information beyond the scope of jurisdictional discovery authorized by the Court and not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction. Bergmair also objects to this Interrogatory because it is unclear what question it poses. The Interrogatory is confusingly and incoherently worded since, on its face, it seeks a description of "transaction[s] … in which ownership, shares, indebtedness, [etc.] occurred." Similarly, the Interrogatory's vague and ambiguous reference to "indirect participants" in such imprecisely-defined transactions compounds the ambiguity of the Interrogatory.

Subject to and without waiving the above General and Specific Objections, Bergmair responds that, during the Relevant Time Period, he did not engage in any transactions affecting the ownership and economic interest described in response to Interrogatory No. 1 above.

**INTERROGATORY NO. 3:**

Identify the date, participants, and content for every presentation or communication of financial or other economic performance to investors, lenders, or others with direct or indirect financial interests in any MindGeek Related Entity.

BERGMAIR'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

NY-2443054

**RESPONSE TO INTERROGATORY NO. 3:**

Bergmair objects to this Interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case since it calls for virtually all communications, including routine emails, which contain financial information related to the hundreds of entities defined to be MindGeek Related Entities for a 7-year period.  Bergmair also objects to this Interrogatory as seeking information beyond the scope of jurisdictional discovery authorized by the Court and not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction.  Bergmair also objects to this Interrogatory's use of the term "indirect financial interests" as vague and ambiguous.

Subject to and without waiving the above General and Specific Objections, Bergmair responds that he recalls that, during the Relevant Time Period, certain of the MindGeek entities provided periodic reports of financial information to shareholders and others.  Bergmair directs Plaintiff to the Interrogatory Responses of MindGeek for more complete information regarding these reports.

**<u>INTERROGATORY NO. 4:</u>**

Describe in detail all direct or indirect jurisdictional contacts within the relevant jurisdictions, *i.e.* the United States and California, that You or Your agents, or any of the MindGeek Related Entities and their owners, executives, and employees, have or had during the Relevant Time Period, including but not limited to, offices, residences, and real estate located in the relevant jurisdictions; personnel or vendors employed, retained, or paid located in the relevant jurisdictions, trips to the relevant jurisdictions; and revenues, profits, expenses, taxes earned or paid in or from the relevant jurisdictions; and communications or business relationships with, to, or in either of the relevant jurisdictions.

**RESPONSE TO INTERROGATORY NO. 4:**

NY-2443054

Bergmair objects to this Interrogatory as vague, overly broad, unduly burdensome and not proportional to the needs of the case.  Bergmair interprets the Interrogatory's request regarding "jurisdictional contacts" to be only those related to MindGeek business.  To the extent this Interrogatory seeks information beyond this, Bergmair objects to this Interrogatory as seeking information beyond the scope of jurisdictional discovery authorized by the Court and not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction.

Subject to and without waiving the above General and Specific Objections, Bergmair responds that he does not recall having contacts with either California or the United States in connection with MindGeek business, or more specifically, relating in any way to Plaintiff's claims.  While in those jurisdictions, he does not recall conducting any MindGeek business.

**INTERROGATORY NO. 5:**

Identify all aliases used by MindGeek executives, personnel, or agents to communicate publicly or privately in any communications related to MindGeek's business.

**RESPONSE TO INTERROGATORY NO. 5:**

Bergmair objects to this Interrogatory as vague, overly broad, unduly burdensome and not proportional to the needs of the case.  Bergmair also objects to this Interrogatory as seeking information beyond the scope of jurisdictional discovery authorized by the Court and not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction.  Bergmair also objects to this Interrogatory because the term "alias" is vague and ambiguous.

Subject to and without waiving the above General and Specific Objections, Bergmair responds that, during the Relevant Time Period, he did not use any other name or identity to communicate publicly or privately in any communications related to MindGeek's business.  Although not an "alias," Bergmair has at times

7

CONFIDENTIAL

1   used "Bernard," an Anglicization of his first name, Bernd, when interacting with

2   English-speaking individuals.

3   **INTERROGATORY NO. 6:**

4       Identify all social media accounts, email accounts, cell numbers, text, or

5   other communications services or applications used by the Individual Defendants

6   directly or through any MindGeek Related Entity during the Relevant Time Period.

7   **RESPONSE TO INTERROGATORY NO. 6:**

8       Bergmair objects to this Interrogatory as vague, overly broad, unduly

9   burdensome and not proportional to the needs of the case. Bergmair also objects to

10  this Interrogatory as seeking information beyond the scope of jurisdictional

11  discovery authorized by the Court and not reasonably calculated to lead to the

12  discovery of relevant evidence on the issue of personal jurisdiction.

