WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
4000 MacArthur Boulevard,
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Alexander F.R. Peacocke (*pro hac vice*)
565 Fifth Avenue
New York, New York 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Email: jsack@maglaw.com
Email: apeacocke@maglaw.com

*Attorneys for Specially Appearing Defendant David Tassillo*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERENA FLEITES,<br><br>              Plaintiff,<br><br>      v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGAMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation, GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, A Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware Corporation; CB AGENCY SERVICES, LLC, A Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation<br><br>              Defendants. | Case No. 2:21-cv-4920<br><br>**DECLARATION OF JONATHAN S. SACK IN SUPPORT OF MINDGEEK DEFENDANTS' OMNIBUS APPLICATION FOR LEAVE TO FILE MATERIALS UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 79-5.2.2** |

I, Jonathan S. Sack, Esq., hereby state to the best of my knowledge and belief:

1. I am a member of the State Bars of New York and Connecticut, a Partner at the firm of Morvillo, Abramowitz, Grand, Iason & Anello, PC, and counsel of record (admitted *pro hac vice*) for defendant David Tassillo in the above-captioned action and the 14 Related Actions, including the case designated as the lead Related Action, *K.A. v. MindGeek S.à.r.l. et al*, 2:24-cv-4786-WLH-ADS.

2. I submit this Declaration in support of Defendants MindGeek S.à.r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants") Application for Leave to File Documents Under Seal Pursuant to Local Civil Rule 79-5.2.2 (the "Application").

3. The MindGeek Defendants' Application seeks to seal information previously designated by Mr. Tassillo as Confidential or Highly Confidential pursuant to the parties' Stipulated Protective Order (ECF No. 187). This information has been referenced in motions to dismiss in the above-captioned action and the Related Actions, and was the subject of prior requests to seal pursuant to Local Rule 79-5.2.2.

4. Pursuant to the Court's directive in the March 7, 2025 hearing, Mr. Tassillo seeks to narrow his request to seal materials by (i) withdrawing 16 prior sealing requests entirely, and (ii) reducing the amount of material to be sealed in 19 prior sealing requests. For administrative convenience, Mr. Tassillo's present requests are included in the omnibus chart attached as Exhibit 1 to the Declaration of Peter A. Biagetti, Esq.

5. The material Mr. Tassillo seeks to seal includes confidential, sensitive information concerning: (a) Mr. Tassillo's income; (b) the value of Mr. Tassillo's

2521805.3

1
DECLARATION OF JONATHAN S. SACK
CASE NO. 2:21-cv-4920

assets or net worth, including the extent of his prior shareholdings in MindGeek S.à.r.l.; (c) the names of Mr. Tassillo's family members; (d) the names of co-investors in Mr. Tassillo's business ventures unrelated to MindGeek S.à.r.l.; and (e) the names of certain 9219-1568 Quebec Inc. employees who assisted Mr. Tassillo with matters not related to the subject matter of this Action.

6. The right of the public "to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Access may be limited where court records could "become a vehicle for improper purposes" including "'to gratify private spite or promote public scandal'" or to "harm a litigant's competitive standing." *Id.* (quoting *In re Caswell*, 18 R.I. 835, 836, 29 A. 259 (1893)). To protect documents from public inspection, a party must "'articulate[] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal material in support of a motion to dismiss must meet this "compelling reasons" standard. *SDI Labs, Inc. v. Sameday Techs., Inc.*, No. 23-CV-05619 (MWF) (MRWX), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023).

7. Compelling reasons support sealing the material identified above. Mr. Tassillo has a "legitimate interest in ensuring the privacy of personal information," including salary, dividend and other information regarding similar financial compensation. *Richter v. Oracle Am., Inc.*, No. 22-CV-04795 (BLF), 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (granting motion to seal personal financial information, finding that compelling reasons exist to seal and prevent harmful use of the information); *see also Gomo v. NetApp, Inc.*, No. 17-CV-02990 (BLF), 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (finding compelling reasons to seal information concerning the "compensation structure and personal information about

[a defendant corporation's] executives."); *Tran v. Mayorkas*, No. 22-CV-02983 (HSG), 2023 WL 6284516, at *2 (N.D. Cal. Sept. 25, 2023) (granting motion to seal "because the documents divulge confidential personal and financial information unrelated to the public's understanding of the judicial proceedings in this action" and finding "compelling reason to file the documents under seal").

8. Similarly, Mr. Tassillo's rights in connection with his investment in MindGeek S.a.r.l. arise from "documents [that] relate to financial transactions that were intended to be, and have been, kept in confidence." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 17-CV-04992 (BLF), 2019 WL 11658748, at *2 (N.D. Cal. July 11, 2019) (finding compelling reasons and granting motion to seal); *see also Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045 (BLF), 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) (finding "[c]ompelling reasons exist to seal confidential business information, including non-public information about a company's . . . business transactions," and granting motion to seal).

9. Further, compelling reasons exist to seal the names of specific individuals, third-parties to this lawsuit, who worked with Mr. Tassillo on matters that are not the subject of this litigation. *PNY Techs., Inc. v. Sandisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 661620, at *2 (N.D. Cal. Feb. 20, 2014) (permitting sealing of the "names and other discrete identifying information of third parties" to the litigation).

10. Mr. Tassillo's request is narrowly tailored, and compelling reasons exist to seal all of the material that is the subject of this request. Mr. Tassillo has identified the redacted portions of the relevant filings he wishes to remain under seal by appropriate page and line number, and does not seek to seal any exhibit in its entirety. The relevant redactions are attached to the declaration of Peter A. Biagetti, filed by the MindGeek Defendants.

11. Mr. Tassillo respectfully requests that the Court grant the MindGeek Defendants' Application.

***

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 28, 2025

/s/ Jonathan S. Sack
_____

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Alexander F.R. Peacocke (*pro hac vice*)

*Attorneys for Specially Appearing Defendant David Tassillo*

- 4 -
DECLARATION OF JONATHAN S. SACK
CASE NO. 2:21-cv-4920