WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
4000 MacArthur Boulevard,
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

COHEN & GRESSER LLP
Jason Brown (*pro hac vice*)
Matthew V. Povolny (*pro hac vice*)
Joanna Chan, CA Bar No. 284898
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com
Email: mpovolny@cohengresser.com
Email: jchan@cohengresser.com

*Attorneys for Specially Appearing Defendant Feras Antoon*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERENA FLEITES,<br><br>                     Plaintiff,<br><br>   v.<br><br>MINDGEEK S.A.R.L., et al.,<br><br>                     Defendants. | Case No. 2:21-cv-4920-WLH-ADS<br><br>**DECLARATION OF JASON BROWN IN SUPPORT OF MINDGEEK DEFENDANTS' OMNIBUS APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5.2.2**<br><br>Courtroom: 9B<br>Judge: Hon. Wesley Hsu<br>Complaint Filed: June 17, 2021<br>Trial Date: not set |

I, Jason Brown, Esq., hereby state to the best of my personal knowledge and belief:

1. I am an attorney licensed to practice in the State of New York and am a partner at the law firm of Cohen & Gresser LLP. I have been granted permission by this court to appear *pro hac vice* as counsel for specially-appearing Defendant Feras Antoon in both the above-captioned action and the 14 Related Actions, including the case designated as the lead Related Action, *K.A. v. MindGeek S.à r.l. et al.*, 2:24-cv-04786-WLH-ADS.

## A.   Confidential Material

2. Consistent with the Court's directive at the hearing on March 7, 2025, I make this declaration in support of the Omnibus Application for Leave to File Documents Under Seal pursuant to Local Rule 79-5.2.2 (ECF No. 187) (the "Application") submitted by Defendants MindGeek S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants"). The Application seeks permission to seal material previously designated as "Confidential" or "Highly Confidential" pursuant to the October 14, 2022 Stipulated Protective Order (ECF No. 187) (the "Protective Order").

3. Mr. Antoon supports the Application to the extent it seeks leave to file under seal material that Mr. Antoon produced in discovery in this action and designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (together, the "Confidential Material"), that (a) has been referenced in motions to dismiss, including oppositions, replies, and exhibits thereto filed in *Fleites v. MindGeek S.à r.l. et al.*, No. 2:21-cv-04920-WLH-ADS and *K.A. v. MindGeek S.à r.l. et al.*, 2:24-cv-04786-WLH-ADS, and (b) was subject to Mr. Antoon's previously-filed applications and declarations pursuant to Local Rule 79-5.2.2 seeking to seal Confidential Material that was both referenced in filings

DECLARATION OF JASON BROWN IN SUPPORT OF MINDGEEK DEFENDANTS' OMNIBUS APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

and publicly filed on the docket in the form of documents containing redacted Confidential Material proposed to be filed under seal.[1]

4.     As reflected in Exhibit 1 to the Declaration of Peter A. Biagetti in support of the Application ("Exhibit 1"), the Confidential Material Mr. Antoon seeks to seal reflects confidential information concerning (a) Mr. Antoon's (i) assets, including personal investments and compensation paid for economic interests in MindGeek S.a.r.l.; (ii) salary, bonus and/or dividend payments received while employed as the CEO of 9219-1568 Quebec, Inc. ("9219-1568 Inc."); (iii) rights received and exercised in connection with economic interests in MindGeek S.a.r.l; and (iv) other personal identifiable information, including email addresses, a phone number, and the names of his non-party family members; and (b) personal identifiable information and sensitive employment information, including the names or nicknames and titles of current or former MindGeek employees who may be subject to harassment if their identity is publicly disclosed.

**B.     Standard for Sealing**

5.     Public access to judicial records may be "denied where court files might [ ] become a vehicle for improper purposes," including to "gratify private spite or promote public scandal" or to "harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal quotation marks omitted).  And the common law right of access to judicial records may be overridden upon a showing of "sufficiently compelling reasons" to restrict access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

6.     A party seeking leave to seal confidential information supporting dispositive motions must "articulate [ ]compelling reasons supported by specific factual findings" that outweigh the public right of access.  *Kamakana v. City &*

---

[1] Mr. Antoon's previously-filed sealing applications and declarations in support of sealing include *Fleites* ECF Nos. 437, 465, 483, 494, and 515; and *K.A.* ECF Nos. 101 and 127.

- 2 -

DECLARATION OF JASON BROWN IN SUPPORT OF MINDGEEK DEFENDANTS'
OMNIBUS APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

*Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). Upon a showing of compelling reasons, the court must conscientiously balance the competing interests of the public and the party seeking leave to file under seal. *Id.* at 1179.

7.  Compelling reasons to justify sealing include safeguarding the privacy of "personally identifiable information including salaries." Order Re: Defs.' Renewed Appl. for Leave to File Under Seal, *United States ex rel. IONM LLC v. Univ. of S. California,* No. 2:18-CV-08311 (WLH) (AS), (C.D. Cal. Aug. 12, 2024), ECF No. 348, at *2 (internal quotation marks omitted) (granting application to seal employment records containing personally identifiable information such as names, salaries, and terms of employment and financial and proprietary data implicating the privacy interests of the employer and its individual employees). *See also Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (granting motion to seal personal financial information, finding that compelling reasons exist to seal and prevent harmful use of the information); *Gomo v. NetApp, Inc.*, No. 1:17-CV-02990 (BLF), 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (sealing exhibits containing non-public, confidential information regarding defendant corporation's executive compensation).

8.  Another compelling reason for sealing personally identifiable information is to prevent the risk of exposing non-parties—such as a party's current or former employees—to potential harassment. *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021) (sealing non-parties' personal identifying information, including the information of a party's former employees, to protect those non-parties from potential harassment).

- 3 -

## C. Conclusion

9. Mr. Antoon's request to seal is narrowly tailored. As reflected in Exhibit 1, Mr. Antoon seeks to redact only the Confidential Material that harms the interests of Mr. Antoon or non-parties in preserving the confidentiality of sensitive information. A less restrictive alternative to sealing is not sufficient because the entirety of the information sought to be sealed discloses the Confidential Material described above.

10. Accordingly, Mr. Antoon respectfully requests that the Court grant the Application permitting the sealing of Confidential Material.

\*\*\*

11. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: March 28, 2025

COHEN & GRESSER LLP
800 Third Avenue
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jbrown@cohengresser.com

*Attorneys for Specially Appearing Defendant Feras Antoon*

- 4 -

DECLARATION OF JASON BROWN IN SUPPORT OF MINDGEEK DEFENDANTS' OMNIBUS APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL