| | |
|---|---|
| 1 | **PAUL HASTINGS LLP** |
| 2 | JAMES M. PEARL (SB# 198481)<br>jamespearl@paulhastings.com |
| 3 | KIAURA CLARK (SB# 336314)<br>kiauraclark@paulhastings.com |
| 4 | 1999 Avenue of The Stars, 27th Floor<br>Los Angeles, California 90067 |
| 5 | Telephone: 1(310) 620-5700<br>Facsimile: 1(310) 620-5899 |
| 6 | KRISTOPHER M. HANSEN (*pro hac vice*) |
| 7 | krishansen@paulhastings.com<br>200 Park Avenue |
| 8 | New York, New York 10166<br>Telephone: 1(212) 318-6000<br>Facsimile: 1(212) 752-3310 |
| 9 | |
| 10 | *Attorneys for Defendants,*<br>*Redwood Capital Management, LLC, Redwood* |
| 11 | *Master Fund, Ltd, Redwood Opportunity*<br>*Master Fund, Ltd, Manuel 2018, LLC,* |
| 12 | *Ginogerum, LLC, and White-Hathaway*<br>*Opportunity Fund, LLC.* |
| 13 | *Additional Counsel for Defendants listed on next page* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | SERENA FLEITES, | CASE NO. 2:21-cv-4920 |
| 18 | Plaintiff, | **REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL ECF NO. 567-1** |
| 19 | vs. | |
| 20 | MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, | *Declaration of Kiaura Clark and [Proposed] Order Submitted Concurrently Herewith*<br><br>Place:   Courtroom 9B<br>Judge:   Hon. Wesley L. Hsu<br><br>SAC filed: May 23, 2024 |

| | |
|---|---|
| 1 | a Delaware corporation; REDWOOD MASTER FUND, |
| 2 | LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, |
| 3 | LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; |
| 4 | GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY |
| 5 | OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK |
| 6 | CAPITAL MANAGEMENT, LLC, a Delaware corporation; CB |
| 7 | MEDIA VENTURES LLC, a Delaware corporation; CB |
| 8 | AGENCY SERVICES, LLC, a Delaware corporation; and CB |
| 9 | PARTICIPATIONS SPV, LLC, a Delaware corporation, |
| 10 | |
| 11 | Defendants. |

REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL ECF NO. 567-1

ADAM M. REICH (SB# 274235)
adamreich@paulhastings.com
EMMA LANZON (*pro hac vice*)
emmalanzon@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: 1(312) 499-6000
Facsimile: 1(312) 499-6100

*Attorneys for Defendants,
Redwood Capital Management, LLC,
Redwood Master Fund, Ltd,
Redwood Opportunity Master Fund, Ltd,
Manuel 2018, LLC, Ginogerum, LLC,
and White-Hathaway Opportunity Fund, LLC*

Pursuant to Local Rule 79-5.2.2 and at the direction of Chambers, Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC (the "Redwood Defendants" or "Redwood") respectfully submit this Application for Leave to File Under Seal Limited Portions of ECF No. 567-1[1] ("Redwood's Application to Seal").

Redwood, through counsel, advised Plaintiff, through counsel, of its intent to apply to seal certain confidential information in the SAC on April 2, 2025. *See* Declaration of Kiaura Clark in support hereof (the "Clark Decl."), ¶ 3. Plaintiff indicated that she would oppose the Application. *Id.*

## I. Factual Background

The Court issued an order on March 7, 2025, regarding the omnibus motions to dismiss. ECF No. 540. In addition to permitting supplemental briefing on the motions to dismiss, the Court directed the parties to refile their applications to seal. *Id.* Redwood understood this directive to apply only to exhibits to the motions to dismiss as appropriate. *See id.*; *see also* Tr. of Hr'g at 106:18-20 ("I would just instruct the Defendants to file a – to file a new request for the sealing of those exhibits that are much more narrow.").

On March 27, 2025, the MindGeek Defendants advised Redwood and Colbeck that they construed the Court's order to mean that they should also move to narrow their proposed redactions on the SAC. Clark Decl. ¶ 4. At the same time, the MindGeek Defendants asked Redwood and Colbeck to identify which portions of the

---

[1] ECF No. 567-1 was filed by Plaintiff Serena Fleites ("Plaintiff"), which lodged a public version of Defendants MindGeek S.à.r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.'s (collectively the "MindGeek Defendants" or "MindGeek") revised redactions to the Second Amended Complaint ("SAC"). Those revised redactions were originally submitted with the MindGeek Defendants' Application for Leave to File Documents Under Seal Pursuant to Local Civil Rule 79-5.2.2 (the "MindGeek Application"). ECF No. 564.

