David G. Hille (*pro hac vice*)
dhille@whitecase.com
Kevin C. Adam (*pro hac vice*)
kevin.adam@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: (212) 819-8357
Facsimile: (212) 354-8113

Russell J. Gould (SBN 313352)
russell.gould@whitecase.com
Julia Kim (SBN 348516)
julia.kim@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SERENA FLEITES,<br><br>    Plaintiff,<br><br>    v.<br><br>MINDGEEK S.À.R.L., et al.,<br><br>    Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>Hon. Wesley L. Hsu<br><br>**DEFENDANTS COLBECK CAPITAL MANAGEMENT, LLC; CB MEDIA VENTURES DD, LLC; CB AGENCY SERVICES, LLC; AND CB PARTICIPATIONS SPV, LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL ECF NO. 567-1**<br><br>*Concurrently filed with Supplemental Declaration of Kevin C. Adam and [Proposed]Order* |

1   Pursuant to Local Civil Rule 79-5.2.2, the Stipulated Protective Order dated October 14, 2022 (ECF No. 187), and instructions received from Chambers on April 2, 2025, Defendants Colbeck Capital Management, LLC; CB Media Ventures DD, LLC; CB Agency Services, LLC; and CB Participations SPV, LLC (collectively, "CB Defendants") respectfully submit this Application for Leave to File Under Seal limited portions of the Second Amended Complaint ("SAC") lodged with the Court on April 1, 2025 (ECF No. 567-1).[1]

Counsel for CB Defendants advised counsel for Plaintiff of their intent to apply to seal limited text from the SAC, comprising of confidential information pertaining to the CB Defendants, on April 2, 2025. *See* Supplemental Declaration of Kevin C. Adam ("Suppl. Adam Decl."), ¶ 13. Counsel for Plaintiff indicated Plaintiff would oppose the Application. *Id.*

I.   **Factual Background**

The Court issued an order on March 7, 2025, regarding the omnibus motions to dismiss. ECF No. 540. In addition to permitting supplemental briefing on the motions to dismiss, the Court directed the parties to refile their applications to seal. *Id.* The CB Defendants understood this directive to apply only to exhibits to the motions to dismiss as appropriate. *See id.*; *see also* Tr. of Hr'g at 106:18-20 ("I would just instruct the Defendants to file a – to file a new request for the sealing of those exhibits that are much more narrow.").

On March 27, 2025, the MindGeek Defendants advised the CB Defendants and Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd,

---

[1] ECF No. 567-1 was filed by Plaintiff Serena Fleites ("Plaintiff"), which lodged a public version of Defendants MindGeek S.à.r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.'s (collectively, the "MindGeek Defendants") revised redactions to the SAC. Those revised redactions were originally submitted with the MindGeek Entity Defendants' Omnibus Application for Leave to File Documents Under Seal Pursuant to Local Civil Rule 79-5.2.2 (the "MindGeek Defendants' Application," ECF No. 564).

Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC (collectively, the "Redwood Defendants") that they construed the Court's order to mean that they should also move to narrow their proposed redactions on the SAC. Suppl. Adam Decl. ¶ 3. At the same time, the MindGeek Defendants asked the Redwood and CB Defendants to identify which portions of the SAC they believe implicated their confidential information so that appropriate redactions could be applied. *Id.*

On the morning of March 28, 2025, the CB Defendants provided their proposed redactions to the MindGeek Defendants, and Redwood told MindGeek that its proposed redactions were forthcoming. *Id.* ¶ 4. Shortly thereafter, the MindGeek Defendants referenced time constraints and told the Redwood and CB Defendants that they had decided to not include additional proposed redactions from the Redwood and CB Defendants. *Id.* ¶ 5. The Redwood and CB Defendants determined that they would thus have four days from the MindGeek Defendants' filing under the local rules to seek to seal any additional portions of the SAC.[2] *Id.* ¶ 6; *see* Local Rule 79-5.2.2(b)(i).[3] On April 1, 2025, the MindGeek Defendants advised the Redwood

---

[2] Indeed, that is the procedure followed by Defendants Feras Antoon, David Tassillo, and Bernd Bergmair (whose redactions the MindGeek Defendants apparently chose to include in their revised submission of the SAC). *See* ECF Nos. 561-563.

