David G. Hille (*pro hac vice*)
dhille@whitecase.com
Kevin C. Adam (*pro hac vice*)
kevin.adam@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020-1095
Telephone:  (212) 819-8357
Facsimile:  (212) 354-8113

Russell J. Gould (SBN 313352)
russell.gould@whitecase.com
Julia Kim (SBN 348516)
julia.kim@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SERENA FLEITES, | Case No. 2:21-cv-04920-WLH-ADS |
| Plaintiff, | Hon. Wesley L. Hsu |
| v. | **SUPPLEMENTAL DECLARATION OF KEVIN C. ADAM IN SUPPORT OF COLBECK CAPITAL MANAGEMENT, LLC; CB MEDIA VENTURES DD, LLC; CB AGENCY SERVICES, LLC; AND CB PARTICIPATIONS SPV, LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL ECF NO. 567-1** |
| MINDGEEK S.A.R.L., et al., | |
| Defendants. | |

## DECLARATION OF KEVIN C. ADAM

I, Kevin C. Adam, declare as follows:

1.      I am a partner of White & Case LLP, attorneys for Colbeck Capital Management, LLC; CB Media Ventures DD, LLC; CB Agency Services, LLC; and CB Participations SPV, LLC (collectively, "CB Defendants").

2.      I have been granted permission by this Court to appear *pro hac vice* as counsel for the CB Defendants in this Action.  I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto.

3.      On March 27, 2024, the MindGeek Defendants informed  the Redwood and CB Defendants that they would be submitting an Omnibus Application to File Under Seal, narrowing their previously requested redactions to the Second Amended Complaint ("SAC"), pursuant to the Court's March 7, 2025 order.  The MindGeek Defendants asked the Redwood and CB Defendants to identify portions of the SAC that implicated confidential information so that appropriate redactions could be applied to the redacted version of the SAC they filed on the public docket.

4.      On the morning of March 28, 2025, the CB Defendants provided such redactions to the MindGeek Defendants.  The Redwood Defendants informed the MindGeek Defendants that their proposed redactions were forthcoming.

5.      The MindGeek Defendants then informed the CB Defendants and Redwood Defendants that they would not be filing a redacted version of the SAC on the public docket incorporating the CB Defendants' proposed redactions due to time constraints.  Instead, the MindGeek Defendants would file an unredacted version of the SAC under seal without incorporating the CB Defendants' proposed redactions.

6.      Consistent with Local Rule 79-5.2.2(b)(i), the CB Defendants thus prepared to file the Declaration of Kevin C. Adam in Support of MindGeek Defendants' Omnibus Application for Leave to File Documents Under Seal and an

DECLARATION OF KEVIN C. ADAM IN SUPPORT OF
APPLICATION FOR LEAVE TO FILE UNDER SEAL

1   exhibit thereto including the CB Defendants' proposed redactions to the SAC. *See*

2   ECF Nos. 568, 568-1 (the "Adam Declaration"). The CB Defendants intended to file

3   the declaration within the four-day period prescribed by the local rules.

4        7.     On April 1, 2025, the MindGeek Defendants advised the Redwood and

5   CB Defendants that they had represented to Plaintiff that they were only submitting

6   a proposed narrowed set of redactions as to their own material and that they expected

7   that other parties could and might seek additional redactions of their own confidential

8   material within the coming days.

9        8.     However, just as the CB Defendants were preparing to file the Adam

10  Declaration, Plaintiff prematurely submitted a public version of the SAC containing

11  only the redactions proposed by the MindGeek Defendants on the public docket. *See*

12  ECF No. 567-1 ("Publicly Filed SAC").

13       9.     As soon as the CB Defendants became aware of Plaintiff's public filing,

14  counsel for the CB Defendants urged counsel for Plaintiff to take immediate steps to

15  protect their confidential information, including by asking the clerk to either lock or

16  remove the filing from the public docket.

17       10.    I also called counsel for Plaintiff and requested that Plaintiff withdraw

18  the filing, as the CB Defendants should be provided an opportunity to propose

19  redactions to the SAC, noting that the desire to propose such redactions should come

20  as no surprise where CB Defendants had maintained confidentiality designations for

21  similar confidential information in its own filings.

22       11.    Plaintiff, however, requested the basis for the Redwood and CB

23  Defendants' position and reliance on Local Rule 79-5.2.2(b)(i). The Redwood

24  Defendants, joined by the CB Defendants, provided such basis and, again, asked

25  Plaintiff to take steps to lock or remove the filing from the public docket.

26       12.    Counsel for the Redwood Defendants, joined by counsel for the CB

27  Defendants, emailed the ECF Help Desk, requesting that ECF No. 567-1 be locked.

28

The following morning, on April 2, 2025, emailed the clerk and the ECF Help Desk, requesting that ECF No. 567-1 be locked. On April 2, 2025, the clerk confirmed the docket entry was locked just after noon Pacific. The clerk requested that an application to seal and proposed order be filed at the earliest convenience. Attached as Exhibit A is the email correspondence between the parties, the ECF Help Desk, and the clerk.

13. Later that afternoon, counsel for the CB Defendants, the Redwood Defendants, Plaintiff, and MindGeek Defendants met and conferred regarding the sealing of the SAC, including the basis for the Redwood and CB Defendants' redactions, and the procedure by which those redactions could be made. Counsel for Plaintiff indicated she did not agree with the Redwood and CB Defendants' interpretation of Local Rule 79-5.2.2(b)(i), but agreed that the Redwood and CB Defendants were permitted to file applications to seal in response to the clerk's April 2, 2025 request. Counsel for Plaintiff indicated that Plaintiff would oppose the Applications to Seal.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 4th day of April 2025, at Boston, Massachusetts.

By: ___*/s/ Kevin C. Adam*___
Kevin C. Adam