| | |
|---|---|
| Michael J. Bowe<br>(*pro hac vice*)<br>mbowe@brownrudnick.com<br>Lauren Tabaksblat<br>(*pro hac vice*)<br>ltabaksblat@brownrudnick.com<br>**BROWN RUDNICK LLP**<br>7 Times Square<br>New York, NY 10036<br>Phone: 212.209.4800<br>Fax:    212.209.4801 | David M. Stein (State Bar # 198256)<br>dstein@olsonstein.com<br>**OLSON STEIN LLP**<br>240 Nice Lane # 301<br>Newport Beach, CA 92663<br>Phone: 949.887.4600 |

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign | Case No. 2:21-cv-4920-WLH-ADS<br><br>**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFS**<br><br>Judge:  Hon. Wesley L. Hsu |

| | |
|---|---|
| 1 | entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware corporation, CB MEDIA VENTURES LLC, a Delaware corporation; CB AGENCY SERVICES, LLC, a Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | Defendants. |

Pursuant to Local Rule 79-5.2.2, the Stipulated Protective Order entered by this Court on October 14, 2022 (Dkt. 187), and the Amended Stipulated Protective Order entered by the Court on December 13, 2024 (Dkt. 516) (collectively, the "Protective Order"), Plaintiffs[1] hereby submit this Application for Leave to File Under Seal limited portions of Plaintiffs' Omnibus Response to Defendants' Supplemental Briefs (the "Application").

The Protective Order allows a party to designate material that it produces as "Confidential" or "Highly Confidential" if it qualifies for protection under Fed. R. Civ. P. 26(c), or as otherwise provided for in the parties' Good Cause Statement. The MindGeek Defendants designated virtually all of the discovery produced in this case and portions of each witnesses deposition testimony Confidential or Highly Confidential pursuant to the Protective Order.

The MindGeek Defendants filed an Omnibus Application for Leave to File Documents Under Seal on March 28, 2025 (Dkt. 560) pursuant to the Court's March 7, 2025 Order Regarding Omnibus Motion to Dismiss (Dkt. 540) requiring the parties to resubmit their sealing applications with narrowed requests. The Individual Defendants, Redwood, and Colbeck subsequently filed supporting declarations. (Dkt. 561 (Bergmair); Dkt. 562 (Tassillo); Dkt. 563 (Antoon); Dkt. 568 (Colbeck); Dkt. 569 (Redwood)).

Plaintiffs met and conferred with counsel for the MindGeek Defendants, the designating parties, on March 27, 2025 regarding their current sealing requests in MindGeek's Omnibus Application for Leave to File Documents Under Seal. (Dkt. 560). After counsel for Redwood and Colbeck asserted they also had the right to re-designate material that MindGeek had designated, Plaintiffs also met and

---

[1] "Plaintiffs" include plaintiff Serena Fleites and the plaintiffs in the 14 Related Actions identified in n.1 to the Omnibus Opposition filed in *K.A. v. MindGeek S.a.r.l., et al.*, No. 2:24-cv-04786-WLH-ADS ("K.A. Action") (Dkt. 96-1).

1

1  conferred with their counsel on April 2, 2025 regarding their current sealing requests
2  in their declarations filed in support of MindGeek's Omnibus Application for Leave
3  to File Documents Under Seal. (Dkt. 568 (Colbeck); Dkt. 569 (Redwood)).
4  Plaintiffs understand that Defendants would like such designated materials and
5  testimony to be filed under seal pending a decision from the Court. Accordingly,
6  Plaintiffs have redacted the designated material from the publicly filed version of
7  their Omnibus Response and have filed under seal the Omnibus Response with
8  designated material.

By making this Application, Plaintiffs do not agree that any of the designated discovery materials and testimony should be maintained under seal. Pursuant to Local Rule 79-5.2.2(b)(i), the burden is on Defendants to file a declaration to establish that all or part of those materials and testimony are sealable.

Plaintiffs therefore respectfully request that the Court enter the concurrently filed [Proposed] Order permitting Plaintiffs to file under seal limited portions of Plaintiffs' Omnibus Response.

Defendants have been served with a copy of this Application today through the CM/ECF system, and by email, as is required by Local Rule 79-5.2.2.

Dated: April 4, 2025                    Respectfully submitted,


                                        /s/ Lauren Tabaksblat
                                        Michael J. Bowe (*pro hac vice*)
                                        mbowe@brownrudnick.com
                                        Lauren Tabaksblat (*pro hac vice*)
                                        ltabaksblat@brownrudnick.com
                                        **BROWN RUDNICK LLP**
                                        7 Times Square
                                        New York, NY 10036
                                        Phone: 212.209.4800
                                        Fax:   212.209.4801

David M. Stein (State Bar #198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 949.887.4600

**Counsel for Plaintiff**

---

3
PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL
PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFS