Peter A. Biagetti (*Admitted Pro Hac Vice*)
pabiagetti@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Seth R. Goldman (*Admitted Pro Hac Vice*)
sgoldman@mintz.com
LisaMarie F. Collins (*Admitted Pro Hac Vice*)
lcollins@mintz.com
Kerime S. Akoglu (*Admitted Pro Hac Vice*)
ksakoglu@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
Telephone: (212) 692-6845
Facsimile: (212) 983-3115

Attorneys for Defendants
MindGeek S.à r.l., MG Freesites Ltd, MG Premium Ltd,
MindGeek USA Incorporated, MG Global Entertainment Inc.,
and 9219-1568 Quebec Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>              Plaintiff,<br>    v.<br><br>MINDGEEK S.À R.L, et al.,<br><br>              Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>Case Assigned to Hon. Wesley L. Hsu<br>Courtroom 9B<br><br>**DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFS [DKTS. 574, 575, 576]** |

| | |
|---|---|
| 1 | Arameh Z. O'Boyle (SBN 239495) |
| | azoboyle@mintz.com |
| 2 | Esteban Morales Fabila (SBN 273948) |
| | emorales@mintz.com |
| 3 | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C. |
| | 2049 Century Park East, Suite 300 |
| 4 | Los Angeles, CA 90067 |
| | Telephone: (310) 586-3200 |
| 5 | Facsimile: (310) 586-3202 |

- ii -
BIAGETTI DECLARATION IN SUPPORT OF PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFS

I, Peter A. Biagetti, declare:

1. I am a member of the Bar of the Commonwealth of Massachusetts, admitted *pro hac vice* to appear before this Court, and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2. I make this declaration in support of Plaintiffs' Application for Leave to File Under Seal Plaintiffs' Omnibus Response to Defendants' Supplemental Briefs, Dkts. 574, 575, 576. Plaintiffs seek to seal references to materials designated as "Confidential " or "Highly Confidential" by the MindGeek Defendants and/or another party under the Stipulated Protective Order entered by the Court on October 14, 2022, Dkt. 187, and the Amended Stipulated Protective Order entered by the Court on December 13, 2024, Dkt. 516.

3. This information constitutes the MindGeek Defendants' non-public, proprietary information and trade secrets, including:

    a. Information concerning the financial performance of the MindGeek Defendants (7:28, 8:1-3);

    b. Information concerning the details of the MindGeek Defendants' loan obligations (8:2-5);

    c. Information concerning the confidential terms of loan agreements with the Redwood Defendants and the Colbeck Defendants and actions related to those loan agreements (14:4, 6, fn.7; 15:17; 16:2-3, fn. 10; 18:16-17, 20-21; 21:17).

4. For all the reasons set forth in this Declaration and in the MindGeek Defendants' Omnibus Application for Leave to File Documents Under Seal, Dkts. 560, 564, this Court should enter an order sealing this information.

BIAGETTI DECLARATION IN SUPPORT OF PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFS

## I.     The Standard for Sealing Records

5.     The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing[.]" *Id.* (internal quotation marks omitted).

6.     The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) ("[D]istrict courts in [the Ninth] Circuit have sealed records containing 'information about proprietary business operations . . . . '[and] 'internal policies and strategies[.]'").

7.     The standard for sealing documents and materials connected to dispositive motions, like Defendants' motions to dismiss, is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125, 2019 WL 636362, at *1 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

8.     While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to

- 2 -
BIAGETTI DECLARATION IN SUPPORT OF PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFS

1  gratify private spite, promote public scandal, circulate libelous statements, or release
2  trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Ltd. v. Rocket Resume,*
3  *Inc.*, No. 22-cv-01045, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024)
4  ("Compelling reasons exist to seal confidential business information, including non-
5  public information about a company's business strategy, business transactions,
6  corporate structure, and finances."); *Pacira Pharms., Inc. v. Rsch. Dev. Found.*, No.
7  2:21-cv-02241, 2024 WL 4229046, at *2, 5 (D. Nev. Sept. 17, 2024) (sealing
8  commercially sensitive non-public banking information and business information); *In*
9  *re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that
10 might harm a litigant's competitive standing"); *Sentynl Therapeutics, Inc. v. U.S.*
11 *Specialty Ins. Co.*, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021) (finding that
12 "protect[ing] [employees] from potential harassment . . . . forms a compelling reason
13 warranting sealing of the non-parties' personal identifying information").

14   9.   Further, the public's interest is diminished where the documents are "not
15 relevant to the Court's resolution of the [dispositive] motion[.]" *Music Grp. Macao*
16 *Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *8 (N.D. Cal.
17 June 30, 2015).

## II. Some of the Materials Identified in Plaintiffs' Application Should Be Redacted Appropriately

10. The references to materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants identified in Plaintiffs' Application contain non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses, including:

    a. Information concerning the financial performance of the MindGeek Defendants (7:28, 8:1-3);

    b. Information concerning the details of the MindGeek Defendants' loan obligations (8:2-5);

- 3 -
BIAGETTI DECLARATION IN SUPPORT OF PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFS

c. Information concerning the confidential terms of loan agreements with the Redwood Defendants and the Colbeck Defendants and actions related to those loan agreements (14:4, 6, fn.7; 15:17; 16:2-3, fn. 10; 18:16-17, 20-21; 21:17).

11. Thus, for all the reasons set forth in this Declaration and in the MindGeek Defendants' Omnibus Application for Leave to File Documents Under Seal, Dkts. 560, 564, the MindGeek Defendants seek an order sealing and/or redacting this information from the public record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 8, 2025 in Boston, Massachusetts.

*/s/ Peter A. Biagetti*
Peter A. Biagetti