Michael J. Bowe
(*pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Phone: 212.209.4800
Fax: 212.209.4801

David M. Stein (State Bar #198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 949.887.4600

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES, | CASE NO. 2:21-cv-4920-WLH-ADS |
| Plaintiff, | |
| v. | **PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' RENEWED SEALING APPLICATIONS RELATED TO DEFENDANTS' MOTIONS TO DISMISS AND THE SECOND AMENDED COMPLAINT [DKT. NOS. 443, 449, 560, 571 AND 572]** |
| MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 Quebec, Inc. (d/b/a MindGeek), a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; COREY URMAN, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; GINGOGERUM, LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC,  a Delaware corporation, CB MEDIA VENTURES LLC, a Delaware corporation; CB AGENCY SERVICES, | Hon. Wesley L. Hsu<br>Courtroom 9B<br>SAC Filed: May 23, 2024<br>Trial Date: Not Set Yet |

1

LLC; a Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation,

Defendants.

# TABLE OF CONTENTS

FACTUAL BACKGROUND..................................................................................3

    I.    THE PARTIES' PRIOR SEALING APPLICATIONS..................3

    II.    MINDGEEK'S OMNIBUS SEALING APPLICATION AND REDWOOD AND COLBECK'S NOTICES MAINTAINING PREVIOUS SEALING DESIGNATIONS ..................................4

LEGAL STANDARD ....................................................................................7

ARGUMENT .................................................................................................8

    I.    DEFENDANTS DID NOT COMPLY WITH THE COURT'S MARCH 7, 2025 ORDER. ..........................................................8

    II.    DEFENDANTS' SEALING APPLICATIONS DO NOT OFFER ANY COMPELLING REASONS TO DEPART FROM THE PRESUMPTIVE RULE OF PUBLIC ACCESS. ......................11

    III.    REDWOOD AND COLBECK LACK STANDING TO DESIGNATE INFORMATION IN THE SAC BEYOND WHAT THE MINDGEEK DEFENDANTS AND THE INDIVIDUAL DEFENDANTS DESIGNATED. ................................................20

CONCLUSION.............................................................................................21

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Audionics Sys. Inc v. AAMP of Fla. Inc*,
  No. CV 12-10763 MMM, 2013 WL 12129952 (C.D. Cal. Dec. 6, 2013) .................................................................................................... 10

*Basaraba v. Greenberg*,
  No. CV 13-5061 PSG SHX, 2013 WL 4517892 (C.D. Cal. Aug. 26, 2013) .................................................................................................... 17

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ............................................................... 13

*Bernstein v. Target Stores, Inc.*,
  No. 13-CV-01018 NC, 2013 WL 5807581 (N.D. Cal. Oct. 28, 2013) .............. 17

*Cittadino v. BrandSafway Servs., LLC*,
  No. 2:23-CV-00322 WBS JDP, 2024 WL 4713477 (E.D. Cal. Oct. 9, 2024) .................................................................................................... 19

*Cochoit v. Schiff Nutrition Int'l, Inc.*,
  No. SACV-16-01371-CJC, 2018 WL 1895695 (C.D. Cal. Apr. 19, 2018) .................................................................................................... 17

*In re ConAgra Foods, Inc.*,
  No. CV 11-05379-MMM, 2014 WL 12577132 (C.D. Cal. July 11, 2014) .................................................................................................... 13

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ............................................................... 7

*E. & J. Gallo Winery v. Instituut Voor Landbouw- En Visserijonderzoek*,
  No. 117CV00808DADEPG, 2018 WL 3769410 (E.D. Cal. Aug. 7, 2018) .................................................................................................... 18

*ExxonMobil Oil Corp. v. S. California Edison Co.*,
  No. CV-12-10001-GHK-VBKx, 2015 WL 12860492 (C.D. Cal. Apr. 9, 2015)........................................................................................... 12

*Fed. Trade Comm'n v. S. Glazers Wine & Spirits, LLC*,
  No. 8:24-CV-02684-FWS-ADS, 2025 WL 819070 (C.D. Cal. Feb.
  4, 2025) .......................................................................................... 8

*Fekrat v. United States*,
  No. CV 13-00594 MMM, 2013 WL 12133643 (C.D. Cal. July 9,
  2013 .............................................................................................. 15

*FemtoMetrix Inc. v. Huang*,
  No. 8:22-cv-01624-JWH-KES, 2024 WL 3467799 (C.D. Cal. June
  28, 2024) ........................................................................................ 12

*FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*,
  No. 3:22-CV-07148-AMO, 2023 WL 6237986 (N.D. Cal. Sept. 22,
  2023) ................................................................................... 16, 18, 19

*Finjan, Inc. v. Juniper Networks, Inc.*,
  No. C 17-05659 WHA, 2019 WL 11868521 (N.D. Cal. May 29,
  2019) .............................................................................................. 18

*Glob. BTG LLC v. Nat'l Air Cargo, Inc.*,
  No. CV 11-01657 MMM, 2012 WL 12882384 (C.D. Cal. Dec. 3,
  2012) .............................................................................................. 11

*Griffo v. Oculus VR, Inc.*,
  No. SA-CV-151228-DOC, 2018 WL 11352472 (C.D. Cal. Sept. 20,
  2018) ........................................................................................ 10, 13

