JAMES M. PEARL (Bar No. 198481)
James.Pearl@weil.com
KIAURA CLARK (Bar No. 336314)
Kiaura.Clark@weil.com
WEIL, GOTSHAL & MANGES LLP
1999 Avenue of The Stars, 18th Floor
Los Angeles, CA 90067
Telephone: (213) 667-5100
Facsimile: (213) 667-5111

ZACHARY D. TRIPP *(pro hac vice admitted)*
Zack.tripp@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants*
*Redwood Capital Management, LLC, Redwood*
*Master Fund, Ltd., Redwood Opportunity Master*
*Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC, and*
*White-Hathaway Opportunity Fund, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br>v.<br><br>MINDGEEK S.A.R.L.  foreign entity;<br>MG FREESITES, LTD., a foreign entity;<br>MINDGEEK USA INCORPORATED, a<br>Delaware corporation; MG PREMIUM<br>LTD, a foreign entity; MG GLOBAL<br>ENTERTAINMENT INC., a Delaware<br>corporation; 9219-1568 QUEBEC, INC.,<br>a foreign entity; BERND BERGMAIR, a<br>foreign individual; FERAS ANTOON, a | Case No. 2:21-cv-04920-WLH-ADS<br><br>**DECLARATION OF KIAURA CLARK IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ORDER PERMANENTLY SEALING DOCKET NOS. 654 AND 655-2 UNDER SEAL [ECF NO. 661]**<br><br>Courtroom:    9B<br>Judge:        Hon. Wesley L. Hsu |

foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; GINGOERUM , LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware corporation; CB MEDIA VENTURES LLC, a Delaware corporation, CB AGENCY SERVICES, LLC, a Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation,

Defendant(s).

DECLARATION OF KIAURA CLARK ISO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

CASE NO. 2:21-CV-04920-WLH-ADS

I, Kiaura Clark, declare as follows:

1.      I am an attorney with the law firm of Weil, Gotshal, & Manges LLP, counsel of record for Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC (together, the "Redwood Defendants" or "Redwood").  I am duly admitted to practice law before all the courts of the State of California and this Court.  I have personal knowledge of the matters discussed below and if called upon to do so, I could and would competently testify thereto.

2.      Pursuant to Civil Local Rule 79-5.2.2, I make this declaration on behalf of the Redwood Defendants in support of Plaintiff Serena Fleites' ("Plaintiff") Application for an Order Permanently Sealing Docket Nos. 654 and 655-2 Under Seal, ECF No. 661  (the "Application").

3.      On December 15, 2025, Plaintiff filed a Third Amended Complaint in this action ("TAC").  On December 19, 2025, the Redwood Defendants filed a declaration in support of sealing limited portions of the TAC that implicated material Redwood identified as confidential.  *See* ECF No. 626.

4.      On January 9, 2026, Plaintiff's counsel emailed the Colbeck, MindGeek, and Redwood Defendants and asked to meet and confer regarding their respective proposed redactions to the TAC.  On January 15, 2026, the parties met and conferred regarding proposed redactions.  During that call, Plaintiff's counsel indicated that they would provide a list of specific proposed unredactions for Defendants to consider.  On January 23, 2026, Plaintiff's counsel provided a list of proposed unredactions to the TAC.

5.      Having considered Plaintiff's positions, and in the spirit of compromise and the balance of right to public access, the Redwood Defendants provided Plaintiff's counsel with a narrowed list of requested redactions to the TAC on February 11, 2026. The Redwood Defendants agreed to many of Plaintiff's requested unredactions, while

continuing to pursue the narrow redactions that implicate confidential information. Plaintiff's counsel thanked the Redwood Defendants for taking a close look.

6. On March 5, 2026, Plaintiff's counsel asked whether Defendants would oppose Plaintiff's application to file their Opposition to Defendants' Omnibus Motions to Dismiss the TAC (the "Opposition") under seal. The Redwood Defendants indicated that they would not oppose, and that any materials they designated as confidential or highly confidential should be filed under seal.

7. Late Friday night, March 6, 2026, Plaintiff filed the Opposition (including a public and sealed version, ECF Nos. 654 and 655-2). Plaintiff applied limited redactions to the Opposition that were entirely *inconsistent* with the Colbeck, MindGeek, and Redwood Defendants' requested redactions to the TAC, and that revealed Defendants' confidential information.

8. Upon discovering the error, on Sunday, March 8, 2026, the Redwood Defendants (along with the Colbeck and MindGeek Defendants) alerted Plaintiff to the error, and requested that their confidential material be removed from the public docket. The Redwood Defendants also quickly identified the portions of the Opposition that should have been redacted. Plaintiff asked the clerk to lock the docket on March 8, 2026. The clerk locked the docket, and indicated that a court order would be needed to have the dockets permanently sealed.

