Michael J. Bowe
(admitted pro hac vice)
mbowe@brithem.com
Lauren Tabaksblat
(admitted pro hac)
ltabaksblat@brithem.com
BRITHEM LLP
565 Fifth Avenue
New York, NY 10017
Telephone: (646) 653-9378

Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
OLSON STEIN LLP
240 Nice Lane # 301
Newport Beach, CA 92663
Telephone: (949) 887-4600
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SERENA FLEITES, <br><br> Plaintiff, <br><br> v. <br><br> MINDGEEK S.A.R.L., et al., <br><br> Defendants. | Case No. 2:21-cv-04920-WLH-ADS <br><br> Hon. Wesley L. Hsu <br><br> **NOTICE OF PLAINTIFFS' OMNIBUS MOTION TO VACATE THE COURT'S OCTOBER 17, 2025 ORDER DISMISSING PLAINTIFFS' TVPRA BENEFICIARY LIABILITY CLAIMS AGAINST VISA INC. WITH PREJUDICE BASED ON NEW CONTROLLING LAW** <br><br> Date:      April 24, 2026 <br> Time:      1:30 pm <br> Courtroom:      9B |

Case No. 2:21-cv-04920-WLH-ADS

PLAINTIFFS' NOTICE OF MOTION AND OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE THAT on April 24, 2026, at 1:30 p.m., or as soon thereafter as the parties may be heard, in the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, before the Honorable Wesley L. Hsu in Courtroom 9B, Plaintiff Serena Fleites and plaintiffs in the Related Actions[1] (collectively, "Plaintiffs") will, and hereby do, move this Court to vacate the Court's October 17, 2025 Order dismissing with prejudice Plaintiffs' beneficiary liability claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. 1591(a), as to Defendant Visa Inc. based on new controlling law. Plaintiffs bring this omnibus motion in accordance with Plaintiffs' agreement with Defendant Visa Inc. to file in the above-captioned proceeding for the sake of judicial economy.

Plaintiffs bring this omnibus motion on the grounds that *Ratha v. Rubicon Res., LLC*, No. 23-55299, 2026 WL 480006, (9th Cir. Feb. 20, 2026) ("*Ratha II*") (en banc) is an intervening change of law that warrants vacating this Court's October 17, 2025 Order dismissing Plaintiffs' TVPRA beneficiary liability claim against Defendant Visa Inc., and further warrants granting leave to Plaintiffs to add an

---

[1] The Related Actions include: *K.A. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04786-WLH-ADS (C.D. Cal. Dec. 15, 2025); *L.T. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04791-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04788-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.Y. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04801-WLH-ADS (C.D. Cal. Dec. 15. 2025); *T.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04795-WLH-ADS (C.D. Cal. Dec. 16. 2025); *X.N. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04800-WLH-ADS (C.D. Cal. Dec. 15, 2025); *J.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04971-WLH-ADS (C.D. Cal. Dec. 16, 2025); *C.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04992-WLH-ADS (C.D. Cal. Dec. 16, 2025); *S.O. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04998-WLH-ADS (C.D. Cal. Dec. 16, 2025); *W.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04977-WLHADS (C.D. Cal. Dec. 16, 2025); *L.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05026-WLH-ADS (C.D. Cal. Dec. 16, 2025); *A.K. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05190-WLH-ADS (C.D. Cal. Dec. 15, 2025); *W.P. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05185-WLH-ADS (C.D. Cal. Dec. 16, 2025); and *J.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-07046-WLH-ADS (C.D. Cal. Dec. 16, 2025).

PLAINTIFFS' NOTICE OF MOTION AND OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

additional count to their complaints to reinstate this claim.

This omnibus motion is based upon this Notice of Motion, all other pleadings and papers on file herein, and such other argument and evidence as may be presented to the Court.

This omnibus motion is made following the conference of counsel, pursuant to Local Rule 7-3, which took place via Zoom videoconference on March 13, 2026.

DATED: March 27, 2026

By: /s/ *Michael J. Bowe*
Michael J. Bowe
*Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

Michael J. Bowe (admitted *pro hac vice*)
mbowe@brithem.com
Lauren Tabaksblat (admitted *pro hac vice*)
ltabaksblat@brithem.com
**BRITHEM LLP**
565 Fifth Avenue
New York, NY 10017
Telephone: (646) 653-9378

Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane # 301
Newport Beach, CA 92663
Telephone: (949) 887-4600
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

|  |  |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br><br>  v.<br><br>MINDGEEK S.A.R.L., *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>Hon. Wesley L. Hsu<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION TO VACATE THE COURT'S OCTOBER 17, 2025 ORDER DISMISSING PLAINTIFFS' TVPRA BENEFICIARY LIABILITY CLAIMS AGAINST VISA INC. WITH PREJUDICE BASED ON NEW CONTROLLING LAW**<br><br>Date:    April 24, 2026<br>Time:   1:30 pm<br>Ctrm:   9B |

