DREW TULUMELLO (#196484)
drew.tulumello@weil.com
MARK A. PERRY (#212532)
mark.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: 202 682 7000
Fax: 202 857 0940

*Attorneys for Visa Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SERENA FLEITES, <br><br> Plaintiff, <br><br> v. <br><br> MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 Quebec, Inc. (d/b/a MindGeek); BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5, <br><br> Defendants. | Case No. 2:21-CV-04920-WLH-ADS <br><br> Judicial Officer: Wesley L. Hsu <br> Courtroom: 9B <br><br> **OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO VACATE THE COURT'S OCTOBER 17, 2025 ORDER DISMISSING PLAINTIFFS' TVPRA BENEFICIARY LIABILITY CLAIMS AGAINST VISA INC. WITH PREJUDICE BASED ON NEW CONTROLLING LAW** <br><br> Date: April 24, 2026 <br> Time: 1:30 p.m. |

VISA'S OPPOSITION TO PLAINTIFFS'                    2:21-CV-04920-WLH-ADS
OMNIBUS MOTION TO VACATE

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 1

LEGAL STANDARD.......................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

I.      *Ratha II* Does Not Support Reconsideration of the Court's October 17 Order ........................................................................................................................ 5

II.     Plaintiffs Should Not be Given Leave to Amend.................................................. 10

CONCLUSION.................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*389 Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999) ...................................................................................... 4

*A.A. v. Omnicom Grp., Inc.*,
2026 WL 504904 (S.D.N.Y. Feb. 24, 2026) .............................................................. 9

*Bever v. CitiMortgage, Inc.*,
2014 WL 1577250 (E.D. Cal. Apr. 18, 2014) .......................................................... 11

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) ................................................................................. 5, 12

*Castellar v. Mayorkas*,
2021 WL 3856488 (S.D. Cal. Aug. 30, 2021) ........................................................... 9

*Chacon v. Wilkinson*,
988 F.3d 1131 (9th Cir. 2021) .................................................................................... 4

*Coleman v. Jenny Craig, Inc.*,
2014 WL 808658 (S.D. Cal. Feb. 27, 2014), *aff'd*, 649 F. App'x 387
(9th Cir. 2016) ............................................................................................................ 5

*Collins v. U.S. Citizenship & Naturalization Serv.*,
2013 WL 776244 (C.D. Cal. Feb. 6, 2013) ............................................................... 4

*Decker v. Mazda Motor of Am., Inc.*,
2013 WL 12130255 (C.D. Cal. June 10, 2013) ......................................................... 9

*Doe #1 v. Red Roof Inns, Inc.*,
21 F.4th 714 (11th Cir. 2021) ................................................................................. 3, 9

*Doe 1 v. Deutsche Bank Aktiengesellschaft*,
671 F. Supp. 3d 387 (S.D.N.Y. 2023) ....................................................................... 2

*Doe 1 v. Twitter, Inc.*,
148 F.4th 635 (9th Cir. 2025), *petition for cert. filed*, No. 25-949
(Feb. 10, 2026)........................................................................................................... 7

*Doe v. Grindr Inc.*,
128 F.4th 1148 (9th Cir. 2025) ................................................................................ 7

*Does 1–6 v. Reddit, Inc.*,
51 F.4th 1137 (9th Cir. 2022) .............................................................................. 6, 7

*G.G. v. Salesforce.com, Inc.*,
76 F.4th 544 (7th Cir. 2023) ................................................................................... 2

*Gonzalez v. Planned Parenthood of L.A.*,
759 F.3d 1112 (9th Cir. 2014) ............................................................................... 11

*Isaac Davidson-Gesser v. Aequor Healthcare Servs., LLC*,
2025 WL 4058326 (C.D. Cal. Dec. 30, 2025) ...................................................... 11

*Ketab Corp. v. Mesriani Law Grp.*,
2015 WL 2085523 (C.D. Cal. May 5, 2015) .................................................... 10, 11

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) .................................................................................. 4

*Lockheed Martin Corp. v. Network Sols., Inc.*,
194 F.3d 980 (9th Cir. 1999) ................................................................................. 12

*Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*,
331 F.3d 1041 (9th Cir. 2003) ................................................................................. 4

*Olive v. Mahboubi-Fardi*,
2025 WL 3638361 (C.D. Cal. Nov. 13, 2025) ...................................................... 5, 8

