Michael J. Bowe (admitted *pro hac vice*)
mbowe@brithem.com
Lauren Tabaksblat (admitted *pro hac vice*)
ltabaksblat@brithem.com
**BRITHEM LLP**
565 Fifth Avenue
New York, NY 10017
Telephone: (646) 653-9378

Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane # 301
Newport Beach, CA 92663
Telephone: (949) 887-4600
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

|  |  |
|---|---|
| SERENA FLEITES,<br><br>        Plaintiff,<br><br>    v.<br><br>MINDGEEK S.A.R.L., *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>Hon. Wesley L. Hsu<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF OMNIBUS MOTION TO VACATE THE COURT'S OCTOBER 17, 2025 ORDER DISMISSING PLAINTIFFS' TVPRA BENEFICIARY LIABILITY CLAIMS AGAINST VISA INC. WITH PREJUDICE BASED ON NEW CONTROLLING LAW**<br><br>Date:        April 24, 2026<br>Time:        1:30 pm<br>Ctrm:        9B |

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION.................................................................................................1

ARGUMENT ......................................................................................................2

I.      *RATHA II* REJECTED THE PARTICIPATION STANDARD APPLIED TO PLAINTIFFS' BENEFICIARY LIABILITY CLAIM ...................................................................................................2

II.     A CIVIL DEFENDANT NEED NOT COMMIT AN OVERT ACT IN FURTHERANCE OF SEX TRAFFICKING ..........................................6

III.    PLAINTIFFS' AMENDMENT IS NOT PREJUDICIAL OR FUTILE. ...................................................................................................7

CONCLUSION ................................................................................................11

PLAINTIFFS' REPLY ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.A. v. Omnicom Grp., Inc.*,
2026 WL 504904 ................................................................................................ 4

*Barkley & Assocs., Inc. v. Quizlet, Inc.*,
2025 WL 1421844 (C.D. Cal. Apr. 11, 2025) (Hsu, J.) .................................. 7, 8

*Crescencio v. Ford Motor Co.*,
811 F. Supp. 3d 1132 (C.D. Cal. 2025) ............................................................ 9

*Doe 1 v. Twitter, Inc.*,
148 F.4th 635 (9th Cir. 2025) ........................................................................... 6

*Doe v. Grindr Inc.*,
128 F.4th 1148 (9th Cir. 2025) ......................................................................... 6

*Does 1-6 v. Reddit, Inc.*,
51 F.4 1137, 1145 (9th Cir. 2022) ................................................................. 2, 6

*Edmondson v. Raniere*,
751 F. Supp. 3d 136 (E.D.N.Y. 2024) ............................................................. 10

*Eminence Capital LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .......................................................................... 8

*F.C. v. Jacobs Sols. Inc.*,
790 F. Supp. 3d 1158 (D. Colo. 2025) ............................................................ 10

*G.G. v. Salesforce*,
76 F.4th at 544, 564 (7th Cir. 2023) ................................................................. 6

*Ketab Corp. v. Mesriani L. Grp.*,
2015 WL 2085523 (C.D. Cal. May 5, 2015) ..................................................... 7

*Morand-Doxzon v. Delaware North Companies Sportservice, Inc.*,
2021 WL 831263 (S.D. Cal. Mar. 4, 2021) ....................................................... 9

*Bever v. CitiMortgage*,
Inc., 2014 WL 1577250 (E.D. Cal. Apr. 18, 2014) .......................................... 8

*Prac. Magic, LLC v. Petzinger*,
2025 WL 2995124 (C.D. Cal. Jan. 8, 2025) (Hsu, J.) ........................................... 7

*Ratha v. Phatthana Seafood Co.*,
2017 WL 8293174 (C.D. Cal. Dec. 21, 2017) ..................................................... 5

*Ratha v. Rubicon Resources, LLC*,
Case No. 23-55299, 2026 WL 480006 (9th Cir. Feb. 20, 2026) (en
banc) ....................................................................................................... *passim*

*Red Roof Inns, Inc.*,
21 F.4th 714 (11th Cir. 2021) ............................................................................ 5

*Skye Orthobiologics, LLC v. CTM Biomedical, LLC*,
2026 WL 370392 (C.D. Cal. Feb. 6, 2026)......................................................... 5

*Spacey v. Burgar*,
207 F. Supp. 2d 1037 (C.D. Cal. 2001) ............................................................ 10

PLAINTIFFS' REPLY ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

Plaintiffs[1] respectfully submit this reply memorandum of law in support of Plaintiffs' Omnibus Motion to Vacate the Court's October 17, 2025 Order Dismissing Plaintiffs' TVPRA Beneficiary Liability Claim Against Visa with Prejudice and for Leave to Amend.  (Dkt. 669).

