# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>          Plaintiff,<br><br>   v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 Quebec, Inc. (d/b/a MindGeek); BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5,<br><br>          Defendants. | Case No. 2:21-CV-04920-WLH-ADS<br><br>**[PROPOSED] ORDER GRANTING VISA'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |

Defendant Visa Inc.'s Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 came before this Court for hearing on May 22, 2026.  Having considered the papers and arguments of counsel submitted in connection with Visa's Motion for Sanctions, and finding good cause appearing, the Court **HEREBY ORDERS** the following:

Visa's Motion is **GRANTED**;

The following allegations contained in the Third Amended Complaint ("TAC") are hereby stricken:

1. "Visa and its network banks sometimes suggested changes to words and descriptions connected to illegal content" (TAC ¶ 310);

2. "[Visa] collaborated with MindGeek on ways to scrub its sites of words and descriptions that would make illegal content much easier for activists to find" (*id.* ¶ 313);

3. "Visa permitted MindGeek to use on its tubesites words that were banned from its premium sites even though for compliance purposes the violation would have been the same" (*id.* ¶ 310);

4. "Visa and its network banks … removed restrictions on payments that had clear indicia of trafficking which would have resulted in a suspension or blocks on other merchant accounts" (*id.* ¶ 310);

5. Visa "worked with MindGeek to develop payment structures to help them both continue to process illegal payments without public exposure.  For example, Visa and its network banks encouraged and permitted MindGeek to process substantial amounts of its online payments through 'Third-Party Payment Processors' that MindGeek actually owned, and Visa delegated to those payment processors the purported obligations of monitoring the merchant – i.e., permitting MindGeek to monitor itself.  Visa knew that in doing so it would be permitting the merchant to also be responsible for its own monitoring

and to process payments in a manner that concealed illegality" (*id.* ¶ 308);

6. "Visa permitted [its] network banks to avoid bona fide website monitoring and to instead provide pretextual reports that were not consistent with Visa's standards and rules or its practices for other merchants" (*id.* ¶ 304);

7. "Visa ignored its own internal standards and practices in response to reported violations by MindGeek" (*id.* ¶ 305);

8. "Visa, at most, would ask the network banks to secure from MindGeek a 'self-certification' that it was operating legally and which would not address the specific instances and evidence presented by third-parties or otherwise be subjected to good faith scrutiny as would have been the case with other merchants" (*id.* ¶ 307);

9. "[Visa] permitted MindGeek entities to investigate MindGeek" (*id.* ¶ 313);

10. "[Visa] accepted purported investigatory findings it knew were false and nonresponsive" (*id.*);

11. "Visa permitted MindGeek to operate outside its enforcement regime because it wanted … to become the primary payment processor in the booming online porn industry and capture that market's substantial and rapidly increasing flow of payment transactions, especially those of its emerging dominant monopolist, MindGeek" (*id.* ¶ 291);

12. "This [arrangement] was of critical importance to Visa, which ran a nonpremium volume business and had placed grabbing market share in transaction volume as one of its highest priorities, particularly in the emerging online marketplace overall and booming adult online industry in particular" (*id.* ¶ 292);

13. "Visa permitted MindGeek to operate outside its enforcement regime

because it wanted … to prevent emerging payment processing alternatives like crypto, direct transfers, and digital wallets from using MindGeek and this industry to grow more competitive" (*id.* ¶ 291);

14. "[This arrangement] also facilitated Visa's objective of excluding alternative non-credit card payment methods in the online market such as electronic transfers and crypto" (*id.* ¶ 292);

15. "Visa permitted MindGeek to operate outside its enforcement regime because it wanted … to receive the higher fees Visa and its network banks could charge MindGeek on these transactions" (*id.* ¶ 291); and

This Order applies to the following cases:

*Fleites v. MindGeek, S.à.r.l., et al.*, Case No. 2:21-CV-04920-WLH-ADS (C.D. Cal. 2021); *K.A. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04786-WLH-ADS (C.D. Cal. June 7, 2024); *L.T. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04791-WLH-ADS (C.D. Cal. June 7, 2024); *N.L. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04788-WLH-ADS (C.D. Cal. June 7, 2024); *N.Y. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04801-WLH-ADS (C.D. Cal. June 7, 2024); *T.C. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04795-WLH-ADS (C.D. Cal. June 7, 2024); *X.N. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04800-WLH-ADS (C.D. Cal. June 7, 2024); *J.C. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04971-WLH-ADS (C.D. Cal. June 12, 2024); *C.S. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04992-WLH-ADS (C.D. Cal. June 13, 2024); *S.O. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04998-WLH-ADS (C.D. Cal. June 13, 2024); *W.L. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-04977-WLH-ADS (C.D. Cal. June 13, 2024); *L.S. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-05026-WLH-ADS (C.D. Cal. June 14, 2024); *A.K. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-05190-WLH-ADS (C.D. Cal. June 20, 2024); *W.P. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-

05185-WLH-ADS (C.D. Cal. June 20, 2024); and *J.L. v. MindGeek, S.à.r.l., et al.*, Case No. 2:24-cv-7046-WLH-ADS (C.D. Cal. Aug. 20, 2024).


**IT IS SO ORDERED.**


Dated: _____          _____
                                     HONORABLE WESLEY L. HSU
                                     UNITED STATES DISTRICT JUDGE