DREW TULUMELLO (#196484)
drew.tulumello@weil.com
MARK A. PERRY (#212532)
mark.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: 202 682 7000
Fax: 202 857 0940

*Attorneys for Visa Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>             Plaintiff,<br><br>      v.<br><br>MINDGEEK S.A.R.L.; MG FREESITES, LTD; MINDGEEK USA INCORPORATED; MG PREMIUM LTD.; MG GLOBAL ENTERTAINMENT INC.; 9219-1568 Quebec, Inc. (d/b/a MindGeek); BERND BERGMAIR; FERAS ANTOON; DAVID TASSILLO; COREY URMAN; VISA INC.; COLBECK CAPITAL DOES 1-5; BERGMAIR DOES 1-5,<br><br>             Defendants. | Case No. 2:21-CV-04920-WLH-ADS<br><br>Judicial Officer: Wesley L. Hsu<br>Courtroom: 9B<br><br>**DEFENDANT VISA INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**<br><br><br>Date: June 18, 2026<br>Time: 10:00 a.m. |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED**

**UNDER SEAL**

VISA'S REPLY ISO MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................1

ARGUMENT ................................................................................................................1

I.   Plaintiffs Have Identified No Factual Basis for the Challenged Statements ..4

    A.   Plaintiffs Identify No Factual Basis for the Allegations that Visa Collaborated with MindGeek to Conceal Illegal Content ....................4

    B.   Plaintiffs Identify No Factual Basis for Their Allegations that Visa Afforded MindGeek Special Payment Processing Privileges...............7

    C.   Plaintiffs Identify No Factual Basis for Their Allegations that Visa Afforded MindGeek Special Treatment...............................................8

    D.   Plaintiffs Identify No Factual Basis for Their Allegations that Visa Was Motivated to Capture Transactions in the Adult Online Industry 9

II.  Plaintiffs' Counsel Failed to Conduct a Reasonable Inquiry .........................9

III. Plaintiffs' Request for Fees Is Meritless .......................................................10

CONCLUSION.............................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arcsona Inc. v. Appirio Inc.*,
2022 WL 138681 (N.D. Cal. Jan. 14, 2022)........................................................2

*Benedict v. Hewlett-Packard Co.*,
2014 WL 234207 (N.D. Cal. Jan. 21, 2014)........................................................3

*Brubaker v. City of Richmond*,
943 F.2d 1363 (4th Cir. 1991) ...........................................................................10

*In re California Bail Bond Antitrust Litigation*,
511 F. Supp. 3d 1031 (N.D. Cal. 2021)...............................................................3

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002) .........................................................................2, 9

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990)..............................................................................................3

*De Freitas v. Thomas*,
2016 WL 8674572 (D. Ariz. May 6, 2016) ..........................................................3

*United States ex rel. Jacobs v. Advanced Dermatology & Skin Cancer
Specialists, P.C.*,
2023 WL 6370921 (C.D. Cal. Aug. 24, 2023) .....................................................3

*Lake v. Gates*,
130 F.4th 1064 (9th Cir. 2025), *pet. for cert. filed*, No. 25-882 (2026)...........2, 6

*Lee v. POW! Ent., Inc.*,
2020 WL 1288481 (C.D. Cal. Mar. 18, 2020) ...................................................11

*Martinez v. City of W. Sacramento*,
2021 WL 2227830 (E.D. Cal. June 2, 2021).........................................2, 6, 9, 11

*Moser v. Bret Harte Union High Sch. Dist.*,
366 F. Supp. 2d 944 (E.D. Cal. 2005) .............................................................5, 6

*Muhammad v. Reese L. Grp., APC*,
  2017 WL 2578915 (S.D. Cal. June 14, 2017) ...................................................... 11

*Musi Inc. v. Apple Inc.*,
  2026 WL 763310 (N.D. Cal. Mar. 16, 2026) .................................................. 2, 11

*Operating Eng'rs Pension Tr. v. A-C Co.*,
  859 F.2d 1336 (9th Cir. 1988) ................................................................................ 2

*Scottsdale Ins. Co. v. PTB Sales, Inc.*,
  2018 WL 6167912 (C.D. Cal. July 27, 2018) ........................................................ 4

