UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA FLEITES et al., | Case No. 2:21-cv-04920-WLH-ADS |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO VACATE [669]** |
| v. | |
| MINDGEEK S.A.R.L. et al, | |
| Defendants. | |

The Court is in receipt of the Motion to Vacate (the "Motion") brought by Plaintiffs in *Fleites v. MindGeek S.a.r.l.*, No. 21-CV-04920-WLH-ADS and the 14 related cases (collectively, "Plaintiffs").[1] (Mot., Dkt. No. 669). The tentative order is adopted as the final order.

---

[1] This Motion covers claims brought by Plaintiffs against Visa in the above-captioned proceeding as well as in the 14 related cases: *K.A. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04786-WLH-ADS (C.D. Cal. Dec. 15, 2025); *L.T. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04791-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04788-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.Y. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04801-WLH-ADS (C.D. Cal. Dec. 15. 2025); *T.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04795-WLH-ADS (C.D. Cal. Dec. 16. 2025); *X.N. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04800-WLH-ADS (C.D. Cal. Dec. 15, 2025); *J.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04971-WLH-ADS (C.D. Cal. Dec. 16, 2025); *C.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04992-WLH-ADS (C.D. Cal. Dec. 16, 2025); *S.O. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04998-WLH-ADS (C.D. Cal. Dec. 16, 2025); *W.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04977-WLH-ADS (C.D. Cal. Dec. 16, 2025); *L.S. v.*

Regardless of the title given to this Motion by Plaintiffs, the Court interprets this Motion for what it is:  a motion for reconsideration of the Court's dismissal of Plaintiff Fleites' beneficiary liability claim against Defendant Visa.  The Motion fails to demonstrate any of the prerequisites of reconsideration.

The Court finds that Plaintiffs have not met either the Ninth Circuit standard or the Local Rule requirements for a motion for reconsideration.  Generally, a motion for reconsideration in this Circuit is appropriate "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Moreover, under Local Rule 7-18, reconsideration may be granted only on grounds of

> (1) a material difference in fact or law from (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.  Plaintiffs also cite Federal Rule of Civil Procedure 54(b).  Pursuant to Rule 54(b), a court order that does not terminate the action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981)) ("As long as a district court has jurisdiction

---

*MindGeek, S.à.r.l.*, Case No. 2:24-cv-05026-WLH-ADS (C.D. Cal. Dec. 16, 2025); *A.K. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05190-WLH-ADS (C.D. Cal. Dec. 15, 2025); *W.P. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05185-WLH-ADS (C.D. Cal. Dec. 16, 2025); and *J.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-07046-WLH-ADS (C.D. Cal. Dec. 16, 2025). Except where indicated, the allegations across all of these complaints are substantively identical.

over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").

Plaintiffs argue that the Court should vacate its October 17, 2025, order that dismissed with prejudice Plaintiff Fleites' beneficiary liability claim against Defendant Visa ("Amended Order re Visa Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint," Dkt. No. 614) ("Visa Order") due to an "intervening" decision in *Ratha v. Rubicon Res., LLC*, 168 F.4th 541 (9th Cir. 2026) ("*Ratha III*"). Plaintiffs contend that the Court, in its previous order, improperly dismissed Plaintiffs' beneficiary liability claim against Defendant Visa due to the Court's reliance on an erroneous standard. (Mot. at 10). Plaintiffs aver that the Court "found 'participation' requires a direct relationship with the trafficker or, in the alternative, operational control over the venture." (*Id*. at 10-11). Plaintiffs state that the subsequent decision in *Ratha III* warrants vacatur of the Court's previous order because *Ratha III* "rejected these requirements and instructed that participation only requires a defendant 'to take part in or share with others in common or in association.'" (*Id*.) (quoting *Ratha III*, 168 F.4th at 560).

Plaintiffs are correct that the Court in *Ratha III* held that the ordinary meaning of participate, in the human trafficking venture context, is "taking part, association, or sharing (with others) in some action or matter." *Ratha III*, 168 F.4th at 560. The Court in *Ratha III* further explained that one can participate *without* "operating or managing" the venture. *Id*. In so holding, *Ratha III* rejected the lower court's erroneous definition of participation, which required plaintiffs to show that the relevant actor "took some action to operate or manage the venture." *Ratha v. Phatthana Seafood Co*., No. CV 16-4271-JFW (ASX), 2017 WL 8293174 (C.D. Cal. Dec. 21, 2017), at *4-5.

Plaintiffs, however, are not correct in their characterization of this Court's previous decision. This Court did not dismiss Plaintiffs' claim on the ground that Plaintiffs failed to allege that Defendant Visa operated or managed the venture.

3

Indeed, those terms (or their equivalents) do not appear in the Court's previous order. Rather, the Court concluded that "[i]n the absence of interaction, coordination, or shared purpose, continued service—even in the face of awareness—is not enough to demonstrate a meeting of the minds and plead agreement." (Visa Order at 35). The Court's previous decision is directly in line with *Ratha III*'s instruction that the participation element will be satisfied by allegations of an actor who takes part in or shares with others in common in or in association.

*Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, No. 2:20-CV-03444-MEMF-PVC, 2026 WL 370392 (C.D. Cal. Feb. 6, 2026) is instructive. There, the plaintiffs sought reconsideration based on an intervening Ninth Circuit decision clarifying the standard for identifying trade secrets under federal law. *Skye Orthobiologics, LLC,* 2026 WL 370392, at \*3. The district court denied reconsideration because, even though the intervening decision rejected a standard some lower courts had used, the district court's previous decision in *Skye Orthobiologics* "did not apply the" erroneous standard "or use words that could allude to that standard." *Id*. at \*4. Similarly, this Court neither applied the erroneous "operate or manage" standard nor did it employ language suggesting reliance on that standard.

Accordingly, *Ratha III* is not a material change in the law applied in this Court's prior Order. Therefore, the Court **DENIES** Plaintiffs' Motion.

**IT IS SO ORDERED.**

Dated: July 9, 2026

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE