UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04920-WLH-ADS | Date | July 22, 2026 |
|---|---|---|---|
| Title | ***Serena Fleites et al v. MindGeek S.A.R.L. et al*** | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING DEFENDANT VISA'S MOTION FOR SANCTIONS [686]**

The Court is in receipt of Defendant Visa's Motion for Sanctions (the "Motion"). (Motion for Sanctions, Dkt. No. 686) ("Mot."). The Court heard oral argument on June 18, 2026. For the reasons explained herein, the Court **DENIES** the Motion.

Defendant Visa ("Defendant") moves the Court to issue Rule 11 sanctions against Plaintiff Serena Fleites' ("Plaintiff Fleites") counsel.[1] (*See generally* Mot.). Defendant

---

[1] Counsel for Plaintiff Fleites also represents plaintiffs in the fourteen related cases currently pending before the Court (Plaintiff Fleites, collectively with the plaintiffs in the related cases, "Plaintiffs"): *K.A. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04786-WLH-ADS (C.D. Cal. Dec. 15, 2025); *L.T. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04791-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04788-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.Y. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04801-WLH-ADS (C.D. Cal. Dec. 15. 2025); *T.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04795-WLH-ADS (C.D. Cal. Dec. 16. 2025); *X.N. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04800-WLH-ADS (C.D. Cal. Dec. 15, 2025); *J.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04971-WLH-ADS (C.D. Cal. Dec. 16, 2025); *C.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04992-WLH-ADS (C.D. Cal. Dec. 16, 2025); *S.O. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04998-WLH-ADS (C.D. Cal. Dec. 16, 2025); *W.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04977-WLH-ADS (C.D. Cal. Dec. 16, 2025); *L.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05026-WLH-ADS (C.D. Cal. Dec. 16, 2025); *A.K. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05190-WLH-ADS (C.D. Cal. Dec. 15, 2025); *W.P. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05185-WLH-ADS (C.D. Cal. Dec. 16, 2025); and *J.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-07046-WLH-ADS (C.D. Cal. Dec. 16, 2025).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

asserts that Plaintiffs' counsel, across the 15 cases, has breached well-established obligations under Rule 11.  (Mot. at 2).  "Rather than conduct additional factual investigation or refine their legal theories, Plaintiffs' counsel has invented new 'facts' that purport to implicate Visa not merely as a payment processor, but as an active and colluding participant in MindGeek's day-to-day business operations."  (*Id*.).  The specific allegations Defendant challenges are "organized into four categories": (i) allegations that Defendant collaborated with MindGeek to conceal illegal content through "scrubbing" and content manipulation, (ii) allegations that Defendant afforded MindGeek special payment processing privileges, (iii) allegations that Defendant afforded MindGeek special treatment and exemptions and (iv) allegations that Defendant targeted the adult online entertainment industry.  (*Id*. at 4-5).  Defendant indicates that it "does not seek to punish Plaintiffs' counsel for reimbursement of fees or costs," instead Defendant requests that the Court strike these four categories of allegations from the Complaint.  (*Id*. at 2).

Rule 11 allows sanctions if a filing is either legally frivolous or factually misleading.  *Truesdell v. S. California Permanente Med. Grp*., 293 F.3d 1146 (9th Cir. 2002).  Frivolous filings are "those that are both baseless and made without a reasonable and competent inquiry."  *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).  Alternatively, sanctions should be granted where a filing has an improper purpose.  *Townsend v. Holman Consulting Corp*., 929 F.2d 1358, 1362 (9th Cir. 1990).

