Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brithem.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brithem.com
**BRITHEM LLP**
565 Fifth Avenue
New York, NY 10017
Telephone: (646) 653-9378

Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane # 301
Newport Beach, CA 92663
Telephone: (949) 887-4600

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SERENA FLEITES, <br><br> Plaintiff, <br><br> v. <br><br> MINDGEEK S.A.R.L., et al., <br><br> Defendants. | Case No. 2:21-cv-04920-WLH-ADS <br><br> Hon. Wesley L. Hsu <br><br> **NOTICE OF PLAINTIFFS' OMNIBUS RULE 54(B) MOTION FOR ENTRY OF FINAL JUDGMENT AS TO REDWOOD AND COLBECK** <br><br><br> Date:      September 18, 2026 <br> Time:      1:30 pm <br> Courtroom:      9B |

Case No. 2:21-cv-04920-WLH-ADS

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT on September 18, 2026, at 1:30 p.m., or as soon thereafter as the parties may be heard, in the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, before the Honorable Wesley L. Hsu in Courtroom 9B, Plaintiff Serena Fleites and plaintiffs in the Related Actions[1] (collectively, "Plaintiffs") will, and hereby do, move this Court pursuant to Federal Rule of Civil Procedure 54(b) for an order certifying as final and directing entry of final judgment on the Court's July 9, 2026 and July 20, 2026 orders (the "Orders") dismissing with prejudice all claims against Redwood Capital Management, LLC, Redwood Master Fund Ltd., and Redwood Opportunity Master Fund, Ltd., Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC (together, "Redwood") and Colbeck Capital Management, LLC, CB Media Ventures Dd, LLC, CB Agency Services, LLC, and CB Participations SPV, LLC (together, "Colbeck"), respectively.  (Dkts. 733, 735.)

Plaintiffs bring this omnibus motion on the grounds that the Orders dismissing Redwood and Colbeck with prejudice are final judgments and that there is no just reason to delay their appeal.  The dismissed claims are severable from the claims

---

[1] The Related Actions include: *K.A. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04786-WLH-ADS (C.D. Cal. Dec. 15, 2025); *L.T. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04791-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04788-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.Y. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04801-WLH-ADS (C.D. Cal. Dec. 15, 2025); *T.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04795-WLH-ADS (C.D. Cal. Dec. 16, 2025); *X.N. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04800-WLH-ADS (C.D. Cal. Dec. 15, 2025); *J.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04971-WLH-ADS (C.D. Cal. Dec. 16, 2025); *C.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04992-WLH-ADS (C.D. Cal. Dec. 16, 2025); *S.O. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04998-WLH-ADS (C.D. Cal. Dec. 16, 2025); *W.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04977-WLH-ADS (C.D. Cal. Dec. 16, 2025); *L.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05026-WLH-ADS (C.D. Cal. Dec. 16, 2025); *A.K. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05190-WLH-ADS (C.D. Cal. Dec. 15, 2025); *W.P. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05185-WLH-ADS (C.D. Cal. Dec. 16, 2025); and *J.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-07046-WLH-ADS (C.D. Cal. Dec. 16, 2025).

remaining against the MindGeek Defendants and Visa, Inc., such that certification under Rule 54(b) will avoid the risk of duplicative trials and permit Plaintiffs to pursue an immediate appeal, and the balance of the equities weighs decisively in favor of certification.

This omnibus motion is based upon this Notice of Motion, the accompanying Memorandum of Law, the Declaration of Lauren Tabaksblat in support of Plaintiffs' Omnibus Rule 54(b) Motion for Entry of Final Judgment as to Redwood and Colbeck, all other pleadings and papers on file herein, and such other argument and evidence as may be presented to the Court.

This omnibus motion is made following the conference of counsel, pursuant to Local Rule 7-3, which took place via Microsoft Teams videoconference on July 29, 2026, as set forth in more detail in the accompanying declaration.

