JAMES M. PEARL (Bar No. 198481)
James.Pearl@weil.com
KIAURA CLARK (Bar No. 336314)
Kiaura.Clark@weil.com
WEIL, GOTSHAL & MANGES LLP
1999 Avenue of The Stars, 18th Floor
Los Angeles, California 90067
Telephone: (213) 667-5100

ZACHARY D. TRIPP (*pro hac vice*)
Zack.Tripp@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

*Attorneys for Defendants*
*Redwood Capital Management, LLC, Redwood Master Fund, Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SERENA FLEITES,

Plaintiff,

v.

MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD

Case No. 2:21-cv-04920-WLH-ADS

**REDWOOD DEFENDANTS' OPPOSITION TO PLAINTIFFS' OMNIBUS RULE 54(B) MOTION FOR ENTRY OF FINAL JUDGMENT AS TO REDWOOD AND COLBECK**

| | |
|---|---|
| Date: | September 18, 2026 |
| Time: | 1:30 PM |
| Courtroom: | 9B |
| Judge: | Hon. Wesley L. Hsu |

CAPITAL MANAGEMENT, LLC, a Delaware corporation; REDWOOD MASTER FUND, LTD, a foreign entity; REDWOOD OPPORTUNITY MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware corporation; GINGOGERUM , LLC, a Delaware corporation; WHITE-HATHAWAY OPPORTUNITY FUND, LLC, a Delaware corporation; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware corporation; CB MEDIA VENTURES LLC, a Delaware corporation, CB AGENCY SERVICES, LLC, a Delaware corporation; and CB PARTICIPATIONS SPV, LLC, a Delaware corporation,

Defendant(s).

# TABLE OF CONTENTS

**Page(s)**


I. INTRODUCTION .......... 1

II. RELEVANT FACTS AND PROCEDURAL HISTORY .......... 1

III. ARGUMENT .......... 3

A. Legal Standard .......... 3

B. Plaintiffs' Motion Should Be Denied Because There Is Ample Reason To Delay Appeal Until Final Judgment .......... 4

1. An Immediate Appeal Would Create Serious Risks of Duplication and Waste. .......... 4

2. No Countervailing Need Justifies Immediate Review. .......... 11

IV. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abdo v. Fitzsimmons*,
2021 WL 3493169 (N.D. Cal. May 17, 2021) ....................10, 12

*Admiral Insurance Co. v. Kabul, Inc.*,
2026 WL 381686 (D. Nev. Jan. 8, 2026) ....................10

*Cadillac Fairview/California, Inc. v. United States*,
41 F.3d 562 (9th Cir. 1994) ....................9

*Chiarito v. Home Depot U.S.A., Inc.*,
2022 WL 18142558 (C.D. Cal. Nov. 25, 2022) ....................3, 5

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
819 F.2d 1519 (9th Cir. 1987) ....................8, 9

*Core-Vent Corp. v. Nobel Industries AB*,
11 F.3d 1482 (9th Cir. 1993) ....................13

*CoStar Group, Inc. v. Commercial Real Estate Exchange, Inc.*,
150 F.4th 1056 (9th Cir. 2025) ....................9, 10, 11, 12

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) ....................14

*Curtiss-Wright Corp. v. General Electric Co.*,
446 U.S. 1 (1980) ....................3, 4

*Diode Dynamics LLC v. 5DLight Inc.*,
2026 WL 638862 (C.D. Cal. Feb. 3, 2026) ....................4, 5

*Dobbs v. Terex Corp.*,
2018 WL 5116412 (C.D. Cal. June 12, 2018) ....................13

*Doe v. Webgroup Czech Republic, a.s.*,
No. 25-2424, 2026 WL 2334146 (9th Cir. Aug. 12, 2026) (unpublished) ....................5

*Gausvik v. Perez*,
392 F.3d 1006 (9th Cir. 2004) ....................4

*Hillbroom v. Israel*,
2012 WL 2550480 (D. N. Mar. I. Apr. 5, 2012) ....................13

*Jewel v. National Security Agency*,
810 F.3d 622 (9th Cir. 2015) .......... 7, 8, 13, 14

