UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SERENA FLEITES,

Plaintiff,

v.

MINDGEEK S.A.R.L., et al.,

Defendants.

Case No. 2:21-cv-04920-WLH-ADS

**ORDER RE PLAINTIFFS' OMNIBUS RULE 54(B) MOTION FOR ENTRY OF FINAL JUDGMENT AS TO REDWOOD AND COLBECK [746]**

The Court is in receipt of Plaintiff's Serena Fleites and Plaintiffs' in the Related Actions[1] (collectively, "Plaintiffs") Omnibus Rule 54(b) Motion for Entry of Final Judgment as to Redwood and Colbeck (the "Motion"). (Mot. for Entry of Final J. ("Mot."), Dkt. No. 746). Plaintiffs seek an order certifying as final and directing entry of final judgment on the Court's July 9, 2026 and July 20, 2026 orders (the "Orders") dismissing with prejudice all claims against Redwood Capital Management, LLC, Redwood Master Fund Ltd., and Redwood Opportunity Master Fund, Ltd., Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC (collectively, "Redwood") and Colbeck Capital Management, LLC, CB Media Ventures Dd, LLC, CB Agency Services, LLC, and CB Participations SPV, LLC (collectively, "Colbeck"), respectively. (*See* Order Granting Colbeck Defs.' Mot. to Dismiss ("Colbeck Order"), Dkt No. 735; Order Granting Redwood Defs.' Mot. to Dismiss ("Redwood Order"), Dkt. No. 733). For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion.

## I. BACKGROUND

Plaintiff Fleites filed this action on June 17, 2021. (Compl., Dkt. No. 1). On May 23, 2024, Plaintiff Fleites filed a Second Amended Complaint ("SAC") (SAC, Dkt. No. 385), which, for the first time, named Redwood and Colbeck as defendants.

[1] The Related Actions include: *K.A. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04786-WLH-ADS (C.D. Cal. Dec. 15, 2025); *L.T. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04791-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04788-WLH-ADS (C.D. Cal. Dec. 16, 2025); *N.Y. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04801-WLH-ADS (C.D. Cal. Dec. 15, 2025); *T.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04795-WLH-ADS (C.D. Cal. Dec. 16, 2025); *X.N. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04800-WLH-ADS (C.D. Cal. Dec. 15, 2025); *J.C. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04971-WLH-ADS (C.D. Cal. Dec. 16, 2025); *C.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04992-WLH-ADS (C.D. Cal. Dec. 16, 2025); *S.O. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04998-WLH-ADS (C.D. Cal. Dec. 16, 2025); *W.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-04977-WLH-ADS (C.D. Cal. Dec. 16, 2025); *L.S. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05026-WLH-ADS (C.D. Cal. Dec. 16, 2025); *A.K. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05190-WLH-ADS (C.D. Cal. Dec. 15, 2025); *W.P. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-05185-WLH-ADS (C.D. Cal. Dec. 16, 2025); and *J.L. v. MindGeek, S.à.r.l.*, Case No. 2:24-cv-07046-WLH-ADS (C.D. Cal. Dec. 16, 2025). Except where indicated, the allegations across all of these complaints are substantively identical. (*See* Redwood Order at 2 n.1; Colbeck Order at 2 n.1).