13      Subject to and without waiving the above General and Specific Objections,

14  Bergmair responds that, during the Relevant Time Period, he used the following in

15  connection with MindGeek business: email accounts with the addresses

16  ████████████████████████████████████████████████████

17  ███████████████ and messaging app WhatsApp. Other than WhatsApp, Bergmair

18  did not use any social media accounts in connection with MindGeek business.

19

20  Dated:  September 22, 2022            MORRISON & FOERSTER LLP

21

22                                        By: ____/s/ Ronald G. White_____
                                               Ronald G. White

23                                        Attorneys for Defendant
24                                        BERND BERGMAIR

25

26

27

28

NY-2443054

1

## **VERIFICATION**

2

3

I, Bernd Bergmair, state that I have read the foregoing Defendant Bernd

4

Bergmair's Objections and Responses to Plaintiff's First Set of Interrogatories and

5

am aware of the contents.  Based on reasonable inquiry, the facts set forth in the

6

7

Responses are true and correct to the best of my knowledge, information and belief.

8

I declare under penalty of perjury under the laws of the United States of America

9

that the foregoing is true and correct.

10

11

Dated: September 22, 2022.

12

13

_____

Bernd Bergmair

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

NY-2443054

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, a true and correct copy of Defendant

Bernd Bergmair's Objections and Responses to Plaintiff's First Set of

Interrogatories was served via email on Plaintiff's counsel, Michael J. Bowe,

Lauren Tabaksblat, and David Stein of Brown Rudnick LLP.

*/s/ Ronald G. White*
Ronald G. White

BERGMAIR'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

NY-2443054

1   DAN MARMALEFSKY (CA SBN 95477)
    DMarmalefsky@mofo.com
2   Morrison & Foerster LLP
    707 Wilshire Boulevard
3   Los Angeles, California 90017-3543
    Telephone: 213.892.5200
4   Facsimile: 213.892.5454

5   RONALD G. WHITE (admitted *pro hac*
    *vice*)
6   RWhite@wmhlaw.com
    Walden Macht & Haran LLP
7   250 Vesey Street, 27th Floor
    New York, NY 10281
8   Telephone: 212.335.2387
    Facsimile: 212.335.2040

9
    Attorneys for Defendant
10  BERND BERGMAIR

11

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13                     **SOUTHERN DIVISION**

14
    SERENA FLEITES,                    Case No. 2:21-cv-4920-CJC-ADS
15
            Plaintiff,
16
        vs.
17
    MINDGEEK S.A.R.L. a foreign entity;   **DEFENDANT BERND**
18  MG FREESITES, LTD., a foreign        **BERGMAIR'S SECOND**
    entity; MINDGEEK USA                 **SUPPLEMENTAL OBJECTIONS**
19  INCORPORATED, a Delaware             **AND RESPONSES TO**
    corporation; MG PREMIUM LTD., a      **PLAINTIFF'S FIRST SET OF**
20  foreign entity; MG GLOBAL            **INTERROGATORIES**
    ENTERTAINMENT INC., a Delaware
21  corporation; 9219-1568 Quebec, Inc.
    (d/b/a MindGeek), a foreign entity;
22  BERND BERGMAIR, a foreign
    individual; FERAS ANTOON, a
23  foreign individual; DAVID
    TASSILLO, a foreign individual;
24  COREY URMAN, a foreign individual;
    VISA INC., a Delaware corporation;
25  COLBECK CAPITAL DOES 1-5; and
    BERGMAIR DOES 1-5,
26
            Defendants.
27

28

            BERGMAIR'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
                    PLAINTIFF'S FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:     SERENA FLEITES

RESPONDING PARTY:     Bernd Bergmair

SET NO.:     One (1)

    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Bernd Bergmair, by and through his undersigned counsel, hereby provides this second supplemental objection and response to Plaintiff's First Set of Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

    The second supplemental objection and response herein is based upon the information and documents that are presently available to and specifically known to Bergmair. Bergmair has not completed his investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for any trial that might be held. Further discovery, investigation, legal research, and analysis may supply additional facts, add meaning to known facts, or establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from any answers provided herein. Accordingly, without asserting an obligation to do so, and without waiving any objections herein, Bergmair reserves the right to further amend and/or supplement these objections and responses as discovery and investigation continues.

## GENERAL OBJECTIONS

    The following General Objections to the Interrogatories are incorporated into the response below, whether or not specifically stated in the individual response:

    1.    Bergmair objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to impose obligations beyond those imposed by

1

the Federal Rules of Civil Procedure or the Local Rules for the Central District of California.