SAC they believe implicated their confidential information so that appropriate redactions could be applied. *Id.*

On the morning of March 28, 2025, Colbeck provided their proposed redactions to the MindGeek Defendants, and Redwood told MindGeek that its proposed redactions were forthcoming. *Id.* ¶ 5. Shortly thereafter, the MindGeek Defendants referenced time constraints and told Redwood and Colbeck that they had decided to not include additional proposed redactions from Colbeck and Redwood. *Id.* Redwood and Colbeck determined that they would thus have four days from MindGeek's filing under the local rules to seek to seal any additional portions of the SAC.[2] *Id.*; *see* L.R. 79-5.2.2(b)(i).[3] On April 1, 2025, the MindGeek Defendants advised Redwood and Colbeck that they had represented to Plaintiff that they were only submitting a proposed narrowed set of redactions as to their own material and that they expected that other parties could and might seek additional redactions of their own confidential material within the coming days. *Id.* ¶ 6. The MindGeek

---

[2] Indeed, that is the procedure followed by Defendants Feras Antoon, David Tassillo, and Bernd Bergmair (whose redactions MindGeek apparently chose to include in their revised submission of the SAC). *See* ECF Nos. 561-563.

[3] Local Rule 79.5.2.2(b) provides that where a "Filing Party" (*i.e.*, MindGeek) seeks to file a document under seal "previously designated as confidential by another pursuant to a protective order," the "Designating Party" has four days to file a declaration in support of such sealing. L.R. 79.5.2.2(b)(i).

On its face, the operative Protective Order in this action provides that a Designating Party is *only* the party that produced the particular material in discovery. ECF No. 516. Indeed, the Protective Order provides *no mechanism whatsoever* for the Redwood or Colbeck Defendants to designate any material as confidential. *See Id.* So, even though the text of L.R. 79.5.2.2(b)(i) is not a perfect fit for this scenario, it is the *only rule* that provides the Redwood or Colbeck Defendants *any* opportunity to protect their confidential information where it will be filed by another party.

It is contrary to (i) the Redwood Defendants' prior sealing applications; (ii) case law in this Circuit that recognizes confidential information may be sealed upon a showing of compelling reasons to do so; and (iii) the posture of this action, to deny the Redwood Defendants the opportunity to seal confidential information referenced in the SAC.

1  Defendants also confirmed to Redwood that they were specifically thinking about
2  Redwood and Colbeck at the time of that representation. *Id.*

3        The MindGeek Defendants proceeded to file their narrowed application on
4  March 28, 2025, triggering a four-day clock for all other parties with confidentiality
5  concerns, including Redwood, to weigh in. *See* L.R. 79-5.2.2(b)(i).

6        This was the first time that Redwood had an opportunity to weigh in on any
7  aspect of sealing the SAC. When the SAC was first filed in May 2024, the following
8  things were true:

9      1.    The Redwood Defendants were not a party to this action. Indeed,
10  Plaintiff did not request the clerk to issue a summons for Redwood until June 13,
11  2024 (ECF No. 398), and Redwood did not appear until at least July 24, 2024. *See*
12  ECF No. 419.

13      2.    The Colbeck Defendants were not a party to this Action. Indeed, the
14  Colbeck Defendants did not appear in this action until at least July 10, 2024. *See*
15  ECF No. 408.

16      3.    The SAC contained a set of redactions proposed only by the then
17  existing parties to the action.

18      4.    Consistent with L.R. 79-5.2.2(b), Plaintiff submitted the sealed version
19  of the SAC (ECF No. 386), and consistent with L.R. 79-5.2.2(b)(i) the MindGeek
20  Defendants filed a declaration in support of such sealing on May 28, 2024. ECF No.
21  388.