[3] Local Rule 79.5.2.2(b) provides that where a "Filing Party" (i.e., MindGeek Defendants) seeks to file a document under seal "previously designated as confidential by another pursuant to a protective order," the "Designating Party" has four days to file a declaration in support of such sealing. Local Rule 79.5.2.2(b)(i).

On its face, the operative Protective Order in this action provides that a Designating Party is *only* the party that produced the particular material in discovery. ECF No. 516. Indeed, the Protective Order provides *no mechanism whatsoever* for the Redwood or CB Defendants to designate any material as confidential. *See Id.* So, even though the text of Local Rule 79.5.2.2(b)(i) is not a perfect fit for this scenario, it is the only rule that provides the Redwood or CB Defendants *any* opportunity to protect their confidential information where it will be filed by another party.

It is contrary to (i) the CB Defendants' prior sealing applications; (ii) case law

1   and CB Defendants that they had represented to Plaintiff that they were only
2   submitting a proposed narrowed set of redactions as to their own material and that
3   they expected that other parties could and might seek additional redactions of their
4   own confidential material within the coming days. *Id.* ¶ 7.

5   The MindGeek Defendants proceeded to file their narrowed application on
6   March 28, 2025, triggering a four-day clock for all other parties with confidentiality
7   concerns, including the CB Defendants, to weigh in. *See* Local Rule 79-5.2.2(b)(i).

8   This was the first time that the CB Defendants had an opportunity to weigh in
9   on any aspect of sealing the SAC. When the SAC was first filed in May 2024, the
10  following things were true:

11      1.   The CB Defendants were not a party to this action. Indeed, Plaintiff did
12  not request the clerk to issue a summons for the CB Defendants until June 27, 2024
13  (ECF No. 402), and the CB Defendants did not appear until at least July 10, 2024.
14  *See* ECF No. 408.

15      2.   The Redwood Defendants were not a party to this action. Indeed,
16  Plaintiff did not request the clerk to issue a summons for Redwood until June 13,
17  2024 (ECF No. 398), and Redwood did not appear until at least July 24, 2024. *See*
18  ECF No. 419.

19      3.   The SAC contained a set of redactions proposed only by the then
20  existing parties to the action.

21      4.   Consistent with Local Rule 79-5.2.2(b), Plaintiff submitted the sealed
22  version of the SAC (ECF No. 386), and consistent with Local Rule 79-5.2.2(b)(i) the
23  MindGeek Defendants filed a declaration in support of such sealing on May 28, 2024.
24  ECF No. 388.

---

27  in this Circuit that recognizes confidential information may be sealed upon a showing
28  of compelling reasons to do so; and (iii) the posture of this action, to deny the CB
    Defendants the opportunity to seal confidential information referenced in the SAC.

The question regarding sealing of the SAC had been resolved weeks before the CB Defendants were even served in this case and months before they appeared. Since appearing in this action, the CB Defendants have consistently sought to seal their confidential information whenever permitted or required under local rules, including in connection with the motion to dismiss briefing. *See* ECF Nos. 443, 503, 546, 568; *see also K.A.* ECF Nos. 73, 121. The information the CB Defendants have previously sought to seal is consistent with what they seek to seal in the SAC through this Application. *See id.*

Consistent with Local Rule 79-5.2.2(b)(i), the CB Defendants prepared and filed a declaration in support of sealing narrow portions of the SAC on April 1, 2025. *See* Declaration of Kevin C. Adam in Support of MindGeek Defendants' Application to Seal ("Adam Declaration," ECF No. 568). The Adam Declaration seeks to seal the *limited* portions of the SAC that pertain to (i) confidential content from the Loan Agreements dated April 28, 2011 and October 18, 2013, between various parties, including the CB Defendants and other third-party lenders who participated in loaning money to the MindGeek Borrowers; (ii) confidential business strategy, policies, and procedures; and (iii) confidential financial information, including details of financing negotiations. *Id.*

However, following MindGeek's filing, Plaintiff did not wait for the full four days to expire. On April 1, 2025, rather than April 2, 2025, in an utter surprise to the CB Defendants, Plaintiff proceeded to file a version of the SAC on the public docket that only accounted for MindGeek's proposed redactions ("Publicly Filed SAC"). *See* ECF No. 567-1. Plaintiff made this filing just moments before the CB Defendants intended to file their Declaration. Suppl. Adam Decl. at ¶ 8.