*Healthcare Ally Mgmt. of California, LLC v. Stroock & Stroock &
  Lavan LLP*,
  No. CV 22-4829-MWF(RAOX), 2023 WL 5667565 (C.D. Cal. July
  11, 2023 ............................................................................................ 8

*Kamakana v. City & Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ............................................. 7, 8, 13, 18

*Maldonado v. Apple, Inc.*,
  333 F.R.D. 175 (N.D. Cal. 2019) ...................................................... 13

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*,
  No. 17-CV-04992-BLF, 2019 WL 11658748 (N.D. Cal. July 11,
  2019) .............................................................................................. 20

*MultiCraft Imports, Inc. v. Mariposa USA, Inc.*,
    No. CV 16-3975 DMG, 2017 WL 5664995 (C.D. Cal. May 16,
    2017) ........................................................................................ 10

*In Re NCAA Student-Athlete Name and Likeness Licensing Litigation*,
    No. 09-CV-01967 CW (NC), 2012 WL 4497775 (N.D. Cal. Sept.
    28, 2012) ................................................................................... 15

*Nia v. Bank of Am., N.A.*,
    No. 21-CV-1799-BAS-BGS, 2024 WL 171659 (S.D. Cal. Jan. 12,
    2024) ........................................................................................ 20

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ................................................................... 7

*Nucal Foods, Inc. v. Quality Egg LLC*,
    No. CIV S-10-3105 KJM, 2012 WL 260078 (E.D. Cal. Jan. 27,
    2012) ........................................................................................ 18

*Richards v. Centripetal Networks, Inc.*,
    No. 24-CV-01065-HSG, 2024 WL 4654439 (N.D. Cal. Oct. 31,
    2024) ........................................................................ 12, 16, 19, 20

*Shande v. Zoox, Inc.*,
    No. 22-CV-05821-BLF, 2023 WL 2456783 (N.D. Cal. Mar. 9,
    2023) ........................................................................................ 19

*Stewart v. Quest Diagnostics Clinical Lab'ys, Inc.*,
    No. 19-CV-2043 TWR (KSC), 2020 WL 8513113 (S.D. Cal. Dec.
    16, 2020) ................................................................................... 12

*Tan v. Konnektive Rewards, LLC*,
    No. 20-cv-1082-LL-DDL, 2023 WL 2336893 (S.D. Cal. Mar. 2,
    2023) ........................................................................................ 15

*Thrive Nat. Care, Inc. v. Thrive Causemetics, Inc.*,
    No. CV 20-9091 PA, 2021 WL 5279575 (C.D. Cal. Sept. 21, 2021) ............... 17

*United States v. Real Prop. Located in Los Angeles, California*,
    345 F.R.D. 189 (C.D. Cal. 2023) ................................................... 20

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
    No. 8:15-CV-1614-JLS-JCGx, 2017 WL 1836351 (C.D. Cal. Mar.
    28, 2017) ................................................................................... 14

iii

*Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*,
     798 F.2d 1289 (9th Cir. 1986) ................................................................................ 7

**Other Authorities**

Civil L.R. 79-5.2.2 ........................................................................... 3, 10, 13

Rule 26 ..................................................................................... 7, 20

Plaintiff Serena Fleites respectfully submits this consolidated Opposition to the Redwood Defendants' Application for Leave to File Under Seal Materials Related to Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 449), the Colbeck Defendants' Application for Leave to File Under Seal Documents in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 443), the MindGeek Defendants' Omnibus Application for Leave to File Documents Under Seal Pursuant to Civil Local Rule 79-5.2.2 (Dkt. 560), the Redwood Defendants' Application for Leave to File Under Seal ECF No. 567-1 (Dkt. 571), the Colbeck Defendants' Application for Leave to File Under Seal ECF No. 567-1 (Dkt. 572), and all declarations filed in support thereof (Dkt. 561, Dkt. 562, Dkt. 563, Dkt. 564, Dkt. 568, Dkt. 569, Dkt. 579) (collectively, "Defendants' Sealing Applications").

Defendants' Sealing Applications should be denied in their entirety because they seek to wholesale designate large swathes of data, do not provide the compelling reasons required to justify departing from the strong presumption in favor of public access under either the Protective Order or controlling precedent, and are not narrowly tailored.

## FACTUAL BACKGROUND

## I.    THE PARTIES' PRIOR SEALING APPLICATIONS

During jurisdictional discovery, the MindGeek Defendants and the Individual Defendants produced thousands of pages of documents, virtually all of which they designated Confidential or Highly Confidential under the Stipulated Protective Order.  (Dkt. 187 ("Protective Order")).  The MindGeek Defendants and the Individual Defendants also designated the vast majority of their witnesses' deposition testimony Confidential and/or Highly Confidential.

Pursuant to Local Rule 79-5.2.2, before filing the Second Amended Complaint ("SAC"), Plaintiff notified the MindGeek Defendants and the Individual Defendants of her intent to reference designated materials in the Second Amended

Complaint.  The MindGeek Defendants and the Individual Defendants requested that all designated materials and testimony be filed under seal until they had an opportunity to review them.  Accordingly, Plaintiff filed an Application for Leave to File Under Seal Material Designated by Another Party as Confidential or Highly Confidential Pursuant to a Protective Order.  (Dkt. 386)  Plaintiff averred that none of the materials designated Confidential or Highly Confidential by the MindGeek Defendants should remain under seal, especially where the Protective Order limits Confidential or Highly Confidential information to trade secret and proprietary business information.  (Dkt. 386 at 4; Protective Order ¶ 1.A).