9. On March 10, 2026, Plaintiff filed a renewed application to seal the Opposition, applying Defendants' redactions. ECF No. 659. Redwood Defendants are submitting a declaration in support of that renewed application, too.

10. Through this Declaration, the Redwood Defendants seek to seal the limited portions of the Opposition at ECF Nos. 654 and 655-2 that pertain to (i) Redwood's confidentiality obligations to parties and third parties in connection with private financing agreements, as well as actions taken in connection with those agreements, including due diligence; (ii) proprietary business information and sensitive non-public

DECLARATION OF KIAURA CLARK ISO
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE
UNDER SEAL

2

CASE NO. 2:21-cv-04920-WLH-ADS

information included in the terms, structure, and due diligence of the financing agreements, as well as actions taken in connection with those agreements; and/or (iii) privacy interests of third parties.

11.     Redwood Defendants' requested redactions are consistent with their narrowed redactions to the TAC.  Redwood's sealing request as to the Opposition does not expand its prior sealing position.  To the contrary, after meeting and conferring with Plaintiff, Redwood materially narrowed its requested TAC redactions and now seeks to seal in the Opposition only those limited passages that disclose the same still-confidential subject matter reflected in Redwood's revised TAC sealing positions.  In other words, the redactions requested here are not new categories of information; they are the same confidential financing, diligence, counterparty, and internal-response material that Redwood has consistently sought to protect on a narrower basis following the parties' negotiations.[1]

## I.     THE STANDARD FOR SEALING RECORDS

12.     The court applies a "compelling reason" test to applications to seal documents that are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016).  Under the "compelling reasons" standard, a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal documents. *Pintos*, 605 F.3d at 679.  "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id*. at 679 n.6 (citation omitted).  This list is not exhaustive.

13.     The federal common law right to access public records is "not absolute."

---

[1] Plaintiff suggests that Defendants' (including Redwood's) redactions may be inconsistent with prior sealing requests for the SAC and TAC.  But, Plaintiff does not identify with specificity which of Redwood's proposed redactions to the Opposition are inconsistent.  The one allegedly inconsistent redaction attributed to Redwood does not appear in the Opposition.  Redwood has taken care to tailor its redactions of the Opposition to be consistent with its positions as to the SAC and TAC.

DECLARATION OF KIAURA CLARK ISO
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE
UNDER SEAL

3

CASE NO. 2:21-cv-04920-WLH-ADS

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing[.]" *Id*. (internal quotation marks omitted) (citations omitted). While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion[.]" *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015) (alterations added). Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted).

14.    There are a variety of "compelling reasons" to seal documents.

15.    *First*, courts routinely find compelling reasons to seal third-party confidential material. *See FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling reasons standard to the extent it may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets[.]"); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (compelling reason existed to seal confidential information regarding a party's business partners where the disclosure of that information could harm the party's competitive standing).

16.    *Second*, Courts have sealed documents that reflect "confidential business strategies and other commercially sensitive information." *See Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also*

*ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023) (commenting that future business planning and competitive strategy amount to "quintessential business information that may harm a firm's competitive standing if disclosed to the public") (citations omitted).

17.    This is consistent with the United States Supreme Court's determination that courts may seal "business information that might harm a litigant's competitive standing[.]"  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citation omitted); *see also IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (it "is common now in business litigation" to seal "confidential [business] information") (alteration added).  Courts also find compelling reasons to seal confidential business information.  *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including nonpublic information about a company's business strategy, business transactions, corporate structure, and finances.") (citation omitted); *Pacira Pharms., Inc. v. Rsch. Dev. Found.*, No. 2:21-cv-02241-CDS-DJA, 2024 WL 4229046, at *2, *5 (D. Nev. Sept. 17, 2024) (sealing commercially sensitive non-public banking information and business information); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ( "business information that might harm a litigant's competitive standing[]" is sealable) (citation omitted); *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, No. 19cv1667-LAB-AHG, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021) ( "protect[ing] [employees] from potential harassment . . . forms a compelling reason warranting sealing of the non-parties' personal identifying information[]") (alterations added); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPCMDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (compelling reasons to seal information subject to confidentiality agreements); *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *14 (S.D. Cal. Feb. 22, 2007) (granting application to seal exhibits to a

declaration because they contained "proprietary and/or trade secret information[]" and the information was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) (granting request to seal a petition because it contained information that, if publicly released, "could place [the petitioner] in a diminished bargaining position in future negotiations").