Case No. 2:21-cv-04920-WLH-ADS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

RELEVANT BACKGROUND ...........................................................................3

    A.    Procedural History.........................................................................3

    B.    The October 17, 2025 Order.........................................................5

    C.    Plaintiff's Third Amended Complaint (TAC)..............................6

    D.    The Ninth Circuit's *En Banc* Decision in *Ratha II*. .......................8

LEGAL STANDARD ..........................................................................................9

ARGUMENT ......................................................................................................10

I.    THE COURT SHOULD VACATE ITS DISMISSAL WITH PREJUDICE IN LIGHT OF *RATHA II*...............................................10

II.    LEAVE TO AMEND SHOULD BE GRANTED...............................13

CONCLUSION ..................................................................................................15

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.A. v. Omnicom Grp., Inc.*,
2026 WL 504904, at * 11 (S.D.N.Y. Feb. 24, 2026)........................................ 12

*Akhmad v. Bumble Bee Foods, LLC*,
2025 WL 3158655 (S.D. Cal. Nov. 12, 2025) ..................................................... 15

*Am. Career Coll. v. Medina*,
2022 WL 1839096 (C.D. Cal. Feb. 14, 2022) ............................................. 12, 13

*Anderson v. Allstate Ins. Co.*,
630 F.2d 677 (9th Cir. 1980)................................................................................ 9

*Castellar v. Mayorkas*,
2021 WL 3856488 (S.D. Cal. Aug. 30, 2021) ................................................... 11

*Daghlian v. DeVry Univ., Inc.*,
582 F. Supp. 2d 1231 (C.D. Cal. 2007) .............................................................. 9

*Doe #1 v. Red Roof Inns, Inc.*,
21 F.4th (11th Cir. 2021) ..................................................................................... 9

*Doe (L.M.) v. 42 Hotel Raleigh, LLC*,
2024 WL 4204906 (E.D.N.C. Sept. 16, 2024)..................................................... 4

*Doe v. Bank of Am., N.A.*,
2026 WL 380385 (S.D.N.Y. Feb. 11, 2026)...................................................... 14

*Eminence Capital LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ..................................................................... 10, 13

*F.C. v. Jacobs Sols. Inc.*,
790 F. Supp. 3d 1158 (D. Colo. 2025)............................................................... 15

*G.G. v. Salesforce.com, Inc.*,
76 F.4th 544 (7th Cir. 2023) ................................................................................ 4

*Isaac Davidson-Gesser v. Aequor Healthcare Servs., LLC*,
2025 WL 4058326 (C.D. Cal. Dec. 30, 2025).................................................... 13

*Rabin v. PricewaterhouseCoopers LLP*,
   2019 WL 9078785 (N.D. Cal. Apr. 5, 2019) ...................................................... 10

*Ratha v. Rubicon Resources, LLC*,
   Case No. 23-55299, 2026 WL 480006 (9th Cir. Feb. 20, 2026) ................ *passim*

*Schramm v. Montage Health*,
   2019 WL 377772 (N.D. Cal. Jan. 30, 2019) ...................................................... 10

*Sequoia Forestkeeper v. U.S. Forest Serv.*,
   2011 WL 902120 (E.D. Cal. Mar. 15, 2011) ...................................................... 11

*Sessa v. Ancestry.com Operations Inc.*,
   713 F. Supp. 3d 997 (D. Nev. 2024) ................................................................... 11

*SurvJustice Inc. v. DeVos*,
   2019 WL 1434144 (N.D. Cal. Mar. 29, 2019) ............................................. 10, 11

*T.E. v. Wyndham Hotels & Resorts, Inc.*,
   2024 WL 474400 (S.D. Ohio Feb. 7, 2024) ......................................................... 4

*Waits v. Weller*,
   653 F.2d 1288 (9th Cir. 1981) ........................................................................... 10

*Yong v. I.N.S.*,
   208 F.3d 1116 (9th Cir. 2000) ........................................................................... 11

*In re Zermeno-Gomez*,
   868 F.3d 1048 (9th Cir. 2017) ........................................................................... 11

**Statutes**

Trafficking Victims Protection Act, 18 U.S.C. § 1591 *et seq.* ........................ *passim*

**Other Authorities**

Federal Rules Civil Procedure Rule 15(a) ............................................................. 10

Federal Rules Civil Procedure Rule 54(b) ..................................................... 2, 9, 10

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

Plaintiff Serena Fleites ("Plaintiff"), and plaintiffs in the Related Actions[1] (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of Plaintiffs' Omnibus Motion to Vacate the Court's October 17, 2025 Order dismissing Plaintiffs' TVPRA beneficiary liability claim against Visa Inc. ("Visa") with prejudice (Dkt. 614) ("Visa Order") and for leave to add an additional count to the Third Amended Complaint ("TAC") to address an intervening change in controlling law. The proposed additional count is annexed as Exhibit A to the accompanying Declaration of Alexander Nowakowski.