*Ratha v. Rubicon Res., LLC*,
168 F.4th 541 (9th Cir. 2026) (en banc) .........................................................*passim*

*Sequoia Forestkeeper v. U.S. Forest Serv.*,
2011 WL 902120 (E.D. Cal. Mar. 15, 2011) ......................................................... 10

*Sessa v. Ancestry.com Operations Inc.*,
713 F. Supp. 3d 997 (D. Nev. 2024) ..................................................................... 10

*Skye Orthobiologics, LLC v. CTM Biomedical, LLC*,
2026 WL 370392 (C.D. Cal. Feb. 6, 2026) .......................................................... 5, 8

*Spacey v. Burgar*,
207 F. Supp. 2d 1037 (C.D. Cal. 2001) ............................................................................ 6

*SurvJustice Inc. v. DeVos*,
2019 WL 1434144 (N.D. Cal. Mar. 29, 2019) ........................................................ 10

*Williams v. City of Beverly Hills*,
2026 WL 808256 (C.D. Cal. Mar. 20, 2026) ........................................................ 11

**Statutes**

18 U.S.C. § 1591 ............................................................................................................ 7

18 U.S.C. § 1591(a)(2) ............................................................................................ 2, 3, 5

**Rules and Regulations**

Fed. R. Civ. P. 15(a) .................................................................................................... 5

Fed. R. Civ. P. 54(b) .................................................................................................... 4

Local Rule 7-18 ............................................................................................................ 4

## INTRODUCTION

The beneficiary liability claims against Visa have already been dismissed twice, each time with prejudice. Yet Plaintiffs now ask the Court to vacate its October 17, 2025 Order based on the recent decision in *Ratha v. Rubicon Res., LLC*, 168 F.4th 541 (9th Cir. 2026) (en banc) ("*Ratha II*"). According to Plaintiffs, *Ratha II* changed the law regarding what it means to "participate" in a trafficking venture under the TVPRA. There is no merit to this motion. *Ratha II* held simply that a defendant need not take "some action to operate or manage the venture" in order to be liable. *Id.* at 560 (citation omitted). This Court has never held otherwise in evaluating the claims against Visa. Instead, the beneficiary claims against Visa have been twice dismissed with prejudice because Plaintiffs alleged only "passive nonfeasance" by a "remote intermediary." *Ratha II* does not undermine or affect that conclusion in any way. There is no basis for reconsideration or amendment.

This motion is, in reality, yet another effort by Plaintiffs to keep Visa in this case notwithstanding their own pleading deficiencies and this Court's unambiguous rulings. But Visa is not and has never been a proper defendant in this case. Visa provides a payment network for millions of merchants through its relationships with Acquirer banks. Some of those merchants inevitably engage in unlawful conduct. That does not render Visa a participant in a global trafficking venture, and it does not make Visa liable for the abhorrent treatment of Plaintiffs alleged in the complaints. The Court should reject Plaintiffs' latest attempt to expand TVPRA liability beyond lawful bounds.

## BACKGROUND

In view of the parties' extensive motion to dismiss briefing, Visa provides only a high-level overview of the procedural history and Plaintiffs' prior complaints.

Plaintiffs in *Fleites v. MindGeek S.a.r.l.*, No. 21-CV-04920-WLH-ADS and the 14 related cases are victims of sex trafficking, and the core of the allegations in each of the complaints is the same. Each of the Plaintiffs alleges that their traffickers forced them to

VISA'S OPPOSITION TO PLAINTIFFS'                                    2:21-CV-04920-WLH-ADS
OMNIBUS MOTION TO VACATE

film explicit content (many as minors) that was uploaded to websites owned by MindGeek USA Inc., MG Premium Ltd., MG Global Entertainment, Inc., and 9219-1568 Quebec, Inc. (collectively, "MindGeek"). *See, e.g.*, *Fleites* Second Amended Complaint ("SAC"), ECF No. 385 ¶¶ 448–51, 457–59.[1]   While Visa does not have any direct relationship with MindGeek or Plaintiffs' alleged traffickers, Plaintiffs allege that Visa has profited from the alleged sex trafficking venture. *Id.* ¶ 287, 299.   In their initial complaints, Plaintiffs allege that Visa was liable as a direct participant in a trafficking venture in violation of 18 U.S.C. § 1591(a)(2), because Visa "was aware that it and its merchant banks servicing MindGeek permitted and profited from tens of thousands of transactions annually that benefited from MindGeek's trafficking venture." *Id.* ¶ 299, 303.