## INTRODUCTION

Visa's opposition to Plaintiffs' motion is premised on three fundamental flaws.

*First*, Visa argues that *Ratha II's* rejection of any extra-statutory requirements on the plain and ordinary definition of "participation" is not a material change in controlling law, but merely a correction of one district court's incorrect view that participation under Section 1591(a)(2) requires some action to operate or manage the venture.  (Visa Br. at 5.)  But Visa's counsel previously argued to this Court that participation requires "something more" than taking part with knowledge.  The Court agreed with Visa, holding that participation requires a direct relationship with the trafficker, or in the absence of a direct relationship, "control over the day-to-day operations of the underlying business."  It reasoned that without these limiting principles, a long line of neutral vendors would be exposed to beneficiary liability.  The Ninth Circuit, sitting en banc, expressly rejected these limiting factors.  This is a material intervening change in the standards previously applied to Plaintiffs' beneficiary liability claims that warrants vacatur of the Court's prior order.

*Second*, Visa seeks to impose a new limitation on the definition of participation, arguing that "[p]rior to *Ratha II*, the Ninth Circuit explained that for a defendant to 'participate' in a trafficking venture, 'the defendant must have actually engaged in some aspect of the sex trafficking.'"  (Visa Br. at 6 (citing *Does 1-6 v. Reddit, Inc.*, 51 F.4 1137, 1145 (9th Cir. 2022)).  While the standard for participation prior to *Ratha II* has no bearing on the Court's analysis after *Ratha II*, participation

---

[1] Previously defined terms have the definition ascribed in Plaintiffs' opening brief.  *See* Dkt. 669.

under Section 1595 of the TVPRA has never required an overt act in furtherance of the sex trafficking aspect of the venture prior to or after *Ratha II*.  As this Court correctly recognized in previously rejecting the very argument Visa resorts to again here, *Reddit* concerns the standard for criminal liability under Section 1591(a)(2) and is "not applicable" to the civil claims Plaintiffs allege here.  Dkt. 608 at 23.  In any event, *Ratha II* makes clear that a defendant need only "take part" in the venture, nothing more.  That is the controlling standard.

*Third*, Visa argues that the legal costs associated with granting Plaintiffs leave to amend a third time warrant denial of Plaintiffs' motion.  But courts in this circuit, including this Court, have long held that cost alone does not amount to undue prejudice.  A defendant can only overcome the strong presumption in favor of liberal amendments where granting the motion "would unfairly delay proceedings or burden the opposing party with new, expansive discovery obligations late in the case."  Visa cannot meet this burden here where Visa's motions to dismiss other TVPRA claims arising from the same facts are still pending, the Court has not yet heard oral argument on those motions, discovery has not commenced, and no pre-trial schedule has been set.

For these reasons and those set forth below, the Court should grant Plaintiffs' motion.

## ARGUMENT

### I.    *RATHA II* REJECTED THE PARTICIPATION STANDARD APPLIED TO PLAINTIFFS' BENEFICIARY LIABILITY CLAIM.

Four months after this Court adopted Visa's "limiting principles" arguments and dismissed Plaintiffs' beneficiary liability claims against Visa with prejudice for failure to allege a direct relationship between Visa and Plaintiffs' street-level traffickers or some other tailored or customized services (Dkt. 614 at 16-17), the Ninth Circuit, sitting en banc, rejected these extra-statutory requirements on the plain and ordinary definition of participation.  *See Ratha v. Rubicon Resources, LLC*,

Case No. 23-55299, 2026 WL 480006, at *14 (9th Cir. Feb. 20, 2026) ("*Ratha II*") (en banc). It made clear that requiring a beneficiary to operate or manage the venture imposed "too high a bar," all that is required is a defendant "take part in or share with others in common or in association." *Ratha II*, 2026 WL 480006, at *14.