*Simpson v. California Pizza Kitchen, Inc.*,
  2013 WL 12114487 (S.D. Cal. Oct. 23, 2013) ..................................................... 11

*Sweegen, Inc. v. Manus Bio Inc.*,
  2025 WL 2427988 (C.D. Cal. July 9, 2025) ....................................................... 2, 3

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990) ............................................................................. 2, 4

*United Nat'l Ins. Co. v. R&D Latex Corp.*,
  242 F.3d 1102 (9th Cir. 2001) ................................................................................ 2

*Upjohn Co. v. United States*,
  449 U.S. 383 (1981) ................................................................................................ 4

*Urenia v. Pub. Storage*,
  2015 WL 3378247 (C.D. Cal. May 7, 2015) .......................................................... 5

*Velazquez v. Waste Mgmt. Nat'l Servs., Inc.*,
  2013 WL 5076320 (N.D. Cal. Sept. 13, 2013) ..................................................... 11

*Wilens v. NRG Energy, Inc.*,
  2016 WL 11757771 (C.D. Cal. Aug. 16, 2016) ................................................. 2, 4

**Other Authorities**

Fed. R. Civ. P. 11 ................................................................................................*passim*

## INTRODUCTION

Plaintiffs' opposition to Visa's Rule 11 motion confirms that Plaintiffs do not have *any* factual basis for the Challenged Statements. Visa challenged fifteen discrete allegations in the TAC asserting that *Visa affirmatively collaborated with MindGeek* to (1) prevent detection of illegal content on MindGeek websites, (2) develop novel payment solutions for MindGeek's benefit, (3) grant MindGeek special exemptions from Visa rules, and (4) corner the payment-processing market for adult content. Yet Plaintiffs' opposition says almost nothing about those allegations, and the sworn declaration of Plaintiffs' counsel does not even purport to address them, let alone substantiate them.

Instead, Plaintiffs' opposition uses a series of internal MindGeek emails to reiterate their core theory against *MindGeek* and to suggest that Visa knew of or acquiesced in MindGeek's conduct. But Plaintiffs' legal theory against MindGeek is not at issue in this motion, and the Challenged Statements go far beyond mere knowledge or acquiescence. Visa challenged a specific set of allegations that Plaintiffs added to the TAC after losing the prior motion to dismiss, and Plaintiffs' arguments and exhibits do nothing to support *those* specific allegations. Most of the exhibits do not even mention Visa, and even under Plaintiffs' (misleading) description of the exhibits, there is not a hint of any affirmative, collaborative conduct by Visa of the kind alleged in the Challenged Statements.

Plaintiffs' opposition has confirmed what Visa said in its motion—the new allegations are not the product of new investigation, but instead a final effort to keep Visa in the case at any cost. This Court held in its Motion to Dismiss Order that Visa could not be liable for "passive nonfeasance." To circumvent that ruling, Plaintiffs manufactured allegations about Visa's "active collaboration" with MindGeek. Rule 11 sanctions are necessary to protect the integrity of the judicial process, and the Challenged Statements should be stricken.

## ARGUMENT

Rule 11 sanctions are justified where (1) a complaint contains allegations that are

"factually baseless from an objective perspective" and (2) counsel failed to "conduct[] a reasonable and competent inquiry." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation marks omitted). Plaintiffs incorrectly try to raise the bar by misstating the legal standard in several ways.

Plaintiffs first incorrectly assert that Rule 11 sanctions are available only for "the rare and exceptional case where the action is clearly frivolous." Opp'n 2 (quoting *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)). The Ninth Circuit has since clarified that an entire action need not be frivolous for Rule 11 to apply. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362–65 (9th Cir. 1990) (rejecting rule that the pleading "as a whole" must be "frivolous or of a harassing nature"). Other of Plaintiffs' cases concern whether a party's *legal* arguments are frivolous. *See, e.g., Operating Eng'rs Pension Tr.*, 859 F.2d at 1343 (contract interpretation); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001) (legal basis for reassignment); *Arcsona Inc. v. Appirio Inc.*, 2022 WL 138681, at *2–3 (N.D. Cal. Jan. 14, 2022) (legal interpretation of economic loss rule). Visa argues here only that the Challenged Statements are *factually* baseless, which is a proper use of Rule 11. *See Lake v. Gates*, 130 F.4th 1064, 1068–69 (9th Cir. 2025), *pet. for cert. filed*, No. 25-882 (2026); *Musi Inc. v. Apple Inc.*, 2026 WL 763310, at *3 (N.D. Cal. Mar. 16, 2026); *Martinez v. City of W. Sacramento*, 2021 WL 2227830, at *5 (E.D. Cal. June 2, 2021).