Here, Defendant has not demonstrated how any of Plaintiffs' filings were frivolous or devoid of a proper purpose.  First, Defendant finds baseless Plaintiffs' allegations that Defendant collaborated with MindGeek to conceal illegal content through "scrubbing" and content manipulation.  (Mot. at 8).  Defendant posits that the "limited discovery Plaintiffs have taken, in fact, contradicts these allegations."  (*Id*. at 9).  Defendant then

---

Those attorneys are referenced as "Plaintiffs' counsel" in this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

points to the deposition testimony of a former MindGeek executive who responded, in response to a question on whether the credit card companies suggest any additional terms to MindGeek's banned word list, "I'm not sure I received any . . . credit card companies, so I don't know . . . I don't know if they provided any keywords."). (*Id.* at 9) (quoting Deposition of Corey Urman, Dkt. No. 686-4, at 4). Defendant also points to the testimony of MindGeek's former CEO who, in response to a similar question, stated, "I'm not sure that happens." (*Id.*) (quoting Deposition of Feras Antoon, Dkt. No. 686-5, at 4). The Court, however, does not find these statements, which lack certainty, sufficiently compelling to support Defendant's position that Plaintiffs' allegation, with respect to Defendant and MindGeek's collaboration to conceal illegal content, are baseless.

Second, Defendant challenges Plaintiffs' allegations that Defendant afforded MindGeek special payment processing privileges. (Mot. at 10). Defendant states, "Plaintiffs assert that Visa removed payment restrictions for certain MindGeek transactions in order to facilitate unlawful payments and even developed new payment models for MindGeek in the form of 'third-party payment processors.'" (*Id.*). Plaintiff Fleites' TAC does not allege that Defendant developed new payment models for MindGeek in the form of third-party processors. Instead, Plaintiff Fleites alleges that Defendant "worked with MindGeek to develop payment structures to help them both continue to process illegal payments." (TAC ¶ 308). The Court does not find these statements, which lack certainty, sufficiently compelling to support Defendant's position that Plaintiffs' allegations are frivolous or baseless.

Third, Defendant deems unsupported Plaintiffs' allegations that Defendant afforded MindGeek special treatment and exemptions. (Mot. at 12). Defendant states that Plaintiffs "offer no factual basis" to support its allegations that Defendant "excepted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

MindGeek from its ordinary standards for merchants, including by purportedly exempting MindGeek from any form of oversight and accepting pretextual explanations for MindGeek's alleged misconduct." (*Id*.).  The Court, however, finds that Plaintiffs did provide a factual basis for their allegations regarding alleged "special treatment" afforded to MindGeek.  For example, Plaintiff Fleites states, "payment transactions would occur over Visa's network and through its network banks related to known traffickers, such as MindGeek's partner channel 'Girls Do Porn,' because MindGeek's own captive payment companies would conceal those identities." (*Id*. ¶ 309).  Plaintiff Fleites also states, "when instances of CSAM or illegal conduct were directly presented to Visa, it accepted pro forma reports from MindGeek that did nothing other than contain boilerplate descriptions of MindGeek's purported compliance processes that Visa and its networks banks knew were untrue." (*Id*.).  The alleged permitting of payments to known traffickers and non-action when presented with instances of illegal conduct provides factual bases for Plaintiffs' allegation.  Thus, the Court does not find this allegation to be frivolous.

Further, Defendant challenges Plaintiffs' allegations that Defendant was financially motivated to become the dominant payment processor for MindGeek and to establish dominance in the adult online industry.  (Mot. at 13).  Defendant provides that Plaintiffs have not provided a factual basis to support this allegation.  At the pleading stage, however, Plaintiffs are not required to establish a "factual basis" in support of their allegations.  The Court's inquiry is instead limited to determining whether the Complaint sufficiently alleges the claim upon which relief may be granted.  The Court finds that it does.  For example, to support Plaintiffs' allegations that Defendant was financially motivated to become the dominant payment processor for MindGeek and to establish dominance in the adult online industry, Plaintiffs allege that Defendant permitted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

payment transactions within its network to known traffickers, such as MindGeek's partner channel "Girls Do Porn." (Compl. ¶ 309). For this reason, the Court does not find Plaintiffs' allegations wholly baseless.[2]

Here, Defendant has not sufficiently demonstrated that any of Plaintiffs' allegations were baseless such that they warrant Rule 11 sanctions. The Court also finds that the relief sought is more properly pursued through a motion to strike pursuant to Federal Rule of Civil Procedure 12(f). Accordingly, the Court DENIES this Motion in its entirety.

**IT IS SO ORDERED.**

---

[2] Whether the allegations themselves survive dismissal or summary judgment is an entirely separate question.