DATED: August 5, 2026

By: /s/ *Lauren Tabaksblat*
Lauren Tabaksblat

*Attorney for Plaintiffs*

2                     Case No. 2:21-cv-04920-WLH-ADS

PLAINTIFFS' NOTICE OF MOTION AND OMNIBUS RULE 54(B) MOTION FOR ENTRY OF FINAL JUDGMENT AS TO REDWOOD AND COLBECK

Michael J. Bowe
(admitted *pro hac vice*)
mbowe@brithem.com
Lauren Tabaksblat
(admitted *pro hac vice*)
ltabaksblat@brithem.com
Jaime Fried
(admitted *pro hac vice*)
jfried@brithem.com
**BRITHEM LLP**
565 Fifth Avenue
New York, NY 10017
Telephone: (646) 653-9378

Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane # 301
Newport Beach, CA 92663
Telephone: (949) 887-4600

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SERENA FLEITES,<br><br>                    Plaintiff,<br><br>         v.<br><br>MINDGEEK S.A.R.L., et al.,<br><br>                    Defendants. | Case No. 2:21-cv-04920-WLH-ADS<br><br>Hon. Wesley L. Hsu<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OMNIBUS RULE 54(B) MOTION FOR ENTRY OF FINAL JUDGMENT AS TO REDWOOD AND COLBECK**<br><br>Date:       September 18, 2026<br>Time:       1:30 p.m.<br>Courtroom:       9B |

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................1

PROCEDURAL BACKGROUND......................................................................3

LEGAL STANDARD..........................................................................................4

ARGUMENT.......................................................................................................5

    I.    The Orders Dismissing Redwood and Colbeck With Prejudice Are Final Judgments...........................................................................5

    II.    There is No Just Reason to Delay Final Judgment........................6

        A.    The dismissed claims are severable and certification will avoid duplicative trials.....................................................7

        B.    The balance of the equities weighs decisively in favor of certification.......................................................................11

CONCLUSION..................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*Admiral Ins. Co. v. Kabul, Inc.*, 2026 WL 381686 (D. Nev. Jan. 8, 2026)...........................................................................................................passim

*Ahmadi v. Chertoff*, 2008 WL 1886001 (N.D. Cal. Apr. 25, 2008) ..................passim

*Cadillac Fairview/California, Inc. v. United States*, 41 F.3d 562 (9th Cir. 1994) ...............................................................................................................10

*Cont'l Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987)....................................................................................................................11

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ..........................6

*CoStar Grp., Inc. v. Com. Real Est. Exch. Inc.*, 150 F.4th 1056 (9th Cir. 2025)............................................................................................................passim

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010) ...............................................13

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980) ...............................passim

*Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387 (S.D.N.Y. 2023) .......................................................................................................12

*Doe v. Bank of America*, 2026 WL 380385 (S.D.N.Y. Feb. 11, 2026) ....................12

*Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989)...................................................7

*Hillbroom v. Israel*, 2012 WL 2550480 (D.N. Mar. I. Apr. 5, 2012)........................11

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007)....................................................................................................................6

*In re Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 5815789 (N.D. Cal. Oct. 5, 2016) ..................................................................................................4

*Mililani Grp., Inc. v. O'Reilly Auto., Inc.*, 621 F. App'x 436 (9th Cir. 2015)................................................................................................................4, 5, 6

*Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565 (9th Cir. 2018) .............passim

*Parr v. United States*, 351 U.S. 513 (1956) ................................................................4

*Ratha v. Rubicon Res., LLC*, 111 F.4th 946 (9th Cir. 2024)...............................2, 12

*Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) ..............................12

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956) ........................................5, 7

*Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991)......................................passim

*United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, Cal.*, 2014 WL 4793655 (N.D. Cal. Sept. 25, 2014)...................................................................................................................6

*Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005)........................................7, 9

*Zellerino v. Roosen*, 2016 WL 10987322, (C.D. Cal. Dec. 1, 2016)...........................7