*Mililani Group, Inc. v. O'Reilly Automotive, Inc.*,
621 F. App'x 436 (9th Cir. 2015) .......... 10

*Morrison-Knudsen Co. v. Archer*,
655 F.2d 962 (9th Cir. 1981) .......... 4, 11, 14, 15

*Pakootas v. Teck Cominco Metals, Ltd.*,
905 F.3d 565 (9th Cir. 2018) .......... 12

*Ratha v. Rubicon Resources, LLC*,
168 F.4th 541 (9th Cir. 2026) .......... *passim*

*Reese v. BP Exploration (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) .......... 14

*Texaco, Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991) .......... 9

*Uthe Tech. Corp. v. Aetrium, Inc.*,
808 F.3d 755 (9th Cir. 2015) .......... 5

*Weitzel v. County of Los Angeles*,
2018 WL 5905600 (C.D. Cal. May 14, 2018) .......... 10, 11, 13

*Wood v. GCC Bend, LLC*,
422 F.3d 873 (9th Cir. 2005) .......... *passim*

**Federal Statutes**

18 U.S.C.
§ 1594(c) .......... 2, 3
§ 1595(a) .......... 2, 3

28 U.S.C.
§ 1292(b) .......... 14

## I. INTRODUCTION

The Court should deny Plaintiffs' Rule 54(b) Motion because they cannot establish that there is "no just reason for delay." There is ample reason to follow the ordinary course of waiting for the resolution of the entire litigation before an appeal. The secondary-liability claims against Redwood could be mooted if MindGeek prevails on the underlying claims. And an immediate appeal would almost certainly cause duplication: there would likely be two appeals on secondary-liability questions, because fundamental secondary-liability questions remain pending against Visa. Likewise, there could be two appeals relating to *Ratha v. Rubicon Resources, LLC*, 168 F.4th 541 (9th Cir. 2026) ("*Ratha*") because that too impacts the claims against Visa that are still pending. By contrast, no disposition of the proposed appeal would, by itself, resolve the claims that remain below as to Visa or MindGeek.

Those facts belie Plaintiffs' assertion that the Redwood claims are "easily severable" and that certification presents "no risk" of duplication. Mot. at 2, 10. The claims on appeal are dependent upon the ongoing claims against MindGeek and closely related to the ongoing claims against Visa. So immediate appeal creates serious risks of mootness, waste, and duplication. Plaintiffs notably fail to identify any case that granted Rule 54(b) certification where, as here, the appeal presented secondary-liability questions that could be mooted by an ongoing trial on primary liability *and* related secondary-liability questions also remained pending against another defendant. This Court accordingly should deny the Motion and follow the ordinary approach of waiting for entry of final judgment before appeal.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Fleites commenced this action against the MindGeek Defendants, alleging that they operate a sex-trafficking venture. Dkt. 1. Claims against MindGeek arising from that alleged venture remain pending. In the First Amended Complaint ("FAC"), Plaintiff added secondary-liability claims against Visa. Dkt. 124. In the Second Amended Complaint ("SAC"), Plaintiff added secondary-liability claims against Redwood and

Colbeck (the "lenders"). Dkt. 385. Complaints in fourteen related actions were filed shortly thereafter, asserting the same claims. *See, e.g., K.A. v. MindGeek S.A.R.L. et al.,* Case No. 2:24-cv-4786 ("*K.A.*"). Each claim against the lenders depended on the underlying allegations about MindGeek's venture or conduct. The Court dismissed the claims against Redwood and Colbeck, with leave to amend. Dkt. 605; *see K.A.*, Dkt. 166.

On December 15, 2025, Plaintiff filed the Third Amended Complaint ("TAC"). Dkt. 622; *see K.A.*, Dkt. 171 (first amended complaint). The TAC reasserted four secondary-liability theories against Redwood and Colbeck: beneficiary liability under the TVPRA, 18 U.S.C. § 1595(a) (Count II); conspiracy to violate the TVPRA, 18 U.S.C. §§ 1594(c), 1595 (Count III); violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 (Count X); and civil conspiracy under California common law (Count XII). Dkt. 622; *see K.A.*, Dkt. 171.