(*Id.*). Plaintiffs also lodge claims against MindGeek S.A.R.L., MG Freesites, Ltd., MindGeek USA, Inc., MG Premium, Ltd., MG Global Entertainment, Inc., 9219-1568 Quebec Inc. (the "MindGeek Defendants" or "MindGeek"), Bernd Bergmair, Feras Antoon and David Tassillo (the "Individual Defendants") and Visa, Inc. ("Visa"). (*See generally id.*). Plaintiffs alleged that unnamed third parties recorded and uploaded sexually explicit videos of Plaintiffs as minors to MindGeek websites. (*See* Colbeck-Redwood SAC Order, Dkt. No. 605, at 2-5 (citing SAC)). These actions stem from MindGeek's alleged "unrestricted content" business model that Plaintiffs contend solicited, monetized, embraced and maximized pornographic content of any kind, including child sexual abuse material ("CSAM"). (*See* SAC ¶¶ 2-4, 54-147). Plaintiffs alleged that all Defendants knew about this business model and intentionally participated and conspired with MindGeek to financially benefit from CSAM—what Plaintiffs refer to as a "sex trafficking venture." (*See id.* ¶¶ 5-8, 148-312). The Individual Defendants allegedly owned, dominated, and controlled MindGeek and thus were MindGeek's alter egos, Colbeck and the Redwood were lenders to MindGeek and Visa processed financial payments on MindGeek websites. (*See* Individual Defs.' Order, Dkt. No. 604, at 9-12; Colbeck-Redwood SAC Order at 9-10; Visa SAC Order, Dkt. No. 609 at 9). Plaintiffs asserted claims against all Defendants for beneficiary liability under the TVPRA for allegedly knowingly benefitting from participation in a venture engaged in sex trafficking (Counts I-III); conspiracy to benefit from sex trafficking under the TVPRA (Count IV); violation of California's Unfair Competition Law ("UCL") (Count XIV); and civil conspiracy under California law (Count XVI), among other claims. (SAC ¶¶ 463-507, 573-83, 590-94).

On August 30, 2024, Redwood and Colbeck filed Motions to Dismiss the SAC. (*See* Mots. to Dismiss SAC, Dkt. Nos. 442-43, 447-48.). The Court dismissed with prejudice all claims against the Individual Defendants for lack of personal jurisdiction and an alter-ego relationship, the TVPRA beneficiary-liability claim against Visa and the TVPRA direct-liability claim against the MindGeek Defendants. (*See* Individual

Defs.' Order at 14, 27; Visa SAC Order at 14-17; MindGeek SAC Order, Dkt No. 608 at 20-21). On September 17, 2025, the Court entered an order granting Redwood and Colbeck's Motions to Dismiss the SAC without prejudice as to all claims against them. (Colbeck-Redwood SAC Order). The Court later denied Plaintiffs' motion to reconsider the Visa SAC Order in which Plaintiffs argued that *Ratha v. Rubicon Res., LLC*, 168 F.4th 541 (9th Cir. 2026) clarified the "participation" standard for beneficiary liability. (Order Re Mot. to Reconsider Visa Mot. to Dismiss Re SAC, Dkt. No. 734 at 3-4).

On December 15, 2025, Plaintiff Fleites filed her Third Amended Complaint ("TAC") alleging, *inter alia*, violations of the TVPRA (18 U.S.C. §§ 1591, 1595) and California law. (TAC, Dkt. No. 622.). On January 30, 2026, Redwood and Colbeck filed Motions to Dismiss the TAC. (Mots. to Dismiss TAC, Dkt. No. 640 ("Redwood MTD TAC"); Dkt. No. 635 ("Colbeck MTD TAC")). This Court dismissed with prejudice all claims asserted against Redwood and Colbeck, finding that Plaintiffs did not state claims against those defendants for (1) TVPRA beneficiary-liability by failing to show "participation in a venture," (2) TVPRA conspiracy by failing to show actual knowledge, agreement to perpetuate CSAM to profit from it or intent to share in any unlawful purpose, (3) UCL violations since it was derivative of other deficient allegations and (4) civil conspiracy by failing to show knowledge, agreement or intent as to MindGeek Defendants' predicate torts. (*See* Redwood Order; Colbeck Order). The following claims remain pending: (1) TVPRA beneficiary-liability claim against MindGeek Defendants, (2) TVPRA conspiracy claim against MindGeek Defendants and Visa, (3) UCL claim against MindGeek Defendants and Visa and (4) tort claims against MindGeek Defendants. (*See* TAC ¶¶ 343-54, 365-415, 421-29, 441).