2.     Bergmair objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information beyond the scope of jurisdictional discovery authorized by the Court in its July 29, 2022 Order (ECF No. 167) and are not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction.

3.     Bergmair objects to the Interrogatories, including the Definitions and Instructions, as vague, overly broad, unduly burdensome and not proportional to the needs of the case since they seek information regarding entities and individuals beyond the Defendants in this action and/or parties who have no connection to Plaintiff's claims, and which is not relevant to the issue of personal jurisdiction over the Defendants who are challenging jurisdiction.

4.     Bergmair objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek disclosure of information protected by the attorney-client privilege, the common interest privilege, the joint defense privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity.

5.     Bergmair objects to the definition of "MindGeek Entity" or "MindGeek Related Entities" (Definition No. 4) as vague, overly broad and unduly burdensome since, on its face, it seeks information about (a) "hundreds of companies" owned or affiliated with MindGeek, S.A.R.L.; (b) "hundreds of tubesites owned and operated" by MindGeek; (c) "hundreds of companies that were created and dissolved" by MindGeek during the relevant time period; and (d) for each of these hundreds of entities, not just all "current and former partners, directors, shareholders, employees, employers [and] officers," but also all others fitting any of the following broad, amorphous categories: "agents, principals, officials, representatives, associates,

1    consultants, attorneys, advisors, accountants, aliases and all persons or entities

2    purporting to act on the entities' behalf." Bergmair also objects to this definition as

3    vague, overly broad and unduly burdensome since it seeks information regarding

4    entities and individuals beyond the Defendants in this action and/or parties who have

5    no connection to Plaintiff's claims, and which is not relevant to the issue of personal

6    jurisdiction over the Defendants who are challenging jurisdiction. Accordingly,

7    where Bergmair references "MindGeek" in his responses to the Interrogatories, he is

8    referring only to the Mind Geek corporate defendants sued in this action.

9         6.    Bergmair objects to the definition of the "Relevant Time Period"

10   covered by the Interrogatories (Definition No. 16) as overly broad, unduly

11   burdensome and not proportional to the needs of the case since it seeks information

12   regarding the time periods before Plaintiff's alleged claims arose and after the filing

13   of the Complaint in this action. Accordingly, Bergmair will respond to the

14   Interrogatories for the time period between June 1, 2014 and June 30, 2020, which is

15   the period in which the Amended Complaint in this action alleges Plaintiff's claims

16   arose ("Relevant Time Period").

17        7.    Bergmair objects to each of the Interrogatories, including the

18   Definitions and Instructions, as overbroad and unduly burdensome to the extent they

19   call for information beyond his personal knowledge and involvement and seek

20   information regarding others about whom Bergmair does not have sufficiently

21   detailed personal knowledge to answer with precision, such as, for example, the

22   specific entities and ownership interests of others in the alleged "hundreds" of entities

23   defined to be MindGeek Related Entities; the details of each "capital related

24   transaction" engaged in by others in any of those hundreds of MindGeek Related

25   Entities; all contacts that any of those hundreds of MindGeek Related Entities (and

26   any of the individuals associated with them) had with the United States; and the

27   identification of all social media and email accounts or communications services used

28

3

by others; all for a 7-year period. Moreover, the information sought can be obtained from another source, MindGeek, that is more convenient, less burdensome, and less expensive, and the requests for such information are cumulative and duplicative of the interrogatories to MindGeek.

Accordingly, Bergmair will respond to the Interrogatories by providing information regarding himself and directs Plaintiff to the Interrogatory responses of the other Defendants for information regarding those individuals and entities.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 4:

Describe in detail all direct or indirect jurisdictional contacts within the relevant jurisdictions, *i.e.* the United States and California, that You or Your agents, or any of the MindGeek Related Entities and their owners, executives, and employees, have or had during the Relevant Time Period, including but not limited to, offices, residences, and real estate located in the relevant jurisdictions; personnel or vendors employed, retained, or paid located in the relevant jurisdictions, trips to the relevant jurisdictions; and revenues, profits, expenses, taxes earned or paid in or from the relevant jurisdictions; and communications or business relationships with, to, or in either of the relevant jurisdictions.

### RESPONSE TO INTERROGATORY NO. 4:

Bergmair objects to this Interrogatory as vague, overly broad, unduly burdensome and not proportional to the needs of the case. Bergmair interprets the Interrogatory's request regarding "jurisdictional contacts" to be only those related to MindGeek business. To the extent this Interrogatory seeks information beyond this, Bergmair objects to this Interrogatory as seeking information beyond the scope of jurisdictional discovery authorized by the Court and not reasonably calculated to lead to the discovery of relevant evidence on the issue of personal jurisdiction.