22        The question regarding sealing of the SAC had been resolved weeks before the
23  Redwood Defendants were even served in this case and months before they appeared.
24  Since appearing in this action, the Redwood Defendants have consistently sought to
25  seal their confidential information whenever permitted or required under local rules,
26  including in connection with the motion to dismiss briefing. *See* ECF Nos. 449, 450,
27  493, 495, 543, 544, 569; *see also K.A.* Dkt. Nos. 69, 71, 112, 113. The information

1  Redwood has previously sought to seal is consistent with what it seeks to seal in the
2  SAC through this Application. *See id.*

3  Consistent with L.R. 79-5.2.2(b)(i), Redwood prepared and filed a declaration
4  in support of sealing narrow portions of the SAC on April 1, 2025. *See* ECF No. 569
5  (Declaration of Adam Reich in Support of MindGeek Defendants' Application to
6  Seal (the "Reich Declaration")). The Reich Declaration seeks to seal the *limited*
7  portions of the SAC that pertain to (i) the Redwood Defendants' confidentiality
8  obligations to parties and third parties in connection with private financing
9  agreements, as well as actions taken in connection with those agreements; (ii)
10 proprietary business information and sensitive non-public information included in
11 the terms and structure of the 2013 and 2018 Financing Agreements, as well as
12 actions taken in connection with those agreements; and/or (iii) privacy interests of
13 third parties. The Reich Declaration further specifically details compelling reasons
14 to seal those portions of the SAC that Redwood requests to be sealed. *Id.*

15 However, following MindGeek's filing, Plaintiff did not wait for the full four
16 days to expire. On April 1, 2025, rather than April 2, 2025, in an utter surprise to
17 Redwood, Plaintiff proceeded to file a version of the SAC on the public docket that
18 only accounted for MindGeek's proposed redactions. *See* ECF No. 567-1. Plaintiff
19 made this filing just moments before Redwood intended to file its Declaration.

20 As soon as Redwood became aware of Plaintiff's public filing, Redwood urged
21 Plaintiff to take immediate steps to protect its confidential information, including by
22 asking the clerk to either lock or remove the filing from the public docket. *See* Clark
23 Decl. at ¶ 7. Rather than agree and move with alacrity, Plaintiff requested the basis
24 for Redwood and Colbeck's position and reliance on L.R. 79-5.2.2(b)(i). *Id.*
25 Redwood provided such basis and, again, asked Plaintiff to take steps to lock or
26 remove the filing from the public docket. *Id.* Hearing nothing from Plaintiff,
27 Redwood emailed the clerk and the ECF Help Desk, requesting that ECF No. 567-1
28

be locked. *Id.* The following morning, on April 2, 2025, Plaintiff asked that the clerk lock the docket entry. *Id.*

Ultimately, in response to a follow-up email sent by Redwood, the clerk confirmed that the docket entry was locked just after noon Pacific, on April 2, 2025. *Id.* ¶ 8. At the same time, the clerk also requested that an application to seal and proposed order be filed at the earliest convenience. *Id.*

Later that same day, Plaintiff, MindGeek, Redwood, and Colbeck met and conferred. *Id.* ¶ 9. The parties discussed the sealing of the SAC, including the basis for Redwood and Colbeck's redactions, and the procedure by which those redactions could be made. Plaintiff indicated that she did not agree with the interpretation of L.R. 79-5.2.2(b)(i), but agreed that Redwood and Colbeck were permitted to file applications to seal in response to the clerk's April 2, 2025 request. *Id.*

## II. The Standard for Sealing Records

The court applies a "compelling reason" test to applications to seal documents that are "more than tangentially related to the merits of a case," like complaints. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Reservation*, 2017 U.S. Dist. LEXIS 184512, *4, 2017 WL 7362744 (S.D. Cal. 2017) ("District courts generally conclude that the 'compelling reasons' standard applies because the complaint initiates the civil action.").

Under the "compelling reasons" standard, a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal documents. *Pintos*, 605 F.3d at 679. "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 679 n.6 (citation omitted). This list is not exhaustive.

The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing[.]" *Id.* (internal quotation marks omitted) (citations omitted). While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion[.]" *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015) (alterations added). Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted).

There are a variety of "compelling reasons" to seal documents. *First*, courts routinely find compelling reasons to seal third-party confidential material. See *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling reasons standard to the extent it may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets[.]"); *Snapkeys, Ltd. v. Google LLC, No. 19-CV-02658-LHK,* 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (compelling reason existed to seal confidential information regarding a party's business partners where the disclosure of that information could harm the party's competitive standing).

*Second,* Courts have sealed documents that reflect "confidential business strategies and other commercially sensitive information." *See Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023) (commenting that future business planning and competitive strategy amount to "quintessential business information that may harm a firm's competitive standing if disclosed to the public") (citations omitted).