As soon as the CB Defendants became aware of Plaintiff's public filing, the CB Defendants urged Plaintiff to take immediate steps to protect their confidential information, including by asking the clerk to either lock or remove the filing from the public docket. *See* Suppl. Adam Decl. at ¶ 9. Counsel for the CB Defendants

also called counsel for Plaintiff and requested that Plaintiff withdraw the filing, as the CB Defendants should be provided an opportunity to propose redactions to the SAC, noting that the desire to propose such redactions should come as no surprise where CB Defendants had maintained confidentiality designations for similar confidential information in its own filings. *Id.* at ¶ 10. Rather than agree and move with alacrity, Plaintiff requested the basis for the Redwood and CB Defendants' position and reliance on Local Rule 79-5.2.2(b)(i). *Id.* ¶ 11. The Redwood Defendants, joined by the CB Defendants, provided such basis and, again, asked Plaintiff to take steps to lock or remove the filing from the public docket. *Id.* Hearing nothing from Plaintiff, the Redwood Defendants, joined by the CB Defendants, emailed the clerk and the ECF Help Desk, requesting that ECF No. 567-1 be locked. *Id.* ¶ 12. The following morning, on April 2, 2025, Plaintiff asked that the clerk lock the docket entry. *Id.*

Ultimately, in response to a follow-up email sent by the Redwood Defendants, the clerk confirmed that the docket entry was locked just after noon Pacific, on April 2, 2025. *Id.* At the same time, the clerk also requested that an application to seal and proposed order be filed at the earliest convenience. *Id.*

Later that same day, counsel for the CB Defendants, the Redwood Defendants, Plaintiff, and the MindGeek Defendants met and conferred. *Id.* ¶ 13. The parties discussed the sealing of the SAC, including the basis for the Redwood and CB Defendants' redactions, and the procedure by which those redactions could be made. Plaintiff indicated that she did not agree with the interpretation of Local Rule 79-5.2.2(b)(i), but agreed that the Redwood and CB Defendants were permitted to file applications to seal in response to the clerk's April 2, 2025 request. *Id.*

## II. The Publicly Filed SAC Should Be Sealed

The Publicly Filed SAC contains confidential and sensitive financial information implicating the CB Defendants and third parties, and the CB Defendants therefore have standing as an affected party to apply to seal the confidential

information. *See I.R. v. Cnty. of Los Angeles*, No. 2:23-CV-07073-MRA-BFM, 2024 WL 4404422, at *7 (C.D. Cal. May 24, 2024) (granting defendants' ex parte application to seal reports that plaintiffs attached as an exhibit to a motion to compel); *Fed. Trade Comm'n v. S. Glazers Wine & Spirits, LLC*, No. 8:24-CV-02684-FWS-ADS, 2025 WL 819070 (C.D. Cal. Feb. 4, 2025) (granting in part defendant's application to permanently seal portions of the complaint).

Good cause and compelling reasons exist to seal the limited redacted text of the SAC proposed to be sealed. The SAC's limited redacted text proposed to be filed under seal by the CB Defendants comprises confidential financial and business information. Specifically, the CB Defendants request that the following excerpts of the SAC (irrespective of any requested by other Defendants) remain under seal:

| EXCERPT REQUESTED FOR SEALING | REASON |
| --- | --- |
| SAC ¶¶ 245:8-12, 256:1-4, 260:22-26, 274:4-11, 275:13-19, 315:17-22, 491:13, 494:2-8, 495:16 | Confidential content from the Loan Agreements; confidential business strategy, policies, and procedures; and confidential financial information, including details of financing negotiations. |
| SAC ¶¶ 250:14-16, 258:7-11, 314:20-21, 494:26 | Confidential content form the Loan Agreements and confidential financial information, including details of financing negotiations. |
| SAC ¶ 255:26-28 | Confidential business strategy, policies, and procedures and confidential financial information, including details of financing negotiations. |
| SAC ¶ 257:5-6 | Confidential financial information, including details of financing negotiations. |
| SAC ¶¶ 271:3-5, 272:13-14 | Confidential content from the Loan Agreements and confidential business strategy, policies, and procedures. |
| SAC ¶ 313:11 | Confidential content from the Loan Agreements. |

1      "The federal common law right of access [to judicial records] is not absolute." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). Courts have "supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978).  Parties seeking to seal documents connected to a motion to dismiss must show compelling reasons why the presumption of public access in civil cases should be overcome.  *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *1 (S.D. Cal. Nov. 8, 2017).