In response to the SAC, Defendants filed five motions to dismiss.  The motions cite 54 exhibits, which Defendants simultaneously moved to seal in their entirety.  (Dkt. 445 (MindGeek), Dkt. 434 (Bergmair), Dkt. 437 (Antoon), Dkt. 449 (Redwood), Dkt. 443 (Colbeck)).  Defendants also moved to seal portions of their supporting memoranda of points and authorities, and portions of their declarations.

## II.    MINDGEEK'S OMNIBUS SEALING APPLICATION AND REDWOOD AND COLBECK'S NOTICES MAINTAINING PREVIOUS SEALING DESIGNATIONS

The Court's March 7, 2025 Order Regarding Omnibus Motion to Dismiss (Dkt. 540, "Order") required the parties to refile their sealing applications with narrower sealing requests by March 28, 2025.  Redwood and Colbeck ignored this Court's Order and requested sealing of the same materials without any revisions, and the MindGeek Defendants' partially revised sealing requests still seek to completely seal roughly 100 exhibits.

Counsel for the MindGeek Defendants met and conferred with counsel for Plaintiff on March 27, 2025 concerning their revised sealing requests.  The MindGeek Defendants filed an omnibus application to seal with partially revised sealing requests in which the Individual Defendants joined.  (Dkt. 560, "MindGeek's Omnibus Sealing Application").   The MindGeek Defendants'

renewed motion still seeks to seal roughly 100 documents in their entirety. Despite the Court's Order and instruction at the March 7, 2025 hearing to "file a new request for the sealing of those exhibits that are much more narrow,"[1] Redwood and Colbeck failed to submit revised sealing applications, and instead filed notices stating they maintain the confidentiality of documents they previously applied to file under seal in connection with their motions to dismiss, which did not include sealing requests for the SAC. (Dkt. 558 (Colbeck Notice); Dkt. 559 (Redwood Notice)).

In summary, the materials Defendants improperly seek to seal for lack of compelling reasons and lack of narrow tailoring include:

a.  Nearly a decade old financial information, including financial statements, tax returns and other tax information, data related to the MindGeek Defendants' financial performance, and information concerning dividends paid by the MindGeek Defendants;

b.  Information relating to the terms of 2011, 2013, and 2018 loan agreements between the MindGeek Defendants and actions taken related to those loans;

c.  Information and communications related to internal business practices, policies, and strategies, including those related to the human moderation of all content uploaded to the Pornhub website, allocation of operating expenses, partner and supplier information, and strategic plans and investment strategies for the since sold entities;

d.  Business strategy regarding relationships with vendors prior to the 2023 sale;

e.  Information concerning the MindGeek Defendants' corporate structure prior to the 2023 sale, including terms of agreements among certain MindGeek Defendants (including service agreements, hosting

---

[1] Mar. 7, 2025 Tr. at 106:18-22.

agreements, server cost sharing agreements and termination agreements), terms of agreements among the shareholders of the MindGeek Defendants, board minutes, and information related to intellectual property licensing;

f.  Other employment information, including compensation, email and home addresses, names or nicknames, and titles of MindGeek employees;

g.  The amount of money Bergmair invested in MindGeek, the amount of money for which he sold his MindGeek shares, and other information concerning the financing of his investment;

h.  The shareholding and economic interests and other rights Bergmair received in exchange for his investment in MindGeek;

i.  The identity of the corporate entities through which Bergmair invested;

j.  Bergmair's receipt of dividends as a result of his investment in MindGeek during the period prior to the sale;

k.  MindGeek's commercial transactions with a non-party entity beneficially owned by Bergmair;

l.  Business information of Bergmair unrelated to the litigation;

m.  Tassillo's income and value of assets or net worth, including the extent of his prior shareholdings in MindGeek S.à.r.l.;

n.  The names of co-investors in Tassillo's business ventures unrelated to MindGeek S.à.r.l.;

o.  The names of certain 9219-1568 Quebec Inc. employees who assisted Tassillo with matters not related to the subject matter of this Action;

p.  Antoon's assets, including personal investments and compensation paid for economic interests in MindGeek S.a.r.l.;

q.  Antoon's salary, bonus and/or dividend payments received while employed as the CEO of 9219-1568 Quebec, Inc.;

r.    Antoon's rights received and exercised in connection with economic interests in MindGeek S.a.r.l;

s.    Antoon's employment information, including the names or nicknames and titles of current or former MindGeek employees;

t.    Terms of financing agreements; and

u.    Implication of third-party confidentiality obligations (including with respect to financing agreements).

**LEGAL STANDARD**

The Supreme Court has recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In the Ninth Circuit, courts considering sealing requests "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). This strong presumption is based on, among other things, the interest in "promoting the public's understanding of the judicial process and of significant public events[.]" *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986). It is also based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety*, 809 F.3d at 1096.