18.    *Third*, courts in the Ninth Circuit routinely grant requests to seal proprietary information regarding the terms of corporate agreements. *See Monterey Bay Mil. Hous. LLC v. Ambac Assurance Corp.*, No. 17-cv-04992-BLF, 2019 WL 11658748, at *2 (N.D. Cal. July 11, 2019) ( "compelling reasons" to seal "documents [that] relate to financial transactions that were intended to be, and have been, kept in confidence[,]" as well  as "private financial and operational information" regarding business); *Reputation.com, Inc. v. Mullarkey*, No. 21-cv-07340-HSG, 2022 WL 4775881, at *2 (N.D. Cal. Sept. 30, 2022) (compelling reasons because the "documents contain confidential business and financial information relating to the terms of [a corporate] acquisition" which, "[i]f publi[shed], the terms of the agreement could be used against Plaintiff in future negotiations by potential acquirees or other entities competing against Plaintiff . . . for such opportunities[]") (alterations added); *Allianz Glob. Risks US Ins. Co. v. United States*, No. 21-cv-1202-BAS-BGS, 2021 WL 3171862, at *2 (S.D. Cal. July 27, 2021) ("compelling reasons" to seal information from which "the potential economic value of [the designating party's] business ventures can be deduced") (alteration added); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons to seal "confidential business information," such as "confidential business agreements executed among the parties," agreement terms, amounts paid under agreements, "financial terms," details of negotiations, and "business strategies"); *Finisar Corp. v. Nistica, Inc.*, No. 13–cv–03345–BLF (JSC), 2015 WL

DECLARATION OF KIAURA CLARK ISO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

6

CASE NO. 2:21-cv-04920-WLH-ADS

3988132, at *5 (N.D. Cal. June 30, 2015) (party may meet burden under Local Rule 79-5 where party seeks to seal "proprietary and confidential business information[,]" including agreements reflecting "parties' obligations and terms of payment[]"); *see also Nguyen v. City of Garden Grove*, No. 8:21-01775 JVS (ADSx), 2023 WL 2558536, at *4 (C.D. Cal. Feb. 2, 2023) (during discovery, permitting redactions of private financial information such as "asset information"); *Landmark Screens, LLC v. Morgan Lewis & Brokius LLP*, No. C08-02581 JF (HRL), 2010 WL 3221859, at *5 (N.D. Cal. Aug. 13, 2010) (sealing "confidential business information which is not intended for public disclosure[]").

19.     *Fourth*, Courts have found "compelling reasons" to seal documents, where their disclosure would be in violation of a specific confidentiality provision set forth in those documents.  *See, e.g., SDI Labs, Inc. v. Sameday Techs., Inc.*, No. CV 23- 05619-MWF (MRWx), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023) (concluding "compelling reasons" existed to seal a term sheet, which contained a confidentiality provision that may "expos[e] [the defendants] to a potential lawsuit" if disclosed) (alterations added) (citation omitted); *Hubrick Ltd. v. Wanderset, Inc.*, No. CV18-7980-SJO (RAOx), 2019 WL 3000652, at *6 (C.D. Cal. Mar. 19, 2019) (finding compelling reasons to seal a document, where disclosure would "risk potential law suits and injury as a result of a breached confidentiality agreement").

20.     Finally, "[c]ourts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action." *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962-HSG, 2022 WL 1180216, *2 (N.D. Cal. Mar. 30, 2022); *Snapkeys*, 2021 WL 1951250, at *3 ("This Court has found compelling reasons to seal personally identifiable information.") (citation omitted); *Am. Auto. Ass'n of N. Cal., Nev., & Utah v. Gen. Motors LLC,* No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone

DECLARATION OF KIAURA CLARK ISO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

7

CASE NO. 2:21-cv-04920-WLH-ADS

numbers, and email addresses[]”).

21.     The limited redactions sought by Redwood will not impair the public's ability to understand the issues before the Court or the parties' legal positions.  Redwood does not seek to seal the core allegations of Plaintiff's claims or the legal standards governing those claims.  Rather, Redwood seeks to redact narrow passages that disclose nonpublic financing terms and actions related thereto, confidential diligence, transaction structure, and limited third-party information.  The public can fully understand Plaintiff's theories, Redwood's defenses, and the Court's resolution of the motions without disclosure of those confidential details.

22.     In light of the foregoing, there are compelling reasons for the Court to seal the narrow portions of the Opposition identified herein.