## INTRODUCTION

On February 20, 2026, the Ninth Circuit issued its *en banc* decision in *Ratha v. Rubicon Resources, LLC*, Case No. 23-55299, 2026 WL 480006 (9th Cir. Feb. 20, 2026) ("*Ratha II*"). The decision clarified the standards governing beneficiary liability under the Trafficking Victims Protection Act ("TVPRA"), realigning them with the statute's broad, remedial purpose and Congress's clear intent.

*First*, the Ninth Circuit rejected any judicially imposed "limiting" principles on the plain, ordinary, and broad meaning of "participation," and instructed that liability extends to all those that "take part" in the venture in any manner,

---

[1] The Related Actions include: *K.A. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04786-WLH-ADS (C.D. Cal. Dec. 15, 2025); *L.T. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04791-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04788-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.Y. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04801-WLH-ADS (C.D. Cal. Dec. 15, 2025); *T.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04795-WLH-ADS (C.D. Cal. Dec. 16. 2025); *X.N. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04800-WLH-ADS (C.D. Cal. Dec. 15, 2025); *J.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04971-WLH-ADS (C.D. Cal. Dec. 16, 2025); *C.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04992-WLH-ADS (C.D. Cal. Dec. 16, 2025); *S.O. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04998-WLH-ADS (C.D. Cal. Dec. 16, 2025); *W.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04977-WLHADS (C.D. Cal. Dec. 16, 2025); *L.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05026-WLH-ADS (C.D. Cal. Dec. 16, 2025); *A.K. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05190-WLH-ADS (C.D. Cal. Dec. 15, 2025); *W.P. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05185-WLH-ADS (C.D. Cal. Dec. 16, 2025); *and J.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-07046-WLH-ADS (C.D. Cal. Dec. 16, 2025).

irrespective of whether it is through a direct trafficker.  The court also made clear that there is no requirement that a beneficiary operate, manage, or control the venture.  All that is required is that a defendant "knew or should have known" the venture was engaged in trafficking, and, nevertheless, continued to attempt or benefit from participating in any manner in the venture.

*Second*, the Ninth Circuit explained that, because the statute reaches attempts to benefit, liability does not depend on whether the defendant ultimately completed a transaction or successfully profited.  Thus, a defendant may be liable where, with the requisite knowledge, it continues participating in the venture and attempts to derive financial benefit from the venture.

*Third*, the court cautioned that, when considering the elements of participation and knowledge, all facts and inferences must be accepted as true and "viewed in the light most favorable to plaintiff."  The court found the district court had not done so, and it reversed and remanded the dismissal of Ratha's beneficiary liability claims for further proceedings consistent with the opinion.

Plaintiffs respectfully submit that the standards this Court applied in its October 17, 2025 Order dismissing Plaintiff's beneficiary liability claims against Visa with prejudice are not consistent with *Ratha II*.  Pursuant to Rule 54(b), Plaintiffs therefore respectfully ask the Court to vacate the October 17, 2025 Order.

This Court has previously recognized that "a court order that does not terminate the action may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Dkt. 614 at 14. The broad discretion to rescind or modify an interlocutory order rests with the district court and may be exercised for any "cause seen by it to be sufficient."  *Id.* Courts in this circuit regularly exercise that discretion to vacate dismissals with prejudice and grant leave to amend based on intervening changes in controlling law. The new standards articulated by the Ninth Circuit in *Ratha II* warrant the same result here.

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

Plaintiffs submit that the facts alleged in the Third Amended Complaint, filed on December 15, 2025 (the "TAC"), state a claim for beneficiary liability against Visa under *Ratha II*'s standards. Plaintiffs therefore seek leave to amend the TAC to add a count for beneficiary liability against Visa based on the currently pleaded factual allegations. Plaintiffs do not seek leave to add new allegations; they merely seek leave to add a claim under the existing allegations for the Court's consideration in light of the new controlling law.

Visa would not suffer any prejudice from an amendment at this stage of the proceedings. Plaintiffs and Visa are currently litigating other claims under the TVPRA arising from the same facts and circumstances that give rise to Plaintiffs' proposed additional beneficiary liability claim. The case is still in its infancy, motions to dismiss have not been fully resolved, discovery has not commenced, and no pre-trial scheduling order has been entered, and thus there would be no duplication or material delay.