On July 29, 2022, Judge Carney—then presiding over the case—dismissed the beneficiary liability claim against Visa with prejudice. *See* Order ("FAC MTD Order"), ECF No. 166 at 33.   The Court reasoned that Visa "is not alleged to have had any direct interaction with Plaintiff, her direct traffickers, or her videos, and therefore cannot bear beneficiary liability for knowingly *participating* in the sex trafficking venture that harmed Plaintiff." *Id.* at 21.   The Court held that it would "not permit Plaintiff to amend her section 1591(a)(2) claim against Visa," because "[s]uch amendment would be futile." *Id.* at 33.

Without seeking prior leave of the Court, Fleites's SAC included a direct beneficiary liability claim against Visa, asserting that intervening, non-binding precedent justified a different outcome. *See* Order ("*Fleites* MTD Order" or "October 17 Order"), ECF No. 614 at 14.   Visa moved to dismiss the SAC and the related complaints. The Court again dismissed the beneficiary liability claims against Visa, and again with prejudice.   The Court observed that the intervening precedent relied on by Plaintiffs—

---

[1] Plaintiffs have since filed further amended complaints, but the SAC is the relevant complaint for assessing this motion for reconsideration. *See infra* note 2.

*G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023) and *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387 (S.D.N.Y. 2023)—was "not inconsistent with Judge Carney's holding in his FAC Visa Order." *Id.* at 15.  The allegations in those cases went "beyond just 'passive facilitation'" and showed "tailored" and "'active engagement.'" *Id.* at 17.  The Court held there were no such allegations regarding Visa in the SAC, stating that "there is no allegation here that Visa provided 'personalized support' that was 'targeted to [MindGeek's] specific needs.'" *Id.* at 17 (alterations in original).  Instead, the Court held that "the relationship that Plaintiff illustrates of Visa and MindGeek is more akin to a 'remote intermediary' that provided 'off-the-shelf product' to MindGeek." *Id.* (citation omitted).  Because Fleites already had an opportunity to amend, the Court reaffirmed Judge Carney's prior order and dismissed "Plaintiff's beneficiary liability TVPRA claim pursuant to section 1591(a)(2) against Visa with prejudice." *Id.*  On December 15, 2025, Plaintiffs filed a Third Amended Complaint.

On February 20, 2026, the Ninth Circuit issued its en banc decision in *Ratha II*. The decision principally addresses the retroactive effects of the 2023 amendments to the TVPRA.  *Ratha II*, 168 F.4th at 551–59.  But the Court also addressed the lower court's analysis of participation.  The entirety of the Ninth Circuit's analysis on this issue is set forth below:

> The district court made two related errors of law when it held that Plaintiffs did not present evidence that Rubicon participated in a human trafficking venture.  First, the district court applied a legally erroneous definition of "participate," requiring Plaintiffs to show that Rubicon "took some action to operate or manage the venture." *Ratha*, 2017 WL 8293174, at *4–5 (citation omitted).  The district court's definition is contrary to the ordinary meaning of "participate," which is "to take part."  Participate, Merriam–Webster, https://www.merriam-webster.com/dictionary/participate (last visited Nov. 4, 2025); *see Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724–25 (11th Cir. 2021) (defining "participate" as "to take part in or share with others in common in or in association" (citing Black's Law Dictionary (11th ed. 2019) (defining "participation" as "The act of taking part in something.") and Oxford English Dictionary 268 (2d ed. 1989) (defining "participate" as "[a] taking part, association, or sharing (with others) in some action or

matter.”))).  The ordinary meaning applies because the statute contains no special definition.  *See Chacon v. Wilkinson*, 988 F.3d 1131, 1134 (9th Cir. 2021) (holding that we interpret a term according to its ordinary meaning when Congress does not define it).  The district court's erroneous definition of "participate" held Plaintiffs to too high a bar; one can participate in a venture without operating or managing it.