Visa now argues this was always the standard. It claims that *Ratha II* did not change the law; it merely corrected how the law was applied to the facts in one case. (Visa Br. at 6.) But its counsel argued the opposite at oral argument on Visa's motion to dismiss, imploring the Court "*there must be something more*," "*something beyond the routine provision of commercial services with knowledge*." Dkt. 595 at 10:16-25. It cautioned that without "something more", the utility company and every other vendor providing services to MindGeek would be subject to liability. *Id.* at 105:5-17. The Court agreed. *See* Dkt. 614 at 16-17. It reasoned that imposing beneficiary liability without a direct association or corresponding day-to-day control risked eliminating any limiting principle and would effectively expose a long line of downstream actors to liability. *See id.* at 16. Because Visa "did not form any sort of continuous relationship with or [have a] tacit agreement with Plaintiff's primary traffickers . . . [t]he only relationship Visa had was with MindGeek", who were themselves beneficiaries and not direct perpetrators, it dismissed Plaintiffs' beneficiary liability claim against Visa with prejudice. *Id.* at 16.

*Ratha II* has since expressly rejected the limiting principles of a direct relationship between a beneficiary and a direct trafficker or the requirement of day-to-day operational control that Visa advocated for and this Court adopted. Of course, while a direct relationship with a street-level trafficker is certainly one way to participate in a venture, *Ratha II* instructed that restricting the meaning of participation to this one example would impose a far greater limitation on the ordinary meaning of "participation" than the "manage and operate" limitation *Ratha II* rejected. *Ratha II*, 2026 WL 480006, at *14.

Visa simply ignores these findings.  It argues that even applying the "take part" standard, Visa still did not "participate" in MindGeek's sex trafficking venture because the Court correctly concluded its role was "remote," "passive," and not sufficiently "tailored" or "customized."  (Visa Br. at 8-9).  Again, Visa seeks to impose requirements the Ninth Circuit has explicitly rejected.  *Ratha II* did not say participation needed to be direct, it did not say it needed to be proximate and not remote, it did not say it needed to be tailored or customized.  *See Ratha II*, 2026 WL 480006, at \*14; *see also A.A. v. Omnicom Grp., Inc.*, 2026 WL 504904, at \*11(S.D.N.Y. Feb. 24, 2026) (holding "even parties indirectly linked to traffickers may be participants in a venture that engages in trafficking . . . " and sustaining beneficiary liability claims against third-party public relations firms even in the absence of a direct relationship with defendants' traffickers).[2]  Thus, under *Ratha II*, a defendant need only "take part" in a venture, any venture, even a commercial one, with actual or constructive knowledge that the venture is engaged in sex trafficking. Dkt. 669 at 14-15.  Knowledge is the limiting principle; nothing more is required.

Visa attempts to minimize *Red Roof Inns, Inc.* on the grounds that the court ultimately dismissed the beneficiary liability claims against the franchisor hotel. (Visa Br. at 9).  But Plaintiffs and the Ninth Circuit in *Ratha II* cite *Red Roof Inns* for its rejection of the "idiosyncratic definition" of "participation" and its clear instruction that beneficiary liability is plead when a defendant "took part in a common undertaking or enterprise involving risk and potential profit." *Doe # 1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021); *see also id.* (rejecting requirement of direct relationship between beneficiary and franchisor).  As Visa concedes, ultimately the Eleventh Circuit dismissed the claims against Red Roof, not

---

[2] Visa relegates *A.A. v. Omnicom Grp., Inc.*, 2026 WL 504904 (S.D.N.Y. Feb. 24, 2026) to a footnote and seeks to distinguish it on the facts, but does not address the highly relevant holding that the direct relationship requirement imposed by the Court is not required to establish participation in a venture under the TVPRA or *Ratha II*. *See* Visa Br. at 9 n.3.

PLAINTIFFS' REPLY ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

because the allegations of its participation in a commercial venture in its role as franchisor were insufficient, but because the commercial venture plaintiff alleged Red Roof participated in on appeal was not alleged or argued below. (Visa Br. at 9). The Court held it was improper to raise these arguments for the first time on appeal. *Red Roof Inns*, 21 F.4th at 727.

Finally, to the extent Visa seeks to distinguish Rubicon's role in *Ratha II* on its facts (Visa Br. at 8), that argument likewise fails. Again, the import of *Ratha II* is the articulation of a different standard than the one previously applied by this Court. *See supra*. In any event, contrary to Visa's arguments, the TAC pleads Visa's material role in the MindGeek trafficking venture and it does so before discovery into information uniquely in Visa's and other parties' possession. This is distinguishable from *Ratha II*, which had the benefit of a full record on summary judgment following discovery. *Ratha v. Phatthana Seafood Co.*, 2017 WL 8293174, at *2 (C.D. Cal. Dec. 21, 2017).