Plaintiffs also are incorrect that Visa must present "unequivocal evidence" in support of its motion. Opp'n 3 (quoting *Sweegen, Inc. v. Manus Bio Inc.*, 2025 WL 2427988, at *3 (C.D. Cal. July 9, 2025)). Plaintiffs' own authority confirms that it is *improper* for a court to consider additional evidence submitted by the moving party, because the court's analysis must be "limited to the factual basis and reasonableness of the inquiry *prior* to filing the [complaint]." *Wilens v. NRG Energy, Inc.*, 2016 WL 11757771, at *2–3 (C.D. Cal. Aug. 16, 2016) (analyzing whether the evidence cited by

the plaintiff provide a factual basis for the allegations) (cited at Opp'n 5). Instead, courts must "marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990).

None of Plaintiffs' cases supports the "unequivocal evidence" standard they seek to impose. *See* Opp'n 3–4. In the only cited case even containing that language, the court did not assert that "unequivocal evidence" is necessary for a Rule 11 motion and cited no case holding as much. *See Sweegen*, 2025 WL 2427988, at *3. In *Benedict v. Hewlett-Packard Co.*, 2014 WL 234207 (N.D. Cal. Jan. 21, 2014), the court analyzed "six categories of … circumstantial evidence" adduced by the non-moving party. *Id.* at *5–7 (quotation marks omitted). In *In re California Bail Bond Antitrust Litigation*, 511 F. Supp. 3d 1031 (N.D. Cal. 2021), the court addressed the moving party's argument regarding the lack of "evidentiary support for [the challenged] allegations" by pointing to "multiple allegedly misleading statements" quoted in the complaint. *Id.* at 1054. And in *De Freitas v. Thomas*, 2016 WL 8674572 (D. Ariz. May 6, 2016), the magistrate judge rejected as insufficient the moving parties' "vague and conclusory 'suggestion' that Plaintiff knowingly submitted a false declaration." *Id.* at *7. None of these authorities holds that a party must adduce "unequivocal evidence" to prevail on a Rule 11 motion, and any such demand would be particularly inappropriate here, where Plaintiffs charge Visa with proving a negative (e.g., that it did *not* "collaborate[] with MindGeek" (TAC ¶ 313)).

Plaintiffs are correct that Rule 11 is not a vehicle for testing the legal sufficiency of the allegations. Whether the TAC—with or without the Challenged Statements—is legally sufficient to state a claim will be resolved through Visa's motion to dismiss. *See* ECF No. 634. This motion, however, concerns whether the fifteen specific allegations Visa identified are factually baseless, and that is an appropriate use of Rule 11. Plaintiffs' authorities do not hold otherwise—they say simply that a Rule 11 motion may not be used to litigate the legal sufficiency of claims or defenses. *See, e.g., United States ex rel.*

*Jacobs v. Advanced Dermatology & Skin Cancer Specialists, P.C.*, 2023 WL 6370921, at *4 (C.D. Cal. Aug. 24, 2023) (Rule 11 motion improper because "it seeks to litigate the substantive validity of one of Defendants' defenses"); *Scottsdale Ins. Co. v. PTB Sales, Inc.*, 2018 WL 6167912, at *2 (C.D. Cal. July 27, 2018) (denying sanctions because the moving party "fail[ed] to establish that these statements are factually baseless or were presented for an improper purpose"); *Wilens*, 2016 WL 11757771, at *2–3 (considering on the merits the party's "challenge to the evidence Plaintiff cites").  If anything, it is Plaintiffs who have misunderstood the scope of Rule 11 by using their opposition to re-argue their theory of liability rather than provide a factual basis for the Challenged Statements.[1]

## I.    Plaintiffs Have Identified No Factual Basis for the Challenged Statements

Plaintiffs have little to say about the fifteen allegations Visa challenged as factually baseless.  Instead, they spend pages describing several exhibits that have virtually no relationship to the Challenged Statements—most of them do not even mention Visa. Indeed, even if Plaintiffs' tortured account of those exhibits were accurate, there is nothing in them even suggesting affirmative, collaborative conduct between Visa and MindGeek.    Plaintiffs' lengthy narration of MindGeek's internal policies and correspondence confirms that the Challenged Statements are factually baseless.[2]