## Statutes

18 U.S.C. § 1591 ...................................................................................................1, 3

18 U.S.C. § 1595 ...................................................................................................1, 3

## Rules

FED. R. CIV. P. 54 ...............................................................................................4, 12

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

Plaintiff Serena Fleites and Plaintiffs in the Related Actions[1] (collectively, "Plaintiffs") submit this memorandum of law in support of Plaintiffs' Omnibus Rule 54(b) Motion for Entry of Final Judgment as to Redwood Capital Management, LLC, Redwood Master Fund Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC, and White Hathaway Opportunity Fund, LLC (together, "Redwood") and Colbeck Capital Management, LLC, CB Media Ventures, LLC, CB Agency Services, LLC, and CB Participations SPV, LLC (together, "Colbeck").

## INTRODUCTION

By orders dated July 9, 2026 and July 20, 2026, this Court dismissed with prejudice all claims asserted against Redwood and Colbeck, respectively, finding that Plaintiffs failed to state claims against those defendants for violations of the TVPRA (18 U.S.C. §§ 1591, 1595) and California law.  (Dkt. 733 (the "Redwood Order"); Dkt. 735 (the "Colbeck Order"), together, the "Orders.")  Plaintiffs respectfully request that the Court certify the Orders as final judgments in accordance with Federal Rule of Civil Procedure 54(b) to permit Plaintiffs to pursue an immediate appeal.

---

[1] The Related Actions include: *K.A. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04786-WLH-ADS (C.D. Cal. Dec. 15, 2025); *L.T. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04791-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04788-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.Y. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04801-WLH-ADS (C.D. Cal. Dec. 15, 2025); *T.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04795-WLH-ADS (C.D. Cal. Dec. 16, 2025); *X.N. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04800-WLH-ADS (C.D. Cal. Dec. 15, 2025); *J.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04971-WLH-ADS (C.D. Cal. Dec. 16, 2025); *C.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04992-WLH-ADS (C.D. Cal. Dec. 16, 2025); *S.O. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04998-WLH-ADS (C.D. Cal. Dec. 16, 2025); *W.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04977-WLH-ADS (C.D. Cal. Dec. 16, 2025); *L.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05026-WLH-ADS (C.D. Cal. Dec. 16, 2025); *A.K. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05190-WLH-ADS (C.D. Cal. Dec. 15, 2025); *W.P. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05185-WLH-ADS (C.D. Cal. Dec. 16, 2025); *and J.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-07046-WLH-ADS (C.D. Cal. Dec. 16, 2025).

1                                              Case No. 2:21-cv-04920-WLH-ADS

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

Rule 54(b) certification is appropriate when a ruling is final and there is no just reason to delay an appeal. Both factors favor certification here. First, the Orders dispose of every claim against Redwood and Colbeck with prejudice. Courts routinely treat the dismissal of all claims against a party as a final judgment, even when the dismissal is without prejudice; and the dismissal *with* prejudice here removes any doubt.

Second, there is "no just reason" to delay. The claims against Redwood and Colbeck are easily severable from the remaining claims against MG Freesites, Ltd., MindGeek USA, Inc., MG Premium, Ltd., MG Global Entertainment, Inc., 9219-1568 Quebec Inc. (together, the "MindGeek Defendants") and Visa, Inc. ("Visa"), such that the Ninth Circuit would not be required to decide the same issues multiple times if there were subsequent appeals. Further, permitting an immediate appeal now would obviate the risk of duplicative trials if the Ninth Circuit ultimately allows the claims against Redwood and/or Colbeck to proceed. The balance of the equities also weighs in favor of certification, where Redwood and Colbeck would suffer no prejudice from defending against an appeal now versus later, and these complex actions, which are already in their sixth year, remain at the pleading stage and are years away from a complete resolution.

The stakes extend well beyond resolving the named Plaintiffs' claims. The intended appeal involves emerging questions of law, including the applicable standards for TVPRA beneficiary and conspiracy liability and its application to lenders. The Ninth Circuit recently clarified the summary judgment standards for participation and knowledge in *Ratha v. Rubicon Resources, LLC*, 168 F.4th 541 (9th Cir. 2026) (en banc) ("*Ratha II*"). Rule 54(b) certification would enable the Ninth Circuit to address whether those new standards were appropriately applied to the claims alleged against Redwood and Colbeck and provide guidance to courts in this district and across the country adjudicating a growing number of lender liability claims under the TVPRA.