On July 9, 2026, after considering the Ninth Circuit's intervening *en banc* decision in *Ratha*, the Court dismissed all claims against Redwood with prejudice and denied leave to amend. The Court found the TAC's defects "could not possibly be cured by the allegation of other facts." Dkt. 733 at 17. On July 20, 2026, the Court entered a parallel order dismissing all claims against Colbeck with prejudice. Dkt. 735.

On July 9, 2026, the Court issued two companion orders that define the litigation that remains as to Visa. The Court denied Visa's motion to dismiss the TVPRA conspiracy and UCL claims, allowing those causes to proceed and leaving secondary-liability issues in the case.[1] Dkt. 732. The claims against MindGeek and Visa now proceed in this action and the fourteen related actions before this Court. The resulting claim posture is summarized below.

[1] The Court had previously dismissed the TVPRA beneficiary claim against Visa with prejudice in October 2025. Dkt. 614 at 17. The Court also denied Plaintiffs' motion to vacate its earlier Visa beneficiary ruling, confirming that its analysis was consistent with *Ratha*. Dkt. 734 at 3-4.

| Count | Claim | Redwood / Colbeck | Visa | MindGeek |
|---|---|---|---|---|
| **I** | TVPRA beneficiary, 18 U.S.C. § 1595(a) | — | — | Live (*see* Dkt. 652) |
| **II (SAC)** | TVPRA beneficiary, 18 U.S.C. § 1595(a) | — | Dismissed with prejudice (Dkt. 614) | — |
| **II (TAC)** | TVPRA beneficiary, 18 U.S.C. § 1595(a) (lender defendants) | Dismissed with prejudice (Dkts. 733, 735) | — | — |
| **III** | TVPRA conspiracy, 18 U.S.C. §§ 1594(c), 1595 | Dismissed with prejudice (Dkts. 733, 735) | Live (Dkt. 732) | Live (*see* Dkt. 652) |
| **X** | UCL, Bus. & Prof. Code § 17200 | Dismissed with prejudice (Dkts. 733, 735) | Live (Dkt. 732) | Live (*see* Dkt. 652) |
| **XII** | Civil conspiracy (Cal. common law) | Dismissed with prejudice (Dkts. 733, 735) | Dismissed with prejudice (Dkt. 732) | Live (*see* Dkt. 652) |

On August 5, 2026, Plaintiffs filed this Motion pursuant to Rule 54(b).

## III. <u>ARGUMENT</u>

### A. Legal Standard

Under Rule 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In making that determination, the court weighs "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). The burden is "on the party seeking certification" to demonstrate that the case warrants it. *Chiarito v. Home Depot U.S.A., Inc.*, 2022 WL 18142558, at *3 (C.D. Cal. Nov. 25, 2022).

Rule 54(b) judgments are not entered "routinely." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005). There must be a "seriously important reason" for departing from the ordinary final-judgment rule. *Id.* at 882. That is, by definition, "the unusual case." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *see Diode Dynamics LLC v. 5DLight Inc.*, 2026 WL 638862, at *2-3 (C.D. Cal. Feb. 3, 2026) (Hsu, J.) (bald assertions from moving party are not enough).

The inquiry "start[s] (and mostly stop[s])" with whether the adjudicated and retained claims are so interrelated that certification would risk successive appeals over the same issues. *Wood*, 422 F.3d at 879. The "guiding principle" is that "[a] similarity of legal or factual issues will *weigh heavily against* entry of judgment under [Rule 54(b)]." *Id*. at 882 (quoting *Morrison-Knudsen*, 655 F.2d at 965) (emphasis added). When there is such similarity, certification "will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen*, 655 F.2d at 965. Accordingly, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8; *see also Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) (Rule 54(b) "should be used sparingly" and was "not meant to displace the 'historic federal policy against piecemeal appeals'").

**B. Plaintiffs' Motion Should Be Denied Because There Is Ample Reason To Delay Appeal Until Final Judgment**

This Court has finally resolved all the claims against Redwood. But finality alone does not warrant certification. Plaintiffs must establish there is "no just reason for delay," and they cannot. Immediate review would create serious risks of duplication and waste, and would not advance sound judicial administration. This Court accordingly should deny the Motion.