Plaintiffs bring the instant Motion on the grounds that the Redwood Order and Colbeck Order dismissing those Defendants with prejudice are final judgments and that there is no just reason to delay their appeal. (Notice of Mot., Dkt. No. 746 at 1). Plaintiffs do not request that the Court certify as final any other orders or claims that

have been dismissed against the MindGeek Defendants, the Individual Defendants or Visa. Plaintiffs argue that the dismissed claims are severable from the claims remaining against the MindGeek Defendants and Visa, such that certification will avoid the risk of duplicative trials and permit Plaintiffs to pursue an immediate appeal, and the balance of the equities weighs in favor of certification. (*Id.* at 1-2). Colbeck and Redwood filed Oppositions (*see* Colbeck Opp'n, Dkt. No. 748; Redwood Opp'n, Dkt. No. 749) to which Plaintiffs filed their Reply (*see* Reply, Dkt. No. 750).

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 54(b) permits the Court to enter a separate judgment in an action involving multiple claims and multiple parties. A moving party must establish (1) that the Court's determination of the subject claim is a final judgment and (2) that the Court can make "an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). To determine whether there is just reason for delay, the district court considers (1) judicial administrative interests and (2) the balance of equities involved. *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Wood v. GCC Bend*, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). "In the interest of judicial economy Rule 54(b) should be used sparingly." *Windeler v. Cambria Cmty. Water Dist.*, 2018 WL 7507427, at *1 (C.D. Cal. May 15, 2018) (quoting *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004)). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.*, 776 F.2d 1414,

1416 (9th Cir. 1985) (quoting *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

**B. <u>Analysis</u>**

Plaintiffs contend that Rule 54(b) certification is appropriate here because the ruling is final and there is no just reason to delay an appeal. (Mot. at 2). Defendants respond that Plaintiffs have failed to show that there is no just reason for delay. (*See* Colbeck Opp'n at 6; Redwood Opp'n at 4; Reply at 1). The Court addresses each of the relevant factors to reach certification below and finds that certification is not warranted here.

*1. The Redwood and Colbeck Orders are Final Judgments*

A final judgment is one that "'terminates the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what has been determined.'" *In re Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 5815789, at *1 (N.D. Cal. Oct. 5, 2016) (quoting *Parr v. United States*, 351 U.S. 513, 518 (1956)); *Mililani Grp., Inc. v. O'Reilly Auto., Inc.*, 621 F. App'x 436, 436 (9th Cir. 2015) ("The judgment here is final as to [one defendant] because all claims against that party were dismissed with prejudice."). Plaintiffs assert that the Redwood and Colbeck Orders are final judgments because "Courts routinely treat the dismissal of all claims against a party as a final judgment, even when the dismissal is without prejudice; and the dismissal *with* prejudice here removes any doubt." (Mot. at 2 (emphasis in original)). Colbeck and Redwood do not dispute this point. (*See generally* Colbeck Opp'n; Redwood Opp'n). As orders granting motions to dismiss with prejudice, the Colbeck and Redwood Orders reflect "ultimate disposition of [] individual claim[s] in the course of a multiple claims action." *Curtiss–Wright*, 446 U.S. at 7. Accordingly, they constitute final judgments, and the first requirement of Rule 54(b) certification is satisfied.

*2. There is Reason to Delay Final Judgment as to Redwood and Colbeck*

a. Severability and Judicial Administration

Plaintiffs have failed to establish that there is *no* just reason for delay. *See Curtiss–Wright*, 446 U.S. at 8. In making its determination, a district court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. The Ninth Circuit has further listed the following guidelines that may inform a judge's decision:

> Whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment (which in that case could be years because of the complexity of the remaining claims) would inflict severe financial harm.

*Wood*, 422 F.3d at 878 n.2 (citation omitted). A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule. *Morrison-Knudsen Co.*, 655 F.2d at 965. These factors "assure[] that application of [Rule 54(b)] effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss–Wright*, 446 U.S. at 8 (citation omitted).