1    Subject to and without waiving the above General and Specific Objections,

2    Bergmair responds that he does not recall having contacts with either California or

3    the United States in connection with MindGeek business, or more specifically,

4    relating in any way to Plaintiff's claims.  While in those jurisdictions, he does not

5    recall conducting any MindGeek business.

6    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

7    Subject to and without waiving these Specific and General Objections, based

8    on additional review, Mr. Bergmair responds that he is aware of records reflecting a

9    meeting he purportedly had with MindGeek employees in California on January 23,

10   2018, but does not recall such a meeting.

11   **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

12   Subject to and without waiving these Specific and General Objections, based

13   on additional review, Mr. Bergmair responds that he recalls attending a MindGeek-

14   related business meeting in May 2019 at ████████ headquarters in California.

15   Documents reflecting the location, participants, and subject matter of this meeting

16   have previously been produced.

17

18   Dated:  June 14, 2023                    WALDEN MACHT & HARAN LLP

19

20                                  By:  ____/s/ Ronald G. White_____
                                         Ronald G. White

21                                       Attorneys for Defendant
22                                       BERND BERGMAIR

23

24

25

26

27

28

# **VERIFICATION**

I, Bernd Bergmair, state that I have read the foregoing Defendant Bernd Bergmair's Second Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories and am aware of the contents. Based on reasonable inquiry, the facts set forth in the Responses are true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 14, 2023

_____
Bernd Bergmair

BERGMAIR'S SECOND SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, a true and correct copy of Defendant Bernd Bergmair's Second Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories was served via email on Plaintiff's counsel, Michael J. Bowe, Lauren Tabaksblat, and David Stein of Brown Rudnick LLP.

*/s/ Ronald G. White*
Ronald G. White

BERGMAIR'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Tel.: (213) 892-5200; Fax: (213) 892-5454

RONALD G. WHITE (admitted *pro hac vice*)
RWhite@wmhlaw.com
Walden Macht & Haran LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2387; Fax: (212) 335-2040

*Attorneys for Defendant Bernd Bergmair*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>       Plaintiff,<br><br>      vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD., a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; COLBECK CAPITAL DOES 1-5; and BERGMAIR DOES 1-5,<br><br>       Defendants. | Case No. 2:21-cv-4920-CJC-ADS<br><br><br>**DEFENDANT BERND BERGMAIR'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   SERENA FLEITES

RESPONDING PARTY:   Bernd Bergmair

SET NO.:   Two (2)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Bernd Bergmair, by and through his undersigned counsel, hereby provides his objections and responses to Plaintiff's Second Set of Interrogatories (collectively, "Interrogatories," and each interrogatory individually, an "Interrogatory").

## PRELIMINARY STATEMENT

The objections and responses herein are based upon the information and documents that are presently available to and specifically known to Mr. Bergmair. Mr. Bergmair has not completed his investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for any trial that might be held. Further discovery, investigation, legal research, and analysis may supply additional facts, add meaning to known facts, or establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from any answers provided herein. Accordingly, without asserting an obligation to do so, and without waiving any objections herein, Mr. Bergmair reserves the right to amend and/or supplement these objections and responses as discovery and investigation continues.

## GENERAL OBJECTIONS

The following General Objections to the Interrogatories (including Definitions and Instructions) are incorporated into each and every individual response below, whether or not specifically stated in the individual response:

1.   Mr. Bergmair objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to impose obligations beyond those

1

1  imposed by the Federal Rules of Civil Procedure or the Local Rules for the Central

2  District of California.

3       2.     Mr. Bergmair objects to the Interrogatories, including the Definitions

4  and Instructions, to the extent that they seek information beyond the scope of

5  jurisdictional discovery authorized by the Court in its July 29, 2022 Order (ECF

6  No. 167) ("July 29, 2022 Order") and are not reasonably calculated to lead to the

7  discovery of relevant evidence on the issue of personal jurisdiction.  If this case

8  proceeds to merits discovery, Mr. Bergmair agrees to meet and confer at the

9  appropriate time regarding the categories of requested information that relate to

10  Plaintiff's underlying claims in the action, but which are not relevant to the issue of

11  personal jurisdiction.

12       3.     Mr. Bergmair objects to the Interrogatories, including the Definitions

13  and Instructions, as vague, overly broad, unduly burdensome and not proportional

14  to the needs of the case since, by way of example only, they seek information (a)

15  regarding entities and individuals beyond the Defendants in this action and/or

16  parties who have no connection to Plaintiff's claims; (b) regarding websites other

17  than those on which Plaintiff alleges content depicting her was uploaded; (c) which

18  is not limited to events or issues related to Plaintiff's claims; (d) which is not

19  relevant to the issue of personal jurisdiction over the Defendants who are

20  challenging jurisdiction; or (e) which is outside the relevant Time Period.