This is consistent with the United States Supreme Court's determination that courts may seal "business information that might harm a litigant's competitive standing[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citation omitted); *see also IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (noting it "is common now in business litigation" to seal "confidential [business] information") (alteration added). Courts also find compelling reasons exist to seal confidential business information. *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including nonpublic information about a company's business strategy, business transactions, corporate structure, and finances.") (citation omitted); *Pacira Pharms., Inc. v. Rsch. Dev. Found.*, No. 2:21-cv-02241-CDS-DJA, 2024 WL 4229046, at *2, *5 (D. Nev. Sept. 17, 2024) (sealing commercially sensitive non-public banking information and business information); *In re Elec. Arts, Inc.,* 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing[]") (citation omitted); *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.,* No. 19cv1667-LAB-AHG, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021) (finding that "protect[ing] [employees] from potential harassment . . . . forms a compelling reason warranting sealing of the non-parties' personal identifying

information[]") (alterations added); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (finding that compelling reasons existed to seal certain information subject to confidentiality agreements); *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *14 (S.D. Cal. Feb. 22, 2007) (granting an application to seal exhibits to a declaration because they contained "proprietary and/or trade secret information[]" and the information was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) (granting a request to seal a petition because it contained information that, if publicly released, "could place [the petitioner] in a diminished bargaining position in future negotiations").

*Third,* courts in the Ninth Circuit routinely grant requests to seal proprietary information regarding the terms of corporate agreements. *See Monterey Bay Mil. Hous. LLC v. Ambac Assurance Corp.*, No. 17-cv-04992-BLF, 2019 WL 11658748, at *2 (N.D. Cal. July 11, 2019) (finding "compelling reasons" to seal "documents [that] relate to financial transactions that were intended to be, and have been, kept in confidence[,]" as well as "private financial and operational information" regarding business); *Reputation.com, Inc. v. Mullarkey*, No. 21-cv-07340-HSG, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (compelling reasons standard satisfied, in part, because the at-issue "documents contain confidential business and financial information relating to the terms of [a corporate] acquisition" which, "[i]f publi[shed], the terms of the agreement could be used against Plaintiff in future negotiations by potential acquirees or other entities competing against Plaintiff . . . for such opportunities[]") (alterations added); *Allianz Glob. Risks US Ins. Co. v. United States*, No. 21-cv-1202-BAS-BGS, 2021 WL 3171862, at *2 (S.D. Cal. July 27, 2021) (finding "compelling reasons" to seal information from which "the potential

8
REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL ECF NO. 567-1

economic value of [the designating party's] business ventures can be deduced") (alteration added); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons exist to seal "confidential business information," such as "confidential business agreements executed among the parties," agreement terms, amounts paid under agreements, "financial terms," details of negotiations, and "business strategies"); *Finisar Corp. v. Nistica, Inc.*, No. 13–cv–03345–BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (party may meet burden under Local Rule 79-5 where party seeks to seal "proprietary and confidential business information[,]" including agreements reflecting "parties' obligations and terms of payment[]"); *see also Nguyen v. City of Garden Grove*, No. 8:21-01775 JVS (ADSx), 2023 WL 2558536, at *4 (C.D. Cal. Feb. 2, 2023) (during discovery, permitting redactions of private financial information such as "asset information"); *Landmark Screens, LLC v. Morgan Lewis & Brokius LLP*, No. C08-02581 JF (HRL), 2010 WL 3221859, at *5 (N.D. Cal. Aug. 13, 2010) (sealing "confidential business information which is not intended for public disclosure[]").

*Fourth*, Courts have found "compelling reasons" to seal documents, where their disclosure would be in violation of a specific confidentiality provision set forth in those documents. *See, e.g., SDI Labs, Inc. v. Sameday Techs., Inc.,* No. CV 23-05619-MWF (MRWx), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023) (concluding "compelling reasons" existed to seal a term sheet, which contained a confidentiality provision that may "expos[e] [the defendants] to a potential lawsuit" if disclosed) (alterations added) (citation omitted); *Hubrick Ltd. v. Wanderset, Inc.*, No. CV18-7980-SJO (RAOx), 2019 WL 3000652, at *6 (C.D. Cal. Mar. 19, 2019) (finding compelling reasons to seal a document, where disclosure would "risk potential law suits and injury as a result of a breached confidentiality agreement").

*Finally*, "[c]ourts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action." *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962-HSG, 2022 WL 1180216, *2 (N.D. Cal. Mar. 30, 2022); *Snapkeys,* 2021 WL 1951250, at *3 ("This Court has found compelling reasons to seal personally identifiable information.") (citation omitted); *Am. Auto. Ass'n of N. Cal., Nev., & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses[]").

In light of the foregoing, there are compelling reasons for the Court to grant the Redwood Defendants' Application.