District courts in the Ninth Circuit have held that documents containing confidential business and financial information satisfy the compelling reasons standard.  *See Reputation.com, Inc. v. Mullarkey*, No. 21-cv-07340-HSG, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (granting application to seal a merger agreement under the compelling reasons standard because the agreement "divulge[d] confidential business and financial information unrelated to the public's understanding of the judicial proceedings"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (finding compelling reason to seal "confidential business agreements" and documents containing "financial terms, details of confidential licensing negotiations, and business strategies").

The details of the 2011 and 2013 Loan Agreements are not public information, and none of the parties intended for the information contained therein to be made public.  *See, e.g.*, *SDI Labs, Inc. v. Sameday Techs., Inc.,* No. 23-cv-05619-MWF, 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023) ("compelling reasons" existed to seal a term sheet containing a confidentiality provision, as disclosure of confidential information could "expos[e] [defendants] to a potential lawsuit"). The provision against public disclosure in the Loan Agreements provides:

> Each Loan Party and each Lender agrees that neither it nor any of its Affiliates will now or in the future issue any press release or otherwise

> make any public disclosure . . . using the name of an Agent, any Lender or any of their respective Affiliates or referring to this Agreement or any other Loan Document without the prior written consent of such Agent or such Lender . . . . Each Loan Party, each Agent and each Lender agrees that no such party may advertise the closing of the transactions contemplated by this Agreement or make announcements of the financial arrangements entered into among the parties hereto . . . .

Hille Decl. Supp. CB Defs.' Mot. Dismiss, *Fleites*, Ex. B (2013 Loan Agreement) at 311, ECF No. 444-4; *see also id.*, Ex. A (2011 Loan Agreement) at 143, ECF No. 444-3 (including substantially similar provision against public disclosure).

In addition, the confidential financial and business information in the Publicly Filed SAC, in particular content from the Loan Agreements, constitutes information that "might harm [the CB Defendants and other defendants'] competitive standing." *Nixon,* 435 U.S. at 598 ("common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing"); *see Allianz Global Risks US Ins. Co. v. United States*, No. 21-cv-1202-BAS-BGS, 2021 WL 3171862, at *2 (S.D. Cal. July 27, 2021) ("argument that the potential economic value of [a party's] business ventures can be deduced from [documents] constitutes a compelling reason to seal" that information).  The Agreements contain information related to certain Defendants' assets, business strategy, restructuring and acquisition plans, repayment terms, pricing strategy, and other sensitive and confidential financial and commercial information that could be used against Defendants and non-parties to harm their competitive position or strategic interests in other loans or business. *See Reputation.com, Inc.*, 2022 WL 4775881, at *2 (sealing documents that "could be used against Plaintiff in future negotiations by potential acquirees or other entities competing against Plaintiff for such opportunities"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (sealing "confidential . . . financial terms . . . and business

strategies"). Indeed, "information [in the 2011 and 2013 Loan Agreements] can be extrapolated to predict future strategies and practices, and is still relevant today." *See Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, No. 1:09-cv-00560-LJO, 2012 WL 6160468, at *2 (E.D. Cal. Dec. 11, 2012).

Filing content of the Loan Agreements publicly will also prejudice third parties named in the Agreements for similar reasons. *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal information that could "harm . . . third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets").

The CB Defendants' Application is also narrowly tailored as the CB Defendants seek leave to file under seal limited redacted text that reflect confidential financial and business information. The CB Defendants designated the Loan Agreements as Confidential under the Stipulated Protective Order (ECF No. 187). The CB Defendants have also consistently sought leave to file under seal similar confidential and sensitive financial information. *See* ECF Nos. 443, 503, 546, 568; *see also K.A.* ECF Nos. 73, 121.

For the foregoing reasons, the CB Defendants respectfully request the Court enter an order permanently sealing the confidential information identified in the SAC, consistent with the proposed redactions identified in the CB Defendants' prior applications to this Court.

Dated: April 4, 2025

WHITE & CASE LLP

By: */s/ Kevin C. Adam*
      Kevin C. Adam

Attorneys for Defendants
COLBECK CAPITAL MANAGEMENT, LLC; CB MEDIA VENTURES DD, LLC; CB AGENCY SERVICES, LLC; and CB PARTICIPATIONS SPV, LLC