Courts distinguish judicial records attached to dispositive motions (such as motions to dismiss) from those records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy," whereas "a 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

The compelling reasons standard applies here because Defendants' Sealing Applications seek to seal documents and materials connected to their dispositive motions and the SAC. *See id; see also Fed. Trade Comm'n v. S. Glazers Wine & Spirits, LLC*, No. 8:24-CV-02684-FWS-ADS, 2025 WL 819070, at *1 (C.D. Cal. Feb. 4, 2025) (courts apply the compelling reasons standard to an application to seal a complaint because "a complaint is 'the foundation of a lawsuit'" and thus "more than 'tangentially related to [the] merits' of the case"). This is a stringent standard, and it requires more than "hypothesis or conjecture." *Id.* at 1179. In a case where a compelling reason is articulated, "the court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). These high standards are particularly relevant here where Defendants voluntarily chose to inject their putatively proprietary documents into the record on a pleading motion requiring the Court to evaluate the sufficiency of the allegations in the SAC. *See Healthcare Ally Mgmt. of California, LLC v. Stroock & Stroock & Lavan LLP*, No. CV 22-4829-MWF(RAOX), 2023 WL 5667565, at *2 (C.D. Cal. July 11, 2023) (finding there were compelling reasons to seal the relevant exhibit which was a document from outside the pleadings that the court deemed to be "incorporated by reference in the SAC and subject to judicial notice").

## ARGUMENT

## I.    Defendants Did Not Comply With The Court's March 7, 2025 Order.

Defendants were ordered to resubmit their Sealing Applications with narrowly tailored redactions by March 28, 2025. (Dkt. 540; March 7, 2025 Tr. at 105:24-107:1). Redwood and Colbeck did not comply with the Court's Order. Instead, they simply maintained their previous applications to seal without meeting and conferring and without making any changes to their sealing requests or

proposing to unseal those portions of their agreements that do not meet the high standard for sealing. This alone justifies denying their requests in their entirety. The MindGeek Defendants and the Individual Defendants also did not comply with the Court's Order. The Court observed that Defendants over-designated their materials and specifically ordered them to unseal information and resubmit new sealing requests. (March 7, 2025 Tr. at 106:18-22 ("I would just instruct the defendants to file a – a new request for the sealing of those exhibits that are much more narrow because I am going to tell you right now as they're phrased I am not going to grant them.")). They failed to do so. In fact, the MindGeek Defendants and Individual Defendants even failed to comply with the Court's specific instruction to narrow their proposed redactions with respect to deposition transcripts. The Court specifically instructed the parties to conduct a "line by line" inquiry with respect to sealing portions of deposition transcripts because the Court is "not inclined to grant a wholesale sealing of a deposition transcript." (March 7, 2025 Tr. at 105:24-106:10). Yet, the MindGeek Defendants and the Individual Defendants still proffered requests to redact entire pages of deposition transcripts. (*See e.g.* Dkt. 564-22 (Ex. 21 to Biagetti Decl., Bergmair June 15 Tr.) at 218; Dkt. 564-27 (Ex. 26 to Biagetti Decl., Andreas June 1 Tr.) at 218-220; Dkt. 564-61 (Ex. 60 to Biagetti Decl., Bergmair June 15 Tr.) at 218-233; Dkt. 564-66 (Ex. 65 to Biagetti Decl., June 14 Antoon Tr.) at 127, 153, 460, 477; Dkt. 564-68 (Ex. 67 to Biagetti Decl., Tassillo June 16 Tr.) at 321-322; Dkt. 564-173 (Ex. 172 to Biagetti Decl., Bergmair June 15 Tr.) at 40). These continued "wide-ranging sealing requests" are inconsistent with the Court's Order. (March 7, 2025 Tr. at 105:25).

Defendants do not articulate why it is necessary to seal the exhibits[2] or pages of deposition testimony in their entirety, as opposed to redacting specific portions

---

[2] MindGeek's Exhibits 3-19, 27-30, 33, 37-38, 40-50, 52-53, 56-59, 68-70, 72-73, 75-79, 96, 98, 103, 104, 106, 108, 112, 114, 115, 118, 120, 122-132, 137, 140, 144,

that contain purported confidential or proprietary information, which alone provides a reason to deny the Sealing Applications. *See*, *e.g.*, *Audionics Sys. Inc v. AAMP of Fla. Inc*, No. CV 12-10763 MMM (JEMx), 2013 WL 12129952, at *3 (C.D. Cal. Dec. 6, 2013) ("[Defendant's] request to seal the documents in their entirety is also overbroad. It appears that any confidential information contained in the documents could be easily redacted, and that sealing the documents in their entirety is unnecessary."); *MultiCraft Imports, Inc. v. Mariposa USA, Inc.*, No. CV 16-3975 DMG (AJWx), 2017 WL 5664995, at *2 (C.D. Cal. May 16, 2017) ("That two lines of deposition testimony satisfy the sealing standard does not justify the filing of the entire page of the testimony under seal."); *Griffo v. Oculus VR, Inc.*, No. SA-CV-151228-DOC (MRWx), 2018 WL 11352472, at *2 (C.D. Cal. Sept. 20, 2018) ("The Court cautions that Defendants must narrowly tailor the request. The Court will not seal entire exhibits or pages of relevant testimony or financial documents[.]").

In addition to this Court's Order, Local Rule 79-5.2.2(a)(ii) requires that requests be "narrowly tailored to seal only the sealable material." Defendants state that a less restrictive alternative to sealing is not sufficient because the entirety of the information sought to be sealed discloses the confidential information (*see*, *e.g.*, Dkt. 564 at 8), but a quick glance at the exhibits confirms that any allegedly confidential information contained in the documents could be easily redacted. These

---

146-156, and 161-164 are all proposed to be sealed in their entirety, and Exhibit 82 is proposed to be redacted almost entirely. Dkt. 564-1 (Exhibit A to Biagetti Decl.).