**II.     <u>The Identified Portions of the Opposition Should Be Redacted Appropriately</u>**

23.     The Redwood Defendants have identified lines of the Opposition which should remain under seal.  Compelling reasons exist to seal each of these excerpts because they may implicate (i) Redwood Defendants' confidentiality obligations to parties and third parties in connection with private financing agreements, as well as actions taken in connection with those agreements, including due diligence; (ii) proprietary business information and sensitive non-public information, including that which is included in the terms and structure of the 2013 and 2018 Financing Agreements,[2] the Notice of Default, third party entities, as well as actions taken in connection with those agreements; and/or (iii) privacy interests of third parties.

24.     Many of the passages identified below disclose nonpublic details concerning the structure and operation of Redwood's private financing arrangements, including reporting categories, diligence expectations, enforcement rights, and actions allegedly taken in connection with the 2013 and 2018 financing agreements and related default

---

[2] “2013 and 2018 Financing Agreements,” and together, the “Financing Agreements” means and refers to the financing agreements between Redwood, the other lenders party thereto, and MindGeek from 2013 and 2018.  *See* ECF Nos. 450-2, 450-3.

process. Disclosure of that information would reveal how Redwood evaluates, monitors, structures, negotiates, and protects distressed-credit investments, which is commercially sensitive information not ordinarily available to competitors, counterparties, or the public.

25. Other passages identified below disclose alleged relationships, diligence practices, recruiting efforts, and communications involving nonparty lenders, potential fund participants, agents, and other counterparties. Those allegations implicate not only Redwood's confidentiality obligations, but also the independent confidentiality and privacy interests of nonparties who are not before the Court and whose identities, relationships, or alleged roles have minimal bearing on the public's ability to understand the legal issues presented.

26. The page-and-line requests set forth below correspond to passages in the Opposition that disclose the same categories of TAC material Redwood has continued to seek to protect following the parties' negotiated narrowing of Redwood's TAC sealing position:

| EXCERPT REQUESTED FOR SEALING | REASON |
| --- | --- |
| Opp. at 25:13 | Confidential terms of financing agreements; Confidential business strategy; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| Opp. at 25:18-21 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants |

DECLARATION OF KIAURA CLARK ISO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

9

CASE NO. 2:21-cv-04920-WLH-ADS

| | |
|---|---|
| | to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| Opp. at 25:22-26:3 | Implication of third-party confidentiality obligations, disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Proprietary business information regarding another entity's business model; Confidential financial information, terms of financing agreements, and/or actions taken related thereto; Confidential business strategy, policies, and procedures. |
| Opp. at 26:12-14 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| Opp. at 27:1-4 | Confidential terms of financing agreements; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| Opp. at 27:13-15 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the |

DECLARATION OF KIAURA CLARK ISO
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE
UNDER SEAL

10

CASE NO. 2:21-cv-04920-WLH-ADS

| | Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
|---|---|
| Opp. at 27:18-28:18 | Confidential terms of financing agreements, and action taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Privacy interest of third parties. |
| Opp. at 30:5-6 | Implication of third-party confidentiality obligations, disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Confidential financial information, terms of financing agreements, and/or actions taken related thereto; Confidential business strategy, policies, and procedures. |
| Opp. at 30:12 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| Opp. at 33:9-11 | Confidential business strategy, policies, and procedures; Confidential financial information, terms of financing |

DECLARATION OF KIAURA CLARK ISO
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE
UNDER SEAL

11

CASE NO. 2:21-cv-04920-WLH-ADS

| | |
|---|---|
| | agreements, and actions taken related thereto. |
| Opp. at 33:20-26 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| Opp. at 34:3-4 | Implication of third-party confidentiality obligations, disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; proprietary business information regarding another entity's business model; Confidential financial information, terms of financing agreements, and/or actions taken related thereto; Confidential business strategy, policies, and procedures. |
| Opp. at 34:5-7 | Implication of third-party confidentiality obligations, disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Proprietary business information regarding another entity's business model; Confidential financial information, terms of financing agreements, and/or actions taken related thereto; Confidential business strategy, policies, and procedures. |
| Opp. at 34:8-9 | Confidential financial information, terms of financing agreements, and/or actions taken related thereto; Confidential |

|  | business strategy, policies, and procedures. |
|---|---|
| Opp. at 34:21-22 | Confidential terms of financing agreements, and action taken related thereto; Confidential business strategy, policies, and procedures. |
| Opp. at 36:8-9 | Implication of third-party confidentiality obligations, disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Proprietary business information regarding another entity's business model; Confidential financial information, terms of financing agreements, and/or actions taken related thereto; Confidential business strategy, policies, and procedures. |
| Opp. at 36:20 | Implication of third-party confidentiality obligations, disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Proprietary business information regarding another entity's business model; Confidential financial information, terms of financing agreements, and/or actions taken related thereto; Confidential business strategy, policies, and procedures. |
| Opp. at 37:14-15 | Implication of third-party confidentiality obligations, disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Proprietary business information regarding another entity's business model; Confidential financial information, terms of financing agreements, and/or actions taken related |