Under these circumstances, the Court should exercise its discretion to allow Plaintiffs to realign the pleadings with the Ninth Circuit's mandate and Congress's clear intent.

## RELEVANT BACKGROUND

### A.    Procedural History

This action was commenced on June 17, 2021, Dkt. 1, and the first amended complaint was filed on March 21, 2022 (the "FAC"), Dkt. 124-3, asserting, among others, claims against Visa for beneficiary and conspiracy liability under the Trafficking Victims Protection Act ("TVPRA"). Dkt. 124-3.[2] By Order dated July 29, 2022, Judge Cormac Carney held the FAC stated a claim against Visa for

---

[2] The initial complaint was filed on behalf of Plaintiff Serena Fleites and Jane Does 1-33. Dkt. 1. On February 10, 2022, Judge Carney granted defendants' motion to sever and directed Plaintiff Fleites to file the First Amended Complaint as the only named plaintiff. Dkt. 119.

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

conspiracy to violate the TVPRA under 18 U.S.C. § 1594(c), but granted Visa's motion to dismiss Plaintiff Fleites' beneficiary liability claim under 18 U.S.C. § 1591(a)(2) on the grounds the FAC failed to allege a direct relationship between Visa and Plaintiff's direct traffickers.  Dkt. 166 at 21 ("Visa, however, is not alleged to have had any direct interaction with Plaintiff, her direct traffickers, or her videos, and therefore cannot bear beneficiary liability for knowingly participating in the sex trafficking venture that harmed Plaintiff.").

Plaintiff repleaded beneficiary liability claims against Visa in the Second Amended Complaint ("SAC"), filed on May 23, 2024, arguing that intervening decisions rejected any requirement that the beneficiary defendant have a direct relationship with the direct trafficker.  *See* Dkt.  477 at 31 (citing *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 561-62 (7th Cir. 2023); *Doe (L.M.) v. 42 Hotel Raleigh, LLC*, 2024 WL 4204906, *4-6 (E.D.N.C. Sept. 16, 2024) (sustaining beneficiary liability claim against franchisor where complaint alleged commercial venture between franchisor and franchisee and that franchisee violated section 1591(a)(2)); *T.E. v. Wyndham Hotels & Resorts, Inc.*, 2024 WL 474400, at *3, 6 (S.D. Ohio Feb. 7, 2024) (rejecting defendant's argument that it could not be liable as a beneficiary in the absence of direct interaction with plaintiff's street level trafficker).[3]

Plaintiff further argued that the extra-statutory requirement of a direct relationship between the beneficiary and direct trafficker was irreconcilable with the long line of cases imposing beneficiary liability on hotel franchisor defendants based on their participation in a venture with their franchisees.  *See* Dkt. 477 at 31 (citing *Doe #1 v. Red Roof Inns*, *Inc.*, 21 F.4th at 714, 725 (11th Cir. 2021) (observing that

---

[3] Following the filing of the SAC, the Related Actions were filed alleging substantially the same claims as those asserted by Fleites in the SAC.  *See supra* n. 1.  Plaintiffs in the Related Actions filed amended complaints on December 15, 2025 addressing the Court's orders granting defendants' motion to dismiss the SAC in the Fleites case.  *See* Dkts. 619-21.

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

beneficiary liability may be properly pleaded where "plaintiff had alleged that [defendants] participated in commercial ventures to operate hotels and those hotel ventures violated section 1591."))).

### B. The October 17, 2025 Order

On October 17, 2025, the Court granted Visa's motion to dismiss Plaintiff's beneficiary liability claim against Visa with prejudice on the grounds that the SAC failed to allege Visa's participation in a sex trafficking venture. Dkt 614 at 16-17.[4] The Court reasoned that Visa "did not form any sort of continuous relationship with or [have a] tacit agreement with Plaintiff's primary traffickers . . . [t]he only relationship Visa had was with MindGeek" who were themselves beneficiaries, not direct perpetrators. *Id.* at 16. Thus, the Court found Visa "was one step removed" and could not be liable under a beneficiary theory. *Id.* The Court observed "there is no allegation that Visa provided 'personalized support' that was 'targeted to [MindGeek's] specific needs." *Id.* It concluded that the relationship between Visa and MindGeek was "more akin to a 'remote intermediary.'" *Id.*; *see also id.* (citing *Doe 1 v. Deutsche Bank Aktiengesellschaft,* 671 F. Supp. 3d 387 (S.D.N.Y. 2023) (distinguishing the personalized services the defendant banks provided to Jeffrey Epstein from Visa's alleged "level of participation")).