Second, the district court did not view all facts and inferences in favor of Plaintiffs.  The district court stated that it did not consider the factual disputes to be "material to the disposition of [the] motion."  *Ratha*, 2017 WL 8293174, at *1 n.1.  But Rubicon's marketing materials touted that it was in "control [of] every aspect of production," which is material to a consideration of Rubicon's participation.

*Ratha II*, 168 F.4th at 560 (some citations omitted).

Plaintiffs thereafter filed this motion on March 27.

## LEGAL STANDARD

Although a court may reconsider or revise any interlocutory decision prior to the entry of final judgment, *see* Fed. R. Civ. P. 54(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *Collins v. U.S. Citizenship & Naturalization Serv.*, 2013 WL 776244, at *1 (C.D. Cal. Feb. 6, 2013) ("[M]otion[s] for reconsideration should not be granted, absent highly unusual circumstances," and such motions "are disfavored and are rarely granted." (citations omitted)).  Reconsideration generally should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* Local Rule 7-18(b) (permitting reconsideration if there was "a change of law occurring after the Order was entered").  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

An intervening, controlling decision justifies reconsideration only if it effects a "material change of law." *Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, 2026 WL 370392, at *3–4 (C.D. Cal. Feb. 6, 2026) (denying motion for reconsideration even though intervening case "ma[d]e new law," because the change was not material to and did not impact the court's analysis in the prior order). Reconsideration should be denied where the intervening precedent is consistent with the law previously applied. *See Olive v. Mahboubi-Fardi*, 2025 WL 3638361, at *5 (C.D. Cal. Nov. 13, 2025) (denying reconsideration in TVPRA case where two later decisions were "not inconsistent with the authority cited" in the court's prior order); *see also Coleman v. Jenny Craig, Inc.*, 2014 WL 808658, at *5–6 (S.D. Cal. Feb. 27, 2014) (rejecting plaintiff's argument that a later case constituted an intervening change in controlling law because the later decision "neither change[d] nor extend[ed]" the governing rule and instead "simply applied existing controlling law."), *aff'd*, 649 F. App'x 387 (9th Cir. 2016).

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and requires a party to obtain leave of the court once amendments as a matter of course have been exhausted. Fed. R. Civ. P. 15(a)(2). It is within a court's discretion to deny a motion for leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A court does not abuse its discretion in denying leave to amend when the party seeking leave to amend provides "no satisfactory explanation for his failure to fully develop his contentions originally." *Id.*

## ARGUMENT

### I. *Ratha II* Does Not Support Reconsideration of the Court's October 17 Order

*Ratha II* did not constitute a material change in controlling law. *Ratha II* merely corrected one district court's incorrect view that "participation" under Section 1591(a)(2) requires "some action to operate or manage the venture." 168 F.4th at 560. The Court here did not apply (nor even cite) that erroneous standard, but instead applied the

prevailing standard for beneficiary liability. There is no material, intervening change in controlling law that would justify reconsideration.

In the October 17 Order, this Court observed that "Visa did not form any sort of continuous relationship with or tacit agreement with Plaintiff's primary traffickers." *Fleites* MTD Order at 16 (quotation marks omitted) (citing FAC Visa Order at 21). Instead, "Visa here was one step removed from the sex traffickers." *Id.* (quotation marks omitted). Moreover, "there is no allegation here that Visa provided personalized support that was targeted to MindGeek's specific needs." *Fleites* MTD Order at 17 (quotation marks omitted). Instead, "the relationship that Plaintiff illustrates of Visa and MindGeek is more akin to a remote intermediary that provided off-the-shelf product to MindGeek." *Id.* (quotation marks omitted).[2]

The Court's analysis was and remains fully in accord with all binding and relevant precedent. Prior to *Ratha II*, the Ninth Circuit explained that for a defendant to "participate" in a trafficking venture, "the defendant must have actually engaged in some aspect of the sex trafficking." *Does 1–6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (citation and quotation marks omitted). "Mere association with sex traffickers is insufficient absent some knowing 'participation' in the form of assistance, support, or facilitation." *Id.* The statute therefore "does not target those that merely turn a blind eye