Because *Ratha II* departs from the standards this Court previously applied in dismissing Plaintiffs' beneficiary liability claims against Visa with prejudice, Visa's reliance on *Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, 2026 WL 370392, (C.D. Cal. Feb. 6, 2026) is a nonsequitur. (*See* Visa Br. at 8). In *Skye Orthobiologics*, the district court denied reconsideration of a grant of summary judgment because the intervening case did not actually change the law applied. There, the court had relied on nearly identical language of "sufficient particularity" in binding Ninth Circuit precedent that was analogous to "reasonable particularity" in the alleged intervening case. *Skye Orthobiologics, LLC*, 2026 WL 370392, at *4. Unlike the trade secret liability outlined under *Skye*, *Ratha II* provided, for the first time, a definition for participation under Section 1595 of the TVPRA within the Ninth Circuit, and by doing so borrowed from the Eleventh Circuit in *Red Roof Inns, Inc.* (which had already addressed the issue) to give the term its plain and ordinary

PLAINTIFFS' REPLY ISO OMNIBUS MOTION TO VACATE THE OCTOBER 17, 2025 ORDER

meaning. *Ratha II*, 2026 WL 480006, at *14 (citing *Red Roof Inns, Inc.,* 21 F.4th at 724-25).

## II.    A CIVIL DEFENDANT NEED NOT COMMIT AN OVERT ACT IN FURTHERANCE OF SEX TRAFFICKING.

Citing *Reddit*, 51 F.4th 1137, Visa again seeks to circumvent *Ratha II*'s clear holding and argues that the Ninth Circuit has previously held that participation requires that "the defendant must have actually 'engaged in some aspect of the sex trafficking.'" (Visa Br. at 6.)  This Court has expressly rejected this argument before, recognizing correctly that the Ninth Circuit has never imposed such a requirement for a civil claim (and even if it had, those holdings would have been superseded by *Ratha II*).

As this Court previously held, *Reddit* did not depart from the long line of cases which hold that a civil claim for beneficiary liability does not require an overt act in furtherance of the sex trafficking aspect of a venture.  Dkt. 608 at 25.  Rather, the Ninth Circuit's holding in *Reddit* is limited to the scope of FOSTA's exception to CDA 230 immunity in civil child sex trafficking cases.  *See Reddit*, 51 F.4th at 1141.  Based on its analysis of FOSTA's statutory text and structure, the Ninth Circuit concluded that FOSTA's immunity only applies where the defendant website "violate[d] the criminal statute."  *Id*. at 1145.  The *Reddit* court did not address the standards for civil beneficiary liability under Section 1595, and the only circuit court to address this standard post-*Reddit* has declined to adopt Section 1591's criminal requirements to claims for civil liability.  *See G.G. v. Salesforce*, 76 F.4th at 544, 564 (7th Cir. 2023) ("[S]ection 1591's definition of 'participation in a venture' . . . is expressly limited to Section 1591.  Congress could have transplanted it into Section 1595 when amending the statutes in 2018, but it declined to do so . . . ").

*Doe v. Grindr Inc.*, 128 F.4th 1148 (9th Cir. 2025), cited by Visa, is distinguishable for the same reasons.  *See Grindr Inc.*, 128 F.4th at 1155 (analyzing

FOSTA exception to CDA 230 immunity); *Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 644 (9th Cir. 2025) (same).

Accordingly, the Court correctly held that the standards in *Reddit* and *Grindr* are "not applicable" to its determination of whether "Plaintiff has met the required elements for a *civil* beneficiary liability claim." Dkt. 608 at 23; *id.* at 14.

### III. PLAINTIFFS' AMENDMENT IS NOT PREJUDICIAL OR FUTILE.

Finally, Visa attempts to avoid reinstatement of Plaintiffs' beneficiary liability claims against Visa by arguing that Plaintiffs' proposed amendment would be unduly prejudicial, insofar as Visa would be forced to expend time and money to defend the twice previously dismissed claim, or in the alternative futile, because even under the proposed amendment Visa is merely a "remote intermediary."[3] (Visa Br. at 11-12). Both arguments fail on the law and the facts.