### A.    Plaintiffs Identify No Factual Basis for the Allegations that Visa Collaborated with MindGeek to Conceal Illegal Content

Plaintiffs have not identified any factual basis for their allegations that Visa "suggested changes to words and descriptions connected to illegal content," TAC ¶ 310,

---

[1] Plaintiffs are also wrong to invoke the Ninth Circuit's more lenient treatment of "allegations relating to an opposing party's knowledge, purpose, or intent." *Townsend*, 929 F.2d at 1364.  The Challenged Statements here are assertions of *actual conduct* by Visa.

[2] Plaintiffs reference "additional privileged information" that supposedly supports their allegations.  Opp'n 6 n.1.  But attorney-client privilege "only protects disclosure of communications, it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

"collaborated with MindGeek on ways to scrub its sites of words and descriptions that would make illegal content much easier for activists to find," *id.* ¶ 313, or "permitted MindGeek" to use certain "banned" words on its free sites, *id.* ¶ 310. They do not identify any correspondence between Visa and MindGeek at all. Nor do they identify any documents, testimony, or witness account purporting to recount such collaboration, or any other evidence from which such collaboration could be inferred.

What Plaintiffs rely on instead are a series of internal MindGeek emails discussing various issues largely or entirely unrelated to Visa. *See* Opp'n 7–10. The primary exchange Plaintiffs cite is ███████████████████████████ ███ *See* Bowe Decl. Ex. 4. Plaintiffs emphasize ███████████████ ███████████████████████████ *see* Opp'n 7–11, 13–14, 16, but nothing in the email connects that ██████████ to Visa. There is no reference to Visa at all, and ███████████ ███████████████████ ███████████████████ Bowe Decl. Ex. 4, at MindGeek_Fleites_00095530. This exhibit—as well as the other internal exchanges Plaintiffs rely on—"is several logical leaps short of showing that there is any factual basis for [the] allegations." *Urenia v. Pub. Storage*, 2015 WL 3378247, at *3 (C.D. Cal. May 7, 2015).

It is misleading, then, for Plaintiffs to assert that these exhibits reflect *Visa's* approval or knowledge of any internal policies at MindGeek. *See* Opp'n 7–13; *see also Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 976 (E.D. Cal. 2005) (imposing sanctions where counsel "misread[] context, omitt[ed] critical facts, and sometimes … simply stat[ed] the opposite of what was in the record"). Indeed, later emails indicate that ████████████████ ████████████████████ Bowe Decl. Ex. 13, at MindGeek_Fleites_00083152. In that same thread, ██████████

███████████████████████████████████████████████

*Id.* at MindGeek_Fleites_00083122.[3]

More importantly, though, the specific allegations Visa challenges go far beyond even what Plaintiffs *say* the exhibits show. Plaintiffs devote pages to a summary of MindGeek's internal correspondence, but nowhere do they describe actual conduct or "collaboration" *by Visa*. Instead, much of what Plaintiffs infer from the exhibits would, at best, imply "passive nonfeasance"—and even then, ████████████████████████, not Visa. Even for the allegation that "Visa permitted MindGeek" to use certain "banned" words on its free sites, TAC ¶ 310, Plaintiffs fail to connect *Visa* to MindGeek's internal policy. And given how specific the Challenged Statements are, Plaintiffs cannot argue in hindsight that their fabricated allegations are simply permissible inferences drawn from ████████████████████████████████████████ *See Martinez*, 2021 WL 2227830, at *7 (imposing sanctions for an "incredibly fact-specific account of a conversation between the prosecutors and investigating officers that suggests it is based on fact and direct evidence, rather than inference"); *see also Lake*, 130 F.4th at 1069 (affirming sanctions for "factually misleading statements").[4]

Plaintiffs nonetheless assert that their allegations are plausible because "commercial businesses that make lots of money coordinate with customers and others both legally and illegally all the time." Opp'n 15. That is no basis for alleging that *this* commercial business (Visa) coordinated with *this* merchant (MindGeek) to conceal unlawful content and "make lots of money." *See Martinez*, 2021 WL 2227830, at *7 (the

---

[3] Plaintiffs argue that *Moser* is distinguishable because counsel there confessed to the misstatements. *See* Opp'n 5–6. Counsel's concession in *Moser* does not render the court's analysis of the statements inapposite.