For these reasons and those set forth below, Plaintiffs respectfully request that the Court certify the Orders as appealable final judgments under Rule 54(b).

## PROCEDURAL BACKGROUND

Plaintiff filed this action on June 17, 2021.  (Dkt. 1.)  On May 23, 2024, Plaintiff Fleites filed a Second Amended Complaint ("SAC") (Dkt. 385), which for the first time named Redwood and Colbeck as defendants.  (*Id.*).

As relevant to this motion, on August 30, 2024, Redwood and Colbeck filed motions to dismiss the SAC.  (*See* Dkts. 442–43, 447–48.)  On September 17, 2025,[2] the Court entered its "Amended Order RE Colbeck and Redwood Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint" (Dkt. 605), which granted Redwood and Colbeck's Motions to Dismiss without prejudice and granted Plaintiff Fleites leave to file a third amended complaint.  (*Id.* at 49.)  On December 15, 2025, Plaintiff Fleites filed her Third Amended Complaint ("TAC") alleging, *inter alia*, violations of the TVPRA (18 U.S.C. §§ 1591, 1595) and California law.  (Dkt. 622.)  On January 30, 2026, Redwood and Colbeck filed motions to dismiss the TAC.  (Dkt. 640 ("Redwood's Motion to Dismiss"); Dkt. 635 ("Colbeck's Motion to Dismiss").)

By orders dated July 9, 2026 and July 20, 2026, the Court granted the motions to dismiss the TAC with prejudice, dismissed all claims asserted against those defendants, and denied Plaintiffs leave to amend.  (*See* Dkts. 733, 735.)

The Court sustained Plaintiffs' claims against Visa for conspiracy to violate the TVPRA and violations of California's unfair competition law.  (Dkt. 732.)  It likewise sustained beneficiary liability and various California law claims against the MindGeek Defendants.  (Dkt. 608.)

---

[2] The Court entered its original "Order RE Colbeck and Redwood Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint" on September 10, 2025 which dismissed the claims against those defendants with prejudice, (Dkt. 603) but subsequently amended the order and granted Plaintiffs leave to amend.

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

The Orders addressed claims asserted not only by Plaintiff Fleites but also by the Plaintiffs in the fourteen Related Actions, each of whom filed a complaint between June and August of 2024, and filed operative amended complaints in December 2025. The Court entered an order allowing limited coordination between the Fleites action and the Related Actions for the purposes of responding to the complaints. (Dkt. 475.) The allegations in the Related Actions are substantively the same as those in Plaintiff Fleites' TAC. (*See* Redwood Order at 2 n.1; Colbeck Order at 2 n.1.) Because the Fleites action and the Related Actions present common questions of law and fact, Redwood and Colbeck's Motions to Dismiss were briefed on an omnibus basis and resolved together, and the Orders apply with equal force to the Fleites case and the Related Actions. (*See id.*)

## LEGAL STANDARD

Pursuant to Rule 54(b), a district court may direct entry of a final judgment as to one or more, but fewer than all . . . parties" to an action "if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).

On a Rule 54(b) motion the district court must first determine if it has rendered a final judgment—in other words, "an ultimate disposition of an individual claim." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). A final judgment is one that "'terminates the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what has been determined.'" *In re Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 5815789, at *1 (N.D. Cal. Oct. 5, 2016) (quoting *Parr v. United States*, 351 U.S. 513, 518 (1956)); *Mililani Grp., Inc. v. O'Reilly Auto., Inc.*, 621 F. App'x 436, 436 (9th Cir. 2015) ("The judgment here is final as to O'Reilly because all claims against that party were dismissed with prejudice.").