***1. An Immediate Appeal Would Create Serious Risks of Duplication and Waste.***

***First***, the outcome of the live MindGeek proceedings could eliminate the need for

appellate review of the Redwood dismissal. Every dismissed claim against Redwood depends on the alleged MindGeek venture and predicate wrongdoing that remains under adjudication. Count II alleges that Redwood participated in and benefited from the alleged MindGeek sex-trafficking venture (Dkt. 733 at 6); Count III alleges that Redwood agreed to further that venture's unlawful purpose (*id*. at 9); Count XII depends on torts arising from MindGeek's treatment of Plaintiffs' videos (*id*. at 15); and Count X rises or falls with the predicate claims (*id*. at 16). If the MindGeek proceedings determine that the venture did not exist or otherwise result in a final judgment that actually and necessarily resolves an issue essential to one or more theories as to Redwood, some or all issues in a lender appeal could become moot or otherwise unnecessary.[2]

This risk of mootness and duplication is a strong reason to delay entry of final judgment. *See Wood*, 422 F.3d at 878 n.2; *Diode Dynamics*, 2026 WL 638862, at *3 ("[B]ecause subsequent developments could render the appeal moot, the Court is especially convinced that it is premature for partial appeal."); *Chiarito,* 2022 WL 18142558, at *6 (given "the overlapping of facts" between an adjudicated derivative claim and "remaining substantive claims," a "single appeal after final judgment for the entire matter would be most efficient").

***Second***, the proposed appeal would place the dismissal of secondary-liability claims—Count III (TVPRA conspiracy) and Count X (UCL)—before the Ninth Circuit

[2] MindGeek has a variety of defenses that could be dispositive. *Cf. Doe v. Webgroup Czech Republic, a.s.*, No. 25-2424, 2026 WL 2334146, at *1-2 (9th Cir. Aug. 12, 2026) (unpublished) (Section 230 barred TVPRA claims against website operators absent the site's own violation of § 1591). The basis of any future MindGeek judgment is not yet known, but that is why waiting serves judicial administration. Final judgment will reveal whether any issue remains for appellate review.

Full recovery or settlement could likewise narrow the issues on appeal. Plaintiffs seek joint and several liability (TAC, Prayer for Relief), and a plaintiff "who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors." *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015).

while those same causes of action proceed against Visa below. The Court dismissed the TVPRA conspiracy and derivative UCL causes against Redwood but allowed those causes to proceed against Visa. Dkt. 733 at 8-14, 16; Dkt. 732 at 9-17, 19-20. The similarity of those issues creates a substantial risk of duplication.

Take the TVPRA conspiracy claim. The Redwood and Visa orders applied the same actual knowledge, agreement, and intent requirements to overlapping allegations about commercial relationships with MindGeek. Both orders evaluated what alleged diligence, reporting access, warnings, and public information plausibly conveyed to a commercial actor doing business with MindGeek. Both assessed whether alleged continued commercial dealings with MindGeek crossed from an ordinary business relationship into conspiratorial agreement. The Redwood order found the generalized allegations concerning lender diligence and access to MindGeek's reporting insufficient. Dkt. 733 at 10-11. The Visa order found the allegations of diligence and escalating warnings sufficient to plead actual knowledge. Dkt. 732 at 10-11. It also found agreement and intent adequately pleaded based on allegations concerning collaboration and removal of payment restrictions. *Id.* at 15-17. These orders diverged on outcome because the alleged conduct differed, not because different law governed.

Certification here would thus require the Ninth Circuit to decide whether the pleaded diligence, reporting-access, financing, and course-of-dealing allegations permit an inference of actual knowledge, agreement, and intent. This Court would meanwhile continue to adjudicate Visa's live conspiracy claim, which presents related and overlapping questions of conspiracy and secondary liability.[3] That means Visa's rights could be impacted by an appeal to which it is not a party—and the Ninth Circuit may need to hear two appeals (not one) involving secondary-liability arising from interrelated facts.

---

[3] The state law conspiracy claim (Count XII) creates a similar problem. The Court dismissed common-law conspiracy against both Redwood and Visa because the alleged predicate torts "depend[ed] on MindGeek's particular treatment of the videos of Plaintiffs," yet only the lender ruling would be reviewed now. Dkt. 733 at 15; Dkt. 732 at 18.