***Mootness***. When "subsequent developments could render the appeal moot," it may be "premature for partial appeal." *Diode Dynamics L.L.C. v. 5DLight Inc.*, 2026 WL 638862, at *3 (C.D. Cal. Feb. 3, 2026). "[E]liminating issues *and* parties from a case justifies the entry of final judgment on a claim, even if subsequent trial proceedings might obviate the need for an appeal." *Cadillac Fairview/California, Inc. v. United States*, 41 F.3d 562, 564 n.1 (9th Cir. 1994) (emphasis added) (no duplication risk when court certified for appeal a judgment that had eliminated from the case certain defendants *and* a theory pertaining to them). Here, as Redwood and Colbeck emphasize, all the dismissed claims against them depend on the alleged

existence of the MindGeek venture and wrongdoing that remains at issue in the surviving claims against the remaining defendants, in the following ways, among others: the beneficiary liability claims under the TVPRA allege that Redwood and Colbeck participated in and benefited from the alleged MindGeek sex-trafficking venture; the TVPRA conspiracy claims allege that Redwood and Colbeck agreed to further that venture's unlawful purpose; civil conspiracy under California law depends on torts arising from MindGeek's treatment of Plaintiffs' videos; and the UCL claims depend on the predicate claims. (*See generally* Redwood Order; Colbeck Order). If the ongoing proceedings determine that the venture did not exist or otherwise result in a final judgment involving the aforementioned legal issues, some or all questions in an appeal for the Redwood and Colbeck claims would be moot. This factor, therefore, weighs against certification.

***Duplication***. Where the "legal right to relief stems largely from the same set of facts" and successive appeals "would turn largely on identical, and interrelated, facts," the Ninth Circuit disfavors certification. *Wood*, 422 F.3d at 880; *see also Chiarito v. Home Depot, U.S.A., Inc.,* 2022 WL 18142558, at *6 (C.D. Cal. Nov. 25, 2022) (given "the overlapping of facts" between an adjudicated derivative claim and "remaining substantive claims," a "single appeal after final judgment for the entire matter would be most efficient"); *Weitzel v. Cnty. of L.A.*, 2018 WL 5905600 (C.D. Cal. May 14, 2018) (denying certification even though one defendant, Los Angeles County, had been completely dismissed while state law claims arising from the same use-of-force incident remained against the deputy defendant).

Plaintiffs argue that the "claims against Redwood and Colbeck are easily severable from the remaining claims against the [MindGeek Defendants] and [Visa] such that the Ninth Circuit would not be required to decide the same issues multiple times if there were subsequent appeals." (Mot. at 2). Plaintiffs contend that "permitting an immediate appeal now would obviate the risk of duplicative trials if the Ninth Circuit ultimately allows the claims against Redwood and/or Colbeck to

proceed" because "if final judgment is delayed until the remaining claims are tried on the merits, and the Ninth Circuit then reverses the dismissal of Redwood or Colbeck, the parties and the Court will be forced to conduct a second trial against Redwood or Colbeck." (*Id*. at 2, 9). To that end, this Court would avoid duplicative discovery and the possibility that Plaintiffs—victims of sex trafficking—would be forced to sit for two depositions and testify twice about their experiences. (Reply at 2). Plaintiff assures that neither will the Ninth Circuit need to "review the same set of facts twice if the remaining claims against the other defendants are later appealed" because that would "present purely legal question of whether the TAC's allegations state a claim." (Mot. at 9).

The Parties do not dispute that the dismissed claims share overlapping factual issues and legal issues but do disagree about the centrality of those overlapping issues to the determination here. The Court finds that Plaintiffs' claims against Redwood and Colbeck are not easily severable and could plausibly result in duplicative proceedings. The dismissed claims involve factual and legal issues that are dependent on, the same as or closely related to the remaining issues in the case because the claims against all remaining and dismissed defendants involve "the same core allegations and theory: videos of Plaintiffs posted by third parties on MindGeek websites, and every Defendant's alleged participation in and agreement to profit from a single alleged sex-trafficking venture," as discussed in the preceding section as well. (Colbeck Opp'n at 7 (citing *see* TAC ¶¶ 326-330, 356, 366, 369)). For example, here, the proposed appeal would address the dismissal of the lenders' TVPRA conspiracy and UCL claims (collectively, "secondary-liability claims"), while the same secondary-liability claims proceed against Visa in this Court. (Redwood Opp'n at 1, 5-6). This could result in the Ninth Circuit deciding the appeal related to the legal issues at the heart of the dismissed conspiracy and UCL claims as to Redwood and Colbeck, while affecting Visa's rights in this Court via an appeal to which it is not a party and risking duplicative appeals. (*Id*. at 5-7; Colbeck Opp'n at 8 (citing *Jewel v.*