21       4.     Mr. Bergmair objects to the Interrogatories, including the Definitions

22  and Instructions, to the extent that they seek disclosure of information protected by

23  the attorney-client privilege, the common interest privilege, the joint defense

24  privilege, the attorney work product doctrine, or any other applicable privilege,

25  protection or immunity.

26       5.     Mr. Bergmair objects to the definition of "Defendants" (Definition No.

27  4) as vague, overly broad and unduly burdensome since it seeks information not

28

1   only about the Defendants in this action, but also other entities and individuals,

2   including "each of their current or former subsidiaries, affiliates, parents,

3   predecessors and successors, divisions, departments, and operating units, and

4   includes, without limitation, each of their current or former partners, directors,

5   shareholders, employees, employers, officers, agents, principals, officials,

6   representatives, associates, consultants, attorneys, advisors, accountants, aliases,

7   and all persons and entities purporting to act on their behalf." Accordingly, where

8   Mr. Bergmair references "Defendants" in his responses to the Interrogatories, he is

9   referring only to the defendants sued in this action.

10          6.     Mr. Bergmair objects to the definition of "MindGeek," "MindGeek

11  Entity," or "MindGeek Related Entities" (Definition No. 6) as vague, overly broad

12  and unduly burdensome since, on its face, it seeks information about potentially

13  dozens of different entities, all "current and former partners, directors, shareholders,

14  employees, employers [and] officers" of those dozens of entities, as well as all

15  others fitting any of the following broad, amorphous categories: "agents, principals,

16  officials, representatives, associates, consultants, attorneys, advisors, accountants,

17  aliases and all persons or entities purporting to act on the entities' behalf."  Mr.

18  Bergmair also objects to this definition as vague, overly broad and unduly

19  burdensome since it seeks information regarding entities and individuals beyond the

20  Defendants in this action and/or parties who have no connection to Plaintiff's

21  claims, and which is not relevant to the issue of personal jurisdiction over the

22  Defendants who are challenging jurisdiction.  Accordingly, where Mr. Bergmair

23  references "MindGeek" in his responses to the Interrogatories, he is referring only

24  to the MindGeek corporate defendants sued in this action.

25          7.     Mr. Bergmair objects to the definition of the "Relevant Time Period"

26  covered by the Interrogatories (Definition No. 17) as overly broad, unduly

27  burdensome and not proportional to the needs of the case since it seeks information

28

regarding the time periods before Plaintiff's alleged claims arose and after the filing of the Complaint in this action.  The Court has previously held that "only contacts occurring prior to the event causing the litigation may be considered."  November 17, 2022 Hearing Minutes (ECF No. 211) at 3 (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990)).  Accordingly, Mr. Bergmair will respond to the Interrogatories for the time period between June 1, 2014, when Plaintiff's claims allegedly arose, through June 30, 2020, the last date that the Amended Complaint alleges Plaintiff's content appeared on a MindGeek site ("Relevant Time Period").

8. Mr. Bergmair objects to each of the Interrogatories, including the Definitions and Instructions, as overbroad and unduly burdensome to the extent they call for information beyond his personal knowledge and involvement and seek information regarding other individuals and entities about whom Mr. Bergmair does not have sufficiently detailed personal knowledge to answer with precision. Moreover, certain information sought can be obtained from another source, MindGeek, that is more convenient, less burdensome, and less expensive, and the Interrogatories are cumulative and duplicative of the interrogatories to MindGeek.

Accordingly, Mr. Bergmair will respond to the Interrogatories by providing information regarding himself and refers Plaintiff to the Interrogatory responses of the other Defendants for information regarding those individuals and entities.

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 7:

Describe in detail all steps taken to preserve, collect, search, and produce documents after the filing of the complaint and in response to Plaintiff's discovery

4

1   requests, including whether any responsive documents or potentially responsive

2   documents were destroyed.

3   **RESPONSE TO INTERROGATORY NO. 7:**

4       Mr. Bergmair objects to this Interrogatory on the grounds that it is overly

5   broad, unduly burdensome, not reasonably calculated to lead to the discovery of

6   admissible evidence, and not proportional to the needs of the case, particularly to

7   the needs of addressing the Court's exercise of personal jurisdiction over Mr.

8   Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further

9   objects to this Interrogatory to the extent it seeks information unrelated to personal

10  jurisdiction or outside the scope of the jurisdictional discovery permitted by the

11  Court's July 29, 2022 Order.  Mr. Bergmair further objects to this Interrogatory to

12  the extent it seeks information protected from disclosure by the attorney-client

13  privilege, the work product doctrine, or other applicable privilege.