### III.  The Identified Portions of the SAC Should Be Redacted Appropriately

The MindGeek Defendants identified certain excerpts of the SAC that they propose remain sealed.  *See* ECF No. 564-1 (Exhibit A).  In addition to certain of those excerpts, the Redwood Defendants have identified further lines of the SAC which should remain under seal.  Compelling reasons exist to seal each of these excerpts because they may implicate (i) Redwood Defendants' confidentiality obligations to parties and third parties in connection with private financing agreements, as well as actions taken in connection with those agreements; (ii) proprietary business information and sensitive non-public information included in the terms and structure of the 2013 and 2018 Financing Agreements[4] and the Notice of Default, as well as actions taken in connection with those agreements; and/or (iii) privacy interests of third parties.

Specifically, Redwood Defendants request that the following excerpts of the SAC (irrespective of any requested by other Defendants) remain under seal:

---

[4] "2013 and 2018 Financing Agreements," and together, the "Financing Agreements" means and refers to the financing agreements between Redwood, the other lenders party thereto, and MindGeek from 2013 and 2018.  *See* ECF Nos. 450-2, 450-3.

| EXCERPT REQUESTED FOR SEALING | REASON |
|---|---|
| SAC ¶ 245:8-10 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 260:22-26 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 271:2-5 | Confidential terms of financing agreements, and actions taken related thereto; Confidential business strategy. |
| SAC ¶ 274:4-11 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third |

| | |
|---|---|
| | parties may have a separate interest in such confidentiality. |
| SAC ¶ 275:12-19 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 276:20-22 | Confidential terms of financing agreements; Confidential business strategy; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 277:2-5 | Confidential terms of financing agreements; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 280:4-7 | Confidential terms of financing agreements, and actions taken related thereto; Privacy interest of third party. |
| SAC ¶ 281:8-19 | Confidential terms of financing agreements, and action taken related thereto; Confidential business strategy, policies, and procedures; Implication of |

| | |
|---|---|
| | third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 282:23-24 | Confidential terms of financing agreements, and action taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Notice of Default and Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 283:25-4 | Confidential terms of financing agreements, and action taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Notice of Default and Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 393:13-15 | Confidential terms of financing agreements, and action taken related thereto; Implication of third-party confidentiality obligations (including with respect to the Notice of Default and Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and |

| | |
|---|---|
| | for which third parties may have a separate interest in such confidentiality. |
| SAC ¶ 494:26, 28-10 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Notice of Default and Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |

Redwood Defendants' request to seal is narrowly tailored. The Redwood Defendants maintain the confidentiality of information pertaining to private financing agreements and diligence in connection therewith. The Redwood Defendants have a significant interest in protecting confidential material in the SAC and would be prejudiced if such information became publicly available, including because any disclosure of the confidential material that the Redwood Defendants seek to seal would be contrary to express confidentiality provisions that implicate both parties *and* non-parties, and pose a risk of related litigation.

For instance, the 2013 and the 2018 Financing Agreements contain express confidentiality and public disclosure provisions. *See* ECF No. 450-2 §§ 12.20, 12.21; 450-34 §§ 12.20, 12.21. Those agreements also relate to countless other lenders. Further, the Notice of Default quotes certain provisions of the 2018 Financing Agreement and names the administrative and collateral agent, which the Redwood Defendants and the other lenders party to the 2018 Financing Agreement agreed to keep confidential pursuant to the Financing Agreement's public disclosure provisions. *See id.*; *see also* ECF No. 450-4. These confidentiality obligations are implicated by disclosure of their terms and/or actions taken in connection with the same.

Moreover, the details of the Redwood Defendants' confidential financing agreements (set forth in the 2013 and 2018 Financing Agreements and Notice of Default)—and actions taken in connection thereto, have value due to the fact that they are known only to the parties to those agreements and can be used as negotiating leverage to gain an unearned competitive advantage. Further, any disclosure of the material might additionally impact the Redwood Defendants' ability to negotiate for future financing on similar terms and could result in competitive disadvantage with respect to competitors negotiating for the same financing client and potential clients seeking the same financing terms. Finally, the disclosure of personal identifying information may expose non-parties associated with Redwood Defendants to harassment.

For all of the aforementioned reasons, the Redwood Defendants respectfully request the Court enter an order permanently sealing the confidential information identified in the SAC, consistent with the Redwood Defendants' prior applications to this Court.

DATED: April 4, 2025                 **PAUL HASTINGS LLP**

By: /s/ James M. Pearl
JAMES M. PEARL
*Attorneys for Defendant Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC.*