1    documents reflect non-confidential information such as routine business

2    conversations[3] and stale information.[4]

3    **II.    Defendants' Sealing Applications Do Not Offer Any Compelling Reasons**

4    **To Depart From the Presumptive Rule of Public Access.**

5          Defendants' Sealing Applications fail to satisfy their heavy burden to justify

6    sealing for several reasons.

7          *Fir*st, Defendants rely largely on conclusory assertions that the documents

8    and deposition testimony contain confidential business information, trade secrets, or

9    financial information.  (Dkt. 558 (Colbeck Notice) at 2-3; Dkt. 559 (Redwood

10   Notice) at 1; Dkt. 560 (MindGeek's Omnibus Application) at 1; Dkt. 562 (Tassillo

11   Decl.) at 1-2; Dkt. 563 (Antoon Decl.) at 2; Dkt. 564 (MindGeek Decl.) at 7-8;

12   Dkt. 568 (Colbeck Decl.) at 3; Dkt. 569 (Redwood Decl.) ¶¶ 4, 11-12).  But mere

13   conclusory allegations like this are not sufficient and do not comport with the

14   Court's Order to narrowly tailor the sealing requests and provide line-by-line

15   justifications; the proponent must state a specific reason why sealing is warranted,

16   including supporting facts.  *See Glob. BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV 11-

17   01657 MMM (JCGx), 2012 WL 12882384, at *3 (C.D. Cal. Dec. 3, 2012)

18   ("Although it is often appropriate to seal 'sources of business information that might

19   harm a litigant's competitive standing,' the applicant must provide a specific,

20   articulated explanation as to why the information must be sealed, and adduce

21

22   [3] *See*, *e.g*., Dkt. 564-1 (Ex. A to Biagetti Decl.) (MindGeek and the Individual

23   Defendants' Exhibits 82, 83, 87, 91, 92, 94, 97, 98, 99, 102, 107, 109, 116, 141-143,

24   145).

25   [4] *See*, *e.g*., Dkt. 564-1 (Ex. A to Biagetti Decl.) (MindGeek and the Individual

26   Defendants' Exhibits 1, 2, 7-19, 20, 27-29, 33, 35, 37, 38, 40-60, 61, 63, 65-70, 72-74, 77, 98, 103, 106, 108, 110, 112, 114, 115, 118, 120, 122-132, 137, 138, 140,

27   144-156, 173, 174, 175, 177, 180, 182); *see id.* MindGeek and the Individual

28   Defendants' Exhibit 27 mistakenly titles the document with the date October 18, 2023, but the date of the Shareholders Agreement is October 18, 2013.

sufficient facts to support its explanation.") (first citing *Nixon*, 435 U.S. at 598; then citing *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)); *Stewart v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 19-CV-2043 TWR (KSC), 2020 WL 8513113, at *1 (S.D. Cal. Dec. 16, 2020) (denying sealing application where party failed to "articulate[] reasoning or specific demonstrations of fact, supported by concrete examples of prejudice or harm that could result").

With the exception of the Bergmair Declaration (Dkt. 561),[5] Defendants' declarations in support of their respective Sealing Applications provide boilerplate statements and fail to provide any detailed explanation as to the specific harm that would result from disclosure.  "Such highly generalized cut and paste statements are insufficient to support a sealing application." *FemtoMetrix Inc. v. Huang*, No. 8:22-cv-01624-JWH-KES, 2024 WL 3467799, at *3 (C.D. Cal. June 28, 2024) (denying sealing application under less stringent "good cause" standard where party did not explain what portion of the document is a trade secret or link any content from the agreement with its disclosure of the trade secrets at issue in the case); *see also ExxonMobil Oil Corp. v. S. California Edison Co.*, No. CV-12-10001-GHK-VBKx, 2015 WL 12860492, at *2 (C.D. Cal. Apr. 9, 2015) (boilerplate assertion that documents contain proprietary or private business information does not satisfy defendant's burden to show "compelling reasons" for sealing); *see also FemtoMetrix Inc.,* 2024 WL 3467799, at *3 (denying request to seal developer agreement where plaintiff did not explain how it provided economic value to a competitor, and "[p]rovisions regarding dispute resolution, maintaining

---

[5] Even the more detailed analysis in the Bergmair declaration fails to satisfy Defendants' heavy burden to justify sealing here where the information Bergmair seeks to seal is directly related to Plaintiff's alter ego allegations, and Bergmair fails to articulate any compelling reasons that outweigh the public's interest in access to this information.  *See Richards v. Centripetal Networks, Inc.*, No. 24-CV-01065-HSG, 2024 WL 4654439, at *3 (N.D. Cal. Oct. 31, 2024) (denying application to seal financial information that is "integral to the public's understanding of the case").

confidentiality, allocating taxes, termination, and governing law seem like standard clauses").