|  | thereto; Confidential business strategy, policies, and procedures. |
|---|---|
| Opp. at 39:14-15 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| Opp. at 39:23-24 | Confidential financial information, terms of financing agreements, and actions taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |
| Opp. at 40:17-41:1 | Implication of third-party confidentiality obligations, disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Proprietary business information regarding another entity's business model; Confidential financial information, terms of financing agreements, and/or actions taken related thereto; Confidential business strategy, policies, and procedures. |
| Opp. at 41:4-10 | Confidential terms of financing agreements, and action taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations |

DECLARATION OF KIAURA CLARK ISO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

14

CASE No. 2:21-cv-04920-WLH-ADS

| | |
|---|---|
| | (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality; Privacy interests of third parties. |
| Opp. at 47:8-10, 12-14 | Confidential terms of financing agreements, and action taken related thereto; Confidential business strategy, policies, and procedures; Implication of third-party confidentiality obligations (including with respect to the Financing Agreements), disclosure of which would subject Redwood Defendants to potential litigation, and for which third parties may have a separate interest in such confidentiality. |

27. Redwood Defendants' request to seal is narrowly tailored. The Redwood Defendants maintain the confidentiality of information pertaining to private financing agreements and diligence in connection therewith. The Redwood Defendants have a significant interest in protecting confidential material in the Opposition and would be prejudiced if such information became publicly available, including because any disclosure of the confidential material that the Redwood Defendants seek to seal would be contrary to express confidentiality provisions that implicate both parties *and* non-parties, and pose a risk of related litigation.

28. For instance, the 2013 and the 2018 Financing Agreements contain express confidentiality and public disclosure provisions. *See* ECF No. 450-2 §§ 12.20, 12.21; 450-3 §§ 12.20, 12.21. Those agreements also relate to countless other lenders. Further, the Notice of Default quotes certain provisions of the 2018 Financing Agreement and names the administrative and collateral agent, which the Redwood Defendants and the other lenders party to the 2018 Financing Agreement agreed to keep confidential pursuant to the Financing Agreement's public disclosure provisions. *See id.*; *see also* ECF No.

DECLARATION OF KIAURA CLARK ISO
PLAINTIFF'S APPLICATION FOR LEAVE TO FILE
UNDER SEAL

15

CASE NO. 2:21-cv-04920-WLH-ADS

450-4. These confidentiality obligations are implicated by disclosure of their terms and/or actions taken in connection with the same.

29. These confidentiality interests are not Redwood's alone. The passages at issue also implicate the interests of other lenders, administrative and collateral agents, potential financing counterparties, and other nonparties whose rights and obligations are referenced in or arise from those agreements and related dealings. Public disclosure would therefore affect not only Redwood, but also third parties who reasonably expected that this information would remain confidential.

30. Moreover, the details of Redwood's confidential financing agreements (set forth in the 2013 and 2018 Financing Agreements and Notice of Default)—and actions taken in connection thereto, have value due to the fact that they are known only to the parties to those agreements and can be used as negotiating leverage to gain an unearned competitive advantage.

31. Public disclosure would provide competitors and prospective counterparties with a roadmap to Redwood's nonpublic distressed-financing practices, including how Redwood structures transactions, conducts diligence, negotiates protections, evaluates defaults, and responds to borrower distress or reputational events. That information has independent commercial value because it is not publicly known and could be used by competitors, counterparties, or future financing clients to Redwood's disadvantage in negotiations. Disclosure could impact Redwood's ability to negotiate for future financing on similar terms and could result in competitive disadvantage with respect to competitors negotiating for the same financing client and potential clients seeking the same financing terms. Disclosure could also chill future counterparties from sharing confidential information with Redwood if they believe transaction-specific terms, diligence expectations, and internal dealings may later be aired publicly.

32. Finally, to the extent the identified passages disclose the identities, relationships, or alleged roles of nonparty entities or individuals, those disclosures also

implicate privacy and reputational interests that are disproportionate to any marginal public value of leaving those details unredacted.

33.    For all of the aforementioned reasons, the Redwood Defendants respectfully request the Court enter an order permanently sealing the confidential information identified in the Opposition at ECF Nos. 654 and 655-2, consistent with the Redwood Defendants' prior applications to this Court.

34.    Executed in Los Angeles, California on March 16, 2026.

/s/ Kiaura Clark
KIAURA CLARK