The Court reached the same conclusion with respect to the beneficiary liability claims asserted against the funds financing MindGeek's expansion and growth. In a September 17, 2025 Order dismissing Plaintiff's beneficiary liability claims against defendants Redwood and Colbeck, the Court distinguished the hotel franchisor/franchisor cases that imposed beneficiary liability absent a relationship between the beneficiary franchisors and the direct traffickers on the grounds that the hotel franchisor "exercised control over the day-to-day operations of the underlying

---

[4] The Court entered its original Order on September 26, 2025. Dkt. 609.

business venture in a way that is not alleged" against Visa or the fund defendants in the SAC. Dkt. 605 at 22-23.

Thus, the Court concluded that, absent a direct relationship, participation requires day-to-day management over the venture and its trafficking activities, *id.* at 21-22, or the provision of "personalized services." Dkt 614 at 16. It reasoned that imposing beneficiary liability without this direct association or corresponding day-to-day control risked eliminating any limiting principle and would effectively expose a long line of downstream actors to liability. *See* Dkt. 605 at 22.

Because Plaintiffs had previously been afforded an opportunity to amend their claims against Visa, and because the Court viewed any further amendment of Plaintiff's beneficiary liability claim against Visa as futile absent a direct relationship between Visa and Plaintiff's direct trafficker, the Court dismissed Plaintiff's beneficiary liability claim against Visa with prejudice. Dkt. 614 at 17. The Court granted Plaintiff leave to replead her claim for conspiracy to violate the TVPRA pursuant to 18 U.S.C. 1591(a)(2). *See id.* at 46-47. The Court also granted Plaintiff leave to replead beneficiary liability claims against Redwood and Colbeck, which were asserted for the first time in the SAC. Dkt. 605 at 24, 49.

### C.   Plaintiff's Third Amended Complaint (TAC)

On December 15, 2025, Plaintiff filed the TAC. Dkt. 622. Claims relating to conspiracy and beneficiary liability under the TVPRA are currently pending before the Court.

With respect to Visa, the TAC alleges that Visa created a customized MindGeek set of practices and standards that were inconsistent with the parties' contract and the typical treatment of other merchants. These customized arrangements and accommodations to facilitate MindGeek's trafficking venture included, among other things, the following:

(i)   **Visa agreed to exempt MindGeek from ordinary compliance and enforcement.** Visa made a de facto exception for MindGeek and

allowed it to operate outside its compliance regime, suspended enforcement mechanisms that applied to and would have resulted in termination of other merchants, declined to terminate or suspend MindGeek in response to third-party reports of illegal activity, and instead allowed MindGeek to provide pretextual public reports and self-certifications that were inconsistent with Visa's standards and rules or its practices for other merchants (TAC ¶¶ 287, 291, 304-07, 312-13, 317);

(ii) **Visa agreed to permit MindGeek to route payments through MindGeek-controlled third-party processors to conceal illegality**. Visa delegated to those payment processors the putative obligation of monitoring the merchant, *i.e.*, permitting MindGeek to monitor itself which was a deviation from its practice with other high-risk merchants (*id.* ¶¶ 288, 308);

(iii) **Visa coordinated with MindGeek to minimize visibility of illegal content on its tubesites so it could continue processing payments.** In response to public reporting or reports from advocates, law enforcement, regulators and victims, Visa collaborated with MindGeek to scrub the site of illegality and suggested changes to certain words and descriptions connected to illegal content, but not the removal of content or other consequences (*id.* ¶¶ 310, 313);

(iv) **Visa agreed to remove restrictions on payments that had clear indicia of trafficking.** Visa lifted restrictions on high-risk payments with clear indicia of trafficking that would have resulted in suspensions or blocks on other merchant accounts (*id.* ¶¶ 310, 312);

(v) **Visa agreed to ban terminology on certain platforms.** Visa permitted use of banned words on MindGeek's tubesites that it had banned on its premium sites so Visa could continue processing

payments for that illegal content without detection (*id.* ¶¶310); and

(vi) **Visa coordinated with MindGeek to mitigate public reporting of illegality**. In response to mounting scrutiny, Visa and MindGeek coordinated to align public messaging, and Visa affirmatively misrepresented MindGeek as compliant and lawful and misled the public about its own enforcement posture (*id.* ¶¶ 311, 314, 316).

Each category required Visa to agree to "take part" in MindGeek's venture by doing something it would not have otherwise done with any other merchant or agree to refrain from something it would have ordinarily done with any other merchant. And the TAC alleges these were agreements unique to MindGeek as opposed to a universal practice. Indeed, some categories of this customized service arrangement involved mutual collaboration between MindGeek and Visa directly. These allegations are categorically and qualitatively the opposite of mere passive nonfeasance or indifference; they are intentional, directed, and unique.