---

[2] Plaintiffs recite, in the background section, new, conclusory allegations with no factual basis that they have included against Visa in the Third Amended Complaint. *See* Mot. at 6–8. But they correctly do not argue those new allegations should be taken into account in evaluating the request for reconsideration. The question here is whether the Court applied the correct law to the allegations before it at the time of the prior Order. *Cf. Spacey v. Burgar*, 207 F. Supp. 2d 1037, 1048 (C.D. Cal. 2001) (concluding that the court "may, and should, consider whether or not it applied an incorrect legal standard to the analysis of the facts presented as the time of the prior motion" when considering motion to reconsider under Local Rule 7-18 and 60(b)). And Plaintiffs have offered no reason for why these new and factually unsupported allegations could not have been included in the prior complaints (or even at least previewed for the Court at argument). Indeed, the lack of any explanation for the basis or origin of these allegations confirms they are not well pleaded and lack a factual basis.

VISA'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO VACATE

6

2:21-CV-04920-WLH-ADS

to the source of their revenue." *Id.* (alteration, citation and quotation marks omitted). The Ninth Circuit has twice reaffirmed that standard in subsequent cases. *See Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 644 (9th Cir. 2025) (affirming dismissal because the defendant "did not actually engage in some aspect of the sex trafficking" and instead "merely turned a blind eye" (alteration, citation and quotation marks omitted)), *petition for cert. filed*, No. 25-949 (Feb. 10, 2026); *Doe v. Grindr Inc.*, 128 F.4th 1148, 1155 (9th Cir. 2025) ("A defendant's own conduct violates 18 U.S.C. § 1591 when the defendant actually engaged in some aspect of the sex trafficking." (citation and quotation marks omitted)). And although those cases focused specifically on the criminal standard for beneficiary liability, the Ninth Circuit in *Reddit* recognized that "identical words and phrases within the same statute should normally be given the same meaning." *Reddit*, 51 F.4th at 1143 (citation omitted).

*Ratha II* did not change, alter, modify, or even advert to this clear line of precedent. The Ninth Circuit did not opine on the significance of a "continuous relationship with or tacit agreement with Plaintiff's primary traffickers" (or lack thereof), the absence of allegations that a defendant "provided personalized support that was targeted to [another entity's] specific needs," or the fact that a defendant is "one step removed from the sex traffickers." *Fleites* MTD Order at 17. Nor did the Court address the liability of a "remote intermediary that provided off-the-shelf product to" another entity. *Id.* The Court also did not purport to overrule existing precedent requiring that the defendant have "actually engaged in some aspect of the sex trafficking." *Reddit*, 51 F.4th at 1145 (citation and quotation marks omitted).

Instead, all the Court held in *Ratha II* on the participation issue was that the district court was wrong to require the plaintiff to establish "some action to *operate* or *manage* the venture" on the part of the defendant. *Ratha II*, 168 F.4th at 560 (emphasis added) (citation omitted). But this Court did not require Plaintiffs to allege that Visa "operate[d]" or "manage[d]" the venture. Indeed, those terms (or their equivalents) appear nowhere in

the Court's order—notwithstanding Plaintiffs' bald assertion that the Court demanded "operational control over the venture." Mot. at 11. Notably, the cases this Court distinguished—*Salesforce* and *Deutsche Bank*—involved defendants that did *not* in fact "operate" or "manage" a trafficking venture, but this Court did not suggest those cases were wrongly decided. Instead, it correctly distinguished them on the facts alleged here. Nothing about *Ratha II* altered the standard applied by this Court in its prior order. *See Olive*, 2025 WL 3638361, at *5 (denying reconsideration because intervening cases were "not inconsistent with the authority cited" in the court's prior order).

*Skye Orthobiologics* is instructive. There, the plaintiffs sought reconsideration based on an intervening Ninth Circuit decision clarifying the standard for identifying trade secrets under federal law. *See* 2026 WL 370392, at *3. The district court denied reconsideration because, even though the intervening decision rejected a standard some lower courts had used, the district court's previous decision in *Skye Orthobiologics* "did not apply the" erroneous standard "or use words that could allude to that standard." *Id.* at *4. The district court further observed that the Ninth Circuit had not "formally overruled" the prior precedent on which the court's previous decision relied, which confirmed that the decision did not turn on the standard rejected by the Ninth Circuit. *Id.* All of that is equally true here—this Court "did not apply" the "operate or manage" standard, did not "use words that could allude to that standard," and properly adhered to precedent the Ninth Circuit did not purport to overrule in *Ratha II*.