As this Court has explained, the heightened showing of prejudice required to overcome the strong presumption in favor of liberal amendments only "exists where the amendment would unfairly delay proceedings or burden the opposing party with new, expansive discovery obligations late in the case." *Barkley & Assocs., Inc. v. Quizlet, Inc.*, 2025 WL 1421844, at *2 (C.D. Cal. Apr. 11, 2025) (Hsu, J.) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). "The need for additional discovery, expenses, or delay is insufficient by itself to serve as the

---

[3] Visa's citation to *Ketab Corp. v. Mesriani L. Grp.* to argue that the expense and time constitute undue prejudice (Visa Br. at 11), is misleading because there the court denied the amendment because the claims were determined to be "frivolous." *See Ketab Corp. v. Mesriani L. Grp.*, 2015 WL 2085523, at *4 (C.D. Cal. May 5, 2015) (explaining it would prejudice the defendants to allow amendment "by requiring them to expend time and money to defend against *frivolous* claims") (emphasis added). Likewise, Visa relies on *Bonin v. Calderon* for the proposition that failure to fully develop allegations originally can warrant denial of leave to amend. (*See* Visa Br. at 5, 12 (citing 59 F.3d 815, 845 (9th Cir. 1995)). But there too, the court found plaintiff's claims "either duplicative of existing claims or patently frivolous, or both," or that the claims were not raised at all in the initial pleading. None of these is the case here.

substantial prejudice necessary to deny a proposed amended pleading. There should be some showing of an inability to respond to the proposed amendment." *Prac. Magic, LLC v. Petzinger*, 2025 WL 2995124, at *2 (C.D. Cal. Jan. 8, 2025) (Hsu, J.) (quoting *Luma Pictures, Inc. v. Betuel*, 2016 WL 11519331, at *3 (C.D. Cal. Sept. 29, 2016)). Absent a showing of inability to respond or some similar extreme showing, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).[4] Visa's own cited case law supports granting leave to amend here based on this presumption. (*See* Visa Br. at 11 (citing *Isaac Davidson-Gesser v. Aequor Healthcare Servs., LLC*, 2025 WL 4058326, at *1 (C.D. Cal. Dec. 30, 2025) (granting plaintiff leave to file a third amended complaint where defendants failed to show substantial prejudice)). Visa's vague references to additional expense and undue delay are particularly unavailing here where the parties are currently litigating claims arising from the same facts, under the same statute. Visa fails to address this or explain what material additional discovery or costs would be involved in defending one additional claim arising from the same facts previously alleged to support Plaintiffs' TVPRA conspiracy claim.

In *Barkley & Associates, Inc.*, this Court rejected defendant's argument that an "amendment would cause prejudice by expanding the factual scope of the litigation and requiring additional discovery" because "the case overall remains in the early stages of discovery." *Barkley & Assocs., Inc.*, 2025 WL 1421844, at *2. The Court should reach the same conclusion here. It is undisputed that the case is still in its infancy, motions to dismiss are still pending, and the Court is scheduled to hear argument on those motions on April 24, 2026. Any challenges to the addition of a

---

[4] Visa improperly relies on *Bever v. CitiMortgage,* Inc., 2014 WL 1577250, at *10 (E.D. Cal. Apr. 18, 2014), (Visa Br. at 11-12) which involved a request for leave to amend a scheduling order under the higher standard set forth in Rule 16, not Rule 15.

beneficiary liability claim can be addressed at that hearing. There is currently no scheduling order, and no discovery as to Visa has taken place, so there would be no delay or duplication from adding this claim at this stage.

Visa singles out Plaintiff Fleites, arguing that leave to amend here would afford Fleites a fourth amendment. (Visa Br. at 10). But as this argument implicitly concedes, the other fourteen Plaintiffs' claims have never previously been ruled on, and at a minimum, each should be granted leave to amend following a first ruling on their claims. *Crescencio v. Ford Motor Co.*, 811 F. Supp. 3d 1132, 1141 (C.D. Cal. 2025) (leave to amend "should be freely given" especially where motion "was the first opportunity for the Court to assess the sufficiency of [plaintiffs'] allegations"). Under these circumstances, denying leave to Fleites would be unfair and prejudicial and would likely result in injustice and inconsistency of standards. One of the fourteen previously filed plaintiffs, or a new plaintiff filing a lawsuit today, would be able to assert a claim for beneficiary liability with the same allegations that a plaintiff who filed a lawsuit before *Ratha II* would not be able to assert merely because the opinion had not yet issued. Granting leave and allowing the Court to test the sufficiency of the allegations under the clarified standards would provide consistency to all plaintiffs. *See Morand-Doxzon v. Delaware North Companies Sportservice, Inc.*, 2021 WL 831263, at *4 (S.D. Cal. Mar. 4, 2021) ("Case law indicates that where there is a colorable claim, courts must grant leave to amend." (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987))).