[4] Plaintiffs attempt to distinguish *Martinez* on the ground that documents there "unequivocally contradicted" the plaintiff's arguments. Opp'n 5. That selective reading focuses only on one of several allegations at issue and ignores the rest of the court's analysis examining the unsupported inferences the plaintiff sought to draw from circumstantial evidence. *See Martinez*, 2021 WL 2227830, at *7.

"widely accepted principle that prosecutors and police have a closely aligned working relationship" did not substantiate an allegation regarding a specific conspiratorial conversation (quotation marks omitted)).  The fact that Plaintiffs resort to such broad platitudes confirms they have no factual basis for the Challenged Statements.

As for the testimony provided during jurisdictional discovery, Plaintiffs wave it off as inconclusive.  *See* Opp'n 15.  But Plaintiffs' own counsel asserted these are the individuals likely to know about any purported collaboration, *see* Bowe Decl. Ex. 1, at 8:4–11, yet they failed to corroborate Plaintiffs' allegations.  Plaintiffs cannot simply ignore that reality.

### B. Plaintiffs Identify No Factual Basis for Their Allegations that Visa Afforded MindGeek Special Payment Processing Privileges

Plaintiffs likewise have identified no factual basis for their allegations that Visa "worked with MindGeek to develop payment structures" to avoid "public exposure," TAC ¶ 308, and "removed restrictions" on suspicious payments, *id.* ¶ 310.  There is nothing in the exhibits discussing new "payment structures" for MindGeek, and nothing about removal of payment restrictions.

Plaintiffs protest that their allegations are not that Visa worked with MindGeek to develop new "payment *models*," but that Visa "worked with MindGeek to develop payment *structures*."  Opp'n 16 (emphases added) (quoting TAC ¶ 308).  It is unclear what distinction Plaintiffs are drawing, but it does not matter.  If what Plaintiffs mean is that ▮▮▮▮▮▮▮▮▮▮▮ is the "payment structure[]" referred to in the TAC, there is nothing connecting Visa to ▮▮▮▮▮▮▮▮▮ and in any event there is nothing about ▮▮▮▮▮▮▮ that reflects any bespoke "payment structure[]."

Plaintiffs' exhibits also do not substantiate the allegation that Visa "delegated to [MindGeek's] payment processors the purported obligations of monitoring the merchant." TAC ¶ 308.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Bowe Decl. Ex. 15; *see also* Bowe Decl. Ex. 13, at MindGeek_Fleites_00083139. ▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████████

███████████████████████████████████ But that does not substantiate a claim that Visa "delegated" all "monitoring" obligations to MindGeek's "payment processors," thereby "permitting MindGeek to monitor itself." TAC ¶ 308.

As for the allegation that Visa "removed restrictions" on suspicious payments, TAC ¶ 310, Plaintiffs offer nothing. There is not a single example of a MindGeek transaction being exempted from the ordinary rules, nor a discussion about Visa doing so. There is no document or testimony showing Visa blocking similar transactions for any other merchant—to the contrary, Plaintiffs assert that Visa processed similar payments for other merchants, *see* Bowe Decl. ¶ 8, and that Visa treated other high-risk transactions similarly, *see id.* ¶ 9. Plaintiffs do not even identify what Visa policy these transactions would have violated.

**C.   Plaintiffs Identify No Factual Basis for Their Allegations that Visa Afforded MindGeek Special Treatment**

Plaintiffs have no support for their allegations that Visa "ignored its own internal standards and practices," TAC ¶ 305, permitted its acquirer banks "to avoid *bona fide* website monitoring and to instead provide pretextual periodic reports," *id.* ¶ 304, or otherwise provided MindGeek special treatment. Plaintiffs do not identify any merchant that Visa purportedly treated differently from MindGeek. They do not identify any generally applicable policies that Visa purportedly did not apply to MindGeek. And they do not identify any documents, testimony, public sources, or witnesses even tangentially supporting the contention that MindGeek, among all other merchants, was the recipient of special treatment by Visa.