Where there is a final judgment as to certain defendants, the district court should next decide whether there is any just reason for delay—a determination committed to the court's "sound judicial discretion" and exercised "'in the interest of

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

sound judicial administration.'" *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).  The district court sits as a "dispatcher," best positioned to determine when a final decision is ready for appeal, and its decision to certify commands substantial deference.  *Id.*; *see also Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (noting that district court has broad discretion to determine whether there is just reason for delay).

Certification does not require that the resolved claims be factually distinct from those that remain; to the contrary, "Rule 54(b) claims do not have to be separate from and independent of the remaining claims."  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991).  In exercising this discretion, courts consider whether certification would serve judicial interests—such that no appellate court would have to decide the same issue more than once—and whether the balance of the equities weighs in favor of an immediate appeal.  *Curtiss-Wright*, 446 U.S. at 8.

## ARGUMENT

### I.  THE ORDERS DISMISSING REDWOOD AND COLBECK WITH PREJUDICE ARE FINAL JUDGMENTS.

The Supreme Court has defined a "final judgment" under Rule 54(b) to mean (i) "a decision upon a cognizable claim for relief" that is (ii) "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright*, 446 U.S. at 7 (quoting *Mackey*, 351 U.S. at 436).  This Court's July 9, 2026 and July 20, 2026 Orders dismissing with prejudice all claims against Redwood and Colbeck indisputably satisfy both requirements.  They resolve "cognizable claim[s] for relief"—Plaintiffs' claims under the TVPRA and California law—and they constitute "ultimate disposition" of those claims insofar as the Orders dismiss every one of the claims asserted against Redwood and Colbeck in their entirety, with prejudice, and deny leave to amend.  (Dkt. 733 at 17.)

The Ninth Circuit has repeatedly found orders to be "final" under analogous circumstances.  In *Mililani*, the district court granted a defendant's motion to dismiss

the claims asserted against it in their entirety with prejudice while claims against a related party proceeded. *See Mililani Grp., Inc.*, 621 F. App'x at 436–37. The Ninth Circuit held that the judgment was "final" as to the dismissed defendant "because all claims against that party were dismissed with prejudice." *Id.* at 436; *see also Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (affirming Rule 54(b) certification where all claims against certain defendants were dismissed); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 455 (9th Cir. 2007) (affirming a Rule 54(b)-certified judgment where the dismissals eliminated all defendants but one); *CoStar Grp., Inc. v. Com. Real Est. Exch. Inc.*, 150 F.4th 1056, 1065 (9th Cir. 2025) (holding that a with-prejudice dismissal of counterclaims was a final judgment where the district court "directed entry of final judgment as to the dismissed counterclaims"); *Admiral Ins. Co. v. Kabul, Inc.*, 2026 WL 381686, at *1 (D. Nev. Jan. 8, 2026) (holding that a summary judgment order "resolv[ing] the entirety of [a party's] claims, leaving only a third-party action pending," was a final judgment under Rule 54(b)).

Because Redwood and Colbeck are "no longer [] participant[s] here, and 'nothing [remains] to be done but to enforce by execution what [the Court has] determined,'" *United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, Cal.*, 2014 WL 4793655, at *2 (N.D. Cal. Sept. 25, 2014), the Orders are final under long-standing Ninth Circuit precedent and should be certified for appeal.

## II.   THERE IS NO JUST REASON TO DELAY APPEAL.

Nor is there any "just reason to delay" appeal of the dismissal of Redwood and Colbeck. In exercising its broad discretion to determine whether there is "just reason for delay," the "district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. The central question is whether immediate appeal would promote, rather than undermine,

the efficient resolution of this litigation. *Mackey*, 351 U.S. at 438 (holding that Rule 54(b) was enacted to "preserve[] the historical federal policy against piecemeal appeals"). "The Ninth Circuit 'has eschewed setting narrow guidelines for district courts to follow' in determining whether certification is appropriate, but certain factors 'may inform a judge's decision,'" including: "'[w]hether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; [and] whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Zellerino v. Roosen*, 2016 WL 10987322, at *1 (C.D. Cal. Dec. 1, 2016) (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005)). Each of these factors weighs in favor of certification.