This risk weighs heavily against certification. In *Wood*, the Ninth Circuit reversed certification because the plaintiff's "legal right to relief stem[med] largely from the same set of facts" and successive appeals "would turn largely on identical, and interrelated, facts." 422 F.3d at 880. Here, the dismissed and live conspiracy counts share not only a factual predicate (the alleged MindGeek venture) but also the statute and the elements themselves.

*Jewel v. National Security Agency*, 810 F.3d 622 (9th Cir. 2015) is also instructive. There, the plaintiffs sought immediate review of summary judgment on one Fourth Amendment internet-interception claim while related constitutional and statutory claims concerning the same alleged surveillance activities remained pending below. The Ninth Circuit dismissed the appeal because the certified and retained claims relied on "inter-connected factual allegations" and because the standing and state-secrets rationales supporting the certified ruling could not practically be confined to that one claim, creating "a realistic risk of duplicative litigation" on the claims that remained. *Id.* at 629-30. The same juridical concern is present here. The elements a Redwood appeal would address—actual knowledge, agreement, and intent—are the same elements this Court will apply to Visa's live conspiracy claim. Visa would not be a party to the first appeal, and so the Ninth Circuit may need to hear related issues in a second appeal.

***Third***, certification would split Plaintiffs' proposed *Ratha* participation standard between two potential appeals. Plaintiffs argue that this Court's application of the participation standard, in dismissing the beneficiary liability claim against Redwood, was inconsistent with *Ratha*, 168 F.4th 541. Mot. at 12; *cf.* Dkt. 733 at 6-8. But Plaintiffs made that same argument about the Court's dismissal of the beneficiary claim as to Visa, which applied the same participation standard (Dkt. 614 at 16-17). Dkt. 669. The Court denied reconsideration of its dismissal as to Visa, explaining that *Ratha* was not a material change in the law. Dkt. 734 at 3-4.

Certification now would therefore prompt an immediate appeal about Plaintiffs' *Ratha* arguments as applied to Redwood while the related Visa ruling would remain

outside the appeal, and available for a possible second appeal on the same issue after final judgment. The Ninth Circuit "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood*, 422 F.3d at 882. Waiting would permit any challenges to the related participation rulings to proceed in a single post-judgment appellate sequence with all the affected parties before the court. *Cf. Jewel*, 810 F.3d at 630 (identifying as a "complication" that "not all of the parties are included in this appeal, nor does this appeal resolve all of the . . . plaintiffs' claims").

Plaintiffs' assertion that the appeal would present "purely legal" questions does nothing to eliminate that duplication or waste. Mot. at 9. Every Rule 12(b)(6) dismissal presents a question of law reviewed *de novo*. On Plaintiffs' logic, every pleading dismissal would be certifiable as a matter of course. That is contrary to *Wood*'s instruction that certification "in ordinary situations . . . is not routine" and "should not become so." *Wood*, 422 F.3d at 879. And even on *de novo* review, the panel would apply the same elements this Court continues to apply in the live conspiracy claim against Visa—actual knowledge, agreement, and intent—to allegations about the same venture. Further, the Ninth Circuit's construction of the participation element could be required a second time if Plaintiffs later seek review of the Visa beneficiary ruling.

***Fourth***, Plaintiffs identify no case granting Rule 54(b) certification where, as here, the ongoing litigation in the district court could moot the appeal *and* the issues on appeal would duplicate issues arising in a later appeal against another defendant. An affirmance would leave every claim against MindGeek and Visa unchanged. A reversal would return Redwood to the case without resolving or narrowing any claim against a remaining defendant. An immediate appeal thus could only undermine, and not advance, efficiency.