*Nat'l Sec. Agency*, 810 F.3d 622, 629-30 (9th Cir. 2015) (dismissing appeal because the certified Fourth Amendment internet-interception claim and the remaining constitutional and statutory claims concerning the same alleged surveillance activities relied on "inter-connected factual allegations" and there was a "realistic risk of duplicative litigation"); *Glob. Acquisitions Network v. Bank of Am.*, 2013 WL 5220489, at *1-2 (C.D. Cal. Sept. 13, 2013) (denying the Rule 54(b) motion because the same seven causes of action were asserted against multiple defendants and the underlying factual allegations overlapped across all claims))). Beyond being potentially liable for the *same* claims as Visa, Redwood and Colbeck's dismissed claims also *depend* on findings against MindGeek Defendants, such as whether there was a sex-trafficking venture, whether MindGeek conspired with others to profit from CSAM, whether there was any TVPRA violation and whether MindGeek committed underlying torts serving as predicates to the conspiracy claims. As such, the legal issues and facts are both closely intertwined with the remaining claims against MindGeek Defendants and Visa.

Plaintiffs reply that, because Colbeck and Redwood have argued during the course of this litigation that their status as lenders makes them different from Visa and MindGeek, and thus immune from liability under the TVPRA, it is inconsistent to now argue that that their claims are so factually intertwined with the claims against the remaining defendants that they are inseparable. (Reply at 1). The Court rejects this argument because, what Plaintiffs suggest—that all defendants must retain internal consistency between their motions to dismiss and oppositions to certification—would lead dismissed defendants in a multi-defendant action to never successfully oppose certification because the dismissed defendants necessarily must argue they are distinct from other defendants to get their claims dismissed at the pleadings stage and then argue that there is overlap among their claims at the certification challenge. Such an outcome would undermine the "guiding principle" that similarity of legal issues

between the dismissed and remaining claims weighs heavily against certification. *Wood*, 422 F.3d at 882.

Plaintiffs also claim that certification would enable the Ninth Circuit to address whether the new summary judgment standards clarified in *Ratha* "were appropriately applied to the [beneficiary liability] claims alleged against Redwood and Colbeck and provide guidance to courts in this district and across the country adjudicating a growing number of lender liability claims under the TVPRA." (Mot. at 2). Without such clarity, "courts will be forced to resolve these questions independently," which will result in increased litigation burdens. (*Id*. at 12). It is accurate, as Plaintiffs argue, that certification of an appeal is appropriate to address "novel and difficult questions of first impression.'" (*Id*. at 12-13 (*Reese v. BP Expl. (Alaska) Inc*., 643 F.3d 681, 688 (9th Cir. 2011))). This Court, however, has already rejected Plaintiffs' argument that *Ratha* was a material change in the law when this Court denied reconsideration of its dismissal of the beneficiary liability claim as to Visa. (*See* Order Denying Pls.' Mot. to Vacate, Dkt. 734 at 3-4). Because this Court must still apply the existing *Ratha* cases to the sustained claim against Visa, it is judicially inefficient to allow an immediate appeal *now* for Plaintiffs to argue it on appeal as applied to Redwood and Colbeck. (Redwood Opp'n at 7-8). Moreover, guidance on *Ratha* could assist in the instant case precisely because the same standards govern some of the remaining claims before this Court. (*Id*. at 14). And finally, novelty of the issue on appeal, as evaluated in the cases Plaintiffs cite, is a consideration for *interlocutory* appeals, rather than an explicit part of the standard for appeals pursuant to Rule 54(b). *See* 28 U.S.C. § 1292(b).