14      Subject to and without waiving the foregoing objections, Mr. Bergmair

15  identified all potential MindGeek-related documents in his possession and Mr.

16  Bergmair or those working at his counsel's direction collected them.

17  **INTERROGATORY NO. 8:**

18      For any of Plaintiff's Requests for Admission that you denied in whole or in

19  part, describe in detail the factual basis for the denial and any documents or

20  evidence supporting that claimed factual basis.

21  **RESPONSE TO INTERROGATORY NO. 8:**

22      Mr. Bergmair objects to this Interrogatory on the grounds that it is overly

23  broad, unduly burdensome, not reasonably calculated to lead to the discovery of

24  admissible evidence, and not proportional to the needs of the case, particularly to

25  the needs of addressing the Court's exercise of personal jurisdiction over Mr.

26  Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further

27  objects to this Interrogatory to the extent it seeks information unrelated to personal

28

jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Bergmair further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

**<u>INTERROGATORY NO. 9</u>:**

Describe in detail all facts, documents, and evidence supporting the claims made in the Declaration of Andreas Andreou submitted in support of the MindGeek Defendants' motion to dismiss.

**RESPONSE TO INTERROGATORY NO. 9:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Bergmair further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.

Subject to and without waiving the foregoing objections, Mr. Bergmair refers Plaintiff to MindGeek for further response as the "claims" purportedly made in the Andreou Declaration relate to MindGeek corporate matters and were made by MindGeek, not Mr. Bergmair.

**<u>INTERROGATORY NO. 10</u>:**

Describe every corporate formality maintained by the MindGeek organization depicted on the organizational charts produced in this action

6

(including RT Holding S.a.r.l., its subsidiaries, and owners) and all documents reflecting the same.

**RESPONSE TO INTERROGATORY NO. 10:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Bergmair further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Mr. Bergmair further objects to this Interrogatory as vague and overbroad since it seeks information regarding "every" corporate formality followed by dozens of entities over a multi-year period.  Mr. Bergmair further objects to this Interrogatory as vague and overbroad since the "corporate formalit[ies]" about which it seeks information are unspecified, undefined and vague.

Subject to and without waiving the foregoing objections, Mr. Bergmair refers Plaintiff to MindGeek for further response since the Interrogatory seeks corporate information regarding "corporate formalit[ies]" engaged in by MindGeek corporate entities, not Mr. Bergmair.

**<u>INTERROGATORY NO. 11</u>:**

Describe in detail the records maintained by the MindGeek Defendants concerning its finances and accounting, including the categories of information and records maintained, the manner in which they are maintained, and the custodians of those records.

7

**RESPONSE TO INTERROGATORY NO. 11:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege. Mr. Bergmair further objects to this Interrogatory as vague and overbroad since it seeks information regarding the financial and accounting records of multiple corporate entities over a multi-year period.

Subject to and without waiving the foregoing objections, Mr. Bergmair refers Plaintiff to MindGeek for further response as the information sought relates to "records maintained by the MindGeek Defendants," not Mr. Bergmair, concerning MindGeek corporate matters.

**INTERROGATORY NO. 12:**

Describe in detail the relationship between the parties pursuant to the October 2013 Shareholder Agreement concerning MindGeek (the "Agreement"), including each party's economic and ownership interests and rights in any and each MindGeek Entity separately (including RT Holding S.a.r.l., its owners, and affiliates) and the contractual basis for each.

**RESPONSE TO INTERROGATORY NO. 12:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of

admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair responds that the "relationship" between parties to the 2013 Shareholder Agreement is defined by the agreement itself, and therefore directs Plaintiff to the terms of the 2013 Shareholder Agreement.

**INTERROGATORY NO. 13:**

Describe separately all any monies, distributions, dividends, equity, loan repayments, services or in-kind payments, or anything else of value received by You (or any entity in which You hold a direct, indirect, or beneficiary interest, including ██████), or any member of Your family from any MindGeek entity, its subsidiaries, affiliates, or related parties (including RT Holding S.a.r.l., its owners, and affiliates), the contractual basis for each, and the basis for the calculation of such amounts.

**RESPONSE TO INTERROGATORY NO. 13:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

9

Subject to and without waiving the foregoing objections, Mr. Bergmair responds that he has provided documents in response to Plaintiff's previous requests which identify the monies received from MindGeek companies by entities of which he is the ultimate beneficial owner during the Relevant Time Period (*see* April 28, 2023 Order, ECF No. 343) and directs Plaintiff to those documents.