*Second,* Defendants argue the documents they seek to seal contain materials designated as Confidential or Highly Confidential under the Stipulated Protective Order.  (Dkt. 564 ¶¶ 14-15; Dkt. 562 ¶ 3; Dkt. 563 ¶ 2; Dkt. 558 at 3; Dkt. 559 at 1).  Under Ninth Circuit precedent, however, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Kamakana,* 447 F.3d at 1179; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Reliance will be less with a blanket [protective] order, because it is by nature overinclusive . . . . [Defendant] never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection of the deposition transcripts in the first place"); *In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577132, at *3 (C.D. Cal. July 11, 2014) ("The fact that information in documents has been designated confidential under the terms of a stipulated protective order is insufficient, on its own, to justify sealing."); *accord* L.R. 79-5.2.2(a)(i).

*Third*, Defendants' revised redactions continue to seek sealing of substantial portions of deposition transcripts, which this Court and other courts in this district disfavor.  Mar. 7, 2025 Tr. at 105:24-106:1 (Court: "I am not inclined to grant the wide-ranging sealing requests . . . whole deposition transcripts have been requested to be sealed. I don't do that."); s*ee also, e.g., Griffo*, 2018 WL 11352472, at *2 (conveying skepticism with respect to sealing relevant financial information, exhibits, and deposition testimony); *Maldonado v. Apple, Inc.*, 333 F.R.D. 175, 194 (N.D. Cal. 2019) (ordering Apple to file amended sealing request where Apple sought to seal "entire pages of deposition testimony").  Redwood and Colbeck maintain their prior requests to seal excerpts from the Bergmair deposition transcript in their entirety.  Despite the Court's Order to narrowly tailor Defendants' requests to seal, the MindGeek Defendants still request for roughly 100 documents to be

sealed in their entirety.  The MindGeek Defendants and Individual Defendants also request for 28 pages of deposition testimony to be wholly sealed despite the Court's directive to provide a line-by-line inquiry for sealing deposition testimony.  (*See*, *e.g.*, Dkt. 564-22 (Ex. 21 to Biagetti Decl., Bergmair June 15 Tr.) at 218 (proposing redactions to stale information regarding the lending agreements); Dkt. 564-27 (Ex. 26 to Biagetti Decl., Andreas June 1 Tr.) at 218-220 (proposing redactions to testimony concerning the directors and managers of certain MindGeek entities); Dkt. 564-61 (Ex. 60 to Biagetti Decl., Bergmair June 15 Tr.) at 218-232 (proposing redactions to stale information regarding the lending agreements); Dkt. 564-66 (Ex. 65 to Biagetti Decl., June 14 Antoon Tr.) at 127, 153, 460, 477 (proposing redactions to testimony regarding Antoon's receipt of dividends, Antoon's salary with respect to the lending agreements, and information about MindGeek's database to identify CSAM content); Dkt. 564-68 (Ex. 67 to Biagetti Decl., Tassillo June 16 Tr.) at 321-322 (proposing redactions to testimony discussing MindGeek's search algorithm); Dkt. 564-173 (Ex. 172 to Biagetti Decl., Bergmair June 15 Tr.) at 40 (proposing redactions to testimony regarding where MindGeek's dividends are directed)).  Defendants have not articulated any compelling reason for this Court to grant such "wide-ranging sealing requests."  Tr. at 105:25; *see Urakchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-CV-1614-JLS-JCGx, 2017 WL 1836351, at *4 (C.D. Cal. Mar. 28, 2017) (denying request to seal deposition transcripts and finding that "Defendants must identify with more specificity exactly what statements in these transcripts would harm Defendants upon public disclosure and how that harm would occur").

*Fourth*, to the extent some of the materials Defendants seek to seal include financial information, that information is years-old, and, in some cases, close to a decade old, undermining any argument that disclosure would result in competitive disadvantage or prejudice.  For example, Defendants seek to seal loan agreements from 2011, 2013, and 2018 and related deposition testimony.  It is well established

that "[f]inancial information is not *per se* subject to sealing, particularly where the passage of time has ameliorated the sensitivity of the information." *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *4 (S.D. Cal. Mar. 2, 2023) ("Here, the financial information in question is three to four years out of date, and Defendants have not supported the assertion that their interest in the confidentiality of this information outweighs the public's right of access with any specific factual findings."); *Scalia v. Heritage*, No. CV 18-00155 SOM-WRP, 2019 WL 13225022, at *4 (D. Haw. Dec. 3, 2019) ("Defendants fail to support their assertion that the public disclosure of financial information from between seven and eleven years ago would be harmful to Defendants' business.").

This is particularly true here, where much of the financial information Defendants seek to seal has been superseded by subsequent agreements with different terms and between different parties, including in connection with the 2023 sale of the Individual Defendants' ownership interests in MindGeek to Montreal "pop-up" Ethical Partners. Courts within the Ninth Circuit have denied applications to seal information in expired contracts or agreements that have been superseded where defendants fail to demonstrate its relevancy in the current market. *See, e.g., Fekrat v. United States*, No. CV 13-00594 MMM (PJWx), 2013 WL 12133643, at *2 (C.D. Cal. July 9, 2013) (denying government's motion to seal expired contract, noting that "it is less clear that the older exhibit contains information that is relevant in the current market"); *In Re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. 09-CV-01967 CW (NC), 2012 WL 4497775, at *4 (N.D. Cal. Sept. 28, 2012) (denying motion to seal superseded agreements which contain outdated language where there were no specific examples given as to how disclosure of information in agreements entered into 13 and 18 years ago would cause prejudice). Again, Defendants offer no explanation for how disclosure of these superseded market terms would disadvantage Defendants in future negotiations. Redwood's

and Colbeck's argument that disclosure would prejudice third parties named in the superseded loan agreements fails for the same reasons.