Visa did so, because the unique arrangement allowed Visa to profit by charging MindGeek fees as much as 1,000% higher than it did for most other merchants, and furthered Visa's efforts to become the dominant payment processor for this lucrative emerging online pornography market. *Id.* ¶¶ 292–93, 321.

**D.    The Ninth Circuit's *En Banc* Decision in *Ratha II*.**

Two months after Plaintiffs filed the TAC and the Related Party amendments, on February 20, 2026, the Ninth Circuit, sitting *en banc*, issued its decision in *Ratha II*. The Ninth Circuit concluded that ATRA did not create new liability; it confirmed that Congress had always authorized and intended civil remedies against those who attempt or conspire to benefit from trafficking. *See Ratha II*, 2026 WL 480006 at 7.

The court also clarified the standards for beneficiary liability claims under the TVPRA. It rejected any extra statutory requirements on the plain and ordinary definition of participation, including any requirement that a defendant manage or

operate the venture. *See id.* at 14 (concluding the district court "held plaintiff to too high a bar" in imposing an operational or managerial element to the statutory definition of "participation"). The court instructed that "participation's" ordinary meaning is "a taking part, association, or sharing (with others) in some action or matter." *Id.* (defining participation as an "act of taking part in something"). In doing so, it adopted the Eleventh Circuit's reasoning in *Doe # 1 v. Red Roof Inns, Inc.,* 21 F.4th 714, 724-25 (11th Cir. 2021) that participation does not require a direct relationship with the direct trafficker; instead, a relationship with another beneficiary was sufficient. *See id.* The Ninth Circuit similarly rejected the position that participation required some

Finally, the *en banc* panel held the district court "doubly erred" in considering the elements of participation and knowledge by "failing to view the evidence in the light most favorable to Plaintiffs" with "all the facts and inferences in favor or plaintiffs." *Id.*

## LEGAL STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, this Court may revise any prior order adjudicating fewer than all claims in this case. *See* Fed. R. Civ. P. 54(b);[5] *see also* Dkt. 614 at 14 (citing *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possess the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient")). The broad discretion to rescind or modify an interlocutory order rests with the district court and may be exercised for any "cause seen by it to be sufficient." Dkt. 614 at 14; *see also Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

---

[5] An order dismissing only some claims or some parties with prejudice is interlocutory, not final. *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680 (9th Cir. 1980).

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

As Visa previously acknowledged (Dkt. 432 at 11), "[c]ourts retain discretion to depart from the law of the case where, among other things, 'an intervening change in the law has occurred.'" *Rabin v. PricewaterhouseCoopers LLP*, 2019 WL 9078785, at *4 (N.D. Cal. Apr. 5, 2019) (citations omitted); Dkt. 614 at 14-15 *(*quoting *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011)).

Under those circumstances, courts in this Circuit routinely vacate dismissals with prejudice and grant leave to amend to address intervening changes in the controlling law. *See, e.g.*, *SurvJustice Inc. v. DeVos*, 2019 WL 1434144, at *7 (N.D. Cal. Mar. 29, 2019) (amending dismissal with prejudice to permit amendment to address intervening Ninth Circuit decision); *Schramm v. Montage Health*, 2019 WL 377772, at *8 (N.D. Cal. Jan. 30, 2019) (granting leave to amend dismissed claim).

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave under Rule 15(a) is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Absent prejudice, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

## ARGUMENT

### I. THE COURT SHOULD VACATE ITS DISMISSAL WITH PREJUDICE IN LIGHT OF *RATHA II.*

*Ratha II* constitutes an intervening change of controlling law that goes directly to the heart of the Court's previous reasoning and warrants Rule 54(b) relief vacating the October 17, 2025 Order and allowing Plaintiffs to amend its TAC to include a TVPRA beneficiary liability claim against Visa.

The Court's October 17, 2025 Order dismissed Plaintiffs' beneficiary liability claims against Visa for failure to adequately plead participation. It found "participation" requires a direct relationship with the trafficker or, in the alternative,