The limited relevance of *Ratha II* is confirmed by the facts of that case. There, the defendant was alleged to have "coordinated sales and marketing, visited and conducted pre-audits of [the trafficker's] factories, and arranged for import and shipping of [the trafficker's] product." *Ratha II*, 168 F.4th at 547 (citation omitted). The defendant even "claimed to control every aspect of production" for the trafficking entity. *Id.* (quotation marks omitted). Those facts do not bear even a passing resemblance to the SAC's allegations against Visa, which, as the Court observed, rested only on "passive

nonfeasance and general awareness." *Fleites* MTD Order at 35; *see also Decker v. Mazda Motor of Am., Inc.*, 2013 WL 12130255, at *2 (C.D. Cal. June 10, 2013) (holding intervening case was not material because the ruling was "highly dependent on the facts of that case").

In further support of their motion, Plaintiffs argue that the Ninth Circuit in *Ratha II* "adopted" the Eleventh Circuit's reasoning in *Red Roof Inns* that "participation does not require a direct relationship with the direct trafficker" and "a relationship with another beneficiary was sufficient" to establish participation. Mot. at 9. That is inaccurate. The only point on which *Ratha II* cited *Red Roof Inns* was in defining "participate" as "to take part in or share with others in common in or in association." *Ratha II*, 168 F.4th at 560. The Court did not purport to "adopt[]" any other part of *Red Roof Inns*. But more crucially, *Red Roof Inns* did not endorse the rule Plaintiffs urge here. Instead, the Eleventh Circuit affirmed the dismissal of the beneficiary claims against the hotel franchisors. *Red Roof Inns*, 21 F.4th at 726–27. The court observed that the plaintiffs had attempted to shift their theory on appeal to argue that "the franchisors participated in commercial ventures to operate hotels and that those hotel ventures violated the statute," but offered no opinion on the viability of that theory because it was not presented in the complaint or advanced in the district court. *See id.* at 727 ("We will not consider this theory for the first time on appeal …."). Plaintiffs' description of the holding in *Red Roof Inns* is simply wrong.[3]

---

[3] Plaintiffs' discussion of the decision in *A.A. v. Omnicom Grp., Inc.*, 2026 WL 504904 (S.D.N.Y. Feb. 24, 2026), is irrelevant because that case does not comprise intervening *controlling* authority and did not purport to apply *Ratha II*'s standard. In any event, the case is fully consonant with this Court's decision. The court there allowed some of the claims to proceed because even if the defendants did not interact directly with traffickers, they were "an integral part of the venture" by providing tailored public relations services to specifically address allegations of human trafficking violations. *Id.* at *11. That is the same standard this Court applied.

For that reason, Plaintiffs' cases allowing for reconsideration are inapt here.  In *Castellar v. Mayorkas*, 2021 WL 3856488 (S.D. Cal. Aug. 30, 2021), the court observed "where a new circuit decision adopts and applies otherwise persuasive authority that lower courts previously refused to follow, the new circuit decision is considered an intervening change in controlling law."  *Id.* at *4.  There is no such change here, where this Court did not apply the standard rejected by the Ninth Circuit in *Ratha II*.  In *Sequoia Forestkeeper v. U.S. Forest Serv.*, 2011 WL 902120 (E.D. Cal. Mar. 15, 2011), the intervening authority expressly contradicted the lower court's order applying a different standard.  *Id.* at *4, n.3.  Again though, *Ratha II* did not contradict (or even meaningfully clarify) the standard applied by this Court.  Plaintiffs' other cases are likewise inapposite.  *See, e.g.*, *Sessa v. Ancestry.com Operations Inc.*, 713 F. Supp. 3d 997, 1003–04 (D. Nev. 2024) (Ninth Circuit articulated a test different from the one applied by the lower court); *SurvJustice Inc. v. DeVos*, 2019 WL 1434144 (N.D. Cal. Mar. 29, 2019) (Ninth Circuit reached different conclusion in analogous circumstances).