Visa's claims of futility should likewise be rejected. Once again it resorts to arguments that the claims against Visa are too "remote" and indirect to support liability. (Visa Br. at 12.) As set forth above, *Ratha II* rejected any requirement that Visa's participation be direct or proximate; all that is required is that Visa "take part in" a venture, even a commercial one with MindGeek, with actual or constructive knowledge that the venture was engaged in sex trafficking. This Court has already found Visa had the requisite knowledge. Dkt. 614 at 15. Its association in a

9 Case No. 2:21-cv-04920-WLH-ADS

decades-long commercial venture with MindGeek is pled in spades.  (*See, e.g.*, TAC ¶¶ 287-88, 291, 304-08, 310, 312-14, 316-17).

But even if a direct or customized relationship is required to establish participation under the TVPRA—it is not—the TAC pleads Visa's customized arrangements and tailored accommodations to facilitate MindGeek's trafficking venture including, among other things, the following: (i) Visa agreed to exempt MindGeek from ordinary compliance and enforcement (TAC ¶¶ 287, 291, 304-07, 312-13, 317); (ii) Visa agreed to permit MindGeek to route payments through MindGeek-controlled third-party processors to conceal illegality (*id.* ¶¶ 288, 308); (iii) Visa coordinated with MindGeek to minimize visibility of illegal content on its tubesites so it could continue processing payments (*id.* ¶¶ 310, 313); (iv) Visa agreed to remove restrictions on payments that had clear indicia of trafficking (*id.* ¶¶ 310, 312); (v) Visa permitted use of banned words on MindGeek's tubesites that it had banned on its premium sites so Visa could continue processing payments for that illegal content without detection (*id.* ¶¶310); and (vi) Visa coordinated with MindGeek to mitigate public reporting of illegality (*id.* ¶¶ 311, 314, 316).  Visa's active and continued relationship with MindGeek despite its knowledge of illegal content, as well as its resumption of services despite the publicized proliferation of CSAM and trafficking, firmly supports its beneficiary liability under the TVPRA. *See F.C. v. Jacobs Sols. Inc.*, 790 F. Supp. 3d 1158, 1188 (D. Colo. 2025); *Edmondson v. Raniere*, 751 F. Supp. 3d 136, 181 (E.D.N.Y. 2024) (inferring knowledge from false campaigns and denials).[5]

---

[5] Citing *Spacey v. Burgar*, 207 F. Supp. 2d 1037 (C.D. Cal. 2001), Visa argues that the Court is precluded from considering the allegations already before it in the TAC and must only rely on the allegations in the SAC in assessing Plaintiffs' motion. Visa Br. at 6 n.2.  This argument misapprehends the relief Plaintiffs seek on this motion which is to vacate the dismissal with prejudice and for leave to amend to add an additional count to the TAC (but no additional allegations).  Under these circumstances, the proper analysis is the futility of the claims alleged in the TAC, not the SAC.

**CONCLUSION**

In light of *Ratha II*, Plaintiffs respectfully request that the Court grant the Motion, vacate the portion of its October 17, 2025 Order that dismissed Plaintiffs' beneficiary liability claim against Visa with prejudice, and grant leave to add a count to the TAC (with the allegations currently before the Court) for TVPRA beneficiary liability claim against Visa.

Dated: April 10, 2026            Respectfully submitted,

                                 By:   *Michael J. Bowe*

                                       Michael J. Bowe (*pro hac vice*)
                                       Lauren Tabaksblat (*pro hac vice*)
                                       **BRITHEM LLP**

                                       Nancy M. Olson (SBN 260303)
                                       nolson@olsonstein.com
                                       David M. Stein (SBN 198256)
                                       dstein@olsonstein.com
                                       **OLSON STEIN LLP**

                                       *Attorneys for Plaintiffs*

---

But *Spacey* involved a Rule 60(b) motion considering whether jurisdiction, in that case personal jurisdiction, had been established over non-resident defendants wherein it noted that "it may, and should, consider whether or not it applied an incorrect legal standard to the analysis of the facts presented." *Spacey*, 207 F. Supp. 2d at 1048. Nothing in *Spacey* or any precedent precludes this Court from considering whether beneficiary liability has been well-plead under Plaintiffs' allegations currently before the Court on a motion for leave to amend.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this brief contains 4,000 words or less, as required by this Court's, order, *Fleites*, 2:21−cv−04920, ECF No. 393.

Dated: April 10, 2026

By: /s/ *Michael J. Bowe*
Michael J. Bowe