Instead, Plaintiffs assert simply that Visa imposed stricter standards on MindGeek after the New York Times reporting in December 2020. *See* Opp'n 17. That allegation has nothing to do with and provides no basis for the assertion that Visa excused MindGeek or the acquirer banks from their ordinary responsibilities under Visa's rules. The only relevant evidence on those allegations is that ██████████████████████████████

█████████████████████████████. *See* Bowe Decl. Ex. 15. Plaintiffs offer nothing suggesting that this process deviated from Visa's ordinary practice.

### D. Plaintiffs Identify No Factual Basis for Their Allegations that Visa Was Motivated to Capture Transactions in the Adult Online Industry

Plaintiffs all but admit they have no factual basis for their allegations regarding Visa's purported mission to "become the primary payment processor in the booming online porn industry" at the expense of "emerging payment processing alternatives." TAC ¶ 292; *see also id.* ¶ 291. Plaintiffs instead say simply that it is common sense that businesses seek to maximize profit. *See* Opp'n 17–18. But Plaintiffs cannot invoke a general principle of economics to substantiate specific allegations about what *Visa* did or intended. *See Martinez*, 2021 WL 2227830, at *7. And the fact that Visa generally is aware of the competitive significance of alternative payment methods does not substantiate Plaintiffs' allegations.

Plaintiffs' discussion of Visa's fees is similarly misguided. Plaintiffs alleged in the TAC that *Visa* charged "higher fees" for MindGeek "transactions." TAC ¶ 291. Plaintiffs do not defend that allegation. Instead, they assert that the *acquirer* banks charged more and that Visa charged higher *registration* fees for certain merchants. Opp'n 19. The declaration they cite does not even support those assertions, *see* Bowe Decl. ¶ 8, but regardless, the allegation about Visa's higher transaction fees—other than the interchange fees paid to the banks—is entirely unsubstantiated. Plaintiffs' discussion of transaction *volume* is similarly inapposite to the allegations in the TAC.

## II. Plaintiffs' Counsel Failed to Conduct a Reasonable Inquiry

Plaintiffs do not discuss the requirement that they conduct a "reasonable and competent inquiry" to determine whether the factual allegations asserted can responsibly be certified as true. *Christian*, 286 F.3d at 1127; *see also* Fed. R. Civ. P. 11(b)(3). Instead, they rest solely on the declaration of counsel. *See generally* Bowe Decl. That reliance is fatally misplaced.

In his sworn declaration, Plaintiffs' counsel pointedly declines to endorse the

Challenged Statements. Counsel does not purport to identify any evidence that Visa "suggested changes to words and descriptions" to conceal content. *See* Bowe Decl. He does not assert that he uncovered evidence of new "payment structures" developed by Visa for MindGeek. He does not provide any factual basis for Plaintiffs' allegations regarding deviations from Visa's ordinary standards, self-serving investigations by MindGeek, or Visa's purported attempt to corner the payment-processing market in the adult entertainment industry. Counsel even acknowledges that "regular day-to-day contact with merchants is principally conducted by Visa's network banks," not Visa. *Id.* ¶¶ 3–4.

That counsel is unwilling to assert the Challenged Statements in a sworn declaration is telling. Equally concerning is counsel's silence on why these allegations were not included in the Second Amended Complaint filed after jurisdictional discovery. Nor does counsel explain why, if the exhibits Plaintiffs now cite are so fundamental to their theory, Plaintiffs did not quote or cite them in *any* of the complaints (including the TAC). Indeed, most significantly, counsel does not assert that any of the exhibits cited in the opposition actually formed the basis for the Challenged Statements.

"To be reasonable, the prefiling factual investigation must uncover some information to support the allegations in the complaint." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991). Whatever investigation was undertaken, it did not uncover facts supporting the Challenged Statements and it therefore falls short of the "reasonable inquiry" required under Rule 11. Sanctions striking the Challenged Statements are appropriate.

## III. Plaintiffs' Request for Fees Is Meritless

Notwithstanding the failure to adduce any factual basis for the Challenged Statements, Plaintiffs double-down by demanding fees for having to defend against this motion. That presumptuous request is entitled to no serious consideration.