## A. The Dismissed Claims Are Severable and Certification Will Avoid Duplicative Trials.

The central judicial-administrative concern underlying Rule 54(b) is avoiding piecemeal appeals. The Ninth Circuit's decision in *CoStar Grp., Inc.* confirms that dismissed claims are severable even when they share a factual backdrop with the claims that remain. There, the district court sustained CoStar's copyright and trademark claims against CREXi but dismissed CREXi's antitrust counterclaims with prejudice for failure to state a claim and certified the order under Rule 54(b). 150 F.4th at 1064–65. On appeal, the Ninth Circuit acknowledged there was "factual overlap between CREXi's claims on appeal and CoStar's and CREXi's unresolved copyright and trademark claims," but held that the antitrust claims were nonetheless "sufficiently legally severable" and "will not result in a 'piecemeal appeal[]'" because they were legally distinct from the pending intellectual property claims. *Id.* at 1065 (quoting *Wood*, 422 F.3d at 878–80). The court likewise found that the opposing party would "suffer [no] prejudice from having to defend th[e] . . . appeal now rather than later." *Id.* (citing *Gregorian v. Izvestia*, 871 F.2d 1515, 1519

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

(9th Cir. 1989)).  The reasoning and holding in *CoStar*—where the same two parties continued to litigate overlapping claims—applies with even more force here where the Orders dismiss every claim against Redwood and Colbeck and remove them as parties in this litigation.

*Ahmadi v. Chertoff* is similarly instructive.  There, the court applied the same two-step test and granted Rule 54(b) certification of claims dismissed under Rule 12(b)(6), holding that they were "sufficiently separate and distinct" from the sole remaining claim.  2008 WL 1886001, at *6 (N.D. Cal. Apr. 25, 2008).  In so ruling, the district court rejected the dismissed defendants' argument that severability would result in duplicative appeals given the factual overlap with the remaining claims, reasoning that the appeal of the 12(b)(6) dismissal would be limited to "whether th[e] Court erred as a matter of law by dismissing the claims" at the pleading stage. *Id.* (certifying final judgment "where delay would not serve judicial economy or any other purpose . . . even if subsequent trial proceedings might obviate the need for an appeal.").  That reasoning applies here: because the appeal of the Orders presents a purely legal question of whether the TAC states a claim against Redwood and Colbeck, it can proceed on a parallel track without disrupting the District Court's management of the remaining claims against the MindGeek Defendants and Visa.

Likewise, in *Admiral Insurance Co.*, the court granted Rule 54(b) certification, rejecting the argument that "overlapping and intertwined issues" precluded certification and noting that "Rule 54(b) claims do not have to be separate from and independent of the remaining claims."  2026 WL 381686, at *3 (quoting *Texaco, Inc.*, 939 F.2d at 797).  These authorities underscore two practical consequences that independently support certification: avoiding a duplicative trial against Redwood or Colbeck should the Ninth Circuit reverse, and eliminating the risk that the appellate court will need to review the same facts twice.

The holdings and reasonings in *CoStar*, *Ahmadi*, and *Admiral* mandate certification here. Certification will promote judicial economy by eliminating the

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

risk of duplicative proceedings. Conversely, if final judgment is delayed until the remaining claims are tried on the merits, and the Ninth Circuit then reverses the dismissal of Redwood or Colbeck, the parties and the Court will be forced to conduct a second trial against Redwood or Colbeck, with all the attendant costs and expenditure of judicial resources.  An immediate appeal eliminates that risk. *Texaco, Inc.*, 939 F.2d at 798 ("Although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation.").