This case is thus strikingly different from every case Plaintiffs rely upon. In *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987), for example, partial summary judgments enforcing an exculpatory clause in an aircraft sale contract "effectively narrowed the issues, shortened any subsequent trial by months, and efficiently separated the legal from the factual questions." It also "completely

extinguished the liability of the tire companies as to the airplane damage claim." *Id.* Neither thing is true here. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) involved a failed ranch sale and later settlement of that dispute. The district court dismissed Texaco's claims, while Ponsoldt's counterclaims arising from the same facts remained pending. The Ninth Circuit affirmed certification because the appealed rulings resolved threshold legal questions, including whether the declaratory-relief claim was moot and the unsigned settlement agreement enforceable. *Id.* at 798. "[T]he legal issues now appealed w[ould] streamline the ensuing litigation" as "certain theories of recovery were eliminated, limiting the issues to be tried below." *Id.* Certification here would not streamline litigation or eliminate any theory of recovery or issue as to MindGeek or Visa below. The case would be just as complicated as before—but with a risk of two appeals instead of one.

Plaintiffs' authorities on mootness, for instance, likewise involved no risk of duplication. Plaintiffs cite *Cadillac Fairview/California, Inc. v. United States*, 41 F.3d 562, 564 n.1 (9th Cir. 1994). Mot. at 10. There, the certified claims alleged that the dismissed defendants arranged for the treatment of hazardous waste. The only claim against those defendants was arranger liability, while the retained claims alleged that other parties owned and operated the contaminated site. The certified judgment therefore removed both the arranger defendants *and* the arranger theory from the case. The Ninth Circuit held that "eliminating issues and parties from a case justifies the entry of final judgment on a claim, even if subsequent trial proceedings might obviate the need for an appeal." 41 F.3d at 564 n.1. A judgment for the lenders would remove parties only. The issues would stay. The conspiracy and UCL counts continue against Visa, and the beneficiary standard remains in the case through both Count I against MindGeek and the Visa beneficiary ruling that is reviewable after final judgment.

Plaintiffs assert that factual overlap does not defeat certification. Mot. at 9-10. But here there is both legal *and* factual overlap. This case is therefore unlike *CoStar Group, Inc. v. Commercial Real Estate Exchange, Inc.*, 150 F.4th 1056, 1065 (9th Cir. 2025),

where there was "factual overlap" only, but the dismissed claims (antitrust claims) were "sufficiently legally severable" from the remaining claims (for copyright and trademark). And *Admiral Insurance Co. v. Kabul, Inc.*, 2026 WL 381686, at *2-3 (D. Nev. Jan. 8, 2026) deemed the interrelationship of the claims "not so significant" only because the party opposing certification "wholly fail[ed] to identify what claims" overlapped. Redwood has identified the overlap element by element.

Attempting to analogize to *CoStar*, Plaintiffs argue that the dismissed claims involve different *legal* theories than the retained claims, because the lenders prevailed by invoking "their status as lenders and the terms of their loan agreements." Mot. at 10. But the difference in *CoStar* was between two bodies of law. What Plaintiffs describe is just an application of the same statutory elements at play in the retained claims to the facts alleged about the lenders. It is not a different legal theory. On Plaintiffs' reading, every multi-defendant dismissal would involve a "different legal theor[y]," and *Wood*'s "guiding principle" that similarity of legal issues weighs heavily against certification would never apply. 422 F.3d at 882.

Plaintiffs also argue that certification is warranted because every claim against a party has been dismissed. But complete party dismissal establishes finality only.[4] The Rule requires further that there be "no just reason for delay." Fed. R. Civ. P. 54(b). There is just reason here. The appeal could be mooted by the MindGeek proceedings, and it could be duplicative of a second appeal of secondary-liability issues as applied to Visa. In *Mililani Group, Inc. v. O'Reilly Automotive, Inc.*, 621 F. App'x 436 (9th Cir. 2015), the Ninth Circuit upheld the district court's certification, under the deferential "clearly unreasonable" standard, based on a case-specific finding that alter-ego claims against a dismissed parent were separable from the direct claims against its subsidiary. It did not announce any rule that party-based dismissals *warrant* certification. And *Weitzel* denied

---

[4] Courts regularly deny Rule 54(b) certification after resolving every claim against a party. *See, e.g.*, *Weitzel v. County of Los Angeles*, 2018 WL 5905600, at *2-3 (C.D. Cal. May 14, 2018); *Abdo v. Fitzsimmons*, 2021 WL 3493169, at *3 (N.D. Cal. May 17, 2021).

certification even though one defendant had been completely dismissed. 2018 WL 5905600. There, summary judgment disposed of all claims against Los Angeles County and the plaintiff's § 1983 excessive-force claim against a sheriff's deputy, while state-law claims arising from the same use-of-force incident remained against the deputy. Although the issues were not identical, the claims arose from the same events, so separate appeals would be "partially, if not completely, duplicative." *Id*. at *2 n.1.