Plaintiffs cite *CoStar Group, Inc. v. Commercial Real Estate Exchange Inc*., 150 F.4th 1056, 1065 (9th Cir. 2025) to support their argument that dismissed claims can be severable, even when they share a factual backdrop with claims that remain. (Mot. at 7-8). That case is different from the instant one, however, because, although there was factual overlap, the dismissed and sustained claims there were legally

distinct—intellectual property claims of copyright and trademark survived and an antitrust claim was dismissed. *Id*. at 1065. Here, however, it is not only that the facts overlap among the claims, but *also* that Plaintiffs' dismissed claims against Colbeck and Redwood are dependent on and/or closely, legally related to the sustained claims against MindGeek Defendants and Visa.

Plaintiffs next cite *Ahmadi v. Certoff*, 2008 WL 1886001, at *6 (N.D. Cal. Apr. 25, 2008), asserting that, because the orders here address purely legal questions of whether the TAC states a claim against Redwood and Colbeck, appeal can proceed on a parallel track without disrupting this Court's management of the remaining claims against other defendants and without creating duplicative appeals. (Mot. at 8). Again, the case is inapplicable to the circumstances here because it involved a situation where the legal issues and factual issues were different between the dismissed claims (putative class claims under the Administrative Procedure Act and Fifth Amendment Due Process) and sustained claims (federal statute concerning individual applications for naturalization). *Ahmadi*, 2008 WL 1886001, at *6.

Plaintiffs also rely on *Admiral Insurance Co. v. Kabul, Inc.*, 2026 WL 381686, at *2 (D. Nev. Jan. 8, 2026), for its citation of Ninth Circuit precedent that "claims certified for appeal do not need to be separate and independent from the remaining claims . . . ." (Mot. at 8). The Court can swiftly dispose of Plaintiffs' reliance on this quote, given Plaintiffs selectively leave out the end of it, which adds important context: " . . . so long as resolving the claims would streamline the ensuing litigation," and "[n]evertheless, a similarity of legal or factual issues will weigh heavily against entry of judgment." *Id.* (internal citation and quotation marks omitted). Cementing *Admiral Insurance's* inapplicability here, the Court there rooted its determination that overlap of the claims was "not so significant" because the party opposing certification "wholly fail[ed] to identify what claims" overlapped—which Reedwood and Colbeck have done here—and because the insurer plaintiff's declaratory-judgment claim against the insured defendant for no duty to indemnify

was legally separable from the insured defendant's third-party action against a third-party insurance broker. *Id*. at *2-3. Plaintiffs have not shown that certification only as to the dismissed claims against Redwood and Colbeck would somehow "streamline the ensuing litigation" as they have not shown that any "theories of recovery [could be] eliminated, limiting the issues to be tried below."[2] *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). Nor have Plaintiffs shown that the proposed appeal now would streamline successive *appeals* (not just trials). *See Favreau v. City of Escondido*, 2012 WL 2092737, at *3 (S.D. Cal. June 11, 2012) ("Rule 54(b) is more concerned with successive appeals"—"not successive trials") (citing *Wood*, 422 F.3d at 880, 882 (rejecting the plaintiffs' argument that Rule 54(b) certification would avoid duplicative trials and streamline the litigation)). Accordingly, there is not a basis to certify *despite* the legal similarity of the sustained and dismissed claims.

In summary, the Court finds that Plaintiffs asserted against Colbeck and Redwood the same claims with the same elements as those remaining against other defendants and claims dependent on those remaining against other defendants, based on the same core theory involving the same alleged trafficking venture and conspiracy. Thus, the legal and factual issues are intertwined, and there are no convincing arguments that certification would streamline this case despite those similarities. Moreover, Plaintiffs have not successfully rebutted Colbeck and Redwood's arguments that certification would result in the Ninth Circuit having to decide the same issues more than once if there were subsequent appeals or the issues becoming moot as the case in this Court plays out. As such, Plaintiffs have not successfully shown that the interest of judicial administration counsels in favor of a finding of no just cause for delay of final judgment.