**INTERROGATORY NO. 14:**

Describe in detail the amounts paid to ███████████████████ in licensing, royalty, or equivalent fees or payments related to revenues generated by any MindGeek Defendant, the factual basis upon which such payments were calculated, and any documents reflecting such payments or calculations.

**RESPONSE TO INTERROGATORY NO. 14:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair refers Plaintiff to MindGeek for further response since the Interrogatory seeks corporate information regarding payments made between corporate entities, not Mr. Bergmair.

**INTERROGATORY NO. 15:**

Describe in detail the reasons ████████████████ received rights to priority investment share payments as part of the 2013 Management Buy Out ("MBO") transaction, including the consideration it provided for such rights.

**RESPONSE TO INTERROGATORY NO. 15:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair responds that ▮▮▮▮▮▮▮▮▮▮ received rights to priority investment share payments pursuant to the terms of the October 2013 Shareholder Agreement.

**INTERROGATORY NO. 16:**

Identify the "ultimate beneficial owner of ▮▮▮▮▮▮▮▮▮▮" and the "ultimate beneficial owner of ▮▮▮▮▮▮" being referenced in section 6.2 of the October 18, 2013 Shareholder Agreement.

**RESPONSE TO INTERROGATORY NO. 16:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair responds that he is the "ultimate beneficial owner of ▮▮▮▮▮▮▮▮▮ and

11

"ultimate beneficial owner of ████████ referenced in section 6.2 of the October 2013 Shareholder Agreement.

**INTERROGATORY NO. 17:**

Describe in detail any economic, ownership, or other interest you have held in ████████████████████████████████████ and the periods in which such interests were held.

**RESPONSE TO INTERROGATORY NO. 17:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Bergmair further objects that the ownership and corporate affairs of these entities are unrelated to personal jurisdiction over the defendants challenging personal jurisdiction in this action and outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

**INTERROGATORY NO. 18:**

Describe in detail the documents, provisions, and terms by which you (directly or indirectly) claim to own approximately ████ of MindGeek S.à.r.l. or any of its subsidiaries or affiliates (not including RT Holding S.a.r.l. and its subsidiaries and owners).

**RESPONSE TO INTERROGATORY NO. 18:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to

12

the needs of addressing the Court's exercise of personal jurisdiction over Mr.

Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further

objects to this Interrogatory to the extent it seeks information unrelated to personal

jurisdiction or outside the scope of the jurisdictional discovery permitted by the

Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair is

unable to respond to the Interrogatory due to its overbreadth and vagueness. The

Interrogatory seeks information supporting a purported "claim" by Mr. Bergmair

but does not identify when or how Mr. Bergmair made such a claim or identify any

document purporting to make such a claim.

**INTERROGATORY NO. 19:**

Describe the consideration you contributed for your approximately ███

interest in MindGeek S.à.r.l. that you claim to own.

**RESPONSE TO INTERROGATORY NO. 19:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly

broad, unduly burdensome, not reasonably calculated to lead to the discovery of

admissible evidence, and not proportional to the needs of the case, particularly to

the needs of addressing the Court's exercise of personal jurisdiction over Mr.

Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further

objects to this Interrogatory to the extent it seeks information unrelated to personal

jurisdiction or outside the scope of the jurisdictional discovery permitted by the

Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair is

unable to respond to the Interrogatory due to its overbreadth and vagueness. The

Interrogatory seeks information supporting a purported "claim" by Mr. Bergmair

but does not identify when or how Mr. Bergmair made such a claim or identify any

document purporting to make such a claim.

13

**INTERROGATORY NO. 20:**

Describe in detail any facts concerning any MindGeek Entity or personnel paying personal expenses or providing personal services for non-MindGeek related business and personal items of Feras Antoon and/or David Tassillo and their families and any documents related to such payments, including the value of such payments or services and all persons aware of such payments or services.

**RESPONSE TO INTERROGATORY NO. 20:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair refers Plaintiff to MindGeek for further response since the Interrogatory seeks corporate information regarding corporate payments or services provided by corporate entities to other individuals, not Mr. Bergmair.

**INTERROGATORY NO. 21:**

Describe all communications between the MindGeek Defendant personnel, Individual Defendants, the family members of any Individual Defendants, or any entities in which any Individual Defendants or their family members hold a direct or indirect economic interest, concerning the payment or provision of any monies, salaries, dividends, distributions, equity, loans, debt, services, or payments of non-MindGeek related expenses to any other Individual Defendant or any entity in which they hold a direct or indirect economic interest.

14

**RESPONSE TO INTERROGATORY NO. 21:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair is unable to respond to the Interrogatory due to its overbreadth and vagueness. The Interrogatory seeks information regarding communications between numerous unspecified individuals and entities regarding nine separate topics over a multi-year period.

**INTERROGATORY NO. 22:**

Identify the CEO, COO, CFO, Chief Information and Technology Officer, and other senior executives and management for each MindGeek Entity identified in the organizational charts produced by the MindGeek Entities

**RESPONSE TO INTERROGATORY NO. 22:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

1    Subject to and without waiving the foregoing objections, Mr. Bergmair is
2    unable to respond to the Interrogatory due to its overbreadth and vagueness. The
3    Interrogatory seeks information regarding the identity of individuals holding
4    numerous corporate positions, including the unspecified and undefined positions of
5    "senior executives and management" for dozens of unspecified corporate entities
6    shown on unspecified organizational charts for a multi-year period.

7    **INTERROGATORY NO. 23:**

8    Describe in detail the terms of any preferred or other ownership or economic
9    interest any Individual Defendant or their family members holds, directly,
10   indirectly, or beneficially in any MindGeek Entity.

11   **RESPONSE TO INTERROGATORY NO. 23:**

12   Mr. Bergmair objects to this Interrogatory on the grounds that it is overly
13   broad, unduly burdensome, not reasonably calculated to lead to the discovery of
14   admissible evidence, and not proportional to the needs of the case, particularly to
15   the needs of addressing the Court's exercise of personal jurisdiction over Mr.
16   Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further
17   objects to this Interrogatory to the extent it seeks documents unrelated to personal
18   jurisdiction or outside the scope of the jurisdictional discovery permitted by the
19   Court's July 29, 2022 Order.

20   Subject to and without waiving the foregoing objections, Mr. Bergmair
21   responds that he has provided documents in response to Plaintiff's previous
22   requests which identify his ownership and economic interests in the MindGeek
23   companies during the Relevant Time Period (*see* April 28, 2023 Order, ECF No.
24   343) and refers Plaintiff to those documents.

25   **INTERROGATORY NO. 24:**

26   Separately identify the MindGeek Entity and account from which You
27   received any monies in the form of salary, dividends, or other payments.

28

**RESPONSE TO INTERROGATORY NO. 24:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr. Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.

Subject to and without waiving the foregoing objections, Mr. Bergmair responds that he has provided documents in response to Plaintiff's previous requests regarding the monies received from MindGeek companies by entities of which he is the ultimate beneficial owner during the Relevant Time Period (*see* April 28, 2023 Order, ECF No. 343) and refers Plaintiff to those documents.

**INTERROGATORY NO. 25:**

Describe in detail the terms of the reported 2023 sale of the MindGeek Defendants' business and any contract or agreements related to that transaction, including the amounts paid to Yourself or others in connection with that reported transaction, to whom any interests were transferred, and whether You, Feras Antoon, or David Tassillo or any family members of such persons retained any ownership or other economic interests or rights in any MindGeek Related Entity after that reported transaction.

**RESPONSE TO INTERROGATORY NO. 25:**

Mr. Bergmair objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, particularly to the needs of addressing the Court's exercise of personal jurisdiction over Mr.

17

Bergmair, or to the viability of Plaintiff's alter ego arguments. Mr. Bergmair further objects to this Interrogatory to the extent it seeks information unrelated to personal jurisdiction or outside the scope of the jurisdictional discovery permitted by the Court's July 29, 2022 Order.  Mr. Bergmair further objects to this Interrogatory because it seeks information regarding events after June 2020 which are outside the Relevant Time Period.

Dated: June 15, 2023

WALDEN MACHT & HARAN LLP

By: _____*/s/ Ronald G. White*_____
        Ronald G. White

*Attorneys for Defendant Bernd Bergmair*

1

## <u>VERIFICATION</u>

2

3
      I, Bernd Bergmair, state that I have read the foregoing Defendant Bernd

4
Bergmair's Objections and Responses to Plaintiff's Second Set of

5
Interrogatories and am aware of the contents.  Based on reasonable inquiry, the

6

7
facts set forth in the Responses are true and correct to the best of my

8
knowledge, information and belief.  I declare under penalty of perjury under the

9
laws of the United States of America that the foregoing is true and correct.

10

11
Dated: June 15, 2023

12

13
                         _____

                         Bernd Bergmair

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

# <u>CERTIFICATE OF SERVICE</u>

I, Ronald G. White, hereby certify that on June 15, 2023, I caused the foregoing Bernd Bergmair's Objections and Responses to Plaintiff's Second Set of Interrogatories to be served by email on counsel of record.

*/s/ Ronald G. White*
Ronald G. White