In addition, this financial information, as well as information about the Individual Defendants' economic interest in MindGeek, is directly related to proving the Individual Defendants' exercise of control over the MindGeek entities and should not be sealed. *See Richards v. Centripetal Networks, Inc.*, No. 24-CV-01065-HSG, 2024 WL 4654439, at *3 (N.D. Cal. Oct. 31, 2024) (finding no compelling reason to seal where confidential financial information about defendants' ownership in the company was directly relevant to Plaintiffs' allegations). Bergmair's argument in support of sealing relies on the Court's potential dismissal of Plaintiff's claims against him, but his argument fails for the same reason, and Bergmair's financial information, which unquestionably encompasses the structuring and identities of his corporate holdings, is still directly relevant to Plaintiff's alter ego claims—which establish liability in addition to jurisdiction—making it "integral to the public's understanding of the case." *Id*. Despite admitting that the 2023 sales price of MindGeek—which demonstrates the amount of money Bergmair invested in MindGeek—is directly relevant to this issue (Dkt. 561 at ¶ 12), Bergmair still seeks to seal entire documents referencing it. (*See*, *e.g*., Dkt. 560-162 (Ex. 161 to Biagetti Declaration, January 30, 2023 Share Purchase Agreement)). The relevance of this information to Plaintiff's allegations sparks the public's interest and weighs against sealing. *See FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 3:22-CV-07148-AMO, 2023 WL 6237986, at *4 (N.D. Cal. Sept. 22, 2023) (denying sealing application where "[s]ealing the contract would prevent the public from understanding the Court's rulings"). Thus, any documents concerning financial information or economic interest are subject to the public's interest and should not be sealed.[6]

---

[6] Bergmair does not cite any cases suggesting personal security concerns demonstrate a compelling reason to seal his financial information.

16

*Fifth*, Defendants argue that the information they seek to seal is not public information and that none of the parties intended for the information to be made public.  Courts within the Ninth Circuit have denied requests to seal non-public information where a party fails to demonstrate how public access to the information would allow it to become "a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Cochoit v. Schiff Nutrition Int'l, Inc.*, No. SACV–16-01371-CJC (KESx), 2018 WL 1895695, at *2–3 (C.D. Cal. Apr. 19, 2018) (denying application to seal non-public consumer research study where party failed to indicate what particular information in the voluminous study was confidential or proprietary) (citing *Kamakana*, 447 F.3d at 1179); *see also Thrive Nat. Care, Inc. v. Thrive Causemetics, Inc.*, No. CV 20-9091 PA (ASx), 2021 WL 5279575, at *2 (C.D. Cal. Sept. 21, 2021) (denying application to seal documents and information reflecting the parties' non-public and detailed financial information where "[d]efendant's wholly conclusory allegations of prospective competitive harm which may or could result from the public filing of the documents is not the type of particularized showing of harm necessary to support a finding that compelling reasons exist to justify sealing"); *Basaraba v. Greenberg*, No. CV 13-5061 PSG SHX, 2013 WL 4517892, at *3 (C.D. Cal. Aug. 26, 2013) ("the court will not seal records simply because they relate to 'private and confidential business matters'").

*Sixth*, Redwood's argument that the documents and deposition testimony they seek to seal are subject to express confidentiality provisions and/or contain references to confidential terms of confidential agreements, the disclosure of which would expose Defendants to potential litigation, also fails to meet the compelling reason burden.  "The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal." *Bernstein v. Target Stores, Inc.*, No. 13-CV-01018 NC, 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) (finding that confidentiality provision in settlement agreement was

insufficient justification to grant motion to seal); *see also FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 3:22-CV-07148-AMO, 2023 WL 6237986, at *3 (N.D. Cal. Sept. 22, 2023) ("[r]eference[s] to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable").  Courts also have denied requests to seal information containing confidential terms where the party does not identify specific harm that would result from disclosure.  *See, e.g., Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2019 WL 11868521, at *2 (N.D. Cal. May 29, 2019) (denying request to seal documents containing confidential terms where the party "identifies no specific harm that would outweigh the public's strong interest in accessing the information").  In addition, the Ninth Circuit has observed that "[t]he mere fact that the production of records may lead to a litigant's . . . exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

*Seventh*, the MindGeek Defendants fail to meet the compelling reasons standard with respect to their requests to file the entirety of share purchase agreements under seal.  They assert a conclusory argument that disclosure of proprietary information relating to mergers and acquisitions could put them at a competitive disadvantage.  Dkt. 564-162 (Ex. 161 to Biagetti Decl.); Dkt. 564-163 (Ex. 162 to Biagetti Decl.).  But this does not warrant sealing.  *See Nucal Foods, Inc. v. Quality Egg LLC*, No. CIV S-10-3105 KJM, 2012 WL 260078, at *3 (E.D. Cal. Jan. 27, 2012) (denying sealing application where the party failed to demonstrate how certain purchase agreements, output agreements, pricing information, and private organizational information would qualify as a confidential or trade secret); *E. & J. Gallo Winery v. Instituut Voor Landbouw- En Visserijonderzoek*, No. 117CV00808DADEPG, 2018 WL 3769410, at *2 (E.D. Cal. Aug. 7, 2018) (finding no compelling reason to seal an asset purchase agreement in its entirety where "[the] conclusory assertion that disclosure of any portion of the

asset purchase agreement could lead to unfair harm to Plaintiffs' business and customers' [was] inadequate."). Here, the public has a greater interest in access to the documents at issue because they are directly related to key disputes and would meaningfully contribute to the public's understanding of the judicial proceedings. *See Richards v. Centripetal Networks, Inc.*, No. 24-CV-01065-HSG, 2024 WL 4654439, at *3 (N.D. Cal. Oct. 31, 2024) (observing confidential financial information about defendants' ownership in the company was directly relevant to Plaintiffs' allegations that the merger and its valuation was unfair, and finding no compelling reason to seal where "such information is . . . integral to the public's understanding of the case").

     *Finally,* Defendants also fail to show compelling reasons to seal the definitions of terms and provisions discussing financial information such as salary and benefits in the employment agreements. *See FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 3:22-CV-07148-AMO, 2023 WL 6237986, at *4 (N.D. Cal. Sept. 22, 2023) (no compelling reasons to seal employee confidentiality agreement where the party fails to demonstrate "why definitions of terms and provisions in the . . . contract would cause harm [to] business standing"); *see Shande v. Zoox, Inc*., No. 22-CV-05821-BLF, 2023 WL 2456783, at *2 (N.D. Cal. Mar. 9, 2023) (denying sealing of employment agreement where "agreed-upon definitions of contract terms are generally not considered sealable"); *see Cittadino v. BrandSafway Servs., LLC*, No. 2:23-CV-00322 WBS JDP, 2024 WL 4713477, at *1 (E.D. Cal. Oct. 9, 2024) (denying application to seal an employment agreement containing "commercially sensitive or private financial information and highly confidential company procedures").

     Moreover, the Individual Defendants' financial information, such as salary and benefits, contained in the employment agreements, as well as information pertaining to their economic interest in MindGeek, is directly related to proving the Individual Defendants' exercise of control over the MindGeek entities. *See*

19

1   *Richards v. Centripetal Networks, Inc.*, No. 24-CV-01065-HSG, 2024 WL 4654439,

2   at *3 (N.D. Cal. Oct. 31, 2024) (finding no compelling reason to seal where

3   confidential financial information about defendants' ownership in the company was

4   directly relevant to Plaintiffs' allegations).

5   **III.    Redwood And Colbeck Lack Standing To Designate Information In The**

6   **SAC Beyond What The MindGeek Defendants And The Individual**

7   **Defendants Designated.**

8        Nothing in the local rules, public policy, or the Court's Order gives Redwood

9   and Colbeck standing to add further confidentiality designations to material

10  produced by the MindGeek Defendants and the Individual Defendants.  (*See*

11  Protective Order ¶¶ 2.6, 5.2 (defining the designating party as "a Party or Non-Party

12  that designates information or items that it *produces* in disclosures or in responses to

13  discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") (emphasis

14  added)); *see United States v. Real Prop. Located in Los Angeles, California*, 345

15  F.R.D. 189, 192 (C.D. Cal. 2023) ("Nothing in Rule 26 or the Advisory Committee

16  Notes thereto allows or even suggests the propriety of allowing non-producing

17  parties or persons to designate as confidential information *already produced* by

18  *other* parties.").  Redwood and Colbeck now seek to seal non-confidential

19  information in the SAC.  MindGeek—the designating party—recognized this and

20  waived its confidentiality designations with respect to the information that Redwood

21  and Colbeck seek to seal.  (*See* Protective Order ¶ 6.2); *Nia v. Bank of Am., N.A.*,

22  No. 21-CV-1799-BAS-BGS, 2024 WL 171659, at *2 (S.D. Cal. Jan. 12, 2024)

23  ("Courts will also not seal proposed redactions when they are 'either already

24  publicly available or were available in other documents being produced.'").

25  Redwood and Colbeck have no standing to assert sealing designations in the

26  Revised SAC beyond what the MindGeek Defendants and the Individual Defendants

27  have designated.  *See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*,

28  No. 17-CV-04992-BLF, 2019 WL 11658748, at *1 (N.D. Cal. July 11, 2019)

(denying applicant's motion to seal for certain documents designated confidential by another party where the designating party did not also seek sealing of the materials).

## CONCLUSION

Because the Defendants did not comply with the Court's Order to properly revise and narrowly tailor their sealing requests, the Court should deny the revised requests.  Even if this is overlooked, Defendants have not carried their heavy burden to show that these materials should be sealed.


Dated: April 10, 2025                      Respectfully submitted,
                                            */s/ Lauren Tabaksblat*
                                            Michael J. Bowe (pro hac vice)
                                            mbowe@brownrudnick.com
                                            Lauren Tabaksblat (pro hac vice)
                                            ltabaksblat@brownrudnick.com
                                            **BROWN RUDNICK LLP**
                                            7 Times Square
                                            New York, NY 10036
                                            Phone: 212.209.4800
                                            Fax: 212.209.4801

                                            David M. Stein (State Bar #198256)
                                            dstein@olsonstein.com
                                            **OLSON STEIN LLP**
                                            240 Nice Lane #301
                                            Newport Beach, CA 92663
                                            Phone: 949.887.4600

                                            **Counsel for Plaintiff**