10                    Case No. 2:21-cv-04920-WLH-ADS

operational control over the venture.  *See supra* § C.  In *Ratha II*, the Ninth Circuit rejected these requirements and instructed that  participation only requires a defendant  "to take part in or share with others in common or in association." *Ratha II*, 2026 WL 480006, at *14 (reversing the district court requiring "some action to operate or manage the venture" as "too high a bar; one can participate in a venture without operating or managing it.") (citing *Chacon v. Wilkinson*, 988 F.3d 1131, 1134 (9th Cir. 2021) (courts interpret term according to its ordinary meaning when Congress does not define it)).  This intervening change in the law warrants vacatur of the dismissal of the claim with prejudice in the October 17, 2025 Order.  *See Castellar v. Mayorkas,* 2021 WL 3856488, at *4 (S.D. Cal. Aug. 30, 2021) (citing *Miller v. Grammie,* 335 F.3d 889, 893 (9th Cir. 2003) (*overruled on other grounds by Sanchez v. Mayorkas,* 593 U.S. 409 (2021)) (intervening changes in controlling law include "a subsequent decision [that] 'creates a significant shift in [a court's] analysis.'"); *Sequoia Forestkeeper v. U.S. Forest Serv.*, 2011 WL 902120, at *4 & n.3 (E.D. Cal. Mar. 15, 2011) (reconsideration warranted because Ninth Circuit recognized a Supreme Court plurality opinion allowed courts to consider the concurrence's definition of "navigable water," which expanded the scope of the term beyond the district court's previous analysis); *SurvJustice Inc.*, 2019 WL 1434144, at *7 (Ninth Circuit decision regarding agency decision finality was intervening change of law warranting amendment on motion for reconsideration); *Sessa v. Ancestry.com Operations Inc.*, 713 F. Supp. 3d 997, 1004 (D. Nev. 2024) (recent Ninth Circuit decision clarifying analytical framework, even if not an entirely new analysis, constituted intervening change of law.).  Although there could be a petition of cert. in *Ratha II*, this possibility does not lessen the binding effect of the current

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

decision.[6]

Since *Ratha II*, other district courts have applied the statute similarly. Just days after the Ninth Circuit issued its *en banc* ruling in *Ratha II*, the Southern District of New York similarly rejected the extra-statutory requirement of a relationship between a TVPRA beneficiary and a plaintiff's direct trafficker. *See A.A. v. Omnicom Grp., Inc.*, 2026 WL 504904, at * 11 (S.D.N.Y. Feb. 24, 2026). There, plaintiffs alleged the lobbying and public relation firm defendants hired by the Qatari government played an "integral" role in ensuring employers could continue their illegal labor practices free from international pressure by "whitewashing" working conditions in Qatar. *Id*. at *2, *11. The court rejected defendants' argument that plaintiffs were required to plead a direct relationship between defendants and the employers engaged in trafficking, explaining that "even parties indirectly linked to traffickers may be participants in a venture that engages in trafficking . . . " *Id*. at *4, *11. (citing *T.B. v. Red Roof Inns, Inc.*, 2025 WL 755165, at *11-12 (S.D. Ohio Mar. 10, 2025) (hotel franchisors may be held liable under Section 1595 despite not directly interacting with traffickers); then citing *Doe v. Scottsdale Inns LLC*, 2024 WL 3494375, at *4 (D. Ariz. July 22, 2024)). The court held that beneficiary liability claims were adequately plead against the public relation and lobbying firm defendants even though "[d]efendants admittedly did not directly interface with the Employers," because defendants "were an integral part of the venture by ensuring the Employers could continue their abusive labor practices without international pressure." *A.A.*, 2026 WL 504904, at *11.

---

[6] A published Ninth Circuit decision "constitutes binding authority [that] must be followed unless and until overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (quoting *Gonzalez v. Ariz.*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)); *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority.").

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

## II.    LEAVE TO AMEND SHOULD BE GRANTED.

Plaintiffs respectfully seek leave to add a claim for beneficiary liability under the TVPRA against Visa in the TAC.  "In light of the federal policy favoring the determination of cases on their merits, the policy of granting leave is to be applied with 'extreme liberality.'"  *Am. Career Coll. v. Medina*, 2022 WL 1839096, at *1 (C.D. Cal. Feb. 14, 2022) (quoting *Eminence Cap., LLC*, 316 F.3d at 1051).  "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Cap., LLC*, 316 F.3d at 1051.

Visa cannot overcome the strong presumption in favor of amendment here. The parties are currently litigating claims under the same statute and involving the same facts.  This case is still in its infancy, motions to dismiss are still being briefed, and the Court is scheduled to hear argument on those motions on April 24, 2026. Any challenges to the addition of a beneficiary liability claim can be addressed at that hearing.  There is currently no scheduling order, and no discovery as to Visa has taken place, so there would be no delay or duplication from adding this claim at this stage.  *See Isaac Davidson-Gesser v. Aequor Healthcare Servs., LLC*, 2025 WL 4058326, at *2 (C.D. Cal. Dec. 30, 2025) (rejecting defendant's arguments that leave to amend would be prejudicial  where the case was in its infancy and claims were not futile); *Am. Career Coll.*, 2022 WL 1839096, at *4 (finding no prejudice where "[d]iscovery cut-off is more than two months away" "[a]lthough Plaintiffs' new claims for breach of contract, negligence, and equitable or contractual indemnity are premised on different facts than Plaintiffs' present claims").

Conversely, denying leave would result in injustice and inconsistency of standards.  A plaintiff filing a lawsuit today would be able to assert a claim for beneficiary liability with the same allegations that a plaintiff who filed a lawsuit before *Ratha II* would not be able to assert merely because the opinion had not yet issued.  Granting leave and allowing the Court to test the sufficiency of the allegations under the clarified standards would provide consistency to all plaintiffs.

13                    Case No. 2:21-cv-04920-WLH-ADS

*Ratha II* and the allegations in the TAC make clear that Plaintiffs' TVPRA beneficiary liability claim against Visa is not futile.  To plead beneficiary liability as to Visa, Plaintiffs need allege only Visa's: (1) participation in a venture with MindGeek; (2) receipt of a benefit; and (3) knowledge that MindGeek violated the TVPRA.  In ruling on Plaintiff's TVPRA conspiracy claim against Visa (which entails a more stringent knowledge requirement than a beneficiary liability claim), this Court ruled that "Plaintiff has alleged sufficient facts to support Visa's actual knowledge of the venture's unlawful aims."  Dkt. 614 at 33.  Likewise, just as this Court found MindGeek financially benefitted from monetization of trafficked content, this element is satisfied as to Visa as well through its receipt of hundreds of millions of dollars in processing fees.  *See* Dkt. 608 at 28–29 (the statute "merely requires that Defendant knowingly receive a financial benefit."); *see also* Dkt. 622 (Third Amended Complaint) at ¶¶ 9, 293, 318.  The only element in dispute is whether Visa participated in a venture with MindGeek.  Visa need not participate in the trafficking activity; it need only "take part" in the venture, even a commercial one.

The detailed and numerous allegations in the TAC of Visa's customized and tailored support to MindGeek satisfy the standards for participation under *Ratha II*. The TAC alleges that Visa's services to MindGeek were highly tailored to accommodate MindGeek's trafficking, including by way of example only, (a) exempting MindGeek from required monitoring and reporting requirements, (b) instructing MindGeek to utilize its own third-party payment processors and delegating to those captive payment processors compliance responsibilities; (c) collaborating on masking MindGeek's illegality from public discovery; (d) lifting restrictions specifically for MindGeek arising from obviously illegal or suspicious conduct; (e) collaborating on, and approving, the use on MindGeek's tubesites of words used to facilitate trafficking that were banned on the paysites for which Visa processed payments; and (f) coordinating knowingly false and misleading public

messaging to further conceal the illegality.  TAC ¶¶ 303-05, 308-11.  These bespoke services are exactly the kind that courts find "customized or personalized enough to demonstrate a volitional act of association with the venture." *F.C. v. Jacobs Sols. Inc.*, 790 F. Supp. 3d 1158, 1188 (D. Colo. 2025); *Doe v. Bank of Am., N.A.*, 2026 WL 380385, at *8–9 (S.D.N.Y. Feb. 11, 2026) (imposing  beneficiary liability where defendants provided "premier services" and "facilitat[ed] the transfer of tens of thousands of dollars into and out of [the] account," despite facts raising suspicion that the transactions were not legitimate); *Akhmad v. Bumble Bee Foods, LLC*, 2025 WL 3158655, at *8 (S.D. Cal. Nov. 12, 2025) (finding participation alleged where the defendant fishing vessel operators helped to obtain an MSC certificate by providing "significant ongoing financial investment and business advice"); *A.A.*, 2026 WL 504904, at *11 (finding participation through involvement in falsely denying reporting of TVPRA conduct).

## CONCLUSION

In light of *Ratha II*, Plaintiffs respectfully request that the Court vacate the portion of its October 17, 2025 Order that dismissed Plaintiffs' beneficiary liability claim under the TVPRA against Visa with prejudice.  Plaintiffs respectfully request leave to add a count to the TAC (with the allegations currently in it) for a TVPRA beneficiary liability claim against Visa.

Dated: March 27, 2026

Respectfully submitted,

By: */s/ Michael J. Bowe*

Michael J. Bowe (*pro hac vice*)
Lauren Tabaksblat (*pro hac vice*)
**BRITHEM LLP**

Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**

*Attorneys for Plaintiffs*

PLAINTIFFS' MPA ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this brief contains 7,000 words or less, as required by this Court's, order, *Fleites*, 2:21−cv−04920, ECF No. 393.

Dated: March 27, 2026

By: /s/ *Michael J. Bowe*
Michael J. Bowe