Plaintiffs' request for reconsideration rests on a demonstratively wrong and overbroad reading of *Ratha II*, a misstatement of this Court's holding, and a misunderstanding of the current state of the law.  There is no intervening change in the law that would justify the extraordinary remedy of reconsideration in these circumstances.[4]

## II.    Plaintiffs Should Not be Given Leave to Amend

Plaintiffs—particularly Fleites, who is on her *fourth* amended complaint—should not be granted further leave to amend to add their previously dismissed beneficiary liability claims and raise new allegations.  As a preliminary matter, Plaintiffs' request for amendment is relevant only if the Court reconsiders its October 17 Order.  If, as argued

---

[4] Plaintiffs' fleeting reference to the "attempt" language in *Ratha II* is confounding. Mot. at 8.  Plaintiffs have not pleaded an attempt claim under the TVPRA and make no effort to develop this argument anywhere in their Motion.

above, Plaintiffs' request for reconsideration is denied, then there is no basis for amendment. *See, e.g.*, *Ketab Corp. v. Mesriani Law Grp.*, 2015 WL 2085523, at *3 (C.D. Cal. May 5, 2015) (striking, without leave to amend, two claims the court previously dismissed with prejudice).

Even if the Court is inclined to reconsider its October 17 Order, however, it should deny amendment. While leave to amend should "be 'freely given," leave should only be given "'[i]n the absence of any apparent or declared reason—such as … repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Isaac Davidson-Gesser v. Aequor Healthcare Servs., LLC*, 2025 WL 4058326, at *1 (C.D. Cal. Dec. 30, 2025) (citation omitted). Here, Plaintiffs' proposed amendment is both unduly prejudicial to Visa and futile.

Allowing a party to revive claims previously dismissed inevitably prejudices the defendants "by requiring them to expend time and money" to relitigate those claims. *Ketab Corp.*, 2015 WL 2085523, at *4. Plaintiffs' assertion that this case is "in its infancy" ignores that Plaintiffs have had several years and multiple opportunities to amend their claims or include new factual allegations in support of their beneficiary claims before now. Where, as here, a plaintiff has already had multiple opportunities to state a claim, denial of leave to amend is fully appropriate. *See Williams v. City of Beverly Hills*, 2026 WL 808256, at *4 (C.D. Cal. Mar. 20, 2026) (denying leave to amend after the plaintiffs had five opportunities to state viable claims); *see also Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

Plaintiffs, tellingly, do not suggest they were unable to make these new allegations in prior iterations of the complaints, which is further reason to deny amendment. *See Bever v. CitiMortgage, Inc.*, 2014 WL 1577250, at *11 (E.D. Cal. Apr. 18, 2014) (holding

that, because the plaintiff's claim "was previously dismissed with prejudice, Plaintiff may not attempt to amend the complaint to reassert the claim based on facts already known, or that should have been known to him at the inception of this suit or at the time the complaint was amended in 2012"), *aff'd*, 708 F. App'x 341 (9th Cir. 2017). Given Plaintiffs' unexplained delay in asserting these new allegations, it would be highly prejudicial to Visa to allow Plaintiffs to resurrect their twice-dismissed claims.

Even setting aside the issue of prejudice, the Court may deny amendment on futility grounds. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

As described in Visa's pending Motion to Dismiss, *see* ECF No. 634, Plaintiffs' new allegations are in fact nothing more than a repackaging of their previous theory of liability. When Plaintiffs say that "Visa agreed to exempt MindGeek from ordinary compliance and enforcement," Mot. at 6, what they really mean is that Visa did not shut MindGeek down after receiving third-party reports of suspect material on MindGeek's websites. The fact remains that Visa was and is a "remote intermediary" who is not—as a matter of law or common sense—liable for the alleged misconduct of merchants who access its payment network.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Omnibus Motion to Vacate and deny Plaintiffs' leave to amend.

Dated:  April 3, 2026

RESPECTFULLY SUBMITTED,

*/s/ Drew Tulumello*
DREW TULUMELLO (#196484)
drew.tulumello@weil.com
MARK A. PERRY (#212532)
mark.perry@weil.com
WEIL, GOTSHAL & MANGES LLP

2001 M Street NW, Suite 600
Washington, DC 20036
Tel: 202 682 7000
Fax: 202 857 0940
*Attorneys for Defendant Visa Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Visa, certifies that this brief contains 7,000 words or less in accordance with Local Rule 11-6.2 and the Court's Order at ECF No. 393, June 4, 2024.

Dated:  April 3, 2026                    */s/ Drew Tulumello*

                                          DREW TULUMELLO