To receive fees, Plaintiffs would need to show that Visa's Rule 11 motion "lacks

legal reasoning or factual basis," *Lee v. POW! Ent., Inc.*, 2020 WL 1288481, at *3 (C.D. Cal. Mar. 18, 2020) (denying prevailing party's fees), or that Visa engaged in "conduct evidencing bad faith or otherwise warranting an award of fees," *Velazquez v. Waste Mgmt. Nat'l Servs., Inc.*, 2013 WL 5076320, at *1 (N.D. Cal. Sept. 13, 2013) (denying fees because the moving party's "arguments were not without merit"); *see also Muhammad v. Reese L. Grp., APC*, 2017 WL 2578915, at *6 (S.D. Cal. June 14, 2017) (denying fees in absence of evidence that Rule 11 motion was filed for an improper purpose). Plaintiffs cannot make this showing.

As set forth above, filing a Rule 11 motion to strike factually baseless allegations is permissible and manifestly appropriate here. *See supra* p. 2. Courts have stricken allegations or otherwise imposed sanctions where a party levied allegations without a factual basis. *See, e.g.*, *Musi*, 2026 WL 763310, at *3; *Martinez*, 2021 WL 2227830, at *5. And Visa did not unduly delay in filing this motion—it took time to carefully investigate the allegations before serving a Rule 11 motion, as a party should do.

Plaintiffs' speculation that Visa's filing was prompted by Plaintiffs' motion for reconsideration is groundless. *See* Opp'n 20–21. Visa raised the factually baseless allegations with Plaintiffs long before Plaintiffs indicated a desire to move for reconsideration. *See* Mot. 6 n.2. And Visa's Rule 11 motion does not even affect Plaintiffs' motion for reconsideration, because the merits of that motion must be judged on the allegations in the *Second* Amended Complaint. *See* ECF No. 671, at 6 n.2. Moreover, Visa's counsel explicitly disclaimed any such connection during the meet and confer. *See* Bowe Decl. Ex. 1, at 28:6–8. Plaintiffs cannot manufacture a motive that does not exist to obtain fees. *See, e.g*, *Simpson v. California Pizza Kitchen, Inc.*, 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013) (denying fees even though plaintiff alleged the Rule 11 motion was only brought for "purposes of intimidation").

To the extent Plaintiffs rely on the meet-and-confer process to show improper conduct, they have it exactly backward. As Visa described in its motion, Visa (1)

informally discussed the lack of a factual basis for Plaintiffs' allegations on February 20, 2026, (2) provided a copy of the Rule 11 motion and complied with the 21-day safe harbor provision, and (3) met and conferred with Plaintiffs' counsel for an hour after the safe harbor period. *See* Mot. 6 n.2. During that meet-and-confer, Plaintiffs' counsel provided no additional factual basis for the Challenged Statements—choosing instead to cross-examine Visa's counsel on factual questions—and it was entirely proper for Visa to proceed with filing the motion thereafter.

Plaintiffs' precedent is far afield. In *Goldwater Bank, N.A. v. Elizarov*, the court assessed fees because "the entire record show[ed] that [the moving party] ha[d] engaged in a pattern of meritless filings that have served no purpose other than increasing litigation and imposing unnecessary costs." 2023 WL 4295255, at *1 (C.D. Cal. May 9, 2023). And in *arrivia Inc. v. Rowley*, the court confirmed that "[m]erely defeating a Rule 11 motion does not necessarily warrant an award of attorneys' fees," but nonetheless awarded fees because the motion was "not grounded in law or fact." 2024 WL 3010935, at *4 (D. Ariz. June 14, 2024). Neither of those circumstances is remotely present here.

## CONCLUSION

Visa does not take the step of filing a Rule 11 motion lightly. But a line is crossed when a party invents facts and includes them in a pleading to a federal court. Visa respectfully requests that the Court strike the Challenged Statements.

Dated:  June 12, 2026

RESPECTFULLY SUBMITTED,

*/s/ Drew Tulumello*

DREW TULUMELLO (#196484)
drew.tulumello@weil.com
MARK A. PERRY (#212532)
mark.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: 202 682 7000
Fax: 202 857 0940
*Attorneys for Defendant Visa Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Visa, certifies that this brief is within the 4,000 word limit set forth in the Court's Standing Order.

Dated:  June 12, 2026                    */s/ Drew Tulumello*

DREW TULUMELLO