Nor will the Ninth Circuit have to review the same set of facts twice if the remaining claims against the other defendants are later appealed.  An immediate appeal of the Orders will present the purely legal question of whether the TAC's allegations state a claim against Redwood and Colbeck under the TVPRA and California law—a question this Court resolved under Rule 12(b)(6) and that the Ninth Circuit will review *de novo*.  Resolving it will not require the appellate court to wade into the factual disputes that remain to be litigated against the MindGeek Defendants and Visa.  To the contrary, in dismissing the claims against Redwood and Colbeck, the Court distinguished their status as fixed-interest rate lenders from MindGeek's and Visa's incentives to profit from unlawful content.  (Redwood Order at 14 n.4; Colbeck Order at 14 n.4.)  *See Admiral Ins. Co.*, 2026 WL 381686, at *3 ("The interrelationship between [the] claims . . . are not so significant to preclude certification here.").

In any event, even if there is some overlap, it is well-established that "[c]laims with partially 'overlapping facts' are not 'foreclosed from being separate for purposes of Rule 54(b).'"  *Pakootas*, 905 F.3d at 575 (quoting *Wood*, 422 F.3d at 881).  To the contrary, "a district court can enter final judgment on a claim even if it is not 'separate from and independent of the remaining claims'" and "'arises out of the same transaction and occurrence as pending claims.'"  *Id.* (quoting *Texaco, Inc.*, 939 F.2d at 797).  In *Pakootas*, for example, the Ninth Circuit held that a plaintiff's

adjudicated claim for the costs of responding to environmental damage was separate and distinct from its pending claim for natural resource damages, and thus certifiable under Rule 54(b), even though both categories of damages required proof of the same three factual elements. *Id.* at 576. Nevertheless, because each claim also required distinct evidentiary showings, the Ninth Circuit held that the claim for recovery costs was severable and exercised jurisdiction over the appeal. *Id.* at 575–76. So too here, establishing that Redwood and Colbeck violated the TVPRA on appeal involves facts and legal issues related, but not central, to the remaining claims against the MindGeek Defendants and Visa.

Where, as here, the dismissed claims involved different legal theories than the remaining claims, with Redwood and Colbeck having successfully invoked their status as lenders and the terms of their loan agreements as a defense to liability under Rule 12(b)(6), the Ninth Circuit has confirmed that such differing theories, despite some factual overlap, support Rule 54(b) certification. *See CoStar*, 150 F.4th at 1065 (holding antitrust counterclaims "sufficiently legally severable" despite "factual overlap" with the unresolved copyright and trademark claims because they involved distinct legal theories and elements); *see also Admiral Ins. Co.*, 2026 WL 381686, at *2–3 (rejecting the argument that "overlapping and intertwined issues" between the resolved declaratory judgment claims and the remaining third-party claims precluded Rule 54(b) certification).

Certification carries no risk that future developments will moot the appeal. And even if such a risk existed, it would favor certification rather than delay, given the Ninth Circuit's holding that entry of final judgment under Rule 54(b) is appropriate "even if subsequent trial proceedings might obviate the need for an appeal." *Cadillac Fairview/California, Inc. v. United States*, 41 F.3d 562, 564 n.1 (9th Cir. 1994); *see also Ahmadi*, 2008 WL 1886001, at *6 (same). Because the dismissal of Redwood and Colbeck rests on purely legal pleading defects that trial of the remaining MindGeek and Visa claims cannot cure, an immediate appeal will

10

Case No. 2:21-cv-04920-WLH-ADS

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

streamline, not fragment, this litigation.

**B. The Balance Of The Equities Weighs Decisively In Favor Of Certification.**

The equities decisively favor certification.  In weighing "the equities involved," *Curtiss-Wright*, 446 U.S. at 8, the threshold consideration is whether an immediate appeal would impose cognizable prejudice on Redwood or Colbeck.  There is no cognizable prejudice here.  The Orders dismiss every claim against Redwood and Colbeck with prejudice and deny leave to amend.  (Redwood Order at 17; Colbeck Order at 17.)  Requiring them to defend the Orders on appeal now is therefore no more burdensome than requiring them to defend them years from now because the appeal will present the same discrete, purely legal questions either way. *See CoStar*, 150 F.4th at 1065 (noting that the opposing party would "suffer [no] prejudice from having to defend th[e] . . . appeal now rather than later").  The interests of efficiency support litigating the appeals now while the issues are top of mind.

The hardship to Plaintiffs from delay, by contrast, is substantial.  "[T]o withhold final judgment may force Plaintiff[s] to endure a long and expensive trial against the remaining defendants before having the opportunity to secure a reversal of [Redwood and Colbeck's] dismissal." *Hillbroom v. Israel*, 2012 WL 2550480, at *1 (D.N. Mar. I. Apr. 5, 2012); *see also Ahmadi*, 2008 WL 1886001, at *6 (equities support entry of final judgment "where delay would not serve judicial economy or any other purpose").  Ninth Circuit precedent reflects the same concern with the costs of delay, endorsing a "pragmatic approach focusing on severability and efficient judicial administration." *Texaco*, 939 F.2d at 798 (quoting *Cont'l Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)).  The Advisory Committee recognized precisely this asymmetry when it extended Rule 54(b) to multi-party cases, observing that "[t]he danger of hardship through delay of appeal until the whole action is concluded may be at least as serious in the multiple-

11                                Case No. 2:21-cv-04920-WLH-ADS

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

parties situations as in multiple-claims cases." FED. R. CIV. P. 54 advisory committee's note to the 1961 amendment. That danger is acute here. These complex, multi-plaintiff actions are now in their sixth year and remain at the pleading stage, years from any resolution on the merits. *See Pakootas*, 905 F.3d at 576 (complexity of the case and the time until complete resolution are relevant to weighing the equities); *Admiral Ins. Co.*, 2026 WL 381686, at *1, 3 (finding prejudice where the remaining action continued to "drag-on" without progress). The hardship to Plaintiffs arising from a delay in certification far outweighs any claimed hardship to Colbeck and Redwood.

Certification is particularly appropriate here where the Orders address or resolve emerging questions of law, including whether beneficiary liability requires pleading a direct relationship between the direct trafficker and the beneficiary defendant and the application of these standards to the growing number of lender liability claims being brought under the TVPRA. *See, e.g.*, *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 407–08 (S.D.N.Y. 2023); *Doe v. Bank of America*, 2026 WL 380385, at *7–8 (S.D.N.Y. Feb. 11, 2026). Indeed, earlier this year the Ninth Circuit, sitting en banc, clarified the standards for beneficiary and knowledge. *See Ratha II.* Certification will enable the Ninth Circuit to consider whether those standards were properly applied to the claims alleged against Redwood and Colbeck and will provide critical guidance to this and other district courts addressing lender liability under the TVPRA. Without prompt appellate guidance from the Ninth Circuit, courts will be forced to resolve these questions independently, multiplying litigation costs and the burdens on the courts and parties involved. *See Texaco, Inc.*, 939 F.2d at 798 (certifying order as final under 54(b) upon determination that resolution of "the legal issues now appealed will streamline the ensuing litigation"); *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (finding certification of appeal is appropriate to address "'novel and difficult

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

questions of first impression'" (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010))).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify the Orders (Dkts. 733, 735) as final judgments under Rule 54(b), expressly determine there is no just reason for delay, and direct the entry of final judgments as to Redwood and Colbeck.

DATED: August 5, 2026                    Respectfully submitted,

By:  */s/ Lauren Tabaksblat*
Michael J. Bowe (admitted *pro hac vice*)
Lauren Tabaksblat (admitted *pro hac vice*)
Jaime Fried (admitted *pro hac vice*)
**BRITHEM LLP**

Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**

*Attorneys for Plaintiffs*

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this brief contains 4,062 words, which complies with the 7,000-word limit set by this Court's order, *Fleites*, 2:21−cv−04920, ECF No. 393.

DATED: August 5, 2026

By: /s/ *Lauren Tabaksblat*
Lauren Tabaksblat

PLTFS. MEM. OF LAW IN SUPPORT OF PLTFS' OMNIBUS RULE 54(B) FOR ENTRY OF FINAL JUDGMENT