Plaintiffs have simply not shown that these "costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment." *Morrison-Knudsen*, 655 F.2d at 965.

**2. *No Countervailing Need Justifies Immediate Review.***

The equities independently support denial of Plaintiffs' Motion. Certification would impose real and avoidable appellate costs on Redwood, while Plaintiffs identify no unpaid judgment, worsening injury, or appellate right that will be lost by proceeding in the ordinary course. Plaintiffs' remaining points—the age of the litigation, the convenience of appealing while the issues are fresh, the possibility of a second trial, and the asserted value of immediate *Ratha* guidance—lack merit and do not establish a present hardship that outweighs the waste and duplication described above.

***First***, immediate review would impose a concrete and potentially avoidable burden on Redwood. If MindGeek prevails on the underlying claims, the immediate appeal could become moot or unnecessary. *See supra* n.2. If Plaintiffs prevail in this initial appeal, then there may also need to be a second appeal involving Redwood after the final judgment. Litigating an unnecessary appeal (or two appeals instead of one) is clearly an added burden. Plaintiffs cite *CoStar* for the proposition that defending the dismissals now is no more burdensome than defending them later. Mot. at 11. But the court in *CoStar* had first held that the dismissed antitrust counterclaims were "sufficiently legally severable." 150 F.4th at 1065. No outcome on the retained claims in *CoStar* could have made the antitrust appeal unnecessary. And the finding that an immediate appeal would cause no prejudice

followed that severability holding. *Id.* Yet here, the dismissed claims against Redwood depend on the claims that remain. *See supra* Section III.B.1.

Nor is Redwood the only party burdened. An immediate appeal could produce a Ninth Circuit construction of the *Ratha* participation standard in a proceeding to which Visa is not a party, potentially shaping the resolution of a related Visa ruling that remains appealable after final judgment, without Visa as a party to the appeal. Even an equal burden to Plaintiffs here would not support certification. Plaintiffs must identify an equity that affirmatively favors immediate judgment.

***Second***, Plaintiffs identify no accruing injury from waiting to appeal in the ordinary course. Plaintiffs have no unpaid judgment whose value is eroding or the like. They emphasize the passage of time, as the *Fleites* action is in its sixth year. Mot. at 11-12. But Redwood and Colbeck were first named on May 23, 2024 (and the fourteen related actions were only filed shortly thereafter). Dkt. 385. In the meantime, nothing has prevented Plaintiffs from taking merits discovery against MindGeek and Visa and moving these fifteen actions toward trial.

Courts also routinely reject duration as an equity. Even after "four years in the trenches," an additional wait for final judgment is not "a terrible hardship," because constraints of time, money, and inconvenience "are common to most litigants." *Abdo*, 2021 WL 3493169, at *4. *Pakootas* is not to the contrary. It credited delay in a fourteen-year action where the certified claim carried an immediate payment obligation advancing CERCLA's remedial goals. *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018). And the passage of time itself does not make waiting for final judgment an inequitable burden. Delay, expense, and inconvenience ordinarily accompany the rule that appellate review follows final judgment. Plaintiffs identify nothing about those ordinary costs that is presently increasing, irreparable, or specific to postponing review of the lender dismissals.

Plaintiffs also suffer no prejudice to their appellate rights by waiting. Plaintiffs may raise the same challenges to the Redwood and Colbeck dismissals after entry of final

judgment, together with any other appealable rulings the litigation produces. Any eventual appeal will present a fixed record, with the same operative pleadings and dismissal orders, and the same standards of review. Their preference to appeal while the issues are "top of mind," Mot. at 11, is not a cognizable hardship and would subvert the ordinary rule that appeals must wait until entry of a final judgment. As *Jewel* cautions, the relevant question is not whether an immediate appeal is convenient, but whether the detour will advance final resolution rather than consume resources that would be better spent completing the case below. *Jewel*, 810 F.3d at 630-31.

***Third***, the possibility of a later trial as to Redwood is highly speculative and does not remotely outweigh the immediate costs of a separate appeal. The Court dismissed the lender claims on the pleadings. Dkts. 733, 735. A reversal would therefore return pleading-stage claims to a case in which the MindGeek and Visa claims continue toward summary judgment. The case against Redwood—as the others—could still be dismissed at summary judgment without any trial at all. And even if claims against all Defendants proceed to trial, the timing of the appeal could potentially allow for the Redwood claims to be included along with the claims against the other defendants in a single trial.

The theoretical possibility of a post-reversal second trial also exists in every multi-defendant case in which one defendant is dismissed before trial. Courts in turn repeatedly reject that argument as insufficient to warrant certification. *See Dobbs v. Terex Corp.*, 2018 WL 5116412, at *2 n.7 (C.D. Cal. June 12, 2018) (rejecting as "unpersuasive" the argument that the movant would be prejudiced by trial without the "target" and "most culpable" defendant); *Weitzel*, 2018 WL 5905600, at *2 (a defendant's complete dismissal "has no bearing" where "the same or closely related issues remain to be litigated against the undismissed defendants").

Plaintiffs' cited authority is inapposite. The cases giving substantial weight to second-trial avoidance involved appellate issues that were "easily severable." *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). And *Hillbroom v. Israel*, 2012 WL 2550480 (D. N. Mar. I. Apr. 5, 2012) involved personal jurisdiction

questions unique to dismissed defendants, which the Ninth Circuit could decide without revisiting a merits issue pending against another party. Given the interrelated and overlapping nature of the remaining claims here against MindGeek and Visa, the speculative benefit of avoiding a later trial therefore does not outweigh the cost of duplicative or wasteful appeals. Interlocutory review may be "more likely to cause additional delay than it is to ameliorate delay problems." *Jewel*, 810 F.3d at 630.

***Finally***, Plaintiffs' desire for appellate guidance in "this and other" cases is not a Rule 54(b) hardship that would justify immediate review. Mot. at 12. Plaintiffs contend that an immediate appeal would provide guidance to courts nationwide concerning "emerging" standards for TVPRA beneficiary and conspiracy liability. *Id.* at 2, 12. But guidance on *Ratha* could assist this case only because *the same standards govern claims still before this Court*, namely, in the beneficiary claim against MindGeek (Count I) and the dismissed Visa beneficiary ruling that remains reviewable after final judgment. Plaintiffs' argument therefore concedes the very overlap that weighs "heavily against" certification. *Morrison-Knudsen*, 655 F.2d at 965.

Plaintiffs' authorities also confirm that they are trying to smuggle arguments about 28 U.S.C. § 1292(b) into a Rule 54(b) standard they cannot satisfy. For example, they rely on *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011), and *Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010). Those cases construe section 1292(b), which permits interlocutory appeal if the district court certifies, and the Ninth Circuit accepts, an order presenting a controlling question of law on which there is substantial ground for difference of opinion and where immediate resolution may materially advance the termination of the litigation. Rule 54(b) has a completely different standard. Regardless, Plaintiffs would not satisfy Section 1292(b) either. Disagreement with an order is not enough to show a substantial difference of opinion. *Couch*, 611 F.3d at 633. And this Court has already held that its rulings are consistent with *Ratha*. Dkt. 734 at 3-4. Immediate review also would not materially advance the termination of this litigation. An affirmance would leave every remaining claim in place. A reversal would restore claims

against Redwood at the pleading stage. In any event, the Ninth Circuit's discretion to decide for itself whether to accept such an appeal "should not be evaded by the device of an inappropriate entry of judgment by the district court under Rule 54(b)." *Morrison-Knudsen*, 655 F.2d at 966.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion.

Respectfully submitted,

Dated: August 26, 2026

WEIL, GOTSHAL & MANGES LLP

By: */s/ James M. Pearl*
JAMES M. PEARL
*Attorney for Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd., Redwood Opportunity Master Fund, Ltd., Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC, certifies that this brief contains 5,367 words, which complies with the word limit of L.R. 11-6.2.

Dated: August 26, 2026 WEIL, GOTSHAL & MANGES LLP

By: */s/ James M. Pearl*
JAMES M. PEARL