---

[2] For this reason, Plaintiffs' citation of *Pakootas v. Teck Cominco Metals, Lt.*, 905 F.3d 565, 575 (9th Cir. 2018), does not persuade the Court either.

b. Balance of Equities

The Court also considers the Parties' arguments as to the balance of equities and finds that the hardship *potentially* suffered by Plaintiffs does not outweigh the potential prejudice of the proposed appeal to Colbeck and Redwood. First, Plaintiffs assert that the "balance of the equities weighs decisively in favor of certification," because, given that the claims against them have already been dismissed with prejudice, "Redwood and Colbeck would suffer no prejudice from defending against an appeal now versus later, and these complex actions, which are already in their sixth year, remain at the pleading stage and are years away from a complete resolution." (Mot. at 2, 11). In response, Colbeck asserts that certification *would* prejudice Colbeck Defendants "by forcing them to defendant an appeal of claims that future developments in the case are likely to render moot." (Colbeck Opp'n at 1). Redwood adds that litigating an unnecessary appeal (or two appeals instead of one) is "clearly an added burden" to it and to Visa, who would not be a party to the appeal here but would potentially be affected by the Ninth Circuit's re-construction of *Ratha*. (Redwood Opp'n at 11).

Second, Plaintiffs contend that they would suffer substantial hardship due to the appeal's delay because they might be "force[d] . . . to endure a long and expensive trial against the remaining defendants before having the opportunity to secure a reversal." (Mot. at 11-12 (citing *Pakootas*, 905 F.3d at 576 (citing for the proposition that the complexity of the case and the time until complete resolution are relevant to weighing the equities)[3]; *Admiral Ins. Co*., 2026 WL 381686, at *1, 3 (citing for the proposition that court found prejudice where the remaining action continued to "drag-on" without progress)). The only asserted burden on Plaintiffs is that the delay would

---

[3] The Court notes that *Pakootas*, again, is not determinative here because the delay is different in length and effect. In that case, there was already a fourteen-year action, as opposed to this six-year action in the instant case in which Redwood and Colbeck were only added approximately two years ago, and there, the certified claim carried an immediate payment obligation unlike here. 905 F.3d at 576.

be expensive and inconvenient, but, as Redwood and Colbeck underscore, Plaintiffs do not identify any unpaid judgment, worsening injury or appellate right that will be lost by proceeding in the ordinary course. (Redwood Opp'n at 11; *see also* Colbeck Opp'n at 2). The Court acknowledges the potential burden imposed on all parties, including victims for whom there is a remote possibility of needing to testify multiple times, by the uncertainty of litigation. The expense, time and inconvenience caused by allowing litigation for the remaining claims against the remaining defendants to run its course, however, "are common [constraints] to most litigants" and do not typically amount to a "seriously important reason" to justify the risk of duplicative, piecemeal appeals. *Abdo v. Fitzimmons*, 2021 WL 3493169, at *4 (N.D. Cal. May 17, 2021) (citing *U.S. Fire Ins. v. Williamsburg Nat'l Ins. Co.*, 2009 WL 650578, at *2, (E.D. Cal. Mar. 12, 2009)); *see, e.g.*, *First State Ins. v. Hill Bros. Chem.*, 2012 WL 13015028, at *4 (C.D. Cal. Feb. 13, 2012) (explaining that cost of litigation is not a sufficient reason to justify entry of partial judgment). Furthermore, the possibility of a later trial as to Redwood or Colbeck, if the appeal was certified now and the relevant orders reversed, is speculative and does not outweigh the immediate costs of a separate appeal.

On balance, the equities do not counsel in favor of certification because the prejudice to Colbeck and Redwood outweighs any hardship to Plaintiffs, which has not been adequately shown here.

///

///

## III. CONCLUSION

For the foregoing reasons, entry of judgment as to the dismissed claims against Colbeck and Redwood is not appropriate at this stage of the litigation. Accordingly, the Court **DENIES** Plaintiffs' Motion for Entry of Judgment.

**IT IS SO ORDERED.**

Dated: September 17, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE